Rafey S. Balabanian (SBN 315962)
rbalabanian@edelson.com
EDELSON PC
123 Townsend Street, Suite 100
San Francisco, California 94107
Tel: 415.234.9300/Fax: 415.373.9435

*Counsel for Interested Party Edelson PC*

# UNITED STATES BANKRUPCY COURT
## CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| | |
|---|---|
| In re: | Case No. 2:20-bk-21022-BR |
| GIRARDI KEESE, | [Chapter 7] |
| *Debtor*. | **OPPOSITION TO MOTION TO APPOINT A GUARDIAN *AD LITEM*** |
| | Hon. Barry Russell |
| | Date: February 16, 2021<br>Time: 2:00 p.m.<br>Location: Courtroom 1668, via Zoom for Government<br>Web Address:<br>https://cacb.zoomgov.com/j/[1604415586]<br>Meeting Number: [1604415586]<br>Password: 123456 |
| | Telephone conference lines for audio only:<br>1 (669) 254 5252 US (San Jose)<br>1 (646) 828 7666 US (New York) |

Moving under Fed. R. Bankr. P. 1004.1, Interested Party Robert Girardi seeks an order appointing him guardian *ad litem* of the debtor, his brother. (Dkt. 67.) The motion is based on movant's belief that the debtor is currently suffering from short-term memory problems and cannot think rationally about the bankruptcy. The motion should be denied.

Bankruptcy Rule 1004.1 provides for the appointment of a representative for the debtor if he is incompetent at the time the petition is filed. *See In re Maes*, 616 B.R. 784 (D. Colo. 2020). Whether the debtor is incompetent is to be determined by reference to state law. *See id.* at 797 ("Most bankruptcy courts willing to delve into the issue have engaged in an assessment under state law. … Courts construing analogous Fed. R. Civ. P. 17(c) also generally apply state law governing incompetency."); *see also Shirley v. Orange County*, No. 19-cv-2078, 2020 WL 7861978, at *2 (C.D. Cal. Sept. 25, 2020) ("The standard used to determine the competency of a litigant is taken from the law of the litigant's domicile."). "'In California, a party is incompetent if he or she lacks the capacity to understand the nature or consequences of the proceeding, or is unable to assist counsel in the preparation of the case.'" *Id.* (quoting *Golden Gate Way, LLC v. Stewart*, No. 09-cv-4458, 2012 WL 4482503, at *2 (N.D. Cal. Sept. 28, 2012)). "Federal courts in this circuit have found that a broad range of evidence may inform the court's decision" whether a litigant is incompetent. *AT&T Mobility, LLC v. Yeager*, 143 F. Supp. 3d 1042, 1050 (E.D. Cal. 2015).

Evidence of Mr. Girardi's conduct over the last several months makes clear that he is not incompetent. In mid-October of 2020, for instance, Mr. Girardi sat for an interview, which is available at Daniel Forouzan, *Tom Girardi - Schmoozin' with Forouzan* (Oct. 24, 2020), https://www.youtube.com/watch?v=nluZO-BCiFQ&ab_channel=DanielForouzan. In this one-hour interview, the debtor

discussed cogently and in detail several matters, for instance:

- A recent trial victory (starting at 00:45)
- His relationship with one of his earliest clients (starting at 2:10)
- Strategy for jury selection (starting at 6:00)
- How to deal with nervousness (starting at 19:09)
- How to alter trial strategy based on the reactions of jury members (starting at 21:36)
- Whether and how to use jury consultants (starting at 37:22)
- The use of demonstrative exhibits at trial (starting at 40:22)

As the Court can observe from the video, Mr. Girardi has a command of the facts, and can remember events from both the recent and distant past. Moreover, Mr. Girardi's fluency with litigation matters undermines the movant's contention that Mr. Girardi is unable to appreciate the bankruptcy proceeding or assist lawyers.

