**SMILEY WANG-EKVALL, LLP**
Lei Lei Wang Ekvall, State Bar No. 163047
*lekvall@swelawfirm.com*
Philip E. Strok, State Bar No. 169296
*pstrok@swelawfirm.com*
Timothy W. Evanston, State Bar No. 319342
*tevanston@swelawfirm.com*
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Telephone:   714 445-1000
Facsimile:   714 445-1002

Proposed Attorneys for Elissa D. Miller,
Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No. 2:20-bk-21022-BR |
| GIRARDI KEESE, | Chapter 7 |
| Debtor. | **OPPOSITION TO FRANTZ LAW GROUP, APLC'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF ELISSA D. MILLER IN SUPPORT** |
| | **[Evidentiary Objections to the Declaration of James P. Frantz filed concurrently]** |
| | Date:   January 26, 2021
Time:   10:00 a.m.
Ctrm.:   1668
            255 E. Temple Street
            Los Angeles, CA 90012 |

2851654.2                                                                                                          OPPOSITION

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ........................................................................................................ 1

II. FACTUAL BACKGROUND ...................................................................................... 2

    A. The Debtor's Bankruptcy Case ...................................................................... 2

    B. The Porter Ranch Litigation ........................................................................... 3

    C. The Trustee's Current Efforts ........................................................................ 4

III. MEMORANDUM OF POINTS AND AUTHORITIES ............................................ 4

    A. The Automatic Stay is Implicated by the Agreements .................................. 4

    B. The Fees from the Debtor's Contingency Cases May Be Estate Property ... 6

    C. Relief from Stay is Premature and May Harm the Estate ............................. 7

    D. FLG's Requested Relief is Overly Broad and Will Harm the Estate ............ 9

IV. CONCLUSION ........................................................................................................ 10

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Banner v. Bagen (In re Bagen)*,
 186 B.R. 824, 828 (Bankr. S.D.N.Y. 1984) ......................................................................... 4

*Butner v. U.S.*,
 440 U.S. 48, 55 (1979) ....................................................................................................... 6

*Diamond Tr. of Estate of Howrey LLP v. Hogan Lovells US LLP (In re Howrey LLP)*, 950 F.3d 1200 (9th Cir. 2020) ............................................................................... 6, 7

*Heller Ehrman LLP v. Davis Wright Tremaine LLP*,
 4 Cal. 5th 467 (2018) ..................................................................................................... 5, 6

*Jess v. Carey (In re Carey)*,
 169 F.3d 1204, 1207 (9th Cir. 1999) .................................................................................. 7

*Jewell v. Boxer*,
 156 Cal. App. 3d 171,178 (1984) ....................................................................................... 7

*Rau v. Ryerson (In re Ryerson)*,
 739 F.2d 1423, 1425 (9th Cir. 1984) .................................................................................. 5

**STATUTES**

*11 U.S.C. § 303(g)* ........................................................................................................................ 3

11 U.S.C. § 362 …………………………………………………………………………… 1, 3, 11

11 U.S.C. § 541 ............................................................................................................................. 4

California Corporations Code § 16803 .......................................................................................... 7

**TO THE HONORABLE BARRY RUSSELL, UNITED STATES BANKRUPTCY JUDGE:**

Elissa D. Miller, the chapter 7 trustee (the "Trustee") for the bankruptcy estate of Girardi Keese (the "Estate"), submits this opposition (the "Opposition") to Frantz Law Group, APLC's ("FLG") Motion for Relief from the Automatic Stay Under 11 U.S.C. § 362 (the "Motion").  In support of the Opposition, the Trustee submits the following memorandum of points and authorities and the attached Declaration of Elissa D. Miller.

## I.   INTRODUCTION

FLG's Motion should be denied.  Girardi Keese (the "Debtor") is a plaintiff's law firm based in Los Angeles, California.  Prior to the commencement of its involuntary bankruptcy, the Debtor represented plaintiffs in personal injury, defective products, sexual abuse, toxic torts, business law, employment law, and aviation law cases.

