**SMILEY WANG-EKVALL, LLP**
Lei Lei Wang Ekvall, State Bar No. 163047
*lekvall@swelawfirm.com*
Philip E. Strok, State Bar No. 169296
*pstrok@swelawfirm.com*
Kyra E. Andrassy, State Bar No. 207959
*kandrassy@swelawfirm.com*
Timothy W. Evanston, State Bar No. 319342
*tevanston@swelawfirm.com*
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Telephone:   714 445-1000
Facsimile:   714 445-1002

Proposed Attorneys for Elissa D. Miller,
Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>GIRARDI KEESE,<br><br>              Debtor.<br>_____<br><br>ELISSA D. MILLER, Chapter 7 Trustee for the bankruptcy estate of Girardi Keese,<br><br>              Plaintiff,<br><br>    v.<br><br>ABIR COHEN TREYZON SALO, LLP, a California limited liability partnership; and BORIS TREYZON, an individual,<br><br>              Defendants. | Case No. 2:20-bk-21022-BR<br><br>Chapter 7<br><br>Adv No. ____<br><br>**COMPLAINT FOR:**<br><br>**(1) VIOLATION OF THE AUTOMATIC STAY UNDER 11 U.S.C. § 362;**<br><br>**(2) TURNOVER OF PROPERTY OF THE ESTATE UNDER 11 U.S.C. § 542;**<br><br>**(3) INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE;**<br><br>**(4) INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS;**<br><br>**(5) DECLARATORY RELIEF; AND**<br><br>**(6) AVOIDANCE OF UNAUTHORIZED POSTPETITION TRANSFERS UNDER 11 U.S.C. § 549(a)** |

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

Plaintiff Elissa D. Miller, solely in her capacity as the chapter 7 trustee (The "Trustee") for the bankruptcy estate of Girardi Keese, alleges the following based on information and belief:

## JURISDICTION AND VENUE

1.      The Bankruptcy Court (the "Court") has jurisdiction over this adversary proceeding under 28 U.S.C. §§ 157(b)(1) and 1334 and the Trustee consents to entry of a final judgment in this matter by the Bankruptcy Court.

2.      This proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (E), (H), and (O).

3.      Venue properly lies in this judicial district because this proceeding arises in and relates to a case pending in this district under title 11 of the United States Code as provided for in 28 U.S.C. § 1409(a).

4.      This adversary proceeding arises out of and is related to the bankruptcy case of Girardi Keese (the "Debtor"), Case No. 2:20-bk-21022-BR.

## STATEMENT OF STANDING

5.      The Trustee has standing to bring this action pursuant to 11 U.S.C. §§ 323, 362, 541, and 542 and applicable California law.

## PARTIES TO THE ACTION

6.      The Trustee is the duly appointed chapter 7 trustee for the Debtor's bankruptcy estate.

7.      Defendant Abir Cohen Treyzon Salo, LLP ("ACTS"), is a California limited liability partnership with its principal place of business in Encino, California.

8.      Defendant Boris Treyzon is an attorney licensed to practice law in the State of California and on information and belief is alleged to be a partner of ACTS.

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

2852627.8

2

COMPLAINT

1

## **GENERAL ALLEGATIONS**

2      9.      The Debtor is a plaintiff's law firm based in Los Angeles, California, which

3  specialized in representing clients in mass tort and other contingency litigation.  On

4  December 18, 2020, petitioning creditors Jill O'Callahan, as successor in interest to

5  James O'Callahan, Robert M. Keese, John Abassian, Erika Saldana, Virginia Antonio,

6  and Kimberly Archie (collectively, the "Petitioning Creditors") filed an involuntary chapter

7  7 bankruptcy petition against the Debtor (the "Petition Date").

8      10.      On December 24, 2020, the Petitioning Creditors filed a *Motion for*

9  *Appointment of Interim Trustee Pursuant to 11 U.S.C. § 303(g)*.  The Court entered an

10  order granting the motion on January 5, 2021.  On January 6, 2021, the Trustee was

11  appointed as the interim trustee.

12      11.      On January 13, 2021, the Court entered an *Order Directing: (1) The Clerk*

13  *of Court to Immediately Enter an Order for Relief under Chapter 7; (2) The United States*

14  *Trustee to Immediately Appoint a Chapter 7 Trustee; (3) The Debtor to File All Schedules*

15  *and Related Documentation for Chapter 7 Case within Fourteen Days of the Entry of this*

16  *Order; and (4) Vacating February 16, 2021 Status Conference*.  On January 13, 2021

17  (the "Order for Relief Date"), the Clerk of Court entered an order for relief against the

18  Debtor, and the Trustee was appointed and accepted her appointment in the Debtor's

19  case.

20      12.      As of the filing of the involuntary petition against the Debtor, the Debtor was

21  counsel of record for one or more plaintiffs in a significant number of cases which were

22  undertaken on a contingency fee basis.  In one of these cases, the Debtor and Frantz

23  Law Group, APLC ("Frantz") jointly represented approximately 8,200 plaintiff-victims (the

24  "Gas Leak Clients") asserting claims arising out of the 2015 blowout and subsequent

25  months-long gas leak in Porter Ranch, California ("Southern California Gas Leak

26  Litigation" or "Porter Ranch Litigation"), pursuant to various agreements including (i) the

27  Porter Ranch Agreement Frantz Law Group, APLC & Girardi Keese, and (ii) the Attorney-

28  Client Contingent Fee Agreement Addendum (the "Joint Representation Agreements").

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

13.    Prior to the Petition Date, most of the Debtor's attorneys and staff had resigned or moved on from the firm, so protection of the clients' rights has and continues to be one of the Trustee's highest concerns.  Among other things, to protect the clients' rights, the Trustee and her counsel initiated discussions with a number of law firms, with the goal of transferring some or all of the Debtor's pending cases to competent and qualified counsel pursuant to agreements in which the Debtor's estate would retain an economic benefit.

14.    In furtherance of those discussions, the Trustee entered into Nondisclosure Agreements with five law firms, including ACTS, who was recommended to the Trustee by some of the creditors.  Defendant Boris Treyzon signed the NDA on behalf of ACTS on or about January 12, 2021, agreeing to use information regarding the Debtor only to perform due diligence in connection with ACTS' desire to take over the litigation matters.

