1  Andrew Goodman, Esq. (State Bar No. 115685)
   **GOODMAN LAW OFFICES**
2  **A PROFESSIONAL CORPORATION**
   30700 Russell Ranch Road, Suite 250
3  Westlake Village, California 91362
   PHONE: (818) 802-5044; FAX: (818) 975-5256
4  E-Mail: agoodman@andyglaw.com

5

   Attorneys for Petitioning Creditors
6  Robert Keese, Jill Callahan, John Abassian
   Virginia Antonio, Erika Saldana and
7  Kimberly Archie

8              **UNITED STATES BANKRUPTCY COURT**

9               **CENTRAL DISTRICT OF CALIFORNIA**

10                   **LOS ANGELES DIVISION**

11 | In Re                          | CASE NO. 2:20-bk-21022-BR

12 | GIRARDI KEESE                  | [Chapter 7]

13 |              Debtor.           | **LIMITED OPPOSITION OF PETITIONING CREDITORS TO ELISSA D. MILLER, CHAPTER 7 TRUSTEE'S EMERGENCY MOTION FOR ORDER:**

14 |                                |

15 |                                | **(1) APPROVING COMPROMISE WITH FRANTZ LAW GROUP, APLC PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019;**
16 |                                |
17 |                                | **(2) AUTHORIZING THE ASSIGNMENT OF THE ESTATE'S INTERESTS IN THE SOUTHERN CALIFORNIA GAS LEAK LITIGATION**
18 |                                |
19 |                                |
20 |                                | **(3) AUTHORIZING REJECTION OF THE ASSUMPTION AND LIEN AGREEMENT BETWEEN THE DEBTOR AND ABIR COHEN TREYZON SALO LLP PURSUANT TO 11 U.S.C. § 365**
21 |                                |
22 |                                |

23 |                                | **Hearing Date and Time**
                                    DATE: February 2, 2021
24                                  TIME: **10:00 A.M.**
                                    CTRM: "1668"
25                                         255 E. Temple Street
                                           Los Angeles, CA. 90012
26

27 ///
28

1

TO THE HONORABLE BARRY RUSSELL, UNITED STATES BANKRUPTCY JUDGE, ELISSA D. MILLER, CHAPTER 7 TRUSTEE, THE OFFICES OF THE UNITED STATES TRUSTEE, ALL INTERESTED PARTIES AND THEIR ATTORNEYS OF RECORD:

Robert Keese, Jill Callahan, John Abassian, Virginia Antonio, Erika Saldana and Kimberly Archie (collectively "Petitioning Creditors") submit the following Response to Elissa D. Miller, Chapter 7 Trustee (the "Trustee") Emergency Motion For Order: (1) Approving Compromise With Frantz Law Group, APLC Pursuant To Federal Rule Of Bankruptcy Procedure 9019; (2) Authorizing the Assignment Of The Estate's Interests In The Southern California Gas Leak Litigation Free And Clear Of Liens, Claims And Interests Pursuant To 11 U.S.C. § 363; and (3) Authorizing Rejection Of The Assumption And Lien Agreement Between The Debtor And Abir Cohen Treyzon Salo LLP Pursuant To 11 U.S.C. § 365 (the "Motion").

## I. INTRODUCTION

On December 18, 2020, Petitioning Creditors filed Involuntary Petitions against Thomas Girardi ("Girardi") and Girardi Keese ("GK"). On December 24, 2020, Petitioning Creditors filed an Ex Parte Motion with an Application for Order Shortening Time on their Motion to Appoint an Interim Trustee in each case pursuant to 11 U.S.C. 303 (the "Trustee Motions").

On December 30, 2020, prior to the hearing on the Trustee Motions or entry of the Orders for Relief, the Frantz Law Group, APLC ("Frantz") filed a Motion for Relief from Stay (the "Stay Motion"), seeking relief from stay so that: "(i) Frantz, consistent with its ethical obligations under California law, may advise its existing clients in the Southern California Gas Leak Litigation of recent events concerning GK, including the commencement of this involuntary case<u>, that they have the option to terminate their relationships with GK</u>, and that they proceed only with Frantz or with other counsel associated with Frantz in the matter; and (ii) that Frantz, also consistent with California law, may confer with any clients of GK <u>who are not currently co-clients</u> but who wish to terminate their engagements with GK and/or to retain Frantz. In further support of the Stay Motion, Frantz made the following statements/representations:

2

1. <u>Any client of GK that is not already a client of Frantz</u> likewise is entitled to fair representation, and, if she or he approaches Frantz, should be entitled to consider Frantz as counsel. (emphasis added) (Stay Motion, Dkt 31-1, Page 8, ll. 1-2).

