**SMILEY WANG-EKVALL, LLP**
Lei Lei Wang Ekvall, State Bar No. 163047
*lekvall@swelawfirm.com*
Philip E. Strok, State Bar No. 169296
*pstrok@swelawfirm.com*
Timothy W. Evanston, State Bar No. 319342
*tevanston@swelawfirm.com*
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Telephone:   714 445-1000
Facsimile:    714 445-1002

Attorneys for Elissa D. Miller, Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>GIRARDI KEESE,<br><br>   Debtor. | Case No. 2:20-bk-21022-BR<br><br>Chapter 7<br><br>**OPPOSITION TO MOTION FOR ORDER APPOINTING ROBERT GIRARDI AS DEBTOR'S GUARDIAN AD LITEM; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Date:   February 16, 2021<br>Time:   2:00 p.m.<br>Ctrm.:   1668 via ZoomGov<br>            255 E. Temple Street<br>            Los Angeles, CA 90012<br><br>Web Address:<br>https://cacb.zoomgov.com/j/1604415586<br>Meeting ID:   1604415586<br>Password:     123456<br>Telephone:    (669) 254 5252 (San Jose)<br>                     (646) 828 7666 (New York) |

2853511.2                                  1                              OPPOSITION

**TO THE HONORABLE BARRY RUSSELL, UNITED STATES BANKRUPTCY JUDGE:**

Elissa D. Miller, the chapter 7 trustee (the "Trustee") for the bankruptcy estate of Girardi Keese (the "Estate"), submits this opposition ("Opposition") to Robert Girardi's ("Movant") Motion for Order Appointing Robert Girardi as Debtor's Guardian Ad Litem (the "Motion"). In support of the Opposition, the Trustee submits the following memorandum of points and authorities.

## I.   INTRODUCTION

The Court should deny Movant's Motion for several reasons. First and foremost, there is no authority in the Bankruptcy Code or Federal Rules of Bankruptcy Procedure ("FRBP") to authorize the appointment of a guardian ad litem for Girardi Keese (the "Debtor"). Unlike an individual, the Debtor is an entity and, therefore, not subject to the appointment of a guardian ad litem. Movant also fails to offer any legal basis for his request to be guardian ad litem for the Debtor and only alleges that Thomas Girardi— who is not a debtor in this case—is incompetent. Finally, appointment of a guardian ad litem is unnecessary. The Trustee has already been appointed and Movant would not serve any different role or add any benefit to the process, especially since the Order for Relief has already been entered. The Motion is entirely devoid of any evidence that Movant has any relationship with the Debtor or knowledge of its operations. Accordingly, the Court should deny the Motion.

## II.   FACTUAL BACKGROUND

The Debtor is a plaintiff's law firm based in Los Angeles, California. On December 18, 2020, petitioning creditors Jill O'Callahan, as successor in interest to James O'Callahan, Robert M. Keese, John Abassian, Erika Saldana, Virginia Antonio, and Kimberly Archie (collectively, the "Petitioning Creditors") filed an involuntary chapter 7

bankruptcy petition against the Debtor.[1]  On December 24, 2020, the Petitioning Creditors filed a *Motion for Appointment of Interim Trustee Pursuant to 11 U.S.C. § 303(g)* [Docket No. 12].  The Court entered an order granting the motion on January 5, 2021 [Docket No. 45].  On January 6, 2021, the Trustee was appointed as the interim trustee [Docket No. 50].

On January 13, 2021, the Court entered an *Order Directing: (1) The Clerk of Court to Immediately Enter an Order for Relief under Chapter 7; (2) The United States Trustee to Immediately Appoint a Chapter 7 Trustee; (3) The Debtor to File All Schedules and Related Documentation for Chapter 7 Case within Fourteen Days of the Entry of this Order; and (4) Vacating February 16, 2021 Status Conference* [Docket No. 68].  On January 13, 2021, the Clerk of Court entered an order for relief against the Debtor [Docket No. 69], and the Trustee was appointed and accepted her appointment in the Debtor's case [Docket No. 71].

On January 13, 2021, Movant filed the Motion [Docket No. 67] requesting that the Court enter an order: (1) appointing him as guardian ad litem for the Debtor; and (2) extending the time to file a responsive pleading to the involuntary petition filed against the Debtor.  On January 13, 2021, the Court entered an order denying Movant's request for an extension of time to file a responsive pleading, and set a hearing on the Motion [Docket No. 75].

### III.    MEMORANDUM OF POINTS AND AUTHORITIES

#### A.    A Guardian Ad Litem Cannot Be Appointed for An Entity Under FRBP 1004.1

FRBP 1004.1 does not authorize the appointment of a guardian ad litem for an entity.  Specifically, FRBP 1004.1 provides:

> If an infant or incompetent person has a representative, including a general guardian, committee, conservator, or similar fiduciary, the representative

---

[1] The Petitioning Creditors also filed an involuntary chapter 7 bankruptcy petition against Thomas V. Girardi, which is currently pending as Bankruptcy Case No. 2:20-bk-21020-BR.

