Shawn Azizzadeh, Esq. CSB No. 227558
Michelle C. Balady, Esq. CSB No. 316525
BEDFORD LAW GROUP,
A PROFESSIONAL LAW CORPORATION
1875 Century Park East, Suite 1790
Los Angeles, CA  90067
Telephone: (310) 507-7900
Facsimile: (310) 507-7910

Attorneys for Plaintiff,
Bedford Law Group, A PC

<div style="writing-mode: vertical">BEDFORD LAW GROUP, A PC
1875 CENTURY PARK EAST, SUITE 1790
LOS ANGELES, CA  90067</div>

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>GIRARDI KEESE a/k/a GIRARDI & KEESE,<br><br>Debtor. | CASE NO. 2:20-bk-21022-sk<br><br>[Chapter 7]<br><br>Assigned for all purposes to<br>Honorable Barry Russell<br><br>Dept. 1668<br><br>**DECLARATION OF SHAWN AZIZZADEH IN SUPPORT OF MOTION TO LIFT AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d)(1)**<br><br>Date: March 9, 2021<br>Time: 10:00 a.m.<br>Location: zoomgov.com<br>Meeting ID: 161 440 0097<br>Password: 123456 |

///

///

///

**DECLARATION OF SHAWN AZIZZADEH IN SUPPORT OF MOTION TO LIFT AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d)(1)**

1

BEDFORD LAW GROUP, A PC
1875 CENTURY PARK EAST, SUITE 1790
LOS ANGELES, CA 90067

## DECLARATION OF SHAWN B. AZIZZADEH

2    1.        I am an attorney at law duly licensed to practice before all of the courts of the State of

3    California. I am the owner of Bedford Law Group, APC, Movant in the above captioned case. I have

4    personal knowledge of the facts hereinafter set forth and if called as a witness, I could and would

5    competently testify hereto. I make this Declaration in support of Movant's Motion to Lift the

6    Automatic Stay Pursuant To 11 U.S.C. § 362(d)(1).

7    2.        Movant, Bedford Law Group, A PC filed an action in California Superior Court for

8    the County of Los Angeles, Central Division, against Defendant, Thomas V. Girardi and his law

9    firm, Girardi Keese Lawyers, in addition to eleven (11) other Defendants on August 31, 2020 for

10   Breach of Contract and derivative actions thereto. Subsequently, Girardi Keese Lawyers filed for

11   bankruptcy. Neither Thomas V. Girardi, nor the eleven (11) other Defendants in the state court

12   action have filed for bankruptcy.

13   3.   Attached hereto as **Exhibit 1** is a true and correct copy of the Complaint file against Thomas

14   V. Girardi, Girardi Keese Lawyers, and 11 (eleven) other Defendants.

15   4.        Movant alleges several causes of action including, (1) Breach of Contract, (2)

16   Intentional Interference with Contractual Relations, (3) Negligent Interference with Prospective

17   Economic Relations, (4) Breach of Duty of Good Faith and Fair Dealing, (5) Violation of California

18   Business Code § 17200 et seq.; and (6) Declaratory Relief. Notably, causes of action two (2)

19   Intentional Interference with Contractual Relations and three (3) Negligent Interference with

20   Prospective Economic Relations, are not made against Thomas V. Girardi or Girardi Keese

21   Lawyers.

22   5.   Movant alleges that Bedford Law Group, A PC and Thomas V. Girardi agreed to co-counsel

23   on a civil case wherein Bedford Law Group, A PC, would receive twenty-five percent of any

24   attorney's fees recovered. Bedford Law Group, A PC agreed to the fee split and Thomas V. Girardi

25   confirmed the agreement in writing on April 14, 2016. Attached herein as **Exhibit 2** is a true and

26   correct copy of correspondence from Thomas V. Girardi to Bedford Law Group A PC agreeing to

27   a 25% fee split on April 14, 2016.

28   ///

**DECLARATION OF SHAWN AZIZZADEH IN SUPPORT OF MOTION TO LIFT AUTOMATIC STAY
PURSUANT TO 11 U.S.C. § 362(d)(1)**

6. On or about May 28, 2019, Girardi Keese Lawyers informed Bedford Law Group, A PC, that the case had settled in the amount of $934,300.00. Attached herein as **Exhibit 3** is a true and correct copy of Girardi and Keese Lawyers correspondence to Bedford Law Group, A PC confirming the underlying case settled in the amount of $934,300.00.

