**SMILEY WANG-EKVALL, LLP**
Lei Lei Wang Ekvall, State Bar No. 163047
lekvall@swelawfirm.com
Philip E. Strok, State Bar No. 169296
pstrok@swelawfirm.com
Timothy W. Evanston, State Bar No. 319342
tevanston@swelawfirm.com
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Telephone:   714 445-1000
Facsimile:    714 445-1002

Attorneys for Elissa D. Miller, Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>GIRARDI KEESE,<br><br>Debtor. | Case No. 2:20-bk-21022-BR<br><br>Chapter 7<br><br>**APPLICATION FOR ORDER SETTING HEARINGS ON SHORTENED NOTICE FOR:**<br><br>**(1) MOTION FOR ORDER APPROVING STIPULATIONS FOR USE OF CASH COLLATERAL AND AUTHORIZING USE OF CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363 AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 4001(b) AND (d); AND**<br><br>**(2) MOTION FOR ORDER AUTHORIZING CHAPTER 7 TRUSTEE TO OPERATE THE BUSINESS OF THE DEBTOR ON A LIMITED BASIS PURSUANT TO 11 U.S.C. § 721 PURSUANT TO CASH COLLATERAL STIPULATION AND BUDGET AND TO RETAIN AND PAY DEBTOR'S FORMER EMPLOYEES AS INDEPENDENT CONTRACTORS IN ACCORDANCE THEREWITH**<br><br>**DECLARATION OF ELISSA D. MILLER IN SUPPORT**<br><br>**[Filed concurrently with the underlying motions]** |

2856062.3                                        1                               APPLICATION

**[No hearing required pursuant to Local Bankruptcy Rule 9075-1]**

**TO THE HONORABLE BARRY RUSSELL, UNITED STATES BANKRUPTCY JUDGE:**

Elissa D. Miller, the chapter 7 trustee (the "Trustee") of the bankruptcy estate (the "Estate") of Girardi Keese (the "Debtor"), hereby applies to this Court (the "Application") for an order shortening the time for notice of the hearings on the Trustee's: (1) *Motion for Order Approving Stipulations for Use of Cash Collateral and Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. § 363 and Federal Rule of Bankruptcy Procedure 4001(b) and (d)* (the "Cash Collateral Motion") [Docket No. 179]; and (2) *Motion for Order Authorizing Chapter 7 Trustee to Operate the Business of the Debtor on a Limited Basis Pursuant to 11 U.S.C. § 721 Pursuant to Cash Collateral Stipulation and Budget and to Retain and Pay Debtor's Former Employees as Independent Contractors in Accordance Therewith* (the "Second Motion to Operate") [Docket No. 180] (the Cash Collateral Motion and the Second Motion to Operate, collectively, the "Motions").  In support of the Application, the Trustee submits the attached declaration of Elissa D. Miller.

## I.    FACTUAL BACKGROUND

On February 10, 2020, the Trustee filed the Cash Collateral Motion [Docket No. 179] and the Second Motion to Operate [Docket No. 180].[1]  As discussed more fully below, the relief requested by the Motions are interrelated.

/ / /

/ / /

/ / /

/ / /

---

[1] On February 2, 2021, the Trustee filed her *Motion for Order Authorizing Chapter 7 Trustee to Operate the Business of the Debtor on a Limited Basis Pursuant to 11 U.S.C. § 721 and Maintain Current Status of Certain Trust Accounts and for Other Relief* (the "Motion to Operate") [Docket No. 156].  The Motion to Operate was filed pursuant to Local Bankruptcy Rule 9013-1(o).  The Motion to Operate is currently pending, as the response period under Local Bankruptcy Rule 9013-1(o) has not yet passed.

## II. COMPLIANCE WITH LOCAL BANKRUPTCY RULE 9075-1(b)(2)(A)

### A. Relief Requested in the Cash Collateral Motion

By the Cash Collateral Motion, the Trustee seeks approval of stipulations with California Attorney Lending II ("CAL II") and Virage SPV 1, LLC ("Virage") to use cash collateral and for general authority to use cash collateral through March 31, 2021 in accordance with the 90-Day Budget (the "Budget") attached to the Cash Collateral Motion as Exhibit "1," with expenditures not to exceed 115% of the aggregate "High" expenditures set forth in the Budget, i.e., a 15% variance. The Trustee has also received consent to the use of cash collateral in accordance with the Budget from Nano Banc ("Nano") and Stillwell Madison, LLC ("Stillwell"). Use of cash collateral will provide funding for the Trustee's efforts to continue to transition the Debtor's cases and file attorney's liens in cases where the Debtor is no longer representing a client, which includes paying the costs of certain of the Debtor's former employees, the insurance and bond premiums, internet service and utilities for the Debtor's offices, and for the "cloud" services for the Debtor's electronic files. The Trustee's proposed use of the cash collateral will preserve and maximize the value of the Estate.

