**SMILEY WANG-EKVALL, LLP**
Lei Lei Wang Ekvall, State Bar No. 163047
lekvall@swelawfirm.com
Philip E. Strok, State Bar No. 169296
pstrok@swelawfirm.com
Timothy W. Evanston, State Bar No. 319342
tevanston@swelawfirm.com
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Telephone:   714 445-1000
Facsimile:    714 445-1002

Attorneys for Elissa D. Miller, Chapter 7 Trustee



**FILED & ENTERED**

**FEB 12 2021**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY** fortier    **DEPUTY CLERK**

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>GIRARDI KEESE,<br><br>             Debtor. | Case No. 2:20-bk-21022-BR<br><br>Chapter 7<br><br>**ORDER GRANTING TRUSTEE'S EMERGENCY MOTION FOR ORDER:**<br><br>**(1) APPROVING COMPROMISE WITH FRANTZ LAW GROUP, APLC PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019, ETC.**<br><br>**(2) AUTHORIZING THE ASSIGNMENT OF THE ESTATE'S INTERESTS IN THE SOUTHERN CALIFORNIA GAS LEAK LITIGATION FREE AND CLEAR OF LIENS, CLAIMS AND INTERESTS PURSUANT TO 11 U.S.C. § 363; AND**<br><br>**(3) AUTHORIZING REJECTION OF THE ASSUMPTION AND LIEN AGREEMENT BETWEEN THE DEBTOR AND ABIR COHEN TREYZON SALO LLP PURSUANT TO 11 U.S.C. § 365**<br><br>Date:    February 2, 2021<br>Time:   10:00 a.m.<br>Ctrm.:   1668 via ZoomGov<br>             255 E. Temple Street<br>             Los Angeles, CA 90012 |

Web Address:
https://cacb.zoomgov.com/j/1614873359
Meeting ID:    1614873359
Password:      123456
Telephone:     (669) 254 5252 (San Jose)
               (646) 828 7666 (New York)

On February 2, 2021 at 10:00 a.m., the above-captioned Court held a hearing on the *Emergency Motion for Order: (1) Approving Compromise with Frantz Law Group, APLC Pursuant to Federal Rule of Bankruptcy Procedure 9019; (2) Authorizing the Assignment of the Estate's Interests in the Southern California Gas Leak Litigation Free and Clear of Liens, Claims and Interests Pursuant to 11 U.S.C. § 363; and (3) Authorizing Rejection of the Assumption and Lien Agreement Between the Debtor and Abir Cohen Treyzon Salo LLP Pursuant to 11 U.S.C. § 365* [Docket No. 123] (the "Motion")[1] filed by Elissa D. Miller, in her capacity as Chapter 7 Trustee for the bankruptcy estate (the "Estate") of Girardi Keese.  Appearances were as noted as on the Court's record.  Having considered the Motion and the pleadings, declarations, and exhibits filed in support thereof and opposition thereto, and the statements and arguments of counsel on the record at the hearing on the Motion, finding that notice and service of the Motion were proper and that no further notice be given, and finding good cause for the relief requested in the Motion,

**IT IS HEREBY ORDERED** that:

1. The Motion is GRANTED;

2. The objections of Stillwell Madison, LLC [Docket No. 139], the Petitioning Creditors [Docket No. 140], and Virage SPV 1, LLC [Docket No. 147] have been resolved and withdrawn, and the objection of Boris Treyzon and Abir Cohen Treyzon Salo [Docket No. 145] is overruled;

---

[1] Terms not otherwise defined herein shall have the meaning ascribed to them in the Motion and/or the Second Amended Settlement Agreement.

3. The Trustee is authorized to enter into the Second Amended Settlement Agreement, a copy of which is attached to the Notice of Submission of Second Amended Settlement Agreement after Hearing on the Trustee's Motion [Docket No. 161] as Exhibit "1";

4. The terms of Second Amended Settlement Agreement are approved;

5. The Trustee is authorized to execute any documents or take any actions reasonably necessary to effectuate the terms of the Second Amended Settlement Agreement;

6. The transaction contemplated in the Second Amended Settlement Agreement is approved pursuant to 11 U.S.C. § 363(b) and Bankruptcy Rule 9019;

7. The assignment and transfer of any rights to payment or other property as contemplated in the Second Amended Settlement Agreement are free and clear of all claims, liens, encumbrances, or other interests against the Debtor or its property pursuant to 11 U.S.C. § 363(f), including but not limited to (i) any purported liens, assignments, encumbrances, or other transfers to litigation funders or other creditors of the Debtor, and (ii) any purported assignments or transfers (or agreements to a substitution of counsel or notice of association or appearance) by the Debtor;

8. Any asserted claims, liens, encumbrances, or other interests against the Debtor or its property shall attach only to the Estate Allocation, to the same extent, priority, and validity (if any) that such liens, claims, encumbrances, or other interests had prior to consummation of the Second Amended Settlement Agreement, and subject to any claims or defenses the Trustee or the Estate may have; such claims, liens, encumbrances, or other interests shall not attach to the Frantz Allocation;

9. Frantz is assuming no liabilities of the Estate, the Debtor, or any current or former partners, members, attorneys, insiders, affiliates, or employees thereof, whether under contract, tort, or otherwise;

10. The Federal Rule of Evidence 502(d) protections for attorney-client privilege, attorney-client confidentiality of communications, or attorney work product set

forth in the Second Amended Settlement Agreement constitute the order of this Court and shall apply in any other federal or state proceeding;

11. The Trustee is relieved of the obligation of signing amendments and/or substitutions for individual Clients, unless such signature is required by another court or governmental authority with relevant jurisdiction.

12. The 14-day waiver period under FRBP 6004(h) is waived; and

13. The Assumption and Lien Agreement between the Debtor and ACTS is rejected pursuant to 11 U.S.C. § 365(a).

###

Date: February 12, 2021

_____
Barry Russell
United States Bankruptcy Judge