**SMILEY WANG-EKVALL, LLP**
Lei Lei Wang Ekvall, State Bar No. 163047
*lekvall@swelawfirm.com*
Philip E. Strok, State Bar No. 169296
*pstrok@swelawfirm.com*
Timothy W. Evanston, State Bar No. 319342
*tevanston@swelawfirm.com*
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Telephone:   714 445-1000
Facsimile:   714 445-1002

Attorneys for Elissa D. Miller,
Chapter 7 Trustee

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| In re | Case No. 2:20-bk-21022-BR |
|---|---|
| GIRARDI KEESE, | Chapter 7 |
| | **MOTION FOR ORDER APPROVING COMPROMISE WITH ENGSTROM, LIPSCOMB & LACK REGARDING DISTRIBUTION OF SETTLEMENT FUNDS PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF ELISSA D. MILLER IN SUPPORT** |
| Debtor. | |
| | **[No Hearing Required Pursuant to Local Bankruptcy Rule 9013-11(o)]** |

**TO THE HONORABLE BARRY RUSSELL, UNITED STATES BANKRUPTCY JUDGE:**

Elissa D. Miller, the chapter 7 trustee for the bankruptcy estate (the "Estate") of

Girardi Keese (the "Trustee"), submits this *Motion for Order Authorizing Compromise of*

*Controversy with Engstrom, Lipscomb & Lack Regarding Distribution of Settlement Funds*

*Pursuant to Federal Rule of Bankruptcy Procedure 9019* (the "Motion").  In support of the

Motion, the Trustee submits the following memorandum of points and authorities and the

attached Declaration of Elissa D. Miller.

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

## I.    **INTRODUCTION**

This Motion requests approval of a compromise between the Debtor and the David R. Lira, an attorney formerly practicing with the Debtor, and Mr. Lira's new firm regarding the allocation of certain contingency fees.  The Debtor acted as plaintiff's counsel in two separate litigation matters until Mr. Lira left the Debtor in June of 2020.  The clients elected to have Mr. Lira and his new firm represent them and the matters were transferred to Mr. Lira's new firm.  The Debtor filed liens in both cases.  Mr. Lira subsequently negotiated settlements in both matters.

The compromise contemplated by this Motion relates only to the agreement between the Trustee and Mr. Lira's firm regarding the equitable allocation of the contingency fees earned in the two litigation matters.  The compromise will yield a total of $237,293.58 to the Estate, and the Trustee believes the compromise is fair and equitable and in the best interest of the Estate.

## II.    **BACKGROUND**

### A.    **The Debtor's Bankruptcy Case**

The Debtor is a plaintiff's law firm based in Los Angeles, California.  On December 18, 2020, petitioning creditors Jill O'Callahan, as successor in interest to James O'Callahan, Robert M. Keese, John Abassian, Erika Saldana, Virginia Antonio, and Kimberly Archie (collectively, the "Petitioning Creditors") filed an involuntary chapter 7 bankruptcy petition against the Debtor.[1]  On December 24, 2020, the Petitioning Creditors filed a *Motion for Appointment of Interim Trustee Pursuant to 11 U.S.C. § 303(g)* [Docket No. 12].  The Court entered an order granting the motion on January 5, 2021 [Docket No. 45].  On January 6, 2021, the Trustee was appointed as the interim trustee [Docket No. 50].

---

[1]    The Petitioning Creditors also filed an involuntary chapter 7 bankruptcy petition against Thomas V. Girardi, which is currently pending as Bankruptcy Case No. 2:20-bk-21020-BR.

1    On January 13, 2021, the Court entered an *Order Directing: (1) The Clerk of Court*

2    *to Immediately Enter an Order for Relief under Chapter 7; (2) The United States Trustee*

3    *to Immediately Appoint a Chapter 7 Trustee; (3) The Debtor to File All Schedules and*

4    *Related Documentation for Chapter 7 Case within Fourteen Days of the Entry of this*

5    *Order; and (4) Vacating February 16, 2021 Status Conference* [Docket No. 68].  On

6    January 13, 2021, the Clerk of Court entered an order for relief against the Debtor

7    [Docket No. 69], and the Trustee was appointed and accepted her appointment in the

8    Debtor's case [Docket No. 71].

9    David R. Lira ("Lira"), an attorney formerly practicing with Girardi Keese (the

10   "Debtor"), was the attorney primarily responsible for several cases that were being

11   prosecuted by the Debtor.  In June of 2020, Lira left the Debtor and initially joined

12   Johnston & Hutchison, LLP, and subsequently joined Engstrom, Lipscomb & Lack

13   ("ELL").

14   The Debtor was lead counsel in a case pending in San Bernardino County

15   Superior Court entitled *Paredes v. Honda Motor Co. Ltd., et al,* Case No. CIVDS1831537

16   (the "Paredes Case") and a case pending Riverside County Superior Court entitled

17   *Thompson v. Troy Lee Designs, LLC,* Case No. RIC1810760 (the "Thompson Case").

18   On June 17, 2020, the Debtor substituted out and Lira's new firm substituted in as

19   counsel in both the Paredes Case and the Thompson Case.  Both cases were

20   contingency fee cases.

21   On July 27, 2020, the Debtor filed a *Notice of Lien for Attorneys' Fees and Costs* in

22   the Paredes Case (the "Paredes Lien"), and on July 8, 2020, the Debtor filed a *Notice of*

23   *Lien for Attorneys' Fees and Costs* in the Thompson Case (the "Thompson Lien").  Each

24   lien was based on principles of quantum meruit for work performed prior to the

25   substitution.

26   Lira recently settled both the Paredes Case and the Thompson Case.  The

27   compromise which is the subject of this Motion, resolves how to allocate ELL's share of

28   the contingency fees between ELL and the Debtor in order to compensate the Debtor for

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

1  its role in both cases.  The settlements, which are subject to Bankruptcy Court approval,

2  are described below.

3      **B.      The Paredes Settlement Agreement**

4          The Trustee and ELL have reached an agreement with respect to the release of

5  the Debtor's Paredes Lien and the allocation of ELL's portion of the contingency fee (the

6  "Paredes Agreement").  The salient terms of the Paredes Agreement are as follows:

7      1.      Based on the confidential settlement amount, the contingency fee due to

8  ELL is $102,000.00.  The Paredes Agreement provides that ELL's share of the

9  contingency fee shall be allocated $30,600.00 to the Trustee, on behalf of the Estate

10  (30%), and $71,400.00 (70%) to ELL.

11      2.      As reimbursement for costs and expenses advanced in connection with the

12  Paredes Case, the Estate will receive $31,807.90 and ELL will receive $9,041.53.

13      3.      The Debtor's Paredes Lien shall be deemed released concurrently with the

14  Trustee's receipt in good certified funds of the fees allocated to the Estate in the amount

15  of $30,600.00 and reimbursement of costs to the Estate in the amount of $31,807.90, for

16  a total sum of $62,407.90.

17          A copy of the Paredes Agreement, which fully sets out the terms of the settlement,

18  is attached hereto as Exhibit "1."

