**SMILEY WANG-EKVALL, LLP**
Lei Lei Wang Ekvall, State Bar No. 163047
*lekvall@swelawfirm.com*
Philip E. Strok, State Bar No. 169296
*pstrok@swelawfirm.com*
Timothy W. Evanston, State Bar No. 319342
*tevanston@swelawfirm.com*
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Telephone:    714 445-1000
Facsimile:    714 445-1002

Attorneys for Elissa D. Miller, Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>GIRARDI KEESE,<br><br>                  Debtor. | Case No. 2:20-bk-21022-BR<br><br>Chapter 7<br><br>**CHAPTER 7 TRUSTEE'S STATUS REPORT ON MOTION FOR ORDER APPROVING STIPULATIONS FOR USE OF CASH COLLATERAL AND AUTHORIZING USE OF CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363 AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 4001(b) AND (d)**<br><br>Date:     March 2, 2021<br>Time:    10:00 a.m.<br>Ctrm.:   1668 via ZoomGov<br>           255 E. Temple Street<br>           Los Angeles, CA 90012<br><br>Web Address:<br>https://cacb.zoomgov.com/j/1605276951<br>Meeting ID:   1605276951<br>Password:     123456<br>Telephone:   (669) 254-5252 (San Jose)<br>                    (646) 828-7666 (New York) |

**TO THE HONORABLE BARRY RUSSELL, UNITED STATES BANKRUPTCY JUDGE, AND OTHER INTERESTED PARTIES:**

Elissa D. Miller, the chapter 7 trustee (the "Trustee") for the bankruptcy estate (the "Estate") of Girardi Keese (the "Debtor"), submits this Chapter 7 Trustee's Status Report ("Status Report") on Motion for Order Approving Stipulations for Use of Cash Collateral and Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. § 363 and Federal Rule of Bankruptcy Procedure 4001(b) and (d).  In support of the Status Report, the Trustee submits the attached declaration of Elissa D. Miller.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

On February 10, 2021, the Trustee filed her (A) *Motion for Order Approving Stipulations for Use of Cash Collateral and Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. § 363 and Federal Rule of Bankruptcy Procedure 4001(b) and (d)* (the "Motion") [Docket No. 179], and (B) *Application for Order Setting Hearings on Shortened Time for: (1) Motion for Order Approving Stipulations for Use of Cash Collateral and Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. § 363 and Federal Rule of Bankruptcy Procedure 4001(b) and (d); and (2) Motion for Order Authorizing Chapter 7 Trustee to Operate the Business of the Debtor on a Limited Basis Pursuant to 11 U.S.C. §721 Pursuant to Cash collateral Stipulation and Budget and to Retain and Pay Debtor's Former Employees as Independent Contractors in Accordance Therewith* (the "OST Application") [Docket No. 181].

The Court granted the OST Application and set a preliminary hearing on the Motion for February 16, 2021 at 2:00 p.m.  No opposition to the Motion was filed.  By order entered February 16, 2021, the Court granted the Motion on an interim basis pending the final hearing on the Motion set for March 2, 2021 at 10:00 a.m. (the "Interim Order").[1]

---

[1] Capitalized terms not otherwise defined in this Status Report shall have the meanings ascribed to them in the Motion and/or the Interim Order.

## II. STATUS REPORT

Pursuant to the Interim Order, the Trustee is authorized to use cash collateral on an interim basis in accordance with the Budget attached to the Motion as Exhibit "1," with expenditures during the Cash Collateral Period not to exceed 115% of the aggregate "High" expenditures set forth in the Budget, *i.e.*, a 15% variance. The estimated "Low" and "High" expenditures set forth in the Budget are $120,400.00 and $184,700.00, respectively.

Since entry of the Interim Order, the Trustee has made only those reasonable and necessary payments in accordance with the Budget totaling $35,823.26. The payment amounts are broken down by expense category as reflected in the "Actual" column of the Budget attached hereto as Exhibit "1." The Trustee is in compliance with the Budget and the Interim Order.

The Estate's non-client fund cash position has improved since entry of the Interim Order even after taking into account the $35,823.26 in payments made by the Trustee. This is due in part to the Debtor's attorneys' fees received by the Trustee in connection with an action commenced by the Debtor on behalf of its client entitled *Jane Doe v. Princess Cruise Lines, Ltd.*, Case No. 2:19-cv-09281-JFW-AFM (the "Litigation").[2] The Trustee expects to receive additional attorneys' fees and costs owed to the Debtor during the Cash Collateral Period.

