**SMILEY WANG-EKVALL, LLP**
Lei Lei Wang Ekvall, State Bar No. 163047
*lekvall@swelawfirm.com*
Philip E. Strok, State Bar No. 169296
*pstrok@swelawfirm.com*
Timothy W. Evanston, State Bar No. 319342
*tevanston@swelawfirm.com*
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Telephone:    714 445-1000
Facsimile:    714 445-1002

Attorneys for Elissa D. Miller, Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# LOS ANGELES DIVISION

| In re | Case No. 2:20-bk-21022-BR |
|---|---|
| GIRARDI KEESE, | Chapter 7 |
| Debtor. | **MOTION TO DESIGNATE CHRIS KAMON TO APPEAR OR ACT ON BEHALF OF THE DEBTOR AND COMPEL ATTENDANCE AT THE § 341(a) MEETING OF CREDITORS PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9001(5)** |
|  | **[No hearing required pursuant to Local Bankruptcy Rule 9013-1(o)]** |

2859033.12                    1                    MOTION

**TO THE HONORABLE BARRY RUSSELL, UNITED STATES BANKRUPTCY JUDGE:**

Elissa D. Miller, the chapter 7 trustee (the "Trustee") for the bankruptcy estate of Girardi Keese (the "Debtor"), submits this *Motion to Designate Chris Kamon to Appear or Act on Behalf of the Debtor and Compel Attendance at the § 341(a) Meeting of Creditors Pursuant to Federal of Bankruptcy Procedure 9001(5)* (the "Motion"). In support of the Motion, the Trustee submits the following memorandum of points and authorities and the attached declaration of Elissa D. Miller.

## I.     INTRODUCTION

The Court should designate Chris Kamon, the former Chief Financial Officer of the Debtor, to act and appear on behalf of the Debtor. Pursuant to Federal Rule of Bankruptcy Procedure ("FRBP") 9001(5), when a debtor is a non-natural person and the Bankruptcy Code and/or FRBP require a debtor to perform an act or attend an examination, the Court may designate a person in control of the debtor to act on the debtor's behalf. At the initial § 341(a) meeting on February 19, 2021, no person appeared on behalf of the Debtor, and to date, the Debtor has not filed its bankruptcy schedules or statement of financial affairs.[1] The Trustee is continuing to investigate the Debtor's finances and business operations and needs information to prepare accurate schedules and the statement of financial affairs. As the Debtor's former Chief Financial Officer, Mr. Kamon is presumed to have useful knowledge about the Debtor's affairs and was a person in control of the Debtor while it was operating. Thus, it is appropriate to designate Chris Kamon under FRBP 9001(5) to allow the Trustee and creditors to have

---

[1] On February 5, 2021, the Trustee filed a *Motion for Order: (1) Extending and/or Establishing Deadline to File Schedules and Statement of Financial Affairs; and (2) Authorizing Chapter 7 Trustee to Prepare and File Schedules and Statement of Financial Affairs Pursuant to Federal Rule of Bankruptcy Procedure 1007(k)* [Docket No. 164] due to the Debtor's failure to timely file its schedules and statement of financial affairs. On February 24, 2021, the Court entered an order granting the Trustee's motion and authorizing the Trustee to file schedules and a statement of financial affairs on behalf of the Debtor.

access to personnel with knowledge of the Debtor's finances and operations. Accordingly, the Court should grant the Motion.[2]

## II. BACKGROUND

The Debtor was a plaintiff's law firm representing clients in the areas of personal injury, defective products, sexual abuse, toxic torts, business law, employment law, and aviation law. While the Debtor was operating, Chris Kamon served as the Debtor's Chief Financial Officer, and in such capacity, he is presumed to have knowledge of the Debtor's financial affairs. Among other things, Kamon oversaw the accounting department, prepared checks on behalf of the Debtor, including client trust account checks, and engaged in discussions with insolvency advisors and potential lenders last year on behalf of the lender. As of the petition date, Kamon also served as the trustee for the Debtor's 401(k) plan.[3] *See* Declaration of Elissa D. Miller.

### A. The Debtor's Bankruptcy Case

On December 18, 2020, petitioning creditors Jill O'Callahan, as successor in interest to James O'Callahan, Robert M. Keese, John Abassian, Erika Saldana, Virginia Antonio, and Kimberly Archie (collectively, the "Petitioning Creditors") filed an involuntary chapter 7 bankruptcy petition against the Debtor.[4]

On December 24, 2020, the Petitioning Creditors filed a *Motion for Appointment of Interim Trustee Pursuant to 11 U.S.C. § 303(g)* [Docket No. 12]. The Court entered an order granting the motion on January 5, 2021 [Docket No. 45]. On January 6, 2021, the Trustee was appointed as the interim trustee [Docket No. 50].

