**SMILEY WANG-EKVALL, LLP**
Lei Lei Wang Ekvall, State Bar No. 163047
*lekvall@swelawfirm.com*
Philip E. Strok, State Bar No. 169296
*pstrok@swelawfirm.com*
Timothy W. Evanston, State Bar No. 319342
*tevanston@swelawfirm.com*
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Telephone:   714 445-1000
Facsimile:   714 445-1002

Attorneys for Elissa D. Miller, Chapter 7
Trustee

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re | Case No. 2:20-bk-21022-BR |
| GIRARDI KEESE, | Chapter 7 |
| Debtor. | **CHAPTER 7 TRUSTEE'S SECOND MOTION FOR ORDER APPROVING STIPULATIONS FOR USE OF CASH COLLATERAL AND AUTHORIZING USE OF CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363 AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 4001(b) AND (d); MEMORANDUM OF POINTS AND AUTHORITIES, DECLARATIONS OF ELISSA D. MILLER AND PHILIP E. STROK IN SUPPORT** |
| | **[Application for Order Setting Hearing on Shortened Notice Concurrently Filed]** |
| | Date:      To be set<br>Time:      To be set<br>Ctrm.:     1668 via ZoomGov<br>255 E. Temple Street<br>Los Angeles, CA 90012 |
| | Web Address:  https://cacb.zoomgov.com<br>Meeting ID:    To be set<br>Password:      To be set<br>Telephone:     To be set |

*(left margin, vertical text)* SMILEY WANG-EKVALL, LLP — 3200 Park Center Drive, Suite 250 — Costa Mesa, California 92626 — Tel 714 445-1000 • Fax 714 445-1002

2862412.2

1

MOTION

1

2

# **TABLE OF CONTENTS**

**Page**

3  I.   INTRODUCTION ........................................................................................... 2

4  II.  FACTUAL BACKGROUND ........................................................................... 4

5       A.   The Debtor's Involuntary Bankruptcy Case .................................... 4

6       B.   The Debtor's Primary Assets .......................................................... 5

7       C.   State of the Debtor's Office ............................................................ 5

8       D.   The Trustee's Prior Motion for Order Approving Stipulations for Use
             of Cash Collateral and Authorizing Use of Cash Collateral ...................... 7

9       E.   The Estate's Current Cash Position ................................................ 7

10
        F.   The Cash Collateral Stipulations .................................................... 8

11      G.   Federal Rule of Bankruptcy Procedure 4001(b) Disclosures........... 9

12      H.   Alleged Secured Creditors ........................................................... 10

13  III. MEMORANDUM OF POINTS AND AUTHORITIES ...................................... 12

14      A.   The Court Should Approve the Stipulations with CAL II, Stillwell,
             Virage, and Nano ......................................................................... 12

15
        B.   The Court Should Authorize the Use of Cash Collateral Because the
16           Alleged Secured Creditors are Adequately Protected ................... 12

17      C.   Cause Exists to Grant the Motion on an Interim Basis .............. 15

18  IV.  CONCLUSION ........................................................................................... 15

19

20

21

22

23

24

25

26

27

28

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

# **TABLE OF AUTHORITIES**

**Page**

## **CASES**

*Fed. Nat'l Mortg. Ass'n v. Dacon Bolingbrook Assoc. L.P.*,
    153 B.R. 204, 214 (N.D. Ill. 1993) ................................................................. 13

*In re Constable Plaza Assoc.*,
    125 B.R. 98, 105 (Bankr. S.D.N.Y. 1991) ...................................................... 13

*Leasing Partners, LP v. ProAlert, LLC (In re ProAlert, LLC)*,
    314 B.R. 436, 441 (B.A.P. 9th Cir. 2004) ...................................................... 12

*Stein v. U.S. Farmers Home Admin. (In re Stein)*,
    19 B.R. 458 (Bankr. E.D. Pa. 1982) ............................................................... 13

*United Sav. Ass'n of Texas v. Timbers of Inwood Forest Assoc., Ltd.*,
    484 U.S. 365, 370 (1988) ................................................................................ 12

## **STATUTES**

11 U.S.C. § 303(g) ......................................................................................................... 4

11 U.S.C. § 362(c)(2) ................................................................................................... 12

11 U.S.C. § 363 ................................................................................................ 2, 17, 20

11 U.S.C. § 363(c) ....................................................................................................... 12

11 U.S.C. § 363(c)(2)(A) .............................................................................................. 12

11 U.S.C. § 363(e) ....................................................................................................... 12

11 U.S.C. § 506(c) ....................................................................................................... 10

11 U.S.C. § 721 .............................................................................................................. 6

Federal Rule of Bankruptcy Procedure 4001 ............................................................. 10

Federal Rule of Bankruptcy Procedure 4001(b) ................................................. passim

Federal Rule of Bankruptcy Procedure 4001(b)(2) .................................................... 15

Federal Rule of Bankruptcy Procedure 4001(d) ................................................. passim

## **RULES**

LBR 4001-2 ............................................................................................................ 10, 21

SMILEY WANG-EKVALL, LLP

3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

1   **TO THE HONORABLE BARRY RUSSELL, UNITED STATES BANKRUPTCY JUDGE:**

2   Elissa D. Miller, the chapter 7 trustee for the bankruptcy estate of Girardi Keese

3   (the "Estate"), submits this Chapter 7 Trustee's Second Motion for Order Approving

4   Stipulations for Use of Cash Collateral and Authorizing Use of Cash Collateral Pursuant

5   to 11 U.S.C. § 363 and Federal Rule of Bankruptcy Procedure 4001(b) and (d) (the

6   "Motion").  In support of the Motion, the Trustee submits the following memorandum of

7   points and authorities and the attached declarations of Elissa D. Miller and Philip E.

8   Strok.

9

10   **I.     INTRODUCTION**

11   When the Trustee was first appointed, operations at Girardi Keese (the "Debtor")

12   had essentially stopped.  The Debtor's primary assets continue to be its interests in its

13   attorneys' fees and costs in its contingency cases.  However, because the Debtor's

14   existing cash was minimal and because its attorneys and employees either resigned or

15   left the firm, the Debtor was not in a position as of the petition date to realize the value of

16   its interests in its fees and costs.  Since her appointment, the Trustee has been working

17   to protect the interests of the Debtor's clients and preserve and maximize the value of the

18   Estate's interests by transitioning the cases to other qualified counsel or, where the

19   Debtor's involvement has been terminated by the client, taking all appropriate steps to

20   preserve, protect and collect on the Estate's entitlement to fees and costs.  Transitioning

21   these cases and protecting the Estate's interests requires uninterrupted access to the

22   Debtor's case files, cost ledgers, and other crucial information.

23   On February 10, 2021, the Trustee filed her first *Motion for Order Approving*

24   *Stipulations for Use of Cash Collateral and Authorizing Use of Cash Collateral Pursuant*

25   *to 11 U.S.C. § 363 and Federal Rule of Bankruptcy Procedure 4001(b)* [Docket No. 179]

26   (the "First Cash Collateral Motion").  As noted in the First Cash Collateral Motion, the

27   Debtor's disorganization and byzantine storage platforms have made preservation of the

28   Estate's interests and protection of the Debtor's clients considerably more difficult.

1  Fortunately, the support of the Debtor's former employees has greatly assisted the

2  Trustee's efforts in locating files, cost ledgers, and other critical information necessary to

3  protect the clients and preserve the value of the Estate.

4       Since the First Cash Collateral Motion was filed, the Estate's cash position has

5  improved dramatically.  Use of cash collateral under the First Cash Collateral Motion was

6  imperative to achieve this result.  Importantly, the Trustee is expected to come in under

7  budget for the period covered by the First Cash Collateral Motion.

8       By the Motion, the Trustee again seeks authorization to use cash collateral on a

9  pared-down subsistence basis to preserve and enhance the value of the Estate in

10 accordance with the updated 90-Day Budget (the "Budget") attached hereto as Exhibit

11 "1" which covers the period from April 1, 2021 through June 30, 2021 (the "Cash

12 Collateral Period").  Under the Budget, expenditures will not exceed 115% of the

13 aggregate "High" expenditures set forth in the Budget, *i.e.*, a 15% variance.  Since the

14 First Cash Collateral Motion, the Trustee has continued discussions with the consensual

15 lenders alleging to hold secured claims.  Recently, the Trustee has entered into cash

16 collateral stipulations with California Attorney Lending II ("CAL II"), Stillwell Madison, LLC

17 ("Stillwell"), Virage SPV 1, LLC ("Virage"), and Nano Banc ("Nano").  As set forth in the

18 respective stipulations attached hereto as Exhibits "2," "3," "4," and "5," these parties will

19 receive replacement liens in the cash collateral with the same validity, priority, scope or

20 extent against the Debtor's assets as of the petition date, and solely to the extent that the

21 use of cash collateral results in diminution of value.  Thus, because these parties have

22 consented, the Trustee is authorized to cash collateral.  As to the other alleged

23 lienholders that have not expressly consented, the use of cash collateral should be

24 authorized because their interests will be adequately protected.

25      The use of cash collateral is crucial for the Estate.  If the Trustee lacks access to

26 cash collateral, she will be unable to transition the Debtor's cases to other law firms to

27 maximize the Estate's value while protecting the clients.  Further, if the Trustee's access

28 to the Debtor's case files, cost ledgers, and other important information is interrupted, the

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

1  Trustee will be highly burdened in recovering fees and costs.  The Trustee may even be

2  unable to establish quantum meruit claims in its cases where the Debtor was terminated

3  and/or replaced.  Thus, the Trustee's use of cash collateral will protect the interests of

4  secured creditors because the collateral (the attorneys' fees and costs) will be preserved

5  and likely enhanced if the Trustee successfully transitions the cases.  If the Trustee has

6  no authority to use cash collateral, the Trustee will be unable to preserve the Estate's

7  most critical assets, the Debtor's interests in its attorneys' fees and costs.  In short, the

8  secured creditors will be adequately protected because use of cash collateral will

9  preserve and likely enhance the Estate.

10      For these reasons, the Court should approve the cash collateral stipulations and

11  enter an interim order authorizing the Trustee to use cash collateral in accordance with

12  the Budget through the final hearing on the Motion, and then with a final order until June

13  30, 2021.

14

15  II.    **FACTUAL BACKGROUND**

16      A.    **The Debtor's Involuntary Bankruptcy Case**

17      The Debtor is a plaintiff's law firm based in Los Angeles, California.  On December

18  18, 2020, petitioning creditors Jill O'Callahan, as successor in interest to James

19  O'Callahan, Robert M. Keese, John Abassian, Erika Saldana, Virginia Antonio, and

20  Kimberly Archie (collectively, the "Petitioning Creditors") filed an involuntary chapter 7

21  bankruptcy petition against the Debtor.[1]  Prior to the involuntary petition, the Debtor

22  practiced in the areas of personal injury, defective products, sexual abuse, toxic torts,

23  business law, employment law, and aviation law.

24      On December 24, 2020, the Petitioning Creditors filed a *Motion for Appointment of*

25  *Interim Trustee Pursuant to 11 U.S.C. § 303(g)* [Docket No. 12].  The Court entered an

26

27  _____

[1]    The Petitioning Creditors also filed an involuntary chapter 7 bankruptcy petition against Thomas V.
28  Girardi, which is currently pending as Bankruptcy Case No. 2:20-bk-21020-BR.

1    order granting the motion on January 5, 2021 [Docket No. 45].  On January 6, 2021, the

2    Trustee was appointed as the interim trustee [Docket No. 50].

3        On January 13, 2021, the Court entered an *Order Directing: (1) The Clerk of Court*

4    *to Immediately Enter an Order for Relief under Chapter 7; (2) The United States Trustee*

5    *to Immediately Appoint a Chapter 7 Trustee; (3) The Debtor to File All Schedules and*

6    *Related Documentation for Chapter 7 Case within Fourteen Days of the Entry of this*

7    *Order; and (4) Vacating February 16, 2021 Status Conference* [Docket No. 68].  On

8    January 13, 2021, the Clerk of Court entered an order for relief against the Debtor

9    [Docket No. 69], and the Trustee was appointed and accepted her appointment in the

10    Debtor's case [Docket No. 71].

11        **B.    The Debtor's Primary Assets**

12        At the time the involuntary petition was filed against the Debtor, the Debtor's affairs

13    were in dire straits.  Pre-petition, the Debtor was counsel of record in a significant number

14    of cases which were undertaken on a contingency basis.  Unfortunately, prior to the

15    involuntary petition date, nearly all of the Debtor's employees and attorneys had resigned

16    and moved on.  These cases are at varying litigation stages, with some cases currently

17    pending and other cases where the client has terminated its relationship with the Debtor.

18    Without staff and attorneys, the Trustee is left with the challenge of establishing the

19    Estate's rights to fees and costs and collecting on such fees and costs from the Debtor's

20    contingency cases.  The Debtor's fees and costs in its plethora of cases likely constitute

21    the most significant assets in the Estate.  However, protecting and preserving the

22    Debtor's and clients' interests in these cases requires a support team that needs to be

23    paid and the payment of other necessary expenses.

24        **C.    State of the Debtor's Office**

25        The Trustee continues to regularly visit the Debtor's offices.  As stated in the First

26    Cash Collateral Motion, the Debtor's offices are difficult to navigate, disorganized, and

27    hold a large volume of documents.  The Debtor's case files and data are generally stored

28    in one or more of three different methods:  (1) certain case files are stored in physical,

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

1  paper files, (2) some files are stored a proprietary electronic system of the Debtor, and

2  (3) other files are stored electronically in a program called iManage.  This is in addition to

3  client cost information located on the Debtor's Sage Accounting System.  In order to

4  access this information, the Debtor must continue to pay for internet services for the

5  Debtor, as well as pay for the maintenance of the virtual "cloud" server.  Preservation of

6  this electronic information also requires the services of a specialized computer

7  consultant.  *See* Declaration of Elissa D. Miller.

