1    Richard M. Steingard (SBN 106374)
     *rsteingard@SteingardLaw.com*
2    LAW OFFICES OF RICHARD M. STEINGARD
     800 Wilshire Boulevard, Suite 1050
3    Los Angeles, California 90017
     Telephone: (213) 260-9449
4    Facsimile: (213) 260-9450

5    Attorney for Proposed Designee
6    Christopher Kamon

7

8                UNITED STATES BANKRUPTCY COURT

9                CENTRAL DISTRICT OF CALIFORNIA

10                    LOS ANGELES DIVISION

11   In Re GIRARDI KEESE,                Case No. 2:20-bk-21022-BR

12                         Debtor.       Chapter 7

13                                       **OPPOSITION TO MOTION TO
                                         DESIGNATE CHRISTOPHER
14                                       KAMON TO APPEAR OR ACT ON
                                         BEHALF OF THE DEBTOR AND
15                                       COMPEL ATTENDANCE AT THE
                                         § 341(a) MEETING OF
16                                       CREDITORS PURSUANT TO
                                         FEDERAL RULE OF
17                                       BANKRUPTCY PROCEDURE
                                         9001(5); DECLARATIONS**
18

19

20

21

22

23

24

25

26

27

28

LAW
OFFICES OF
RICHARD M.
STEINGARD

1

1       Christopher Kamon, by and through his attorney of record, Richard M.

2 Steingard, hereby submits this *Opposition to Motion to Designate Chris Kamon to*

3 *Appear or Act on Behalf of the Debtor and Compel Attendance at the § 341(a)*

4 *Meeting of Creditors Pursuant to Federal of Bankruptcy Procedure 9001(5).*

5       In support of this Opposition, Mr. Kamon submits the following

6 memorandum of points and authorities and the attached declarations of Richard M.

7 Steingard and Christopher Kamon.

8

9 DATED:  March 31, 2021       Respectfully submitted,

10

11                      LAW OFFICES OF RICHARD M. STEINGARD

12

13

14                      RICHARD M. STEINGARD

15                      Attorneys for Prospective Designee
                        CHRISTOPHER KAMON

16

17

18

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### INTRODUCTION

On March 18, 2021, Elisa D. Miller, the Chapter 7 Trustee ("Trustee"), moved this Court to designate Christopher Kamon to appear and act on behalf of the debtor, and to compel his attendance at a § 341(a) meeting of the creditors pursuant to Federal Rules of Bankruptcy Procedure 9001(5). (ECF 269.)  By this Opposition, Mr. Kamon opposes the Trustee's motion.

As set forth below and in the attached declarations, there is an ongoing federal criminal investigation in the Northern District of Illinois concerning the Girardi Keese law firm where Mr. Kamon was employed.  If named as a designee, based on the government's investigation and the advice of counsel, Mr. Kamon intends to assert his rights under the Fifth Amendment to the U.S. Constitution and decline to make a statement or answer any questions put to him by the Trustee, creditors, or anyone else associated with this action.  As such, the proposed appointment of Mr. Kamon would serve no purpose: neither the Trustee nor the creditors would obtain the information they seek.  Accordingly, we ask that the Court deny the Trustee's motion.

It bears noting that before filing this Opposition, Mr. Kamon's counsel contacted the Trustee's counsel, advised that Mr. Kamon intended to assert his Fifth Amendment rights, and asked that the Trustee withdraw the instant motion. (Declaration of Richard M. Steingard at ¶ 3.)  Trustee's counsel subsequently advised that the Trustee would not withdraw the motion. (*Id.*)

### II.

### ARGUMENT

Rule 9001(5), Federal Rules of Bankruptcy Procedure ("FRBP") states, in relevant part, "When any act is required by these rules to be performed by a debtor or when it is necessary to compel attendance of a debtor for examination and the

LAW
OFFICES OF
RICHARD M.
STEINGARD

1  debtor is not a natural person: ... (B) if the debtor is a partnership, "debtor"

2  includes any or all of its general partners or, if designated by the court, any other

3  person in control."  In the instant case, the Trustee asserts that Christopher Kamon

