CRAIG G. MARGULIES (SBN 185925)
*Craig@MarguliesFaithLaw.com*
JEREMY W. FAITH (SBN 190647)
*Jeremy@MarguliesFaithLaw.com*
ORI S BLUMENFELD (SBN 259112)
*Ori@MarguliesFaithLaw.com*
**MARGULIES FAITH, LLP**
16030 Ventura Blvd., Suite 470
Encino California 91436
Telephone: (818) 705-2777
Facsimile:   (818) 705-3777

Attorneys for Secured Creditors,
Joseph Ruigomez, Jaime Ruigomez, and Kathleen Ruigomez

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No.: 2:20-bk-21022-BR |
| GIRARDI KEESE, | Chapter:  7 |
| Debtor. | **RESPONSE BY SECURED CREDITORS JOSEPH RUIGOMEZ, JAIME RUIGOMEZ, AND KATHLEEN RUIGOMEZ, TO CHAPTER 7 TRUSTEE'S SECOND MOTION FOR ORDER APPROVING STIPULATIONS FOR USE OF CASH COLLATERAL AND AUTHORIZING USE OF CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363 AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 4001(b) AND (d)** |
| | **Hearing Information:** |
| | Date: April 6, 2021 |
| | Time: 2:00 p.m. |
| | Place: Courtroom 1668 Via ZOOM |
| | Roybal Federal Building |
| | 255 E. Temple Street |
| | Los Angeles, CA 90012 |

**TO THE HONORABLE BARRY RUSSELL, UNITED STATES BANKRUPTCY JUDGE;
CHAPTER 7 TRUSTEE AND HER COUNSEL OF RECORD; AND ALL OTHER
PARTIES IN INTEREST:**

Secured creditors, Joseph Ruigomez ("Joseph"), Jaime Ruigomez ("Jaime"), and Kathleen Ruigomez ("Kathleen") (collectively, "Ruigomez Secured Creditors")[1] hereby respectfully submit this Response to the "Second Motion for Order Approving Stipulations for Use of Cash Collateral and Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. Section 363 and Federal Rule of bankruptcy Procedure 4001(b) and (d)" (Dkt. No. 287, the "Motion"), filed by Elisa D. Miller, Chapter 7 Trustee (the "Trustee") in the above-captioned chapter 7 case (the "Case").

## I.    <u>INTRODUCTION</u>

The Ruigomez Creditors, as further described in detail below, were damaged in excess of $11 Million against Girardi Keese (the "Debtor" and/or "GK") and Thomas Girardi ("Girardi") for claims including but not limited to malpractice.  GK and Girardi failed to turnover millions of dollars of funds obtained by and for the benefit of the Ruigomez Secured Creditors.  The funds were originally recovered as a result of damages sustained by the Ruigomez Secured Creditors against Pacific Gas & Electric Company for the injuries Joseph suffered as a result of the horrific San Bruno Gas Explosion ("Explosion") which took place in 2010. At the time of the Explosion, Joseph was only 19 years old and suffered severe burn injuries complicated by major inhalation injury.  Instead of turning over the millions in damages recovered, GK and Girardi used the Ruigomez Secured Creditors' (settlement) funds improperly and illegally for their own personal use.

---

[1] No disrespect is meant by the use of the Ruigomez Secured Creditors' first names, rather they are used in order to easily identify the specific family member referenced.

The Ruigomez Secured Creditors are not insiders of the Debtor, but were merely damaged in excess of $11 MM due to the Debtor's and Girardi's wrongful acts.  Well before the filing of the Case, and outside of the 90-day preference period in this Case, the Ruigomez Secured Creditors obtained a Judgment (for malpractice among other claims) in excess of $11 MM against Girardi and GK.  The Judgment was perfected against both real and personal property outside of the 90-day preference period.  In fact, Jason Rund, the chapter 7 trustee in the Girardi chapter 7 case has acknowledged the Ruigomez Secured Creditors' secured claims.  The Trustee in the instant case filed a response in opposition thereto.

The Ruigomez Secured Creditors, through counsel, have reached out to the Trustee and her counsel in the instant case on several occasions to discuss the secured claims and inquired why the Trustee has not reached out to discuss any Stipulation (as she has provided to other alleged secured creditors in the Case).  To date, the Trustee has not engaged in any respect in regard to the Ruigomez Secured Creditors' secured claims.  The Ruigomez Secured Creditors have imminent and urgent needs for use of the funds recovered against PG&E, and wrongfully withheld from them by GK and Girardi.

Therefore, based upon the foregoing, and as further discussed below, the Ruigomez Secured Creditors respectfully submit that they are not adequately protected in the Case, and do not consent to the use of their cash collateral.

## II.    **STATEMENT OF FACTS**

### a.    **Ruigomez Secured Creditors - Background**

As background to this Court[2], on or about the end of 2010, the Ruigomez Secured Creditors retained Girardi and the Debtor to represent them against Pacific Gas &

---

[2] The below referenced facts are provided in the Declaration of Joseph Ruigomez in support of Secured Creditors Joseph Ruigomez, Jaime Ruigomez, and Kathleen Ruigomez's Response to Elissa D. Miller, Chapter 7 Trustee for the Bankruptcy Estate of Girardi Keese's Statement Regarding Chapter 7 Trustee's Motion to Approve Compromise Under FRBP 9019; and Joinder in Support of the Chapter 7 Trustee's Limited Oppositions of Karen Girardi and Erika Girardi, filed in the related Thomas Girardi ("Girardi")

Electric Company for the injuries Joseph suffered as a result of the horrific San Bruno Gas Explosion ("Explosion") which took place on September 9, 2010. At the time of the Explosion, Joseph was only 19 years old and suffered severe burn injuries complicated by major inhalation injury.

The Explosion left Joseph comatose, with burns to over 90% of his body. He had third degree burns on his back and chest alone that took years to heal, if at all. Joseph's girlfriend, Jessica Morales, who he intended to marry, was killed in the Explosion, and his parents' home, joint secured creditors Jaime and Kathleen, was incinerated. Joseph was unable to attend his girlfriend's funeral because he was lying unconscious on a hospital bed during that time.

In spite of major advances in therapeutic strategies for the management of people with severe burns, the consequences of a severe burn are profound and result in complex metabolic changes that can adversely affect every organ system. Management of an individual with a severe burn injury is a long-term process that addresses the local burn wounds as well as the systemic psychologic and social consequences of the injury.

After suffering severe burns to over 90% of his body, Joseph is currently suffering from after-effects of his burns and other injuries, and as a result, requires regular skin-release surgeries. Joseph's lung injuries from inhalation damage are severe and chronic.

Joseph has undergone over 33 surgical procedures to date. Long term management of burn patients requires a team effort for years after the initial injury. Reducing chronic pain, management of post-traumatic stress, optimization of cosmetic appearance are goals for the future. Frequent evaluation and prompt surgical management of wound contracture not amenable or responsive to aggressive rehabilitation continue. Joseph continues to require orthopedic and soft tissue care in order to address ambulatory issues. Sensory loss due to nerve damage and full

---

bankruptcy case, before this Court, bearing case number 2:20-bk-21020-BR ("Girardi Bankruptcy Case") [Dkt. 152], The underlying motion that the declaration supports will be heard on the same date and time as the hearing on the Trustee's Motion in this action.

thickness injury led to the impairment of his sweat glands.

Joseph has also been informed by his doctors that he needs psychological support for managing re-immersion into society and adjusting to scarring and disfigurement. He will also require therapeutic interventions in long term psychosocial rehabilitation includes optimizing social function and adjustment therapies towards depression, PTSD, and anxiety.

Joseph receives acupuncture regularly. He has difficulty walking, suffers from foot drop, his gait is off and his toe joint is causing major pain due to bone growth. Joseph will need multiple surgeries in the near future on his toes, heel and foot.

The management of long-term functional limitations of burn scars and resultant contractures are chronic conditions that require extended surveillance and follow up   Complications in burn injuries include systemic (multi organ failure and complications).

Joseph needs periodic payments from the Debtor's bankruptcy estate in order to pay for those surgeries.

### b. Ruigomez Secured Creditors' Claims

Attached hereto as Exhibit "A", is a true and correct copy of 1 of 3 Proofs of Claim filed in the Case, and it is incorporated herein by this reference.[3]  (See all filed Proofs of Claim Nos. 23-1, 24-1 and 25-1).  In the Motion, the Trustee simply provides that claims are being reviewed.  (See Motion, f.n. 6).  Further, as stated above, the Trustee filed a response in opposition to the 9019-settlement motion filed in the Girardi case by and between the Ruigomez Secured Creditors and chapter 7 trustee Jason Rund to approve the Ruigomez Secured Creditors secured claims in full.  (See the Girardi Bankruptcy Case, Dkt. No. 138)

---

[3] Each filed Proof of Claim is the same, so for sake of brevity just one of the filed claims is attached to this Response.

### III.    ARGUMENT

#### a.  Ruigomez Secured Creditors are Secured Creditors.

The Ruigomez Secured Creditors take issue with the Trustee's continued misguided position that the Ruigomez Secured Creditors' status as secured creditors is only "alleged." (See Motion, p. 10:25)  The Ruigomez Secured Creditors hold secured claims against the Debtor based upon a stipulated judgment for legal malpractice (among other claims) entered on April 20, 2020 ("Judgment"), in the Superior Court for the State of California, County of Los Angeles, bearing case number 19STCV22296 ("State Action").[4]

On April 27, 2020, an Abstract of Judgment ("Abstract") was issued by the court in the State Action in favor of the judgment creditors Ruigomez Creditors, and against Debtor and joint judgment debtor Girardi, personally. On July 13, 2020, the Abstract was recorded and filed in the Official Records of the Recorder's Office in Los Angeles County - Document No. 20200770269.

Additionally, on July 28, 2020, the Abstract was recorded and filed in the Official Records of the Recorder's Office in the following counties:

Riverside County – Document No. 2020-0337298;
Monterey County – Document No. 2020037202; and
San Bernardino County – Document No. 2020-0258746

Pursuant to California Code of Civil Procedure § 697.301(a), the above referenced recordations thereby created a secured lien (or liens) on any and all of the Debtor's real property in those respective counties.

On May 7, 2020, the Ruigomez Secured Creditors filed an "Application and Order for Appearance and Examination" ("ORAP") in the State Action against Girardi, as the person most knowledgeable for the Debtor ("PMK"). On May 20, 2020, Girardi, as PMK, was personally served with the ORAP. On July 9, 2020, the Ruigomez Secured Creditors filed the Proof of Personal Service-Civil ("POS") in the State Action. Pursuant

---

[4] The Judgment was also entered against Girardi, in his individual capacity.

to CCP § 708.110(d) - The judgment creditor shall personally serve a copy of the order [ORAP] on the judgment debtor not less than 10 days before the date set for the examination. Service shall be made in the manner specified in Section 415.10. **Service of the order [the ORAP] created a lien on the personal property of the judgment debtor** for a period of one year from the date of the entered order [ORAP] unless extended or sooner terminated by the court. *Emphasis added.*

Lastly, On October 6, 2020, a Notice of Judgment Lien ("NJL") was also filed with the California Secretary of State – Document No. U200027063225, thereby creating a secured and perfected lien in favor of the judgment creditor Ruigomez Secured Creditors, and against the Debtor and joint judgment debtor Girardi's personal property. Pursuant to CCP § 697.510(a), ["A judgment lien on personal property described in Section 697.530 is created by filing a notice of judgment lien in the office of the Secretary of State pursuant to this article."]. See Ruigomez Secured Creditors claim numbers 23-25 on the Debtor's claims register, also as referenced in the Motion on page 11, footnote 6.

Further, on Schedule "D" in the Girardi Bankruptcy Case (Dkt. No. 140), the Trustee in the Girardi Bankruptcy Case listed the Ruigomez Creditors' claims as secured by "All assets" of the Debtor and Girardi [*See,* Dkt. No. 140 in the Girardi Bankruptcy Case].[5]

The Motion provides that, "the Trustee has been working to protect the interests of the Debtor's clients ...."  (Motion, p.2:16-20).  However, as provided above and in the Motion, the Trustee has not reached out to protect the Ruigomez Secured Creditors. The Trustee appears to be communicating with other financial institutions claiming to be secured, but not the Ruigomez Secured Creditors who were significantly damaged by

---

[5] The Ruigomez Secured Creditors assert on information and belief that Girardi is the sole proprietor of GK, and that the GK tax returns state that Girardi is the 100% owner of GK. Separate tax identification numbers is not tantamount separate entities having been established. Further, according to the Internal Revenue Service website, anytime the sole proprietor hires an employee(s), the sole proprietor will need an EIN for the business and cannot use his or her social security number. *See* https://www.irs.gov/faqs/small-business-self-employed-other-business/form-ss-4-and-employer-identification-number-ein/form-ss-4-employer-identification-number-ein-1.

GK and Girardi.

The Motion further provides, "Since the First Cash Collateral Motion, the Trustee has continued discussions with the consensual lenders alleging to hold secured claims. Recently, the Trustee has entered into cash collateral stipulations with California Attorney Lending II ("CAL II"), Stillwell Madison, LLC ("Stillwell"), Virage SPV 1, LLC ("Virage"), and Nano Banc ("Nano"). As set forth in the respective stipulations attached hereto as Exhibits "2," "3," "4," and "5," these parties will receive replacement liens in the cash collateral with the same validity, priority, scope or extent against the Debtor's assets as of the petition date, and solely to the extent that the use of cash collateral results in diminution of value." (Motion, p.3:13-21).  Again, the Trustee has not sought to communicate with the Ruigomez Secured Creditors or their counsel about any requested consent to the Motion, any Stipulation or otherwise as she continues to not acknowledge the Ruigomez Secured Creditors as the secured claims.  The Ruigomez Secured Creditors have reached out to the Trustee and her counsel and continuously advised that the Ruigomez Secured Creditors need to be protected and treated as the secured creditors that they are. From the statements in the Motion, it is clear the Trustee has reached out to other financial institutions to both acknowledge their secured claims and offer various benefits under the stipulations which the Trustee seeks approval of in the Motion.

Therefore, as provided above, the Ruigomez Secured Creditors are in fact secured on all real and personal property of the Debtor.  And, similar to the Girardi Bankruptcy Case wherein the chapter 7 trustee and his counsel have in fact acknowledged the secured claims, the Ruigomez Secured Creditors must be protected and treated as secured creditors in the instant Debtor's case.

b.  **Ruigomez Secured Creditors Object to the Relief Requested**

Ruigomez Secured Creditors object to Debtor's application for use of cash collateral because it fails to provide adequate protection, in the form of monthly payments or otherwise. Debtor proposes to make no payments at all to secured

1  creditors, including the Ruigomez Secured Creditors, and proposes only to grant

2  substitute liens on post-petition property, without identifying what property, if any, such

3  liens might attach to, additional to the existing assets already subject to lien.[6] See 11

4  U.S.C. §363(c)(2), (p)(1). Further, as stated above, Joseph requires multiple surgeries

5  for the foreseeable future, and requires cash payments immediately.

      c.  **The Ruigomez Secured Creditors Do Not Consent to Cash
6  Collateral Use, and, to the Extent that Cash Collateral Use is
   Authorized by Court Order, the Ruigomez Secured Creditors
7  Demand Adequate Protection**.

