| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| SMILEY WANG-EKVALL, LLP<br>Lei Lei Wang Ekvall, State Bar No. 163047<br>lekvall@swelawfirm.com<br>Philip E. Strok, State Bar No. 169296<br>pstrok@swelawfirm.com<br>Timothy W. Evanston, State Bar No. 319342<br>3200 Park Center Drive, Suite 250<br>Costa Mesa, California 92626<br>Telephone:  714 445-1000<br>Facsimile:    714 445-1002<br><br>☐ Individual *appearing without an attorney*<br>☒ Attorney for:  Elissa D. Miller | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

| In re:<br>GIRARDI KEESE<br><br><br><br>Debtor(s) | CASE NO.: 2:20-bk-21022-BR<br>CHAPTER: 7<br><br>**NOTICE OF LODGMENT OF ORDER IN BANKRUPTCY CASE RE:** (*title of motion*[1]):<br>Stipulations For Use of Cash Collateral and Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. § 363 and Federal Rule Of Bankruptcy Procedure 4001(b) and (d) |
|---|---|

PLEASE TAKE NOTE that the order title: Interim Order Granting Chapter 7 Trustee's Second Motion For Order Approving Stipulations For Use Of Cash Collateral And Authorizing Use Of Cash Collateral Pursuant To 11 U.S.C. § 363 And Federal Rule Of Bankruptcy Procedure 4001(b) and (d)
was lodged on (*date*)   04/06/2021   and is attached.  This order relates to the motion which is docket number  287  .

---

[1] Please abbreviate if title cannot fit into text field.

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2012*                                    Page 1                              **F 9021-1.2.BK.NOTICE.LODGMENT**

# ORDER

Lodged Order Upload (L.O.U)      Page 1 of 1
Case 2:20-bk-21022-BR    Doc 299    Filed 04/06/21    Entered 04/06/21 16:17:50    Desc
Main Document      Page 3 of 9



**Bankruptcy LODGED ORDER UPLOAD FORM**

Tuesday, April 06, 2021

CONFIRMATION :

Your Lodged Order Info:
( **10305196.docx** )
A new order has been added

- **Office**: Los Angeles
- **Case Title**: Girardi Keese
- **Case Number**: 20-21022
- **Judge Initial**: BR
- **Case Type**: bk ( Bankruptcy )
- **Document Number**: 287
- **On Date**: 04/06/2021 @ 04:04 PM

Thank You!

United States Bankruptcy Court
Central District of California
Edward R. Roybal Federal Building and Courthouse
255 East Temple Street
Los Angeles, CA 90012

**SMILEY WANG-EKVALL, LLP**
Lei Lei Wang Ekvall, State Bar No. 163047
lekvall@swelawfirm.com
Philip E. Strok, State Bar No. 169296
pstrok@swelawfirm.com
Timothy W. Evanston, State Bar No. 319342
tevanston@swelawfirm.com
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Telephone:    714 445-1000
Facsimile:    714 445-1002

Attorneys for Elissa D. Miller, Chapter 7 Trustee

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>GIRARDI KEESE,<br><br>Debtor. | Case No. 2:20-bk-21022-BR<br><br>Chapter 7<br><br>**INTERIM ORDER GRANTING CHAPTER 7 TRUSTEE'S SECOND MOTION FOR ORDER APPROVING STIPULATIONS FOR USE OF CASH COLLATERAL AND AUTHORIZING USE OF CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363 AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 4001(b) AND (d)**<br><br>Date:    April 6, 2021<br>Time:    2:00 p.m.<br>Ctrm.:    1668 via ZoomGov<br>           255 E. Temple Street<br>           Los Angeles, CA 90012<br><br>Web Address:    https://cacb.zoomgov.com<br>Meeting ID:    161 446 3922<br>Password:    123456<br>Telephone:    (669) 254-5252 (San Jose)<br>           (646) 828-7666 (New York) |

2862348.2                                           1                                           INTERIM ORDER

On April 6, 2021, at 2:00 p.m., the above-captioned Court held a hearing on the *Chapter 7 Trustee's Second Motion for Order Approving Stipulations for Use of Cash Collateral and Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. § 363 and Federal Rule of Bankruptcy Procedure 4001(b) and (d)* (the "Motion")[1] filed by Elissa D. Miller, in her capacity as Chapter 7 Trustee for the bankruptcy estate (the "Estate") of Girardi Keese. Appearances were as noted on the Court's record. Having considered the Motion and the pleadings, declarations, and exhibits filed in support thereof and response thereto, and the statements and arguments of counsel on the record at the hearing on the Motion, finding that notice and service of the Motion were proper and that no further notice be given, and finding good cause for the relief requested in the Motion,

