**SMILEY WANG-EKVALL, LLP**
Lei Lei Wang Ekvall, State Bar No. 163047
*lekvall@swelawfirm.com*
Philip E. Strok, State Bar No. 169296
*pstrok@swelawfirm.com*
Timothy W. Evanston, State Bar No. 319342
*tevanston@swelawfirm.com*
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Telephone: 714 445-1000
Facsimile: 714 445-1002

Attorneys for Elissa D. Miller, Chapter 7 Trustee

FILED & ENTERED

APR 14 2021

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY fortier DEPUTY CLERK

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re<br><br>GIRARDI KEESE,<br><br>Debtor. | Case No. 2:20-bk-21022-BR<br><br>Chapter 7<br><br>**INTERIM ORDER GRANTING CHAPTER 7 TRUSTEE'S SECOND MOTION FOR ORDER APPROVING STIPULATIONS FOR USE OF CASH COLLATERAL AND AUTHORIZING USE OF CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363 AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 4001(b) AND (d)**<br><br>Date: April 6, 2021<br>Time: 2:00 p.m.<br>Ctrm.: 1668 via ZoomGov<br>255 E. Temple Street<br>Los Angeles, CA 90012<br><br>Web Address: https://cacb.zoomgov.com<br>Meeting ID: 161 446 3922<br>Password: 123456<br>Telephone: (669) 254-5252 (San Jose)<br>(646) 828-7666 (New York) |

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

On April 6, 2021, at 2:00 p.m., the above-captioned Court held a hearing on the *Chapter 7 Trustee's Second Motion for Order Approving Stipulations for Use of Cash Collateral and Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. § 363 and Federal Rule of Bankruptcy Procedure 4001(b) and (d)* (the "Motion")[1] filed by Elissa D. Miller, in her capacity as Chapter 7 Trustee for the bankruptcy estate (the "Estate") of Girardi Keese. Appearances were as noted on the Court's record. Having considered the Motion and the pleadings, declarations, and exhibits filed in support thereof and response thereto, and the statements and arguments of counsel on the record at the hearing on the Motion, finding that notice and service of the Motion were proper and that no further notice be given, and finding good cause for the relief requested in the Motion,

**IT IS HEREBY ORDERED** that:

1. The Motion is GRANTED on an interim basis;

2. The Response to the Motion of Joseph Ruigomez, Jaime Ruigomez, and Kathleen Ruigomez [Docket No. 295] is overruled;

3. The Second CAL II Stipulation attached to the Motion as Exhibit "2" is approved on an interim basis;

4. The Stillwell Stipulation attached to the Motion as Exhibit "3" is approved on an interim basis;

5. The Second Virage Stipulation attached to the Motion as Exhibit "4" is approved on an interim basis;

6. The Nano Stipulation attached to the Motion as Exhibit "5" is approved on an interim basis;

7. CAL II, Stillwell, Virage, Nano, and any other alleged secured creditor of the Debtor and/or the Estate shall be considered a "secured creditor" as that term is used in this Order and shall be entitled to the protections provided to such secured creditor;

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

8. The Trustee, on behalf of the Estate, is authorized to use cash collateral on an interim basis from April 1, 2021 through and including June 30, 2021 (the "Cash Collateral Period") in accordance with the Budget attached to the Motion as Exhibit "1," with expenditures during the Cash Collateral Period not to exceed 115% of the aggregate "High" expenditures set forth in the Budget, *i.e.*, a 15% variance;

9. The Trustee has utilized names for positions in the Budget and may utilize different people other than the ones indicated, and may increase the hourly rate of one or more people included in the Budget and eliminate the use of others, however, in no event will the Trustee exceed the authorization as set forth in this Order;

10. The Trustee is authorized to pay the W-9 employees identified in the Budget and such other W-9 employees as the Trustee requires to perform the services contemplated in the Budget, so long as the total amount paid does not exceed the authorization as set forth in this Order;

11. As adequate protection for the use of cash collateral in accordance with the Budget, any alleged secured creditor shall receive a post-petition replacement lien for its asserted secured claim(s) against the Debtor's assets with the same validity, priority, scope and extent as any lien(s) held by the alleged secured creditor as of December 18, 2020, the petition date, solely to the extent that the use of cash collateral results in a diminution of the value of the alleged secured creditor's prepetition lien(s);

12. Any alleged secured creditor shall not be required to file any financing statement, notice, lien, or other similar instrument in any jurisdiction, or take any other action in order to perfect its replacement lien created hereunder because the replacement lien is automatically perfected upon entry of this Order;

13. No replacement lien shall encumber or otherwise attach to any causes of action under chapter 5 of the Bankruptcy Code or any proceeds of such causes of action;

14. All rights and arguments of the Trustee, on behalf of the Estate, to challenge or dispute (a) the validity, priority, scope or extent of the security interests asserted by any alleged secured creditor including, without limitation, in the Debtor's

post-petition receipts and cash, or (b) that the use of cash collateral has resulted in the diminution of the value of the alleged secured creditor's prepetition lien(s), are preserved, and any alleged secured creditor's right to oppose any such request by the Trustee is preserved;

15. Neither the Trustee nor the Estate are waiving any rights they may have under Bankruptcy Code Section 506(c) and any alleged secured creditor is not waiving any of its rights or arguments to contest or dispute any such rights;

16. Upon reasonable request by any alleged secured creditor and subject to appropriate confidentiality provisions as determined by the Trustee, the Trustee will provide her Form 2 Cash Receipts and Disbursements Record to the alleged secured creditor;

17. The authorization to use cash collateral of any alleged secured creditor expires on June 30, 2021 unless extended with such alleged secured creditor's consent or Bankruptcy Court order;

18. The consent of CAL II, Stillwell, Virage, and Nano to the Trustee's use of cash collateral during the Cash Collateral Period shall automatically expire if the Trustee files any document or pleading challenging the validity, priority, scope or extent of CAL II, Stillwell, Virage and Nano's asserted liens;

19. The Trustee reserves the right to seek an order from the Court authorizing the Trustee's further use of cash collateral upon notice of such request and any alleged secured creditor reserves the right to oppose any such request; and

20. There shall be a final hearing on the Motion on April 27, 2021, at 10:00 a.m.

###

Date: April 14, 2021

*Barry Russell* (signature)

Barry Russell
United States Bankruptcy Judge