**SMILEY WANG-EKVALL, LLP**
Lei Lei Wang Ekvall, State Bar No. 163047
*lekvall@swelawfirm.com*
Philip E. Strok, State Bar No. 169296
*pstrok@swelawfirm.com*
Timothy W. Evanston, State Bar No. 319342
*tevanston@swelawfirm.com*
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Telephone:  714 445-1000
Facsimile:  714 445-1002

Attorneys for Elissa D. Miller, Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>GIRARDI KEESE,<br><br>    Debtor. | Case No. 2:20-bk-21022-BR<br><br>Chapter 7<br><br>**STATUS REPORT ON CHAPTER 7 TRUSTEE'S SECOND MOTION FOR ORDER APPROVING STIPULATIONS FOR USE OF CASH COLLATERAL AND AUTHORIZING USE OF CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363 AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 4001(b) AND (d)**<br><br>Date:     April 27, 2021<br>Time:    10:00 a.m.<br>Ctrm.:    1668 via ZoomGov<br>           255 E. Temple Street<br>           Los Angeles, CA 90012<br><br>Web Address:<br>https://cacb.zoomgov.com/j/1612823731<br>Meeting ID:    161 282 3731<br>Password:      123456<br>Telephone:    (669) 254-5252 (San Jose)<br>              (646) 828-7666 (New York) |

2865121.1                                        1                                        STATUS REPORT

**TO THE HONORABLE BARRY RUSSELL, UNITED STATES BANKRUPTCY JUDGE, AND OTHER INTERESTED PARTIES:**

Elissa D. Miller, the chapter 7 trustee (the "Trustee") for the bankruptcy estate (the "Estate") of Girardi Keese (the "Debtor"), submits this Status Report ("Status Report") on Chapter 7 Trustee's Second Motion for Order Approving Stipulations for Use of Cash Collateral and Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. § 363 and Federal Rule of Bankruptcy Procedure 4001(b) and (d). In support of the Status Report, the Trustee submits the attached declaration of Elissa D. Miller.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

On March 30, 2021, the Trustee filed her (A) *Chapter 7 Trustee's Second Motion for Order Approving Stipulations for Use of Cash Collateral and Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. § 363 and Federal Rule of Bankruptcy Procedure 4001(b) and (d)* (the "Motion") [Docket No. 287], and (B) *Application for Order Setting Hearing on Shortened Time for Chapter 7 Trustee's Second Motion for Order Approving Stipulations for Use of Cash Collateral and Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. § 363 and Federal Rule of Bankruptcy Procedure 4001(b) and (d)* (the "OST Application") [Docket No. 288].

The Court granted the OST Application and set a preliminary hearing on the Motion for April 6, 2021 at 2:00 p.m. By order entered April 14, 2021, the Court granted the Motion on an interim basis pending the final hearing on the Motion set for April 27, 2021 at 10:00 a.m. (the "Interim Order").[1]

## II.    STATUS REPORT

Pursuant to the Interim Order, the Trustee is authorized to use cash collateral on an interim basis in accordance with the Budget attached to the Motion as Exhibit "1," with

---

[1] Capitalized terms not otherwise defined in this Status Report shall have the meanings ascribed to them in the Motion and/or the Interim Order.

expenditures during the Cash Collateral Period not to exceed 115% of the aggregate "High" expenditures set forth in the Budget, *i.e.*, a 15% variance. The estimated "Low" and "High" expenditures set forth in the Budget are $141,100.00 and $226,650.00, respectively.

The Trustee has not made any payments for services provided during the Cash Collateral Period since entry of the Interim Order but payments will commence shortly in accordance with the Budget. The Trustee, therefore, is currently in compliance with the Budget and the Interim Order.

The Trustee expects to receive additional attorneys' fees and costs owed to the Debtor during the Cash Collateral Period. The Trustee has not received any response or opposition to the Motion since entry of the Interim Order. Attached to this Status Report as Exhibit "1" is the proposed final order on the Trustee's Motion, which is consistent with the Interim Order.

## III. CONCLUSION

Based on the foregoing, the Trustee requests that the Court enter a final order granting the Motion in the form attached hereto as Exhibit "1."

