1  Elissa D. Miller
      emiller@sulmeyerlaw.com
2  333 South Grand Ave., Suite 3400
   Los Angeles, California 90071-1406
3  Telephone: 213.626.2311
   Facsimile: 213.629.4520
4
5  Chapter 7 Trustee

6  **UNITED STATES BANKRUPTCY COURT**

7  **CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION**

8  In re

9  GIRARDI KEESE,

10      Debtor.

|  |  |
|---|---|
| Case No. 2:20-bk-21022-BR | |
| Chapter 7 | |

**CHAPTER 7 TRUSTEE'S APPLICATION TO EMPLOY THE LAW OFFICES OF RONALD RICHARDS & ASSOCIATES, A.P.C., AS SPECIAL LITIGATION COUNSEL; DECLARATION OF RONALD RICHARDS AND STATEMENT OF DISINTERESTEDNESS OF RONALD RICHARDS IN SUPPORT THEREOF**

**[11 U.S.C. §§ 327(c) and (e), 328(a); Fed. R. Bankr. P. 2014; Loc. Bankr. R. 2014-1(b)]**

[No Hearing Required]

18  **TO THE HONORABLE BARRY RUSSELL, UNITES STATES BANKRUPTCY**

19  **JUDGE AND TO ALL PARTIES IN INTEREST:**

20      Elissa D. Miller, Chapter 7 Trustee (the "Trustee"), for the estate of the Debtor

21  Girardi Keese (the "Debtor") hereby submits her "*Application to Employ the Law Offices*

22  *of  Ronald Richards & Associates, A.P.C., as Special Litigation Counsel, Declaration of*

23  *Ronald Richards; Statement of Disinterestedness of Ronald Richards in Support Thereof*"

24  (the "Application"), pursuant to which the Trustee seeks an order of this Court authorizing

25  the employment of the law firm of Ronald Richards & Associates, A.P.C. ("Richards") to

26  act as her special litigation counsel in the above-captioned bankruptcy case and

27  represents as follows:

28

EDM 2707664v1

1.      Prepetition, the Debtor was a plaintiff's law firm based in Los Angeles, California.  On December 18, 2020, petitioning creditors Jill O'Callahan, as successor in interest to James O'Callahan, Robert M. Keese, John Abassian, Erika Saldana, Virginia Antonio, and Kimberly Archie (collectively, the "Petitioning Creditors") filed an involuntary chapter 7 bankruptcy petition against the Debtor.[1]  Prior to the involuntary petition, the Debtor practiced in the areas of personal injury, defective products, sexual abuse, toxic torts, business law, employment law, and aviation law.  The Debtor was well known in the national mass torts community representing clients in mass tort cases around the country as well as in the Plaintiffs' bar locally.

2.      On December 24, 2020, the Petitioning Creditors filed a *Motion for Appointment of Interim Trustee Pursuant to 11 U.S.C. § 303(g)* [Docket No. 12].  The Court entered an order granting the motion on January 5, 2021 [Docket No. 45].  On January 6, 2021, the Trustee was appointed as the interim trustee [Docket No. 50].

3.      On January 13, 2021, the Court entered an Order Directing: (1) The Clerk of Court to Immediately Enter an Order for Relief under Chapter 7; (2) The United States Trustee to Immediately Appoint a Chapter 7 Trustee; (3) The Debtor to File All Schedules and Related Documentation for Chapter 7 Case within Fourteen Days of the Entry of this Order; and (4) Vacating February 16, 2021 Status Conference [Docket No. 68].  On January 13, 2021, the Clerk of Court entered an order for relief against the Debtor [Docket No. 69], and the Trustee was appointed and accepted her appointment in the Debtor's case [Docket No. 71].

4.      Continuing investigation may reveal that assets of the Debtor were transferred to Erika Girardi (aka Erika Jayne), Thomas Girardi's Spouse, either directly or

---

[1]      The Petitioning Creditors also filed an involuntary chapter 7 bankruptcy petition against Thomas V. Girardi, which is currently pending as Bankruptcy Case No. 2:20-bk-21020-BR.  Jason Rund, the Trustee for Thomas Girardi, has recently retained Abir Cohen Treyzon Salo, LLP to recover transfers of Girardi's personal assets from Erika Jayne.  [Dkt. No. 169]

to one or more people or entities on her behalf, or to other transferees of assets from Erika Girardi or her related entities (the "Erika Transfers").  The Trustee believes that the Erika Transfers will be recoverable under applicable state and federal law.

5.    Therefore, it is necessary for the Trustee to employ counsel to assist with the investigation and undertake such proceedings and/or actions as may be appropriate in connection with investigating and recovering estate property and filing such proceedings and/or actions as are appropriate in connection with the Erika Transfers.

6.    The Trustee seeks to employ Richards as her special litigation counsel pursuant to 11 U.S.C. § 327(c) and/or § 327(e) for the limited and special purpose of representing the Trustee in connection with investigating and recovering the Erika Transfers.  In this regard, Richards will handle all matters relating to the Erika Transfers, including, but not limited to, investigation, written discovery, depositions, court appearances, preparation of pleadings and other filings, trial and overall prosecution of any appropriate actions on behalf of the Trustee.  A true and correct copy of the engagement agreement between the Trustee and Richards (the "Engagement Agreement") is attached hereto as **Exhibit 1**.

7.    The Trustee proposes to employ Richards, effective as of the date the order approving this Application is entered at the expense of the bankruptcy estate, pursuant to 11 U.S.C. § 328(a).  More specifically, the Trustee proposes to retain Richards on a contingency basis with the amount of compensation to be as follows:  35% of the net recovery prior to commencement of litigation, 40% after the complaint is filed through 60 days prior to a jury or bench trial, and 45% thereafter.  "Net recovery" means the amount remaining after the total amount received (whether by settlement, arbitration award, or court judgment) has been reduced by the sum of all "costs," as defined in the Engagement Agreement.  The amount of the fee is not set by law but is negotiable between Richards and the Trustee.

8.    Richards also shall be entitled to reimbursement of its out of pocket costs incurred during the course of the instant engagement as approved by the Court, with

1    such costs to be advanced by Richards and paid from the same source of funds to be

2    used for payment of the Firm's fees and in accordance with the terms of the Engagement

3    Agreement.

4          9.      Other than the contingency fee and costs to be paid to Richards as set forth

5    herein and in the Engagement Agreement, Richards shall have no claims against the

6    estate.

