Richard M. Steingard (SBN 106374)
*rsteingard@SteingardLaw.com*
LAW OFFICES OF RICHARD M. STEINGARD
800 Wilshire Boulevard, Suite 1050
Los Angeles, California 90017
Telephone: (213) 260-9449
Facsimile: (213) 260-9450

Attorney for Proposed Designee
Christopher Kamon

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# LOS ANGELES DIVISION

| | |
|---|---|
| In Re GIRARDI KEESE,<br><br>              Debtor. | Case No. 2:20-bk-21022-BR<br><br>Chapter 7<br><br>**PROPOSED DESIGNEE'S SUR-REPLY TO TRUSTEE'S REPLY TO OPPOSITION TO MOTION TO DESIGNATE CHRISTOPHER KAMON TO APPEAR OR ACT ON BEHALF OF THE DEBTOR AND COMPEL ATTENDANCE AT THE § 341(a) MEETING OF CREDITORS PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9001(5)** |

Christopher Kamon, by and through his attorney of record, Richard M. Steingard, hereby submits this *Sur-Reply to Trustee's Reply to Opposition to Motion to Designate Chris Kamon to Appear or Act on Behalf of the Debtor and Compel Attendance at the § 341(a) Meeting of Creditors Pursuant to Federal of Bankruptcy Procedure 9001(5)*.

DATED:  April 29, 2021             Respectfully submitted,

LAW OFFICES OF RICHARD M. STEINGARD

_/s/_
RICHARD M. STEINGARD
Attorney for Prospective Designee
CHRISTOPHER KAMON

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

On April 27, 2021, the Chapter 7 Trustee ("Trustee") filed a Reply to Christopher Kamon's Opposition to his designation as a substitute debtor. The Trustee makes three points: (1) Mr. Kamon concedes that he is an appropriate designee; (2) the designation of Mr. Kamon is not futile, even though he will assert his Fifth Amendment privilege and decline to make a statement or answer questions, because an adverse inference against a debtor can be drawn from an assertion of the privilege; and (3) the appointment is not futile because Mr. Kamon can then be compelled to produce all corporate documents in his possession. All three arguments are wrong or without legal support. We briefly address each below.

## II.

## ARGUMENT

### A. Mr. Kamon Does Not Concede He is an Appropriate Designee

The Trustee first claims that Mr. Kamon conceded that he is an appropriate designee. (ECF 320 at 3.) Mr. Kamon made no such concession. Mr. Kamon's Opposition brief responded to the Trustee's claim that Mr. Kamon was the CFO of the debtor, Girardi Keese, by stating, "Accepting these arguments as true…" (ECF 290 at 4.) As the Trustee well knows, this is not a concession but a linguistic manner of addressing an argument advanced by the opposing side. To put this issue to rest, Mr. Kamon does not concede any fact or argument advanced by the Trustee.

//
//



LAW
OFFICES OF
RICHARD M.
STEINGARD

### B. The Trustee's Claim that Mr. Kamon's Assertion of the Fifth Amendment is a Basis to Draw Advance an Adverse Inference Against the Debtor is Without Legal Sport

As one of two bases for requesting that the Court designate Mr. Kamon, the Trustee asserts that if Mr. Kamon is so designated and asserts his Fifth Amendment privilege, the Trustee can draw an adverse inference against the debtor. (ECF 320 at 2-4.)  Here, the Trustee confuses Mr. Kamon—*a non-party and not the debtor*—to the debtor—a *party*.  There is an obvious difference between the two, and the cases cited by the Trustee—*Baxter* and *Seror*—only apply to "a party" or the "debtor" in an action.  *Baxter v. Palmigiano*, 425 U.S. 308, 318 *Seror v. Lopez (In re Diana Lopez)*, 532 B.R. 140, 159 (Bankr. C.D. Cal. 2015).  Counsel is unaware of any case—and the Trustee has cited none—in which a court found that a *non-party's* assertion of his or her Fifth Amendment rights was a basis to draw an adverse inference against a *party*, or that the assertion of the Fifth Amendment by a *substitute designee* for a debtor is a basis for drawing an adverse inference against *the debtor*.  Absent such a holding, the Trustee's first justification in favor of the designation fails.

### C. The Trustee's Claim that Mr. Kamon's Designation Will Permit the Trustee to Compel Production of Records is False

As the second of two bases justifying the request for Mr. Kamon's designation, the Trustee claims that Mr. Kamon can then be compelled to produce any debtor's records in his possession. (ECF 320 at 4.)  This too is legally baseless.

While an individual does not have Fifth Amendment right over certain documents, Mr. Kamon retains a Fifth Amendment right over the physical act of *producing* any such documents.  *United States v. Doe,* 465 U.S. 605, 616 (1984) ("The act of producing the documents at issue in this case is privileged and cannot be compelled without a statutory grant of use immunity pursuant to 18 U.S.C. §§ 6002 and 6003.").  This is commonly referred to as "*Doe* immunity" and is accomplished by the U.S. Attorney requesting, and a court's granting, immunity

Case 2:20-bk-21022-BR    Doc 324    Filed 04/29/21    Entered 04/29/21 11:46:02    Desc
Main Document    Page 5 of 6

for the act of producing any records. *See e.g.*, *Matter of Grand Jury Proceedings*, 68 F.3d 193, 194 (7th Cir. 1995). In the absence of *Doe* immunity being conferred, Mr. Kamon retains his Fifth Amendment rights.

Additionally, the Trustee's position is based solely on FRBP 9001(5), which states, in relevant part, that "[w]hen any act is required by these rules to be performed by a debtor…if the debtor is a partnership, 'debtor' includes…if designated by the court, any other person in control." (ECF 320 at 4.) As the statute explicitly states, this provision only applies to "partnerships." FRBP 9001(5)(B). The Trustee has made no showing that the debtor was a partnership and two recently filed documents indicate that the debtor was actually a sole proprietorship.

On March 27, 2021, Jason Rund, the Chapter 7 Trustee in Mr. Girardi's personal bankruptcy matter, filed a Schedule of Assets and Liabilities for Mr. Girardi in which he stated that Mr. Girardi was the 100 % sole owner of the Girardi Keese law firm. (*In Re Thomas Girardi*, Case No. 20-BK-21020, ECF 139 at 7.) More recently, on April 27, 2021, in the related case of *Welly Chandra v. Boeing International Sales Corporation*, Case No. 18-CV-07686-TMD, currently pending in the Northern District of Illinois, David Lira, a so-called "partner" at Girardi Keese, stated that Girardi Keese was not a partnership but a sole proprietorship. (ECF 1060 at 7-8.)

These pleadings place at issue the legal status of the debtor; needless to say, if the debtor is found not to be a partnership, Rule 9001(5)—upon which the Trustee solely relies for the designation—is inapplicable.

///

///

LAW
OFFICES OF
RICHARD M.
STEINGARD

5

## III.
## <u>CONCLUSION</u>

The Trustee has cited two grounds for claiming that the designation of Mr. Kamon is justified and would not be an act of futility. Neither has support in the facts or law.

In light of Mr. Kamon's stated intention to assert his Fifth Amendment rights, which the Trustee does not challenge, and because the Trustee has not provided a credible reason to still have Mr. Kamon designated a substitute debtor, we respectfully ask that the Court deny the Trustee's motion.

DATED: April 29, 2021            Respectfully submitted,

                                 LAW OFFICES OF RICHARD M. STEINGARD


                                 _/s/_____
                                 RICHARD M. STEINGARD
                                 Attorney for Proposed Designee
                                 CHRISTOPHER KAMON