**SMILEY WANG-EKVALL, LLP**
Lei Lei Wang Ekvall, State Bar No. 163047
*lekvall@swelawfirm.com*
Philip E. Strok, State Bar No. 169296
*pstrok@swelawfirm.com*
Timothy W. Evanston, State Bar No. 319342
*tevanston@swelawfirm.com*
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Telephone: 714 445-1000
Facsimile: 714 445-1002

Attorneys for Elissa D. Miller,
Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>GIRARDI KEESE,<br><br><br><br><br><br>Debtor. | Case No. 2:20-bk-21022-BR<br><br>Chapter 7<br><br>**MOTION FOR ORDER AUTHORIZING ABANDONMENT PURSUANT TO 11 U.S.C. § 554 AND DISPOSAL OF CERTAIN PERSONAL PROPERTY; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF ELISSA D. MILLER IN SUPPORT**<br><br>**[No Hearing Required Pursuant to Local Bankruptcy Rule 9013-1(o)]** |

**TO THE HONORABLE BARRY RUSSELL, UNITED STATES BANKRUPTCY JUDGE:**

Elissa D. Miller, the chapter 7 trustee (the "Trustee") for the bankruptcy estate (the "Estate") of Girardi Keese (the "Debtor"), submits this *Motion for Order Authorizing Abandonment Pursuant to 11 U.S.C. § 554 and Disposal of Certain Personal Property* (the "Motion"), which personal property is of inconsequential value and benefit to the Estate and is burdensome to the Estate. In support of the Motion, the Trustee submits

the following memorandum of points and authorities and the attached Declaration of Elissa D. Miller.

## I.     **INTRODUCTION**

Prior to the involuntary petition, the Debtor was a prominent plaintiff's law firm representing clients in the areas of personal injury, defective products, sexual abuse, toxic torts, business law, employment law, and aviation law.  The Debtor employed attorneys and staff and occupied two buildings on Wilshire Boulevard in Los Angeles, California.  After the bankruptcy filing, the buildings were left packed with personal property items belonging to the Debtor or the Debtor's former employees and that property remains on the premises.  The personal property items subject to this Motion are categorized and listed on Exhibit "1" attached hereto (the "Personal Property").  The buildings also contain a plethora of case and client files that will remain on the premises and are not subject to this Motion.

One of the buildings occupied by the Debtor is in escrow to be sold, and the building must be cleared of the Personal Property before the building is turned over to the new owner.  The second building also needs to be cleared to make room for the client files and other property being moved into it.  To the extent any of the employees have personal property at either building they wish to retrieve, they may do so on an appointment basis only between June 1 through June 3, 2021, during the hours of 10:00 a.m. and 3:00 p.m. and on June 4, 2021, during the hours of 9:00 a.m. to 12:00 p.m., and on such other dates and times in the Trustee's sole discretion but no later than June 9, 2021.  As soon as practicable after the filing of this Motion, the Trustee will provide notice of this right to retrieve personal property to employees of the Debtor at their last known address.

By this Motion, the Trustee seeks authority to abandon the Debtor's Personal Property located in either building and to dispose of the Debtor's Personal Property and any Employee Personal Property that is not claimed by the Debtor's employees on or

before June 9, 2021. The Trustee has already determined that the Debtor's Personal Property has no realizable value or benefit to the Estate. To the extent any of the Debtor's personal property (excluding furniture which will remain in place) is deemed to have value, it has or will be stored in the second building until arrangements can be made for an appropriate disposition.

## II.    BACKGROUND

### A.    The Debtor's Bankruptcy Case

The Debtor was a well-respected plaintiff's law firm based in Los Angeles, California. On December 18, 2020, petitioning creditors Jill O'Callahan, as successor in interest to James O'Callahan, Robert M. Keese, John Abassian, Erika Saldana, Virginia Antonio, and Kimberly Archie (collectively, the "Petitioning Creditors") filed an involuntary chapter 7 bankruptcy petition against the Debtor.[1] On December 24, 2020, the Petitioning Creditors filed a *Motion for Appointment of Interim Trustee Pursuant to 11 U.S.C. § 303(g)* [Docket No. 12]. The Court entered an order granting the motion on January 5, 2021 [Docket No. 45]. On January 6, 2021, the Trustee was appointed as the interim trustee [Docket No. 50].

