**SMILEY WANG-EKVALL, LLP**
Lei Lei Wang Ekvall, State Bar No. 163047
*lekvall@swelawfirm.com*
Philip E. Strok, State Bar No. 169296
*pstrok@swelawfirm.com*
Timothy W. Evanston, State Bar No. 319342
*tevanston@swelawfirm.com*
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Telephone:   714 445-1000
Facsimile:   714 445-1002

Attorneys for Elissa D. Miller, Chapter 7
Trustee

<div align="center">

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

</div>

| | |
|---|---|
| In re | Case No. 2:20-bk-21022-BR |
| GIRARDI KEESE, | Chapter 7 |
| Debtor. | **REPLY TO OPPOSITION OF ERIKA GIRARDI TO CHAPTER 7 TRUSTEE'S APPLICATION TO EMPLOY THE LAW OFFICES OF RONALD RICHARDS & ASSOCIATES, A.P.C., AS SPECIAL LITIGATION COUNSEL** |
| | Date:        June 8, 2021
Time:        10:00 a.m.
Ctrm.:        1668
                  255 E. Temple Street
                  Los Angeles, California 90012 |

**TO THE HONORABLE BARRY RUSSELL, UNITED STATES BANKRUPTCY JUDGE:**

Elissa D. Miller, the chapter 7 trustee (the "Trustee") for the bankruptcy estate (the "Estate") of Girardi Keese (the "Debtor"), submits this reply to the Opposition [Docket No. 333] filed by Erika Girardi ("Erika") to the *Chapter 7 Trustee's Application to Employ the Law Offices of Ronald Richards & Associates, A.P.C., as Special Litigation Counsel* [Docket No. 318] (the "Application").

<div style="text-align: left; writing-mode: vertical-rl;">
SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002
</div>

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

## I.    **<u>INTRODUCTION</u>**

The Court should overrule the Opposition and grant the Trustee's Application to employ the Law Offices of Ronald Richards & Associates, A.P.C. (the "Richards Firm"), as special litigation counsel.  The Application is non-controversial and straightforward; the Trustee seeks to employ the Richards Firm to investigate and pursue possible fraudulent transfer claims against Erika.  The Trustee's application is fully transparent and makes clear that the Richards Firm represents certain creditors of the Debtor.

Preliminarily, the Opposition is fatally defective and should not even be considered as Erika does not have standing to oppose the Application.  She makes no attempt to explain why she should be heard on the Application.  For this reason alone, the Opposition should be overruled.

As to the Application itself, Erika asserts two bases for its denial.  Both fail.  First, the creditors represented by the Richards Firm **<u>are</u> <u>not</u>** pursuing fraudulent transfer claims that belong to the Estate.  More specifically, the Trustee and the creditors represented by the Richards Firm have agreed that **<u>only</u>** the Estate will pursue fraudulent transfer claims.  This agreement, stated on the record and recognized by this Court's order, eliminates any actual conflict of interest.  Second, the Trustee seeks to employ the Richards Firm as special litigation counsel under section 327(e).  Employing the Richards Firm under section 327(e) limits the inquiry as to whether the Richards Firm holds an adverse interest.  Erika's disregard for the limitation in section 327(e)—namely, her failure to argue how a possible claim objection presents an interest adverse to the Estate in an unrelated potential fraudulent transfer action—warrants denial.  There is no actual conflict, and the Richards Firm does not hold an adverse interest with respect to the matter for which they are employed.

Erika's request for a "gag order" is also not properly before the Court.  Moreover, it is irrelevant to the Application and should be summarily overruled.  Accordingly, the Court should grant the Application.

SMILEY WANG-EKVALL, LLP

3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

## II.    BACKGROUND

### A.    The Sheldon Litigation

On December 9, 2020, the Law Offices of Philip R. Sheldon, APC, filed a complaint against Thomas V. Girardi, the Debtor, and DOES 1-100 in the Los Angeles Superior Court, commencing case number 20STCV47160 (the "Sheldon Litigation").  On December 16, 2020, the Law Offices of Philip R. Sheldon, APC, Philip R. Sheldon, Law of Robert P. Finn, and Robert P. Finn (collectively, the "Plaintiffs") filed a first amended complaint (the "First Amended Complaint") in the Sheldon Litigation.  In the First Amended Complaint, the Plaintiffs assert a cause of action to recover fraudulent transfers.

On January 29, 2021, the Richards Firm filed a Notice of Association of Counsel on behalf of the Plaintiffs.  As disclosed in the Trustee's Application, the Richards Firm is currently counsel for the Plaintiffs who claim to be creditors of the Estate.

### B.    The Removal and Remand of the Sheldon Litigation

On March 5, 2021, David Lira filed a notice of removal to remove the Sheldon Litigation to this Court.  Subsequently, the Sheldon Litigation was assigned adversary case number 2:21-ap-01039-BR.  On March 9, 2021, the Court entered an order setting a status conference and ordering the parties to show cause why the Court should not abstain and remand the Sheldon Litigation.  The Court also set a status conference on the notice of removal for May 11, 2021.

On March 25, 2021, the Trustee entered into a *Stipulation for Voluntary Dismissal of Debtor Pursuant to Federal Rule of Civil Procedure 41(a)* [Docket No. 15] (the "Stipulation").  *See* Stipulation, Ex. "1."[1]  Under the Stipulation, the Trustee and the Plaintiffs agreed to a dismissal of the Debtor without prejudice.  The parties further stipulated that the dismissal of the Debtor would have no effect on the Plaintiffs' right to

---

[1] Pursuant to Federal Rule of Evidence 201, the Trustee requests that the Court take judicial notice of the Stipulation, attached as Ex. "1," the Order attached as Ex. "2," the Statement attached as Ex. "3," and the Remand Order attached as Ex. "5."

1    enforce any alleged claim they purport to hold against the Debtor by filing a proof of claim

2    in the Debtor's case.  The parties also agreed that the dismissal would not affect the

3    Trustee's rights to dispute or object to any such claim.  On March 26, 2021, the Court

4    entered an order approving the Stipulation [Docket No. 16].  *See* Order, Ex. "2."

5         On April 16, 2021, the Plaintiffs filed a *Motion for Remand* [Docket No. 20] (the

6    "Remand Motion") in response to Lira's notice of removal.  A hearing on the Remand

7    Motion was scheduled for May 11, 2021.  In response to the Remand Motion, the Trustee

8    filed the Chapter 7 Trustee's *Statement of Non-Opposition to Plaintiffs' Motion for*

9    Remand (the "Statement") [Docket No. 26] on April 27, 2021.  In the Statement, the

10   Trustee informed the Court that based on the Plaintiffs' agreement "that they would not

11   pursue the fraudulent transfer claims," the Trustee did not oppose the Remand Motion.

12   *See* Statement, Ex. "3."

13        At the hearing on the Remand Motion, counsel for the Plaintiffs confirmed that the

14   fraudulent transfer claims asserted by the Plaintiffs in the Sheldon Litigation belonged to

15   the Estate in the following exchange:

16        Mr.  Evanston [Trustee's Counsel]:  …Our only request is that Plaintiffs'
          counsel confirm on the record that the fraudulent transfer claims will be
17        pursued by the estate.

18        Mr. Richards:  That's correct, your Honor.  ***We are not pursuing any of the***
          ***fraudulent transfer claims.  Those are just going to be pursued by the***
19        ***estate only.***

20   *See* Transcript of May 11, 2021 Remand Motion Hearing at 12:17-23, Ex. "4."  Following

21   this exchange, counsel for the Plaintiffs twice confirmed that the Plaintiffs would not

22   pursue the fraudulent transfer claims.  *See id*. at 13:12-14 ("We're not going to pursue the

23   fraudulent conveyance claims that are pled in the complaint. Those belong to the

24   estate…") and *id*. at 13:21-22 ("We're not pursuing the fraudulent conveyance claims.").

25        On May 13, 2021, the Court entered an order granting the Remand Motion.  The

26   Order also stated that "[c]ounsel for Plaintiffs also reaffirmed that Plaintiffs would not be

27   proceeding on any fraudulent transfer claims, including but not limited to the 6th Cause of

28

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000  •  Fax 714 445-1002

1   Action in the First Amended Complaint, and that fraudulent transfer claims belong to the

2   bankruptcy estate of Girardi Keese."  *See* Remand Order, Ex. "5."

