**SMILEY WANG-EKVALL, LLP**
Lei Lei Wang Ekvall, State Bar No. 163047
*lekvall@swelawfirm.com*
Philip E. Strok, State Bar No. 169296
*pstrok@swelawfirm.com*
Timothy W. Evanston, State Bar No. 319342
*tevanston@swelawfirm.com*
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Telephone:    714 445-1000
Facsimile:    714 445-1002

Attorneys for Elissa D. Miller,
Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No. 2:20-bk-21022-BR |
| GIRARDI KEESE, | Chapter 7 |
| | **CHAPTER 7 TRUSTEE'S APPLICATION TO EMPLOY DONLIN, RECANO & COMPANY, INC., AS CONSULTANT AND CLAIMS AND NOTICING AGENT; STATEMENT OF DISINTERESTEDNESS OF NELLWYN VOORHIES** |
| Debtor. | **[No Hearing Required Pursuant to Local Bankruptcy Rules 2014-1(b)(1) and 9013-1(o)]** |

**TO THE HONORABLE BARRY RUSSELL, UNITED STATES BANKRUPTCY JUDGE:**

Elissa D. Miller, the chapter 7 trustee (the "Trustee") of the bankruptcy estate (the "Estate") of Girardi Keese (the "Debtor"), submits this *Application to Employ Donlin, Recano & Company, Inc., as Consultant and Claims Noticing Agent* (the "Application"). In support of the Application, the Trustee submits the attached Statement of Disinterestedness of Nellwyn Voorhies and respectfully represents as follows:

2870334.4                                    1                                    APPLICATION

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

1

2    I.      **INTRODUCTION**

3         The Trustee is seeking to employ Donlin, Recano & Company, Inc. ("DRC") to

4    provide consulting services and noticing and claims management for the Debtor's Estate.

5    DRC is a bankruptcy administrator that specializes in services that include noticing, claims

6    processing, and other services critical to the effective administration of the Estate.   The

7    Debtor did not file schedules and the Trustee has been working to gather the information

8    necessary to prepare them.  It is apparent from a review of the Debtor's books and records

9    that the number of creditors will be considerable and that much of their information must

10   remain confidential.   The Trustee believes that the employment of DRC will benefit the

11   Estate, because DRC's experience in large cases and cases requiring special handling of

12   confidential information will promote efficient noticing and claims processing and since

13   DRC can also collaborate with the Trustee to develop strategies on how to approach some

14   of the challenges facing the Trustee.

15

16   II.     **BACKGROUND**

17           A.      **The Debtor's Bankruptcy Case**

18           The Debtor was a plaintiff's law firm based in Los Angeles, California.  On December

19   18, 2020, petitioning creditors Jill O'Callahan, as successor in interest to James

20   O'Callahan, Robert M. Keese, John Abassian, Erika Saldana, Virginia Antonio, and

21   Kimberly Archie (collectively, the "Petitioning Creditors") filed an involuntary chapter 7

22   bankruptcy petition against the Debtor.   On December 24, 2020, the Petitioning Creditors

23   filed a *Motion for Appointment of Interim Trustee Pursuant to 11 U.S.C. § 303(g)* [Docket

24   No. 12].  The Court entered an order granting the motion on January 5, 2021 [Docket No.

25   45].  On January 6, 2021, the Trustee was appointed as the interim trustee [Docket No.

26   50].

27

28

2870334.4                              2                              APPLICATION

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

1    On January 13, 2021, the Court entered an *Order Directing: (1) The Clerk of Court*

2   *to Immediately Enter an Order for Relief under Chapter 7; (2) The United States Trustee*

3   *to Immediately Appoint a Chapter 7 Trustee; (3) The Debtor to File All Schedules and*

4   *Related Documentation for Chapter 7 Case within Fourteen Days of the Entry of this Order;*

5   *and (4) Vacating February 16, 2021 Status Conference* [Docket No. 68].  On January 13,

6    2021, the Clerk of Court entered an order for relief against the Debtor [Docket No. 69], and

7    the Trustee was appointed and accepted her appointment in the Debtor's case [Docket No.

8    71].

9         **B.    Deadline to File Schedules**

10    The Debtor did not file schedules as required by Federal Rule of Bankruptcy

11   Procedure 1007, and the Trustee, with the assistance of her field agent and forensic team,

12   has been investigating, reviewing, and analyzing the Debtor's books and records to

13   compile the information necessary to prepare the Debtor's schedules and statement of

14   financial affairs to facilitate the proper administration of the Estate.  On February 5, 2021,

15   the Trustee filed a motion for authority to file schedules on the Debtor's behalf, and the

16   Court has entered an order establishing August 24, 2021 as the deadline for the Trustee

17   to do so.

18    Based on her review of the Debtor's records so far, the Trustee anticipates there will

19   be a considerable number (in the thousands) of persons and entities to be noticed in this

20   case, and include many former clients and others who hold claims relating to sensitive

21   matters that the Trustee will seek to keep confidential.

22    The Trustee will insure that there is no duplication of effort between her

23   professionals.

24

25

26

27

28

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714.445.1000 • Fax 714.445-1002

III.    **TERMS OF PROPOSED EMPLOYMENT**

A.    **The Scope of Services to be Performed**

The Trustee seeks to employ DRC pursuant to section 156(c) of the Judicial Code and 11 U.S.C. § 105 as claims and noticing agent, and 11 U.S.C. § 327 as a consultant in the chapter 7 bankruptcy case.  The Trustee and DRC have executed (1) the Standard Claims Administration and Noticing Agreement (the "Standard Claims Agreement") to assume responsibility for, among other things, serving as the Trustee's noticing agent to mail certain notices to the Estate's creditors and parties-in-interest and (2) the Consulting Services Agreement (the "Consulting Agreement") to provide consulting services which may include, but may not be limited to, preparing or collaborating in the preparation of schedules and statement of financial affairs, devising and implementing a plan to maintain the confidentiality of certain information, and otherwise assisting the Trustee in the administration of the Estate.  The Standard Claims Agreement and the Consulting Agreement and are sometimes collectively referred to as the "Engagement Agreements."

1.    **The Standard Claims Agreement**

The work to be performed by DRC pursuant to the Standard Claims Agreement is permitted under the Clerk's delegation of duties permitted by 28 U.S.C. § 156(c). Specifically, DRC will provide consulting services regarding communications, noticing and claims management and reconciliation, and any other services agreed upon by the parties or otherwise required by applicable law, government regulations, or court rules or orders. DRC will also assist in the dissemination of information to the public as directed by the Trustee or the Court through the use of a case website that DRC will develop and host.  A more detailed description of the type of services offered by DRC, as well as the fees charged for such services is attached as Schedule "A" to the Standard Claims Agreement attached hereto as Exhibit "1."  In addition, the Trustee proposes that DRC serve as the official record for filed proofs of claim and that all original claims be sent to Donlin, Recano

1  & Company, Inc., Re: Girardi Keese, P.O. Box 199043, Blythebourne Station, Brooklyn,

2  NY 11219, with a copy to the Clerk's Office.

3       DRC will keep its own official claims registry and will electronically docket all claims

4  onto the Court's claim register for the case.  If there is a discrepancy between the official

5  claims registry maintained by DRC and the Court's claims register, then the claims registry

6  maintained by the Court will be deemed the accurate record. The Clerk's Office shall have

7  unlimited free access to DRC's claims registry.  DRC will not be responsible for recording

8  the transfers of claims and providing notices of such transfers as required by Bankruptcy

9  Rule 3001(e). The Clerk's Office shall be responsible for collecting the fee, processing and

10 recording all transfer of claims.

11      The Trustee anticipates that she will seek Court authority to: (1) file under seal

12 certain confidential and/or sensitive information in connection with the schedules and

13 statement of financial affairs; and (2) allow certain creditor claims to be filed confidentially

14 in order to protect against the disclosure of sensitive information.  DRC will assist the

15 Trustee in this process and in the maintenance and safeguarding of confidential and/or

16 sensitive information.

