**SMILEY WANG-EKVALL, LLP**
Lei Lei Wang Ekvall, State Bar No. 163047
*lekvall@swelawfirm.com*
Philip E. Strok, State Bar No. 169296
*pstrok@swelawfirm.com*
Timothy W. Evanston, State Bar No. 319342
*tevanston@swelawfirm.com*
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Telephone: 714 445-1000
Facsimile: 714 445-1002

Attorneys for Elissa D. Miller,
Chapter 7 Trustee

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re<br><br>GIRARDI KEESE,<br><br>Debtor. | Case No. 2:20-bk-21022-BR<br><br>Chapter 7<br><br>**TRUSTEE'S *EX PARTE* MOTION TO FILE UNDER SEAL PURSUANT TO LBR 5003-2(c) AND COURT MANUAL SECTION 2.8(b) AS TO THE TRUSTEE'S MOTION FOR ORDER AUTHORIZING THE TRANSITION AND ASSIGNMENT OF THE ESTATE'S INTERESTS IN THE MESH LITIGATION TO NADRICH & COHEN LLP AND THE OSHMAN FIRM, LLC, FREE AND CLEAR OF LIENS, CLAIMS AND INTERESTS PURSUANT TO 11 U.S.C. § 363; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATIONS OF ELISSA D. MILLER AND JEFFREY NADICH IN SUPPORT** |

**TO THE HONORABLE BARRY RUSSELL, UNITED STATES BANKRUPTCY JUDGE:**

Elissa D. Miller, the chapter 7 trustee for the bankruptcy estate of Girardi Keese (the "Trustee"), files this *ex parte* motion ("*Ex Parte* Motion") for an order authorizing the Trustee to file under seal pursuant to Local Bankruptcy Rule ("LBR") 5003-2(c) and Court Manual section 2.8(b), the *Motion for Order Authorizing the Transition and Assignment of the Estate's Interests in the Mesh Litigation to Nadrich & Cohen LLP and The Oshman*

*Firm, LLC, Free and Clear of Liens, Claims and Interests Pursuant to 11 U.S.C. § 363* (the "Motion"). In support of the *Ex Parte* Motion, the Trustee submits the following memorandum of points and authorities and the attached Declarations of Elissa D. Miller and Jeffrey Nadich.

## I. INTRODUCTION

Pre-petition, the Debtor represented approximately 30 plaintiffs against Johnson & Johnson, et al. ("J&J Litigation"), and approximately 22 plaintiffs against Boston Scientific Corporation ("BSC Litigation") in connection with claims for personal injury from the use of pelvic mesh products. The J&J Litigation and the BSC Litigation are sometimes collectively referred to as the "Mesh Litigation." Nadrich & Cohen LLP ("Nadrich") and The Oshman Firm, LLC ("Oshman") are currently representing other plaintiffs in the Mesh Litigation, and wish to substitute in as counsel for the Debtor's clients (the "Clients").

The Trustee has entered into an agreement with Nadrich and Oshman (sometimes collectively referred to as "N&O") to transition and assign the Mesh Litigation to N&O. This *Ex Parte* Motion seeks authority to file the Motion and the Agreement, which is attached to the Motion as Exhibit "1," under seal to protect certain information regarding the fee arrangement between the parties, as the disclosure could weaken N&O's litigation strategy and give the defense in the Mesh Litigation an advantage in developing its own strategy, to the detriment of the Estate and the Clients. A redacted version of the Motion along with a proposed order are attached to this *Ex Parte* Motion as Exhibits "1" and "2."

## II. BACKGROUND

### A. The Debtor's Bankruptcy Case

The Debtor was a well-respected plaintiff's law firm based in Los Angeles, California. On December 18, 2020, petitioning creditors Jill O'Callahan, as successor in interest to James O'Callahan, Robert M. Keese, John Abassian, Erika Saldana, Virginia Antonio, and Kimberly Archie (collectively, the "Petitioning Creditors") filed an involuntary

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

chapter 7 bankruptcy petition against the Debtor.[1] On December 24, 2020, the Petitioning Creditors filed a *Motion for Appointment of Interim Trustee Pursuant to 11 U.S.C. § 303(g)* [Docket No. 12]. The Court entered an order granting the motion on January 5, 2021 [Docket No. 45]. On January 6, 2021, the Trustee was appointed as the interim trustee [Docket No. 50].

On January 13, 2021, the Court entered an *Order Directing: (1) The Clerk of Court to Immediately Enter an Order for Relief under Chapter 7; (2) The United States Trustee to Immediately Appoint a Chapter 7 Trustee; (3) The Debtor to File All Schedules and Related Documentation for Chapter 7 Case within Fourteen Days of the Entry of this Order; and (4) Vacating February 16, 2021 Status Conference* [Docket No. 68]. On January 13, 2021, the Clerk of Court entered an order for relief against the Debtor [Docket No. 69], and the Trustee was appointed and accepted her appointment in the Debtor's case [Docket No. 71].

**B. <u>The N&O Transition Agreement</u>**

The Debtor was counsel of record for approximately 52 plaintiffs in the Mesh Litigation. The Debtor is not able to continue to perform as counsel for the clients and N&O wishes to substitute in as counsel for those clients, subject to each client's written consent. The Debtor's claim to fees and costs in the Mesh Litigation is an asset of value. Accordingly, the Trustee and N&O entered into a transition agreement, whereby the Trustee agreed to transfer the Estate's interest in its 30 clients in the J&J Litigation and its 22 clients in the BSC Litigation to N&O (the "Agreement").

This *Ex Parte* Motion seeks to file the Motion under seal so as to not disclose the amount and proportion of the fees each party will receive pursuant to the Agreement. N&O believes that, in their experience, there are many factors considered by opposing counsel that guide them on how to litigate the case and against whom they will focus their

---

[1] The Petitioning Creditors also filed an involuntary chapter 7 bankruptcy petition against Thomas V. Girardi, which is currently pending as Bankruptcy Case No. 2:20-bk-21020-BR.

emphasis. N&O believes that if opposing counsel learns of the fee division agreed to between the Trustee and N&O, opposing counsel will be motivated to focus on the cases being transitioned here. The disclosure of the fee structure could weaken N&O's litigation strategy and motivate the defense in the Mesh Litigation to use the information to the detriment of the Clients and, ultimately, the Estate. *See* Declaration of Jeffrey Nadrich attached hereto.

## III. MEMORANDUM OF POINTS AND AUTHORITIES

### A. Legal Standards for Filing Pleadings Under Seal

LBR 5003-2(c) provides:

> (1) Filing Under Seal. Subject to 11 U.S.C. § 107, a document may not be filed under seal without a prior written order of the court. If a filing under seal is requested, a separate motion requesting such relief and a proposed order must be presented to the judge in the manner set forth in the Court Manual.
>
> (2) Disclosure of Sealed Documents. No sealed or confidential record of the court maintained by the clerk will be disclosed except upon written order of the court. A party seeking disclosure of sealed or confidential court records must file and serve a motion pursuant to LBR 9013-1(d) or (o). The motion must state with particularity the need for specific information in such records.

The Court Manual at section 2.8(b) provides:

> **Filing Documents Under Seal [LBR 5003-2(c)].** No documents may be presented to the court for filing under seal unless and until the court has granted a motion authorizing the filing of such documents under seal. All motions for authority to file documents under seal must be filed electronically, if the filer is an attorney.
>
> (1) The motion should include as exhibits, or in a separate appendix also filed electronically, the documents that the movant seeks to file under seal **with the confidential portions redacted;** provided, however, that, if the documents are voluminous, the motion may be accompanied by a declaration under penalty of perjury to this effect and a schedule of the documents that movant seeks to file under seal.
>
> (2) The motion must describe the nature of the information that the party asserts is confidential (without disclosing the

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

confidential information itself) and explain why the information should not be publicly disclosed.

(3) If and when the court grants the motion for authority to file documents under seal, unredacted versions of the documents, together with an entered copy of the order authorizing the sealed filing, should be presented for filing under seal in the manner directed by the court in its order authorizing the filing under seal. Additional information regarding the process of filing a document under seal is available by calling Case Initiation, as listed in Court Manual Appendix A, at the division where the case is pending. [Bold emphasis in original.]

