1  Ronald Richards (CA Bar No. 176246)
     ron@ronaldrichards.com
2  Morani Stelmach (CA Bar No. 296670)
     morani@ronadlrichards.com
3   Law Offices of Ronald Richards & Associates, APC
   P.O. Box 11480
4  Beverly Hills, California 90213
   Telephone:  310.556.1001
5  Facsimile:  310.277.3325

6  Special Litigation Counsel for Elissa D. Miller, Chapter 7 Trustee

7

8              **UNITED STATES BANKRUPTCY COURT**

9        **CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION**

10

   In re                                    Case No. 2:20-bk-21022-BR
11
   GIRARDI KEESE                            Chapter 7
12
                                           **NOTICE OF MOTION AND MOTION FOR**
13                                          **ORDER REQUIRING EXAMINATION**
                                           **AND PRODUCTION OF DOCUMENTS**
14          Debtor.                         **BY BENJAMIN KHAKSHOUR**
                                           **PURSUANT TO RULE 2004 OF THE**
15                                          **FEDERAL RULES OF BANKRUPTCY**
                                           **PROCEDURE; MEMORANDUM OF**
16                                          **POINTS AND AUTHORITIES;**
                                           **DECLARATION OF RONALD**
17                                          **RICHARDS IN SUPPORT THEREOF**

18                                          DATE:
                                           TIME:    [No Hearing Required]
19                                          PLACE:

20

21

22

23

24

25

26

27

28

1 **TO THE HONORABLE BARRY RUSSELL, UNITED STATES BANKRUPTCY JUDGE,**

2 **THE DEBTOR, BENJAMIN KHAKSHOUR, AND OTHER INTERESTED PARTIES:**

3       **PLEASE TAKE NOTICE** that, pursuant to this "Notice of Motion and Motion

4 for Order Requiring Production of Documents Pursuant to Rule 2004 of the Federal Rules

5 of Bankruptcy Procedure; Memorandum of Points and Authorities; Declaration of Ronald

6 Richards in Support Thereof" (the "Motion"), Elissa D. Miller (the "Trustee"), the duly

7 appointed, qualified, and acting chapter 7 trustee for the estate of the debtor Girardi

8 Keese (the "Debtor"), respectfully requests, pursuant to Rule 2004 of the Federal Rules

9 of Bankruptcy Procedure and Local Bankruptcy Rule 2004-1, an order directing Benjamin

10 Khakshour ("Khakshour") to produce the documents identified in Exhibit "A" attached

11 hereto (the "Requested Documents") by no later than July 20, 2021, and that Khakshour

12 appear for examination, under oath, and that such examination take place on July 22,

13 2021, at 10:00 a.m., Pacific Time.

14       **PLEASE TAKE FURTHER NOTICE** that, in light of anticipated continuation

15 of office closures related to the COVID-19 pandemic, the Trustee requests that the

16 documents be produced electronically by email to ron@ronaldrichards.com and

17 morani@ronaldrichards.com.

18       **PLEASE TAKE FURTHER NOTICE** that, in light of anticipated continuation

19 of office closures related to the COVID-19 pandemic, the examination shall take place via

20 "zoom.com" and the instructions for the zoom meeting shall be provided to Khakshour no

21 later than July 21, 2021.

22       **PLEASE TAKE FURTHER NOTICE** that this Motion is brought in

23 accordance with Rule 2004 of the Federal Rules of Bankruptcy Procedure and Local

24 Bankruptcy Rule 2004-1, in light of the fact that no adversary proceeding is pending in

25 which Khakshour is a party, and is made on the grounds that the examination is

26 necessary for the Trustee to ascertain and discover assets of the estate including,

27 without limitation, possible avoidance power claims against, among others, Erika Girardi

28 aka Erika Jayne aka Erika Chahoy and her affiliated entities.  Due to the limited scope of

1  this Motion, the Trustee anticipates that further document production(s) and

2  examination(s) may be necessary.

3      **PLEASE TAKE FURTHER NOTICE** that this Motion is based on the

4  attached memorandum of points and authorities, the attached exhibits, and the file in this

5  case, of which the Court is requested to take judicial notice.

6      **PLEASE TAKE FURTHER NOTICE** that, unless otherwise ordered by the

7  Court, this Motion will be ruled on without a hearing pursuant to Local Bankruptcy Rule

8  9013-1(p).

9      **PLEASE TAKE FURTHER NOTICE** that, since Khakshour is not the

10  debtor, the Trustee also will be issuing a subpoena pursuant to Rule 9016 of the Federal

11  Rules of Bankruptcy Procedure and Rule 45 of the Federal Rules of Civil Procedure,

12  which will be served after the order granting the Motion is entered.

13      **PLEASE TAKE FURTHER NOTICE** that, pursuant to Local Bankruptcy

14  Rule 2004-1(f), the party whose examination is requested may file a motion for protective

15  order if grounds exist under Rule 7026 of the Federal Rules of Bankruptcy Procedure and

16  Rule 26(c) of the Federal Rules of Civil Procedure.  A motion for protective order must be

17  filed and served not less than fourteen (14) days before the date of the examination, and

18  set for hearing not less than two (2) days before the scheduled examination, unless an

19  order setting hearing on shortened notice is granted by the court pursuant to Local

20  Bankruptcy Rule 9075-1.  The parties may stipulate, or the court may order, that the

21  examination be postponed so that the motion for protective order can be heard on regular

22  notice under Local Bankruptcy Rule 9013-1.

