| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| SMILEY WANG-EKVALL, LLP<br>Lei Lei Wang Ekvall, State Bar No. 163047<br>lekvall@swelawfirm.com<br>Philip E. Strok, State Bar No. 169296<br>pstrok@swelawfirm.com<br>Timothy W. Evanston, State Bar No. 319342<br>tevanston@swelawfirm.com<br>3200 Park Center Drive, Suite 250<br>Costa Mesa, California 92626<br>Telephone:  714 445-1000<br>Facsimile:    714 445-1002<br><br>☐ *Debtor(s) appearing without an attorney*<br>☒ *Attorney for:* Elissa D. Miller, Chapter 7 Trustee | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

| In re:<br><br>GIRARDI KEESE,<br><br><br><br><br><br><br><br><br>Debtor(s). | CASE NO.: 2:20-bk-21022-BR<br>CHAPTER: 7 |
|---|---|
| | **NOTICE OF OPPORTUNITY TO REQUEST A HEARING ON MOTION**<br><br>**[LBR 9013-1(o)]** |
| | [No hearing unless requested in writing] |

**TO THE U.S. TRUSTEE AND ALL PARTIES ENTITLED TO NOTICE, PLEASE TAKE NOTICE THAT:**

1.  Movant(s) <u>Elissa D. Miller, the Chapter 7 Trustee for the bankruptcy estate of Girardi Keese</u>, filed a motion or application (Motion) entitled <u>Motion for Order Authorizing Chapter 7 Trustee to: (A) Operate the</u> <u>Business of the Debtor on a Limited Basis Pursuant to 11 U.S.C. § 721; and (B) Maintain Current Status of Any</u>. <u>Newly Discovered Trust Accounts</u>

2.  Movant(s) is requesting that the court grant the Motion without a hearing as provided for in LBR 9013-1(o), unless a party in interest timely files and serves a written opposition to the Motion and requests a hearing.

3.  The Motion is based upon the legal and factual grounds set forth in the Motion.  (*Check appropriate box below*):

    ☒  The full Motion is attached to this notice; or

    ☐  The full Motion was filed with the court as docket entry # _____, and a detailed description of the relief sought is attached to this notice.

4.  **DEADLINE FOR FILING AND SERVING OPPOSITION PAPERS AND REQUEST FOR A HEARING:**  Pursuant to LBR 9013-1(o), any party who opposes the Motion may request a hearing on the Motion.  The deadline to file and serve a written opposition and request for a hearing is 14 days after the date of service of this notice, plus 3 additional days if you were served by mail or pursuant to F.R.Civ.P. 5(b)(2)(D) or (F).

---

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

a.  If you timely file and serve a written opposition and request for a hearing, movant will file and serve a notice of hearing at least 14 days in advance of the hearing. [LBR 9013-1(o)(4)]

b.  If you fail to comply with this deadline:

(1)  Movant will file a declaration to indicate: (1) the Motion was properly served, (2) the response period elapsed, and (3) no party filed and served a written opposition and request for a hearing within 14 days after the date of service of the notice [LBR 9013-1(o)(3)];

(2)  Movant will lodge an order that the court may use to grant the Motion; and

(3)  The court may treat your failure as a waiver of your right to oppose the Motion and may grant the Motion without further hearing and notice. [LBR 9013-1(h)]

Respectfully submitted,

Date: _06/18/2021_

/s/ Philip E. Strok
Signature of Movant or attorney for Movant

Philip E. Strok
Printed name of Movant or attorney for Movant

---

This form is optional.  It has been approved for use in the United States Bankruptcy Court for the Central District of California.

# MOTION

1 | **SMILEY WANG-EKVALL, LLP**
Lei Lei Wang Ekvall, State Bar No. 163047
2 | *lekvall@swelawfirm.com*
Philip E. Strok, State Bar No. 169296
3 | *pstrok@swelawfirm.com*
Timothy W. Evanston, State Bar No. 319342
4 | *tevanston@swelawfirm.com*
3200 Park Center Drive, Suite 250
5 | Costa Mesa, California 92626
Telephone:   714 445-1000
6 | Facsimile:   714 445-1002

7 | Attorneys for Elissa D. Miller, Chapter 7
Trustee

8 |

### UNITED STATES BANKRUPTCY COURT

9 |

### CENTRAL DISTRICT OF CALIFORNIA

10 |

### LOS ANGELES DIVISION

11 |

12 | In re

GIRARDI KEESE,

13 |

                            Debtor.

| Case No. 2:20-bk-21022-BR

Chapter 7

**MOTION FOR ORDER AUTHORIZING CHAPTER 7 TRUSTEE TO:**

**(A)  OPERATE THE BUSINESS OF THE DEBTOR ON A LIMITED BASIS PURSUANT TO 11 U.S.C. § 721; AND**

**(B)  MAINTAIN CURRENT STATUS OF ANY NEWLY DISCOVERED TRUST ACCOUNTS**

**MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF ELISSA D. MILLER IN SUPPORT**

**[No hearing required pursuant to Local Bankruptcy Rule 9013-1(o)]**

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

2870860.4

1

MOTION

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ........................................................................................................ 2

II.     FACTUAL BACKGROUND ...................................................................................... 3

    A.      The Debtor's Bankruptcy Case ..................................................................... 3

    B.      The Debtor's Cases ....................................................................................... 4

    C.      The Debtor's Bank Accounts ......................................................................... 4

    E.      The Debtor's Record System ......................................................................... 5

    F.      The Trustee's Prior Operating Motions and Second Cash Collateral
        Motion ............................................................................................................. 5

III.    LIMITED OPERATING RELIEF REQUESTED .......................................................... 7

    A.      The Requested Relief Regarding the Resolved Cases ................................. 7

    B.      The Requested Relief Regarding the Terminated Cases .............................. 8

    C.      Additional Requested Relief Regarding the Trustee's Limited
        Operations....................................................................................................... 8

    D.      The Requested Relief Regarding the Debtor's Legal Fees and Costs ....... 10

IV.     LIMITED TRUST ACCOUNT MAINTENANCE RELIEF REQUESTED ................ 10

V.      MEMORANDUM OF POINTS AND AUTHORITIES ............................................. 11

VI.     CONCLUSION ...................................................................................................... 12

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

1

# TABLE OF AUTHORITIES

2

**Page**

3

## CASES

4

5

*In re Nakhuda*,
  2015 WL 873566 (B.A.P. 9th Cir. 2015)..................................................................11

6

7

## STATUTES

8

11 U.S.C. § 303(g)......................................................................................................3

9

11 U.S.C. § 363...........................................................................................................6

10

11 U.S.C. § 721 ...................................................................................................2, 6, 11

