Ronald Richards (CA Bar No. 176246)
   ron@ronaldrichards.com
Morani Stelmach (CA Bar No. 296670)
   morani@ronadlrichards.com
 Law Offices of Ronald Richards & Associates, APC
P.O. Box 11480
Beverly Hills, California 90213
Telephone: 310.556.1001
Facsimile: 310.277.3325

Special Litigation Counsel for Elissa D. Miller, Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No. 2:20-bk-21022-BR |
| GIRARDI KEESE | Chapter 7 |
| Debtor. | **NOTICE OF MOTION AND MOTION FOR ORDER REQUIRING EXAMINATION AND PRODUCTION OF DOCUMENTS BY ULLMAN ACCOUNTANCY CORP. AND MICHAEL J. ULLMAN PURSUANT TO RULE 2004 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF RONALD RICHARDS IN SUPPORT THEREOF** |
| | DATE:<br>TIME:   [No Hearing Required]<br>PLACE: |

**TO THE HONORABLE BARRY RUSSELL, UNITED STATES BANKRUPTCY JUDGE, THE DEBTOR, ULLMAN ACCOUNTANCY CORP AND MICHAEL J. ULLMAN, AND OTHER INTERESTED PARTIES:**

**PLEASE TAKE NOTICE** that, pursuant to this "Notice of Motion and Motion for Order Requiring Production of Documents Pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure; Memorandum of Points and Authorities; Declaration of Ronald Richards in Support Thereof" (the "Motion"), Elissa D. Miller (the "Trustee"), the duly appointed, qualified, and acting chapter 7 trustee for the estate of the debtor Girardi Keese (the "Debtor"), respectfully requests, pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rule 2004-1, an order directing ULLMAN ACCOUNTANCY CORP AND MICHAEL J. ULLMAN collectively ("Ullman") to produce the documents identified in Exhibit "A" attached hereto (the "Requested Documents") by no later than July 21, 2021, and that Ullman appear for examination, under oath, and that such examination take place on July 23, 2021, at 1:00 p.m., Pacific Time.

**PLEASE TAKE FURTHER NOTICE** that, in light of anticipated continuation of office closures related to the COVID-19 pandemic, the Trustee requests that the documents be produced electronically by email to ron@ronaldrichards.com and morani@ronaldrichards.com.

**PLEASE TAKE FURTHER NOTICE** that, in light of anticipated continuation of office closures related to the COVID-19 pandemic, the examination shall take place via "zoom.com" and the instructions for the zoom meeting shall be provided to Ullman no later than July 21, 2021.

**PLEASE TAKE FURTHER NOTICE** that this Motion is brought in accordance with Rule 2004 of the Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rule 2004-1, in light of the fact that no adversary proceeding is pending in which Ullman is a party, and is made on the grounds that the examination is necessary for the Trustee to ascertain and discover assets of the estate including, without limitation,

1  possible avoidance power claims against, among others, Erika Girardi aka Erika Jayne

2  aka Erika Chahoy and her affiliated entities.  Due to the limited scope of this Motion, the

3  Trustee anticipates that further document production(s) and examination(s) may be

4  necessary.

5      **PLEASE TAKE FURTHER NOTICE** that this Motion is based on the

6  attached memorandum of points and authorities, the attached exhibits, and the file in this

7  case, of which the Court is requested to take judicial notice.

8      **PLEASE TAKE FURTHER NOTICE** that, unless otherwise ordered by the

9  Court, this Motion will be ruled on without a hearing pursuant to Local Bankruptcy Rule

10  9013-1(p).

11      **PLEASE TAKE FURTHER NOTICE** that, since Ullman is not the debtor,

12  the Trustee also will be issuing a subpoena pursuant to Rule 9016 of the Federal Rules

13  of Bankruptcy Procedure and Rule 45 of the Federal Rules of Civil Procedure, which will

14  be served after the order granting the Motion is entered.

15      **PLEASE TAKE FURTHER NOTICE** that, pursuant to Local Bankruptcy

16  Rule 2004-1(f), the party whose examination is requested may file a motion for protective

17  order if grounds exist under Rule 7026 of the Federal Rules of Bankruptcy Procedure and

18  Rule 26(c) of the Federal Rules of Civil Procedure.  A motion for protective order must be

19  filed and served not less than fourteen (14) days before the date of the examination, and

20  set for hearing not less than two (2) days before the scheduled examination, unless an

21  order setting hearing on shortened notice is granted by the court pursuant to Local

22  Bankruptcy Rule 9075-1.  The parties may stipulate, or the court may order, that the

23  examination be postponed so that the motion for protective order can be heard on regular

24  notice under Local Bankruptcy Rule 9013-1.

25      **WHEREFORE**, the Trustee respectfully requests that the Court enter an

26  order:

27      1.      granting the Motion;

28

2.      directing ULLMAN ACCOUNTANCY CORP and Michael J. Ullman to produce the documents identified in Exhibit "A" by no later than 5:00 p.m. on July 21, 2021, and that such documents be produced electronically by email to ron@ronaldrichards.com and morani@ronaldrichards.com;

3.      directing ULLMAN ACCOUNTANCY CORP and Michael J. Ullman to appear for examination, under oath, on July 23, 2021, at 1:00 p.m., Pacific Time, with the examination to take place via "zoom.com";

4.      retaining jurisdiction to consider any additional request for information and documents on appropriate notice; and

5.      granting such other and further relief as this Court deems just and proper under the circumstances.

DATED: June 23, 2021                Law Offices of Ronald Richards & Associates, APC


By: /s/ Ronald Richards
Ronald Richards
Special Litigation Counsel for Elissa D. Miller,
Chapter 7 Trustee

4

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## PREFATORY STATEMENT

In order to uncover the whereabouts of potential assets of the estate, including the location of millions of dollars of litigation settlement proceeds or other firm assets which may have been fraudulently transferred to Erika Girardi aka Erika Jayne aka Erika Chahoy and her affiliated entities (collectively, "Erika"), the Trustee must examine witnesses who may have first-hand knowledge of this widespread fraud. ULLMAN ACCOUNTANCY CORP and Michael J. Ullman, who are Erika's accountants and business managers, are one such witnesses.  Because the Motion's aim is to uncover potential recipients of fraudulently transferred monies, and will aid the Trustee in fulfilling her fiduciary duties to creditors by enabling her to access key financial information relative to the Debtor's business operations and potential avoidance actions, the Motion must be granted.

