EVAN C. BORGES, State Bar No. 128706
 *EBorges@GGTrialLaw.com*
GREENBERG GROSS LLP
650 Town Center Drive, Suite 1700
Costa Mesa, California 92626
Telephone: (949) 383-2800
Facsimile: (949) 383-2801

PETER J. MASTAN, State Bar No. 190250
 *peter.mastan@dinsmore.com*
DINSMORE & SHOHL LLP
550 S. Hope Street, Suite 1765
Los Angeles, CA 90071
Telephone: (213) 335-7737

MATTHEW C. WASSERMAN
(Appearing *Pro Hac Vice,* IL Bar No. 6287638)
 *matthew.wasserman@dinsmore.com*
DINSMORE & SHOHL LLP
222 W. Adams Street, Suite 3400
Chicago, IL  60606
Telephone: (312) 372-6060

Attorneys for Party-in-Interest Erika Girardi

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No. 2:20-bk-21022-BR |
| GIRARDI KEESE, | Chapter 7 |
| Debtor. | **NOTICE OF MOTION AND MOTION FOR RECONSIDERATION OF ORDER GRANTING CHAPTER 7 TRUSTEE'S APPLICATION TO EMPLOY THE LAW OFFICES OF RONALD RICHARDS & ASSOCIATES, A.P.C. AS SPECIAL LITIGATION COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF EVAN C. BORGES IN SUPPORT THEREOF, AND EXHIBITS** |
| | **[Related to ECF NO. 392]** |
| | Date:      TBD |
| | Time:      TBD |
| | Ctrm:      1668 |
| |            255 E. Temple Street |
| |            Los Angeles, CA  90012 |
| | Judge:    Hon. Barry Russell |

**TO THE HONORABLE BARRY RUSSELL, UNITED STATES BANKRUPTCY JUDGE; ELISSA D. MILLER, CHAPTER 7 TRUSTEE; COUNSEL AND SPECIAL COUNSEL FOR THE CHAPTER 7 TRUSTEE; THE DEBTOR; THE OFFICE OF THE UNITED STATES TRUSTEE; AND ALL OTHER PARTIES ENTITLED TO NOTICE:**

**PLEASE TAKE NOTICE** that on _____, 2021 at _____ a.m., or as soon thereafter as counsel may be heard by the Honorable Barry Russell, United States Bankruptcy Judge, in Courtroom 1668 of the above-captioned Court, located at 255 E. Temple Street, Los Angeles, California 90012, party in interest Erika Girardi ("Ms. Girardi") will, and hereby does, move this Court for an Order reconsidering and reversing the prior *Order Granting Chapter 7 Trustee's Application to Employ the Law Offices of Ronald Richards & Associates, A.P.C. as Special Litigation Counsel* (ECF No. 392) (the "Employment Order").

This Motion is brought pursuant to Rules 59 and 60 of the Federal Rules of Civil Procedure, made applicable to this proceeding by Federal Rules of Bankruptcy Procedure 9023 and 9024, on the ground that based on new evidence of events occurring ***after*** the hearing on and entry of the Employment Order, the Court should reconsider its decision to grant the chapter 7 trustee's application to employ Mr. Richards as special litigation counsel in this matter, vacate the Employment Order, and appoint new independent and non-conflicted counsel to represent the trustee. Specifically, Mr. Richards's extra-judicial statements, including on social media:

(1) violate the California Rules of Professional Conduct and the California Business and Professions Code;

(2) prejudice Ms. Girardi's rights through wholly improper, conclusory, and unfounded public vilification, damage the legitimacy of these proceedings, and appear intentionally designed to destroy Ms. Girardi's right to defend herself and assert her rights in this proceeding and otherwise; and

(3) demonstrate that Mr. Richards violated Rule 2014 of the Federal Rules of Bankruptcy Procedure, thus requiring that the Court vacate the Employment Order.

This Motion is based upon this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the Declaration of Evan C. Borges and exhibits thereto, the entire record

1  of this case, and any other evidence properly presented to the Court in support of this Motion.

2       **PLEASE TAKE FURTHER NOTICE** that pursuant to Local Bankruptcy Rule 9013-

3  1(f), any opposition or response to the *Motion* must be (i) in writing and include a complete

4  written statement of all reasons in opposition thereto or in support or joinder thereof,

5  declarations and copies of all photographs and documentary evidence on which the responding

6  party intends to rely, and any responding memorandum of points and authorities; and (ii) filed

7  with the Court and served on counsel for the Trustee, the Debtor, and the United States Trustee

8  no later than fourteen (14) days before the hearing on the Motion at the following addresses:

9  **For Filing with the Court:**                    **For Service on Judge Russell:**
   Clerk's Office                                    Hon. Barry Russell
10 United States Bankruptcy Court                     United States Bankruptcy Court
   255 E. Temple Street                               255 E. Temple Street, Suite 1668
11 Los Angeles, CA 90012                              Los Angeles, CA 90012

12 **For Service on Erika Girardi:**                  **For Service on the U.S. Trustee:**
   Evan C. Borges                                     Office of the U.S. Trustee
13 GREENBERG GROSS LLP                                915 Wilshire Blvd., Suite 1850
   650 Town Center Drive, Suite 1700                  Los Angeles, CA 90017
14 Costa Mesa, CA 92626

15 Peter J. Mastan
   DINSMORE & SHOHL LLP
16 550 S. Hope Street, Suite 1765
   Los Angeles, CA 90071

17

18      **PLEASE TAKE FURTHER NOTICE** that, pursuant to Local Rule 9013-1(h), the failure

19 to file and serve a timely response to the Motion may be deemed by the Court to be consent to the

20 granting of the relief requested in the Motion.

21 DATED:  June 24, 2021           Respectfully submitted,

22                                 GREENBERG GROSS LLP

23

24                                 By:

25                                 Evan C. Borges

26                                 Attorneys for Party-in-Interest Erika Girardi

27

28
                                        -3-

# TABLE OF CONTENTS

**Page**

I.     INTRODUCTION ...........................................................................................7

II.    STATEMENT OF RELEVANT FACTS ......................................................7

    A.     Procedural History.............................................................................9

    B.     Newly Discovered Evidence .............................................................9

III.   THE MOTION FOR RECONSIDERATION SHOULD BE GRANTED BASED
    ON THE NEWLY DISCOVERED FACTUAL INFORMATION .....................................14

    A.     The Standard Under Rule 59(e) Permits Reconsideration of the Court's
        Order...................................................................................................14

    B.     Reconsideration of the Court's Order is Warranted Based on the Newly
        Discovered Evidence of Richards's Recent Social Media Postings and
        Public Statements ..............................................................................14

        1.     Mr. Richards's Recent Behavior Violates California Ethics Rules..............15

        2.     Mr. Richards Failed to Comply With His Required Disclosure
             Obligations ..................................................................................18

IV.    CONCLUSION ...........................................................................................21

NOTICE OF MOTION AND MOTION FOR RECONSIDERATION OF ORDER GRANTING CHAPTER 7
TRUSTEE'S APPLICATION TO EMPLOY THE LAW OFFICES OF RONALD RICHARDS & ASSOCIATES,
A.P.C. AS SPECIAL LITIGATION COUNSEL

1

# <u>TABLE OF AUTHORITIES</u>

2

**Page(s)**

3

**Cases**

4

*Anderson v. Credit One Bank, Nat'l Ass'n*,
5    No. 16cv3125-MMA (AGS), 2018 U.S. Dist. LEXIS 84189 (S.D. Cal. May 17,
     2018)..................................................................................................................... 15

6

*Brady v. Grendene USA, Inc.*,
7    No. 12-CV-604-GPC-KSC, 2015 U.S. Dist. LEXIS 72551, 2015 WL 3539702
     (S.D. Cal. June 3, 2015) ........................................................................................ 15
8

9    *Ceniceros v. Yaqub (In re Ceniceros)*,
     No. CC-11-1143-DHPa, 2012 Bankr. LEXIS 2563 (B.A.P. 9th Cir. June 5,
10    2012)...................................................................................................................... 14

11   *In re Conex Holdings, LLC*,
     524 B.R. 55 (Bankr. D. Del. 2015) ....................................................................... 15
12

13   *Dicker v. Dye (In re Edelman)*,
     237 B.R. 146 (9th Cir. BAP 1999)........................................................................ 14

14

15   *In re Imperial Corp. of America, Bkrtcy.*,
     181 B.R. 501 (Bankr. S.D. Cal. 1995) .................................................................. 20

16   *In re Kings River Resorts, Inc.*,
     342 B.R. 76 (Bankr. E.D. Cal.2006) ..................................................................... 20
17

18   *Kun v. Mansdorf*,
     558 F. App'x 755 (9th Cir. 2014).......................................................................... 19

19

20   *Mehdipour v. Marcus & Millichap (In re Mehdipour)*,
     202 B.R. 474 (9th Cir. BAP 1996) ....................................................................... 19

21   *Neben & Starrett, Inc. v. Chartwell Fin. Corp. (In re Park– Helena Corp.)*,
     63 F.3d 877 (9th Cir. 1995).................................................................................... 19
22

23   *In re Negrete*,
     183 B.R. 195 (9th Cir. BAP 1995), *aff'd*, 103 F.3d 139 (9th Cir. 1996)............... 14

24   *In re NNN 400 Capital Center 16, LLC*,
     619 B.R. 802 (Bankr. D. Del. 2020) ..................................................................... 19
25

26   *In re Premier Golf Props., LP*,
     564 B.R. 660 (S.D. Ca. 2016) ............................................................................... 14

