EVAN C. BORGES, State Bar No. 128706
  EBorges@GGTrialLaw.com
GREENBERG GROSS LLP
650 Town Center Drive, Suite 1700
Costa Mesa, California 92626
Telephone: (949) 383-2800
Facsimile: (949) 383-2801

Attorneys for Party-in-Interest Erika Girardi

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>GIRARDI KEESE,<br><br>    Debtor. | Case No. 2:20-bk-21022-BR<br><br>Chapter 7<br><br>**OBJECTION OF PARTY-IN-INTEREST ERIKA GIRARDI TO CHAPTER 7 TRUSTEE'S MOTION FOR ORDER AUTHORIZING THE TRANSITION OF THE ESTATE'S INTEREST IN THE NFL CONCUSSION LITIGATION TO GOLDBERG PERSKY WHITE P.C. FREE AND CLEAR OF LIENS, CLAIMS AND INTERESTS PURSUANT TO 11 U.S.C. § 363**<br><br>**[Related to ECF Nos. 389 and 390]**<br><br>Date:    TBD<br>Time:    TBD<br>Ctrm:    1668<br>         255 E. Temple Street<br>         Los Angeles, CA  90012<br><br>Judge:   Hon. Barry Russell |

Party-in-Interest Erika Girardi ("Ms. Girardi") hereby objects to the chapter 7 trustee's

*Motion for Order Authorizing the Transition of the Estate's interest in the NFL Concussion*

*Litigation to Goldberg Persky White P.C. Free and Clear of Liens, Claims and Interests Pursuant*

*to 11 U.S.C. § 363* (ECF Nos. 389 and 390) (the "Motion") on the following grounds:

---

PARTY-IN-INTEREST ERIKA GIRARDI'S OBJECTION TO MOTION FOR ORDER AUTHORIZING
TRANSITION OF ESTATE'S INTEREST IN THE NFL CONCUSSION LITIGATION TO GOLDBERG PERSKY
WHITE P.C. FREE AND CLEAR OF LIENS, CLAIMS AND INTERESTS PURSUANT TO 11 U.S.C. § 363

## I. PRELIMINARY STATEMENT

By the Motion, the chapter 7 trustee (the "Trustee") seeks to assign the interests of the estate of debtor Girardi Keese ("GK") in 100 Joint Client cases, in which the Motion states that GK represents the plaintiffs/Joint Clients, along with the law firm of Goldberg Persky White P.C. ("Goldberg Persky") in the NFL concussion litigation.

As discussed below, the Motion does not provide critical factual information and related analysis necessary to determine whether, by the Motion, the Trustee is maximizing value for the GK estate and its creditors, or improvidently giving away value based on a false premise of urgency.

For context, Ms. Girardi notes the following two important points:

### A. Ms. Girardi Shares the Trustee's Goal of Maximizing the Value of the GK Estate.

Ms. Girardi has a 12th grade education, was never a GK attorney, and had no role in the operation or management of GK. Ms. Girardi was, however, married for approximately 20 years to Thomas Girardi, whom we understand is the 100% equity holder of GK. Ms. Girardi filed a petition for divorce from Mr. Girardi on or about November 3, 2020; and there was no pre-nuptial agreement. Under California's community property law, to the extent Mr. Girardi's services to GK over the 20 years of the marital community generated value to equity, Ms. Girardi has a community property interest in any distributions due to Mr. Girardi as equity. Stated differently, Ms. Girardi shares the Trustee's interest in maximizing the value of the GK estate to pay in full all legitimate creditors (including victims of GK), given that if after payment of all legitimate debt claims, assets remain for equity, Ms. Girardi would have a community property right to a portion of those equity assets.

### B. The Value of the GK Portfolio of Cases.

Based on a preliminary investigation, the undersigned counsel is informed as follows: based on input counsel has obtained from experienced mass tort/plaintiff's attorneys who were and are competitors of GK, the GK portfolio of cases should be extremely valuable, and potentially sufficient to pay all legitimate creditors in full, including victims of GK, leaving a surplus of

millions of dollars for equity.  To conduct this analysis, it is imperative for the estate to retain experts in the field (i.e., other mass tort/plaintiff's lawyers), as well as evaluate and understand the amount of costs advanced already by GK in pending cases.  As the Court is aware, typically, contingent fee agreements provide that the attorney is entitled to reimbursement in full of all costs advanced, along with payment of the applicable contingent fee (depending on the specifics of each fee agreement).

