EVAN C. BORGES, State Bar No. 128706
 *EBorges@GGTrialLaw.com*
GREENBERG GROSS LLP
650 Town Center Drive, Suite 1700
Costa Mesa, California 92626
Telephone: (949) 383-2800
Facsimile: (949) 383-2801

Attorneys for Party-in-Interest Erika Girardi

## UNITED STATES BANKRUPTCY COURT

### CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No. 2:20-bk-21022-BR |
| GIRARDI KEESE, | Chapter 7 |
| Debtor. | **OBJECTION OF PARTY-IN-INTEREST ERIKA GIRARDI TO CHAPTER 7 TRUSTEE'S MOTION FOR ORDER AUTHORIZING THE TRANSITION AND ASSIGNMENT OF THE ESTATE'S INTEREST IN THE MESH LITIGATION TO NADRICH & COHEN LLP AND THE OSHMAN FIRM, LLC FREE AND CLEAR OF LIENS, CLAIMS AND INTERESTS PURSUANT TO 11 U.S.C. § 363** |
| | **[Related to ECF Nos. 428 and 429]** |
| | Date:     TBD<br>Time:     TBD<br>Ctrm:     1668<br>          255 E. Temple Street<br>          Los Angeles, CA  90012 |
| | Judge:    Hon. Barry Russell |

Party-in-Interest Erika Girardi ("Ms. Girardi") hereby objects to the chapter 7 trustee's

*Motion for Order Authorizing the Transition of the Estate's interest in the Mesh Litigation to*

*Nadrich & Cohen LLP and The Oshman Firm, LLC Free and Clear of Liens, Claims and Interests*

*Pursuant to 11 U.S.C. § 363* (ECF Nos. 428 and 429) (the "Motion") on the following grounds:

I.        **PRELIMINARY STATEMENT**

By the Motion, the chapter 7 trustee (the "Trustee") seeks to assign the interests of the estate of debtor Girardi Keese ("GK") in 52 client cases ("Clients") involving personal injury claims arising from the use of pelvic mesh products – that is, 30 cases for Clients against Johnson & Johnson, et al. ("J&J Litigation") and 22 cases for Clients against Boston Scientific Corporation ("BSC Litigation") – all of which the Trustee proposes assigning to two law firms, Nadrich & Cohen LLP and The Oshman Firm, LLC (collectively, "N&O"). The Motion refers to the J&J Litigation and BSC Litigation together as the "Mesh Litigation." N&O are currently representing other plaintiffs in the Mesh Litigation and, according to the Motion, seek to substitute in as counsel for GK's Clients.

As discussed below, the Motion does not provide critical factual information and related analysis necessary to determine whether, by the Motion, the Trustee is maximizing value for the GK estate or improvidently giving away value. In addition, to address the confidentiality concerns raised in the Motion about not disclosing certain terms of the proposed Transition Agreement to defense counsel in the Mesh Litigation, Ms. Girardi and her counsel are willing to sign a non-disclosure agreement with the Trustee, to allow us to understand the material terms of the Transition Agreement that are not disclosed in the Motion.

For context, Ms. Girardi notes the following two foundational points:

A.        **Ms. Girardi Shares the Trustee's Goal of Maximizing the Value**
           **of the GK Estate.**

Ms. Girardi has a 12th grade education, was never a GK attorney, and had no role in the operation or management of GK. Ms. Girardi was, however, married for approximately 20 years to Thomas Girardi, whom we understand is the 100% equity holder of GK. Ms. Girardi filed a petition for divorce from Mr. Girardi on or about November 3, 2020; and there was no pre-nuptial agreement. Under California community property law, to the extent Mr. Girardi's services to GK over the 20 years of the marital community generated value to equity, Ms. Girardi has a community property interest in any distributions due to Mr. Girardi as equity. Stated differently, Ms. Girardi shares the Trustee's interest in maximizing the value of the GK estate to pay in full all

1  legitimate creditors (including victims of GK), given that if after payment of all legitimate debt

2  claims, assets remain for equity, Ms. Girardi would have a community property right to a portion

3  of those equity assets.

4        **B.**    **The Value of the GK Portfolio of Cases.**

5        Based on a preliminary investigation, the undersigned counsel is informed, based on input

6  from experienced mass tort/plaintiff's attorneys who were and are competitors of GK, that the GK

7  portfolio of cases should be extremely valuable, and potentially sufficient to pay all legitimate

8  creditors in full, including victims of GK, leaving a surplus for equity.  To conduct this analysis, it

9  is imperative for the estate to retain experts in the field (i.e., other mass tort/plaintiff's lawyers), as

10  well as evaluate and understand the amount of costs advanced already by GK in pending

11  cases.  As the Court is aware, typically, contingent fee agreements provide that the attorney is

12  entitled to reimbursement in full of all costs advanced, along with payment of the applicable

13  contingent fee (depending on the specifics of each fee agreement).

