Ronald Richards (CA Bar No. 176246)
  ron@ronaldrichards.com
Morani Stelmach (CA Bar No. 296670)
  morani@ronadlrichards.com
  Law Offices of Ronald Richards & Associates, APC
P.O. Box 11480
Beverly Hills, California 90213
Telephone:  310.556.1001
Facsimile:  310.277.3325

Special Litigation Counsel for Elissa D. Miller, Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>GIRARDI KEESE,<br><br>        Debtor. | Case No. 2:20-bk-21022-BR<br><br>Chapter 7 |
| ELISSA D. MILLER, Chapter 7 Trustee,<br><br>        Plaintiff,<br><br>v.<br><br>ERIKA N. GIRARDI, an individual; EJ GLOBAL, LLC, a limited liability company; and PRETTY MESS, INC., a corporation,<br><br>        Defendants | Adv. Proc. No. 2:21-ap_____-BR<br><br>**TRUSTEE'S COMPLAINT FOR:**<br><br>**1) DECLARATORY RELIEF; 2) TURNOVER OF PROPERTY OF THE ESTATE PURSUANT TO 11 U.S.C. § 542; (3) AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFER; (4) CONVERSION; (5) CONSTRUCTIVE TRUST; (6) ACCOUNT STATED; (7) OPEN BOOK ACCOUNT; (8) MONEY HAD AND RECEIVED; (9) UNJUST ENRICHMENT; AND (10) ACCOUNTING**<br><br>Date:     TBD<br>Time:     TBD<br>Place.:   Courtroom 1668<br>United States Bankruptcy Court<br>255 East Temple Street<br>Los Angeles, CA 90012 |

///

///

TRUSTEE'S COMPLAINT

For her Complaint for (1) Declaratory Relief; (2) Turnover of Property of the Estate Pursuant to 11 U.S.C. § 542; (3) Avoidance and Recovery of Fraudulent Transfer; (4) Conversion; (5) Constructive Trust; (6) Account Stated; (7) Open Book Account; Stated and (8) Money Had and Received; (9) Unjust Enrichment; and (10) Accounting (the "Complaint"), plaintiff Elissa D. Miller, the duly appointed, qualified and acting Chapter 7 Trustee (the "Trustee" or "Plaintiff") for the bankruptcy estate of debtor Girardi Keese (the "Estate"), alleges as follows:

## STATEMENT OF JURISDICTION, PARTIES AND PROCEEDINGS

1.     This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157(b)(1) and 1334(a), as this is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (E), (H) and (O).  Venue properly lies in this judicial district pursuant to 28 U.S.C. § 1409(a), in that the instant proceeding is related to a case under title 11 of the United States Code which is still pending.

2.     Plaintiff Elissa D. Miller is the duly appointed, qualified and acting Chapter 7 Trustee of the bankruptcy estate (the "Estate") created in the instant Chapter 7 bankruptcy case pending in the Los Angeles Division of the United States Bankruptcy Court for the Central District of California which is styled In re Girardi Keese, bearing Case No. 2:20-bk-21022-BR (the "Bankruptcy Case").

3.     Girardi Keese (the "Debtor") is the debtor in the Bankruptcy Case and this case was initiated by the filing an involuntary petition for relief under Chapter 7 of Title 11 of the United States Code on December 18, 2020 (the "Petition Date").  The Court entered the Order for Relief on the involuntary petition on January 13, 2021.

4.     Plaintiff is informed and believes, and on that basis alleges thereon, that at all times mentioned herein, defendant Erika N. Girardi ("Erika") is an individual that resides and/or has conducted business within the jurisdiction of this Court and is the wife of Thomas Girardi, owner and controlling member of the Debtor.

5.     Plaintiff is informed and believes, and on that basis alleges thereon, that at all times mentioned herein, defendant EJ Global, LLC ("EJG") is a California limited

TRUSTEE'S COMPLAINT

1 liability company conducting business within the jurisdiction of this Court and is owned

2 and controlled by defendant Erika.

3        6.        Plaintiff is informed and believes, and on that basis alleges thereon, that at

4 all times mentioned herein, defendant Pretty Mess, Inc. ("PMI") is a California corporation

5 conducting business within the jurisdiction of this Court and is owned and controlled by

6 defendant Erika.

7        7.        Plaintiff is informed and believes, and on that basis alleges thereon, that at

8 all times mentioned herein, defendants EJG and PMI is the alter ego of each other and of

9 defendant Erika, in that each of them has maintained such a unity of interest and

10 ownership that the separate personalities of the entities and the individual defendant no

11 longer exist.

12        8.        Defendants Erika, EJG and PMI are collectively referred herein as the

13 "Defendants").

14                        **GENERAL FACTUAL ALLEGATIONS**

15        9.        Plaintiff is informed and believes and, on that basis alleges thereon, that in

16 or around August 2012, the Court entered an Order approving a settlement agreement in

17 the Marston v. Marston state court action, San Bernardino Superior Court Case Number

18 CIVRS 910950 (the "Court Approved Settlement Agreement").  A true and correct copy of

19 the Court Approved Settlement Agreement is attached hereto, marked as Exhibit "A" and

20 incorporated herein by this reference.

21        10.        Plaintiff is informed and believes and, on that basis alleges thereon, that the

22 Debtor diverted and transferred its right to receive attorneys' fees from the Court

23 Approved Settlement Agreement in the form of an ongoing stream of payments from the

24 State of California Lottery to the Defendants (the "Lottery Payments").

25        11.        Plaintiff is informed and believes and, on that basis alleges thereon, that the

26 Defendants received more than $242,658 in payments from the State of California Lottery

27 from 2012 to 2021.  The Defendants are scheduled to still receive $78,000 in payments

28 from the State of California Lottery in years 2022 through 2025.

TRUSTEE'S COMPLAINT

12.    Plaintiff intercepted and is currently holding funds in the amount of $19,760.00 which represents the Lottery Payments for the year 2021, which funds the Plaintiff is currently holding in trust pursuant to an agreement with defendant Erika pending resolution of this dispute and further order of the Court.  A true and correct copy of the letter agreement regarding 2021 Lottery Payments is attached hereto, marked as Exhibit "B" and incorporated herein by this reference.

