Robert Cooper (SBN 209641)
robert.cooper@wilsonelser.com
**WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP**
555 S. Flower Street, 29th Floor
Los Angeles, CA 90071
Tel: (213) 443-5100
Fax: (213) 443-5101

Attorneys for Court-Appointed
Special Litigation Counsel
**Law Offices of Ronald Richards
 & Associates, APC**

Ronald Richards (SBN: 176246)
ron@ronaldrichards.com
Morani Stelmach (SBN: 296670)
morani@ronaldrichards.com
**LAW OFFICES OF RONALD RICHARDS
 & ASSOCIATES, APC**
P.O. Box 11480
Beverly Hills, California 90213
Tel: 310.556.1001
Fax: 310.277.3325

**Special Litigation Counsel for Elissa D. Miller, Chapter 7 Trustee**

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>GIRARDI KEESE,<br><br>　　　　　　　　Debtor. | Case No. 2:20-bk-21022-BR<br><br>Chapter 7<br><br>**CHAPTER 7 TRUSTEE'S EVIDENTIARY OBJECTIONS TO THE DECLARATION OF EVAN C. BORGES AND EXHIBITS 1 AND 2 ATTACHED THERETO IN SUPPORT OF MOTION FOR RECONSIDERATION**<br><br>Date:　TBD<br>Time:　TBD<br>Ctrm.:　TBD<br><br>[Filed Concurrently with Opposition to Reconsideration Motion and Declarations of Ronald Richards, Erin Joyce and Bjorn Wallman] |

1

**TO THE HONORABLE BARRY RUSSELL, UNITED STATES BANKRUPTCY JUDGE:**

Elissa D. Miller, the chapter 7 trustee (the "Trustee") for the bankruptcy estate of Girardi Keese, hereby submits the following objections to the Declaration of Evan C. Borges ("Borges") and Exhibits 1 and 2 attached thereto in support of Motion for Reconsideration [Docket No. 437] filed by Erika Girardi to reconsider the appointment order of the Law Offices of Ronald Richards & Associates, A.P.C., as Special Litigation Counsel. The Borges Declaration and Exhibits 1 and 2 attached thereto are objectionable for several reasons, and should be disregarded in their entirety.

## I.    INTRODUCTION

Ms. Girardi has selectively compiled various unauthenticated tweets and internet postings while attributing them to Mr. Richards in violation of the rules governing evidence. For example, the Declaration of Evan Borges fails to lay the proper foundation for any of the postings attached to Exhibit 1. There is no assertion that the declarant, Mr. Borges, prepared the compilation himself. The declarant is not a Twitter user to the best of counsel's knowledge or an expert on Twitter extractions. Whoever provided Ms. Girardi's counsel with the misleading grouping of tweets selectively scoured a private party's account and cherry-picked hearsay materials to try to falsely contend some ethical rule was violated. Judging by the materials attached, different individuals attempted to take different screen shots at different times and provided it to Ms. Girardi's counsel, thus raising various evidentiary issues. Accordingly, Ms. Girardi's motion lacks any admissible evidence. See *Wady v. Provident Life & Accident Ins. Co. of Am.*, 216 F.Supp.2d 1060, 1064 (C.D. Cal. 2002) (excluding documents where proponent of the evidence "has no personal knowledge of who maintains the website, who authored the documents, or the accuracy of their contents").

## II. LEGAL DISCUSSION

### A. The Attached Materials Are Not Authenticated.

Ms. Girardi's counsel, as the declarant, cannot authenticate the contents of Exhibits 1 and 2 attached to his declaration because he has not shown any personal knowledge as to who posted any of the tweets found in those exhibits. There is also no assertion that Ms. Girardi's attorney has any knowledge as to how or when the tweets and other posts were generated or compiled. There is no evidence that the compilations are accurate or complete. There is also no suggestion that any of the postings belonged to verified accounts. Ms. Girardi cannot cure these evidentiary gaps in her reply papers. See *Zamani v. Carnes,* 491 F.3d 990, 997 ("district court need not consider arguments raised for the first time in a reply brief").