  Thomas Girardi also spoke at a panel on November 21, 2020, for the Consumer Attorneys of California, on the topic of Strategies for Cross-Examination of Defense Experts. *See* Schedule, 2020 CAOC Annual Convention, https://caoc-convention.com/caoc-schedule. The undersigned is informed that his presentation is in the same vein as the above-referenced video: cogent, detailed, and with good command of the facts and his surroundings. (Video of the conference is available only to conference attendees. Should the Court wish to observe Mr. Girardi's presentation to ascertain for itself whether he might be incompetent, we have every reason to believe the conference would comply with an order from this Court.)

  Mr. Girardi was also signing legal papers and swearing out declarations under his own name at least as late as November 30, 2020. *See* Declaration of Thomas V. Girardi, *Selberg v. Girardi, et al.*, No. 20STCV41541 (L.A. Sup. Ct. Nov. 30, 2020). And the undersigned was working with Mr. Girardi as co-counsel in a matter in

federal court in Chicago and has found him to be aware of his conduct and its consequences over the last several months. (*See* Declaration of Rafey Balabanian, Attached as Exhibit A, ¶¶ 4-5.) The relationship soured when it became clear that Mr. Girardi had misused client funds, but the undersigned's communications with Mr. Girardi during that time demonstrated that Mr. Girardi understood what he was doing, that he needed to keep his co-counsel in the dark, and how he might accomplish that. (*Id.*) His ability to further this deception is flatly inconsistent with the claim that he is unable to understand this bankruptcy. In fact, it does not appear that anyone believed that the Mr. Girardi's competence might be an issue at all until he and his firm were forced to answer allegations that he had embezzled or otherwise misused client funds in connection with that lawsuit. (*Id.* ¶ 6.)

The motion to appoint Robert Girardi as guardian *ad litem* puts forth very little contrary evidence. The movant's declaration provides scant detail about the debtor's mental condition. The statements the movant does make, for instance that the debtor appears to have short-term memory problems or think rationally about the bankruptcy, are general, and sorely lacking in specifics. The declaration is not supported with any medical documentation, or any other evidence by which the Court could corroborate the movant's bare assertions about the debtor's mental state. Moreover, the statements in the declaration are completely at odds with the debtor's public conduct over the last two months. They should not persuade the Court.

It would also appear that the movant has petitioned the state probate court to be appointed conservator of the debtor's estate (presumably on the same grounds articulated in the present motion), and to have the petition considered on an expedited basis. (Dkt. 67, Girardi Declaration, ¶ 10.) As the foregoing shows, that petition is unlikely to be granted. In any event, it is, at the very least, prudent to let the state process play out, rather than prematurely appointing a guardian *ad litem*

here. The probate court has special expertise adjudicating such petitions, whereas competence adjudications are relatively rare in bankruptcy court. *See In re Sniff*, No. 15-8086, 2015 WL 7351477, at *3 (Bankr. D. Colo. Oct. 6, 2015) ("Incompetency determinations are not a common exercise of bankruptcy courts."); *In re Petrano*, No. 13-10052, 2013 WL 6503672, at *2 (Bankr. N.D. Fla. Apr. 16, 2013) ("This Court has found no statutory authority for making an initial finding or determination of whether or not a debtor may be 'incompetent.' Bankruptcy courts are not designed or equipped to make such determinations."). Some bankruptcy courts faced with similar requests have opted to defer to state court process. *See Petrano*, 2013 WL 6503672, at *4. Other courts have only labeled debtors incompetent with the benefit of such a state court determination, or in otherwise extreme circumstances. *See In re Whitehead*, No. 05-50136, 2005 WL 1819399, at *2 (Bankr. M.D.N.C. July 22, 2005) ("accept[ing] the findings" of a state court that the debtor was incompetent); *In re Moss*, 239 B.R. 537, 541 (Bankr. W.D. Mo. 1999) (following district court finding that debtor was unable to understand the circumstances of her criminal trial).