One of the Debtor's significant cases, if not most significant case, arises out of the 2015 months-long gas leak at Aliso Canyon near Porter Ranch in Los Angeles, California.  Various litigation ensued against Southern California Gas Company and Sempra Energy related to the incident.  Pre-petition, the Debtor and FLG entered into engagement agreements (the "Engagement Agreements") with certain plaintiffs to represent them in connection with the incident (the "Porter Ranch Litigation"). Collectively, the Debtor and FLG represent over 8,000 victims in the Porter Ranch Litigation,  In addition, the Debtor entered into a pre-petition agreement with FLG (the "Fee Agreement")[1] to share equally all expenses paid and attorneys' fees received from the Porter Ranch Litigation (the Engagement Agreements and the Fee Agreement are collectively referred to as the "Agreements").  Less than two weeks after the involuntary

---

[1] FLG makes only vague references to the contents of the Fee Agreement in its Motion and the accompanying Declaration of James P. Frantz, which references mischaracterize in part the Fee Agreement.  Moreover, FLG failed to proffer the Fee Agreement in support of the Motion or for *in camera* review.  For this reason alone, FLG has failed to meet its burden and the Motion should be denied.

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

case was commenced against the Debtor, and before the Trustee was first appointed as interim trustee, FLG rushed to file the Motion.

By the Motion, FLG seeks relief from stay to "advise" the Porter Ranch Litigation co-clients that they may terminate the Debtor as co-counsel in favor of FLG, as well as "confer" with the Debtor's other clients in totally unrelated cases to convert them to FLG clients.  Simply put, FLG is attempting to profit from the Debtor's demise.  Cloaking its Motion in noble terms does not change the fact that FLG's actions will harm the Estate.  In sharp contrast, FLG fails to highlight any harm the co-clients in the Porter Ranch Litigation or FLG will suffer if relief is not granted, especially at this early stage of the case, before the Trustee has had an opportunity to fully assess the Estate's assets.

Despite FLG's contentions, the Fee Agreement is certainly property of the Estate and inextricably intertwined with the Engagement Agreements.  Thus, the automatic stay applies and any action to terminate the Fee Agreement through FLG's circuitous route is a violation of the stay.  Relief from stay will definitely impede the Trustee's ability to maximize recovery for the Estate.  Most importantly however, relief from stay may upend the Trustee's current efforts to transfer some or all the Debtor's cases, including the Porter Ranch Litigation, to qualified counsel.

In short, FLG's interest in bolstering its book of business should not outweigh the actual harm the Estate may suffer if relief is granted.  The co-clients in the Porter Ranch Litigation are currently represented by FLG and will not be prejudiced in any way if relief is not granted.  For these reasons, the Court should deny FLG's Motion.

## II.  FACTUAL BACKGROUND

### A.  The Debtor's Bankruptcy Case

On December 18, 2020, petitioning creditors Jill O'Callahan, as successor in interest to James O'Callahan, Robert M. Keese, John Abassian, Erika Saldana, Virginia Antonio, and Kimberly Archie (collectively, the "Petitioning Creditors") filed an involuntary

chapter 7 bankruptcy petition against the Debtor.[2]  A status conference on the involuntary petition was scheduled for February 16, 2020.

On December 24, 2020, the Petitioning Creditors filed a *Motion for Appointment of Interim Trustee Pursuant to 11 U.S.C. § 303(g)* [Docket No. 12].  The Court entered an order granting the motion on January 5, 2021 [Docket No. 45].  On January 6, 2021, the Trustee was appointed as the interim trustee [Docket No. 50].

On December 30, 2020, prior to the Trustee's initial appointment as interim trustee, FLG filed its *Motion for Relief from the Automatic Stay Under 11 U.S.C. § 362* [Docket No. 31].  On January 12, 2021, the Trustee and FLG stipulated to continue the Trustee's deadline to respond to the Motion [Docket No. 60]. The Court entered an order granting the stipulation on January 12, 2021 [Docket No. 62].  The Trustee's current deadline to respond to the Motion is January 19, 2021.

On January 13, 2021, the Court entered an *Order Directing: (1) The Clerk of Court to Immediately Enter an Order for Relief under Chapter 7; (2) The United States Trustee to Immediately Appoint a Chapter 7 Trustee; (3) The Debtor to File All Schedules and Related Documentation for Chapter 7 Case within Fourteen Days of the Entry of this Order; and (4) Vacating February 16, 2021 Status Conference* [Docket No. 68].  On January 13, 2021, the Clerk of Court entered an order for relief against the Debtor [Docket No. 69], and the Trustee was appointed and accepted her appointment in the Debtor's case [Docket No. 70].