15.    Following her discussions and negotiations and subject to documentation and the Court's approval, the Trustee determined that the Southern California Gas Leak Litigation was at a point where it did not make sense to bring in a new counsel and, rather, reached an agreement with Frantz under which Frantz will continue to represent the Gas Leak Clients, without the Debtor serving as co-counsel, and will share  45% of any recoveries, after reimbursement of certain costs, with the Debtor's bankruptcy estate. The possibility of an agreement with Frantz, but not the terms of the settlement, became public knowledge on January 20, 2021, when Frantz and the Trustee entered into and filed a stipulation to continue the hearing on Frantz's motion for relief from the automatic stay with regard to the Southern California Gas Leak Litigation.[1]

### ACTS' Improper Solicitations on January 22 and January 24

16.    On or about January 22, 2021, without the knowledge or consent of the Trustee or Frantz and in violation of the Rules of Professional Conduct governing the ethical conduct of law in California, ACTS sent an unsolicited email and/or letter marked

---

[1] The Trustee anticipates a motion to approve the settlement to be filed within the next day or two.

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

"Personal & Confidential" and an "Attorney/Client Communication" to the Gas Leak Clients.

17.     In the letter, ACTS acknowledges that the Debtor is their counsel and then notifies them that the Debtor has been the subject of involuntary bankruptcy proceedings and "concerning allegations."  The letter further falsely and fraudulently implies that it is being sent with the blessing of this Court and/or the court in which the Southern California Gas Leak Litigation is pending, telling the Gas Leak Clients that "[r]ecently, our firm indicated to the court that we would be assisting with many of GK's Porter Ranch Gas Leak cases."  The letter tells the Gas Leak Clients that ACTS can assume full responsibility for the case under the same fee arrangement that they had with the Debtor but that in order for ACTS "to continue representing you under these terms," the clients must sign a retainer agreement with ACTS as soon as possible.  The letter includes a link for the clients to click to sign the retainer agreement.  At the bottom of the solicitation, under a picture of the employees of ACTS, the solicitation states that "This letter is intended to be attorney advertising and it should not be construed as a formation of a lawyer/client relationship.  If you are represented by other counsel, please disregard this message, and unsubscribe from our mailing list."  A copy of this email is attached as Exhibit "1."

18.     When ACTS and Boris Treyzon sent this communication, they were well aware that the Gas Leak Clients were represented by the Debtor and Frantz and had the actual intention to convert the Gas Leak Clients to clients of ACTS and to retain any related contingency fees for their own benefit.  The Trustee is informed that approximately 100 of the Gas Leak Clients have so far clicked on the link and agreed to be represented by ACTS.

19.     The Trustee took possession of the books and records that were at the Debtor's location when she was appointed.  The Trustee has taken possession of the offices and numerous paper files contained therein and her computer specialists are in the process of imaging the computers on which the digital files reside.  However, to date,

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

1  the Trustee has not located the list of the Gas Leak Clients, much less their email

2  addresses and contact information, although the Trustee is informed that this client list

3  (the "Client List") existed as of the Petition Date.  This Client List and the Debtor's

4  financial interest in the Southern California Gas Leak Litigation are property of the

5  Debtor's bankruptcy estate pursuant to 11 U.S.C. § 541(a) and subject to the provisions

6  of the automatic stay as set forth in 11 U.S.C. § 362.

7      20.    The Trustee is informed that ACTS came into possession of the Client List

8  at a time when the Debtor was without funds and under significant financial pressures

9  from ACTS's judgment creditor client, secured creditors, and other former clients who had

10  not received their settlement payments. The Debtor did not receive reasonably equivalent

11  value for the Client List, its interest in the Southern California Gas Leak Litigation, and

12  any interests of the Debtor in any other pending litigation matters purportedly subject to

13  the ACTS/GK Agreement (as defined below), at a time when the Debtor was having

14  difficulty meeting its obligations as they came due and/or was insolvent or rendered

15  insolvent as a result.

16      21.    On the evening of January 22, 2021, immediately upon learning of ACTS'

17  solicitation of the Gas Leak Clients, the Trustee, on behalf of the Debtor's estate, and

18  Frantz sent ACTS a cease and desist letter by email, a copy of which is attached as

19  Exhibit "2."  Counsel for Frantz followed this letter up with an email from Frantz and the

20  Trustee to three ACTS attorneys, including Boris Treyzon and two others who had

21  previously worked at the Debtor, on January 23, 2021.  A copy of this email is attached

22  as Exhibit "3."

23      22.    Boris Treyzon responded to the letter on January 24, 2021, at

24  approximately 8:57 p.m., denying that he or ACTS had done anything wrong while failing

25  to respond to the Trustee's demand for turnover of the Client List and other assets of the

26  Debtor's estate.  A copy of this response is attached as Exhibit "4."

27      23.    Then, a few minutes later, ACTS sent out a second email blast to the Gas

28  Leak Clients containing additional misrepresentations and again urging them to "Simply

1   click here to sign our retainer agreement."  A copy of this email is attached as Exhibit "5."

2   Again, the email is silent about Frantz's representation of the Gas Leak Clients.  The links

3   in the emails from ACTS remain active as of the filing of this Complaint.

### The Prepetition ACTS/GK Agreement

5   24.    The Trustee is informed that prior to the Petition Date, on or about

6   November 16, 2020, ACTS and the Debtor purportedly entered into an Assumption and

7   Lien Agreement (the "ACTS/GK Agreement").  In the ACTS/GK Agreement, ACTS was

8   given the opportunity to conduct due diligence on the Debtor's pending cases and to

9   determine which ones it would assume, "subject to client consents and ethical

10  compliance."  ACTS was also permitted to communicate directly with any of the Debtor's

11  lawyers or staff to determine whether to employ them.  In exchange for this, the Debtor

12  purportedly gave up its economic and contractual rights in the cases ACTS decided to

13  assume for only a promise to be reimbursed costs and "quantum meruit charges" if there

14  was a recovery to pay them.  To the extent that the ACTS/GK Agreement is a valid

15  contract, it is executory and the Trustee intends to reject it.[2]  In addition, even if the

16  ACTS/GK Agreement was a valid agreement, if ACTS had not properly assumed

17  representation of clients as of the Petition Date, the automatic stay would bar ACTS from

18  any further act that would affect the Debtor's economic interest in the pending litigation.

19  25.    The Trustee is informed that the ACTS/GK Agreement was entered into

20  under duress and is an attempt by ACTS to exert pressure on the Debtor so that ACTS

21  can collect a judgment that ACTS obtained against the Debtor for one of its clients.  In or

22  about April 2020, ACTS obtained a judgment for approximately $11 million against the

23  Debtor on behalf of a client.  In October 2020, ACTS filed a turnover action on behalf of

24  its client, which the Trustee is informed put an immense amount of pressure on the

---

[2] The Trustee is investigating whether the ACTS/GK Agreement and any related transfer of rights in cases is avoidable or void as a fraudulent transfer or voidable on other grounds such as undue influence and reserves the right to either amend the complaint to add these and other causes of action or to file a separate action on the ACTS/GK Agreement.