2. Any harm to the GK bankruptcy estate (which is likely none) is greatly outweighed by the harm to clients to continue to be saddled with a law firm that completely lacks the means to perform its own ethical and contractual duties. (Stay Motion, Dkt 31-1, Page 8, ll. 3-5).

3. Frantz is not seeking stay relief to collect on a claim Frantz has against GK. Rather, Frantz seeks to discharge its ethical duties to its existing clients and <u>provide assistance to any prospective clients. This is not a circumstance of seeking to obtain possession of property of or from the bankruptcy estate, or exercise control over property of the estate</u>, because any client of GK has the right to terminate the relationship at any time, for any reason, and Frantz explaining that right cannot constitute an act subject to Bankruptcy Code section 362(a)(3). (emphasis added). (Stay Motion, Dkt 31-1, Page 8, ll. 16-21).

The Declaration of James Frantz stated:

A. "8. After filing its first complaint, in December 2015, Girardi Keese ("GK") and Frantz agreed to work together on the Southern California Gas Leak cases. We ultimately agreed to equally pay for marketing costs and case management expense, to devote equal time to the cases, <u>and to jointly share in all attorneys' fees recovered</u>." (emphasis added). (Frantz Declaration, Dkt 31-2, Page 2 of 3, ll. 25 - 28).

B. "9. We also agreed that all clients in the Southern California Gas Leak Litigation represented by either firm in any manner would be jointly represented by the two firms for all purposes." (Frantz Declaration, Dkt 31-2, Page 2 of 3, ll. 25 - 28). In addition to there being absolutely no evidence to support this statement, the statement contradicts the states made in the Stay Motion. (See paragraph 1. above.)

Frantz sought to do exactly what the Trustee has now sued ACTS for allegedly doing and yet, while suing ACTS, the Trustee has entered into a Settlement Agreement with Frantz and assign all of the Estates interest is the Gas Leak Litigation, on an emergency basis, to Frantz, free and clear of all liens.

On January 5, 2021, this Court conducted a hearing on Petitioning Creditors' Trustee Motions. At the conclusion of the hearing, the Court granted the Trustee Motions. Elissa D. Miller was appointed as interim trustee for GK and Jason Rund was appointed interim trustee for Girardi.

On January 13, 2021, after no response was filed to the Involuntary Petitions by either Girardi or GK, the Bankruptcy Court entered Orders for Relief in both the Girardi case and the GK case.

## II. PETITIONING CREDITORS QUESTIONS/CONCERNS REGARDING THE MOTION.

### A. The Settlement Agreement.

In reviewing the Motion and the Settlement Agreement, Petitioning Creditors have questions and concerns regarding some of the terms of the Settlement Agreement and certain items which are not addressed by the Settlement Agreement, which Petitioning Creditors believe should be answered and addressed in a revised Settlement Agreement.

- There is no release of Frantz's purported claims, which arguably leaves the door open for Frantz to reassert those claims after the Proposed Settlement Agreement is approved;
- Did the Trustee review "any" retainer agreements for any of the 8,202 clients to insure that the terms of what was represented in the Motion is accurate?
- The Trustee mentions that she interviewed a number of firms who appeared to have made "low ball" offers. Did the Trustee or her counsel seek out firms with an expertise in Mass Tort Litigation?
- The Settlement provides that fees will be put in a trust fund to be administered by Frantz and within 30 days of receipt of funds, Frantz will circulate the allocations to the Estate and Frantz and Frantz will notify the Trustee of the proposed allocations. There is no mention the form or nature of the notification to be provided to the Trustee.
- Will there be a breakdown by case, including the recovery, the total amount of fees and costs, the net amount and how the 45% to be paid to the Estate was calculated?
- The Trustee must be able to properly determine if the Estate is receiving the correct amounts from each case and be able to evaluate the amount distributed and whether she

should dispute the payment received. If this is already built in, great. If not and given that this is probably the most valuable asset of this Estate, appropriate safeguards should be put in place, especially given Frantz original position that it had the right to contact and sign-up Girardi's client without committing a violation of the automatic stay.