> may file a voluntary petition on behalf of the infant or incompetent person. An infant or incompetent person who does not have a duly appointed representative may file a voluntary petition by next friend or guardian ad litem. The court shall appoint a guardian ad litem for an infant or ***incompetent person who is a debtor*** and is not otherwise represented or shall make any other order to protect the infant or incompetent debtor.

*See* FRBP 1004.1 (emphasis added).

To appoint a guardian ad litem for a debtor, the debtor must be either an infant or incompetent. *See* FRBP 1004.1. An entity cannot be incompetent. Both the FRBP and Bankruptcy Code do not define the term "incompetency." *See In re Maes*, 616 B.R. 784, 797 (Bankr. D. Colo. 2020) ("[N]either the Bankruptcy Code nor the Federal Rules of Bankruptcy Procedure define the term 'incompetency.'"). Because "incompetency" is not defined under the FRBP or the Bankruptcy Code, some courts have looked to state law for guidance. *See id.*

Under California law, "'a party is incompetent if he or she lacks the capacity to understand the nature or consequences of the proceeding, or is unable to assist counsel in the preparation of a case.'" *AT&T Mobility, LLC v. Yeager*, 143 F. Supp. 3d 1042, 1050 (E.D. Cal. 2015). From this definition, it is clear an entity cannot be incompetent; an entity cannot be a "he" or "she," nor can an entity "understand" or "assist" with preparation of a case. For these reasons, it is clear that a guardian ad litem cannot be appointed for the Debtor.

Additional case law further supports this understanding. FRBP 1004.1 is based on Federal Rule of Civil Procedure ("FRCP") 17(c).[2] *See In re Lane*, 2012 WL 5296122 at *1 (Bankr. D. Or. 2012) ("Rule 1004.1 is patterned after Fed. R. Civ. P. 17(c), which applies to adversary proceedings pursuant to Fed. R. Bankr. P. 7017."). In a concurring opinion from the Ninth Circuit discussing FRCP 17(c), Judge N.R. Smith explained that the text of FRCP 17(c) applies only to humans and not "'incompetent' corporations or animals." *See Naruto v. Slater*, 888 F.3d 418, 431 (9th Cir. 2018) (Smith, J., concurring).

---

[2] Under FRBP 17(c), "[t]he following representatives may sue or defend on behalf of a minor or incompetent person: (A) a general guardian; (B) a committee; (C) a conservator; or (D) a like fiduciary."

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

1 Judge Smith reasoned that because FRCP 17(b) expressly governs corporate capacity,
2 Rule 17(c) did not apply to entities. *See id.* (explaining that "[t]his separate enumeration
3 of rules for non-human entities, Rule 17(b), is a clear textual indication that the use of the
4 term 'person' in Rule 17(c) *does not include non-human entities such as corporations* or
5 animals.") (emphasis added). In short, because the Debtor is an entity, FRBP 1004.1
6 does not authorize the appointment of a guardian ad litem in this case.

### B. The Motion is Devoid of Any Applicable Legal Support

8 Movant fails to offer any applicable legal authority in support of his request that the
9 Court appoint him as guardian ad litem for the Debtor. In the Motion, Movant relies solely
10 on FRBP 1004.1. As explained above, FRBP 1004.1 does not authorize the Court to
11 appoint a guardian ad litem for an entity. Moreover, Movant only asserts that Thomas
12 Girardi is incompetent and unable to understand the repercussions of the bankruptcy
13 proceeding. But Thomas Girardi is not a debtor in this case. An involuntary bankruptcy
14 proceeding is currently pending against Thomas Girardi individually in this Court. *See*
15 Bankruptcy Case No. 2:20-bk-21020-BR. FRBP 1004.1 plainly states that a court may
16 appoint a guardian ad litem for an "incompetent person who is a debtor." It does not
17 authorize a court to appoint a guardian ad litem for an allegedly incompetent person that
18 managed the debtor. Movant's request to be appointed as guardian ad litem improperly
19 expands the scope of FRBP 1004.1—a request he offers no legal basis for.

### C. A Guardian Ad Litem Is Unnecessary for the Debtor

21 There is no need to appoint a guardian ad litem for the Debtor. FRBP 1004.1
22 authorizes the Court to appoint a guardian ad litem to "protect" the Debtor. Here, the
23 Trustee has already been appointed to maximize assets for the benefit of the Estate and
24 its creditors. The Trustee has been diligently working to identify assets of the Estate to
25 administer for the benefit of creditors. Movant will likely not be able to do anything that
26 the Trustee cannot already do and has done. In fact, there is no evidence before this
27 Court that Movant has any relationship with the Debtor or knowledge and familiarity with
28 its operations that might arguably be of some benefit. Moreover, any work done by

Movant and any professionals he retains would likely be duplicative of the Trustee's efforts. Thus, appointing Movant as guardian ad litem for the Debtor is unnecessary.