7. Bedford Law Group, A PC made a demand for twenty-five percent of the attorney's fees recovered. Girardi Keese Lawyers responded that, "Mr. Girardi's offer to provide you with a 25% fee was withdrawn . . ." In anticipation of Girardi Keese Lawyers' breach of contract, Bedford Law Group, A PC, filed a Notice of Lien with the State Court on June 22, 2017 and Girardi Keese Lawyers of the same. Movant contends that Girardi Keese Lawyers willfully withheld information regarding Bedford Law Group, A PC's lien on the case from paying insurance companies. Movant further alleges that all the settlement funds received in the underlying case have been paid and disbursed to the medical providers, the underlying plaintiff, and Girardi Keese Lawyers.

8. Movant alleges that Thomas V. Girardi and Girardi Keese Lawyers directed the paying insurance companies to omit Bedford Law Group, A PC from the settlement checks in exchange for an indemnification agreement.  The paying insurance companies did, in fact, omit Bedford Law Group, A PC from the settlement checks in exchange for an indemnification agreement. To date, Girardi Keese Lawyers refuse to provide Bedford Law Group, A PC with twenty-five percent of the attorney's fees in the case.

9. Movant alleges that Girardi V. Thomas and Girardi Keese Lawyers' conduct was an intentional and malicious component of a larger scheme to withhold payment from Movant, Bedford law Group, A PC and other similarly situated beneficiaries seeking payment of agreed upon attorney's fees and/or liens.

10. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing in true and correct. Executed on the 4th day of January, 2021 in Los Angeles, California.

_____

Shawn Azizzadeh, Esq.

**DECLARATION OF SHAWN AZIZZADEH IN SUPPORT OF MOTION TO LIFT AUTOMATIC STAY
PURSUANT TO 11 U.S.C. § 362(d)(1)**

BEDFORD LAW GROUP, A PC
1875 CENTURY PARK EAST, SUITE 1790
LOS ANGELES, CA 90067

# EXHIBIT 1

Shawn Azizzadeh, Esq. CSB No. 227558
Michelle Balady, Esq. CSB No. 316525
BEDFORD LAW GROUP,
A PROFESSIONAL LAW CORPORATION
1875 Century Park East, Suite 1790
Los Angeles, CA 90067
Telephone: (310) 507-7900
Facsimile: (310) 507-7910

Attorneys for Plaintiffs,
Shawn Azizzadeh and Bedford Law Group, PC

**FILED**
Superior Court of California
County of Los Angeles

**10/21/2020**

Sherri R. Carter, Executive Officer / Clerk of Court

By: _____A. Flores_____ Deputy

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# FOR THE COUNTY OF LOS ANGELES – CENTRAL DISTRICT

| | |
|---|---|
| SHAWN AZIZZADEH and BEDFORD LAW GROUP P.C.,<br><br>                                        Plaintiffs,<br><br>                    vs.<br><br>GIRARDI KEESE LAWYERS; THOMAS V. GIRARDI; TYSON AND MENDES LLP; HINSHAW & CULBERTSON LLP; FARMER CASE & FEDOR; JAMES RIVER INSURANCE COMPANY; INFINITY PROPERTY & CASUALTY CORPORATION; UBER TECHNOLOGIES, INC.; RASIER, LLC, RASIER-CAL, LLC; NELGAR J. CARRERA; JOE E. NOWOTNY; FELIX ARGUELLES; and DOES 1 through 50 inclusive,<br><br>                    Defendant(s). | Case No.: 20STCV33498<br><br>**FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>1) **BREACH OF CONTRACT**<br>2) **INTENTIONAL INTERFERENCE WITH CONTRACTUAL RELATIONS**<br>3) **NEGLIGENT INTERFERENCE WITH PROSPECTIVE ECONOMIC RELATIONS**<br>4) **BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING**<br>5) **VIOLATION OF CAL. BUS. & PROF. CODE § 17200** *et seq;* **AND**<br>6) **DECLARATORY RELIEF**<br>7) **ACCOUNTING**<br>8) **QUANTUM MERUIT** |

        COMES NOW, Plaintiffs, Shawn Azizzadeh and Bedford Law Group, P.C. (hereinafter "Plaintiffs") with complaints against the above-named Defendants and for causes of action against Defendants, and each of them as follows:

Electronically Received 10/21/2020 12:02 PM

BEDFORD LAW GROUP, A PC
1875 CENTURY PARK EAST, SUITE 1790
LOS ANGELES, CA 90067

**INTRODUCTION**

1.   Plaintiffs, Shawn Azizzadeh, Esq. and Bedford Law Group P.C. entered into a verbal and written agreement with Thomas G. Girardi and Girardi Keese Lawyers on April 14, 2016 for twenty-five percent of the attorney's fees recovered in a civil case entitled *Christina Fulton v. Uber Technologies, Inc., et al.*; LASC Case No.: BC614754. Upon settlement, Defendants, Tom V. Girardi and Girardi Keese Lawyers fraudulently, unlawfully, unfairly, and in bad faith refused to tender twenty-five percent of the attorney's fees recovered. Defendants, Tyson And Mendes LLP; Hinshaw & Culbertson LLP; Farmer Case & Fedor; James River Insurance Company, and Infinity Property & Casualty Corporation, fraudulently, unlawfully, unfairly, and in bad faith refused to include Plaintiffs, Shawn Azizzadeh and Bedford Law Group, P.C., on the settlement check prior to tendering it to Tom V. Girardi and Girardi Keese Lawyers.

**THE PARTIES**

2.   At all times mentioned herein, Plaintiff, Shawn Azizzadeh, (hereinafter "Mr. Azizzadeh") was and is an attorney licensed to practice in California and residing in Los Angeles, California. Mr. Azizzadeh was and currently is the owner, director and manager of Bedford Law Group, P.C.

3.   At all times mentioned herein, Plaintiff, Bedford Law Group, P.C. was, and is, a corporation and law firm duly organized and licensed to do business in, and doing business in the County of Los Angeles and the State of California.

4.   At all times mentioned herein, Defendant, Girardi Keese Lawyers was, and is, a corporation and law firm duly organized and licensed to do business in, and doing business in the County of Los Angeles and the State of California.

5.   At all times mentioned herein, Defendant, Thomas V. Girardi was and is an attorney licensed to practice in California and resides in Los Angeles, California. Mr. Girardi was and currently is an owner, director and manager of Girardi Keese Lawyers.

6.   At all times mentioned herein, Defendant, Nelgar J. Carrera was, and is, an individual residing in Los Angeles, California.

7.   At all times mentioned herein, Defendant, Felix Arguelles was, and is, an individual residing in Los Angeles, California.

**FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

8.  At all times mentioned herein, Defendant, Jose E. Nowotny was, and is, an individual residing in Los Angeles, California.

9.  At all times mentioned herein, Defendant, Tyson And Mendes LLP was, and is, a corporation and law firm duly organized and licensed to do business in and doing business in the County of Los Angeles and the State of California.

10. At all times mentioned herein, Defendant, Hinshaw & Culbertson LLP was, and is, a corporation and law firm duly organized and licensed to do business in and doing business in the County of Los Angeles and the State of California.

11. At all times mentioned herein, Defendant, Farmer Case & Fedor was, and is, a corporation and law firm duly organized and licensed to do business in and doing business in the County of Los Angeles and the State of California.

12. At all times mentioned herein, Defendant, Uber Technologies, Inc. was and is a corporation doing business in Los Angeles, California.

13. At all times mentioned herein, Defendant, Rasier, LLC was and is a California Corporation duly organized under the laws of the State of California.

14. At all times mentioned herein, Defendant, Raiser-Cal, LLC was and is a California Corporation duly organized under the laws of the State of California.

15. At all times mentioned herein, Defendant, James River Insurance was and is a California Corporation duly organized under the laws of the State of California.

16. At all times mentioned herein, Defendant, Infinity Property & Casualty Corporation was and is a California Corporation duly organized under the laws of the State of California.

17. Plaintiff is ignorant of the true names and capacities, whether corporate, associate, successor, alter ego, general employer, special employer, joint employer, client employer, labor contractor, individual or otherwise, of Defendants sued herein as DOES 1 – 50, Inclusive, and therefore sues said Defendants, and each of them, by such fictitious names. Plaintiff will seek leave of court to amend this Complaint to assert the true names and capacities of the fictitiously named Defendants when the same have been ascertained. Plaintiff is informed and believes, and thereon alleges, that each Defendant designated as "DOES" herein is legally responsible for the

**FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

1  events, happenings, acts, occurrences, indebtedness, damages and liabilities hereinafter alleged

2  and caused injuries and damages proximately therapy to the Plaintiffs, hereinafter alleged.

3  **FACTUAL BACKGROUND**

4  18. On January 7, 2016, Christina Fulton contacted Bedford Law Group regarding a motor

5  vehicle incident she was involved in that occurred on January 5, 2016. That same day, Christina

6  Fulton entered into an agreement with Bedford Law Group, P.C. to represent her in a lawsuit

7  arising from and pertaining to the damages incurred while riding as a passenger in an Uber

8  vehicle during a motor vehicle incident.

9  19. Christina Fulton signed and dated a retainer agreement, wherein Bedford Law Group

10  agreed to represent Christina Fulton in her civil lawsuit against Uber Technologies, Inc. et al.