### B. Relief Requested in the Second Motion to Operate

The relief requested in the Second Motion to Operate is closely related to the Cash Collateral Motion. By the Second Motion to Operate, the Trustee is requesting authority to pay the utilities, internet, and other necessary systems of the Debtor, authority to retain and pay certain former employees of the Debtor as independent contractors, pay for liability and contents insurance, and pay other necessary costs as requested in the Budget. Paying these costs will allow the Trustee to preserve and maximize the value of the Estate and is consistent with an orderly liquidation.

### C. The Parties Affected by the Requested Relief

Parties who allegedly hold secured claims in the Debtor's cash collateral may be affected by the relief requested in the Motions. In particular, these parties include CAL II, Virage, Nano, Stillwell, Jamie, Joseph and Kathleen Ruigomez, and KCC Class Action

Services, LLC. CAL II, Virage, Nano and Stillwell have all consented to the use of cash collateral in accordance with the Budget.

### III. CAUSE EXISTS TO HEAR THE MOTIONS ON SHORTENED TIME

Local Bankruptcy Rule 9075-1 permits the Court to shorten the time for notice of a hearing "for good cause shown."

Good cause exists to shorten notice of the hearings on the Motions. The Trustee is currently in the process of transitioning cases, and needs continued and immediate access to the Debtor's case files and information to do so. Transitioning the cases will allow the Trustee to protect the Debtor's clients and maximize the Debtor's interests in its attorneys' fees and costs—the most valuable assets of the Estate. If the Motions are not granted expeditiously, the Trustee will be unnecessarily delayed in paying the costs to preserve the Estate (e.g., the internet services, insurance for the Debtor, the utilities, fees for the Debtor's former employees) and the value of the Estate may permanently erode, irreparably harming the Estate. Most importantly, the Trustee may lose access to the Debtor's case files and information. In short, the Trustee needs to have continued access to the Debtor's files and information, along with the resources to access this information.

### IV. PROPOSED NOTICE

As set forth in the proposed order granting this Application, the Trustee proposes providing notice of hearings on the Motions to counsel for CAL II, Virage, Nano, Stillwell, and counsel for Jamie, Joseph and Kathleen Ruigomez and KCC Class Action Services, LLC, by email.

///
///
///
///

## V. CONCLUSION

For the foregoing reasons, the Trustee requests that the Court enter an order granting the Application.

DATED: February 10, 2021

Respectfully submitted,

SMILEY WANG-EKVALL, LLP

By:    */s/ Timothy W. Evanston*
      TIMOTHY W. EVANSTON
      Attorneys for Elissa D. Miller, Chapter 7 Trustee

## **DECLARATION OF ELISSA D. MILLER**

I, Elissa D. Miller, declare as follows:

1. I am the duly appointed Chapter 7 Trustee for the bankruptcy estate of Girardi Keese. I am also a partner at SulmeyerKupetz. I know each of the following facts to be true of my own personal knowledge, except as otherwise stated and, if called as a witness, I could and would competently testify with respect thereto. I make this declaration in support of the Application for Order Setting Hearings on Shortened Notice (the "Application") *for (1) Motion for Order Approving Stipulations for Use of Cash Collateral and Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. § 363 and Federal Rule of Bankruptcy Procedure 4001(b) and (d)* (the "Cash Collateral Motion") [Docket No. 179]; *and (2) Motion for Order Authorizing Chapter 7 Trustee to Operate the Business of the Debtor on a Limited Basis Pursuant to 11 U.S.C. § 721 Pursuant to Cash Collateral Stipulation and Budget and to Retain and Pay Debtor's Former Employees as Independent Contractors in Accordance Therewith* (the "Second Operating Motion") [Docket No. 180]. Unless otherwise defined in this declaration, all terms defined in the Application are incorporated herein by this reference.