19      **C.      The Thompson Settlement Agreement**

20          The Trustee and ELL have reached an agreement with respect to the release of

21  the Debtor's Thompson Lien and the allocation of ELL's portion of the Contingency Fee

22  (the "Thompson Agreement").  The salient terms of the Thompson Agreement are as

23  follows:

24      1.      Based on the confidential settlement amount, the Contingency Fee due to

25  ELL is $360,000.00.  The Thompson Agreement provides that ELL's share of the

26  Contingency Fee shall be allocated $126,000.00 to the Trustee (35%), on behalf of the

27  Estate, and $234,000.00 (65%) to ELL.

28

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

2856075.3                                   4                                   MOTION

2.      The Estate will receive $48,885.68 as reimbursement for costs advanced in connection with the Case, and ELL will receive $21,411.25.

3.      The Thompson Lien shall be deemed released concurrently with the Trustee's receipt in good certified funds of the fees allocated to the Estate in the amount of $126,000.00 and reimbursement of costs to the Estate in the amount of $48,885.68, for a total sum of $174,885.68.

A copy of the Thompson Agreement, which fully sets out the terms of the settlement, is attached hereto as Exhibit "2."

## III.    <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

### A.    <u>The Court Can Approve the Settlement Agreements</u>

Federal Rule of Bankruptcy Procedure ("FRBP") 9019(a) provides, in part, that a court may approve a compromise per motion by the trustee and after a hearing on notice to the debtor, all creditors, and all interested parties.  The standard to be applied to the approval of a settlement includes the probability of success of any litigation, the difficulties in collection on a judgment, the complexity of the matter, the expense, inconvenience or delay occasioned by resolution through litigation, and interests of creditors, and the reasonableness of the compromise.  *In re A & C Properties,* 784 F.2d 1377, 1380-81 (9th Cir. 1986).

"The bankruptcy court has great latitude in approving compromising agreements." *See id.*  In approving a settlement agreement, the court must find that it is fair and equitable and the product of good-faith negotiations.  *See id.*  Generally speaking, the court may defer to the business judgment of the debtor-in-possession or trustee in deciding whether to settle a matter.  *See In re Mickey Thompson Entertainment Group, Inc.,* 292 B.R. 415, 420 (B.A.P. 9th Cir. 2003).  The court need not conclude that the proposed settlement is the best possible compromise, but only that the settlement is "within the reasonable range of litigation possibilities."  *See In re World Health Alternatives, Inc.,* 344 B.R. 291, 296 (Bankr. D. Del. 2006).  Similarly, the court need not,

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel  714 445-1000  •  Fax 714 445-1002

1    and should not conduct a "mini-trial" on the compromised claims but simply determine

2    that disputes related to those claims exist.  *See In re Schmitt,* 215 B.R. 417, 423 (B.A.P.

3    9th Cir. 1997) ("When assessing a compromise, courts need not rule upon disputed facts

4    and questions of law, but rather only canvass the issues.  A mini-trial on the merits is not

5    required."); *see also, In re Hermitage Inn, Inc.,* 66 B.R. 71, 72 (Bankr. D. Colo. 1986)

6    ("[T]he court's assessment does not require resolution of the issues, but only their

7    identification, so that the reasonableness of the settlement may be evaluated.").  It is

8    enough that the court conclude the probability of success is uncertain.  *See, e.g., In re*

9    *America West Airlines, Inc.,* 214 B.R. 382, 386 (Bankr. D. Ariz. 1997).

10         **B.    The Settlements are Fair and Reasonable**

11         The settlements are reasonable and in the best interest of the Debtor's Estate.

12    The Estate will be allocated 30% of ELL's contingency fee in the Paredes Case and 35%

13    of ELL's contingency fee in the Thompson Case, or $30,600.00 and $126,000.00,

14    respectively, for a total of $156,600.00.  The Estate will also receive a total of $80,693.58

15    as reimbursement for costs expended in both cases.

16         This result benefits the Estate.  The Paredes Case was filed in December 2018.

17    Lira substituted in as new counsel in the Paredes Case in June of 2020 and subsequently

18    negotiated a settlement of the case.  In the Thompson Case, the Debtor was Thompson's

19    counsel of record for approximately two years, until Lira substituted in as counsel in June

20    of 2020.  Subsequently, Lira negotiated a settlement of the case.

21         The compromises between the Trustee and Lira involved several rounds of

22    negotiations.  The Trustee believes that the compromises are fair and reasonable for the

23    reasons stated below.

24         The Trustee negotiated these settlements to minimize the risks and costs

25    associated with possible litigation if the parties were unable to arrive at an equitable

26    resolution.  In the absence of a consensual resolution, the Estate would have to litigate its

27    quantum meruit claim for fees and costs.  The litigation would be time consuming and

28    would require a significant expenditure of the Estate's resources.  The Trustee believes

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

1   that the upside is marginal even if the Trustee were to be successful in the litigation.

2   Moreover, no litigation is without risk.  The Trustee evaluated the potential strengths and

3   weaknesses of the Estate's position in the litigation and negotiated the settlement

4   described in this Motion in an effort to maximize the return to creditors.

5       The compromise was entered into in good faith and was negotiated at arm's

6   length.

7

8   **IV.    <u>CONCLUSION</u>**

9       For these reasons, the Trustee respectfully requests that the Court enter an order

10  providing for the following relief:

11      1.    Granting the Motion;

12      2.    Authorizing the Trustee to enter into the Paredes Agreement;

13      3.    Authorizing the Trustee to enter into the Thompson Agreement;

14      4.    Approving the terms of the Paredes Agreement, a copy of which is attached

15  hereto as Exhibit "1";

16      5.    Approving the terms of the Thompson Agreement, a copy of which is

17  attached hereto as Exhibit "2";

18      6.    Authorizing the Trustee to execute any documents or take any actions

19  reasonably necessary to effectuate the terms of the Paredes Agreement and the

20  Thompson Agreement;

21      7.    For such other relief as the Court may deem just and necessary.

22

23  DATED:  February 16, 2021          Respectfully submitted,

24                                     SMILEY WANG-EKVALL, LLP

25

26                                     By:    */s/ Lei Lei Wang Ekvall*
                                            LEI LEI WANG EKVALL
27                                          Attorneys for Elissa D. Miller,
                                            Chapter 7 Trustee
28

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

1

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

## **DECLARATION OF ELISSA D. MILLER**

2

3          I, Elissa D. Miller, declare as follows:

4          1.          I am the duly appointed Chapter 7 Trustee in the bankruptcy case of Girardi

5    Keese.  I am also a partner at the law firm SulmeyerKupetz.  I know each of the following

6    facts to be true of my own personal knowledge, except as otherwise stated and, if called

7    as a witness, I could and would competently testify with respect thereto.  I make this

8    declaration in support of the *Motion for Order Authorizing Compromise of Controversy*

9    *with Engstrom, Lipscomb & Lack Regarding Distribution of Settlement Funds Pursuant to*

10   *Federal Rule of Bankruptcy Procedure 9019* (the "Motion").  Unless otherwise defined in

11   this declaration, all terms defined in the Motion are incorporated herein by this reference.

12         2.          I am informed that David R. Lira ("Lira"), an attorney formerly practicing with

13   Girardi Keese (the "Debtor"), was the attorney primarily responsible for several cases that

14   were being prosecuted by the Debtor.  In June of 2020, Lira left the Debtor and initially

15   joined Johnston & Hutchison, LLP, and subsequently joined Engstrom, Lipscomb & Lack

16   ("ELL").