The Trustee has not received any response or opposition to the Motion since entry of the Interim Order. Attached to this Status Report as Exhibit "2" is the proposed final order on the Trustee's Motion, which is consistent with the Interim Order.

---

[2] In or about July 2020, the Litigation was resolved and the parties entered into a *Confidential General Release of All Claims, Indemnity and Hold Harmless Agreement*. At the Court's request, the Trustee will disclose the amount of the attorneys' fees received in connection with the Litigation *in camera*.

## III. **CONCLUSION**

Based on the foregoing, the Trustee requests that the Court enter a final order granting the Motion in the form attached hereto as Exhibit "2."

DATED:  February 24, 2021

Respectfully submitted,

SMILEY WANG-EKVALL, LLP

By: _____
PHILIP E. STROK
Attorneys for Elissa D. Miller, Chapter 7 Trustee

## DECLARATION OF ELISSA D. MILLER

I, Elissa D. Miller, declare as follows:

1. I am the duly appointed Chapter 7 Trustee for the bankruptcy estate of Girardi Keese. I am also a partner at SulmeyerKupetz. I know each of the following facts to be true of my own personal knowledge, except as otherwise stated and, if called as a witness, I could and would competently testify with respect thereto. I make this declaration in support of the Chapter 7 Trustee's Status Report ("Status Report") on Motion for Order Approving Stipulations for Use of Cash Collateral and Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. § 363 and Federal Rule of Bankruptcy Procedure 4001(b) and (d) (the "Motion"). Unless otherwise defined in this declaration, all terms defined in the Status Report or Motion are incorporated herein by this reference.

2. Since entry of the Interim Order, I have made only those reasonable and necessary payments in accordance with the Budget totaling $35,823.26. The payment amounts are broken down by expense category as reflected in the "Actual" column of the Budget attached hereto as Exhibit "1." I am in compliance with the Budget and the Interim Order.

3. The Estate's non-client fund cash position has improved since entry of the Interim Order even after taking into account the $35,823.26 in payments. This is due in part to the Debtor's attorneys' fees I received in connection with an action commenced by the Debtor on behalf of its client entitled *Jane Doe v. Princess Cruise Lines, Ltd.*, Case No. 2:19-cv-09281-JFW-AFM (the "Litigation"). I expect to receive additional attorneys' fees and costs owed to the Debtor during the Cash Collateral Period.

4. Neither I nor my counsel have received any response or opposition to the Motion since entry of the Interim Order. Attached hereto as Exhibit "2" is the proposed final order on the Motion.

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 24th day of February, 2021, at Los Angeles, California.

_____
Elissa D. Miller

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

2858607.1                            6                            STATUS REPORT

# EXHIBIT "1"

**Chapter 7 Bankruptcy Estate of Girardi Keese**
**90-Day Budget**
**January 2021 through March 2021**

|  |  | Estimated Amounts | | |
| --- | --- | ---: | ---: | ---: |
| Name | Description | Low | High | Actual |
| iDiscovery Solutions | Computer consultant for trustee | 45,000 | 60,000 | - |
| D Masin Consulting LLC | Trustee's field agent | 15,000 | 25,000 | 7,824.33 |
| Kenny Rodriguez | Former GK attorney | 12,000 | 24,000 | 1,243.72 |
| Norina Rouillard | Former GK A/P manager | 1,800 | 4,500 | 1,890.00 |
| Sammy Suh | Former GK IT manager | 3,200 | 8,000 | 3,800.00 |
| TBD | Former GK data clerk for proprietary system | 1,600 | 4,000 | - |
| TBD | Former GK file clerk | 1,600 | 4,000 | 1,287.50 |
| Trustee Insurance Group | Insurance premiums | 4,000 | 5,000 | 2,560.14 |
| TBD | Bond premium | 10,000 | 12,000 | 9,236.00 |
| Crown Castle | Internet service for office | 10,000 | 12,000 | 3,813.02 |
| Mimecast | Cloud services | 1,200 | 1,200 | 225.00 |
| LADWP/So Cal Gas | Power/water/gas for office | 7,500 | 10,000 | 3,943.55 |
| TBD | Unknown/miscellaneous expenses | 7,500 | 15,000 | - |
| Totals | | $120,400 | $184,700 | $ 35,823.26 |