---

[2] The Trustee's request to designate Chris Kamon is without prejudice to designate another person under FRBP 9001(5) if necessary.

[3] TD Ameritrade is terminating Kamon as trustee in accordance with this Court's order entered on March 11, 2021 [Docket No. 259].

[4] The Petitioning Creditors also filed an involuntary bankruptcy case against Thomas Girardi, which is currently pending as Bankruptcy Case No. 2:20-bk-21020-BR.

On January 13, 2021, Robert Girardi filed a *Motion for Order: 1. Appointing Robert Girardi as Debtor's Guardian Ad Litem; and 2. Extension of Time to File Responsive Pleading* [Docket No. 67] ("Motion to Appoint Guardian Ad Litem"). In his Motion to Appoint Guardian Ad Litem, Robert Girardi asserted that Thomas Girardi, the former managing partner of the Debtor, was no longer competent. Robert Girardi filed a nearly identical motion in Thomas Girardi's individual case. On February 2, 2021, Jason Rund, the chapter 7 trustee for the bankruptcy estate of Thomas Girardi, filed a *Statement Regarding Motion for Order Appointing Robert Girardi as Guardian Ad Litem* [Docket No. 90] in Thomas Girardi's individual case, indicating that the probate court entered a minute order on January 19, 2021 appointing Robert Girardi as the temporary conservator for Thomas Girardi.

On January 13, 2021, the Court entered an *Order Directing: (1) The Clerk of Court to Immediately Enter an Order for Relief under Chapter 7; (2) The United States Trustee to Immediately Appoint a Chapter 7 Trustee; (3) The Debtor to File All Schedules and Related Documentation for Chapter 7 Case within Fourteen Days of the Entry of this Order; and (4) Vacating February 16, 2021 Status Conference* [Docket No. 68]. On January 13, 2021, the Clerk of Court entered an order for relief against the Debtor [Docket No. 69], and the Trustee was appointed and accepted her appointment in the Debtor's case [Docket No. 70].

B. **The Debtor's 341(a) Meeting of Creditors**

On January 14, 2021, the Court issued a notice that the Debtor's first meeting of creditors under 11 U.S.C. § 341(a) would be held on February 19, 2021 [Docket No. 73]. On February 19, 2021, the Debtor's first meeting of creditors under 11 U.S.C. § 341(a) was held. No person appeared on behalf of the Debtor. Accordingly, the Trustee continued the § 341(a) meeting to May 18, 2021 at 9:00 a.m. *See* Declaration of Elissa D. Miller.

## III. MEMORANDUM OF POINTS AND AUTHORITIES

### A. The Court Can Designate Chris Kamon to Act or Appear on Behalf of the Debtor and Compel Attendance At the Meeting of Creditors Under FRBP 9001(5)

Section 343 of the Bankruptcy Code provides the following:

> The debtor shall appear and submit to examination under oath at the meeting of creditors under section 341(a) of this title. Creditors, any indenture trustee, any trustee or examiner in the case, or the United States trustee may examine the debtor. The United States trustee may administer the oath required under this section.

*See* 11 U.S.C. § 343.

Under FRBP 9001(5), "[w]hen any act is required by these rules to be performed by a debtor or when it is necessary to compel attendance of a debtor for examination and the debtor is not natural person…if the debtor is a partnership, 'debtor' includes any or all of its general partners or, if designated by the court, *any other person* in control." *See* FRBP 9001(5)(B) (emphasis added).

"Rule 9001 cases [sic] a very wide net as to who can act on behalf of a debtor, especially when considering the non-exhaustive use of any other person in control." *In re Cambridge Analytica, LLC*, 596 B.R. 1 (Bankr. S.D.N.Y. 2019), citing *In re Divine Ripe, LLC*, 554 B.R. 395, 403 (Bankr. S.D. Tex. 2016). Courts are authorized to designate more than one person to appear on behalf of the debtor. *See* 10 Collier on Bankruptcy ¶ 9001.06 (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2013) ("If the debtor is not a natural person but is…a partnership…the court may appoint one or more persons to perform the duties imposed upon the debtor by these and other rules."). Moreover, under the Bankruptcy Code's rules of construction, singular words like "person" include the plural. *See* 11 U.S.C. § 102(7).

The court has discretion to designate a party under FRBP 9001(5) in order to assure creditors that the person designated is most likely to be knowledgeable about the debtor. *See In re Muy Bueno*, 257 B.R. 843, 848-49 (Bankr. W.D. Tex. 2001). In making this determination, "a court can look beyond an individual's formal title with the Debtor

corporation (or lack of formal title) to make a determination if a party is in control of a corporation based on the party's duties and responsibilities vis-a-vis the Debtor." *In re Northwest Associates, Inc.*, 245 B.R. 183, (Bankr. E.D.N.Y. 1999).  Finally, a party is not required to have had day-to-day control over the debtor in order to be designated under FRBP 9001(5*). See In re Red River Energy, Inc.*, 409 B.R. 163, 183 (Bankr. S.D. Tex. 2009).