8      The Trustee's attempts to navigate the Debtor's internal systems have been

9  supported by certain of the Debtor's former employees.[2]  Because the Debtor's

10  bankruptcy case is in its early stages, the Debtor's former employees have significantly

11  more organizational and operational knowledge of the Debtor than the Trustee.  For

12  instance, some of the employees working with the Trustee know where to find certain

13  physical files or know where the information is stored electronically.  These employees

14  are also generally familiar with the Debtor's electronic databases.  As such, the Trustee

15  requires the assistance of former employees of the Debtor to help navigate the Debtor's

16  electronic and physical storage systems, keep track of the Debtor's pending cases to

17  protect the Estate and clients, and locate additional assets.  Physical files as well as

18  electronic information are still located at the Debtor's office and the Trustee requires

19  uninterrupted utilities to access such information.  In addition, to protect the Estate from

20  liability while the Debtor's office is being accessed, the Trustee requires insurance.

21  Accordingly, the Trustee has included the estimated costs of utilities and insurance in the

22  Budget.  *See* Declaration of Elissa D. Miller.

23      The Trustee continues to diligently work to identify assets of the Debtor and this

24  process is ongoing.  Without continuing access to funds, the Trustee is unable to fund a

25  _____

26  [2]    On February 10, 2021, the Trustee filed a second *Motion for Order Authorizing Chapter 7 Trustee
to Operate the Business of the Debtor on a Limited Basis Pursuant to 11 U.S.C. § 721 Pursuant to Cash
Collateral Stipulation and Budget and to Retain and Pay Debtor's Former Employees as Independent
Contractors in Accordance Therewith* [Docket No. 180].  On February 16, 2021, the Court entered an order
granting the motion and authorizing the Trustee to retain and pay certain of the Debtor's employees
through July 13, 2021.  *See* Docket No. 194.

1  proper investigation of the Debtor's affairs to preserve and maximize the value of the

2  Estate.  Accordingly, immediate use of cash collateral is critical to both preservation and

3  enhancement of the Estate, as well as protection of the Debtor's clients.

4  **D.    The Trustee's Prior Motion for Order Approving Stipulations for Use of**

5  **Cash Collateral and Authorizing Use of Cash Collateral**

6  On February 10, 2021 the Trustee filed her First Cash Collateral Motion.  The

7  Court held a hearing on the First Cash Collateral Motion on February 16, 2021.  On

8  February 16, 2021, the Court entered an order granting the motion on an interim basis.

9  *See* Docket No. 193.  On March 2, 2021, the Court held a final hearing on the First Cash

10  Collateral Motion.  On March 11, 2021, the Court entered an order granting the motion on

11  a final basis.  *See* Docket No. 257.  Currently, the Trustee's authority to use cash

12  collateral expires on March 31, 2021.

13  In connection with the First Cash Collateral Motion, the Trustee previously

14  submitted a 90-day budget to use cash collateral.  To date, the Trustee is in full

15  compliance with the previous 90-day budget and she believes she will come in under

16  budget for the period covered.  *See* Declaration of Elissa D. Miller.

17  **E.    The Estate's Current Cash Position**

18  Since the filing of the First Cash Collateral Motion, the Trustee has been able to

19  successfully recover assets for the benefit of the Estate.  Excluding funds held by the

20  Trustee in her Client Trust Account (a portion of which belong to the Estate) and blocked

21  funds in a IOLTA Account located at East West Bank, the Trustee is currently holding

22  non-client funds of approximately $3.8 million.  However, because these funds are

23  encumbered, the Trustee is unable to use this sum to fund her Court-approved limited

24  operations and expenditures.  Accordingly, continued authority to use cash collateral is

25  necessary to preserve and maximize the value of the assets of the Estate.  *See*

26  Declaration of Elissa D. Miller.

27

28

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

1    **F.    <u>The Cash Collateral Stipulations</u>**

2    The Trustee's need for use of cash collateral is critical and ongoing.  Since the

3    Court granted the First Cash Collateral Motion, the Trustee and her counsel have

4    continued to engage in discussions with certain consensual lenders alleging to hold

5    secured claims against the Estate and have obtained their consent to use cash collateral.

6    On March 29, 2021, the Trustee and CAL II entered into a Second Stipulation for

7    Use of Cash Collateral and Adequate Protection (the "Second CAL II Stipulation").  *See*

8    the Second CAL II Stipulation, Exhibit "2."

9    On March 26, 2021, the Trustee and Stillwell entered into a Stipulation between

10   the Trustee and Stillwell Madison, LLC For Use of Cash Collateral and Adequate

11   Protection (the "Stillwell Stipulation").  *See* the Stillwell Stipulation, Exhibit "3."

12   On March 26, 2021, the Trustee and Virage entered into a Second Stipulation for

13   Use of Cash Collateral and Adequate Protection (the "Second Virage Stipulation").  *See*

14   the Second Virage Stipulation, Exhibit "4."

15   On March 26, 2021, the Trustee and Nano entered into a Stipulation Between the

16   Trustee and Nano Banc for Use of Cash Collateral and Adequate Protection (the "Nano

17   Stipulation") (the Second CAL II Stipulation, the Stillwell Stipulation, the Virage

18   Stipulation, and the Nano Stipulation are collectively referred to as the "Stipulations").

19   *See* the Nano Stipulation, Exhibit "5."

20   In accordance with the proposed Budget, the Trustee will use the cash collateral to

21   pay the fees for a computer consultant, the Trustee's field agent, a former attorney of the

22   Debtor, and other employees of the Debtor, including an accounts payable manager, IT

23   manager, mass torts data manager and file clerk.  The Trustee will also use the cash

24   collateral to pay the insurance premiums[3], internet service for the office, utilities for the

25   office (power, water, and gas), as well as for "cloud" services for the Debtor's electronic

26

27    [3]    In the First Cash Collateral Motion, the Trustee included a line item for the bond premium in the
budget.  As reflected in the current Budget, the bond premium has been paid and no further funds to pay a
28    bond premium are required at this time.  *See* Budget, Ex. "1."

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

1   files.  The Trustee's Budget allows for total expenditures ranging from $141,100 to

2   $226,650 for the Cash Collateral Period, with an allowed 15% variance from the "High"

3   end of the budget as provided in the Stipulations.  *See* Budget, Ex. "1."  In sum, the

4   Budget provides the Trustee with the resources she needs to transition the Debtor's

5   cases, protect and preserve the Estate's interests in the Debtor's existing and terminated

6   cases, and protect the Debtor's clients.

7       **G.     Federal Rule of Bankruptcy Procedure 4001(b) Disclosures**

8       As required by Federal Rule of Bankruptcy Procedure 4001(b), the following are

9   the material provisions of the Stipulations:

10      (1)     The Trustee is authorized to use cash collateral in accordance with the

11  Budget for the Cash Collateral Period.  The Trustee's expenditures will not exceed 115%

12  of the aggregate "High" expenditures in the Budget (i.e. a 15% variance).  The Trustee

13  has utilized names for positions in the Budget and may utilize different people other than

14  the ones indicated.  For economy, the Trustee may increase the hourly rate of one or

15  more people included in the Budget and eliminate the use of others.  However, in no

16  event will the Trustee exceed the authorization as set forth in the Stipulations;

17      (2)     As adequate protection for use of its cash collateral, the alleged secured

18  creditor will receive a postpetition replacement lien for its asserted secured claim against

19  the Debtor's assets with the same validity, priority, scope and extent as any lien(s) held

20  by the alleged secured creditor as of the involuntary petition date solely to the extent that

21  the use of cash collateral results in the diminution of the alleged secured creditor's

22  prepetition lien;

23      (3)     The alleged secured creditor is not required to file any financing statement,

24  notice, lien or other similar instrument in any jurisdiction, or take any other action to

25  perfect its replacement lien, and the replacement lien is automatically perfected upon

26  approval of the Stipulations;

27

28

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

1    (4)    The replacement lien shall not encumber or otherwise attach to any causes

2  of action under chapter 5 of the Bankruptcy Code or any proceeds of such causes of

3  action;

4    (5)    All rights and arguments of the Trustee, on behalf of the Estate, to

5  challenge or dispute the validity, priority, scope or extent of the security interests asserted

6  by the alleged secured creditor, including without limitation, in the Debtor's postpetition

7  receipts and cash, or that the use of cash collateral has resulted in the diminution of the

8  value of the alleged secured creditor's prepetition liens, are preserved.

9    (6)    Neither the Trustee nor the Estate are waiving any rights under 11 U.S.C.

10  § 506(c);

11    (7)    Upon reasonable request and subject to appropriate confidentiality

12  provisions, the Trustee will provide her Form 2 Cash Receipts and Disbursements

13  Record; and

14    (8)    The Trustee is authorized to use cash collateral until June 30, 2021 unless

15  extended with the alleged secured creditor's consent or Bankruptcy Court order;

16    (9)    The Trustee's authorization to use cash collateral of the alleged secured

17  creditor automatically expires if the Trustee files any document or pleading challenging

18  the validity, priority, scope or extent of the alleged secured creditor's prepetition liens;

19  and

20    (10)    The Trustee reserves the right to seek an order from the Bankruptcy Court

21  extending the Stipulations and/or authorizing the Trustee's further use of cash collateral.

22    Attached hereto as Exhibit "6" is the Trustee's *Statement Regarding Cash*

23  *Collateral or Debtor in Possession Financing* [FRBP 4001; LBR 4001-2].  Attached hereto

24  as Exhibit "7" is the Trustee's proposed interim order granting this Motion.

25    **H.    Alleged Secured Creditors**

26    Upon her appointment, the Trustee ran a UCC search with the California Secretary

27  of State.  While the Trustee is not waiving any arguments to contest the validity, priority,

28  scope or extent of any alleged secured claims, certain parties may contend that they hold

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

a security interest in the cash collateral or are a secured creditor.  A summary of these parties is listed below, with a more complete disclosure attached hereto as Exhibit "8." Because the Debtor's case is in its early stages, this information represents the Trustee's best knowledge at this time.

| File Number | File Date | Alleged Lienholder | Filing Claim |
|---|---|---|---|
| 117275806299 | 07/06/2011 | California Attorney Lending II | -- |
| 167506300179 | 01/26/2016 | Ikon Financial Services[4] | -- |
| 167506300290 | 01/26/2016 | Ikon Financial Services | -- |
| 167519369916 | 04/11/2016 | Stillwell Madison, LLC | -- |
| 177587629032 | 05/30/2017 | Ikon Financial Services | -- |
| 177601785042 | 08/18/2017 | Virage SPV 1, LLC[5] | -- |
| 177614819640 | 11/06/2017 | Virage SPV 1, LLC | -- |
| 187635620856 | 03/01/2018 | Virage SPV 1, LLC | -- |
| 187666662169 | 08/31/2018 | Nano Banc | -- |
| 197746713843 | 11/14/2019 | California Attorney Lending II | -- |
| U200027063225 | 10/6/2020 | Jamie, Joseph, & Kathleen Ruigomez | $11,491,232.87[6] |
| U200033578428 | 11/2/2020 | California Attorney Lending II | $6,254,014.57 |

---

[4]    Ikon Financial Services only purports to hold a security interest in certain equipment of the Debtor.

[5]    The Trustee believes but has not yet confirmed that this UCC Financing Statement was filed on behalf of Virage SPV 1, LLC.

[6]    The Trustee reserves all rights to contest or seek to avoid any judgment lien filed during the preference period.  On March 26, 2021, Jamie, Joseph & Kathleen Ruigomez each filed proofs of claim in the amount of $11,747,245.95 and asserting an ORAP lien on all of the Debtor's personal property assets. The Trustee is currently in the process of reviewing their proofs of claim.  *See* Proofs of Claim 23-1, 24-1, and 25-1.

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

2862412.2                                                                11                                                        MOTION

| U200037891132 | 12/17/2020 | KCC Class Action Services, LLC | $7,504,109.59 |
|---|---|---|---|

## III.    MEMORANDUM OF POINTS AND AUTHORITIES

### A.    The Court Should Approve the Stipulations with CAL II, Stillwell, Virage, and Nano

Section 363(c)(2) of the Bankruptcy Code provides that "[t]he trustee may not use, sell, or lease cash collateral under paragraph (1) of this subsection unless – (A) each entity that has an interest in such cash collateral consents."  *See* 11 U.S.C. § 363(c)(2)(A).

Here, CAL II, Stillwell, Virage and Nano have all consented to the use of cash collateral on an interim basis from April 1, 2021 through and including June 30, 2021. *See* Ex. "2," Ex. "3," Ex. "4," and Ex. "5."  Thus, because the Trustee has obtained consent from CAL II, Stillwell, Virage, and Nano, the Trustee is authorized to use cash collateral under 11 U.S.C. § 362(c)(2).  Moreover, as discussed below, the Trustee is further authorized to use cash collateral because any other alleged secured creditors of the Debtor will be adequately protected.

### B.    The Court Should Authorize the Use of Cash Collateral Because the Alleged Secured Creditors are Adequately Protected

A bankruptcy court may authorize a trustee's use of cash collateral without the consent of a secured creditor provided the secured creditor's interest in such cash collateral is adequately protected.  *See* 11 U.S.C. §§ 363(c), (e).  "However, the protection afforded to secured creditors is not absolute."  *Sec. Leasing Partners, LP v. ProAlert, LLC (In re ProAlert, LLC)*, 314 B.R. 436, 441 (B.A.P. 9th Cir. 2004).  Rather, as articulated by the United States Supreme Court, a secured creditor is entitled to adequate protection only from the decline in value of its collateral package post-petition.  *See United Sav. Ass'n of Texas v. Timbers of Inwood Forest Assoc., Ltd.*, 484 U.S. 365, 370 (1988).

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

Multiple courts have authorized the use of cash collateral to either enhance or preserve the value of a debtor's estate.  *See Stein v. U.S. Farmers Home Admin. (In re Stein)*, 19 B.R. 458, 460 (Bankr. E.D. Pa. 1982) (finding that the use of cash collateral was necessary to operate the debtor's business in turn enhancing the debtor's estate); *Fed. Nat'l Mortg. Ass'n v. Dacon Bolingbrook Assoc. L.P.*, 153 B.R. 204, 214 (N.D. Ill. 1993) (finding that "the required adequate protection of Rents is satisfied to the extent the Debtor reinvests the Rents in the operation and maintenance of the property because the value of the secured creditor's interest in its collateral will thereby be increased.*"); In re Constable Plaza Assoc.*, 125 B.R. 98, 105 (Bankr. S.D.N.Y. 1991) (finding adequate protection is present in part because rent would be used for maintaining office building, which would "preserve or enhance the value of the building" and "protect the collateral…").