4  is "an appropriate party to designate and appear on behalf of the Debtor under

5  RFBP 9001(5)." (ECF 269 at 6.)  According to the Trustee's motion, Mr. Kamon

6  was the Chief Financial Officer of Girardi Keese, operated and oversaw the firm's

7  accounting department, participated in discussions with insolvency advisors and

8  potential lenders, prepared checks on behalf of the firm (including for the firm's

9  trust account) and was a Trustee for the firm's 401(k) plan. (*Id.*)

10      Accepting these allegations as true, Mr. Kamon submits that he should not

11  be designated by the Court to appear and act on behalf of the debtor and participate

12  at a § 341(a) meeting of the creditors.  As stated in Mr. Kamon attached

13  declaration, based on the advice of counsel, Mr. Kamon intends to assert his rights

14  under the Fifth Amendment to the U.S. Constitution and will decline to make any

15  statements or answer any questions put to him by the Trustee or creditors.

16  (Declaration of Christopher Kamon at ¶ 2.)  Case law makes clear that individuals

17  retain their Fifth Amendment rights during bankruptcy proceedings. *See e.g., In Re*

18  *Iorizzo*, 35 B.R. 465, 467 n.3 (E.D.N.Y. 1983) (recognizing that "the Iorizzos may

19  be properly exercising their Fifth Amendment privilege against self-incrimination"

20  even though "the Trustees' duties are considerably hindered thereby"). *See also In*

21  *Re Save More Foods Inc*, 96 B.R. 1 (D.D.C 1989).

22      Nor can there be a claim that Mr. Kamon's assertion of the privilege is

23  misplaced or frivolous.  On December 14, 2020, the Hon. Thomas M. Durkin,

24  United States District Court for the Northern District of Illinois, granted a Motion

25  to Show Cause against the Girardi Keese law firm regarding the alleged misuse of

26  funds in the firm's attorney trust account. (*In Re: Lion Air Flight JT 610 Crash*,

27  Case No. 18-CV-07686 (N.D. Ill.), ECF 848.)  That same date, the Court made a

28  criminal referral of the Girardi Keese firm to the United States Attorney's Office

1    for the Northern District of Illinois and the government simultaneously moved to

2    unseal Mr. Girardi's Verified Motion for Rule to Show Cause. (*Id.* at ECF 850.) In

3    its filing, the government noted the Court's criminal referral and explained the

4    basis for its request as follows: "The government respectfully requests that the

5    Court enter an order modifying its current sealing order to allow access by the

6    USAO, and any law enforcement personnel or Department of Justice personnel

7    working with the USAO, to any materials filed under seal pursuant to the Court's

8    January 23, 2020 sealing order, regardless of when filed." (*Id.*) On December 16,

9    2020, the Court granted the government's motion. (*Id.* at ECF 869.)

10        On March 30, 2021, counsel for Mr. Kamon spoke with Assistant U.S.

11    Attorney Chris Catizano, one of the Chicago prosecutors assigned to the

12    investigation of the Girardi Keese firm, and inquired of Mr. Kamon's status in the

13    government's investigation. (Declaration of Richard M. Steingard at ¶ 4.)

14    Typically, the government assigns a label—witness, subject, or target—to an

15    individual who has some connection to an ongoing criminal investigation.  Counsel

16    asked Mr. Catizano about Mr. Kamon's status in the investigation.  Mr. Catizano

17    advised that at this juncture, he was unable to provide a witness/subject/target

18    description of Mr. Kamon. (*Id.*)

19        Nonetheless, the Trustee's allegations provide a more than sufficient basis

20    for Mr. Kamon's assertion of the Fifth Amendment privilege.  As noted above, the

21    Trustee's motion asserts that Mr. Kamon was the CFO of Girardi Keese, operated

22    and oversaw its accounting department, prepared checks on behalf of the firm

23    (including checks in the trust account that formed the basis for the Court's criminal

24    referral), participated in discussions with insolvency advisors and potential lenders,

25    and acted as a Trustee for the firm's 401(k) plan. (ECF 269 at 6.)  On these bases,