8

9  Section 363(c)(2) of the Bankruptcy Code provides that:
      (2) The trustee may not use, sell, or lease cash collateral
10 under paragraph (1) of this
      subsection unless—
11       (A) each entity that has an interest in such cash collateral
   consents; or
12       (B) the court, after notice and a hearing, authorizes such
   use, sale, or lease in accordance with the provisions of this section.

13

14 11 U.S.C. § 362(c)(2).

15     Additionally, section 363(e) provides that the Court shall prohibit or condition the

16 use of cash collateral as is necessary to provide adequate protection upon request of an

17 entity with an interest in the debtor's property. 11 U.S.C. § 363(e). Adequate protection is

18 a flexible concept, which includes, in pertinent part, periodic cash payments, additional

19 or replacement liens, or other relief other than providing an administrative expense

20 claim. See 11 U.S.C. § 361.

21     The Motion provides, "Thus, because these parties have consented, the Trustee

22 is authorized to [use] cash collateral. **As to the other alleged lienholders that have

23 not expressly consented, the use of cash collateral should be authorized because

24 their interests will be adequately protected.**" (Motion, p.3:21-24).  The Ruigomez

25 Secured Creditors have not consented at this time and assert that they are not

26 adequately protected.

27

28 [6] Interestingly, the Trustee has entered into multiple stipulations with the "alleged" secured creditors, both
regarding this Motion as well as the previous motion for use of cash collateral, but has not contacted the
Ruigomez Secured Creditors.

The Trustee asserts that the Ruigomez Secured Creditors, among others, are adequately protected because the Trustee generally is using the cash collateral to protect the Estate's interests in various cases in which the Estate has quantum meruit claims.  (Motion, p.14:9-13). This assertion is unsupported by evidence or any specificity. To the extent that the Estate demonstrates that it, in fact, needs to use cash collateral, the Estate and the Trustee must demonstrate that the Ruigomez Secured Creditors are adequately protected. 11 U.S.C. § 363(p)(1). Given the extraordinary circumstances of this case, including the pre-petition fraud of GK and Girardi, the Ruigomez Secured Creditors would ask that any grant of use of cash collateral be conditioned upon the Ruigomez Secured Creditors receiving adequate protection in the form of:

- Compliance by the Estate and the Trustee with the Ruigomez Secured Creditors' demand under Federal Rule of Evidence 1006 as to all underlying documents and records pertaining to the Budget being delivered to Ruigomez Secured Creditors' counsel as may be requested;

- Periodic cash payments in an amount not less than the monthly interest (i.e., 10% annually on the $11 MM Judgment) accruing on the Ruigomez Secured Creditors' secured claims;

- Replacement liens on and security interests in all of the Debtor's tangible and intangible property pre-petition and post-petition property as of the petition date with the same validity and priority the Ruigomez Secured Creditors had in the Debtor's Collateral pre-petition. Ruigomez Secured Creditors should not be required to file or record financing statements, mortgages, notice of lien, or similar instruments in any jurisdiction or take any other action in order to validate and perfect the security interests; and

- Other adequate protection as the Court may deem appropriate.

Additionally, the Motion provides other relief to those alleged secured creditors that signed a stipulation with the Trustee (as follows), but not offered to the Ruigomez Secured Creditors.  That is, the Motion provides, "As adequate protection for use of its

cash collateral, the alleged secured creditor will receive…

- a postpetition replacement lien for its asserted secured claim against the Debtor's assets with the same validity, priority, scope and extent as any lien(s) held by the alleged secured creditor as of the involuntary petition date solely to the extent that the use of cash collateral results in the diminution of the alleged secured creditor's prepetition lien;

- The alleged secured creditor is not required to file any financing statement, notice, lien or other similar instrument in any jurisdiction, or take any other action to perfect its replacement lien, and the replacement lien is automatically perfected upon approval of the Stipulations;

- The replacement lien shall not encumber or otherwise attach to any causes of action under chapter 5 of the Bankruptcy Code or any proceeds of such causes of action;

- All rights and arguments of the Trustee, on behalf of the Estate, to challenge or dispute the validity, priority, scope or extent of the security interests asserted by the alleged secured creditor, including without limitation, in the Debtor's post-petition receipts and cash, or that the use of cash collateral has resulted in the diminution of the value of the alleged secured creditor's prepetition liens, are preserved…

- Upon reasonable request and subject to appropriate confidentiality provisions, the Trustee will provide her Form 2 Cash Receipts and Disbursements Record;

- The Trustee is authorized to use cash collateral until June 30, 2021 unless extended with the alleged secured creditor's consent or Bankruptcy Court order; and

- The Trustee's authorization to use cash collateral of the alleged secured creditor automatically expires if the Trustee files any document or pleading challenging

the validity, priority, scope or extent of the alleged secured creditor's prepetition liens…"

(See Motion, pp.11-12).  The Ruigomez Secured Creditors are entitled to all such

benefits offered to other alleged secured financial institutions.

**IV.    The Ruigomez Secured Creditors are Entitled to Immediate Access to the Writings Which Form the Basis of the Debtor's Cash Collateral Budget.**

Federal Rules of Evidence ("FRE") 1006 provides:

The proponent may use a summary, chart, or calculation to prove the content of voluminous writings, recordings, or photographs that cannot be conveniently examined in court. The proponent must make the originals or duplicates available for examination or copying, or both, by other parties at a reasonable time and place. And the court may order the proponent to produce them in court FRE 1006.

Here, the Trustee's cash collateral Budget, attached to the Motion as Exhibit "1" ("Budget") constitutes a summary, chart, and/or calculations of financial writings, recordings, or photographs, which are being offered to prove content, within the ambit of FRE 1006. Accordingly, the Ruigomez Secured Creditors are entitled (upon its request) to access, for inspection and copying, to the originals and/or duplicates of all writings including documents, financials, Excel spreadsheets, and all supporting schedules, used to form the basis for the formulas, assumptions, and other information contained in the Budget, in accordance with FRE 1006.

**a.  Reservation of Rights.**

Notwithstanding anything stated or omitted hereinabove, the Ruigomez Secured Creditors hereby reserve any and all rights, claims, causes of action, claims for relief, and defenses with respect to their secured claims against the instant bankruptcy Case. Such claims include the issues raised above and are not limited to relief that the present GK Debtor and the Girardi Debtor are one and the same legal entity.

## V.    CONCLUSION

Based upon the foregoing, the Ruigomez Secured Creditors respectfully request that this Court deny the requested relief in the Motion for use of the Ruigomez Secured Creditors' cash collateral; and to the extent the Court allows such use, then grant adequate protection to the Ruigomez Secured Creditors as requested, including but not limited to period cash payments as such funds are urgently needed by the Ruigomez Secured Creditors, replacement liens, and access to books and records.  The Ruigomez Secured Creditors further demand that they be granted access to all of the writings which form the basis of the Budget pursuant to FRE 1006; and granting such other and further relief as is just and proper.


DATED:  April 2, 2021                    **MARGULIES FAITH, LLP**

By:   */s/ Ori S. Blumenfeld*
       Ori S. Blumenfeld
       Craig G. Margulies
       Jeremey W. Faith
       Attorneys for Secured Creditors,
       Joseph Ruigomez, Jaime Ruigomez,
       and Kathleen Ruigomez

# Exhibit A

**Fill in this information to identify the case:**

Debtor 1    Girardi Keese
_____

Debtor 2
(Spouse, if filing)    _____

United States Bankruptcy Court for the:    Central District of California

Case number    2:20-bk-21022-BR
_____

Official Form 410

# Proof of Claim

04/19

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

| Part 1: | Identify the Claim |
| --- | --- |

1. **Who is the current creditor?**

   Jaime Ruigomez
   _____
   Name of the current creditor (the person or entity to be paid for this claim)

   Other names the creditor used with the debtor _____

2. **Has this claim been acquired from someone else?**

   ☑ No
   ☐ Yes.  From whom? _____

3. **Where should notices and payments to the creditor be sent?**

   Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

   **Where should notices to the creditor be sent?**

   Margulies Faith, LLP c/o Craig. G. Margulies
   Name

   16030 Ventura Blvd., Ste. 470
   Number    Street

   Encino                     CA          91436
   City                       State       ZIP Code

   Contact phone 818-705-2777

   Contact email Craig@MarguliesFaithLaw.com

   **Where should payments to the creditor be sent?** (if different)

   Abir, Cohen Trayzon, Salo, LLP c/o Boris Treyzon
   Name

   16001 Ventura Blvd., Suite 200
   Number    Street

   Encino                     CA          91436
   City                       State       ZIP Code

   Contact phone 833.228.7529

   Contact email btreyzon@actslaw.com

   Uniform claim identifier for electronic payments in chapter 13 (if you use one):

   __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __

4. **Does this claim amend one already filed?**

   ☑ No
   ☐ Yes.  Claim number on court claims registry (if known) _____

   Filed on _____
   MM / DD / YYYY

5. **Do you know if anyone else has filed a proof of claim for this claim?**

   ☑ No
   ☐ Yes.  Who made the earlier filing? _____

Exhibit A
Page 13

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---------|---|

**6. Do you have any number you use to identify the debtor?**

☑ No

☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____ ____ ____ ____

**7. How much is the claim?** $_____11,747,245.95 **Does this amount include interest or other charges?**

☐ No

☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Judgment for Legal Malpractice, L.A.S.C. Case # 19STCV22296

**9. Is all or part of the claim secured?**

☐ No

☑ Yes. The claim is secured by a lien on property.

**Nature of property:**

☑ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.

☐ Motor vehicle

☑ Other. Describe:  Any and all personal property

**Basis for perfection:**  See attached  Explanation

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:** $_____TBD

**Amount of the claim that is secured:** $____11,747,245.95

**Amount of the claim that is unsecured:** $_____0 (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:** $_____

**Annual Interest Rate** (when case was filed)____10%

☑ Fixed

☐ Variable

**10. Is this claim based on a lease?**

☑ No

☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $_____

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property: _____

| 12. **Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?** | ☑ No | | |
|---|---|---|---|
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Yes. *Check all that apply:* | | **Amount entitled to priority** |
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | | $_____ |
| | ☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | | $_____ |
| | ☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | | $_____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | | $_____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | | $_____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies. | | $_____ |

\* Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment.

---

**Part 3:    Sign Below**

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.
☑ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date    03/26/21
                    MM / DD / YYYY

_____
Signature

Print the name of the person who is completing and signing this claim:

| Name | Boris | | Treyzon |
|---|---|---|---|
| | First name | Middle name | Last name |
| Title | Attorney | | |
| Company | Abir, Cohen Trayzon, Salo, LLP | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | 16001 Ventura Blvd., Suite 200 | | |
| | Number    Street | | |
| | Encino | CA | 91436 |
| | City | State | ZIP Code |
| Contact phone | 833.228.7529 | Email | btreyzon@actslaw.com |

| Print | Save As... | Add Attachment | | Reset |
|---|---|---|---|---|

Official Form 410                    **Proof of Claim**                    page 3

Exhibit A

## EXPLANATION OF DOCUMENTARY SUPPORT FOR CLAIM

### CLAIMANT

Claimant, Jaime Ruigomez ("J.Ruigomez", "Claimant", and/or "Secured Creditor") holds a secured claim against Girardi Keese (the "Debtor") based upon a stipulated judgment for legal malpractice (among other claims) entered on April 20, 2020 ("Judgment"), in the Superior Court for the State of California, County of Los Angeles, bearing case number 19STCV22296 ("State Action").[1] Attached hereto as **Exhibit "A"**, is a true and correct copy of the Stipulation for Civil Judgment.

### BASIS FOR CLAIM

On April 27, 2020, an Abstract of Judgment ("Abstract") was issued by the court in the State Action in favor of the judgment creditor Claimant, and two other joint judgment creditors Joseph Ruigomez and Kathleen Ruigomez (collectively referred to as the "Ruigomez Family Creditors"), and against Debtor and joint judgment debtor Girardi, personally. Attached hereto as **Exhibit "B"**, is a true and correct copy of the Abstract. On July 13, 2020, the Abstract was recorded and filed in the Official Records of the Recorder's Office in Los Angeles County - Document No. 20200770269.

Additionally, on July 28, 2020, the Abstract was recorded and filed in the Official Records of the Recorder's Office in the following counties:

Riverside County – Document No. 2020-0337298;
Monterey County – Document No. 2020037202; and
San Bernardino County – Document No. 2020-0258746

Pursuant to California Code of Civil Procedure § 697.301(a), the above referenced recordations thereby created a lien (or liens) on any and all of the Debtor's real property in those respective counties. Attached hereto as **Exhibit "C"**, are true and correct copies of the recorded Abstract, respectfully.

On May 7, 2020, the Claimant filed an "Application and Order for Appearance and Examination" ("ORAP") in the State Action against Girardi, as the person most knowledgeable for the Debtor ("PMK"). Attached hereto as **Exhibit "D"**, is a true and correct copy of the ORAP. On May 20, 2020, Girardi, as PMK, was personally served with the ORAP. On July 9, 2020, Claimant filed the Proof of Personal Service-Civil ("POS") in the State Action. Pursuant to CCP § 708.110(d) - The judgment creditor shall personally serve a copy of the order [ORAP] on the judgment debtor not less than 10 days before the date set for the examination. Service shall be made in the manner specified in Section 415.10. **Service of the order [the ORAP] created a lien on the personal property of the judgment debtor** for a period of one year from the date of the entered order [ORAP] unless extended or sooner terminated by the court. *Emphasis added.* Attached hereto as **Exhibit "E"**, is a true and correct copy of the POS.

---

[1] The Judgment was also entered against Thomas V. Girardi ("Girardi"), in his individual capacity. On December 18, 2020, an involuntary chapter 7 bankruptcy case was filed against Girardi, before this Bankruptcy Court, bearing case number 2:20-bk-21020-BR ("Girardi Bankruptcy Case"). The order for relief was entered on January 13, 2020.

On October 6, 2020, a Notice of Judgment Lien ("NJL") was also filed with the California Secretary of State – Document No. U200027063225, thereby creating a secured and perfected lien in favor of the judgment creditor Claimant, and the Ruigomez Family Creditors, and against the Debtor and joint judgment debtor Girardi's personal property. Attached hereto as **Exhibit "F"**, is a true and correct copy of the NJL.

Also, on Schedule D in the Girardi Bankruptcy Case, Claimant and the Ruigomez Family Creditors are identified as "Ruigomez Creditors", and have their claim listed as secured by "All assets" of Girardi and the Debtor [Dkt. No. 140].[2]

As of December 18, 2020 ("Petition Date") the total aggregate secured claim amount is $11,747,245.95 ("Amount")[3], broken down as follows[4]:

| | |
|---|---|
| Judgment - | $11,000,000.00 |
| Interest thru Petition Date - | $729,315.06 |
| Attorney Fees (collection costs) - (thru Petition Date) | $17,930.99 |
| **TOTAL -** | **$11,747,245.95** |

Claimant understands that he is not entitled to double recovery as the Debtor and Girardi are jointly and severally liable for the Amount.  (See also f.n.2, *supra*.)  Further, Claimant understand that the Ruigomez Family Creditors have a single secured Judgment in their favor jointly, which is not three (3) times the Amount.