**IT IS HEREBY ORDERED** that:

1. The Motion is GRANTED on an interim basis;

2. The Response to the Motion of Joseph Ruigomez, Jaime Ruigomez, and Kathleen Ruigomez [Docket No. 295] is overruled;

3. The Second CAL II Stipulation attached to the Motion as Exhibit "2" is approved on an interim basis;

4. The Stillwell Stipulation attached to the Motion as Exhibit "3" is approved on an interim basis;

5. The Second Virage Stipulation attached to the Motion as Exhibit "4" is approved on an interim basis;

6. The Nano Stipulation attached to the Motion as Exhibit "5" is approved on an interim basis;

7. CAL II, Stillwell, Virage, Nano, and any other alleged secured creditor of the Debtor and/or the Estate shall be considered a "secured creditor" as that term is used in this Order and shall be entitled to the protections provided to such secured creditor;

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

Main Document    Page 6 of 9

8.  The Trustee, on behalf of the Estate, is authorized to use cash collateral on an interim basis from April 1, 2021 through and including June 30, 2021 (the "Cash Collateral Period") in accordance with the Budget attached to the Motion as Exhibit "1," with expenditures during the Cash Collateral Period not to exceed 115% of the aggregate "High" expenditures set forth in the Budget, *i.e.*, a 15% variance;

9.  The Trustee has utilized names for positions in the Budget and may utilize different people other than the ones indicated, and may increase the hourly rate of one or more people included in the Budget and eliminate the use of others, however, in no event will the Trustee exceed the authorization as set forth in this Order;

10. The Trustee is authorized to pay the W-9 employees identified in the Budget and such other W-9 employees as the Trustee requires to perform the services contemplated in the Budget, so long as the total amount paid does not exceed the authorization as set forth in this Order;

11. As adequate protection for the use of cash collateral in accordance with the Budget, any alleged secured creditor shall receive a post-petition replacement lien for its asserted secured claim(s) against the Debtor's assets with the same validity, priority, scope and extent as any lien(s) held by the alleged secured creditor as of December 18, 2020, the petition date, solely to the extent that the use of cash collateral results in a diminution of the value of the alleged secured creditor's prepetition lien(s);

12. Any alleged secured creditor shall not be required to file any financing statement, notice, lien, or other similar instrument in any jurisdiction, or take any other action in order to perfect its replacement lien created hereunder because the replacement lien is automatically perfected upon entry of this Order;

13. No replacement lien shall encumber or otherwise attach to any causes of action under chapter 5 of the Bankruptcy Code or any proceeds of such causes of action;

14. All rights and arguments of the Trustee, on behalf of the Estate, to challenge or dispute (a) the validity, priority, scope or extent of the security interests asserted by any alleged secured creditor including, without limitation, in the Debtor's

post-petition receipts and cash, or (b) that the use of cash collateral has resulted in the diminution of the value of the alleged secured creditor's prepetition lien(s), are preserved, and any alleged secured creditor's right to oppose any such request by the Trustee is preserved;

15. Neither the Trustee nor the Estate are waiving any rights they may have under Bankruptcy Code Section 506(c) and any alleged secured creditor is not waiving any of its rights or arguments to contest or dispute any such rights;

16. Upon reasonable request by any alleged secured creditor and subject to appropriate confidentiality provisions as determined by the Trustee, the Trustee will provide her Form 2 Cash Receipts and Disbursements Record to the alleged secured creditor;

17. The authorization to use cash collateral of any alleged secured creditor expires on June 30, 2021 unless extended with such alleged secured creditor's consent or Bankruptcy Court order;

18. The consent of CAL II, Stillwell, Virage, and Nano to the Trustee's use of cash collateral during the Cash Collateral Period shall automatically expire if the Trustee files any document or pleading challenging the validity, priority, scope or extent of CAL II, Stillwell, Virage and Nano's asserted liens;

19. The Trustee reserves the right to seek an order from the Court authorizing the Trustee's further use of cash collateral upon notice of such request and any alleged secured creditor reserves the right to oppose any such request; and

20. There shall be a final hearing on the Motion on April 27, 2021, at 10:00 a.m.

###

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

2862348.2                4                INTERIM ORDER

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 3200 Park Center Drive, Suite 250, Costa Mesa, CA 92626.

A true and correct copy of the foregoing document entitled (*specify*): **NOTICE OF LODGMENT OF Interim Order Granting Chapter 7 Trustee's Second Motion For Order Approving Stipulations For Use Of Cash Collateral And Authorizing Use Of Cash Collateral Pursuant To 11 U.S.C. § 363 and Federal Rule Of Bankruptcy Procedure 4001(b) and (d)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) April 6, 2021 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page.