DATED: April 21, 2021

Respectfully submitted,

SMILEY WANG-EKVALL, LLP

By:    */s/ Philip E. Strok*
PHILIP E. STROK
Attorneys for Elissa D. Miller, Chapter 7 Trustee

## **DECLARATION OF ELISSA D. MILLER**

I, Elissa D. Miller, declare as follows:

1. I am the duly appointed Chapter 7 Trustee for the bankruptcy estate of Girardi Keese. I am also a partner at SulmeyerKupetz, a Professional Corporation. I know each of the following facts to be true of my own personal knowledge, except as otherwise stated and, if called as a witness, I could and would competently testify with respect thereto. I make this declaration in support of the Status Report ("Status Report") on Chapter 7 Trustee's Second Motion for Order Approving Stipulations for Use of Cash Collateral and Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. § 363 and Federal Rule of Bankruptcy Procedure 4001(b) and (d) (the "Motion"). Unless otherwise defined in this declaration, all terms defined in the Status Report or Motion are incorporated herein by this reference.

2. I have not made any payments for services provided during the Cash Collateral Period since entry of the Interim Order but payments will commence shortly in accordance with the Budget. I am currently in compliance with the Budget and the Interim Order.

3. I expect to receive additional attorneys' fees and costs owed to the Debtor during the Cash Collateral Period.

4. Neither I nor my counsel have received any response or opposition to the Motion since entry of the Interim Order. Attached hereto as Exhibit "1" is the proposed final order on the Motion.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 21st day of April, 2021, at Los Angeles, California.

_____
Elissa D. Miller

EXHIBIT "1"

**SMILEY WANG-EKVALL, LLP**
Lei Lei Wang Ekvall, State Bar No. 163047
lekvall@swelawfirm.com
Philip E. Strok, State Bar No. 169296
pstrok@swelawfirm.com
Timothy W. Evanston, State Bar No. 319342
tevanston@swelawfirm.com
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Telephone:  714 445-1000
Facsimile:   714 445-1002

Attorneys for Elissa D. Miller, Chapter 7 Trustee

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re<br><br>GIRARDI KEESE,<br><br>                          Debtor. | Case No. 2:20-bk-21022-BR<br><br>Chapter 7<br><br>**FINAL ORDER GRANTING CHAPTER 7 TRUSTEE'S SECOND MOTION FOR ORDER APPROVING STIPULATIONS FOR USE OF CASH COLLATERAL AND AUTHORIZING USE OF CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363 AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 4001(b) AND (d)**<br><br>Date:         April 27, 2021<br>Time:        10:00 a.m.<br>Ctrm.:       1668 via ZoomGov<br>              255 E. Temple Street<br>              Los Angeles, CA 90012<br><br>Web Address:  https://cacb.zoomgov.com<br>Meeting ID:    161 282 3731<br>Password:      123456<br>Telephone:    (669) 254-5252 (San Jose)<br>              (646) 828-7666 (New York) |

2864612.1                                                1                                                FINAL ORDER

EXHIBIT 1

On April 27, 2021, at 10:00 a.m., the above-captioned Court held a final hearing on the *Chapter 7 Trustee's Second Motion for Order Approving Stipulations for Use of Cash Collateral and Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. § 363 and Federal Rule of Bankruptcy Procedure 4001(b) and (d)* (the "Motion")[1] filed by Elissa D. Miller, in her capacity as Chapter 7 Trustee for the bankruptcy estate (the "Estate") of Girardi Keese.  Appearances were as noted on the Court's record.  Having considered the Motion and the pleadings, declarations, and exhibits filed in support thereof and response thereto, and the statements and arguments of counsel on the record at the hearing on the Motion, finding that notice and service of the Motion were proper and that no further notice be given, and finding good cause for the relief requested in the Motion,

**IT IS HEREBY ORDERED** that:

1. The Motion is GRANTED on a final basis;

2. The Response to the Motion of Joseph Ruigomez, Jaime Ruigomez, and Kathleen Ruigomez [Docket No. 295] is overruled;

3. The Second CAL II Stipulation attached to the Motion as Exhibit "2" is approved on a final basis;

4. The Stillwell Stipulation attached to the Motion as Exhibit "3" is approved on a final basis;

5. The Second Virage Stipulation attached to the Motion as Exhibit "4" is approved on a final basis;

6. The Nano Stipulation attached to the Motion as Exhibit "5" is approved on a final basis;

7. CAL II, Stillwell, Virage, Nano, and any other alleged secured creditor of the Debtor and/or the Estate shall be considered a "secured creditor" as that term is used in this Order and shall be entitled to the protections provided to such secured creditor;

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

8.   The Trustee, on behalf of the Estate, is authorized to use cash collateral on a final basis from April 1, 2021 through and including June 30, 2021 (the "Cash Collateral Period") in accordance with the Budget attached to the Motion as Exhibit "1," with expenditures during the Cash Collateral Period not to exceed 115% of the aggregate "High" expenditures set forth in the Budget, *i.e.*, a 15% variance;