7          10.     Richards has not been paid a retainer.  Richards has agreed to and will be

8    compensated pursuant to 11 U.S.C. § 328(a).  Richards understands that any and all

9    fees and expenses sought or requested by, or paid to, Richards is subject to Bankruptcy

10   Court approval and in the amounts approved by the Bankruptcy Court upon proper

11   application in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local

12   Rules of this Court and any other applicable law and guidelines.

13         11.     The Trustee believes that Richards is well qualified to serve as the

14   Trustee's special litigation counsel and to render the services for which the Trustee is

15   retaining Richards.  Richards specializes in civil and criminal litigation.  Attorney Richards

16   is admitted to practice before all courts in the State of California and has practiced law in

17   the State of California for almost 26 years.  He is licensed in the District of Columbia and

18   admitted to the 2nd, 9th, 11th, Courts of Appeals and the United States Supreme Court.

19   A true copy of Richards resume is attached hereto as **Exhibit 2.**

20         12.     The attorneys at Richards are attorneys at law duly admitted to practice

21   before this Court and other necessary state and federal courts in this jurisdiction.

22         13.     Richards has no agreement to share any compensation for services

23   rendered in connection with this case with any other individual or entity, except as among

24   and between Richard's shareholders, employees, independent contractors under the

25   direction and supervision of Richards, or contract attorneys he engages.

26         14.     As of the date of this Application, to the best of Applicant's knowledge and

27   after consideration of the disclosures in the attached Statement of Disinterestedness,

28

1 except as specifically disclosed, Richards and its professionals are disinterested persons

2 as that term is defined in 11 U.S.C. § 101(14).

3      WHEREFORE, Applicant requests that the Court enter an order authorizing her to

4 employ Richards as her special litigation counsel, as an administrative expense in this

5 bankruptcy case, and for such other and further relief as may be determined just and proper.

6 DATED:April 23, 2021                  Respectfully submitted,

7

8                   /s/  *Elissa D. Miller*
                  Elissa D. Miller

9                   Chapter 7 Trustee

10 **APPROVED AS TO FORM AND CONTENT**:

11

Law Offices of Richards & Associates, A.P.C.

12

13 by:_____

14 Ronald Richards

15

16

17

18

19

20

21

22

23

24

25

26

27

28

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Elissa D. Miller<br> emiller@sulmeyerlaw.com<br>Chapter 7 Trustee<br>333 South Grand Avenue, Suite 3400<br>Los Angeles, California 90071<br>Telephone: 213.626.2311<br>Facsimile: 213.629.4520<br><br><br><br><br>*Chapter 7 Trustee* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISION**

| In re:<br><br>Girardi Keese | Case No.: 2:20-bk-21022-BR |
|---|---|
| | Chapter: 7 |
| | **STATEMENT OF DISINTERESTEDNESS FOR EMPLOYMENT OF PROFESSIONAL PERSON UNDER FRBP 2014**<br><br>**(File with Application for Employment)** |
| Debtor(s). | [No Hearing Required] |

1.  Name, address and telephone number of the professional (Professional) submitting this Statement:

     Ronald Richards, Esq.
     Law Offices of Ronald Richards & Associates, A.P.C.
     P.O. Box 11480
     Beverly Hills, CA 90213
     310-556-1001 Office
     310-277-3325 Fax
     www.ronaldrichards.com

2.  The services to be rendered by the Professional in this case are *(specify):*

     Special Litigation Counsel for Elissa D. Miller, Chapter 7 Trustee

3.  The terms and source of the proposed compensation and reimbursement of the Professional are *(specify)*:

> The Trustee proposes to retain Richards on a contingency basis with the amount of compensation to be as follows:  35% of the net recovery prior to commencement of litigation, 40% after the complaint is filed through 60 days prior to a jury or bench trial, and 45% thereafter.  "Net recovery" means the amount remaining after the total amount received (whether by settlement, arbitration award, or court judgment) has been reduced by the sum of all "costs," as defined in the Engagement Agreement.

4.  The nature and terms of retainer (i.e., nonrefundable versus an advance against fees) held by the Professional are *(specify)*:

> n/a

5.  The investigation of disinterestedness made by the Professional prior to submitting this Statement consisted of *(specify)*:

> The firm is a small firm and Ronald Richards reviews all matters whrein the firm is employed or is potentially employed.  Richards has determined that the only case in which Richards is involved which has any connection to the Debtor or Thomas Girardi is that Richards is co-counsel with Spertus, Landes & Umhofer, LLP in conection with its representation of creditors the Law Offices of Philip Sheldon and The Law Offices of Robert Finn in connection with their claims for unpaid referral fees by the Debtor.

6.  The following is a complete description of all of the Professional's connections with the Debtor, principals of the Debtor, insiders, the Debtor's creditors, any other party or parties in interest, and their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee *(specify, attaching extra pages as necessary)*:

> Other than as set forth in #5 above, the only other connection is that Richards has served as co-counsel with the firm of which the Trustee is a member in unrelated casees.  The Trustee has had no involvement whatsoever in those cases.

7.  The Professional is not a creditor, an equity security holder or an insider of the Debtor, except as follows *(specify, attaching extra pages as necessary)*:

> n/a

8.  The Professional is not and was not, within 2 years before the date of the filing of the petition, a director, officer or employee of the Debtor.

9.  The Professional does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor, or for any other reason, except as follows *(specify, attaching extra pages as necessary)*:

> n/a

10. Name, address and telephone number of the person signing this Statement on behalf of the Professional and the relationship of such person to the Professional *(specify):*

Ronald Richards, Esq.
Law Offices of Ronald Richards & Associates, A.P.C.
P.O. Box 11480
Beverly Hills, CA 90213
310-556-1001 Office
310-277-3325 Fax
www.ronaldrichards.com

11. The Professional is not a relative or employee of the United States trustee or a bankruptcy judge, except as follows *(specify, attaching extra pages as necessary):*

N/A

12. Total number of attached pages of supporting documentation:

13. After conducting or supervising the investigation described in paragraph 5 above, I declare under penalty of perjury under the laws of the United States, that the foregoing is true and correct except that I declare that paragraphs 6 through 9 are stated on information and belief.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| April 23, 2021 | Ronald Richards, Esq. | *[signature]* |
|:---:|:---:|:---:|
| *Date* | *Printed Name* | *Signature* |

**EXHIBIT 1**

LAW OFFICES OF

**Ronald Richards and Associates**

**A Professional Corporation**

**310-556-1001 Office**

**310-277-3325 Fax**

_Mailing Address_
P. O. Box 11480
Beverly Hills, CA
90213

## CONTINGENCY FEE AGREEMENT

The undersigned, hereinafter "Client", Elissa D. Miller, as the chapter 7 trustee for the bankruptcy estate ("Estate") of Girardi Keese, the chapter 7 debtor in Case No. 2:20-bk-21022-BR ("Bankruptcy Case") pending in the U.S. Bankruptcy Court for the Central District of California ("Bankruptcy Court"), hereby employs the Law Offices of Ronald Richards & Associates, A.P.C., hereinafter "Attorneys", as Client's Attorneys to represent Client as special counsel to seek the recovery of assets from Erika Girardi a/k/a Erica Jayne, her related entities, and any transferees of assets from Erika Girardi or her related entities, through a fraudulent conveyance proceeding(s) and/or a related bankruptcy proceeding(s) in the Bankruptcy Case.