On January 13, 2021, the Court entered an *Order Directing: (1) The Clerk of Court to Immediately Enter an Order for Relief under Chapter 7; (2) The United States Trustee to Immediately Appoint a Chapter 7 Trustee; (3) The Debtor to File All Schedules and Related Documentation for Chapter 7 Case within Fourteen Days of the Entry of this Order; and (4) Vacating February 16, 2021 Status Conference* [Docket No. 68]. On January 13, 2021, the Clerk of Court entered an order for relief against the Debtor [Docket No. 69], and the Trustee was appointed and accepted her appointment in the Debtor's case [Docket No. 71].

---

[1] The Petitioning Creditors also filed an involuntary chapter 7 bankruptcy petition against Thomas V. Girardi, which is currently pending as Bankruptcy Case No. 2:20-bk-21020-BR.

**B.     The Personal Property Which is the Subject of this Motion**

For over 20 years, the Debtor operated out of two buildings located in Los Angeles, California. One building is located at 1122 Wilshire Boulevard, Los Angeles, California ("Building 1"), and the other is located at 1126 Wilshire Boulevard, Los Angeles, California ("Building 2"). The buildings are linked through hallways allowing for interior access between the buildings, even though the buildings are separately owned by non-Debtor parties.

The Estate has continued to occupy both Building 1 and Building 2 post-bankruptcy. Each of the buildings housed attorneys and staff and included storage and other space to support the practice. Both buildings, which together exceed 30,000 square feet, remain chock-full of personal property left behind in the offices, common areas, and storage rooms. The Personal Property includes items such as obsolete legal publications, employee personal items and memorabilia, emergency supplies, and obsolete and broken electronic waste. A list of the Personal Property subject to this Motion is identified on Exhibit "1" attached hereto. No files or other property which relate to the Debtor's clients will be affected by this Motion.

**C.     Sale of Building 1 (1122 Wilshire Boulevard)**

Building 1 is currently in escrow to be sold. The transaction is anticipated to close in mid-June 2021. As a result of the sale, there is some urgency to vacate Building 1 and remove the Personal Property left on the premises. The Trustee believes that any of the Debtor's personal property of value, other than the furniture, has been or will be removed from Building 1 and secured in Building 2. Building 2 is currently listed for sale and is only a temporary storage solution. Both buildings are replete with personal property that has no value and must be disposed of.

**D.     Notice and Opportunity to Collect Personal Property**

Most of the Personal Property on the premises belongs to the Debtor, but there is a considerable amount that appears to belong to the Debtor's employees. Before the employee's personal property is disposed of, as requested in this Motion, the Trustee

believes that employees who left property behind should be afforded an opportunity to collect it.  The Trustee is implementing a process whereby the employees are notified of the Trustee's intentions and are requested to make an appointment with the Trustee should they wish to retrieve their personal property.  To that end, the Trustee has served this Motion on all employees and will send each a letter, the form of which is attached hereto as Exhibit "2," which advises the employees of their options and the consequences should they choose not to claim their property.  This letter will be sent to employees as soon as practicable after the filing of this Motion.[2]  This process will give the employees an opportunity to make an appointment between June 1 through June 3, 2021, during the hours of 9:00 a.m. to 3:00 p.m., June 4, 2021, during the hours of 9:00 a.m. to 12:00 p.m., or such other dates and times in the Trustee's sole discretion but no later than June 9, 2021.  Employee claims to property will be subject to verification in the Trustee's sole and absolute discretion.

If any employee with property on the premises does not contact the Trustee to schedule an appointment to retrieve their property on or before June 9, 2021, the Trustee will be authorized, in her sole discretion, to dispose of the items as she deems appropriate without liability to any employee who might claim an interest in the property.  No items will be disposed of until the Bankruptcy Court enters an order granting this Motion.

### III.  MEMORANDUM OF POINTS AND AUTHORITIES

11 U.S.C. § 554 provides that "the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate."  "Abandonment requires affirmative action or some other evidence of intent by the trustee."  *Stein v. United Artists Corp.,* 691 F.2d 885, 890 (9th Cir. 1982) (citations

---

[2] All employees are also being served with a copy of the Motion and Notice of the Motion.

omitted). In *In re K.C. Machine and Tool Company,* 816 F.2d 238 (6th Cir. 1987), the court held that before ordering abandonment, the court must find either (1) the property is burdensome to the estate; or (2) the property is both of inconsequential value and inconsequential benefit to the estate. *See id.* at 245. Abandonment is effective *nunc pro tunc* as of the filing date of the debtor's bankruptcy petition. *Brown v. O'Keefe,* 300 U.S. 598 (1973); *Mason v. C.I.R.,* 646 F.2d 1039 (9th Cir. 1980); *In re Hat,* 363 B.R. 123 (Bankr. E.D. Cal. 2007).