3

4   **III.    <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>**

5          Section 327(c) provides that "a person is not disqualified for employment under

6   this section solely because of such person's employment by or representation of a

7   creditor, unless there is an objection by another creditor or the United States trustee, in

8   which case the court shall disapprove such employment if there is an actual conflict of

9   interest."  *See* 11 U.S.C. § 327(c).  Although Section 327(c) "applies generally to all

10  employment under § 327…clearly the 'actual conflict of interest' that it references must be

11  analyzed in the narrower context of § 327(e)."  *See In re Polaroid Corp*, 424 B.R. at 453

12  citing *Stoumbos*, 988 F.2d at 964.  "'[A] conflict of interest is actual and warrants

13  disqualification under § 327(c) if there is active competition between two interests, in

14  which one interest can only be served at the expense of the other.'"  *In re Hummer*

15  *Transportation, Inc.*, 2013 WL 8013588 (Bankr. E.D. Cal. September 12, 2013) citing

16  *Johnson v. Richter, Miller & Finn (In re Johnson)*, 312 B.R. 810, 822 (E.D. Va. 2004).

17         Under Section 327(e), subject to court approval, a trustee may employ:

18             [F]or a specified special purpose, other than to represent the
               trustee in conducting the case, an attorney that has
19             represented the debtor, if in the best interest of the estate,
               and if such attorney does not represent or hold any interest
20             adverse to the debtor or the estate ***with respect to the
               matter on which such attorney is to be employed***.

21

22  *See* 11 U.S.C. § 327(e) (emphasis added).

23         Courts have held that the "where the trustee seeks to appoint counsel only as

24  'special counsel' for a specific matter, there need only be no conflict between the trustee

25  and counsel's creditor client *with respect to the specific matter itself.  Stoumbos v.*

26  *Kilimnik (In re Am. Alloy Metals)*, 988 F.2d 949, 964 (9th Cir. 1993) (emphasis added).

27  "Section 327(e) has a narrower focus than § 327(a), and imposes fewer restrictions on

28  the proposed attorney."  *See In re Polaroid Corp.*, 424 B.R. 446, 452 (Bankr. D. Minn.

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

1   2010).   Courts have "defined what it means to hold an adverse interest as follows: (1) to

2   possess or assert any economic interest that would tend to lessen the value of the

3   bankrupt estate or that would create either an actual or potential dispute in which the

4   estate is a rival claimant; or (2) to possess a predisposition under circumstances that

5   render such a bias against the estate."  *See Tevis v. Wilke, Fleury, Hoffelt, Gould &*

6   *Birney, LLP (In re Tevis)*, 347 B.R. 679, 688 (B.A.P. 9th Cir. 2006).

7       **A.**    **Erika Has No Standing to Object to the Application**

8       Erika does not have standing to object to the application.  "A party's standing in a

9   bankruptcy case is governed by the 'person aggrieved' standard.  A 'person aggrieved' is

10  one whose pecuniary interests are directly and adversely affected."  *Sheen v. Diamond*

11  *(In re Am. Comput. & Dig. Components, Inc.),* 2005 WL 6960172 (B.A.P. 9th Cir. May 12,

12  2005); see also *In re Autosport Int'l, Inc.*, 2013 WL 3199826 at *3-4 (Bankr. C.D. Cal.

13  June 24, 2013) (determining that opposition documents to motion could not be

14  considered because the party lacked standing).

15      Erika has not made any showing of how she is a person aggrieved with standing.

16  Here, Erika has not filed a proof of claim, or highlighted any pecuniary interests that

17  would be adversely affected by an order granting the Trustee's application to employ the

18  Richards Firm.  Moreover, Erika cannot establish standing simply because she *might* be

19  a defendant in a fraudulent transfer action.  Courts have routinely held that status as a

20  defendant in a fraudulent transfer case does not confer standing. *See, e.g. Abbott v. Daff*

21  *(In re Abbott)*, 183 B.R. 198 (B.A.P. 9th Cir. 1995) (holding that the debtor's wife did not

22  have standing as a potential defendant to appeal the order reopening case so that trustee

23  could pursue fraudulent transfer claims against her); *Wigley v. Wigley (In re Wigley)*, 886

24  F.3d 681, 685 (8th Cir. 2018) (holding that debtor's wife did not have standing to appeal

25  bankruptcy court's order granting the creditor relief from stay to prosecute fraudulent

26  transfer action against her).

27      The Ninth Circuit's decision in *Fondiller v. Robertson (In re Fondiller)*, 707 F.2d

28  441 (9th Cir. 1983) mirrors the facts here.  In *Fondiller*, the chapter 7 trustee employed

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

2868820.3                                           6                                        REPLY

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

1  special litigation counsel to investigate and pursue fraudulent transfer claims against a

2  debtor and his wife, a non-debtor.  The bankruptcy court approved the employment of

3  special litigation counsel, and the BAP affirmed.  Subsequently, the wife appealed the

4  order, and the Ninth Circuit affirmed the BAP.  In its holding, the Ninth Circuit noted that

5  the wife's only "demonstrable interest" was as a "potential party defendant in an

6  adversary proceeding[.]"  *Id*. at 443.  Thus, because the "order did not diminish her

7  property, increase her burdens, or detrimentally affect her rights," the wife lacked

8  standing to appeal the order.  Similarly, an order granting the application to employ the

9  Richards firm has no direct impact on Erika.  The order itself does not diminish her

10  property, increase any burdens, or detrimentally affect any rights.  Indeed, Erika raises

11  none of these arguments in her opposition.

12      In sum, Erika, as a mere *potential* defendant, does not have standing to oppose

13  the Application.  The Court can disregard the opposition on this basis alone.

14  Nonetheless, as set forth below, Erika's opposition also fails on the merits and provides

15  no grounds to deny the Application.

16  **B.**    **The Fraudulent Transfer Claims Will Only Be Pursued by the Trustee**

17  **and Do Not Create an Actual Conflict or an Adverse Interest**

18      Erika argues at length that because the Richards Firm represents the Plaintiffs

19  (who previously asserted fraudulent transfer claims), there is an actual conflict because

20  fraudulent transfer claims belong to the Estate.  It is true that fraudulent transfer claims

21  belong to the Estate.  However, there is no actual conflict here.  The Plaintiffs have

22  agreed that the fraudulent transfer claims belong to the Estate and will only be pursued

23  by the Estate.  The Trustee acknowledged this agreement with the Plaintiffs in her

24  Statement to the Remand Motion filed with the Court.  *See* Statement, Ex. "3."

25  Subsequently, counsel for the Plaintiffs repeatedly stated on the record at the hearing on

26  the Remand Motion that the Plaintiffs would not pursue the fraudulent transfer claims.

27  *See* Transcript, Ex. "4."  In fact, the Court recognized the Plaintiffs' statements in its order

28  granting the Remand Motion. *See* Remand Order, Ex. "5."  Because the Plaintiffs have

1  agreed not to pursue the fraudulent transfer claims, there will be no overlap between the

2  Estate and the Plaintiffs.  Simply put, there is no actual conflict.[2]  Similarly, the Plaintiffs'

3  agreement not to pursue the fraudulent transfer claims also means that the Richards Firm

4  does not represent a party that holds an adverse interest.  In sum, there is no basis to

5  deny the Application because of the fraudulent transfer claims.

6  **C.**    **The Potential Claim Objection Does Not Constitute an Actual Conflict**

7  **or An Adverse Interest**

8          There is no actual conflict nor interest adverse to the Estate concerning the

9  Trustee's potential claim objection to the Plaintiffs' claim.  Erika contends that the Trustee

10  may be required to object to the Plaintiffs' claim on the basis that the Plaintiffs' claim is

11  based on money allegedly owed pursuant to a purported oral fee-splitting agreement,

12  which Erika contends is impermissible under California law. *See* Opposition at 9:4-6.

13  Erika's assertions are based on a misapplication of the standard in section 327(e) by

14  disregarding its limiting language.

15          Section 327(e) provides that proposed counsel cannot represent an adverse

16  interest "with respect to the matter on which such attorney is to be employed."  *See* 11

17  U.S.C. § 327(e).  As made clear in the Application, the Richards Firm's employment is

18  limited to investigating and pursuing fraudulent transfer claims on behalf of the Estate.