17                    **2.      The Consulting Agreement**

18      The work to be performed by DRC pursuant to the Consulting Agreement is

19 permitted pursuant to 11 U.S.C. § 327.  DRC will provide expertise, consultation, and

20 assistance in connection with a variety of issues which may range from the compilation

21 and preparation of schedules and statement of financial affairs to establishing a process

22 by which documents containing sensitive information and certain claims may be filed under

23 seal or otherwise remain confidential.  A true and correct copy of the Consulting Agreement

24 is attached hereto as Exhibit "2."

25      **B.      The Qualifications of DRC**

26      DRC is well-qualified and experienced in rendering the services described in this

27 Application and in the Engagement Agreements.    DRC specializes in providing

28

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

2870334.4                              5                              APPLICATION

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

1  comprehensive legal administrative services, including noticing, claims processing, and

2  other related services critical to the effective administration of bankruptcy cases.  DRC has

3  developed efficient and cost-effective methods to properly handle the voluminous mailings

4  associated with the noticing and claims processing to ensure the orderly and fair treatment

5  of creditors and all other parties in interest.  Further, DRC has experience working with,

6  and will continue to work with, the Clerk to ensure that the services provided conform to all

7  of the Court's procedures, any local rules, and the provisions of any orders entered by the

8  Court.  Accordingly, the Estate and its creditors will benefit from DRC's retention because

9  DRC has developed efficient and cost-effective methods in this area of expertise.

10          DRC is one of the country's leading bankruptcy administrators, with experience in

11  noticing, claims administration, solicitation and facilitating other administrative aspects of

12  the bankruptcy proceeding.  DRC has provided identical or substantially similar services in

13  other bankruptcy proceedings, including, among others: *In re EHT US1, Inc., et al.,* Case

14  No. 21-10036 (CSS) (Bankr. D. Del. 2021); *In re The Roman Catholic Church of the*

15  *Archdiocese of New Orleans*, Case No. 20-10846 (MSG) (Bankr. E.D. La. 2020); *In re*

16  *YouFit Health Clubs, LLC, et. al.,* Case No. 20-12841 (MFW) (Bankr. D. Del. 2020); *In re*

17  *Cred Inc., et. al.,* Case No. 20-12836 (JTD) (Bankr. D. Del. 2020); *In re Gorham Paper and*

18  *Tissue, LLC, et. al.,* Case No. 20-12814 (KBO) (Bankr. D. Del. 2020); *In re FIC*

19  *Restaurants, Inc., et. al.,* Case No. 20-12807 (CSS) (Bankr. D. Del. 2020); *In re IMH*

20  *Financial Corporation,* Case No. 20-11858 (CSS) (Bankr. D. Del. 2020); *In re Muji U.S.A*

21  *Limited,* Case No. 20-11805 (MFW) (Bankr. D. Del. 2020); *In re AAC Holdings, Inc., et al.,*

22  Case No. 20-11648 (JTD) (Bankr. D. Del. 2020); *In re Klausner Lumber Two LLC*, Case

23  No. 20-11518 (KBO) (Bankr. D. Del. 2020); *In re PQ New York,* Case No. 20-11266 (JTD)

24  (Bankr. D. Del. 2020); *In re Comcar Industries, Inc.,* Case No. 20-11120 (LSS) (Bankr. D.

25  Del. 2020); *In re Longview Power, LLC,* Case No. 20-10951 (BLS) (Bankr. D. Del. 2020*);*

26  *In re: B&B Liquidating, LLC,* Case No. 2:18-bk-11744-NB (Bankr. C.D. Cal. 2018); *In re:*

27  *Gump's Holdings, LLC, et al.,* Case No. BK-S-18-14683-leb (Bankr. D. Nev. 2018); *In re:*

28

1  *Bostwick Laboratories, Inc., et al.,* Case No. 17-10570 (BLS) (Bankr. D. Del 2017*); In re:*

2  *Emerald Oil, Inc., et al.,* Case No. 16-10704 (KG) (Bankr. D. Del. 2016); *In re: Roadhouse*

3  *Holding, Inc., et al.,* Case No. 16-11819 (BLS) (Bankr. D. Del. 2016); *In re: Peek, Aren't*

4  *You Curious, Inc.,* Case No. 16-30146 (Bankr. N.D. Cal. 2016); *In re: Freedom*

5  *Communications, Inc., et al.,* Case No. 8:15-bk-15311-MW (Bankr. C.D. Cal. 2015*); In re:*

6  *Sullivan International Group, Inc.,* Case No. 15-02281-11 (Bankr. S.D. Cal. 2015).

### C.    Compensation

8  DRC will be compensated based on the services it provides at the rates set forth in

9  the Engagement Agreements.

10  As to fees and expenses incurred by DRC in the performance of services under the

11  Standard Claims Agreement, the Trustee requests that such fees and expenses be treated

12  as administrative expenses of the Debtor's estate pursuant to section 503(b)(1)(A) of the

13  Bankruptcy Code as ordinary course expenses and be paid in the ordinary course of

14  business without further application to or order of the Court from unencumbered funds in

15  the Estate, or from cash collateral if so authorized by the Court.  DRC agrees to maintain

16  records of all services showing dates, categories of services, fees charged, and expenses

17  incurred, and to serve monthly invoices on the Office of the United States Trustee, the

18  Trustee, counsel for the Trustee, and parties in interest who specifically request service of

19  the monthly invoices.

20  As to fees and expenses incurred by DRC in the performance of services under the

21  Consulting Agreement, DRC will apply to the Court for approval of compensation in

22  accordance with the provisions of 11 U.S.C. §§ 330 and 331 and agrees to accept as

23  compensation such sums as the Court may allow.

24

### IV.    THE COURT SHOULD APPOINT DRC AS AGENT

26  The Trustee seeks to employ DRC as the claims noticing agent and as a consultant

27  to aid the Trustee in the administration of the Estate.  The Court may authorize the

28

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000  •  Fax 714 445-1002

1   employment of DRC as the claims noticing agent pursuant to Section 156(c) and

2   Section 105(a) of the Bankruptcy Code.  Section 156(c) of the Judicial Code provides, in

3   pertinent part:

4               Any court may utilize facilities or services, either on or
                off the court's premises, which pertain to the provision of
5               notices, dockets, calendars, and other administrative
                information to parties in cases filed under the provisions of title
6               11, United States Code, where the costs of such facilities or
                services are paid for out of the assets of the estate and are not
7               charged to the United States.  The utilization of such facilities
                or services shall be subject to such conditions and limitations
8               as the pertinent circuit council may prescribe.

9       Although the Trustee has not filed the Debtor's schedules of assets and liabilities,

10  the Trustee anticipates that there will be a significant number (in the thousands) of persons

11  and entities to be noticed in this case.  In view of the number of anticipated claimants, the

12  Clerk's Office may not have the resources to undertake the tasks, especially in light of the

13  expected magnitude of the creditor body and the sensitivity of some of the information

14  which may require special handling.  The Trustee submits that the appointment of DRC as

15  the claims and noticing agent is both necessary and in the best interests of the Estate and

16  its creditors, because the Trustee will be relieved of the burdens associated with the claims

17  and noticing services.

18      To the extent DRC provides services outside of the scope of Section 156(c) of the

19  Judicial Code, the Trustee may employ DRC to provide consulting services pursuant to

20  11 U.S.C. § 327(a), which provides,

21              …the trustee, with the court's approval, may employ one or
                more attorneys, accountants, appraisers, auctioneers, or other
22              professional persons, that do not hold or represent an interest
                adverse to the estate, and that are disinterested persons, to
23              represent or assist the trustee in carrying out the trustee's
                duties under this title.

24

25      DRC is an experienced bankruptcy administrator that can provide consulting

26  services to the Trustee that will assist in completing a multitude of administrative tasks,

27  such as preparing the Debtor's schedules and statement of financial affairs and devising a

28  system to protect sensitive information of the Debtor's clients from public disclosure.