**B. Portions of the Motion, the Trustee's Declaration, and the Agreement Setting forth the Terms of the Assignment Should be Filed Under Seal**

This *Ex Parte* Motion complies with LBR 5003-2(c)(1) and Section 2.8 of the Court Manual. A redacted version of the Motion and a proposed order are attached as Exhibits "1" and "2." This *Ex Parte* Motion also describes the nature of the information that the Trustee asserts is confidential and explains why the information should not be publicly disclosed. The request to file the Motion under seal is made because the Agreement between the Trustee and N&O describes the financial arrangement between the parties. The redacted information is limited and only includes the specific financial terms described in the agreement. N&O believes that disclosure of the information could give defense in the Mesh Litigation a litigation advantage to the detriment of the Clients and the Estate.

## IV. CONCLUSION

Accordingly, the Trustee respectfully requests that the Court enter an order providing for the following relief:

1. Granting this *Ex Parte* Motion;

2. Authorizing the Trustee to file the Motion and attached Agreement under seal, with the Motion and Agreement filed in redacted form on ECF in the form attached as Exhibit "1";

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

3. For such other relief as the Court may deem just and necessary.

DATED: June 15, 2021

Respectfully submitted,

SMILEY WANG-EKVALL, LLP

By: */s/ Lei Lei Wang Ekvall*
LEI LEI WANG EKVALL
Attorneys for Elissa D. Miller, Chapter 7 Trustee

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

**DECLARATION OF ELISSA D. MILLER**

I, Elissa D. Miller, declare as follows:

1. I am the duly appointed Chapter 7 Trustee in the bankruptcy case of Girardi Keese. I am also a partner at the law firm SulmeyerKupetz, a Professional Corporation. I know each of the following facts to be true of my own personal knowledge, except as otherwise stated and, if called as a witness, I could and would competently testify with respect thereto. I make this declaration in support of the *Motion for Order Authorizing the Transition and Assignment of the Estate's Interests in the Mesh Litigation to Nadrich & Cohen LLP and The Oshman Firm, LLC, Free and Clear of Liens, Claims and Interests Pursuant to 11 U.S.C. § 363* (the "Motion"). Unless otherwise defined in this declaration, all terms defined in the Motion are incorporated herein by this reference.

2. The Debtor was counsel of record for approximately 52 plaintiffs in the Mesh Litigation. I recently entered into the Transition Agreement on behalf of the Estate whereby I agreed to transfer the Estate's interest in the Mesh Litigation to N&O.

3. I am informed that it is in the best interest of the Estate to file the Motion under seal to protect certain information regarding the fee arrangement between the parties, as the disclosure could weaken N&O's litigation strategy and give the defense in the Mesh Litigation an advantage in developing its own strategy, to the detriment of the Estate and the Clients. A redacted version of the Motion along with a proposed order are attached to this *Ex Parte* Motion as Exhibits "1" and "2."

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 17th day of June, 2021, at Los Angeles, California.

ELISSA D. MILLER

JEFFREY NADRICH, ESQ.. [State Bar No. 069216]
NADRICH & COHEN, LLP
12100 Wilshire Boulevard
Suite 1250
Los Angeles, California 90025-7133

Telephone : (310) 826-8082
Facsimile : (310) 826-8682

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRIC OF CALIFORNIA**
**LOS ANGELES DIVISION**

IN RE:

GIRARDI KEESE,

DEBTOR.

CASE No. 2:20-BK-21022BR

Chapter 7

DECLARATION OF JEFFREY NADRICH IN SUPPORT OF THE MOTION FOR AN ORDER AUTHORIZING THE TRANSITION AND ASSIGNMENT OF THE ESTATE'S INTERESTS IN THE TRANSVAGINAL MESH LITIGATION TO NADRICH & COHEN, LLP AND THE OSHMAN FIRM, LLC, FREE AND CLEAR OF LIENS, CLAIMS AND INTEREST PURSUANT TO 11 U.S.C. § 363

DECLARATION OF JEFFREY NADRICH

I, Jeffrey Nadrich, declare as follows:

1. I am an attorney at law duly licensed to practice before all courts in the State of California and the United States District Court. I am a partner at the law firm of Nadrich & Cohen, LLP. I know each of the following facts to be true to my own personal knowledge, except as otherwise stated and, if called as a witness, I could and would competently testify with respect thereto. I make this declaration in support of the motion for Order Authorizing the Transition and Assignment of the Estate's interests in the transvaginal mesh litigation to Nadrich & Cohen, LLP and The Oshman Firm, LLC, free and clear of liens, claims and interests pursuant to 11 U.S.C. § 363 (the "Motion").

2. Our law firm and The Oshman Firm will move ahead with the litigation process against Ethicon, a division of Johnson & Johnson (hereinafter "Ethicon") and Boston Scientific pursuant to the Transition order. While the cases in the Boston Scientific Litigation are in settlement mode, those involving Ethicon continue to be actively litigated with hundreds of other cases before the Superior Court, State of New Jersey. Ethicon is a sophisticated party to litigate against. From the experience of Nadrich & Cohen, LLP and The Oshman Firm, LLC litigating against them for over 10 years, we have clearly observed the many factors they consider in how they litigate and against whom they focus their emphasis.

3. It is my utmost concern that if Ethicon obtains a copy of the Order which includes the fee division between the law firms and the Trustee, which reveals a substantially reduced rate to the firms litigating these cases on behalf of injured Plaintiffs, Ethicon will be motivated to focus on the GK transition cases to the detriment of the injured Plaintiffs and

the Estate. The reason for this is the rationale employed by many Defendants in litigation of this type that financial factors motivate how attorneys handle cases. Ethicon can implement a strategy of either seeking more of the GK cases set for bellwether trial or, if and when settlement discussions occur, making reduced offers on the GK cases based upon their perception that the litigating attorneys have a reduced financial interest.

4. As a result, it is my belief that the Court should place under seal the order concerning the fee division agreement amongst the lawyers handling the GK cases so that the fee division portion of the Order not be revealed.

I declare under penalty of perjury under the laws of California that the foregoing is true and correct.

Execute on this 11th day of June 2021 at Los Angeles, CA.

JEFFREY NADRICH

# EXHIBIT "1"

**SMILEY WANG-EKVALL, LLP**
Lei Lei Wang Ekvall, State Bar No. 163047
*lekvall@swelawfirm.com*
Philip E. Strok, State Bar No. 169296
*pstrok@swelawfirm.com*
Timothy W. Evanston, State Bar No. 319342
*tevanston@swelawfirm.com*
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Telephone: 714 445-1000
Facsimile: 714 445-1002

Attorneys for Elissa D. Miller,
Chapter 7 Trustee

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

In re

GIRARDI KEESE,

Debtor.

Case No. 2:20-bk-21022-BR

Chapter 7

**MOTION FOR ORDER AUTHORIZING THE TRANSITION AND ASSIGNMENT OF THE ESTATE'S INTERESTS IN THE MESH LITIGATION TO NADRICH & COHEN LLP AND THE OSHMAN FIRM, LLC, FREE AND CLEAR OF LIENS, CLAIMS AND INTERESTS PURSUANT TO 11 U.S.C. § 363; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF ELISSA D. MILLER IN SUPPORT**

**[No Hearing Required Pursuant to Local Bankruptcy Rule 9013-1(o)]**

**TO THE HONORABLE BARRY RUSSELL, UNITED STATES BANKRUPTCY JUDGE:**

Elissa D. Miller, the chapter 7 trustee for the bankruptcy estate of Girardi Keese (the "Trustee"), submits this *Motion for Order Authorizing the Transition and Assignment of the Estate's Interests in the Mesh Litigation to Nadrich & Cohen LLP and The Oshman Firm, LLC, Free and Clear of Liens, Claims and Interests Pursuant to 11 U.S.C. § 363* (the "Motion"). In support of the Motion, the Trustee submits the following memorandum of points and authorities and the attached Declaration of Elissa D. Miller.