23      **WHEREFORE**, the Trustee respectfully requests that the Court enter an

24  order:

25      1.    granting the Motion;

26      2.    directing Benjamin Khakshour to produce the documents identified in

27  Exhibit "A" by no later than 5:00 p.m. on July 20, 2021, and that such documents be

28

1 | produced electronically by email to ron@ronaldrichards.com and

2 | morani@ronaldrichards.com;

3 |       3.     directing Benjamin Khakshour to appear for examination, under oath,

4 | on July 22, 2021, at 10:00 a.m., Pacific Time, with the examination to take place via

5 | "zoom.com";

6 |       4.     retaining jurisdiction to consider any additional request for

7 | information and documents on appropriate notice; and

8 |       5.     granting such other and further relief as this Court deems just and

9 | proper under the circumstances.

10 | DATED: June 18, 2021             Law Offices of Ronald Richards & Associates, APC

By: */s/ Ronald Richards*
Ronald Richards
Special Litigation Counsel for Elissa D. Miller,
Chapter 7 Trustee

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

## PREFATORY STATEMENT

In order to uncover the whereabouts of potential assets of the estate, including the location of millions of dollars of litigation settlement proceeds or other firm assets which may have been fraudulently transferred to Erika Girardi aka Erika Jayne aka Erika Chahoy and her affiliated entities (collectively, "Erika"), the Trustee must examine witnesses who may have first-hand knowledge of this widespread fraud. Benjamin Khakshour, who is Erika's landlord at her newly established residence, is one such witness. Because the Motion's aim is to uncover potential recipients of fraudulently transferred monies, and will aid the Trustee in fulfilling her fiduciary duties to creditors by enabling her to access key financial information relative to the Debtor's business operations and potential avoidance actions, the Motion must be granted.

### II.

## RELEVANT BACKGROUND

Girardi Keese (the "Debtor") was, before its downfall, a highly regarded plaintiff's law firm based in Los Angeles, California. As the layers of the onion began to be peeled back, it was discovered that a wide-spread fraud had been perpetrated, to the detriment of scores of litigants who placed their trust in the Debtor and its widely-known founder, Thomas Girardi ("Girardi"). As a result of the unearthed information, on December 18, 2020, petitioning creditors Jill O'Callahan, as successor in interest to James O'Callahan, Robert M. Keese, John Abassian, Erika Saldana, Virginia Antonio, and Kimberly Archie (collectively, the "Petitioning Creditors") filed an involuntary chapter 7 bankruptcy petition against the Debtor.[1]

---

[1] The Petitioning Creditors also filed an involuntary chapter 7 bankruptcy petition against Thomas V. Girardi, which is currently pending as Case No. 2:20-bk-21020-BR.

1    On December 24, 2020, the Petitioning Creditors filed a "Motion for
2  Appointment of Interim Trustee Pursuant to 11 U.S.C. § 303(g)" (the "Interim Trustee
3  Motion") [Docket No. 12].  The Court entered an order granting the Interim Trustee
4  Motion on January 5, 2021 [Docket No. 45] and, on January 6, 2021, the Trustee was
5  appointed as the interim trustee.  On January 13, 2021, the Court entered its "Order
6  Directing: (1) The Clerk of Court to Immediately Enter an Order for Relief Under Chapter
7  7; (2) the United States Trustee to Immediately Appoint a Chapter 7 Trustee; (3) the
8  Debtor to File All Schedules and Related Documentation for Chapter 7 Case Within
9  Fourteen Days of the Entry of This Order; and (4) Vacating February 16, 2021 Status
10  Conference" [Docket No. 68].  The same day, the Clerk of Court entered an order for
11  relief against the Debtor, and the Trustee was subsequently appointed and accepted her
12  appointment in the Debtor's case.

13    The Trustee is six months into her administration of the estate, and is
14  beginning to unravel the numerous transactions which may be avoidable and recoverable
15  for the benefit of creditors.  Among the possible assets to be recovered are the millions of
16  dollars of settlement proceeds which the Debtor may have transferred to Erika.  The
17  Trustee's Special Litigation Counsel ("SLC") has already corroborated that settlement
18  funds were diverted to Erika.  The SLC for the Trustee has already confirmed that the
19  Debtor has admitted in numerous filed tax documents that Erika's related companies
20  have received over $20,000,000 according to the tax documents spanning multiple years.
21  Erika has created a new company AFTER the news broke of this scandal which appears
22  to simply be a successor company.  Erika has multiple financial accounts and the
23  Debtor's books show Erika owes large receivables to the Debtor.

24    In order to assist her in the performance of her statutory duties, on April 26,
25  2021, the Trustee filed an application seeking to employ the Law Offices of Ronald
26  Richards & Associates, APC ("Richards APC") as her special litigation counsel to
27  investigate and, if warranted, sue Erika.  The Court overruled Erika's objection to the

28

1  Trustee's application, and an order authorizing the employment of Richards APC was
2  entered on June 10, 2021.

3          On June 10, 2021, the SLC sent a demand to Erika's attorney demanding
4  repayment of a Girardi Keese fee that was improperly assigned to Erika.    Erika has
5  received for years this improper assignment of the Debtor's attorney fee portion arising
6  from a client settlement instead of the money going to the firm.  The irrefutable evidence
7  was provided to Erika's counsel which included a notarized form signed by Erika and
8  other irrefutable evidence including a court order.  Despite numerous communications
9  asking Erika's counsel to confirm receipt of the demand, no response or acknowledgment
10 was provided.