11

12

## RULES

13

Fed. R. Bankr. P. 1007(k).........................................................................................4

14

Fed. R. Bankr. P. 4001(b).........................................................................................6

15

16

## TREATISES

17

6 Collier on Bankruptcy ¶ 721.01 (Alan N. Resnick & Henry J. Sommer eds., 16th
  ed. 2012)...............................................................................................................11

18

19

20

21

22

23

24

25

26

27

28

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

**TO THE HONORABLE BARRY RUSSELL, UNITED STATES BANKRUPTCY JUDGE:**

Elissa D. Miller, the chapter 7 trustee (the "Trustee") for the bankruptcy estate (the "Estate") of Girardi Keese (the "Debtor"), submits this *Motion for Order Authorizing Chapter 7 Trustee to: (A) Operate the Business of the Debtor on a Limited Basis Pursuant to 11 U.S.C. § 721; and (B) Maintain Current Status of any Newly Discovered Trust Accounts* (the "Motion").  In support of the Motion, the Trustee submits the following memorandum of points and authorities and the attached declaration of Elissa D. Miller.

## I.    INTRODUCTION

The Court should grant the Motion as the requested relief is necessary, narrowly tailored and in the best interest of the Estate, its creditors and the Debtor's clients.  The Trustee has made extraordinary progress since the Trustee's prior motions requesting authority to operate the business of the Debtor on a limited basis were granted.  With authority to operate, the Trustee has been able to successfully transition a significant number of the Debtor's cases, resulting in the protection of both clients and the Debtor's interests in its legal fees and costs.  Similarly, the Trustee has safeguarded the Debtor's rights to attorneys' fees and costs in certain of the Debtor's former cases by filing notices of lien.  In addition, the Trustee has disbursed funds owed to clients as certain cases are resolved.  In short, operation of the Debtor's business on a limited basis has allowed the Trustee to enhance the value of the Estate and ensure that clients remain protected.

The Court previously authorized the Trustee to operate the Debtor on a limited basis through July 13, 2021.  That date is fast approaching, and more work remains to be done.  The Trustee is not seeking to expand her authority but, rather, to continue the authority previously granted by the Court and recognized as essential to administer the Estate.  The continuation of the Trustee's authority is critical and any interruption to the Trustee's limited authority to operate will upend the Trustee's progress and prejudice interested parties.  Authority to operate on a limited basis will enable the Trustee to preserve and enhance the value of the Estate, protect the Debtor's clients, and continue

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

the Trustee's progress in administering the Estate.  For these reasons, the Motion should be granted.

## II.    FACTUAL BACKGROUND

### A.    The Debtor's Bankruptcy Case

The Debtor was once a thriving law firm based in Los Angeles, California.  On December 18, 2020 (the "Petition Date"), petitioning creditors Jill O'Callahan, as successor in interest to James O'Callahan, Robert M. Keese, John Abassian, Erika Saldana, Virginia Antonio, and Kimberly Archie (collectively, the "Petitioning Creditors") filed an involuntary chapter 7 bankruptcy petition against the Debtor.[1]  Prior to the Petition Date, the Debtor practiced in the areas of personal injury, defective products, sexual abuse, toxic torts, business law, employment law, and aviation law.

On December 24, 2020, the Petitioning Creditors filed a *Motion for Appointment of Interim Trustee Pursuant to 11 U.S.C. § 303(g)* [Docket No. 12].  The Court entered an order granting the motion on January 5, 2021 [Docket No. 45].  On January 6, 2021, the Trustee was appointed as the interim trustee [Docket No. 50].

On January 13, 2021, the Court entered an *Order Directing: (1) The Clerk of Court to Immediately Enter an Order for Relief under Chapter 7; (2) The United States Trustee to Immediately Appoint a Chapter 7 Trustee; (3) The Debtor to File All Schedules and Related Documentation for Chapter 7 Case within Fourteen Days of the Entry of this Order; and (4) Vacating February 16, 2021 Status Conference* [Docket No. 68].  On January 13, 2021, the Clerk of Court entered an order for relief against the Debtor [Docket No. 69], and the Trustee was appointed and accepted her appointment in the Debtor's case [Docket No. 71].

---

[1]    The Petitioning Creditors also filed an involuntary chapter 7 bankruptcy petition against Thomas Girardi, which is currently pending as Bankruptcy Case No. 2:20-bk-21020-BR (the "Thomas Girardi Bankruptcy Case").

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

1    On February 5, 2021, the Trustee filed her *Motion for Order (1) Extending and/or*

2  *Establishing Deadline to File Schedules and Statement of Financial Affairs; and (2)*

3  *Authorizing Chapter 7 Trustee to Prepare and File Schedules and Statement of Financial*

4  *Affairs Pursuant to Federal Rule of Bankruptcy Procedure 1007(k)* [Docket No. 164] (the

5  "Schedules Motion").  On February 24, 2021, the Court entered an order granting the

6  Schedules Motion [Docket No. 220].  The Trustee's current deadline to file the schedules

7  and statement of financial affairs on behalf of the Debtor is August 24, 2021.

8    **B.    The Debtor's Cases**

9    As of the Petition Date, the Debtor was counsel of record in a significant number of

10  cases which were undertaken on a contingency basis.  These cases were at varying

11  stages.  Among the cases are those that have settled or where settlement is imminent,

12  and those that have been reduced to judgment (collectively, the "Resolved Cases").

13  There are also cases where clients of the Debtor have terminated or will terminate their

14  relationship and have engaged or will engage substitute counsel (collectively, the

15  "Terminated Cases").

16    **C.    The Debtor's Bank Accounts**

17    The Trustee previously determined that, in addition to deposit and operating

18  accounts, the Debtor maintained accounts at the following banks[2]:

19    (1)    Citizens Business Bank – blocked minor accounts, IOLTA (State Bar Trust

20  Accounts) and a trust account for the benefit of four clients;

21    (2)    Torrey Pines Bank – blocked minors accounts; and

22    (3)    Citibank – a blocked settlement account.

23    These IOLTA, blocked and other trust accounts are collectively referred to as the

24  "Existing Trust Accounts."  The Trustee continues to investigate whether other bank

25  accounts exist.  *See* Declaration of Elissa D. Miller.

26  ───────────────

27    [2]    The Debtor also maintained small IOLTA accounts at Nano Bank, Wells Fargo Bank and U.S. Bank.  Each of those accounts were closed, either by the bank upon learning of the case or at the request of the Trustee because the bank would not change the signatory.  The funds are separately identified and

28  have been placed in a segregated account under the Trustee's control.