## II.

## RELEVANT BACKGROUND

Girardi Keese (the "Debtor") was, before its downfall, a highly regarded plaintiff's law firm based in Los Angeles, California.  As the layers of the onion began to be peeled back, it was discovered that a wide-spread fraud had been perpetrated, to the detriment of scores of litigants who placed their trust in the Debtor and its widely-known founder, Thomas Girardi ("Girardi").  As a result of the unearthed information, on December 18, 2020, petitioning creditors Jill O'Callahan, as successor in interest to James O'Callahan, Robert M. Keese, John Abassian, Erika Saldana, Virginia Antonio, and Kimberly Archie (collectively, the "Petitioning Creditors") filed an involuntary chapter 7 bankruptcy petition against the Debtor.[1]

---

[1] The Petitioning Creditors also filed an involuntary chapter 7 bankruptcy petition against Thomas V. Girardi, which is currently pending as Case No. 2:20-bk-21020-BR.

On December 24, 2020, the Petitioning Creditors filed a "Motion for Appointment of Interim Trustee Pursuant to 11 U.S.C. § 303(g)" (the "Interim Trustee Motion") [Docket No. 12]. The Court entered an order granting the Interim Trustee Motion on January 5, 2021 [Docket No. 45] and, on January 6, 2021, the Trustee was appointed as the interim trustee. On January 13, 2021, the Court entered its "Order Directing: (1) The Clerk of Court to Immediately Enter an Order for Relief Under Chapter 7; (2) the United States Trustee to Immediately Appoint a Chapter 7 Trustee; (3) the Debtor to File All Schedules and Related Documentation for Chapter 7 Case Within Fourteen Days of the Entry of This Order; and (4) Vacating February 16, 2021 Status Conference" [Docket No. 68]. The same day, the Clerk of Court entered an order for relief against the Debtor, and the Trustee was subsequently appointed and accepted her appointment in the Debtor's case.

The Trustee is six months into her administration of the estate, and is beginning to unravel the numerous transactions which may be avoidable and recoverable for the benefit of creditors. Among the possible assets to be recovered are the millions of dollars of settlement proceeds which the Debtor may have transferred to Erika. The Trustee's Special Litigation Counsel ("SLC") has already corroborated that settlement funds were diverted to Erika. The SLC for the Trustee has already confirmed that the Debtor has admitted in numerous filed tax documents that Erika's related companies have received over $20,000,000 according to the tax documents spanning multiple years. Erika has created a new company AFTER the news broke of this scandal which appears to simply be a successor company. Erika has multiple financial accounts and the Debtor's books show Erika owes large receivables to the Debtor. Erika has refused to provide access to her management company, her CPA which also houses her management company, any books and records of EJ Global or any of her affiliated companies. As each day goes by, Erika has been publicly dissipating community assets by selling her clothes on public websites, flaunting large jewels on social media and on television, and has done nothing to assist in return structured firm payments being made

1  to her instead of the firm by the California lottery, notwithstanding she was contacted
2  through counsel over twelve days ago.

3      Moreover, to further hide assets, she has created a successor company
4  using the same CPA and management company.

5      Michael J. Ullman, the target of this motion, is the agent of process for
6  Pretty Mess Inc., the successor company referenced above.  Erika is using his business
7  address for her own corporate address.  This creates a potential conflict but more
8  importantly, he has control of all of her business records.  Her office is at her business
9  manager and CPA's office, on Sunset Blvd..  The entity was created on February 23,
10  2021, in the middle of this bankruptcy.

11      At every turn, Erika has used the glam to continue to aid and abet this sham
12  transactions that have been occurring with respect to large transfers of assets from the
13  Debtor to Erika.  Moreover, the Trustee has received zero cooperation from Erika which
14  is constant with someone hiding assets.

15      To the extent Erika has spent the $20,000,000 plus that is showed owed to
16  the Debtor, the SLC will bring an action for a money judgment for any Debtor funds
17  received then spent.

18      On November 3, 2020, Erika filed for divorce in the Los Angeles Superior
19  Court, Case Number: 20STFL11050, entitled GIRARDI, ERIKA VS GIRARDI, THOMAS
20  VINCENT.  The case is stayed pending the personal bankruptcy of Thomas Girardi and
21  his conservatorship.  Thomas Girardi's attorney is Michael Abrams.  Erika Girardi's family
22  law attorney is Larry A. Ginsburg.

23      This filing was done before the involuntary bankruptcy.  There are
24  communications with counsel for Erika, financial statements, discloses, and non-
25  privileged documents that are provided to divorce counsel.

26      Furthermore, Michael J. Ullman was paid for his services.   The incoming
27  wire or check payments will provide accounts.  How those accounts were capitalized and
28  who paid her legal fees will provide valuable information to recover assets.  It will also

1    potentially identify any aiders and abettors assisting Erika in hiding the Debtor's assets.

2    Payments to an attorney are not privileged nor are Harris Ullman's financial records.

3    In order to assist her in the performance of her statutory duties, on April 26,

4    2021, the Trustee filed an application seeking to employ the Law Offices of Ronald

5    Richards & Associates, APC ("Richards APC") as her special litigation counsel to

6    investigate and, if warranted, sue Erika.  The Court overruled Erika's objection to the

7    Trustee's application, and an order authorizing the employment of Richards APC was

8    entered on June 10, 2021.  Not surprisingly, it was only Erika, a non-creditor who

9    objected to the appointment.

10    On June 10, 2021, the SLC sent a demand to Erika's attorney demanding

11    repayment of a Girardi Keese fee that was improperly assigned to Erika.    Erika has

12    received for years this improper assignment of the Debtor's attorney fee portion arising

13    from a client settlement instead of the money going to the firm.  The irrefutable evidence

14    was provided to Erika's counsel which included a notarized form signed by Erika and

15    other irrefutable evidence including a court order.  Despite numerous communications

16    asking Erika's counsel to confirm receipt of the demand, no response or acknowledgment

17    was provided.  Twelve days have passed, and this detailed letter remained unanswered.