27

28

*In re Priv. Asset Grp., Inc.*,
 579 B.R. 534 (Bankr. C.D. Cal. 2017) (finding that trustee's special counsel
 subject to disgorgement of fees for violation of Rule 2014 disclosure
 requirements, noting, "[a] professional cannot pick and choose what
 connections are trivial or irrelevant but must disclose all connections") ............................... 20

*In re Southern Kitchens, Inc.*,
 216 B.R. 819 (Bankr. D. Minn. 1998) .................................................................................. 19

*U.S. Bank Nat'l Ass'n v. Thunder Props.*,
 No. 3:17-cv-00106-MMW-WGC, 2019 U.S. Dist. LEXIS 80845 (D. Nev., May
 13, 2019) ............................................................................................................................ 15

**Statutes**

Bankruptcy Act ............................................................................................................................ 15

Cal. Bus. & Prof. Code § 6068(b), (f) and (g) ............................................................................ 17

California Business and Professions Code § 6068 ............................................................. 9, 16, 18

**Other Authorities**

First Amendment .......................................................................................................................... 18

California Rules of Professional Conduct Rule 3.6 ..................................................... 9, 16, 17, 18

Fed. R. Bankr. P. 9023 ................................................................................................................. 15

Fed. R. Civ. P. 60 ................................................................................................................... 14, 15

Fed. R. Civ. P. 2014 ...................................................................................... 8, 9, 18, 19, 20, 21

Fed. R. Bankr. P. 9023 ................................................................................................................. 14

Fed. R. Bankr. P. 9024 ........................................................................................................... 14, 15

12 Moore's Federal Practice, § 59.30[7] ..................................................................................... 14

Rule 59(e) .............................................................................................................................. 14, 15

Rule 59(e) and (2) ........................................................................................................................ 14

NOTICE OF MOTION AND MOTION FOR RECONSIDERATION OF ORDER GRANTING CHAPTER 7
TRUSTEE'S APPLICATION TO EMPLOY THE LAW OFFICES OF RONALD RICHARDS & ASSOCIATES,
A.P.C. AS SPECIAL LITIGATION COUNSEL

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

This motion is not brought lightly.  It is based on alarming new evidence and events; and it will not, nor is it intended to, interfere in any way with the investigation of the chapter 7 trustee (the "Trustee").  To be clear, movant and party in interest Erika Girardi ("Ms. Girardi") has been and remains willing to cooperate fully with the Trustee's investigation in this bankruptcy of debtor Girardi & Keese ("GK").  Ms. Girardi already has cooperated with the chapter 7 trustee in the related case of debtor Thomas Girardi ("TG"); she will continue to do so; and she did not oppose appointment of special counsel to represent the chapter 7 trustee in the TG case.

Ms. Girardi, however, is not a media fiction.  She is a real person with rights, including the right to be treated fairly in these proceedings based on actual evidence and the law.  It is morally wrong, legally wrong, and unethical under the California Rules of Professional Conduct for Ms. Girardi to be tried extra-judicially by an officer of this Court—to whom the Court has exercised discretion to provide a badge and imprimatur of legitimacy as counsel to a chapter 7 trustee— by way of vicious, conclusory, and speculative public vilification – all without evidence, which even if it existed, should and must be presented to and adjudicated by this Court.

The new evidence that has given rise to this motion goes to the integrity of the proceedings before this Court.  Only this Court, in the first instance, has the power (and duty) to ensure and enforce the integrity of these proceedings and the conduct of judicial officers (i.e., attorneys). This includes whether the Court will exercise its discretion to approve *and continue to approve* attorneys to act as officers representing a federal bankruptcy trustee.

Indeed, the fact that the GK and TG cases involve the most serious of allegations against attorneys, including violations of trust and allegations of embezzlement of client funds, makes it all the more important that this Court control and ensure the legitimacy of these proceedings.  This includes review by the Court of real world, extra-judicial statements of officers of the Court, attorneys, for whose benefit the Court has exercised discretion to provide a badge of legitimacy as counsel to a chapter 7 trustee (which is a privilege, not a right).

By this motion, Ms. Girardi seeks reconsideration by the Court of its prior *Order Granting*

1  *Chapter 7 Trustee's Application to Employ the Law Offices of Ronald Richards & Associates,*

2  *A.P.C. as Special Litigation Counsel* ECF No. 392 (the "Order"), which after a hearing on June 8,

3  2021, the Court entered on June 10, 2021.  Since these dates, additional events have occurred and

4  have been discovered that warrant reconsideration and vacating the Order, including the

5  appointment of new independent and non-conflicted counsel for the Trustee, so that the

6  investigation may continue.  Specifically, since his appointment as special litigation counsel,

7  Ronald N. Richards, the principal of Ronald Richards & Associates, A.P.C. (collectively, "Mr.

8  Richards") has made false and inflammatory social media posts and public statements about Ms.

9  Girardi and this proceeding that violate the ethical rules to which he is bound and that unfairly

10  target Ms. Girardi in an attempt to destroy her credibility before any claim is even brought against

11  her in this proceeding.  Further, information contained in Mr. Richards' recent social media posts

12  reveals that he failed to disclose material connections to this proceeding and the parties in interest,

13  as he was required to do under Federal Rule of Bankruptcy Procedure 2014(a).

14      Given that even after entry of the Order, Mr. Richards has continued to harass Ms. Girardi

15  publicly through extra-judicial statements, including social media, this new evidence should be

16  considered and the Order granting Mr. Richards's approval to act as special litigation should be

17  vacated.  Mr. Richards's thinly veiled attempt to shield himself from the consequences of his

18  improper conduct by framing some of his comments as his "opinion" is irrelevant.  Mr. Richards's

19  public statements and speculation about this matter on Twitter are improper for any attorney –

20  especially one appointed as special litigation counsel before this Court – and violates the ethical

21  rules, yet it is taken as fact by his 16,000+ "followers" on social media.

22      Moreover, Ms. Girardi has a right to request a jury trial in any future adversary proceeding

23  that Mr. Richards may attempt to bring against her.  Accordingly, a significant likelihood exists

24  that Mr. Richards's barrage of social media postings and public statements will improperly

25  prejudice any potential jury pool.  Thus, Mr. Richards should not be permitted to serve as special

26  litigation counsel in this matter given his inherent bias, public harassment and impugning of Ms.

27  Girardi, and complete disregard of his ethical duties as a member of the California bar.

28      Mr. Richards's behavior is even more troubling given his failure to comply with Federal

-8-

1  Rule of Bankruptcy Procedure 2014(a), which requires full disclosure of all connections to the

2  debtor, creditors, and other interested parties to the proceeding.  In particular, Mr. Richards failed

3  to disclose that he had extensive involvement in a recently-released documentary about Girardi

4  Keese, Mr. Girardi, and Ms. Girardi, which featured multiple creditors in this case.  While Mr.

5  Richards had an obligation to disclose this connection to the Court, he failed to include any

6  reference to the documentary and his resulting connection to parties in interest in the Application.

7          Reconsideration of this Court's Order permitting the appointment of Mr. Richards as

8  special counsel to the Trustee in this case should be granted based on:

9          1.        Mr. Richards's newly-discovered public statements about this proceeding in

10  violation of California Business and Professions Code § 6068 and Rule 3.6 of the California Rules

11  of Professional Conduct;

12          2.        Mr. Richards's newly-discovered public statements, including on social media,

13  which disparage Ms. Girardi and her integrity, and which are designed to prejudice any future jury

14  pool against her; and

15          3.        Mr. Richards's failure to comply with his disclosure obligations under Federal Rule

16  of Bankruptcy Procedure 2014 by omitting his material connections to parties in interest based on

17  his extensive participation in the recently-released documentary about Girardi Keese, Mr. Girardi,

18  and Ms. Girardi.

19  **II.**        **STATEMENT OF RELEVANT FACTS[1]**

20          **A.**        **Procedural History**

21          On April 26, 2021, Elissa D. Miller, chapter 7 trustee (the "Trustee"), for the estate of

22  debtor Girardi Keese, filed her "*Application to Employ the Law Offices of Ronald Richards &*

23  *Associates, A.P.C., as Special Litigation Counsel, Declaration of Ronald Richards; Statement of*

24  *Disinterestedness of Ronald Richards in Support Thereof*" (the "Application").  ECF No. 318.

25          On May 10, 2021, Ms. Girardi filed an Opposition to the Application (the "Opposition"),

26  explaining that Mr. Richards had:  (a) actual conflicts of interest that disqualify him from acting as

27  ───────────────────

28      [1] The Statement of Facts found in the Opposition is equally as relevant to this Motion and is
therefore referred to and incorporated herein as if it has been fully set forth in this filing.

1  special counsel to the Trustee based on his representation of plaintiffs asserting the same alleged

2  claims against Ms. Girardi that Mr. Richards now seeks to prosecute on behalf of the Trustee; (b)

3  expected future conflicts with respect to the issue of whether oral fee-splitting arrangements are

4  enforceable since Mr. Richards represents clients in other litigation that will require him to take a

5  contrary position in the competing matters; and (c) improper motivation and bias against Ms.

6  Girardi as reflected in his social media posts.  ECF No. 333.[2]  The Trustee filed her Reply to the

7  Opposition on June 1, 2021.  ECF No. 374.  At a hearing on June 8, 2021, the Court granted the

8  Application and, on June 10, 2021, entered its Order approving Mr. Richards's employment as

9  special counsel to the Trustee.  ECF No. 392.