## II. OBJECTIONS TO MOTION AND ASSIGNMENT AGREEMENT

Based on the foregoing, Ms. Girardi, through counsel, raised the questions and concerns set forth below with general counsel for the Trustee on June 27, 2021, but has not received a response.  Accordingly, Ms. Girardi submits the following objections to the Motion:

### A. The Motion Appears to be Based on a False Exigency, Which Should Not Exist.

The Motion is based on an alleged exigency that is unexplained and should not exist.  Specifically, the Motion states that GK shares 100 Joint Clients with Goldberg Persky in the NFL concussion litigation.  Thus, setting aside what action if any the Trustee has taken for GK, the Joint Clients regardless continue to have counsel, Goldberg Persky, to protect their interests.  Accordingly, no exigency should exist, especially given the risk that by acting too quickly without proper advice and analysis of the facts, the Trustee may be acting improperly by giving away millions of dollars in value for no reason.

### B. The Motion Provides No Information on the Terms of the Pre-Bankruptcy Agreements that the Motion Seeks to Modify by the Proposed Assignment Agreement.  Thus, It is Impossible to Tell From the Motion What Pre-Existing Vested Rights of GK Are Being Given Up Under the Motion, the Value of Those Rights, And Why the GK Estate's Vested Contractual Rights Should Be Given Up, Compromised, or Given Away.

The Motion, as well as the Assignment Agreement it asks the Court to approve, are silent on the terms of the pre-bankruptcy agreements between and among the Joint Clients, GK, and Goldberg Persky, which the Trustee seeks to modify with the assignment agreement.  Without

Case 2:20-bk-21022-BR    Doc 445    Filed 06/28/21    Entered 06/28/21 19:23:23    Desc
Main Document    Page 4 of 10

understanding the GK estate's pre-existing contractual rights as well as an explanation of the value of those rights, it is impossible to understand the amount of value that the Trustee is asking the GK estate to give up, and why.

**As to fees**, by way of example, if the pre-bankruptcy agreements provide for a 50/50 split between GK and Goldberg Persky of a contingent fee of 40%, and if the 100 Joint Clients obtain recoveries on average of $1 million each, then separate from the issue of reimbursement of costs advanced, the potential contingent fee due to the firms could be as much as $40 million, of which GK's half would be $20 million. Thus, if the Assignment Agreement modifies what otherwise under this example would be a 50% share of fees to GK of $20 million down to a 25% share or $10 million, that's a difference of $10 million. **Why is the Trustee giving up this difference?** There is no explanation in the Motion, which is silent on this key point. The creditors, the Court, and parties in interest are entitled to all material information and a better explanation.

**As to costs advanced**, the Motion and Assignment Agreement are also devoid of meaningful information. The Assignment agreement refers, without support, to an assertion by Goldberg Persky that GK still owes a share of costs advanced that has not been paid. But the Motion does not explain anything more about costs already advanced by the firms, GK's share of costs already advanced, and how costs advanced will be repaid in the future.

      C.      **<u>The Motion Provides No Information on What Additional Work, If Any, Needs to Be Performed to Earn an Entitlement to Fees and Costs. Thus, the Motion Provides No Information or Rationale as to Why the GK Estate Should Relinquish the Value of Vested Rights to Payment of Fees and/or Costs.</u>**

The motion is silent and says nothing about the stage of the NFL concussion cases or what work, if any, remains to be done by counsel for the Joint Clients (GK and/or Goldberg Persky) as a condition to an entitlement to payment of fees or reimbursement of costs. According to news reports, the NFL concussion settlement is already in place, and all that is left is payment of claims. *See Basic Information*, NFL Concussion Settlement,

PARTY-IN-INTEREST ERIKA GIRARDI'S OBJECTION TO MOTION FOR ORDER AUTHORIZING TRANSITION OF ESTATE'S INTEREST IN THE NFL CONCUSSION LITIGATION TO GOLDBERG PERSKY WHITE P.C. FREE AND CLEAR OF LIENS, CLAIMS AND INTERESTS PURSUANT TO 11 U.S.C. § 363

https://www.nflconcussionsettlement.com/FAQDetails.aspx?q=164#164 (last visited June 28, 2021) (settlement agreement became final and effective on January 7, 2017).

Thus, in addition to saying nothing about what pre-existing rights of GK are being given up under the Assignment Agreement, the Motion says nothing about what additional work, if any, remains to be done for the Joint Clients to receive recoveries. This explanation is necessary for the Court to understand why the GK estate should be giving up any value to which it already has a pre-existing right.

### D. The Motion's Discussion of Modification of Fee and Cost Allocations as to Joint Client Cases Allegedly Referred by Goldberg Persky to GK is Incomprehensible, and Does Not Provide Any Information.

The Motion refers to some of the Joint Client cases allegedly having been referred by Goldberg Persky to GK, and appears to leave all decisions on allocation of fees and costs on these cases to Goldberg Persky. The Motion gives no information on the number of cases allegedly falling in this category, whether the Trustee has reviewed the assertion of referral of some of the Joint Clients by Goldberg Persky, whether any such referral agreements are written and enforceable, and what values may be at issue. This is unacceptable. The Court, creditors, and parties in interest are given no meaningful information to determine what value is being given up by the estate and on what basis.