14  **II.**    **OBJECTIONS TO MOTION AND TRANSITION AGREEMENT**

15        **A.**    **The Motion Does Not Disclose the Allocation of Fees Between the GK Estate**

16            **and N&O.  Further, the Motion Provides No Information on the Terms of the**

17            **Pre-Bankruptcy Agreements that the Motion Seeks to Modify by the Proposed**

18            **Transition Agreement.  Thus, It is Impossible to Tell From the Motion What**

19            **Rights of GK Are Being Given Up Under the Motion, And Why the GK**

20            **Estate's Rights Should Be Given Up or Compromised.**

21        The Motion, as well as the Transition Agreement it asks the Court to approve, are silent on

22  the terms of the pre-bankruptcy contingent fee agreements between the Clients and GK.  Without

23  understanding (i) the terms of GK's pre-existing contractual rights (as well as the potential value

24  of those rights), or (ii) the percentage of fee allocation between the GK estate and N&O, it is

25  impossible to understand the amount of value that the Trustee is asking that the GK estate give up,

26  and why.

27        The Motion does not disclose the terms of the proposed allocation of fees between the GK

28  estate and N&O, which the Motion states have been filed under seal due to alleged harm that may

1  result if the defendants learn this information.  These economic terms are the cornerstone of the

2  Transition Agreement.  As noted above, Ms. Girardi and her counsel are willing to sign a non-

3  disclosure agreement with the Trustee to understand the terms of the Transition Agreement for

4  which the Motion seeks approval.

5          Without disclosure of the allocation of recovered fees in the Transition Agreement,

6  creditors and parties in interest have no means of determining whether the Transition Agreement is

7  in the best interest of the GK estate.  As noted, the Motion also does not provide information

8  regarding the terms of the pre-bankruptcy engagement agreements between GK and Clients, which

9  the Motion seeks to compromise by giving up value.

10         By way of example, and hypothetically speaking, if each of the 52 Clients was to obtain a

11 recovery of close to $1 million for an assumed total recovery of approximately $50 million, and if

12 the pre-bankruptcy engagement agreements provided for GK to receive a 40% contingent fee, then

13 separate from the issue of reimbursement of costs advanced, GK would have a right to a total

14 contingent fee of approximately $20 million.  Similarly, if the Transition Agreement provides for

15 a 50/50 allocation percentage between the GK estate and N&O, the GK estate would recover only

16 $10 million dollars and will have given up a potential right to an additional $10 million.  Thus, it

17 is essential to understand the terms of the pre-bankruptcy agreements and the Transition

18 Agreement to know what the GK estate is being asked to give up.  Without this information,

19 creditors and parties in interest are left only to guess on whether the Transition Agreement is in the

20 best interests of the estate.

21 **B.      The Motion Provides No Information on What Additional Work, If Any,**

22          **Needs to Be Performed to Earn an Entitlement to Fees and Costs.  Thus, the**

23          **Motion Provides No Information or Rationale as to Why the GK Estate**

24          **Should Relinquish the Value of Rights to Payment of Fees and/or Costs**

25          **Otherwise Due to the GK Estate.**

26         The Motion is also silent about the stage of the Mesh Litigation and what work, if any,

27 remains to be performed by counsel for the Clients prior to a recovery and entitlement of GK (and

28 N&O under the Transition Agreement) to reimbursement of costs advanced and payment of fees.

1    The Motion states, with no context or explanation, that Nadrich & Cohen LLP already has settled

2    approximately 250 mesh related cases.  *See* Mot. at p. 2:18-21.  Without knowing what work

3    remains to be done on the Clients' cases to obtain recoveries for the Clients, or the nature of

4    services already rendered by GK to get to this point, it is impossible for the Court, creditors, or

5    parties in interest to evaluate why the GK estate should be giving up rights to payment of fees and

6    reimbursement of costs, and if so, in what amount.

7        **C.    The Motion Does Not Explain What Relevant Legal Industry Experts, If Any,**

8        **Have Advised the Trustee on the Transition Agreement and the Value of GK's**

9        **Interest in the Mesh Litigation Cases As to Which GK Has a Right to Payment**

10       **of Fees and Reimbursement of Costs.**

11           The Motion is also silent as to whether the Trustee has received any expert advice from an

12    attorney experienced in the value of the mass tort/plaintiff's cases in the GK portfolio.  It is

13    imperative that the Trustee obtain this advice, to avoid needlessly giving away value in the GK

14    estate to other law firms, as opposed to maximizing that value for creditors.

15    **III.    CONCLUSION**

16           For the foregoing reasons, Ms. Girardi objects to the Motion and the Transition Agreement

17    as to which the Motion seeks this Court's approval.