13.    Plaintiff is informed and believes and, on that basis alleges thereon, that Lottery Payments belong to the Girardi Keese bankruptcy estate and that none of the Lottery Payments made to the Defendants have been repaid to the Debtor and remain outstanding.    A true and correct copy of the demand letter regarding the Lottery Payments is attached hereto, marked as Exhibit "C" and incorporated herein by this reference.

14.    Plaintiff is informed and believes and, on that basis alleges thereon, that the Defendants received jewelry and other luxury items purchased using the Debtor's funds (the "Luxury Items").

15.    Plaintiff is informed and believes and, on that basis alleges thereon, that diverting and/or transferring of the Lottery Payments and the Luxury Items to the Defendants are collectively referred herein as the "Transfers."

16.    Plaintiff is informed and believes and, on that basis alleges thereon, that the Debtor and the Defendants conspired to conceal the Transfers and keep these assets away the Debtor's creditors.  Plaintiff is further informed and believes and, on that basis alleges thereon, that due to the concealment of the Transfers, the Trustee only recently discovered the Transfers and therefore any applicable deadlines and statute of limitations are tolled.

17.    Plaintiff is informed and believes and, on that basis alleges thereon, that additionally, based on the Debtor's records and tax returns, the Debtor is owed in excess of $25,000,000 in receivables from the Defendants (the "Receivables").

18.    Plaintiff is informed and believes and, on that basis alleges thereon, that

TRUSTEE'S COMPLAINT

1  none of the Receivables owed by the Defendants to the Debtor have been repaid to the

2  Debtor and remain outstanding.

3      19.    Plaintiff is informed and believes and, on that basis alleges thereon, that

4  defendant Erika has used her glamor and notoriety to continue to aid and abet in sham

5  transactions that have occurred with respect to large transfers of assets from the Debtor

6  to the Defendants.

### FIRST CLAIM FOR RELIEF

**(Declaratory Relief)**

9      20.    Plaintiff realleges each and every allegation contained in paragraphs 1

10  through 19 of this Complaint and, by this reference, incorporates said allegations as

11  though set forth fully herein.

12      21.    An actual controversy exists between the Plaintiff and the Defendants

13  concerning their respective rights and duties in that the Trustee contends that the

14  Defendants currently have no ownership interest in the Lottery Payments and the Luxury

15  Items and that the Lottery Payments and the Luxury Items are property of the Estate.

16  Whereas, the Defendants may dispute the Trustee's contention and may assert an

17  ownership interest in the Lottery Payments and the Luxury Items.

18      22.    Plaintiff desires a judicial determination of her rights and duties and a

19  declaration that the Defendants have no ownership interest in the Lottery Payments and

20  the Luxury Items and that the Lottery Payments and the Luxury Payments are property of

21  the Estate.

### SECOND CLAIM FOR RELIEF

**(Turnover Of Property Of The Estate Pursuant To 11 U.S.C. § 542(a))**

24      23.    Plaintiff realleges each and every allegation contained in paragraphs 1

25  through 22 of this Complaint and, by this reference, incorporates said allegations as

26  though set forth fully herein.

27      24.    Plaintiff is informed and believes and, on that basis alleges thereon, that the

28  Lottery Payments, the Luxury Items  and the Receivables are all property of the Estate

1 | pursuant to, among other things, 11 U.S.C. § 541.

2 |     25.    Plaintiff is informed and believes and, on that basis alleges thereon that the

3 | Defendants are in possession, custody or control, during this bankruptcy case, of

4 | property that the Trustee may use, sell or lease under 11 U.S.C. § 363 and such property

5 | is not of inconsequential value or benefit to the Estate.

6 | **THIRD CLAIM FOR RELIEF**

7 | **(Turnover Of Property Of The Estate Pursuant To 11 U.S.C. § 542(b))**

8 |     26.    Plaintiff realleges each and every allegation contained in paragraphs 1

9 | through 25 of this Complaint and, by this reference, incorporates said allegations as

10 | though set forth fully herein.

11 |     27.    Plaintiff is informed and believes and, on that basis alleges thereon, that the

12 | Lottery Payments, the Luxury Items and the Receivables are all property of the Estate

13 | pursuant to, among other things, 11 U.S.C. § 541.

14 |     28.    Plaintiff is informed and believes that the Defendants owe a debt that is

15 | property of the Estate and that is matured, payable on demand, or payable on order and

16 | such debt may not be offset under 11 U.S.C. § 553 against a claim against the Debtor.

17 | **FOURTH CLAIM FOR RELIEF**

18 | **(Avoidance Of Fraudulent Transfer, Actual Intent, Pursuant To [11**

19 | **U.S.C. §§ 544(b) and 548 and Cal. Civ. Code § 3439.04(a)(1))**

20 |     29.    Plaintiff realleges each and every allegation contained in paragraphs 1

21 | through 28 of this Complaint and, by this reference, incorporates the allegations as

22 | though set forth fully herein.

23 |     30.    Plaintiff is informed and believes and, based thereon, alleges that the

24 | Transfers were made with the actual intent to hinder, delay or defraud the Debtor's

25 | creditors.

26 |     31.    By reason of the foregoing, the Transfers are avoidable pursuant to 11

27 | U.S.C. §§ 544(b) and 548 and Cal. Civ. Code § 3439.04(a)(1).

28 |

              TRUSTEE'S COMPLAINT

### FIFTH CLAIM FOR RELIEF

### (Avoidance Of Fraudulent Transfer, Constructive Intent, Pursuant To

### 11 U.S.C. §§ 544(b) and 548 and Cal. Civ. Code § 3439.05)

32.     Plaintiff realleges each and every allegation contained in paragraphs 1 through 31 of this Complaint and, by reference, incorporates the allegations as though set forth fully herein.