Courts are very skeptical in general of Internet-based information.  See, e.g., *United States v. Jackson*, 208 F.3d 633, 638 (7th Cir. 2000) (finding that evidence taken from the Internet lacked authentication where the proponent was unable to show that the information had been posted by the organizations to which she attributed it). Courts view information obtained from the Internet as inherently untrustworthy. (*St. Clair v. Johnny's Oyster & Shrimp, Inc*. 76 F.Supp.2d 773, 775 (S.D. Tex. 1999) ("Anyone can put anything on the Internet"). Because "hackers can adulterate the content on any website from any location at any time," *ibid*., evidence procured from the Internet must be properly authenticated. See *United States v. Vayner,* 769 F.3d 125, 131-132 (2nd Cir. 2014) (no evidence provided that defendant himself created Russian Facebook-style web page or was responsible for its contents); see also *United States v. Browne*, 834 F.3d 403, 405, 408-415 (3rd Cir. 2016) (Facebook "chatroom" postings were not business records of regularly conducted activity). "The rationale for the authentication requirement is that the evidence is viewed as irrelevant unless the proponent of the evidence can show that the evidence is what its proponent claims." *United States v. Meienberg*, 263 F.3d 1177, 1181 (10th Cir. 2001) (analyzing admissibility of printouts of computerized records); see also

*United States v. Tank*, 200 F.3d 627, 630 (9th Cir. 2000) (analyzing admissibility of exhibits reflecting chat room conversations).

The two exhibits attached to the declaration of Ms. Girardi's counsel are not authenticated. "To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901(a). Here, however, the moving papers are devoid of any declaration by Twitter account holders attesting to the contents of the attached tweets. There is also no declaration by Twitter's custodian of records. See *Specht v. Google Inc.*, 747 F.3d 929, 933 (7th Cir. 2014) (screenshots from internet archive must be authenticated by testimony of witness with personal knowledge of how internet archive works).

Exhibit 1 represents a series of partially-omitted, half conversations that were scoured and selectively cherry picked to paint a distorted and misleading picture to act as an evidentiary backdrop to interfere with the Trustee's choice of counsel. As such, the "compilation" presented by Ms. Girardi is incomplete, reflecting overwhelming hearsay conversations. Motion 10:18 (confirming the compilation represents copies of "certain posts" about Ms. Girardi, thus rendering it incomplete). In fact, most of the attachments are from unverified accounts, making it impossible to verify the identity of the speakers. Because such materials have not been authenticated, they should be excluded.

While the supporting declaration attached to the motion seeks to describe the contents of Exhibit 1, it merely states as follows: "Attached hereto as Exhibit 1 is a compilation of tweets from Ronald Richards regarding this proceeding and individuals involved in this proceeding from his Twitter account dating back to June 2, 2021." (Borges Decl., ¶ 2.) Ms. Girardi, however, failed to download the entire replies, responses and strings of expandable conversations associated with the subject tweets.  Supplying incomplete statements to the Court to imply counsel mistreated Ms. Girardi is completely improper, unfair, and unreliable.

B.    **The attached materials are hearsay.**

The lack of authentication is exacerbated by the hearsay nature of the attached posts. The statements attributed to those communicating with Mr. Richards constitute classic forms of hearsay. See *Lemon v. Norfolk Southern Ry. Co.,* 958 F.3d 417, 420 (6th Cir. 2020) (statements by unnamed speakers that turn on second-hand gossip are inadmissible hearsay). This provides an independent ground for exclusion.

**C.    Exhibits 1 and 2 are Incomplete.**

Most, if not all, of the materials presented in Exhibit 1 are generally referred to as Tweets and Replies (TAR).  This means only one person may have seen these statements. Furthermore, if a party on the other end deletes their Tweet, which is very common, portions of the other side of the conversation will be deleted. Moreover, if one does not open up all the replies or expand the windows, many portions of a string of conversations will not print. This inevitably yields an incomplete, misleading, and inaccurate conversation. As a result, the attached TARs are unreliable pieces of information. It would be impossible to retroactively figure out which part was deleted by the other user or what part remained.