Given the significant consequences of a finding of incompetence, the Court should endeavor to avoid inconsistent rulings with the state court on the issue. And given the state court's special expertise and fact-finding power, it makes sense to defer to that proceeding. The probate court petition will trigger an investigation into the debtor's ability to handle his own affairs. *See* Cal. Probate Code § 1826. If the state court concludes that appointment of Robert Girardi as conservator is appropriate, he will then have the ability to act on behalf of the debtor with respect to his financial affairs, including as the movant points out, to hire lawyers in this bankruptcy process, and no harm will be done. But if the Court appoints a guardian here, and the state court later determines that the debtor is able to direct his own financial affairs, it would significantly disrupt this proceeding.

Therefore, the Court should deny the motion to appoint Robert Girardi as guardian *ad litem* in this case. The movant is advised that any reply to this response must be filed and served no later than 7 days prior to the hearing on the motion. *See* Local Bankruptcy Rule 9013-1(f)(2).

Respectfully submitted,

EDELSON PC,

Dated: January 19, 2021          By: /s/ Rafey S. Balabanian

Rafey S. Balabanian (SBN 315962)
rbalabanian@edelson.com
EDELSON PC
123 Townsend Street, Suite 100
San Francisco, California 94107
Tel: 415.234.9300/Fax: 415.373.9435

# Exhibit A

Rafey S. Balabanian (SBN 315962)
rbalabanian@edelson.com
EDELSON PC
123 Townsend Street, Suite 100
San Francisco, California 94107
Tel: 415.234.9300/Fax: 415.373.9435

*Counsel for Interested Party Edelson PC*

# UNITED STATES BANKRUPCY COURT
## CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>GIRARDI KEESE,<br><br>*Debtor*. | Case No. 2:20-bk-21022-BR<br><br>[Chapter 7]<br><br>**DECLARATION OF RAFEY S. BALABANIAN**<br><br>Hon. Barry Russell<br><br>Date: February 16, 2021<br>Time: 2:00 p.m.<br>Location: Courtroom 1668, via Zoom for Government<br>Web Address: https://cacb.zoomgov.com/j/[1604415586]<br>Meeting Number: [1604415586]<br>Password: 123456<br><br>Telephone conference lines for audio only:<br>1 (669) 254 5252 US (San Jose)<br>1 (646) 828 7666 US (New York) |

I, Rafey S. Balabanian, declare as follows:

1. I am Managing Partner at Edelson PC, and admitted to practice in California and Illinois. This declaration is based on my personal knowledge, unless otherwise indicated. If called upon to testify as to the matters attested to herein, I could and would competently do so.

2. My firm was co-counsel with the debtor's firm, Girardi Keese, representing several clients in the matter of *In re Lion Air Flight 610*, No. 18-cv-7686, in the United States District Court for the Northern District of Illinois.

3. In March of last year, after we reached settlements on behalf of our clients, we became concerned that although the defendant had funded the settlement, Mr. Girardi and his firm had not disbursed the funds to our clients. Ultimately, we were forced to move the court for an order to show cause why Mr. Girardi and his firm should not be held in contempt, which we did on December 2, 2020.

4. In hindsight, it became clear to us that Mr. Girardi was engaged in a sophisticated scheme to use client funds for improper purposes, such as to pay off his own creditors. His communications with us in the months before we filed our show cause motion were calculated to further that scheme. He regularly demonstrated a command of the facts, and when we inquired about when our clients would receive their settlement monies, he regularly provided enough assurances to convince us that more drastic action was unnecessary, but remained general enough to avoid committing himself to any course of action. I take from these conversations that Mr. Girardi was well aware of what he was doing, and that it was wrong.

5. After we filed our motion, Mr. Girardi continued to contact the firm, in an apparent effort to resolve the matter without a contempt proceeding. The communications, which occurred in December 2020, further showed that Mr. Girardi understood the nature and consequences of his actions, and continued to demonstrate

a command of the facts of the litigation. For instance, when questioned he knew exactly how much each client was owed. And he continued to offer excuses for why the clients hadn't been paid that were obviously a farce, but not fantastical or disconnected from reality. During one call, we made clear to Mr. Girardi that we believed he had lied to us, and he abruptly ended the call. My impression was that he understood that he could no longer string us along, and he responded accordingly.