**B.     The Porter Ranch Litigation**

Pre-petition, the Debtor and FLG entered into the Engagement Agreements with numerous plaintiffs to represent them on a contingency basis in the Porter Ranch Litigation.  On or about October 23, 2017, the Debtor filed a complaint on behalf of certain clients against Southern California Gas Company as Case No. BC680844 in the

---

[2]     The Petitioning Creditors also filed an involuntary bankruptcy case against Thomas Girardi, which is currently pending as Bankruptcy Case No. 2:20-bk-21020-BR.

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

Los Angeles Superior Court. Subsequently, the Debtor and FLG agreed to work together and entered into the Fee Agreement. Under the Fee Agreement, the Debtor and FLG agreed to share equally expenses paid and attorneys' fees received in the Porter Ranch Litigation.[3] The Porter Ranch Litigation is currently ongoing.

### C. The Trustee's Current Efforts

At the commencement of the involuntary petition, the Debtor was counsel of record in a significant number of cases which were undertaken on a contingency basis. These cases are at varying stages of litigation. Unfortunately, many of the Debtor's attorneys and staff have since resigned. The Trustee and her counsel have interviewed reputable and qualified law firms to handle some or all of the Debtor's cases, including the Porter Ranch Litigation, to protect the rights of the Debtor's clients. In fact, the Trustee has and continues to discuss the Porter Ranch Litigation with FLG. The Trustee expects to seek Court approval to transfer some or all of the Debtor's cases, and possibly the Porter Ranch Litigation, to other counsel before the hearing on this Motion. *See* Declaration of Elissa D. Miller.

### III. MEMORANDUM OF POINTS AND AUTHORITIES

### A. The Automatic Stay is Implicated by the Agreements

The automatic stay applies to the Fee Agreement because it is property of the Estate. Under 11 U.S.C. § 541, a debtor's estate consists of "all legal or equitable interests of the debtor in property as of the commencement of the case." A debtor's contract right to contingent property is estate property. *See Banner v. Bagen (In re Bagen)*, 186 B.R. 824, 828 (Bankr. S.D.N.Y. 1984) ("Congress intended property of the estate to include all interests of a debtor, including a debtor's contract right to future,

---

[3] Because the Agreements are confidential, the Trustee has not attached them as exhibits. At the Court's request, the Trustee can provide a copy of the Agreements to the Court for *in camera* review.

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

*contingent* property.") (emphasis added) *citing Rau v. Ryerson (In re Ryerson)*, 739 F.2d 1423, 1425 (9th Cir. 1984). Thus, the Fee Agreement constitutes estate property. The Engagement Agreements cannot be viewed in isolation without also looking at the Fee Agreement. Accordingly, because the Fee Agreement is property of the Estate and cannot simply be ignored as FLG hopes, the automatic stay applies. Any action to terminate the Fee Agreement, which is the practical effect of the relief requested by FLG, violates the automatic stay unless the Court grants relief. Pursuant to the Fee Agreement, the Debtor's estate has a contractual right to 50% of the fees from the two firms' representation of the co-clients in the Porter Ranch Litigation, irrespective of whether and how much work has been or will be performed by the Debtor. There are no obligations under the Fee Agreement other than the ministerial act of splitting up the fees and costs to which the firms are entitled. This is merely a fee and cost sharing contractual relationship, not an executory contract as FLG suggests in its Motion. FLG seeks to impair or negatively affect that contractual right, which is property of the Debtor's Estate, in seeking leave to contact co-clients to terminate the Debtor.

Moreover, the Debtor has a property interest in its fees for any work completed prior to the Trustee's transfer of cases to new law firms. *See Heller Ehrman LLP v. Davis Wright Tremaine LLP*, 4 Cal. 5th 467, 473 (2018) (holding in part that law firms have a property interest in "collecting on work already performed."). FLG also does not dispute that the Debtor has a property interest in its fees for its work completed prior to the transfer of cases. *See* Memorandum of Points and Authorities, Motion at 4, line 21 ("GK may have an interest in any fees it has earned to date for its past services…"). As to the Porter Ranch Litigation, the Debtor has worked on the case for nearly five years and participated on various Porter Ranch Litigation steering committees. Thus, the Debtor's property interest extends to its fees for work already performed.