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

1   Debtor.  In order to stop the turnover action and under duress and undue influence, the

2   Debtor relented to ACTS and entered into the ACTS/GK Agreement without obtaining the

3   consent of its clients or Frantz before doing so.  Without actually assuming representation

4   and without any Gas Leak Client agreeing to substitute in ACTS, ACTS filed notices of

5   substitution and/or notices of association in the Southern California Gas Leak Litigation

6   and has refused to withdraw them.

7          26.    Treyzon is readily familiar with this bankruptcy case.  On December 24,

8   2020, Treyzon submitted a declaration in support of the motion to appoint an interim

9   trustee.  In his declaration he admitted that the Debtor's cases belong to the Debtor and

10  that if any attorneys were substituted in, the Debtor's estate could be damaged.  Yet, that

11  is precisely what ACTS and Treyzon have been doing, and thus, each is acting willfully.

13                    **FIRST CLAIM FOR RELIEF**

14                  **(Violation of the Automatic Stay)**

15                    **(Against ACTS and Treyzon)**

16         27.    Plaintiff incorporates the allegations of paragraphs 1 through 26 as though

17  fully set forth herein.

18         28.    Upon the entry of the order for relief, the automatic stay of 11 U.S.C. § 362

19  went into effect, preventing parties from taking any act to possess or control an asset of

20  the estate.

21         29.    The Client List and the Debtor's financial interest in the contingency fee

22  arrangement for the Southern California Gas Leak Litigation are property of the Debtor's

23  bankruptcy estate.

24         30.    ACTS and Treyzon are wrongfully in possession of the Client List and,

25  without the Trustee's knowledge or consent, used it after the Petition Date to solicit the

26  Gas Leak Clients in violation of the ethical rules governing lawyers in California.  The

27  solicitation email that they sent on January 22, 2021, contains hyperlinks that remain

28  active as of the filing of the Complaint, despite the Trustee's and Frantz's demand to

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

ACTS and Treyzon that the communications cease and the links be deactivated. This communication is an unauthorized attempt by ACTS and Treyzon to solicit the Gas Leak Clients under the same fee arrangement that the Gas Leak Clients had with the Debtor and to retain the fees that would otherwise be paid to the Debtor for itself. The conduct is also part of a continued attempt by ACTS to exert pressure against the Debtor in order to force the Debtor to pay the judgment that ACTS obtained against the Debtor on behalf of one of its clients.

31. On January 24, 2020, after being informed by the Trustee that she considered the conduct of ACTS and Treyzon to violate the automatic stay and to be tortious and after the Trustee requested that ACTS and Treyzon cease and desist from their conduct, Treyzon responded by sending a letter by email at 8:57 p.m. disagreeing with the Trustee's position and refusing to cease and desist and to turn over the Client List and other assets of the Debtor's estate.. Then, a few minutes later, ACTS and Treyzon sent a second email blast to the Gas Leak Clients containing inaccurate information about the ACTS/GK Agreement and urging them to "Simply click here to sign our retainer agreement."

32. ACTS' and Treyzon's conduct violates the automatic stay, warranting an injunction, damages to the extent that the estate lost the Gas Leak Clients as a result of ACTS' and Treyzon's conduct, and the imposition of sanctions and the reimbursement to the estate of the fees and costs it incurs as a result of ACTS' and Treyzon's conduct.

## SECOND CLAIM FOR RELIEF

### (Intentional Interference with Prospective Economic Advantage)

### (Against ACTS and Treyzon)

33. Plaintiff incorporates the allegations contained in paragraphs 1 through 26 as though fully set forth herein.

34. Pursuant to the Joint Representation Agreements, the Debtor and Frantz jointly represent the Gas Leak Clients in the Southern California Gas Leak Litigation. The

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

1   Joint Representation Agreements entitle the Debtor and Frantz to a contingency fee

2   based on a percentage of the recoveries each Gas Leak Client is awarded and paid in

3   the Southern California Gas Leak Litigation.  ACTS and Treyzon had actual knowledge

4   that the Gas Leak Clients are represented by the Debtor and Frantz and that the Debtor

5   has an economic relationship with the Gas Leak Clients; indeed, ACTS acknowledges

6   this relationship in the email that ACTS sent to the Gas Leak Clients in which ACTS

7   states that it is aware that the Gas Leak Clients are represented by the Debtor.  Further,

8   ACTS signed a nondisclosure agreement with the Trustee.

9       35.    ACTS and Treyzon intended to disrupt this relationship and to convert the

10  Gas Leak Clients to their own clients, as evidenced by the text of the email and the

11  hyperlinks within that email where the Gas Leak Clients can sign a retainer agreement

12  with ACTS.  In the email, ACTS wrongfully stated that it was the Debtor's successor and

13  falsely implied that it had the blessing of the Court to approach the Debtor's clients.  The

14  Trustee is informed that a number of the Gas Leak Clients have clicked on the link in the

15  email and signed retainer agreements with ACTS based on the wrongful statements in

16  the email.  The email is causing confusion among the Gas Leak Clients and leading them

17  to incorrectly believe that their interests in the Southern California Gas Leak Litigation are

18  not presently being represented as there is no mention in the e-mail of the continued

19  involvement of Frantz as their co-counsel of record.  By converting the Debtor's clients to

20  its own, ACTS and Treyzon are causing the estate harm by depriving the Debtor of its

21  contractual right to fees and reimbursement of costs with respect to these clients.

22      36.    As a result of this conduct, ACTS and Treyzon have intentionally interfered

23  with the Debtor's prospective economic advantage and should be held liable for the

24  damages resulting from their conduct and enjoined from engaging in any further similar

25  conduct with the Southern California Gas Leak Litigation or any of the other cases in

26  which the Debtor is counsel.

27      37.    In addition, because the conduct of ACTS and Treyzon is willful and

28  malicious, the Trustee seeks an award of punitive damages against them.