- The assignment of the cases to Frantz will be free and clear of any liens, claims and interests pursuant to 11 U.S.C. § 363(f). There is no language confirming that existing liens against the Debtor's interest in the litigation will attach to the Estate Allocation to the same extent and with same priority as they existed as of the Petition Date;
- Has the Trustee determined what lenders, judgment creditors, etc. have or may have a lien against the proceeds to be received by the Trustee and how much they are owed.
- Unsecured creditors, such as Petitioning Creditors would like to know or have an idea to be able to evaluate what other claims will have to be paid prior to unsecured creditors receiving any distribution.
- There is no provision that any costs Frantz elected or elects to incur, 50% of which would be charged against the Estate Allocation, must be approved by the Trustee, or even be reasonable; and
- With regard to the Debtor's lien referenced in the Motion, has any determination been made or an estimate made as to the amount of the Debtor's lien?
- There are no limitations on whether Frantz assigns all or part of its responsibility for the Southern California Gas Leak Litigation to other counsel, and if it does so, from what portion, if any, of the fees received would that other counsel be entitled to payment;
- The Settlement Agreement should, be amended to provide that any fees which might be owed to any firm which associates with Frantz in this matter as co-counsel are the sole and complete responsibility of Frantz.
- Although it is implied that Frantz is obligated to advance any and all costs postpetition, it should be clarified that Frantz is not entitled to any interest or other charges for the advancement of any costs it may have made or may make.

///
///

B. **Rejection of Any Agreements with ACTS.**

The Motion seeks to reject the Assumption Agreement, alleging that there is no benefit accorded to the Estate under the Assumption Agreement. Again, Petitioning Creditors have some questions/concerns, based on the content of the Motion, including whether the Assumption Agreement is an executory contract.

First, Petitioning Creditors understand that the Assumption Agreement does not apply to any of the Gas Leak Litigation cases.

Second the Motion makes two statements/arguments with regard to the Assumption Agreement being executory. (1) "Assuming it is a valid contract, the Assumption Agreement or any other such agreement is an executory contract." The statement is based on Boris Treyzon's declaration stating that none of the file transfers had occurred due to the Freeze Order.

Petitioning Creditors question whether any client files to be transferred (none of which relate to the Gas Leak Litigation) are property of the Estate. It would appear that they would be property of the client. The Motion appears to exchange its duty that is not owed to ACTS, but to Debtors' clients, namely the return of Clients files for the possibility of a large rejection damages claim.

Third, the Motion states: "The Assumption Agreement also provides for both parties (ACTS and GK) to cooperate in ACTS' efforts to obtain the informed consent of the Debtor's clients in transferring cases to ACTS." Again, wouldn't the files would be property of the client, not the Estate? As such, what is left for ACTS to do or GK to do under the Assumption Agreement? It would appear that the cooperation already took place, so cooperation is not necessary and the Assumption Agreement would not be executory as defined in the Bankruptcy Code and applicable case law.

To the extent the Assumption Agreement is determined to be executory, Petitioning Creditors would seek to know the following:

- Was any analysis conducted to determine if there would be a claim for rejection damages
- Whether rejection might burden the estate financially (not just in the amount of the claim, but costs of what no doubt will be this Trustee's objection to any claim filed by ACTS).

Next, Petitioning Creditors recall that in the Motion for TRO and Preliminary Injunction, the Trustee states unequivocally that the Assumption Agreement is NOT a valid contract and that she intended to file an adversary action to deem it invalid/void. If that's the case, why reject the Assumption Agreement at this time. Are are both actions necessary?

## III. CONCLUSION.

Petitioning Creditors filed the Involuntary Petitions because it became clear that GK and Girardi had forgotten or were ignoring their fiduciary obligations to their clients. It was and remains the hope of Petitioning Creditors that this bankruptcy case and the Trustee and professionals she choses to hire, will understand the magnitude of this case, the damage that has already been done by GK and Girardi and the amount of money owed to secured and unsecured creditors, who have done nothing wrong, other than placing their trust in GK and Girardi to act in their best interests.

Petitioning Creditors were not just "let down", they are not just "disappointed". Petitioning Creditors and MANY other creditors of this Estate and the Estate of Girardi are angry. Many of the creditors are people, including children who were injured as a result of the negligence or malfeasance of third parties. Many of them obtained substantial awards from a court and or jury and many of these awards were sent to debtors to distribute to these creditors, only to have debtors fail to disburse these monies and instead use the money for their own personal use and enjoyment, Girardi's wife's personal use and enjoyment or to pay other debts. Petitioning Creditors and other creditors who are currently seeking to join them intend to be vigilant in monitoring this case and Girardi's Chapter 7. The actions taken, the recoveries by the Estate, including any discounts, etc. given, the professionals hired along with their billing rates and ultimately the fees being incurred.