## IV. CONCLUSION

For the foregoing reasons, the Trustee respectfully requests that the Court enter an order denying the Motion.

DATED: February 2, 2021

Respectfully submitted,

SMILEY WANG-EKVALL, LLP

By: _/s/ Lei Lei Wang Ekvall_
LEI LEI WANG EKVALL
Attorneys for Elissa D. Miller, Chapter 7 Trustee

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 3200 Park Center Drive, Suite 250, Costa Mesa, CA 92626.

A true and correct copy of the foregoing document entitled (*specify*): **OPPOSITION TO MOTION FOR ORDER APPOINTING ROBERT GIRARDI AS DEBTOR'S GUARDIAN AD LITEM; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) February 2, 2021  I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page.

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) February 2, 2021 , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

The Honorable Barry Russell
U.S. Bankruptcy Court
Roybal Federal Building
255 E. Temple Street, Suite 1660
Los Angeles, CA 90012

☐ Service information continued on attached page.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| February 2, 2021 | Gabriela Gomez-Cruz | */s/ Gabriela Gomez-Cruz* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                                **F 9013-3.1.PROOF.SERVICE**

**ADDITIONAL SERVICE INFORMATION (if needed):**

1. **SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**

- Richard D Buckley    richard.buckley@arentfox.com
- Marie E Christiansen    mchristiansen@vedderprice.com, ecfladocket@vedderprice.com,marie-christiansen-4166@ecf.pacerpro.com
- Jennifer Witherell Crastz    jcrastz@hrhlaw.com
- Ashleigh A Danker    Ashleigh.danker@dinsmore.com, SDCMLFiles@DINSMORE.COM;Katrice.ortiz@dinsmore.com
- Clifford S Davidson    csdavidson@swlaw.com, jlanglois@swlaw.com;cliff-davidson-7586@ecf.pacerpro.com
- Lei Lei Wang Ekvall    lekvall@swelawfirm.com, lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com
- Richard W Esterkin    richard.esterkin@morganlewis.com
- Timothy W Evanston    tevanston@swelawfirm.com, gcruz@swelawfirm.com;lgarrett@swelawfirm.com;jchung@swelawfirm.com
- Eric D Goldberg    eric.goldberg@dlapiper.com, eric-goldberg-1103@ecf.pacerpro.com
- Andrew Goodman    agoodman@andyglaw.com, Goodman.AndrewR102467@notify.bestcase.com
- Steven T Gubner    sgubner@bg.law, ecf@bg.law
- Marshall J Hogan    mhogan@swlaw.com, knestuk@swlaw.com
- Razmig Izakelian    razmigizakelian@quinnemanuel.com
- Lewis R Landau    Lew@Landaunet.com
- Daniel A Lev    dlev@sulmeyerlaw.com, ccaldwell@sulmeyerlaw.com;dlev@ecf.inforuptcy.com
- Peter J Mastan    peter.mastan@dinsmore.com, SDCMLFiles@dinsmore.com;Katrice.ortiz@dinsmore.com
- Edith R Matthai    ematthai@romalaw.com
- Kenneth Miller    kmiller@pmcos.com, efilings@pmcos.com
- Elissa Miller (TR)    CA71@ecfcbis.com, MillerTrustee@Sulmeyerlaw.com;C124@ecfcbis.com;ccaldwell@sulmeyerlaw.com
- Eric A Mitnick    MitnickLaw@aol.com, mitnicklaw@gmail.com
- Scott H Olson    solson@vedderprice.com, scott-olson-2161@ecf.pacerpro.com,ecfsfdocket@vedderprice.com,nortega@vedderprice.com
- Leonard Pena    lpena@penalaw.com, penasomaecf@gmail.com;penalr72746@notify.bestcase.com
- Michael J Quinn    mquinn@vedderprice.com, ecfladocket@vedderprice.com,michael-quinn-2870@ecf.pacerpro.com
- Ronald N Richards    ron@ronaldrichards.com, morani@ronaldrichards.com,justin@ronaldrichards.com
- Philip E Strok    pstrok@swelawfirm.com, gcruz@swelawfirm.com;1garrett@swelawfirm.com;jchung@swelawfirm.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Eric D Winston    ericwinston@quinnemanuel.com
- Christopher K.S. Wong    christopher.wong@arentfox.com, yvonne.li@arentfox.com
- Timothy J Yoo    tjy@lnbyb.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9013-3.1.PROOF.SERVICE**