11  20. Bedford Law Group, P.C. immediately began obtaining medical records on Ms. Fulton's

12  behalf and submitting letters of representation.

13  21. After Shawn Azizzadeh and Bedford Law Group, P.C. had performed significant

14  investigation and work on the case, Defendant, Thomas V. Girardi advised Shawn Azizzadeh of

15  Bedford Law Group, P.C. that Girardi Keese Lawyers would be taking over the handling of Ms.

16  Fulton's case. Defendants suggested a fee split wherein Plaintiffs, Bedford Law Group, P.C.

17  would receive twenty-five percent of any attorney's fees recovered in *Fulton v. Uber*

18  *Technologies, Inc., et al.*; LASC Case No.: BC614754 in exchange for co-counseling the case

19  (hereinafter the "agreement").

20  22. Shawn Azizzadeh of Bedford Law Group, P.C. agreed to the fee split and Defendant

21  Girardi confirmed the agreement in writing on April 14, 2016.

22  23. On or about May 28, 2019, Samantha Gold, from Girardi Keese Lawyers informed Mr.

23  Azizzadeh that *Fulton v. Uber Technologies, Inc., et al.* had settled in the amount of $934,300.00.

24  24. Mr. Azizzadeh requested twenty-five percent of the attorney's fees recovered, as agreed

25  upon, and received a response from Samantha Gold from Girardi Keese Lawyers stating, "Mr.

26  Girardi's offer to provide you with a 25% fee was withdrawn . . ."

27

28

BEDFORD LAW GROUP, A PC
1875 CENTURY PARK EAST, SUITE 1790
LOS ANGELES, CA 90067

- 4 -
**FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

25. In anticipation of Defendant Girardi Keese Lawyers breach of contract, Shawn Azizzadeh of Bedford Law Group, P.C., filed a Notice of Lien with the Court on June 22, 2017 and mailed the same to Defendants, Girardi Keese Lawyers.

26. On information and belief, Girardi Keese Lawyers willfully withheld information regarding Bedford Law Group, P.C.'s lien on the case from the Defendants' insurance company.

27. On information and belief, all the settlement funds received in Ms. Fulton's case have been paid and disbursed to the medical providers, Christina Fulton, and Girardi Keese Lawyers.

28. On information and belief, Plaintiff thereon alleges that Thomas V. Girardi and Girardi Keese Lawyers directed Defendants to omit Mr. Azizzadeh and Bedford Law Group, P.C. from the settlement checks in exchange for an indemnification agreement.

29. On information and belief, Plaintiff thereon alleges that Defendants did omit Mr. Azizzadeh and Bedford Law Group, P.C. from the settlement checks in exchange for an indemnification agreement.

30. To date, Girardi Keese Lawyers refuse to provide Mr. Azizzadeh and Bedford Law Group, P.C. with twenty-five percent of the attorney's fees in the case.

## FIRST CAUSE OF ACTION

Breach of Contract

(Against Thomas V. Girardi and Girardi Keese Lawyers)

31. Plaintiffs re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

32. Shawn Azizzadeh of Bedford Law Group, P.C. entered into an agreement with Thomas V. Girardi and Girardi Keese Lawyers on April 14, 2016 wherein Thomas V. Girardi and Girardi Keese Lawyers would pay Shawn Azizzadeh of Bedford Law Group, P.C. twenty-five percent of the attorney's fees recovered on *Fulton v. Uber Technologies, Inc., et al*.; LASC Case No.: BC614754 in exchange for co-counseling and assistance on the case.

33. On or about May 28, 2019, Samantha Gold, from Girardi Keese Lawyers informed Mr. Azizzadeh that *Fulton v. Uber Technologies, Inc., et al*. had settled in the amount of $934,300.00.

**FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

BEDFORD LAW GROUP, A PC
1875 CENTURY PARK EAST, SUITE 1790
LOS ANGELES, CA 90067

34. To date, Girardi Keese Lawyers refuse to tender twenty-five percent of the attorney's fees recovered in the case to Mr. Azizzadeh and Bedford Law Group, P.C.

35. Mr. Azizzadeh and Bedford Law Group, P.C. have performed all conditions, covenants, and promises required by them on their part to be performed in accordance with the terms and conditions of the written agreement.

36. As a result of Defendants' actions, Plaintiffs have suffered damage and Defendants' breach of contract was a substantial factor in causing harm in an amount to be proven at trial.