2. As set forth in the Cash Collateral Motion, I have recently entered into stipulations to use cash collateral with CAL II and Virage through March 31, 2021 in accordance with the 90-Day Budget, which is attached as Exhibit "1" to the Cash Collateral Motion.

3. I have also obtained consent to use cash collateral in accordance with the Budget from Nano and Stillwell.

4. The use of cash collateral is critical at this juncture. With the cash collateral, I will have funding to transition the Debtor's cases and file attorney's liens in cases where the Debtor is no longer representing a client, and I will also be able to pay the costs of certain of the Debtor's former employees, the insurance and bond premiums, internet services and utilities for the Debtor's offices, and pay for the "cloud" services for the Debtor's electronic files.

5.    I am currently working to transition the Debtor's cases. In order to transition the cases properly, I need continued access to the Debtor's case files and information. Access to the Debtor's case files and information requires that I have funds to pay for the internet service and utilities at the Debtor's offices, pay for the "cloud" services for the electronic files, and pay the fees for certain of the Debtor's former employees, among other costs. The Debtor's interests in its attorneys' fees and costs constitute the most valuable assets of the Estate. If I lose access to the Debtor's case files and information and am unable to pay the costs to preserve the Estate, the value of the Estate may erode permanently. Thus, I need to be able to use cash collateral immediately so that I have continued access to the Debtor's files and information to preserve the Estate and protect the Debtor's clients.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed on this 10th day of February, 2021, at Los Angeles, California.

_____
ELISSA D. MILLER

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 3200 Park Center Drive, Suite 250, Costa Mesa, CA 92626.

A true and correct copy of the foregoing document entitled (*specify*): **APPLICATION FOR ORDER SETTING HEARINGS ON SHORTENED NOTICE FOR: (1) MOTION FOR ORDER APPROVING STIPULATIONS FOR USE OF CASH COLLATERAL AND AUTHORIZING USE OF CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363 AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 4001(b) AND (d); AND (2) MOTION FOR ORDER AUTHORIZING CHAPTER 7 TRUSTEE TO OPERATE THE BUSINESS OF THE DEBTOR ON A LIMITED BASIS PURSUANT TO 11 U.S.C. § 721 PURSUANT TO CASH COLLATERAL STIPULATION AND BUDGET AND TO RETAIN AND PAY DEBTOR'S FORMER EMPLOYEES AS INDEPENDENT CONTRACTORS IN ACCORDANCE THEREWITH; DECLARATION OF ELISSA D. MILLER IN SUPPORT**  will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) February 10, 2021  I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page.

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) February 10, 2021 , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

| | |
|---|---|
| The Honorable Barry Russell<br>U.S. Bankruptcy Court<br>Roybal Federal Building<br>255 E. Temple Street, Suite 1660<br>Los Angeles, CA 90012 | IKON Financial Svcs<br>1738 Bass Rd.<br>Macon, GA 31210-1043 |

☐ Service information continued on attached page.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) February 10, 2021 , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**VIA E-Mail**

☒ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| February 10, 2021 | Gabriela Gomez-Cruz | /s/ Gabriela Gomez-Cruz |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**