17         3.          Based on a review of the relevant dockets, the Debtor was lead counsel in

18   a case pending in San Bernardino County Superior Court entitled *Paredes v. Honda*

19   *Motor Co. Ltd., et al,* Case No. CIVDS1831537 (the "Paredes Case") and a case pending

20   Riverside County Superior Court entitled *Thompson v. Troy Lee Designs, LLC,* Case

21   No. RIC1810760 (the "Thompson Case").  On June 17, 2020, the Debtor substituted out

22   and Lira's new firm substituted in as counsel in both the Paredes Case and the

23   Thompson Case.  Both cases were contingency fee cases.

24         4.          On July 27, 2020, the Debtor filed a *Notice of Lien for Attorneys' Fees and*

25   *Costs* in the Paredes Case (the "Paredes Lien"), and on July 8, 2020, the Debtor filed a

26   *Notice of Lien for Attorneys' Fees and Costs* in the Thompson Case (the "Thompson

27   Lien").  Each lien was based on principles of quantum meruit for work performed prior to

28   the substitution.

5.      Lira informed me that he recently settled both the Paredes Case and the Thompson Case.  The compromise which is the subject of the Motion, resolves how to allocate ELL's share of the contingency fees between ELL and the Debtor in order to compensate the Debtor for services rendered and costs advanced prior to it being substituted out.  Copies of the Paredes Agreement and Thompson Agreement are attached hereto as Exhibits "1" and "2," respectively.

6.      I believe the settlements are reasonable and in the best interest of the Debtor's Estate.  The Estate will be allocated 30% of ELL's contingency fee in the Paredes Case and 35% of ELL's contingency fee in the Thompson Case, or $30,600.00 and $126,000.00, respectively, for a total of $156,600.00.  The Estate will also receive a total of $80,693.58 as reimbursement for costs expended in both cases.  Lira and I reached the compromises after several rounds of negotiations.  I believe that the compromises are fair and reasonable.

7.      I negotiated these settlements to minimize the risks and costs associated with possible litigation if the parties were unable to arrive at an equitable resolution.  In the absence of a consensual resolution, the Estate would have to litigate its quantum meruit claim for fees and costs.  The litigation would be time consuming and would require a significant expenditure of the Estate's resources.

8.      I believe that the upside may be marginal even if the Estate were to be successful in the litigation.  Moreover, no litigation is without risk.  I evaluated the potential strengths and weaknesses of the Estate's position in the litigation and negotiated the settlement described in the Motion in an effort to maximize the return to creditors.  The compromise was entered into in good faith and was negotiated at arm's length.

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

1    I declare under penalty of perjury under the laws of the United States of America

2    that the foregoing is true and correct.

3    Executed on this __12__ day of February, 2021, at _Los Angeles, CA_____, California.

4

5    _____
     ELISSA D. MILLER

6

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

# EXHIBIT "1"

## SETTLEMENT AGREEMENT

THIS SETTLEMENT AGREEMENT ("Agreement") is entered into by and between ELISSA D. MILLER, solely in her capacity as trustee of the estate of Girardi Keese (the "Debtor"), ENGSTROM, LIPSCOMB & LACK ("ELL"), JOHNSTON & HUTCHISON, LLP ("J&H"), and POCRASS DE LOS REYES ("PDLR").  The Trustee, ELL, J&H, and PDLR may hereinafter be referred to individually as a "Party" and collectively as the "Parties."

## RECITALS

A.    On December 18, 2020 (the "Petition Date"), an involuntary chapter 7 bankruptcy petition was filed against the Girardi Keese (the "Debtor") commencing Case No. 2:20-bk-21022-BR in the U.S. Bankruptcy Court for the Central District of California ("Bankruptcy Court") .  The Order for Relief was entered on January 13, 2021, and the Trustee was appointed and accepted her appointment.

B.    Prior to the Petition Date, PDLR commenced an action in the San Bernardino County Superior Court on behalf of plaintiff Maria del Carmen Paredes Contreras ("Plaintiff") entitled *Paredes v. Honda Motor Co. Ltd., et al,* Case No. CIVDS1831537 (the "Case").  PDLR and the Plaintiff entered into an Attorney/Client Contingency Fee Agreement whereby PDLR would receive a percentage of the gross amount of any recovery obtained after the filing of the complaint (the "Contingency Fee").

C.    In February 2018, PDLR associated the Debtor to act as lead counsel to prosecute the Case.  PDLR and the Debtor agreed to a 40/60 split of the Contingency Fee, with PDLR receiving 40% and the Debtor receiving 60%.  The Debtor was to advance all costs.

D.    David R. Lira ("Lira") was the attorney primarily responsible at the Debtor for prosecuting the Case on the Plaintiff's behalf.  In June of 2020, Lira left the Debtor and joined J&H.  Plaintiff elected to have Lira and his new firm represent her.

E.    After leaving the Debtor, Lira joined J&H.  On June 17, 2020, the Debtor substituted out and J&H substituted in as counsel of record in the Case.

F.    In December 2020, Lira joined ELL, and J&H and Lira entered into a separation agreement which sets out the terms of Lira's separation.  J&H has waived any rights to compensation on account of the Case.

G.    On July 27, 2020, the Debtor filed a *Notice of Lien for Attorneys' Fees and Costs* asserting a lien against any recovery in the Case based on principles of *quantum meruit* and for any costs expended by the Debtor (the "Debtor's Lien)*.*

H.    In December 2020, ELL settled the Case pursuant to a confidential settlement agreement.  Based on the confidential settlement amount, the Contingency Fee is $170,000.00, to be split $68,000.00 to PDLR (40%) and $102,000.00 to ELL (60%).

I.      The Trustee and ELL have reached an agreement with respect to the release of the Debtor's Lien and the allocation of ELL's portion of the Contingency Fee and for the reimbursement costs.

NOW THEREFORE, in consideration of the foregoing recitals and the mutual covenants, conditions, promises, and agreements contained herein, and for other good and valuable consideration, the receipt of which is hereby acknowledged, the Parties agree as follows:

## ARTICLE 1
## APPROVAL ORDER AND BINDING EFFECT

**1.1.    Binding Effect.**  This Agreement shall become effective and binding only upon entry by the Bankruptcy Court of a final order approving the Agreement (the "Approval Order"). The Approval Order is "final" after it is entered unless an appeal is timely filed and a stay pending appeal is obtained.  In the event of a timely-filed appeal and stay, the order shall become final if and when the appeal is resolved in favor of the Trustee.  In the event the stay pending appeal is lifted prior to the resolution of the appeal, the order shall become final upon the lifting of the stay pending appeal.  The "Effective Date" of this Agreement shall be the first business day after the Approval Order becomes final.

**1.2.    Court Approval.**  Upon execution of this Agreement by the Parties, the Trustee will promptly file a motion to approve this Agreement with the Bankruptcy Court.  The Trustee shall use her best efforts to obtain the Bankruptcy Court's approval of the motion and this Agreement, and the Parties shall cooperate in this regard and in defending against an appeal of the Court's approval of the Motion.

**1.3.    Termination of Agreement.**  In the event that this Agreement is not approved by the Bankruptcy Court with a final Approval Order, with the exception of Article I of this Agreement, this Agreement shall become null and void and of no force or effect.

## ARTICLE 2
## TERMS OF SETTLEMENT

**2.1.    Allocation of ELL's Share of the Contingency Fee.**  ELL's share of the Contingency Fee shall be allocated $30,600.00 to the Trustee (30%), on behalf of the Estate, and $71,400.00 (70%) to ELL.