EXHIBIT "1"

# EXHIBIT "2"

**SMILEY WANG-EKVALL, LLP**
Lei Lei Wang Ekvall, State Bar No. 163047
lekvall@swelawfirm.com
Philip E. Strok, State Bar No. 169296
pstrok@swelawfirm.com
Timothy W. Evanston, State Bar No. 319342
tevanston@swelawfirm.com
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Telephone:   714 445-1000
Facsimile:   714 445-1002

Attorneys for Elissa D. Miller, Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>GIRARDI KEESE,<br><br>　　　　　　　Debtor. | Case No. 2:20-bk-21022-BR<br><br>Chapter 7<br><br>**[PROPOSED] FINAL ORDER GRANTING MOTION FOR ORDER APPROVING STIPULATIONS FOR USE OF CASH COLLATERAL AND AUTHORIZING USE OF CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363 AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 4001(b) AND (d)**<br><br>Date:　　　March 2, 2021<br>Time:　　　10:00 a.m.<br>Ctrm.:　　　1668 via ZoomGov<br>　　　　　　255 E. Temple Street<br>　　　　　　Los Angeles, CA 90012<br><br>Web Address:<br>https://cacb.zoomgov.com/j/1605276951<br>Meeting ID:　　1605276951<br>Password:　　　123456<br>Telephone:　　(669) 254-5252 (San Jose)<br>　　　　　　　(646) 828-7666 (New York) |

2858664.1                                    1                              FINAL ORDER

EXHIBIT "2"

On March 2, 2021, at 10:00 a.m., the above-captioned Court held a final hearing on the *Motion for Order Approving Stipulations for Use of Cash Collateral and Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. § 363 and Federal Rule of Bankruptcy Procedure 4001(b) and (d)* (the "Motion")[1] filed by Elissa D. Miller, in her capacity as Chapter 7 Trustee for the bankruptcy estate (the "Estate") of Girardi Keese. Appearances were as noted on the Court's record. Having considered the Motion and the pleadings, declarations, and exhibits filed in support thereof and opposition thereto, and the statements and arguments of counsel on the record at the hearing on the Motion, finding that notice and service of the Motion were proper and that no further notice be given, and finding good cause for the relief requested in the Motion,

**IT IS HEREBY ORDERED** that:

1. The Motion is GRANTED on a final basis;

2. The CAL II Stipulation attached to the Motion as Exhibit "2" is approved on a final basis;

3. The Virage Stipulation attached to the Motion as Exhibit "3" is approved on a final basis;

4. Nano Banc ("Nano") consents to the use of cash collateral on a final basis through and including the Cash Collateral Period (as defined below) in accordance with the terms of this Order and for purposes of this Order, shall be considered a "secured creditor" as that term is used in this Order and shall be entitled to the protections provided to such secured creditor;

5. The Trustee, on behalf of the Estate, is authorized to use cash collateral on a final basis through and including March 31, 2021 (the "Cash Collateral Period") in accordance with the Budget attached to the Motion as Exhibit "1," with expenditures during the Cash Collateral Period not to exceed 115% of the aggregate "High" expenditures set forth in the Budget, *i.e.*, a 15% variance;

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

2858664.1         2         FINAL ORDER

EXHIBIT "2"

6. As adequate protection for the use of cash collateral in accordance with the Budget, any alleged secured creditor shall receive a post-petition replacement lien for its asserted secured claim(s) against the Debtor's assets with the same validity, priority, scope and extent as any lien(s) held by the alleged secured creditor as of December 18, 2020, the petition date, solely to the extent that the use of cash collateral results in a diminution of the value of the alleged secured creditor's prepetition lien(s);

7. Any alleged secured creditor shall not be required to file any financing statement, notice, lien, or other similar instrument in any jurisdiction, or take any other action in order to perfect its replacement lien created hereunder because the replacement lien is automatically perfected upon entry of this Order;

8. No replacement lien shall encumber or otherwise attach to any causes of action under chapter 5 of the Bankruptcy Code or any proceeds of such causes of action;

9. All rights and arguments of the Trustee, on behalf of the Estate, to challenge or dispute (a) the validity, priority, scope or extent of the security interests asserted by any alleged secured creditor including, without limitation, in the Debtor's post-petition receipts and cash, or (b) that the use of cash collateral has resulted in the diminution of the value of the alleged secured creditor's prepetition lien(s), are preserved;