At the 341(a) hearing on February 19, 2021, no party appeared on behalf of the Debtor.  Given the representations as to Mr. Girardi's competency raised in the Motion to Appoint Guardian Ad Litem, and subsequent appointment of a temporary conservator for Mr. Girardi, it is unlikely that Mr. Girardi will appear at the continued § 341(a) meeting on behalf of the Debtor.

Chris Kamon is an appropriate party to designate to appear and act on behalf of the Debtor under FRBP 9001(5).[5]  Kamon was the Chief Financial Officer of the Debtor while the Debtor was still operating and oversaw the accounting department and is presumed to have knowledge of the Debtor's financial affairs and operations.  Moreover, in 2020, before the involuntary petition was filed against the Debtor, Kamon participated in discussions with insolvency advisors and potential lenders on behalf of the Debtor.  In addition, Kamon's job responsibilities included preparation of checks on behalf of the Debtor, including client trust account checks.  Kamon is also a trustee for the Debtor's 401(k) plan.  *See* Declaration of Elissa D. Miller.

Based on Kamon's position as Chief Financial Officer and trustee of the Debtor's 401(k) plan (as of the petition date), his preparation of checks, and his discussions with insolvency professionals and potential lenders on the Debtor's behalf, Kamon has knowledge of the Debtor's business operations and finances.  In short, Kamon is a "person in control" whose testimony may be useful to the Trustee and creditors.  Kamon's testimony may also assist the Trustee in preparing accurate schedules and a statement

---

[5] The Trustee reserves all rights to request that the Court designate additional parties under FRBP 9001(5) to appear and act on behalf of the Debtor as more evidence and information is discovered.

of financial affairs on the Debtor's behalf.  For these reasons, the Court should designate Kamon to appear or act on behalf of the Debtor pursuant to FRBP 9001(5).

## IV. CONCLUSION

For the foregoing reasons, the Trustee requests that the Court enter an order:

1. Granting the Motion;

2. Designating Chris Kamon to appear and act on behalf of the Debtor pursuant to Federal Rule of Bankruptcy Procedure 9001(5);

3. Compelling Chris Kamon to appear at the Debtor's § 341(a) meetings; and

4. For such other relief as is deemed just and proper.

DATED:  March 18, 2021            SMILEY WANG-EKVALL, LLP


By:    /s/ Timothy W. Evanston
       TIMOTHY W. EVANSTON
       Attorneys for Elissa D. Miller, Chapter 7 Trustee

2859033.12

7

MOTION

## DECLARATION OF ELISSA D. MILLER

I, Elissa D. Miller, declare as follows:

1. I am the duly appointed chapter 7 trustee for the bankruptcy estate of Girardi Keese. I am also a partner at SulmeyerKupetz. I know each of the following facts to be true of my own personal knowledge, except as otherwise stated and, if called as a witness, I could and would competently testify with respect thereto. I make this declaration in support of the *Motion to Designate Chris Kamon to Appear or Act on Behalf of the Debtor and Compel Attendance at the § 341(a) Meeting of Creditors Pursuant to Federal of Bankruptcy Procedure 9001(5)* (the "Motion"). Unless otherwise defined in this declaration, all terms defined in the Motion are incorporated herein by this reference.

2. On February 19, 2021, I conducted the Debtor's first meeting of creditors under 11 U.S.C. § 341(a). No person appeared on behalf of the Debtor at this meeting. Thus, I continued the § 341(a) meeting to May 18, 2021 at 9:00 a.m.

3. In my investigation of the Debtor's finances and operations, including meetings with individuals who worked with the Debtor, I have learned that Chris Kamon served as the Chief Financial Officer of the Debtor. I am also informed that Mr. Kamon's job responsibilities included preparing checks on behalf of the Debtor, including client trust account checks, and that he oversaw the accounting department.

4. In addition, I have been informed that in 2020, the Debtor engaged in discussions with insolvency advisors and potential lenders and that Mr. Kamon participated in these discussions with insolvency professionals and potential lenders. In addition, Mr. Kamon is a trustee for the Debtor's 401(k) plan, although I am advised by TD Ameritrade that they are now terminating him as the trustee in accordance with this Court's order entered on March 11, 2021 [Docket No. 259].

/ / /
/ / /
/ / /
/ / /

2859033.12

8

MOTION

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed on this  18  day of March, 2021, at  Los Angeles , California.

*/s/ Elissa D. Miller*

Elissa D. Miller

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 3200 Park Center Drive, Suite 250, Costa Mesa, CA 92626.