The Trustee's use of cash collateral will preserve and enhance the value of the Estate, providing the secured creditors with adequate protection.  In fact, since the filing of the First Cash Collateral Motion, the Trustee has used the cash collateral to preserve and enhance the Estate's value.  Consequently, the Estate now has funds totaling approximately $3.8 million.  Continued use of cash collateral may further enhance this value.  As noted earlier, the Estate's primary assets are the Debtor's interests in its attorneys' fees and costs from its contingency cases.  In order to preserve the value of these assets, the Trustee has been negotiating with different law firms to represent the Debtor's clients, with the goal of transferring these cases so that the clients have representation and so that the Estate can receive the Debtor's attorneys' fees and costs in an amount that is fixed and certain, which would be a vast improvement from what would otherwise be undefined quantum meruit claims, if any.  The proper transitioning of these cases requires the use of cash collateral.

To realize the value of the Debtor's interests in its attorneys' fees and costs, the Trustee needs cash to fund the transition of the Debtor's cases.  Specifically, the Trustee needs to be able to continue accessing the physical files and electronic databases that

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

1  house the Debtor's case files and needs uninterrupted utilities at the Debtor's offices.

2  The Trustee also needs the assistance of professionals, para-professionals and former

3  employees to preserve these case files by helping locate case lists, files and cost ledgers

4  (or help find the documents necessary to prepare the cost ledgers).  Without these basic

5  and necessary expenditures, the Trustee will not have access to the Debtor's case files

6  and may not be able to effectively transition the Debtor's cases or ascertain the Debtor's

7  fees and costs.  If transitions fail to occur, the Trustee may not be able to collect any fees

8  and costs for the Estate.  As noted earlier, the Trustee's goal is to obtain a recovery for

9  the Estate that exceeds the quantum meruit value of the Debtor's interest in its fees.  At a

10  minimum, access to cash collateral will preserve the Estate's value by preserving the

11  Debtor's records that support its quantum meruit and cost claims. This preservation of

12  value of the Debtor's quantum meruit and cost claims adequately protects the secured

13  creditors.

14      The use of cash collateral will likely enhance the secured creditors' collateral.  The

15  Court recently approved a compromise between the Trustee with Frantz Law Group,

16  APLC with respect to the "Southern California Gas Leak Litigation."  Through this

17  compromise, the Trustee was able to obtain a recovery for the Estate significantly higher

18  than any quantum meruit claim.  Since the First Cash Collateral Motion, the Court has

19  also approved the Transition, Assignment and Lien Agreement and the assignment of the

20  Estate's interests in certain of the Debtor's cases to Aitken Aitken Cohn ("Aitken").  Again,

21  through the agreement with Aitken, the Trustee will obtain a recovery substantially higher

22  than any quantum meruit claim.  With access to cash collateral, the Trustee will have the

23  ability to enter into similar compromises and agreements that may again enhance the

24  value of the Estate.  As made clear in the Budget, the Trustee is seeking funding only for

25  what is absolutely necessary and is not requesting any funds for her professionals' fees

26  at this time.  The budget is simple and is designed to allow the Trustee to both preserve

27  and enhance the value of the alleged secured creditors' collateral.  Because the use of

28  cash collateral will preserve and potentially enhance the value of the secured creditors'

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

1  collateral, the secured creditors are adequately protected.  Thus, the Court should

2  authorize the Trustee to use cash collateral.

3  **C.    Cause Exists to Grant the Motion on an Interim Basis**

4  A court may not approve the use of cash collateral, on a final basis, on less than

5  14 days after service of the motion.  *See* FRBP 4001(b)(2).  Nonetheless, the court may

6  approve the interim use of cash collateral to the extent necessary "to avoid immediate

7  and irreparable harm to the estate pending a final hearing."  *Id.*

8  Ample cause exists to grant the Motion on an interim basis.  The Trustee seeks

9  authorization to use cash collateral from April 1, 2021 through and including June 30,

10  2021.  The cash collateral will be used to pay essential costs necessary to preserving the

11  Estate and will very likely lead to enhancement of the Estate's value.  Indeed, the Trustee

12  is currently holding approximately $3.8 million on behalf of the Estate for the benefit of

13  creditors, made possible in part by the Trustee's prior authorization to use cash collateral.

14  This figure will rise as the Trustee continues to work to enhance the property of the

15  Estate, efforts that are funded by the cash collateral.

16

17  **IV.    CONCLUSION**

18  For the foregoing reasons, the Trustee requests that the Court enter an order:

19  1.    Granting the Motion;

20  2.    Authorizing the Trustee's interim use of cash collateral pursuant to FRBP

21  4001(b) and (d) in accordance with the Budget attached hereto as Exhibit "1" plus a 15%

22  variance;

23  3.    Approving the Second CAL II Stipulation attached hereto as Exhibit "2";

24  4.    Approving the Stillwell Stipulation attached hereto as Exhibit "3";

25  5.    Approving the Second Virage Stipulation attached hereto as Exhibit "4";

26  6.    Approving the Nano Stipulation attached hereto as Exhibit "5";

27  7.    Providing all alleged secured creditors with the adequate protection and

28  other applicable benefits of the Stipulations; and

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

1        8.     Granting such other and further relief as the Court deems just and proper.

2

3    DATED:  March 30, 2021          Respectfully submitted,

4              SMILEY WANG-EKVALL, LLP

5

6    By: _____

7            PHILIP E. STROK

8            Attorneys for Elissa D. Miller, Chapter 7
        Trustee

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

1

## **DECLARATION OF ELISSA D. MILLER**

2       I, Elissa D. Miller, declare as follows:

3       1.      I am the duly appointed Chapter 7 Trustee for the bankruptcy estate of

4   Girardi Keese.  I am also a partner at **Sulmeyer**Kupetz, a professional corporation.  I

5   know each of the following facts to be true of my own personal knowledge, except as

6   otherwise stated and, if called as a witness, I could and would competently testify with

7   respect thereto.  I make this declaration in support of the *Chapter 7 Trustee's Second*

8   *Motion for Order Approving Stipulations for Use of Cash Collateral and Authorizing Use*

9   *of Cash Collateral Pursuant to 11 U.S.C. § 363 and Federal Rule of Bankruptcy*

10  *Procedure 4001(b) and (d)* (the "Motion").  Unless otherwise defined in this declaration,

11  all terms defined in the Motion  are incorporated herein by this reference.

12      2.      On January 13, 2021, I accepted by appointment as the Chapter 7 Trustee

13  for the bankruptcy estate of Girardi Keese.

14      3.      Since my appointment and the filing of the First Cash Collateral Motion, I

15  have continued to regularly visit the Debtor's offices.  Unfortunately, the Debtor's offices

16  are not intuitively set up, are difficult to navigate and are disorganized.  In addition,

17  because the Debtor used its offices as storage, the offices house a large number of

18  documents that are haphazardly stored.

19      4.      The Debtor stored its case files and data in different ways.  The Debtor

20  stores some of its case files in physical paper files, and other files related to the mass tort

21  cases are stored in a proprietary electronic system of the Debtor. The Debtor also stores

22  certain files in an electronic system called iManage©, which is separate from the Debtor's

23  proprietary electronic system.  Some files are maintained on paper and also stored

24  electronically on one or the other of the databases.  Financial information related to the

25  cases (e.g., cost ledgers) is located on the Sage Accounting System.

26      5.      In order to have continued access to the Debtor's electronic information, the

27  Debtor needs to have internet access, as the access points to this electronic information

28

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

2862412.2                           17                               MOTION

1    are located at the Debtor's offices.  In addition, I must pay for the maintenance of the

2    virtual "cloud" server to preserve the Debtor's files and information.

3        6.    As the Debtor is without insurance, I also have had to obtain liability and

4    contents insurance for the Debtor's case.

5        7.    The Debtor's former employees have extensive knowledge about the

6    Debtor's operations and have been instrumental in helping me learn about how the

7    Debtor conducted its business prepetition.  I continue to rely on the Debtor's former

8    employees when operational and organization issues arise, so that any issues can be

9    resolved more expeditiously.

10        8.    Specifically, some of the Debtor's former employees know where to locate

11    certain physical files or know where the file is saved electronically and in which database.

12    These employees have continued to help me find certain files, cost ledgers, and other

13    records more efficiently.  In addition, these employees have also helped me keep track of

14    the Debtor's pending cases to protect the Estate and the Debtor's clients, as well as

15    locate additional assets of the Debtor.

16        9.    Currently, the Debtor's physical files remain at the Debtor's offices, along

17    with the Debtor's electronic information.  While I need internet service to access some of

18    the information, I also need uninterrupted access to utilities like power, water, and gas,

19    for continued access.  Because the Debtor's office has to be accessed for this

20    information, insurance for the premises is also needed to protect the Estate from any

21    liability while the Debtor's offices are accessed.

22        10.    I previously submitted a 90-day budget in connection with the First Cash

23    Collateral Motion.  I have fully complied with the previous budget and believe I will come

24    in under the budget for the period covered by the First Cash Collateral Motion.

25        11.    I have, with the assistance of my professionals, developed the current

26    Budget, which includes the costs detailed above, to pay for the resources I need to

27    maximize and preserve value for the Estate, as well as protect the Debtor's clients.  A

28    true and correct copy of the Budget is attached hereto as Exhibit "1."  As I continue to

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

1  work on the case, I learn more about the capabilities of the Debtor's former employees

2  who are assisting me.  When I prepared the Budget, I utilized names and/or titles for

3  certain line items in the Budget.  Ultimately, I may utilize persons other than the ones

4  indicated in the Budget.  For economy, I may use one person for more than one function

5  and increase the hourly rate accordingly.  I also may eliminate the use of others.

6  However, in no event will I exceed the total amount as set forth in the Budget plus the

7  15% variance.

8        12.     I am continuing to work to identify assets of the Debtor, and this process is

9  ongoing.  Since the filing of the First Cash Collateral Motion, I have successfully

10 recovered assets for the benefit of the Estate.  I am currently holding non-client funds of

11 approximately $3.8 million.  This figure does not include the funds I hold in the Client

12 Trust Account (a portion of which belong to the Estate) and blocked funds in a State Bar

13 IOLTA Account located at East West Bank.  Nonetheless, because the non-client funds

14 are encumbered, I cannot use this sum to fund the Court-approved limited operations and

15 expenditures.

16        I declare under penalty of perjury under the laws of the United States of America

17 that the foregoing is true and correct.

18        Executed on this __30__ day of March, 2021, at _____Los Angeles_____, California.

19

20                                          _____

                                                  Elissa D. Miller

21

22

23

24

25

26

27

28

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

1

### DECLARATION OF PHILIP E. STROK

2          I, Philip E. Strok, declare as follows:

3          1.      I am a partner with Smiley Wang-Ekvall, LLP, attorneys of record for Elissa

4    D. Miller, Chapter 7 Trustee.  I am licensed to practice before this Court and the courts of

5    the State of California.  I know each of the following facts to be true of my own personal

6    knowledge, except as otherwise stated and, if called as a witness, I could and would

7    competently testify with respect thereto.  I make this declaration in support of the *Chapter*

8    *7 Trustee's Second Motion for Order Approving Stipulations for Use of Cash Collateral*

9    *and Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. § 363 and Federal Rule of*

10   *Bankruptcy Procedure 4001(b) and (d)* (the "Motion").  Unless otherwise defined in this

11   declaration, all terms defined in the Motion  are incorporated herein by this reference.

12          2.      Upon the Trustee's appointment, my office ran a UCC search with the

13   California Secretary of State.  After my office conducted the UCC search, I prepared a

14   summary of the search results.  A true and correct copy of the chart I prepared, which

15   accurately summarizes the results of the UCC search, is attached hereto as Exhibit "8."

16          3.      Since the First Cash Collateral Motion, I have continued to engage in

17   discussions with counsel for CAL II, Stillwell, Virage and Nano regarding their alleged

18   interests in cash collateral.

19          4.      As of a result of these discussions, the Trustee has entered into stipulations

20   to use cash collateral with CAL II, Stillwell, Virage and Nano.

21          5.      On March 29, 2021, the Trustee and CAL II entered into the Second CAL II

22   Stipulation.  A true and correct copy of the CAL II Stipulation is attached hereto as Exhibit

23   "2."

24          6.      On March 26, 2021, the Trustee and Stillwell entered into the Stillwell

25   Stipulation.  A true and correct copy of the Stillwell Stipulation is attached hereto as

26   Exhibit "3."

27

28

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

7. On March 26, 2021, the Trustee and Virage entered into the Second Virage Stipulation. A true and correct copy of the Second Virage Stipulation is attached hereto as Exhibit "4."

8. On March 26, 2021, the Trustee and Nano entered into the Nano Stipulation. A true and correct copy of the Nano Stipulation is attached hereto as Exhibit "5."

9. FRBP 4001(d) and Local Bankruptcy Rule 4001-2 require that the Motion be accompanied with a *Statement Regarding Cash Collateral or Debtor in Possession Financing* and a proposed form of order. A true and correct copy of the *Statement Regarding Cash Collateral or Debtor in Possession Financing* is attached hereto as Exhibit "6," and a true and copy of the proposed order is attached hereto as Exhibit "7."

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed on this 30th day of March, 2021, at Costa Mesa, California.