26    Mr. Kamon's right to assert a Fifth Amendment privilege seems self-evident.

27        As a practical matter, Mr. Kamon's proposed designation would be futile.

28    Because Mr. Kamon will assert his Fifth Amendment privilege and not provide the

1  Trustee or creditors with any sought-after information, such a designation would
2  be a waste of time and resources, would not serve to advance anyone's interests,
3  and would only delay the resolution of the Chapter 7 bankruptcy proceedings.  In
4  essence, the designation of Mr. Kamon and his assertion of the Fifth Amendment
5  privilege will merely postpone the Trustee's motion for another proposed designee.
6  While Mr. Kamon appreciates that the Trustee seeks a substitute for the debtor
7  who can advance her inquiry, Mr. Kamon's designation will not accomplish that
8  purpose.

9                                    III.

10                              **CONCLUSION**

11          For all the reasons set forth above, Mr. Kamon respectfully requests that the
12  Court deny the Trustee's motion.

14  DATED:  March 31, 2021                    Respectfully submitted,

16                                    LAW OFFICES OF RICHARD M. STEINGARD

18                                    _____
19                                    RICHARD M. STEINGARD
                                      Attorney for Proposed Designee
20                                    CHRISTOPHER KAMON

LAW
OFFICES OF
RICHARD M.
STEINGARD

## DECLARATION OF RICHARD M. STEINGARD

I, Richard M. Steingard, state and declare as follows:

1. I am an attorney licensed to practice in the State of California and before this Honorable Court. My firm represents Christopher Kamon in the above-captioned matter. I submit this declaration in support of Mr. Kamon's Opposition to Motion to Designate Chris Kamon to Appear or Act on Behalf of the Debtor and Compel Attendance at the § 341(a) Meeting of Creditors Pursuant to Federal of Bankruptcy Procedure 9001(5).

2. Since being retained, I have spoken to my client on multiple occasions. Based on our discussions, Mr. Kamon has advised me that, if designated, he will assert his rights under the Fifth Amendment to the U.S. Constitution and decline to make a statement or answer any questions by the Trustee or creditors.

3. On March 29, 2021, I spoke to Mr. Kamon's civil counsel, Jon Golden. Mr. Golden advised me that on March 23, 2021, after learning of the Trustee's motion, he spoke to the Trustee's counsel to advise him that, if designated, Mr. Kamon would assert his Fifth Amendment rights and decline to make a statement or answer any questions by the Trustee or creditors. Mr. Golden stated that he asked that the Trustee withdraw its motion seeking to designate Mr. Kamon. Mr. Golden advised me that on March 24, 2021, Trustee's counsel emailed him to say that the Trustee would not withdraw the motion.

4. On March 31, 2021, I spoke with Chris Catizano, an Assistant U.S. Attorney in the Northern District of Illinois. I had previously been advised that Mr. Catizano was one of the prosecutors assigned to the criminal investigation of Girardi Keese. After advising Mr. Catizano of the status of the Trustee's motion, I asked whether the government considered Mr. Kamon a witness,

1    subject, or target of their investigation.  Mr. Catizano stated that at this

2    juncture, he could not provide me with a witness/subject/target description

3    for Mr. Kamon.

4

5        I declare under penalty of perjury that the foregoing is true and correct.

6  Executed this 31st day of March, 2021, at Los Angeles, California.

7

8

9                      Richard M. Steingard

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW
OFFICES OF
RICHARD M.
STEINGARD

8

## <u>DECLARATION OF CHRISTOPHER KAMON</u>

I, Christopher Kamon, state and declare as follows:

1. I submit this declaration in support of the Opposition to Motion to Designate Chris Kamon to Appear or Act on Behalf of the Debtor and Compel Attendance at the § 341(a) Meeting of Creditors Pursuant to Federal of Bankruptcy Procedure 9001(5).

2. I am aware that the United States Attorney's Office for the Northern District of Illinois is conducting a criminal investigation of Girardi Keese where I was employed. After discussions with my counsel, it is my intention to follow their advice and, if designated, assert my rights under the Fifth Amendment to the U.S. Constitution and decline to make a statement or answer any questions by the Trustee or creditors.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 31ˢᵗ day of March, 2021, at Los Angeles, California.