## Reservation of Rights

This Proof of Claim and summary is not intended to be, and should not be construed as, (i) an election of remedies, (ii) a waiver of defaults, or (iii) a waiver or limitations of any rights, remedies, claims, or interests of Claimant. Moreover, Claimant expressly reserves all rights, including without limitation, the right to amend or supplement this Proof of Claim at any time and/or to file additional proofs of claim for any additional claim or to assert any claims that may be based on or relate to any or all of the Debtor's obligations to Claimant.

Further, Claimant, and the Ruigomez Family Creditors, shall reserve their right to seek post-petition interest under 11 U.S.C. § 506(b).

---

[2] Secured Creditor asserts on information and belief that Girardi is the sole proprietor of Debtor Girardi Keese, and that the GK tax returns state that Girardi is the 100% owner of Debtor Girardi Keese.

[3] Secured Creditor reserves any and all rights and claims to assert additional amounts owing and incurred on this secured claim, including but not limited to additional post-Petition Date interest, fees and costs.

[4] On February 17, 2021, the Chapter 7 Trustee, Jason Rund, in the Girardi Bankruptcy Case separately entered into a Settlement Agreement with Claimant, and Ruigomez Family Creditors, agreeing to an allowance of the Amount. Attached hereto as **Exhibit "G"**, is a true and correct copy of the Settlement Agreement.

Exhibit A

# Exhibit A

| SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES | RESERVED FOR CLERK'S FILE STAMP |
|---|---|
| **COURTHOUSE:**<br>Stanley Mosk | |
| **PLAINTIFF(S):**<br>Joseph Ruigomez, Kathleen Ruigomez, Jamie Ruigomez | **FILED**<br>Superior Court of California<br>County of Los Angeles<br><br>APR 20 2020<br><br>Sherri R. Carter, Executive Officer/Clerk<br>By_____ Deputy<br>A. Barton |
| **CROSS-DEFENDANT(S):** | |
| **DEFENDANT(S):**<br>Thomas V. Girardi; Girardi | Keese | |
| **CROSS-COMPLAINANT(S):** | |

| **STIPULATION FOR CIVIL JUDGMENT** | **CASE NUMBER:**<br>19STCV22296 | **DEPT.:**<br>56 |
|---|---|---|

THE PARTIES STIPULATE (AGREE ) AS FOLLOWS:

1. Judgment shall be entered in favor of:

    ☑ Plaintiff(s) Joseph Ruigomez, Kathleen Ruigomez, and Jamie Ruigomez _____

    ☐ Cross-Defendant(s) _____

    ☐ Defendant(s) _____

    ☐ Cross-Complainant(s) _____

    and against  Thomas V. Girardi and Girardi | Keese    *per Cansel*    , as follows:
    _____(name(s))  *at ex parte*
                                    *at 4/20/20*

    Principal          $ ~~12,000,000~~ 11,000,000   ☐ Other Additional Relief: _____

    Prejudgment Interest   $_____   _____

    Attorney's Fees      $_____   _____

    Costs             $_____   _____

    TOTAL             $_____

    Any other terms and conditions (for example terms of a stay on execution of judgment):
    Payment is due within sixty (60) days. _____
    _____
    _____

LASC LACIV 220 (Rev. 08/18)        **STIPULATION FOR CIVIL JUDGMENT**        Page 1 of 2
For Optional Use

Exhibit A                                    Page 6

Exhibit A                                    Page 19

3.  If execution of the judgment is stayed, it is agreed that upon default by the party to perform, the stay will be lifted and a writ of execution or other relief may issue upon ex parte application by the party entitled to performance (check 3a, 3b, or 3c), as follows:

    a.  ☐    Without further notice or hearing

    b.  ☐    On 24-hour telephonic notice to the defaulting party

    c.  ☐    Other _____

4.  **Acknowledgment and Waiver:** I acknowledge and agree that I have the right to be represented by counsel at my own expense and that I have had the opportunity to raise any questions I have with the judge and/or counsel before signing this Stipulation.

Joseph Ruigomez                          _Joseph Ruigomez_
(TYPE OR PRINT NAME)                      (SIGNATURE OF PLAINTIFF)

..............................           _____
(TYPE OR PRINT NAME)                      (SIGNATURE OF ATTORNEY FOR PLAINTIFF)

..............................           _____
(TYPE OR PRINT NAME)                      (SIGNATURE OF DEFENDANT)

..............................           _____
(TYPE OR PRINT NAME)                      (SIGNATURE OF ATTORNEY FOR DEFENDANT)

..............................           (SIGNATURE OF _Defendant Girardi Keese_
(TYPE OR PRINT NAME)

..............................           _____
(TYPE OR PRINT NAME)                      (SIGNATURE OF ATTORNEY FOR _____)

..............................           _____
(TYPE OR PRINT NAME)                      (SIGNATURE OF _____)

..............................           _____
(TYPE OR PRINT NAME)                      (SIGNATURE OF ATTORNEY FOR _____)

Judgment is entered this date in accord with the above.

The Court's case file will be destroyed on or after _____ without further order of the court.
                                                      (INSERT DATE)

_____                         _____
DATE                                     JUDICIAL OFFICER

LASC LACIV 220 (Rev. 08/18)        **STIPULATION FOR CIVIL JUDGMENT**        Page 2 of 2
For Optional Use

Exhibit A                                Page 7

Exhibit A                                Page 20

3.  If execution of the judgment is stayed, it is agreed that upon default by the party to perform, the stay will be lifted and a writ of execution or other relief may issue upon ex parte application by the party entitled to performance (check 3a, 3b, or 3c), as follows:

    a.  ☐  Without further notice or hearing

    b.  ☐  On 24-hour telephonic notice to the defaulting party

    c.  ☐  Other _____

4.  **Acknowledgment and Waiver:**  I acknowledge and agree that I have the right to be represented by counsel at my own expense and that I have had the opportunity to raise any questions I have with the judge and/or counsel before signing this Stipulation.

Kathleen Ruigomez

........................................................      _Kathleen Ruigomez_ _____

(TYPE OR PRINT NAME)                 (SIGNATURE OF PLAINTIFF)

........................................................      _____

(TYPE OR PRINT NAME)                 (SIGNATURE OF ATTORNEY FOR PLAINTIFF)

........................................................      _____

(TYPE OR PRINT NAME)                 (SIGNATURE OF DEFENDANT)

........................................................      _____

(TYPE OR PRINT NAME)                 (SIGNATURE OF ATTORNEY FOR DEFENDANT)

........................................................      _____

(TYPE OR PRINT NAME)                 (SIGNATURE OF _____ )

........................................................      _____

(TYPE OR PRINT NAME)                 (SIGNATURE OF ATTORNEY FOR _____ )

........................................................      _____

(TYPE OR PRINT NAME)                 (SIGNATURE OF _____ )

........................................................      _____

(TYPE OR PRINT NAME)                 (SIGNATURE OF ATTORNEY FOR _____ )

Judgment is entered this date in accord with the above.

The Court's case file will be destroyed on or after _____ without further order of the court.
                                                   (INSERT DATE)

_____      _____
DATE                                   JUDICIAL OFFICER

LASC LACIV 220 (Rev. 08/18)         **STIPULATION FOR CIVIL JUDGMENT**         Page 2 of 2
For Optional Use

3. If execution of the judgment is stayed, it is agreed that upon default by the party to perform, the stay will be lifted and a writ of execution or other relief may issue upon ex parte application by the party entitled to performance (check 3a, 3b, or 3c), as follows:

    a.   ☐   Without further notice or hearing

    b.   ☐   On 24-hour telephonic notice to the defaulting party

    c.   ☐   Other _____

4. **Acknowledgment and Waiver:** I acknowledge and agree that I have the right to be represented by counsel at my own expense and that I have had the opportunity to raise any questions I have with the judge and/or counsel before signing this Stipulation.

Jamie Ruigomez
(TYPE OR PRINT NAME)                         (SIGNATURE OF PLAINTIFF)

.......................................          _____
(TYPE OR PRINT NAME)                         (SIGNATURE OF ATTORNEY FOR PLAINTIFF)

.......................................          _____
(TYPE OR PRINT NAME)                         (SIGNATURE OF DEFENDANT)

.......................................          _____
(TYPE OR PRINT NAME)                         (SIGNATURE OF ATTORNEY FOR DEFENDANT)

.......................................          _____
(TYPE OR PRINT NAME)                         (SIGNATURE OF _____ )

.......................................          _____
(TYPE OR PRINT NAME)                         (SIGNATURE OF ATTORNEY FOR _____ )

.......................................          _____
(TYPE OR PRINT NAME)                         (SIGNATURE OF _____ )

.......................................          _____
(TYPE OR PRINT NAME)                         (SIGNATURE OF ATTORNEY FOR _____ )

Judgment is entered this date in accord with the above.

The Court's case file will be destroyed on or after _____ without further order of the court.
                                                      (INSERT DATE)

APR 2 0 2020
_____              _____
DATE                                            JUDICIAL OFFICER

                                                 David J. Cowan
                                                 Judge

LASC LACIV 220 (Rev. 08/18)          **STIPULATION FOR CIVIL JUDGMENT**              Page 2 of 2
For Optional Use

                            Exhibit A                              Page 9

                            Exhibit A                              Page 22

I certify that this is a true and correct copy of the
original on file in this office consisting of ___ 4 ___ pages

SHERRI R. CARTER, Executive Officer / Clerk of the
Superior Court of California, County of Los Angeles

JUN 1 9 2020 Date: _____ By: _____ Deputy
KARLA BLUMENBERG

Exhibit A                                        Page 10

Exhibit A                                        Page 23

# Exhibit B

**EJ-001**

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, address, and State Bar number):*
After recording, return to:
Boris Treyzon, Esq. (SBN 188893)
ABIR COHEN TREYZON SALO, LLP
16001 Ventura Blvd., Suite 200
Encino, CA 91436

TEL NO.: (424) 288-4367    FAX NO. *(optional)*: (424) 288-4368
E-MAIL ADDRESS *(Optional)*: btreyzon@actslaw.com
[X] ATTORNEY FOR   [X] JUDGMENT CREDITOR   [ ] ASSIGNEE OF RECORD

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Los Angeles
STREET ADDRESS:  111 N. Hill Street
MAILING ADDRESS:  111 N. Hill Street
CITY AND ZIP CODE:  Los Angeles, 90012
BRANCH NAME:  Stanley Mosk Courthouse

FOR RECORDER'S USE ONLY

PLAINTIFF:  Joseph Ruigomez, et al.
DEFENDANT:  Thomas V. Girardi, et al.

CASE NUMBER:
19STCV22296

**ABSTRACT OF JUDGMENT—CIVIL AND SMALL CLAIMS**    [ ] **Amended**

FOR COURT USE ONLY

1. The [X] judgment creditor  [ ] assignee of record
   applies for an abstract of judgment and represents the following:
   a.  Judgment debtor's
       Name and last known address
       ```
       Thomas V. Girardi, an individual,
       c/o BAKER, KEENER & NAHRA, LLP
       633 W. Fifth Street, Suite 5500
       Los Angeles, California 90071-2005
       ```
   b.  Driver's license no. [last 4 digits] and state:  [X] Unknown
   c.  Social security no. [last 4 digits]:  [X] Unknown
   d.  Summons or notice of entry of sister-state judgment was personally served or mailed to *(name and address):*

       Thomas V. Girardi, 1126 Wilshire Blvd., Los Angeles, California 90017

2. [X] Information on additional judgment debtors is shown on page 2.
3. Judgment creditor *(name and address):*
   Joseph Ruigomez, an individual,
   c/o ABIR COHEN TREYZON SALO, LLP
   16001 Ventura Blvd., Suite 200, Encino, California 91436
   Date: April 22, 2020
   Boris Treyzon, Esq.
   _____
   (TYPE OR PRINT NAME)

4. [X] Information on additional judgment creditors is shown on page 2.
5. [ ] Original abstract recorded in this county:
   a.  Date:
   b.  Instrument No.:

   ► _____
   (SIGNATURE OF APPLICANT OR ATTORNEY)

6. Total amount of judgment as entered or last renewed:
   $11,000,000.00
7. All judgment creditors and debtors are listed in this abstract.
8. a.  Judgment entered on *(date):*  April 20, 2020
   b.  Renewal entered on *(date):*
9. [ ] This judgment is an installment judgment.

10. [ ] An [ ] execution lien [ ] attachment lien
    is endorsed on the judgment as follows:
    a.  Amount: $
    b.  In favor of *(name and address):*

11. A stay of enforcement has
    a. [X] not been ordered by the court.
    b. [ ] been ordered by the court effective until *(date):*

12. a. [X] I certify that this is a true and correct abstract of the judgment entered in this action.
    b. [ ] A certified copy of the judgment is attached.

    Sherri R. Carter Executive Officer / Clerk of Court
    Clerk, by    V. Ortega    , Deputy

[SEAL] SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

This abstract issued on *(date):*
04/27/2020

Form Adopted for Mandatory Use
Judicial Council of California
EJ-001 [Rev. July 1, 2014]

**ABSTRACT OF JUDGMENT—CIVIL AND SMALL CLAIMS**

Page 1 of 2
Code of Civil Procedure, §§ 488.480, 674, 700.190

Exhibt B
Exhibit A

Page 11
Page 25

| PLAINTIFF:  Joseph Ruigomez, et al. | COURT CASE NO.: |
|---|---|
| DEFENDANT:  Thomas V. Girardi, et al. | 19STCV22296 |

**NAMES AND ADDRESSES OF ADDITIONAL JUDGMENT CREDITORS:**

13. Judgment creditor *(name and address):*
Kathleen Ruigomez, an individual,
c/o ABIR COHEN TREYZON SALO, LLP
16001 Ventura Blvd., Suite 200
Encino, California 91436

14. Judgment creditor *(name and address):*
Jamie Ruigomez, an individual,
c/o ABIR COHEN TREYZON SALO, LLP
16001 Ventura Blvd., Suite 200
Encino, California 91436

15. ☐ Continued on Attachment 15.

**INFORMATION ON ADDITIONAL JUDGMENT DEBTORS:**

16. ___ Name and last known address
Girardi & Keese
c/o BAKER, KEENER & NAHRA, LLP
633 W. Fifth Street, Suite 5500
Los Angeles, California 90071-2005

Driver's license no. [last 4 digits] and state: [x] Unknown

Social security no. [last 4 digits]: [x] Unknown

Summons was personally served at or mailed to *(address):*
Thomas V. Girardi
Authorized Agent for Service of Process for Girardi & Keese
1126 Wilshire Blvd., Los Angeles, California 90017

17. ___ Name and last known address

Driver's license no. [last 4 digits] and state: ☐ Unknown

Social security no. [last 4 digits]: ☐ Unknown

Summons was personally served at or mailed to *(address):*

18. ___ Name and last known address

Driver's license no. [last 4 digits] and state: ☐ Unknown

Social security no. [last 4 digits]: ☐ Unknown

Summons was personally served at or mailed to *(address):*

19. ___ Name and last known address

Driver's license no. [last 4 digits] and state: ☐ Unknown

Social security no. [last 4 digits]: ☐ Unknown

Summons was personally served at or mailed to *(address):*

20. ☐ Continued on Attachment 20.