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) April 6, 2021 , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

The Honorable Barry Russell
U.S. Bankruptcy Court
Roybal Federal Building
255 E. Temple Street, Suite 1660
Los Angeles, CA 90012

☐ Service information continued on attached page.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*)_____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| April 6, 2021 | Gabriela Gomez-Cruz | */s/ Gabriela Gomez-Cruz* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                       F 9013-3.1.PROOF.SERVICE

**ADDITIONAL SERVICE INFORMATION (if needed):**

1. **SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**

- Kyra E Andrassy    kandrassy@swelawfirm.com, lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com
- Rafey Balabanian    , docket@edelson.com
- Michelle Balady    mb@bedfordlg.com, leo@bedfordlg.com
- Richard D Buckley    richard.buckley@arentfox.com
- Marie E Christiansen    mchristiansen@vedderprice.com, ecfladocket@vedderprice.com,marie-christiansen-4166@ecf.pacerpro.com
- Jennifer Witherell Crastz    jcrastz@hrhlaw.com
- Ashleigh A Danker    Ashleigh.danker@dinsmore.com, SDCMLFiles@DINSMORE.COM;Katrice.ortiz@dinsmore.com
- Clifford S Davidson    csdavidson@swlaw.com, jlanglois@swlaw.com;cliff-davidson-7586@ecf.pacerpro.com
- Lei Lei Wang Ekvall    lekvall@swelawfirm.com, lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com
- Richard W Esterkin    richard.esterkin@morganlewis.com
- Timothy W Evanston    tevanston@swelawfirm.com, gcruz@swelawfirm.com;lgarrett@swelawfirm.com;jchung@swelawfirm.com
- James J Finsten    , jimfinsten@hotmail.com
- Alan W Forsley    alan.forsley@flpllp.com, awf@fkllawfirm.com,awf@fl-lawyers.net,addy.flores@flpllp.com,laura.rucker@flpllp.com
- Eric D Goldberg    eric.goldberg@dlapiper.com, eric-goldberg-1103@ecf.pacerpro.com
- Andrew Goodman    agoodman@andyglaw.com, Goodman.AndrewR102467@notify.bestcase.com
- Suzanne C Grandt    suzanne.grandt@calbar.ca.gov, joan.randolph@calbar.ca.gov
- Steven T Gubner    sgubner@bg.law, ecf@bg.law
- Marshall J Hogan    mhogan@swlaw.com, knestuk@swlaw.com
- Razmig Izakelian    razmigizakelian@quinnemanuel.com
- Lewis R Landau    Lew@Landaunet.com
- Daniel A Lev    dlev@sulmeyerlaw.com, ccaldwell@sulmeyerlaw.com;dlev@ecf.inforuptcy.com
- Peter J Mastan    peter.mastan@dinsmore.com, SDCMLFiles@dinsmore.com;Katrice.ortiz@dinsmore.com
- Edith R Matthai    ematthai@romalaw.com
- Kenneth Miller    kmiller@pmcos.com, efilings@pmcos.com
- Elissa Miller (TR)    CA71@ecfcbis.com, MillerTrustee@Sulmeyerlaw.com;C124@ecfcbis.com;ccaldwell@sulmeyerlaw.com
- Eric A Mitnick    MitnickLaw@aol.com, mitnicklaw@gmail.com
- Scott H Olson    solson@vedderprice.com, scott-olson-2161@ecf.pacerpro.com,ecfsfdocket@vedderprice.com,nortega@vedderprice.com
- Leonard Pena    lpena@penalaw.com, penasomaecf@gmail.com;penalr72746@notify.bestcase.com
- Michael J Quinn    mquinn@vedderprice.com, ecfladocket@vedderprice.com,michael-quinn-2870@ecf.pacerpro.com
- Ronald N Richards    ron@ronaldrichards.com, morani@ronaldrichards.com,justin@ronaldrichards.com
- Philip E Strok    pstrok@swelawfirm.com, gcruz@swelawfirm.com;1garrett@swelawfirm.com;jchung@swelawfirm.com
- Boris Treyzon    jfinnerty@actslaw.com, sgonzales@actslaw.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Eric D Winston    ericwinston@quinnemanuel.com
- Christopher K.S. Wong    christopher.wong@arentfox.com, yvonne.li@arentfox.com
- Timothy J Yoo    tjy@lnbyb.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                          F 9013-3.1.PROOF.SERVICE