9.   The Trustee has utilized names for positions in the Budget and may utilize different people other than the ones indicated, and may increase the hourly rate of one or more people included in the Budget and eliminate the use of others, however, in no event will the Trustee exceed the authorization as set forth in this Order;

10.  The Trustee is authorized to pay the W-9 employees identified in the Budget and such other W-9 employees as the Trustee requires to perform the services contemplated in the Budget, so long as the total amount paid does not exceed the authorization as set forth in this Order;

11.  As adequate protection for the use of cash collateral in accordance with the Budget, any alleged secured creditor shall receive a post-petition replacement lien for its asserted secured claim(s) against the Debtor's assets with the same validity, priority, scope and extent as any lien(s) held by the alleged secured creditor as of December 18, 2020, the petition date, solely to the extent that the use of cash collateral results in a diminution of the value of the alleged secured creditor's prepetition lien(s);

12.  Any alleged secured creditor shall not be required to file any financing statement, notice, lien, or other similar instrument in any jurisdiction, or take any other action in order to perfect its replacement lien created hereunder because the replacement lien is automatically perfected upon entry of this Order;

13.  No replacement lien shall encumber or otherwise attach to any causes of action under chapter 5 of the Bankruptcy Code or any proceeds of such causes of action;

14.  All rights and arguments of the Trustee, on behalf of the Estate, to challenge or dispute (a) the validity, priority, scope or extent of the security interests asserted by any alleged secured creditor including, without limitation, in the Debtor's

1 post-petition receipts and cash, or (b) that the use of cash collateral has resulted in the
2 diminution of the value of the alleged secured creditor's prepetition lien(s), are preserved,
3 and any alleged secured creditor's right to oppose any such request by the Trustee is
4 preserved;

5     15.    Neither the Trustee nor the Estate are waiving any rights they may have
6 under Bankruptcy Code Section 506(c) and any alleged secured creditor is not waiving
7 any of its rights or arguments to contest or dispute any such rights;

8     16.    Upon reasonable request by any alleged secured creditor and subject to
9 appropriate confidentiality provisions as determined by the Trustee, the Trustee will
10 provide her Form 2 Cash Receipts and Disbursements Record to the alleged secured
11 creditor;

12     17.    The authorization to use cash collateral of any alleged secured creditor
13 expires on June 30, 2021 unless extended with such alleged secured creditor's consent
14 or Bankruptcy Court order;

15     18.    The consent of CAL II, Stillwell, Virage, and Nano to the Trustee's use of
16 cash collateral during the Cash Collateral Period shall automatically expire if the Trustee
17 files any document or pleading challenging the validity, priority, scope or extent of CAL II,
18 Stillwell, Virage and Nano's asserted liens; and

19     19.    The Trustee reserves the right to seek an order from the Court authorizing
20 the Trustee's further use of cash collateral upon notice of such request and any alleged
21 secured creditor reserves the right to oppose any such request.

22     ###

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

2864612.1    4    FINAL ORDER

EXHIBIT 1

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 3200 Park Center Drive, Suite 250, Costa Mesa, CA 92626.

A true and correct copy of the foregoing document entitled (*specify*): **STATUS REPORT ON CHAPTER 7 TRUSTEE'S SECOND MOTION FOR ORDER APPROVING STIPULATIONS FOR USE OF CASH COLLATERAL AND AUTHORIZING USE OF CASH COLLATERAL PURSUANT TO 11 U.S.C. SECTION 363 AND FEDERAL RULES OF BANKRUPTCY PROCEDURE 4001(b) AND (d)**  will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) April 21, 2021 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page.

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) April 21, 2021, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

The Honorable Barry Russell
U.S. Bankruptcy Court
Roybal Federal Building
255 E. Temple Street, Suite 1660
Los Angeles, CA 90012

X  Service information continued on attached page.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*)_____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| April 21, 2021 | Terri Jones | /s/ Terri Jones |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                              F 9013-3.1.PROOF.SERVICE

SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")