1.    FEES

The Attorneys' fee for legal services rendered in the proceeding(s) will be 35% of the net recovery prior to commencement of litigation, 40% after the complaint is filed through 60 days prior to a jury or bench trial, and 45% thereafter. "Net recovery" means the amount remaining after the total amount received (whether by settlement, arbitration award, or court judgment) has been reduced by the sum of all "costs," as defined in this agreement. The amount of the fee is not set by law but is negotiable between Attorneys and the Client.

2.    COSTS

Attorneys shall advance all costs. Attorneys are authorized to deduct all costs reasonably necessary for the representation in the proceeding(s) out of any recovery. Attorneys are authorized to incur reasonable costs and expenses in performing legal services under this agreement. Costs MAY include, among other things, filing fees, court costs, service fees, jury fees, witness fees, messenger services, travel expenses including mileage ($.30 per mile traveled), retained experts and consultants, investigative and hourly legal assistant costs, and any other costs Attorneys deem necessary to properly prepare and pursue Client's proceeding(s). Attorneys shall obtain the Client's consent before incurring or advancing any cost item that is likely to or will exceed $5,000.

The amount of any costs advanced by Attorneys for the prosecution of the proceeding(s) will be paid out of the recovery before the fee is computed.

3.      ACTIONS BY ATTORNEYS

Attorneys may take any actions that, in Attorneys' discretion, are necessary in the prosecution of the proceeding(s).  However, no material decisions will be made without consultation with Client and no settlement will be made without the Client's express consent. Attorneys shall provide quarterly status reports to the Client and upon request by the Client. Attorneys do not guarantee any particular result, but pledge to use Attorneys' best efforts to reach a satisfactory conclusion to the proceeding(s).

4.      BILLS

No written statement of time spent will be provided since if there is no recovery there is no fee.  Quarterly written statement of costs incurred to date will be provided to Client.

5.      LEGAL SERVICES SPECIFICALLY EXCLUDED.

Legal services that are not to be provided by Attorneys under this agreement specifically include, but are not limited to any appeal in the proceeding(s).  Attorneys are representing the Client only as described in the Introductory Paragraph of this agreement. Should it be in the best interest of the Estate to increase the scope of employment, a separate written agreement between Attorneys and Client will be required subject to Bankruptcy Court approval.

6.      DISCHARGE

The Client may discharge Attorneys at any time, by written notice effective when received by Attorneys.  Unless specifically agreed by Attorneys and Client, Attorneys will provide no further services and advance no further costs on Client's behalf after receipt of the notice.  If Attorneys are Client's attorney of record in any proceeding, Client will execute and return a substitution-of-attorney form immediately on its receipt from Attorneys. Notwithstanding the discharge, Attorneys have the right to recover from the Estate both the incurred costs and the reasonable value of Attorneys' legal services rendered from the effective date of this agreement to the date of discharge.

7.    <u>WITHDRAWAL OF ATTORNEY</u>

Attorney may withdraw from representation of the Client: (a) with the Client's consent; (b) upon Bankruptcy Court approval; or (c) if no proceeding(s) have been filed, upon reasonable notice to the Client.  Notwithstanding Attorneys' withdrawal, Attorneys may, under certain circumstances, seek recovery of reasonable Attorneys' fees for all services provided, and to reimburse Attorneys for all costs advanced, before the withdrawal.

8.    <u>RELEASE OF CLIENT'S PAPERS AND PROPERTY</u>

At the termination of services under this agreement, Attorneys will release promptly to Client on request all of Client's papers and property. "Client's papers and property" include correspondence, deposition transcripts, exhibits, experts' reports, legal documents, physical evidence, and other items reasonably necessary to Client's representation, whether Client has paid for them or not.

9.    <u>DISCLAIMER OF GUARANTY</u>

Although Attorneys may offer an opinion about possible results regarding the subject matter of this agreement, Attorneys cannot guarantee any particular result. Client acknowledges that Attorneys have made no promises about the outcome and that any opinion offered by Attorneys in the future will not constitute a guaranty.

10.    <u>ENTIRE AGREEMENT</u>

This agreement contains the entire agreement of the parties. No other agreement, statement, or promise made on or before the effective date of this agreement will be binding on the parties.

11.    <u>SEVERABILITY IN EVENT OF PARTIAL INVALIDITY</u>

If any provision of this agreement is held in whole or in part to be unenforceable for any reason, the remainder of that provision and of the entire agreement will be severable and remain in effect.

12.    <u>MODIFICATION BY SUBSEQUENT AGREEMENT</u>

Subject to Bankruptcy Court approval, this agreement may be modified by subsequent agreement of the parties only by an instrument in writing signed by both of them.

13.    <u>ERRORS AND OMISSIONS</u>

Attorneys maintain errors and omissions insurance applicable to services rendered in the sum of at least $3,000,000.00.

14.    <u>COOPERATION</u>

The Law Offices of Ronald Richards & Associates, A.P.C. has agreed to provide legal services for the purpose of completing the assignment for which it is herein retained, and Client agrees at all times to remain available and to fully cooperate with the Law Offices of Ronald Richards & Associates, APC to permit them to adequately and timely complete their assigned work.

15.    <u>BANKRUPTCY COURT APPROVAL REQUIRED AND THE EFFECTIVE DATE OF</u>

<u>AGREEMENT</u>

The effectiveness of this agreement is subject to the approval of the Bankruptcy Court. The effective date of this agreement shall be the date on which the Bankruptcy Court enters an order approving Attorneys' representation of Client.    Attorneys understand the provisions of sections 327, 328, 330, and 331 of the Bankruptcy Code, which require, among other things, Bankruptcy Court approval of employment and Bankruptcy Court authorization of all fees and costs that Attorneys may seek for its services.

16.    <u>FORUM SELECTION AND CHOICE OF LAW</u>

The parties expressly agree that the only forum to which any litigation may be brought that arises out of this agreement is the Bankruptcy Court.

I have read this agreement, have received a copy of it, and agree to the terms and conditions. There are no other agreements, oral or otherwise between Client and Attorneys.