In this case, the Trustee has determined that the Debtor's Personal Property is of inconsequential value and is burdensome to the Estate. The Debtor's Personal Property consists of obsolete items and property that has no value. If the Trustee is forced to retain the Debtor's Personal Property, the cost of removing the items from Building 1 and storing them in Building 2 would be substantial and is only temporary. Accordingly, the Trustee believes that the Debtor's Personal Property is burdensome and of inconsequential value and benefit to the Estate and that abandonment of the Debtor's Personal Property is in the best interest of the Estate.

Disposal of the Debtor's Personal Property and any Personal Property that is not claimed by the Debtor's employees on or before June 9, 2021 is also in the best interest of the Estate as it will facilitate the transition out of Building 1 and reduce the storage space needed in Building 2.

**IV.    CONCLUSION**

Accordingly, the Trustee respectfully requests that the Court enter an order providing for the following relief:

1.    Granting the Motion;

2.    Authorizing the Trustee to abandon the Debtor's Personal Property pursuant to 11 U.S.C. § 554(a);

3. Authorizing the Trustee to dispose of the Debtor's Personal Property and any Personal Property that is not claimed by the Debtor's employees on or before June 9, 2021; and

4. For such other and further relief as this Court deems just and proper.

DATED: May 21, 2021

Respectfully submitted,

SMILEY WANG-EKVALL, LLP

By:   */s/ Philip E. Strok*
　　　PHILIP E. STROK
　　　Attorneys for Elissa D. Miller, Chapter 7 Trustee

# DECLARATION OF ELISSA D. MILLER

I, Elissa D. Miller, declare as follows:

1. I am the duly appointed Chapter 7 Trustee in the bankruptcy case of Girardi Keese. I am also a partner at the law firm SulmeyerKupetz, a Professional Corporation. I know each of the following facts to be true of my own personal knowledge, except as otherwise stated and, if called as a witness, I could and would competently testify with respect thereto. I make this declaration in support of the *Motion for Order Authorizing Abandonment Pursuant to 11 U.S.C. § 554 and Disposal of Certain Personal Property* (the "Motion"). Unless otherwise defined in this declaration, all terms defined in the Motion are incorporated herein by this reference.

2. The Debtor operated out of two buildings located in Los Angeles, California. One building is located at 1122 Wilshire Boulevard, Los Angeles, California ("Building 1"), and the other is located at 1126 Wilshire Boulevard, Los Angeles, California ("Building 2"). The buildings are linked through hallways allowing for interior access between the buildings, even though the buildings are separately owned by non-Debtor parties.

3. The Estate has continued to occupy both Building 1 and Building 2 post-bankruptcy. Each of the buildings housed attorneys and staff and included storage and other space to support the practice. Both buildings, which together exceed 30,000 square feet, remain chock-full of personal property left behind in the offices, common areas, and storage rooms. The Personal Property includes items such as obsolete legal publications, employee personal items and memorabilia, emergency supplies, and obsolete and broken electronic waste. A list of the Personal Property subject to this Motion is identified on Exhibit "1" attached hereto. No files or other property which relate to the Debtor's clients will be affected by this Motion.

4. It is my understanding that Building 1 is currently in escrow to be sold. The transaction is anticipated to close in mid-June 2021. As a result of the sale, there is some urgency to vacate Building 1 and remove the Personal Property left on the

premises.  The second building also needs to be cleared to make room for the client files and other property being moved into it.  I believe that any of the Debtor's personal property of value, other than the furniture, has been or will be removed from Building 1 and secured in Building 2.  Building 2 is currently listed for sale and is only a temporary storage solution.  Both buildings are replete with personal property that has no value and must be disposed of.

5.    Most of the Personal Property on the premises belongs to the Debtor, but there is a considerable amount that appears to belong to the Debtor's employees.  Before the employees' personal property is disposed of, as requested in the Motion, I believe that employees who left property behind should be afforded an opportunity to collect it.  I am implementing a process whereby the employees are notified of my intentions and they are requested to make an appointment with my office should they wish to retrieve their personal property.  To that end, all employees have been served with the Motion and I will send each a letter, the form of which is attached hereto as Exhibit "2," which advises the employees of their options and the consequences should they choose not to claim their property.  The letter will be sent to employees as soon as practicable after the filing of this Motion.  The process will give the employees an opportunity to make an appointment between June 1 through June 3, 2021, during the hours of 9:00 a.m. to 3:00 p.m., June 4, 2021, during the hours of 9:00 a.m. to 12:00 p.m., or such other dates and times in my sole discretion but no later than June 9, 2021.  Employee claims to property will be subject to verification in my sole and absolute discretion.