19  As to this limited purpose, the interests of the Estate and the Plaintiffs are squarely

20  aligned—both parties are interested in maximizing recovery.  In searching for a conflict,

21  Erika looks beyond the narrow confines of the scope of the Richards Firm's employment

22  and misapplies the standard under section 327(e) by expanding its express limitations.

23  Erika fails to explain how a potential claim objection, which would not be handled by the

24  Richards Firm, as it is outside the scope of the Richards Firm's employment, conflicts

25

26          [2] Erika's contention that the Trustee has failed to make the requisite disclosures in her application to
employ the Richards Firm concerning the fraudulent transfer claims and potential claim objection is a red
27  herring.  At the time the Trustee filed her Application, the Plaintiffs had already agreed that the fraudulent
transfers claims belonged to the Estate.  Moreover, as discussed in more detail later, the potential claim
28  objection is a distinct issue and is not within the limited scope of the Richards Firm's employment.

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

1  with recovery of fraudulent transfers or how these issues are even connected.  The

2  Richards Firm's representation of the Plaintiffs is completely unrelated to its duties as

3  special litigation counsel, and does not preclude its employment as special litigation

4  counsel.  There is no actual conflict or adverse interest.

5      The Bankruptcy Appellate Panel from the Ninth Circuit has rejected the line of

6  arguments Erika raises.  In *Fondiller v. Robertson (In re Fondiller),* 15 B.R. 890 (B.A.P.

7  9th Cir. 1981) (aff'd on other grounds), the chapter 7 trustee sought to employ a firm as

8  special litigation to pursue fraudulent transfer claims against the debtor and his wife, a

9  non-debtor.  The debtor and his wife objected to the trustee's employment of the firm

10  because the firm was currently representing certain creditors.  The B.A.P. did not find

11  these arguments persuasive.  In affirming the bankruptcy court's order authorizing

12  employment of the firm, the B.A.P. noted that section 327(e) does not require special

13  litigation counsel to cease its current representation of certain creditors.  Here, the

14  Richards Firm's representation of the Plaintiffs is not adverse, nor does it create an actual

15  conflict with respect to Richards Firm's limited scope of employment (investigating and

16  pursuing fraudulent transfer claims against Erika and any of her related entitles).

17  Because the Richards Firm is representing the Trustee in a limited capacity, there is no

18  issue with the Richards Firm's representation of other creditors.

19      Further, if Erika's arguments are accepted, they would render section 327(c)

20  superfluous.  It is not unusual for a trustee to retain special litigation counsel that also

21  represents a creditor.  Indeed, it is expressly permitted by the Bankruptcy Code and Erika

22  acknowledges that in Thomas Girardi's individual case, she did not oppose the trustee's

23  application to employ special litigation counsel that represents certain creditors.  *See*

24  Opposition at 1:17.  However, Erika's contention that a potential objection to a proof of

25  claim precludes employment of special litigation counsel means that any time counsel

26  represents a creditor, proposed counsel could never be retained by a trustee.  If this were

27  true, then section 327(c)'s language that provides that "a person is not disqualified for

28  employment…solely because of such person's…representation of a creditor" is

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000  •  Fax 714 445-1002

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

1    meaningless.  On this point, Erika provides no case law or legal authority for a position

2    that contravenes section 327(c).  In short, Erika's position is unsupported, in

3    contravention of the Bankruptcy Code and should be rejected.

4    **D.    The Request for a Gag Order is Improper**

5        Erika's request that the Court issue a "gag order" limiting the speech of Mr.

6    Richards is improperly raised.  This request is completely irrelevant to the standard for

7    employment set forth in the Application.  Moreover, the issue is not currently before the

8    Court, and should not be raised in an opposition for the first time.  "Courts in this and

9    other districts have concluded that a request for affirmative relief is not proper when

10    raised for the first time in an opposition."  *Smith v. Premiere Valet Services, Inc.*, 2020

11    WL 7034346 at *14 (C.D. Cal. August 4, 2020) (citing decisions where courts have

12    rejected affirmative requests for relief first raised in oppositions).  Thus, because the

13    issue is not before the Court and is irrelevant, the Court need not consider it and should

14    deny the request.

15

16    **IV.    CONCLUSION**

17        For the foregoing reasons, the Trustee requests that the Court overrule the

18    Opposition and enter an order granting the Application.

19

20    DATED:  June 1, 2021                    Respectfully submitted,

21                                            SMILEY WANG-EKVALL, LLP

22

23

24    By:    */s/ Lei Lei Wang Ekvall*
            LEI LEI WANG EKVALL
25          Attorneys for Elissa D. Miller, Chapter 7
            Trustee

26

27

28

# EXHIBIT "1"

**SMILEY WANG-EKVALL, LLP**
Lei Lei Wang Ekvall, State Bar No. 163047
*lekvall@swelawfirm.com*
Philip E. Strok, State Bar No. 169296
*pstrok@swelawfirm.com*
Timothy W. Evanston, State Bar No. 319342
*tevanston@swelawfirm.com*
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Telephone:   714 445-1000
Facsimile:    714 445-1002

Attorneys for Elissa Miller, Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No. 2:20-bk-21022-BR |
| GIRARDI KEESE, | Chapter 7 |
| Debtor. | Adv No. 2:21-ap-01039-BR |
| LAW OFFICES OF PHILIP R. SHELDON, APC, a California professional corporation; PHILIP SHELDON, an individual; LAW OFFICES OF ROBERT P. FINN; a California Sole Proprietorship; and ROBERT P. FINN, an individual, | **STIPULATION FOR VOLUNTARY DISMISSAL OF DEBTOR PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(a)** |
| Plaintiffs, | **[No Hearing Required]** |
| v. | |
| THOMAS V. GIRARDI, an individual; GIRARDI KEESE; a California law firm; ERIKA GIRARDI a/k/a/ ERIKA JAYNE, an individual; EJ GLOBAL, LLC, a California limited liability company; 1126 WILSHIRE PARTNERSHIP, a California general partnership; GIRARDI FINANCIAL, INC., a Nevada corporation; DAVID LIRA, an individual; ROBERT FINNERTY, an individual; and DOES 1-100, inclusive, | |
| Defendants. | |

2861798.4                                    1                                    STIPULATION

**TO THE HONORABLE BARRY RUSSELL, UNITED STATES BANKRUPTCY JUDGE:**

Elissa D. Miller, the chapter 7 trustee (the "Trustee") for the bankruptcy estate of Girardi Keese (the "Debtor"), and the Law Offices of Philip R. Sheldon, APC, Philip R. Sheldon, Law Offices of Robert P. Finn, and Robert P. Finn (collectively, the "Plaintiffs"), by and through their respective counsel, hereby stipulate as follows:

## RECITALS

A.      On December 9, 2020, the Law Offices of Philip R. Sheldon, APC, filed a complaint against Thomas V. Girardi, the Debtor, and DOES 1-100, in the Los Angeles Superior Court, commencing Case No. 20STCV47160 (the "State Court Action").

B.      On December 16, 2020, the Plaintiffs filed a First Amended Complaint against Thomas V. Girardi, the Debtor, as well as Erika Girardi, EJ Global, LLC, 1126 Wilshire Partnership, Girardi Financial, Inc., David Lira, and Robert Finnerty.

C.      On December 18, 2020, petitioning creditors Jill O'Callahan, as success in interest to James O'Callahan, Robert M. Keese, John Abassian, Erika Saldana, Virginia Antonio, and Kimberly Archie (collectively, the "Petitioning Creditors") filed an involuntary chapter 7 bankruptcy petition against the Debtor.  This same day, the Petitioning Creditors also filed an involuntary chapter 7 bankruptcy case against Thomas Girardi, which is currently pending as Bankruptcy Case No. 2:20-bk-21020-BR.

D.      On March 5, 2021, Defendant David Lira filed a Notice of Removal, removing the State Court Action to this Court and commencing adversary case 2:21-ap-1039-BR (the "Adversary Case").

E.      On March 9, 2021, the Court entered an order setting a status conference and ordering the parties to show cause why the Court should not abstain and remand the State Court Action.