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714.445.1000 • Fax 714.445.1002

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

## V.    <u>NO ADVERSE INTERESTS/DISINTERESTEDNESS</u>

As of the date of this application to the best of the Trustee's knowledge and after consideration of the disclosures made below and in the attached Statement of Disinterestedness of Nellwyn Voorhies, DRC and all if its principals and employees are disinterested persons as that term is defined in 11 U.S.C. § 101(14).  In connection with its retention of DRC, DRC represents in the Statement of Disinterestedness of Nellwyn Voorhies, among other things, that:

1.    DRC will not consider itself employed by the United States government and shall not seek any compensation from the United States government in its capacity as the claims and noticing agent in this case;

2.    By accepting employment, DRC waives any rights to receive compensation from the United States government in connection with this case;

3.    In its capacity as the claims and noticing agent, DRC will not be an agent of the United States and will not act on behalf of the United States; and

4.    DRC will not employ any past or present employees of the Debtor in connection with its work as the claims and noticing agent in this case.

Further, DRC represents in the Statement of Disinterestedness that neither DRC nor any of its principals or employees are connected with the Debtor, its creditors, any other party in interest, their respective attorneys and accountants, or to the Estate except that certain of DRC's professionals were formerly employed by firms that may be creditors or may provide professional services to parties in interest in this case.  Except as disclosed herein, these professionals did not work on any matters involving the Debtor while employed by their previous firms.  Moreover, these professionals were not employed by their previous firms when this case was filed.

DRC is an affiliate of American Stock Transfer & Trust Company, LLC ("AST"). AST is a global financial communications and stakeholder management company.  Within the

AST corporate structure, DRC operates as a separate and independent legal entity. No personnel from AST have access to confidential data held by DRC, and no DRC personnel have access to AST clientele data or knowledge of AST's connections. There are no formal systems in place to maintain "Chinese walls" or other barriers between the affiliated entities as DRC's files are on a separate system, and DRC does not have the ability to access our affiliates systems. AST and its affiliates provide stock transfer solution services mainly to public companies or companies intending to trade shares publicly. These services include transfer agency services, initial public offering counseling, proxy solicitation assistance and data analysis, and electronic transmission of data services. AST and its affiliates do not provide advisory services in restructurings. Given the legal and operational separateness of DRC from AST, DRC does not believe that any relationships that AST and its affiliates maintain would create an interest of DRC that would be materially adverse to the Debtor's estate or any class of creditors or equity security holders.

## VI.    **CONCLUSION**

Based on the foregoing, the Trustee respectfully requests that the Court enter an order:

1.      Approving this Application;

2.      Authorizing and approving the retention and appointment of DRC as the claims and noticing agent for the Estate pursuant to Section 156(c) of the Judicial Code and 11 U.S.C. § 105;

3.      Authorizing and approving the retention and appointment of DRC to act as a consultant to the Estate pursuant 11 U.S.C. § 327;

4.      Approving the terms of the Standard Claims Agreement attached as Exhibit "1";

5.      Approving the terms of the Consulting Agreement attached as Exhibit "2"; and

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

1    6.    For such other and further relief as this Court deems just and proper.

2

3                                            Respectfully submitted,

4    DATED:  June _15_, 2021            SMILEY WANG-EKVALL, LLP

5

6                                    By:    */s/ Philip E. Strok*
                                            PHILIP E. STROK
7                                           Attorneys for Elissa D. Miller, Chapter 7
                                            Trustee
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

**SMILEY WANG-EKVALL, LLP**
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

<u>**STATEMENT OF DISINTERESTEDNESS FOR EMPLOYMENT**</u>

<u>**OF PROFESSIONAL PERSON UNDER F.R.B.P. 2014**</u>

1.    Name, address and telephone number of the professional ("Firm") submitting this Statement:

DONLIN, RECANO & COMPANY, INC.
Nellwyn Voorhies, President
6201 15th Avenue
Brooklyn, NY 11219
Telephone:    (619) 346-1628

2.    The services to be rendered by DRC in this case are (specify):

Donlin, Recano & Company, Inc., ("DRC") will assume responsibility for, among other things, serving as the Trustee's noticing agent to mail certain notices to the Estate's creditors and parties-in-interest, and provide consulting services which may include, but may not be limited to, preparing or collaborating in the preparation of schedules and statement of financial affairs, devising and implementing a plan to maintain the confidentiality of certain information, and otherwise assisting the Trustee in the administration of the Estate.

DRC is comprised of leading industry professionals with significant experience in both the legal and administrative aspects of large, complex bankruptcy cases. DRC's professionals have experience in noticing, claims administration, solicitation, and facilitating other administrative aspects of the bankruptcy process and experience in matters of this size and complexity.  DRC's professionals have acted as debtor's counsel or official claims and noticing agent in many large bankruptcy cases in this District and in other districts nationwide.  DRC has provided identical or substantially similar services in other bankruptcy proceedings, including, among others*:  In re EHT US1, Inc., et al.,* Case No. 21-10036 (CSS) (Bankr. D. Del. 2021); *In re The Roman Catholic Church of the Archdiocese of New Orleans,* Case No. 20-10846 (MSG) (Bankr. E.D. La. 2020); *In re YouFit Health Clubs, LLC, et. al.,* Case No. 20-12841 (MFW) (Bankr. D. Del. 2020); *In re Cred Inc., et. al.,* Case No. 20-12836 (JTD) (Bankr. D. Del. 2020); *In re Gorham Paper and Tissue, LLC, et. al.,* Case No. 20-12814 (KBO) (Bankr. D. Del. 2020); *In re FIC Restaurants, Inc., et. al.,* Case No. 20-12807 (CSS) (Bankr. D. Del. 2020); *In re IMH Financial Corporation,* Case No. 20-11858 (CSS) (Bankr. D. Del. 2020); *In re Muji U.S.A Limited,* Case No. 20-11805 (MFW) (Bankr. D. Del. 2020); *In re AAC Holdings, Inc., et al.,* Case No. 20-11648 (JTD) (Bankr. D. Del. 2020); *In re Klausner Lumber Two LLC,* Case No. 20-11518 (KBO) (Bankr. D. Del. 2020); *In re PQ New York,* Case No. 20-11266 (JTD) (Bankr. D. Del. 2020); *In re Comcar Industries, Inc.,* Case No. 20-11120 (LSS) (Bankr. D. Del. 2020); *In re Longview Power, LLC,* Case No. 20-10951 (BLS) (Bankr. D. Del. 2020*); In re: B&B Liquidating, LLC,* Case No. 2:18-bk-11744-NB (Bankr. C.D. Cal. 2018); *In re: Gump's Holdings, LLC, et al.,* Case No. BK-S-18-14683-leb (Bankr. D. Nev. 2018); *In re: Bostwick Laboratories, Inc., et al.,* Case No. 17-10570 (BLS) (Bankr. D. Del 2017*); In re: Emerald Oil, Inc., et al.,* Case No. 16-10704 (KG) (Bankr. D. Del. 2016); *In re: Roadhouse Holding, Inc., et al.,* Case No. 16-11819 (BLS) (Bankr. D. Del. 2016); *In re: Peek, Aren't You Curious, Inc.,* Case No. 16-30146 (Bankr. N.D. Cal. 2016); *In re: Freedom*

*Communications, Inc., et al.,* Case No. 8:15-bk-15311-MW (Bankr. C.D. Cal. 2015*); In re: Sullivan International Group, Inc.,* Case No. 15-02281-11 (Bankr. S.D. Cal. 2015).

3.    The terms and source of the proposed compensation and reimbursement of DRC are (specify):

      Subject to Court approval, DRC will represent the Trustee at its customary hourly rates which currently range from $35.00 to $205.00 per hour, depending on the experience and expertise of the person performing the work.  DRC's hourly rates are subject to periodic adjustment.  If any adjustment is made while DRC is performing work in this case, the new hourly rates will be effective for this case.