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

**I. INTRODUCTION**

Prior to the involuntary petition, Girardi Keese (the "Debtor") was a prominent plaintiff's law firm representing clients in the areas of personal injury, defective products, sexual abuse, toxic torts, business law, employment law, and aviation law. Since her appointment, the Trustee and her counsel have diligently worked to analyze the Debtor's pending cases. To protect the Debtor's clients, the Trustee and her counsel have engaged in discussions with reputable law firms to discuss the possibility of transferring some or all of the Debtor's pending cases to qualified and experienced counsel.

Pre-petition, the Debtor represented approximately 30 plaintiffs against Johnson & Johnson, et al. ("J&J Litigation"), and approximately 22 plaintiffs against Boston Scientific Corporation ("BSC Litigation") in connection with claims for personal injury from the use of pelvic mesh products. The J&J Litigation and the BSC Litigation are sometimes collectively referred to as the "Mesh Litigation." Nadrich & Cohen LLP ("Nadrich") and The Oshman Firm, LLC ("Oshman") are currently representing other plaintiffs in the Mesh Litigation, and wish to substitute in as counsel for the Debtor's clients (the "Clients").

Nadrich and Oshman (sometimes collectively referred to as "N&O") bring substantial experience to the Mesh Litigation. Throughout the past 20 years, Nadrich has been involved in handling and settling over 1,000 mass tort cases. He and his teams have already settled 250 of his own firm's mesh cases, including against manufacturers such as Covidien, Boston Scientific, Ethicon (Johnson & Johnson), Coloplast, Cook Medical, Caldera, Bard, American Medical Systems and others.

Oshman has been involved in the Mesh Litigation since 2010, having filed over 500 cases against Johnson & Johnson, C.R. Bard, Boston Scientific, American Medical Systems and Boston Scientific. He currently has an inventory of approximately 120 remaining cases with Johnson & Johnson pending in the Superior Court of New Jersey, the jurisdiction where the Debtor's cases are pending. The balance of his cases against the other four listed manufacturers have all settled. Oshman has attended upward of 100

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

depositions, primarily in the J&J Litigation, and has handled approximately a dozen cases designated as bellwethers, for core discovery and trial.

The proposed assignment, which is subject to each Client's consent, is in the best interest of the Estate, and the Clients are assured of continued representation. Additionally, the Estate will collect [redacted] earned in the J&J Litigation, and [redacted] in the BSC Litigation, plus costs, which is a good outcome for the Estate. For these reasons, the Motion should be granted.

## II. BACKGROUND

### A. The Debtor's Bankruptcy Case

The Debtor was a well-respected plaintiff's law firm based in Los Angeles, California. On December 18, 2020, petitioning creditors Jill O'Callahan, as successor in interest to James O'Callahan, Robert M. Keese, John Abassian, Erika Saldana, Virginia Antonio, and Kimberly Archie (collectively, the "Petitioning Creditors") filed an involuntary chapter 7 bankruptcy petition against the Debtor.[1] On December 24, 2020, the Petitioning Creditors filed a *Motion for Appointment of Interim Trustee Pursuant to 11 U.S.C. § 303(g)* [Docket No. 12]. The Court entered an order granting the motion on January 5, 2021 [Docket No. 45]. On January 6, 2021, the Trustee was appointed as the interim trustee [Docket No. 50].

On January 13, 2021, the Court entered an *Order Directing: (1) The Clerk of Court to Immediately Enter an Order for Relief under Chapter 7; (2) The United States Trustee to Immediately Appoint a Chapter 7 Trustee; (3) The Debtor to File All Schedules and Related Documentation for Chapter 7 Case within Fourteen Days of the Entry of this Order; and (4) Vacating February 16, 2021 Status Conference* [Docket No. 68]. On January 13, 2021, the Clerk of Court entered an order for relief against the Debtor

---

[1] The Petitioning Creditors also filed an involuntary chapter 7 bankruptcy petition against Thomas V. Girardi, which is currently pending as Bankruptcy Case No. 2:20-bk-21020-BR.

[Docket No. 69], and the Trustee was appointed and accepted her appointment in the Debtor's case [Docket No. 71].

**B. The Debtor's Pending Cases**

As of the filing of the involuntary petition against the Debtor, the Debtor was counsel of record in a significant number of cases which were undertaken on a contingency fee basis. Since her appointment, the protection of the clients' rights has been one of the Trustee's highest concerns. As a result, the Trustee and her counsel have initiated discussions with a number of law firms, with the goal of transferring some or all of the Debtor's pending cases to counsel. *See* Declaration of Elissa D. Miller.

**C. The N&O Transition Agreement**

The Debtor was counsel of record for approximately 52 plaintiffs in the Mesh Litigation. The Debtor is not able to continue to perform as counsel for the clients and N&O wishes to substitute in as counsel for those clients, subject to each client's written consent. The Debtor's claim to fees and costs in the Mesh Litigation is an asset of value. Accordingly, the Trustee and N&O entered into a transition agreement, whereby the Trustee agreed to transfer the Estate's interest in its 30 clients in the J&J Litigation and its 22 clients in the BSC Litigation to N&O (the "Agreement"). The salient terms of the Agreement are as follows:

**1. Allocation of Fees**

All fees that may be received by N&O or the Debtor on account of the representation of the Clients in the Mesh Litigation, net of any common benefit assessments ("Fees"), shall be allocated as follows:

(a) In the J&J Litigation:

(i) To the Trustee for the benefit of the Estate, [redacted] (the "J&J Estate Allocation"); and

(ii) To N&O, [redacted] (the "J&J N&O Allocation").

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

(b) In the BSC Litigation:

(i) To the Trustee for the benefit of the Estate, [redacted] [redacted] (the “BSC Estate Allocation”); and

(ii) To N&O, [redacted] (the "BSC N&O Allocation").

The J&J Estate Allocation and the BSC Estate Allocation are sometimes collectively referred to as the "Estate Allocation" and the J&J N&O Allocation and the BSC N&O Allocation are sometimes referred to as the N&O Allocation.

(c) It is understood and acknowledged that the Debtor has advanced or otherwise incurred costs in the Mesh Litigation, some of which may be claims in the Bankruptcy Case, and reimbursement for such costs will be made to the Estate as part of the Estate Allocation.

**2. Payment Of Allocated Fees**

All Fees shall be initially payable to a trust fund administered by N&O. Within 30 days of receipt, N&O shall calculate the N&O Allocation and the Estate Allocation and notify the Trustee of the proposed allocation. If the Trustee does not object to the proposed allocation within 14 days after such notice, N&O shall distribute the Fees in accordance with the proposed allocation. If the Trustee does object, N&O shall reserve such amount as would be necessary to satisfy the Trustee’s objection, if sustained, and may distribute the remainder. The Parties agree to attempt to resolve any dispute promptly, which resolution shall be subject to approval under Bankruptcy Rule 9019. If the Parties cannot resolve their dispute within 30 days, the matter will be submitted to the Bankruptcy Court.

**3. Common Defense Benefit Claim**

N&O and the Estate shall separately retain 100% of any common defense/benefit fund claim owing to them, and each shall be separately responsible for all costs, expenses, and other charges associated with their respective claims.

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

**4. Assignment Of All Other Rights / Free And Clear Assignment.**

Subject to the fee sharing agreement set forth above, all of the Debtor's and the Estate's interests in the Mesh Litigation shall be assigned to N&O "as-is", "where-is", and without representation or warranty of any kind by the Trustee including, without limitation, any representation or warranty as to the Clients or the continued representation of the Clients by N&O.

The assignment to N&O, including without limitation the N&O Allocation, shall be free and clear of all liens, claims, encumbrances, and other interests pursuant to Bankruptcy Code section 363(f), including but not limited to (i) any purported liens, assignments, encumbrances, or other purported transfers to litigation funders or other creditors of the Debtor, and (ii) any purported assignments or transfers (or agreements to a substitution of counsel or notice of association or appearance) by the Debtor.