11          On June 15, 2021, Erika's attorney's filed a motion to withdraw alleging a
12 breakdown in the relationship which suggests of a loss of client control.

13          On June 15, 2021, Thomas Girardi's trustee filed a motion seeking relief
14 from stay to pursue a third party state debtor's exam against Erika.

15          On June 17, 2021, Erika's attorneys withdrew their motion to withdraw as
16 counsel.

17          Due to the mounting legal matters, the SLC is concerned that absent the
18 investigation occurring rapidly, Erika may further dissipate the Debtor's assets.  The
19 necessity to trace her money and investigate the receipt of funds, her purchases
20 including the bling and the glam, (diamonds and high expenditures of beauty
21 maintenance, etc.) has become more heightened by these recent events.

22          To determine if funds Erika used to pay Benjamin Khakshour ("Khakshour"),
23 her new landlord, were fraudulently procured from the Debtor, it is necessary for
24 Khakshour to produce key financial documents and be subject to testimony under oath.
25 Specifically, the Trustee's investigation already has uncovered transfers of assets to
26 Erika that purportedly belong to the Debtor.  This Rule 2004 examination seeks financial
27 records from a third party who receives monthly lease payments from Erika and has
28 received relevant financial information, including a residential lease and ancillary

1   documents.  There is no privilege associated with the requested documents as they are

2   simply financial records Khakshour received from Erika, one of the targets of the

3   Trustee's ongoing investigation.

4          As noted, since there is no pending adversary proceeding between the

5   Trustee and Khakshour, Rule 2004 is the proper vehicle for the Trustee to obtain the

6   necessary financial records.

7                          III.

8      **THE COURT SHOULD ORDER BENJAMIN KHAKSHOUR TO PRODUCE THE**

9          **REQUESTED DOCUMENTS AND ATTEND AN ORAL EXAMINATION**

10             **PURSUANT TO RULE 2004 OF THE FEDERAL RULES**

11                  **OF BANKRUPTCY PROCEDURE**

12      Rule 2004 provides that "[o]n motion of any party in interest, the court may

13   order the examination of any entity."  Fed. R. Bank. P. 2004(a).  The scope of the

14   examination may relate to "the acts, conduct, or property or to the liabilities and financial

15   condition of the debtor, or to any matter which may affect the administration of the

16   debtor's estate, or to the debtor's right to a discharge," as well as matters regarding "the

17   operation of the Debtor's business, the source of any money acquired or to be acquired

18   by the Debtor for purposes of consummating a plan and the consideration give or offered

19   therefor, and other matters relevant to the case and the formulation of a plan."  Fed. R.

20   Bank. P. 2004(b).  Thus, the purpose of the examination is to "view the condition and

21   whereabouts of the bankrupt's estate."  <u>Keene Corp. v. Johns-Manville Corp. (In re</u>

22   <u>Johns-Manville)</u>, 42 B.R. 362, 364 (Bankr. S.D.N.Y. 1984).  Furthermore, Rule 2004 also

23   provides for an order requiring the production of documents in connection with the Rule

24   2004 examination.  Fed. R. Bank. P. 2004(c).

25      Courts routinely permit a wide range of inquiry pursuant to Rule 2004.  See

26   <u>In re Drexel Burnham Lambert Group, Inc.</u>, 123 B.R. 702, 711 (Bankr. S.D.N.Y. 1991)

27   (scope of a Rule 2004 examination is very broad, broader even than discovery under the

28   Federal Rules of Civil Procedure); <u>In re Table Talk, Inc.</u>, 51 B.R. 143, 145 (Bankr. D.

1   Mass. 1985) (courts uniformly recognize that the scope of a Rule 2004 examination is

2   "unfettered and broad"); <u>In re Mittco, Inc.</u>, 44 B.R. 35, 36 (Bankr. E.D. Wis. 1984) ("The

3   scope of inquiry under Bankruptcy Rule 2004 is very broad.  Great latitude of inquiry is

4   ordinarily permitted.").  As the bankruptcy court explained in <u>In re Mantolesky</u>, 14 B.R.

5   973 (Bankr. D. Mass. 1981):

6         Rule 205 [now Rule 2004] provides all interested parties a

7         mechanism for the investigation and reconstruction of the

8         debtor's affairs.  That mechanism may cut a broad swath

9         through the debtor's affairs, those associated with him, and

10       those who might have had business dealings with him.

11       Further, those persons who might have been closely

12       connected with the debtor in his business arrangements, or

13       who even participated in them, will most likely be exposed to

14       the most extensive inquiry.

15  <u>Id.</u>, at 976.

16       In short, under the broad scope of Rule 2004(b), an examination of the

17  debtor, or third parties with relevant information regarding assets of the estate, is

18  inquisitorial in nature, and consequently the field of inquiry is wide.  Within the limitations

19  prescribed, any question is permissible which seeks to ascertain facts concerning the

20  debtor's conduct, property, and financial affairs.  An examination pursuant to Rule 2004

21  may therefore "cut a broad swath through the debtor's affairs."  <u>Johns-Manville</u>, 42 B.R.

22  at 364.

23       Relative to this case, the Trustee seeks documents from Khakshour

24  regarding the source of funds used to pay the monthly lease payments for Erika's newly

25  leased premises, as well as other financial documents which may be relevant to the

26  Trustee's investigation.  The Trustee seeks to discover the identity of the sources of

27  payments made to Khakshour to determine, among other things, whether the funds can

28  be traced to the Debtor, or were funds fraudulently procured from the Debtor.