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

1    **D.    The Debtor's Law Offices**

2        For over 20 years, the Debtor operated out of two buildings located in Los

3    Angeles, California.  One building is located at 1122 Wilshire Boulevard, Los Angeles,

4    California ("Building 1"), and the other is located at 1126 Wilshire Boulevard, Los

5    Angeles, California ("Building 2").  The buildings are linked through hallways allowing for

6    interior access between the buildings, even though the buildings are separately owned by

7    non-Debtor parties.

8        The Estate continued to occupy both Building 1 and Building 2 post-bankruptcy.

9    Each of the buildings housed attorneys and staff and included storage and other space to

10    support the Debtor's practice.  Building 1 was recently sold and the Trustee has vacated

11    the premises, disposed of over 7 truckfuls of waste, and moved the majority of its

12    remaining contents to Building 2.  Building 2 is currently listed for sale and provides only

13    a temporary storage solution for the Trustee.

14    **E.    The Debtor's Record System**

15        Prior to the Petition Date, the Debtor stored and maintained its case files in

16    physical and electronic record systems.  However, the electronic files may not be a

17    duplicate of the physical files, and vice versa.  The digital records were stored on two

18    different programs depending on the type of case.  For mass tort litigation cases, the

19    Debtor stored its records and files in a proprietary electronic program.  For all other cases

20    and general office files, the Debtor stored its records and files in an electronic program

21    called iManage.  Finally, cost ledgers and other related records were maintained in

22    another program called Sage Accounting Software.  The Trustee has relied on former

23    employees of the Debtor in order to navigate the Debtor's complicated file and record

24    system more efficiently.  *See* Declaration of Elissa D. Miller.

25    **F.    The Trustee's Prior Operating Motions and Second Cash Collateral**

26        **Motion**

27        On February 2, 2021, the Trustee filed a *Motion for Order Authorizing Chapter 7*

28    *Trustee to Operate the Business of the Debtor on a Limited Basis Pursuant to 11 U.S.C.*

§ 721 and Maintain Current Status of Certain Trust Accounts and for Other Relief [Docket No. 156] (the "First Operating Motion").  On March 2, 2021, the Court entered an order granting the First Operating Motion [Docket No. 235], authorizing the Trustee operate the business of the Debtor for a period of six months starting from the date of the Trustee's appointment on January 13, 2021.  Thus, the Trustee has authority to operate the business of the Debtor through July 13, 2021.  The order, a copy of which is attached as Exhibit "1," also granted certain relief related to the Existing Trust Accounts.

On February 10, 2021, the Trustee filed a *Motion for Order Authorizing Chapter 7 Trustee to Operate the Business of the Debtor on a Limited Basis Pursuant to 11 U.S.C. § 721 Pursuant to Cash Collateral Stipulation and Budget and to Retain and Pay Debtor's Former Employees as Independent Contractors in Accordance Therewith* [Docket No. 180] (the "Second Operating Motion").  The Trustee filed the Second Operating Motion concurrently with an Application for Order Setting Hearing on Shortened Notice.  On February 16, 2021, the Court entered an order granting the Second Operating Motion through July 13, 2021 [Docket No. 194].   A copy of the order granting the Second Operating Motion is attached as Exhibit "2."

On March 30, 2021, the Trustee filed the *Chapter 7 Trustee's Second Motion for Order Approving Stipulations for Use of Cash Collateral and Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. § 363 and Federal Rule of Bankruptcy Procedure 4001(b)* ("Second Cash Collateral Motion") [Docket No. 287].  On April 14, 2021, the Court entered an interim order granting the Second Cash Collateral Motion [Docket No. 307].  On May 7, 2021, the Court entered a final order granting the Second Cash Collateral Motion [Docket No. 329].  Currently, the Trustee has authority to use cash collateral through and including June 30, 2021.  The Trustee anticipates filing in the near future a third motion for authority to use cash collateral to fund the necessary expenses of the Debtor's limited operations.

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

III.    **LIMITED OPERATING RELIEF REQUESTED**

As noted above, the Court has entered orders authorizing the Trustee to operate the business of the Debtor on a limited basis through July 13, 2021.  The Trustee seeks authority to continue operating the business of the Debtor on a limited basis for an additional six months – through January 13, 2022 - without prejudice to the Trustee's right to request additional or continuing authority to operate.  The Trustee is seeking authority to operate the business of the Debtor consistent with the scope previously granted by the Court as detailed below.

A.    **The Requested Relief Regarding the Resolved Cases**

With respect to the Resolved Cases, the Trustee seeks authority to take all reasonable actions and execute all documents necessary to issue to clients their agreed-upon portion of funds remitted to the Debtor and/or Trustee related to the Resolved Cases.  This authorization would include, without limitation, authority for the Trustee to continue to:

(1)    Accept and negotiate funds and/or payments made to the Debtor and/or Trustee on behalf of a client(s);

(2)    Negotiate and pay any liens (e.g. medical liens, attorney's liens, etc.) required to effectuate the release of funds and/or payments;[3]

(3)    Issue to a client(s) the agreed-upon portion of any funds and/or payments made to the Debtor and/or Trustee on behalf of a client(s) consistent with applicable agreements;

(4)    In the Trustee's sole discretion and upon the Trustee's confirmation of proper amounts, issue to co-counsel and/or referral attorneys the agreed-upon portion of attorney fees and costs consistent with applicable agreements;

---

[3]    The Trustee is not seeking authorization to pay liens against property of the Debtor's Estate, only those liens specific to the Resolved Cases at issue such as medical liens and only after receiving and reviewing proper documentation as to the lien holder and the amount of the lien.

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

1      (5)     Take any other reasonable actions and execute all documents necessary to

2  effectuate the issuance of funds and/or payments to the Debtor's client(s); and

3      (6)     Hold in the Estate the funds remaining after payment to the client(s), co-

4  counsel and/or referral attorneys which would include the Debtor's fees and costs

5  consistent with applicable agreements.

6      **B.**     **The Requested Relief Regarding the Terminated Cases**

7      With respect to the Terminated Cases, the Trustee seeks authority to take all

8  reasonable actions and execute all documents necessary to protect the client's interest in

9  having files transitioned to the client and preserve the Estate's interest in legal fees and

10  costs to which the Estate is entitled.  This authorization would include, without limitation,

11  authority for the Trustee to continue to:

12      (1)     Upon request, transfer files to the client(s), or new counsel upon

13  appropriate proof of engagement;

14      (2)     Execute any documents reasonably necessary to effectuate a substitution

15  of attorney or disassociation of counsel;

16      (3)     Employ file clerks or IT personnel, as independent contractors, to facilitate

17  the transfer of client files to the client(s) or successor counsel;

18      (4)     Maintain appropriate insurance, including liability insurance;

19      (5)     Take any other reasonable actions and execute all documents necessary to

20  effectuate the orderly transition of client files; and

21      (6)     Take all reasonable actions to protect and preserve the legal fees and costs

22  to which the Estate is entitled including, without limitation, the filing of notices of lien for

23  legal fees and costs.