18    On June 15, 2021, Erika's attorneys filed a motion to withdraw alleging a

19    breakdown in the relationship which suggests of a loss of client control.

20    On June 15, 2021, Thomas Girardi's trustee filed a motion seeking relief

21    from stay to pursue a third party state debtor's exam against Erika.

22    On June 17, 2021, Erika's attorneys withdrew their motion to withdraw as

23    counsel.

24    Due to the mounting legal matters, the SLC is concerned that absent the

25    investigation occurring rapidly, Erika may further dissipate the Debtor's assets.  The

26    necessity to trace her money and investigate the receipt of funds, her purchases

27    including the bling and the glam, (diamonds and high expenditures of beauty

28    maintenance, etc.) has become more heightened by these recent events.  Erika has

1  repeatedly referenced a lack of any concern for her expenditures and lifestyle in the face

2  of a $50,000,000 plus loss and unaccounted funds from his husbands law firm and their

3  personal joint financial estate.  As recently as yesterday, she callously sent out on social

4  medial her bewilderment why people would continue to be upset at her displays of wealth

5  (glam) while at a gas station, not-withstanding this money could be the Debtor's and

6  clients of the Debtor's settlement proceeds, as well as other lenders and attorneys who

7  have been cheated out of their money.

8          To determine if funds Erika used to pay Ullman Accountancy Corp and

9  Michael J. Ullman ("Ullman"), her accountants and business manager, with funds that

10 were fraudulently procured from the Debtor, it is necessary for Ullman to produce key

11 financial documents and be subject to testimony under oath.  Furthermore, Ullman is the

12 true insider as they manage all of her money and businesses. Specifically, the Trustee's

13 investigation already has uncovered transfers of assets to Erika that purportedly belong

14 to the Debtor.  This Rule 2004 examination seeks financial records from a third party who

15 handles all of Erika's finances for her various companies, uses its business address for

16 financial and corporate records, and has the most knowledge of deposits and cash flow

17 of Erika.  He will also have communications with her attorneys and with Erika about

18 financial transactions and the movement of money.  There is no privilege associated with

19 the requested documents as they are financial records Ullman received from Erika,

20 manages for Erika, or receives from Erika's banks.  Also, all the financial statements her

21 prepares for Erika or his accountant notes for Erika are not privileged.   All the checks

22 and wires he initiates for Erika or receives or initiates for Erika are not privileged.

23         As noted, since there is no pending adversary proceeding between the

24 Trustee and Ullman, Rule 2004 is the proper vehicle for the Trustee to obtain the

25 necessary financial records.

26

27

28

III.

**THE COURT SHOULD ORDER ULLMAN TO PRODUCE THE REQUESTED**

**DOCUMENTS AND ATTEND AN ORAL EXAMINATION**

**PURSUANT TO RULE 2004 OF THE FEDERAL RULES**

**OF BANKRUPTCY PROCEDURE**

Rule 2004 provides that "[o]n motion of any party in interest, the court may order the examination of any entity." Fed. R. Bank. P. 2004(a). The scope of the examination may relate to "the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge," as well as matters regarding "the operation of the Debtor's business, the source of any money acquired or to be acquired by the Debtor for purposes of consummating a plan and the consideration give or offered therefor, and other matters relevant to the case and the formulation of a plan." Fed. R. Bank. P. 2004(b). Thus, the purpose of the examination is to "view the condition and whereabouts of the bankrupt's estate." Keene Corp. v. Johns-Manville Corp. (In re Johns-Manville), 42 B.R. 362, 364 (Bankr. S.D.N.Y. 1984). Furthermore, Rule 2004 also provides for an order requiring the production of documents in connection with the Rule 2004 examination. Fed. R. Bank. P. 2004(c).

Courts routinely permit a wide range of inquiry pursuant to Rule 2004. See In re Drexel Burnham Lambert Group, Inc., 123 B.R. 702, 711 (Bankr. S.D.N.Y. 1991) (scope of a Rule 2004 examination is very broad, broader even than discovery under the Federal Rules of Civil Procedure); In re Table Talk, Inc., 51 B.R. 143, 145 (Bankr. D. Mass. 1985) (courts uniformly recognize that the scope of a Rule 2004 examination is "unfettered and broad"); In re Mittco, Inc., 44 B.R. 35, 36 (Bankr. E.D. Wis. 1984) ("The scope of inquiry under Bankruptcy Rule 2004 is very broad. Great latitude of inquiry is ordinarily permitted."). As the bankruptcy court explained in In re Mantolesky, 14 B.R. 973 (Bankr. D. Mass. 1981):

1    Rule 205 [now Rule 2004] provides all interested parties a

2    mechanism for the investigation and reconstruction of the

3    debtor's affairs.  That mechanism may cut a broad swath

4    through the debtor's affairs, those associated with him, and

5    those who might have had business dealings with him.

6    Further, those persons who might have been closely

7    connected with the debtor in his business arrangements, or

8    who even participated in them, will most likely be exposed to

9    the most extensive inquiry.

10   Id., at 976.

11   In short, under the broad scope of Rule 2004(b), an examination of the

12   debtor, or third parties with relevant information regarding assets of the estate, is

13   inquisitorial in nature, and consequently the field of inquiry is wide.  Within the limitations

14   prescribed, any question is permissible which seeks to ascertain facts concerning the

15   debtor's conduct, property, and financial affairs.  An examination pursuant to Rule 2004

16   may therefore "cut a broad swath through the debtor's affairs." Johns-Manville, 42 B.R.

17   at 364.

18   Relative to this case, the Trustee seeks documents from Ullman regarding

19   the source of funds used to pay the attorney fee and retainer payments for Erika's

20   counsel, as well as other financial documents which may be relevant to the Trustee's

21   investigation.  The Trustee seeks to discover the identity of the sources of payments

22   made to Ullman to determine, among other things, whether the funds can be traced to the

23   Debtor, or were funds fraudulently procured from the Debtor.    Emails and other

24   communications to Erika, her attorneys, and others, are important for the SLC's

25   investigation.