10      **B.**      <u>**Newly Discovered Evidence**</u>

11          As of the filing of this motion, Mr. Richards has amassed more than 16,000 followers on

12  Twitter,[3] where his social media postings largely center on high profile legal matters involving

13  celebrities.  Because of Mr. Richards' position as a member of the California State Bar and officer

14  of the Court, his followers look to him for legal analysis on current legal issues. Mr. Richards

15  appears to have a particular fascination with legal issues related to the women appearing on the

16  various Real Housewives franchise television shows broadcast on Bravo, as a majority of his

17  Twitter feed relates to legal issues or allegations made against the women appearing on the

18  television series.  Copies of certain recent posts about Ms. Girardi made on Mr. Richards's Twitter

19  account are attached hereto as **Exhibit 1** to the Declaration of Evan C. Borges**.**

20          Following this Court's ruling set forth in the Order, Mr. Richards continued unabated in a

21  jihad of extra-judicial statements, including social media posts and interviews on YouTube and

22  podcasts, virtually always making reference to his new role as special counsel to the Trustee.  *See*

23  **Exhibit 1**.

24          For example, on June 16, 2021, Mr. Richards tweeted that Ms. Girardi's counsel filed a

25

26          [2] The Statement of Facts in the Opposition is equally relevant to this Motion and is therefore

27  referred to and incorporated herein as if fully set forth herein.

28          [3] For reference, Mr. Richards's Twitter account can be located at:
<u>https://twitter.com/RonaldRichards</u>.                    -10-

1  Motion to Withdraw and promoted his recent appearance on a YouTube show: "Erika's Legal

2  Counsel Drops Her Due to 'Lack of Trust!' Ft. Power Attorn… youtu.be/SIFk3-hoVU8 via

3  @YouTube Just finished a great interview with Up and Adam who wanted to get the DL on

4  yesterday's momentous procedural developments in #girardifraud." *See* **Exhibit 1** at p. 39.  Mr.

5  Richards appeared on the show on the same day to discuss the current events surrounding this

6  proceeding, including the recent motions filed by counsel.  A full recording of the show can be

7  found on YouTube at: https://www.youtube.com/watch?v=SIFk3-hoVU8 ("YouTube

8  Interview").[4]  While Mr. Richards attempted to state that his commentary would only be directed

9  at the bankruptcy case involving Thomas Girardi, the matter where Mr. Richards is not acting as

10  special counsel, he purposefully made it known that anything he said regarding the motions would

11  apply equally to this proceeding:

12

13          Let me preface with, my comments are directed at the motion to withdraw filed in
        the individual Thomas Girardi bankruptcy. I'm gonna stay away from the Girardi
        Keese estate, the  one that I'm involved with, **but for, let me let you in on a little**
14          **secret, the motions are identical**. But for the record, I'm just gonna comment on
        the case I'm not involved in. (YouTube Interview at 3:00-3:22).

15

16  Mr. Richards went on to make comments on what he thought would be "funny" with respect to the

17  motions filed:

18

19          And also Adam, what's interesting, I will tell you, is that, ironically, they will tell
        you that the target of that investigation [Erika Girardi] didn't want my office to …
        the Trustee, but the target doesn't get to pick who gets to investigate them. I think it
20          would be funny if I filed an objection in the Thomas Girardi bankruptcy against her
        lawyer leaving and forced him to go to a hearing and delayed this a couple of weeks.
        That would be kind of ironic, that he delayed my appointment and now I'm delaying
21          his departure. I just thought I'd point out that funny irony for your fans." (YouTube
        Interview at 6:11-6:48).

22

23  Mr. Richards also admitted that he should limit what he says on social media given his "different

24  role now" as counsel to the Trustee in this case:

25          I would say that because of my position, I'm gonna not comment on stuff that is
        completely subjective only because I have a different role now… there is a difference
26          once you are on a case. (YouTube Interview at 8:53-9:11).

27  _____

28      [4] A copy of the full YouTube interview can be provided upon request. According to
    YouTube, the Up and Adam! Channel has 61,400 subscribers.

Notwithstanding and in direct violation of the limitations imposed by the ethical rule, Mr.

Richards proceeded to state that the hoped Ms. Girardi would retain new counsel in this

proceeding "**because [he doesn't] think her personality is consistent with compliance in a**

**court setting**…." (YouTube Interview 11:02-11:42).  This statement constituted a blatant public

attack on the integrity of a party in interest related to a pending investigation, in direct violation of

the California Rules of Professional Conduct.

Following the YouTube interview, Mr. Richards engaged in a number of other interviews

and posted a series of tweets related to his wholly unsupported beliefs and accusations against Ms.

Girardi and her counsel.  For example, on June 15, 2021, one of Mr. Richards' followers

questioned "what would happen if Tom were to die in the middle of all this?" to which Mr.

Richards replied "he is basically legally dead."  *See* **Exhibit 1** at p. 40.

On June 15, 2021, when counsel filed a motion to withdraw from the case, Mr. Richards

tweeted about the filing and a Twitter follower asked what that meant.  Mr. Richards responded

that "she [Ms. Girardi] was facing evidence that shows she is more than just an innocent spouse, is

refusing to cooperate with her attorneys, etc. This is an extraordinary step." **Exhibit 2** at p. 57.

Once again, a direct extra-judicial attack by Mr. Richards against Ms. Girardi, in blatant violation

of the Rules of Professional Conduct.

Undeterred, on June 17, 2021, after sharing the "breaking news" with his fans that the

motion to withdraw had been withdrawn, Mr. Richards sarcastically tweeted: "Apparently the

urgent and immediate breakdown of the attorney client relationship has now been miraculously

fixed." **Exhibit 1** at p. 42.  He then responded to a follower's tweet asking "This must mean she

had a way to pay them????" by stating "probably."  *Id*.  When a reporter who follows Mr.

Richards on Twitter asked whether the motion had been filed because the client and counsel had

reached an agreement, Mr. Richards stated definitively without support, "[n]o they got paid in so

it's all good now that's the quickest way to repair a relationship is a large retainer."  *Id*. at p. 48.

Similarly, on June 18, 2021, Richards tweeted information about the listing price of the Girardi

residence to which a follower replied, "My opinion it was overvalued to borrow to the maximum

in order to stiff the lenders."  *Id*. at p. 45.  Richards responded by stating, again without any

-12-

1    support, "Now you guys are pretty smart followers let me tell you. You are dead on with that

2    assessment in my opinion." *Id*.

3        In addition to making false and inflammatory statements about Ms. Girardi directly, Mr.

4    Richards has publicly expressed support of others who have consistently attacked Ms. Girardi on

5    social media.  For example, on June 8, 2021, Scott Hanson— who has been a prolific and serial

6    villifier of Ms. Girardi with tweets like "Erika!! You thieving SOW!!" and "Erika needs to pay for

7    her crimes!!!!" (*see* **Exhibit 2**)—wrote that "it will be understood by your [Mr. Richards]

8    followers if you are unable to keep us informed on the Girardi case if Erika is able to get her gag

9    order" to which Mr. Richards responded, "Don't worry Scott we will be covering it all and I was

10    appointed today so let's just keep moving forward and working collaboratively to get to the right

11    result."  *See* **Exhibit 1** at p. 25.

12        Mr. Richards also recently made statements on social media regarding his involvement in a

13    documentary about Girardi Keese, Mr. Girardi, and Ms. Girardi released on June 12, 2021.

14    Specifically, on June 3, 2021, Mr. Richards tweeted that "even though [he] participated in the

15    production because of [his] possible appointment [he] was cut from the show…" *Id*. at p. 24.

16    Additionally, when a follower asked if he had seen information about the documentary, Mr.

17    Richards replied, "Yes. I was involved with background." *Id*.  Indeed, Mr. Richards could not

18    help but boast his extensive involvement in the production, complaining to a follower that it was

19    "unfair" that he was cut from the show because his "16 hours of footage with expert analysis could

20    not be replaced." *Id.* at p. 43.[5]  He also commented that the documentary "did reveal some

21    practices that were horrific and [that he was] glad they were exposed." *Id.*

22        Furthermore, Mr. Richards has undermined the integrity of this proceeding by publicly

23    commenting on and questioning the veracity of creditors' claims.  Kimberly Archie is one of the

24    petitioning creditors in both this proceeding and the TG bankruptcy.  Mr. Richards has been

25    engaging in a vicious exchange with Ms. Archie on social media, basically accusing her of making

26    a false claim.  For example, on June 9, 2021, Mr. Richards wrote, "why would you file that

27

28
    [5] Notably, Mr. Richards has since deleted this post from his Tweeter feed.  **Exhibit 1** at 44.

NOTICE OF MOTION AND MOTION FOR RECONSIDERATION OF ORDER GRANTING CHAPTER 7
TRUSTEE'S APPLICATION TO EMPLOY THE LAW OFFICES OF RONALD RICHARDS & ASSOCIATES,
A.P.C. AS SPECIAL LITIGATION COUNSEL

1   claim? you have no standing. why wouldn't the law firm file it themselves?" *See* **Exhibit 1** at p.

2   29. In response to Ms. Archie's tweet regarding the contract supporting her claim, Mr. Richards

3   continued to attack: "had you posted the contract with your claim, we would know but you didn't

4   provide any backup." *Id.* Mr. Richards continued, alleging "it is missing essential documents but

5   you know that." *Id.* In reference to Ms. Archie's appearance in the documentary, Mr. Richards

6   commented, "Kimberly, to call yourself a victim is abusive to the word." *Id.* at p. 28.

7   **III.    THE MOTION FOR RECONSIDERATION SHOULD BE GRANTED BASED ON**

8           **THE NEWLY DISCOVERED FACTUAL INFORMATION**

9       **A.    The Standard Under Rule 59(e) Permits Reconsideration of the Court's Order**

10          Bankruptcy courts have universally recognized their inherent right to reconsider an order.

11  12 Moore's Federal Practice, § 59.30[7]; *see In re Premier Golf Props., LP,* 564 B.R. 660 (S.D.