### E. The Motion Does Not Explain What Relevant Legal Industry Experts, If Any, Have Advised the Trustee on the Assignment Agreement and the Value of GK's Interest in the NFL Concussion Cases As to Which GK Has a Right to Payment of Fees and Reimbursement of Costs.

The Motion is also silent as to whether the Trustee has received any expert advice from an attorney experienced in the value of the mass tort/plaintiff's cases in the GK portfolio. It is imperative that the Trustee obtain this advice, to avoid needlessly giving away value in the GK estate to other law firms, as opposed to maximizing that value for creditors.

## III. CONCLUSION

For the foregoing reasons, Ms. Girardi objects to the Motion and the Assignment Agreement as to which the Motion seeks this Court's approval.

DATED: June 28, 2021

Respectfully submitted,

GREENBERG GROSS LLP

By: /s/ Evan C. Borges
Evan C. Borges
Attorneys for Party-in-Interest Erika Girardi

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

650 Town Center Drive, Suite 1700
Costa Mesa, CA 92626

A true and correct copy of the foregoing document entitled (*specify*): **OBJECTION OF PARTY-IN-INTEREST ERIKA GIRARDI TO CHAPTER 7 TRUSTEE'S MOTION FOR ORDER AUTHORIZING THE TRANSITION OF THE ESTATE'S INTEREST IN THE NFL CONCUSSION LITIGATION TO GOLDBERG PERSKY WHITE P.C. FREE AND CLEAR OF LIENS, CLAIMS AND INTERESTS PURSUANT TO 11 U.S.C. § 363** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. <u>**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**</u>: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **June 28, 2021**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒   Service information continued on attached page

**2.** <u>**SERVED BY UNITED STATES MAIL**</u>:
On **June 28, 2021** I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒   Service information continued on attached page

**3.** <u>**SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**</u> (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **June 28, 2021**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒   Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| Date | Printed Name | Signature |
|---|---|---|
| 6/28/2021 | Cheryl Winsten | /s/ Cheryl Winsten |

PARTY-IN-INTEREST ERIKA GIRARDI'S OBJECTION TO MOTION FOR ORDER AUTHORIZING TRANSITION OF ESTATE'S INTEREST IN THE NFL CONCUSSION LITIGATION TO GOLDBERG PERSKY WHITE P.C. FREE AND CLEAR OF LIENS, CLAIMS AND INTERESTS PURSUANT TO 11 U.S.C. § 363

**In re GIRARDI KEESE**
Case No. 2:20-bk-21022-BR
U.S.B.C. Central District of California
Los Angeles Division

**1.    SERVED VIA NOTICE OF ELECTRONIC FILING (NEF)**:

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- **Kyra E Andrassy**    kandrassy@swelawfirm.com, lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com
- **Rafey Balabanian**    rbalabanian@edelson.com, docket@edelson.com
- **Michelle Balady**    mb@bedfordlg.com, leo@bedfordlg.com
- **Ori S Blumenfeld**    Ori@MarguliesFaithLaw.com, Helen@MarguliesFaithLaw.com;Angela@MarguliesFaithLaw.com;Vicky@MarguliesFaithLaw.com
- **Evan C Borges**    eborges@ggtriallaw.com, cwinsten@ggtriallaw.com
- **Richard D Buckley**    richard.buckley@arentfox.com
- **Marie E Christiansen**    mchristiansen@vedderprice.com, ecfladocket@vedderprice.com,marie-christiansen-4166@ecf.pacerpro.com
- **Jennifer Witherell Crastz**    jcrastz@hrhlaw.com
- **Ashleigh A Danker**    Ashleigh.danker@dinsmore.com, SDCMLFiles@DINSMORE.COM;Katrice.ortiz@dinsmore.com
- **Clifford S Davidson**    csdavidson@swlaw.com, jlanglois@swlaw.com;cliff-davidson-7586@ecf.pacerpro.com
- **Lei Lei Wang Ekvall**    lekvall@swelawfirm.com, lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com
- **Richard W Esterkin**    richard.esterkin@morganlewis.com
- **Timothy W Evanston**    tevanston@swelawfirm.com, gcruz@swelawfirm.com;lgarrett@swelawfirm.com;jchung@swelawfirm.com
- **Jeremy Faith**    Jeremy@MarguliesFaithlaw.com, Helen@MarguliesFaithlaw.com;Angela@MarguliesFaithlaw.com;Vicky@MarguliesFaithlaw.com
- **James J Finsten**    , jimfinsten@hotmail.com
- **Alan W Forsley**    alan.forsley@flpllp.com, awf@fkllawfirm.com,awf@fl-lawyers.net,addy.flores@flpllp.com