18

19    DATED:  July 7, 2021                     Respectfully submitted,

20                                             GREENBERG GROSS LLP

21

22                                    By:    _____
23                                           Evan C. Borges
                                             Attorneys for Party-in-Interest Erika Girardi
24

25

26

27

28

PARTY-IN-INTEREST ERIKA GIRARDI'S OBJECTION TO MOTION FOR ORDER AUTHORIZING
TRANSITION OF ESTATE'S INTEREST IN THE MESH LITIGATION TO NADRICH & COHEN AND THE
OSHMAN FIRM FREE AND CLEAR OF LIENS, CLAIMS AND INTERESTS PURSUANT TO 11 U.S.C. § 363

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

650 Town Center Drive, Suite 1700
Costa Mesa, CA 92626

A true and correct copy of the foregoing document entitled (*specify*): **OBJECTION OF PARTY-IN-INTEREST ERIKA GIRARDI TO CHAPTER 7 TRUSTEE'S MOTION FOR ORDER AUTHORIZING THE TRANSITION AND ASSIGNMENT OF THE ESTATE'S INTEREST IN THE MESH LITIGATION TO NADRICH & COHEN LLP AND THE OSHMAN FIRM, LLC FREE AND CLEAR OF LIENS, CLAIMS AND INTERESTS PURSUANT TO 11 U.S.C. § 363** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **July 7, 2021**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒    Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On **July 7, 2021** I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒    Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **July 7, 2021**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☒    Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| July 7, 2021 | Cheryl Winsten | |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

**In re GIRARDI KEESE**
Case No. 2:20-bk-21022-BR
U.S.B.C. Central District of California
Los Angeles Division

1.    **SERVED VIA NOTICE OF ELECTRONIC FILING (NEF)**:

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- **Kyra E Andrassy**    kandrassy@swelawfirm.com, lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com

- **Rafey Balabanian**    rbalabanian@edelson.com, docket@edelson.com

- **Michelle Balady**    mb@bedfordlg.com, leo@bedfordlg.com

- **Ori S Blumenfeld**    Ori@MarguliesFaithLaw.com, Helen@MarguliesFaithLaw.com;Angela@MarguliesFaithLaw.com;Vicky@MarguliesFaithLaw.com

- **Evan C Borges**    eborges@ggtriallaw.com, cwinsten@ggtriallaw.com

- **Richard D Buckley**    richard.buckley@arentfox.com

- **Marie E Christiansen**    mchristiansen@vedderprice.com, ecfladocket@vedderprice.com;marie-christiansen-4166@ecf.pacerpro.com

- **Jennifer Witherell Crastz**    jcrastz@hrhlaw.com

- **Ashleigh A Danker**    Ashleigh.danker@dinsmore.com, SDCMLFiles@DINSMORE.COM;Katrice.ortiz@dinsmore.com

- **Clifford S Davidson**    csdavidson@swlaw.com, jlanglois@swlaw.com;cliff-davidson-7586@ecf.pacerpro.com

- **Lei Lei Wang Ekvall**    lekvall@swelawfirm.com, lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com

- **Richard W Esterkin**    richard.esterkin@morganlewis.com

- **Timothy W Evanston**    tevanston@swelawfirm.com, gcruz@swelawfirm.com;lgarrett@swelawfirm.com;jchung@swelawfirm.com

- **Jeremy Faith**    Jeremy@MarguliesFaithlaw.com, Helen@MarguliesFaithlaw.com;Angela@MarguliesFaithlaw.com;Vicky@MarguliesFaithlaw.com

- **James J Finsten**    , jimfinsten@hotmail.com

- **Alan W Forsley**    alan.forsley@flpllp.com, awf@fkllawfirm.com,awf@fl-lawyers.net,addy.flores@flpllp.com

- **Eric D Goldberg**    eric.goldberg@dlapiper.com, eric.goldberg-1103@ecf.pacerpro.com

- **Andrew Goodman**    agoodman@andyglaw.com,
Goodman.AndrewR102467@notify.bestcase.com

- **Suzanne C Grandt**    suzanne.grandt@calbar.ca.gov, joan.randolph@calbar.ca.gov

- **Steven T Gubner**    sgubner@bg.law, ecf@bg.law

- **Marshall J Hogan**    mhogan@swlaw.com, knestuk@swlaw.com

- **Sheryl K Ith**    sith@cookseylaw.com, sith@ecf.courtdrive.com

- **Razmig Izakelian**    razmigizakelian@quinnemanuel.com

- **Lillian Jordan**    ENOTICES@DONLINRECANO.COM,
RMAPA@DONLINRECANO.COM

- **Lewis R Landau**    Lew@Landaunet.com

- **Daniel A Lev**    dlev@sulmeyerlaw.com,
ccaldwell@sulmeyerlaw.com;dlev@ecf.inforuptcy.com