33.     Plaintiff is informed and believes and, based thereon, alleges that the Transfers were made for less than reasonably equivalent value at a time when the Debtor was insolvent or as a result of which the Debtor became insolvent.

34.     By reason of the foregoing, the Transfers are avoidable pursuant to 11 U.S.C. §§ 544(b) and 548 and Cal. Civ. Code § 3439.05.

### SIXTH CLAIM FOR RELIEF

### (Avoidance Of Fraudulent Transfer, Constructive Intent, Pursuant To

### 11 U.S.C. §§ 544(b) and 548 and Cal. Civ. Code § 3439.04(a)(2)(A))

35.     Plaintiff realleges each and every allegation contained in paragraphs 1 through 34 of this Complaint and, by reference, incorporates the allegations as though set forth fully herein.

36.     Plaintiff is informed and believes and, based thereon, alleges that the Transfers were made without the Debtor receiving reasonably equivalent value in exchange for the Transfers, and that at the time of the Transfers, the Debtor was engaged or was about to engage in a business or a transaction for which their remaining assets were unreasonably small in relation to the business or transaction.

37.     By reason of the foregoing, the Transfers are avoidable pursuant to 11 U.S.C. §§ 544(b) and 548 and Cal. Civ. Code § 3439.04(a)(2)(A).

### SEVENTH CLAIM FOR RELIEF

### (Avoidance Of Fraudulent Transfer, Constructive Intent, Pursuant To

### 11 U.S.C. §§ 544(b) and 548 and Cal. Civ. Code § 3439.04(a)(2)(B))

38.     Plaintiff realleges each and every allegation contained in paragraphs 1

TRUSTEE'S COMPLAINT

1 | through 37 of this Complaint and, by this reference, incorporates the allegations as
2 | though set forth fully herein.

3 |     39.    Plaintiff is informed and believes, and based thereon, alleges that the
4 | Transfers were made without the Debtor receiving reasonably equivalent value in
5 | exchange for the Transfers, and that the Debtor intended to incur, or reasonably should
6 | have believed that the Debtor would incur, debts beyond the Debtor's ability to pay as
7 | they became due.

8 |     40.    By reason of the foregoing, the Transfers are avoidable pursuant to 11
9 | U.S.C. §§ 544(b) and 548 and Cal. Civ. Code § 3439.04(a)(2)(B).

10 | **EIGHTH CLAIM FOR RELIEF**

11 | **(Recovery Of Avoided Transfer Pursuant To 11 U.S.C. § 550(a))**

12 |     41.    Plaintiff realleges each and every allegation contained in paragraphs 1
13 | through 40 of this Complaint and, by this reference, incorporates the allegations as
14 | though set forth fully herein.

15 |     42.    By reason of the foregoing, Plaintiff is entitled to recover the Transfers or
16 | their value from the Defendants pursuant to 11 U.S.C. § 550(a).

17 | **NINTH CLAIM FOR RELIEF**

18 | **(Conversion)**

19 |     43.    Plaintiff realleges each and every allegation contained in paragraphs 1
20 | through 42 of this Complaint and, by this reference, incorporates the allegations as
21 | though set forth fully herein.

22 |     44.    The Lottery Payments, the Luxury Items and the Receivables are all
23 | property of the Estate and the Defendants have substantially, intentionally, actually and
24 | wrongfully interfered with the Plaintiff's right of possession of the Lottery Payments, the
25 | Luxury Items and the Receivables.

26 |     45.    The Defendants have refused to return the Lottery Payments, the Luxury
27 | Items and the Receivables despite Plaintiff's demand for same and instead the
28 | Defendants have received and/or diverted the Lottery Payments, the Luxury Items and

TRUSTEE'S COMPLAINT

1    Receivables to themselves for their own benefit.

2    46.    Plaintiff is entitled to damages against the Defendants for conversion of the

3    Lottery Payments, the Luxury Items and the Receivables in an amount to be proved at

4    trial pursuant to Cal. Civ. Code § 3336.

5    **TENTH CLAIM FOR RELIEF**

6    **(Constructive Trust)**

7    47.    Plaintiff realleges each and every allegation contained in paragraphs 1

8    through 46 of this Complaint and, by this reference, incorporates said allegations as

9    though set forth fully herein.

10    48.    By virtue of the Defendants' wrongful acts, the Defendants hold the

11    wrongfully acquired funds and property of the Estate and proceeds acquired in exchange

12    for the wrongfully acquired funds and property of the Estate as constructive trustees for

13    the benefit of the Plaintiff and the Estate.

14    49.    An award of punitive and exemplary damages against the Defendants is

15    just and reasonable.

16    **ELEVENTH CLAIM FOR RELIEF**

17    **(Account Stated)**

18    50.    Plaintiff realleges each and every allegation contained in paragraphs 1

19    through 46 of this Complaint and, by this reference, incorporates said allegations as

20    though set forth fully herein.

21    51.    Plaintiff is informed and believes and, on that basis alleges thereon, that

22    within the last four (4) years an account was stated in writing between the Debtor and the

23    Defendant wherein it was agreed that the Defendants were indebted to the Debtor for the

24    the Receivables.    The Receivables owed to the Debtor by the Defendants remain

25    outstanding in an amount in excess of $25,000,000 or in an amount to be proved at trial,

26    plus interest at the maximum rate permitted by law.

27

28

TRUSTEE'S COMPLAINT

## **TWELFTH CLAIM FOR RELIEF**

### **(Open Book Account)**

52.    Plaintiff realleges each and every allegation contained in paragraphs 1 through 51 of this Complaint and, by this reference, incorporates said allegations as though set forth fully herein.

53.    Plaintiff is informed and believes and, on that basis alleges thereon, that within the last four (4) years, the Defendants became indebted to the Debtor on an open book account for money due on account of the Receivables (an amount in excess of $25,000,000 or in an amount to be proved at trial) for monies provided to the Defendants and for which the Defendants agreed to pay.