The following example illustrates how unfair and misleading the compilation is. The exhibits presented by Ms. Girardi omit a post by Mr. Richards regarding Mr. Mastan:

> Replying to @RonaldRichards
>
> (Unknown poster) Not saying it applies here, but numerous cases illustrate that it has become standard operating procedure for lawyers to attempt/withdraw from cases after they commit error.
>
> 6:12 AM · Jun 16, 2021 · Twitter for Android 1 Like
>
> Tweet your reply
>
> Ronald Richards @RonaldRichards · Jun 16
>
> Replying to @TruthLawyers

**Mastan is a good attorney. He didn't make any errors on this one.**

While omitting the preceding post, the motion erroneously claims that Mr. Richards was hostile to Ms. Girardi's counsel. In reality, however, Mr. Richards – having settled other cases with Mr. Mastan – has been complimentary about Mr. Mastan, as evidenced by the underlined text in the preceding post. As another example, Mr. Mastan and Mr. Richards consented to the appointment order, precluding any suggestion of hostility. These omitted facts further illustrate that, in scouring the internet to make a false claim about lack of civility, those in charge of compiling the tweets attached to Ms. Girardi's motion intentionally omitted this tweet.

**SUMMARY**

For the foregoing reasons, the Trustee requests that the Court disregard the Declaration of Evan Borges and Exhibits 1 and 2 in their entirety. The Borges Declaration and the proffered evidence submitted with it are inadmissible under the Federal Rules of Evidence, as set forth above and in the chart below.

| **Obj. #**<br>**¶ (pg.:**<br>**line)** | **Statement:** | **Objection:** | **Ruling:** |
|---|---|---|---|
| **#1.**<br>¶2 22:9-11 | "Attached hereto as Exhibit 1 is a compilation of tweets from Ronald Richards regarding this proceeding and individuals involved in this proceeding from his Twitter account dating back to June 2, 2021." | Fed. R. Evid. 402, 701, 802<br>There is neither foundation nor personal knowledge for declarant's assertions. The statements and | [ ] sustained<br><br>[ ] overruled |

| # | ¶ / Lines | Statement | Objection | Ruling |
|---|---|---|---|---|
|  |  |  | exhibit 1 are inadmissible hearsay. |  |
| #2. | ¶3 22:12-13 | "As of today's date, Mr. Richards's profile on his Twitter account, @RonaldRichards, now states that he has over 16,000 followers." | Fed. R. Evid. 402, 701, 802<br><br>There is neither foundation nor personal knowledge for declarant's assertions. | [ ] sustained<br><br>[ ] overruled |
| #3 | ¶4 22:14-16 | "Attached hereto as Exhibit 2 is a compilation of tweets from Scott Hanson regarding this proceeding and individuals involved in this proceeding from his Twitter account dating back to June 13, 2021." | Fed. R. Evid. 402, 701, 802<br><br>There is nothing to lay the foundation for these out of court statements. There is no evidentiary support and declarant cannot testify as to what a third party said out of court. This is inadmissible hearsay. | [ ] sustained<br><br>[ ] overruled |
| #4 | ¶5 22:17-20 | "The YouTube Interview referenced in the tweet from Mr. Richards dated June 16, 2021, which is cited in the motion accompanying this Declaration, appeared on a YouTube channel called "Up and Adam!" with a URL link that can be accessed at: | Fed. R. Evid. 402, 701, 802<br><br>There is nothing to lay the foundation for these out of court statements. There is no evidentiary support and declarant cannot testify as to | [ ] sustained<br><br>[ ] overruled |

| | https://www.youtube.com/watch?v=SIFk3-hoVU8." | what a third party said out of court. This is inadmissible hearsay. | |
|---|---|---|---|

## CONCLUSION

The materials challenged in these objections should be deemed inadmissible and disregarded by the Court.

Dated: July 16, 2021                             Respectfully submitted,

**LAW OFFICES OF RONALD RICHARDS & ASSOCIATES, APC**

WILSON ELSER MOSKOWITZ
 EDELMAN & DICKER LLP


By: /s/      Ronald Richards
         Ronald Richards
         Robert Cooper

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
PO Box 11480
Beverly Hills, CA  90213

A true and correct copy of the foregoing document entitled (*specify*): _____
Objection and Response to Motion for Reconsideration
_____
_____
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) July 16, 2021, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

        X    Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) June 23, 2021, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| July 7, 2021 | Ronald Richards | /s Ronald Richards |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                      **F 9013-3.1.PROOF.SERVICE**

**2:20-bk-21022-BR Notice will be electronically mailed to:**

Kyra E Andrassy on behalf of Plaintiff Elissa Miller
kandrassy@swelawfirm.com,
lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com