6. During this time I also had discussions with some of Mr. Girardi's law partners. Consistent with my impressions, no one raised the possibility that Mr. Girardi might be suffering from any issues that would prevent him from understanding the litigation or anything else. In fact, to my knowledge, this possibility was not raised until Mr. Girardi hired counsel and was faced with the possibility of criminal charges for his conduct.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this Declaration was executed on this 15th day of January, 2021, in Highlands Ranch, Colorado.

_[signature]_

DECLARATION OF RAFEY S. BALABANIAN — 3 — CASE NO. 2:20-BK-21022-BR

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
12 Townsend Street, San Francisco, CA 94107

A true and correct copy of the foregoing document entitled (*specify*): Opposition to Motion to Appoint a Guardian ad Litem; Declaration of Rafey S. Balabanian

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 01/19/2021, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☑ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 01/19/2021, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☑ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 01/19/2021, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☑ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 01/19/2021 | Austin T. Prather | /s/ Austin T. Prather |
|---|---|---|
| Date | Printed Name | Signature |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                     F 9013-3.1.PROOF.SERVICE

<u>Notice will electronically be mailed to:</u>

Richard D Buckley on behalf of Interested Party L.A. Arena Funding, LLC
richard.buckley@arentfox.com

Marie E Christiansen on behalf of Creditor KCC Class Action Services, LLC
mchristiansen@vedderprice.com, ecfladocket@vedderprice.com, marie-christiansen-4166@ecf.pacerpro.com

Jennifer Witherell Crastz on behalf of Creditor Wells Fargo Vendor Financial Services, Inc.
jcrastz@hrhlaw.com

Ashleigh A Danker on behalf of Interested Party Courtesy NEF
Ashleigh.danker@dinsmore.com, SDCMLFiles@DINSMORE.COM, Katrice.ortiz@dinsmore.com

Clifford S Davidson on behalf of Creditor California Attorney Lending II, Inc.
csdavidson@swlaw.com, jlanglois@swlaw.com, cliff-davidson-7586@ecf.pacerpro.com

Lei Lei Wang Ekvall on behalf of Interested Party Courtesy NEF
lekvall@swelawfirm.com, lgarrett@swelawfirm.com, gcruz@swelawfirm.com, jchung@swelawfirm.com

Lei Lei Wang Ekvall on behalf of Trustee Elissa Miller (TR)
lekvall@swelawfirm.com, lgarrett@swelawfirm.com, gcruz@swelawfirm.com, jchung@swelawfirm.com

Richard W Esterkin on behalf of Interested Party Courtesy NEF
richard.esterkin@morganlewis.com

Timothy W Evanston on behalf of Interested Party Courtesy NEF
tevanston@swelawfirm.com, gcruz@swelawfirm.com, lgarrett@swelawfirm.com, jchung@swelawfirm.com

Eric D Goldberg on behalf of Creditor Stillwell Madison, LLC
eric.goldberg@dlapiper.com, eric-goldberg-1103@ecf.pacerpro.com

Andrew Goodman on behalf of Attorney William F Savino
agoodman@andyglaw.com, Goodman.AndrewR102467@notify.bestcase.com

Andrew Goodman on behalf of Petitioning Creditor Erika Saldana
agoodman@andyglaw.com, Goodman.AndrewR102467@notify.bestcase.com

Andrew Goodman on behalf of Petitioning Creditor Jill O'Callahan
agoodman@andyglaw.com, Goodman.AndrewR102467@notify.bestcase.com

Andrew Goodman on behalf of Petitioning Creditor John Abassian
agoodman@andyglaw.com, Goodman.AndrewR102467@notify.bestcase.com

Andrew Goodman on behalf of Petitioning Creditor Kimberly Archie
agoodman@andyglaw.com, Goodman.AndrewR102467@notify.bestcase.com

Andrew Goodman on behalf of Petitioning Creditor Robert M. Keese
agoodman@andyglaw.com, Goodman.AndrewR102467@notify.bestcase.com