### B. **The Fees from the Debtor's Contingency Cases May Be Estate Property**

The Debtor may have a property interest in fees from contingency cases, including the Porter Ranch Litigation. "Property interests are created and defined by state law." *Butner v. U.S.*, 440 U.S. 48, 55 (1979). In its Motion, FLG makes a sweeping, unsupported assertion: a law firm does not have a property interest in any prospective fees, including fees for contingency matters. FLG is mistaken. In support, FLG cites the California Supreme Court's decision in *Heller Ehrman LLP v. Davis Wright Tremaine LLP*, 4 Cal. 5th 467 (2018) and the Ninth Circuit's decision in *Diamond Tr. of Estate of Howrey LLP v. Hogan Lovells US LLP (In re Howrey LLP)*, 950 F.3d 1200 (9th Cir. 2020) (applying Washington D.C. law). However, the California Supreme Court repeatedly states that its holding—that a law firm does not have a property interest in prospective fees—is limited only to *hourly* fee matters. *See Heller Ehrman LLP*, 4 Cal. 5th 467 at 471 ("What we hold is that under California law, a dissolved law firm has no property interest in legal matters handled on an *hourly* basis…and no property interest in the profits…on *hourly* fee matters pending at the time of the firm's dissolution") (emphasis added); *see also Heller Ehrman LLP*, 4 Cal. 5th at 480 ("[W]hether our conclusion in this case extends to [contingency] matters is a question we need not address here."). The Ninth Circuit similarly stated its ruling is limited to cases billed on an hourly basis. *See Howrey*, 950 F.3d at 1202 ("We hold that *hourly* billed client matters are not 'property' of the law firm.") (emphasis added). In short, it is not true that a law firm has no potential property interest in fees from contingency cases.

The California Supreme Court's dicta warrants including the Debtor's contingency cases as Estate property. *See Heller Ehrman LLP*, 4 Cal. 5th 467 at 483. In *Heller Ehrman*, the California Supreme Court noted that when a law partnership winds up its hourly fee matters, it may only bill for work related to transitioning the hourly billed cases to other counsel and for pretransfer work. *Id.* at 481. While a partnership may preserve the partnership business and property for a reasonable time in winding up, the

continuation of working on hourly fee matters falls outside the scope to continue the business. *Id.* at 483 *citing* California Corporations Code § 16803. Nonetheless, the California Supreme Court acknowledged that contingency fee cases may warrant different treatment. *Id.* Unlike hourly fee cases where fees are collected throughout the engagement, a firm representing clients on contingency must first resolve matters completely before being paid.[4] *Id.* Here, all the Debtor's pending cases were undertaken on a contingency basis, so the Debtor has not yet received payment for its unresolved cases. Thus, because some cases remain unresolved, and because the transfer of cases may result in resolution and payment of the Debtor's fees, the Debtor's fees from its contingency cases are property of the Estate. *See also Jess v. Carey (In re Carey)*, 169 F.3d 1204, 1207 (9th Cir. 1999) ("Payments for prepetition services are not excludable from the estate solely because post-petition services are required to receive payment."). Further, finding that the Debtor has a property interest in its fees from contingency cases does not infringe on the clients' right to choose counsel. *See Jewell v. Boxer*, 156 Cal. App. 3d 171,178 (1984) ("The right of a client to the attorney of one's choice and the rights and duties as between partners with respect to income from unfinished business are distinct and do not offend one another."). For these reasons, it is entirely appropriate and warranted for the Debtor to have a property interest in its fees from contingency cases.

### C. Relief from Stay is Premature and May Harm the Estate

FLG's request for relief from the automatic stay is premature and may harm the Estate. Since her appointment, the Trustee has been diligently working to transfer the Debtor's pending cases to reputable law firms to protect clients' rights. The Trustee and

---

[4] Although the Ninth Circuit's decision in *Howrey* applied Washington D.C. law, it also stated in dicta that contingency fee matters may be treated differently than hourly fee matters. *See Howrey*, 950 F.3d at 1214-15 ("In our view, the differences between contingency cases and hourly-billed cases are sufficiently material that our conclusion in one does not bind us to the other.").

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

1 her counsel have interviewed potential law firms to explore all potential avenues that will
2 allow for an expeditious transfer of cases, while also ensuring that clients' rights are
3 protected.  The Porter Ranch Litigation has been front and center in these efforts, with
4 the Trustee communicating with a number of firms, including FLG.  The Trustee expects
5 to seek Court approval to transfer some or all of the Debtor's cases, and possibly the
6 Porter Ranch Litigation, to other counsel before the hearing on this Motion.