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

1

## THIRD CLAIM FOR RELIEF

### (Intentional Interference with Contractual Relations)

### (Against both ACTS and Treyzon)

38.     The Trustee incorporates the allegations in paragraphs 1 through 26 as though fully set forth herein.

39.     Pursuant to the Joint Representation Agreements, the Debtor and Frantz are co-counsel to the Gas Leak Clients in the Southern California Gas Leak Litigation. Under the Joint Representation Agreements, the Debtor and Frantz are entitled to a percentage of the recoveries that they obtain in the Southern California Gas Leak Litigation.  ACTS and Treyzon had actual knowledge of the Debtor's contractual relationship with the Gas Leak Clients.  Indeed, ACTS acknowledges this relationship in the email that ACTS sent to the Gas Leak Clients in which ACTS states that it is aware that the Gas Leak Clients are represented by the Debtor.  Further, ACTS signed a nondisclosure agreement with the Trustee.

40.     ACTS and Treyzon intended to disrupt this relationship and to convert the Gas Leak Clients to their own clients, as evidenced by the text of the email and the hyperlinks within that email where the Gas Leak Clients can sign a retainer agreement with ACTS.  In the email, ACTS wrongfully stated that it was the Debtor's successor and falsely implied that it had the blessing of a court (either this Court or the state court in which the Southern California Gas Leak Litigation is pending) to make the solicitation. The Trustee is informed that a number of the Gas Leak Clients have clicked on the link in the email and signed retainer agreements with ACTS based on the wrongful statements in the email.  The email is causing confusion among the Gas Leak Clients and leading them to incorrectly believe that their interests in the Southern California Gas Leak Litigation are no longer being represented as there is no mention that the Frantz Firm remains their counsel.  By converting the Debtor's clients to its own, ACTS and Treyzon

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

1    are causing the estate harm by depriving the Debtor of its contractual right to fees and

2    expenses with respect to these clients.

3         41.    As a result of this conduct, ACTS and Treyzon have intentionally interfered

4    with the Debtor's contractual relations and should be held liable for the damages resulting

5    from their conduct and enjoined from any further similar conduct with the Southern

6    California Gas Leak Litigation or any of the other cases in which the Debtor is counsel.

7         42.    In addition, because the conduct of ACTS and Treyzon is willful and

8    malicious, the Trustee seeks an award of punitive damages against them.

9

10                        **FOURTH CLAIM FOR RELIEF**

11                   **(TURNOVER OF PROPERTY OF THE ESTATE)**

12                      **(Against both ACTS and Treyzon)**

13        43.    The Trustee incorporates the allegations of paragraphs 1 through 42 as

14    though fully set forth herein.

15        44.    The Client List is property of the Debtor's bankruptcy estate that the Trustee

16    is informed is in the possession of ACTS and Treyzon.

17        45.    Pursuant to 11 U.S.C. § 542(a), the Trustee seeks a judgment requiring

18    ACTS and Treyzon and each of their agents and employees to turnover to the Trustee all

19    copies of the Client List and any other list of clients of the Debtor and, after this turnover,

20    to destroy all written and electronic copies of the Client List and any other lists of the

21    Debtor's clients that remain in their possession.

22                         **FIFTH CLAIM FOR RELIEF**

23                           **(Declaratory Relief)**

24                       **(Against ACTS and Treyzon)**

25        46.    The Trustee incorporates the allegations of paragraphs 1 through 26 as

26    though fully set forth herein.

27        47.    A dispute has arisen between the Trustee, on one hand, and ACTS and

28    Treyzon, on the other regarding the Client List and the Debtor's economic and

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

1  contractual interest in the Southern California Gas Leak Litigation that requires a judicial

2  declaration.

3      48.    Accordingly, the Trustee seeks a declaration that until further Court order,

4  the Debtor and Frantz remain the counsel of record in the Southern California Gas Leak

5  Litigation with respect to all of the Gas Leak Clients and that any retainer agreements

6  with ACTS signed by the Gas Leak Clients are void as a violation of the automatic stay

7  and a violation of the California Rules of Professional Conduct.

8

9  ### SIXTH CLAIM FOR RELIEF

10  ### (Avoidance of Postpetition Transfer Under 11 U.S.C. § 549)

11  ### (Against ACTS and Treyzon)

12      49.    The Trustee incorporates paragraphs 1 through 26 as though fully set forth

13  herein.

14      50.    To the extent that the foregoing conduct of ACTS and Treyzon have

15  resulted in any of the Gas Leak Clients signing a retainer agreement with ACTS in

16  connection with the Southern California Gas Leak Litigation, each entry into a retainer

17  agreement on or after the Petition Date is an unauthorized postpetition transfer of an

18  interest of the Debtor in property (namely, its contractual financial interest in the litigation)

19  that was done without the permission of the Court or the authority of the Debtor and is

20  therefore avoidable as an unauthorized transfer of an interest of the Debtor in property

21  under 11 U.S.C. § 549(a).

22

23      **WHEREFORE,** the Trustee prays that the Court enter a judgment against ACTS

24  and Treyzon as follows:

25  ### On the First Claim for Relief

26      1.    For a judgment finding that ACTS and Treyzon have violated the automatic

27  stay by utilizing the Client List to solicit the Debtor's clients with the intention of interfering

28  with the Debtor's contractual and economic rights in the fees and costs to which they are

1    entitled in the Southern California Gas Leak Litigation and awarding the Trustee fees and

2    costs, actual damages, and sanctions for the violation of the automatic stay and

3    injunctive relief;

### On the Second Claim for Relief

5        2.    For actual, compensatory, and punitive damages against ACTS and

6    Treyzon in an amount to be determined and for injunctive relief prohibiting any further

7    acts to solicit the Gas Leak Clients and any other clients of the Debtor;

### On the Third Claim for Relief

9        3.    For actual, compensatory, and punitive damages against ACTS and

10   Treyzon in an amount to be determined and for injunctive relief prohibiting any further

11   acts to solicit the Gas Leak Clients and any other clients of the Debtor;

### On the Fourth Claim for Relief

13       4.    Requiring ACTS and Treyzon and each of their agents and employees to

14   turnover to the Trustee all paper copies of the Client List and, after this turnover, requiring

15   ACTS and Treyzon and their agents and employees to destroy all written and electronic

16   copies of the Client List and any other lists of the Debtor's clients that remain in their

17   possession or that refer to any of the Debtor's clients;

### On the Fifth Claim for Relief

19       5.    Declaring that pending further Court order, the Debtor and Frantz remain

20   the counsel of record in the Southern California Gas Leak Litigation with respect to all of

21   the Gas Leak Clients and that any retainer agreements with ACTS signed by the Gas

22   Leak Clients are void as a violation of the automatic stay.

### On the Sixth Claim for Relief

24       6.    Declaring that any retainer agreements entered into by ACTS with the Gas

25   Leak Clients on or after the Petition Date are void as unauthorized postpetition transfers

26   of an interest of the Debtor in property.