This is **not** meant to be any sort of threat or warning. This is intended to emphasize (or reemphasize) to the Trustee and her professionals not only the amount of monies owed to creditors, but perhaps more importantly, the pain and suffering that so many of these creditors have sustained to date (both physically and emotionally), the level of distrust so many have in

///

1 | the legal system in general and the absolute importance of everyone working for the benefit of
2 | the creditors and maximize payment on their claims.

3 | DATED: January 29, 2021

Respectfully submitted,

GOODMAN LAW OFFICES,
A Professional Corporation

By: /s/ ANDREW GOODMAN
ANDREW GOODMAN
Attorneys for Petitioning Creditors

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

GOODMAN LAW OFFICES, A PROFESSIONAL CORPORATION, 30070 Russell Ranch Road, Suite 250, Westlake Village, California 91362

A true and correct copy of the foregoing document entitled (*specify*): <u>Limited Opposition of Petitioning Ceditors to Elissa D. Miller, Chapter 7 Trustee's Emergency Motion For Order: (1) Approving Compromise with Frantz Law Group; (2) Authorizing Assignment of Estate's Interest In So Cal Gas Leak Litigation; and (3) Rejecting Assumption and Lien Agreement between Debtor and ACTS</u>
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 01/29/2021, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☑ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 01/29/2021, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☑ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (state method for each person or entity served)**: Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 01/29/2021 | Andrew Goodman | /s/ ANDREW GOODMAN |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012     **F 9013-3.1.PROOF.SERVICE**

## 2:20-bk-21020-BR Notice will be electronically mailed to:

Richard D Buckley on behalf of Interested Party L.A. Arena Funding, LLC:richard.buckley@arentfox.com

Marie E Christiansen on behalf of Creditor KCC Class Action Services, LLC : mchristiansen@vedderprice.com, ecfladocket@vedderprice.com,marie-christiansen-4166@ecf.pacerpro.com

Jennifer Witherell Crastz on behalf of Creditor Wells Fargo Vendor Financial Services, Inc.: jcrastz@hrhlaw.com

Ashleigh A Danker on behalf of Interested Party Courtesy NEF: Ashleigh.danker@dinsmore.com, SDCMLFiles@DINSMORE.COM;Katrice.ortiz@dinsmore.com

Clifford S Davidson on behalf of Creditor California Attorney Lending II, Inc.: csdavidson@swlaw.com, jlanglois@swlaw.com;cliff-davidson-7586@ecf.pacerpro.com

Lei Lei Wang Ekvall on behalf of Interested Party Courtesy NEF: lekvall@swelawfirm.com, lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com

Richard W Esterkin on behalf of Interested Party Courtesy NEF: richard.esterkin@morganlewis.com

Timothy W Evanston on behalf of Interested Party Courtesy NEF: tevanston@swelawfirm.com, gcruz@swelawfirm.com; lgarrett@swelawfirm.com;jchung@swelawfirm.com

Eric D Goldberg on behalf of Creditor Stillwell Madison, LLC: eric.goldberg@dlapiper.com, eric-goldberg-1103@ecf.pacerpro.com

Andrew Goodman on behalf of Attorney William F Savino; agoodman@andyglaw.com, Goodman.AndrewR102467@notify.bestcase.com

Andrew Goodman on behalf of Petitioning Creditor Erika Saldana: agoodman@andyglaw.com, Goodman.AndrewR102467@notify.bestcase.com

Andrew Goodman on behalf of Petitioning Creditor Jill O'Callahan: agoodman@andyglaw.com, Goodman.AndrewR102467@notify.bestcase.com

Andrew Goodman on behalf of Petitioning Creditor John Abassian: agoodman@andyglaw.com, Goodman.AndrewR102467@notify.bestcase.com

Andrew Goodman on behalf of Petitioning Creditor Kimberly Archie: agoodman@andyglaw.com, Goodman.AndrewR102467@notify.bestcase.com

Andrew Goodman on behalf of Petitioning Creditor Robert M. Keese: agoodman@andyglaw.com, Goodman.AndrewR102467@notify.bestcase.com

Andrew Goodman on behalf of Petitioning Creditor Virginia Antonio: agoodman@andyglaw.com, Goodman.AndrewR102467@notify.bestcase.com