## SECOND CAUSE OF ACTION

Intentional Interference of Contractual Relations

Against Defendants Tyson And Mendes LLP; Hinshaw & Culbertson LLP; Farmer Case & Fedor; James River Insurance Company; Infinity Property & Casualty Corporation; Uber Technologies, Inc.; Rasier, LLC, Rasier-Cal, LLC; Nelgar J. Carrera; Joe E. Nowotny; Felix Arguelles

37. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

38. Upon information and belief, Plaintiff thereon alleges that Defendants, and each of them, had actual knowledge of the contract between Girardi Keese Lawyers and Bedford Law Group, P.C. Upon information and belief, Plaintiff thereon alleges that Defendants, and each of them, also had knowledge of Bedford Law Group, P.C's lien on the case.

39. Upon information and belief, Plaintiff thereon alleges that Defendants, and each of them, issued a check upon settlement to Girardi Keese Lawyers and intentionally excluded Bedford Law Group, A PC's name from the check.

40. Defendants, and each of them, intentionally interfered with the contract between Plaintiffs and Defendants, Thomas V. Girardi and Girardi Keese Lawyers.

41. Defendants, and each of them, intended to disrupt the performance of, and/or induce a breach of this contract by omitting Bedford Law Group, P.C.'s name from the settlement check tendered to Girardi Keese Lawyers.

42. Defendants' conduct prevented performance of the contract and/or made performance more expensive, difficult or impossible.

**FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

BEDFORD LAW GROUP, A PC
1875 CENTURY PARK EAST, SUITE 1790
LOS ANGELES, CA 90067

43. Defendants' conduct was a substantial factor in causing Plaintiffs' harm in an amount to be proven at trial.

## THIRD CAUSE OF ACTION

Negligent Interference of Contractual Relations

(Against Defendants Tyson And Mendes LLP; Hinshaw & Culbertson LLP; Farmer Case & Fedor; James River Insurance Company; Infinity Property & Casualty Corporation; Uber Technologies, Inc.; Rasier, LLC, Rasier-Cal, LLC; Nelgar J. Carrera; Joe E. Nowotny; Felix Arguelles)

44. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

45. Upon information and belief, Plaintiff thereon alleges that Defendants, and each of them, had actual or constructive knowledge of the contract between Girardi Keese Lawyers and Bedford Law Group, P.C. Upon information and belief, Plaintiff thereon alleges that Defendants, and each of them, also had actual or constructive knowledge of Bedford Law Group, P.C's lien on the case.

46. Upon information and belief, Plaintiff thereon alleges that Defendants, and each of them, issued a check upon settlement to Girardi Keese Lawyers and intentionally excluded Bedford Law Group, P.C.'s name from the check.

47. Defendants, and each of them, intentionally interfered with the contract between Plaintiffs and Defendants, Thomas V. Girardi and Girardi Keese Lawyers.

48. Defendants, and each of them, disrupted the performance of, and/or induced a breach of this contract by omitting Bedford Law Group, P.C.'s name from the settlement check tendered to Girardi Keese Lawyers.

49. Defendants' conduct prevented performance of the contract and/or made performance more expensive, difficult or impossible. Defendants' conduct was a substantial factor in causing Plaintiffs' harm in an amount to be proven at trial.

///

///

///

///

**FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

BEDFORD LAW GROUP, A PC
1875 CENTURY PARK EAST, SUITE 1790
LOS ANGELES, CA  90067

**FOURTH CAUSE OF ACTION**

Bad Faith

(Against Defendants Thomas V. Girardi and Girardi Keese Lawyers)

50. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

51. Mr. Azizzadeh and Bedford Law Group, P.C. entered into an agreement with Thomas V. Girardi and Girardi Keese Lawyers on April 14, 2016 wherein Thomas V. Girardi and Girardi Keese Lawyers would pay Shawn Azizzadeh and Bedford Law Group, P.C. twenty-five percent of the attorney's fees recovered on *Fulton v. Uber Technologies, Inc., et al.*; LASC Case No.: BC614754 in exchange for co-counseling and assistance on the case.

52. On or about May 28, 2019, Samantha Gold, from Girardi Keese Lawyers informed Mr. Azizzadeh that *Fulton v. Uber Technologies, Inc., et al*. had settled in the amount of $934,300.00.

53. Plaintiff is informed and believes, and thereon alleges that Thomas V. Girardi and Girardi Keese Lawyers directed Defendants, Tyson And Mendes LLP; Hinshaw & Culbertson LLP; and Farmer Case & Fedor to omit Bedford Law Group, P.C.'s name from the settlement check in exchange for an indemnification agreement.

54. To date, Girardi Keese Lawyers refuse to provide Bedford Law Group, P.C. with twenty-five percent of the attorney's fees received on Ms. Fulton's case.