**ADDITIONAL SERVICE INFORMATION (if needed):**

1. **SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**

- Richard D Buckley    richard.buckley@arentfox.com
- Marie E Christiansen    mchristiansen@vedderprice.com, ecfladocket@vedderprice.com,marie-christiansen-4166@ecf.pacerpro.com
- Jennifer Witherell Crastz    jcrastz@hrhlaw.com
- Ashleigh A Danker    Ashleigh.danker@dinsmore.com, SDCMLFiles@DINSMORE.COM;Katrice.ortiz@dinsmore.com
- Clifford S Davidson    csdavidson@swlaw.com, jlanglois@swlaw.com;cliff-davidson-7586@ecf.pacerpro.com
- Lei Lei Wang Ekvall    lekvall@swelawfirm.com, lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com
- Richard W Esterkin    richard.esterkin@morganlewis.com
- Timothy W Evanston    tevanston@swelawfirm.com, gcruz@swelawfirm.com;lgarrett@swelawfirm.com;jchung@swelawfirm.com
- Eric D Goldberg    eric.goldberg@dlapiper.com, eric-goldberg-1103@ecf.pacerpro.com
- Andrew Goodman    agoodman@andyglaw.com, Goodman.AndrewR102467@notify.bestcase.com
- Steven T Gubner    sgubner@bg.law, ecf@bg.law
- Marshall J Hogan    mhogan@swlaw.com, knestuk@swlaw.com
- Razmig Izakelian    razmigizakelian@quinnemanuel.com
- Lewis R Landau    Lew@Landaunet.com
- Daniel A Lev    dlev@sulmeyerlaw.com, ccaldwell@sulmeyerlaw.com;dlev@ecf.inforuptcy.com
- Peter J Mastan    peter.mastan@dinsmore.com, SDCMLFiles@dinsmore.com;Katrice.ortiz@dinsmore.com
- Edith R Matthai    ematthai@romalaw.com
- Kenneth Miller    kmiller@pmcos.com, efilings@pmcos.com
- Elissa Miller (TR)    CA71@ecfcbis.com, MillerTrustee@Sulmeyerlaw.com;C124@ecfcbis.com;ccaldwell@sulmeyerlaw.com
- Eric A Mitnick    MitnickLaw@aol.com, mitnicklaw@gmail.com
- Scott H Olson    solson@vedderprice.com, scott-olson-2161@ecf.pacerpro.com,ecfsfdocket@vedderprice.com,nortega@vedderprice.com
- Leonard Pena    lpena@penalaw.com, penasomaecf@gmail.com;penalr72746@notify.bestcase.com
- Michael J Quinn    mquinn@vedderprice.com, ecfladocket@vedderprice.com,michael-quinn-2870@ecf.pacerpro.com
- Ronald N Richards    ron@ronaldrichards.com, morani@ronaldrichards.com,justin@ronaldrichards.com
- Philip E Strok    pstrok@swelawfirm.com, gcruz@swelawfirm.com;1garrett@swelawfirm.com;jchung@swelawfirm.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Eric D Winston    ericwinston@quinnemanuel.com
- Christopher K.S. Wong    christopher.wong@arentfox.com, yvonne.li@arentfox.com
- Timothy J Yoo    tjy@lnbyb.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    **F 9013-3.1.PROOF.SERVICE**

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**

**Via E-mail:**

| | | |
|---|---|---|
| Andrew W Zepeda<br>James J Finsten<br>Lurie, Zepeda, Schmalz, Hogan & Martin<br>1875 Century Park E Ste 2100<br>Los Angeles, CA 90067<br>azepeda@lurie-zepeda.com<br>jfinsten@lurie-zepeda.com | Rafey Balabanian<br>Edelson PC<br>123 Townsend St Ste 100<br>San Francisco, CA 94107<br>rbalabanian@edelson.com | Nano Banc<br>25220 Hancock Ave., Suite 140<br>Murrieta, CA 92562<br>epadilla@nanobanc.com<br>pdonaldson@nanobanc.com |
| Abir Cohen Treyzon Salo, LLP<br>c/o: Boris Treyzon<br>16001 Ventura Boulevard, Suite 200<br>Encino, CA 91436<br>btreyzon@actslaw.com | Law Finance Group, LLC<br>591 Redwood Hwy<br>Suite 1200<br>Mill Valley, CA 94941<br>info@lawfinance.com | LFG Special Investor Group, LLC<br>Finance Group Fund II<br>200 South Virginia St., 8th Floor<br>Reno, NV 89501<br>info@lawfinance.com |
| Corporation Service Company, As Representative<br>P.O.Box 2576<br>Springfield, IL  62708<br>801 Adlai Stevenson Dr.<br>Springfield, IL 62703<br>UCCSPREP@CSCINFO.com | Jeffrey M. Schwartz, Esq.<br>Much Shelist, P.C.<br>191 North Wacker Drive, Suite 1800<br>Chicago, IL 60606<br>Telephone: (312) 521-2626<br>jschwartz@muchlaw.com<br><br>**Attorneys for Nano Bank** | CT Corporation System, as Representative<br>CT Lien Solutions<br>330 N. Brand Blvd., Suite 700<br>Glendale, CA 91203<br>UCCSPREP@CSCINFO.com |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                                                  **F 9013-3.1.PROOF.SERVICE**