**2.2.    Reimbursement of Costs.**  The Estate will receive $31,807.90 as reimbursement for costs advanced in connection with the Case.  ELL will receive $9,041.53 as reimbursement for costs advanced in the Case.

**2.3.    Withdrawal of Lien.**  The Debtor's Lien shall be deemed released concurrently with the Trustee's receipt in good certified funds of the fees allocated to the Estate in the amount of $30,600.00 and reimbursement of costs to the Estate in the amount of $31,807.90, for a total sum of $62,407.90.

2855406.5

2

## ARTICLE 3
## REPRESENTATIONS AND WARRANTIES

**3.1.     No Undisclosed Inducements.**  The Parties represent that they have entered into this Agreement in reliance on their own investigation and that no representations, warranties, or promises other than those set forth in this Agreement were made by the Parties or their agents, employees, or counsel to induce either Party to enter into this Agreement.

**3.2.     Representation by Counsel.**  Each Party represents that he or she has obtained independent legal advice with respect to this Agreement, the subject matter of this Agreement, the facts referred to above, and any rights or asserted rights arising therefrom.  The Parties acknowledge that they are executing this Agreement voluntarily, without any duress or undue influence.

**3.3.     Authority to Execute Agreement.**  The Parties warrant and represent that they are authorized to execute this Agreement on behalf of the respective parties and in their respective capacities as indicated below, provided however that the Trustee's execution of this Agreement is specifically subject to the approval of the Bankruptcy Court as provided for herein.

## ARTICLE 4
## RELEASE OF CLAIMS

**4.1.     Release of Claims by the Trustee.**  Except as otherwise provided in this Agreement, and effective only upon (a) approval of the Agreement by the Bankruptcy Court, and (b) receipt of the Estate's allocation of the Contingency Fee and reimbursement of agreed-upon costs, the Trustee, for and on behalf of the Estate and her successors (collectively, the "Releasing Parties") shall release and discharge ELL from any and all claims, demands, controversies, actions, causes of action, suits, proceedings, obligations, liabilities, fines, penalties, costs, expenses, attorneys' fees, and damages of whatsoever character, nature, or kind, in law or in equity, whether known or unknown, fixed or contingent, and liquidated or unliquidated, relating to the Case.

**4.2.     Release of Claims by ELL.**  Except as otherwise provided in this Agreement, ELL, for itself and its successors, assigns, grantees, and affiliates (collectively, "ELL's Releasing Parties"), shall release and discharge any and all claims or interests which ELL's Releasing Parties may now own or hold, or may have previously owned or held, or may in the future own or hold, against the Trustee and the Estate and their respective agents, attorneys, and employees from any and all claims, demands, controversies, actions, causes of action, suits, proceedings, obligations, liabilities, fines, penalties, costs, expenses, attorneys' fees, and damages of whatsoever character, nature, or kind, in law or in equity, whether known or unknown, fixed or contingent, and liquidated or unliquidated, which relate to the Case.

**4.3.     Release of Claims by J&H and PDLR.**  Except as otherwise provided in this Agreement, J&H and PDLR, for themselves and their successors, assigns, grantees, and affiliates (collectively, the "Other Releasing Parties"), shall release and discharge any and all claims or interests which the Other Releasing Parties may now own or hold, or may have previously owned or held, or may in the future own or hold, against the Trustee and the Estate, and their

respective agents, attorneys, and employees from any and all claims, demands, controversies, actions, causes of action, suits, proceedings, obligations, liabilities, fines, penalties, costs, expenses, attorneys' fees, and damages of whatsoever character, nature, or kind, in law or in equity, whether known or unknown, fixed or contingent, and liquidated or unliquidated, which relate to the Case.

    **4.4.**    **Waiver of Section 1542.**  The Parties recognize, acknowledge, and waive the provisions of California Civil Code Section 1542 which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

> In waiving the provisions of Section 1542 of the California Civil Code, the Parties acknowledge that they may hereafter discover facts in addition to or different than those which it now believes to be true with respect to the matters each has respectively released herein, but agree that they have taken that possibility into account in reaching this settlement, and the respective releases given herein shall remain in effect as full and complete releases notwithstanding the discovery or existence of such additional or different facts, as to which the Parties expressly assume the risk.

### ARTICLE 5
### <u>GENERAL PROVISIONS</u>

    **5.1.**    **Integration.**  This Agreement sets forth the entire agreement between the Parties with regard to the subject matter hereof and no change, modification, amendment, termination or discharge of this Agreement shall be binding unless made in writing and executed by each of the parties.  All agreements, covenants, representations and warranties, express or implied, oral and written, of the parties with regard to the subject matter hereof, are contained in this Agreement and the documents referred to herein or implementing the provisions hereof.  No other agreements, covenants, representations or warranties, express or implied, oral or written, have been made by any party to another party with respect to the subject matter of this Agreement. All prior and contemporaneous conversations, negotiations, possible and alleged agreements and representations, covenants and warranties with respect to the subject matter hereof are waived, merged herein, and superseded hereby and thereby.

    **5.2.**    **No Third-Party Beneficiaries.**  This Agreement is not for the benefit of any person who is not a party signatory to this Agreement or who is not specifically named as a beneficiary in this Agreement, and the provisions of this Agreement are not intended to affect the rights of any party or non-party against any person or entity who is not a party signatory to this Agreement or who is not specifically named as a beneficiary in this Agreement.

    **5.3.**    **Attorneys' Fees.**  With respect to any suit or proceeding involving the enforcement of this Agreement, including, but not limited to, instituting any action or proceeding

to enforce any provisions of this Agreement, to prevent a breach of this Agreement, for damages by reason of any alleged breach of any provisions of this Agreement, or for a declaration of a Party's rights or obligations under this Agreement, the ultimate prevailing Party shall be entitled to recover from the losing Party or Parties, in addition to such other relief as may be granted, his/her reasonable attorneys' fees (other than the attorneys' fees and costs to prepare this Agreement and seek Bankruptcy Court approval of this Agreement).

     **5.4.**    **Survival.**  It is expressly understood and agreed by each of the Parties that nothing provided for in this Agreement is intended to nor does it release any claims arising out of breach of this Agreement, or any representations contained herein or made in connection herewith.  All representations, warranties and covenants herein shall survive the execution of this Agreement.

     **5.5.**    **Further Documentation.**  Following the date hereof, the parties must take such action and execute and deliver such further documents as may be reasonably necessary or appropriate to effectuate the intention of this Agreement.

     **5.6.**    **Governing Law.**  This Agreement and the rights and obligations of the parties hereunder shall be construed, interpreted and enforced in accordance with the laws of the State of California.

     **5.7.**    **Jurisdiction.**  In the event a dispute arises under this Agreement, the Bankruptcy Court shall have exclusive jurisdiction to interpret and enforce this Agreement.

     **5.8.**    **Interpretation.**  This Agreement shall be treated as jointly drafted and will not be construed against any Party as drafter.  Furthermore, in the event of any ambiguity in or dispute regarding the interpretation of this Agreement, the interpretation will not be resolved by any rule of interpretation providing for interpretation against the Party who causes the uncertainty to exist or against the draftsperson.

     **5.9.**    **Meaning of Pronouns and Effect of Headings.**  As used in the Agreement and attached exhibits, the masculine, feminine and/or neuter gender, in the singular or plural, shall be deemed to include the others whenever the text so requires.  The captions and paragraph headings in the Agreement are inserted solely for convenience or reference and shall not restrict, limit or otherwise affect the meaning of the Agreement.