10. Neither the Trustee nor the Estate are waiving any rights they may have under Bankruptcy Code Section 506(c);

11. Upon reasonable request by any alleged secured creditor and subject to appropriate confidentiality provisions as determined by the Trustee, the Trustee will provide her Form 2 Cash Receipts and Disbursements Record;

12. The authorization to use cash collateral of any alleged secured creditor expires on March 31, 2021 unless extended with such alleged secured creditor's consent or Bankruptcy Court order; and

13. The consent of CAL II, Virage, Nano, and Stillwell to the Trustee's use of cash collateral during the Cash Collateral Period shall automatically expire if the Trustee

1 | files any document or pleading challenging the validity, priority, scope or extent of CAL II,
2 | Virage, Nano and Stillwell's asserted liens.
3 | ###

2858664.1        4        FINAL ORDER

EXHIBIT "2"

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 3200 Park Center Drive, Suite 250, Costa Mesa, CA 92626.

A true and correct copy of the foregoing document entitled (*specify*): **CHAPTER 7 TRUSTEE'S STATUS REPORT ON MOTION FOR ORDER APPROVING STIPULATIONS FOR USE OF CASH COLLATERAL AND AUTHORIZING USE OF CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363 AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 4001(b) AND (d)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) February 24, 2021 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page.

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) February 24, 2021, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

The Honorable Barry Russell
U.S. Bankruptcy Court
Roybal Federal Building
255 E. Temple Street, Suite 1660
Los Angeles, CA 90012

☒ Service information continued on attached page.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) February 24, 2021, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**VIA E-Mail**

☒ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| February 24, 2021 | Gabriela Gomez-Cruz | /s/ Gabriela Gomez-Cruz |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                        **F 9013-3.1.PROOF.SERVICE**

**ADDITIONAL SERVICE INFORMATION (if needed):**

1. **SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**

- Kyra E Andrassy    kandrassy@swelawfirm.com, lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com
- Rafey Balabanian    , docket@edelson.com
- Michelle Balady    mb@bedfordlg.com, leo@bedfordlg.com
- Richard D Buckley    richard.buckley@arentfox.com
- Marie E Christiansen    mchristiansen@vedderprice.com, ecfladocket@vedderprice.com,marie-christiansen-4166@ecf.pacerpro.com
- Jennifer Witherell Crastz    jcrastz@hrhlaw.com
- Ashleigh A Danker    Ashleigh.danker@dinsmore.com, SDCMLFiles@DINSMORE.COM;Katrice.ortiz@dinsmore.com
- Clifford S Davidson    csdavidson@swlaw.com, jlanglois@swlaw.com;cliff-davidson-7586@ecf.pacerpro.com
- Lei Lei Wang Ekvall    lekvall@swelawfirm.com, lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com
- Richard W Esterkin    richard.esterkin@morganlewis.com
- Timothy W Evanston    tevanston@swelawfirm.com, gcruz@swelawfirm.com;lgarrett@swelawfirm.com;jchung@swelawfirm.com
- James J Finsten    , jimfinsten@hotmail.com
- Alan W Forsley    alan.forsley@flpllp.com, awf@fkllawfirm.com,awf@fl-lawyers.net,addy.flores@flpllp.com,laura.rucker@flpllp.com
- Eric D Goldberg    eric.goldberg@dlapiper.com, eric-goldberg-1103@ecf.pacerpro.com
- Andrew Goodman    agoodman@andyglaw.com, Goodman.AndrewR102467@notify.bestcase.com
- Suzanne C Grandt    suzanne.grandt@calbar.ca.gov, joan.randolph@calbar.ca.gov
- Steven T Gubner    sgubner@bg.law, ecf@bg.law
- Marshall J Hogan    mhogan@swlaw.com, knestuk@swlaw.com
- Razmig Izakelian    razmigizakelian@quinnemanuel.com
- Lewis R Landau    Lew@Landaunet.com
- Daniel A Lev    dlev@sulmeyerlaw.com, ccaldwell@sulmeyerlaw.com;dlev@ecf.inforuptcy.com
- Peter J Mastan    peter.mastan@dinsmore.com, SDCMLFiles@dinsmore.com;Katrice.ortiz@dinsmore.com
- Edith R Matthai    ematthai@romalaw.com
- Kenneth Miller    kmiller@pmcos.com, efilings@pmcos.com
- Elissa Miller (TR)    CA71@ecfcbis.com, MillerTrustee@Sulmeyerlaw.com;C124@ecfcbis.com;ccaldwell@sulmeyerlaw.com
- Eric A Mitnick    MitnickLaw@aol.com, mitnicklaw@gmail.com
- Scott H Olson    solson@vedderprice.com, scott-olson-2161@ecf.pacerpro.com,ecfsfdocket@vedderprice.com,nortega@vedderprice.com
- Leonard Pena    lpena@penalaw.com, penasomaecf@gmail.com;penalr72746@notify.bestcase.com
- Michael J Quinn    mquinn@vedderprice.com, ecfladocket@vedderprice.com,michael-quinn-2870@ecf.pacerpro.com
- Ronald N Richards    ron@ronaldrichards.com, morani@ronaldrichards.com,justin@ronaldrichards.com
- Philip E Strok    pstrok@swelawfirm.com, gcruz@swelawfirm.com;1garrett@swelawfirm.com;jchung@swelawfirm.com
- Boris Treyzon    jfinnerty@actslaw.com, sgonzales@actslaw.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Eric D Winston    ericwinston@quinnemanuel.com
- Christopher K.S. Wong    christopher.wong@arentfox.com, yvonne.li@arentfox.com
- Timothy J Yoo    tjy@lnbyb.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    **F 9013-3.1.PROOF.SERVICE**