A true and correct copy of the foregoing document entitled (*specify*): **MOTION TO DESIGNATE CHRIS KAMON TO APPEAR OR ACT ON BEHALF OF THE DEBTOR AND COMPEL ATTENDANCE AT THE § 341(a) MEETING OF CREDITORS PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9001(5)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) March 18, 2021 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page.

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) March 18, 2021, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

The Honorable Barry Russell
U.S. Bankruptcy Court
Roybal Federal Building
255 E. Temple Street, Suite 1660
Los Angeles, CA 90012

Christopher Kamon
4030 Admirable Dr.
Rancho Palos Verdes, CA 90275-6030

☐ Service information continued on attached page.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*)_____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| March 18, 2021 | Gabriela Gomez-Cruz | /s/ Gabriela Gomez-Cruz |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**

**ADDITIONAL SERVICE INFORMATION (if needed):**

1. **SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**

- Kyra E Andrassy    kandrassy@swelawfirm.com, lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com
- Rafey Balabanian    , docket@edelson.com
- Michelle Balady    mb@bedfordlg.com, leo@bedfordlg.com
- Richard D Buckley    richard.buckley@arentfox.com
- Marie E Christiansen    mchristiansen@vedderprice.com, ecfladocket@vedderprice.com,marie-christiansen-4166@ecf.pacerpro.com
- Jennifer Witherell Crastz    jcrastz@hrhlaw.com
- Ashleigh A Danker    Ashleigh.danker@dinsmore.com, SDCMLFiles@DINSMORE.COM;Katrice.ortiz@dinsmore.com
- Clifford S Davidson    csdavidson@swlaw.com, jlanglois@swlaw.com;cliff-davidson-7586@ecf.pacerpro.com
- Lei Lei Wang Ekvall    lekvall@swelawfirm.com, lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com
- Richard W Esterkin    richard.esterkin@morganlewis.com
- Timothy W Evanston    tevanston@swelawfirm.com, gcruz@swelawfirm.com;lgarrett@swelawfirm.com;jchung@swelawfirm.com
- James J Finsten    , jimfinsten@hotmail.com
- Alan W Forsley    alan.forsley@flpllp.com, awf@fkllawfirm.com,awf@fl-lawyers.net,addy.flores@flpllp.com,laura.rucker@flpllp.com
- Eric D Goldberg    eric.goldberg@dlapiper.com, eric-goldberg-1103@ecf.pacerpro.com
- Andrew Goodman    agoodman@andyglaw.com, Goodman.AndrewR102467@notify.bestcase.com
- Suzanne C Grandt    suzanne.grandt@calbar.ca.gov, joan.randolph@calbar.ca.gov
- Steven T Gubner    sgubner@bg.law, ecf@bg.law
- Marshall J Hogan    mhogan@swlaw.com, knestuk@swlaw.com
- Razmig Izakelian    razmigizakelian@quinnemanuel.com
- Lewis R Landau    Lew@Landaunet.com
- Daniel A Lev    dlev@sulmeyerlaw.com, ccaldwell@sulmeyerlaw.com;dlev@ecf.inforuptcy.com
- Peter J Mastan    peter.mastan@dinsmore.com, SDCMLFiles@dinsmore.com;Katrice.ortiz@dinsmore.com
- Edith R Matthai    ematthai@romalaw.com
- Kenneth Miller    kmiller@pmcos.com, efilings@pmcos.com
- Elissa Miller (TR)    CA71@ecfcbis.com, MillerTrustee@Sulmeyerlaw.com;C124@ecfcbis.com;ccaldwell@sulmeyerlaw.com
- Eric A Mitnick    MitnickLaw@aol.com, mitnicklaw@gmail.com
- Scott H Olson    solson@vedderprice.com, scott-olson-2161@ecf.pacerpro.com,ecfsfdocket@vedderprice.com,nortega@vedderprice.com
- Leonard Pena    lpena@penalaw.com, penasomaecf@gmail.com;penalr72746@notify.bestcase.com
- Michael J Quinn    mquinn@vedderprice.com, ecfladocket@vedderprice.com,michael-quinn-2870@ecf.pacerpro.com
- Ronald N Richards    ron@ronaldrichards.com, morani@ronaldrichards.com,justin@ronaldrichards.com
- Philip E Strok    pstrok@swelawfirm.com, gcruz@swelawfirm.com;1garrett@swelawfirm.com;jchung@swelawfirm.com
- Boris Treyzon    jfinnerty@actslaw.com, sgonzales@actslaw.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Eric D Winston    ericwinston@quinnemanuel.com
- Christopher K.S. Wong    christopher.wong@arentfox.com, yvonne.li@arentfox.com
- Timothy J Yoo    tjy@lnbyb.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                                    F 9013-3.1.PROOF.SERVICE