_____
Philip E. Strok

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

# EXHIBIT "1"

**Chapter 7 Bankruptcy Estate of Girardi Keese**
**90-Day Budget**
**April 2021 through June 2021**

| Name | Description | Estimated Amounts | |
| --- | --- | --- | --- |
| | | Low | High |
| iDiscovery Solutions [1] | Computer consultant for trustee | $23,000 | $33,000 |
| D Masin Consulting LLC | Trustee's field agent | 17,500 | 25,000 |
| Kenny Rodriguez | Former GK attorney | 12,500 | 25,000 |
| Norina Rouillard | Former GK A/P manager | 9,000 | 11,250 |
| Sammy Suh | Former GK IT manager | 7,500 | 12,000 |
| Arlan Solonga | Former GK data clerk for proprietary system | 12,500 | 17,500 |
| Josemaria Ibarra | Former GK file clerk | 10,000 | 13,000 |
| Trustee Insurance Group | General liability and car insurance | 1,200 | 1,600 |
| Trustee Insurance Group | Property insurance for building | 0 | 17,500 |
| Inernational Sureties | Bond premium | 0 | 0 |
| Crown Castle | Internet service for office | 10,000 | 15,000 |
| Mimecast | Cloud services | 1,000 | 2,000 |
| LADWP/So Cal Gas | Power/water/gas for office | 7,500 | 12,500 |
| Insight | Software license | 800 | 1,200 |
| Insight | Software (VM) license renewal | 5,100 | 5,100 |
| Microsoft | Software license renewal | 16,000 | 20,000 |
| TBD | Unknown/miscellaneous expenses | 7,500 | 15,000 |
| Totals | | $141,100 | $226,650 |

[1] Although iDiscovery Solutions was included in the previous budget with a low of $45,000 and a high of $60,000, no payments have been made to it.

EXHIBIT "1"

# EXHIBIT "2"

1  **SMILEY WANG-EKVALL, LLP**
   Lei Lei Wang Ekvall, State Bar No. 163047
2  *lekvall@swelawfirm.com*
   Philip E. Strok, State Bar No. 169296
3  *pstrok@swelawfirm.com*
   Timothy W. Evanston, State Bar No. 319342
4  *tevanston@swelawfirm.com*
   3200 Park Center Drive, Suite 250
5  Costa Mesa, California 92626
   Telephone:   714 445-1000
6  Facsimile:   714 445-1002

7  Attorneys for Elissa D. Miller, Chapter 7
   Trustee

8

9              **UNITED STATES BANKRUPTCY COURT**

10             **CENTRAL DISTRICT OF CALIFORNIA**

11                **LOS ANGELES DIVISION**

12  In re                                    Case No. 2:20-bk-21022-BR

13  GIRARDI KEESE,                           Chapter 7

14

15                                           **SECOND STIPULATION FOR USE OF
                                             CASH COLLATERAL AND ADEQUATE**
16                                           **PROTECTION**

17

18                      Debtor.

19

20

21

22        Elissa D. Miller, the chapter 7 trustee (the "Trustee") of the bankruptcy estate (the

23  "Estate") of Girardi Keese (the "Debtor"), by and through her attorneys, and California

24  Attorney Lending II ("CAL II"), through its attorneys, enter into this *Second Stipulation for*

25  *Use of Cash Collateral and Adequate Protection* (the "Stipulation") as follows:

26

27

28

EXHIBIT "2"

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

## RECITALS

A.      On December 18, 2020 (the "Petition Date"), an involuntary chapter 7 bankruptcy petition (the "Petition") was filed against the Debtor commencing the instant case (the "Bankruptcy Case").  As of the filing of the Petition, the Debtor was counsel of record in a significant number of matters which were undertaken on a contingency basis.

B.      The petitioning creditors moved for the appointment of an interim trustee which was granted by the Bankruptcy Court by order entered January 5, 2021.  The Trustee was appointed as the interim chapter 7 trustee on January 6, 2021.  The order for relief was entered January 13, 2021 and, the same date, the Trustee was reappointed and has been serving in that capacity since.

C.      As of the Petition Date, the Debtor's operations were greatly diminished, with most of the attorneys and staff having resigned or moved on from the Debtor.  Moreover, the Debtor's cash on hand and in various institutional accounts was relatively small given the scope of the Debtor's operations.

D.      Prior to the Petition Date, CAL II was a litigation financing source for the Debtor.  CAL II asserts that:

1.      In or around July 5, 2011, the Debtor and CAL II entered into a loan transaction (as amended, the "Loan") pursuant to which the Debtor borrowed the principal amount of $3,500,000.00 for the purpose of funding its operations;

2.      The Loan was secured against, among other things, the Debtor's rights to payment for its representation of clients in various contingency fee cases;

3.      CAL II duly filed a UCC-1 against the Debtor on July 6, 2011, which was designated as Filing No. 11-7275806299;

4.      Between 2011 and 2019, CAL II and the Debtor entered into several iterations of the credit arrangement in which the Debtor increased the principal amount of the debt to up to $8,000,000.00;

5.    CAL II duly filed several continuations and amendments to its financing statements to maintain its perfected security interests in all assets of the Debtor;

6.    On or around November 8, 2019, the Debtor executed and delivered to CAL II that certain Fourth Amended and Restated Promissory Note, in the maximum amount of $8,000,000.00, and secured by CAL II's continuing security interests in substantially all of the Debtor's assets;

7.    As part of the consideration given to CAL II, the Debtor executed and delivered to CAL II that certain Confession to Judgment dated November 12, 2019, and agreed to entry of judgment without trial if, after the Debtor's default under the Loan and notice thereof, the Debtor or its guarantor, Thomas V. Girardi, did not cure the default;

8.    After default, on October 27, 2020, CAL II secured judgment against the Debtor in the sum of $6,250,589.59 plus post-judgment interest and reasonable attorneys' fees and costs incurred in collecting the judgment; and

9.    CAL II duly filed a Notice of Judgment Lien against the Debtor on November 2, 2020, which was designated as Filing No. U200033578428 (the "Judgment Lien").

E.    The Trustee has not yet concluded her review of the validity, priority, scope and extent of, among other things, the Loan and any related security interests and the Judgment Lien and, therefore, she is not in a position to concede CAL II's assertions.

F.    The Trustee, on behalf of the Estate, and CAL II previously entered into a stipulation for use of cash collateral and adequate protection (the "Original Stipulation"). The Original Stipulation was approved by the Bankruptcy Court by an interim order entered February 16, 2021 [Docket No. 193] and final order entered March 11, 2021 [Docket No. 257]. The Original Stipulation and the Trustee's authorization to use cash collateral expires March 31, 2021.

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

EXHIBIT "2"

G.      The Trustee has obtained authority from the Bankruptcy Court to operate the Debtor's business for certain limited purposes.  In addition, there remain certain essential and ongoing expenses that need to be paid in order for the Trustee to effectively preserve and enhance value for the Estate and protect the Debtor's clients.

H.      Without further consent and authorization to use cash collateral, the Trustee submits that she will be left without a source of funds and will be unable to preserve the value of the Estate for the benefit of all creditors, clients and other parties in interest. CAL II is willing to provide its consent to the use of cash collateral on the terms and conditions set forth in this Stipulation.

**NOW THEREFORE**, based upon the foregoing recitals, and for good and valuable consideration, the Trustee and CAL II stipulate and agree as follows:

## STIPULATION

1.      The recitals set forth above are incorporated herein by this reference and shall be deemed a material part of the Stipulation.

2.      The Trustee, on behalf of the Estate, is authorized to use cash collateral of CAL II for the period April 1, 2021 through and including June 30, 2021 (the "Cash Collateral Period") in accordance with the Budget (the "Budget") attached hereto as Exhibit "1," with expenditures not to exceed 115% of the aggregate "High"  expenditures set forth in the Budget, *i.e.*, a 15% variance.  The Trustee has utilized names for positions in the Budget and may utilize different people other than the ones indicated.  For economy, the Trustee may increase the hourly rate of one or more people included in the Budget and eliminate the use of others.  However, in no event will the Trustee exceed the authorization as set forth in this Stipulation.

3.      As adequate protection for the use of cash collateral in accordance with the Budget, CAL II shall receive a postpetition replacement lien for its asserted secured claim against the Debtor's assets with the same validity, priority, scope and extent as any lien(s) held by CAL II as of the Petition Date solely to the extent that the use of cash

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

1  collateral results in a diminution of the value of CAL II's prepetition lien(s) (the

2  "Replacement Lien").

3      4.    CAL II shall not be required to file any financing statement, notice, lien, or

4  other similar instrument in any jurisdiction, or take any other action in order to perfect the

5  Replacement Lien created hereunder because the Replacement Lien is automatically

6  perfected upon entry of the order approving this Stipulation.

7      5.    The Replacement Lien shall not encumber or otherwise attach to any

8  causes of action under chapter 5 of the Bankruptcy Code or any proceeds of such

9  causes of action.

10     6.    Notwithstanding anything in this Stipulation to the contrary, all rights and

11  arguments of the Trustee, on behalf of the Estate, to challenge or dispute (a) the validity,

12  priority, scope or extent of the security interests asserted by CAL II including, without

13  limitation, in the Debtor's postpetition receipts and cash, or (b) that the use of cash

14  collateral has resulted in the diminution of the value of CAL II's prepetition liens, are

15  preserved.

16     7.    By entering into this Stipulation, neither the Trustee nor the Estate are

17  waiving any rights they may have under Bankruptcy Code Section 506(c).

18     8.    Upon reasonable request by CAL II and subject to appropriate

19  confidentiality provisions as determined by the Trustee, the Trustee will provide her Form

20  2 Cash Receipts and Disbursements Record to CAL II.

21     9.    The authorization to use cash collateral of CAL II as provided in this

22  Stipulation expires on June 30, 2021 unless extended with CAL II's consent or

23  Bankruptcy Court order.

24     10.    The consent of CAL II to the Trustee's use of cash collateral during the

25  Cash Collateral Period shall automatically expire if the Trustee files any document or

26  pleading challenging the validity, priority, scope or extent of CAL II's prepetition liens.

27

28

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

2861581.1                    5                    STIPULATION

EXHIBIT "2"

1    11.    The Trustee reserves the right to seek an order from the Bankruptcy Court

2  (a) extending this Stipulation, and/or (b) authorizing the Trustee's further use of cash

3  collateral.

4    12.    The Trustee will seek an order from the Bankruptcy Court giving effect to

5  this Stipulation.

6    **IT IS SO STIPULATED.**

7

8  DATED: March 29, 2021          SMILEY WANG-EKVALL, LLP

9

10                                By: _____

11                                PHILIP E. STROK
                                  Attorneys for Elissa D. Miller, Chapter 7
12                                Trustee

13  DATED: March 27, 2021          WOODS OVIATT GILMAN, LLP

14

15                                By: _____

16                                WILLIAM F. SAVINO
                                  Attorneys for California Attorney Lending II

17

18

19

20

21

22

23

24

25

26

27

28

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

EXHIBIT "2"

# EXHIBIT "1"

EXHIBIT "2"

**Chapter 7 Bankruptcy Estate of Girardi Keese**
**90-Day Budget**
**April 2021 through June 2021**

| Name | Description | Estimated Amounts Low | Estimated Amounts High |
|---|---|---|---|
| iDiscovery Solutions [1] | Computer consultant for trustee | $23,000 | $33,000 |
| D Masin Consulting LLC | Trustee's field agent | 17,500 | 25,000 |
| Kenny Rodriguez | Former GK attorney | 12,500 | 25,000 |
| Norina Rouillard | Former GK A/P manager | 9,000 | 11,250 |
| Sammy Suh | Former GK IT manager | 7,500 | 12,000 |
| Arlan Solonga | Former GK data clerk for proprietary system | 12,500 | 17,500 |
| Josemaria Ibarra | Former GK file clerk | 10,000 | 13,000 |
| Trustee Insurance Group | General liability and car insurance | 1,200 | 1,600 |
| Trustee Insurance Group | Property insurance for building | 0 | 17,500 |
| Inernational Sureties | Bond premium | 0 | 0 |
| Crown Castle | Internet service for office | 10,000 | 15,000 |
| Mimecast | Cloud services | 1,000 | 2,000 |
| LADWP/So Cal Gas | Power/water/gas for office | 7,500 | 12,500 |
| Insight | Software license | 800 | 1,200 |
| Insight | Software (VM) license renewal | 5,100 | 5,100 |
| Microsoft | Software license renewal | 16,000 | 20,000 |
| TBD | Unknown/miscellaneous expenses | 7,500 | 15,000 |
| Totals | | $141,100 | $226,650 |

[1] Although iDiscovery Solutions was included in the previous budget with a low of $45,000 and a high of $60,000, no payments have been made to it.

EXHIBIT "2"

# EXHIBIT "3"

1  **SMILEY WANG-EKVALL, LLP**
   Lei Lei Wang Ekvall, State Bar No. 163047
2  *lekvall@swelawfirm.com*
   Philip E. Strok, State Bar No. 169296
3  *pstrok@swelawfirm.com*
   Timothy W. Evanston, State Bar No. 319342
4  *tevanston@swelawfirm.com*
   3200 Park Center Drive, Suite 250
5  Costa Mesa, California 92626
   Telephone:   714 445-1000
6  Facsimile:   714 445-1002

7  Attorneys for Elissa D. Miller, Chapter 7
   Trustee
8

9              **UNITED STATES BANKRUPTCY COURT**

10              **CENTRAL DISTRICT OF CALIFORNIA**

11                  **LOS ANGELES DIVISION**

12  In re                                    Case No. 2:20-bk-21022-BR

13  GIRARDI KEESE,                           Chapter 7

14

15                                           **STIPULATION BETWEEN THE
                                             TRUSTEE AND STILLWELL MADISON,**
16                                           **LLC FOR USE OF CASH COLLATERAL
                                             AND ADEQUATE PROTECTION**
17

18                       Debtor.

19

20

21

22      Elissa D. Miller, the chapter 7 trustee (the "Trustee") of the bankruptcy estate (the

23  "Estate") of Girardi Keese (the "Debtor"), by and through her attorneys, and Stillwell

24  Madison, LLC ("Stillwell"), through its attorneys, enter into this *Stipulation Between the*

25  *Trustee and Stillwell Madison, LLC for Use of Cash Collateral and Adequate Protection*

26  (the "Stipulation") as follows:

27

28

*(sidebar, left margin)*
SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

EXHIBIT "3"

## RECITALS

A.      On December 18, 2020 (the "Petition Date"), an involuntary chapter 7 bankruptcy petition (the "Petition") was filed against the Debtor commencing the instant case (the "Bankruptcy Case"). As of the filing of the Petition, the Debtor was counsel of record in a significant number of matters which were undertaken on a contingency basis.