_____
Christopher Kamon

LAW
OFFICE
S OF
RICHAR
D M

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

Law Offices of Richard M. Steingard
800 Wilshire Boulevard, Suite 1050, Los Angeles CA 90017

A true and correct copy of the foregoing document entitled (*specify*):  OPPOSITION TO MOTION TO DESIGNATE
CHRISTOPHER KAMON TO APPEAR OR ACT ON BEHALF OF THE DEBTOR AND COMPEL ATTENDANCE AT
THE § 341(a) MEETING OF CREDITORS PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE
9001(5); DECLARATIONS
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in
the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that
the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated
below:

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) __03/31/2021__, I served the following persons and/or entities at the last known addresses in this bankruptcy
case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail,
first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the
judge <u>will be completed</u> no later than 24 hours after the document is filed.

☑ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method
for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) __03/31/2021__, I served
the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to
such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration
that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is
filed.
 The Honorable Barry Russell
 U.S. Bankruptcy Court
 Roybal Federal Building
 255 East Temple Street, Suite 1660, Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 03/31/2021 | Anthony K. Wong | |
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

**ADDITIONAL SERVICE INFORMATION (if needed):**

1. **SERVED BY UNITED STATES MAIL:**

Rafey Balabanian
Edelson PC
123 Townsend St Ste 100
San Francisco, CA 94107

Michelle Balady
Bedford Law Group
1875 Century Blvd, Ste 1790
Los Angeles, CA 90067

William C Beall
Beall and Burkhardt, APC
1114 State St Ste 200
Santa Barbara, CA 93101

Richard D Buckley
Arent Fox LLP
555 West Fifth Street, 48th Flr
Los Angeles, CA 90013

Marie E Christiansen
Vedder Price (CA) LLP
1925 Century Park E Ste 1900
Los Angeles, CA 90067

Jennifer Witherell Crastz
15910 Ventura Blvd 12th Flr
Encino, CA 91436-2829

Clifford S Davidson
Snell & Wilmer LLP
One Centerpointe Drive, Suite 170
Lake Oswego, OR 97035

Richard W Esterkin
300 S Grand Ave 22nd Fl
Los Angeles, CA 90071-3132

Lei Lei Wang Ekvall
Timonthy W. Evanston
Philip E. Strok
Smiley Wang-Ekvall, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, CA 92626
714-445-1000

Andrew Goodman
Goodman Law Offices, APC
30700 Russell Ranch Road, Suite 250
Westlake Village, CA 9136

Eric D Goldberg
DLA Piper LLP
2000 Avenue of the Stars
Suite 400 North Tower
Los Angeles, CA 90067

Marshall J Hogan
Snell & Wilmer
600 Anton Blvd., Suite 1400
Costa Mesa, CA 92626

Sheryl K Ith
Cooksey, Toolen, Gage, Duffy & Woog
535 Anton Blvd, 10th Fl
Costa Mesa, CA 92626

Razmig Izakelian
Quinn Emanuel Urquhart & Sullivan
865 S. Figueroa St., Fl. 10
Los Angeles, CA 90017

Lewis R Landau
22287 Mulholland Hwy., # 318
Calabasas, CA 91302

Daniel A Lev
333 South Grand Avenue, Suite 3400
Los Angeles, CA 90071

Scott H Olson
Vedder Price
275 Battery Street, Suite 2464
San Francisco, CA 94111

Leonard Pena
402 S Marengo Ave, Ste B
Pasadena, CA 91101

Michael J Quinn
Vedder Price (CA) LLP
1925 Century Park E, Ste 1900
Los Angeles, CA 90067

Kevin C Ronk
4333 Park Terrace Drive, Ste 205
Westlake Village, CA 91361

William F Saavino
1900 Main Place Tower
Buffalo, NY 14202

Eric D Winston
Quinn Emanuel Urquhart & Sullivan
LLP
865 South Figueroa Street 10th Floor
Los Angeles, CA 90017

Christopher K.S. Wong
Arent Fox LLP
555 W Fifth St 48th Fl
Los Angeles, CA 90013

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                F 9013-3.1.PROOF.SERVICE