EJ-001 [Rev. July 1, 2014]

**ABSTRACT OF JUDGMENT—CIVIL
AND SMALL CLAIMS**
Exhibt B
Exhibit A

Page 2 of 2

Page 12
Page 26

## PROOF OF SERVICE

**STATE OF CALIFORNIA**       )
**COUNTY OF LOS ANGELES**     )   **ss:**

       I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is:  16001 Ventura Blvd., Suite 200, Encino, California 91436.

On April 22, 2020, I served the foregoing document described as:

    **1.  ABSTRACT OF JUDGMENT**

the parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

| | |
|---|---|
| Phillip A. Baker, Esq.<br>Robert Baker, Esq.<br>BAKER, KEENER & NAHRA, LLP<br>633 W. Fifth Street, Suite 5500<br>Los Angeles, California 90071-2005<br>Facsimile: (213) 241-0990<br>E-mail: pbaker@bknlawyers.com<br>E-mail: rbaker@bknlawyers.com | *Attorneys for Defendants*<br>**THOMAS V. GIRARDI**<br>**GIRARDI | KEESE** |

☐   **BY MAIL:**  By placing a true and correct copy of the above-described document(s) in envelope(s), addressed as set forth above, with first class postage pre-paid for delivery to the above-named persons at the above-listed addresses and depositing such envelopes in a US mail collection box.

☐   **BY OVER NIGHT DELIVERY, VIA GOLDEN STATE OVERNIGHT:**  I gave the document(s) to our overnight courier service for its daily pick-up for delivery to the offices of the addressee, addressed as set forth above.

☐   **BY PERSONAL SERVICE** (*Ex Parte*)**:**  I personally delivered by hand to the attorney in attendance on behalf of the above-named counsel at the hearing of _____, in Department_____of_____the_____Courthouse,_____, California.

☒   **BY ELECTRONIC MAIL BY AGREEMENT:** Per agreement between counsels, I transmitted said document(s) to the person(s) shown above by electronic mail to the email address shown above.

☐   **BY FACSIMILE:**  I faxed said document(s) to the addressee, at the specified fax numbers shown above.

1
PROOF OF SERVICE
Exhibt B                               Page 13
Exhibit A                             Page 27

1    ☐    **COURTESY COPY BY ELECTRONIC MAIL:** I transmitted courtesy copies of said
2    document(s) to the person(s) shown above by electronic mail to the email address shown above.

3    ☒    (State)    I declare under penalty of perjury under the laws of the State of California that the
above is true and correct.

4    ☐    (Federal) I declare that I am employed in the office of a member of the bar of this court at
5    whose direction the service was made.

6
7    Executed on April 22, 2020, at Los Angeles, California.

8    _____
9    GINA ESFANDI

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

# Exhibit C



**This page is part of your document - DO NOT DISCARD**







# 20200770269



**Pages:
0005**

**Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California**

**07/13/20 AT 03:26PM**

| | |
|---|---:|
| FEES: | 29.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| SB2: | 75.00 |
| PAID: | 104.00 |



**L E A D S H E E T**



**202007130240095**

**00018504735**



**010924095**

**SEQ:
01**

**SECURE - Daily**



**THIS FORM IS NOT TO BE DUPLICATED**

*E464790*

Exhibit C

E13-20200709002020
Page 15

Exhibit A                    Page 30

**EJ-001**

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, address, and State Bar number):*
After recording, return to:
Boris Treyzon, Esq. (SBN 188893)
ABIR COHEN TREYZON SALO, LLP
16001 Ventura Blvd., Suite 200
Encino, CA 91436

TEL NO.: (424) 288-4367    FAX NO. (optional): (424) 288-4368
E-MAIL ADDRESS *(Optional):* btreyzon@actslaw.com
[x] ATTORNEY  [x] JUDGMENT  [ ] ASSIGNEE
  FOR        CREDITOR      OF RECORD

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: 111 N. Hill Street
CITY AND ZIP CODE: Los Angeles, 90012
BRANCH NAME: Stanley Mosk Courthouse

FOR RECORDER'S USE ONLY

PLAINTIFF: Joseph Ruigomez, et al.

DEFENDANT: Thomas V. Girardi, et al.

CASE NUMBER:
19STCV22296

### ABSTRACT OF JUDGMENT—CIVIL AND SMALL CLAIMS

[ ] Amended

FOR COURT USE ONLY

1. The [x] judgment creditor  [ ] assignee of record
   applies for an abstract of judgment and represents the following:
   a. Judgment debtor's
              Name and last known address
   Thomas V. Girardi, an individual,
   c/o BAKER, KEENER & NAHRA, LLP
   633 W. Fifth Street, Suite 5500
   Los Angeles, California 90071-2005

   b. Driver's license no. [last 4 digits] and state:  [x] Unknown
   c. Social security no. [last 4 digits]:  [x] Unknown
   d. Summons or notice of entry of sister-state judgment was personally served or mailed to *(name and address):*

   Thomas V. Girardi, 1126 Wilshire Blvd., Los Angeles, California 90017

2. [x] Information on additional judgment debtors is
   shown on page 2.
3. Judgment creditor *(name and address):*
   Joseph Ruigomez, an individual,
   c/o ABIR COHEN TREYZON SALO, LLP
   16001 Ventura Blvd., Suite 200, Encino, California 91436
Date: April 22, 2020
Boris Treyzon, Esq.
_____
(TYPE OR PRINT NAME)

4. [x] Information on additional judgment creditors is
   shown on page 2.
5. [ ] Original abstract recorded in this county:
   a. Date:
   b. Instrument No.:

▶ _____
(SIGNATURE OF APPLICANT OR ATTORNEY)

6. Total amount of judgment as entered or last renewed:
   $11,000,000.00
7. All judgment creditors and debtors are listed on this abstract.
8. a. Judgment entered on *(date):* April 20, 2020
   b. Renewal entered on *(date):*

9. [ ] This judgment is an installment judgment.

[SEAL]

This abstract issued on *(date):*
04/27/2020

10. [ ] An [ ] execution lien [ ] attachment lien
    is endorsed on the judgment as follows:
    a. Amount: $
    b. In favor of *(name and address):*

11. A stay of enforcement has
    a. [x] not been ordered by the court.
    b. [ ] been ordered by the court effective until
        *(date):*
12. a. [x] I certify that this is a true and correct abstract of
        the judgment entered in this action.
    b. [ ] A certified copy of the judgment is attached.
    Sherri R. Carter Executive Officer / Clerk of Court
    Clerk, by    V. Ortega    , Deputy

Form Adopted for Mandatory Use
Judicial Council of California
EJ-001 [Rev. July 1, 2014]

### ABSTRACT OF JUDGMENT—CIVIL AND SMALL CLAIMS

Page 1 of 2
Code of Civil Procedure, §§ 488.480,
674, 700.190

Exhibit C

Page 16

Exhibit A

Page 31

| PLAINTIFF:  Joseph Ruigomez, et al. | COURT CASE NO.: |
|---|---|
| DEFENDANT:  Thomas V. Girardi, et al. | 19STCV22296 |

**NAMES AND ADDRESSES OF ADDITIONAL JUDGMENT CREDITORS:**

13. Judgment creditor *(name and address):*
    Kathleen Ruigomez, an individual,
    c/o ABIR COHEN TREYZON SALO, LLP
    16001 Ventura Blvd., Suite 200
    Encino, California 91436

14. Judgment creditor *(name and address):*
    Jamie Ruigomez, an individual,
    c/o ABIR COHEN TREYZON SALO, LLP
    16001 Ventura Blvd., Suite 200
    Encino, California 91436

15. ☐ Continued on Attachment 15.

**INFORMATION ON ADDITIONAL JUDGMENT DEBTORS:**

16.          Name and last known address
Girardi & Keese
c/o BAKER, KEENER & NAHRA, LLP
633 W. Fifth Street, Suite 5500
Los Angeles, California 90071-2005

Driver's license no. [last 4 digits] and state:          ☒ Unknown

Social security no. [last 4 digits]:          ☒ Unknown

Summons was personally served at or mailed to *(address):*
Thomas V. Girardi
Authorized Agent for Service of Process for Girardi & Keese
1126 Wilshire Blvd., Los Angeles, California 90017

17.          Name and last known address

Driver's license no. [last 4 digits] and state:          ☐ Unknown

Social security no. [last 4 digits]:          ☐ Unknown

Summons was personally served at or mailed to *(address):*

18.          Name and last known address

Driver's license no. [last 4 digits] and state:          ☐ Unknown

Social security no. [last 4 digits]:          ☐ Unknown

Summons was personally served at or mailed to *(address):*

19.          Name and last known address

Driver's license no. [last 4 digits] and state:          ☐ Unknown

Social security no. [last 4 digits]:          ☐ Unknown

Summons was personally served at or mailed to *(address):*

20. ☐ Continued on Attachment 20.

---

EJ-001 [Rev. July 1, 2014]          **ABSTRACT OF JUDGMENT—CIVIL**          Page 2 of 2
**AND SMALL CLAIMS**
Exhibit C                                      Page 17

**PROOF OF SERVICE**

**STATE OF CALIFORNIA**          )
**COUNTY OF LOS ANGELES**      )    ss:

     I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is:  16001 Ventura Blvd., Suite 200, Encino, California 91436.

On April 22, 2020, I served the foregoing document described as:

    **1.    ABSTRACT OF JUDGMENT**

the parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

| | |
|---|---|
| Phillip A. Baker, Esq.<br>Robert Baker, Esq.<br>BAKER, KEENER & NAHRA, LLP<br>633 W. Fifth Street, Suite 5500<br>Los Angeles, California 90071-2005<br>Facsimile: (213) 241-0990<br>E-mail: pbaker@bknlawyers.com<br>E-mail: rbaker@bknlawyers.com | *Attorneys for Defendants*<br>**THOMAS V. GIRARDI**<br>**GIRARDI | KEESE** |

☐  **BY MAIL:**  By placing a true and correct copy of the above-described document(s) in envelope(s), addressed as set forth above, with first class postage pre-paid for delivery to the above-named persons at the above-listed addresses and depositing such envelopes in a US mail collection box.

☐  **BY OVER NIGHT DELIVERY, VIA GOLDEN STATE OVERNIGHT:**  I gave the document(s) to our overnight courier service for its daily pick-up for delivery to the offices of the addressee, addressed as set forth above.

☐  **BY PERSONAL SERVICE *(Ex Parte)*:**  I personally delivered by hand to the attorney in attendance on behalf of the above-named counsel at the hearing of _____, in Department_____of_____the_____Courthouse,_____, California.

☒  **BY ELECTRONIC MAIL BY AGREEMENT:**  Per agreement between counsels, I transmitted said document(s) to the person(s) shown above by electronic mail to the email address shown above.

☐  **BY FACSIMILE:**  I faxed said document(s) to the addressee, at the specified fax numbers shown above.

1

☐ **COURTESY COPY BY ELECTRONIC MAIL:** I transmitted courtesy copies of said document(s) to the person(s) shown above by electronic mail to the email address shown above.

2

3

☒ (State)    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

4

5

☐ (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

6

7

Executed on April 22, 2020, at Los Angeles, California.

8

_____

9

GINA ESFANDI

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2
PROOF OF SERVICE
Exhibit C                                                    Page 19

Exhibit A                                                    Page 34

RECORDING REQUESTED BY

NAME:  Abir Cohen Treyzon Salo, LLP

**WHEN RECORDED SEND TO:**

NAME:    Abir Cohen Treyzon Salo, LLP

ADDRESS:  16001 Ventura Blvd., Suite 200

CITY / STATE / ZIP:  Encino, CA 91436

(DOCUMENT WILL ONLY BE RETURNED TO NAME & ADDRESS IDENTIFIED ABOVE)

**DOC # 2020-0337298**
07/28/2020 04:34 PM Fees: $111.00
Page 1 of 5
Recorded in Official Records
County of Riverside
Peter Aldana
Assessor-County Clerk-Recorder

**This document was electronically submitted
to the County of Riverside for recording**
Receipted by: MARIA VICTORIA #411

(SPACE ABOVE FOR RECORDER'S USE)

Abstract of Judgement
**(DOCUMENT TITLE)**

Exhibit C                                    Page 20

Exhibit A                                    Page 35

**EJ-001**

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, address, and State Bar number):* <br> After recording, return to: <br> Boris Treyzon, Esq. (SBN 188893) <br> ABIR COHEN TREYZON SALO, LLP <br> 16001 Ventura Blvd., Suite 200 <br> Encino, CA 91436 <br><br> TEL NO.: **(424) 288-4367**   FAX NO. (optional): **(424) 288-4368** <br> E-MAIL ADDRESS *(Optional):* btreyzon@actslaw.com <br> [X] ATTORNEY FOR  [X] JUDGMENT CREDITOR  [ ] ASSIGNEE OF RECORD | |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Los Angeles <br> STREET ADDRESS: 111 N. Hill Street <br> MAILING ADDRESS: 111 N. Hill Street <br> CITY AND ZIP CODE: Los Angeles, 90012 <br> BRANCH NAME: Stanley Mosk Courthouse | *FOR RECORDER'S USE ONLY* |

| | |
|---|---|
| PLAINTIFF: Joseph Ruigomez, et al. <br> DEFENDANT: Thomas V. Girardi, et al. | CASE NUMBER: <br> 19STCV22296 |
| **ABSTRACT OF JUDGMENT—CIVIL <br> AND SMALL CLAIMS**   [ ] **Amended** | *FOR COURT USE ONLY* |

1. The [X] judgment creditor   [ ] assignee of record
   applies for an abstract of judgment and represents the following:
   a. Judgment debtor's
      Name and last known address
      Thomas V. Girardi, an individual,
      c/o BAKER, KEENER & NAHRA, LLP
      633 W. Fifth Street, Suite 5500
      Los Angeles, California 90071-2005
   b. Driver's license no. [last 4 digits] and state:   [X] Unknown
   c. Social security no. [last 4 digits]:   [X] Unknown
   d. Summons or notice of entry of sister-state judgment was personally served or mailed to *(name and address):*

   Thomas V. Girardi, 1126 Wilshire Blvd., Los Angeles, California 90017

2. [X] Information on additional judgment debtors is shown on page 2.
3. Judgment creditor *(name and address):*
   Joseph Ruigomez, an individual,
   c/o ABIR COHEN TREYZON SALO, LLP
   16001 Ventura Blvd., Suite 200, Encino, California 91436
   Date: April 22, 2020
   Boris Treyzon, Esq.
   _____
   (TYPE OR PRINT NAME)

4. [X] Information on additional judgment creditors is shown on page 2.
5. [ ] Original abstract recorded in this county:
   a. Date:
   b. Instrument No.:
   ► _____
   (SIGNATURE OF APPLICANT OR ATTORNEY)

6. Total amount of judgment as entered or last renewed:
   $11,000,000.00
7. All judgment creditors and debtors are listed on this abstract.
8. a. Judgment entered on *(date):* April 20, 2020
   b. Renewal entered on *(date):*

9. [ ] This judgment is an installment judgment.