- Kyra E Andrassy    kandrassy@swelawfirm.com, lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com
- Rafey Balabanian    rbalabanian@edelson.com, docket@edelson.com
- Michelle Balady    mb@bedfordlg.com, leo@bedfordlg.com
- William C Beall    will@beallandburkhardt.com, carissa@beallandburkhardt.com
- Ori S Blumenfeld    Ori@MarguliesFaithLaw.com, Helen@MarguliesFaithLaw.com;Angela@MarguliesFaithLaw.com;Vicky@MarguliesFaithLaw.com
- Richard D Buckley    richard.buckley@arentfox.com
- Marie E Christiansen    mchristiansen@vedderprice.com, ecfladocket@vedderprice.com,marie-christiansen-4166@ecf.pacerpro.com
- Jennifer Witherell Crastz    jcrastz@hrhlaw.com
- Ashleigh A Danker    Ashleigh.danker@dinsmore.com, SDCMLFiles@DINSMORE.COM;Katrice.ortiz@dinsmore.com
- Clifford S Davidson    csdavidson@swlaw.com, jlanglois@swlaw.com;cliff-davidson-7586@ecf.pacerpro.com
- Lei Lei Wang Ekvall    lekvall@swelawfirm.com, lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com
- Richard W Esterkin    richard.esterkin@morganlewis.com
- Timothy W Evanston    tevanston@swelawfirm.com, gcruz@swelawfirm.com;lgarrett@swelawfirm.com;jchung@swelawfirm.com
- Jeremy Faith    Jeremy@MarguliesFaithlaw.com, Helen@MarguliesFaithlaw.com;Angela@MarguliesFaithlaw.com;Vicky@MarguliesFaithlaw.com
- James J Finsten    , jimfinsten@hotmail.com
- Alan W Forsley    alan.forsley@flpllp.com, awf@fkllawfirm.com,awf@fl-lawyers.net,addy.flores@flpllp.com
- Eric D Goldberg    eric.goldberg@dlapiper.com, eric-goldberg-1103@ecf.pacerpro.com
- Andrew Goodman    agoodman@andyglaw.com, Goodman.AndrewR102467@notify.bestcase.com
- Suzanne C Grandt    suzanne.grandt@calbar.ca.gov, joan.randolph@calbar.ca.gov
- Steven T Gubner    sgubner@bg.law, ecf@bg.law
- Marshall J Hogan    mhogan@swlaw.com, knestuk@swlaw.com
- Sheryl K Ith    sith@cookseylaw.com, sith@ecf.courtdrive.com
- Razmig Izakelian    razmigizakelian@quinnemanuel.com
- Lewis R Landau    Lew@Landaunet.com
- Daniel A Lev    dlev@sulmeyerlaw.com, ccaldwell@sulmeyerlaw.com;dlev@ecf.inforuptcy.com
- Elizabeth A Lombard    elombard@zwickerpc.com, bknotices@zwickerpc.com
- Craig G Margulies    Craig@MarguliesFaithlaw.com, Vicky@MarguliesFaithlaw.com;Helen@MarguliesFaithlaw.com;Angela@MarguliesFaithlaw.com
- Peter J Mastan    peter.mastan@dinsmore.com, SDCMLFiles@dinsmore.com;Katrice.ortiz@dinsmore.com
- Edith R. Matthai    ematthai@romalaw.com, lrobie@romalaw.com
- Kenneth Miller    kmiller@pmcos.com, efilings@pmcos.com
- Elissa Miller (TR)    CA71@ecfcbis.com, MillerTrustee@Sulmeyerlaw.com;C124@ecfcbis.com;ccaldwell@sulmeyerlaw.com
- Eric A Mitnick    MitnickLaw@aol.com, mitnicklaw@gmail.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    F 9013-3.1.PROOF.SERVICE

- Scott H Olson    solson@vedderprice.com, scott-olson-2161@ecf.pacerpro.com,ecfsfdocket@vedderprice.com,nortega@vedderprice.com
- Leonard Pena    lpena@penalaw.com, penasomaecf@gmail.com;penalr72746@notify.bestcase.com
- Michael J Quinn    mquinn@vedderprice.com, ecfladocket@vedderprice.com,michael-quinn-2870@ecf.pacerpro.com
- David M Reeder    david@reederlaw.com, secretary@reederlaw.com
- Ronald N Richards    ron@ronaldrichards.com, morani@ronaldrichards.com
- Kevin C Ronk    Kevin@portilloronk.com, Attorneys@portilloronk.com
- William F Savino    wsavino@woodsoviatt.com, lherald@woodsoviatt.com
- Kenneth John Shaffer    johnshaffer@quinnemanuel.com
- Richard M Steingard    , awong@steingardlaw.com
- Philip E Strok    pstrok@swelawfirm.com, gcruz@swelawfirm.com;1garrett@swelawfirm.com;jchung@swelawfirm.com
- Boris Treyzon    jfinnerty@actslaw.com, sgonzales@actslaw.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Eric D Winston    ericwinston@quinnemanuel.com
- Christopher K.S. Wong    christopher.wong@arentfox.com, yvonne.li@arentfox.com
- Timothy J Yoo    tjy@lnbyb.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9013-3.1.PROOF.SERVICE**