The foregoing is agreed to by:

Date: <u>4</u> / <u>23</u> / <u>2021</u>                    Date: <u>4</u> / <u>22</u> / <u>2021</u>

By: _____                By: _____
"CLIENT" :  ELISSA D. MILLER                "ATTORNEYS" : RONALD RICHARDS, ESQ.
    Chapter 7 Trustee for Girardi Keese

2865598.1 MILLER CONTINGENCY FEE AGREEMENT                            Page 4

Initials: _____

**EXHIBIT 2**

310 556 1001    info@ronaldrichards.com



Menu
Home
Biography
Civil
Criminal
Media
Video
Articles
Blog
Contact Us

Biography

🏠 Home › Biography



The Law Offices of Ronald Richards and Associates, A.P.C. combines experienced and seasoned trial counsel with hard working, tireless staff. Most people are not aware of this, but lawyers admitted to practice law after 1994 are usually proficient in computerized research which gives a large advantage to any plaintiff or defendant in litigation. The firm is led by Ronald Richards. Mr. Richards has numerous Federal and State jury trials under his belt as well as over 100 bench trials, as well as complicated appeals pending in both the California Court of Appeal and the United States Court of Appeals for the 9th Circuit.  He has numerous published opinions in both the State and Federal Courts.  Mr. Richards has made new law affecting tens of thousands of Americans.  He is a member of the United States Supreme Court Bar, the 2nd, 9th, and 11th Court of Appeals Bars, the Bar of the Eastern District of Michigan and the Bar of the Western District of Tennessee.   He is also a member of the District of Columbia Bar, Northern, Central, Eastern and Southern Bars of the District of California

**Contact Us**

The Law Offices of Ronald Richards
and Associates
P.O. Box 11480
Beverly Hills, CA 90213

**Telephone:** 310.556.1001
**Fax:** 310.277.3325
**E-MAIL:**
ron@ronaldrichards.com
info@ronaldrichards.com
District of Columbia Office info below:

013

as well as the California Bar.  Ronald Richards has a storied and diverse legal
career which makes him a seasoned Plaintiff's attorney or hardened and savvy
defense counsel.  He knows the insides of both sides of the bar and his broad
background makes him a lethal advocate who goes non-stop for the firms
clients.  The best quality of Mr. Richards and his firm is that they are effective at
winning but also knowing when to resolve the case.  They pride themselves on
not wasting client resources on a losing proposition, long before the client is in
too far.  Prescience is a skill cherished by Mr. Richards and his firm.

Ronald Richards began his career in litigation by breaking Beverly Hills High
School's record for debate wins. He then went on to UCLA to join the debate
team in CIDA. At UCLA, he won the national championship two years in a row.
He also won numerous individual event titles and honors. In law school he was
elected to Student Faculty Representative where he was an advocate for
students facing discipline. He won the American Jurisprudence Award in
Bankruptcy. As a lawyer, he is the only published attorney in the country on
Proposition 215, the medical marijuana statute. His article is cited by West
Publishing and is found in the annotations to 11362.5 of the Health and Safety
Code. He has been qualified as an expert witness on marijuana in the Los
Angeles Superior Court. In 1999, Mr. Richards was counsel in two of the
biggest date rape sex crimes cases in Los Angeles County. He successfully had
one case dismissed prior to trial while the other case is still pending. In addition,
he has successfully represented many other single incident sex crime clients
and obtained satisfactory results. In 2000 and part of 2001, Mr. Richards
defended more MDMA or Ecstasy cases than any attorney in the United States.
 His office has handled more Ecstasy cases than any other in America and has
represented defendants in each of the three largest seizures in U.S. history. Mr.
Richards also guest lectures at UCLA for a sex crimes course. Mr. Richards has
also recently lectured at Cal. State Los Angeles on poverty and the law. Mr.
Richards submits new articles on different topics to various publications like Los
Angeles Lawyer. Mr. Richards has litigation cases all across America. In the two
years that followed, he won a 39 count Federal Court Jury Trial in the Eastern
District of Tennessee and suppressed a large amount of MDMA in the La Paz
County Superior Court in Arizona. In addition, he represents persons in the
South East for slavery charges and has matters in Illinois relating to
pseudoephedrine.

In the three years that followed, he had a 29 count indictment where his client
was facing 30 years dismissed pretrial.   A copy of the order is available on this
website.

In the later part of 2000, Mr. Richards represented a major former CEO of a
publicly traded company who was indicted for bank fraud and related counts.
Mr. Richards was successful in obtaining a dismissal pretrial of two counts and
the government moved to dismiss the third count on April 9, 2001. The case
was published on appeal in the 9th Circuit Court of Appeals.

During 2001, Mr. Richards successfully defended an entire family charged with
marijuana for sale, over 151 lbs. Due to successful negotiations and the
potential for a winning suppression issue, Richards was able to negotiate non-

014

sales related dispositions with no custody time for all three defendants. This litigation took two years to complete with Richards fighting the entire way.

Richards has litigated cases in the Southern District of Illinois, New York, Ohio, Mississippi, Colorado, Michigan, Kansas, Northern District of Florida, Southern District of Florida, New Jersey, Arizona, District of Nevada, Southern District of New, Manhattan Civil Courts, and of course, all of California. Mr. Richards is a good asset to any defense team and enjoys working with attorneys across the country. Richards maintains a central file system on a high speed T-1 line which allows nationwide access to his library and archives. Furthermore, his computerized research is second to none spanning ten different premium services to receive up to date case information and changes in the law that only inure to the benefit of the client.  His team utilizes Surface Pro 4's and are connected to the office file system and 1000 plus databases at all times both in Court and on the road.  They have constant access to case files and data and process a large case load with precision, effectiveness, and accuracy.  The breadth of the case load saves the individual client money as all cases are prudently managed and saving the client fees is the Firm's number one goal at all times.  There are no billing requirements per associate presently, no overhead costs as the firm owns its assets, and the decades long success assures that cases are managed on truly the best of the client's needs and have no bearing on the firm's overhead or expenses.

In late 2001 and early 2002, Mr. Richards, who was appointed as counsel in a murder case, successfully dismissed for the second time murder charges against an impoverished defendant. During 2002, Mr. Richards obtained an acquittal in the first ecstasy state prosecution in March of 2002.

In 2003, Mr. Richards also obtained a dismissal in Los Angeles County's largest MDMA case in state court. He then settled the case for a second defendant for time served thanks to a very thoughtful and reasonable Assistant Deputy District Attorney. Mr. Richards has also had three federal indictments dismissed on legal grounds in the last three years which is rare and very difficult. (Mr. Richards concedes that he was mostly lucky and he simply asserted what he thought were important issues to raise on behalf of his clients.)