6.    If any employee with property on the premises does not contact my office to schedule an appointment to retrieve his or her property on or before June 9, 2021, I will be authorized, in my sole discretion, to dispose of the items without liability to any employee who might claim an interest in the property.

7.    No items will be disposed of until the Bankruptcy Court enters an order granting this Motion.

8. The Debtor's Personal Property consists of obsolete items and property that is of inconsequential value and is burdensome to the Estate. If I am forced to retain the Debtor's Personal Property, the cost of removing the items from Building 1 and storing them in Building 2 would be substantial and would only be a temporary solution. Accordingly, I believe that abandonment of the Debtor's Personal Property is in the best interest of the Estate.

9. Disposal of the Debtor's Personal Property and any Personal Property that is not claimed by the Debtor's employees on or before June 9, 2021 is also in the best interest of the Estate as it will facilitate the transition out of Building 1 and reduce the storage space needed in Building 2.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 21st day of May, 2021, at Los Angeles, California.

_____
ELISSA D. MILLER

# EXHIBIT "1"

Exhibit to Motion to Abandon and Dispose of Personal Property

(Non-client related)

1. Dated and obsolete legal treatises, case books, code books, book updates and other physical research tools

2. Miscellaneous non-client related paper and tangible items including but not limited to files regarding bar association affiliations, form files, magazines, marketing materials, old newspapers, brochures, displays, etc.

3. Employee personal items and memorabilia, including, but not limited to books, pictures, mementos, artwork.

4. Earthquake emergency supplies and food

5. Obsolete and broken electronic waste (monitors, computers, typewriters, batteries, etc.)

# EXHIBIT "2"

**ELISSA D. MILLER, TRUSTEE**
333 South Grand Avenue, Suite 3400
Los Angeles, California  90071
Telephone:  (213) 626-2311
emiller@sulmeyerlaw.com

May 21, 2021

**Re:    In re Girardi Keese**
U.S. Bankruptcy Case No. 2:20-bk-21022-BR

To Former Girardi Keese Employee:

I am the Chapter 7 Trustee of the bankruptcy estate of Girardi Keese.  I recently filed with the Bankruptcy Court a motion for order authorizing me to abandon and dispose of certain personal property, including the personal property of former employees of Girardi Keese which were left at the Girardi Keese Offices.  The motion and notice of the motion were served on all former employees.

You are receiving this letter because you were an employee of Girardi Keese.  As you know, Girardi Keese operated out of two buildings located in Los Angeles, California.  The buildings contain personal property left behind in the offices, in desks and cabinets, support staff areas, common areas, and storage rooms, including obsolete legal publications, employee personal items and memorabilia, emergency supplies, and obsolete and broken electronic waste.  One of the buildings is currently in escrow to be sold with an anticipated closing in mid-June 2021.  As a result of the sale, there is some urgency to vacate that building and remove the personal property left in both buildings.

I believe some of the personal property left behind may belong to former employees, like yourself, and you are being afforded an opportunity to collect your property before the property is destroyed.  If you wish to retrieve your property, I request that you contact me (email is preferred) to make an appointment between June 1 through June 3, 2021, during the hours of 9:00 a.m. to 3:00 p.m., or June 4, 2021, during the hours of 9:00 a.m. to 12:00 p.m., or such other dates and times as I may allow, but in no event later than June 9, 2021.  All claims to property will be subject to verification in my sole and absolute discretion.  If you choose not to collect your property on or before June 9, 2021, the Trustee will dispose of your property.

Very truly yours,

Elissa D. Miller
Chapter 7 Trustee

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 3200 Park Center Drive, Suite 250, Costa Mesa, CA 92626.

A true and correct copy of the foregoing document entitled (*specify*): **MOTION FOR ORDER AUTHORIZING ABANDONMENT PURSUANT TO 11 U.S.C. § 554 AND DISPOSAL OF CERTAIN PERSONAL PROPERTY; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF ELISSA D. MILLER IN SUPPORT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) May 21, 2021 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page.