F.      A status conference is currently scheduled for May 11, 2021.

G.      The Trustee and the Plaintiffs have agreed to a dismissal of the Debtor without prejudice.

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

**<u>STIPULATION</u>**

In light of the foregoing recitals, the Trustee and the Plaintiffs stipulate to the following:

1.      The Debtor is dismissed from the Adversary Case and the State Court Action without prejudice;

2.      The voluntary dismissal of the Debtor shall have no effect on the Plaintiffs' right to enforce any alleged claim they purport to hold against the Debtor by filing a proof of claim in the Debtor's bankruptcy case or the rights of the Trustee to dispute or object to any such claim filed; and

3.      The Trustee/Debtor's estate and the Plaintiffs shall bear their own fees and costs.

DATED: March 25, 2021            SMILEY WANG-EKVALL, LLP


By:    _____*/s/ Lei Lei Wang Ekvall*_____
       LEI LEI WANG EKVALL
       Attorneys for Elissa Miller, Chapter 7 Trustee


DATED: March 24, 2021            SPERTUS, LANDES & UMHOFER, LLP


By:    _____
       JAMES SPERTUS
       Attorneys for Plaintiffs Law Offices of Philip R.
       Sheldon, APC; Philip R. Sheldon; Law Offices
       of Robert P. Finn; and Robert P. Finn

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 3200 Park Center Drive, Suite 250, Costa Mesa, CA 92626.

A true and correct copy of the foregoing document entitled (*specify*): **STIPULATION FOR VOLUNTARY DISMISSAL OF DEBTOR PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(a)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)  March 25, 2021  I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Lei Lei Wang Ekvall    lekvall@swelawfirm.com, lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com
- Edith R. Matthai    ematthai@romalaw.com, lrobie@romalaw.com
- Elissa Miller (TR)    CA71@ecfcbis.com, MillerTrustee@Sulmeyerlaw.com;C124@ecfcbis.com;ccaldwell@sulmeyerlaw.com
- Ronald N Richards    ron@ronaldrichards.com, morani@ronaldrichards.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Timothy J Yoo    tjy@lnbyb.com

☐ Service information continued on attached page.

**2. SERVED BY UNITED STATES MAIL**:
On (*date*)  March 25, 2021 , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

The Honorable Barry Russell
U.S. Bankruptcy Court
Roybal Federal Building
255 E. Temple Street, Suite 1660
Los Angeles, CA 90012

James W Spertus
Spertus Landes & Umhoffer LLP
1990 South Bundy Dr Ste 705
Los Angeles, CA 90025

☐ Service information continued on attached page.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____ , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| March 25, 2021 | Gabriela Gomez-Cruz | */s/ Gabriela Gomez-Cruz* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**

EXHIBIT "1", PAGE 14

# EXHIBIT "2"

**SMILEY WANG-EKVALL, LLP**
Lei Lei Wang Ekvall, State Bar No. 163047
lekvall@swelawfirm.com
Philip E. Strok, State Bar No. 169296
pstrok@swelawfirm.com
Timothy W. Evanston, State Bar No. 319342
tevanston@swelawfirm.com
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Telephone:   714 445-1000
Facsimile:   714 445-1002

Attorneys for Elissa Miller, Chapter 7 Trustee

FILED & ENTERED

MAR 26 2021

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY fortier      DEPUTY CLERK

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No. 2:20-bk-21022-BR |
| GIRARDI KEESE, | Chapter 7 |
| Debtor. | Adv No. 2:21-ap-01039-BR |
| LAW OFFICES OF PHILIP R. SHELDON, APC, a California professional corporation; PHILIP SHELDON, an individual; LAW OFFICES OF ROBERT P. FINN; a California Sole Proprietorship; and ROBERT P. FINN, an individual, | **ORDER APPROVING STIPULATION FOR VOLUNTARY DISMISSAL OF DEBTOR PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41(a)** |
| Plaintiffs, | **[No Hearing Required]** |
| v. | |
| THOMAS V. GIRARDI, an individual; GIRARDI KEESE; a California law firm; ERIKA GIRARDI a/k/a/ ERIKA JAYNE, an individual; EJ GLOBAL, LLC, a California limited liability company; 1126 WILSHIRE PARTNERSHIP, a California general partnership; GIRARDI FINANCIAL, INC., a Nevada corporation; DAVID LIRA, an individual; ROBERT FINNERTY, an individual; and DOES 1-100, inclusive, | |
| Defendants. | |

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

1    The Court having reviewed the *Stipulation for Voluntary Dismissal of Debtor*

2    *Pursuant to Federal Rule of Civil Procedure 41(a)* (the "Stipulation")[1], which was filed as

3    docket number 15, and good cause appearing,

4    IT IS HEREBY ORDERED AS FOLLOWS:

5    1.    The Stipulation is approved;

6    2.    The Debtor is dismissed from the Adversary Case and the State Court

7    Action without prejudice;

8    3.    The voluntary dismissal of the Debtor shall have no effect on the Plaintiffs'

9    right to enforce any alleged claim they purport to hold against the Debtor by filing a proof

10   of claim in the Debtor's bankruptcy case or the rights of the Trustee to dispute or object to

11   any such claim filed; and

12   4.    The Trustee/Debtor's estate and the Plaintiffs shall bear their own fees and

13   costs.

14                              ###

22

23

24   Date: March 26, 2021

                              _____
25                            Barry Russell
                              United States Bankruptcy Judge

26

27   _____

28   [1] Capitalized terms not defined herein shall have the meanings ascribed to them in the
     Stipulation.

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

EXHIBIT "2", PAGE 16

EXHIBIT "3"

1

**SMILEY WANG-EKVALL, LLP**
Lei Lei Wang Ekvall, State Bar No. 163047
2  *lekvall@swelawfirm.com*
Philip E. Strok, State Bar No. 169296
3  *pstrok@swelawfirm.com*
Timothy W. Evanston, State Bar No. 319342
4  *tevanston@swelawfirm.com*
3200 Park Center Drive, Suite 250
5  Costa Mesa, California 92626
Telephone:   714 445-1000
6  Facsimile:   714 445-1002

7  Attorneys for Elissa D. Miller, the Chapter 7
Trustee for the bankruptcy estate of Girardi
8  Keese

9  **UNITED STATES BANKRUPTCY COURT**

10  **CENTRAL DISTRICT OF CALIFORNIA**

11  **LOS ANGELES DIVISION**

*(sidebar, left margin:)* SMILEY WANG-EKVALL, LLP — 3200 Park Center Drive, Suite 250 — Costa Mesa, California 92626 — Tel 714 445-1000 • Fax 714 445-1002

| | |
|---|---|
| 12  In re | Case No. 2:20-bk-21022-BR |
| 13  GIRARDI KEESE, | Chapter 7 |
| 14  Debtor. | Adv No. 2:21-ap-01039-BR |
| 15 | **CHAPTER 7 TRUSTEE'S STATEMENT OF NON-OPPOSITION TO PLAINTIFFS' MOTION FOR REMAND** |
| 16  LAW OFFICES OF PHILIP R. SHELDON, APC, a California professional corporation; PHILIP SHELDON, an individual; LAW OFFICES OF ROBERT P. FINN, a California sole proprietorship; and ROBERT P. FINN, an individual, | |
| 17 | |
| 18 | Date:      May 11, 2021 |
| 19  Plaintiffs, | Time:      2:00 P.m. Ctrm.:     1668 via ZoomGov 255 E. Temple Street Los Angeles, CA 90012 |
| 20  v. | |
| 21  THOMAS V. GIRARDI, an individual; GIRARDI & KEESE, a California law firm; ERIKA GIRARDI a/k/a ERIKA JAYNE, an individual; EJ GLOBAL, LLC, a California limited liability company; 1126 WILSHIRE PARTNERSHIP, a California general partnership; GIRARDI FINANCIAL, INC., a Nevada corporation; DAVID LIRA, an individual; ROBERT FINNERTY; an individual; and DOES 1-100, inclusive, | Web Address:  https://cacb.zoomgov.com Meeting ID:   161 713 6367 Password:     123456 Telephone:    (669) 254-5252 (San Jose)                        (646) 828-7666 (New York) |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26  Defendants. | |
| 27 | |
| 28 | |

**TO THE HONORABLE BARRY RUSSELL, UNITED STATES BANKRUPTCY JUDGE:**

Elissa D. Miller, the chapter 7 trustee (the "Trustee") for the bankruptcy estate of Girardi Keese (the "Estate"), submits this statement of non-opposition to the *Motion for Remand* (the "Motion") [Docket No. 20] filed by the Law Offices of Philip R. Sheldon, APC, Philip R. Sheldon, Law Offices of Robert P. Finn, and Robert P. Finn (collectively, the "Plaintiffs").