4.    The nature and terms of retainer (i.e., nonrefundable versus an advance against fees) held by DRC are (specify):

      None.

5.    The investigation of disinterestedness made by DRC prior to submitting this Statement consisted of (specify):

      DRC has reviewed its electronic database to determine whether it has any relationships with the list of entities provided by the Trustee.  Based on the results of such search, at this time, DRC is not aware of any relationship that would present a disqualifying conflict of interest.  Should DRC discover any new relevant facts or relationships bearing on the matters described herein during the period of its retention, DRC will use reasonable efforts to promptly file a supplemental declaration.

6.    The following is a complete description of all of DRC's connections with the Debtor, principals of the Debtor, insiders, the Debtor's creditors, the Trustee, any other party or parties in interest, and their respective attorneys and accountants, or any person employed in the Office of the United States Trustee (specify, attaching extra pages as necessary):

      (a)    Nellwyn Voorhies, the President of DRC, and Karen Wagner, a Senior Bankruptcy Consultant with DRC, were previously employed by KCC, one of the Debtor's secured creditors.  Ms. Voorhies was employed by KCC from 2006 to 2012 and Ms. Wagner was employed by KCC from 2005 to 2016.  DRC does not believe either were KCC employees at the time KCC did work for the Debtor, and neither Ms. Voorhies nor Ms. Wagner did work on the Debtor's case.

      (b)    DRC, as well as its personnel, has and will continue to have relationships personally or in the ordinary course of business with certain vendors, professionals, financial institutions, and other parties in interest that may be involved in the Debtor's chapter 7 case.  DRC may also provide professional services to entities or persons that may be creditors or parties in interest in this chapter 7 case, which services do not directly relate to, or have any direct connection with, this chapter 7 case or the Debtor.

      (c)    DRC and its personnel in their individual capacities regularly utilize the services of law firms, investment banking and advisory firms, accounting firms and financial advisors.  Such firms engaged by DRC or its personnel may appear in chapter 7 cases representing the Debtor or parties in interest.  All engagements

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

where such firms represent DRC or its personnel in their individual capacities are unrelated to this chapter 7 case.

(d)    Further, DRC represents that neither DRC nor any of its principals or employees are connected with the Debtor, its creditors, any other party in interest, their respective attorneys and accountants, or to the Estate except that certain of DRC's professionals were formerly employed by firms that may be creditors or may provide professional services to parties in interest in this case.  Except as disclosed herein, these professionals did not work on any matters involving the Debtor while employed by their previous firms.  Moreover, these professionals were not employed by their previous firms when this case was filed.

(e)    DRC is an affiliate of American Stock Transfer & Trust Company, LLC ("AST"). AST is a global financial communications and stakeholder management company. Within the AST corporate structure, DRC operates as a separate and independent legal entity. No personnel from AST have access to confidential data held by DRC, and no DRC personnel have access to AST clientele data or knowledge of AST's connections. There are no formal systems in place to maintain "Chinese walls" or other barriers between the affiliated entities as DRC's files are on a separate system, and DRC does not have the ability to access our affiliates systems. AST and its affiliates provide stock transfer solution services mainly to public companies or companies intending to trade shares publicly. These services include transfer agency services, initial public offering counseling, proxy solicitation assistance and data analysis, and electronic transmission of data services. AST and its affiliates do not provide advisory services in restructurings. Given the legal and operational separateness of DRC from AST, DRC does not believe that any relationships that AST and its affiliates maintain would create an interest of DRC that would be materially adverse to the Debtor's estate or any class of creditors or equity security holders.

7.    DRC will not consider itself employed by the United States government and shall not seek any compensation from the United States government in its capacity as the claims and noticing agent in this case.  By accepting employment, DRC waives any rights to receive compensation from the United States government in connection with this case.  In its capacity as the claims and noticing agent, DRC will not be an agent of the United States and will not act on behalf of the United States. DRC will not employ any past or present employees of the Debtor in connection with its work as the claims and noticing agent in this case.

8.    DRC is not a pre-petition creditor, an equity security holder or an insider of the Debtor.

9.    DRC is not and was not an investment banker for any outstanding security of the Debtor.

10.    DRC has not been within three (3) years before the date of the filing of the petition herein, an investment banker for a security of the Debtor, or an attorney for such an investment banker in connection with the offer, sale or issuance of any security of the Debtor.

11.    DRC is not and was not, within two (2) years before the date of the filing of the petition herein, a director, officer or employee of the Debtor or of any investment banker for any security of the Debtor.

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

12.    DRC neither holds nor represents any interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor or an investment banker for any security of the Debtor, or for any other reason.

13.    Name, address and telephone number of the person signing this Statement (specify):

DONLIN, RECANO & COMPANY, INC.
Nellwyn Voorhies, President
6201 15th Avenue
Brooklyn, NY 11219
Telephone:    (619) 346-1628

14.    None of DRC's partners or employees is related to the bankruptcy judge in this case.

After conducting or supervising the investigation described in Paragraph 5 above, I declare under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct except that I declare that Paragraphs 6 through 11 are stated on information and belief.

Executed on the  14th  day of June, 2021, at Costa Mesa, California.

_____
NELLWYN VOORHIES

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT "1"

**DONLIN RECANO**
*An AST Company*

**STANDARD CLAIMS ADMINISTRATION AND NOTICING AGREEMENT**

**TERMS AND CONDITIONS**

**Donlin, Recano & Company, Inc**. (hereinafter called "DRC") agrees to provide Elissa D. Miller, solely in her capacity as the chapter 7 trustee of the Girardi Keese bankruptcy estate (hereinafter called the "Client"), and Client agrees to purchase Services (as defined below) upon the terms and conditions and other provisions stated herein. Client agrees and understands that none of the services constitute legal advice.

**1. SERVICES:** DRC agrees to provide the Client with consulting services regarding distributions, noticing and claims management and reconciliation, and any other services agreed upon by the parties or otherwise required by applicable law, government regulations, or court rules or orders. A more detailed description of the types of services offered by DRC, as well as the fees charged for such services, is annexed hereto as Schedule A.

**2. CHARGES**: All charges shall be based upon the time and materials incurred by DRC, billed at the DRC then prevailing standard rate unless another rate schedule is specifically and mutually agreed upon herein. DRC reserves its rights to adjust its standard rates in January of each year to reflect changes in the business and economic environment. In the event that rates are based other than on time and materials, and such other basis for rates is set forth herein, the Client agrees to pay, in addition to those rates, for all charges, incurred by DRC as a result of Client error or omission as determined by DRC. Such charges shall include but shall not be limited to re-runs and any additional clerical work, phone calls, travel expenses, or any other disbursements. When possible, DRC will notify Client in advance of any additional charges. Checks are accepted subject to collection and the date of collection shall be deemed the date of payment. Any check received from Client may be applied by DRC against any obligation owing by Client to DRC, and an acceptance by DRC of any partial payment shall not constitute a waiver of DRC's right to pursue the collection of any remaining balance. DRC requires advance deposits for all noticing, newspaper publishing or other significant expenditures as defined by DRC. In addition, Client shall reimburse DRC for all actual out-of-pocket expenses reasonably incurred by DRC. The out-of-pocket expenses may include, but are not limited to, postage, delivery services, travel, meals and other similar costs and expenses. In addition to all charges for services and materials hereunder, Client shall pay to DRC all taxes, however designated, levied or based that are applicable to this Agreement or are measured directly by payments made under this Agreement and are required to be collected by DRC or paid by DRC to taxing authorities. This provision, includes but is not limited to, sales, use and excise taxes, but does not include personal property taxes or taxes based on net income.