Any liens, claims, encumbrances, or other interests of the Debtor's creditors or other entities that may assert an interest in the Debtor's right to attorneys' fees or other compensation relating to the Clients shall attach only to the Estate Allocation, to the same extent, priority, and validity (if any) that such liens, claims, encumbrances, or other interests had prior to consummation of the Agreement, and subject to any claims or defenses the Trustee or the Estate may have. The N&O Allocation shall be free and clear of such liens, claims, encumbrances, or other interests. For the avoidance of doubt, N&O is assuming no liabilities of the Estate, the Debtor, or any current or former partners, members, attorneys, insiders, affiliates, or employees thereof, whether under contract, tort, or otherwise.

**5. Withdrawal And Substitution Of Debtor As Counsel and Lien in Favor of the Estate**

The Trustee shall take all steps reasonably necessary to cause the Debtor to promptly withdraw as counsel in the Mesh Litigation. The Trustee shall coordinate with N&O to provide for the smooth transition of the cases and to notify the Clients that their cases will be handled solely by N&O. N&O agrees and the Clients shall acknowledge

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

and agree that the Estate has a lien in the Mesh Litigation for the Estate Allocation. The lien will attach to any recovery the Clients may obtain in the Mesh Litigation, whether by arbitration award, judgment, settlement, or otherwise. The Trustee, on behalf of the Debtor and the Estate, is hereby authorized to take all steps deemed necessary by the Trustee to protect and preserve the lien.

Immediately upon execution of the Agreement, the Trustee consents to N&O communicating to the Clients the existence and/or terms of the Agreement, provided that prior to Bankruptcy Court approval of the Agreement, any such communication note that the Agreement is subject to such approval.

**6. Bankruptcy Court Approval**

The terms of the Agreement, and the effectiveness thereof, are subject to Court approval.

A copy of the Agreement is attached hereto as Exhibit "1."

## III. MEMORANDUM OF POINTS AND AUTHORITIES

### A. The Court Can Authorize the Assignment Under 11 U.S.C. § 363(b)

Section 363(b) of the Bankruptcy Code empowers a trustee to "use, sell or lease…other than in the ordinary course of business, property of the estate…" A transaction outside the ordinary course of business is appropriate when proposed in good faith and supported by a sound or valid business justification. In consideration of a proposed transaction to use or sell property of the estate, courts look at whether the transaction is in the best interests of the estate based on the facts and history of the case. *In re America West Airlines*, 166 B.R. 908, 912 (Bankr. D. Ariz.1994) (*citing In re Lionel Corp*., 722 F.2d 1063, 1071 (2d Cir. 1983)). This requires examination of the "business justification" for the proposed transaction. *In re 240 North Brand Partners, Ltd.*, 200 B.R. 653, 659 (B.A.P. 9th Cir. 1996); *In re Ernst Home Center, Inc.*, 209 B.R. 974 (Bankr. W.D. Wash. 1997). A trustee's business judgment is subject to great judicial deference. *See In re Lahijiani*, 325 B.R. 282, 289 (B.A.P. 9th Cir. 2005); *see also In re*

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

1  *MF Global, Inc.,* 535 B.R. 596, 605 (Bankr. S.D.N.Y. 2015)*; GBL Holding Co., Inc. v.*

2  *Blackburn/Travis/Cole, Ltd.*, 331 B.R. 251, 255 (N.D. Tex. 2005); *In re Psychrometric*

3  *Systems, Inc.*, 367 B.R. 670, 674 (Bankr. D. Colo. 2007).

4  　　　The proposed assignment is in the best interests of the Estate and has been

5  proposed in good faith.  Under the Agreement, the Estate will realize ███████

6  ████████████ in the J&J Litigation and ████████████████ earned in the

7  BSC Litigation, plus costs, on terms that are fair to the Estate.  Finally, the Agreement is

8  the product of the Trustee's arms-length negotiations with N&O.  N&O is already

9  representing other plaintiffs in the Mesh Litigation and is familiar with the litigation.  N&O

10  was willing to undertake the prosecution of the Mesh Litigation for the Clients on terms

11  that were satisfactory to the Trustee.  There is a valid business justification for the

12  Agreement, and the Agreement is in the best interests of the Estate.  *See* Declaration of

13  Elissa D. Miller.  For these reasons, the Court should authorize the assignment under the

14  Agreement under 11 U.S.C. § 363(b).

15  　　**B.**　　**The Court May Authorize the Assignment of the Estate's Interests in**

16  　　　　**the Mesh Litigation Free and Clear of Any Liens and Interests Under**

17  　　　　**11 U.S.C. § 363(f)**

18  　　　As noted earlier, the Agreement provides that any creditors of the Debtor that may

19  hold an interest in the Debtor's future recovered attorneys' fees may only assert such

20  interests against the Estate Allocation.  These claims are unique to the Debtor.  Simply

21  put, creditors can only assert their claims and interests against the Debtor, not against

22  N&O or the N&O Allocation.  To make clear that these creditors' potential interests are

23  only against the Estate Allocations, the Trustee seeks Court approval to authorize the

24  assignment contemplated in the Agreement to be free and clear of any liens, claims and

25  interests under 11 U.S.C. § 363(f).

26  　　　The Court can authorize the assignment of the Estate's interests in the Mesh

27  Litigation free and clear of any liens, claims and interests under 11 U.S.C. § 363(f).

28  Section 363(f) provides the following:

(f) The trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if—

(1) applicable nonbankruptcy law permits sale of such property free and clear of such interest;

(2) such entity consents;

(3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;

(4) such interest is in bona fide dispute; or

(5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest

Because 11 U.S.C. § 363(f) is written in the disjunctive, the Court may authorize the assignment free and clear of any interests if any of the conditions are met.

The Court can authorize assignment of the Estate's interests in the Mesh Litigation free and clear of any liens, claims and interests under 11 U.S.C. § 363(f)(5). Section 363(f)(5) "requires that there be, or that there be the possibility of, some proceeding, either at law or at equity, in which the nondebtor could be forced to accept money in satisfaction of its interest." *Clear Channel Outdoor, Inc. v. Knupfer (In re PW, LLC)*, 391 B.R. 25, 45 (B.A.P. 9th Cir. 2008). The California Commercial Code provides for a proceeding where the nondebtor could be forced to accept money satisfaction of its interest. Under California Commercial Code § 9610(a), "[a]fter default, a secured party may sell…or otherwise dispose of any or all the collateral in its present condition or following any commercially reasonable preparation or processing." *See* California Commercial Code § 9610(a). Further, "[a] secured party shall apply…the cash proceeds of disposition under Section 9610... [to] the satisfaction of obligations secured by the security interest…[and] the satisfaction of obligations secured by any subordinate security interest…" *See* California Commercial Code § 9615(a). Here, because any party that potentially holds a security interest in the Estate's fees from the Mesh Litigation can be compelled to accept a money satisfaction under California Commercial Code §§ 9610(a) and 9615(a), 11 U.S.C. § 363(f)(5) applies. Thus, the Court may authorize

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

the assignment contemplated in the Agreement free and clear of any liens, claims and interests under 11 U.S.C. § 363(f)(5).

The Agreement is reasonable and in the best interest of the Debtor's creditors. Pursuant to the Agreement, the Estate will receive [redacted] J&J Litigation fees and [redacted] BSC Litigation fees and all of its costs. This result greatly benefits the Estate and will likely yield a recovery for the Estate that is greater than what the Estate would recover litigating a quantum meruit claim.

The Agreement is also in the best interest of the Debtor's clients. While the decision to choose and retain counsel rests with the Clients, the Agreement will provide the Clients with the opportunity to continue with reputable and experienced counsel through the proposed representation. Moreover, the Clients will be represented by counsel who is already familiar with the Mesh Litigation. Thus, the Agreement is in the best interests of the clients.