1  Since the requested document production cannot proceed under Rules

2  7034 or 9014 of the Federal Rules of Bankruptcy Procedure - since no adversary

3  proceeding or contested matter has been commenced with respect to the specific issues

4  and transactions Creditors wish to investigate through these requests - the requested

5  document production and examination is appropriate under Rule 2004.

6  **IV.**

7  **PLACE OF RESIDENCE AND/OR EMPLOYMENT OF EXAMINEE**

8  The Trustee is informed that the principal business address of Benjamin

9  Khakshour is 5455 Wilshire Boulevard, Suite 2111, Los Angeles, California 90036-4290,

10  c/o Khakshour Freeman, A Law Corporation.  (This information is being provided

11  pursuant to Local Bankruptcy Rule 2004-1).

12  **V.**

13  **MEET AND CONFER**

14  In accordance with Local Bankruptcy Rule 2004-1(a), prior to filing the

15  Motion, the Trustee, through Richards APC, conferred with Khakshour on June 13, 2021,

16  regarding the nature and scope of the requested document production and examination.

17  At that time, Khakshour agreed to produce the requested documents and attend an

18  examination, but first required an order of this Court.  See declaration of Ronald

19  Richards, affixed hereto.

20  **VI.**

21  **LOCATION OF EXAMINATION**

22  Rule 2004(c) provides that "[t]he attendance of an entity for examination

23  and for the production of documents, whether the examination is to be conducted within

24  or without the district in which the case is pending, may be compelled as provided in Rule

25  9016 for the attendance of a witness at a hearing or trial."  Rule 9016 of the Federal

26  Rules of Bankruptcy Procedure states that Rule 45 of the Federal Rules of Civil

27  Procedure applies in bankruptcy cases.  Rule 45(c)(2) provides that a subpoenaed party

28  may be required to attend at any place within 100 miles from the place where that person

1  resides, is employed, or transacts business in person.  Here, the Trustee proposes to

2  conduct the examination of Khakshour via "zoom.com" such that there will no

3  inconvenience to Khakshour.  The examination will be recorded by audio, audiovisual,

4  and/or stenographic means.  If the examination is not completed on the date set forth

5  herein, it will continue from business day to business day, Sundays and holidays

6  excepted, until completed unless otherwise agreed by the parties.

7                                           **VII.**

8                                      **<u>CONCLUSION</u>**

9          The requested production of documents and oral examination are central to

10  the Trustee's independent investigation into the Debtor's assets and liabilities which will

11  assist the Trustee in her administration of the estate.  Accordingly, the Trustee requests

12  that the Court order Benjamin Khakshour to produce documents responsive to the

13  requests in Exhibit "A" on or before July 20, 2022.  In light of anticipated continuation of

14  office closures related to the COVID-19 pandemic, the Trustee requests that the

15  documents be produced electronically by email to ron@ronaldrichards.com and

16  morani@ronaldrichards.com.  Due to the limited scope of the Motion, the Trustee

17  anticipates that further document production(s) could be necessary and the Trustee,

18  therefore, reserve the right to serve additional document requests.

19          In addition, the Trustee requests that the Court order Benjamin Khakshour

20  to appear for examination, under oath, on July 22, 2021, at 10:00 a.m., Pacific Time.  In

21  light of anticipated continuation of office closures related to the COVID-19 pandemic, the

22  examination shall take place via "zoom.com" and the instructions for the zoom meeting

23  shall be provided to Khakshour no later than July 21, 2021, unless the Trustee, in her

24  sole discretion, designates another means of electronic examination.

25

26

27

28

1   DATED: June 18, 2021                    Law Offices of Ronald Richards & Associates, APC

2

3

4

5                                          By: /s/ Ronald Richards
                                               Ronald Richards
6                                              Special Litigation Counsel for Elissa D. Miller,
                                               Chapter 7 Trustee
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    **<u>DECLARATION OF RONALD RICHARDS</u>**

2    I, Ronald Richards, declare:

3    1.    I am an individual over the age of eighteen, a principal of Law Offices

4 of Ronald Richards & Associates, APC, and am duly admitted to practice before this

5 Court.  I am one of the attorneys principally responsible for the representation of Elissa D.

6 Miller (the "Trustee"), the duly appointed, qualified, and acting chapter 7 trustee for the

7 estate of the debtor Girardi Keese (the "Debtor") in this case.  I have personal knowledge

8 of the facts set forth below, and if called as a witness, could and would competently

9 testify thereto under oath.

10    2.    I make this declaration in support of the "Notice of Motion and Motion

11 for Order Requiring Production of Documents Pursuant to Rule 2004 of the Federal Rules

12 of Bankruptcy Procedure; Memorandum of Points and Authorities; Declaration of Ronald

13 Richards in Support Thereof" (the "Motion"), pursuant to which the Trustee requests,

14 pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure and Local

15 Bankruptcy Rule 2004-1, an order directing Benjamin Khakshour ("Khakshour") to

16 produce the documents identified in Exhibit "A" attached hereto (the "Requested

17 Documents") by no later than July 20, 2021, and that Khakshour appear for examination,

18 under oath, and that such examination take place on July 22, 2021, at 10:00 a.m., Pacific

19 Time.

20    *[Remainder of page intentionally left blank]*

21

22

23

24

25

26

27

28

1             3.       In accordance with Local Bankruptcy Rule 2004-1(a), prior to filing

2 the Motion, I conferred with Khakshour regarding the scope and nature of the proposed

3 Rule 2004 production of documents and examination.  Specifically, on June 13, 2021, I

4 spoke with Khakshour who agreed to produce the requested documents and attend an

5 examination, but only after the Trustee first obtained an order of this Court.