24      **C.**     **Additional Requested Relief Regarding the Trustee's Limited**

25               **Operations**

26      As detailed above, the Debtor stored its files physically (in Building 1 and Building

27  2) and also electronically.  Since the Court's prior authorization to retain and employ

28  certain former employees of the Debtor as independent contractors, the Trustee has

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 ♦ Fax 714 445-1002

1    relied on their knowledge of the Debtor's record and file system in order to locate files

2    more expeditiously.  The former employees' assistance has had a positive impact on the

3    Trustee's administration of the Estate, as their involvement has made it easier to navigate

4    the Debtor's operations and finances, and has helped the Trustee transition case files of

5    former clients for their protection.  Moreover, these former employees have been

6    invaluable to the Trustee's efforts to vacate Building 1 and relocate to Building 2.  The

7    Trustee also anticipates that she will need to vacate Building 2 in the near future.

8         In order to continue to access records, the Trustee needs to be able to pay those

9    costs associated with operating Building 2.  The Trustee also needs to be able to pay

10   insurance and bond fees so that the former employees can safely access Building 2 (and

11   consequently access the books and records), and to limit any exposure to the Estate.

12        More specifically, the Trustee seeks:

13        (1)    Authority to pay the utilities, internet, and other necessary systems and

14   liability and contents insurance so that the Trustee and her team can access Building 2,

15   the servers, and the internet to: (1) transition files, physical and electronic, to successor

16   counsel, co-counsel, and/or clients; (2) access information to prepare and file the

17   bankruptcy schedules and statement of financial affairs; and (3) preserve and access

18   information and files in order to protect and/or monetize the Estate's rights to costs and

19   fees owing to the Debtor for services rendered and costs advanced pre-petition;

20        (2)    Authority to retain and pay certain former employees of the Debtor, as

21   independent contractors on an hourly basis, to assist the Trustee with the limited

22   operations described in this Motion; and

23        (3)    Authority to pay such other necessary costs to assist with the Trustee's

24   limited operations described in this Motion and to vacate Building 2 when it becomes

25   necessary.

26        The Trustee seeks authority to pay former employees and other operating

27   expenses from unencumbered funds in the Estate or pursuant to Court order authorizing

28   the Trustee to use cash collateral for such purposes.

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 ♦ Fax 714 445-1002

1

### D.    The Requested Relief Regarding the Debtor's Legal Fees and Costs

2    As requested in the First Operating Motion, the Trustee also seeks authority to file

3 notices of lien for legal fees and costs of the Debtor in cases where the Debtor was

4 counsel of record should she deem it necessary in her sole and absolute discretion.

5

6    ## IV.    LIMITED TRUST ACCOUNT MAINTENANCE RELIEF REQUESTED

7    Should the Trustee's investigation reveal any newly discovered IOLTA, minors

8 blocked, settlement blocked or other trust bank accounts beyond the Existing Trust

9 Accounts, the Trustee requests authority to allow such accounts to remain at the current

10 banks provided that such bank is an approved depository and subject to confirmation by

11 the United States Trustee's Office that such bank is appropriately collateralized.

12    With respect to any newly discovered minors blocked accounts, the Debtor has no

13 interest in the funds, although they are under the Debtor's Tax ID Number.  The Debtor's

14 only obligation is to sign a release upon proof that the beneficiary is 18 years old.  The

15 Trustee is requesting authority to delegate that function to the bank so that the Estate has

16 no obligation whatsoever with respect to these accounts.  *See* Declaration of Elissa D.

17 Miller.  In fact, the accounts are a liability because they are interest bearing, and the

18 Debtor has to report the income, notwithstanding the income runs with the account to the

19 minor.  As the Estate has no property interest in these accounts, the Trustee contends

20 that if the bank takes over the authority, the Estate should not bear the obligation of

21 having to post a bond for the funds in these minors accounts.

22    With respect to any newly discovered IOLTA, settlement blocked and/or other trust

23 bank accounts, the Trustee seeks an order authorizing the Trustee to designate the

24 Trustee as the sole signatory and directing the banks where the accounts are held to

25 comply with the Trustee's change of signatory requests.  The Trustee will ensure that the

26 amount of her bond is not only sufficient to cover the amounts in her account but also the

27 amounts in the IOLTA accounts and all other accounts wherever maintained.  *See*

28 Declaration of Elissa D. Miller.

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

## V.    MEMORANDUM OF POINTS AND AUTHORITIES

Under 11 U.S.C. § 721, "[t]he court may authorize the trustee to operate the business of the debtor for a limited period, if such operation is in the best interest of the estate and consistent with the orderly liquidation of the estate." *See also In re Nakhuda*, 2015 WL 873566 at *2 (B.A.P. 9th Cir. 2015) citing 11 U.S.C. § 721 and 6 Collier on Bankruptcy ¶ 721.01 (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2012).

Authorizing the Trustee to operate the business of the Debtor on a limited basis is in the best interest of the Estate and promotes an orderly liquidation. *See* Declaration of Elissa D. Miller. The relief requested as to the Resolved Cases will allow the Debtor's clients to continue to receive funds to which they are entitled without significant delay. Moreover, disbursement of client funds will allow the Trustee to preserve and set aside legal fees and costs owed to the Debtor. The Trustee's request for continued authority to file notices of lien in certain of the Debtor's cases similarly preserves the Debtor's legal fees and costs. With respect to the relief requested regarding the Terminated Cases, the Trustee's continued authority to transition client files and sign substitutions of attorney not only promotes the orderly transition of the Terminated Cases—it also protects the Debtor's former clients.

The Trustee's requests are not extraordinary and have been previously granted by the Court. The Trustee is not seeking authority to do anything that the Court has not previously approved. Moreover, the Trustee's requests are necessary. The Trustee is currently in the process of preparing the Debtor's schedules and statement of financial affairs, which are due on August 24, 2021. The Trustee is also still continuing to transition the Debtor's cases, and it appears that there are additional cases in which the Trustee can assert a right to legal fees and costs. If the Trustee is not authorized to operate the business of the Debtor for the limited purposes described herein, the Trustee will be unable to successfully transition cases over to new counsel, prejudicing clients. The Trustee may also be unable to complete the schedules and statement of financial affairs. The Estate may be further prejudiced if the Trustee is unable to assert claims for

1   legal fees and costs by losing access to case files and cost ledgers.  By operating the

2   Debtor, the Trustee has made significant strides in preserving the Estate.  The Motion

3   only serves to continue this progress.  In sum, continued operation of the Debtor's

4   business is necessary for the Trustee to continue to maximize value of the Estate,

5   administer the Estate, and protect the Debtor's former clients.