26   Since the requested document production cannot proceed under Rules

27   7034 or 9014 of the Federal Rules of Bankruptcy Procedure - since no adversary

28   proceeding or contested matter has been commenced with respect to the specific issues

1  and transactions Creditors wish to investigate through these requests - the requested

2  document production and examination is appropriate under Rule 2004.

3  <center>**IV.**</center>

4  <center>**PLACE OF RESIDENCE AND/OR EMPLOYMENT OF EXAMINEE**</center>

5  The Trustee is informed that the principal business address of Ullman

6  Accountancy Corp is 9200 Sunset Blvd. Suite 600, West Hollywood, CA  90069.

7  (This information is being provided pursuant to Local Bankruptcy Rule

8  2004-1).

9  <center>**V.**</center>

10  <center>**MEET AND CONFER**</center>

11  The Trustee SLC contacted Michael Ullman's office on June 23, 2021.  He

12  spoke with Mr. Ullman's assistant Kathleen P. (Last name omitted for privacy).  She

13  acknowledged receipt of the meet and confer email confirming that Erika's accountant

14  would want a court order to release her documents. SLC followed up and requested an

15  acknowledgement of the position set forth in the email. SLC called a third time and sent a

16  second email.  Suddenly, Mr. Ullman had to leave the office for an "emergency" meeting.

17  SLC advised he could not force participation in a meet and confer.  SLC believes he has

18  attempted to satisfy this requirement in good faith.   See declaration of Ronald Richards,

19  affixed hereto.

20  <center>**VI.**</center>

21  <center>**LOCATION OF EXAMINATION**</center>

22  Rule 2004(c) provides that "[t]he attendance of an entity for examination

23  and for the production of documents, whether the examination is to be conducted within

24  or without the district in which the case is pending, may be compelled as provided in Rule

25  9016 for the attendance of a witness at a hearing or trial."  Rule 9016 of the Federal

26  Rules of Bankruptcy Procedure states that Rule 45 of the Federal Rules of Civil

27  Procedure applies in bankruptcy cases.  Rule 45(c)(2) provides that a subpoenaed party

28  may be required to attend at any place within 100 miles from the place where that person

1 resides, is employed, or transacts business in person.  Here, the Trustee proposes to

2 conduct the examination of Ullman via "zoom.com" such that there will no inconvenience

3 to Ullman.  The examination will be recorded by audio, audiovisual, and/or stenographic

4 means.  If the examination is not completed on the date set forth herein, it will continue

5 from business day to business day, Sundays and holidays excepted, until completed

6 unless otherwise agreed by the parties.

7                                                            **VII.**

8                                                    **<u>CONCLUSION</u>**

9                   The requested production of documents and oral examination are central to

10 the Trustee's independent investigation into the Debtor's assets and liabilities which will

11 assist the Trustee in her administration of the estate.  Accordingly, the Trustee requests

12 that the Court order Ullman to produce documents responsive to the requests in Exhibit

13 "A" on or before July 21, 2022.  In light of anticipated continuation of office closures

14 related to the COVID-19 pandemic, the Trustee requests that the documents be

15 produced electronically by email to ron@ronaldrichards.com and

16 morani@ronaldrichards.com.  Due to the limited scope of the Motion, the Trustee

17 anticipates that further document production(s) could be necessary and the Trustee,

18 therefore, reserve the right to serve additional document requests.

19                   In addition, the Trustee requests that the Court order Michael J. Ullman and

20 the Custodian of Records for ULLMAN ACCOUNTANCY CORP to appear for

21 examination, under oath, on July 23, 2021, at 1:00 p.m., Pacific Time.  In light of

22 anticipated continuation of office closures related to the COVID-19 pandemic, the

23 examination shall take place via "zoom.com" and the instructions for the zoom meeting

24 shall be provided to Ullman no later than July 21, 2021, unless the Trustee, in her sole

25 discretion, designates another means of electronic examination.

26

27

28

DATED: June 23, 2021                    Law Offices of Ronald Richards & Associates, APC




By: /s/ Ronald Richards
    Ronald Richards
    Special Litigation Counsel for Elissa D. Miller,
    Chapter 7 Trustee

1    **<u>DECLARATION OF RONALD RICHARDS</u>**

2    I, Ronald Richards, declare:

3    1.    I am an individual over the age of eighteen, a principal of Law Offices

4    of Ronald Richards & Associates, APC, and am duly admitted to practice before this

5    Court.  I am one of the attorneys principally responsible for the representation of Elissa D.

6    Miller (the "Trustee"), the duly appointed, qualified, and acting chapter 7 trustee for the

7    estate of the debtor Girardi Keese (the "Debtor") in this case.  I have personal knowledge

8    of the facts set forth below, and if called as a witness, could and would competently

9    testify thereto under oath.

10    2.    I make this declaration in support of the "Notice of Motion and Motion

11    for Order Requiring Production of Documents Pursuant to Rule 2004 of the Federal Rules

12    of Bankruptcy Procedure; Memorandum of Points and Authorities; Declaration of Ronald

13    Richards in Support Thereof" (the "Motion"), pursuant to which the Trustee requests,

14    pursuant to Rule 2004 of the Federal Rules of Bankruptcy Procedure and Local

15    Bankruptcy Rule 2004-1, an order directing ULLMAN ACCOUNTANCY CORP and

16    Michael J. Ullman ("Ullman") to produce the documents identified in Exhibit "A" attached

17    hereto (the "Requested Documents") by no later than July 21, 2021, and that Ullman

18    appear for examination, under oath, and that such examination take place on July 23,

19    2021, at 1:00 p.m., Pacific Time.