12  Ca. 2016) (citing *Zurich Am. Ins. Co. v. Int'l Fibercom, Inc. (In re Int'l Fibercom, Inc.),* 503 F.3d

13  933, 940 (9th Cir. 2007)); *see also, e.g., In re Negrete,* 183 B.R. 195, 197 (9th Cir. BAP 1995),

14  *aff'd,* 103 F.3d 139 (9th Cir. 1996). The Federal Rules of Civil Procedure provide two avenues

15  through which a party may obtain relief from an order: (1) a motion to alter or amend judgment

16  under Rule 59(e) and (2) a motion for relief from judgment under Rule 60. Fed. R. Civ. P. 59(e);

17  Fed. R. Civ. P. 60(b). Rule 59(e) applies to bankruptcy proceedings under Federal Rule of

18  Bankruptcy Procedure 9023, and Rule 60 applies to bankruptcy proceedings under Federal Rule of

19  Bankruptcy Procedure 9024. *Ceniceros v. Yaqub (In re Ceniceros)*, No. CC-11-1143-DHPa, 2012

20  Bankr. LEXIS 2563, at *22 (B.A.P. 9th Cir. June 5, 2012). Motions to reconsider orders filed

21  within the time for appeal are predominantly evaluated by Rule 59(e). *See Dicker v. Dye (In re*

22  *Edelman)*, 237 B.R. 146, 150-51 (9th Cir. BAP 1999), (citing *Wood, Trustee v. Richmond (In re*

23  *Branding Iron Steak House),* 536 F.2d 299 (9th Cir. 1976) (under the former Bankruptcy Act)).[6]

24          Rule 59(e) allows a party to seek reconsideration where: (1) there has been an intervening

25

26          [6] Alternatively, should this Motion be analyzed under Federal Rule of Civil Procedure 60,
    made applicable through Federal Rule of Bankruptcy Procedure 9024, relief should still be granted.
27  Rule 60 provides that "[o]n motion and just terms, the court may relief a party or its legal
    representative from a final judgment, order, or proceeding [based upon] mistake, inadvertence,
28  surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1).

1    change in controlling law; (2) new evidence has become available; or (3) there is a need to prevent

2    manifest injustice or to correct a clear error of fact or law.  Fed. R. Civ. P. 59(e); Fed. R. Bankr. P.

3    9023; *In re Conex Holdings, LLC*, 524 B.R. 55, 58 (Bankr. D. Del. 2015).  Courts in the Ninth

4    Circuit have granted motions for reconsideration when newly discovered evidence is discovered.

5    *See, e.g.*, *U.S. Bank Nat'l Ass'n v. Thunder Props.,* No. 3:17-cv-00106-MMW-WGC, 2019 U.S.

6    Dist. LEXIS 80845, at *7 (D. Nev., May 13, 2019) (granting a motion for reconsideration when a

7    second assessment was discovered that was not initially introduced); *Anderson v. Credit One*

8    *Bank, Nat'l Ass'n*, No. 16cv3125-MMA (AGS), 2018 U.S. Dist. LEXIS 84189, at *12 (S.D. Cal.

9    May 17, 2018) (granting a motion for reconsideration in light of newly discovered evidence in the

10   form of deposition testimony); *Brady v. Grendene USA, Inc.*, No. 12-CV-604-GPC-KSC, 2015

11   U.S. Dist. LEXIS 72551, 2015 WL 3539702, at *3 (S.D. Cal. June 3, 2015) ("[T]he Court finds it

12   appropriate to consider [Defendant's] motion [for reconsideration] based on the fact that the

13   factual record has expanded").

14       **B.      Reconsideration of the Court's Order is Warranted Based on the Newly**

15               **Discovered Evidence of Richards's Barrage of Extra-Judicial Social Media**

16               **Posts and Public Statements**

17           Since the date of Mr. Richards's appointment as special counsel, his posting of numerous

18   tweets on Twitter and other social media appearances warrant reconsideration of the Court's prior

19   Order.  First, the newly discovered information demonstrates that Mr. Richards has repeatedly

20   violated his ethical obligations by publicly and unnecessarily commenting on this pending

21   proceeding, criticizing Ms. Girardi's integrity, and responding to give credence to wholly

22   unsupported and false statements critical of Ms. Girardi—all of which has the intent and impact of

23   prejudicing his social media followers and the public to accept as probably true facts.  Second, the

24   newly discovered evidence establishes that Mr. Richards failed to disclose material connections

25   with the debtor, creditors, and other parties in interest in this proceeding.  Given that Mr. Richards

26   exhibits complete disregard for his ethical obligations as special counsel to the Trustee in this

27   matter, he should be disqualified from serving in the role as special counsel to the Trustee.

28

NOTICE OF MOTION AND MOTION FOR RECONSIDERATION OF ORDER GRANTING CHAPTER 7
TRUSTEE'S APPLICATION TO EMPLOY THE LAW OFFICES OF RONALD RICHARDS & ASSOCIATES,
A.P.C. AS SPECIAL LITIGATION COUNSEL

1          **1.      Mr. Richards's Recent Behavior Violates California Ethics Rules**

2          Mr. Richards's actions since being appointed as special counsel violate California Business

3  and Professions Code § 6068 and Rule 3.6 of the California Rules of Professional Conduct.  Even

4  after being appointed as special counsel to the Trustee, Mr. Richards has continued to comment

5  publicly on this case in social media.  *See* **Exhibit 1**.  His public social media comments

6  improperly impugn Ms. Girardi, and insinuate and surmise false information about Ms. Girardi's

7  and her counsel's actions in this case and their business relationship.  Mr. Richards's public

8  comments about a pending investigation violate California Business and Professions Code § 6068

9  and Rule 3.6 of the California Rules of Professional Conduct.  Accordingly, this Court should find

10 that Mr. Richards is unfit and should be disqualified from serving as counsel to a federal

11 bankruptcy trustee, and appoint new counsel.

12         California Business and Professions Code § 6068 sets forth the duties of a California

13 attorney, including the following duties:

14
       (b) To maintain the respect due to the courts of justice <u>and judicial officers</u>.
15
       …
16     (f)  To advance no fact prejudicial to the honor or reputation of a party or
       witness…. [and]
17     (g)  Not to encourage either the commencement or the continuance of an action or
       proceeding from any corrupt motive of passion or interest.
18
Cal. Bus. & Prof. Code § 6068 (emphasis added).
19
20         Most importantly, Rule 3.6 of the California Rules of Professional Conduct restricts an

21 attorney's ability to comment publicly about an ongoing litigation or investigation.  Rule 3.6

22 provides:

23     [a] lawyer who is participating or has participated in the investigation of a matter
       shall not make an extrajudicial statement that the lawyer knows or reasonably
24     should know will (i) be disseminated by means of public communication and (ii)
       have a substantial likelihood of materially prejudicing an adjudicative proceeding
25     in the matter.

26
California Rule of Professional Conduct 3.6.
27
28         Mr. Richards's extrajudicial statements, including his tweets, directly violate Cal. Bus. &

-16-

1   Prof. Code § 6068(b), (f) and (g).  Mr. Richards has publicly and falsely commented on the case

2   and is publicly advancing and insinuating facts disrespectful to counsel and prejudicial to Ms.

3   Girardi.  *See* **Exhibit 1**.  His public comments also show that he solicited his position as special

4   counsel, and is commencing and continuing his vendetta against Ms. Girardi through some strange

5   obsession with her and this case.  Mr. Richards has gone so far as to substantiate comments made

6   by the general public, which have no basis in fact or support in any evidence or pleadings

7   presented to this Court.  *Id*.  Again, no claims have been brought by Mr. Richards against Ms.

8   Girardi in this litigation, yet Mr. Richards has continued to make repeated comments on Twitter

9   that are false, inflammatory and constitute harassment of Ms. Girardi.

10          Indeed, in his June 16, 2021 interview, Mr. Richards appears to acknowledge his ethical

11  obligations due to his "different role" as special counsel to the Trustee in this case, but proceeds to

12  disregard those obligations completely:

13
14          Let me preface with, my comments are directed at the motion to withdraw filed in
            the individual Thomas Girardi bankruptcy. I'm gonna stay away from the Girardi
            Keese estate, the  one that I'm involved with, **but for, let me let you in on a little**
15          **secret, the motions are identical**. But for the record, I'm just gonna comment on
            the case I'm not involved in.
16

17  YouTube Interview at https://www.youtube.com/watch?v=SIFk3-hoVU8 at 3:00-3:22.

18          Mr. Richards almost mockingly states that he must "stay away" from commenting on this

19  proceeding, as he is ethically required to do, but then proceeds to advise the listeners that

20  everything he says regarding the Thomas Girardi bankruptcy applies equally to this case.

21          Mr. Richards's statements display a lack of respect for the court and judicial officers,

22  repeatedly advance prejudicial and false statements designed to impugn Ms. Girardi's reputation,

23  and appear to be motivated by his focus on promoting himself on social media.  His social media

24  posts go far beyond permitted statements by a lawyer regarding basic facts about a matter, and

25  instead, rise to the level of weighing in on details of documents filed and appearing to put his

26  stamp of approval on blatantly false statements about alleged actions taken by Ms. Girardi or her

27  counsel.  Mr. Richards appears intent on litigating his theory of the case, a case that has not even

28  been filed against Ms. Girardi, in the public eye.