- **Eric D Goldberg**    eric.goldberg@dlapiper.com, eric-goldberg-1103@ecf.pacerpro.com
- **Andrew Goodman**    agoodman@andyglaw.com, Goodman.AndrewR102467@notify.bestcase.com
- **Suzanne C Grandt**    suzanne.grandt@calbar.ca.gov, joan.randolph@calbar.ca.gov
- **Steven T Gubner**    sgubner@bg.law, ecf@bg.law
- **Marshall J Hogan**    mhogan@swlaw.com, knestuk@swlaw.com
- **Sheryl K Ith**    sith@cookseylaw.com, sith@ecf.courtdrive.com
- **Razmig Izakelian**    razmigizakelian@quinnemanuel.com
- **Lillian Jordan**    ENOTICES@DONLINRECANO.COM, RMAPA@DONLINRECANO.COM
- **Lewis R Landau**    Lew@Landaunet.com
- **Daniel A Lev**    dlev@sulmeyerlaw.com, ccaldwell@sulmeyerlaw.com;dlev@ecf.inforuptcy.com
- **Elizabeth A Lombard**    elombard@zwickerpc.com, bknotices@zwickerpc.com
- **Craig G Margulies**    Craig@MarguliesFaithlaw.com, Vicky@MarguliesFaithlaw.com;Helen@MarguliesFaithlaw.com;Angela@MarguliesFaithlaw.com
- **Peter J Mastan**    peter.mastan@dinsmore.com, SDCMLFiles@dinsmore.com;Katrice.ortiz@dinsmore.com
- **Edith R. Matthai**    ematthai@romalaw.com, lrobie@romalaw.com
- **Kenneth Miller**    kmiller@pmcos.com, efilings@pmcos.com
- **Elissa Miller (TR)**    CA71@ecfcbis.com, MillerTrustee@Sulmeyerlaw.com;C124@ecfcbis.com;ccaldwell@sulmeyerlaw.com
- **Eric A Mitnick**    MitnickLaw@aol.com, mitnicklaw@gmail.com
- **Scott H Olson**    solson@vedderprice.com, scott-olson-2161@ecf.pacerpro.com,ecfsfdocket@vedderprice.com,nortega@vedderprice.com
- **Carmela Pagay**    ctp@lnbyb.com
- **Leonard Pena**    lpena@penalaw.com, penasomaecf@gmail.com;penalr72746@notify.bestcase.com
- **Michael J Quinn**    mquinn@vedderprice.com, ecfladocket@vedderprice.com,michael-quinn-2870@ecf.pacerpro.com
- **David M Reeder**    david@reederlaw.com, secretary@reederlaw.com

PARTY-IN-INTEREST ERIKA GIRARDI'S OBJECTION TO MOTION FOR ORDER AUTHORIZING TRANSITION OF ESTATE'S INTEREST IN THE NFL CONCUSSION LITIGATION TO GOLDBERG PERSKY WHITE P.C. FREE AND CLEAR OF LIENS, CLAIMS AND INTERESTS PURSUANT TO 11 U.S.C. § 363

- **Ronald N Richards**    ron@ronaldrichards.com, morani@ronaldrichards.com
- **Kevin C Ronk**    Kevin@portilloronk.com, Attorneys@portilloronk.com
- **William F Savino**    wsavino@woodsoviatt.com, lherald@woodsoviatt.com
- **Kenneth John Shaffer**    johnshaffer@quinnemanuel.com
- **Richard M Steingard**    , awong@steingardlaw.com
- **Philip E Strok**    pstrok@swelawfirm.com, gcruz@swelawfirm.com;1garrett@swelawfirm.com;jchung@swelawfirm.com
- **Boris Treyzon**    jfinnerty@actslaw.com, sgonzales@actslaw.com
- **United States Trustee (LA)**    ustpregion16.la.ecf@usdoj.gov
- **Eric D Winston**    ericwinston@quinnemanuel.com
- **Christopher K.S. Wong**    christopher.wong@arentfox.com, yvonne.li@arentfox.com
- **Timothy J Yoo**    tjy@lnbyb.com

**2.    SERVED BY UNITED STATES MAIL:**

<u>Debtor:</u>
Girardi Keese
1126 Wilshire Blvd
Los Angeles, CA 90017

**3.    SERVED BY PERSONAL DELIVERY:**

<u>U.S. Bankruptcy Court:</u>
U.S. Bankruptcy Court
Hon. Barry Russell
255 E. Temple Street, Suite 1660
Los Angeles, CA 90012

PARTY-IN-INTEREST ERIKA GIRARDI'S OBJECTION TO MOTION FOR ORDER AUTHORIZING TRANSITION OF ESTATE'S INTEREST IN THE NFL CONCUSSION LITIGATION TO GOLDBERG PERSKY WHITE P.C. FREE AND CLEAR OF LIENS, CLAIMS AND INTERESTS PURSUANT TO 11 U.S.C. § 363