- **Elizabeth A Lombard**    elombard@zwickerpc.com, bknotices@zwickerpc.com

- **Craig G Margulies**    Craig@MarguliesFaithlaw.com,
Vicky@MarguliesFaithlaw.com;Helen@MarguliesFaithlaw.com;Angela@MarguliesFaithlaw.com

- **Peter J Mastan**    peter.mastan@dinsmore.com,
SDCMLFiles@dinsmore.com;Katrice.ortiz@dinsmore.com

- **Edith R. Matthai**    ematthai@romalaw.com, lrobie@romalaw.com

- **Kenneth Miller**    kmiller@pmcos.com, efilings@pmcos.com

- **Elissa Miller (TR)**    CA71@ecfcbis.com,
MillerTrustee@Sulmeyerlaw.com;C124@ecfcbis.com;ccaldwell@sulmeyerlaw.com

- **Eric A Mitnick**    MitnickLaw@aol.com, mitnicklaw@gmail.com

- **Scott H Olson**    solson@vedderprice.com, scott-olson-
2161@ecf.pacerpro.com,ecfsfdocket@vedderprice.com,nortega@vedderprice.com

- **Carmela Pagay**    ctp@lnbyb.com

- **Leonard Pena**    lpena@penalaw.com,
penasomaecf@gmail.com;penalr72746@notify.bestcase.com

- **Michael J Quinn**    mquinn@vedderprice.com, ecfladocket@vedderprice.com,michael-
quinn-2870@ecf.pacerpro.com

- **David M Reeder**    david@reederlaw.com, secretary@reederlaw.com

-8-

- **Ronald N Richards**    ron@ronaldrichards.com, morani@ronaldrichards.com

- **Kevin C Ronk**    Kevin@portilloronk.com, Attorneys@portilloronk.com

- **William F Savino**    wsavino@woodsoviatt.com, lherald@woodsoviatt.com

- **Kenneth John Shaffer**    johnshaffer@quinnemanuel.com

- **Richard M Steingard**    , awong@steingardlaw.com

- **Philip E Strok**    pstrok@swelawfirm.com,
  gcruz@swelawfirm.com;1garrett@swelawfirm.com;jchung@swelawfirm.com

- **Boris Treyzon**    jfinnerty@actslaw.com, sgonzales@actslaw.com

- **United States Trustee (LA)**    ustpregion16.la.ecf@usdoj.gov

- **Eric D Winston**    ericwinston@quinnemanuel.com

- **Christopher K.S. Wong**    christopher.wong@arentfox.com, yvonne.li@arentfox.com

- **Timothy J Yoo**    tjy@lnbyb.com

**2.    SERVED BY UNITED STATES MAIL:**

**Debtor:**
Girardi Keese
1126 Wilshire Blvd
Los Angeles, CA 90017

ABIR COHEN TREYZON SALO, LLP, a California limited liability partnership
ACTS
16001 Ventura Boulevard, Suite 200
Encino, CA 91436

IDiscovery Solutions
535 Anton Blvd, Ste 850
Costa Mesa, CA 92626

James W. Spertus
Spertus Landes & Umhoffer LLP
1990 South Bundy Dr Ste 705
Los Angeles, CA 90025

Neil Steiner
Steiner & Libo, Professional Corp
11845 W. Olympic Blvd Ste 910W
Los Angeles, CA 90064

Andrew W. Zepeda
Lurie, Zepeda, Schmalz, Hogan & Martin

-9-

PARTY-IN-INTEREST ERIKA GIRARDI'S OBJECTION TO MOTION FOR ORDER AUTHORIZING
TRANSITION OF ESTATE'S INTEREST IN THE MESH LITIGATION TO NADRICH & COHEN AND THE
OSHMAN FIRM FREE AND CLEAR OF LIENS, CLAIMS AND INTERESTS PURSUANT TO 11 U.S.C. § 363

1  1875 Century Park East Ste 2100
2  Los Angeles, CA 90067

3  **3.      SERVED BY PERSONAL DELIVERY:**

4  **U.S. Bankruptcy Court:**
   U.S. Bankruptcy Court
5  Hon. Barry Russell
   255 E. Temple Street, Suite 1660
6  Los Angeles, CA 90012

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PARTY-IN-INTEREST ERIKA GIRARDI'S OBJECTION TO MOTION FOR ORDER AUTHORIZING
TRANSITION OF ESTATE'S INTEREST IN THE MESH LITIGATION TO NADRICH & COHEN AND THE
OSHMAN FIRM FREE AND CLEAR OF LIENS, CLAIMS AND INTERESTS PURSUANT TO 11 U.S.C. § 363