54.    No part of the Receivables have been paid although demand has been made and there is now due, owing, and unpaid from the Defendants to the Debtor a sum in excess of $25,000,000 or in an amount to be proved at trial, plus interest at the maximum rate permitted by law.

## **THIRTEENTH CLAIM FOR RELIEF**

### **(Money Had And Received)**

55.    Plaintiff realleges each and every allegation contained in paragraphs 1 through 54 of this Complaint and, by this reference, incorporates said allegations as though set forth fully herein.

56.    Plaintiff is informed and believes and, on that basis alleges thereon, that within the last four (4) years, the Defendants received the Receivables in an amount in excess of $25,000,000 or in an amount to be proved at trial from the Debtor that was intended for the use and benefit of the Debtor.

57.    No part of the Receivables have been paid although demand has been made and there is now due, owing and unpaid from the Defendants to the Debtor an amount in excess of $25,000,000 or in an amount to be proved at trial, plus interest at the maximum rate permitted by law.

TRUSTEE'S COMPLAINT

## FOURTEENTH CLAIM FOR RELIEF

### (Unjust Enrichment)

58.    Plaintiff realleges each and every allegation contained in paragraphs 1 through 57 of this Complaint and, by this reference, incorporates said allegations as though set forth fully herein.

59.    As a result of the wrongful acts of the Defendants alleged herein, the Defendants have been unjustly enriched at the expense of the Estate and its creditors. The Defendants have derived and continue to derive benefit from their wrongful acts.

60.    The Defendants are under an obligation to pay the Plaintiff and the Estate all amounts by which the Defendants have been unjustly enriched in an amount according to proof.

## FIFTEENTH CLAIM FOR RELIEF

### (Accounting)

61.    Plaintiff realleges each and every allegation contained in paragraphs 1 through 60 of this Complaint and, by this reference, incorporates said allegations as though set forth fully herein.

62.    The Defendants are in possession of money and property including, but not limited to, the Lottery Payments, the Luxury Items and the Receivables, that rightfully belong to the Estate as were fraudulently obtained by the Defendants.  The amount owed by the Defendants to the Estate cannot be easily ascertained without an accounting of the money and property received by the Defendants.

**WHEREFORE**, Plaintiff prays for judgment against the Defendants as follows:

**On the First Claim for Relief**:

1.    For a judgment that the Defendants have no ownership interest in the Lottery Payments and the Luxury Items and the Lottery Payments and the Luxury Items are property of the Estate;

**On the Second and Third Claims for Relief**

2.    For a judgment against the Defendants for turnover of the Lottery

TRUSTEE'S COMPLAINT

Payments, the Luxury Items and the Receivables under 11 U.S.C. § 542(a) and/or 542(b);

**On the Fourth, Fifth, Sixth and Seventh Claims for Relief**:

3.      For a judgment against the Defendants that the Transfers be avoided;

**On the Eighth Claim for Relief:**

4.      For a judgment against the Defendants that the Transfers, or their respective value, be recovered for the benefit of the estate pursuant to 11 U.S.C. § 550;

**On the Ninth Claim for Relief:**

5.      For a judgment against the Defendants for conversion of the Lottery Payments, the Luxury Items and the Receivables in an amount to be proved at trial pursuant to Cal. Civ. Code § 3336;

**On the Tenth Claim for Relief:**

6.      For a judgment against the Defendants declaring that the wrongfully acquired funds and property of the Estate and proceeds acquired in exchange for the wrongfully acquired funds and property of the Estate are held in trust for the benefit of the Plaintiff and the Estate;

**On the Eleventh, Twelfth and Thirteenth Claims for Relief:**

7.      For a judgment against the Defendants in the outstanding amount in excess of $25,000,000 or in an amount to be proved at trial, plus interest at the maximum rate permitted by law.

**On the Fourteenth Claim for Relief:**

8.      For a judgment against the Defendants ordering the Defendants to pay the Plaintiff and the Estate all amounts by which the Defendants have been unjustly enriched in an amount according to proof;

**On the Fifteenth Claim for Relief:**

9.      For a judgment against the Defendants ordering an accounting of all money and property received by the Defendants from the Debtor and for payment of the amount due from the Defendants as a result of the accounting;

TRUSTEE'S COMPLAINT

**On All Claims for Relief:**

10.    For an award of punitive and exemplary damages against the Defendants is just and reasonable;

11.    For costs of suit incurred herein, including, without limitation, attorneys' fees; and

12.    For such other and further relief as the Court deems just and proper.

DATED:  June 25, 2021                Respectfully submitted,

LAW OFFICES OF RONALD RICHARDS & ASSOCIATES, APC

By:    _____/s/ Ronald Richards_____
Ronald Richards
Attorneys for Elissa D. Miller, Chapter 7 Trustee

TRUSTEE'S COMPLAINT

# EXHIBIT A

MATTHEW R. EASON  SBN 160148
KYLE K. TAMBORNINI SBN 160538
LAW OFFICES OF EASON & TAMBORNINI
1819 K Street, Suite 200
Sacramento, CA  95814
Tel: (916) 438-1819
Fax: (916) 438-1820

Attorneys for Defendant

F I L E D
SUPERIOR COURT
COUNTY OF SAN BERNARDINO
RANCHO CUCAMONGA DISTRICT

AUG – 2 2012

BY _____
CHRISTINA L. BANDFIELD, DEPUTY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SAN BERNARDINO – RANCHO CUCAMONGA

DISTRICT

| MAURICE MARSTON, ET AL | Case No.:  CIVRS 910950 |
| Plaintiffs, | |
| v. | STIPULATION AND [PROPOSED] ORDER AUTHORIZING CALIFORNIA LOTTERY TO DISBURSE LOTTERY WINNINGS & FINAL DISMISSAL OF ACTION |
| NATALIE MARSTON-SALEM, f/k/a or a/k/a NATALIE MARSTON | |
| Defendant. | |

Plaintiff Maurice L. Marston ("Plaintiff") and defendant Natalie E. Marston-Salem ("Defendant") hereby stipulate, through their undersigned counsel of record, to the following Order:

1.      Defendant Natalie E. Marston-Salem was entitled to receive twenty (20) annual payments of $260,000.00 for twenty (20) years from the California Lottery winnings.  Pursuant to Government Code section 8880.325 ("Section 8880.325"), California Lottery Regulation section III(B)(2) ("Regulation III(B)(2)"), and the June 12, 2012 settlement agreement between Plaintiff and Defendant attached hereto as Exhibit 1, the Court hereby approves an assignment by the Defendant of 100% of the gross annual amount of California Lottery winnings less Federal taxes and deductions authorized by law for the calendar year 2012 as follows:

     a.     60% ($156,000.00) to Maurice L. Marston and Nancy Norton-Marston

     b.     13.34 % ($34,684.00) to ███████ ████

     c.     13.33% ($34,658.00) to Erika Girardi

     d.     13.33 % ($34,658.00) to ████████████

2.     Pursuant to Government Code section 8880.325 ("Section 8880.325"), California Lottery Regulation section III(B)(2) ("Regulation III(B)(2)"), and the June 12, 2012 settlement agreement between Plaintiff and Defendant attached hereto as Exhibit 1, the Court hereby approves an assignment by the Defendant of 75% of the gross annual amount of California Lottery winnings of $260,000.00 less Federal taxes and deductions authorized by law for the calendar years 2013 through 2025 as follows:

     a.     45% ($117,000) to Maurice L. Marston and Nancy Norton-Marston

     b.     10 % ($26,000) to ████████████

     c.     10% ($26,000) to Erika Girardi

     d.     10 % ($26,000) to ████████████

Defendant will retain $65,000.00 or twenty-five percent (25%) of the gross amount of California Lottery winnings for the calendar years 2013 through 2025. For the calendar years 2026 through 2028, Defendant will receive one hundred percent (100%) of the gross annual amount of the California Lottery winnings of $260,000.00.

3.     The Court authorizes the California Lottery to disburse the above stated amounts, less federal taxes and deductions that the Lottery is required by law to withhold, to Plaintiff and the assignees set forth in Paragraph 1 herein.

4.     The Lottery will pay the balance of the lottery prize to Defendant Natalie E. Marston-Salem after the allocations set forth in Paragraph 2a. – d. herein.

5.     Additionally, pursuant to Section 8880.325 and Regulation III(B)(2), the Court finds as follows:

(a)     Defendant/Winner's name on California Lottery claim form: Natalie E. Marston. She was later married and changed her name to Natalie E. Marston-Salem.

(b)     Defendant/Winner's address and social security number: Confidential/has already

been provided to the California Lottery;

  (c) Plaintiff/Assignee's name: Maurice L. Marston and Nancy Norton-Marston (Federal taxes will be paid under Maurice L. Marston's Social Security Number as provided under separate cover);

  (d) Plaintiff/Assignee's address, birth date, and social security number: Confidential/will be provided to the California Lottery under separate cover;

  (e) Additional assignees' names: ██████████, Erika Girardi, and ████████████;

  (f) Additional assignees' addresses, birth dates, and social security numbers: Confidential/will be provided to the California Lottery under separate cover;

  (g) Defendant/Winner has reviewed and understands the terms of the foregoing assignment; understands that she will not receive the assigned prize payments or a portion thereof for the payments assigned; has entered into the agreement of her own free will without undue influence or duress and not under the influence of drugs or alcohol; has had an opportunity to retain and consult with an independent financial and tax advisor(s) concerning the effect of the assignment, who have fully advised her about the tax consequences of the assignment; and has been represented by independent legal counsel, Matthew R. Eason, Eason & Tambornini, ALC who has advised her of her legal rights and obligations under the assignment and whose State Bar of California number is 160142;

  (h) Defendant/Winner is married and her spouse has executed this stipulation disclaiming any interest, as provided in his Declaration, and there are no other non-spouse co-owners, claimants, or lien holders asserting a claim against Defendant/Winner's lottery winnings, including, but not limited to, payments that are the subject of this assignment;

  (i) Defendant/Winner has obtained and filed with the Court a notification from the California State Lottery of any liens, levies, or claims, and the Controller's office of any offsets asserted as of that time against Defendant/Winner, as reflected in their respective official records as of the time of the notification; and

  (j) The California Lottery and the State of California are not parties to the proceeding

1  and the California Lottery and the State of California may rely upon this order in disbursing the

2  lottery prize payments that are the subject of this order.  Further, upon payment of lottery prize

3  monies pursuant to an order of the court, the California Lottery, the director, and commission

4  and the employees of the California Lottery, and the State of California shall be discharged of

5  any and all liability for the lottery prize paid, and these persons and entities shall have no duty or

6  obligation to any person asserting another interest in, or right to receive, the lottery prize

7  payment.

8       6.    The June 5, 2012 annual lottery payment that is currently being held by the

9  Lottery will be disbursed upon confirmation of the assignment and the necessary time to set up

10  the payees.

11      7.    The Court hereby dismisses the above-captioned action with prejudice with each

12  party to bear its own attorneys' fees and court costs.

13

14  Dated:  July 30, 2012

    Natalie E. Marston-Salem, Defendant

15

16  Dated:  July 30 2012

17  John Salem, Consenting Spouse

18  Dated:  July 30, 2012

19  Maurice L. Marston, Plaintiff

20  Dated:  July 30, 2012

21  Nancy Norton-Marston, Consenting
    Spouse

22

23                    ORDER

24  IT IS SO ORDERED.

25        AUG 0 2 2012

26  DATED: ~~July~~      ~~, 2012~~

27                    JOSEPH R. BRISCO

    HONORABLE JOSEPH R. BRISCO
28  Judge of the Superior Court

STIPULATION AND ORDER FOR ASSIGNMENT Page 4

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is entered into as of June __, 2012, by and between Maurice Marston ("Plaintiff"), Natalie Marston Salem ("Defendant"). Plaintiff and Defendant are also sometimes referred to herein collectively as the "Parties" and/or individually as a "Party."