Kyra E Andrassy on behalf of Trustee Elissa Miller (TR)
kandrassy@swelawfirm.com,
lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com

Rafey Balabanian on behalf of Creditor Edelson PC
rbalabanian@edelson.com, docket@edelson.com

Michelle Balady on behalf of Creditor Bedford Law Group, APC
mb@bedfordlg.com, leo@bedfordlg.com

Ori S Blumenfeld on behalf of Creditor Jaime Ruigomez
Ori@MarguliesFaithLaw.com,
Helen@MarguliesFaithLaw.com;Angela@MarguliesFaithLaw.com;Vicky@MarguliesFaithLaw.com

Ori S Blumenfeld on behalf of Creditor Joseph Ruigomez
Ori@MarguliesFaithLaw.com,
Helen@MarguliesFaithLaw.com;Angela@MarguliesFaithLaw.com;Vicky@MarguliesFaithLaw.com

Ori S Blumenfeld on behalf of Creditor Kathleen Ruigomez
Ori@MarguliesFaithLaw.com,
Helen@MarguliesFaithLaw.com;Angela@MarguliesFaithLaw.com;Vicky@MarguliesFaithLaw.com

Ori S Blumenfeld on behalf of Defendant ABIR COHEN TREYZON SALO, LLP, a California limited liability partnership
Ori@MarguliesFaithLaw.com,
Helen@MarguliesFaithLaw.com;Angela@MarguliesFaithLaw.com;Vicky@MarguliesFaithLaw.com

Ori S Blumenfeld on behalf of Defendant Boris Treyzon Esq
Ori@MarguliesFaithLaw.com,
Helen@MarguliesFaithLaw.com;Angela@MarguliesFaithLaw.com;Vicky@MarguliesFaithLaw.com

Ori S Blumenfeld on behalf of Interested Party Courtesy NEF
Ori@MarguliesFaithLaw.com,
Helen@MarguliesFaithLaw.com;Angela@MarguliesFaithLaw.com;Vicky@MarguliesFaithLaw.com

Evan C Borges on behalf of Interested Party Erika Girardi
eborges@ggtriallaw.com, cwinsten@ggtriallaw.com

Richard D Buckley on behalf of Interested Party L.A. Arena Funding, LLC
richard.buckley@arentfox.com

Marie E Christiansen on behalf of Creditor KCC Class Action Services, LLC
mchristiansen@vedderprice.com, ecfladocket@vedderprice.com,marie-christiansen-4166@ecf.pacerpro.com

Jennifer Witherell Crastz on behalf of Creditor Wells Fargo Vendor Financial Services, Inc.
jcrastz@hrhlaw.com

Jennifer Witherell Crastz on behalf of Creditor Wells Fargo Vendor Financial Services, LLC
jcrastz@hrhlaw.com

Ashleigh A Danker on behalf of Interested Party Courtesy NEF
Ashleigh.danker@dinsmore.com, SDCMLFiles@DINSMORE.COM;Katrice.ortiz@dinsmore.com

Clifford S Davidson on behalf of Creditor California Attorney Lending II, Inc.
csdavidson@swlaw.com, jlanglois@swlaw.com;cliff-davidson-7586@ecf.pacerpro.com

Lei Lei Wang Ekvall on behalf of Interested Party Courtesy NEF
lekvall@swelawfirm.com, lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com

Lei Lei Wang Ekvall on behalf of Plaintiff Elissa Miller
lekvall@swelawfirm.com, lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com

Lei Lei Wang Ekvall on behalf of Trustee Elissa Miller (TR)
lekvall@swelawfirm.com, lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com

Richard W Esterkin on behalf of Creditor Southern California Gas Company
richard.esterkin@morganlewis.com

Richard W Esterkin on behalf of Interested Party Courtesy NEF
richard.esterkin@morganlewis.com

Timothy W Evanston on behalf of Interested Party Courtesy NEF
tevanston@swelawfirm.com,
gcruz@swelawfirm.com;lgarrett@swelawfirm.com;jchung@swelawfirm.com

Timothy W Evanston on behalf of Plaintiff Elissa Miller
tevanston@swelawfirm.com,
gcruz@swelawfirm.com;lgarrett@swelawfirm.com;jchung@swelawfirm.com