Andrew Goodman on behalf of Petitioning Creditor Virginia Antonio
agoodman@andyglaw.com, Goodman.AndrewR102467@notify.bestcase.com

Steven T Gubner on behalf of Interested Party Courtesy NEF
sgubner@bg.law, ecf@bg.law

Marshall J Hogan on behalf of Creditor California Attorney Lending II, Inc.
mhogan@swlaw.com, knestuk@swlaw.com

Razmig Izakelian on behalf of Creditor Frantz Law Group, APLC
razmigizakelian@quinnemanuel.com

Lewis R Landau on behalf of Creditor Virage SPV 1, LLC
Lew@Landaunet.com

Lewis R Landau on behalf of Interested Party Courtesy NEF
Lew@Landaunet.com

Daniel A Lev on behalf of Interested Party Courtesy NEF
dlev@sulmeyerlaw.com, ccaldwell@sulmeyerlaw.com, dlev@ecf.inforuptcy.com

Peter J Mastan on behalf of Interested Party Courtesy NEF
peter.mastan@dinsmore.com, SDCMLFiles@dinsmore.com;Katrice.ortiz@dinsmore.com

Edith R Matthai on behalf of Interested Party Courtesy NEF
ematthai@romalaw.com

Kenneth Miller on behalf of Interested Party Courtesy NEF
kmiller@pmcos.com, efilings@pmcos.com

Elissa Miller (TR)
CA71@ecfcbis.com, MillerTrustee@Sulmeyerlaw.com, C124@ecfcbis.com, ccaldwell@sulmeyerlaw.com

Eric A Mitnick on behalf of Interested Party Courtesy NEF
MitnickLaw@aol.com, mitnicklaw@gmail.com

Scott H Olson on behalf of Creditor KCC Class Action Services, LLC
solson@vedderprice.com, scott-olson-2161@ecf.pacerpro.com, ecfsfdocket@vedderprice.com, nortega@vedderprice.com

Leonard Pena on behalf of Interested Party Robert Girardi
lpena@penalaw.com, penasomaecf@gmail.com, penalr72746@notify.bestcase.com

Michael J Quinn on behalf of Creditor KCC Class Action Services, LLC
mquinn@vedderprice.com, ecfladocket@vedderprice.com,michael-quinn-2870@ecf.pacerpro.com

Ronald N Richards on behalf of Interested Party Courtesy NEF
ron@ronaldrichards.com, morani@ronaldrichards.com, justin@ronaldrichards.com

Philip E Strok on behalf of Interested Party Courtesy NEF
pstrok@swelawfirm.com, gcruz@swelawfirm.com, lgarrett@swelawfirm.com, jchung@swelawfirm.com

United States Trustee (LA)
ustpregion16.la.ecf@usdoj.gov

Eric D Winston on behalf of Creditor Frantz Law Group, APLC
ericwinston@quinnemanuel.com

Christopher K.S. Wong on behalf of Interested Party L.A. Arena Funding, LLC
christopher.wong@arentfox.com, yvonne.li@arentfox.com

Timothy J Yoo on behalf of Interested Party Courtesy NEF
tjy@lnbyb.com

Notice will be mailed to:

Debtor
Girardi Keese
1126 Wilshire Blvd
Los Angeles, CA 90017-1904

Jill O'Callahan
1437 Club View Drive
Los Angeles, CA 90024-5305

Robert M. Keese
22982 Rosemont Court
Murrieta, CA 92562-3075

Wells Fargo Vendor Financial Services, Inc.
c/o Hemar, Rousso & Heald, LLP
15910 Ventura Blvd., 12th Floor
Encino, CA 91436-2802

John Abassian
6403 Van Nuys Boulevard
Van Nuys, CA 91401-1437

Virginia Antonio
20413 Via Navarra
Yorba Linda, CA 92886-3065

Erika Saldana
1757 Riverside Drive
Glendale, CA 91201-2856

Kimberly Archie
15210 Ventura Boulevard Suite 307
Sherman Oaks, CA 91403-3841

Robert Girardi
402 South Marengo Ave. Suite B
Pasadena, CA 91101-3113