7     FLG's request to confer with all the Debtor's clients may interfere with the
8 Trustee's efforts to transfer some, or potentially all, of the Debtor's remaining cases.  If
9 these interested law firms learn that FLG is attempting to retain the Debtor's clients, these
10 law firms may no longer be interested in working on the transferred cases.  If the
11 agreements with other law firms fall apart and FLG is unable to represent certain clients,
12 these clients may be left temporarily without counsel and the Trustee will have to spend
13 additional time and resources searching for qualified counsel to represent the Debtor's
14 clients.  At this juncture, FLG's motion is premature.

15     In contrast to the harm the Estate may suffer if the Motion is granted, current co-
16 clients of the Debtor and FLG in the Porter Ranch Litigation and FLG will not suffer any
17 direct or immediate harm nor any prejudice.  As to current co-clients, their interests are
18 protected through co-counsel, FLG.  If the Court grants relief, the Trustee may have
19 difficulty collecting fees from the Porter Ranch Litigation and the Debtor's other
20 contingency cases.  FLG will not suffer a similar financial loss.  This is not a situation
21 where FLG needs relief from the stay because there is no equity cushion, or where the
22 bankruptcy case was filed in bad faith.  Rather, FLG plainly states that its aim is to seek
23 new business.  FLG's rush to file the Motion less than two weeks after the involuntary
24 petition was filed, before the Trustee was appointed, and before the Debtor's deadline to
25 file its schedules, further supports that FLG is acting in its own self-interest.  Co-Clients in
26 the Porter Ranch Litigation will not be harmed because FLG already has an obligation to
27 protect the co-clients' interests.  In short, FLG's race to the courthouse undermines the
28 orderly liquidation of the Estate and harms both the Estate and its creditors.

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

### D.     **FLG's Requested Relief is Overly Broad and Will Harm the Estate**

FLG's requested relief is overly broad and has the potential to leave the Estate with substantially diminished sources of recovery for creditors. The requested relief could also be harmful to existing clients of the Debtor. Specifically, FLG requests that the Court grant relief so that FLG "may confer with *any* clients of GK who are not currently co-clients but who wish to terminate their engagements with GK and/or to retain Frantz." *See* Memorandum of Points and Authorities, Motion at 1, lines 16-18 (emphasis added). FLG does not limit its request to its co-clients in the Porter Ranch Litigation. Rather, it wants to confer with *all* the Debtor's clients. The Motion is completely devoid of any evidence that FLG has the expertise, manpower or wherewithal to service *all* of the Debtor's clients. The Estate's primary assets are the fees from the Debtor's contingency cases. If FLG is authorized to meet with any client of the Debtor and these clients later retain FLG, the Debtor will have difficulty collecting fees from its contingency cases. Without these fees, there may be little in the Estate for creditors. *See* Declaration of Elissa D. Miller. Moreover, there is no demonstration of FLG's expertise in the other types of cases handled by the Debtor and a blanket lifting of the stay to allow FLG to solicit the Debtor's clients may be prejudicial to the Debtor's clients. In short, FLG's Motion is a transparent attempt to gut the Estate of any value before the Trustee can monetize and distribute assets to creditors. The Court should not allow FLG to pilfer the Estate at the creditors' expense.

///
///
///
///
///
///
///
///

## IV. **CONCLUSION**

For the foregoing reasons, the Trustee respectfully requests that the Court enter an order denying the Motion.

DATED: January 19, 2021

Respectfully submitted,

SMILEY WANG-EKVALL, LLP

By:     */s/ Lei Lei Wang Ekvall*
      LEI LEI WANG EKVALL
      Attorneys for Elissa D. Miller, Chapter 7 Trustee

## DECLARATION OF ELISSA D. MILLER

I, ELISSA D. MILLER, declare as follows:

1. I am the duly appointed Chapter 7 Trustee in the bankruptcy case of Girardi Keese. I know each of the following facts to be true of my own personal knowledge, except as otherwise stated and, if called as a witness, I could and would competently testify with respect thereto. I am also a partner at the law firm SulmeyerKupetz. I make this declaration in support of the *Opposition to Frantz Law Group, APLC's Motion for Relief from the Automatic Stay Under 11 U.S.C. § 362* ("Opposition"). Unless otherwise defined in this declaration, all terms defined in the Opposition are incorporated herein by this reference.

2. When the Petitioning Creditors commenced the involuntary bankruptcy case against the Debtor, the Debtor was counsel of record in a significant number of cases. The Debtor undertook these cases on a contingency basis, and the cases are at varying litigation stages.