### On All Claims for Relief

28       7.    For costs of suit;

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

1        8.    For attorney's fees and costs as authorized by law; and

2        9.    For such other and further relief as the Court may deem just and proper.

3

4    DATED:  January 25, 2021                Respectfully submitted,

5                                SMILEY WANG-EKVALL, LLP

6

7                                By:       /s/ Kyra E. Andrassy

8                                      KYRA E. ANDRASSY

9                                      Attorneys for Elissa D. Miller, Chapter 7
                                  Trustee

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

# EXHIBIT "1"

---------- Forwarded message ---------
From: **Porter Ranch Gas Leak Litigation Update** <info@actslaw.com>
Date: Fri, Jan 22, 2021 at 2:42 PM
Subject: Urgent update for Girardi | Keese Porter Ranch Gas Leak Litigation Clients
To: █████████████████████████>

_____

**View this email in your browser**



| | |
|---|---|
| Danny Abir | Anna Lisa Knafo |
| Alexander Cohen | Slav Kasreliovich |
| Boris Treyzon | Monica Szkopek |
| Renata Salo | Sara A. McClain |
| Cynthia Goodman | Katrina Yu (Of Counsel) |
| Robert Finnerty | David S. Bederman |
| Terry R. Bailey | Justin Eballar |
| Douglas A. Rochen | Joseph Finnerty |
| | Michael P. Kelly |
| | Samantha Gold |
| | Michael Harutunian |
| | Farid E. Golshani |
| | Jonathon Farahi (Of Counsel) |
| | Brianna Franco |
| | Gina Esfandi |

ABIR COHEN TREYZON SALO, LLP
16001 Ventura Boulevard, Suite 200
Encino, CA 91436
Telephone: (424) 288-4367 • Fax: (424) 288-4368

**actslaw.com**

**Personal & Confidential - For Girardi | Keese clients ONLY**
*Attorney/Client Communication*

Dear █████████████████ :

We hope that this letter finds you well despite these difficult times.

You are receiving this letter because you are currently a plaintiff in the Porter Ranch Gas Leak litigation and represented by Girardi | Keese ("GK"). Our firm, Abir Cohen Treyzon Salo, LLP, previously agreed to assist GK with your case and has an experienced toxic tort and environmental legal team to do so. This team is led by Robert W. Finnerty, Esq., who has over thirty years of experience in this area of the law. Please click here for more information about Mr. Finnerty and our firm.

Recently, our firm indicated to the court that we would be assisting with many of GK's Porter Ranch Gas Leak cases. Unfortunately, GK and its founding partner are facing concerning allegations and have been the subject of involuntary bankruptcy proceedings. Nevertheless, our firm stands ready to continue to represent you until your case is concluded.

We can assume full responsibility for your case under the same fee arrangement you entered into with GK, which means you will not be subject to any additional attorney fees. In order for us to continue representing you under these terms, please execute a retainer agreement with our firm as soon as possible. Please click here to sign our retainer agreement.

You will have an opportunity to ask questions and receive more information at virtual Town Hall Meetings next week. Please click here to register with us for access to our portal where you can get updates on the litigation, get information on the virtual Town Hall Meetings and also electronically send us messages with your questions.

If you cannot attend the virtual Town Hall Meetings or would like to contact us before the Meetings, please feel free to call our dedicated Porter Ranch Litigation Gas Leak hotline at **(818) 350-7654**. Our legal team will be available to answer your questions Monday through Friday from 7:00 am - 8:00 pm and Saturday and Sunday from 8:00 am -12:00 pm.

We understand that other lawyers may be attempting to contact you and take over your case. We hope that you will attend our virtual Town Hall Meetings to learn more about our firm and get answers to any questions you may have. We are confident that we can achieve a terrific result for you due to our experience in environmental law and familiarity with your case.

From all of us at ACTS Law Team, please stay safe and we look forward to hearing from you.



*This letter is intended to be attorney advertising and it should not be construed as a formation of a lawyer/client relationship. If you are represented by other counsel, please disregard this message, and unsubscribe from our mailing list. No guarantee of outcome is made. Past results are not a guarantee of future outcome.*

*Copyright (C) 2021 Abir Cohen Treyzon Salo, LLP. All rights reserved.*

You are receiving this email because you opted in via our website.

Abir Cohen Treyzon Salo, LLP
16001 Ventura Blvd Ste 200
Encino, CA 91436-4482

Add us to your address book

Update Preferences | Unsubscribe

# EXHIBIT "2"

January 22, 2021

Via Email (btreyzon@actslaw.com
              rfinnerty@actslaw.com)

Abir Cohen Treyzon Salo, LLP
c/o Boris Treyzon, Esq. &
    Robert W. Finnerty, Esq.
16001 Ventura Blvd., Ste. 200
Encino, CA 91436-4482

Dear Mr. Treyzon, Mr. Finnerty, and all ACTS Personnel:

Pursuant to all applicable legal authorities and professional rules, the Frantz Law Group ("FLG") and Elissa D. Miller, the Chapter 7 Trustee of Girardi Keese (the "Trustee"), hereby demand that your law firm, and any and all persons associated with your law firm, CEASE AND DESIST your unauthorized and improper solicitation of clients jointly represented by FLG and Girardi/Keese ("GK") with knowledge that these clients are already represented by counsel, in violation of California's Rules of Professional Conduct. Moreover, your improper solicitation was done without the approval of the Trustee and is an intentional violation of the automatic stay for which you may be sanctioned pursuant to Bankruptcy Code sections 362(k) and 105.

Your letter's reference to an "agreement" between your firm and GK to assist with the Porter Ranch Gas Leak Litigation is misleading and asserted in bad faith. Your letter was sent without conferring with FLG and after FLG specifically REJECTED your request to permit your firm to jointly represent FLG and GK joint clients. Moreover, any tentative agreement with GK was never consummated and efforts by you to exercise control over GK's cases were stayed by the court in Chicago and now by the automatic stay.

Your unauthorized and misleading letter to FLG clients fails to disclose that you were not authorized to communicate with the clients because they are already represented by counsel and that you have not been authorized by the Trustee or the bankruptcy court to exercise control over GK's assets. In addition, it is evident that you are in possession of GK's client lists and pursuant to Bankruptcy Code section 542, the Trustee hereby demands turnover of all such data and files that you improperly obtained and retained.

Please be advised that an agreement in principle has been reached between the Trustee and FLG for FLG to resume representation of the clients alone. If you do not cease to contact the clients of GK, who are also represented by FLG, the Trustee intends to seek sanctions against you. If any clients contact you, we demand that you inform them to disregard your solicitation letter.