M. Jonathan Hayes on behalf of Interested Party Courtesy NEF: jhayes@rhmfirm.com, roksana@rhmfirm.com;matt@rhmfirm.com;janita@rhmfirm.com;susie@rhmfirm.com;priscilla@rhmfir

m.com;pardis@rhmfirm.com;russ@rhmfirm.com;rebeca@rhmfirm.com;david@rhmfirm.com;sloan@rhmfirm.com

Marshall J Hogan on behalf of Creditor California Attorney Lending II, Inc.: mhogan@swlaw.com, knestuk@swlaw.com

Razmig Izakelian on behalf of Creditor Frantz Law Group, APLC: razmigizakelian@quinnemanuel.com

Lewis R Landau on behalf of Interested Party Courtesy NEF: Lew@Landaunet.com

Peter J Mastan on behalf of Interested Party Courtesy NEF: peter.mastan@dinsmore.com, SDCMLFiles@dinsmore.com;Katrice.ortiz@dinsmore.com

Edith R Matthai on behalf of Interested Party Courtesy NEF: ematthai@romalaw.com

Elissa Miller on behalf of Interested Party Courtesy NEF: emiller@sulmeyerlaw.com, emillersk@ecf.inforuptcy.com;ccaldwell@sulmeyerlaw.com

Eric A Mitnick on behalf of Interested Party Courtesy NEF: MitnickLaw@aol.com, mitnicklaw@gmail.com

Scott H Olson on behalf of Creditor KCC Class Action Services, LLC: solson@vedderprice.com, scott-olson-2161@ecf.pacerpro.com,ecfsfdocket@vedderprice.com,nortega@vedderprice.com

Aram Ordubegian on behalf of Interested Party Courtesy NEF: ordubegian.aram@arentfox.com

Carmela Pagay on behalf of Trustee Jason M Rund (TR): ctp@lnbyb.com

Leonard Pena on behalf of Interested Party Robert Girardi: lpena@penalaw.com, penasomaecf@gmail.com;penalr72746@notify.bestcase.com

Michael J Quinn on behalf of Creditor KCC Class Action Services, LLC: mquinn@vedderprice.com, ecfladocket@vedderprice.com,michael-quinn-2870@ecf.pacerpro.com

Matthew D. Resnik on behalf of Interested Party Courtesy NEF: matt@rhmfirm.com, roksana@rhmfirm.com;janita@rhmfirm.com;susie@rhmfirm.com;max@rhmfirm.com;priscilla@rhmfirm.com;pardis@rhmfirm.com;russ@rhmfirm.com;rebeca@rhmfirm.com;david@rhmfirm.com;sloan@rhmfirm.com

Ronald N Richards on behalf of Interested Party Courtesy NEF: ron@ronaldrichards.com, morani@ronaldrichards.com,justin@ronaldrichards.com

Jason M Rund (TR): trustee@srlawyers.com, jrund@ecf.axosfs.com

Gary A Starre on behalf of Interested Party Gary A Starre: gastarre@gmail.com, mmoonniiee@gmail.com

Philip E Strok on behalf of Interested Party Courtesy NEF: pstrok@swelawfirm.com, gcruz@swelawfirm.com;1garrett@swelawfirm.com;jchung@swelawfirm.com

United States Trustee (LA): ustpregion16.la.ecf@usdoj.gov

Christopher K.S. Wong on behalf of Interested Party L.A. Arena Funding, LLC:
christopher.wong@arentfox.com, yvonne.li@arentfox.com

Timothy J Yoo on behalf of Interested Party Courtesy NEF: tjy@lnbyb.com

Timothy J Yoo on behalf of Trustee Jason M Rund (TR): tjy@lnbyb.com

Andrew W. Zepeda azepeda@lurie-zepeda.com

## 2:20-bk-21020-BR Notice will not be electronically mailed to:

James Finsten on behalf of Interested Party Courtesy NEF
Lurie, Zepeda, Schmalz, Hogan & Martin
1875 Century Park E Ste 2100
Los Angeles, CA 90067

Thomas Vincent Girardi
1126 Wilshire Boulevard
Los Angeles, CA 90017

William Savino on behalf of Creditor California Attorney Lending II, Inc.
1900 Main Pl Tower
Buffalo, NY

Eric Bryan Seuthe on behalf of Creditor Judy Selberg
Law Offices of Eric Bryan Seuthe & Assoc
10990 Wilshire Blvd Ste 1420.
Los Angeles, CA 90024

Rafey Balabanian
Edelson PC
123 Townsend St Ste 100
San Francisco, CA 94107