55. Mr. Azizzadeh and Bedford Law Group, P.C. fully performed all conditions precedent under the agreement.

56. As a result of Defendants' actions, Plaintiffs suffered damage and Defendants' breach of contract was a substantial factor in causing harm.

57. Defendant's bad faith action was an intentional and malicious component of a larger scheme to withhold payment from Plaintiff and other similarly situated beneficiaries seeking payment of agreed upon attorney's fees and/or liens.

58. Plaintiffs are therefore entitled to compensatory and punitive damages as allowed by law in an amount to be proven at trial.

**FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

## FIFTH CAUSE OF ACTION

Violation of Business and Professions Code Section 17200 *et seq*.

(Against All Defendants)

59. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

60. This is a representative private attorney general action for unfair, unlawful, and fraudulent business practices. On behalf of Plaintiffs and the general public, Plaintiffs bring this claim pursuant to Business and Professions Code section 17200 *et seq*. Defendants' conduct as alleged in this Complaint has been and continues to be unfair, unlawful, fraudulent, and harmful to Plaintiffs and the general public. Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure section 1021.5.

61. Business and Professions Code 17200 *et seq*. prohibits unlawful and unfair business practices and precludes a person or entity from engaging in unfair competition, which is defined as business practices that are unlawful, unfair or fraudulent. Section 17203 permits the Court in an action based on allegations of unfair competition to issue injunctive, restitutionary or other equitable relief.

62. Plaintiff is a "person" within the meaning of Business and Professions Code section 17204 and therefore has standing to bring this cause of action for injunctive relief, restitution, and other appropriate equitable relief. Plaintiff complied with Code of Civil Procedure section 382.

63. Defendants' violation of Business and Professions Code section 17200 includes engaging in fraudulent, unfair, and unlawful practices of denying an attorney lien due and owing to Plaintiffs.

64. Plaintiffs are informed and believes and thereon alleges that Defendants violated Business & Professions Code section 17200 by other acts or omissions of which Plaintiffs are presently unaware but which will be shown according to proof at trial.

65. The unlawful, unfair, and fraudulent practices alleged above are imminent and continuing in nature and are widespread practices engaged in by Defendants.

BEDFORD LAW GROUP, A PC
1875 CENTURY PARK EAST, SUITE 1790
LOS ANGELES, CA 90067

**FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

66. Plaintiffs suffered injury in fact and lost money or property as a result of Defendant's unfair, unlawful, and fraudulent competition. Due to Defendant's unlawful and unfair practices, Plaintiffs have been deprived of the benefits they are entitled to under the attorney lien and written agreement between Thomas V. Girardi and Giradi Keese Lawyers.

67. Defendants' acts of unfair, unlawful, and fraudulent competition present a continuing threat to the public's livelihood, welfare and finances. Accordingly, unless Defendants are permanently enjoined and restrained by order of the Court, Defendants will continue to commit acts of unfair, unlawful, and fraudulent competition and will continue to cause irreparable harm and injury to the public.

68. Plaintiffs respectfully request this Court order to enjoin Defendants from continuing its unfair, fraudulent, and unlawful practices of willfully, intentionally and maliciously withholding attorney liens, including arbitrarily and capriciously denying payment even when evidence of a written agreement and filed attorney lien is provided.

69. Plaintiffs respectfully request that the Court order any other and further equitable relief deemed necessary, including restitutionary relief as a result of the unfair, unlawful, and fraudulent practices alleged herein.

70. Plaintiffs respectfully request an award of attorney fees upon prevailing in this request for injunctive relief.

## SIXTH CAUSE OF ACTION

Declaratory Relief

71. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

72. Plaintiffs, Shawn Azizzadeh, Esq. and Bedford Law Group P.C. entered into a verbal and written agreement with Thomas G. Girardi and Girardi Keese Lawyers on April 14, 2016 for twenty-five percent of the attorney's fees recovered in a civil case entitled Christina *Fulton v. Uber Technologies, Inc., et al.*; LASC Case No.: BC614754. Upon settlement, Defendants fraudulently, unlawfully, unfairly, and in bad faith refused to tender twenty-five percent of the attorney's fees recovered.

BEDFORD LAW GROUP, A PC
1875 CENTURY PARK EAST, SUITE 1790
LOS ANGELES, CA 90067

**FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

73. The need for Court Declaration of the enforceability of the private agreement between Defendant, Girardi V. Keese, Girardi Keese Lawyers and Plaintiff is an actual need, because Defendants, Thomas G. Girardi and Girardi Keese Lawyers  are willfully, intentionally, and maliciously withholding attorney's fees owed and due to Plaintiffs, Shawn Azizzadeh and Bedford Law Group, P.C. Plaintiffs have completed all actions required for payment of the attorney lien, or are relieved of any further action, prior to Defendants paying the attorney liens.