     **5.10.**    **Counterparts and Electronic Signatures.**  This Agreement may be executed in multiple counterpart copies, each of which shall be deemed an original, but all of which together shall constitute one agreement.  A signature sent and received by facsimile or other electronic means shall constitute an original signature for purposes of this Agreement.  An electronic signature shall constitute an original signature for purposes of this Agreement.

     **5.11.**    **Severability.**  In the event that any covenant, condition or other provision contained in this Agreement is held to be invalid, void or illegal by any court of competent jurisdiction, the same shall be deemed severable from the remainder of this Agreement and shall in no way affect, impair or invalidate any other covenant, condition or other provision contained herein, so long as such severance does not materially affect the consideration given or received herein or the general intent hereof.  If such condition, covenant or other provision shall be

deemed invalid due to its scope or breadth, such covenant, condition or other provision shall be deemed valid to the extent that the scope or breadth is permitted by law.

**5.12.    Waiver.**  No breach of any provision herein can be waived unless in writing. Waiver of any one breach of any provision hereof shall not be deemed to be a waiver of any other breach of the same or any other provision hereof.  No failure or delay on the part of any Party to exercise any right hereunder, nor any other indulgence of such Party, shall operate as a waiver of any other rights hereunder, nor shall any single exercise by any Party of any right hereunder preclude any other or further exercise thereof.  The rights and remedies herein provided are cumulative and not exclusive of any right or remedies provided by law.

**5.13.    Binding on Successors.**  This Agreement shall be binding upon and inure to the benefit of the successors, assigns, heirs, executors, administrators, etc. of each of the Parties, including but not limited to any successor trustee and the Debtor after the case is dismissed or closed.

**5.14.    No Assignments or Delegation of Rights.**  Neither Party hereto has assigned or delegated any rights to any other party or person any of the rights or interests related to any claim which may be subject to the terms of this Agreement.

**5.15.    Further Assurances.**  The Parties shall take all further acts and sign all further documents necessary or convenient to effectuate the purpose of this Agreement.

**5.16.    Full Authority to Sign Agreement.**  Any individual signing on behalf of any Party hereto expressly represents and warrants to each other Party that he or she has full authority to do so and to bind such Party hereto and, in the case of the Trustee, to bind the Estate, subject only to approval of the Bankruptcy Court.

**5.17.    Parties to Bear Own Costs.**  Each party shall be responsible for the payment of its own costs, attorneys' fees, and all other expenses in connection with negotiation, preparation, execution, and approval of this Agreement.

**5.18.    Recitals Acknowledged.**  The Recitals are true and correct to the best of the Parties' knowledge, and hereby adopted by the Parties.

**5.19.    Notices.**  Any notice by any Party to any other Party may be made by e-mail and delivered to the other Party at the address below until written notice of a different email address is given by the Party.  Any payments to be made pursuant to this Agreement shall be deemed made only upon actual receipt.

<u>To the Trustee</u>:

Elissa D. Miller, Bankruptcy Trustee for Girardi Keese
c/o SulmeyerKupetz
333 S Grand Avenue, Suite 3400
Los Angeles, CA  90071
emiller@sulmeyerlaw.com

with copies to:

Lei Lei Wang Ekvall
Philip E. Strok
Smiley Wang-Ekvall, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, CA  92626
lekvall@swelawfirm.com
pstrok@swelawfirm.com

<u>To ELL</u>:

David R. Lira
Engstrom, Lipscomb & Lack
10100 Santa Monica Boulevard, 12th Floor
Los Angeles, CA  90067
ddlira@elllaw.com

<u>To J&H</u>:

Thomas J. Johnson
Johnston & Hutchinson, LLP
350 S. Grand Avenue, Suite 2220
Los Angeles, CA  90071
tjj@johnstonhutchinson.com

<u>To PDLR</u>:

Anthony De Los Reyes
Pocrass & De Los Reyes LLP
1875 Century Park East, Suite 1750
Los Angeles, CA  90067
tony@procrass.com

EXHIBIT "1," PAGE 17

IN WITNESS WHEREOF, the Parties hereto hereby execute this Settlement Agreement as of the date of final signature below.

DATED:  February 16 , 2021

_____
ELISSA D. MILLER, solely in her capacity as
Chapter 7 Trustee of the Estate

DATED:  February ___, 2021        ENGSTROM, LIPSCOMB & LACK

By: _____
DAVID R. LIRA

DATED:  February ___, 2021        JOHNSTON & HUTCHINSON, LLP

By: _____
THOMAS J. JOHNSTON

DATED:  February ___, 2021        POCRASS & DE LOS REYES, LLP

By: _____
ANTHONY DE LOS REYES

IN WITNESS WHEREOF, the Parties hereto hereby execute this Settlement Agreement as of the date of final signature below.

DATED: February ___, 2021

_____
ELISSA D. MILLER, solely in her capacity as
Chapter 7 Trustee of the Estate

DATED: February **12**, 2021          ENGSTROM, LIPSCOMB & LACK

By: _____
DAVID R. LIRA

DATED: February ___, 2021          JOHNSTON & HUTCHINSON, LLP

By: _____
THOMAS J. JOHNSTON

DATED: February _12_, 2021          POCRASS & DE LOS REYES, LLP

By: _____
ANTHONY DE LOS REYES

2855406.5                                    8

IN WITNESS WHEREOF, the Parties hereto hereby execute this Settlement Agreement as of the date of final signature below.

DATED: February ___, 2021


_____
ELISSA D. MILLER, solely in her capacity as
Chapter 7 Trustee of the Estate

DATED: February ___, 2021  ENGSTROM, LIPSCOMB & LACK


By: _____
  DAVID R. LIRA

DATED: February 12, 2021  JOHNSTON & HUTCHINSON, LLP


By: _____*Thomas J. Johnston*_____
  THOMAS J. JOHNSTON

DATED: February ___, 2021  POCRASS & DE LOS REYES, LLP


By: _____
  ANTHONY DE LOS REYES

2855406.5          8

# EXHIBIT "2"

# SETTLEMENT AGREEMENT

THIS SETTLEMENT AGREEMENT ("Agreement") is entered into by and between ELISSA D. MILLER, solely in her capacity as trustee of the estate of Girardi Keese (the "Debtor"), ENGSTROM, LIPSCOMB & LACK ("ELL"), JOHNSTON & HUTCHISON, LLP ("J&H"), and POCRASS DE LOS REYES ("PDLR").  The Trustee, ELL, J&H, and PDLR may hereinafter be referred to individually as a "Party" and collectively as the "Parties."

## RECITALS

A.      On December 18, 2020 (the "Petition Date"), an involuntary chapter 7 bankruptcy petition was filed against the Girardi Keese (the "Debtor") commencing Case No. 2:20-bk-21022-BR in the U.S. Bankruptcy Court for the Central District of California ("Bankruptcy Court") .  The Order for Relief was entered on January 13, 2021, and the Trustee was appointed and accepted her appointment.

B.      Prior to the Petition Date, PDLR commenced an action in the Riverside County Superior Court on behalf of plaintiffs Larry Thompson and Carolyn Thompson (collectively, "Plaintiff") entitled *Thompson v. Troy Lee Designs, LLC,* Case No. RIC1810760 (the "Case"). PDLR and the Plaintiff entered into an Attorney/Client Contingency Fee Agreement whereby PDLR would receive a percentage of the gross amount of any recovery obtained after the filing of the complaint (the "Contingency Fee").