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**

**Via E-mail:**

| | | |
|---|---|---|
| ANDREW W ZEPEDA<br>JAMES J FINSTEN<br>LURIE, ZEPEDA, SCHMALZ, HOGAN & MARTIN<br>1875 CENTURY PARK E STE 2100<br>LOS ANGELES, CA 90067<br>AZEPEDA@LURIE-ZEPEDA.COM<br>JFINSTEN@LURIE-ZEPEDA.COM | RAFEY BALABANIAN<br>EDELSON PC<br>123 TOWNSEND ST STE 100<br>SAN FRANCISCO, CA 94107<br>RBALABANIAN@EDELSON.COM | NANO BANC<br>25220 HANCOCK AVE., SUITE 140<br>MURRIETA, CA 92562<br>EPADILLA@NANOBANC.COM<br>PDONALDSON@NANOBANC.COM |
| ABIR COHEN TREYZON SALO, LLP<br>C/O: BORIS TREYZON<br>16001 VENTURA BOULEVARD, SUITE 200<br>ENCINO, CA 91436<br>BTREYZON@ACTSLAW.COM | LAW FINANCE GROUP, LLC<br>591 REDWOOD HWY<br>SUITE 1200<br>MILL VALLEY, CA 94941<br>INFO@LAWFINANCE.COM | LFG SPECIAL INVESTOR GROUP, LLC<br>FINANCE GROUP FUND II<br>200 SOUTH VIRGINIA ST., 8TH FLOOR<br>RENO, NV 89501<br>INFO@LAWFINANCE.COM |
| CORPORATION SERVICE COMPANY, AS REPRESENTATIVE<br>P.O.BOX 2576<br>SPRINGFIELD, IL 62708<br>801 ADLAI STEVENSON DR.<br>SPRINGFIELD, IL 62703<br>UCCSPREP@CSCINFO.COM | JEFFREY M. SCHWARTZ, ESQ.<br>MUCH SHELIST, P.C.<br>191 NORTH WACKER DRIVE, SUITE 1800<br>CHICAGO, IL 60606<br>TELEPHONE: (312) 521-2626<br>JSCHWARTZ@MUCHLAW.COM<br><br>**ATTORNEYS FOR NANO BANK** | CT CORPORATION SYSTEM, AS REPRESENTATIVE<br>CT LIEN SOLUTIONS<br>330 N. BRAND BLVD., SUITE 700<br>GLENDALE, CA 91203<br>UCCSPREP@CSCINFO.COM |
| DAVID R. LIRA<br>ENGSTROM, LIPSCOMB & LACK<br>10100 SANTA MONICA BLVD., 12TH FLOOR<br>LOS ANGELES, CA 90067<br>DLLIRA@ELLLAW.COM | **Via U.S. Mail Only**<br><br>IKON FINANCIAL SVCS<br>1738 BASS RD.<br>MACON, GA 31210-1043 | |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                          **F 9013-3.1.PROOF.SERVICE**