B.      The petitioning creditors moved for the appointment of an interim trustee which was granted by the Bankruptcy Court by order entered January 5, 2021. The Trustee was appointed as the interim chapter 7 trustee on January 6, 2021. The order for relief was entered January 13, 2021 and, the same date, the Trustee was reappointed and has been serving in that capacity since.

C.      As of the Petition Date, the Debtor's operations were greatly diminished, with most of the attorneys and staff having resigned or moved on from the Debtor. Moreover, the Debtor's cash on hand and in various institutional accounts was relatively small given the scope of the Debtor's operations.

D.      Prior to the Petition Date, Stillwell had been a litigation financing source for the Debtor. Stillwell asserts that:

      1.      On or about April 1, 2016, Stillwell and the Debtor entered into a written loan agreement whereby the Debtor borrowed the principal amount of $5,110,440.38 to be used exclusively for business purposes (the "Stillwell Loan");

      2.      Thomas V. Girardi personally guaranteed the Debtor's obligation to repay the Stillwell Loan;

      3.      In connection with the Stilwell Loan, the Debtor also assigned to Stillwell all of the Debtor's right, title, and interest in and to payment for the Debtor's representation of clients in various contingency fee cases;

      4.      The Stillwell Loan was further secured by a lien on all of the Debtor's general intangibles and payment intangibles, among other things;

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

EXHIBIT "3"

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

5.    Stillwell duly filed a UCC-1 in California against the Debtor on April 11, 2016, which was designated as Filing No. 16-7519369916;

6.    The Debtor subsequently defaulted on the Stillwell Loan, after which Stillwell commenced litigation against the Debtor in Arizona District Court.  Stillwell later consented to arbitration before JAMS;

7.    Meanwhile, on July 14, 2020, Stillwell obtained a writ of attachment against the Debtor and Thomas V. Girardi in the amount of $5,847,411.54 from the Los Angeles County Superior Court; and

8.    The District of Arizona and JAMS actions are currently stayed.

E.    The Trustee has not yet concluded her review of the validity, priority, scope and extent of, among other things, the Stillwell Loan and any related security interests and, therefore, she is not in a position to concede Stillwell's assertions.

F.    Stillwell previously consented to the Trustee's use of cash collateral through March 31, 2021 on certain terms and conditions.  The Trustee's use of cash collateral and the terms and conditions for such use were approved by the Bankruptcy Court by an interim order entered February 16, 2021 [Docket No. 193] and final order entered March 11, 2021 [Docket No. 257].  The Trustee's authorization to use cash collateral expires March 31, 2021.

G.    The Trustee has obtained authority from the Bankruptcy Court to operate the Debtor's business for certain limited purposes.  In addition, there remain certain essential and ongoing expenses that need to be paid in order for the Trustee to effectively preserve and enhance value for the Estate and protect the Debtor's clients.

H.    Without further consent and authorization to use cash collateral, the Trustee submits that she will be left without a source of funds and will be unable to preserve the value of the Estate for the benefit of all creditors, clients and other parties in interest. Stillwell is willing to provide its consent to the use of cash collateral on the terms and conditions set forth in this Stipulation.

EXHIBIT "3"

**NOW THEREFORE**, based upon the foregoing recitals, and for good and valuable consideration, the Trustee and Stillwell stipulate and agree as follows:

<u>STIPULATION</u>

1.      The recitals set forth above are incorporated herein by this reference and shall be deemed a material part of the Stipulation.

2.      The Trustee, on behalf of the Estate, is authorized to use cash collateral of Stillwell for the period April 1, 2021 through and including June 30, 2021 (the "Cash Collateral Period") in accordance with the Budget (the "Budget") attached hereto as Exhibit "1," with expenditures not to exceed 115% of the aggregate "High" expenditures set forth in the Budget, *i.e.*, a 15% variance. The Trustee has utilized names for positions in the Budget and may utilize different people other than the ones indicated. For economy, the Trustee may increase the hourly rate of one or more people included in the Budget and eliminate the use of others. However, in no event will the Trustee exceed the authorization as set forth in this Stipulation.

3.      As adequate protection for the use of cash collateral in accordance with the Budget, Stillwell shall receive a postpetition replacement lien for its asserted secured claim against the Debtor's assets with the same validity, priority, scope and extent as any lien(s) held by Stillwell as of the Petition Date solely to the extent that the use of cash collateral results in a diminution of the value of Stillwell's prepetition lien(s) (the "Replacement Lien").

4.      Stillwell shall not be required to file any financing statement, notice, lien, or other similar instrument in any jurisdiction, or take any other action in order to perfect the Replacement Lien created hereunder because the Replacement Lien is automatically perfected upon entry of the order approving this Stipulation.

5.      The Replacement Lien shall not encumber or otherwise attach to any causes of action under chapter 5 of the Bankruptcy Code or any proceeds of such causes of action.

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

6.    Notwithstanding anything in this Stipulation to the contrary, all rights and arguments of the Trustee, on behalf of the Estate, to challenge or dispute (a) the validity, priority, scope or extent of the security interests asserted by Stillwell including, without limitation, in the Debtor's postpetition receipts and cash, or (b) that the use of cash collateral has resulted in the diminution of the value of Stillwell's prepetition liens, are preserved.

7.    By entering into this Stipulation, neither the Trustee nor the Estate are waiving any rights they may have under Bankruptcy Code Section 506(c).

8.    Upon reasonable request by Stillwell and subject to appropriate confidentiality provisions as determined by the Trustee, the Trustee will provide her Form 2 Cash Receipts and Disbursements Record to Stillwell.

9.    The authorization to use cash collateral of Stillwell as provided in this Stipulation expires on June 30, 2021 unless extended with Stillwell's consent or Bankruptcy Court order.

10.    The consent of Stillwell to the Trustee's use of cash collateral during the Cash Collateral Period shall automatically expire if the Trustee files any document or pleading challenging the validity, priority, scope or extent of Stillwell's prepetition liens.

11.    The Trustee reserves the right to seek an order from the Bankruptcy Court (a) extending this Stipulation, and/or (b) authorizing the Trustee's further use of cash collateral, in each case after giving Stillwell reasonable notice of such request. Stillwell reserves the right to oppose any such request.

12.    The Trustee will seek an order from the Bankruptcy Court giving effect to this Stipulation.

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

EXHIBIT "3"

1   **IT IS SO STIPULATED.**

2

3   DATED:  March _26_, 2021          SMILEY WANG-EKVALL, LLP

4
                                      By: _____
5
                                          PHILIP E. STROK
6                                         Attorneys for Elissa D. Miller, Chapter 7
                                          Trustee
7

8   DATED:  March _25_, 2021          DLA PIPER, LLP

9
                                      By: _____
10
                                          ERIC D. GOLDBERG
11                                        KATE L. BENVENISTE
                                          Attorneys for Stillwell Madison, LLC
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

2862084.2                             6                              STIPULATION

EXHIBIT "3"

# EXHIBIT "1"

**Chapter 7 Bankruptcy Estate of Girardi Keese**
**90-Day Budget**
**April 2021 through June 2021**

| Name | Description | Estimated Amounts | |
|---|---|---|---|
| | | Low | High |
| iDiscovery Solutions [1] | Computer consultant for trustee | $23,000 | $33,000 |
| D Masin Consulting LLC | Trustee's field agent | 17,500 | 25,000 |
| Kenny Rodriguez | Former GK attorney | 12,500 | 25,000 |
| Norina Rouillard | Former GK A/P manager | 9,000 | 11,250 |
| Sammy Suh | Former GK IT manager | 7,500 | 12,000 |
| Arlan Solonga | Former GK data clerk for proprietary system | 12,500 | 17,500 |
| Josemaria Ibarra | Former GK file clerk | 10,000 | 13,000 |
| Trustee Insurance Group | General liability and car insurance | 1,200 | 1,600 |
| Trustee Insurance Group | Property insurance for building | 0 | 17,500 |
| Inernational Sureties | Bond premium | 0 | 0 |
| Crown Castle | Internet service for office | 10,000 | 15,000 |
| Mimecast | Cloud services | 1,000 | 2,000 |
| LADWP/So Cal Gas | Power/water/gas for office | 7,500 | 12,500 |
| Insight | Software license | 800 | 1,200 |
| Insight | Software (VM) license renewal | 5,100 | 5,100 |
| Microsoft | Software license renewal | 16,000 | 20,000 |
| TBD | Unknown/miscellaneous expenses | 7,500 | 15,000 |
| Totals | | $141,100 | $226,650 |

[1] Although iDiscovery Solutions was included in the previous budget with a low of $45,000 and a high of $60,000, no payments have been made to it.

EXHIBIT "3"

# EXHIBIT "4"

1  **SMILEY WANG-EKVALL, LLP**
   Lei Lei Wang Ekvall, State Bar No. 163047
2  *lekvall@swelawfirm.com*
   Philip E. Strok, State Bar No. 169296
3  *pstrok@swelawfirm.com*
   Timothy W. Evanston, State Bar No. 319342
4  *tevanston@swelawfirm.com*
   3200 Park Center Drive, Suite 250
5  Costa Mesa, California 92626
   Telephone:   714 445-1000
6  Facsimile:   714 445-1002

7  Attorneys for Elissa D. Miller, Chapter 7
   Trustee
8

9              UNITED STATES BANKRUPTCY COURT

10               CENTRAL DISTRICT OF CALIFORNIA

11                   LOS ANGELES DIVISION

12  In re                              Case No. 2:20-bk-21022-BR

13  GIRARDI KEESE,                     Chapter 7

14

15                                     **SECOND STIPULATION FOR USE OF
                                        CASH COLLATERAL AND ADEQUATE**
16                                     **PROTECTION**

17

18                   Debtor.

19

20

21

22          Elissa D. Miller, the chapter 7 trustee (the "Trustee") of the bankruptcy estate (the

23  "Estate") of Girardi Keese (the "Debtor"), by and through her attorneys, and Virage SPV

24  1, LLC ("Virage"), through its attorneys, enter into this *Second Stipulation for Use of Cash*

25  *Collateral and Adequate Protection* (the "Stipulation") as follows:

26

27

28

2861612.1                        1                        STIPULATION

EXHIBIT "4"

<u>**RECITALS**</u>

A.    On December 18, 2020 (the "Petition Date"), an involuntary chapter 7 bankruptcy petition (the "Petition") was filed against the Debtor commencing the instant case (the "Bankruptcy Case").  As of the filing of the Petition, the Debtor was counsel of record in a significant number of matters which were undertaken on a contingency basis.

B.    The petitioning creditors moved for the appointment of an interim trustee which was granted by the Bankruptcy Court by order entered January 5, 2021.  The Trustee was appointed as the interim chapter 7 trustee on January 6, 2021.  The order for relief was entered January 13, 2021 and, the same date, the Trustee was reappointed and has been serving in that capacity since.

C.    As of the Petition Date, the Debtor's operations were greatly diminished, with most of the attorneys and staff having resigned or moved on from the Debtor. Moreover, the Debtor's cash on hand and in various institutional accounts was relatively small given the scope of the Debtor's operations.

D.    Prior to the Petition Date, Virage was a litigation financing source for the Debtor.  Virage asserts that:

1.    It is owed $5,594,069.35 under a November 12, 2017 Promissory Note secured by certain assets of the Debtor; and

2.    It is owed $4,990,572.40 under a February 26, 2018 Promissory Note secured by certain assets of the Debtor including, without limitation, the Debtor's interest in the "Southern California Gas Leak Litigation."

E.    The Trustee has not yet concluded her review of the validity, priority, scope and extent of, among other things, the Promissory Notes and any related security interests and, therefore, she is not in a position to concede Virage's assertions.

F.    The Trustee, on behalf of the Estate, and Virage previously entered into a stipulation for use of cash collateral and adequate protection (the "Original Stipulation"). The Original Stipulation was approved by the Bankruptcy Court by an interim order entered February 16, 2021 [Docket No. 193] and final order entered March 11, 2021

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

1  [Docket No. 257].  The Original Stipulation and the Trustee's authorization to use cash

2  collateral expires March 31, 2021.

3      G.      The Trustee has obtained authority from the Bankruptcy Court to operate

4  the Debtor's business for certain limited purposes.  In addition, there remain certain

5  essential and ongoing expenses that need to be paid in order for the Trustee to

6  effectively preserve and enhance value for the Estate and protect the Debtor's clients.

7      H.      Without further consent and authorization to use cash collateral, the Trustee

8  submits that she will be left without a source of funds and will be unable to preserve the

9  value of the Estate for the benefit of all creditors, clients and other parties in interest.

10  Virage is willing to provide its consent to the use of cash collateral on the terms and

11  conditions set forth in this Stipulation.

12      **NOW THEREFORE**, based upon the foregoing recitals, and for good and valuable

13  consideration, the Trustee and Virge stipulate and agree as follows:

14

15                          **STIPULATION**

16      1.      The recitals set forth above are incorporated herein by this reference and

17  shall be deemed a material part of the Stipulation.

18      2.      The Trustee, on behalf of the Estate, is authorized to use cash collateral of

19  Virage for the period April 1, 2021 through and including June 30, 2021 (the "Cash

20  Collateral Period") in accordance with the Budget (the "Budget") attached hereto as

21  Exhibit "1," with expenditures not to exceed 115% of the aggregate "High"  expenditures

22  set forth in the Budget, *i.e.*, a 15% variance.  The Trustee has utilized names for positions

23  in the Budget and may utilize different people other than the ones indicated.  For

24  economy, the Trustee may increase the hourly rate of one or more people included in the

25  Budget and eliminate the use of others.  However, in no event will the Trustee exceed the

26  authorization as set forth in this Stipulation.

27      3.      As adequate protection for the use of cash collateral in accordance with the

28  Budget, Virage shall receive a postpetition replacement lien for its asserted secured claim

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

EXHIBIT "4"

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

1 against the Debtor's assets with the same validity, priority, scope and extent as any

2 lien(s) held by Virage as of the Petition Date solely to the extent that the use of cash

3 collateral results in a diminution of the value of Virage's prepetition lien(s) (the

4 "Replacement Lien").