[SEAL]

This abstract issued on *(date):*
04/27/2020

10. [ ] An [ ] execution lien [ ] attachment lien
    is endorsed on the judgment as follows:
    a. Amount: $
    b. In favor of *(name and address):*

11. A stay of enforcement has
    a. [X] not been ordered by the court.
    b. [ ] been ordered by the court effective until *(date):*

12. a. [X] I certify that this is a true and correct abstract of the judgment entered in this action.
    b. [ ] A certified copy of the judgment is attached.
    Sherri R. Carter Executive Officer / Clerk of Court
    Clerk, by   V. Ortega   , Deputy

| | | |
|---|---|---|
| Form Adopted for Mandatory Use <br> Judicial Council of California <br> EJ-001 [Rev. July 1, 2014] | **ABSTRACT OF JUDGMENT—CIVIL <br> AND SMALL CLAIMS** | Page 1 of 2 <br> Code of Civil Procedure, §§ 488.480, <br> 674, 700.190 |

Exhibit C                                   Page 21

Exhibit A                                   Page 36

| PLAINTIFF: Joseph Ruigomez, et al. | COURT CASE NO.: |
| DEFENDANT: Thomas V. Girardi, et al. | 19STCV22296 |

**NAMES AND ADDRESSES OF ADDITIONAL JUDGMENT CREDITORS:**

13. Judgment creditor *(name and address)*:
Kathleen Ruigomez, an individual,
c/o ABIR COHEN TREYZON SALO, LLP
16001 Ventura Blvd., Suite 200
Encino, California 91436

14. Judgment creditor *(name and address)*:
Jamie Ruigomez, an individual,
c/o ABIR COHEN TREYZON SALO, LLP
16001 Ventura Blvd., Suite 200
Encino, California 91436

15. ☐ Continued on Attachment 15.

**INFORMATION ON ADDITIONAL JUDGMENT DEBTORS:**

16.    Name and last known address
Girardi & Keese
c/o BAKER, KEENER & NAHRA, LLP
633 W. Fifth Street, Suite 5500
Los Angeles, California 90071-2005

Driver's license no. [last 4 digits] and state:    ☒ Unknown

Social security no. [last 4 digits]:    ☒ Unknown

Summons was personally served at or mailed to *(address)*:
Thomas V. Girardi
Authorized Agent for Service of Process for Girardi & Keese
1126 Wilshire Blvd., Los Angeles, California 90017

17.    Name and last known address

Driver's license no. [last 4 digits] and state:    ☐ Unknown

Social security no. [last 4 digits]:    ☐ Unknown

Summons was personally served at or mailed to *(address)*:

18.    Name and last known address

Driver's license no. [last 4 digits] and state:    ☐ Unknown

Social security no. [last 4 digits]:    ☐ Unknown

Summons was personally served at or mailed to *(address)*:

19.    Name and last known address

Driver's license no. [last 4 digits] and state:    ☐ Unknown

Social security no. [last 4 digits]:    ☐ Unknown

Summons was personally served at or mailed to *(address)*:

20. ☐ Continued on Attachment 20.

**ABSTRACT OF JUDGMENT—CIVIL
AND SMALL CLAIMS**
Exhibit C

**PROOF OF SERVICE**

1

2    STATE OF CALIFORNIA            )
     COUNTY OF LOS ANGELES          )   ss:

3

4          I am employed in the County of Los Angeles, State of California.  I am over the age of 18
     and not a party to the within action; my business address is:  16001 Ventura Blvd., Suite 200,

5    Encino, California 91436.

6    On April 22, 2020, I served the foregoing document described as:

7        1.   **ABSTRACT OF JUDGMENT**

8
     the parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed
9    as follows:

10
| Phillip A. Baker, Esq. | *Attorneys for Defendants* |
|---|---|
| Robert Baker, Esq. | **THOMAS V. GIRARDI** |
| BAKER, KEENER & NAHRA, LLP | **GIRARDI | KEESE** |
| 633 W. Fifth Street, Suite 5500 | |
| Los Angeles, California 90071-2005 | |
| Facsimile: (213) 241-0990 | |
| E-mail: pbaker@bknlawyers.com | |
| E-mail: rbaker@bknlawyers.com | |

15

16    ☐   **BY MAIL:**  By placing a true and correct copy of the above-described document(s) in
      envelope(s), addressed as set forth above, with first class postage pre-paid for delivery to the
17    above-named persons at the above-listed addresses and depositing such envelopes in a US mail
      collection box.

18

19    ☐   **BY OVER NIGHT DELIVERY, VIA GOLDEN STATE OVERNIGHT:**  I gave the
      document(s) to our overnight courier service for its daily pick-up for delivery to the offices of the
20    addressee, addressed as set forth above.

21    ☐   **BY PERSONAL SERVICE** *(Ex Parte)***:**  I personally delivered by hand to the attorney in
      attendance on behalf of the above-named counsel at the hearing of _____, in
22    Department_____of_____the_____Courthouse,_____,
      California.

23

24    ☒   **BY ELECTRONIC MAIL BY AGREEMENT:**  Per agreement between counsels, I
      transmitted said document(s) to the person(s) shown above by electronic mail to the email
25    address shown above.

26    ☐   **BY FACSIMILE:**  I faxed said document(s) to the addressee, at the specified fax numbers
      shown above.

27

28

☐ **COURTESY COPY BY ELECTRONIC MAIL:** I transmitted courtesy copies of said document(s) to the person(s) shown above by electronic mail to the email address shown above.

☒ (State)    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☐ (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on April 22, 2020, at Los Angeles, California.

_____
GINA ESFANDI

RECORDING REQUESTED BY

NAME:  Abir Cohen Treyzon Salo, LLP

**WHEN RECORDED SEND TO:**

NAME:  Abir Cohen Treyzon Salo, LLP

ADDRESS:  16001 Ventura Blvd., Suite 200

CITY / STATE / ZIP:  Encino, CA 91436

(DOCUMENT WILL ONLY BE RETURNED TO NAME & ADDRESS IDENTIFIED ABOVE)

Stephen L. Vagnini
MontereyCounty Clerk-Recorder

Recorded at the request of:
ON-CALL LEGAL

# 2020037202

07/28/2020 03:19:26
Titles: 1      Pages: 5
Fees: $109.00
Taxes:  $0.00
AMT PAID:  $109.00

(SPACE ABOVE FOR RECORDER`S USE)

Abstract of Judgement
**(DOCUMENT TITLE)**

Exhibit C                              Page 25

Exhibit A                              Page 40

**EJ-001**

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, address, and State Bar number):*
After recording, return to:
Boris Treyzon, Esq. (SBN 188893)
ABIR COHEN TREYZON SALO, LLP
16001 Ventura Blvd., Suite 200
Encino, CA 91436

TEL NO.: **(424) 288-4367**    FAX NO. (optional): **(424) 288-4368**
E-MAIL ADDRESS *(Optional):* btreyzon@actslaw.com
[X] ATTORNEY    [X] JUDGMENT    [ ] ASSIGNEE
    FOR            CREDITOR         OF RECORD

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: 111 N. Hill Street
CITY AND ZIP CODE: Los Angeles, 90012
BRANCH NAME: Stanley Mosk Courthouse

FOR RECORDER'S USE ONLY

PLAINTIFF: Joseph Ruigomez, et al.

DEFENDANT: Thomas V. Girardi, et al.

CASE NUMBER:
19STCV22296

**ABSTRACT OF JUDGMENT—CIVIL
AND SMALL CLAIMS**    [ ] Amended

FOR COURT USE ONLY

1. The [X] judgment creditor    [ ] assignee of record
   applies for an abstract of judgment and represents the following:
   a.    Judgment debtor's
            Name and last known address
   Thomas V. Girardi, an individual,
   c/o BAKER, KEENER & NAHRA, LLP
   633 W. Fifth Street, Suite 5500
   Los Angeles, California 90071-2005

   b.   Driver's license no. [last 4 digits] and state:    [X] Unknown
   c.   Social security no. [last 4 digits]:    [X] Unknown
   d.   Summons or notice of entry of sister-state judgment was personally served or mailed to *(name and address):*

        Thomas V. Girardi, 1126 Wilshire Blvd., Los Angeles, California 90017

2. [X]  Information on additional judgment debtors is
        shown on page 2.
3. Judgment creditor *(name and address):*
   Joseph Ruigomez, an individual,
   c/o ABIR COHEN TREYZON SALO, LLP
   16001 Ventura Blvd., Suite 200, Encino, California 91436
   Date: April 22, 2020
   Boris Treyzon, Esq.
   _____
        (TYPE OR PRINT NAME)

4. [X]  Information on additional judgment creditors is
        shown on page 2.
5. [ ]  Original abstract recorded in this county:
   a. Date:
   b. Instrument No.:

   ▶ _____
        (SIGNATURE OF APPLICANT OR ATTORNEY)

6.    Total amount of judgment as entered or last renewed:
      $11,000,000.00

7. All judgment creditors and debtors are listed on this abstract.

8. a.   Judgment entered on *(date):* April 20, 2020
   b.   Renewal entered on *(date):*

9. [ ] This judgment is an installment judgment.

[SEAL]

This abstract issued on *(date):*
04/27/2020

10. [ ] An    [ ] execution lien    [ ] attachment lien
        is endorsed on the judgment as follows:
    a.   Amount: $
    b.   In favor of *(name and address):*

11.  A stay of enforcement has
    a. [X]  not been ordered by the court.
    b. [ ]  been ordered by the court effective until
            *(date):*

12. a. [X]  I certify that this is a true and correct abstract of
            the judgment entered in this action.
    b. [ ]  A certified copy of the judgment is attached.
    Sherri R. Carter Executive Officer / Clerk of Court

    Clerk, by    V. Ortega    , Deputy

Form Adopted for Mandatory Use
Judicial Council of California
EJ-001 [Rev. July 1, 2014]

**ABSTRACT OF JUDGMENT—CIVIL
AND SMALL CLAIMS**

Page 1 of 2
Code of Civil Procedure, §§ 488.480,
674, 700.190

Exhibit C                                          Page 26

Exhibit A                                          Page 41

| PLAINTIFF:  Joseph Ruigomez, et al. | COURT CASE NO.: |
|---|---|
| DEFENDANT:  Thomas V. Girardi, et al. | 19STCV22296 |

**NAMES AND ADDRESSES OF ADDITIONAL JUDGMENT CREDITORS:**

13. Judgment creditor *(name and address):*
Kathleen Ruigomez, an individual,
c/o ABIR COHEN TREYZON SALO, LLP
16001 Ventura Blvd., Suite 200
Encino, California 91436

14. Judgment creditor *(name and address):*
Jamie Ruigomez, an individual,
c/o ABIR COHEN TREYZON SALO, LLP
16001 Ventura Blvd., Suite 200
Encino, California 91436

15. ☐ Continued on Attachment 15.

**INFORMATION ON ADDITIONAL JUDGMENT DEBTORS:**

16.                Name and last known address
Girardi & Keese
c/o BAKER, KEENER & NAHRA, LLP
633 W. Fifth Street, Suite 5500
Los Angeles, California 90071-2005

Driver's license no. [last 4 digits] and state:                    ☒ Unknown

Social security no. [last 4 digits]:                    ☒ Unknown

Summons was personally served at or mailed to *(address):*
Thomas V. Girardi
Authorized Agent for Service of Process for Girardi &
Keese
1126 Wilshire Blvd., Los Angeles, California 90017

17.                Name and last known address

Driver's license no. [last 4 digits] and state:                    ☐ Unknown

Social security no. [last 4 digits]:                    ☐ Unknown

Summons was personally served at or mailed to *(address):*

18.                Name and last known address

Driver's license no. [last 4 digits] and state:                    ☐ Unknown

Social security no. [last 4 digits]:                    ☐ Unknown

Summons was personally served at or mailed to *(address):*

19.                Name and last known address

Driver's license no. [last 4 digits] and state:                    ☐ Unknown

Social security no. [last 4 digits]:                    ☐ Unknown

Summons was personally served at or mailed to *(address):*

20. ☐ Continued on Attachment 20.

**PROOF OF SERVICE**

STATE OF CALIFORNIA          )
COUNTY OF LOS ANGELES        )   ss:

      I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is:  16001 Ventura Blvd., Suite 200, Encino, California 91436.

On April 22, 2020, I served the foregoing document described as:

    **1.  ABSTRACT OF JUDGMENT**

the parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

| |
|---|
| Phillip A. Baker, Esq.<br>Robert Baker, Esq.<br>BAKER, KEENER & NAHRA, LLP<br>633 W. Fifth Street, Suite 5500<br>Los Angeles, California 90071-2005<br>Facsimile: (213) 241-0990<br>E-mail: pbaker@bknlawyers.com<br>E-mail: rbaker@bknlawyers.com | *Attorneys for Defendants*<br>**THOMAS V. GIRARDI**<br>**GIRARDI | KEESE** |

☐  **BY MAIL:**  By placing a true and correct copy of the above-described document(s) in envelope(s), addressed as set forth above, with first class postage pre-paid for delivery to the above-named persons at the above-listed addresses and depositing such envelopes in a US mail collection box.

☐  **BY OVER NIGHT DELIVERY, VIA GOLDEN STATE OVERNIGHT:**  I gave the document(s) to our overnight courier service for its daily pick-up for delivery to the offices of the addressee, addressed as set forth above.

☐  **BY PERSONAL SERVICE** *(Ex Parte)***:**  I personally delivered by hand to the attorney in attendance on behalf of the above-named counsel at the hearing of _____, in Department_____of_____the_____Courthouse,_____, California.

☒  **BY ELECTRONIC MAIL BY AGREEMENT:**  Per agreement between counsels, I transmitted said document(s) to the person(s) shown above by electronic mail to the email address shown above.

☐  **BY FACSIMILE:**  I faxed said document(s) to the addressee, at the specified fax numbers shown above.

1  ☐  **COURTESY COPY BY ELECTRONIC MAIL:** I transmitted courtesy copies of said
document(s) to the person(s) shown above by electronic mail to the email address shown above.

2

3  ☒  (State)    I declare under penalty of perjury under the laws of the State of California that the
above is true and correct.

4

5  ☐  (Federal)  I declare that I am employed in the office of a member of the bar of this court at
whose direction the service was made.