In addition, Mr. Richards is known locally as someone who specializes in defending Arab Americans charged with pseudoephedrine crimes. Mr. Richards has never lost a pseudoephedrine case at trial. He is very familiar with the prosecution and defense of those cases which is a very highly specialized area.

In 2003, Mr. Richards had numerous national cases which have not been set for trial but are large pseudoephedrine conspiracy cases with record amounts seized. They also involve other controlled substances as well.

Mr. Richards strives to maintain a positive working relationship with government prosecutors and due to their reasonable and fair treatment of his current clients, he has been able to obtain responsible and fair dispositions for his clients. This means single digit sentences instead of double digit sentences. This Mr.

Richards feels is a reasonable goal for serious offenses that normally and routinely see 15 to 20 year sentences.

Mr. Richards was grateful and appreciative for the treatment he and his clients has received from the Department of Justice and the District Attorney's Office in 2003 and hopes to continue to resolve cases when it is in the client's best interest to do so.

Mr. Richards emphasizes a careful and thorough review of the facts of each case but also discourages unrealistic assessments of client cases and believes in earnest negotiation in lieu of wasting client and government resources on groundless and frivolous motions or risky trials.

Mr. Richards was able to obtain excellent settlements of cases in 2003 and will gladly share those results in a confidential setting.

2004 was a fantastic year for the firm. The media section under articles shows the hard fought results for clients. In 2005, NBC News hired Mr. Richards as a legal analyst covering the Michael Jackson trial. Mr. Richards reports regularly on NBC and MSNBC providing legal analysis for the network and its cable affiliates. There were also some fantastic appellate successes that are also on the site.

Mr. Richards continues to resolve cases with prosecutors and continues with the policy of talking out matters rather than simply litigating them with no direction and a great peril to the client. Mr. Richards is an expert in Federal sentencing litigation and appeals and enjoys a wide degree of professional respect for his work in Blakely/Booker appeals and sentencing results.

In 2007 Mr. Richards took cases on a case by case basis and worked on acquiring new office space.  If the firm could make a difference on your case, they would take it.

In 2008, Mr. Richards filed a wide variety of business litigation disputes, handled various criminal matters that all appear in the media section on this website.  Mr. Richards also lectures at UCLA and continues to do so up to the present.

Mr. Richards had two published opinions in the 9th Circuit Court of Appeals in 2008 as well. In 2009, the firm had enjoyed its beautiful new offices and had filed numerous actions for victims of fraud whose investment proceeds were wrongly appropriated from them.  These include professional athletes.

In 2010, Mr. Richards started off the year getting dismissed major felonies such as kidnapping for extortion and attempted murder, both through legal arguments, and large amounts of narcotics through legal arguments and suppression motions.  In addition, the civil division of the firm was recently published in verdicts and settlements with a $800,000 judgment where the firm represented the defense.

Mr. Richards has also continued to take pro bono or low fee matters where the facts of the case and income of the client warrants it and encourages other attorneys to do the same. To that end, in 2010, he successfully had the contempt citation reversed for a victim of domestic violence who refused to testify. She qualified on the low income program due to the issues in her case.

In  2011, Mr. Richards had a wide variety of cases that made headlines. He resolved a major 43 KG cocaine case with $2,000,000 in currency for two Canadians nationals, for less than two years. He obtained a $630,000.00 settlement against Tom Cruise's ex wife for a client, and won a $1,000,000 judgment against a real estate developer at trial in Las Vegas, Nevada. These were just a few of the notable results.

In 2012, Mr. Richards won over $40,000,000 in commercial guaranty and borrower enforcement judgments. He collected far over that amount through ADR and pretrial resolutions. The firm successfully closed over $100,000,000 in debt transactions. Mr. Richards had a decision published in the 9th Circuit Court of appeals that dramatically improved the rights of persons who contested forfeiture proceedings. (U.S. v. $999,830.00 in U.S. Currency, 704 F.3d 1042 (9th Cir. 2012)

During  2013, Mr. Richards resolved tens of millions of dollars in secured judgments and collections including winning a $15,000,000 summary judgment in the US District Court for the Central District of California. He presently vindicates the rights of landowners who are victimized by mob rules initiatives. He is a strong believer in property rights. He won a SLAPP motion for the Beverly Hills Weekly against the Beverly Hills Courier and is a constant guardian of the first amendment.

During 2014, the firm continued to protect property owner rights from land theft by initiative and assists tenants and homeowners who have been victimized by banks overreaching.  The firm has assisted many homeowners who were victims of the housing market decline and has now resolved all of those cases in favor of the homeowner.  The firm also represents many creditors who were victims of borrowers committing fraud or non-payment.  The firm makes a case by case determination as to which parties needs its assistance.   The firm had some very important appeals under review that made new law in California.  In Chodos vs. Borman, (2014) 227 Cal. App. 4th 76,   the firm protected the rights of clients against attorneys who ignore fee agreements.  You can view the opinion.  Chodos v. Borman,227 Cal. App. 4th 76, 78,173 Cal. Rptr. 3d 266, 268,2014 Cal. App. LEXIS 529, 1,2014 WL 2761733(Cal. App. 2d Dist.2014)

The Court of Appeal reversed a $7.8M judgment on July 9, 2014 publishing the decision.

The firm also had another published opinion in In re Perl, 2014 Bankr. LEXIS 2477 (B.A.P. 9th Cir. May 30, 2014).  The opinion protects residents who remain over a foreclosure even if they are evicted but then file for bankruptcy.  There is a conflict between state and federal law.  The firm has now appealed that decision to the 9th Circuit who will finally rule on the conflict once and for all.

On January 8, 2016, the 9th Circuit reversed the BAP and found in favor of the
firm's client.  This is now the law of the land.  (See *Eden Place vs. Perl et. al.*
No. 14-60039, decided 1-8-16) click on opinion here:   Eden Place 9th Circ.
Opinion.   You can watch the oral argument here:



In 2014, the firm continued its impact on the healthcare market and business.  It
assisted in the acquisition of $14,000,000 in healthcare related debt
instruments and the recovery of debt related to health care facilities.  The firm is
presently prosecuting pharmacies, nurses, and physicians related to fraud
related to licensing and marketing agreements, under reporting of revenues,
and various conduct in violation of various federal and state regulations in the
health care market.  The firm defended gray market drugs prosecutions in
Puerto Rico, Los Angeles, and elsewhere.   The firm obtained a $373,566.54
judgment in Orange County on July 15, 2014 against a physician at Kaiser
Medical Center.