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) May 21, 2021, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

> The Honorable Barry Russell
> U.S. Bankruptcy Court
> Roybal Federal Building
> 255 E. Temple Street, Suite 1660
> Los Angeles, CA 90012

☒ Service information continued on attached page.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*)_____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| May 21, 2021 | Gabriela Gomez-Cruz | */s/ Gabriela Gomez-Cruz* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    **F 9013-3.1.PROOF.SERVICE**

**ADDITIONAL SERVICE INFORMATION (if needed):**

**1. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**

Kyra E Andrassy    kandrassy@swelawfirm.com, lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com
- Rafey Balabanian    rbalabanian@edelson.com, docket@edelson.com
- Michelle Balady    mb@bedfordlg.com, leo@bedfordlg.com
- William C Beall    will@beallandburkhardt.com, carissa@beallandburkhardt.com
- Ori S Blumenfeld    Ori@MarguliesFaithLaw.com, Helen@MarguliesFaithLaw.com;Angela@MarguliesFaithLaw.com;Vicky@MarguliesFaithLaw.com
- Richard D Buckley    richard.buckley@arentfox.com
- Marie E Christiansen    mchristiansen@vedderprice.com, ecfladocket@vedderprice.com,marie-christiansen-4166@ecf.pacerpro.com
- Jennifer Witherell Crastz    jcrastz@hrhlaw.com
- Ashleigh A Danker    Ashleigh.danker@dinsmore.com, SDCMLFiles@DINSMORE.COM;Katrice.ortiz@dinsmore.com
- Clifford S Davidson    csdavidson@swlaw.com, jlanglois@swlaw.com;cliff-davidson-7586@ecf.pacerpro.com
- Lei Lei Wang Ekvall    lekvall@swelawfirm.com, lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com
- Richard W Esterkin    richard.esterkin@morganlewis.com
- Timothy W Evanston    tevanston@swelawfirm.com, gcruz@swelawfirm.com;lgarrett@swelawfirm.com;jchung@swelawfirm.com
- Jeremy Faith    Jeremy@MarguliesFaithlaw.com, Helen@MarguliesFaithlaw.com;Angela@MarguliesFaithlaw.com;Vicky@MarguliesFaithlaw.com
- James J Finsten    , jimfinsten@hotmail.com
- Alan W Forsley    alan.forsley@flpllp.com, awf@fkllawfirm.com,awf@fl-lawyers.net,addy.flores@flpllp.com
- Eric D Goldberg    eric.goldberg@dlapiper.com, eric-goldberg-1103@ecf.pacerpro.com
- Andrew Goodman    agoodman@andyglaw.com, Goodman.AndrewR102467@notify.bestcase.com
- Suzanne C Grandt    suzanne.grandt@calbar.ca.gov, joan.randolph@calbar.ca.gov
- Steven T Gubner    sgubner@bg.law, ecf@bg.law
- Marshall J Hogan    mhogan@swlaw.com, knestuk@swlaw.com
- Sheryl K Ith    sith@cookseylaw.com, sith@ecf.courtdrive.com
- Razmig Izakelian    razmigizakelian@quinnemanuel.com
- Lewis R Landau    Lew@Landaunet.com
- Daniel A Lev    dlev@sulmeyerlaw.com, ccaldwell@sulmeyerlaw.com;dlev@ecf.inforuptcy.com
- Elizabeth A Lombard    elombard@zwickerpc.com, bknotices@zwickerpc.com
- Craig G Margulies    Craig@MarguliesFaithlaw.com, Vicky@MarguliesFaithlaw.com;Helen@MarguliesFaithlaw.com;Angela@MarguliesFaithlaw.com
- Peter J Mastan    peter.mastan@dinsmore.com, SDCMLFiles@dinsmore.com;Katrice.ortiz@dinsmore.com
- Edith R. Matthai    ematthai@romalaw.com, lrobie@romalaw.com
- Kenneth Miller    kmiller@pmcos.com, efilings@pmcos.com
- Elissa Miller (TR)    CA71@ecfcbis.com, MillerTrustee@Sulmeyerlaw.com;C124@ecfcbis.com;ccaldwell@sulmeyerlaw.com
- Eric A Mitnick    MitnickLaw@aol.com, mitnicklaw@gmail.com
- Scott H Olson    solson@vedderprice.com, scott-olson-2161@ecf.pacerpro.com,ecfsfdocket@vedderprice.com,nortega@vedderprice.com
- Leonard Pena    lpena@penalaw.com, penasomaecf@gmail.com;penalr72746@notify.bestcase.com
- Michael J Quinn    mquinn@vedderprice.com, ecfladocket@vedderprice.com,michael-quinn-2870@ecf.pacerpro.com
- David M Reeder    david@reederlaw.com, secretary@reederlaw.com
- Ronald N Richards    ron@ronaldrichards.com, morani@ronaldrichards.com
- Kevin C Ronk    Kevin@portilloronk.com, Attorneys@portilloronk.com
- William F Savino    wsavino@woodsoviatt.com, lherald@woodsoviatt.com
- Kenneth John Shaffer    johnshaffer@quinnemanuel.com
- Richard M Steingard    , awong@steingardlaw.com
- Philip E Strok    pstrok@swelawfirm.com, gcruz@swelawfirm.com;1garrett@swelawfirm.com;jchung@swelawfirm.com
- Boris Treyzon    jfinnerty@actslaw.com, sgonzales@actslaw.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Eric D Winston    ericwinston@quinnemanuel.com
- Christopher K.S. Wong    christopher.wong@arentfox.com, yvonne.li@arentfox.com
- Timothy J Yoo    tjy@lnbyb.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                                              F 9013-3.1.PROOF.SERVICE