On March 25, 2021, the Trustee and Plaintiffs entered into a *Stipulation for Voluntary Dismissal of Debtor Pursuant to Federal Rule of Civil Procedure 41(a)* [Docket No. 15] (the "Stipulation"). Pursuant to the Stipulation, the Plaintiffs agreed to dismiss Girardi Keese as a defendant from the action without prejudice. On March 26, 2021, the Court entered an order approving the Stipulation.

The sixth cause of action in the operative complaint is for fraudulent transfer. Fraudulent transfer claims belong to the Estate. After the Trustee informed the Plaintiffs of this, the Plaintiffs agreed that they would not pursue the fraudulent transfer claims. Based on the Plaintiffs' agreement and representation, the Trustee does not oppose the Motion.

DATED:  April 27, 2021               Respectfully submitted,

                                     SMILEY WANG-EKVALL, LLP


                                     By:    ___/s/ Timothy W. Evanston___
                                            TIMOTHY W. EVANSTON
                                            Attorneys for Elissa D. Miller, the Chapter 7
                                            Trustee for the bankruptcy estate of Girardi
                                            Keese

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

EXHIBIT "3", PAGE 18

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**3200 Park Center Drive, Suite 250, Costa Mesa, CA 92626**

A true and correct copy of the foregoing document entitled (*specify*): **Chapter 7 Trustee's Statement of Non-Opposition to Plaintiffs' Motion for Remand** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **4/27/2021**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Lei Lei Wang Ekvall**    lekvall@swelawfirm.com,
  lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com
- **Edith R. Matthai**    ematthai@romalaw.com, lrobie@romalaw.com
- **Elissa Miller (TR)**    CA71@ecfcbis.com,
  MillerTrustee@Sulmeyerlaw.com;C124@ecfcbis.com;ccaldwell@sulmeyerlaw.com
- **Ronald N Richards**    ron@ronaldrichards.com, morani@ronaldrichards.com
- **United States Trustee (LA)**    ustpregion16.la.ecf@usdoj.gov
- **Timothy J Yoo**    tjy@lnbyb.com
- 

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) **4/27/2021**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge **will be completed** no later than 24 hours after the document is filed.

The Honorable Barry Russell
U.S. Bankruptcy Court
Roybal Federal Building
255 E. Temple Street,  Suite 1660
Los Angeles, CA 90012

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge **will be completed** no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| 4/27/2021 | Lynnette Garrett | */s/ Lynnette Garrett* |
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

# EXHIBIT "4"

```
 1                    UNITED STATES BANKRUPTCY COURT

 2                    CENTRAL DISTRICT OF CALIFORNIA

 3                              --oOo--

 4  In Re:                      )  Case No. 2:20-bk-21022-BR
                                )
 5  GIRARDI KEESE,              )  Chapter 7
                                )
 6          Debtor.             )  Los Angeles, California
    _____)  Tuesday, May 11, 2021
 7                              )  2:00 p.m.
    LAW OFFICES OF PHILIP R.    )
 8  SHELDON, et al.,            )  Adv. No. 2:21-ap-01039-BR
                                )
 9          Plaintiffs,         )
                                )
10  v.                          )
                                )
11  GIRARDI, et al.,            )
                                )
12          Defendants.         )
    _____)
13

14                         HEARING RE NOTICE OF REMOVAL

15                         HEARING RE MOTION FOR REMAND

16          TRANSCRIPT OF TELEPHONIC PROCEEDINGS
             BEFORE THE HONORABLE BARRY RUSSELL
17              UNITED STATES BANKRUPTCY JUDGE

18
    APPEARANCES:
19
    For the Plaintiffs:        RONALD RICHARDS, ESQ.
20                             Law Offices of Ronald Richards
                                 & Associates, APC
21                             Post Office Box 11480
                               Beverly Hills, California
22                               90213
                               (310) 556-1001
23

24
    Proceedings recorded by electronic sound recording;
25  transcript produced by transcription service.
```

ii

APPEARANCES:  (Cont'd.)

For Defendant Lira:              KYLE KVETON, ESQ.
                                 Robie & Matthai
                                 350 South Grand Avenue
                                 Suite 3950
                                 Los Angeles, California 90071

For Elissa Miller:               TIM EVANSTON, ESQ.
                                 Smiley, Wang-Ekvall, LLP
                                 3200 Park Center Drive
                                 Suite 250
                                 Costa Mesa, California 92626
                                 (714) 445-1000

Court Recorder:                  Wanda Toliver
                                 United States Bankruptcy Court
                                 Edward R. Roybal Federal
                                    Building
                                 255 East Temple Street
                                 Los Angeles, California 90012

Transcriber:                     Jordan Keilty
                                 Echo Reporting, Inc.
                                 2160 Fletcher Parkway
                                 Suite 209
                                 El Cajon, California 92020
                                 (858) 453-7590

*Echo Reporting, Inc.*

1

1    LOS ANGELES, CALIFORNIA TUESDAY, MAY 11, 2021 2:00 P.M.

2                            --oOo--

3         (Call to order of the Court.)

4              THE CLERK:  Number three and four, Girardi Keese.

5    Please state your name for the record.

6              MR. KVETON (telephonic):  Good afternoon, your

7    Honor.  On behalf of Defendant David Lira, Kyle Kveton, K-V-

8    E-T-O-N.

9              THE COURT:  All right.

10             MR. RICHARDS (telephonic):  Good afternoon, your

11   Honor.  Ronald Richards on behalf of Plaintiffs.

12             THE COURT:  Okay.  You want -- it's your motion to

13   remand this, right?

14             MR. RICHARDS:  Yes, your Honor.

15             THE COURT:  Okay.  And do you wish to -- I've read

16   -- by the way, I've read all your -- all your papers.  Do

17   you wish to -- and you sort of -- you had the last word as

18   far as the papers.  I know what the argument -- why don't I

19   hear from the other side.  Then you can reply.  How's that?

20             MR. RICHARDS:  Great.

21             THE COURT:  One thing, Mr. -- how do you pronounce

22   -- is it --

23             MR. KVETON:  It's pronounced Kveton, your Honor.

24             THE COURT:  That's right.  Got you.  Kveton, okay.

25   Mr. Kveton, what I -- what I -- what I don't understand is

2

1  -- I mean, I understand what's going on, but my strong

2  inclination is to remand this for a couple of reasons.

3          Number one, I -- why would -- two things.  One is,

4  again, I have no -- just so you understand, I have no -- I

5  have no opinion on the merits of this, but I know what the

6  issues are.  Why -- why -- what you're saying essentially

7  that ultimately -- and, again, I don't know if you're

8  correct or not, but the other side said maybe it's true,

9  maybe it isn't.  Basically you're saying, well, ultimately,

10  that if they -- if they do get a judgment against you, as I

11  understand, the allegation is that -- that you'll receive

12  basically moneys that the -- that the firm improperly

13  diverted funds, and part of your salary payment you got was

14  part of the funds.  I mean, I'm saying it in very simplistic

15  terms, but that's more or less what they're alleging, right?

16          MR. KVETON:  That's one of their allegations, yes,

17  your Honor.

18          THE COURT:  Yeah, one of them, but the -- that's

19  -- and -- and then you're saying that, well, even if --

20  you're saying obviously that you can do it, but assuming

21  that -- that you get a judgment, you're saying, well, the

22  estate would have top indemnify me anyway.

23          Is that the essence of really what your argument

24  is, why I should hear it?

25          MR. KVETON:  Only -- it's only part, your Honor.

3

1  You've correctly articulated one of our arguments, but I

2  think the Court is -- did not look at and did not address

3  the one that I think is the problem here with moving us

4  anywhere as --

5          THE COURT:  Well, I looked at everything.  I may

6  not have said it right now, but I have.  I'm trying to

7  summarize best I could.

8          MR. KVETON:  Sure.

9          THE COURT:  So why else would you --

10          MR. KVETON:  I understand.

11          THE COURT:  -- think that --

12          MR. KVETON:  And no offense intended to the Court.

13          THE COURT:  -- I should hear this?

14          MR. KVETON:  It's -- the simple answer I think can

15  be found in one other place, in paragraph 59 of the first

16  amended complaint --

17          THE COURT:  All right.

18          MR. KVETON:  -- where the Plaintiffs admit that

19  the amount of money that they are owed cannot be ascertained

20  without a full accounting from the Girardi Defendant, that

21  is, with the two estates in bankruptcy here, because

22  everything -- assuming they have a right to any payment

23  whatsoever, that right starts with did the Girardi Firm and

24  Tom Girardi have money, control money, and not disburse it.

25  They can't even tell us how much they are owed unless and

*Echo Reporting, Inc.*

4

1  until that preliminary foundational fact is determined.