2869028.5

6/7/2021~~5/27/2021~~                                                         **Page 1 of 7**

**3. TRANSPORTATION OF DATA**:  Data submitted by the Client to DRC for processing shall be transported at the Client's risk and expense to and from the DRC office.  In the event the Client fails to deliver the input data to DRC at the time scheduled, the Client agrees that DRC may extend, as necessary, the time for the completion of processing of such data.  Client further agrees that the time for the completion or processing of such data may be extended because of the following holidays in addition to any Bank holidays recognized in the city in which DRC is located:  New Year's Day, Memorial Day, Independence Day, Labor Day, Thanksgiving Day and Christmas Day. In any event, DRC does not warrant or represent that shipment or availability dates will be met, but will use its best efforts to do so.  If DRC is required to stay open to perform required tasks on such days, an additional mutually agreed upon cost may be required by DRC.

**4. INVOICES**:    Provided that the Girardi Keese bankruptcy estate has unencumbered funds or obtains Bankruptcy Court authority to use cash collateral to pay for services rendered by DRC as set forth herein, Client shall pay the charges set forth in Schedule A, attached hereto.  DRC shall invoice the Client monthly for all services rendered during the preceding month.  Charges for a partial month's service shall be prorated based on a thirty (30) day month.  Subject to the conditions set forth above in the first sentence of this section 4 and elsewhere in this Agreement, failure to pay any fees, costs or other amounts to DRC shall be a breach of this Agreement (a "Failure to Pay").  DRC shall also have the right, at its option, to terminate this Agreement with Bankruptcy Court approval upon a Failure to Pay (a "Non-Payment Breach").  If the invoice amount is disputed, notice shall be given to DRC within ten (10) days of receipt of the invoice by the Client.  The undisputed portion of the invoice will remain due and payable.  Notwithstanding anything contained in this agreement to the contrary, a Failure to Pay shall under no circumstances be construed as an agreement by DRC to reduce or waive DRC's fees and expenses.  The Client shall not agree or otherwise consent to a unilateral reduction or waiver of DRC fees and expenses without the explicit written consent of DRC and any such agreement or consent to such reduction or waiver by the Client without DRC's explicit written consent shall be deemed null and void and constitute a breach of this Agreement (a "Material Breach").  Notwithstanding anything contained in this agreement to the contrary, upon the occurrence of a Material Breach, DRC shall have the right, at its option, to terminate this agreement upon five (5) business days' notice to the Client and Bankruptcy Court approval.

**5. STORAGE**:  Client shall assume the risks and DRC shall not be responsible for any damages, liability or expenses incurred in connection with any delay in delivery of or damage to cards, disks, magnetic tapes or any input data furnished by Client unless DRC has agreed in writing to assume such responsibility.  Forms storage at DRC beyond a normal 90-day supply will be billed at standard warehousing rates established by DRC.

**6. E-MAIL COMMUNICATIONS**:  DRC and the Client and its agents acknowledge that they may wish to communicate electronically with each other at a business e-mail

2869028.5

**DONLIN RECANO**
An AST Company

address.  However, the electronic transmission of information cannot be guaranteed to be secure or error free and such information could be intercepted, corrupted, lost, destroyed, arrive late or incomplete or otherwise be adversely affected or unsafe to use.  Accordingly, each party agrees to use commercially reasonable procedures to check for the then most commonly known viruses and to check the integrity of data before sending information to the other electronically, but each party recognizes that such procedures cannot be a guarantee that transmissions will be virus-free.  It remains the responsibility of the party receiving an electronic communication from the other to carry out a virus check on any attachments before launching any documents, whether received on disk or otherwise.

**7. <u>SUPPLIES</u>**:  All supplies shall be furnished at Client's expense.

**8. <u>TERM</u>**:  This Agreement shall be effective upon entry of a Bankruptcy Court order approving this Agreement or such earlier date as provided in the order, and shall remain in force until terminated by either party upon thirty days' written notice to the other party or by DRC after Bankruptcy Court approval after upon occurrence of a Non-Payment Breach or a Material Breach, as defined in section 4 above.  The payment obligation set forth in section 4 shall survive termination of this Agreement.  In the event this Agreement is terminated, DRC shall coordinate with the Client and, to the extent applicable, the Office of the Clerk of the Bankruptcy Court, for an orderly transfer of record keeping functions and shall provide all necessary staff, services and assistance required for such orderly transfer.  Client agrees to pay for such services in accordance with DRC's then existing fees for such services.

**9. <u>TERMS OF AGREEMENT</u>**:  No waiver, discharge, or modification of the terms of this Agreement shall bind DRC unless in writing and signed by an authorized representative of DRC.

**10. <u>CONFIDENTIALITY</u>:**  Each of DRC and the Client, on behalf of themselves and their respective employees, agents, professionals and representatives, agrees to keep confidential all non-public records, systems, procedures, software and other information received from the other party in connection with the services provided under this Agreement; provided, however, that if either party reasonably believes that it is required to produce any such information by order of any governmental agency or other regulatory body, it may, upon not less than five (5) business days' written notice to the other party, release the required information.

**11. <u>OWNERSHIP OF PROGRAMS</u>**:  Unless otherwise agreed in writing, all programs developed by DRC in connection with any services to be performed under this Agreement shall remain the sole property of DRC.  All programs and/or systems documentation in the possession of DRC which DRC has agreed in writing to return to the Client, prepared for the Client by DRC, shall be returned to the Client upon demand providing all charges for such programming and/or systems documentation have been paid in full.

2869028.5

**www.donlinrecano.com**

EXHIBIT "1," PAGE 18

**DONLIN RECANO**
An AST Company

**12. SYSTEMS IMPROVEMENTS:** DRC's policy is to provide continuous improvements in the quality of service to its clients. DRC, therefore, reserves the right to make changes in operating procedures, operating systems, programming languages, application programs, time period of accessibility, equipment, and the DRC data center serving the Client, so long as any such changes do not materially interfere with ongoing services provided to the Client in connection with the Client's case.

**13. UNUSUAL MEASURES**: Where the Client requires measures that are unusual and beyond the normal business practice and hours of DRC such as, but not limited to, CPA Audit, Errors and Omissions Insurance, and/or Off-Premises Storage of Data, the cost of such measures, if provided by DRC, shall be charged to the Client. Said charges may be required in advance if DRC deems it appropriate.

**14. FORCE MAJEURE.** Whenever performance by DRC of any of its obligations hereunder is substantially prevented by reason of any act of God, strike, lock out or other industrial or transportational disturbance, fire, lack of materials, law, regulation or ordinance, war or war conditions, or by reasons of any other matter beyond DRC's reasonable control, then such performance shall be excused and this Agreement shall be deemed suspended during the continuation of such prevention and for a reasonable time thereafter.

**15. NOTICE.** Any notice or other communication required or permitted hereunder shall be in writing and shall be delivered personally, or sent by registered mail, postage prepaid, or overnight courier. Any such notice shall be deemed given when so delivered personally, or, if mailed, five days after the date of deposit in the United States mail, or, if sent by overnight courier, one business day after delivery to such courier, as follows:

If to DRC, to: Donlin, Recano & Company, Inc., 6201 15th Avenue, Brooklyn, NY 11219 Attention: Nellwyn Voorhies, Esq.

If to the Client, to: Sulmeyer Kupetz, 333 South Grand Avenue, Suite 3400, Los Angeles, CA 90071, Attention: Elissa D. Miller, Esq.

**16. GOVERNING LAW.** This Agreement will be governed by and construed in accordance with the laws of the State of New York (without reference to its conflict of laws provisions). Venue shall be in the United States Bankruptcy Court, Central District of California, Los Angeles Division, and such Bankruptcy Court shall retain jurisdiction over all matters regarding this Agreement.

**17. SEVERABILITY.** All clauses and covenants contained in this Agreement are

2869028.5

6/7/2021~~5/27/2021~~                                                          Page 4 of 7

EXHIBIT "1," PAGE 19



severable and in the event any of them are held to be invalid by any court, such clause or covenant shall be valid and enforced to the maximum extent as to which it may be valid and enforceable, and this Agreement will be interpreted as if such invalid clauses or covenants were not contained herein.