### C. <u>Waiver of 14-Day Stay Set Forth in FRBP 6004(h) is Appropriate</u>

FRBP 6004(h) provides that "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise." Given the involuntary petition commenced against the Debtor, it is in the best interests of the Clients to resolve any uncertainty they may have concerning who is representing them. Because the Mesh Litigation is ongoing, resolving any confusion as quickly as possible is in the best interest of the clients. Waiver of the stay under FRBP 6004(h) will further preserve the amount of fees the Estate can expect to collect pursuant to the Agreement. For these reasons, waiver of the FRBP 6004(h) stay is appropriate.

## IV. <u>CONCLUSION</u>

Accordingly, the Trustee respectfully requests that the Court enter an order providing for the following relief:

1. Granting the Motion;

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

2. Authorizing the Trustee to enter into the Agreement;

3. Approving the terms of the Agreement, a copy of which is attached hereto as Exhibit "1";

4. Authorizing the Trustee to execute any documents or take any actions reasonably necessary to effectuate the terms of the Agreement;

5. Approving the transaction as contemplated in the Agreement pursuant to 11 U.S.C. § 363(b);

6. Authorizing and ordering the assignment and transfer of any rights or payment to property as contemplated in the Agreement to be free and clear of all claims, liens, encumbrances, or other interests against the Debtor pursuant to 11 U.S.C. § 363(f);

7. Authorizing and ordering that any asserted claims, liens, encumbrances, or other interests against the Debtor will attach only to the Estate Allocation and not to the N&O Allocation;

8. Finding that N&O is not assuming any liabilities of the Estate, the Debtor, or any partners, members, attorneys, insiders, affiliates, or employees thereof, whether under contract, tort, or otherwise;

9. Finding that the Federal Rule of Evidence 502(d) protections for attorney-client privilege and work-product set forth in the Agreement apply;

10. Authorizing the waiver of the 14-day period under FRBP 6004(h); and

11. For such other relief as the Court may deem just and necessary.

DATED: May ___, 2021

Respectfully submitted,

SMILEY WANG-EKVALL, LLP

By: ______________________________
LEI LEI WANG EKVALL
Attorneys for Elissa D. Miller, Chapter 7 Trustee

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

**DECLARATION OF ELISSA D. MILLER**

I, Elissa D. Miller, declare as follows:

1. I am the duly appointed Chapter 7 Trustee in the bankruptcy case of Girardi Keese. I am also a partner at the law firm SulmeyerKupetz, a Professional Corporation. I know each of the following facts to be true of my own personal knowledge, except as otherwise stated and, if called as a witness, I could and would competently testify with respect thereto. I make this declaration in support of the *Motion for Order Authorizing the Transition and Assignment of the Estate's Interests in the Mesh Litigation to Nadrich & Cohen LLP and The Oshman Firm, LLC, Free and Clear of Liens, Claims and Interests Pursuant to 11 U.S.C. § 363* (the "Motion"). Unless otherwise defined in this declaration, all terms defined in the Motion are incorporated herein by this reference.

2. Since my appointment, one of my highest priorities was ensuring that the rights of the Debtor's current clients in pending matters were protected. In order to protect these clients' rights, I immediately began to interview law firms-with the assistance of my counsel-to explore the possibility of transferring the Debtor's pending cases. The goal of my discussions with these law firms was to ultimately transfer some or all of the pending cases to protect the clients' rights.

3. The Debtor was counsel of record for approximately 52 plaintiffs in the Mesh Litigation. I recently entered into the Transition Agreement on behalf of the Estate whereby I agreed to transfer the Estate's interest in the Mesh Litigation to N&O. A true and correct copy of the Agreement is attached hereto as Exhibit "1."

4. I am informed that N&O is already representing other plaintiffs in the Mesh Litigation and is familiar with the litigation and has the requisite expertise and resources essential to prosecute the Mesh Litigation.

5. In my opinion and based on my business judgment, the Agreement is in the best interest of the Estate, because it is reasonable and will likely yield a recovery for

the Estate that is greater than what the Estate would recover litigating a quantum meruit claim.

6. The Agreement is the product of the Trustee's arms-length negotiations with N&O.

7. In sum, I believe there is valid business justification for the Agreement, as the Agreement will result in the best outcome for the Estate and the Debtor's clients.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 1st day of June ~~May~~, 2021, at Los Angeles, California.

ELISSA D. MILLER

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

# EXHIBIT "1"

# TRANSITION AGREEMENT

This Transition Agreement ("Agreement") is entered into by and between Elissa D. Miller ("Trustee"), solely in her capacity as trustee of the estate ("Estate") of Girardi Keese ("Debtor"), the chapter 7 debtor in case number 2:20-bk-21022-BR ("Bankruptcy Case") pending in the U.S. Bankruptcy Court for the Central District of California ("Bankruptcy Court"), on the one hand, and Nadrich & Cohen LLP ("Nadrich") and The Oshman Firm, LLC ("Oshman"), on the other hand. Nadrich and Oshman are sometimes collectively referred to as N&O. The Trustee, Nadrich, and Oshman may hereinafter be referred to individually as a "Party" and collectively as the "Parties."

## RECITALS

WHEREAS, an involuntary chapter 7 bankruptcy petition was filed against the Debtor on the December 18, 2020 ("Petition Date"), commencing the Bankruptcy Case [Docket No. 1];

WHEREAS, on January 5, 2021, the Bankruptcy Court ordered the appointment of an interim trustee [Docket No. 45]. The Trustee was appointed as interim trustee and accepted her appointment on January 6, 2020 [Docket No. 46];

WHEREAS, on January 13, 2021, the Bankruptcy Court entered an "Order Directing: (1) The Clerk of Court to Immediately Enter an Order for Relief under Chapter 7; (2) The United States Trustee to Immediately Appoint a Chapter 7 Trustee; (3) The Debtor to File All Schedules and Related Documentation for Chapter 7 Case within Fourteen Days of the Entry of this Order; and (4) Vacating February 16, 2021 Status Conference" [Docket No. 68]. On January 13, 2021, the Clerk of Court entered an order for relief against the Debtor [Docket No. 69], and the Trustee was appointed and accepted her appointment [Docket No. 70];

WHEREAS, prior to the Petition Date, the Debtor was counsel of record for approximately 30 plaintiffs in an action against Johnson & Johnson, et al. (the "J&J Litigation"), and approximately 22 plaintiffs in an action against Boston Scientific Corporation (the "BSC Litigation"). The plaintiffs in both cases allege they sustained personal injuries from the use of pelvic mesh products. The J&J Litigation and the BSC Litigation are sometimes collectively referred to as the "Mesh Litigation."

WHEREAS, Nadrich has been involved in over 1,000 mass tort cases, including transvaginal mesh litigation, and was a referring attorney in some of the Debtor's cases. Oshman has been involved in the transvaginal mesh litigation since 2010, and has filed over 500 cases. Both firms are very familiar with the substance of the litigation.

WHEREAS, the Debtor is not able to continue to perform as counsel for its clients;

WHEREAS, N&O wish to substitute in as counsel for the Debtor's (1) 30 clients in the J&J Litigation and (2) 22 clients in the BSC Litigation (collectively, the "Clients"), subject to each Client's written consent;

WHEREAS, following good faith, arm's length negotiations, and to avoid the expense, delay, and risks of litigation, and to ensure continuous representation and a smooth transition for the Clients in the Mesh Litigation, the Parties desire to transfer the Clients' files relating to the Mesh Litigation to N&O pursuant to the terms and conditions as hereinafter set forth, and pursuant to Bankruptcy Code section 363;

NOW, THEREFORE, in consideration of the mutual terms and covenants to be performed by each of the Parties hereto, and subject to approval of this Agreement by the Bankruptcy Court, the Parties hereby agree as follows:

**TERMS AND CONDITIONS**

1. Definitions.

In addition to the definitions in the Recitals or otherwise in this Agreement, the following definitions shall apply:

"Clients" mean those Clients in the J&J Litigation and the BSC Litigation which are to be transferred to N&O as identified on the attached Confidential List of GK Clients to be transitioned to N&O, subject to each Client's express consent. For the avoidance of doubt and except as set forth above, Clients shall not include any client that retains Nadrich or Oshman after the Petition Date and that was not a client of the Debtor in the Mesh Litigation (i.e., totally new clients).