6             I declare under penalty of perjury under the laws of the United States of

7 America that the foregoing is true and correct.

8             Executed this 17th day of June, 2021.

9

10                               /s/ *Ronald Richards*
                                Ronald Richards

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT A**

**INSTRUCTIONS**

1.      You are instructed to produce the Requested Documents (as defined and described below) that are in your possession, custody or control, including, but not limited to, Requested Documents in the possession of your attorneys, accountants, bookkeepers, agents, and/or representatives.  You are further instructed to produce the Requested Documents as they are kept in the usual course of business.  In addition, Requested Documents are to be produced in their entirety; redacted Requested Documents will not constitute compliance with this request.

2.      If you contend that the contents of a Requested Document are protected from disclosure because of privilege or the work-product doctrine, you must supply a description of that Requested Document by providing the following information:

A.      Each privilege or doctrine which you contend protects the contents of that Requested Document from disclosure;

B.      Each fact upon which you rely to support your claim of privilege;

C.      The type of Requested Document (e.g., letter, memorandum, telegram, facsimile transmission, e-mail, computer database, notes, memorandum of telephone conversation, etc.);

D.      The date of the Requested Document or if it bears no date, the date on which it was prepared;

E.      The name of each author of the Requested Document;

F.      The name of each person to whom the Requested Document was directed;

G.      The name of each person who received or reviewed the Requested Document or to whom the Requested Document or a copy of it was supplied; and

H.      The general subject matter of the Requested Document.

1    3.    In the event that any Requested Document described below has

2  been destroyed, discarded, or otherwise disposed of (a "Disposal"), each such

3  Requested Document is to be identified as completely as possible, including, without

4  limitation, the following information:

5    A.    The type of Requested Document (e.g., letter, memorandum,

6  telegram, facsimile transmission, e-mail, computer database, notes, memorandum of

7  telephone conversation, etc.);

8    B.    The date of the Requested Document or, if it bears no date,

9  the date on which it was prepared;

10    C.    The name of each author of the Requested Document;

11    D.    The name of each person to whom the Requested Document

12  was directed;

13    E.    The name of each person who received or reviewed the

14  Requested Document or to whom the Requested Document or a copy thereof was

15  supplied;

16    F.    The general subject matter of the Requested Document;

17    G.    The date of Disposal;

18    H.    The manner of Disposal;

19    I.    The reasons for the Disposal;

20    J.    The name of the person who authorized the Disposal;

21    K.    The name of the person who disposed of the Requested

22  Document;

23    L.    The name of the custodian of the Requested Document at the

24  time of the Disposal.

25    4.    These requests are not limited as to time period unless so stated.

26    **<u>DEFINITIONS</u>**

27  The following definitions apply herein:

28    A.    The term "Case" shall mean that bankruptcy case styled <u>In re Girardi</u>

1  Keese, presently pending in the United States Bankruptcy Court, Central District of

2  California, Los Angeles Division, bearing Case No. 2:20-bk-21022-BR commenced on

3  December 18, 2020.

4        B.    The term "Claim" shall have the meaning ascribed to it in 11 U.S.C. §

5  101(5).

6        C.    The terms "Trustee" or "Miller" shall mean Elissa D. Miller, the duly

7  appointed, qualified, and acting chapter 7 trustee for the Debtor's estate.

8        D.    The term "Creditor" shall have the meaning ascribed to it in 11

9  U.S.C. § 101(10).

10        E     The term "Communications" shall mean any transmission of

11  information from one person or entity to another by mail, facsimile, electronic mail, text

12  message, instant messaging, audio recordings, journals, diaries, logs, or calendars,

13  including (without limitation) any form of memorialization of personal meetings,

14  conferences, telephone conversations, radio, electronic mail, teleconference, etc.

15        F.    The term "Debt" shall have the meaning ascribed to it in 11 U.S.C. §

16  101(12).

17        G.    The term "Involuntary Petition" shall mean that certain involuntary

18  chapter 7 petition styled In re Girardi Keese, presently pending in the United States

19  Bankruptcy Court, Central District of California, Los Angeles Division, bearing Case No.

20  2:20-bk-21022-BR.

21        H.    The term "Khakshour" shall mean Benjamin Khakshour, Justine

22  Freemen, both individually, and as husband and wife, and any of their respective

23  employees, affiliates, representatives, agents, attorneys, accountants, and all other

24  persons acting or purporting to act on their behalf.

25        I.    The term "Erika" shall mean Erika Jayne aka Erika Girardi aka Erika

26  Chahoy, and any of their respective employees, affiliates, representatives, agents,

27  attorneys, accountants, and all other persons acting or purporting to act on her behalf.

28        J.    The term "Petition Date" shall mean December 18, 2020, the date

17

1   the Involuntary Petition was filed.

2       K.      The terms "and" or "or" or "and/or" shall be construed either

3   disjunctively or conjunctively or both, as necessary, to bring within the scope of any

4   request for responses which might otherwise be construed to be outside the scope.

5       L.      The term "Contact Information" shall mean information upon which a

6   person or entity may be reached via  mail, telephone, facsimile, e-mail or in person or any

7   other medium that is reasonable, and shall include without limitation, present and last

8   known address(es), phone number(s), facsimile number(s), and e- mail address(es).