6

7   **VI.    CONCLUSION**

8          For the foregoing reasons, the Trustee respectfully requests that the Court enter

9   an order:

10         1.      Granting the Motion;

11         2.      Authorizing the Trustee to operate the business of the Debtor on a limited

12  basis as detailed in the Motion for a period of six months from July 13, 2021 - through

13  January 13, 2022 - without prejudice to the Trustee's right to request additional or

14  continuing authority to operate;

15         3.      Authorizing any newly discovered IOLTA, minors blocked, settlement

16  blocked and/or other trust bank accounts to remain open at the current banks where the

17  accounts are held, subject to the conditions set forth herein;

18         4.      Authorizing the Trustee to be the sole signatory on any newly discovered

19  IOLTA, settlement blocked and/or other trust bank accounts, and any other account

20  where the bank requires a Court order to change the signatory and directing the banks to

21  comply with the Trustee's change of signatory requests;

22         5.      Authorizing the Trustee to delegate the authority for the release of funds in

23  any newly discovered minors blocked accounts to the banks where the accounts are held

24  and excusing the Trustee from posting a bond for the funds held in such minors blocked

25  accounts, or alternatively, authorizing the Trustee to sign off on the liquidation of the

26  account upon receipt of proper documentation from the beneficiary; and

27

28

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

1    6.    For such other relief as the Court deems just and proper.

2

3    DATED:  June 18, 2021                    Respectfully submitted,

4                                            SMILEY WANG-EKVALL, LLP

5

6    By:

7    _____
     PHILIP E. STROK

8    Attorneys for Elissa D. Miller, Chapter 7
     Trustee

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

1    **DECLARATION OF ELISSA D. MILLER**

2    I, Elissa D. Miller, declare as follows:

3    1.    I am the duly appointed chapter 7 trustee for the bankruptcy estate of

4    Girardi Keese.  I am also a partner at the law firm Sulmeyer**Kupetz**, a Professional

5    Corporation.  I know each of the following facts to be true of my own personal knowledge,

6    except as otherwise stated and, if called as a witness, I could and would competently

7    testify with respect thereto.  I make this declaration in support of the *Motion for Order*

8    *Authorizing Chapter 7 Trustee To: (A) Operate the Business of the Debtor on a Limited*

9    *Basis Pursuant to 11 U.S.C. § 721; and (B) Maintain Current Status of Any Newly*

10    *Discovered Trust Accounts* (the "Motion").  Unless otherwise defined in this declaration,

11    all terms defined in the Motion are incorporated herein by this reference.

12    2.    As of the Petition Date, the Debtor was counsel of record in a significant

13    number of cases which were undertaken on a contingency basis.  These cases were at

14    varying stages.  I previously caused the First Operating Motion to be filed so that I could

15    deal with these cases and with various bank accounts [Docket No. 156].  On March 2,

16    2021, the Court entered an order granting the First Operating Motion.  A true and correct

17    copy of the order granting the First Operating Motion is attached as Exhibit "1."

18    3.    When I first visited the Debtor's offices, I learned that the Debtor maintained

19    its case files physically and electronically.  I am informed that the electronic files may not

20    be a duplicate of the physical files and vice versa.  Regarding the digital records, they

21    were maintained on two different programs depending on the type of cases.  The Debtor

22    used a proprietary electronic program for its mass tort litigation cases.  However, for all

23    other cases and general office files, the Debtor stored these records in an electronic

24    program known as iManage.  The Debtor's cost ledgers and other related records were

25    maintained in another program called Sage Accounting Software.

26    4.    Because the Debtor's records were stored in a complicated fashion and

27    were not easy to locate, I determined that it would be more economical and efficient for

28    the Estate to retain certain of the Debtor's former employees who had knowledge of the

Debtor's data and file maintenance processes.  Accordingly, I caused the Second Operating Motion to be filed so that I could retain and pay certain of the Debtor's former employees, as well as pay the utilities and insurance so that these files and records could remain accessible [Docket No. 180].  On February 16, 2021, the Court entered an order granting the Second Operating Motion.  A true and correct copy of the order granting the Second Operating Motion is attached as Exhibit "2."

5.    Since the order was entered granting the Second Operating Motion, I have continued to rely on certain former employees of the Debtor, who have helped me and my field agent more efficiently navigate the Debtor's complicated file and record system.

6.    I have been collecting information as to the Debtor's bank accounts.  To date, I have identified that the Debtor maintained accounts at a minimum of five banks.  The accounts include: (1) general firm accounts; (2) those labeled as client trust accounts whether or not they truly are such; (3) State Bar of California IOLTA accounts; (4) about 100 minors blocked accounts at Citizen Business Bank; and (5) a blocked settlement account at Citibank.  As of this date, these are the only accounts I have been able to identify.

7.    Specifically, I have determined that in addition to deposit and operating accounts, the Debtor maintained the following accounts at the following banks:

i.    Citizens Business Bank – blocked minor accounts, IOLTA (State Bar Trust Accounts) and a trust account for the benefit of four clients;

ii.    Torrey Pines Bank – minors accounts; and

iii.    Citibank – a blocked settlement account.

8.    I have also determined that the Debtor maintained small IOLTA accounts at Nano Bank, Wells Fargo Bank and U.S. Bank.  These bank accounts have since been closed, either by the bank after learning of the Debtor's case or at my request because the bank would not change the signatory.  The funds from these accounts are separately identified and have been placed in a segregated account under my control.

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

9.      My investigation as to whether other bank accounts exist is ongoing.

10.     If I later discover any minors blocked accounts, I am informed and believe that neither the Debtor nor the Estate has any interest in these accounts.  Rather, the Debtor was and the Estate is obligated to (1) sign off on the delivery of the funds in the account to the beneficiary when the beneficiary turns 18 and (2) account for the income earned on the accounts on its tax returns, notwithstanding that the interest income inures to the benefit of the beneficiary.

11.     Regarding any newly discovered IOLTA, settlement blocked, and/or other trust bank accounts, I will ensure that the amount of my bond is sufficient to cover the amounts in these accounts.

12.     In my business judgment and for the reasons set forth in the Motion, I believe operating the Debtor's business on a limited basis as set forth in the Motion is in the best interest of the Estate and promotes orderly liquidation of the Estate's assets.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this  16th day of June, 2021, at Los Angeles, California.