20    *[Remainder of page intentionally left blank]*

21

22

23

24

25

26

27

28

3.      In accordance with Local Bankruptcy Rule 2004-1(a), the Trustee's SLC contacted Michael Ullman's office at 8:30am and discussed the meet and confer requirement with Kathleen P., his assistant.  She provided an email address.  SLC sent an email confirming the meet and confer and confirming that Ullman would want a court order to release the financial documents.  Later in the morning, SLC spoke again with Kathleen P. and confirmed the email was received.  SLC requested during that call Mr. Ullman send a response email confirming the documents would not be produced without a court order. A second email was sent to Mr. Ullman requesting him to confirm he required a court order.  A third call was placed by the SLC who again spoke to Kathleen P..  Now, instead of Mr. Ullman being in the office, he had to leave for an unexpected "emergency" meeting.  SLC has made a good faith effort to meet and confer and advised Kathleen P. he had tried and could not force Mr. Ullman to speak to him.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 23rd day of June, 2021.

/s/ *Ronald Richards*
Ronald Richards

**EXHIBIT A**

**INSTRUCTIONS**

1.      You are instructed to produce the Requested Documents (as defined and described below) that are in your possession, custody or control, including, but not limited to, Requested Documents in the possession of your attorneys, accountants, bookkeepers, agents, and/or representatives.  You are further instructed to produce the Requested Documents as they are kept in the usual course of business.  In addition, Requested Documents are to be produced in their entirety; redacted Requested Documents will not constitute compliance with this request.

2.      If you contend that the contents of a Requested Document are protected from disclosure because of privilege or the work-product doctrine, you must supply a description of that Requested Document by providing the following information:

A.      Each privilege or doctrine which you contend protects the contents of that Requested Document from disclosure;

B.      Each fact upon which you rely to support your claim of privilege;

C.      The type of Requested Document (e.g., letter, memorandum, telegram, facsimile transmission, e-mail, computer database, notes, memorandum of telephone conversation, etc.);

D.      The date of the Requested Document or if it bears no date, the date on which it was prepared;

E.      The name of each author of the Requested Document;

F.      The name of each person to whom the Requested Document was directed;

G.      The name of each person who received or reviewed the Requested Document or to whom the Requested Document or a copy of it was supplied; and

H.      The general subject matter of the Requested Document.

3.     In the event that any Requested Document described below has been destroyed, discarded, or otherwise disposed of (a "Disposal"), each such Requested Document is to be identified as completely as possible, including, without limitation, the following information:

A.     The type of Requested Document (e.g., letter, memorandum, telegram, facsimile transmission, e-mail, computer database, notes, memorandum of telephone conversation, etc.);

B.     The date of the Requested Document or, if it bears no date, the date on which it was prepared;

C.     The name of each author of the Requested Document;

D.     The name of each person to whom the Requested Document was directed;

E.     The name of each person who received or reviewed the Requested Document or to whom the Requested Document or a copy thereof was supplied;

F.     The general subject matter of the Requested Document;

G.     The date of Disposal;

H.     The manner of Disposal;

I.     The reasons for the Disposal;

J.     The name of the person who authorized the Disposal;

K.     The name of the person who disposed of the Requested Document;

L.     The name of the custodian of the Requested Document at the time of the Disposal.

4.     These requests are not limited as to time period unless so stated.

## DEFINITIONS

The following definitions apply herein:

A.     The term "Case" shall mean that bankruptcy case styled In re Girardi

1   _Keese_, presently pending in the United States Bankruptcy Court, Central District of

2   California, Los Angeles Division, bearing Case No. 2:20-bk-21022-BR commenced on

3   December 18, 2020.

4           B.      The term "Claim" shall have the meaning ascribed to it in 11 U.S.C. §

5   101(5).

6           C.      The terms "Trustee" or "Miller" shall mean Elissa D. Miller, the duly

7   appointed, qualified, and acting chapter 7 trustee for the Debtor's estate.

8           D.      The term "Creditor" shall have the meaning ascribed to it in 11

9   U.S.C. § 101(10).

10          E       The term "Communications" shall mean any transmission of

11  information from one person or entity to another by mail, facsimile, electronic mail, text

12  message, instant messaging, audio recordings, journals, diaries, logs, or calendars,

13  including (without limitation) any form of memorialization of personal meetings,

14  conferences, telephone conversations, radio, electronic mail, teleconference, etc.

15          F.      The term "Debt" shall have the meaning ascribed to it in 11 U.S.C. §

16  101(12).

17          G.      The term "Involuntary Petition" shall mean that certain involuntary

18  chapter 7 petition styled _In re Girardi Keese_, presently pending in the United States

19  Bankruptcy Court, Central District of California, Los Angeles Division, bearing Case No.

20  2:20-bk-21022-BR.

21          H.      The term "Ullman" shall mean ULLMAN ACCOUNTANCY CORP,

22  Michael J. Ullman and any of their respective employees, affiliates, representatives,

23  agents, attorneys, accountants, and all other persons acting or purporting to act on their

24  behalf.

25          I.      The term "Erika" shall mean Erika Jayne aka Erika Girardi aka Erika

26  Chahoy, and any of their respective employees, affiliates, representatives, agents,

27  attorneys, accountants, and all other persons acting or purporting to act on her behalf.

28          J.      The term "Petition Date" shall mean December 18, 2020, the date

1   the Involuntary Petition was filed.

2          K.      The terms "and" or "or" or "and/or" shall be construed either

3   disjunctively or conjunctively or both, as necessary, to bring within the scope of any

4   request for responses which might otherwise be construed to be outside the scope.

5          L.      The term "Contact Information" shall mean information upon which a

6   person or entity may be reached via  mail, telephone, facsimile, e-mail or in person or any

7   other medium that is reasonable, and shall include without limitation, present and last

8   known address(es), phone number(s), facsimile number(s), and e- mail address(es).

9          M.      The terms "Document" or "Documents" shall mean and includes any

10   medium, including without limitation, writings, drawings, graphs, charts, photographs,

11   audio and video recordings, computerized records, such as e-mails, microfilm,

12   microfiche, data compilations, upon which intelligence or information can be recorded,

13   maintained or retrieved, including without limitation, the original or a copy thereof,

14   regardless of the origin and location, of any writing or recording of any type or

15   description, however produced or reproduced, which is in your or your representatives'

16   possession, custody or control, or to which you have or had access, or of which you have

17   knowledge or which you have a right or privilege to examine upon request or demand,

18   and includes any and all writings and recordings as the term is used in Rule 1001(1) of

19   the Federal Rules of Evidence and includes the original (or a copy if the original is not

20   available) and any nonidentical copies (whether different from the original because of

21   notes made on the copy or otherwise).