-17-

1   Moreover, because Ms. Girardi has a right to a jury trial in any future adversary proceeding

2   brought by the Trustee, Mr. Richards's public statements are a blatant attempt to prejudice any

3   prospective jury pool against Ms. Girardi.  Indeed, all of Mr. Richards's statements are designed to

4   bias the public against Ms. Girardi, as evidenced by his practice of ending his tweets about her

5   Moreover, because Ms. Girardi has a right to a jury trial in any future adversary proceeding

6   brought by the Trustee, Mr. Richards's public statements are a blatant attempt to prejudice any

7   prospective jury pool against Ms. Girardi.  Indeed, all of Mr. Richards's statements are designed to

8   bias the public against Ms. Girardi, as evidenced by his practice of ending his tweets about her

9   with "#girardifraud".  *See, e.g.,*  **Exhibit 1** at p. 39.

10   While Mr. Richards has a First Amendment right to comment on Twitter, the California

11   Rules of Professional Conduct expressly restrict that right as to a pending investigation or legal

12   proceeding.  Nor does Mr. Richards have a First Amendment right to be special counsel to a

13   chapter 7 trustee appointed by the Office of the United States Trustee.  In this case, Mr. Richards's

14   public comments after being appointed special counsel demonstrate that he has violated Rule 3.6

15   of the California Rules of Professional Conduct and Section 6068 of the California Business and

16   Professions Code.  Accordingly, this Court should reconsider its prior Order approving Mr.

17   Richards' employment, order that Mr. Richards is disqualified from and cannot serve as special

18   counsel to the Trustee in this proceeding, and permit the Trustee to file a  new application to

19   appoint independent special counsel who is willing and able to comply with the ethical rules and

20   otherwise act in a professional manner focused on acting in the best interests of the bankruptcy

21   estate.

22   **2.     Mr. Richards Failed to Comply With His Required Disclosure**

23   **Obligations**

24   Independently, reconsideration of the Court's Order is warranted based on new information

25   evidencing that Mr. Richards failed to comply with his required disclosure obligations under

26   Bankruptcy Rule 2014.  Specifically, new evidence shows that Mr. Richards failed to disclose to

27   this Court his significant involvement in a recent documentary about Girardi Keese, Mr. Girardi,

28   and Ms. Girardi, as well as parties in interest in this case, including petitioning creditor Kimberly

1  Archie.

2      Federal Rule of Bankruptcy Procedure 2014(a) requires an employment application to

3  state, among other things, "all of … [the proposed professional's] connections with the debtor,

4  creditors, [and] any other party in interest …."  The professional is further required to submit a

5  verified statement with these same disclosures.  Full disclosure is required for both employment

6  and compensation.  *Neben & Starrett, Inc. v. Chartwell Fin. Corp. (In re Park– Helena Corp.)*, 63

7  F.3d 877, 881 (9th Cir. 1995). A professional has a duty to make full, candid and complete

8  disclosure of all facts concerning his transactions with the debtor, and must disclose all

9  connections with the debtor, creditors, and parties in interest, no matter how irrelevant or trivial

10  those connections may seem. *Mehdipour v. Marcus & Millichap (In re Mehdipour)*, 202 B.R. 474,

11  480 (9th Cir. BAP 1996).

12      The Ninth Circuit mandates that courts apply strictly the disclosure requirements of Rule

13  2014.  *Neben & Starrett*, 63 F.3d at 881- 882.  Even negligent or inadvertent failures may result in

14  adverse consequences.  *Id.* at 882.  Failure to comply with Rule 2014's disclosure requirements

15  warrants the denial or revocation of employment or other sanctions "even if proper disclosure

16  would have shown that the attorney had not actually violated any Bankruptcy Code provision or

17  any Bankruptcy Rule." *Id.* at 880 (lower court did not abuse its discretion in denying fees to

18  debtor's counsel, given failure to disclose source of retainer in violation of Rule 2014).  *See also*

19  *Kun v. Mansdorf*, 558 F. App'x 755, 756 (9th Cir. 2014) (bankruptcy court acted within its

20  discretion by denying debtor's attorney's fee application and ordering disgorgement of retainer

21  where attorney failed to disclose material facts to the bankruptcy court); *In re NNN 400 Capital*

22  *Center 16, LLC*,  619 B.R. 802, 816 (Bankr. D. Del. 2020) (grounds existed to revoke retention of

23  law firm as special counsel to Chapter 11 debtors, to disqualify firm from acting as counsel to

24  debtors, and to order disgorgement of all fees and expenses paid or to be paid, based on firm's

25  disclosure violations); *In re Southern Kitchens, Inc.*, 216 B.R. 819, 834 (Bankr. D. Minn. 1998)

26  (nondisclosure of counsel's past representation of debtor's shareholders in Chapter 7 trustee's

27  application for employment of special counsel violated bankruptcy rule governing applications for

28  employment of professional persons and warranted disqualification of special counsel).

-19-

Courts in the Central District routinely disqualify professionals from employment, deny professionals' fee requests, or order disgorgement of fees for failure to make proper and full disclosures under Rule 2014. *See, e.g., In re Priv. Asset Grp., Inc.*, 579 B.R. 534, 542-43 (Bankr. C.D. Cal. 2017) (finding that trustee's special counsel subject to disgorgement of fees for violation of Rule 2014 disclosure requirements, noting, "[a] professional cannot pick and choose what connections are trivial or irrelevant but must disclose all connections"); *In re Kings River Resorts, Inc.*, 342 B.R. 76, 89 (Bankr. E.D. Cal.2006) (remedy for real estate broker's failure to disclose, at time of application for employment by Chapter 7 trustee, its prior prepetition relationship with debtor, was disqualification from employment and denial of administrative fees); *In re Imperial Corp. of America, Bkrtcy.*, 181 B.R. 501, 508 (Bankr. S.D. Cal. 1995) (law firm's failure to disclose interests adverse to Chapter 11 debtor at time it sought appointment as special counsel warranted holding firm liable for cost of fee disgorgement proceeding brought when trustee discovered conflict).

In this case, Mr. Richards's disclosure in the Application of his alleged disinterestedness and connections to this matter consisted solely of the following:

> The firm is a small firm and Ronald Richards reviews all matters whrein [sic] the firm is employed or is potentially employed. Richards has determined that the only case in which Richards is involved which has any connection to the Debtor or Thomas Girardi is that Richards is co-counsel with Spertus, Landes & Umhofer, LLP in conection [sic] with its representation of creditors the Law Offices of Philip Sheldon and The Law Offices of Robert Finn in connection with their claims for unpaid referral fees by the Debtor [emphasis added].

*See Statement of Disinterestedness for Employment of Professional Person Under FRBP 2014* attached to the Application [ECF No. 318], Q. 5 on p. 7 of 30.

Absent from the Application is any disclosure whatsoever by Mr. Richards of his significant connection—including 16 hours of taped interviews of Mr. Richards—to the documentary released on June 12, 2021, about Girardi Keese, Mr. Girardi, and Ms. Girardi, which also featured petitioning creditor Kimberly Archie. Rather than disclose these material connections to this proceeding and the parties in interest to the Court, Mr. Richards waited until after his employment was approved, and then, on June 18, 2021, tweeted about his involvement

-20-

1   with the documentary, including his involvement in the production and his 16 hours of taped

2   interviews, which he lamented were cut from the documentary due to his possible appointment as

3   special counsel.  **Exhibit 1** at p. 43.  Regardless of whether Mr. Richards ended up appearing in

4   the documentary, his after-the-fact admission of a material role in the production and connection

5   with the individuals involved (such as petitioning creditor Kimberly Archie) is a blatant omission

6   of a material fact known to Mr. Richards which he intentionally failed to disclose to this Court

7   under Rule 2014.  Accordingly, Mr. Richards's failure to disclose such a material connection to

8   the parties in interest in this case violated his obligations under Rule 2014 and warrants both

9   reconsideration and vacating of the Order approving him as special counsel to the Trustee.

10  **IV.    <u>CONCLUSION</u>**

11          Based on the foregoing, Ms. Girardi requests that the Court reconsider and vacate its

12  prior Order granting the Trustee's application to employ Ronald Richards as special litigation

13  counsel, and permit the Trustee to apply to retain replacement counsel who are independent,

14  objective, not conflicted, willing to comply with the ethical rules governing attorneys, and who

15  will respect the integrity of the proceedings before this Court.

16  DATED:  June 24, 2021              GREENBERG GROSS LLP

17

18                                     By: _____

19                                         Evan C. Borges

20                                         Attorneys for Party-in-Interest Erika Girardi

21

22

23

24

25

26

27

28

NOTICE OF MOTION AND MOTION FOR RECONSIDERATION OF ORDER GRANTING CHAPTER 7
TRUSTEE'S APPLICATION TO EMPLOY THE LAW OFFICES OF RONALD RICHARDS & ASSOCIATES,
A.P.C. AS SPECIAL LITIGATION COUNSEL

## <u>DECLARATION OF EVAN C. BORGES</u>

I, Evan C. Borges, declare:

1.      I am a partner with the law firm Greenberg Gross LLP, counsel to Party-In-Interest Erika Girardi ("Ms. Girardi") in this proceeding.  I submit this declaration in support of Ms. Girardi's Motion for Reconsideration of Order Granting Chapter 7 Trustee's Application to Employ the Law Offices of Ronald Richards & Associates, A.P.C. as Special Litigation Counsel.  I have personal knowledge of the facts in this declaration and, if called as a witness, could and would testify competently thereto.

2.      Attached hereto as Exhibit 1 is a compilation of tweets from Ronald Richards regarding this proceeding and individuals involved in this proceeding from his Twitter account dating back to June 2, 2021.