## RECITALS

WHEREAS, on September 29, 2009, Plaintiff filed a action for damages, declaratory relief, and injunctive relief against the Defendant. The case is commonly known as Marston v. Marston, San Bernardino Superior Court Case Number CIVRS 910950 ("The Action");

WHEREAS, on November 29, 2011, judgment was entered in "The Action" on behalf of the Plaintiff and against the Defendant;

WHEREAS, Defendant appealed that judgment;

WHEREAS, the Parties, their respective counsel, and Nancy Marston attended a settlement conference before the Fourth District Court of Appeals Presiding Justice Manuel A. Ramirez.

WHEREAS, as of the drafting of this agreement, the California Lottery has made the first three years of a twenty year payout to the Defendant. The 2012 payment representing year four has not yet been made.

WHEREAS, because of the time, expense and uncertainties associated with further litigation between the Parties and in exchange for the mutual considerations exchanged and agreed to by the Parties under this Agreement, the Parties agree to fully, finally and completely resolve and settle all issues between the Parties, as expressly set forth in this Agreement;

## TERMS

1.    In connection with the Recitals set forth above, which are all fully incorporated herein by reference, the Parties hereby agree to fully, finally and completely resolve and settle all past and present disputes, known and unknown, between them.

2.    Defendant has paid Plaintiff in consideration of this agreement the sum of $135,000.

3.    As of the drafting of this agreement, the payment for 2012 (year 4) from the California State Lottery has not been issued. The parties agree that the proceeds of that payment will be surrendered promptly to the Plaintiff. If the check comes in made payable to the Defendant, the Defendant will negotiate the check, and immediately upon confirmation of availability of funds will submit the entire funds to the Plaintiff. If the check comes in made payable to multiple parties which include the Defendant, Defendant will promptly execute the check and surrender the check to the Plaintiff.

6-6-12

4.      The parties agree that the Defendant will voluntarily assign to Plaintiff, or his to his named assignees a seventy-five percent (75%) portion of the payments for years five (5) through seventeen (17) (Calendar years 2013-2025).  Defendant will retain a twenty-five (25%) portion of the payments for years five (5) through seventeen (17) (Calendar years 2013-2025), and she shall retain 100% of the payments for years eighteen (18) through twenty (20) (Calendar years 2026- 2028).

5.      Plaintiff will apply for, and Defendant will cooperate in, the executing of court documents to have the assignments contemplated above approved by a court of competent jurisdiction pursuant to Government Code Section 8880.325(j).

6.      Upon satisfaction of the terms above, the Defendant will file a notice of abandonment of appeal, and the Plaintiff will cause to be filed a satisfaction of judgment in full.

7.      In consideration of the Settlement Payment, and promises of the Parties specified in this Agreement, the Parties hereby fully, finally and forever release, acquit, exonerate, waive, settle and discharge, each other, and each Party's attorneys, insurance carriers, agents, servants, representatives, employees, subsidiaries, affiliates, directors, board members, partners, officers, directors, shareholders, predecessors, successors-in-interest, assigns, heirs, spouses, and all persons acting by, through, under or in concert with them, of and from any and all past and present claims, demands, obligations, actions, causes of action, damages, costs, attorneys' fees, losses of service, expenses, liability, suits, and compensation of any nature whatsoever, whether based in tort, contract, or any other theory of recovery arising from the recitals set forth above, including without limitation any claim or claims that may have been filed between them.  The foregoing is hereinafter referred to as the "Released Matters."

8.      The Parties acknowledge that they are familiar with section 1542 of the California Civil Code, which provides as follows:

"A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."

9.      Except for the obligations set forth in this Agreement, the Parties, after consulting with their respective counsel, hereby waive and relinquish any and all rights and benefits which they may have under, and which may be conferred upon them by, the provisions of Section 1542 regarding the Released Matters to the fullest extent that they may lawfully waive such rights or benefits.  The Parties declare that they understand the full nature, extent and import of Section 1542 of the California Civil Code and have been so advised, and/or have had the opportunity to be so advised, by their respective attorneys.

10.     The Parties each represent and warrant that they/it are the sole owner of all rights, title, and interests in and to all of the Released Matters settled under this Agreement and that they have not heretofore assigned, transferred, or purported to assign and/or transfer to any person or entity any matters, or portions thereof, settled and released under this Agreement.

11.     The settlement, releases and other matters set forth herein are a compromise and

settlement of disputed and contested claims between the Parties, and nothing contained herein shall be construed as an admission by any Party of any obligation and/or liability of any kind to any other Party.

12.    This Agreement contains and embodies the entire agreement of the Parties with regard to the obligations under this Agreement and to the Released Matters covered in this Agreement, and no representations, inducements, or other agreements, oral or otherwise, not embodied herein, exist nor shall they be of any force or effect. This Agreement can only be modified or amended by a subsequent written agreement signed by the Parties.

13.    This Agreement is binding upon and shall inure to the benefit of the Parties, their respective agents, employees, representatives, shareholders, officers, directors, partners, board members, divisions, corporations, subsidiaries, parents, affiliates, assigns, heirs, predecessors, spouses, and successors, past, present, and future, and all of their insurers, guarantors, sureties and reinsurers.

14.    The Parties to this Agreement shall each be deemed to have drafted this Agreement, such that no ambiguity in this Agreement, if any, shall be construed against any Party.

15.    The Parties shall each bear their own costs, expenses and fees, of all kind, including attorney, consultant, and expert fees, up through the date this Agreement is entered into, regarding the Released Matters.

16.    The Parties agree to execute any and all such other documents and perform such other acts as are necessary to give effect to the intent and purposes of this Agreement.

17.    If any part, provision, condition, or term of this Agreement, or the application thereof to any person, Party or circumstance, shall to any extent be invalid or unenforceable, the remainder of this Agreement shall not be affected thereby, and each part, provision, condition or term of this Agreement shall be valid and enforceable to the fullest extent permitted by law.