Timothy W Evanston on behalf of Trustee Elissa Miller (TR)
tevanston@swelawfirm.com,

gcruz@swelawfirm.com;lgarrett@swelawfirm.com;jchung@swelawfirm.com

Jeremy Faith on behalf of Interested Party Courtesy NEF
Jeremy@MarguliesFaithlaw.com,
Helen@MarguliesFaithlaw.com;Angela@MarguliesFaithlaw.com;Vicky@MarguliesFaithlaw.com

James J Finsten on behalf of Interested Party Courtesy NEF
, jimfinsten@hotmail.com

Alan W Forsley on behalf of Interested Party Courtesy NEF
alan.forsley@flpllp.com, awf@fkllawfirm.com,awf@fl-lawyers.net,addy.flores@flpllp.com

Eric D Goldberg on behalf of Creditor Stillwell Madison, LLC
eric.goldberg@dlapiper.com, eric-goldberg-1103@ecf.pacerpro.com

Andrew Goodman on behalf of Attorney William F Savino
agoodman@andyglaw.com, Goodman.AndrewR102467@notify.bestcase.com

Andrew Goodman on behalf of Petitioning Creditor Erika Saldana
agoodman@andyglaw.com, Goodman.AndrewR102467@notify.bestcase.com

Andrew Goodman on behalf of Petitioning Creditor Jill O'Callahan
agoodman@andyglaw.com, Goodman.AndrewR102467@notify.bestcase.com

Andrew Goodman on behalf of Petitioning Creditor John Abassian
agoodman@andyglaw.com, Goodman.AndrewR102467@notify.bestcase.com

Andrew Goodman on behalf of Petitioning Creditor Kimberly Archie
agoodman@andyglaw.com, Goodman.AndrewR102467@notify.bestcase.com

Andrew Goodman on behalf of Petitioning Creditor Robert M. Keese
agoodman@andyglaw.com, Goodman.AndrewR102467@notify.bestcase.com

Andrew Goodman on behalf of Petitioning Creditor Virginia Antonio
agoodman@andyglaw.com, Goodman.AndrewR102467@notify.bestcase.com

Suzanne C Grandt on behalf of Interested Party Courtesy NEF
suzanne.grandt@calbar.ca.gov, joan.randolph@calbar.ca.gov

Steven T Gubner on behalf of Interested Party Courtesy NEF
sgubner@bg.law, ecf@bg.law

Marshall J Hogan on behalf of Creditor California Attorney Lending II, Inc.
mhogan@swlaw.com, knestuk@swlaw.com

Sheryl K Ith on behalf of Creditor Daimler Trust
sith@cookseylaw.com, sith@ecf.courtdrive.com

Razmig Izakelian on behalf of Creditor Frantz Law Group, APLC
razmigizakelian@quinnemanuel.com

Lillian Jordan on behalf of Interested Party Courtesy NEF
ENOTICES@DONLINRECANO.COM, RMAPA@DONLINRECANO.COM

Lewis R Landau on behalf of Creditor Virage SPV 1, LLC
Lew@Landaunet.com

Lewis R Landau on behalf of Interested Party Courtesy NEF
Lew@Landaunet.com

Daniel A Lev on behalf of Interested Party Courtesy NEF
dlev@sulmeyerlaw.com, ccaldwell@sulmeyerlaw.com;dlev@ecf.inforuptcy.com

Elizabeth A Lombard on behalf of Creditor American Express National Bank c/o Zwicker & Associates, P.C.
elombard@zwickerpc.com, bknotices@zwickerpc.com

Craig G Margulies on behalf of Defendant ABIR COHEN TREYZON SALO, LLP, a California limited liability partnership
Craig@MarguliesFaithlaw.com, Vicky@MarguliesFaithlaw.com;Helen@MarguliesFaithlaw.com;Angela@MarguliesFaithlaw.com

Craig G Margulies on behalf of Defendant Boris Treyzon Esq
Craig@MarguliesFaithlaw.com, Vicky@MarguliesFaithlaw.com;Helen@MarguliesFaithlaw.com;Angela@MarguliesFaithlaw.com

Craig G Margulies on behalf of Interested Party Courtesy NEF
Craig@MarguliesFaithlaw.com, Vicky@MarguliesFaithlaw.com;Helen@MarguliesFaithlaw.com;Angela@MarguliesFaithlaw.com