3. To date, most of the Debtor's attorneys and staff have resigned or moved on from the Debtor. In order to protect the rights of the Debtor's clients, my counsel and I have interviewed a number of reputable and qualified law firms to handle some or all of the Debtor's cases. These cases include the Porter Ranch Litigation.

4. I have had discussions with and continue to have discussions with FLG regarding the Porter Ranch Litigation.

5. I expect to seek approval from this Court to transfer some or all of the Debtor's cases, which may include the Porter Ranch Litigation, to other counsel before the hearing on this Motion.

///

///

///

6. The Debtor's primary assets are the fees it will receive from its contingency cases. If the Debtor is unable to receive its fees from its contingency cases, there may be little property in the Estate to distribute to creditors.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 19th day of January, 2021, at Los Angeles, California.

_____
ELISSA D. MILLER

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 3200 Park Center Drive, Suite 250, Costa Mesa, CA 92626.

A true and correct copy of the foregoing document entitled (*specify*): **OPPOSITION TO FRANTZ LAW GROUP, APLC'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF ELISSA D. MILLER IN SUPPORT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) January 19, 2021 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page.

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) January 19, 2021, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

The Honorable Barry Russell
U.S. Bankruptcy Court
Roybal Federal Building
255 E. Temple Street, Suite 1660
Los Angeles, CA 90012

☐ Service information continued on attached page.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| January 19, 2021 | Gabriela Gomez-Cruz | /s/ Gabriela Gomez-Cruz |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                              **F 9013-3.1.PROOF.SERVICE**

**ADDITIONAL SERVICE INFORMATION (if needed):**

1. **SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**

- Richard D Buckley    richard.buckley@arentfox.com
- Marie E Christiansen    mchristiansen@vedderprice.com, ecfladocket@vedderprice.com,marie-christiansen-4166@ecf.pacerpro.com
- Jennifer Witherell Crastz    jcrastz@hrhlaw.com
- Ashleigh A Danker    Ashleigh.danker@dinsmore.com, SDCMLFiles@DINSMORE.COM;Katrice.ortiz@dinsmore.com
- Clifford S Davidson    csdavidson@swlaw.com, jlanglois@swlaw.com;cliff-davidson-7586@ecf.pacerpro.com
- Lei Lei Wang Ekvall    lekvall@swelawfirm.com, lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com
- Richard W Esterkin    richard.esterkin@morganlewis.com
- Timothy W Evanston    tevanston@swelawfirm.com, gcruz@swelawfirm.com;lgarrett@swelawfirm.com;jchung@swelawfirm.com
- Eric D Goldberg    eric.goldberg@dlapiper.com, eric-goldberg-1103@ecf.pacerpro.com
- Andrew Goodman    agoodman@andyglaw.com, Goodman.AndrewR102467@notify.bestcase.com
- Steven T Gubner    sgubner@bg.law, ecf@bg.law
- Marshall J Hogan    mhogan@swlaw.com, knestuk@swlaw.com
- Razmig Izakelian    razmigizakelian@quinnemanuel.com
- Lewis R Landau    Lew@Landaunet.com
- Peter J Mastan    peter.mastan@dinsmore.com, SDCMLFiles@dinsmore.com;Katrice.ortiz@dinsmore.com
- Edith R Matthai    ematthai@romalaw.com
- Kenneth Miller    kmiller@pmcos.com, efilings@pmcos.com
- Elissa Miller (TR)    CA71@ecfcbis.com, MillerTrustee@Sulmeyerlaw.com;C124@ecfcbis.com;ccaldwell@sulmeyerlaw.com
- Eric A Mitnick    MitnickLaw@aol.com, mitnicklaw@gmail.com
- Scott H Olson    solson@vedderprice.com, scott-olson-2161@ecf.pacerpro.com,ecfsfdocket@vedderprice.com,nortega@vedderprice.com
- Michael J Quinn    mquinn@vedderprice.com, ecfladocket@vedderprice.com,michael-quinn-2870@ecf.pacerpro.com
- Ronald N Richards    ron@ronaldrichards.com, morani@ronaldrichards.com,justin@ronaldrichards.com
- Philip E Strok    pstrok@swelawfirm.com, gcruz@swelawfirm.com;1garrett@swelawfirm.com;jchung@swelawfirm.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Eric D Winston    ericwinston@quinnemanuel.com
- Christopher K.S. Wong    christopher.wong@arentfox.com, yvonne.li@arentfox.com
- Timothy J Yoo    tjy@lnbyb.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    **F 9013-3.1.PROOF.SERVICE**