We trust no further information or a court order is required for you to immediately CEASE AND DESIST YOUR COMMUNICATION WITH GK AND FLG CLIENTS.

Sincerely,

Elissa D. Miller
c/o SulmeyerKupetz
333 S Grand Ave #3400
Los Angeles, CA  90071

Chapter 7 Trustee for the estate
of Girardi Keese

Kenneth Chiate
Quinn Emanuel Urquhart & Sullivan, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA  90017

Counsel to Frantz Law Group

cc:  Lei Lei Wang Ekvall
     K. John Shaffer
     Eric Winston
     James Frantz

# EXHIBIT "3"

## John Shaffer

| | |
|---|---|
| **From:** | John Shaffer |
| **Sent:** | Saturday, January 23, 2021 4:32 PM |
| **To:** | 'btreyzon@actslaw.com'; 'rfinnerty@actslaw.com' |
| **Cc:** | 'Miller, Elissa D.'; 'Lei Lei Wang Ekvall'; Kenneth Chiate; Eric Winston; 'James Frantz' |
| **Subject:** | RE: Southern California Gas Leak Litigation |

Please see the following correspondence from the Chapter 7 Trustee of the Girardi Keese bankruptcy estate and Frantz Law Group:

Dear Mr. Treyzon, Mr. Finnerty, and all ACTS Personnel:

The Frantz Law Group and Elissa D. Miller, the Chapter 7 Trustee of Girardi Keese, are writing as a follow up to our letter dated January 22, 2021. Notwithstanding our letter, we understand that the link to your firm's Porter Ranch engagement letter remains active, and thus you are continuing to solicit clients in violation of the California Rules of Professional Conduct and the Bankruptcy Code's automatic stay. Please deactivate the link immediately and confirm that you have done so.

Frantz Law Group and the Trustee reserve all rights.

Elissa Miller James Frantz
Chapter 7 Trustee of Girardi Keese Frantz Law Group, APLC

---

**From:** John Shaffer
**Sent:** Friday, January 22, 2021 8:42 PM
**To:** 'btreyzon@actslaw.com' ; 'rfinnerty@actslaw.com'
**Cc:** 'Miller, Elissa D.' ; 'Lei Lei Wang Ekvall' ; Kenneth Chiate ; Eric Winston ; 'James Frantz'
**Subject:** Southern California Gas Leak Litigation

Please see the attached correspondence.


**K. John Shaffer**
*Partner*
Quinn Emanuel Urquhart & Sullivan, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017
213-443-3667 Direct
213-443-3000 Main Office Number
213-443-3100 Fax
johnshaffer@quinnemanuel.com
www.quinnemanuel.com

NOTICE: The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

# EXHIBIT "4"

Danny Abir
Alexander Cohen
Boris Treyzon
Renata Salo
Cynthia Goodman
Robert Finnerty
Terry R. Bailey
Douglas A. Rochen

**aCTS**

ABIR COHEN TREYZON SALO, LLP

16001 Ventura Boulevard, Suite 200
Encino, CA 91436
Telephone: (424) 288-4367 • Fax: (424) 288-4368

**actslaw.com**

Slav Kasreliovich
Monica Szkopek
Sara A. McClain
Katrina Yu  (Of Counsel)
David S. Bederman
Justin Eballar
Joseph Finnerty
Michael P. Kelly
Samantha Gold
Michael Harutunian
Farid E. Golshani
Brianna Franco

January 24, 2021

Elissa D. Miller
c/o SulmeyerKupetz
333 S Grand Ave #3400
Los Angeles, CA 90071

Chapter 7 Trustee for the Estate
of Girardi|Keese

Kenneth Chiate
Quinn Emanuel Urquhart & Sullivan, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017

Counsel to Frantz Law Group

> **Re:** **In re Girardi|Keese**
> **Chapter 7 Bankruptcy Case #2:20-bk-21022**
> **Your Letter of January 22, 2021**

Dear Ms. Miller and Mr. Chiate:

This letter is in response to your demand letter sent via email on Friday, January 22, 2021 at approximately 9:00 P.M.

You have provided me with a letter that starts with a demand that "pursuant to all applicable legal authorities and professional rules" (none of which are cited anywhere in your letter), our law firm, and any persons associated with our firm, cease and desist from what you assert is an unauthorized and improper solicitation of clients. You then contend that these clients are jointly represented by Frantz Law Group ("FLG") and Girardi|Keese ("GK"). Surprisingly, you fail to identify the aforementioned clients, the cases, or substantiate the assertion that FLG is counsel of record in any such cases.

You go on to reference an "agreement" between our firm and GK, unilaterally asserting that the "letter" is misleading and is asserted in bad faith because the "letter" was sent without conferring with FLG and after FLG specifically REJECTED my firm's request to jointly represent FLG and GK joint clients. Neither the "letter" or "agreement" are attached or identified. Afterwards, you

January 24, 2021
Page 2 of 6

unilaterally assert that any "tentative agreement" with GK was never consummated and efforts to exercise control over GK's cases were stayed by the Court in Chicago and, now, by the automatic stay.

Next, your letter alleges that any correspondence sent to FLG's clients fails to disclose that our firm was not allowed to communicate with such clients because they are already represented by counsel and that our firm has not been authorized by the Trustee or the bankruptcy court to exercise control over GK's assets. (Presumably, the assets you are referring to are the cases themselves and not the clients)

Finally, the letter, on behalf of the Trustee, demands that under 11 U.S.C. §542, ACTS turns over all data and files, which you contend our firm improperly obtained and retained. Having now summarized the allegations and threats in your letter, let me respond on behalf of our firm.

As an initial point, we did not target or solicit Frantz Law Group's Clients. The contact list that was utilized was limited to Girardi | Keese's clients and then, only those clients that were covered by the agreement our firm has reached with Girardi | Keese. Frantz Law Group is not mentioned or referred to, in any manner, and the communication contains a disclosure, instructing its target audience what to do in case they are already represented by counsel.