**SEVENTH CAUSE OF ACTION**

Accounting

(Against Thomas V. Girardi and Girardi Keese Lawyers)

74. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

75. In the event the Court should refuse to validate the agreement between Plaintiffs and Defendants, as described above, Plaintiffs alternatively allege a cause of action for accounting, in lieu of the actions above for breach of contract, and breach of duty of good faith and fair dealing.

76. Mr. Azizzadeh and Bedford Law Group, P.C. entered into an agreement with Thomas V. Girardi and Girardi Keese Lawyers on April 14, 2016 wherein Thomas V. Girardi and Girardi Keese Lawyers would pay Shawn Azizzadeh and Bedford Law Group, P.C. twenty-five percent of the attorney's fees recovered on *Fulton v. Uber Technologies, Inc., et al*.; LASC Case No.: BC614754 in exchange for co-counseling and assistance on the case.

77. Subsequently, Plaintiffs and Defendants jointly undertook representation of Christina Fulton regarding her claims arising from the January 5, 2016 motor vehicle. Plaintiffs, Shawn B. Azizzadeh and Bedford Law Group, A PC, fully performed all obligations pursuant to the agreement with the above-named Defendants.

78. On or about May 28, 2019, Samantha Gold, from Girardi Keese Lawyers informed Mr. Azizzadeh that *Fulton v. Uber Technologies, Inc., et al*. had settled in the amount of $934,300.00.

BEDFORD LAW GROUP, A PC
1875 CENTURY PARK EAST, SUITE 1790
LOS ANGELES, CA 90067

79. Defendants, and each of them, have failed to compensate Plaintiffs for legal services performed totaling 25% of the attorney's fees recovered in Ms. Fulton's case, pursuant to the agreement between Plaintiffs and Defendants.

80. To date, Defendants, and each of them, have failed to compensate Plaintiffs for legal services performed pursuant to the agreement.

81. Plaintiffs are entitled to reasonable attorney's fees, pursuant to the agreement. As a direct and proximate cause of Defendant's breach of the Fee Agreement, Plaintiffs have been damaged by Defendants' failure to pay Plaintiffs any attorney's fees.

82. Plaintiffs have been damaged in an amount to be determined according to proof at trial.

## SEVENTH CAUSE OF ACTION

Quantum Meruit

(Against Thomas V. Girardi and Girardi Keese Lawyers)

83. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as though fully set forth herein.

84. In the event the Court should refuse to validate the agreement between Plaintiffs and Defendants, as described above, Plaintiffs alternatively allege a cause of action for quantum meruit, in lieu of the actions above for breach of contract, and breach of duty of good faith and fair dealing.

85. Mr. Azizzadeh and Bedford Law Group, P.C. entered into an agreement with Thomas V. Girardi and Girardi Keese Lawyers on April 14, 2016 wherein Thomas V. Girardi and Girardi Keese Lawyers would pay Shawn Azizzadeh and Bedford Law Group, P.C. twenty-five percent of the attorney's fees recovered on *Fulton v. Uber Technologies, Inc., et al*.; LASC Case No.: BC614754 in exchange for co-counseling and assistance on the case.

86. Plaintiffs, Shawn B. Azizzadeh and Bedford Law Group, A PC, fully performed all obligations pursuant to the agreement with the above-named Defendants.

87. On or about May 28, 2019, Samantha Gold, from Girardi Keese Lawyers informed Mr. Azizzadeh that *Fulton v. Uber Technologies, Inc., et al*. had settled in the amount of $934,300.00.

BEDFORD LAW GROUP, A PC
1875 CENTURY PARK EAST, SUITE 1790
LOS ANGELES, CA 90067

**FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

88. Defendants, and each of them, have failed to compensate Plaintiffs for legal services performed totaling 25% of the attorney's fees recovered in Ms. Fulton's case, pursuant to the agreement between Plaintiffs and Defendants.

89. To date, Defendants, and each of them, have failed to compensate Plaintiffs for legal services performed pursuant to the agreement.

90. Plaintiffs have been damaged in an amount to be determined according to proof at trial.

91. Plaintiffs are entitled to reasonable attorney's fees, pursuant to the agreement. As a direct and proximate cause of Defendant's breach of the Fee Agreement, Plaintiffs have been damaged by Defendants' failure to pay Plaintiffs any attorney's fees.