C.      In November 2018, PDLR associated the Debtor to act as lead counsel to prosecute the Case.  PDLR and the Debtor agreed to a 40/60 split of the Contingency Fee, with PDLR receiving 40% and the Debtor receiving 60%.  The Debtor was to advance all costs.

D.      David R. Lira ("Lira") was the attorney primarily responsible at the Debtor for prosecuting the Case on the Plaintiff's behalf.  In June of 2020, Lira left the Debtor and joined J&H.  Plaintiff elected to have Lira and his new firm represent her.

E.      After leaving the Debtor, Lira joined J&H.  On June 17, 2020, the Debtor substituted out and J&H substituted in as counsel of record in the Case.

F.      In December 2020, Lira joined ELL, and J&H and Lira entered into a separation agreement which sets out the terms of Lira's separation.  J&H has waived any rights to compensation on account of the Case.

G.      On July 8, 2020, the Debtor filed a *Notice of Lien for Attorneys' Fees and Costs* asserting a lien against any recovery in the Case based on principles of *quantum meruit* and for any costs expended by the Debtor (the "Debtor's Lien").

H.      In December 2020, ELL settled the Case pursuant to a confidential settlement agreement.  Based on the confidential settlement amount, the Contingency Fee is $600,000.00, to be split $240,000.00 to PDLR (40%) and $360,000.00 to ELL (60%).

EXHIBIT "2," PAGE 21

I.      The Trustee and ELL have reached an agreement with respect to the release of the Debtor's Lien and the allocation of ELL's portion of the Contingency Fee and for the reimbursement costs.

NOW THEREFORE, in consideration of the foregoing recitals and the mutual covenants, conditions, promises, and agreements contained herein, and for other good and valuable consideration, the receipt of which is hereby acknowledged, the Parties agree as follows:

## ARTICLE 1
## APPROVAL ORDER AND BINDING EFFECT

**1.1.     Binding Effect.**  This Agreement shall become effective and binding only upon entry by the Bankruptcy Court of a final order approving the Agreement (the "Approval Order"). The Approval Order is "final" after it is entered unless an appeal is timely filed and a stay pending appeal is obtained.  In the event of a timely-filed appeal and stay, the order shall become final if and when the appeal is resolved in favor of the Trustee.  In the event the stay pending appeal is lifted prior to the resolution of the appeal, the order shall become final upon the lifting of the stay pending appeal.  The "Effective Date" of this Agreement shall be the first business day after the Approval Order becomes final.

**1.2.     Court Approval.**  Upon execution of this Agreement by the Parties, the Trustee will promptly file a motion to approve this Agreement with the Bankruptcy Court.  The Trustee shall use her best efforts to obtain the Bankruptcy Court's approval of the motion and this Agreement, and the Parties shall cooperate in this regard and in defending against an appeal of the Court's approval of the Motion.

**1.3.     Termination of Agreement.**  In the event that this Agreement is not approved by the Bankruptcy Court with a final Approval Order, with the exception of Article I of this Agreement, this Agreement shall become null and void and of no force or effect.

## ARTICLE 2
## TERMS OF SETTLEMENT

**2.1.     Allocation of ELL's Share of the Contingency Fee.**  ELL's share of the Contingency Fee shall be allocated $126,000.00 to the Trustee (35%), on behalf of the Estate, and $234,000.00 (65%) to ELL.

**2.2.     Reimbursement of Costs.**  The Estate will receive $48,885.68 as reimbursement for costs advanced in connection with the Case.  ELL will receive $21,411.25 as reimbursement for costs advanced in the Case.

**2.3.     Withdrawal of Lien.**  The Debtor's Lien shall be deemed released concurrently with the Trustee's receipt in good certified funds of the fees allocated to the Estate in the amount of $126,000.00 and reimbursement of costs to the Estate in the amount of $48,885.68, for a total sum of $174,885.68.

2855956.2                                    2

## ARTICLE 3
## REPRESENTATIONS AND WARRANTIES

**3.1.    No Undisclosed Inducements.**  The Parties represent that they have entered into this Agreement in reliance on their own investigation and that no representations, warranties, or promises other than those set forth in this Agreement were made by the Parties or their agents, employees, or counsel to induce either Party to enter into this Agreement.

**3.2.    Representation by Counsel.**  Each Party represents that he or she has obtained independent legal advice with respect to this Agreement, the subject matter of this Agreement, the facts referred to above, and any rights or asserted rights arising therefrom.  The Parties acknowledge that they are executing this Agreement voluntarily, without any duress or undue influence.

**3.3.    Authority to Execute Agreement.**  The Parties warrant and represent that they are authorized to execute this Agreement on behalf of the respective parties and in their respective capacities as indicated below, provided however that the Trustee's execution of this Agreement is specifically subject to the approval of the Bankruptcy Court as provided for herein.

## ARTICLE 4
## RELEASE OF CLAIMS

**4.1.    Release of Claims by the Trustee.**  Except as otherwise provided in this Agreement, and effective only upon (a) approval of the Agreement by the Bankruptcy Court, and (b) receipt of the Estate's allocation of the Contingency Fee and reimbursement of agreed-upon costs, the Trustee, for and on behalf of the Estate and her successors (collectively, the "Releasing Parties") shall release and discharge ELL from any and all claims, demands, controversies, actions, causes of action, suits, proceedings, obligations, liabilities, fines, penalties, costs, expenses, attorneys' fees, and damages of whatsoever character, nature, or kind, in law or in equity, whether known or unknown, fixed or contingent, and liquidated or unliquidated, relating to the Case.

**4.2.    Release of Claims by ELL.**  Except as otherwise provided in this Agreement, ELL, for itself and its successors, assigns, grantees, and affiliates (collectively, "ELL's Releasing Parties"), shall release and discharge any and all claims or interests which ELL's Releasing Parties may now own or hold, or may have previously owned or held, or may in the future own or hold, against the Trustee and the Estate and their respective agents, attorneys, and employees from any and all claims, demands, controversies, actions, causes of action, suits, proceedings, obligations, liabilities, fines, penalties, costs, expenses, attorneys' fees, and damages of whatsoever character, nature, or kind, in law or in equity, whether known or unknown, fixed or contingent, and liquidated or unliquidated, which relate to the Case.

**4.3.    Release of Claims by J&H and PDLR.**  Except as otherwise provided in this Agreement, J&H and PDLR, for themselves and their successors, assigns, grantees, and affiliates (collectively, the "Other Releasing Parties"), shall release and discharge any and all claims or interests which the Other Releasing Parties may now own or hold, or may have previously owned or held, or may in the future own or hold, against the Trustee and the Estate, and their

respective agents, attorneys, and employees from any and all claims, demands, controversies, actions, causes of action, suits, proceedings, obligations, liabilities, fines, penalties, costs, expenses, attorneys' fees, and damages of whatsoever character, nature, or kind, in law or in equity, whether known or unknown, fixed or contingent, and liquidated or unliquidated, which relate to the Case.