5    4.    Virage shall not be required to file any financing statement, notice, lien, or

6 other similar instrument in any jurisdiction, or take any other action in order to perfect the

7 Replacement Lien created hereunder because the Replacement Lien is automatically

8 perfected upon entry of the order approving this Stipulation.

9    5.    The Replacement Lien shall not encumber or otherwise attach to any

10 causes of action under chapter 5 of the Bankruptcy Code or any proceeds of such

11 causes of action.

12    6.    Notwithstanding anything in this Stipulation to the contrary, all rights and

13 arguments of the Trustee, on behalf of the Estate, to challenge or dispute (a) the validity,

14 priority, scope or extent of the security interests asserted by Virage including, without

15 limitation, in the Debtor's postpetition receipts and cash, or (b) that the use of cash

16 collateral has resulted in the diminution of the value of Virage's prepetition liens, are

17 preserved.

18    7.    By entering into this Stipulation, neither the Trustee nor the Estate are

19 waiving any rights they may have under Bankruptcy Code Section 506(c).

20    8.    Upon reasonable request by Virage and subject to appropriate

21 confidentiality provisions as determined by the Trustee, the Trustee will provide her Form

22 2 Cash Receipts and Disbursements Record to Virage.

23    9.    The authorization to use cash collateral of Virage as provided in this

24 Stipulation expires on June 30, 2021 unless extended with Virage's consent or

25 Bankruptcy Court order.

26    10.    The consent of Virage to the Trustee's use of cash collateral during the

27 Cash Collateral Period shall automatically expire if the Trustee files any document or

28 pleading challenging the validity, priority, scope or extent of Virage's prepetition liens.

1    11.    The Trustee reserves the right to seek an order from the Bankruptcy Court

2  (a) extending this Stipulation, and/or (b) authorizing the Trustee's further use of cash

3  collateral.

4    12.    The Trustee will seek an order from the Bankruptcy Court giving effect to

5  this Stipulation.

6    **IT IS SO STIPULATED.**

7

8  DATED:  March _26_, 2021          SMILEY WANG-EKVALL, LLP

9

10                      By:  _____

11                      PHILIP E. STROK
                        Attorneys for Elissa D. Miller, Chapter 7

12                      Trustee

13  DATED:  March _24_, 2021

14

15                      By:  _____

16                      LEWIS R. LANDAU
                        Attorneys for Virage SPV 1, LLC

17

18

19

20

21

22

23

24

25

26

27

28

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

EXHIBIT "4"

# EXHIBIT "1"

**Chapter 7 Bankruptcy Estate of Girardi Keese**
90-Day Budget
April 2021 through June 2021

| Name | Description | Estimated Amounts | |
| --- | --- | --- | --- |
| | | Low | High |
| iDiscovery Solutions [1] | Computer consultant for trustee | $23,000 | $33,000 |
| D Masin Consulting LLC | Trustee's field agent | 17,500 | 25,000 |
| Kenny Rodriguez | Former GK attorney | 12,500 | 25,000 |
| Norina Rouillard | Former GK A/P manager | 9,000 | 11,250 |
| Sammy Suh | Former GK IT manager | 7,500 | 12,000 |
| Arlan Solonga | Former GK data clerk for proprietary system | 12,500 | 17,500 |
| Josemaria Ibarra | Former GK file clerk | 10,000 | 13,000 |
| Trustee Insurance Group | General liability and car insurance | 1,200 | 1,600 |
| Trustee Insurance Group | Property insurance for building | 0 | 17,500 |
| Inernational Sureties | Bond premium | 0 | 0 |
| Crown Castle | Internet service for office | 10,000 | 15,000 |
| Mimecast | Cloud services | 1,000 | 2,000 |
| LADWP/So Cal Gas | Power/water/gas for office | 7,500 | 12,500 |
| Insight | Software license | 800 | 1,200 |
| Insight | Software (VM) license renewal | 5,100 | 5,100 |
| Microsoft | Software license renewal | 16,000 | 20,000 |
| TBD | Unknown/miscellaneous expenses | 7,500 | 15,000 |
| Totals | | $141,100 | $226,650 |

[1] Although iDiscovery Solutions was included in the previous budget with a low of $45,000 and a high of $60,000, no payments have been made to it.

EXHIBIT "4"

# EXHIBIT "5"

1  **SMILEY WANG-EKVALL, LLP**
   Lei Lei Wang Ekvall, State Bar No. 163047
2  *lekvall@swelawfirm.com*
   Philip E. Strok, State Bar No. 169296
3  *pstrok@swelawfirm.com*
   Timothy W. Evanston, State Bar No. 319342
4  *tevanston@swelawfirm.com*
   3200 Park Center Drive, Suite 250
5  Costa Mesa, California 92626
   Telephone:   714 445-1000
6  Facsimile:    714 445-1002

7  Attorneys for Elissa D. Miller, Chapter 7
   Trustee
8

9                 UNITED STATES BANKRUPTCY COURT

10                CENTRAL DISTRICT OF CALIFORNIA

11                    LOS ANGELES DIVISION

12  In re                                Case No. 2:20-bk-21022-BR

13  GIRARDI KEESE,                       Chapter 7

14

15                                       **STIPULATION BETWEEN THE
                                         TRUSTEE AND NANO BANC FOR USE**
16                                       **OF CASH COLLATERAL AND
                                         ADEQUATE PROTECTION**
17

18                        Debtor.

19

20

21

22        Elissa D. Miller, the chapter 7 trustee (the "Trustee") of the bankruptcy estate (the

23  "Estate") of Girardi Keese (the "Debtor"), by and through her attorneys, and Nano Banc

24  ("Nano"), through its attorneys, enter into this *Stipulation Between the Trustee and Nano*

25  *Banc for Use of Cash Collateral and Adequate Protection* (the "Stipulation") as follows:

26

27

28

*Sidebar (left margin):* SMILEY WANG-EKVALL, LLP  3200 Park Center Drive, Suite 250  Costa Mesa, California 92626  Tel 714 445-1000 • Fax 714 445-1002

EXHIBIT "5"

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

## RECITALS

A.    On December 18, 2020 (the "Petition Date"), an involuntary chapter 7 bankruptcy petition (the "Petition") was filed against the Debtor commencing the instant case (the "Bankruptcy Case"). As of the filing of the Petition, the Debtor was counsel of record in a significant number of matters which were undertaken on a contingency basis.

B.    The petitioning creditors moved for the appointment of an interim trustee which was granted by the Bankruptcy Court by order entered January 5, 2021. The Trustee was appointed as the interim chapter 7 trustee on January 6, 2021. The order for relief was entered January 13, 2021 and, the same date, the Trustee was reappointed and has been serving in that capacity since.

C.    As of the Petition Date, the Debtor's operations were greatly diminished, with most of the attorneys and staff having resigned or moved on from the Debtor. Moreover, the Debtor's cash on hand and in various institutional accounts was relatively small given the scope of the Debtor's operations.

D.    Prior to the Petition Date, Nano had been a financing source for the Debtor. Nano asserts that:

1.    On or about August 20, 2018, Nano and the Debtor entered into a Promissory Note, Business Loan Agreement and Commercial Security Agreement, among other documents, whereby the Debtor borrowed the principal amount of $4,250,000.00 (the "Nano Loan");

2.    Nano duly filed a UCC Financing Statement in California against the Debtor on August 31, 2018, which was designated as Filing No. 18-7666662169; and

3.    The Nano Loan is guaranteed by 1126 Wilshire Partnership.

E.    The Trustee has not yet concluded her review of the validity, priority, scope and extent of, among other things, the Nano Loan and any related security interests and, therefore, she is not in a position to concede Nano's assertions.

F.    Nano previously consented to the Trustee's use of cash collateral through March 31, 2021 on certain terms and conditions. The Trustee's use of cash collateral

2862083.2                                                                    2                                                    STIPULATION
C:\Users\jms\AppData\Local\Microsoft\Windows\INetCache\Content.Outlook\65917LG3\Cash Collateral Stipulation (Nano Banc).DOCX

EXHIBIT "5"

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

1    and the terms and conditions for such use were approved by the Bankruptcy Court by an

2    interim order entered February 16, 2021 [Docket No. 193] and final order entered March

3    11, 2021 [Docket No. 257].  The Trustee's authorization to use cash collateral expires

4    March 31, 2021.

5         G.    The Trustee has obtained authority from the Bankruptcy Court to operate

6    the Debtor's business for certain limited purposes.  In addition, there remain certain

7    essential and ongoing expenses that need to be paid in order for the Trustee to

8    effectively preserve and enhance value for the Estate and protect the Debtor's clients.

9         H.    Without further consent and authorization to use cash collateral, the Trustee

10   submits that she will be left without a source of funds and will be unable to preserve the ·

11   value of the Estate for the benefit of all creditors, clients and other parties in interest.

12   Nano is willing to provide its consent to the use of cash collateral on the terms and

13   conditions set forth in this Stipulation.

14        **NOW THEREFORE**, based upon the foregoing recitals, and for good and valuable

15   consideration, the Trustee and Nano stipulate and agree as follows:

16

17                              **STIPULATION**

18        1.    The recitals set forth above are incorporated herein by this reference and

19   shall be deemed a material part of the Stipulation.

20        2.    The Trustee, on behalf of the Estate, is authorized to use cash collateral of

21   Nano for the period April 1, 2021 through and including June 30, 2021 (the "Cash

22   Collateral Period") in accordance with the Budget (the "Budget") attached hereto as

23   Exhibit "1," with expenditures not to exceed 115% of the aggregate "High"  expenditures

24   set forth in the Budget, *i.e.*, a 15% variance.  The Trustee has utilized names for positions

25   in the Budget and may utilize different people other than the ones indicated.  For

26   economy, the Trustee may increase the hourly rate of one or more people included in the

27   Budget and eliminate the use of others.  However, in no event will the Trustee exceed the

28   authorization as set forth in this Stipulation.

2862083.2                                    3                            STIPULATION
C:\Users\jms\AppData\Local\Microsoft\Windows\INetCache\Content.Outlook\65917LG3\Cash Collateral Stipulation (Nano
Banc).DOCX

EXHIBIT "5"

3.      As adequate protection for the use of cash collateral in accordance with the Budget, Nano shall receive a postpetition replacement lien for its asserted secured claim against the Debtor's assets with the same validity, priority, scope and extent as any lien(s) held by Nano as of the Petition Date solely to the extent that the use of cash collateral results in a diminution of the value of Nano's prepetition lien(s) (the "Replacement Lien").

4.      Nano shall not be required to file any financing statement, notice, lien, or other similar instrument in any jurisdiction, or take any other action in order to perfect the Replacement Lien created hereunder because the Replacement Lien is automatically perfected upon entry of the order approving this Stipulation.

5.      The Replacement Lien shall not encumber or otherwise attach to any causes of action under chapter 5 of the Bankruptcy Code or any proceeds of such causes of action.

6.      Notwithstanding anything in this Stipulation to the contrary, all rights and arguments of the Trustee, on behalf of the Estate, to challenge or dispute (a) the validity, priority, scope or extent of the security interests asserted by Nano including, without limitation, in the Debtor's postpetition receipts and cash, or (b) that the use of cash collateral has resulted in the diminution of the value of Nano's prepetition liens, are preserved and all rights and arguments of Nano with respect thereto are preserved.

7.      By entering into this Stipulation, neither the Trustee nor the Estate are waiving any rights they may have under Bankruptcy Code Section 506(c) and Nano is not waiving any of its rights or arguments to contest or dispute any such rights.

8.      Upon reasonable request by Nano and subject to appropriate confidentiality provisions as determined by the Trustee, the Trustee will provide her Form 2 Cash Receipts and Disbursements Record to Nano.

9.      The authorization to use cash collateral of Nano as provided in this Stipulation expires on June 30, 2021 unless extended with Nano's consent or Bankruptcy Court order with Nano's consent.

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

2862083.2                                              4                                    STIPULATION
C:\Users\jms\AppData\Local\Microsoft\Windows\INetCache\Content.Outlook\65917LG3\Cash Collateral Stipulation (Nano Banc).DOCX

EXHIBIT "5"

10.     The consent of Nano to the Trustee's use of cash collateral during the Cash Collateral Period shall automatically expire if the Trustee files any document or pleading challenging the validity, priority, scope or extent of Nano's prepetition liens.

11.     The Trustee reserves the right to seek an order from the Bankruptcy Court (a) extending this Stipulation with Nano's consent, and/or (b) authorizing the Trustee's further use of cash collateral and Nano reserves the right to object and arguments to any such request.

12.     The Trustee will seek an order from the Bankruptcy Court giving effect to this Stipulation.

**IT IS SO STIPULATED.**

DATED: March 26, 2021          SMILEY WANG-EKVALL, LLP

                              By: _____
                                  PHILIP E. STROK
                                  Attorneys for Elissa D. Miller, Chapter 7
                                  Trustee

DATED: March 26, 2021          MUCH SHELIST, P.C.

                              By: _____
                                  JEFFREY M. SCHWARTZ, ESQ.
                                  Attorneys for Nano Banc

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

EXHIBIT "5"

# EXHIBIT "1"

**Chapter 7 Bankruptcy Estate of Girardi Keese**
**90-Day Budget**
**April 2021 through June 2021**

| Name | Description | Estimated Amounts | |
| --- | --- | --- | --- |
| | | Low | High |
| iDiscovery Solutions [1] | Computer consultant for trustee | $23,000 | $33,000 |
| D Masin Consulting LLC | Trustee's field agent | 17,500 | 25,000 |
| Kenny Rodriguez | Former GK attorney | 12,500 | 25,000 |
| Norina Rouillard | Former GK A/P manager | 9,000 | 11,250 |
| Sammy Suh | Former GK IT manager | 7,500 | 12,000 |
| Arlan Solonga | Former GK data clerk for proprietary system | 12,500 | 17,500 |
| Josemaria Ibarra | Former GK file clerk | 10,000 | 13,000 |
| Trustee Insurance Group | General liability and car insurance | 1,200 | 1,600 |
| Trustee Insurance Group | Property insurance for building | 0 | 17,500 |
| Inernational Sureties | Bond premium | 0 | 0 |
| Crown Castle | Internet service for office | 10,000 | 15,000 |
| Mimecast | Cloud services | 1,000 | 2,000 |
| LADWP/So Cal Gas | Power/water/gas for office | 7,500 | 12,500 |
| Insight | Software license | 800 | 1,200 |
| Insight | Software (VM) license renewal | 5,100 | 5,100 |
| Microsoft | Software license renewal | 16,000 | 20,000 |
| TBD | Unknown/miscellaneous expenses | 7,500 | 15,000 |
| Totals | | $141,100 | $226,650 |

[1] Although iDiscovery Solutions was included in the previous budget with a low of $45,000 and a high of $60,000, no payments have been made to it.