6

7  Executed on April 22, 2020, at Los Angeles, California.

8  _____

9  GINA ESFANDI

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2<br>PROOF OF SERVICE

Exhibit C                                                    Page 29

Exhibit A                                                    Page 44

RECORDING REQUESTED BY

NAME:  Abir Cohen Treyzon Salo, LLP

**WHEN RECORDED SEND TO:**

NAME:    Abir Cohen Treyzon Salo, LLP

ADDRESS:  16001 Ventura Blvd., Suite 200

CITY / STATE / ZIP:  Encino, CA 91436

(DOCUMENT WILL ONLY BE RETURNED TO NAME & ADDRESS IDENTIFIED ABOVE)

**Electronically
Recorded in Official Records
County of San Bernardino
Bob Dutton
Assessor-Recorder-County Clerk**

**DOC# 2020-0258746**

| 07/28/2020 04:36 PM SAN | Titles: 1    Pages: 5 | |
|---|---|---|
| | Fees | $101.00 |
| | Taxes | $ 0.00 |
| I1287 | CA SB2 Fee | 75.00 |
| | Total | $176.00 |

(SPACE ABOVE FOR RECORDER´S USE)

Abstract of Judgement
**(DOCUMENT TITLE)**

Exhibit C                    Page 30

Exhibit A                    Page 45

**EJ-001**

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, address, and State Bar number):*
After recording, return to:
Boris Treyzon, Esq. (SBN 188893)
ABIR COHEN TREYZON SALO, LLP
16001 Ventura Blvd., Suite 200
Encino, CA 91436

TEL NO.: **(424) 288-4367**    FAX NO. *(optional):* **(424) 288-4368**
E-MAIL ADDRESS *(Optional):* btreyzon@actslaw.com
[X] ATTORNEY FOR    [X] JUDGMENT CREDITOR    [ ] ASSIGNEE OF RECORD

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: 111 N. Hill Street
CITY AND ZIP CODE: Los Angeles, 90012
BRANCH NAME: Stanley Mosk Courthouse

FOR RECORDER'S USE ONLY

PLAINTIFF: Joseph Ruigomez, et al.

DEFENDANT: Thomas V. Girardi, et al.

CASE NUMBER:
**19STCV22296**

**ABSTRACT OF JUDGMENT—CIVIL
AND SMALL CLAIMS**    [ ] **Amended**

FOR COURT USE ONLY

1. The [X] judgment creditor    [ ] assignee of record
   applies for an abstract of judgment and represents the following:
   a.  Judgment debtor's
         Name and last known address
   
   | Thomas V. Girardi, an individual,
   | c/o BAKER, KEENER & NAHRA, LLP
   | 633 W. Fifth Street, Suite 5500
   | Los Angeles, California 90071-2005

   b.  Driver's license no. [last 4 digits] and state:    [X] Unknown
   c.  Social security no. [last 4 digits]:    [X] Unknown
   d.  Summons or notice of entry of sister-state judgment was personally served or mailed to *(name and address):*

   Thomas V. Girardi, 1126 Wilshire Blvd., Los Angeles, California 90017

2. [X] Information on additional judgment debtors is shown on page 2.

3. Judgment creditor *(name and address):*
   Joseph Ruigomez, an individual,
   c/o ABIR COHEN TREYZON SALO, LLP
   16001 Ventura Blvd., Suite 200, Encino, California 91436

Date: April 22, 2020
Boris Treyzon, Esq.
_____
(TYPE OR PRINT NAME)

4. [X] Information on additional judgment creditors is shown on page 2.

5. [ ] Original abstract recorded in this county:
   a.  Date:
   b.  Instrument No.:

▶ _____
(SIGNATURE OF APPLICANT OR ATTORNEY)

6.  Total amount of judgment as entered or last renewed:
    $11,000,000.00

7.  All judgment creditors and debtors are listed on this abstract.

8.  a.  Judgment entered on *(date):* April 20, 2020
    b.  Renewal entered on *(date):*

9.  [ ] This judgment is an installment judgment.

[SEAL]

This abstract issued on *(date):*
04/27/2020

10. [ ] An    [ ] execution lien    [ ] attachment lien
    is endorsed on the judgment as follows:
    a.  Amount: $
    b.  In favor of *(name and address):*

11. A stay of enforcement has
    a.  [X] not been ordered by the court.
    b.  [ ] been ordered by the court effective until *(date):*

12. a.  [X] I certify that this is a true and correct abstract of the judgment entered in this action.
    b.  [ ] A certified copy of the judgment is attached.
    Sherri R. Carter Executive Officer / Clerk of Court
    Clerk, by    V. Ortega    , Deputy

Form Adopted for Mandatory Use
Judicial Council of California
EJ-001 [Rev. July 1, 2014]

**ABSTRACT OF JUDGMENT—CIVIL
AND SMALL CLAIMS**
Exhibit C

Page 1 of 2
Code of Civil Procedure, §§ 488.480,
674, 700.190
Page 31

Exhibit A    Page 46

| PLAINTIFF:  Joseph Ruigomez, et al. | COURT CASE NO.: |
|---|---|
| DEFENDANT:  Thomas V. Girardi, et al. | 19STCV22296 |

**NAMES AND ADDRESSES OF ADDITIONAL JUDGMENT CREDITORS:**

13. Judgment creditor *(name and address):*
Kathleen Ruigomez, an individual,
c/o ABIR COHEN TREYZON SALO, LLP
16001 Ventura Blvd., Suite 200
Encino, California 91436

14. Judgment creditor *(name and address):*
Jamie Ruigomez, an individual,
c/o ABIR COHEN TREYZON SALO, LLP
16001 Ventura Blvd., Suite 200
Encino, California 91436

15. ☐ Continued on Attachment 15.

**INFORMATION ON ADDITIONAL JUDGMENT DEBTORS:**

16.          Name and last known address
Girardi & Keese
c/o BAKER, KEENER & NAHRA, LLP
633 W. Fifth Street, Suite 5500
Los Angeles, California 90071-2005

Driver's license no. [last 4 digits] and state:       ☒ Unknown

Social security no. [last 4 digits]:       ☒ Unknown

Summons was personally served at or mailed to *(address):*
Thomas V. Girardi
Authorized Agent for Service of Process for Girardi &
Keese
1126 Wilshire Blvd., Los Angeles, California 90017

17.          Name and last known address

Driver's license no. [last 4 digits] and state:       ☐ Unknown

Social security no. [last 4 digits]:       ☐ Unknown

Summons was personally served at or mailed to *(address):*

18.          Name and last known address

Driver's license no. [last 4 digits] and state:       ☐ Unknown

Social security no. [last 4 digits]:       ☐ Unknown

Summons was personally served at or mailed to *(address):*

19.          Name and last known address

Driver's license no. [last 4 digits] and state:       ☐ Unknown

Social security no. [last 4 digits]:       ☐ Unknown

Summons was personally served at or mailed to *(address):*

20. ☐ Continued on Attachment 20.

**PROOF OF SERVICE**

STATE OF CALIFORNIA            )
COUNTY OF LOS ANGELES        )  ss:

     I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is:  16001 Ventura Blvd., Suite 200, Encino, California 91436.

On April 22, 2020, I served the foregoing document described as:

    **1.  ABSTRACT OF JUDGMENT**

the parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

| | |
|---|---|
| Phillip A. Baker, Esq. <br> Robert Baker, Esq. <br> BAKER, KEENER & NAHRA, LLP <br> 633 W. Fifth Street, Suite 5500 <br> Los Angeles, California 90071-2005 <br> Facsimile: (213) 241-0990 <br> E-mail: pbaker@bknlawyers.com <br> E-mail: rbaker@bknlawyers.com | *Attorneys for Defendants* <br> **THOMAS V. GIRARDI** <br> **GIRARDI | KEESE** |

☐ **BY MAIL:**  By placing a true and correct copy of the above-described document(s) in envelope(s), addressed as set forth above, with first class postage pre-paid for delivery to the above-named persons at the above-listed addresses and depositing such envelopes in a US mail collection box.

☐ **BY OVER NIGHT DELIVERY, VIA GOLDEN STATE OVERNIGHT:**  I gave the document(s) to our overnight courier service for its daily pick-up for delivery to the offices of the addressee, addressed as set forth above.

☐ **BY PERSONAL SERVICE *(Ex Parte)*:**  I personally delivered by hand to the attorney in attendance on behalf of the above-named counsel at the hearing of _____, in Department_____of_____the_____Courthouse,_____, California.

☒ **BY ELECTRONIC MAIL BY AGREEMENT:** Per agreement between counsels, I transmitted said document(s) to the person(s) shown above by electronic mail to the email address shown above.

☐ **BY FACSIMILE:**  I faxed said document(s) to the addressee, at the specified fax numbers shown above.

1    ☐ **COURTESY COPY BY ELECTRONIC MAIL:** I transmitted courtesy copies of said
2    document(s) to the person(s) shown above by electronic mail to the email address shown above.

3    ☒ (State)    I declare under penalty of perjury under the laws of the State of California that the
     above is true and correct.
4
5    ☐ (Federal) I declare that I am employed in the office of a member of the bar of this court at
     whose direction the service was made.
6
7    Executed on April 22, 2020, at Los Angeles, California.
8
     _____
9                          GINA ESFANDI
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

2
PROOF OF SERVICE
Exhibit C                               Page 34


Exhibit A                               Page 49

# Exhibit D

Electronically FILED by Superior Court of California, County of Los Angeles on 05/07/2020 09:01 AM Sherri R. Carter, Executive Officer/Clerk of Court, by V. Ortega, Deputy Clerk

**AT-138, EJ-125**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Boris Treyzon, Esq. (SBN 188893)<br>ABIR COHEN TREYZON SALO, LLP<br>16001 Ventura Blvd., Suite 200<br>Encino, California 91436<br>TELEPHONE NO.: (424) 288-4367     FAX NO.: (424) 288-4368<br>ATTORNEY FOR *(Name):* Plaintiffs | |

NAME OF COURT: Los Angeles Superior Court
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: 111 N. Hill Street
CITY AND ZIP CODE: Los Angeles, 90012
BRANCH NAME: Stanley Mosk Courthouse, Central District

PLAINTIFF: Joseph Ruigomez, et al.

DEFENDANT: Thomas V. Girardi, et al.

| APPLICATION AND ORDER FOR APPEARANCE AND EXAMINATION | CASE NUMBER: |
|---|---|
| [✓] **ENFORCEMENT OF JUDGMENT**   [ ] **ATTACHMENT (Third Person)**<br>    [✓] **Judgment Debtor**   [ ] **Third Person** | 19STCV22296 |

**ORDER TO APPEAR FOR EXAMINATION**

1. TO *(name):* Thomas V. Girardi, as Person Most Knowledgeable for Girardi | Keese
2. YOU ARE ORDERED TO APPEAR personally before this court, or before a referee appointed by the court, to
   a. [✓] furnish information to aid in enforcement of a money judgment against you.
   b. [ ] answer concerning property of the judgment debtor in your possession or control or concerning a debt you owe the judgment debtor.
   c. [ ] answer concerning property of the defendant in your possession or control or concerning a debt you owe the defendant that is subject to attachment.

Date: January 6, 2021    Time: 8:30 a.m.    Dept. or Div.: 44    Rm.: 418
Address of court [✓] shown above [✓] is: Los Angeles Superior Court, Central
111 N. Hill Street, Los Angeles, CA 90012

3. This order may be served by a sheriff, marshal, registered process server, **or** the following specially appointed person *(name):*

Date: 05/07/2020

_____
Edward B. Moreton, Jr.
JUDGE OR REFEREE

**This order must be served not less than 10 days before the date set for the examination.**

# IMPORTANT NOTICES ON REVERSE

**APPLICATION FOR ORDER TO APPEAR FOR EXAMINATION**

4. [✓] Judgment creditor   [ ] Assignee of record   [ ] Plaintiff who has a right to attach order
   applies for an order requiring *(name):* Thomas V. Girardi, as Person Most Knowledgeable for Girardi | Keese   to appear and furnish information to aid in enforcement of the money judgment or to answer concerning property or debt.
5. The person to be examined is
   a. [✓] the judgment debtor.
   b. [ ] a third person (1) who has possession or control of property belonging to the judgment debtor or the defendant or (2) who owes the judgment debtor or the defendant more than $250. An affidavit supporting this application under Code of Civil Procedure section 491.110 or 708.120 is attached.
6. The person to be examined resides or has a place of business in this county or within 150 miles of the place of examination.
7. [ ] This court is **not** the court in which the money judgment is entered or *(attachment only)* the court that issued the writ of attachment. An affidavit supporting an application under Code of Civil Procedure section 491.150 or 708.160 is attached.
8. [ ] The judgment debtor has been examined within the past 120 days. An affidavit showing good cause for another examination is attached.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: May 4, 2020

Boris Treyzon, Esq.
(TYPE OR PRINT NAME)

▶                    _____
(SIGNATURE OF DECLARANT)

(Continued on reverse)

Form Adopted for Mandatory Use
Judicial Council of California
AT-138, EJ-125 [Rev. July 1, 2000]

**APPLICATION AND ORDER
FOR APPEARANCE AND EXAMINATION**
(Attachment—Enforcement of Judgment)

Code of Civil Procedure,
§§ 491.110, 708.110, 708.120

Electronically Received 05/07/2020 09:01 AM

| Exhibit D | Page 35 |
| Exhibit A | Page 51 |

## APPEARANCE OF JUDGMENT DEBTOR (ENFORCEMENT OF JUDGMENT)

**NOTICE TO JUDGMENT DEBTOR   If you fail to appear at the time and place specified in this order, you may be subject to arrest and punishment for contempt of court, and the court may make an order requiring you to pay the reasonable attorney fees incurred by the judgment creditor in this proceeding.**

## APPEARANCE OF A THIRD PERSON
## (ENFORCEMENT OF JUDGMENT)

**(1) NOTICE TO PERSON SERVED   If you fail to appear at the time and place specified in this order, you may be subject to arrest and punishment for contempt of court, and the court may make an order requiring you to pay the reasonable attorney fees incurred by the judgment creditor in this proceeding.**

**(2) NOTICE TO JUDGMENT DEBTOR   The person in whose favor the judgment was entered in this action claims that the person to be examined pursuant to this order has possession or control of property which is yours or owes you a debt. This property or debt is as follows *(Describe the property or debt using typewritten capital letters)*:**

**If you claim that all or any portion of this property or debt is exempt from enforcement of the money judgment, you must file your exemption claim in writing with the court and have a copy personally served on the judgment creditor not later than three days before the date set for the examination. You must appear at the time and place set for the examination to establish your claim of exemption or your exemption may be waived.**

## APPEARANCE OF A THIRD PERSON (ATTACHMENT)

**NOTICE TO PERSON SERVED   If you fail to appear at the time and place specified in this order, you may be subject to arrest and punishment for contempt of court, and the court may make an order requiring you to pay the reasonable attorney fees incurred by the plaintiff in this proceeding.**

## APPEARANCE OF A CORPORATION, PARTNERSHIP, ASSOCIATION, TRUST, OR OTHER ORGANIZATION

**It is your duty to designate one or more of the following to appear and be examined: officers, directors, managing agents, or other persons who are familiar with your property and debts.**

AT-138, EJ-125 [Rev. July 1, 2000]                      **APPLICATION AND ORDER**                      **Page two**
**FOR APPEARANCE AND EXAMINATION**
(Attachment—Enforcement of Judgment)

Exhibit D                          Page 36
Exhibit A                          Page 52

# Exhibit E

Electronically FILED by Superior Court of California, County of Los Angeles on 07/09/2020 11:36 AM Sherri R. Carter, Executive Officer/Clerk of Court, by A. Miro,Deputy Clerk

**POS-020**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Boris Treyzon, Esq. (SBN 188893)<br>ABIR COHEN TREYZON SALO, LLP<br>16001 Ventura Blvd.<br>Suite 200<br>Encino, California 91436<br>TELEPHONE NO.: (424) 288-4367    FAX NO. *(Optional)*: (424) 288-4368<br>E-MAIL ADDRESS *(Optional)*: btreyzon@actslaw.com<br>ATTORNEY FOR *(Name)*: Plaintiffs | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles |
|---|
| STREET ADDRESS: 111 N. Hill Street |
| MAILING ADDRESS: 111 N. Hill Street |
| CITY AND ZIP CODE: Los Angeles, 90012 |
| BRANCH NAME: Stanley Mosk Courthouse, Centrsl District |

| PETITIONER/PLAINTIFF: Joseph Ruigomez, et al. |
|---|
| RESPONDENT/DEFENDANT: Thomas V. Girardi, et al. |

| PROOF OF PERSONAL SERVICE—CIVIL | CASE NUMBER:<br>19STCV22296 |
|---|---|

*(Do not use this Proof of Service to show service of a Summons and Complaint.)*

1.  I am over 18 years of age and **not a party** to this action.

2.  I served the following **documents** *(specify)*:

    1) Application and Order for Appearance and Examination - Thomas V. Girardi as the Person Most Knowledgeable for Girardi | Keese
    2) Civil Subpoena (Duces Tecum) for Personal Appearance and Production of Documents - Thomas V. Girardi as the Person Most Knowledgeable for Girardi | Keese
    ☐ The documents are listed in the *Attachment to Proof of Personal Service—Civil (Documents Served)* (form POS-020(D)).