On the criminal side, the firm assisted in reversing a nine year conviction for a
defendant wrongly convicted of pimping.  The Court of Appeal for the 4th
District reversed the conviction of Ofer Lupovitz where the firm was trial counsel
finding the Court interfered with the firm's representation and committed
instructional error.

2014 had been a very exciting year for the firm, its staff, the law clerks, and the
attorneys who work with the firm.

On October 20, 2014, the Court of Appeal affirmed a $1,800,000 judgment
against a defendant that defrauded the buyer in a series of car wash
purchases.  The firm used forensic computing and accounting in prosecuting
the case.  The firm on October 20, 2014,  also resolved a 47 count elder abuse
and fraud case with a disposition of one year.

In 2015, the firm collected over $40,000,000 worth of managed debt for clients and continued to protect property rights.  In the last month of the year, the firm settled a $7.8m note purchase matter in Nevada and a $14m note purchase in New Jersey to close out the year.  Both cases were on the eve of trial.  Legal fees were also collected as well for the clients.

In 2016, the firm won the largest judgment of the week in April, 2016 for $15,924,421.29.  The firm also obtained a defense verdict for a local real estate developer in a bench trial in the Los Angeles Superior Court with the client facing millions of dollars in exposure.  The Court made findings that the Plaintiff brought the matter without probable cause.  The firm continues to manage and represent under performing assets in achieving their full growth potential.  In September of 2016, the firm defended a local accountant who was sued for a real estate investment and achieved a defense verdict.  This was after the firm also reversed a trial court decision on appeal for he same client.

In 2016, Mr. Richards was invited to be a member in the Lawyers of Distinction.

You can click here to read about the invitation and membership to this elite group of attorneys.

Lawyers of Distinction Article

On the acquisition side, the firm handled the acquisition of numerous undervalued land assets during 2016 and continues to manage a large portfolio of various debt instruments as well as undervalued assets that need repositioing to improve both the lives of the people surrounding the assets as well as the community at large.  The firm continues to defend the interests of property owners and the independent secondary debt market.

In 2017, the firm once again is a leader in making new law.  In Dr. Leevil vs. Westlake Health Care Center, published March 7, 2017, the Court of Appeal published an opinion affirming a purchaser at a foreclosure's sales right to issue a three day notice to vacate immediately after the sale.

A copy of the published opinion is attached here:

Dr. Leevil vs. Westlake Health Care Opinion

On June 13, 2017, the firm continued its leadership in making new lending law. The opinion of Black Sky Capital, LLC vs. Michael, Kathleen Cobb was published.  It overruled 25  years of bad law for lenders related to successive loans on the same property.

A copy of the published opinion is attached here:

Black Sky Opinion

A link to listen to Ronald Richards argue this winning opinion listed above can
be found here:

Oral Argument Drop Box Audio

On June 14, 2017, the California Supreme Court granted review on a limited
issue in Dr. Leevil vs. Westlake Health.  The firm is now honored to appear
before the California Supreme Court.

A copy of the order granting review is attached here:

Order Granting Review

On August 8, 2017, Ronald Richards made American history by becoming the
first attorney to enjoin a federal marijuana prosecution in the United States.  A
federal judge issued an injunction against the Department of Justice in USA vs.
Pisarski.  A copy of the opinion is available here:

Pisarski Stay Order

Previously, five different federal judges has rejected stay requests by
defendants.  This was the first time since Marijuana was made illegal in 1937
has a federal judge halted a criminal marijuana prosecution.

A copy of the transcript of the historic July 28, 2017 hearing is available here.
You can read the skill set of the two advocates in the hearing here:

July 28, 2017 Pisarski Hearing Transcript

On October 2, 2018, Ronald Richards argued before the California Supreme
Court in Dr. Leevil vs. Westlake Health Care Center.  This was will be the first of
two California Supreme Court cases for 2018.  Getting to argue once in a
professional lifetime is a gift but twice in the same year is frankly, unheard of.
You can watch Mr. Richards in the video below.

## RRA Oral Argument, CA Supreme Court

from **Ronald Richards**

On February 5, 2019, Ronald Richards again argued before California Supreme Court in Black Sky Capital, LLC vs. Michael Cobb, Kathleen Cobb.

You can watch the video below.

## RRA, Black Sky Capital vs. Michael Cobb, California Supreme Court, 2-5-19

from **Ronald Richards**

On May 6, 2019, the California Supreme Court affirmed the Court of Appeal's decision in Black Sky Capital, LLC vs. Michael Cobb et. al.  The decision marked a milestone for the firm and Mr. Richards.  Not only was this Mr. Richards second trip to the Supreme Court in 2019 but the affirmation solidified a $2,000,000 win for the firm's client.  The decision is a landmark decision which will positively effect borrowers and lenders across the state by the thousands.  It will open up credit markets and the decision was extensively covered locally.

A copy of the opinion can by found here:

Winning Black Sky Opinion

Here is the oral argument in *United States vs. Pisarsk*i from December 3, 2019.  In this case, we are defending the nations only injunction against the federal government from prosecuting a marijuana patient/cultivator.



17-10428 USA v. Anthony Pisarski

Mr. Richards is licensed to practice law in multiple jurisdictions in the Untied States and travels nationally for his practice.

On July 10, 2020, the United States Court of Appeals for the 9th Circuit affirmed the injunction against the Department of Justice capping off one of the firm's greatest legal accomplishments and vindicating the rights of California cultivators to grow cannabis free from federal prosecution.    The firm has been defending Mr. Pisarski since 2012.  To state the obvious, Mr. Richards sticks with his clients to the end.  A copy of the opinion can be found here:

USA vs. Anthony Pisarski OpinionDownload

Like 6

| Address | Phone / Email | Newsletter | Twitter |
|---|---|---|---|

**Law Offices of Ronald Richards & Associates, A Professional Corporation.**

Mailing Address:
P.O. Box 11480
Beverly Hills, CA 90213

District of Columbia Address:
1629 K ST., Suite 300
Washington, D.C. 20006

**PHONE:** 1.310.556.1001
**FAX:** 1.310.277.3325
DC Office:
1.202.508.1060
**EMAIL:**
ron@ronaldrichards.com
info@ronaldrichards.com



Add your email address to get on our email list.

✉

Subscribe

Caitlyn Jenner announces run for California governor. Can't wait to see the PAC disclosures on this one.
https://t.co/jOEIbzpAIn
3:08 pm, April 23, 2021



Follow @ronaldrichards

© 2021 Ronald Richards

023

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 333 South Grand Avenue, Suite 3400, Los Angeles, CA 90071.