**SERVED BY UNITED STATES MAIL:**

**Employees:**

| | | |
|---|---|---|
| ANDREW ALEXANDROFF<br>1755 OCEAN AVE APT 410<br>SANTA MONICA CA 90401-3619 | NICOLE ALLAUDIN<br>4335 JIMSON RD<br>LOS ANGELES CA 90041-1599 | ALICIA ALMEIDA<br>1126 WILSHIRE BLVD<br>LOS ANGELES CA 90017-1904 |
| MONICA ALMEIDA<br>1521 DUNSWELL AVE<br>HACIENDA HEIGHTS CA 91745-2726 | CHRISTOPHER AUMAIS<br>865 1/2 S BUNDY DR<br>LOS ANGELES CA 90049-5216 | ALVIN BEDFORD<br>38040 27TH ST E APT 104<br>PALMDALE CA 93550-6415 |
| DAVID BIGELOW<br>364 N HIGHLAND AVE<br>LOS ANGELES CA 90036-2630 | NEREIDA BOWMAN<br>17472 CHERVIL LN<br>SAN BERNARDINO CA 92407-9067 | ICXEN CARDENAS<br>14930 ROXTON AVE<br>GARDENA CA 90249-3753 |
| MARIA CARLOS<br>13109 FAUST AVE<br>DOWNEY CA 90242-5025 | ALEXI CARLTON<br>3330 E FOOTHILL BLVD UNIT 432<br>PASADENA CA 91107-3961 | OLGA CARLTON<br>11895 BRIARROSE LN<br>CHINO CA 91710-2040 |
| LINDA CASTRO<br>908 FINEGROVE AVE<br>HACIENDA HEIGHTS CA 91745-1314 | JOY CAVALLEZ<br>17808 VIERRA AVE<br>CERRITOS CA 90703-9052 | CELENE CHAN<br>360 E 2ND ST STE 300<br>LOS ANGELES CA 90012-4207 |
| ARELY CORNEJO<br>1126 WILSHIRE BLVD<br>LOS ANGELES CA 90017-1904 | ARELY CORNEJO<br>7778 LAUREL AVE<br>FONTANA CA 92336-2831 | HALEI CORY<br>5616 SUGAR MAPLE WAY<br>FONTANA CA 92336-5912 |
| KIM CORY<br>5616 SUGAR MAPLE WAY<br>FONTANA CA 92336-5912 | JOHN COURTNEY<br>2054 MONTEREY BLVD<br>HERMOSA BEACH CA 90254-2912 | MICHELLE DIAMANT<br>4847 W SLAUSON AVE APT 14<br>LOS ANGELES CA 90056-1248 |
| DIAMO DOKHANIAN<br>605 N ARDEN DR<br>BEVERLY HILLS CA 90210-3509 | NICOLE DURAN<br>1922 ROSEGLEN AVE<br>SAN PEDRO CA 90731-1173 | JESSICA ESTRADA<br>PO BOX 1206<br>MANHATTAN MT 59741-1206 |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                        **F 9013-3.1.PROOF.SERVICE**