2  That's got to happen in this Court.  And any defenses to

3  their entitlement, for example, a lack of contract, a lack

4  of standing on the part of Mr. Sheldon who did not identify

5  this claim in bankruptcy years ago, et cetera, all have to

6  be determined preliminarily, and those are identical

7  defenses that the Trustee is going to have to raise to the

8  proof of claim file by the Sheldon and Finn Plaintiffs here.

9          If we go to State Court, we're going to end up

10  with another -- another judicial officer or tribunal making

11  the very same precondition foundational fact determinations

12  this Court has to make as to the two Girardi estate

13  Defendants, whether they're a party to this case or not.

14  You don't get to Dave Lira until you first get to Girardi

15  and Girardi Keese, who got the money.  Until that happens,

16  you can't get to Mr. Lira, regardless of Plaintiffs' theory.

17  Plaintiffs admit that.  That -- that is a core -- a core

18  fundamental precept in their complaint.  You must get an

19  accounting of the Girardi Defendants first and how much the

20  Plaintiffs are owed in the first instance before you can

21  figure out whether there was transfer that was fraudulent, a

22  conversion or abuse of any elder.  And, therefore, we should

23  not be litigating this case in two separate forums because

24  you have to -- this Court has to make those determinations

25  as to the key Defendants, where the tentacles all emanate

5

1  from, that is, Girardi and Girardi Keese.

2          THE COURT:  Okay.  Thank you.  All right.  And

3  thank you for adding that.  I did read that, but -- okay.

4  Mr. Richards?

5          MR. RICHARDS:  Yeah, that -- that's incorrect,

6  your Honor, because the accounting we can get through

7  discovery.  There -- we don't need to sue somebody to ge4t

8  accounting.  And, second of all, the claims against Lira are

9  independent tort claims.  He doesn't get indemnity for any

10 tortious conduct under Labor Code 2802, and the Girardi

11 Keese Defendant's not a part of this action anymore, and

12 we're not pursuing any of the state claims.  There's no

13 claim objection process.  If there's a -- if there's an

14 omitted claim from Sheldon's bankruptcy filing, the State

15 Court will apply the Code, and they'll win on a motion for

16 judgment on the pleadings or demur.  I mean, it happens all

17 the time in State Court.  They argue -- they use the word

18 "judicial estoppel" even though that's not technically

19 correct.  That's what every State Court practitioner does,

20 and say, "Oh, it's not on the bankruptcy form.  So they're

21 barred."  So we just want to proceed against -- that's how

22 we resolve the case with the Trustee.  We just want to

23 proceed against the non-Debtor parties, and I don't think

24 this Court needs to be the bookkeeper for the Girardi Keese

25 estate.  We can get that information from either the

6

1    Defendant directly through discovery or by discovery against

2    the --

3            THE COURT:  Well, as --

4            MR. RICHARDS:  -- Trustee.

5            THE COURT:  -- I understand it, you have to show,

6    I gather -- and, again, thank you.  You've been a little

7    more explicit.  I was trying to cut through, and I didn't do

8    a very good job in cutting through the issues.  But I guess

9    they have to show, and it -- it would be, I guess, the way I

10   -- just reviewing the transcripts of what happened in

11   Chicago -- I haven't had the trials here, but just taking

12   you -- the -- which of the -- what I'm trying to figure out

13   is -- I think I know the answer -- as far as the -- but

14   essentially you're saying that these would be -- I use that

15   as an example, the $2,000,000 that apparently is missing

16   from the aircraft, the crash in Indonesia I think it was.

17   Is that part of this?

18           MR. RICHARDS:  No.

19           THE COURT:  Okay.  Well, that's where I wanted to

20   make sure.

21           MR. RICHARDS:  We have written fee agreements with

22   all these clients.  I know the complaint says oral, but on

23   some allegations --

24           THE COURT:  I wanted to make it clear for me at

25   this point exactly which -- because the essence of it is

*Echo Reporting, Inc.*

7

1  that the firm improperly got the money and then -- then --

2  and then these -- these salary, whatever you call it, paid

3  to -- with Lira were part of that.  Is that in essence what

4  this is about?

5          MR. RICHARDS:  Yes, and also --

6          THE COURT:  Yeah.  So my question is which --

7  which of those --

8          MR. RICHARDS:  -- these were direct checks.

9          THE COURT:  -- lawsuits were the ones that were

10  part of that -- the improper action by the firm, by the

11  Debtor?

12          MR. RICHARDS:  Well, these were other lawsuits,

13  your Honor, not just the Chicago lawsuit.

14          THE COURT:  Okay.  Well, that's where I went off.

15          MR. RICHARDS:  And may players -- yeah, there's

16  many -- I was on the phone for those contempt hearings.

17  There's many joint client agreements for Girardi and Keese

18  and the Plaintiffs, like many other lawyers in Southern

19  California, have joint fee agreements with the clients.

20          THE COURT:  Right.

21          MR. RICHARDS:  Girardi was the lawyer, and the

22  Plaintiffs were the lawyer.  And so Girardi got the fees but

23  never turned them over to the --

24          THE COURT:  Right.

25          MR. RICHARDS:  -- Plaintiff and paid Lira.

8

1    THE COURT:  Right.  So all -- so all you need to

2  show, again, I'm -- I wanted to get it straight.  I -- as

3  far as the particular fees that are involved, that all you

4  have to show -- and you obviously as the Plaintiff is that

5  -- that the moneys were paid to Girardi Keese, right?

6  That's basically what you have to show, right?

7    MR. RICHARDS:  That's correct.  Also, there were

8  direct statements by Lira we've alleged in the complaint,

9  and there was direct conduct.  Lira's not some outsider.

10  He's been a signer on the trust account, and he's Girardi's

11  son-in-law.  He's not like somebody out of left field here.

12  I mean, he's a principal lieutenant in the Girardi

13  organization.  He's a higher up for sure.

14    THE COURT:  Okay.  So -- and so again, so what --

15  what my question to you is -- is what -- what determination

16  that the -- the State Court would make because that --

17  that's fairly -- would not possibly be inconsistent with

18  anything I would do, namely, what was owed, you know.

19    MR. RICHARDS:  The State Court and you don't even

20  come into close contact on this one.

21    THE COURT:  All right.  Mr. Kveton, what about

22  that?  I don't think that -- I don't have to make a full

23  determination, do I?

24    MR. KVETON:  Well, you have to make -- first of

25  all, leaving aside from the inaccuracies from that

9

1  recitation of Mr. Richards, which I'll just categorically

2  say he's wrong on the characterizations to Lira and his

3  conduct --

4          THE COURT:  Okay.  And, again, I --

5          MR. KVETON:  -- but the bottom line is --

6          THE COURT:  -- figured you would disagree.

7          MR. KVETON:  -- they don't get a dime.  They don't

8  get a dime.  They don't get a dime unless and until they can

9  prove, (a), there was a valid fee split or fee agreement

10  with Girardi Keese.  Lira was not a party to any of those

11  alleged contracts.  Not even Mr. Richards can say that with

12  a straight face.

13          Secondly, they have to prove the amount given the

14  settlement they are owed from the Girardi Firm, that is, how

15  much money went to the Girardi Firm and how much should have

16  gone to them.

17          Our -- our status, according to the complaint is

18  that the recipient of funds that should have been given to

19  the -- Mr. Sheldon and Mr. Finn, not that we were the

20  recipient and had some obligation on the initial funds to

21  disburse but that we got money that should have gone to

22  them.  Until they can prove and get a determination as to

23  (a) entitlement and (b) amount, the amount and extent any

24  liability that might ever be asserted against Mr. Lira is

25  purely speculative, which is the foundational fact that has

10

1  to be determine is is the Sheldon and Finn firms entitled to

2  money in the first place.  That is a decision you're going

3  to have to make in any event separately on the proofs of

4  claim and should not be made by a State Court where you have

5  competing -- two competing judges doing the same

6  determination.  And how a judge might apply the doctrines of

7  judicial estoppel or any other if you fail to disclose it in

8  your bankruptcy filing theory, should be done in one court.