**18.  ASSIGNMENT.** This Agreement and the rights and obligations of DRC and the Client hereunder shall bind and inure to the benefit of any successors or assigns thereto.

**19.  GENERAL**:  The term "this Agreement" as used herein includes any future written amendments, modifications, supplements or schedules duly executed by Client and DRC. This Agreement contains the entire agreement between the parties with respect to the subject matter hereof.  This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one in the same instrument. A facsimile copy, photocopy or imaged copy of this Agreement shall be considered an original copy.

**20.  BANKRUPTCY COURT APPROVAL AND JURISDICTION**:  This Agreement and the effectiveness thereof are subject to approval of the United States Bankruptcy Court, Central District of California, Los Angeles Division, in the pending chapter 7 bankruptcy case of Girardi Keese, case number 2:20-bk-21022-BR, and such Bankruptcy Court shall retain jurisdiction over all matters regarding this Agreement.

Accepted and Approved:

Donlin, Recano & Company, Inc.
6201 15th Avenue
Brooklyn, New York 11219

By:        Nellwyn Voorhies

Signature:

Title:     President

Date:      06/07/2021

Accepted and Approved:

2869028.5

**DONLIN RECANO**
An AST Company

Elissa D. Miller, solely in her capacity as chapter 7 trustee for Girardi Keese

Signature: _____

Title:            Chapter 7 Trustee for Girardi Keese

Date:             June 7, 2021

This Agreement is subject to the terms and conditions set forth herein.  Client acknowledges reading and understanding it and agrees to be bound by its terms and conditions and further agrees that it is the complete and exclusive statement of the Agreement between the parties, which supersedes all proposals oral or written and other prior communications between the parties relating to the subject matter of this Agreement.

2869028.5

6/7/2021~~5/27/2021~~                                                    **Page 6 of 7**

**DONLIN RECANO**
An AST Company

**SCHEDULE A**
**Girardi Keese**
**Fee Schedule**

| Professional Service | Hourly Rates |
|---|---|
| Senior Bankruptcy Consultant | $175 - $205 |
| Case Manager | $160 - $175 |
| Consultant/Analyst | $130- $155 |
| Technology/Programming Consultant | $95 - $120 |
| Clerical | $35 - $45 |
| **Noticing Service** | |
| Laser Printing/ Photocopies | $.10 per Image |
| Personalization/ Labels | WAIVED |
| Fax (Incoming) | WAIVED |
| Fax Noticing | $.08 per Page |
| Postage and Overnight Delivery | At Cost |
| Electronic Noticing | WAIVED |
| Publication Services | At Cost |
| **Claims Docketing and Management** | |
| Website Development | WAIVED |
| Web Hosting | WAIVED |
| Creditor Data Storage/ Electronic Document Storage | $.08 per record monthly |
| Document Imaging | $.08 per Image |
| Electronic Claims filing | No Set-up charge or per claim charge |
| **Data Room Services** | |
| DRC DocuLinks™ Virtual Data Room Services | Hosting WAIVED |
| Data Room Development | $90 per Hour |
| **Miscellaneous** | |
| Escrow Agent Services | Competitive Interest Rates |
| Out-of-Pocket Expenses (including any required travel) | At Cost |
| Call Center Operators | $65 per hour |

2869028.5

**www.donlinrecano.com**

EXHIBIT "1," PAGE 22

# EXHIBIT "2"

**DONLIN RECANO**
An AST Company

## CONSULTING SERVICES AGREEMENT

## <u>TERMS AND CONDITIONS</u>

**Donlin, Recano & Company, Inc.** (hereinafter called "DRC") agrees to provide Elissa D. Miller, solely in her capacity as the chapter 7 trustee of the Girardi Keese bankruptcy estate (hereinafter called the "Client"), and Client agrees to purchase services upon the terms and conditions and in accordance with "Schedule A", attached hereto, and other provisions stated herein.  Client agrees and understands that none of the services constitute legal advice.

**1. <u>CHARGES</u>**: All charges shall be based upon the time and materials incurred by DRC, billed at the DRC then prevailing standard rate unless another rate schedule is specifically and mutually agreed upon herein.  DRC reserves its rights to adjust its standard rates in January of each year to reflect changes in the business and economic environment. In the event that rates are based other than on time and materials, and such other basis for rates is set forth herein, the Client agrees to pay, in addition to those rates, for all charges, incurred by DRC as a result of Client error or omission as determined by DRC.  Such charges shall include but shall not be limited to re-runs and any additional clerical work, phone calls, travel expenses, or any other disbursements.  When possible, DRC will notify Client in advance of any additional charges.  Checks are accepted subject to collection and the date of collection shall be deemed the date of payment.  Any check received from Client may be applied by DRC against any obligation owing by Client to DRC, and an acceptance by DRC of any partial payment shall not constitute a waiver of DRC's right to pursue the collection of any remaining balance. DRC requires advance deposits for all noticing, newspaper publishing or other significant expenditures as defined by DRC.  In addition, Client shall reimburse DRC for all actual out-of-pocket expenses reasonably incurred by DRC.  The out-of-pocket expenses may include, but are not limited to, postage, delivery services, travel, meals and other similar costs and expenses.  In addition to all charges for services and materials hereunder, Client shall pay to DRC all taxes, however designated, levied or based that are applicable to this Agreement or are measured directly by payments made under this Agreement and are required to be collected by DRC or paid by DRC to taxing authorities.  This provision, includes but is not limited to, sales, use and excise taxes, but does not include personal property taxes or taxes based on net income

**2. <u>TRANSPORTATION OF DATA</u>**:   Data submitted by the Client to DRC for processing shall be transported at the Client's risk and expense to and from the DRC office.  In the event the Client fails to deliver the input data to DRC at the time scheduled, the Client agrees that DRC may extend, as necessary, the time for the completion of processing of such data.  Client further agrees that the time for the completion or processing of such data may be extended because of the following holidays in addition to any Bank holidays recognized in the city in which DRC is located:  New Year's Day, Memorial Day, Independence Day, Labor Day, Thanksgiving Day and Christmas Day. In any event, DRC does not warrant or represent that shipment or availability dates will be met but will use its best efforts to do so.  If DRC is required to stay open to perform required tasks on such days, an additional mutually agreed upon cost may be required by DRC.

**3. <u>INVOICES</u>**:   Provided that the Girardi Keese bankruptcy estate has unencumbered funds or obtains Bankruptcy Court authority to use cash collateral to pay for services rendered by DRC as set forth herein

2869030.5 **6/7/2021**                                                                                              **Page 1 of 6**

**DONLIN RECANO**
An AST Company

and further provided that DRC obtains Bankruptcy Court approval for payment of its invoices, Client shall pay the charges set forth in Schedule A, attached hereto.  DRC shall invoice the Client monthly for all services rendered during the preceding month.   Charges for a partial month's service shall be prorated based on a thirty (30) day month.  Subject to the conditions set forth above in the first sentence of this section 3 and elsewhere in this Agreement, failure to pay any fees, costs or other amounts to DRC shall be a breach of this Agreement (a "Failure to Pay").  Subject to the conditions set forth above in the first sentence of this section 3 and elsewhere in this Agreement, DRC shall have the right, at its option, to terminate this Agreement for non-payment of invoices after Bankruptcy Court approval of the invoices (a "Non-Payment Breach").   Notwithstanding anything contained in this agreement to the contrary, a Failure to Pay shall under no circumstances be construed as an agreement by DRC to reduce or waive DRC's fees and expenses.  The Client shall not agree or otherwise consent to a unilateral reduction or waiver of DRC fees and expenses without the explicit written consent of DRC and any such agreement or consent to such reduction or waiver by the Client without DRC's explicit written consent shall be deemed null and void and constitute a breach of this Agreement (a "Material Breach").  Notwithstanding anything contained in this agreement to the contrary, upon the occurrence of a Material Breach, DRC shall have the right, at its option, to terminate this Agreement upon five (5) business days' notice to the Client.