"Costs" mean all reasonable costs incurred by the Debtor relating to the representation of the Clients in the Mesh Litigation, including (i) filing fees and other court costs, (ii) expert witness fees and expenses, (iii) client costs, (iv) discovery-related expenses, including reporter costs, transcript costs, and costs relating to document production and storage, (v) local counsel's fees and costs, (vi) steering committee contributions, and (vii) all costs and expenses of case management and accounting. All such costs are subject to documentation, which documentation shall be provided to the Trustee and N&O. No interest shall accrue or be payable on account of Costs.

"Fees" mean all fees that may be received by N&O or the Debtor on account of the representation of the Clients in the Mesh Litigation, net of any common benefit assessments.

"Referral Fees" mean referral fees owing to third parties pursuant to enforceable and documented referral fee arrangements that were entered into prior to the Petition Date and disclosed in writing to the Debtor. For the avoidance of doubt, Referral Fees shall not include any bonuses, salaries, draws, distributions, or other compensation or obligations paid or owing to current or former partners, members, attorneys, insiders, affiliates, or employees of the Debtor.

2. Allocation of Fees.

a. All Fees shall be allocated as follows:

(i) In the J&J Litigation:

- To the Trustee for the benefit of the Estate, [redacted] after deducting Costs (the "J&J Estate Allocation"); and
- To N&O, [redacted] after deducting Costs (the "J&J N&O Allocation").

(ii) In the BSC Litigation:

- To the Trustee for the benefit of the Estate, [redacted] after deducting Costs (the "BSC Estate Allocation"); and
- To N&O, [redacted] after deducting Costs (the "BSC N&O Allocation").

The J&J Estate Allocation and the BSC Estate Allocation are sometimes collectively referred to as the "Estate Allocation," and the J&J N&O Allocation and the BSC N&O Allocation are sometimes collectively referred to as the "N&O Allocation."

b. It is understood and acknowledged that the Debtor has advanced or otherwise incurred Costs in the Mesh Litigation, some of which may be claims in the Bankruptcy Case, and reimbursement for such Costs will be made to the Estate as part of the Estate Allocation.

c. Referral Fees that may be due on cases which have been referred to the Debtor and are transferred to N&O pursuant to this Agreement shall be deducted from the N&O Allocation, which N&O shall be authorized to negotiate.

3. Payment Of Allocated Fees.

All Fees shall be initially payable to a trust fund administered by N&O. Within 30 days of receipt, N&O shall calculate the N&O Allocation and the Estate Allocation and notify the Trustee of the proposed allocation. If the Trustee does not object to the proposed allocation within 14 days after such notice, N&O shall distribute the Fees in accordance with the proposed allocation. If the Trustee does object, N&O shall reserve such amount as would be necessary to satisfy the Trustee's objection, if sustained, and may distribute the remainder. The Parties agree to attempt to resolve any dispute promptly, which resolution shall be subject to approval under Bankruptcy Rule 9019. If the Parties cannot resolve their dispute within 30 days, the matter will be submitted to the Bankruptcy Court.

4. Common Defense Benefit Claim.

N&O and the Estate shall separately retain 100% of any common defense/benefit fund claim owing to them, and each shall be separately responsible for all costs, expenses, and other charges associated with their respective claims.

5. Assignment Of All Other Rights / Free And Clear Assignment.

Subject to the fee sharing agreement set forth above and Section 11 below, all of the Debtor's and the Estate's interests in the Mesh Litigation shall be assigned to N&O "as-is", "where-is", and without representation or warranty of any kind by the Trustee including, without limitation, any representation or warranty as to the Clients or the continued representation of the Clients by N&O.

The assignment to N&O, including without limitation the N&O Allocation, shall be free and clear of all liens, claims, encumbrances, and other interests pursuant to Bankruptcy Code section 363(f), including but not limited to (i) any purported liens, assignments, encumbrances, or other purported transfers to litigation funders or other creditors of the Debtor, and (ii) any purported assignments or transfers (or agreements to a substitution of counsel or notice of association or appearance) by the Debtor.

Any liens, claims, encumbrances, or other interests of the Debtor's creditors or other entities that may assert an interest in the Debtor's right to attorneys' fees or other compensation relating to the Clients shall attach only to the Estate Allocation, to the same extent, priority, and validity (if any) that such liens, claims, encumbrances, or other interests had prior to consummation of this Agreement, and subject to any claims or defenses the Trustee or the Estate may have. The N&O Allocation shall be free and clear of such liens, claims, encumbrances, or other interests. For the avoidance of doubt, N&O is assuming no liabilities of the Estate, the Debtor, or any current or former partners, members, attorneys, insiders, affiliates, or employees thereof, whether under contract, tort, or otherwise.

6. Withdrawal And Substitution Of Debtor As Counsel and Lien in Favor of the Estate.

The Trustee shall take all steps reasonably necessary to cause the Debtor to promptly withdraw as counsel in the Mesh Litigation. The Trustee shall coordinate with N&O to provide for the smooth transition of the cases and to notify the Clients that their cases will be handled solely by N&O. N&O agrees and the Clients shall acknowledge and agree that the Estate has a lien in the Mesh Litigation for the Estate Allocation. The lien will attach to any recovery the Clients may obtain in the Mesh Litigation, whether by arbitration award, judgment, settlement, or otherwise. The Trustee, on behalf of the Debtor and the Estate, is hereby authorized to take all steps deemed necessary by the Trustee to protect and preserve the lien.

Immediately upon execution of this Agreement, the Trustee consents to N&O communicating to the Clients the existence and/or terms of this Agreement, provided that prior to Bankruptcy Court approval of this Agreement, any such communication note that the Agreement is subject to such approval.

7. Cooperation.

The Parties shall cooperate in good faith to effectuate the terms of this Agreement, including (i) effectuating the transfer of all client and case files to N&O, (ii) filing of withdrawals and/or substitutions or disassociations of counsel, and (iii) preparing, executing or filing any documents necessary to acknowledge the Estate's lien as set forth in Section 6 of this Agreement. The Trustee and her counsel shall promptly direct all communications relating to the Mesh Litigation to N&O.

Pursuant to Federal Rule of Evidence 502(d), the order approving this Agreement shall provide that no communications between the Trustee, N&O, and their counsel shall constitute a waiver of the Clients' attorney-client privilege, attorney-client confidentiality of communications, or attorney work product relating to the Mesh Litigation.

8. Notices.

Any notices required hereunder shall be provided in writing by overnight delivery or email to the following:

Trustee:

Elissa D. Miller
c/o SulmeyerKupetz
333 S Grand Ave #3400
Los Angeles, CA 90071
emiller@sulmeyerlaw.com

with copies to:

Lei Lei Wang Ekvall
Philip E. Strok
Smiley Wang-Ekvall, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, CA 92626
lekvall@swelawfirm.com
pstrok@swelawfirm.com

N&O:

Jeffrey Nadrich
Nadrich & Cohen LLP
12100 Wilshire Boulevard, Suite 1250
Los Angeles, CA 90025
jnadrich@personalinjurylawcal.com

and

Theodore Oshman
The Oshman Firm, LLC
190 Christopher Columbus Drive, Suite 5B
Jersey City, NJ 07302
tedo@oshmanlaw.com

9. Entire Agreement.

This Agreement constitutes the final and entire agreement between the Parties hereto pertaining to the subject matter hereof and supersedes all prior and contemporaneous negotiations, discussions, agreements, and understandings of the Parties, whether oral or written, with respect to such subject matter.

10. Binding on Successors.

This Agreement shall be binding upon and inure to the benefit of the successors, assigns, heirs, executors, administrators, etc. of each of the Parties, including but not limited to any successor trustee and the Debtor after the case is dismissed or closed.