9       M.      The terms "Document" or "Documents" shall mean and includes any

10  medium, including without limitation, writings, drawings, graphs, charts, photographs,

11  audio and video recordings, computerized records, such as e-mails, microfilm,

12  microfiche, data compilations, upon which intelligence or information can be recorded,

13  maintained or retrieved, including without limitation, the original or a copy thereof,

14  regardless of the origin and location, of any writing or recording of any type or

15  description, however produced or reproduced, which is in your or your representatives'

16  possession, custody or control, or to which you have or had access, or of which you have

17  knowledge or which you have a right or privilege to examine upon request or demand,

18  and includes any and all writings and recordings as the term is used in Rule 1001(1) of

19  the Federal Rules of Evidence and includes the original (or a copy if the original is not

20  available) and any nonidentical copies (whether different from the original because of

21  notes made on the copy or otherwise).

22      N.      The terms "relate to", "refer to", "evidence", "concern", "pertain to"

23  and "pertaining to" shall mean mentioning, discussing, including, summarizing,

24  describing, reflecting, containing, referring to, relating to, depicting, connected with,

25  embodying, evidencing, constituting, concerning, reporting, purporting or involving an act,

26  occurrence, event, transaction, fact, thing, or course of dealing.

27      O.      The term "you" or "your" shall mean Benjamin Khakshour, Justine

28  Freemen, both individually, and as husband and wife, and any of their respective

1   employees, affiliates, representatives, agents, attorneys, accountants, and all other

2   persons acting or purporting to act on their behalf.  The term "Khakshour" shall be used

3   interchangeably with the terms "you" or "your".

4          P.      The singular form of a word should be interpreted as plural and the

5   plural should be interpreted as singular to give the word or words the broadest possible

6   meaning.

7          Q.      The masculine gender of any word shall be construed to include the

8   masculine, feminine, and neuter gender.

9                          **REQUESTED DOCUMENTS**

10         1.      All communications between you and Erika regarding the real

11  property located at 117 S. Citrus Avenue, Los Angeles, California 90036, including, but

12  not limited to, emails and text messages.

13         2.      All lease(s) and/or rental agreement(s) between you and Erika for

14  the real property located at 117 S. Citrus Avenue, Los Angeles, California 90036.

15         3.      All documents evidencing any payments you received from Erika, or

16  any third party on Erika's behalf, including, without limitation, copies of checks, cashier's

17  checks, money orders, wire transfers, or other forms of payment.

18         4.      All receipts documenting any form of payment you received from

19  Erika, or any third party on Erika's behalf.

20         5.      All documents from any credit reporting agency regarding Erika.

21         6.      All checks, cashier's checks, money orders, wire transfers, or other

22  forms of payment you received from Erika, or any third party on Erika's behalf, meant to

23  serve as a security deposit.

24         7.      All documents referencing any rental application(s) you received

25  from Erika, or any third party on Erika's behalf.

26         8.      All financial documents and/or financial statements you received

27  from Erika, or any third party on Erika's behalf.

28

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

PO Box 11480, Beverly Hills, CA  90213

Noticed of Motion and motion for a 2004 exam for Benjamin
A true and correct copy of the foregoing document entitled (*specify*): _____
_Notice of motion and  2004 motion  for Benjamin Khakshour_____
_____
_____
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)</u>**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) June 18, 2021, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Kyra E Andrassy on behalf of Plaintiff Elissa Miller
kandrassy@swelawfirm.com, lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com

Rafey Balabanian on behalf of Creditor Edelson PC
rbalabanian@edelson.com, docket@edelson.com

Michelle Balady on behalf of Creditor Bedford Law Group, APC
mb@bedfordlg.com, leo@bedfordlg.com

William C Beall on behalf of Interested Party Mullen & Henzell, LLP
will@beallandburkhardt.com, carissa@beallandburkhardt.com

William C Beall on behalf of Interested Party Shane Horton
will@beallandburkhardt.com, carissa@beallandburkhardt.com

Ori S Blumenfeld on behalf of Creditor Jaime Ruigomez
Ori@MarguliesFaithLaw.com,
Helen@MarguliesFaithLaw.com;Angela@MarguliesFaithLaw.com;Vicky@MarguliesFaithLaw.com

Ori S Blumenfeld on behalf of Creditor Joseph Ruigomez
Ori@MarguliesFaithLaw.com,
Helen@MarguliesFaithLaw.com;Angela@MarguliesFaithLaw.com;Vicky@MarguliesFaithLaw.com

Ori S Blumenfeld on behalf of Creditor Kathleen Ruigomez
Ori@MarguliesFaithLaw.com,
Helen@MarguliesFaithLaw.com;Angela@MarguliesFaithLaw.com;Vicky@MarguliesFaithLaw.com

Ori S Blumenfeld on behalf of Defendant ABIR COHEN TREYZON SALO, LLP, a California limited liability partnership
Ori@MarguliesFaithLaw.com,
Helen@MarguliesFaithLaw.com;Angela@MarguliesFaithLaw.com;Vicky@MarguliesFaithLaw.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                              **F 9013-3.1.PROOF.SERVICE**

Ori S Blumenfeld on behalf of Defendant Boris Treyzon Esq
Ori@MarguliesFaithLaw.com,
Helen@MarguliesFaithLaw.com;Angela@MarguliesFaithLaw.com;Vicky@MarguliesFaithLaw.com

Ori S Blumenfeld on behalf of Interested Party Courtesy NEF
Ori@MarguliesFaithLaw.com,
Helen@MarguliesFaithLaw.com;Angela@MarguliesFaithLaw.com;Vicky@MarguliesFaithLaw.com