_____
Elissa D. Miller

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

# EXHIBIT "1"

1    **SMILEY WANG-EKVALL, LLP**
Lei Lei Wang Ekvall, State Bar No. 163047
2    *lekvall@swelawfirm.com*
Philip E. Strok, State Bar No. 169296
3    *pstrok@swelawfirm.com*
Timothy W. Evanston, State Bar No. 319342
4    *tevanston@swelawfirm.com*
3200 Park Center Drive, Suite 250
5    Costa Mesa, California 92626
Telephone:   714 445-1000
6    Facsimile:   714 445-1002

7    Attorneys for Elissa D. Miller, Chapter 7
Trustee

8

9                    **UNITED STATES BANKRUPTCY COURT**

10                    **CENTRAL DISTRICT OF CALIFORNIA**

11                        **LOS ANGELES DIVISION**

12    In re                                  Case No. 2:20-bk-21022-BR

      GIRARDI KEESE,                         Chapter 7
13
                          Debtor.            **ORDER GRANTING MOTION FOR**
14                                           **ORDER AUTHORIZING CHAPTER 7**
                                             **TRUSTEE TO OPERATE THE**
15                                           **BUSINESS OF THE DEBTOR ON A**
                                             **LIMITED BASIS PURSUANT TO 11**
16                                           **U.S.C. § 721 AND MAINTAIN CURRENT**
                                             **STATUS OF CERTAIN TRUST**
17                                           **ACCOUNTS AND FOR OTHER RELIEF**

18                                           **[No Hearing Requested Pursuant to**
                                             **Local Bankruptcy Rule 9013-1(o)]**
19

20

21            On February 2, 2021, Elissa D. Miller, the Chapter 7 Trustee for the bankruptcy

22    estate of Girardi Keese, filed and served the *Motion for Order Authorizing Chapter 7*

23    *Trustee to Operate the Business of the Debtor on a Limited Basis Pursuant to 11 U.S.C.*

24    *§ 721 and Maintain Current Status of Certain Trust Accounts and for Other Relief* [Docket

25    No. 156] (the "Motion"), and notice of the Motion [Docket No. 157] (the "Notice").  No

26    opposition to or request for hearing on the Notice or the Motion was filed or served.

27    Having reviewed the Notice and the Motion and the papers filed in support thereof,

28    service being proper, and good cause appearing therefrom:

2858303.3                              1                              ORDER

EXHIBIT "1"

**FILED & ENTERED**

MAR 02 2021

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY toliver    DEPUTY CLERK**

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

**IT IS ORDERED** that:

1.     The Motion is granted;

2.     The Trustee is authorized, for a period of six months from the date the Trustee accepted her appointment on January 13, 2021, to operate the business of the Debtor on a limited basis as detailed in the Motion, including, but not limited to, issuing checks to clients, co-counsel, and/or referral attorneys, upon the Trustee's confirmation of proper amounts;

3.     The IOLTA accounts, the minors blocked accounts and the settlement blocked accounts are authorized to remain open at the current banks where the accounts are held, subject to the conditions set forth in the Motion;

4.     The Trustee is authorized to be the sole signatory on the IOLTA accounts, the settlement blocked accounts, and any other account where the bank requires this court's order to change the signatory and the banks shall comply with the Trustee's change of signatory requests; and

5.     The Trustee is authorized to delegate the authority for the release of funds in the minors blocked accounts to the banks where the accounts are held, the banks are authorized to release the funds without the Trustee's signature subject to the banks' receipt of proper documentation from the beneficiary, and the Trustee is excused from posting a bond for the funds held in such minors blocked accounts; or alternatively, the Trustee is authorized to sign off on the liquidation of the account upon receipt of proper documentation from the beneficiary.

Date: March 2, 2021

_____
Barry Russell
United States Bankruptcy Judge

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

2858303.3                                    2                                    ORDER

EXHIBIT "1"

# EXHIBIT "2"

**SMILEY WANG-EKVALL, LLP**
Lei Lei Wang Ekvall, State Bar No. 163047
*lekvall@swelawfirm.com*
Philip E. Strok, State Bar No. 169296
*pstrok@swelawfirm.com*
Timothy W. Evanston, State Bar No. 319342
*tevanston@swelawfirm.com*
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Telephone:   714 445-1000
Facsimile:   714 445-1002

Attorneys for Elissa D. Miller, Chapter 7
Trustee

**FILED & ENTERED**

FEB 16 2021

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY fortier      DEPUTY CLERK

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No. 2:20-bk-21022-BR |
| GIRARDI KEESE, | Chapter 7 |
| Debtor. | **ORDER GRANTING MOTION FOR ORDER AUTHORIZING CHAPTER 7 TRUSTEE TO OPERATE THE BUSINESS OF THE DEBTOR ON A LIMITED BASIS PURSUANT TO 11 U.S.C. § 721 PURSUANT TO CASH COLLATERAL STIPULATION AND BUDGET AND TO RETAIN AND PAY DEBTOR'S FORMER EMPLOYEES AS INDEPENDENT CONTRACTORS IN ACCORDANCE THEREWITH** |

Date:      February 16, 2021
Time:      2:00 p.m.
Ctrm.:     1668 via ZoomGov
           255 E. Temple Street
           Los Angeles, CA 90012

Web Address:
https://cacb.zoomgov.com/j/1604415586
Meeting ID:    1604415586
Password:      123456
Telephone:     (669) 254-5252 (San Jose)
               (646) 828-7666 (New York)

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

1    On February 16, 2021, at 2:00 p.m., the above-captioned Court held a hearing on

2 the *Motion for Order Authorizing Chapter 7 Trustee to Operate the Business of the*

3 *Debtor on a Limited Basis Pursuant to 11 U.S.C. § 721 Pursuant To Cash Collateral*

4 *Stipulation And Budget And To Retain And Pay Debtor's Former Employees As*

5 *Independent Contractors In Accordance Therewith* (the "Motion")[1] [Docket No. 180] filed

6 by Elissa D. Miller, the Chapter 7 Trustee (the "Trustee") for the bankruptcy estate (the

7 "Estate") of Girardi Keese.  Appearances were as noted on the Court's record.  Having

8 considered the Motion and the pleadings, declarations, and exhibits filed in support

9 thereof and opposition thereto, and the statements and arguments of counsel on the

10 record at the hearing on the Motion, finding that notice and service of the Motion were

11 proper and that no further notice be given, and finding good cause for the relief requested

12 in the Motion,

13    **IT IS HEREBY ORDERED** that:

14    1.    The Motion is GRANTED;

15    2.    The Trustee is authorized pursuant to 11 U.S.C. § 721, for a period of six

16 months from the date the Trustee accepted her appointment on January 13, 2021, to

17 operate the business of the Debtor on a limited basis as detailed in the Motion without

18 prejudice to the Trustee's right to request an extension from the Court;

19    3.    The Trustee is authorized to retain and pay on a weekly basis the W-9

20 employees identified in the Motion and such other W-9 employees as the Trustee

21

22

23

24

25

26

27

28

---

[1]    Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

Case 2:20-bk-21022-BR    Doc 194    Filed 02/16/21    Entered 02/16/21 18:35:04    Desc
Main Document    Page 3 of 3

1  requires to perform the services contemplated by the Motion, so long as the total amount

2  paid is within the amount projected in the Budget plus any Court-authorized variance; and

3

4      4.The Trustee is authorized to pay insurance, utilities, bond fees and other

5  necessary costs as set forth in the Motion and in accordance with the Budget plus any

6  Court-authorized variance.

7                                                        ###

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24  Date: February 16, 2021

25                                                    Barry Russell
                                                      United States Bankruptcy Judge

26

27

28

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

2856531.1                          3                    OPERATING ORDER

EXHIBIT "2"

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 3200 Park Center Drive, Suite 250, Costa Mesa, CA 92626.