22          N.      The terms "relate to", "refer to", "evidence", "concern", "pertain to"

23   and "pertaining to" shall mean mentioning, discussing, including, summarizing,

24   describing, reflecting, containing, referring to, relating to, depicting, connected with,

25   embodying, evidencing, constituting, concerning, reporting, purporting or involving an act,

26   occurrence, event, transaction, fact, thing, or course of dealing.

27          O.      The term "you" or "your" shall mean ULLMAN ACCOUNTANCY

28   CORP, Michael J. Ullman, both collectively, and Michael J. Ullman individually, and any

1 | of their respective employees, affiliates, representatives, agents, attorneys, accountants,

2 | and all other persons acting or purporting to act on their behalf.  The term "Ullman" shall

3 | be used interchangeably with the terms "you" or "your".

4 |         P.      The singular form of a word should be interpreted as plural and the

5 | plural should be interpreted as singular to give the word or words the broadest possible

6 | meaning.

7 |         Q.      The masculine gender of any word shall be construed to include the

8 | masculine, feminine, and neuter gender.

9 | **REQUESTED DOCUMENTS**

10 |        1.      All communications between you and Erika, or where a third party

11 | was on the email chain or group text message. including, but not limited to, emails and

12 | text messages.

13 |        2.      All financial statements, pleadings, or non-privileged portions of the

14 | legal family law file for Erika.

15 |        3.      All communications between you and attorney Michael Abrams or

16 | Thomas Girardi.

17 |        4.      All communications between Ullman and Larry A. Ginsburg or Harris

18 | Ginsburg LLP or any its employees.

19 |        5.      All documents evidencing any payments you received from Erika, or

20 | any third party on Erika's behalf, including, without limitation, copies of checks, cashier's

21 | checks, money orders, wire transfers, or other forms of payment.

22 |        6.      All receipts documenting any form of payment you received from

23 | Erika, or any third party on Erika's behalf.

24 |        7.      All documents from any credit reporting agency regarding Erika.

25 |        8.      All checks, cashier's checks, money orders, wire transfers, or other

26 | forms of payment you received from Erika, or any third party on Erika's behalf, meant to

27 | serve as a retainer or payment of a Ullman invoice including any professionals retained

28 | by Ullman.

10. All financial documents and/or financial statements you received from Erika, or any third party on Erika's behalf, or you prepared for Erika.

11. All communications between Ullman Accountancy Corp., Michael Ullman, Allen Ullman, or Platinum Financial Management Inc. and any lender, financial institution, or Bravo TV on behalf of Erika.

12. All bank statements you have in your possession, custody or control for the following banks for Pretty Mess Inc., EJ Global, LLC, Erika Chahoy, Erika Girardi, Erika Jayne, any company that you manager at Erika's direction.

13. All canceled checks, wire receipts, you have in your possession, custody, or control for Pretty Mess Inc., EJ Global, LLC, Erika Chahoy, Erika Girardi, Erika Jayne, any company that you manager at Erika's direction.

14. All invoices you have provided Erika for any services you have provided.

15. All communications you have received for Pretty Mess Inc., EJ Global, LLC, Erika Chahoy, Erika Girardi, Erika Jayne, any company that you manager at Erika's direction, from the Internal Revenue Service, Franchise Tax Board, or any other taxing agency.

16. All payments received from BravoTV, Real Housewives of Beverly Hills franchise, or NBC.

17. All payments Erika has made to any employee, assistant, make up artist, hair dress on her behalf including but not limited to any member of her GLAM squad.

18. All loan documents, financial statements, and payments made for the November 3, 2020 (same date as divorce filing) auto purchase from Desert Europeon Motors.

19. Copies of all titles or leases of any vehicle driven by Erika including but not limited to her JP Morgan chase bank loan.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
PO Box 11480
Beverly Hills, CA  90213

A true and correct copy of the foregoing document entitled (*specify*): _____
Notice of Motion and Motion for a 2004 examination for Ullman Accountancy Corp, Michael Ullman
_____
_____

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)</u>:**  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) June 23, 2021, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

X    Service information continued on attached page

**2.  <u>SERVED BY UNITED STATES MAIL</u>:**
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  <u>SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL</u> (state method for each person or entity served):**  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) June 23, 2021, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

Michael Ullman
Ullman Accountancy Corp
9200 Sunset Blvd. Suite 600
West Hollywood, CA  90069
Via email pdf to
michael@pfmi.com with copy to katherine.petrie@pfmi.com.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| June 23, 2021 | Ronald Richards | /s Ronald Richards |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

***2:20-bk-21022-BR Notice will be electronically mailed to:***

Kyra E Andrassy on behalf of Plaintiff Elissa Miller
kandrassy@swelawfirm.com,
lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com

Rafey Balabanian on behalf of Creditor Edelson PC
rbalabanian@edelson.com, docket@edelson.com

Michelle Balady on behalf of Creditor Bedford Law Group, APC
mb@bedfordlg.com, leo@bedfordlg.com

William C Beall on behalf of Interested Party Mullen & Henzell, LLP
will@beallandburkhardt.com, carissa@beallandburkhardt.com

William C Beall on behalf of Interested Party Shane Horton
will@beallandburkhardt.com, carissa@beallandburkhardt.com

Ori S Blumenfeld on behalf of Creditor Jaime Ruigomez
Ori@MarguliesFaithLaw.com,
Helen@MarguliesFaithLaw.com;Angela@MarguliesFaithLaw.com;Vicky@MarguliesFaithLaw.com

Ori S Blumenfeld on behalf of Creditor Joseph Ruigomez
Ori@MarguliesFaithLaw.com,
Helen@MarguliesFaithLaw.com;Angela@MarguliesFaithLaw.com;Vicky@MarguliesFaithLaw.com