3.      As of today's date, Mr. Richards's profile on his Twitter account, @RonaldRichards, now states that he has over 16,000 followers.

4.      Attached hereto as Exhibit 2 is a compilation of tweets from Scott Hanson regarding this proceeding and individuals involved in this proceeding from his Twitter account dating back to June 13, 2021.

5.      The YouTube Interview referenced in the tweet from Mr. Richards dated June 16, 2021, which is cited in the motion accompanying this Declaration, appeared on a YouTube channel called "Up and Adam!" with a URL link that can be accessed at: https://www.youtube.com/watch?v=SIFk3-hoVU8.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: June 24, 2021                    _____

                                                        Evan C. Borges

# EXHIBIT 1

EXHIBIT 1
-23-



EXHIBIT 1
-24-

scott hanson @scottha69161959 · Jun 8

@RonaldRichards Mr Richards, it will be understood by your followers if you are unable to keep us informed on the Girardi case if Erika is able to get her gag order. I'm sure I can speak for many of your followers that we know you do your best to right this wrong .

💬 1                ⟲                ♡ 7                ⬆

**Ronald Richards**
@RonaldRichards                                                ···

Replying to @scottha69161959

Don't worry Scott we will be covering it all and I was appointed today so let's just keep moving forward and working collaboratively to get to the right result

9:17 PM · Jun 8, 2021 · Twitter for iPhone

**1** Retweet   **15** Likes

💬                ⟲                ♡                ⬆

scott hanson @scottha69161959 · Jun 8                        ···
Replying to @RonaldRichards

EXHIBIT 1
-25-



EXHIBIT 1
-26-



EXHIBIT 1
-27-



**Kimberly Archie** ✔ @kimberlyarchie · Jun 9                              ···
No shit, that's why victims have hired hired competent attorneys, we didn't
hire you. Don't make it seem like your for victims now after how you treated
me and Kathy Ruigomez on Twitter. Released a voicemail of a victim's
AGAINST their wishes. Save it, Ronald.

💬 4          ⟲          ♡          ⬆

**Ronald Richards** @RonaldRichards · Jun 9                              ···
Kimberly, to call yourself a victim is abusive to the word.  You received fees
from client settlements derived from Girardi.  You are a creditor who didn't
get their fees paid but you never identify what entitled to you money in the
first place.  Your settlement was never stolen.

💬 3          ⟲          ♡ 8          ⬆

**Kimberly Archie** ✔ @kimberlyarchie · Jun 9                              ···
Sounds like you have no clue what you are talking about. The money for the
claim is for legal fees to a law firm related to my son's death, NOT fees owe
to me. Interesting how you speak to those you claim to be going after Erika
for. You're a clown.

💬 3          ⟲          ♡          ⬆

**Ronald Richards** @RonaldRichards · Jun 9                              ···
you filed your claim for you, not a straw claimant.  Stop thinking everyone is
naive.  I get it, you don't want to answer my questions about your roll with
Girardi or your claim.  I am not going to resort to name calling so if you go
there I will just block you.

💬 2          ⟲          ♡ 6          ⬆

**Kimberly Archie** ✔ @kimberlyarchie · Jun 9                              ···
Block a creditor lmao

💬 2          ⟲          ♡          ⬆

**L G** @GigHarborRes · Jun 9                              ···
Kimberly, how are you a creditor?

💬 1          ⟲          ♡          ⬆

**Kimberly Archie** ✔ @kimberlyarchie · Jun 9                              ···
I filed a claim for the money Tom owes in legal fees to a law firm In
Massachusetts related to me son's death.

💬 1          ⟲          ♡          ⬆

EXHIBIT 1
-28-

Kimberly Archie ✔ @kimberlyarchie · Jun 9
I filed a claim for the money Tom owes in legal fees to a law firm In Massachusetts related to me son's death.

♡ 1        ↻        ♡        ⬆

Ronald Richards @RonaldRichards · Jun 9
why would you file that claim?  you have no standing.  why wouldn't the law firm file it themselves?

♡ 3        ↻        ♡ 2        ⬆

Kimberly Archie ✔ @kimberlyarchie · Jun 9
The contract says otherwise, but hey, you know it all. Lmao

♡ 1        ↻        ♡        ⬆

Ronald Richards @RonaldRichards · Jun 9
had you posted the contract with your claim, we would know but you didn't provide any backup.

♡ 3        ↻        ♡ 3        ⬆

Kimberly Archie ✔ @kimberlyarchie · Jun 9
I didn't file the claim, my lawyer did. But we've covered this before.

♡ 1        ↻        ♡        ⬆

Ronald Richards
@RonaldRichards

Replying to @kimberlyarchie @GigHarborRes and @ByLaurenBerg

it is missing essential documents but you know that.

4:51 PM · Jun 9, 2021 · Twitter Web App

1 Quote Tweet    1 Like

♡        ↻        ♡        ⬆

Kimberly Archie ✔ @kimberlyarchie · Jun 9
Replying to @RonaldRichards @GigHarborRes and @ByLaurenBerg
Not missing because of anything I did or didn't do, so there's that.

♡        ↻        ♡        ⬆

EXHIBIT 1
-29-



EXHIBIT 1
-30-



**Ronald Richards** @RonaldRichards · Jun 9

anyone his free to hire their counsel of choice and pursue any non debtor. retaining a competent and effective attorney generally helps all creditors in any bk estate so improperly diverted assets can be returned to the estate.

💬 3          ↻          ♡ 14          ⬆

**Kimberly Archie** ✓ @kimberlyarchie · Jun 9

No shit, that's why victims have hired hired competent attorneys, we didn't hire you. Don't make it seem like your for victims now after how you treated me and Kathy Ruigomez on Twitter. Released a voicemail of a victim's AGAINST their wishes. Save it, Ronald.

💬 4          ↻          ♡          ⬆

**L G** @GigHarborRes · Jun 9

TG & GK are under the protection of a bankruptcy thus preventing all creditors from attempting to collect debts directly.  The victims cannot pursue TG or GK at this point, they are now represented by the trustee. (Ron is not the trustee, as inaccurately stated in some articles)

💬 1          ↻          ♡ 1          ⬆

**Kimberly Archie** ✓ @kimberlyarchie · Jun 9

You are talking to one of the creditors that sued him into BK. I could give a @TEDTalks on this topic

💬 1          ↻          ♡          ⬆

**Ronald Richards**
@RonaldRichards

Replying to @kimberlyarchie @GigHarborRes and 2 others

You actually petitioned and had he disputed your "claim" he would not be in bk.  your claim literally has no back up.

4:38 PM · Jun 9, 2021 · Twitter Web App

2 Likes

💬          ↻          ♡          ⬆

**Kimberly Archie** ✓ @kimberlyarchie · Jun 9

Replying to @RonaldRichards @GigHarborRes and 2 others

Keep digging yourself a hole. I'm loving this.

EXHIBIT 1
-31-



EXHIBIT 1
-32-



EXHIBIT 1
-33-



EXHIBIT 1
-34-



**Kimberly Archie** ✔ @kimberlyarchie · Jun 11

Lmao I have been a public figure for years. She's a stalker. That's my opinion. She's had dozens of Twitter accounts over many years. She's made the same accusations since '14. She's related to my claim so this is interesting. Keep interacting w/her, it'll work out great for me.

**Ronald Richards** @RonaldRichards · Jun 11

no idea you have any active claims other than your incomplete creditor's claim.

**Kimberly Archie** ✔ @kimberlyarchie · Jun 11

casetext.com/case/de-lench-...

**Ronald Richards** @RonaldRichards · Jun 11

Wow, this is great stuff.  why did finnerty represent you from ACTS?  Your case settled, this is not an open claim.  This is really good, I am enjoying this docket.

EXHIBIT 1
-35-



EXHIBIT 1
-36-



EXHIBIT 1
-37-



EXHIBIT 1
-38-



**Ronald Richards**
@RonaldRichards

Erika's Legal Counsel Drops Her Due To "Lack Of Trust!"
Ft. Power Attorn... youtu.be/SIFk3-hoVU8 via @YouTube
Just finished a great interview with Up and Adam who
wanted to get the DL on yesterday's momentous
procedural developments in #girardifraud.

> Erika's Legal Counsel Drops Her Due To "Lack Of Trust!" Ft. P...
> The Real Housewives of Beverly Hills are back! Thats right and
> season 11 is coming in with a BANG! Don't forget to ...
> 🔗 youtube.com

11:54 AM · Jun 16, 2021 · Twitter Web App

16 Retweets    2 Quote Tweets    156 Likes

EXHIBIT 1
-39-



**Ronald Richards** @RonaldRichards · Jun 15    ···

BREAKING NEWS:  Erika Girardi's attorney moves to withdraw from representation in the Girardi Keese bankruptcy including against the Special Litigation Counsel.  Motion below.
documentcloud.org/documents/2089...

💬 126        ⟲ 149        ♡ 583        ⬆️

**Suez** 😎 @foremanatorsooz · Jun 15    ···

Could this be a strategic plan of TG & EJ somehow? Withholding information from her attorneys knowing they would step away from representing her? And what does this do in the process of bankruptcy?

💬 2        ⟲        ♡ 10        ⬆️

**duchess of alba**    ···
@duchessofalba

Replying to @foremanatorsooz and @RonaldRichards

## Seriously, what would happen if Tom were to die in the middle of all this?

6:20 PM · Jun 15, 2021 · Twitter for iPhone

**11** Likes

💬        ⟲        ♡        ⬆️

**Ronald Richards** @RonaldRichards · Jun 15    ···

Replying to @duchessofalba and @foremanatorsooz

he is basically legally dead.