18.    Nothing in this Agreement, whether express or implied, is intended to confer any rights or remedies under or by reason of this Agreement on any persons other than the Parties hereto. This Agreement and the performance of the Parties' obligations hereunder are for the sole and exclusive benefit of the Parties.

19.    This Agreement is entered into and shall be subject to the laws of the State of California. Any dispute shall be resolved before the Superior Court of the County of Riverside which shall retain exclusive jurisdiction over this matter.

20.    This Agreement may be signed in counter-parts, all of which taken together shall be construed as one original. Telefaxed signatures shall constitute original signatures.

21.    Each Party hereto represents and warrants that it is represented by, or has had the opportunity to consult with, legal counsel and that it is authorized to sign this Agreement and bind the respective Party hereby and that all acts necessary to confer such authority have been duly, properly and legally taken.

IN WITNESS WHEREOF, the parties hereto have executed or caused this Agreement to be executed as of the date first written above.

Dated: June 12, 2012

Natalie Marston-Salem

Dated: June 6, 2012

Maurice Marston

Page 4 of 4

# EXHIBIT B



Evan C Borges
Direct Dial: (949) 383-2860
EBorges@GGTrialLaw com

June 28, 2021

**VIA E-MAIL: ron@ronaldrichards.com**

Ronald Richards
Special Counsel to Chapter 7 Trustee, Girardi Keese Estate
Law Offices of Ronald Richards & Associates, A.P.C.
P.O. Box 11480
Beverly Hills, CA 90213

      **Re:**    **In re Girardi Keese; CACB Case No. 2:20-bk-21022-BR**

Dear Ronald:

      This letter sets forth the agreement effective as of June 28, 2021 (the "Agreement")
between Elissa D. Miller, in her capacity as chapter 7 trustee for bankruptcy debtor Girardi
Keese ("GK") (the Trustee") on the one hand, and party in interest Erika Girardi ("Ms. Girardi")
on the other hand, regarding the proceeds of a certain check (the "Check") dated June 9, 2021,
bearing check number ███████ and received at the offices of GK from the State of California,
made payable to Erika N. Girardi, based on a gross amount of $26,000, from which the State of
California withheld federal taxes of $6,240.00, resulting in a net payment amount of **$19,760.00**
(the "Check Proceeds").

      1.    **Endorsement and Deposit of Check By Trustee in Trust Account**.  Ms. Girardi
consents to the Trustee endorsing the check with Ms. Girardi's signature "for deposit only" and
depositing the check into the trust account of GK, over which the Trustee represents that she has
exclusive control.  The Trustee further agrees to hold and segregate the Check Proceeds in the
GK trust account, subject to the terms of this Agreement.

      2.    **Check Proceeds Retained in Trust Account**.  The Trustee and Ms. Girardi agree
that the Check Proceeds shall be held by the Trustee in the GK trust account and shall not be
released or distributed absent (a) a further written agreement signed by the Trustee and Ms.
Girardi, or (b) a binding and final court order.

      3.    **Mutual Reservation of Rights**.  The Trustee and Ms. Girardi reserve all rights
and claims as to entitlement to the Check Proceeds and the subject matter of this Agreement.

GREENBERG GROSS LLP

Ronald Richards
June 28, 2021
Page 2

      4.      **Mutual Cooperation**.  The Trustee and Ms. Girardi agree to cooperate with one another in exchanging information relevant to resolution of entitlement to the Check Proceeds and the subject matter of this Agreement.

      5.      **Miscellaneous**.  This Agreement contains the entire agreement between the parties regarding the subject matter hereof.  This Agreement may not be modified or amended verbally, and only may be modified or by a writing signed by both of the parties hereto.  This Agreement may be signed in counterpart copies by pdf electronic signatures of the parties, which shall be deemed original signatures, and which together shall constitute the fully executed Agreement.

      By their signatures below, the Trustee and Ms. Girardi agree to this Agreement.

              Very truly yours,

              Evan C. Borges

IT IS SO AGREED.

By: _____
      Elissa D. Miller, in her capacity as chapter 7 trustee
      for bankruptcy debtor Girardi Keese

By: _____
      Erika Girardi

ECB:CW

GREENBERG GROSS LLP

Ronald Richards
June 28, 2021
Page 2

     4.     **Mutual Cooperation**.  The Trustee and Ms. Girardi agree to cooperate with one another in exchanging information relevant to resolution of entitlement to the Check Proceeds and the subject matter of this Agreement.

     5.     **Miscellaneous**.  This Agreement contains the entire agreement between the parties regarding the subject matter hereof.  This Agreement may not be modified or amended verbally, and only may be modified or by a writing signed by both of the parties hereto.  This Agreement may be signed in counterpart copies by pdf electronic signatures of the parties, which shall be deemed original signatures, and which together shall constitute the fully executed Agreement.

     By their signatures below, the Trustee and Ms. Girardi agree to this Agreement.

Very truly yours,

Evan C. Borges

IT IS SO AGREED.

By: _____
     Elissa D. Miller, in her capacity as chapter 7 trustee
     for bankruptcy debtor Girardi Keese

By: _____
     Erika Girardi

ECB:CW

# EXHIBIT C

LAW OFFICES OF

# Ronald Richards and Associates

**A Professional Corporation**
**310-556-1001 Los Angeles Office**
**202-508-1060 DC Office**

Office Locations:

Richards Law Building
West Hollywood, CA

CA Mailing Address:
PO Box 11480
Beverly Hills, CA  90213

DC Office Address:
1629 K ST. Suite 300
Washington D.C., 20006

**\*Admitted in the following**
**Courts:\***
All Fed. and State Cts. in
California, 2nd, 9th & 11th Circuit,
C.O.A's, ED of Michigan, D of
Colorado, W.D. of Tenn., District
of Columbia D.C.,
The United States Supreme Court
(U.S.S.C.)
**Bar Membership:**
California
District of Columbia

EMAIL: RON@RONALDRICHARDS.COM
WEBSITE: WWW.RONALDRICHARDS.COM

June 10, 2021

Mr. Peter Mastan
Dinsmore & Shohl LLP
550 S. Hope Street, Suite 1765
Los Angeles, CA 90071

Dear Mr. Mastan,

## DEMAND FOR REIMBURSEMENT AND ASSIGNMENT OF LOTTERY PAYMENTS

As you are aware, our office is Special Counsel to Elissa D. Miller, Trustee of the Girardi Keese Chapter 7 Estate.