Peter J Mastan on behalf of Interested Party Courtesy NEF
peter.mastan@dinsmore.com, SDCMLFiles@dinsmore.com;Katrice.ortiz@dinsmore.com

Edith R. Matthai on behalf of Defendant David Lira
ematthai@romalaw.com, lrobie@romalaw.com

Edith R. Matthai on behalf of Interested Party Courtesy NEF
ematthai@romalaw.com, lrobie@romalaw.com

Kenneth Miller on behalf of Interested Party Courtesy NEF
kmiller@pmcos.com, efilings@pmcos.com

Elissa Miller (TR)
CA71@ecfcbis.com, MillerTrustee@Sulmeyerlaw.com;C124@ecfcbis.com;ccaldwell@sulmeyerlaw.com

Eric A Mitnick on behalf of Interested Party Courtesy NEF
MitnickLaw@aol.com, mitnicklaw@gmail.com

Scott H Olson on behalf of Creditor KCC Class Action Services, LLC
solson@vedderprice.com, scott-olson-2161@ecf.pacerpro.com,ecfsfdocket@vedderprice.com,nortega@vedderprice.com

Carmela Pagay on behalf of Interested Party Courtesy NEF
ctp@lnbyb.com

Leonard Pena on behalf of Interested Party Robert Girardi
lpena@penalaw.com, penasomaecf@gmail.com;penalr72746@notify.bestcase.com

Michael J Quinn on behalf of Creditor KCC Class Action Services, LLC
mquinn@vedderprice.com, ecfladocket@vedderprice.com,michael-quinn-2870@ecf.pacerpro.com

David M Reeder on behalf of Interested Party Courtesy NEF
david@reederlaw.com, secretary@reederlaw.com

Ronald N Richards on behalf of Creditor Law Offices of Phili Sheldon APC
ron@ronaldrichards.com, morani@ronaldrichards.com

Ronald N Richards on behalf of Interested Party Courtesy NEF
ron@ronaldrichards.com, morani@ronaldrichards.com

Ronald N Richards on behalf of Plaintiff Elissa Miller
ron@ronaldrichards.com, morani@ronaldrichards.com

Ronald N Richards on behalf of Plaintiff Robert P Finn
ron@ronaldrichards.com, morani@ronaldrichards.com

Ronald N Richards on behalf of Trustee Elissa Miller (TR)
ron@ronaldrichards.com, morani@ronaldrichards.com

Kevin C Ronk on behalf of Creditor U.S. Legal Support, Inc.
Kevin@portilloronk.com, Attorneys@portilloronk.com

Frank X Ruggier on behalf of Interested Party Courtesy NEF
frank@ruggierlaw.com, enotice@pricelawgroup.com

William F Savino on behalf of Creditor California Attorney Lending II, Inc.
wsavino@woodsoviatt.com, lherald@woodsoviatt.com

Kenneth John Shaffer on behalf of Creditor Frantz Law Group, APLC
johnshaffer@quinnemanuel.com

Richard M Steingard on behalf of Other Professional Christopher Kamon
, awong@steingardlaw.com

Philip E Strok on behalf of Interested Party Courtesy NEF
pstrok@swelawfirm.com, gcruz@swelawfirm.com;1garrett@swelawfirm.com;jchung@swelawfirm.com

Philip E Strok on behalf of Trustee Elissa Miller (TR)
pstrok@swelawfirm.com, gcruz@swelawfirm.com;1garrett@swelawfirm.com;jchung@swelawfirm.com

Boris Treyzon on behalf of Defendant ABIR COHEN TREYZON SALO, LLP, a California limited liability partnership
bt@treyzon.com, sgonzales@actslaw.com

Boris Treyzon on behalf of Interested Party Courtesy NEF
bt@treyzon.com, sgonzales@actslaw.com

United States Trustee (LA)
ustpregion16.la.ecf@usdoj.gov

Eric D Winston on behalf of Creditor Frantz Law Group, APLC
ericwinston@quinnemanuel.com

Christopher K.S. Wong on behalf of Interested Party L.A. Arena Funding, LLC
christopher.wong@arentfox.com, yvonne.li@arentfox.com

Timothy J Yoo on behalf of Interested Party Courtesy NEF
tjy@lnbyb.com

Timothy J Yoo on behalf of Interested Party Jason M. Rund
tjy@lnbyb.com