As of now, Frantz Law Group has not been retained by the Trustee and any such employment has not been approved by the Court. To the extent that an agreement may be reached by the Trustee and the Frantz Law Group, I would expect the parties to obtain the requisite Bankruptcy Court approval. I would also expect the Application, supporting authority, and declarations seeking such an approval to clearly set forth the specific cases that the Frantz Law Group proposes to handle, the specific scope of the work to be performed by the Frantz Law Group, the specific fee arrangement between the Trustee and the Frantz Law Group (including the percentage to be charged to the Estate and charges/fees to be charged to the Estate), the status of the cases so parties and plaintiffs can understand how long it will take until there is a possible settlement and/or judgment, and the specific attorneys who will be assigned to these cases, along with their qualifications. Only in this way will secured and unsecured creditors of this estate and Plaintiffs who the Frantz Law Group may have solicited, understand how long it will take to provide a monetary return to the Estate. Until then, given the demise of GK, those Plaintiffs are not represented, and we may communicate our availability, qualifications and willingness to continue their representation. As shown below, the Frantz Law Group did just that within the last forty (40) days.

On December 18, 2020, with the District Courts order already in full force and with awareness of such order, Frantz Law Group sent the following email to the Porter Ranch clients it did not represent:

*We have sought the advice of outside counsel and would like to bring to your attention that you have the right to terminate Girardi Keese as your counsel. We have discontinued our co-counsel relationship with Girardi Keese and are advising Girardi Keese of this. Therefore, please*

January 24, 2021
Page 3 of 6

*confirm whether you wish to terminate your representation by Girardi Keese. If you wish to
discharge Girardi Keese, please confirm by using the link below.*

<u>*Southern California Gas leak Representation Selection*</u> **(hyperlink)**

*Our most important ethical obligation is to act in the best interest of our clients at all times. We
have concluded that termination of our contractual relationship with Girardi Keese is necessary
to allow us to represent you and to continue our aggressive prosecution of this case on your
behalf as we have from the very beginning. We believe this is a mandatory action to protect your
interests. This will not affect your standing in the case.*

Given that December 18, 2020 is the date the mandatory bankruptcy stay went into effect, how
many GK's clients were signed up in violation of that stay? How long was the link allowed to
stay up? As of the time of this letter, the link is still active and FLG continues to sever GK's
clients from their former counsel, for FLG's sole benefit.

Turning back to the substance of the January 22nd letter, and your accusations and threats, what
"applicable legal authority" and "professional rules" are you relying upon in making these threats
against me and my firm? I do NOT take accusations of unethical behavior or a threat of sanctions
lightly. I take actionable slander propagated to potential clients even more seriously. Since you do
not appear to have any authority or facts to support your accusations, please allow me to provide
you with such facts and authority which support the actions of our firm.

The "letter" you reference, a copy of which I can only assume you have, is, in fact, NOT a mere
"letter". On November 18, 2020, Girardi|Keese (GK), Thomas Girardi (Girardi) and my firm
signed an Assumption and Lien Agreement (Agreement). This Agreement provides, subject to
informed client consent, that the responsibility for continued prosecution of certain pending cases
shall be transferred from GK to ACTS in consideration for an agreement from ACTS to undertake
representation. By its terms, the Agreement was effective as of November 16, 2020. A copy of the
Agreement was provided by me to Ms. Miller and Ms. Wang-Ekval on January 11, 2021. Since
this Agreement contains a Confidentiality Provision, I will leave it to Ms. Miller to choose whether
she shares it.

Under the Agreement, Girardi and GK agreed to: (i) Provide my firm with copies of any
contingency fee agreements, fee sharing/referral agreements, and a summary of costs advanced in
cases in which he represented and/all plaintiffs; (ii) A list of all matters in which Girardi represents
clients where a settlement has been reached but not yet finalized; (iii) A list of matters in which
Girardi represents clients where litigation funding is involved, including copies of litigation
funding agreements and financial reports about payments made by such litigation flinders; (iv) A
list of all matters in which Girardi is no longer representing clients and has served a lien notice,
including information such as case name, case number, identity of successor counsel and the status

of each such case; (v) A list of all matters in which Girardi was representing the clients up to and including sixty (60) days prior to the Agreement and the status of such matters, including if any funds remain to be paid; (vi) A list of all client funds, including, advanced deposits for costs and/or legal fees, held in trust by Girardi on behalf of any clients whose cases are being transferred subject to the Agreement as. If any such cases are transferred, and with client consent said trust funds shall be transferred to the ACTS client trust account.

The Agreement further provided that our firm, in its sole discretion, and subject to client consent and ethical compliance, shall determine which Girardi|Keese cases to assume ("the Transferred Case(s)") and any cases not selected, shall remain the continuing responsibility of Girardi|Keese. Under the Agreement, it was agreed and emphasized that the decision as to whether clients agree to be represented by our firm belongs **solely** to the client(s) and any such transfer was contingent upon agreement by the client and such clients' consent to such transfer.

Last, the Agreement provides that the Parties agree to cooperate in the efforts of our firm to obtain the informed consent of the Clients so that their matters may be transferred from Girardi|Keese to ACTS. Toward that end, Girardi provided contact information for clients on matters identified by ACTS as potential transfer cases. Further, Girardi agreed to introduce such clients to the firm and facilitate communications intended to secure the informed consent of the clients. For any matter selected by our firm and for which the clients agree that the case may be transferred, our firm would document the disclosure of the fee-sharing agreement as to each client in each such case, and would obtain the written consent of the client consistent with, and in compliance with, Rule 1.5.1 (a) of the California Rules of Professional Conduct.

Next I turn to your allegation that the 'letter was sent without conferring with FLG and after FLG specifically REJECTED our firm's request to jointly represent FLG and GK joint clients and that any "tentative agreement" with GK was never consummated and efforts by me to exercise control over GK's cases were stayed by the court in Chicago and now by the automatic stay. I would, again, ask what authority you rely upon that required my firm to confer with you at all or in connection with representing former GK clients, especially when Girardi or his attorneys contacted the clients and offered them the opportunity to retain me/my firm in their place? In instances where any contacted client declined such a representation, they were never contacted by me or my firm again. I would also ask what authority you rely upon in asserting that any "tentative agreement" (or as you say "letter") was not consummated and any actions to "exercise control over GK's cases were stayed by the court in Chicago"? To clarify, upon the District Court freezing all of Girardi's and GK's assets, I took no action regarding transfer of any client files of either Girardi or GK. If you have evidence to the contrary, present it. Otherwise, I demand that you retract this accusation.

January 24, 2021
Page 5 of 6

Regarding the Trustee's turnover demand, 11 U.S.C. § 542 provides:

> (a)    An entity, . . . in possession, custody, or control, during the case, of property that the Trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the Trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate.

> (d)    Subject to any applicable privilege, after notice and a hearing, the court may order an attorney, accountant, or other person that holds recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs, to turn over or disclose such recorded information to the Trustee.