92. Plaintiffs have been damaged in an amount to be determined according to proof at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1)   Damages for breach of Defendants' contractual duty to pay attorney's fees in the amount of twenty-five percent, plus interest;

2)   General and special damages, including mental and emotional distress, and prejudgment and post judgment interest for breach of the implied covenant of good faith and fair dealing;

3)   Punitive and exemplary damages for breach of the implied covenant of good faith and fair dealing in an amount to be determined at trial pursuant to C.C.P. §3294;

4)   Attorney fees incurred, pursuant to *Brandt v. Superior Court* (1985) 37 Cal.App.3d 813;

5)   Costs of suit incurred herein; and

6)   An award of attorney fees in enforcing the unfair competition laws of Business & Professions Code section 17200 et seq. on behalf of the public welfare;

7)   For a declaratory ruling of the Court that the full amount of the attorney's lien must be paid to Plaintiff forthwith; and

8)   Such other and further relief as the court deems just and proper.

///

///

BEDFORD LAW GROUP, A PC
1875 CENTURY PARK EAST, SUITE 1790
LOS ANGELES, CA 90067

**FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

1    DATED:        October 21, 2020            **BEDFORD LAW GROUP, P.C.**

2

3

4                                            Shawn Azizzadeh, Esq.
5                                            Michelle Balady, Esq.
                                             Attorneys for Plaintiff,
6                                            Shawn Azizzadeh and Bedford Law Group, P.C.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

BEDFORD LAW GROUP, A PC
1875 CENTURY PARK EAST, SUITE 1790
LOS ANGELES, CA 90067

# EXHIBIT 2

**From:** Samantha Gold <sgold@girardikeese.com>
**Sent:** Tuesday, May 21, 2019 5:02 PM
**To:** Shawn Azizzadeh, Esq. <Shawn@bedfordlg.com>
**Cc:** John Courtney <jcourtney@girardikeese.com>
**Subject:** RE: Our Former Client: Christina Fulton

Dear Mr. Azizzadeh:

You are correct that the matter has settled, but it appears that Mr. Girardi's offer to provide you with a 25% fee was withdrawn upon the filing of your lien (as communicated to you in writing in June of 2016). Accordingly, please provide my office with information about the services you rendered to Ms. Fulton in this

case, including but not limited to, the amount of hours allocated.

Sincerely,

**Samantha K. Gold, Esq.**

GIRARDI | KEESE
LAWYERS

1126 Wilshire Blvd.
Los Angeles, CA 90017
Tel. (213) 977-0211 Ext. 303
Fax. (213) 481-1554
sgold@girardikeese.com

The information in this communication and in its attachments, if any, is privileged, confidential and intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this communication is prohibited except by or on behalf of the intended recipient. If you have received this communication in error or if you are not the intended recipient, please notify me immediately by replying to this email and destroying all copies of the communication. Thank you.

# EXHIBIT 3

**From:** Samantha Gold <sgold@girardikeese.com>
**Sent:** Tuesday, May 28, 2019 11:26 AM
**To:** Shawn Azizzadeh, Esq.
**Cc:** John Courtney
**Subject:** RE: Our Former Client: Christina Fulton

Dear Mr. Azizzadeh:

Please be advised that the matter settled for a sum total of $924,300.00; however, Ms. Fulton's recovery will be drastically reduced due to numerous medical provider liens exceeding $450,000.00.  Ms. Fulton treated virtually exclusively under lien agreements for the injuries sustained in the subject collision.  Further, the litigation was ongoing for over three years, resulting in substantial case costs for multiple depositions, mediation, etc.

Monies have not yet been disbursed.

Sincerely,

**Samantha K. Gold, Esq.**

GIRARDI | KEESE
LAWYERS

1126 Wilshire Blvd.
Los Angeles, CA 90017
Tel. (213) 977-0211 Ext. 303
Fax. (213) 481-1554
sgold@girardikeese.com

The information in this communication and in its attachments, if any, is privileged, confidential and intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this communication is prohibited except by or on behalf of the intended recipient. If you have received this communication in error or if you are not the intended recipient, please notify me immediately by replying to this email and destroying all copies of the communication. Thank you.

**From:** Shawn Azizzadeh, Esq. [mailto:Shawn@bedfordlg.com]
**Sent:** Tuesday, May 28, 2019 10:35 AM
**To:** Samantha Gold
**Cc:** John Courtney
**Subject:** Re: Our Former Client: Christina Fulton

Hello:

I am following up again. Please provide me with the settlement information by COB today. This is our 4th request. Thanks.

Sincerely,

Shawn Azizzadeh, Esq.