**4.4.    Waiver of Section 1542.**  The Parties recognize, acknowledge, and waive the provisions of California Civil Code Section 1542 which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

> In waiving the provisions of Section 1542 of the California Civil Code, the Parties acknowledge that they may hereafter discover facts in addition to or different than those which it now believes to be true with respect to the matters each has respectively released herein, but agree that they have taken that possibility into account in reaching this settlement, and the respective releases given herein shall remain in effect as full and complete releases notwithstanding the discovery or existence of such additional or different facts, as to which the Parties expressly assume the risk.

### ARTICLE 5
### GENERAL PROVISIONS

**5.1.    Integration.**  This Agreement sets forth the entire agreement between the Parties with regard to the subject matter hereof and no change, modification, amendment, termination or discharge of this Agreement shall be binding unless made in writing and executed by each of the parties.  All agreements, covenants, representations and warranties, express or implied, oral and written, of the parties with regard to the subject matter hereof, are contained in this Agreement and the documents referred to herein or implementing the provisions hereof.  No other agreements, covenants, representations or warranties, express or implied, oral or written, have been made by any party to another party with respect to the subject matter of this Agreement. All prior and contemporaneous conversations, negotiations, possible and alleged agreements and representations, covenants and warranties with respect to the subject matter hereof are waived, merged herein, and superseded hereby and thereby.

**5.2.    No Third-Party Beneficiaries.**  This Agreement is not for the benefit of any person who is not a party signatory to this Agreement or who is not specifically named as a beneficiary in this Agreement, and the provisions of this Agreement are not intended to affect the rights of any party or non-party against any person or entity who is not a party signatory to this Agreement or who is not specifically named as a beneficiary in this Agreement.

**5.3.    Attorneys' Fees.**  With respect to any suit or proceeding involving the enforcement of this Agreement, including, but not limited to, instituting any action or proceeding

2855956.2                                        4

to enforce any provisions of this Agreement, to prevent a breach of this Agreement, for damages by reason of any alleged breach of any provisions of this Agreement, or for a declaration of a Party's rights or obligations under this Agreement, the ultimate prevailing Party shall be entitled to recover from the losing Party or Parties, in addition to such other relief as may be granted, his/her reasonable attorneys' fees (other than the attorneys' fees and costs to prepare this Agreement and seek Bankruptcy Court approval of this Agreement).

 **5.4.** **Survival.**  It is expressly understood and agreed by each of the Parties that nothing provided for in this Agreement is intended to nor does it release any claims arising out of breach of this Agreement, or any representations contained herein or made in connection herewith.  All representations, warranties and covenants herein shall survive the execution of this Agreement.

 **5.5.** **Further Documentation.**  Following the date hereof, the parties must take such action and execute and deliver such further documents as may be reasonably necessary or appropriate to effectuate the intention of this Agreement.

 **5.6.** **Governing Law.**  This Agreement and the rights and obligations of the parties hereunder shall be construed, interpreted and enforced in accordance with the laws of the State of California.

 **5.7.** **Jurisdiction.**  In the event a dispute arises under this Agreement, the Bankruptcy Court shall have exclusive jurisdiction to interpret and enforce this Agreement.

 **5.8.** **Interpretation.**  This Agreement shall be treated as jointly drafted and will not be construed against any Party as drafter.  Furthermore, in the event of any ambiguity in or dispute regarding the interpretation of this Agreement, the interpretation will not be resolved by any rule of interpretation providing for interpretation against the Party who causes the uncertainty to exist or against the draftsperson.

 **5.9.** **Meaning of Pronouns and Effect of Headings.**  As used in the Agreement and attached exhibits, the masculine, feminine and/or neuter gender, in the singular or plural, shall be deemed to include the others whenever the text so requires.  The captions and paragraph headings in the Agreement are inserted solely for convenience or reference and shall not restrict, limit or otherwise affect the meaning of the Agreement.

 **5.10.** **Counterparts and Electronic Signatures.**  This Agreement may be executed in multiple counterpart copies, each of which shall be deemed an original, but all of which together shall constitute one agreement.  A signature sent and received by facsimile or other electronic means shall constitute an original signature for purposes of this Agreement.  An electronic signature shall constitute an original signature for purposes of this Agreement.

 **5.11.** **Severability.**  In the event that any covenant, condition or other provision contained in this Agreement is held to be invalid, void or illegal by any court of competent jurisdiction, the same shall be deemed severable from the remainder of this Agreement and shall in no way affect, impair or invalidate any other covenant, condition or other provision contained herein, so long as such severance does not materially affect the consideration given or received herein or the general intent hereof.  If such condition, covenant or other provision shall be

deemed invalid due to its scope or breadth, such covenant, condition or other provision shall be deemed valid to the extent that the scope or breadth is permitted by law.

    **5.12.  Waiver.**  No breach of any provision herein can be waived unless in writing. Waiver of any one breach of any provision hereof shall not be deemed to be a waiver of any other breach of the same or any other provision hereof.  No failure or delay on the part of any Party to exercise any right hereunder, nor any other indulgence of such Party, shall operate as a waiver of any other rights hereunder, nor shall any single exercise by any Party of any right hereunder preclude any other or further exercise thereof.  The rights and remedies herein provided are cumulative and not exclusive of any right or remedies provided by law.

    **5.13.  Binding on Successors.**  This Agreement shall be binding upon and inure to the benefit of the successors, assigns, heirs, executors, administrators, etc. of each of the Parties, including but not limited to any successor trustee and the Debtor after the case is dismissed or closed.

    **5.14.  No Assignments or Delegation of Rights.**  Neither Party hereto has assigned or delegated any rights to any other party or person any of the rights or interests related to any claim which may be subject to the terms of this Agreement.

    **5.15.  Further Assurances.**  The Parties shall take all further acts and sign all further documents necessary or convenient to effectuate the purpose of this Agreement.

    **5.16.  Full Authority to Sign Agreement.**  Any individual signing on behalf of any Party hereto expressly represents and warrants to each other Party that he or she has full authority to do so and to bind such Party hereto and, in the case of the Trustee, to bind the Estate, subject only to approval of the Bankruptcy Court.

    **5.17.  Parties to Bear Own Costs.**  Each party shall be responsible for the payment of its own costs, attorneys' fees, and all other expenses in connection with negotiation, preparation, execution, and approval of this Agreement.

    **5.18.  Recitals Acknowledged.**  The Recitals are true and correct to the best of the Parties' knowledge, and hereby adopted by the Parties.

    **5.19.  Notices.**  Any notice by any Party to any other Party may be made by e-mail and delivered to the other Party at the address below until written notice of a different email address is given by the Party.  Any payments to be made pursuant to this Agreement shall be deemed made only upon actual receipt.

<u>To the Trustee</u>:

Elissa D. Miller, Bankruptcy Trustee for Girardi Keese
c/o SulmeyerKupetz
333 S Grand Avenue, Suite 3400
Los Angeles, CA  90071
emiller@sulmeyerlaw.com

with copies to:

Lei Lei Wang Ekvall
Philip E. Strok
Smiley Wang-Ekvall, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, CA  92626
lekvall@swelawfirm.com
pstrok@swelawfirm.com

<u>To ELL</u>:

David R. Lira
Engstrom, Lipscomb & Lack
10100 Santa Monica Boulevard, 12th Floor
Los Angeles, CA  90067
ddlira@elllaw.com

<u>To J&H</u>:

Thomas J. Johnson
Johnston & Hutchinson, LLP
350 S. Grand Avenue, Suite 2220
Los Angeles, CA  90071
tjj@johnstonhutchinson.com

<u>To PDLR</u>:

Anthony De Los Reyes
Pocrass & De Los Reyes LLP
1875 Century Park East, Suite 1750
Los Angeles, CA  90067
tony@procrass.com

EXHIBIT "2," PAGE 27

IN WITNESS WHEREOF, the Parties hereto hereby execute this Settlement Agreement as of the date of final signature below.