EXHIBIT "5"

# EXHIBIT "6"

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| SMILEY WANG-EKVALL, LLP<br>Philip E. Strok, State Bar No. 169296<br>pstrok@swelawfirm.com<br>Timothy W. Evanston, State Bar No. 319342<br>tevanston@swelawfirm.com<br>3200 Park Center Drive, Suite 250<br>Costa Mesa, California 92626<br>Telephone:   714 445-1000<br>Facsimile:   714 445-1002<br><br>☐ *Individual appearing without attorney*<br>☒ *Attorney for:* Elissa D. Miller, Chapter 7 Trustee | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA -  LOS ANGELES DIVISION**

| In re:<br><br>GIRARDI KEESE<br><br><br><br><br><br><br><br>Debtor(s). | CASE NO.:  2:20-bk-21022-BR<br><br>CHAPTER:  7<br><br>**STATEMENT REGARDING<br>CASH COLLATERAL OR<br>DEBTOR IN POSSESSION FINANCING<br>[FRBP 4001; LBR 4001-2]**<br><br>DATE:<br>TIME:<br>COURTROOM:  1668<br>ADDRESS:       255 E. Temple Street<br>                        Los Angeles, CA 90012 |

Secured party(ies): California Attorney Lending II; Stillwell Madison, LLC; Virage SPV 1, LLC; Nano Banc; Jaime, Joseph and Kathleen Ruigomez; KCC Class Action Services, LLC

The Debtor has requested the approval of either (1) a motion for use of cash collateral, or postpetition financing, or both, or (2) through a separately-filed motion, a stipulation providing for the use of cash collateral, or postpetition financing, or both.  The proposed form of order on the motion or the stipulation contains the following provisions or findings of fact:

| | **Disclosures Tracking FRBP 4001(c)(1)(B)(i) through (xi) and (d)(1)(B)** | **Page No.:** | **Line No. (if applicable)** |
|---|---|---|---|
| ☐ | (i): "[A] grant of priority or a lien on property of the estate under § 364(c) or (d)" | | |
| ☒ | (ii): "[T]he providing of adequate protection or priority for a claim that arose before the commencement of the case, including the granting of a lien on property of the estate to secure the claim, or the use of property of the estate or credit obtained under § 364 to make cash payments on account of the claim" | 3 | 11 |
| | ☐ Cross-collateralization, *i.e.*, clauses that secure prepetition debt by postpetition assets in which the secured party would not otherwise have a security interest by virtue of its prepetition security agreement or applicable law | | |
| | ☐ Roll-up, *i.e.*, provisions deeming prepetition debt to be postpetition debt or using postpetition loans from a prepetition secured party to pay part or all of that secured party's prepetition debt, other than as provided in § 552(b) | | |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

| | | | |
|---|---|---|---|
| Continued from page 1 | | | |
| ☒ Grant a replacement lien in an amount in excess of the dollar amount of the lien on cash collateral as of the petition date | | | |
| ☐ (iii): "[A] determination of the validity, enforceability, priority, or amount of a claim that arose before the commencement of the case, or of any lien securing the claim" | | | |
| ☐ (iv): "[A] waiver or modification of Code provisions or applicable rules relating to the automatic stay"<br>☐ Automatic relief from the automatic stay upon occurrence of certain events. | | | |
| ☐ (v): "[A] waiver or modification of any entity's authority or right to file a plan, seek an extension of time in which the debtor has the exclusive right to file a plan, request the use of cash collateral under § 363(c), or request authority to obtain credit under § 364" | | | |
| ☐ (vi): "[T]he establishment of deadlines for filing a plan of reorganization, for approval of a disclosure statement, for a hearing on confirmation, or for entry of a confirmation order" | | | |
| ☒ (vii): "[A] waiver or modification of the applicability of nonbankruptcy law relating to the perfection of a lien on property of the estate, or on the foreclosure or other enforcement of the lien" | | 3 | 17 |
| ☐ (viii): "[A] release, waiver, or limitation on any claim or other cause of action belonging to the estate or the trustee, including any modification of the statute of limitations or other deadline to commence an action" | | | |
| ☐ (ix): "[T]he indemnification of any entity" | | | |
| ☐ (x): "[A] release, waiver, or limitation of any right under § 506(c)"<br>☐ The granting of any lien on any claim or cause of action arising under § 506(c) | | | |
| ☐ (xi): "The granting of any lien on any claim or cause of action arising under §§ 544, 545, 547, 548, 549, 553(b), 723(a), or 724(a)" | | | |
| **Additional Disclosures Required by LBR 4001-2** | | **Page No.:** | **Line No. (if applicable)** |
| ☐ With respect to a professional fee carve out, disparate treatment for professionals retained by a creditors' committee from that provided for the professionals retained by the debtor | | | |
| ☐ Pay down prepetition principal owed to a creditor | | | |
| ☐ Findings of fact on matters extraneous to the approval process | | | |

| 3/30/2021 | Philip E. Strok | /s/ Philip E. Strok |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2015*                                    Page 2                                    **F 4001-2.STMT.FINANCE**

EXHIBIT "6"

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

A true and correct copy of the foregoing document entitled: **STATEMENTREGARDING CASH COLLATERAL OR DEBTOR IN POSSESSION FINANCING [FRBP 4001; LBR 4001-2]** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

_____    _____    _____
*Date*                         *Printed Name*                                          *Signature*

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

# EXHIBIT "7"

1 | **SMILEY WANG-EKVALL, LLP**
Lei Lei Wang Ekvall, State Bar No. 163047
2 | *lekvall@swelawfirm.com*
Philip E. Strok, State Bar No. 169296
3 | *pstrok@swelawfirm.com*
Timothy W. Evanston, State Bar No. 319342
4 | *tevanston@swelawfirm.com*
3200 Park Center Drive, Suite 250
5 | Costa Mesa, California 92626
Telephone:   714 445-1000
6 | Facsimile:    714 445-1002

7 | Attorneys for Elissa D. Miller, Chapter 7
Trustee

8

### UNITED STATES BANKRUPTCY COURT

9

### CENTRAL DISTRICT OF CALIFORNIA

10

### LOS ANGELES DIVISION

11

| | | |
|---|---|---|
| In re | | Case No. 2:20-bk-21022-BR |
| GIRARDI KEESE, | | Chapter 7 |
| | Debtor. | **[PROPOSED] INTERIM ORDER GRANTING CHAPTER 7 TRUSTEE'S SECOND MOTION FOR ORDER APPROVING STIPULATIONS FOR USE OF CASH COLLATERAL AND AUTHORIZING USE OF CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363 AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 4001(b) AND (d)** |

Date:     To be set
Time:     To be set
Ctrm.:    1668 via ZoomGov
          255 E. Temple Street
          Los Angeles, CA 90012

Web Address: https://cacb.zoomgov.com
Meeting ID:   To be set
Password:     To be set
Telephone:    To be set

*Left margin (vertical text):* SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

2862348.1 | 1 | [PROPOSED] INTERIM ORDER

EXHIBIT "7"

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

1      On _____, at __:__ a.m./p.m., the above-captioned Court held a hearing

2 on the *Chapter 7 Trustee's Second Motion for Order Approving Stipulations for Use of*

3 *Cash Collateral and Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. § 363 and*

4 *Federal Rule of Bankruptcy Procedure 4001(b) and (d)* (the "Motion")[1] filed by Elissa D.

5 Miller, in her capacity as Chapter 7 Trustee for the bankruptcy estate (the "Estate") of

6 Girardi Keese.  Appearances were as noted on the Court's record.  Having considered

7 the Motion and the pleadings, declarations, and exhibits filed in support thereof and

8 opposition thereto, and the statements and arguments of counsel on the record at the

9 hearing on the Motion, finding that notice and service of the Motion were proper and that

10 no further notice be given, and finding good cause for the relief requested in the Motion,

11      **IT IS HEREBY ORDERED** that:

12      1.     The Motion is GRANTED on an interim basis;

13      2.     The Second CAL II Stipulation attached to the Motion as Exhibit "__" is

14 approved on an interim basis;

15      3.     The Stillwell Stipulation attached to the Motion as Exhibit "__" is approved

16 on an interim basis;

17      4.     The Second Virage Stipulation attached to the Motion as Exhibit "__" is

18 approved on an interim basis;

19      5.     The Nano Stipulation attached to the Motion as Exhibit "__" is approved on

20 an interim basis;

21      6.     CAL II, Stillwell, Virage, Nano, and any other alleged secured creditor of the

22 Debtor and/or the Estate shall be considered a "secured creditor" as that term is used in

23 this Order and shall be entitled to the protections provided to such secured creditor;

24      7.     The Trustee, on behalf of the Estate, is authorized to use cash collateral on

25 an interim basis from April 1, 2021 through and including June 30, 2021 (the "Cash

26 Collateral Period") in accordance with the Budget attached to the Motion as Exhibit "__,"

27

28     [1]    Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

[PROPOSED] INTERIM ORDER

EXHIBIT "7"

with expenditures during the Cash Collateral Period not to exceed 115% of the aggregate "High" expenditures set forth in the Budget, *i.e.*, a 15% variance;

8.    The Trustee has utilized names for positions in the Budget and may utilize different people other than the ones indicated, and may increase the hourly rate of one or more people included in the Budget and eliminate the use of others, however, in no event will the Trustee exceed the authorization as set forth in this Order.

9.    The Trustee is authorized to pay the W-9 employees identified in the Budget and such other W-9 employees as the Trustee requires to perform the services contemplated in the Budget, so long as the total amount paid does not exceed the authorization as set forth in this Order.

10.    As adequate protection for the use of cash collateral in accordance with the Budget, any alleged secured creditor shall receive a post-petition replacement lien for its asserted secured claim(s) against the Debtor's assets with the same validity, priority, scope and extent as any lien(s) held by the alleged secured creditor as of December 18, 2020, the petition date, solely to the extent that the use of cash collateral results in a diminution of the value of the alleged secured creditor's prepetition lien(s);

11.    Any alleged secured creditor shall not be required to file any financing statement, notice, lien, or other similar instrument in any jurisdiction, or take any other action in order to perfect its replacement lien created hereunder because the replacement lien is automatically perfected upon entry of this Order;

12.    No replacement lien shall encumber or otherwise attach to any causes of action under chapter 5 of the Bankruptcy Code or any proceeds of such causes of action;

13.    All rights and arguments of the Trustee, on behalf of the Estate, to challenge or dispute (a) the validity, priority, scope or extent of the security interests asserted by any alleged secured creditor including, without limitation, in the Debtor's post-petition receipts and cash, or (b) that the use of cash collateral has resulted in the diminution of the value of the alleged secured creditor's prepetition lien(s), are preserved,

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

3

[PROPOSED] INTERIM ORDER

EXHIBIT "7"

1  and any alleged secured creditor's right to oppose any such request by the Trustee is

2  preserved;

3      14.    Neither the Trustee nor the Estate are waiving any rights they may have

4  under Bankruptcy Code Section 506(c) and any alleged secured creditor is not waiving

5  any of its rights or arguments to contest or dispute any such rights;

6      15.    Upon reasonable request by any alleged secured creditor and subject to

7  appropriate confidentiality provisions as determined by the Trustee, the Trustee will

8  provide her Form 2 Cash Receipts and Disbursements Record to the alleged secured

9  creditor;

10      16.    The authorization to use cash collateral of any alleged secured creditor

11  expires on June 30, 2021 unless extended with such alleged secured creditor's consent

12  or Bankruptcy Court order;

13      17.    The consent of CAL II, Stillwell, Virage, and Nano to the Trustee's use of

14  cash collateral during the Cash Collateral Period shall automatically expire if the Trustee

15  files any document or pleading challenging the validity, priority, scope or extent of CAL II,

16  Stillwell, Virage and Nano's asserted liens;

17      18.    The Trustee reserves the right to seek an order from the Court authorizing

18  the Trustee's further use of cash collateral upon notice of such request and any alleged

19  secured creditor reserves the right to oppose any such request; and

20      19.    There shall be a final hearing on the Motion on _____, at __:__ a.m./p.m.