3.  I personally served the following **persons** at the address, date, and time stated:
    a.  Name: Thomas V. Girardi as the Person Most Knowledgeable for Girardi | Keese
    b.  Address: 100 Los Altos Dr., Pasadena, CA 91105
    c.  Date: May 20, 2020
    d.  Time: 6:30 p.m.

    ☐ The persons are listed in the *Attachment to Proof of Personal Service—Civil (Persons Served)* (form POS-020(P)).

4.  I am
    a.  ☐ not a registered California process server.
    b.  ☑ a registered California process server.
    c.  ☐ an employee or independent contractor of a registered California process server.
    d.  ☐ exempt from registration under Business & Professions Code section 22350(b).

5.  My name, address, telephone number, and, if applicable, county of registration and number are *(specify)*:

    Raul Madrid
    P.O. Box 509, La Puente, CA 91747
    (626) 523-5826
    Los Angeles County Registration No. 3905

6.  ☑ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

7.  ☐ I am a California sheriff or marshal and certify that the foregoing is true and correct.

Date: July 8, 2020

Raul Madrid
_____
(TYPE OR PRINT NAME OF PERSON WHO SERVED THE PAPERS)

_____
(SIGNATURE OF PERSON WHO SERVED THE PAPERS)

| Form Approved for Optional Use<br>Judicial Council of California<br>POS-020 [New January 1, 2005] | **PROOF OF PERSONAL SERVICE—CIVIL** | Code of Civil Procedure, § 1011<br>www.courtinfo.ca.gov |
|---|---|---|


American LegalNet, Inc.
www.FormsWorkFlow.com

Exhibit E

Exhibit A                                                                 Page 54

## INFORMATION SHEET FOR PROOF OF PERSONAL SERVICE—CIVIL

*(This information sheet is not a part of the Proof of Service form and does not need to be copied, served, or filed.)*

**NOTE:** This form should **not** be used for proof of service of a summons and complaint. For that purpose, use *Proof of Service of Summons* (form POS-010).

Use these instructions to complete the *Proof of Personal Service* (form POS-020).

A person at least 18 years of age or older must serve the documents. There are two main ways to serve documents: (1) by personal delivery and (2) by mail. Certain documents must be personally served. You must determine whether personal service is required for a document.

The person who personally served the documents must complete a proof of service form for the documents served. **You cannot serve documents if you are a party to the action.**

### INSTRUCTIONS FOR THE PERSON WHO SERVED THE DOCUMENTS

The proof of service should be printed or typed. If you have Internet access, fillable versions of the form are available at *www.courtinfo.ca.gov/forms.*

*Complete the top section of the proof of service form as follows:*

<u>First box, left side</u>: In this box print the name, address, and phone number of the person *for* whom you served the documents.

<u>Second box, left side</u>: Print the name of the county in which the legal action is filed and the court's address in this box. The address for the court should be the same as on the documents that you served.

<u>Third box, left side</u>: Print the names of the Petitioner/Plaintiff and Respondent/Defendant in this box. Use the same names as are listed on the documents that you served.

<u>First box, top of form, right side</u>: Leave this box blank for the court's use.

<u>Second box, right side</u>: Print the case number in this box. The number should be the same as the case number on the documents that you served.

*Complete all applicable items on the form:*

1. You are stating that you are over the age of 18 and that you are not a party to this action.

2. List the name of each document that you delivered to the person. If you need more space, check the box in item 2, complete the *Attachment to Proof of Personal Service–Civil (Documents Served)* (form POS-020(D)), and attach it to form POS-020.

3. Provide the name of each person served, the address where you served the documents, and the date and time of service. If you served more than one person, check the box in item 3, complete the *Attachment to Proof of Personal Service–Civil (Persons Served)* (form POS-020(P)), and attach it to form POS-020.

4. Check the box that applies to you. If you are a private person serving the documents for a party, check box "a."

5. Print your name, address, and telephone number. If applicable, include the county in which you are registered as a process server and your registration number.

6. You must check this box if you are not a California sheriff or marshal. You are stating under penalty of perjury that the information you have provided is true and correct.

7. Do not check this box unless you are a California sheriff or marshal.

**At the bottom, fill in the date on which you signed the form, print your name, and sign the form at the arrow. By signing, you are stating under penalty of perjury that all the information that you have provided on form POS-020 is true and correct.**

POS-020 [New January 1, 2005]

**PROOF OF PERSONAL SERVICE—CIVIL**

Exhibit E                                    Page 38

Exhibit A                                    Page 55

# Exhibit F

**NOTICE OF JUDGMENT LIEN**
FOLLOW INSTRUCTIONS CAREFULLY (front and back of form)

A. NAME & PHONE OF FILER'S CONTACT (optional)
Boris Treyzon; (424) 288-4367

B. SEND ACKNOWLEDGMENT TO: (NAME AND ADDRESS)

Boris Treyzon, Esq.
ABIR COHEN TREYZON SALO, LLP
16001 Ventura Blvd., Suite 200
Encino, California 91436

| For Office Use Only |
| --- |
| **-FILED-** |
| File #: U200027063225 |
| Date Filed: 10/6/2020 |

THIS SPACE FOR FILING OFFICE USE ONLY

**1. JUDGMENT DEBTOR'S EXACT LEGAL NAME** --Insert only one name, either 1a or 1b.  Do not abbreviate or combine names.

1a. ORGANIZATION'S NAME

| 1b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| --- | --- | --- | --- |
| Girardi | Thomas | Vincent | |
| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 100 Los Altos Drive | Pasadena | CA | 91105 | US |

**2. JUDGMENT CREDITOR'S NAME**-- Do not abbreviate or combine names.

2a. ORGANIZATION'S NAME

| 2b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE | SUFFIX |
| --- | --- | --- | --- |
| Ruigomez | Joseph | | |
| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
| 16001 Ventura Blvd., Suite 200 | Encino | CA | 91436 | US |

**3. ALL PROPERTY SUBJECT TO ENFORCEMENT OF A MONEY JUDGMENT AGAINST THE JUDGMENT DEBTOR TO WHICH A JUDGMENT LIEN ON PERSONAL PROPERTY MAY ATTACH UNDER SECTION 697.530 OF THE CODE OF CIVIL PROCEDURE IS SUBJECT TO THIS JUDGMENT LIEN.**

A. Title of court where judgment was entered: _____

   Los Angeles Superior Court, Stanley Mosk Courthouse

B. Title of the action: Joseph Ruigomez v. Thomas V. Girardi, et al.

C. Number of this action: 19STCV22296

D. Date judgment was entered: April 20, 2020

E. Date of subsequent renewals of judgment (if any): N/A

F. Amount required to satisfy judgment at date of this notice: $ 11,491,232.87

G. Date of this notice: September 30, 2020

**4.** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct:

SIGNATURE – SEE INSTRUCTION NO. 4

FOR: ABIR COHEN TREYZON SALO, LLP

Dated: September 30, 2020
(If not indicated, use same as date in item 3G.)

FILING OFFICE COPY

NOTICE OF JUDGMENT LIEN (FORM JL1) (Rev. 6/01)
Approved by the Secretary of State

B0334-7360  10/06/2020 5:00 PM Received by California Secretary of State

## JUDGMENT LIEN ADDENDUM
**FOLLOW INSTRUCTIONS CAREFULLY (FRONT AND BACK OF FORM)**

**5. NAME OF JUDGMENT DEBTOR:** (NAME OF FIRST DEBTOR ON RELATED JUDGMENT LIEN)

| 5a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| 5b. INDIVIDUAL'S LAST NAME<br>Girardi | FIRST NAME<br>Thomas | MIDDLE NAME<br>Vincent | SUFFIX |

**6. ADDITIONAL JUDGMENT DEBTOR – Insert only one name (6a or 6b):**

| 6a. ORGANIZATION'S NAME   Girardi | Keese | | | |
|---|---|---|---|
| 6b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| 6c. MAILING ADDRESS<br>1126 Wilshire Blvd. | CITY<br>Los Angeles | STATE CA | POSTAL CODE 90017 | COUNTRY<br>US |

**7. ADDITIONAL JUDGMENT DEBTOR – Insert only one name (7a or 7b):**

| 7a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| 7b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |

**8. ADDITIONAL JUDGMENT DEBTOR – Insert only one name (8a or 8b):**

| 8a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| 8b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
| 8c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |

**9. ADDITIONAL JUDGMENT CREDITOR – Insert only one name (9a or 9b):**

| 9a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| 9b. INDIVIDUAL'S LAST NAME<br>Ruigomez | FIRST NAME<br>Kathleen | MIDDLE NAME | SUFFIX |
| 9c. MAILING ADDRESS<br>16001 Ventura Blvd., #200 | CITY<br>Encino | STATE CA | POSTAL CODE 91436 | COUNTRY<br>US |

**10. ADDITIONAL JUDGMENT CREDITOR – Insert only one name (10a or 10b):**

| 10a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| 10b. INDIVIDUAL'S LAST NAME<br>Ruigomez | FIRST NAME<br>Jamie | MIDDLE NAME | SUFFIX |
| 10c. MAILING ADDRESS<br>16001 Ventura Blvd., #200 | CITY<br>Encino | STATE CA | POSTAL CODE 91436 | COUNTRY<br>US |

(1) FILING OFFICER COPY – JUDGMENT LIEN ADDENDUM FORM (REV. 6/01)

CA Secretary of State

Exhibit F                     Page 40

Exhibit A                     Page 58

B0334-7361 10/05/2020 5:00 PM Received by California Secretary of State

# Exhibit G

## SETTLEMENT AGREEMENT

This Settlement Agreement ("**Agreement**") is entered into by and between Jason M. Rund, the chapter 7 trustee (the "**Trustee**") for the estate of Thomas Vincent Girardi (the "**Debtor**"), on the one hand, and Joseph Ruigomez, Kathleen Ruigomez and Jaime Ruigomez ("**Ruigomez Creditors**"), on the other hand.  Together, the Trustee and Ruigomez Creditors are referred to as the "**Parties**."

## RECITALS

A.      On April 20, 2020, the Los Angeles Superior Court (the "**Superior Court**") entered a *Judgment* for $11,000,000 in favor of the Ruigomez Creditors, and against the Debtor and Girardi & Keese, in LASC Case No. 19STCV22296.

B.      On April 22, 2020, the Superior Court issued an *Order to Appear for Examination* (the "**ORAP**"), requiring the Debtor to appear and testify at a judgment debtor examination on August 19, 2020, at 8:30 a.m.  The ORAP was served on the Debtor on May 20, 2020.

C.      On July 28, 2020, the Ruigomez Creditors recorded an Abstract of Judgment with the Riverside County Recorder's Office as Inst. No. 2020-0337298 (the "**Riverside Abstract**").

D.      On July 28, 2020, the Ruigomez Creditors recorded an Abstract of Judgment with the San Bernardino County Recorder's Office as Inst. No. 2020-0258746 (the "**San Bernardino Abstract**").

E.      On July 28, 2020, the Ruigomez Creditors recorded an Abstract of Judgment with the Monterey County Recorder's Office as Inst. No. 2020037202 (the "**Monterey Abstract**").

F.      On July 30, 2020, the Ruigomez Creditors recorded an Abstract of Judgment with the Los Angeles County Recorder's Office as Inst. No. 2020-864175 (the "**Los Angeles Abstract**").

G.      On December 18, 2020 (the "**Petition Date**"), an Involuntary Petition was filed against the Debtor under chapter 7 of title 11 of the United States Code (the "**Code**").  The Order for Relief was entered on January 13, 2021, and the Debtor's bankruptcy case (the "**Case**") is pending in the United States Bankruptcy Court for the Central District of California, Los Angeles Division (the "**Bankruptcy Court**") as Case No. 2:20-bk-21020-BR.

H.      On the Petition Date, an Involuntary Petition was also filed against the Debtor's law firm, Girardi Keese and/or Girardi & Keese, under chapter 7 of the Code. The Order for Relief was entered in that case on January 13, 2021, and the case is pending before the Bankruptcy Court as Case No. 2:20-bk-21022-BR (the "**Girardi Keese Case**").

I.      The Ruigomez Creditors assert that, as of the Petition Date, the total sum of $11,747,245.95 was due and owing under the Judgment, including $729,315.06 in interest and $17,930.99 in collection costs (the "**Ruigomez Claim**").

J.      The Ruigomez Creditors contend that, by virtue of their service of the ORAP on the Debtor, the Ruigomez Claim is secured by a lien on all personal property of the Debtor that existed on the Petition Date.  Further, the Ruigomez Creditors contend that, by virtue of the Riverside Abstract and the Los Angeles Abstract, the Ruigomez Claim is secured by a lien on all real property of the Debtor in Riverside and Los Angeles Counties that existed on the Petition Date.  The liens created by the service of the ORAP, the Riverside Abstract, San Bernardo Abstract, Monterey Abstract and the Los Angeles Abstract are hereinafter referred to as the "**Ruigomez Liens**."

K.      The Parties agree that Trustee's administration of assets of the bankruptcy estate on the terms set forth herein is in the best interest of the Ruigomez Creditors and the bankruptcy estate.

<u>TERMS AND CONDITIONS</u>

Based on the mutual promises contained herein and for other good and valuable consideration, the receipt of which is acknowledged, the Parties agree as follows:

1.      <u>Recitals Acknowledged</u>.  Each of the Parties acknowledges that, to the best of the Party's knowledge, each of the above recitals is true and correct in every material respect.

2.      <u>Conditions and Effective Date</u>.

a.      This Agreement is subject to approval by the Bankruptcy Court.  Within a reasonable time after execution of this Agreement by the Parties, the Trustee shall file a motion in the Case for entry of an order approving this Agreement and the terms hereof (the "**Order**").

b.      The "**Effective Date**" of this Agreement shall be the date on which the Order is entered unless there is a stay of enforcement of the Order.  If there is a stay of enforcement of the Order, the Effective Date of this Agreement shall be the first business day after the expiration or lifting of the stay.