A true and correct copy of the foregoing document entitled (*specify*): **CHAPTER 7 TRUSTEE'S APPLICATION TO EMPLOY THE LAW OFFICES OF RONALD RICHARDS & ASSOCIATES, A.P.C., AS SPECIAL LITIGATION COUNSEL; DECLARATION OF RONALD RICHARDS AND STATEMENT OF DISINTERESTEDNESS  OF RONALD RICHARDS IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) April 26, 2021, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page.

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) April 26, 2021, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Debtor
Girardi Keese
1126 Wilshire Blvd
Los Angeles, CA 90017-1904

The Honorable Barry Russell
U.S. Bankruptcy Court
Roybal Federal Building
255 E. Temple Street, Suite 1660
Los Angeles, CA 90012

☐ Service information continued on attached page.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| April 26, 2021 | Cheryl Caldwell | /s/Cheryl Caldwell |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

CC 2708887v1 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                    **F 9013-3.1.PROOF.SERVICE**

<u>**ADDITIONAL SERVICE INFORMATION**</u> (if needed):

1.  <u>**SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**</u>

Kyra E Andrassy on behalf of Plaintiff Elissa Miller
kandrassy@swelawfirm.com, lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com

Rafey Balabanian on behalf of Creditor Edelson PC
rbalabanian@edelson.com, docket@edelson.com

Michelle Balady on behalf of Creditor Bedford Law Group, APC
mb@bedfordlg.com, leo@bedfordlg.com

William C Beall on behalf of Interested Party Mullen & Henzell, LLP
will@beallandburkhardt.com, carissa@beallandburkhardt.com

William C Beall on behalf of Interested Party Shane Horton
will@beallandburkhardt.com, carissa@beallandburkhardt.com

Ori S Blumenfeld on behalf of Creditor Jaime Ruigomez
Ori@MarguliesFaithLaw.com,
Helen@MarguliesFaithLaw.com;Angela@MarguliesFaithLaw.com;Vicky@MarguliesFaithLaw.com

Ori S Blumenfeld on behalf of Creditor Joseph Ruigomez
Ori@MarguliesFaithLaw.com,
Helen@MarguliesFaithLaw.com;Angela@MarguliesFaithLaw.com;Vicky@MarguliesFaithLaw.com

Ori S Blumenfeld on behalf of Creditor Kathleen Ruigomez
Ori@MarguliesFaithLaw.com,
Helen@MarguliesFaithLaw.com;Angela@MarguliesFaithLaw.com;Vicky@MarguliesFaithLaw.com

Ori S Blumenfeld on behalf of Defendant ABIR COHEN TREYZON SALO, LLP, a California limited liability partnership
Ori@MarguliesFaithLaw.com,
Helen@MarguliesFaithLaw.com;Angela@MarguliesFaithLaw.com;Vicky@MarguliesFaithLaw.com

Ori S Blumenfeld on behalf of Defendant Boris Treyzon Esq
Ori@MarguliesFaithLaw.com,
Helen@MarguliesFaithLaw.com;Angela@MarguliesFaithLaw.com;Vicky@MarguliesFaithLaw.com

Ori S Blumenfeld on behalf of Interested Party Courtesy NEF
Ori@MarguliesFaithLaw.com,
Helen@MarguliesFaithLaw.com;Angela@MarguliesFaithLaw.com;Vicky@MarguliesFaithLaw.com

Richard D Buckley on behalf of Interested Party L.A. Arena Funding, LLC
richard.buckley@arentfox.com

Marie E Christiansen on behalf of Creditor KCC Class Action Services, LLC
mchristiansen@vedderprice.com, ecfladocket@vedderprice.com,marie-christiansen-4166@ecf.pacerpro.com

Jennifer Witherell Crastz on behalf of Creditor Wells Fargo Vendor Financial Services, Inc.
jcrastz@hrhlaw.com

Jennifer Witherell Crastz on behalf of Creditor Wells Fargo Vendor Financial Services, LLC
jcrastz@hrhlaw.com

Ashleigh A Danker on behalf of Interested Party Courtesy NEF
Ashleigh.danker@dinsmore.com, SDCMLFiles@DINSMORE.COM;Katrice.ortiz@dinsmore.com

CC 2708887v1 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                      **F 9013-3.1.PROOF.SERVICE**

Clifford S Davidson on behalf of Creditor California Attorney Lending II, Inc.
csdavidson@swlaw.com, jlanglois@swlaw.com;cliff-davidson-7586@ecf.pacerpro.com

Lei Lei Wang Ekvall on behalf of Interested Party Courtesy NEF
lekvall@swelawfirm.com, lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com

Lei Lei Wang Ekvall on behalf of Plaintiff Elissa Miller
lekvall@swelawfirm.com, lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com

Lei Lei Wang Ekvall on behalf of Trustee Elissa Miller (TR)
lekvall@swelawfirm.com, lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com

Richard W Esterkin on behalf of Creditor Southern California Gas Company
richard.esterkin@morganlewis.com

Richard W Esterkin on behalf of Interested Party Courtesy NEF
richard.esterkin@morganlewis.com

Timothy W Evanston on behalf of Interested Party Courtesy NEF
tevanston@swelawfirm.com, gcruz@swelawfirm.com;lgarrett@swelawfirm.com;jchung@swelawfirm.com

Timothy W Evanston on behalf of Plaintiff Elissa Miller
tevanston@swelawfirm.com, gcruz@swelawfirm.com;lgarrett@swelawfirm.com;jchung@swelawfirm.com

Timothy W Evanston on behalf of Trustee Elissa Miller (TR)
tevanston@swelawfirm.com, gcruz@swelawfirm.com;lgarrett@swelawfirm.com;jchung@swelawfirm.com

Jeremy Faith on behalf of Interested Party Courtesy NEF
Jeremy@MarguliesFaithlaw.com,
Helen@MarguliesFaithlaw.com;Angela@MarguliesFaithlaw.com;Vicky@MarguliesFaithlaw.com

James J Finsten on behalf of Interested Party Courtesy NEF
, jimfinsten@hotmail.com

Alan W Forsley on behalf of Interested Party Courtesy NEF
alan.forsley@flpllp.com, awf@fkllawfirm.com,awf@fl-lawyers.net,addy.flores@flpllp.com

Eric D Goldberg on behalf of Creditor Stillwell Madison, LLC
eric.goldberg@dlapiper.com, eric-goldberg-1103@ecf.pacerpro.com

Andrew Goodman on behalf of Attorney William F Savino
agoodman@andyglaw.com, Goodman.AndrewR102467@notify.bestcase.com

Andrew Goodman on behalf of Petitioning Creditor Erika Saldana
agoodman@andyglaw.com, Goodman.AndrewR102467@notify.bestcase.com