| | | |
|---|---|---|
| TRACEY FAUST<br>2335 E COLORADO BLVD STE 115<br>PASADENA CA 91107-6833 | TODD FELIS<br>1942 REYNOSA DR<br>TORRANCE CA 90501-5514 | DESIREE FERNANDEZ<br>9663 SANTA MONICA BLVD # 774<br>BEVERLY HILLS CA 90210-4303 |
| ROBERT FINNERTY<br>10425 WHIPPLE ST<br>TOLUCA LAKE CA 91602-2808 | COLEEN FORWARD<br>751 E ORANGE GROVE BLVD APT A<br>PASADENA CA 91104-5451 | KALI FOURNIER<br>19120 CHANDON LN<br>HUNTINGTON BEACH CA 92648-2139 |
| BRIANNA FRANCO<br>14942 ARCHWOOD ST<br>VAN NUYS CA 91405-4549 | SHIRLEEN FUJIMOTO<br>2032 W 233RD ST<br>TORRANCE CA 90501-5802 | DYLAN FUJIOKA<br>1501 PEBBLEDON ST<br>MONTEREY PARK CA 91754-4312 |
| GRACE FUJIOKA<br>1501 PEBBLEDON ST<br>MONTEREY PARK CA 91754-4312 | SHELBY FUJIOKA<br>1501 PEBBLEDON ST<br>MONTEREY PARK CA 91754-4312 | JASON FUKUMAN<br>2313 W 170TH ST<br>TORRANCE CA 90504-2833 |
| ALEXA GALLOWAY<br>5637 OAKHILL DR<br>SANTA MARIA CA 93455-6007 | SAMANTHA GOLD<br>531 N ROSSMORE AVE APT 302<br>LOS ANGELES CA 90004-2434 | KEITH GRIFFIN<br>10806 ESTHER AVE<br>LOS ANGELES CA 90064-3225 |
| MARK HEARN<br>120 23RD ST<br>MANHATTAN BEACH CA 90266-4410 | SAMMY HSU<br>13044 PACIFIC PROM<br>PLAYA VISTA CA 90094 | JOSEMARIA IBARRA<br>2410 E EL SEGUNDO BLVD<br>COMPTON CA 90222-2204 |
| LUPE INCLAN-WHITE<br>2965 E THOROUGHBRED ST<br>ONTARIO CA 91761-5088 | MICHAEL JACOBY<br>1126 WILSHIRE BLVD<br>LOS ANGELES CA 90017-1904 | LUIS JIMENEZ<br>640 E 23RD ST<br>LOS ANGELES CA 90011-1142 |
| NATALIE JUAREZ<br>223 S CARONDELET ST<br>LOS ANGELES CA 90057-2015 | RITA JUAREZ<br>223 S CARONDELET ST<br>LOS ANGELES CA 90057-2015 | CHRISTOPHER KAMON<br>4030 ADMIRABLE DR<br>RANCHO PALOS VERDES CA 90275-6030 |
| MICHAEL KELLY<br>4656 LEDGE AVE<br>TOLUCA LAKE CA 91602-1536 | CHRISTINA KIM<br>5037 ROSEWOOD AVE APT 305<br>LOS ANGELES CA 90004-1786 | ANN KURKE<br>355 WHITING ST<br>EL SEGUNDO CA 90245-2907 |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                    F 9013-3.1.PROOF.SERVICE

| | | |
|---|---|---|
| GAYLE KUROSU<br>1116 W 187TH ST<br>GARDENA CA 90248-4123 | LYNNE LEPORE<br>1126 WILSHIRE BLVD<br>LOS ANGELES CA 90017-1904 | DAVID LIRA<br>420 S HILL AVE<br>PASADENA CA 91106-3460 |
| IRASEMA LONGORIA<br>16268 SANTA BIANCA DR<br>HACIENDA HEIGHTS CA 91745-4829 | ISABEL MANCILLA<br>4816 MCKINLEY AVE<br>LOS ANGELES CA 90011-5423 | AMANDA MCCLINTOCK<br>332 19TH ST<br>MANHATTAN BEACH CA 90266-4513 |
| JOHN MCCORKLE<br>1126 WILSHIRE BLVD<br>LOS ANGELES CA 90017-1904 | SHAWNA MILLS<br>955 N DUESENBERG DR APT 7304<br>ONTARIO CA 91764-7955 | ASHKAHN MOHAMADI<br>8722 ASHCROFT AVE<br>WEST HOLLYWOOD CA 90048-1802 |
| ARIEL MONASTERIO<br>726 TULAROSA DR<br>LOS ANGELES CA 90026-3629 | CLAUS MORY<br>4455 LOS FELIZ BLVD APT 707<br>LOS ANGELES CA 90027-2138 | RONEN NAHOURAY<br>1151 COLDWATER CANYON DR<br>BEVERLY HILLS CA 90210-2420 |
| MARY NGUYEN<br>9071 ENLOE WAY<br>GARDEN GROVE CA 92844-2705 | MARTHA OCALLAGHAN<br>121 W GRAND AVE<br>ALHAMBRA CA 91801-2344 | JAMES O'CALLAHAN<br>1126 WILSHIRE BLVD<br>LOS ANGELES CA 90017-1904 |
| MARINA PACHECO<br>1000 S GRAND AVE APT 319<br>LOS ANGELES CA 90015-3470 | JOHN PADILLA<br>10006 S BROADWAY UNIT 115<br>LOS ANGELES CA 90003-5504 | JASON PAYNE<br>29039 GLADIOLUS DR<br>CANYON COUNTRY CA 91387-1829 |
| PATTY PAZ<br>351 S REBECCA ST<br>POMONA CA 91766-1556 | BALTHAZAR PEREZ<br>1002 RADWAY AVE<br>LA PUENTE CA 91744-1829 | JESSE PEREZ<br>715 1/2 W 45TH ST<br>LOS ANGELES CA 90037-3462 |
| JOSE PEREZ<br>1126 WILSHIRE BLVD<br>LOS ANGELES CA 90017-1904 | CHRISTINA PESCE<br>238 PRESIDENT ST APT 1<br>BROOKLYN NY 11231-4310 | KENNY RAMIREZ<br>5634 SCHARF AVE<br>FONTANA CA 92336-5917 |
| ANDRE REID<br>9715 S BROADWAY APT 4<br>LOS ANGELES CA 90003-4159 | VIKTORS REKTE<br>1126 WILSHIRE BLVD<br>LOS ANGELES CA 90017-1904 | JAIME REVILLA<br>3555 SAN MARINO ST APT 106<br>LOS ANGELES CA 90019-2325 |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                                           F 9013-3.1.PROOF.SERVICE