9  Quite frankly, it should be done by you.

10          THE COURT:  Of course, the problem with that is --

11 I'm very familiar with judicial estoppel, with that area.

12 The only problem is in this case, this was an involuntary

13 case, and there's the -- the -- that doesn't work, you know,

14 when you're dealing with involuntary.  It worked quite well

15 -- but, anyway, let me hear very briefly, Mr. Richards --

16          MR. KVETON:  That was Sheldon filing, your Honor.

17 The filing we're talking about failing to disclose was

18 Sheldon's, not the Girardi involuntary --

19          THE COURT:  Okay.  Okay.  All right.  Thank you.

20          All right.  Mr. --

21          MR. KVETON:  Just for clarification.  Thank you,

22 your Honor.

23          THE COURT:  -- Richards?

24          MR. RICHARDS:  We haven't filed any claims.  We

25 may never file claims in this case depending on the outcome

11

1  of the money trail to Lira.  We don't have to lay out -- we

2  don't have to prove that Lira received an exact amount to

3  allege a claim against him.  I mean, he's trying to create

4  this mix where there's -- where -- this is just a complaint

5  against a non-Debtor that -- that -- it's all conjecture

6  that you're even going to have to adjudicate a claim.  That

7  assumes there won't be a resolution with Mr. Spertus who's

8  representing the Plaintiffs and the Trustee.  I mean, that

9  just isn't --

10         THE COURT:  Okay.  I'm going to grant the motion

11  to remand.  I tend to agree with you.  I'm not as worried

12  about the possibility that the State Court judge might make

13  a ruling inconsistent.  And also, what I'm certainly not

14  ever going to want to do is deal with Mr. Lira's conduct.

15  That -- that -- and if he does, if the -- I don't have any -

16  - again, I have no opinion how this is all going to play

17  out.  I'm not particularly worried about the State Court

18  making any -- any determination that may conflict with my

19  views.

20         And, in any case, either -- one of two things is

21  going to happen.  Again, I'm repeating myself ad nauseam.

22  Either Mr. Lira's going to win or he's going to lose, and if

23  he -- if he -- if he wins, then it's a moot -- everything

24  you were talking about is really a moot point.  And if he

25  loses, then he can turn around and he can file his claim for

12

1 indemnification and then we'll go to that.  And, again, I

2 have, again, no -- no opinion whatsoever on that.

3        So I think the better part of valor in this case

4 is let it all play out in the State Court.  So I will -- if

5 you'll -- Mr. Richards, if you'll prepare an order remanding

6 that -- that complaint to the State Court, and that -- I

7 don't think -- that doesn't leave anything for me to do, is

8 it not?

9        MR. RICHARDS:  Your Honor?

10        MR. KVETON:  That's correct.

11        MR. EVANSTON (telephonic):  Your Honor, I'm sorry.

12 This is Tim Evanston for the Chapter 7 Trustee, Elissa

13 Miller.

14        THE COURT:  I'm sorry I -- I saw you there, but I

15 wasn't sure if you wanted to speak.  I'm assume you agree

16 with what the -- what I've just done?

17        MR. EVANSTON:  We do.  We have no opposition.  Our

18 only request is that Plaintiffs' counsel confirm on the

19 record that the fraudulent transfer claims will be pursued

20 by the estate.

21        MR. RICHARDS:  That's correct, your Honor.  We are

22 not pursuing any of the fraudulent transfer claims.  Those

23 are just going to be pursued by the estate only.  We are not

24 -- even though the complaint had been in there, we made an

25 agreement before the -- before the non-opposition by the

13

1 Trustee.  They raised that issue, and we filed a stip with

2 them that we would not pursue the fraudulent conveyance of

3 claims at all.  So try to remember that this may come up in

4 a future hearing, so when they raise that --

5          THE COURT:  Well, this is --

6          MR. KVETON:  May I ask one clarification, your

7 Honor?

8          THE COURT:  Sure.  Sure.

9          MR. KVETON:  Pardon me for directing this to

10 counsel, but will we get a similar representation with the

11 State Court on remand?

12          MR. RICHARDS:  We're not going to pursue the

13 fraudulent conveyance claims that are pled in the complaint.

14 Those belong to the estate, and I'll -- I mean, I'm -- I'll

15 send you a copy of the stipulation I made with the Trustee's

16 counsel.

17          THE COURT:  Well, and I assume they're not

18 suicidal.  I assume the same statement will be made to the

19 State Court, right?  And that's -- that's a rhetorical

20 question, but it's a fair one, right?

21          MR. RICHARDS:  That's correct.  We're not pursuing

22 the fraudulent conveyance claims.

23          THE COURT:  Yeah, I -- okay.  That's certainly a

24 fair -- it's a fair question.  Anyway, this whole case is a

25 fascinating case and no doubt will be -- who knows what

14

1  other things will come up, but this particular one, I think

2  this one does belong in -- in the State Court.  And so thank

3  you, Gentlemen.  Thank you very much, and if you'll prepare

4  that order, I will sign that, and that concludes this

5  hearing.  Thank you very much.

6              ALL:  Thank you, your Honor.

7              THE COURT:  You're welcome.

8       (Proceedings concluded.)

9

10

11         I certify that the foregoing is a correct

12  transcript from the electronic sound recording of the

13  proceedings in the above-entitled matter.

14

15  /s/Jordan Keilty                    5/11/2021
    Transcriber                         Dates
16

17  FEDERALLY CERTIFIED TRANSCRIPT AUTHENTICATED BY:

18

19  /s/L.L. Francisco
    L.L. Francisco, President
20  Echo Reporting, Inc.

21

22

23

24

25

*Echo Reporting, Inc.*

# EXHIBIT "5"

SPERTUS, LANDES & UMHOFER, LLP
James W. Spertus (SBN 159825)
Ezra D. Landes (SBN 253052)
1990 South Bundy Dr., Suite 705
Los Angeles, California 90025
Tel.:    (310) 826-4700
Fax:    (310) 826-4711
jim@spertuslaw.com
ezra@spertuslaw.com

THE LAW OFFICES OF
RONALD RICHARDS & ASSOCIATES, A.P.C.
Ronald Richards (SBN 176246)
Morani Stelmach (SBN 296670)
P.O. Box 11480
Beverly Hills, CA 90213
Tel.:    (310) 556-1001
Fax:    (310) 277-3325
ron@ronaldrichards.com
morani@ronaldrichards.com

Attorneys for Plaintiffs

**FILED & ENTERED**

**MAY 13 2021**

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY fortier      DEPUTY CLERK

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Spertus, Landes & Umhofer, LLP
1990 SOUTH BUNDY DR., SUITE 705
LOS ANGELES, CA 90025
TELEPHONE 310-826-4700; FACSIMILE 310-826-4711

UNITED STATES BANKRUPTCY COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

In re:

GIRARDI KEESE,

Debtor.

LAW OFFICES OF PHILIP R. SHELDON,
APC, a California professional corporation,
PHILIP R. SHELDON, an individual, LAW
OFFICES OF ROBERT P. FINN, a California
sole proprietorship, and ROBERT P. FINN, an
individual,

Plaintiffs,

v.

THOMAS V. GIRARDI, an individual;
GIRARDI & KEESE, a California law firm;
ERIKA GIRARDI a/k/a ERIKA JAYNE, an
individual, EJ GLOBAL, LLC, a California
limited liability company, 1126 WILSHIRE
PARTNERSHIP, a California general
partnership, GIRARDI FINANCIAL, INC., a
Nevada corporation, DAVID LIRA, an
individual, ROBERT FINNERTY, an
individual, and DOES 1-100, inclusive,

Defendants.

CHAPTER 7

Hon. Barry Russell

CASE NO.: 2:20-bk-21022-BR
ADV. NO.: 2:21-ap-01039-BR

**ORDER GRANTING PLAINTIFFS'
MOTION FOR REMAND**

DATE:      May 11, 2021
TIME:      2:00 p.m.
CTRM:      by zoomgov.com
MEETING ID:  161 713 6367
PASSWORD:   123456

*ORDER GRANTING PLAINTIFFS' MOTION FOR REMAND*

1    The Court, having considered Plaintiffs Law Offices of Philip R. Sheldon, Philip R.

2   Sheldon, Law Offices of Robert P. Finn, and Robert P. Finn's (collectively, "Plaintiffs")

3   motion for an order remanding to state court the action entitled *Law Offices of Philip R.*

4   *Sheldon, et al. v. Girardi, et al.*, Los Angeles Superior Court Case No. 20STCV47160 (the

5   "Removed Action"), any opposition regarding the same, for the reasons stated on the record

6   and for good cause appearing, hereby orders that Plaintiffs' Motion is GRANTED.