**4. STORAGE**:  Client shall assume the risks and DRC shall not be responsible for any damages, liability or expenses incurred in connection with any delay in delivery of or damage to cards, disks, magnetic tapes or any input data furnished by Client unless DRC has agreed in writing to assume such responsibility.   Forms storage at DRC beyond a normal 90-day supply will be billed at standard warehousing rates established by DRC.

**5. E-MAIL COMMUNICATIONS**:  DRC and the Client and its agents acknowledge that they may wish to communicate electronically with each other at a business e-mail address.  However, the electronic transmission of information cannot be guaranteed to be secure or error free and such information could be intercepted, corrupted, lost, destroyed, arrive late or incomplete or otherwise be adversely affected or unsafe to use.  Accordingly, each party agrees to use commercially reasonable procedures to check for the then most commonly known viruses and to check the integrity of data before sending information to the other electronically, but each party recognizes that such procedures cannot be a guarantee that transmissions will be virus-free.  It remains the responsibility of the party receiving an electronic communication from the other to carry out a virus check on any attachments before launching any documents, whether received on disk or otherwise.

**6. SUPPLIES**:  All supplies shall be furnished at Client's expense.

**7. TERM**:  This Agreement shall be effective upon entry of a Bankruptcy Court order approving this Agreement or such earlier date as provided in the order, and shall remain in force until terminated by either party upon thirty days' written notice to the other party or by DRC upon occurrence of a Non-Payment Breach or a Material Breach, as defined in section 3 above. Notwithstanding the foregoing, this Agreement will remain in effect until an order of the Bankruptcy Court is entered discharging DRC from service and responsibility under this Agreement.  The payment obligation set forth in section 3 shall survive termination of this Agreement.  In the event this Agreement is terminated, DRC shall coordinate with the Client and, to the extent applicable, the Office of the Clerk of the Bankruptcy Court,

**DONLIN RECANO**
An AST Company

for an orderly transfer of record keeping functions and shall provide all necessary staff, services and assistance required for such orderly transfer.  Client agrees to pay for such services in accordance with DRC's then existing fees for such services.  If termination of this Agreement occurs following entry of an order by the Bankruptcy Court approving DRC's retention under 11 U.S.C. §§ 327 (a) and 328, then the Client shall immediately seek entry of an order (in form and substance reasonably acceptable to DRC) that discharges DRC from service and responsibility under this Agreement.

**8.** <u>**TERMS OF AGREEMENT**</u>:  The terms of this Agreement prevail over any and all terms contained in Client's purchase order or authorization and no waiver, discharge, or modification of the terms of this Agreement shall bind DRC unless in writing and signed by an authorized representative of DRC.

**9.** <u>**CONFIDENTIALITY:**</u>  Each of DRC and the Client, on behalf of themselves and their respective employees, agents, professionals and representatives, agrees to keep confidential all non-public records, systems, procedures, software and other information received from the other party in connection with the services provided under this Agreement; provided, however, that if either party reasonably believes that it is required to produce any such information by order of any governmental agency or other regulatory body, it may, upon not less than five (5) business days' written notice to the other party, release the required information.

**10.** <u>**OWNERSHIP OF PROGRAMS**</u>:  Unless otherwise agreed in writing, all programs developed by DRC in connection with any services to be performed under this Agreement shall remain the sole property of DRC.  All programs and/or systems documentation in the possession of DRC which DRC has agreed in writing to return to the Client, prepared for the Client by DRC, shall be returned to the Client upon demand providing all charges for such programming and/or systems documentation have been paid in full.

**11.** <u>**SYSTEMS IMPROVEMENTS:**</u>  DRC's policy is to provide continuous improvements in the quality of service to its clients.  DRC, therefore, reserves the right to make changes in operating procedures, operating systems, programming languages, application programs, time period of accessibility, equipment, and the DRC data center serving the Client, so long as any such changes do not materially interfere with ongoing services provided to the Client in connection with the case.

**12.** <u>**UNUSUAL MEASURES**</u>:  Where the Client requires measures that are unusual and beyond the normal business practice and hours of DRC such as, but not limited to, CPA Audit, Errors and Omissions Insurance, and/or Off-Premises Storage of Data, the cost of such measures, if provided by DRC, shall be charged to the Client.  Said charges may be required in advance if DRC deems it appropriate.

**13.** <u>**BANKRUPTCY COURT APPROVAL AND JURISDICTION.**</u>  This Agreement, the effectiveness thereof, and payment of any charges to DRC under this Agreement are subject to approval of the United States Bankruptcy Court, Central District of California, Los Angeles Division, in the pending chapter 7 bankruptcy case of Girardi Keese, case number 2:20-bk-21022-BR, and such Bankruptcy Court shall retain jurisdiction over all matters regarding this Agreement.

**14.** <u>**FORCE MAJEURE.**</u>  Whenever performance by DRC of any of its obligations hereunder is substantially prevented by reason of any act of God, strike, lock out or other industrial or

**DONLIN RECANO**
An AST Company

transportational disturbance, fire, lack of materials, law, regulation or ordinance, war or war conditions, or by reasons of any other matter beyond DRC's reasonable control, then such performance shall be excused and this Agreement shall be deemed suspended during the continuation of such prevention and for a reasonable time thereafter.

**15.  NOTICE.**  Any notice or other communication required or permitted hereunder shall be in writing and shall be delivered personally, or sent by registered mail, postage prepaid, or overnight courier.  Any such notice shall be deemed given when so delivered personally, or, if mailed, five days after the date of deposit in the United States mail, or, if sent by overnight courier, one business day after delivery to such courier, as follows:

if to DRC, to:                          Donlin, Recano & Company, Inc.,
                                        6201 15th Avenue,
                                        Brooklyn, NY 11219,
                                        Attention:  Nellwyn Voorhies, Esq.;


if to the Client, to:                   Sulmeyer Kupetz
                                        333 South Grand Avenue
                                        Suite 3400
                                        Attention: Elissa D. Miller, Esq.


**16.  GOVERNING LAW.** This Agreement will be governed by and construed in accordance with the laws of the State of New York (without reference to its conflict of laws provisions).  Venue shall be in the United States Bankruptcy Court, Central District of California, Los Angeles Division, and such Bankruptcy Court shall retain jurisdiction over all matters regarding this Agreement.

**17.  SEVERABILITY.**  All clauses and covenants contained in this Agreement are severable and in the event any of them are held to be invalid by any court, such clause or covenant shall be valid and enforced to the maximum extent as to which it may be valid and enforceable, and this Agreement will be interpreted as if such invalid clauses or covenants were not contained herein.

**18.  ASSIGNMENT.** This Agreement and the rights and obligations of DRC and the Client hereunder shall bind and inure to the benefit of any successors or assigns thereto.

**19.  GENERAL**:  The term "this Agreement" as used herein includes any future written amendments, modifications, supplements or schedules duly executed by Client and DRC.  This Agreement contains the entire agreement between the parties with respect to the subject matter hereof.  This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one in the same instrument. A facsimile copy, photocopy or imaged copy of this Agreement shall be considered an original copy.  The Client shall file an application with the Bankruptcy Court under 11 U.S.C. §§ 327(a) and 328 seeking approval of this Agreement (the "Application"), the form and substance of which shall be reasonably acceptable to DRC.  If an order is entered approving such Application (the "Order"), any discrepancies between this Agreement, the

**DONLIN RECANO**
An AST Company

Application and the Order shall be controlled by the Application and Order.


Accepted and Approved:

Donlin, Recano & Company, Inc.
6201 15th Avenue
Brooklyn, NY 11219

By: _____Nellwyn_____

Signature: _____

Title: _____Presiden_____

Date: _____06/07/202_____



Accepted and Approved:

Elissa D. Miller, solely in her capacity as chapter 7 trustee for Girardi Keese

Signature: _____

Title: _____Chapter 7 trustee for Girard Keese_____

Date: _____June 7, 2021_____


This Agreement is subject to the terms and conditions set forth herein.  Client acknowledges reading and understanding it and agrees to be bound by its terms and conditions and further agrees that it is the complete and exclusive statement of the Agreement between the parties, which supersedes all proposals oral or written and other prior communications between the parties relating to the subject matter of this Agreement.