11. No Assignments or Delegation of Rights.

No Party hereto has assigned or delegated any rights to any other party or person any of the rights or interests related to any claim which may be subject to the terms of this Agreement. Neither N&O nor the Trustee shall make any voluntary assignment, voluntary referral, or other voluntary transfer that would cause fees that would otherwise be Fees to be paid to any other counsel, entity, or person, unless such assignment, referral, or other transfer (i) by N&O is solely out of the N&O Allocation, or (ii) by the Trustee (and with Bankruptcy Court approval) is solely out of the Estate Allocation. Any such assignment or other transfer shall be subject to the reasonable consent of the other Party.

12. Jurisdiction and Venue.

Any action to enforce this Agreement must be brought in the Bankruptcy Court. The Parties each hereby waive their right to trial by jury, if any, in connection with any such legal action. The Parties consent to entry of a final judgment or order by the Bankruptcy Court as a core matter.

13. Modification.

This Agreement may be modified only by a writing executed by the Party to this Agreement against whom enforcement of such modification is sought.

14.    Further Assurances.

The Parties shall take all further acts and sign all further documents necessary or convenient to effectuate the purpose of this Agreement.  Subject to the Bankruptcy Court's approval, the order approving this Agreement shall relieve the Trustee of the obligation of signing amendments and/or substitutions for individual Clients (unless such signature is required by another court or governmental authority with relevant jurisdiction).

15.    Signature and Execution.

A signed copy of this Agreement shall have the same force and effect as the original. This Agreement may be executed in counterparts, each of which is deemed to be an original, but such counterparts together shall constitute one and the same instrument.

16.    Severability.

In the event that any court determines that any provision of this Agreement is unenforceable, the provision at issue shall be enforced to the maximum extent permitted by law, and all other provisions shall remain in full effect.

17.    Full Authority to Sign Agreement.

Any individual signing on behalf of any Party hereto expressly represents and warrants to each other Party that he or she has full authority to do so and to bind such Party hereto and, in the case of the Trustee, to bind the Estate, subject only to approval of the Bankruptcy Court.

18.    No Penalty for Drafting Agreement.

No provisions of this Agreement shall be interpreted for or against any Party because that Party or its legal representative drafted this Agreement.

19.    Parties to Bear Own Costs.

Each party shall be responsible for the payment of its own costs, attorneys' fees, and all other expenses in connection with negotiation, preparation, execution, and approval of this Agreement. Notwithstanding the foregoing, if arbitration or other legal action is necessary to enforce the terms of this Agreement, the Party declared to be the prevailing party in such arbitration or proceedings shall be entitled to its reasonable attorneys' fees and costs incurred in enforcing this Agreement.

20.    Recitals Acknowledged.

The Recitals are true and correct to the best of the Parties' knowledge, and hereby adopted by the Parties.

21. Bankruptcy Court Approval.

The terms of this Agreement, and the effectiveness thereof, are subject to the approval of the Bankruptcy Court, after the Parties' compliance with the notice and hearing requirements of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Local Bankruptcy Rules. Within five days of execution of this Agreement, the Trustee will file a motion seeking Bankruptcy Court approval of this Agreement. The Trustee shall request (i) a hearing on an emergency basis or shortened time, and (ii) that the order approving this Agreement shall be effective and enforceable immediately upon entry.

The form and substance of the order approving this Agreement shall be reasonably acceptable to N&O, and shall include determinations by the Bankruptcy Court that (i) the Trustee has authority to enter into this Agreement and to consummate the transactions contemplated hereby, (ii) the assignment and transfer of any rights to payment or other property is free and clear of all claims, liens, encumbrances, and other interests against the Debtor, (iii) any asserted claims, liens, encumbrances, or other interests against the Debtor or its property shall attach only to the Estate Allocation, to the same extent, priority, and validity (if any) that such liens, claims, encumbrances, or other interests had prior to consummation of this Agreement, and subject to any claims or defenses the Trustee or the Estate may have; such claims, liens encumbrances, or other interests shall not attach to the N&O Allocation, (iv) N&O is assuming no liabilities of the Estate, the Debtor, or any partners, members, attorneys, insiders, affiliates, or employees thereof, whether under contract, tort, or otherwise, (v) the Federal Rule of Evidence 502(d) protections for attorney-client privilege and work-product set forth in Section 7 above apply, and (vi) subject to the Bankruptcy Court's approval, the Trustee is relieved of the obligation of signing amendments and/or substitutions for individual Clients, unless such signature is required by another court or governmental authority with relevant jurisdiction.

22. Mutual Release.

a. Release of the Trustee and the Estate.

Except as for the obligations and benefits set forth by and for the Parties in the Agreement (including without limitation the N&O Allocation), N&O hereby releases and forever discharges the Estate, the Trustee, and the Trustee's attorneys and agents, each in their capacity(ies) as such (collectively, the "Trustee Released Parties") from and against any and all claims (including, without limitation, all complaints, causes of action, lawsuits, charges, debts, liens, contracts, agreements, promises, liabilities, judgments, demands, damages, losses, emotional distress, rights, benefits, obligations, attorneys' fees, costs, and expenses), of any kind, nature or type, whether known or unknown, liquidated or unliquidated, matured or unmatured, that N&O has or may have against any, some, or all of the Trustee Released Parties in connection with, arising out of or related to the Mesh Litigation.

For the avoidance of doubt, the Trustee Released Parties shall include the Estate (including any released claim N&O may have against the Estate), but shall not include the

revested Debtor (if any) or any of the Debtor's current or former attorneys, employees, members, partners, insiders, or affiliates.

b. Release by the Trustee and the Estate.

Except as for the obligations and benefits set forth by and for the Parties in the Agreement (including the Estate Allocation), the Trustee on behalf of the Estate (collectively, the "Trustee Releasors") hereby releases and forever discharges N&O and its attorneys and agents (the "N&O Released Parties") from and against any and all claims (including, without limitation, all complaints, causes of action, lawsuits, charges, debts, liens, contracts, agreements, promises, liabilities, judgments, demands, damages, losses, emotional distress, rights, benefits, obligations, attorneys' fees, costs and expenses), of any kind, nature or type, whether known or unknown, liquidated or unliquidated, matured or unmatured, that the Trustee Releasors have or may have against the N&O Released Parties in connection with, arising out of or related to the Mesh Litigation.

c. Unknown Claims.

The Parties each acknowledge and assume the risk that subsequent to the execution of the Settlement Agreement, he, she, or it may discover facts or law, or may incur, suffer, or discover losses, damages, or injuries that are unknown and unanticipated at the time the Settlement Agreement was executed or became effective, which if known at such time may have materially affected his, her, or its decision to give the release contained herein.

d. Section 1542 Waiver.

The Trustee, on behalf of the Estate, and N&O waive any and all rights they might otherwise possess under California Civil Code section 1542 and similar provisions of law existing in any other jurisdiction.

California Civil Code Section 1542 provides as follows:

> A general release does not extend to claims which the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor.

IN WITNESS WHEREOF, the Parties hereto hereby execute this Settlement Agreement as of the date of final signature below.

Dated: May 18, 2021

Elissa D. Miller, solely in her capacity as
Chapter 7 Trustee of the Estate

Dated: May 18, 2021

NADRICH & COHEN LLP

By: ______________________
Jeffrey Nadich

Dated: May 18, 2021

THE OSHMAN FIRM, LLC

By: ______________________
Theodore Oshman

# EXHIBIT "2"

**SMILEY WANG-EKVALL, LLP**
Lei Lei Wang Ekvall, State Bar No. 163047
*lekvall@swelawfirm.com*
Philip E. Strok, State Bar No. 169296
*pstrok@swelawfirm.com*
Timothy W. Evanston, State Bar No. 319342
*tevanston@swelawfirm.com*
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Telephone: 714 445-1000
Facsimile: 714 445-1002

Attorneys for Elissa D. Miller,
Chapter 7 Trustee

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

In re

GIRARDI KEESE,

Debtor.