Richard D Buckley on behalf of Interested Party L.A. Arena Funding, LLC
richard.buckley@arentfox.com

Marie E Christiansen on behalf of Creditor KCC Class Action Services, LLC
mchristiansen@vedderprice.com, ecfladocket@vedderprice.com,marie-christiansen-4166@ecf.pacerpro.com

Jennifer Witherell Crastz on behalf of Creditor Wells Fargo Vendor Financial Services, Inc.
jcrastz@hrhlaw.com

Jennifer Witherell Crastz on behalf of Creditor Wells Fargo Vendor Financial Services, LLC
jcrastz@hrhlaw.com

Ashleigh A Danker on behalf of Interested Party Courtesy NEF
Ashleigh.danker@dinsmore.com, SDCMLFiles@DINSMORE.COM;Katrice.ortiz@dinsmore.com

Clifford S Davidson on behalf of Creditor California Attorney Lending II, Inc.
csdavidson@swlaw.com, jlanglois@swlaw.com;cliff-davidson-7586@ecf.pacerpro.com

Lei Lei Wang Ekvall on behalf of Interested Party Courtesy NEF
lekvall@swelawfirm.com, lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com

Lei Lei Wang Ekvall on behalf of Plaintiff Elissa Miller
lekvall@swelawfirm.com, lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com

Lei Lei Wang Ekvall on behalf of Trustee Elissa Miller (TR)
lekvall@swelawfirm.com, lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com

Richard W Esterkin on behalf of Creditor Southern California Gas Company
richard.esterkin@morganlewis.com

Richard W Esterkin on behalf of Interested Party Courtesy NEF
richard.esterkin@morganlewis.com

Timothy W Evanston on behalf of Interested Party Courtesy NEF
tevanston@swelawfirm.com, gcruz@swelawfirm.com;lgarrett@swelawfirm.com;jchung@swelawfirm.com

Timothy W Evanston on behalf of Plaintiff Elissa Miller
tevanston@swelawfirm.com, gcruz@swelawfirm.com;lgarrett@swelawfirm.com;jchung@swelawfirm.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                    F 9013-3.1.PROOF.SERVICE

Timothy W Evanston on behalf of Trustee Elissa Miller (TR)
tevanston@swelawfirm.com, gcruz@swelawfirm.com;lgarrett@swelawfirm.com;jchung@swelawfirm.com

Jeremy Faith on behalf of Interested Party Courtesy NEF
Jeremy@MarguliesFaithlaw.com,
Helen@MarguliesFaithlaw.com;Angela@MarguliesFaithlaw.com;Vicky@MarguliesFaithlaw.com

James J Finsten on behalf of Interested Party Courtesy NEF
, jimfinsten@hotmail.com

Alan W Forsley on behalf of Interested Party Courtesy NEF
alan.forsley@flpllp.com, awf@fkllawfirm.com,awf@fl-lawyers.net,addy.flores@flpllp.com

Eric D Goldberg on behalf of Creditor Stillwell Madison, LLC
eric.goldberg@dlapiper.com, eric-goldberg-1103@ecf.pacerpro.com

Andrew Goodman on behalf of Attorney William F Savino
agoodman@andyglaw.com, Goodman.AndrewR102467@notify.bestcase.com

Andrew Goodman on behalf of Petitioning Creditor Erika Saldana
agoodman@andyglaw.com, Goodman.AndrewR102467@notify.bestcase.com

Andrew Goodman on behalf of Petitioning Creditor Jill O'Callahan
agoodman@andyglaw.com, Goodman.AndrewR102467@notify.bestcase.com

Andrew Goodman on behalf of Petitioning Creditor John Abassian
agoodman@andyglaw.com, Goodman.AndrewR102467@notify.bestcase.com

Andrew Goodman on behalf of Petitioning Creditor Kimberly Archie
agoodman@andyglaw.com, Goodman.AndrewR102467@notify.bestcase.com

Andrew Goodman on behalf of Petitioning Creditor Robert M. Keese
agoodman@andyglaw.com, Goodman.AndrewR102467@notify.bestcase.com

Andrew Goodman on behalf of Petitioning Creditor Virginia Antonio
agoodman@andyglaw.com, Goodman.AndrewR102467@notify.bestcase.com

Suzanne C Grandt on behalf of Interested Party Courtesy NEF
suzanne.grandt@calbar.ca.gov, joan.randolph@calbar.ca.gov

Steven T Gubner on behalf of Interested Party Courtesy NEF
sgubner@bg.law, ecf@bg.law

Marshall J Hogan on behalf of Creditor California Attorney Lending II, Inc.
mhogan@swlaw.com, knestuk@swlaw.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**

Sheryl K Ith on behalf of Creditor Daimler Trust
sith@cookseylaw.com, sith@ecf.courtdrive.com

Razmig Izakelian on behalf of Creditor Frantz Law Group, APLC
razmigizakelian@quinnemanuel.com

Lillian Jordan on behalf of Interested Party Courtesy NEF
ENOTICES@DONLINRECANO.COM, RMAPA@DONLINRECANO.COM

Lewis R Landau on behalf of Creditor Virage SPV 1, LLC
Lew@Landaunet.com

Lewis R Landau on behalf of Interested Party Courtesy NEF
Lew@Landaunet.com

Daniel A Lev on behalf of Interested Party Courtesy NEF
dlev@sulmeyerlaw.com, ccaldwell@sulmeyerlaw.com;dlev@ecf.inforuptcy.com