A true and correct copy of the foregoing document entitled (*specify*): **MOTION FOR ORDER AUTHORIZING CHAPTER 7 TRUSTEE TO: (A)  OPERATE THE BUSINESS OF THE DEBTOR ON A LIMITED BASIS PURSUANT TO 11 U.S.C. § 721; AND (B)  MAINTAIN CURRENT STATUS OF ANY NEWLY DISCOVERED TRUST ACCOUNTS MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF ELISSA D. MILLER IN SUPPORT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)  June 18, 2021  I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page.

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*)  June 18, 2021  , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

> The Honorable Barry Russell
> U.S. Bankruptcy Court
> Roybal Federal Building
> 255 E. Temple Street, Suite 1660
> Los Angeles, CA 90012

☐ Service information continued on attached page.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*)_____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| June 18, 2021 | Gabriela Gomez-Cruz | /s/ Gabriela Gomez-Cruz |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

ADDITIONAL SERVICE INFORMATION (if needed):

## 1. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")

Kyra E Andrassy    kandrassy@swelawfirm.com, lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com
•Rafey Balabanian    rbalabanian@edelson.com, docket@edelson.com
•Michelle Balady    mb@bedfordlg.com, leo@bedfordlg.com
•William C Beall    will@beallandburkhardt.com, carissa@beallandburkhardt.com
•Ori S Blumenfeld    Ori@MarguliesFaithLaw.com,
Helen@MarguliesFaithLaw.com;Angela@MarguliesFaithLaw.com;Vicky@MarguliesFaithLaw.com
•Richard D Buckley    richard.buckley@arentfox.com
•Marie E Christiansen    mchristiansen@vedderprice.com, ecfladocket@vedderprice.com,marie-christiansen-
4166@ecf.pacerpro.com
•Jennifer Witherell Crastz    jcrastz@hrhlaw.com
•Ashleigh A Danker    Ashleigh.danker@dinsmore.com, SDCMLFiles@DINSMORE.COM;Katrice.ortiz@dinsmore.com
•Clifford S Davidson    csdavidson@swlaw.com, jlanglois@swlaw.com;cliff-davidson-7586@ecf.pacerpro.com
•Lei Lei Wang Ekvall    lekvall@swelawfirm.com, lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com
•Richard W Esterkin    richard.esterkin@morganlewis.com
•Timothy W Evanston    tevanston@swelawfirm.com, gcruz@swelawfirm.com;lgarrett@swelawfirm.com;jchung@swelawfirm.com
•Jeremy Faith    Jeremy@MarguliesFaithlaw.com,
Helen@MarguliesFaithlaw.com;Angela@MarguliesFaithlaw.com;Vicky@MarguliesFaithlaw.com
•James J Finsten    , jimfinsten@hotmail.com
•Alan W Forsley    alan.forsley@flpllp.com, awf@fkllawfirm.com,awf@fl-lawyers.net,addy.flores@flpllp.com
•Eric D Goldberg    eric.goldberg@dlapiper.com, eric-goldberg-1103@ecf.pacerpro.com
•Andrew Goodman    agoodman@andyglaw.com, Goodman.AndrewR102467@notify.bestcase.com
•Suzanne C Grandt    suzanne.grandt@calbar.ca.gov, joan.randolph@calbar.ca.gov
•Steven T Gubner    sgubner@bg.law, ecf@bg.law
•Marshall J Hogan    mhogan@swlaw.com, knestuk@swlaw.com
•Sheryl K Ith    sith@cookseylaw.com, sith@ecf.courtdrive.com
•Razmig Izakelian    razmigizakelian@quinnemanuel.com
•Lewis R Landau    Lew@Landaunet.com
•Daniel A Lev    dlev@sulmeyerlaw.com, ccaldwell@sulmeyerlaw.com;dlev@ecf.inforuptcy.com
•Elizabeth A Lombard    elombard@zwickerpc.com, bknotices@zwickerpc.com
•Craig G Margulies    Craig@MarguliesFaithlaw.com,
Vicky@MarguliesFaithlaw.com;Helen@MarguliesFaithlaw.com;Angela@MarguliesFaithlaw.com
•Peter J Mastan    peter.mastan@dinsmore.com, SDCMLFiles@dinsmore.com;Katrice.ortiz@dinsmore.com
•Edith R. Matthai    ematthai@romalaw.com, lrobie@romalaw.com
•Kenneth Miller    kmiller@pmcos.com, efilings@pmcos.com
•Elissa Miller (TR)    CA71@ecfcbis.com, MillerTrustee@Sulmeyerlaw.com;C124@ecfcbis.com;ccaldwell@sulmeyerlaw.com
•Eric A Mitnick    MitnickLaw@aol.com, mitnicklaw@gmail.com
•Scott H Olson    solson@vedderprice.com, scott-olson-
2161@ecf.pacerpro.com,ecfsfdocket@vedderprice.com,nortega@vedderprice.com
•Leonard Pena    lpena@penalaw.com, penasomaecf@gmail.com;penalr72746@notify.bestcase.com
•Michael J Quinn    mquinn@vedderprice.com, ecfladocket@vedderprice.com,michael-quinn-2870@ecf.pacerpro.com
•David M Reeder    david@reederlaw.com, secretary@reederlaw.com
•Ronald N Richards    ron@ronaldrichards.com, morani@ronaldrichards.com
•Kevin C Ronk    Kevin@portilloronk.com, Attorneys@portilloronk.com
•William F Savino    wsavino@woodsoviatt.com, lherald@woodsoviatt.com
•Kenneth John Shaffer    johnshaffer@quinnemanuel.com
•Richard M Steingard    , awong@steingardlaw.com
•Philip E Strok    pstrok@swelawfirm.com, gcruz@swelawfirm.com;1garrett@swelawfirm.com;jchung@swelawfirm.com
•Boris Treyzon    jfinnerty@actslaw.com, sgonzales@actslaw.com
• United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
•Eric D Winston    ericwinston@quinnemanuel.com
•Christopher K.S. Wong    christopher.wong@arentfox.com, yvonne.li@arentfox.com
•Timothy J Yoo    tjy@lnbyb.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9013-3.1.PROOF.SERVICE**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 3200 Park Center Drive, Suite 250, Costa Mesa, CA 92626.