Ori S Blumenfeld on behalf of Creditor Kathleen Ruigomez
Ori@MarguliesFaithLaw.com,
Helen@MarguliesFaithLaw.com;Angela@MarguliesFaithLaw.com;Vicky@MarguliesFaithLaw.com

Ori S Blumenfeld on behalf of Defendant ABIR COHEN TREYZON SALO, LLP, a California limited liability partnership
Ori@MarguliesFaithLaw.com,
Helen@MarguliesFaithLaw.com;Angela@MarguliesFaithLaw.com;Vicky@MarguliesFaithLaw.com

Ori S Blumenfeld on behalf of Defendant Boris Treyzon Esq
Ori@MarguliesFaithLaw.com,
Helen@MarguliesFaithLaw.com;Angela@MarguliesFaithLaw.com;Vicky@MarguliesFaithLaw.com

Ori S Blumenfeld on behalf of Interested Party Courtesy NEF
Ori@MarguliesFaithLaw.com,
Helen@MarguliesFaithLaw.com;Angela@MarguliesFaithLaw.com;Vicky@MarguliesFaithLaw.com

Richard D Buckley on behalf of Interested Party L.A. Arena Funding, LLC

*richard.buckley@arentfox.com*

*Marie E Christiansen on behalf of Creditor KCC Class Action Services, LLC*
*mchristiansen@vedderprice.com, ecfladocket@vedderprice.com,marie-christiansen-4166@ecf.pacerpro.com*

*Jennifer Witherell Crastz on behalf of Creditor Wells Fargo Vendor Financial Services, Inc.*
*jcrastz@hrhlaw.com*

*Jennifer Witherell Crastz on behalf of Creditor Wells Fargo Vendor Financial Services, LLC*
*jcrastz@hrhlaw.com*

*Ashleigh A Danker on behalf of Interested Party Courtesy NEF*
*Ashleigh.danker@dinsmore.com, SDCMLFiles@DINSMORE.COM;Katrice.ortiz@dinsmore.com*

*Clifford S Davidson on behalf of Creditor California Attorney Lending II, Inc.*
*csdavidson@swlaw.com, jlanglois@swlaw.com;cliff-davidson-7586@ecf.pacerpro.com*

*Lei Lei Wang Ekvall on behalf of Interested Party Courtesy NEF*
*lekvall@swelawfirm.com, lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com*

*Lei Lei Wang Ekvall on behalf of Plaintiff Elissa Miller*
*lekvall@swelawfirm.com, lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com*

*Lei Lei Wang Ekvall on behalf of Trustee Elissa Miller (TR)*
*lekvall@swelawfirm.com, lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com*

*Richard W Esterkin on behalf of Creditor Southern California Gas Company*
*richard.esterkin@morganlewis.com*

*Richard W Esterkin on behalf of Interested Party Courtesy NEF*
*richard.esterkin@morganlewis.com*

*Timothy W Evanston on behalf of Interested Party Courtesy NEF*
*tevanston@swelawfirm.com,*
*gcruz@swelawfirm.com;lgarrett@swelawfirm.com;jchung@swelawfirm.com*

*Timothy W Evanston on behalf of Plaintiff Elissa Miller*
*tevanston@swelawfirm.com,*
*gcruz@swelawfirm.com;lgarrett@swelawfirm.com;jchung@swelawfirm.com*

*Timothy W Evanston on behalf of Trustee Elissa Miller (TR)*
*tevanston@swelawfirm.com,*
*gcruz@swelawfirm.com;lgarrett@swelawfirm.com;jchung@swelawfirm.com*

*Jeremy Faith on behalf of Interested Party Courtesy NEF*
*Jeremy@MarguliesFaithlaw.com,*
*Helen@MarguliesFaithlaw.com;Angela@MarguliesFaithlaw.com;Vicky@MarguliesFaithlaw.com*

*James J Finsten on behalf of Interested Party Courtesy NEF*
*, jimfinsten@hotmail.com*

*Alan W Forsley on behalf of Interested Party Courtesy NEF*
*alan.forsley@flpllp.com, awf@fkllawfirm.com,awf@fl-lawyers.net,addy.flores@flpllp.com*

*Eric D Goldberg on behalf of Creditor Stillwell Madison, LLC*
*eric.goldberg@dlapiper.com, eric-goldberg-1103@ecf.pacerpro.com*

*Andrew Goodman on behalf of Attorney William F Savino*
*agoodman@andyglaw.com, Goodman.AndrewR102467@notify.bestcase.com*

*Andrew Goodman on behalf of Petitioning Creditor Erika Saldana*
*agoodman@andyglaw.com, Goodman.AndrewR102467@notify.bestcase.com*

*Andrew Goodman on behalf of Petitioning Creditor Jill O'Callahan*
*agoodman@andyglaw.com, Goodman.AndrewR102467@notify.bestcase.com*

*Andrew Goodman on behalf of Petitioning Creditor John Abassian*
*agoodman@andyglaw.com, Goodman.AndrewR102467@notify.bestcase.com*

*Andrew Goodman on behalf of Petitioning Creditor Kimberly Archie*
*agoodman@andyglaw.com, Goodman.AndrewR102467@notify.bestcase.com*

*Andrew Goodman on behalf of Petitioning Creditor Robert M. Keese*
*agoodman@andyglaw.com, Goodman.AndrewR102467@notify.bestcase.com*

*Andrew Goodman on behalf of Petitioning Creditor Virginia Antonio*
*agoodman@andyglaw.com, Goodman.AndrewR102467@notify.bestcase.com*

*Suzanne C Grandt on behalf of Interested Party Courtesy NEF*
*suzanne.grandt@calbar.ca.gov, joan.randolph@calbar.ca.gov*

*Steven T Gubner on behalf of Interested Party Courtesy NEF*
*sgubner@bg.law, ecf@bg.law*

*Marshall J Hogan on behalf of Creditor California Attorney Lending II, Inc.*
*mhogan@swlaw.com, knestuk@swlaw.com*