💬 2        ⟲ 2        ♡ 21        ⬆️

EXHIBIT 1
-40-



EXHIBIT 1



EXHIBIT 1
-42-



EXHIBIT 1
-43-



EXHIBIT 1



EXHIBIT 1
-45-



**Ronald Richards** @RonaldRichards · Jun 18

BREAKING:  Girardi mansion listing price lowered by $1.5m to $11.5M. As we have repeatedly said, the property was worth no where close to the orig. estimate of $16M.  This means that there will be lot less money from this asset. Trustee is pricing to sell.



100 Los Altos DR, PASADENA CA 91105 -4 Bed 9 (1...
100 Los Altos was built in 1928 by one of Pasadena's most revered historic architects, Myron Hubbard ...
🔗 guests.themls.com

💬 50          🔁 32          ❤️ 191          ⬆️

EXHIBIT 1



**Brandon Lowrey** @brandonous · Jun 18    •••
New: Erika Girardi's companies received $20M in loans from her husband's
firm, Girardi Keese, and she may have received "improper" fees from a GK
client settlement, according to a filing today by
@RonaldRichards



Girardi Keese Loaned $20M To Erika Girardi's Biz, A...
Reality television star Erika Girardi's companies may
have received over $20 million in loans from her ...
🔗 law360.com

💬 18        ⇄ 30        ♡ 123        ⬆️



**christine** @NYC4691 · Jun 19    •••
Nothing says she knew where the money came from, meaning, thinking it
was Tom's legit money. The divorce is not illegal to do...not clear if she tried
to hide/sell assets.

I don't believe she knew. WHY would her attys. stay with her?

💬 8        ⇄        ♡ 2        ⬆️



**Ronald Richards** @RonaldRichards · Jun 19    •••
$$$

💬 3        ⇄        ♡ 19        ⬆️

EXHIBIT 1



EXHIBIT 1
-48-

 **Ronald Richards**
8,556 Tweets





## Ronald Richards
@RonaldRichards

I am a practicing attorney in an LA and DC practice. I share insights on national cases. Former NBC News Legal Analyst, Special Counsel, Girardi Keese BK case.

⌖ LA/DC    🔗 ronaldrichards.com    📅 Joined June 2009

**122** Following    **16K** Followers

Not followed by anyone you're following

| Tweets | Tweets & replies | Media | Likes |
| --- | --- | --- | --- |

 **Ronald Richards** @RonaldRichards · 3h    ···
Special Litigation Counsel just filed this motion for examination for Erika Jayne's accountant and business manager.
documentcloud.org/documents/2097...

💬 20          🔁 14          ♡ 104          ⬆

EXHIBIT 1
-49-



**Ronald Richards** @RonaldRichards · 15h      •••

How 'The Real Housewives' glam arms race gets its cast into hot water



How 'The Real Housewives' glam arms race gets its cast into hot water

Bravo's glittery reality franchise has always encouraged competitive
consumption. But cast members' financial "smoke and mirrors" can lea...

🔗 latimes.com

💬 6          🔁 16          ♡ 80          ⬆

EXHIBIT 1

-50-

# EXHIBIT 2

EXHIBIT 2
-51-



EXHIBIT 2



EXHIBIT 2
-53-



EXHIBIT 2
-54-



EXHIBIT 2
-55-



EXHIBIT 2
-56-



EXHIBIT 2
-57-



EXHIBIT 2
-58-



EXHIBIT 2



EXHIBIT 2
-60-

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

650 Town Center Drive, Suite 1700
Costa Mesa, CA 92626

A true and correct copy of the foregoing document entitled (*specify*): ***Notice Of Motion And Motion For Reconsideration Of Order Granting Chapter 7 Trustee's Application To Employ The Law Offices Of Ronald Richards & Associates, A.P.C. As Special Litigation Counsel; Memorandum Of Points And Authorities; Declaration Of Matthew C. Wasserman In Support Thereof, And Exhibits*** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **June 24, 2021**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒      Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On **June 24, 2021** I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒      Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **June 24, 2021**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒      Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

 6/24/2021  Cheryl Winsten                                    *[signature]*
 Date                          Printed Name                          Signature

-23-

1
2
3

### In re GIRARDI KEESE
Case No. 2:20-bk-21022-BR
U.S.B.C. Central District of California
Los Angeles Division

4    **1.    <u>SERVED VIA NOTICE OF ELECTRONIC FILING (NEF)</u>**:

5    Kyra E Andrassy on behalf of Plaintiff Elissa Miller
     kandrassy@swelawfirm.com,
6    lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com

7    Rafey Balabanian on behalf of Creditor Edelson PC
     rbalabanian@edelson.com, docket@edelson.com
8
     Michelle Balady on behalf of Creditor Bedford Law Group, APC
9    mb@bedfordlg.com, leo@bedfordlg.com

10   William C Beall on behalf of Interested Party Mullen & Henzell, LLP
     will@beallandburkhardt.com, carissa@beallandburkhardt.com
11
     William C Beall on behalf of Interested Party Shane Horton
12   will@beallandburkhardt.com, carissa@beallandburkhardt.com

13   Ori S Blumenfeld on behalf of Creditor Jaime Ruigomez
     Ori@MarguliesFaithLaw.com,
14   Helen@MarguliesFaithLaw.com;Angela@MarguliesFaithLaw.com;Vicky@MarguliesFaithLaw.c
     om
15
     Ori S Blumenfeld on behalf of Creditor Joseph Ruigomez
16   Ori@MarguliesFaithLaw.com,
     Helen@MarguliesFaithLaw.com;Angela@MarguliesFaithLaw.com;Vicky@MarguliesFaithLaw.c
17   om

18   Ori S Blumenfeld on behalf of Creditor Kathleen Ruigomez
     Ori@MarguliesFaithLaw.com,
19   Helen@MarguliesFaithLaw.com;Angela@MarguliesFaithLaw.com;Vicky@MarguliesFaithLaw.c
     om
20
     Ori S Blumenfeld on behalf of Defendant ABIR COHEN TREYZON SALO, LLP, a California
21   limited liability partnership
     Ori@MarguliesFaithLaw.com,
22   Helen@MarguliesFaithLaw.com;Angela@MarguliesFaithLaw.com;Vicky@MarguliesFaithLaw.c
     om
23
     Ori S Blumenfeld on behalf of Defendant Boris Treyzon Esq
24   Ori@MarguliesFaithLaw.com,
     Helen@MarguliesFaithLaw.com;Angela@MarguliesFaithLaw.com;Vicky@MarguliesFaithLaw.c
25   om

26   Ori S Blumenfeld on behalf of Interested Party Courtesy NEF
     Ori@MarguliesFaithLaw.com,
27   Helen@MarguliesFaithLaw.com;Angela@MarguliesFaithLaw.com;Vicky@MarguliesFaithLaw.c
     om
28

NOTICE OF MOTION AND MOTION FOR RECONSIDERATION OF ORDER GRANTING CHAPTER 7
TRUSTEE'S APPLICATION TO EMPLOY THE LAW OFFICES OF RONALD RICHARDS & ASSOCIATES,
A.P.C. AS SPECIAL LITIGATION COUNSEL

Richard D Buckley on behalf of Interested Party L.A. Arena Funding, LLC
richard.buckley@arentfox.com

Marie E Christiansen on behalf of Creditor KCC Class Action Services, LLC
mchristiansen@vedderprice.com, ecfladocket@vedderprice.com,marie-christiansen-
4166@ecf.pacerpro.com

Jennifer Witherell Crastz on behalf of Creditor Wells Fargo Vendor Financial Services, Inc.
jcrastz@hrhlaw.com

Jennifer Witherell Crastz on behalf of Creditor Wells Fargo Vendor Financial Services, LLC
jcrastz@hrhlaw.com

Ashleigh A Danker on behalf of Interested Party Courtesy NEF
Ashleigh.danker@dinsmore.com,
SDCMLFiles@DINSMORE.COM;Katrice.ortiz@dinsmore.com

Clifford S Davidson on behalf of Creditor California Attorney Lending II, Inc.
csdavidson@swlaw.com, jlanglois@swlaw.com;cliff-davidson-7586@ecf.pacerpro.com

Lei Lei Wang Ekvall on behalf of Interested Party Courtesy NEF
lekvall@swelawfirm.com,
lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com

Lei Lei Wang Ekvall on behalf of Plaintiff Elissa Miller
lekvall@swelawfirm.com,
lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com

Lei Lei Wang Ekvall on behalf of Trustee Elissa Miller (TR)
lekvall@swelawfirm.com,
lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com

Richard W Esterkin on behalf of Creditor Southern California Gas Company
richard.esterkin@morganlewis.com

Richard W Esterkin on behalf of Interested Party Courtesy NEF
richard.esterkin@morganlewis.com

Timothy W Evanston on behalf of Interested Party Courtesy NEF
tevanston@swelawfirm.com,
gcruz@swelawfirm.com;lgarrett@swelawfirm.com;jchung@swelawfirm.com

Timothy W Evanston on behalf of Plaintiff Elissa Miller
tevanston@swelawfirm.com,
gcruz@swelawfirm.com;lgarrett@swelawfirm.com;jchung@swelawfirm.com

Timothy W Evanston on behalf of Trustee Elissa Miller (TR)
tevanston@swelawfirm.com,
gcruz@swelawfirm.com;lgarrett@swelawfirm.com;jchung@swelawfirm.com

Jeremy Faith on behalf of Interested Party Courtesy NEF
Jeremy@MarguliesFaithlaw.com,
Helen@MarguliesFaithlaw.com;Angela@MarguliesFaithlaw.com;Vicky@MarguliesFaithlaw.com