I am attaching for your review a lottery payee set up dated 6/26/2012, made payable to your client, Erika Nay Girardi.  A stipulation and court order for disbursement of Girardi Keese Attorneys Fees.  A settlement agreement for attorneys' fees for Girardi Keese.  Finally, a disbursement letter from Girardi Keese signed by ███████.

We would like to have the remaining payments assigned to the Estate immediately. We would also like to have the Estate reimbursed for the payments received since June of 2012 to the present.

Based on the attached evidence, we are demanding an execution of a new lottery payee form to Elissa D. Miller, Chapter 7 Trustee, for the Girardi Keese estate, as well as a wire of the proceeds that have been previously tendered, to the attached bank account for the Trustee.

1

Here is the breakdown as we see it:

$34,658.00 paid in 2012.
$208,000.00 for years 2013 to 2021
$78,000 for the years, 2022 to 2025.

Please feel free to call me to discuss this matter.   This demand will expire within ten days from today's date before we take further steps to recover these funds for the Estate and prevent further dissipation of Estate assets.

Sincerely,

Ronald Richards, Esq.

**CALIFORNIA LOTTERY**
## PAYEE SETUP

calottery

Please complete, sign, obtain notarization, and return this form to the following address:

**California Lottery**
**Attn: Investments Section**
**700 North 10th Street**
**Sacramento, CA 95811**

The following information is required to properly set up your file, and will determine the appropriate tax withholding rate. Please see information about Federal Tax Reporting below.

### PLEASE PRINT IN INK OR TYPE

| NAME (FIRST, MIDDLE, LAST) ERIKA NAY GIRARDI | | HOME TELEPHONE NO. ▮ | WORK TELEPHONE NO. ▮ |
|---|---|---|---|
| MAILING ADDRESS (STREET, RURAL ROUTE, OR PO BOX) 1126 Wilshire Boulevard | CITY Los Angeles | STATE CA | ZIP CODE 90017 |
| COUNTRY (If not USA) | SOCIAL SECURITY/TAX ID NO. ▮ | DATE OF BIRTH ▮ | DRAW DATE 6▮9 |
| ARE YOU A U.S. CITIZEN? ☒ YES ☐ NO | IF NOT A U.S. CITIZEN, YOUR RESIDENT STATUS | ☐ Resident | ☐ Non-Resident |

*I certify under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

| SIGNATURE | DATE 6/26/12 |
|---|---|

### NOTARY PUBLIC ACKNOWLEDGMENT

State of ____California____        County of ____Los Angeles____

On ____June 26, 2012____ before me, Shirleen H. Fujimoto, Notary Public personally

appeared ____Erika Girardi____ who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

____Shirleen H. Fujimoto____

(Seal)

SHIRLEEN H. FUJIMOTO
COMMISSION # 1933089
Notary Public - California
LOS ANGELES COUNTY
My Comm. Expires May 15, 2015

**INFORMATION ABOUT FEDERAL TAX REPORTING:** The California Lottery (Lottery) is required by Internal Revenue Code Treasury Regulations, § 31.3402(a)-1 to withhold income on the proceeds of a single wager which exceeds $5,000. The withholding rate for income tax depends on your personal resident status. The Lottery is currently required to withhold federal taxes at the rate of 25% for U.S. citizen and resident aliens; 30% for non-resident aliens, and 28% for U.S. citizens and resident aliens who do not have a Social Security Number.

**PRIVACY NOTICE:** The State Information Practices Act of 1977 (Civil Code § 1798.17) and the Federal Privacy Act (Public Law 93-579) require that this notice be provided when the Lottery collects personal information from individuals. Social Security numbers and birth dates are used for identification purposes only, except as required by state and federal law. Providing the requested information will prevent delays in receipt of annual prize payments.

The information you provide may be disclosed to state and federal government agencies including, but not limited to: the State Controller's Office, State Franchise Tax Board, Department of Health Services, and the Federal Internal Revenue Service.

You have the right to access your personal information maintained by the Lottery by contacting the California Lottery, 700 North 10th Street, Sacramento, CA 95811, Attention: Public Records Act Coordinator. ·

CSL 1270 (R06/11)                      Event No. TV ▮                    1476



**GIRARDI | KEESE**
L A W Y E R S

August 2, 2012

**SENT VIA U.S. PRIORITY MAIL**

MR. MAURICE MARSTON
8780 19th Street - #460
Alta Loma CA 91701

     Re:   **Marston v. Marston**

Dear Maurice:

     I am enclosing herewith a copy of the **STIPULATION AND ORDER AUTHORIZING CALIFORNIA LOTTERY TO DISBURSE LOTTERY WINNINGS AND FINAL DISMISSAL OF ACTION ("ORDER")** as signed by the Honorable Joseph Brisco on August 2, 2012.

     As you will note from this ORDER, you will receive payments from the California Lottery, pursuant to Paragraph 2, for the next twelve (12) years or for calendar years 2013 – 2025.   You will receive within sixty (60) days the payment set forth in paragraph 1 of this ORDER.  Please keep the enclosed ORDER in a safe place for future reference. It is on file with the State Lottery Commission.

     If there is a change in the address as set forth in the Payee Setup Form which you previously executed, you must so notify the State Lottery for receipt of future payments.

               Very truly yours,

               **GIRARDI | KEESE**

               ███████

███ L./ata
Enclosure

1126 WILSHIRE BOULEVARD • LOS ANGELES, CALIFORNIA • 90017-1904
TELEPHONE: 213-977-0211 • FACSIMILE: 213-481-1554