As an initial matter, a client's file is property of the client, not of the lawyer or of the Bankruptcy Estate. Second, the contents of such files represent confidential information and cannot be disclosed to third parties without the client's informed consent. Third, what "data" are you demanding? Perhaps the Trustee is not aware, but all of GK's "data", including clients', is maintained in paper form or is on a server maintained by Girardi | Keese, a fact of which I informed Ms. Miller in our first conversation, within 24 hours of her appointment.

Even more telling, the Non-Disclosure Agreement executed between my firm and Trustee contains the following provision under General Exceptions:

*Notwithstanding any other provision of this Agreement, information disclosed by the Disclosing Party to the Receiving Party will not be or will cease to be confidential information subject to this Agreement (a) if such information was already public knowledge at the time it was learned by the Receiving Party, or if such information subsequently came into the public domain through no fault of the Receiving Party, (b) if such information was lawfully received by the Receiving Party from a third party free of an obligation of confidence to such third party, (c) **if such information was already in the possession of the Receiving Party prior to the receipt thereof, directly or indirectly, from the Disclosing Party** ...* (emphasis added)

In conclusion, the facts, as now fully presented, show that our firm has a valid contract with GK and Girardi which sets forth an ethical procedure for ACTS substituting in as counsel for clients that were represented by GK. No person or Court has established or ruled that this Agreement is not valid or is unenforceable, and nowhere in the Agreement is our firm required to consult or obtain approval from the Frantz Law Firm in carrying out the terms of the Agreement. If the Trustee considers this contract to be executory, the Trustee has relief available under §365(a) of the Bankruptcy Code, with all the resultant rights that would then accrue to our firm. To be clear, at no time have I or will I seek to withhold from the Trustee or the Estate of GK any assets, including, but not limited to, proceeds from any judgment or settlement which constitutes property of the Estate. My interactions with both Trustees in this matter speak volumes as to that proposition. We will continue such assistance, if called upon.

January 24, 2021
Page 6 of 6

As lawyers, we are charged with duty and responsibility for our clients' wellbeing. These people, dozens of who call our office every day asking for information and guidance, simply want to know that they are being represented and that someone is looking out for their interests. These are ordinary people who do not understand or wish to be involved in this gamesmanship. They certainly did not consent to their rights and cases being traded and sold as some proverbial cattle at a stock yard. When my firm signed the agreement with Girardi | Keese, we took on a solemn obligation and responsibility to help these people. We take and will continue to take that responsibility to heart.

Very truly yours,
**ABIR COHEN TREYZON SALO, LLP**

Boris Treyzon, Esq.

# EXHIBIT "5"

Urgent update ONLY for Girardi | Keese Porter Ranch Gas Leak Litigation Clients    Page 1 of 3
Case 2:20-bk-21022-BR   Doc 122   Filed 01/25/21   Entered 01/25/21 16:16:44   Desc
Main Document    Page 33 of 35

| Subscribe | Past Issues | | Trans |
|---|---|---|---|

**[View this email in your browser](#)**



Danny Abir
Alexander Cohen
Boris Treyzon
Renata Salo
Cynthia Goodman
Robert Finnerty
Terry R. Bailey
Douglas A. Rochen

16001 Ventura Boulevard, Suite 200
Encino, CA 91436
Telephone: (424) 288-4367 • Fax: (424) 288-4368

**actslaw.com**

Anna Lisa Knafo
Slav Kasreliovich
Monica Szkopek
Sara A. McClain
Katrina Yu (Of Counsel)
David S. Bederman
Justin Eballar
Joseph Finnerty
Michael P. Kelly
Samantha Gold
Michael Harutunian
Farid E. Golshani
Jonathon Farahi (Of Counsel)
Brianna Franco
Gina Esfandi

## Personal & Confidential - For Girardi | Keese clients ONLY
*Attorney/Client Communication*

Dear ▮▮▮▮▮▮▮▮▮▮ :

We are writing to you because you have filed actions in the Porter Ranch Gas Leak litigation and have previously been represented solely by the now defunct/bankrupt law firm of Girardi | Keese. Because of this, you now have important decisions to make concerning your future representation.

Before the filing of the bankruptcy, on November 18, 2020, Tom Girardi of Girardi | Keese entered into an agreement with our firm, Abir Cohen Treyzon & Salo LLP. This agreement allowed us to work with Girardi | Keese on your case, as well as the cases of thousands of your neighbors in the Porter Ranch area. Of course, this is subject to your informed consent. Now with the demise of Girardi | Keese, we are reaching out to you to ensure you will continue to be well represented by offering you a choice.

This message is important to your legal rights because you need to be well-informed in order to make decisions to protect these rights. Among these rights are the absolute right of any client to be represented by a capable and experienced attorney of their choosing. Attorneys should always act in the best

interest of you, which means you should have the free will to chose your attorney. Attorneys should not treat your case as an "asset" of the Girardi | Keese bankruptcy or claim to have inherited it as part of their law firm "family." You always have the absolute right to change counsel if you are not satisfied. The bankruptcy of Girardi | Keese and court proceedings in other courts do not have any effect on these rights.

As before, we offer to continue your representation. Simply click here to sign our retainer agreement. If you have since retained other counsel, please disregard this message.

This is why we sent our Urgent Update email on January 22, 2021. As we alerted you, other law firms have since tried to interfere with our November 18th agreement with Girardi | Keese, which remains in full force and effect. They have done so by not presenting their credentials. Instead, they are trying to persuade you to engage with them by making false and defamatory claims against our firm. Just as we stand up for the rights of others, we will not be silent in the face of these baseless accusations. Because we value the ethics of all professions, we have consulted with ethics experts and now bankruptcy counsel every step of the way.

We are prepared to address any questions or concerns you may have at the Virtual Town Hall meeting tomorrow (Monday) evening at 6 pm. Please click here to register with us for access to our portal where you can get updates on the litigation. If you cannot attend Monday's virtual Town Hall Meeting, we will make a recording available to you on our portal.

You can also contact us by calling our dedicated Porter Ranch Litigation Gas Leak hotline at **(818) 350-7654**. We are taking these steps so that you have the opportunity to be updated on the litigation, our firm and our plans for representation, if you choose us.

As always, from all of us at ACTS Law Team, please stay safe and we look forward to hearing from you.



*This letter is intended to be attorney advertising and it should not be construed as a formation of a lawyer/client relationship. If you are represented by other counsel, please disregard this message, and unsubscribe from our mailing list. No guarantee of outcome is made. Past results are not a guarantee of future outcome.*

*Copyright (C) 2021 Abir Cohen Treyzon Salo, LLP. All rights reserved.*

Update Preferences | Unsubscribe