DATED:  February  16, 2021

_____
ELISSA D. MILLER, solely in her capacity as
Chapter 7 Trustee of the Estate

DATED:  February ___, 2021          ENGSTROM, LIPSCOMB & LACK


By:  _____
DAVID R. LIRA

DATED:  February ___, 2021          JOHNSTON & HUTCHINSON, LLP


By:  _____
THOMAS J. JOHNSTON

DATED:  February ___, 2021          POCRASS & DE LOS REYES, LLP


By:  _____
ANTHONY DE LOS REYES

2855956.2                                          8

IN WITNESS WHEREOF, the Parties hereto hereby execute this Settlement Agreement as of the date of final signature below.

DATED: February ___, 2021

_____
ELISSA D. MILLER, solely in her capacity as
Chapter 7 Trustee of the Estate

DATED: February 12, 2021     ENGSTROM, LIPSCOMB & LACK

By: _____
    DAVID R. LIRA

DATED: February 12, 2021     JOHNSTON & HUTCHINSON, LLP

By: _____
    THOMAS J. JOHNSTON

DATED: February 12, 2021     POCRASS & DE LOS REYES, LLP

By: _____
    ANTHONY DE LOS REYES

2855956.2                          8

IN WITNESS WHEREOF, the Parties hereto hereby execute this Settlement Agreement as of the date of final signature below.

DATED: February ___, 2021

                                                _____

                                                ELISSA D. MILLER, solely in her capacity as
                                                Chapter 7 Trustee of the Estate

DATED: February ___, 2021         ENGSTROM, LIPSCOMB & LACK

                                          By:  _____
                                                 DAVID R. LIRA

DATED: February __12__ 2021     JOHNSTON & HUTCHINSON, LLP

                                          By:  *Thomas J. Johnston*
                                                 THOMAS J. JOHNSTON

DATED: February ___, 2021       POCRASS & DE LOS REYES, LLP

                                          By:  _____
                                                 ANTHONY DE LOS REYES

2855956.2

8

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 3200 Park Center Drive, Suite 250, Costa Mesa, CA 92626.

A true and correct copy of the foregoing document entitled (*specify*): **MOTION FOR ORDER APPROVING COMPROMISE WITH ENGSTROM, LIPSCOMB & LACK REGARDING DISTRIBUTION OF SETTLEMENT FUNDS PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF ELISSA D. MILLER IN SUPPORT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) February 17, 2021  I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page.

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*)  February 17, 2021   , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

| | |
|---|---|
| The Honorable Barry Russell<br>U.S. Bankruptcy Court<br>Roybal Federal Building<br>255 E. Temple Street, Suite 1660<br>Los Angeles, CA 90012 | David R. Lira<br>Engstrom, Lipscomb & Lack<br>10100 Santa Monica Blvd., 12th Floor<br>Los Angeles, Ca 90067<br>Ddllira@Elllaw.Com<br>Via Mail and E-Mail |

☐ Service information continued on attached page.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| February 17, 2021 | Gabriela Gomez-Cruz | */s/ Gabriela Gomez-Cruz* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                 **F 9013-3.1.PROOF.SERVICE**

ADDITIONAL SERVICE INFORMATION (if needed):

1. **SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**

- Kyra E Andrassy    kandrassy@swelawfirm.com,
  lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com
- Rafey Balabanian    , docket@edelson.com
- Michelle Balady    mb@bedfordlg.com, leo@bedfordlg.com
- Richard D Buckley    richard.buckley@arentfox.com
- Marie E Christiansen    mchristiansen@vedderprice.com, ecfladocket@vedderprice.com,marie-
  christiansen-4166@ecf.pacerpro.com
- Jennifer Witherell Crastz    jcrastz@hrhlaw.com
- Ashleigh A Danker    Ashleigh.danker@dinsmore.com,
  SDCMLFiles@DINSMORE.COM;Katrice.ortiz@dinsmore.com
- Clifford S Davidson    csdavidson@swlaw.com, jlanglois@swlaw.com;cliff-davidson-
  7586@ecf.pacerpro.com
- Lei Lei Wang Ekvall    lekvall@swelawfirm.com,
  lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com
- Richard W Esterkin    richard.esterkin@morganlewis.com
- Timothy W Evanston    tevanston@swelawfirm.com,
  gcruz@swelawfirm.com;lgarrett@swelawfirm.com;jchung@swelawfirm.com
- James J Finsten    , jimfinsten@hotmail.com
- Alan W Forsley    alan.forsley@flpllp.com, awf@fkllawfirm.com,awf@fl-
  lawyers.net,addy.flores@flpllp.com,laura.rucker@flpllp.com
- Eric D Goldberg    eric.goldberg@dlapiper.com, eric-goldberg-1103@ecf.pacerpro.com
- Andrew Goodman    agoodman@andyglaw.com, Goodman.AndrewR102467@notify.bestcase.com
- Suzanne C Grandt    suzanne.grandt@calbar.ca.gov, joan.randolph@calbar.ca.gov
- Steven T Gubner    sgubner@bg.law, ecf@bg.law
- Marshall J Hogan    mhogan@swlaw.com, knestuk@swlaw.com
- Razmig Izakelian    razmigizakelian@quinnemanuel.com
- Lewis R Landau    Lew@Landaunet.com
- Daniel A Lev    dlev@sulmeyerlaw.com, ccaldwell@sulmeyerlaw.com;dlev@ecf.inforuptcy.com
- Peter J Mastan    peter.mastan@dinsmore.com,
  SDCMLFiles@dinsmore.com;Katrice.ortiz@dinsmore.com
- Edith R Matthai    ematthai@romalaw.com
- Kenneth Miller    kmiller@pmcos.com, efilings@pmcos.com
- Elissa Miller (TR)    CA71@ecfcbis.com,
  MillerTrustee@Sulmeyerlaw.com;C124@ecfcbis.com;ccaldwell@sulmeyerlaw.com
- Eric A Mitnick    MitnickLaw@aol.com, mitnicklaw@gmail.com
- Scott H Olson    solson@vedderprice.com, scott-olson-
  2161@ecf.pacerpro.com,ecfsfdocket@vedderprice.com,nortega@vedderprice.com
- Leonard Pena    lpena@penalaw.com, penasomaecf@gmail.com;penalr72746@notify.bestcase.com
- Michael J Quinn    mquinn@vedderprice.com, ecfladocket@vedderprice.com,michael-quinn-
  2870@ecf.pacerpro.com
- Ronald N Richards    ron@ronaldrichards.com,
  morani@ronaldrichards.com,justin@ronaldrichards.com
- Philip E Strok    pstrok@swelawfirm.com,
  gcruz@swelawfirm.com;1garrett@swelawfirm.com;jchung@swelawfirm.com
- Boris Treyzon    jfinnerty@actslaw.com, sgonzales@actslaw.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Eric D Winston    ericwinston@quinnemanuel.com
- Christopher K.S. Wong    christopher.wong@arentfox.com, yvonne.li@arentfox.com
- Timothy J Yoo    tjy@lnbyb.com

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.