21          ###

22

23

24

25

26

27

28

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

4

[PROPOSED] INTERIM ORDER

EXHIBIT "7"

# EXHIBIT "8"

| Full Listing | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| **Girardi & Keese (also includes Girardi Keese)** | | | | | | | | |
| **Listings:** | | | | | | | | |
| State Lien Search (Active | | | | | | | | |

| | File Type | File Number | File Date | Expiration Date | Debtor | Secured Party | Lien Summary and Collateral | Claim Amount (from filing) | Comments |
|---|---|---|---|---|---|---|---|---|---|
| | Original | 117275806299 | 07/06/2011 | 07/06/2021 | GIRARDI KEESE 1126 WILSHIRE BLVD. LOS ANGELES CA 90017 | CALIFORNIA ATTORNEY LENDING II, INC. 6400 MAIN STREET, SUITE 120 WILLIAMSVILLE NY 14221 | **ACTIVE (All Assets and proceeds)** CAL Original filing which was limited to interest in certain cases. | | |
| | | | | | GIRARDI THOMAS V. 100 LOS ALTOS DRIVE PASADENA CA 91105 | | | | |
| | AMENDMENT | 1172814762 | 08/18/2011 | | | | Restated Collateral Description | | |
| | AMENDMENT | 1373755925 | 08/28/2013 | | GIRARDI KEESE | | Expanded Collateral Description to all assets, including proceeds | | |
| | CONTINUATION | 1675306737 | 06/10/2016 | | GIRARDI KEESE | | | | |
| | AMENDMENT | 1775969950 | 07/19/2017 | | | | CAL Amendment to Add Thomas V. Girard | | |
| | Original | 167506300179 | 01/26/2016 | 01/26/2021 | GIRARDI & KEESE 1126 WILSHIRE BLVD LOS ANGELES CA 90017-190 | IKON FINANCIAL SVCS 1738 BASS RD MACON GA 31210-1042 | **ACTIVE (specified Equipment only)** | | |
| | Original | 167506300290 | 01/26/2016 | 01/26/2021 | GIRARDI & KEESE 1126 WILSHIRE BLVD LOS ANGELES CA 90017-190 | IKON FINANCIAL SVCS 1738 BASS RD MACON GA 31210-1042 | **ACTIVE (specified Equipment only)** | | |
| | Original | 167519369916 | 04/11/2016 | 04/11/2021 | GIRARDI KEESE 1126 WILSHIRE BOULEVARD BEVERLY HILLS CA 90017 | STILLWELL MADISON, LLC PO BOX 832 CAREFREE AZ 85377 | **ACTIVE (Cases set forth in Exhibit B-1 of Stillwell's Agreement with Debtor)** | | |
| | Original | 177587629032 | 05/30/2017 | 05/30/2022 | GIRARDI & KEESE 1126 WILSHIRE BLVD LOS ANGELES CA 90017-190 | IKON FINANCIAL SVCS 1738 BASS RD MACON GA 31210-1042 | **ACTIVE (specified Equipment only)** | | |

EXHIBIT "8"

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Original | 177601785042 | 08/18/2017 | 08/18/2022 | GIRARDI & KEESE 1126 WILSHIRE BLVD LOS ANGELES CA 90017 | CORPORATION SERVICE COMPANY, AS REPRESENTATIVE P.O. BOX 2576 UCCSPREP@CSCINFO.COM SPRINGFIELD IL 62708 | **ACTIVE - Any Eligible Case (as defined in the Loan Agreement)** | | The Trustee believes but has not yet confirmed that this UCC Financing Statement was filed on behalf of Virage SPV 1, LLC. |
| Original | 177614819640 | 11/06/2017 | 11/06/2022 | GIRARDI & KEESE 1126 WILSHIRE BLVD LOS ANGELES CA 90017 | CORPORATION SERVICE COMPANY, AS REPRESENTATIVE P.O. BOX 2576 UCCSPREP@CSCINFO.COM SPRINGFIELD IL 62708 | **ACTIVE - Any Eligible Case (as defined in the Loan Agreement)** | | Counsel for Virage SPV 1, LLC has confirmed that this UCC Financing Statement was filed on behalf of Virage SPV 1, LLC. |
| Original | 187635620856 | 03/01/2018 | 03/01/2023 | GIRARDI & KEESE 1126 WILSHIRE BLVD LOS ANGELES CA 90017 | CORPORATION SERVICE COMPANY, AS REPRESENTATIVE P.O. BOX 2576 UCCSPREP@CSCINFO.COM SPRINGFIELD IL 62708 | **ACTIVE - Any Eligible Case or Eligible Collateral Case (as defined in the Loan Agreement)** | | Counsel for Virage SPV 1, LLC has confirmed that this UCC Financing Statement was filed on behalf of Virage SPV 1, LLC. |
| AMENDMENT | 1977226167 | 07/10/2019 | | | | | | |
| AMENDMENT | 1977234000 | 07/16/2019 | | | | | | |
| Original | 187666662169 | 08/31/2018 | 08/31/2023 | GIRARDI & KEESE 1126 WILSHIRE BOULEVARD LOS ANGELES CA 90017 | NANO BANC 25220 HANCOCK AVENUE, STE. 140 MURRIETA CA 92562 | **ACTIVE (All Assets and proceeds)** | | |
| Original | 197746713843 | 11/14/2019 | 11/14/2024 | GIRARDI & KEESE 1126 WILSHIRE BLVD LOS ANGELES CA 90017-1904 | CT CORPORATION SYSTEM, AS REPRESENTATIVE 330 N. BRAND BLVD SUITE 700 GLENDALE, CA 91203 | **ACTIVE (All Assets and proceeds)** | | California Attorney Lending II has confirmed that this UCC Financing Statement was filed on its behalf. |

EXHIBIT "8"

| Judgment Lien | U200027063225 | 10/6/2020 | | GIRARDI \| KEESE 1126 WILSHIRE BLVD LOS ANGELES CA 90017-1904 | JAMIE, JOSEPH & KATHLEEN RUIGOMEZ 16001 VENTURA BLVD. SUITE 200 ENCINO, CA 9143€ | **ACTIVE (Judgment Lien on Personal Property)** | $ 11,491,232.87 | |
| | | | | GIRARDI THOMAS V. 100 LOS ALTOS DRIVE PASADENA CA 9110€ | | | | |
| Judgment Lien | U200033578428 | 11/2/2020 | | GIRARDI & KEESE 1126 WILSHIRE BLVD. LOS ANGELES CA 90017 | CALIFORNIA ATTORNEY LENDING II, INC. 6400 MAIN STREET, SUITE 120 WILLIAMSVILLE NY 14221 | **ACTIVE (Judgment Lien on Personal Property)** | $ 6,254,014.57 | |
| | | | | GIRARDI THOMAS V. 100 LOS ALTOS DRIVE PASADENA CA | | | | |
| Judgment Lien | U200037891132 | 12/17/2020 | | GIRARDI KEESE 1126 WILSHIRE BLVD LOS ANGELES CA 90017 | KCC CLASS ACTION SERVICES, LLC 222 N. PACIFIC COAST HIGHWAY THIRD FLOOR EL SEGUNDO, CA 90245 | **ACTIVE (Judgment Lien on Personal Property)** | $ 7,504,109.59 | |
| | | | | THOMAS V. GIRARDI 100 LOS ALTOS DRIVE PASADENA, CA | | | | |
| | | | | | | | | |

EXHIBIT "8"

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 3200 Park Center Drive, Suite 250, Costa Mesa, CA 92626.

A true and correct copy of the foregoing document entitled (*specify*): **CHAPTER 7 TRUSTEE'S SECOND MOTION FOR ORDER APPROVING STIPULATIONS FOR USE OF CASH COLLATERAL AND AUTHORIZING USE OF CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363 AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 4001(b) AND (d);MEMORANDUM OF POINTS AND AUTHORITIES, DECLARATIONS OF ELISSA D. MILLER AND PHILIP E. STROK IN SUPPORT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)</u>:** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) March 30, 2021 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page.

**2. <u>SERVED BY UNITED STATES MAIL</u>:**
On (*date*) March 30, 2021, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

| | |
|---|---|
| The Honorable Barry Russell<br>U.S. Bankruptcy Court<br>Roybal Federal Building<br>255 E. Temple Street, Suite 1660<br>Los Angeles, CA 90012 | IKON Financial Svcs<br>1738 Bass Rd.<br>Macon, GA 31210-1043 |

☐ Service information continued on attached page.

**3. <u>SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL</u>** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) March 30, 2021, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

**<u>VIA E-Mail</u>**

☒ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| March 30,2021 | Gabriela Gomez-Cruz | /s/ Gabriela Gomez-Cruz |
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

1. <u>**SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**</u>

- Kyra E Andrassy    kandrassy@swelawfirm.com,
  lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com
- •Rafey Balabanian    , docket@edelson.com
- •Michelle Balady    mb@bedfordlg.com, leo@bedfordlg.com
- •William C Beall    will@beallandburkhardt.com, carissa@beallandburkhardt.com
- •Ori S Blumenfeld    Ori@MarguliesFaithLaw.com,
  Helen@MarguliesFaithLaw.com;Angela@MarguliesFaithLaw.com;Vicky@MarguliesFaithLaw.com
- •Sandor Theodore Boxer    tedb@tedboxer.com
- •Richard D Buckley    richard.buckley@arentfox.com
- •Marie E Christensen    mchristiansen@vedderprice.com, ecfladocket@vedderprice.com,marie-christiansen-
  4166@ecf.pacerpro.com
- •Jennifer Witherell Crastz    jcrastz@hrhlaw.com
- •Ashleigh A Danker    Ashleigh.danker@dinsmore.com, SDCMLFiles@DINSMORE.COM;Katrice.ortiz@dinsmore.com
- •Clifford S Davidson    csdavidson@swlaw.com, jlanglois@swlaw.com;cliff-davidson-7586@ecf.pacerpro.com
- •Lei Lei Wang Ekvall    lekvall@swelawfirm.com,
  lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com
- •Richard W Esterkin    richard.esterkin@morganlewis.com
- •Timothy W Evanston    tevanston@swelawfirm.com,
  gcruz@swelawfirm.com;lgarrett@swelawfirm.com;jchung@swelawfirm.com
- •Jeremy Faith    Jeremy@MarguliesFaithlaw.com,
  Helen@MarguliesFaithlaw.com;Angela@MarguliesFaithlaw.com;Vicky@MarguliesFaithlaw.com
- •James J Finsten    , jimfinsten@hotmail.com
- •Alan W Forsley    alan.forsley@flpllp.com, awf@fkllawfirm.com,awf@fl-lawyers.net,addy.flores@flpllp.com
- •Eric D Goldberg    eric.goldberg@dlapiper.com, eric-goldberg-1103@ecf.pacerpro.com
- •Andrew Goodman    agoodman@andyglaw.com, Goodman.AndrewR102467@notify.bestcase.com
- •Suzanne C Grandt    suzanne.grandt@calbar.ca.gov, joan.randolph@calbar.ca.gov
- •Steven T Gubner    sgubner@bg.law, ecf@bg.law
- •Marshall J Hogan    mhogan@swlaw.com, knestuk@swlaw.com
- •Sheryl K Ith    sith@cookseylaw.com, sith@ecf.courtdrive.com
- •Razmig Izakelian    razmigizakelian@quinnemanuel.com
- •Lewis R Landau    Lew@Landaunet.com
- •Daniel A Lev    dlev@sulmeyerlaw.com, ccaldwell@sulmeyerlaw.com;dlev@ecf.inforuptcy.com
- •Craig G Margulies    Craig@MarguliesFaithlaw.com,
  Vicky@MarguliesFaithlaw.com;Helen@MarguliesFaithlaw.com;Angela@MarguliesFaithlaw.com
- •Peter J Mastan    peter.mastan@dinsmore.com, SDCMLFiles@dinsmore.com;Katrice.ortiz@dinsmore.com
- •Edith R. Matthai    ematthai@romalaw.com, lrobie@romalaw.com
- •Kenneth Miller    kmiller@pmcos.com, efilings@pmcos.com
- •Elissa Miller (TR)    CA71@ecfcbis.com,
  MillerTrustee@Sulmeyerlaw.com;C124@ecfcbis.com;ccaldwell@sulmeyerlaw.com
- •Eric A Mitnick    MitnickLaw@aol.com, mitnicklaw@gmail.com
- •Scott H Olson    solson@vedderprice.com, scott-olson-
  2161@ecf.pacerpro.com,ecfsfdocket@vedderprice.com,nortega@vedderprice.com
- •Leonard Pena    lpena@penalaw.com, penasomaecf@gmail.com;penalr72746@notify.bestcase.com
- •Michael J Quinn    mquinn@vedderprice.com, ecfladocket@vedderprice.com,michael-quinn-2870@ecf.pacerpro.com
- •Ronald N Richards    ron@ronaldrichards.com, morani@ronaldrichards.com
- •Kevin C Ronk    Kevin@portilloronk.com, Attorneys@portilloronk.com
- •William F Saavino    wsavino@woodsoviatt.com, lherald@woodsoviatt.com
- •Kenneth John Shaffer    johnshaffer@quinnemanuel.com
- •Philip E Strok    pstrok@swelawfirm.com, gcruz@swelawfirm.com;1garrett@swelawfirm.com;jchung@swelawfirm.com
- •Boris Treyzon    jfinnerty@actslaw.com, sgonzales@actslaw.com
- • United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- •Eric D Winston    ericwinston@quinnemanuel.com
- •Christopher K.S. Wong    christopher.wong@arentfox.com, yvonne.li@arentfox.com
- •Timothy J Yoo    tjy@lnbyb.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                        **F 9013-3.1.PROOF.SERVICE**

**3. <u>SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL</u>**

**<u>Via E-mail:</u>**

| | | |
|---|---|---|
| Andrew W Zepeda<br>James J Finsten<br>Lurie, Zepeda, Schmalz, Hogan & Martin<br>1875 Century Park E Ste 2100<br>Los Angeles, CA 90067<br>azepeda@lurie-zepeda.com<br>jfinsten@lurie-zepeda.com | Rafey Balabanian<br>Edelson PC<br>123 Townsend St Ste 100<br>San Francisco, CA 94107<br>rbalabanian@edelson.com | Nano Banc<br>25220 Hancock Ave., Suite 140<br>Murrieta, CA 92562<br>epadilla@nanobanc.com<br>pdonaldson@nanobanc.com |
| Abir Cohen Treyzon Salo, LLP<br>c/o: Boris Treyzon<br>16001 Ventura Boulevard, Suite 200<br>Encino, CA 91436<br>btreyzon@actslaw.com | Law Finance Group, LLC<br>591 Redwood Hwy<br>Suite 1200<br>Mill Valley, CA 94941<br>info@lawfinance.com | LFG Special Investor Group, LLC<br>Finance Group Fund II<br>200 South Virginia St., 8th Floor<br>Reno, NV 89501<br>info@lawfinance.com |
| Corporation Service Company, As Representative<br>P.O.Box 2576<br>Springfield, IL  62708<br>801 Adlai Stevenson Dr.<br>Springfield, IL 62703<br>UCCSPREP@CSCINFO.com | Jeffrey M. Schwartz, Esq.<br>Much Shelist, P.C.<br>191 North Wacker Drive, Suite 1800<br>Chicago, IL 60606<br>Telephone: (312) 521-2626<br>jschwartz@muchlaw.com<br><br>**Attorneys for Nano Bank** | CT Corporation System, as Representative<br>CT Lien Solutions<br>330 N. Brand Blvd., Suite 700<br>Glendale, CA 91203<br>UCCSPREP@CSCINFO.com |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9013-3.1.PROOF.SERVICE**