3.      <u>Allowance of the Ruigomez Claim</u>.  The Ruigomez Creditors shall be allowed a claim in the amount of $11,747,245.95 as of the Petition Date with a perfected security interest in all of the Debtor's personal property and all real of the Debtor in Riverside and Los Angeles Counties that existed on the Petition Date (the "**Ruigomez Collateral**").  Further, the Ruigomez Creditors reserve their right to seek post-petition interest under 11 U.S.C. § 506(b).

4.      <u>Administration of Ruigomez Collateral</u>.

a.      The Ruigomez Creditors consent to the Trustee's administration of the Ruigomez Collateral consistent with 363 of the Code, free and clear of the Ruigomez Liens.

b.      For each Ruigomez Collateral being administered, the sale proceeds shall be distributed in the following order of priority: (1) liens senior to Ruigomez Liens, taxes arising from the sale (including transfer and income taxes), and ordinary costs of sale (including broker commissions, escrow, etc.); (2) the administrative fees and costs of the bankruptcy estate; (3) 80% of the balance to the Ruigomez Creditors to be applied towards the Ruigomez Claim; and (4) the

remainder (*i.e.*, 20%) to the Trustee to be held in trust for the allowed unsecured claimants of the bankruptcy estate.

        c.      The distributions to the Ruigomez Creditors contemplated herein shall take place no less than 120 calendar days apart, and for each distribution, the Trustee will estimate the administrative fees and costs in good faith to determine the amount to be withheld by the bankruptcy estate.  All distributions to the Ruigomez Creditors shall be payable by check to "Abir Cohen Treyzon Salo IOLTA" and delivered to their counsel, Boris Treyzon, at Abir Cohen Treyzon Salo, LLP, 16001 Ventura Boulevard, Suite 200, Encino, California 91436.

     5.    <u>Releases</u>.  Subject to the terms and conditions of this Agreement, the Trustee releases and waives all claims against the Ruigomez Creditors arising out of the Case, and the Ruigomez Creditors release and waive all claims against the Trustee and the Debtor's bankruptcy estate arising out of the Case.

     6.    <u>Continued Prosecution of Ruigomez Claim in Girardi Keese Case</u>. Based on the *Judgment* in the State Court, the Ruigomez Creditors also have a claim in the Girardi Keese Case. It is entirely possible that their recovery from the Debtor's Case and the Girardi Keese Case will satisfy the Ruigomez Claim in full.  Hence, the amount recovered from the Girardi Keese Case directly impacts the Debtor's Case, and the Ruigomez Creditors shall use their best efforts to prosecute their claims in that case and shall not withdraw or reduce their claims without the written consent of the Trustee.

     7.    <u>Trustee as Representative of a Bankruptcy Estate</u>.  The Parties acknowledge that the Trustee is a trustee appointed to administer a bankruptcy estate.  The Parties acknowledge and agree that this Agreement is being made by the Trustee solely in his capacity as the chapter 7 trustee of the Debtor's estate, and not in a personal capacity, and no liability or obligations shall accrue to the Trustee personally.

     8.    <u>Successors and Assigns</u>.  This Agreement is binding upon and shall inure to the benefit of the Parties hereto, and their respective attorneys, agents, heirs, administrators, predecessors, successors and assigns, including any successor trustees.

     9.    <u>Severability</u>.  If any portion of this Agreement is found to be void, voidable or unenforceable at law, the remaining terms and conditions of this Agreement may be enforced.

     10.    <u>Governing Law and Jurisdiction</u>.  This Agreement shall be governed by and construed in accordance with the laws of the State of California, without regard to choice of law principles of the State of California.  The Bankruptcy Court shall retain exclusive jurisdiction to resolve any and all disputes pertaining to this Agreement, including without limitation the enforcement and interpretation of any of its terms, and the Parties agree to submit to the jurisdiction of the Bankruptcy Court for the purpose of resolving such disputes.

     11.    <u>Further Assurances</u>.  Each Party to this Agreement shall execute all instruments and documents and take all actions as may be reasonably required to effectuate the purpose of this Agreement.

12.    Modification. This Agreement may be modified only by a writing executed by the Party to this Agreement against whom enforcement of such modification is sought.

13.    Attorneys' Fees and Costs. Each Party shall bear his, her or its own attorneys' fees, court costs and related expenses incurred by or on behalf of said Party in connection with the preparation of this Agreement and seeking requisite approvals thereof.

14.    Interpretation. This Agreement has been negotiated at arms' length, and between persons sophisticated and knowledgeable in matters dealt with in this Agreement. Accordingly, any rule of law, statute, legal decision or common law principle that would require interpretation of any ambiguities in this Agreement against the Party that has drafted it is not applicable, and is waived. The provisions of this Agreement shall be interpreted in a reasonable manner to effect the purpose and intent of this Agreement.

15.    Authority to Sign. The person signing below on behalf of each Party, and each Party, represents that the signing person has the authority to execute this Agreement on behalf of said Party, and that it is not necessary for any other Party to inquire further into the validity of execution or authority to execute.

16.    Counterparts. Each Party may sign a facsimile copy of this Agreement, in counterparts, with the same effect as if each Party had signed an original of the same document.

Dated: February _17_, 2021

_____
Jason M. Rund, Chapter 7 Trustee for the
estate of Thomas Vincent Girardi


Dated: February ___, 2021

_____
Joseph Ruigomez
An Individual


Dated: February ___, 2021

_____
Kathleen Ruigomez
An Individual


Dated: February ___, 2021

_____
Jaime Ruigomez
An Individual

4

12.      <u>Modification</u>.  This Agreement may be modified only by a writing executed by the Party to this Agreement against whom enforcement of such modification is sought.

13.      <u>Attorneys' Fees and Costs</u>.  Each Party shall bear his, her or its own attorneys' fees, court costs and related expenses incurred by or on behalf of said Party in connection with the preparation of this Agreement and seeking requisite approvals thereof.

14.      <u>Interpretation</u>.  This Agreement has been negotiated at arms' length, and between persons sophisticated and knowledgeable in matters dealt with in this Agreement. Accordingly, any rule of law, statute, legal decision or common law principle that would require interpretation of any ambiguities in this Agreement against the Party that has drafted it is not applicable, and is waived.  The provisions of this Agreement shall be interpreted in a reasonable manner to effect the purpose and intent of this Agreement.

15.      <u>Authority to Sign</u>.  The person signing below on behalf of each Party, and each Party, represents that the signing person has the authority to execute this Agreement on behalf of said Party, and that it is not necessary for any other Party to inquire further into the validity of execution or authority to execute.

16.      <u>Counterparts</u>.  Each Party may sign a facsimile copy of this Agreement, in counterparts, with the same effect as if each Party had signed an original of the same document.

Dated:  February ___, 2021

_____
Jason M. Rund, Chapter 7 Trustee for the estate of Thomas Vincent Girardi

Dated:  February ___, 2021

DocuSigned by:
*Joseph Ruigomez*
0147DE26B904498...
_____
Joseph Ruigomez
An Individual

Dated:  February ___, 2021

DocuSigned by:
*Kathleen Ruigomez*
916FFD7B3399490...
_____
Kathleen Ruigomez
An Individual

Dated:  February ___, 2021

DocuSigned by:
*Jamie Ruigomez*
8815B76B7552492...
_____
Jaime Ruigomez
An Individual

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
16030 Ventura Blvd, Suite 470, Encino, California 91436

A true and correct copy of the foregoing document entitled **RESPONSE BY SECURED CREDITORS JOSEPH RUIGOMEZ, JAIME RUIGOMEZ, AND KATHLEEN RUIGOMEZ, TO CHAPTER 7 TRUSTEE'S SECOND MOTION FOR ORDER APPROVING STIPULATIONS FOR USE OF CASH COLLATERAL AND AUTHORIZING USE OF CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363 AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 4001(b) AND (d)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document.
On **April 2, 2021**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL:**  On **April 2, 2021**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**JUDGE:** Pursuant to Amended General Order 20-12, Filed December 8, 2020, no Judge's copy is being served.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL (**state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (date)____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| April 2, 2021 | Angela Saba | /s/ Angela Saba |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

ADDITIONAL SERVICE LIST

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** –

**ATTORNEY FOR CREDITOR Kyra E Andrassy**    kandrassy@swelawfirm.com,
lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com
**ATTORNEY FOR CREDITOR Rafey Balabanian**    , docket@edelson.com
**ATTORNEY FOR CREDITOR Michelle Balady**    mb@bedfordlg.com, leo@bedfordlg.com
**ATTORNEY FOR CREDITOR William C Beall**    will@beallandburkhardt.com, carissa@beallandburkhardt.com
**ATTORNEY FOR INTERESTED PARTY Ori S Blumenfeld**    Ori@MarguliesFaithLaw.com,
Helen@MarguliesFaithLaw.com;Angela@MarguliesFaithLaw.comVicky@MarguliesFaithLaw.com
**ATTORNEY FOR INTERESTED PARTY Sandor Theodore Boxer**    tedb@tedboxer.com
**ATTORNEY FOR CREDITOR Richard D Buckley**    richard.buckley@arentfox.com
**ATTORNEY FOR CREDITOR Marie E Christiansen**    mchristiansen@vedderprice.com,
ecfladocket@vedderprice.com,marie-christiansen-4166@ecf.pacerpro.com
**ATTORNEY FOR CREDITOR Jennifer Witherell Crastz**    jcrastz@hrhlaw.com
**Ashleigh A Danker**    Ashleigh.danker@dinsmore.com,
SDCMLFiles@DINSMORE.COM;Katrice.ortiz@dinsmore.com
**ATTORNEY FOR CREDITOR Clifford S Davidson**    csdavidson@swlaw.com, jlanglois@swlaw.com;cliff-
davidson-7586@ecf.pacerpro.com
**ATTORNEY FOR CREDITOR Lei Lei Wang Ekvall**    lekvall@swelawfirm.com,
lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com
**ATTORNEY FOR INTERESTED PARTY Richard Esterkin**    richard.esterkin@morganlewis.com
**ATTORNEY FOR CREDITOR Timothy W Evanston**    tevanston@swelawfirm.com,
gcruz@swelawfirm.com;lgarrett@swelawfirm.com;jchung@swelawfirm.com
**ATTORNEY FOR INTERESTED PARTY Jeremy Faith**    Jeremy@MarguliesFaithlaw.com,
Helen@MarguliesFaithlaw.com;Angela@MarguliesFaithlaw.com;Vicky@MarguliesFaithlaw.com
**ATTORNEY FOR INTERESTED PARTY James J Finsten**    , jimfinsten@hotmail.com
**ATTORNEY FOR INTERESTED PARTY Alan W Forsley**    alan.forsley@flpllp.com,
awf@fkllawfirm.com,awf@fl-lawyers.net,addy.flores@flpllp.com
**ATTORNEY FOR INTERESTED PARTY Eric D Goldberg**    eric.goldberg@dlapiper.com, eric-goldberg-
1103@ecf.pacerpro.com
**ATTORNEY FOR PETITIONING CREDITOR Andrew Goodman**    agoodman@andyglaw.com,
Goodman.AndrewR102467@notify.bestcase.com
**ATTORNEY FOR INTERESTED PARTY Suzanne C Grandt**    suzanne.grandt@calbar.ca.gov,
joan.randolph@calbar.ca.gov
**ATTORNEY FOR INTERESTED PARTY Steven T Gubner**    sgubner@bg.law, ecf@bg.law
**ATTORNEY FOR INTERESTED PARTY Marshall J Hogan**    mhogan@swlaw.com, knestuk@swlaw.com
**ATTORNEY FOR INTERESTED PARTY Sheryl K Ith**    sith@cookseylaw.com, sith@ecf.courtdrive.com
**ATTORNEY FOR CREDITOR Razmig Izakelian**    razmigizakelian@quinnemanuel.com
**ATTORNEY FOR INTERESTED PARTY Lewis R Landau**    Lew@Landaunet.com
**ATTORNEY FOR INTERESTED PARTY Daniel A Lev**    dlev@sulmeyerlaw.com,
ccaldwell@sulmeyerlaw.com;dlev@ecf.inforuptcy.com
**ATTORNEY FOR INTERESTED PARTY Craig G Margulies**    Craig@MarguliesFaithlaw.com,
Vicky@MarguliesFaithlaw.com;Helen@MarguliesFaithlaw.com;Angela@MarguliesFaithlaw.com
**ATTORNEY FOR INTERESTED PARTY Peter J Mastan**    peter.mastan@dinsmore.com,
SDCMLFiles@dinsmore.com;Katrice.ortiz@dinsmore.com
**ATTORNEY FOR INTERESTED PARTY Edith R. Matthai**    ematthai@romalaw.com, lrobie@romalaw.com
**ATTORNEY FOR INTERESTED PARTY Kenneth Miller**    kmiller@pmcos.com, efilings@pmcos.com
**Elissa Miller (TR)**    CA71@ecfcbis.com,
MillerTrustee@Sulmeyerlaw.com;C124@ecfcbis.com;ccaldwell@sulmeyerlaw.com
**ATTORNEY FOR CREDITOR Eric A Mitnick**    MitnickLaw@aol.com, mitnicklaw@gmail.com
**ATTORNEY FOR INTERESTED PARTY Scott H Olson**    solson@vedderprice.com, scott-olson-
2161@ecf.pacerpro.com,ecfsfdocket@vedderprice.com,nortega@vedderprice.com
**ATTORNEY FOR CREDITOR Leonard Pena**    lpena@penalaw.com,
penasomaecf@gmail.com;penalr72746@notify.bestcase.com
**ATTORNEY FOR CREDITOR Michael J Quinn**    mquinn@vedderprice.com,
ecfladocket@vedderprice.com,michael-quinn-2870@ecf.pacerpro.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                    **F 9013-3.1.PROOF.SERVICE**

**ATTORNEY FOR CREDITOR Ronald N Richards**    ron@ronaldrichards.com, morani@ronaldrichards.com
**ATTORNEY FOR INTERESTED PARTY Kevin C Ronk**    Kevin@portilloronk.com, Attorneys@portilloronk.com
**ATTORNEY FOR CREDITOR William F Saavino**    wsavino@woodsoviatt.com, lherald@woodsoviatt.com
**ATTORNEY FOR CREDITOR Kenneth John Shaffer**    johnshaffer@quinnemanuel.com
**ATTORNEY FOR INTERESTED PARTY Philip E Strok**    pstrok@swelawfirm.com,
gcruz@swelawfirm.com;1garrett@swelawfirm.com;jchung@swelawfirm.com
**ATTORNEY FOR CREDITOR Boris Treyzon**    jfinnerty@actslaw.com, sgonzales@actslaw.com
**United States Trustee (LA)**    ustpregion16.la.ecf@usdoj.gov
**ATTORNEY FOR CREDITOR Eric D Winston**    ericwinston@quinnemanuel.com
**ATTORNEY FOR CREDITOR Christopher K.S. Wong**    christopher.wong@arentfox.com,
yvonne.li@arentfox.com
**ATTORNEY FOR INTERESTED PARTY Timothy J Yoo**    tjy@lnbyb.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                            **F 9013-3.1.PROOF.SERVICE**