Andrew Goodman on behalf of Petitioning Creditor Jill O'Callahan
agoodman@andyglaw.com, Goodman.AndrewR102467@notify.bestcase.com

Andrew Goodman on behalf of Petitioning Creditor John Abassian
agoodman@andyglaw.com, Goodman.AndrewR102467@notify.bestcase.com

Andrew Goodman on behalf of Petitioning Creditor Kimberly Archie
agoodman@andyglaw.com, Goodman.AndrewR102467@notify.bestcase.com

Andrew Goodman on behalf of Petitioning Creditor Robert M. Keese

CC 2708887v1 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                    **F 9013-3.1.PROOF.SERVICE**

agoodman@andyglaw.com, Goodman.AndrewR102467@notify.bestcase.com

Andrew Goodman on behalf of Petitioning Creditor Virginia Antonio
agoodman@andyglaw.com, Goodman.AndrewR102467@notify.bestcase.com

Suzanne C Grandt on behalf of Interested Party Courtesy NEF
suzanne.grandt@calbar.ca.gov, joan.randolph@calbar.ca.gov

Steven T Gubner on behalf of Interested Party Courtesy NEF
sgubner@bg.law, ecf@bg.law

Marshall J Hogan on behalf of Creditor California Attorney Lending II, Inc.
mhogan@swlaw.com, knestuk@swlaw.com

Sheryl K Ith on behalf of Creditor Daimler Trust
sith@cookseylaw.com, sith@ecf.courtdrive.com

Razmig Izakelian on behalf of Creditor Frantz Law Group, APLC
razmigizakelian@quinnemanuel.com

Lewis R Landau on behalf of Creditor Virage SPV 1, LLC
Lew@Landaunet.com

Lewis R Landau on behalf of Interested Party Courtesy NEF
Lew@Landaunet.com

Daniel A Lev on behalf of Interested Party Courtesy NEF
dlev@sulmeyerlaw.com, ccaldwell@sulmeyerlaw.com;dlev@ecf.inforuptcy.com

Elizabeth A Lombard on behalf of Creditor American Express National Bank c/o Zwicker & Associates, P.C.
elombard@zwickerpc.com, bknotices@zwickerpc.com

Craig G Margulies on behalf of Defendant ABIR COHEN TREYZON SALO, LLP, a California limited liability partnership
Craig@MarguliesFaithlaw.com,
Vicky@MarguliesFaithlaw.com;Helen@MarguliesFaithlaw.com;Angela@MarguliesFaithlaw.com

Craig G Margulies on behalf of Defendant Boris Treyzon Esq
Craig@MarguliesFaithlaw.com,
Vicky@MarguliesFaithlaw.com;Helen@MarguliesFaithlaw.com;Angela@MarguliesFaithlaw.com

Craig G Margulies on behalf of Interested Party Courtesy NEF
Craig@MarguliesFaithlaw.com,
Vicky@MarguliesFaithlaw.com;Helen@MarguliesFaithlaw.com;Angela@MarguliesFaithlaw.com

Peter J Mastan on behalf of Interested Party Courtesy NEF
peter.mastan@dinsmore.com, SDCMLFiles@dinsmore.com;Katrice.ortiz@dinsmore.com

Edith R. Matthai on behalf of Defendant David Lira
ematthai@romalaw.com, lrobie@romalaw.com

Edith R. Matthai on behalf of Interested Party Courtesy NEF
ematthai@romalaw.com, lrobie@romalaw.com

Kenneth Miller on behalf of Interested Party Courtesy NEF
kmiller@pmcos.com, efilings@pmcos.com

Elissa Miller (TR)

CC 2708887v1 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                          **F 9013-3.1.PROOF.SERVICE**

CA71@ecfcbis.com, MillerTrustee@Sulmeyerlaw.com;C124@ecfcbis.com;ccaldwell@sulmeyerlaw.com

Eric A Mitnick on behalf of Interested Party Courtesy NEF
MitnickLaw@aol.com, mitnicklaw@gmail.com

Scott H Olson on behalf of Creditor KCC Class Action Services, LLC
solson@vedderprice.com, scott-olson-2161@ecf.pacerpro.com,ecfsfdocket@vedderprice.com,nortega@vedderprice.com

Leonard Pena on behalf of Interested Party Robert Girardi
lpena@penalaw.com, penasomaecf@gmail.com;penalr72746@notify.bestcase.com

Michael J Quinn on behalf of Creditor KCC Class Action Services, LLC
mquinn@vedderprice.com, ecfladocket@vedderprice.com,michael-quinn-2870@ecf.pacerpro.com

David M Reeder on behalf of Interested Party Courtesy NEF
david@reederlaw.com, secretary@reederlaw.com

Ronald N Richards on behalf of Interested Party Courtesy NEF
ron@ronaldrichards.com, morani@ronaldrichards.com

Ronald N Richards on behalf of Plaintiff Robert P Finn
ron@ronaldrichards.com, morani@ronaldrichards.com

Kevin C Ronk on behalf of Creditor U.S. Legal Support, Inc.
Kevin@portilloronk.com, Attorneys@portilloronk.com

William F Savino on behalf of Creditor California Attorney Lending II, Inc.
wsavino@woodsoviatt.com, lherald@woodsoviatt.com

Kenneth John Shaffer on behalf of Creditor Frantz Law Group, APLC
johnshaffer@quinnemanuel.com

Richard M Steingard on behalf of Other Professional Christopher Kamon
, awong@steingardlaw.com

Philip E Strok on behalf of Interested Party Courtesy NEF
pstrok@swelawfirm.com, gcruz@swelawfirm.com;1garrett@swelawfirm.com;jchung@swelawfirm.com

Philip E Strok on behalf of Trustee Elissa Miller (TR)
pstrok@swelawfirm.com, gcruz@swelawfirm.com;1garrett@swelawfirm.com;jchung@swelawfirm.com

Boris Treyzon on behalf of Defendant ABIR COHEN TREYZON SALO, LLP, a California limited liability partnership
jfinnerty@actslaw.com, sgonzales@actslaw.com

United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov

Eric D Winston on behalf of Creditor Frantz Law Group, APLC
ericwinston@quinnemanuel.com

Christopher K.S. Wong on behalf of Interested Party L.A. Arena Funding, LLC
christopher.wong@arentfox.com, yvonne.li@arentfox.com

Timothy J Yoo on behalf of Interested Party Courtesy NEF
tjy@lnbyb.com

Timothy J Yoo on behalf of Interested Party Jason M. Rund
tjy@lnbyb.com

CC 2708887v1 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                              **F 9013-3.1.PROOF.SERVICE**