| | | |
|---|---|---|
| LYSSA ROBERTS<br>1525 CARVER ST<br>REDONDO BEACH CA 90278-2815 | GLADYS RODAS<br>352 E 91ST ST<br>LOS ANGELES CA 90003-3806 | MELISA ROSADINI<br>8655 BELFORD AVE APT 216<br>LOS ANGELES CA 90045-4559 |
| JACQUELINE ROUILLARD<br>1250 W 184TH ST<br>GARDENA CA 90248-4016 | NORINA ROUILLARD<br>1250 W 184TH ST<br>GARDENA CA 90248-4016 | RENAE SALAS<br>1126 WILSHIRE BLVD<br>LOS ANGELES CA 90017-1904 |
| RENAE SALAS<br>17467 SANDLEWOOD DR<br>RIVERSIDE CA 92503-6781 | ARLAN SALONGA<br>4315 PARAMOUNT BLVD UNIT A<br>PICO RIVERA CA 90660-1698 | CURTIS SARIAN<br>5125 GREEN CROSS ROAD<br>LA CANADA FLINTRIDGE CA 91011 |
| ANDRE SHERMAN<br>3555 GIDDINGS RANCH RD<br>ALTADENA CA 91001-3800 | JENNIFER SIEGEL<br>1126 WILSHIRE BLVD<br>LOS ANGELES CA 90017-1904 | SONJAY SINGH<br>616 ST PAUL AVE<br>LOS ANGELES CA 90017-2022 |
| AMY SOLOMON<br>3001 OLD CALZADA RD<br>SANTA YNEZ CA 93460-9526 | MALLORY SOTO<br>1146 KNOLL DR<br>MONTEREY PARK CA 91754-2513 | ALEXANDRA STEELE<br>3055 SAN GABRIEL AVE<br>GLENDALE CA 91208-1701 |
| VAN TAMROWSKI<br>426 MERCURY LN<br>PASADENA CA 91107-2922 | COLLEEN TEEMAN<br>30164 VALLEY GLEN ST<br>CASTAIC CA 91384-3249 | CARLOS URZUA<br>5653 RABER ST<br>LOS ANGELES CA 90042-1172 |
| GARRET VALERIO<br>245 LAMONT DR<br>LOS ANGELES CA 90042-3515 | THERESA VITALE<br>1330 QUINTERO ST APT 1<br>LOS ANGELES CA 90026-7100 | TERRY WADA-KUBO<br>5 UTE RIVER CT<br>SACRAMENTO CA 95831-3372 |
| MARYLIN WAKATSUKI<br>4315 PARAMOUNT BLVD UNIT A<br>PICO RIVERA CA 90660-1698 | KELLY WEIL<br>20668 MEDLEY LN<br>TOPANGA CA 90290-3320 | ANNIE WILSON<br>3414 FISHER ST<br>HIGHLAND CA 92346-3103 |
| RYAN YOSHIYAMA<br>2117 SAN ANTONIO DR<br>MONTEBELLO CA 90640-2450 | KATHRYN ZIMMER<br>96 HENEARLY DR<br>MILLER PLACE NY 11764-3305 | |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                                                    F 9013-3.1.PROOF.SERVICE