7    Counsel for Plaintiff also reaffirmed that Plaintiffs would not be proceeding on any

8   fraudulent transfer claims, including but not limited to the 6th Cause of Action in the First

9   Amended Complaint, and that fraudulent transfer claims belong to the bankruptcy estate of

10   Girardi Keese.

11    The Removed Action is hereby REMANDED to the Superior Court of the State of

12   California, County of Los Angeles forthwith.

13    **IT IS SO ORDERED.**

14   ###

15

16

17

18

19

20

21

22

23

24   Date: May 13, 2021    _Barry Russell_

25    _____

     Barry Russell
26    United States Bankruptcy Judge

27

28

Spertus, Landes & Umhofer, LLP
1990 SOUTH BUNDY DR., SUITE 705
LOS ANGELES, CA 90025
TELEPHONE 310-826-4700; FACSIMILE 310-826-4711

1

*ORDER GRANTING PLAINTIFFS' MOTON FOR REMAND*

1   All parties hereby agree to the foregoing order.

2   Dated: May 12, 2021         SMILEY WANG-EKVALL

3

4                             /s Tim Evanston

5                             _____

6                             Tim Evanston
                                 Attorney for the Trustee

7

8   Dated: May 12, 2021         SPERTUS, LANDES & UMHOFER LLP

9

10                            /s Ezra Landes

11                           _____

12                           Ezra Landes
                          Attorney for Plaintiffs

13

14   Dated: May 12, 2021         ROBIE & MATTHAI

15

16                            /s Kyle Kveton

17                           _____

18                           Kyle Kveton
                          Attorney for Defendant David Lira

19

20

21

22

23

24

25

26

27

28

Spertus, Landes & Umhofer, LLP
1990 SOUTH BUNDY DR., SUITE 705
LOS ANGELES, CA 90025
TELEPHONE 310-826-4700; FACSIMILE 310-826-4711

2

*ORDER GRANTING PLAINTIFFS' MOTON FOR REMAND*

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 3200 Park Center Drive, Suite 250, Costa Mesa, CA 92626.

A true and correct copy of the foregoing document entitled (*specify*): **REPLY TO OPPOSITION OF ERIKA GIRARDI TO CHAPTER 7 TRUSTEE'S APPLICATION TO EMPLOY THE LAW OFFICES OF RONALD RICHARDS & ASSOCIATES, A.P.C., AS SPECIAL LITIGATION COUNSEL** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) June 1, 2021  I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page.

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*)  June 1, 2021  , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

| |
|---|
| The Honorable Barry Russell<br>U.S. Bankruptcy Court<br>Roybal Federal Building<br>255 E. Temple Street, Suite 1660<br>Los Angeles, CA 90012 |

☐ Service information continued on attached page.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*)_____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| June 1, 2021 | Gabriela Gomez-Cruz | */s/ Gabriela Gomez-Cruz* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**ADDITIONAL SERVICE INFORMATION (if needed):**

## 1. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")

Kyra E Andrassy    kandrassy@swelawfirm.com, lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com
•Rafey Balabanian    rbalabanian@edelson.com, docket@edelson.com
•Michelle Balady    mb@bedfordlg.com, leo@bedfordlg.com
•William C Beall    will@beallandburkhardt.com, carissa@beallandburkhardt.com
•Ori S Blumenfeld    Ori@MarguliesFaithLaw.com,
Helen@MarguliesFaithLaw.com;Angela@MarguliesFaithLaw.com;Vicky@MarguliesFaithLaw.com
•Richard D Buckley    richard.buckley@arentfox.com
•Marie E Christiansen    mchristiansen@vedderprice.com, ecfladocket@vedderprice.com,marie-christiansen-4166@ecf.pacerpro.com
•Jennifer Witherell Crastz    jcrastz@hrhlaw.com
•Ashleigh A Danker    Ashleigh.danker@dinsmore.com, SDCMLFiles@DINSMORE.COM;Katrice.ortiz@dinsmore.com
•Clifford S Davidson    csdavidson@swlaw.com, jlanglois@swlaw.com;cliff-davidson-7586@ecf.pacerpro.com
•Lei Lei Wang Ekvall    lekvall@swelawfirm.com, lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com
•Richard W Esterkin    richard.esterkin@morganlewis.com
•Timothy W Evanston    tevanston@swelawfirm.com, gcruz@swelawfirm.com;lgarrett@swelawfirm.com;jchung@swelawfirm.com
•Jeremy Faith    Jeremy@MarguliesFaithlaw.com,
Helen@MarguliesFaithlaw.com;Angela@MarguliesFaithlaw.com;Vicky@MarguliesFaithlaw.com
•James J Finsten    , jimfinsten@hotmail.com
•Alan W Forsley    alan.forsley@flpllp.com, awf@fkllawfirm.com,awf@fl-lawyers.net,addy.flores@flpllp.com
•Eric D Goldberg    eric.goldberg@dlapiper.com, eric-goldberg-1103@ecf.pacerpro.com
•Andrew Goodman    agoodman@andyglaw.com, Goodman.AndrewR102467@notify.bestcase.com
•Suzanne C Grandt    suzanne.grandt@calbar.ca.gov, joan.randolph@calbar.ca.gov
•Steven T Gubner    sgubner@bg.law, ecf@bg.law
•Marshall J Hogan    mhogan@swlaw.com, knestuk@swlaw.com
•Sheryl K Ith    sith@cookseylaw.com, sith@ecf.courtdrive.com
•Razmig Izakelian    razmigizakelian@quinnemanuel.com
•Lewis R Landau    Lew@Landaunet.com
•Daniel A Lev    dlev@sulmeyerlaw.com, ccaldwell@sulmeyerlaw.com;dlev@ecf.inforuptcy.com
•Elizabeth A Lombard    elombard@zwickerpc.com, bknotices@zwickerpc.com
•Craig G Margulies    Craig@MarguliesFaithlaw.com,
Vicky@MarguliesFaithlaw.com;Helen@MarguliesFaithlaw.com;Angela@MarguliesFaithlaw.com
•Peter J Mastan    peter.mastan@dinsmore.com, SDCMLFiles@dinsmore.com;Katrice.ortiz@dinsmore.com
•Edith R. Matthai    ematthai@romalaw.com, lrobie@romalaw.com
•Kenneth Miller    kmiller@pmcos.com, efilings@pmcos.com
•Elissa Miller (TR)    CA71@ecfcbis.com, MillerTrustee@Sulmeyerlaw.com;C124@ecfcbis.com;ccaldwell@sulmeyerlaw.com
•Eric A Mitnick    MitnickLaw@aol.com, mitnicklaw@gmail.com
•Scott H Olson    solson@vedderprice.com, scott-olson-2161@ecf.pacerpro.com,ecfsfdocket@vedderprice.com,nortega@vedderprice.com
•Leonard Pena    lpena@penalaw.com, penasomaecf@gmail.com;penalr72746@notify.bestcase.com
•Michael J Quinn    mquinn@vedderprice.com, ecfladocket@vedderprice.com,michael-quinn-2870@ecf.pacerpro.com
•David M Reeder    david@reederlaw.com, secretary@reederlaw.com
•Ronald N Richards    ron@ronaldrichards.com, morani@ronaldrichards.com
•Kevin C Ronk    Kevin@portilloronk.com, Attorneys@portilloronk.com
•William F Savino    wsavino@woodsoviatt.com, lherald@woodsoviatt.com
•Kenneth John Shaffer    johnshaffer@quinnemanuel.com
•Richard M Steingard    , awong@steingardlaw.com
•Philip E Strok    pstrok@swelawfirm.com, gcruz@swelawfirm.com;1garrett@swelawfirm.com;jchung@swelawfirm.com
•Boris Treyzon    jfinnerty@actslaw.com, sgonzales@actslaw.com
• United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
•Eric D Winston    ericwinston@quinnemanuel.com
•Christopher K.S. Wong    christopher.wong@arentfox.com, yvonne.li@arentfox.com
•Timothy J Yoo    tjy@lnbyb.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                        **F 9013-3.1.PROOF.SERVICE**