**DONLIN RECANO**
An AST Company

**SCHEDULE A**
**Girardi Keese**
**Fee Schedule**

| Professional Service | Hourly Rates |
|---|---|
| Senior Bankruptcy Consultant | $175 - $205 |
| Case Manager | $160 - $175 |
| Consultant/Analyst | $130- $155 |
| Technology/Programming Consultant | $95 - $120 |
| Clerical | $35 - $45 |

| Noticing Service | |
|---|---|
| Laser Printing/ Photocopies | $.10 per Image |
| Personalization/ Labels | WAIVED |
| Fax (Incoming) | WAIVED |
| Fax Noticing | $.08 per Page |
| Postage and Overnight Delivery | At Cost |
| Electronic Noticing | WAIVED |
| Publication Services | At Cost |

| Claims Docketing and Management | |
|---|---|
| Website Development | WAIVED |
| Web Hosting | WAIVED |
| Creditor Data Storage/ Electronic Document Storage | $.08 per record monthly |
| Document Imaging | $.08 per Image |
| Electronic Claims filing | No Set-up charge or per claim charge |

| Data Room Services | |
|---|---|
| DRC DocuLinks™ Virtual Data Room Services | Hosting WAIVED |
| Data Room Development | $90 per Hour |

| Miscellaneous | |
|---|---|
| Escrow Agent Services | Competitive Interest Rates |
| Out-of-Pocket Expenses (including any required travel) | At Cost |
| Call Center Operators | $65 per hour |

**www.donlinrecano.com**

EXHIBIT "2," PAGE 28

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 3200 Park Center Drive, Suite 250, Costa Mesa, CA 92626.

A true and correct copy of the foregoing document entitled (*specify*): **CHAPTER 7 TRUSTEE'S APPLICATION TO EMPLOY DONLIN, RECANO & COMPANY, INC., AS CONSULTANT AND CLAIMS AND NOTICING AGENT; STATEMENT OF DISINTERESTEDNESS OF NELLWYN VOORHIES** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)  June 15, 2021  I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page.

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*)  June 15, 2021  , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

```
The Honorable Barry Russell
U.S. Bankruptcy Court
Roybal Federal Building
255 E. Temple Street, Suite 1660
Los Angeles, CA 90012
```

☐ Service information continued on attached page.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*)_____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| June 15, 2021 | Gabriela Gomez-Cruz | */s/ Gabriela Gomez-Cruz* |
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                **F 9013-3.1.PROOF.SERVICE**

ADDITIONAL SERVICE INFORMATION (if needed):

## 1. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")

Kyra E Andrassy    kandrassy@swelawfirm.com, lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com
•Rafey Balabanian    rbalabanian@edelson.com, docket@edelson.com
•Michelle Balady    mb@bedfordlg.com, leo@bedfordlg.com
•William C Beall    will@beallandburkhardt.com, carissa@beallandburkhardt.com
•Ori S Blumenfeld    Ori@MarguliesFaithLaw.com,
Helen@MarguliesFaithLaw.com;Angela@MarguliesFaithLaw.com;Vicky@MarguliesFaithLaw.com
•Richard D Buckley    richard.buckley@arentfox.com
•Marie E Christiansen    mchristiansen@vedderprice.com, ecfladocket@vedderprice.com,marie-christiansen-
4166@ecf.pacerpro.com
•Jennifer Witherell Crastz    jcrastz@hrhlaw.com
•Ashleigh A Danker    Ashleigh.danker@dinsmore.com, SDCMLFiles@DINSMORE.COM;Katrice.ortiz@dinsmore.com
•Clifford S Davidson    csdavidson@swlaw.com, jlanglois@swlaw.com;cliff-davidson-7586@ecf.pacerpro.com
•Lei Lei Wang Ekvall    lekvall@swelawfirm.com, lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com
•Richard W Esterkin    richard.esterkin@morganlewis.com
•Timothy W Evanston    tevanston@swelawfirm.com, gcruz@swelawfirm.com;lgarrett@swelawfirm.com;jchung@swelawfirm.com
•Jeremy Faith    Jeremy@MarguliesFaithlaw.com,
Helen@MarguliesFaithlaw.com;Angela@MarguliesFaithlaw.com;Vicky@MarguliesFaithlaw.com
•James J Finsten    , jimfinsten@hotmail.com
•Alan W Forsley    alan.forsley@flpllp.com, awf@fkllawfirm.com,awf@fl-lawyers.net,addy.flores@flpllp.com
•Eric D Goldberg    eric.goldberg@dlapiper.com, eric-goldberg-1103@ecf.pacerpro.com
•Andrew Goodman    agoodman@andyglaw.com, Goodman.AndrewR102467@notify.bestcase.com
•Suzanne C Grandt    suzanne.grandt@calbar.ca.gov, joan.randolph@calbar.ca.gov
•Steven T Gubner    sgubner@bg.law, ecf@bg.law
•Marshall J Hogan    mhogan@swlaw.com, knestuk@swlaw.com
•Sheryl K Ith    sith@cookseylaw.com, sith@ecf.courtdrive.com
•Razmig Izakelian    razmigizakelian@quinnemanuel.com
•Lewis R Landau    Lew@Landaunet.com
•Daniel A Lev    dlev@sulmeyerlaw.com, ccaldwell@sulmeyerlaw.com;dlev@ecf.inforuptcy.com
•Elizabeth A Lombard    elombard@zwickerpc.com, bknotices@zwickerpc.com
•Craig G Margulies    Craig@MarguliesFaithlaw.com,
Vicky@MarguliesFaithlaw.com;Helen@MarguliesFaithlaw.com;Angela@MarguliesFaithlaw.com
•Peter J Mastan    peter.mastan@dinsmore.com, SDCMLFiles@dinsmore.com;Katrice.ortiz@dinsmore.com
•Edith R. Matthai    ematthai@romalaw.com, lrobie@romalaw.com
•Kenneth Miller    kmiller@pmcos.com, efilings@pmcos.com
•Elissa Miller (TR)    CA71@ecfcbis.com, MillerTrustee@Sulmeyerlaw.com;C124@ecfcbis.com;ccaldwell@sulmeyerlaw.com
•Eric A Mitnick    MitnickLaw@aol.com, mitnicklaw@gmail.com
•Scott H Olson    solson@vedderprice.com, scott-olson-
2161@ecf.pacerpro.com,ecfsfdocket@vedderprice.com,nortega@vedderprice.com
•Leonard Pena    lpena@penalaw.com, penasomaecf@gmail.com;penalr72746@notify.bestcase.com
•Michael J Quinn    mquinn@vedderprice.com, ecfladocket@vedderprice.com,michael-quinn-2870@ecf.pacerpro.com
•David M Reeder    david@reederlaw.com, secretary@reederlaw.com
•Ronald N Richards    ron@ronaldrichards.com, morani@ronaldrichards.com
•Kevin C Ronk    Kevin@portilloronk.com, Attorneys@portilloronk.com
•William F Savino    wsavino@woodsoviatt.com, lherald@woodsoviatt.com
•Kenneth John Shaffer    johnshaffer@quinnemanuel.com
•Richard M Steingard    , awong@steingardlaw.com
•Philip E Strok    pstrok@swelawfirm.com, gcruz@swelawfirm.com;1garrett@swelawfirm.com;jchung@swelawfirm.com
•Boris Treyzon    jfinnerty@actslaw.com, sgonzales@actslaw.com
• United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
•Eric D Winston    ericwinston@quinnemanuel.com
•Christopher K.S. Wong    christopher.wong@arentfox.com, yvonne.li@arentfox.com
•Timothy J Yoo    tjy@lnbyb.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                **F 9013-3.1.PROOF.SERVICE**