Case No. 2:20-bk-21022-BR

Chapter 7

**ORDER GRANTING TRUSTEE'S *EX PARTE* MOTION TO FILE UNDER SEAL PURSUANT TO LBR 5003-2(c) AND COURT MANUAL SECTION 2.8(b) AS TO THE TRUSTEE'S MOTION FOR ORDER AUTHORIZING THE TRANSITION AND ASSIGNMENT OF THE ESTATE'S INTERESTS IN THE MESH LITIGATION TO NADRICH & COHEN LLP AND THE OSHMAN FIRM, LLC, FREE AND CLEAR OF LIENS, CLAIMS AND INTERESTS PURSUANT TO 11 U.S.C. § 363**

The Court, having reviewed and considered the *Trustee's Ex Parte Motion to File Under Seal Pursuant to LBR 5003-2(c) and Court Manual Section 2.8(b) as to the Trustee's Motion for Order Authorizing the Transition and Assignment of the Estate's Interests in the Mesh Litigation to Nadrich & Cohen LLP and The Oshman Firm, LLC, Free and Clear of Liens, Claims and Interests Pursuant to 11 U.S.C. § 363* (the "*Ex Parte* Motion"), and finding good cause appearing therefor,

**IT IS ORDERED** that:

1. The *Ex Parte* Motion is granted;

2. The Trustee is authorized to file the unredacted version of the *Motion for Order Authorizing the Transition and Assignment of the Estate's Interests in the Mesh Litigation to Nadrich & Cohen LLP and The Oshman Firm, LLC, Free and Clear of Liens, Claims and Interests Pursuant to 11 U.S.C. § 363* (the "Motion") under seal, with the filing date reflected in the Court's docket, pursuant to Local Bankruptcy Rule 5003-2(c), and such documents shall remain under seal until further order of this Court:

3. The Trustee is authorized to partially redact versions of the Motion and the attached Agreement.

###

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

Main Document Page 39 of 40

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 3200 Park Center Drive, Suite 250, Costa Mesa, CA 92626.

A true and correct copy of the foregoing document entitled (*specify*): **TRUSTEE'S *EX PARTE* MOTION TO FILE UNDER SEAL PURSUANT TO LBR 5003-2(c) AND COURT MANUAL SECTION 2.8(b) AS TO THE TRUSTEE'S MOTION FOR ORDER AUTHORIZING THE TRANSITION AND ASSIGNMENT OF THE ESTATE'S INTERESTS IN THE MESH LITIGATION TO NADRICH & COHEN LLP AND THE OSHMAN FIRM, LLC, FREE AND CLEAR OF LIENS, CLAIMS AND INTERESTS PURSUANT TO 11 U.S.C. § 363; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATIONS OF ELISSA D. MILLER AND JEFFREY NADICH IN SUPPORT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) June 17, 2021 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page.

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) June 17, 2021 , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

The Honorable Barry Russell
U.S. Bankruptcy Court
Roybal Federal Building
255 E. Temple Street, Suite 1660
Los Angeles, CA 90012

☐ Service information continued on attached page.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*)________, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| June 17, 2021 | Gabriela Gomez-Cruz | */s/ Gabriela Gomez-Cruz* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**

Main Document Page 40 of 40

**ADDITIONAL SERVICE INFORMATION (if needed):**

**1. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**

Kyra E Andrassy kandrassy@swelawfirm.com, lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com
•Rafey Balabanian rbalabanian@edelson.com, docket@edelson.com
•Michelle Balady mb@bedfordlg.com, leo@bedfordlg.com
•William C Beall will@beallandburkhardt.com, carissa@beallandburkhardt.com
•Ori S Blumenfeld Ori@MarguliesFaithLaw.com,
Helen@MarguliesFaithLaw.com;Angela@MarguliesFaithLaw.com;Vicky@MarguliesFaithLaw.com
•Richard D Buckley richard.buckley@arentfox.com
•Marie E Christiansen mchristiansen@vedderprice.com, ecfladocket@vedderprice.com,marie-christiansen-4166@ecf.pacerpro.com
•Jennifer Witherell Crastz jcrastz@hrhlaw.com
•Ashleigh A Danker Ashleigh.danker@dinsmore.com, SDCMLFiles@DINSMORE.COM;Katrice.ortiz@dinsmore.com
•Clifford S Davidson csdavidson@swlaw.com, jlanglois@swlaw.com;cliff-davidson-7586@ecf.pacerpro.com
•Lei Lei Wang Ekvall lekvall@swelawfirm.com, lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com
•Richard W Esterkin richard.esterkin@morganlewis.com
•Timothy W Evanston tevanston@swelawfirm.com, gcruz@swelawfirm.com;lgarrett@swelawfirm.com;jchung@swelawfirm.com
•Jeremy Faith Jeremy@MarguliesFaithlaw.com,
Helen@MarguliesFaithlaw.com;Angela@MarguliesFaithlaw.com;Vicky@MarguliesFaithlaw.com
•James J Finsten , jimfinsten@hotmail.com
•Alan W Forsley alan.forsley@flpllp.com, awf@fkllawfirm.com,awf@fl-lawyers.net,addy.flores@flpllp.com
•Eric D Goldberg eric.goldberg@dlapiper.com, eric-goldberg-1103@ecf.pacerpro.com
•Andrew Goodman agoodman@andyglaw.com, Goodman.AndrewR102467@notify.bestcase.com
•Suzanne C Grandt suzanne.grandt@calbar.ca.gov, joan.randolph@calbar.ca.gov
•Steven T Gubner sgubner@bg.law, ecf@bg.law
•Marshall J Hogan mhogan@swlaw.com, knestuk@swlaw.com
•Sheryl K Ith sith@cookseylaw.com, sith@ecf.courtdrive.com
•Razmig Izakelian razmigizakelian@quinnemanuel.com
•Lewis R Landau Lew@Landaunet.com
•Daniel A Lev dlev@sulmeyerlaw.com, ccaldwell@sulmeyerlaw.com;dlev@ecf.inforuptcy.com
•Elizabeth A Lombard elombard@zwickerpc.com, bknotices@zwickerpc.com
•Craig G Margulies Craig@MarguliesFaithlaw.com,
Vicky@MarguliesFaithlaw.com;Helen@MarguliesFaithlaw.com;Angela@MarguliesFaithlaw.com
•Peter J Mastan peter.mastan@dinsmore.com, SDCMLFiles@dinsmore.com;Katrice.ortiz@dinsmore.com
•Edith R. Matthai ematthai@romalaw.com, lrobie@romalaw.com
•Kenneth Miller kmiller@pmcos.com, efilings@pmcos.com
•Elissa Miller (TR) CA71@ecfcbis.com, MillerTrustee@Sulmeyerlaw.com;C124@ecfcbis.com;ccaldwell@sulmeyerlaw.com
•Eric A Mitnick MitnickLaw@aol.com, mitnicklaw@gmail.com
•Scott H Olson solson@vedderprice.com, scott-olson-2161@ecf.pacerpro.com,ecfsfdocket@vedderprice.com,nortega@vedderprice.com
•Leonard Pena lpena@penalaw.com, penasomaecf@gmail.com;penalr72746@notify.bestcase.com
•Michael J Quinn mquinn@vedderprice.com, ecfladocket@vedderprice.com,michael-quinn-2870@ecf.pacerpro.com
•David M Reeder david@reederlaw.com, secretary@reederlaw.com
•Ronald N Richards ron@ronaldrichards.com, morani@ronaldrichards.com
•Kevin C Ronk Kevin@portilloronk.com, Attorneys@portilloronk.com
•William F Savino wsavino@woodsoviatt.com, lherald@woodsoviatt.com
•Kenneth John Shaffer johnshaffer@quinnemanuel.com
•Richard M Steingard , awong@steingardlaw.com
•Philip E Strok pstrok@swelawfirm.com, gcruz@swelawfirm.com;1garrett@swelawfirm.com;jchung@swelawfirm.com
•Boris Treyzon jfinnerty@actslaw.com, sgonzales@actslaw.com
• United States Trustee (LA) ustpregion16.la.ecf@usdoj.gov
•Eric D Winston ericwinston@quinnemanuel.com
•Christopher K.S. Wong christopher.wong@arentfox.com, yvonne.li@arentfox.com
•Timothy J Yoo tjy@lnbyb.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**