Elizabeth A Lombard on behalf of Creditor American Express National Bank c/o Zwicker & Associates, P.C.
elombard@zwickerpc.com, bknotices@zwickerpc.com

Craig G Margulies on behalf of Defendant ABIR COHEN TREYZON SALO, LLP, a California limited
liability partnership
Craig@MarguliesFaithlaw.com,
Vicky@MarguliesFaithlaw.com;Helen@MarguliesFaithlaw.com;Angela@MarguliesFaithlaw.com

Craig G Margulies on behalf of Defendant Boris Treyzon Esq
Craig@MarguliesFaithlaw.com,
Vicky@MarguliesFaithlaw.com;Helen@MarguliesFaithlaw.com;Angela@MarguliesFaithlaw.com

Craig G Margulies on behalf of Interested Party Courtesy NEF
Craig@MarguliesFaithlaw.com,
Vicky@MarguliesFaithlaw.com;Helen@MarguliesFaithlaw.com;Angela@MarguliesFaithlaw.com

Peter J Mastan on behalf of Interested Party Courtesy NEF
peter.mastan@dinsmore.com, SDCMLFiles@dinsmore.com;Katrice.ortiz@dinsmore.com

Peter J Mastan on behalf of Interested Party Erika Girardi
peter.mastan@dinsmore.com, SDCMLFiles@dinsmore.com;Katrice.ortiz@dinsmore.com

Edith R. Matthai on behalf of Defendant David Lira
ematthai@romalaw.com, lrobie@romalaw.com

Edith R. Matthai on behalf of Interested Party Courtesy NEF
ematthai@romalaw.com, lrobie@romalaw.com

Kenneth Miller on behalf of Interested Party Courtesy NEF

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                              **F 9013-3.1.PROOF.SERVICE**

kmiller@pmcos.com, efilings@pmcos.com

Elissa Miller (TR)
CA71@ecfcbis.com, MillerTrustee@Sulmeyerlaw.com;C124@ecfcbis.com;ccaldwell@sulmeyerlaw.com

Eric A Mitnick on behalf of Interested Party Courtesy NEF
MitnickLaw@aol.com, mitnicklaw@gmail.com

Scott H Olson on behalf of Creditor KCC Class Action Services, LLC
solson@vedderprice.com, scott-olson-
2161@ecf.pacerpro.com,ecfsfdocket@vedderprice.com,nortega@vedderprice.com

Carmela Pagay on behalf of Interested Party Courtesy NEF
ctp@lnbyb.com

Leonard Pena on behalf of Interested Party Robert Girardi
lpena@penalaw.com, penasomaecf@gmail.com;penalr72746@notify.bestcase.com

Michael J Quinn on behalf of Creditor KCC Class Action Services, LLC
mquinn@vedderprice.com, ecfladocket@vedderprice.com,michael-quinn-2870@ecf.pacerpro.com

David M Reeder on behalf of Interested Party Courtesy NEF
david@reederlaw.com, secretary@reederlaw.com

Ronald N Richards on behalf of Creditor Law Offices of Phili Sheldon APC
ron@ronaldrichards.com, morani@ronaldrichards.com

Ronald N Richards on behalf of Interested Party Courtesy NEF
ron@ronaldrichards.com, morani@ronaldrichards.com

Ronald N Richards on behalf of Plaintiff Robert P Finn
ron@ronaldrichards.com, morani@ronaldrichards.com

Kevin C Ronk on behalf of Creditor U.S. Legal Support, Inc.
Kevin@portilloronk.com, Attorneys@portilloronk.com

William F Savino on behalf of Creditor California Attorney Lending II, Inc.
wsavino@woodsoviatt.com, lherald@woodsoviatt.com

Kenneth John Shaffer on behalf of Creditor Frantz Law Group, APLC
johnshaffer@quinnemanuel.com

Richard M Steingard on behalf of Other Professional Christopher Kamon
, awong@steingardlaw.com

Philip E Strok on behalf of Interested Party Courtesy NEF
pstrok@swelawfirm.com, gcruz@swelawfirm.com;1garrett@swelawfirm.com;jchung@swelawfirm.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                 **F 9013-3.1.PROOF.SERVICE**

Philip E Strok on behalf of Trustee Elissa Miller (TR)
pstrok@swelawfirm.com, gcruz@swelawfirm.com;1garrett@swelawfirm.com;jchung@swelawfirm.com

Boris Treyzon on behalf of Defendant ABIR COHEN TREYZON SALO, LLP, a California limited liability partnership
jfinnerty@actslaw.com, sgonzales@actslaw.com

United States Trustee (LA)
ustpregion16.la.ecf@usdoj.gov

Eric D Winston on behalf of Creditor Frantz Law Group, APLC
ericwinston@quinnemanuel.com

Christopher K.S. Wong on behalf of Interested Party L.A. Arena Funding, LLC
christopher.wong@arentfox.com, yvonne.li@arentfox.com

Timothy J Yoo on behalf of Interested Party Courtesy NEF
tjy@lnbyb.com

Timothy J Yoo on behalf of Interested Party Jason M. Rund
tjy@lnbyb.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) June 18, 2021, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Benjamin Khakshour
c/o Khakshour Freeman, A Law Corporation.
5455 Wilshire Boulevard, Suite 2111
Los Angeles, California 90036-4290

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.
June 18, 2021          Ronald Richards                              /s Ronald Richards

| Date | Printed Name | Signature |
|------|-------------|-----------|

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.