A true and correct copy of the foregoing document entitled (*specify*): **NOTICE OF OPPORTUNITY TO REQUEST A HEARING ON MOTION FOR ORDER AUTHORIZING CHAPTER 7 TRUSTEE TO: (A)  OPERATE THE BUSINESS OF THE DEBTOR ON A LIMITED BASIS PURSUANT TO 11 U.S.C. § 721; AND (B)  MAINTAIN CURRENT STATUS OF ANY NEWLY DISCOVERED TRUST ACCOUNTS MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF ELISSA D. MILLER IN SUPPORT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) June 17, 2021  I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page.

**2. SERVED BY UNITED STATES MAIL**:
On (*date*)  June 18, 2021  , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

> The Honorable Barry Russell
> U.S. Bankruptcy Court
> Roybal Federal Building
> 255 E. Temple Street, Suite 1660
> Los Angeles, CA 90012

☐ Service information continued on attached page.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*)_____ , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| June 18, 2021 | Gabriela Gomez-Cruz | /s/ Gabriela Gomez-Cruz |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                          **F 9013-3.1.PROOF.SERVICE**

**ADDITIONAL SERVICE INFORMATION (if needed):**

## 1. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")

Kyra E Andrassy    kandrassy@swelawfirm.com, lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com
•Rafey Balabanian    rbalabanian@edelson.com, docket@edelson.com
•Michelle Balady    mb@bedfordlg.com, leo@bedfordlg.com
•William C Beall    will@beallandburkhardt.com, carissa@beallandburkhardt.com
•Ori S Blumenfeld    Ori@MarguliesFaithLaw.com,
Helen@MarguliesFaithLaw.com;Angela@MarguliesFaithLaw.com;Vicky@MarguliesFaithLaw.com
•Richard D Buckley    richard.buckley@arentfox.com
•Marie E Christiansen    mchristiansen@vedderprice.com, ecfladocket@vedderprice.com,marie-christiansen-
4166@ecf.pacerpro.com
•Jennifer Witherell Crastz    jcrastz@hrhlaw.com
•Ashleigh A Danker    Ashleigh.danker@dinsmore.com, SDCMLFiles@DINSMORE.COM;Katrice.ortiz@dinsmore.com
•Clifford S Davidson    csdavidson@swlaw.com, jlanglois@swlaw.com;cliff-davidson-7586@ecf.pacerpro.com
•Lei Lei Wang Ekvall    lekvall@swelawfirm.com, lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com
•Richard W Esterkin    richard.esterkin@morganlewis.com
•Timothy W Evanston    tevanston@swelawfirm.com, gcruz@swelawfirm.com;lgarrett@swelawfirm.com;jchung@swelawfirm.com
•Jeremy Faith    Jeremy@MarguliesFaithlaw.com,
Helen@MarguliesFaithlaw.com;Angela@MarguliesFaithlaw.com;Vicky@MarguliesFaithlaw.com
•James J Finsten    , jimfinsten@hotmail.com
•Alan W Forsley    alan.forsley@flpllp.com, awf@fkllawfirm.com,awf@fl-lawyers.net,addy.flores@flpllp.com
•Eric D Goldberg    eric.goldberg@dlapiper.com, eric-goldberg-1103@ecf.pacerpro.com
•Andrew Goodman    agoodman@andyglaw.com, Goodman.AndrewR102467@notify.bestcase.com
•Suzanne C Grandt    suzanne.grandt@calbar.ca.gov, joan.randolph@calbar.ca.gov
•Steven T Gubner    sgubner@bg.law, ecf@bg.law
•Marshall J Hogan    mhogan@swlaw.com, knestuk@swlaw.com
•Sheryl K Ith    sith@cookseylaw.com, sith@ecf.courtdrive.com
•Razmig Izakelian    razmigizakelian@quinnemanuel.com
•Lewis R Landau    Lew@Landaunet.com
•Daniel A Lev    dlev@sulmeyerlaw.com, ccaldwell@sulmeyerlaw.com;dlev@ecf.inforuptcy.com
•Elizabeth A Lombard    elombard@zwickerpc.com, bknotices@zwickerpc.com
•Craig G Margulies    Craig@MarguliesFaithlaw.com,
Vicky@MarguliesFaithlaw.com;Helen@MarguliesFaithlaw.com;Angela@MarguliesFaithlaw.com
•Peter J Mastan    peter.mastan@dinsmore.com, SDCMLFiles@dinsmore.com;Katrice.ortiz@dinsmore.com
•Edith R. Matthai    ematthai@romalaw.com, lrobie@romalaw.com
•Kenneth Miller    kmiller@pmcos.com, efilings@pmcos.com
•Elissa Miller (TR)    CA71@ecfcbis.com, MillerTrustee@Sulmeyerlaw.com;C124@ecfcbis.com;ccaldwell@sulmeyerlaw.com
•Eric A Mitnick    MitnickLaw@aol.com, mitnicklaw@gmail.com
•Scott H Olson    solson@vedderprice.com, scott-olson-
2161@ecf.pacerpro.com,ecfsfdocket@vedderprice.com,nortega@vedderprice.com
•Leonard Pena    lpena@penalaw.com, penasomaecf@gmail.com;penalr72746@notify.bestcase.com
•Michael J Quinn    mquinn@vedderprice.com, ecfladocket@vedderprice.com,michael-quinn-2870@ecf.pacerpro.com
•David M Reeder    david@reederlaw.com, secretary@reederlaw.com
•Ronald N Richards    ron@ronaldrichards.com, morani@ronaldrichards.com
•Kevin C Ronk    Kevin@portilloronk.com, Attorneys@portilloronk.com
•William F Savino    wsavino@woodsoviatt.com, lherald@woodsoviatt.com
•Kenneth John Shaffer    johnshaffer@quinnemanuel.com
•Richard M Steingard    , awong@steingardlaw.com
•Philip E Strok    pstrok@swelawfirm.com, gcruz@swelawfirm.com;1garrett@swelawfirm.com;jchung@swelawfirm.com
•Boris Treyzon    jfinnerty@actslaw.com, sgonzales@actslaw.com
• United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
•Eric D Winston    ericwinston@quinnemanuel.com
•Christopher K.S. Wong    christopher.wong@arentfox.com, yvonne.li@arentfox.com
•Timothy J Yoo    tjy@lnbyb.com

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                      **F 9013-3.1.PROOF.SERVICE**