Sheryl K Ith on behalf of Creditor Daimler Trust
sith@cookseylaw.com, sith@ecf.courtdrive.com

Razmig Izakelian on behalf of Creditor Frantz Law Group, APLC
razmigizakelian@quinnemanuel.com

Lillian Jordan on behalf of Interested Party Courtesy NEF
ENOTICES@DONLINRECANO.COM, RMAPA@DONLINRECANO.COM

Lewis R Landau on behalf of Creditor Virage SPV 1, LLC
Lew@Landaunet.com

Lewis R Landau on behalf of Interested Party Courtesy NEF
Lew@Landaunet.com

Daniel A Lev on behalf of Interested Party Courtesy NEF
dlev@sulmeyerlaw.com, ccaldwell@sulmeyerlaw.com;dlev@ecf.inforuptcy.com

Elizabeth A Lombard on behalf of Creditor American Express National Bank c/o Zwicker & Associates, P.C.
elombard@zwickerpc.com, bknotices@zwickerpc.com

Craig G Margulies on behalf of Defendant ABIR COHEN TREYZON SALO, LLP, a California limited liability
partnership
Craig@MarguliesFaithlaw.com,
Vicky@MarguliesFaithlaw.com;Helen@MarguliesFaithlaw.com;Angela@MarguliesFaithlaw.com

Craig G Margulies on behalf of Defendant Boris Treyzon Esq
Craig@MarguliesFaithlaw.com,
Vicky@MarguliesFaithlaw.com;Helen@MarguliesFaithlaw.com;Angela@MarguliesFaithlaw.com

Craig G Margulies on behalf of Interested Party Courtesy NEF
Craig@MarguliesFaithlaw.com,
Vicky@MarguliesFaithlaw.com;Helen@MarguliesFaithlaw.com;Angela@MarguliesFaithlaw.com

Peter J Mastan on behalf of Interested Party Courtesy NEF
peter.mastan@dinsmore.com, SDCMLFiles@dinsmore.com;Katrice.ortiz@dinsmore.com

Peter J Mastan on behalf of Interested Party Erika Girardi
peter.mastan@dinsmore.com, SDCMLFiles@dinsmore.com;Katrice.ortiz@dinsmore.com

Edith R. Matthai on behalf of Defendant David Lira
ematthai@romalaw.com, lrobie@romalaw.com

Edith R. Matthai on behalf of Interested Party Courtesy NEF

*ematthai@romalaw.com*, *lrobie@romalaw.com*

*Kenneth Miller on behalf of Interested Party Courtesy NEF*
*kmiller@pmcos.com*, *efilings@pmcos.com*

*Elissa Miller (TR)*
*CA71@ecfcbis.com*, *MillerTrustee@Sulmeyerlaw.com;C124@ecfcbis.com;ccaldwell@sulmeyerlaw.com*

*Eric A Mitnick on behalf of Interested Party Courtesy NEF*
*MitnickLaw@aol.com*, *mitnicklaw@gmail.com*

*Scott H Olson on behalf of Creditor KCC Class Action Services, LLC*
*solson@vedderprice.com*, *scott-olson-2161@ecf.pacerpro.com,ecfsfdocket@vedderprice.com,nortega@vedderprice.com*

*Carmela Pagay on behalf of Interested Party Courtesy NEF*
*ctp@lnbyb.com*

*Leonard Pena on behalf of Interested Party Robert Girardi*
*lpena@penalaw.com*, *penasomaecf@gmail.com;penalr72746@notify.bestcase.com*

*Michael J Quinn on behalf of Creditor KCC Class Action Services, LLC*
*mquinn@vedderprice.com*, *ecfladocket@vedderprice.com,michael-quinn-2870@ecf.pacerpro.com*

*David M Reeder on behalf of Interested Party Courtesy NEF*
*david@reederlaw.com*, *secretary@reederlaw.com*

*Ronald N Richards on behalf of Creditor Law Offices of Phili Sheldon APC*
*ron@ronaldrichards.com*, *morani@ronaldrichards.com*

*Ronald N Richards on behalf of Interested Party Courtesy NEF*
*ron@ronaldrichards.com*, *morani@ronaldrichards.com*

*Ronald N Richards on behalf of Plaintiff Robert P Finn*
*ron@ronaldrichards.com*, *morani@ronaldrichards.com*

*Ronald N Richards on behalf of Trustee Elissa Miller (TR)*
*ron@ronaldrichards.com*, *morani@ronaldrichards.com*

*Kevin C Ronk on behalf of Creditor U.S. Legal Support, Inc.*
*Kevin@portilloronk.com*, *Attorneys@portilloronk.com*

*William F Savino on behalf of Creditor California Attorney Lending II, Inc.*
*wsavino@woodsoviatt.com*, *lherald@woodsoviatt.com*

Kenneth John Shaffer on behalf of Creditor Frantz Law Group, APLC
johnshaffer@quinnemanuel.com

Richard M Steingard on behalf of Other Professional Christopher Kamon
, awong@steingardlaw.com

Philip E Strok on behalf of Interested Party Courtesy NEF
pstrok@swelawfirm.com, gcruz@swelawfirm.com;1garrett@swelawfirm.com;jchung@swelawfirm.com

Philip E Strok on behalf of Trustee Elissa Miller (TR)
pstrok@swelawfirm.com, gcruz@swelawfirm.com;1garrett@swelawfirm.com;jchung@swelawfirm.com

Boris Treyzon on behalf of Defendant ABIR COHEN TREYZON SALO, LLP, a California limited liability partnership
jfinnerty@actslaw.com, sgonzales@actslaw.com

United States Trustee (LA)
ustpregion16.la.ecf@usdoj.gov

Eric D Winston on behalf of Creditor Frantz Law Group, APLC
ericwinston@quinnemanuel.com

Christopher K.S. Wong on behalf of Interested Party L.A. Arena Funding, LLC
christopher.wong@arentfox.com, yvonne.li@arentfox.com

Timothy J Yoo on behalf of Interested Party Courtesy NEF
tjy@lnbyb.com

Timothy J Yoo on behalf of Interested Party Jason M. Rund
tjy@lnbyb.com