-25-

1

2    James J Finsten on behalf of Interested Party Courtesy NEF
, jimfinsten@hotmail.com

3    Alan W Forsley on behalf of Interested Party Courtesy NEF
alan.forsley@flpllp.com, awf@fkllawfirm.com,awf@fl-lawyers.net,addy.flores@flpllp.com
4

5    Eric D Goldberg on behalf of Creditor Stillwell Madison, LLC
eric.goldberg@dlapiper.com, eric-goldberg-1103@ecf.pacerpro.com

6

7    Andrew Goodman on behalf of Attorney William F Savino
agoodman@andyglaw.com, Goodman.AndrewR102467@notify.bestcase.com

8    Andrew Goodman on behalf of Petitioning Creditor Erika Saldana
agoodman@andyglaw.com, Goodman.AndrewR102467@notify.bestcase.com
9

10   Andrew Goodman on behalf of Petitioning Creditor Jill O'Callahan
agoodman@andyglaw.com, Goodman.AndrewR102467@notify.bestcase.com

11   Andrew Goodman on behalf of Petitioning Creditor John Abassian
agoodman@andyglaw.com, Goodman.AndrewR102467@notify.bestcase.com
12

13   Andrew Goodman on behalf of Petitioning Creditor Kimberly Archie
agoodman@andyglaw.com, Goodman.AndrewR102467@notify.bestcase.com

14   Andrew Goodman on behalf of Petitioning Creditor Robert M. Keese
agoodman@andyglaw.com, Goodman.AndrewR102467@notify.bestcase.com
15

16   Andrew Goodman on behalf of Petitioning Creditor Virginia Antonio
agoodman@andyglaw.com, Goodman.AndrewR102467@notify.bestcase.com

17   Suzanne C Grandt on behalf of Interested Party Courtesy NEF
suzanne.grandt@calbar.ca.gov, joan.randolph@calbar.ca.gov
18

19   Steven T Gubner on behalf of Interested Party Courtesy NEF
sgubner@bg.law, ecf@bg.law

20   Marshall J Hogan on behalf of Creditor California Attorney Lending II, Inc.
mhogan@swlaw.com, knestuk@swlaw.com
21

22   Sheryl K Ith on behalf of Creditor Daimler Trust
sith@cookseylaw.com, sith@ecf.courtdrive.com

23   Razmig Izakelian on behalf of Creditor Frantz Law Group, APLC
razmigizakelian@quinnemanuel.com
24

25   Lewis R Landau on behalf of Creditor Virage SPV 1, LLC
Lew@Landaunet.com

26   Lewis R Landau on behalf of Interested Party Courtesy NEF
Lew@Landaunet.com
27

28   Daniel A Lev on behalf of Interested Party Courtesy NEF
dlev@sulmeyerlaw.com, ccaldwell@sulmeyerlaw.com;dlev@ecf.inforuptcy.com

NOTICE OF MOTION AND MOTION FOR RECONSIDERATION OF ORDER GRANTING CHAPTER 7
TRUSTEE'S APPLICATION TO EMPLOY THE LAW OFFICES OF RONALD RICHARDS & ASSOCIATES,
A.P.C. AS SPECIAL LITIGATION COUNSEL

1

2   Elizabeth A Lombard on behalf of Creditor American Express National Bank c/o Zwicker &
    Associates, P.C.
3   elombard@zwickerpc.com, bknotices@zwickerpc.com

4   Craig G Margulies on behalf of Defendant ABIR COHEN TREYZON SALO, LLP, a California
    limited liability partnership
5   Craig@MarguliesFaithlaw.com,
    Vicky@MarguliesFaithlaw.com;Helen@MarguliesFaithlaw.com;Angela@MarguliesFaithlaw.co
6   m

7   Craig G Margulies on behalf of Defendant Boris Treyzon Esq
    Craig@MarguliesFaithlaw.com,
8   Vicky@MarguliesFaithlaw.com;Helen@MarguliesFaithlaw.com;Angela@MarguliesFaithlaw.co
    m
9
    Craig G Margulies on behalf of Interested Party Courtesy NEF
10  Craig@MarguliesFaithlaw.com,
    Vicky@MarguliesFaithlaw.com;Helen@MarguliesFaithlaw.com;Angela@MarguliesFaithlaw.co
11  m

12  Peter J Mastan on behalf of Interested Party Courtesy NEF
    peter.mastan@dinsmore.com, SDCMLFiles@dinsmore.com;Katrice.ortiz@dinsmore.com

13  Peter J Mastan on behalf of Interested Party Erika Girardi
    peter.mastan@dinsmore.com, SDCMLFiles@dinsmore.com;Katrice.ortiz@dinsmore.com
14
    Edith R. Matthai on behalf of Defendant David Lira
15  ematthai@romalaw.com, lrobie@romalaw.com

16  Edith R. Matthai on behalf of Interested Party Courtesy NEF
    ematthai@romalaw.com, lrobie@romalaw.com
17
    Kenneth Miller on behalf of Interested Party Courtesy NEF
18  kmiller@pmcos.com, efilings@pmcos.com

19  Elissa Miller (TR)
    CA71@ecfcbis.com,
20  MillerTrustee@Sulmeyerlaw.com;C124@ecfcbis.com;ccaldwell@sulmeyerlaw.com

21  Eric A Mitnick on behalf of Interested Party Courtesy NEF
    MitnickLaw@aol.com, mitnicklaw@gmail.com
22
    Scott H Olson on behalf of Creditor KCC Class Action Services, LLC
23  solson@vedderprice.com, scott-olson-
    2161@ecf.pacerpro.com,ecfsfdocket@vedderprice.com,nortega@vedderprice.com
24
    Carmela Pagay on behalf of Interested Party Courtesy NEF
25  ctp@lnbyb.com

26  Leonard Pena on behalf of Interested Party Robert Girardi
    lpena@penalaw.com, penasomaecf@gmail.com;penalr72746@notify.bestcase.com
27
    Michael J Quinn on behalf of Creditor KCC Class Action Services, LLC
28  mquinn@vedderprice.com, ecfladocket@vedderprice.com,michael-quinn-

-27-

1    2870@ecf.pacerpro.com

2    David M Reeder on behalf of Interested Party Courtesy NEF
     david@reederlaw.com, secretary@reederlaw.com

3

4    Ronald N Richards on behalf of Creditor Law Offices of Phili Sheldon APC
     ron@ronaldrichards.com, morani@ronaldrichards.com

5    Ronald N Richards on behalf of Trustee Elissa Miller (TR)
     ron@ronaldrichards.com, morani@ronaldrichards.com

6

7    Ronald N Richards on behalf of Plaintiff Robert P Finn
     ron@ronaldrichards.com, morani@ronaldrichards.com

8    Kevin C Ronk on behalf of Creditor U.S. Legal Support, Inc.
     Kevin@portilloronk.com, Attorneys@portilloronk.com

9

10   William F Savino on behalf of Creditor California Attorney Lending II, Inc.
     wsavino@woodsoviatt.com, lherald@woodsoviatt.com

11   Kenneth John Shaffer on behalf of Creditor Frantz Law Group, APLC
     johnshaffer@quinnemanuel.com

12

13   Richard M Steingard on behalf of Other Professional Christopher Kamon
     , awong@steingardlaw.com

14   Philip E Strok on behalf of Interested Party Courtesy NEF
     pstrok@swelawfirm.com,

15   gcruz@swelawfirm.com;1garrett@swelawfirm.com;jchung@swelawfirm.com

16   Philip E Strok on behalf of Trustee Elissa Miller (TR)
     pstrok@swelawfirm.com,

17   gcruz@swelawfirm.com;1garrett@swelawfirm.com;jchung@swelawfirm.com

18   Boris Treyzon on behalf of Defendant ABIR COHEN TREYZON SALO, LLP, a California
     limited liability partnership

19   jfinnerty@actslaw.com, sgonzales@actslaw.com

20   United States Trustee (LA)
     ustpregion16.la.ecf@usdoj.gov

21

22   Eric D Winston on behalf of Creditor Frantz Law Group, APLC
     ericwinston@quinnemanuel.com

23   Christopher K.S. Wong on behalf of Interested Party L.A. Arena Funding, LLC
     christopher.wong@arentfox.com, yvonne.li@arentfox.com

24

25   Timothy J Yoo on behalf of Interested Party Courtesy NEF
     tjy@lnbyb.com

26   Timothy J Yoo on behalf of Interested Party Jason M. Rund
     tjy@lnbyb.com

27

28

NOTICE OF MOTION AND MOTION FOR RECONSIDERATION OF ORDER GRANTING CHAPTER 7
TRUSTEE'S APPLICATION TO EMPLOY THE LAW OFFICES OF RONALD RICHARDS & ASSOCIATES,
A.P.C. AS SPECIAL LITIGATION COUNSEL

1  **2.      SERVED BY UNITED STATES MAIL:**

2  <u>**Debtor:**</u>
   Girardi Keese
3  1126 Wilshire Blvd
   Los Angeles, CA 90017

4

5  **3.      SERVED BY PERSONAL DELIVERY:**

6  <u>**U.S. Bankruptcy Court:**</u>
   U.S. Bankruptcy Court
7  Hon. Hon. Barry Russell
   255 E. Temple Street, Suite 1660
8  Los Angeles, CA 90012

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-29-

NOTICE OF MOTION AND MOTION FOR RECONSIDERATION OF ORDER GRANTING CHAPTER 7
TRUSTEE'S APPLICATION TO EMPLOY THE LAW OFFICES OF RONALD RICHARDS & ASSOCIATES,
A.P.C. AS SPECIAL LITIGATION COUNSEL