FILED & ENTERED

AUG 11 2021

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY fortier    DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

In re:

GIRARDI KEESE,

Debtor(s).

Case No.:  2:20-bk-21022-BR

Chapter 7

**MEMORANDUM OF DECISION ON ERIKA GIRARDI'S "NOTICE OF MOTION AND MOTION FOR RECONSIDERATION OF ORDER GRANTING CHAPTER 7 TRUSTEE'S APPLICATION TO EMPLOY THE LAW OFFICES OF RONALD RICHARDS & ASSOCIATES, A.P.C. AS SPECIAL LITIGATION COUNSEL"**

This matter is before the Court on the "Notice Of Motion And Motion For Reconsideration Of Order Granting Chapter 7 Trustee's Application To Employ The Law Offices Of Ronald Richards & Associates, A.P.C. As Special Litigation Counsel" ("Motion" or "Reconsideration Motion") filed by Erika Girardi on June 24, 2021 (Docket No. 437).

Ms. Girardi's Motion seeks reconsideration of the "Order Granting Chapter 7 Trustee's Application To Employ The Law Offices Of Ronald Richards & Associates, A.P.C. As Special Litigation Counsel" ("Employment Order") entered by this Court on June 10, 2021 (Docket No. 392).

1    Specifically, Ms. Girardi asks me to "reconsider [my] decision to grant the chapter

2    7 trustee's application to employ Mr. Richards as special litigation counsel in this matter,

3    vacate the Employment Order and appoint new independent and non-conflicted counsel

4    to represent the trustee." Motion, p. 2:15-18. She cites newly discovered evidence of

5    events occurring after the hearing on the application approving Mr. Richards'

6    employment and entry of the Employment Order as evidence of his lack of

7    independence and conflicts.

8    The newly discovered evidence apparently consists of recent allegedly "false and

9    inflammatory social media posts and public statements about Ms. Girardi" (Motion, p.

10   8:8-9) by Mr. Richards and his alleged failure to comply with bankruptcy disclosure

11   requirements by not disclosing his participation in a publicly-aired YouTube video

12   regarding Ms. Girardi, among other people, in his Employment Application.

13   Ms. Girardi further contends that Mr. Richards' conduct has damaged the

14   legitimacy of these bankruptcy proceedings and unfairly prejudiced her rights, including

15   her right to a jury trial in any litigation prosecuted against her by Mr. Richards on the

16   trustee's behalf.

17   I find the Motion totally without merit. It appears to be nothing more than a blatant

18   attempt by Ms. Girardi to impede Mr. Richards' efforts on behalf of the trustee to

19   investigate allegedly fraudulent transfers of the debtor's assets to Ms. Girardi and to

20   prosecute an action against her to recover those transfers for the benefit of the estate.

21   <u>Background</u>:

22   An involuntary chapter 7 case was filed against the debtor on December 18,

23   2020.  Elissa D. Miller, Esq. was appointed chapter 7 trustee on January 6, 2021. Ms.

24   Miller filed an "Application to Employ the Law Offices of Ronald Richards & Associates,

25   A.P.C., as Special Litigation Counsel, Declaration of Ronald Richards; Statement of

26   Disinterestedness of Ronald Richards in Support Thereof" ("Application" or

27   "Employment Application") on April 26, 2021 (Docket No. 318).

28   The Application sought to employ Mr. Richards as special litigation counsel for

the limited purpose of representing the trustee in investigating and recovering assets of the debtor that were allegedly transferred to Ms. Girardi, either directly or to other people or entities on her behalf, or to other transferees of assets from her or her related entities, and to file any proceedings and/or actions necessary to recover any such transfers.

Peter J. Mastan, Esq. filed an opposition to the Application on Ms. Girardi's behalf on May 10, 2021 (Docket No. 333) and the trustee filed her reply to the opposition on June 1, 2021 (Docket No. 374). I held a hearing on the Application on June 8, 2021, during which I heard argument by the attorneys for the trustee and Ms. Girardi and determined that Mr. Richards had no conflicts of interest that would preclude his representation of the trustee as her special litigation counsel. I entered the Employment Order on June 10, 2021. Evan C. Borges, Esq., new counsel for Ms. Girardi, thereafter filed this Motion to reconsider the Employment Order on June 24, 2021.

In deciding this Motion, it is necessary to review the Employment Application that was the subject of the hearing before me on June 8, 2021. Ms. Girardi's opposition to the Application argued that Mr. Richards had a direct conflict of interest in representing the bankruptcy estate but presented no argument or authority for denying the Application based on Tweets by Mr. Richards regarding Ms. Girardi and her husband, Thomas Girardi. The following quotes from her opposition make it clear that she believed I should issue a gag order limiting Mr. Richards' out of court statements to the public only if I were to approve the Application:

> **D.    If the Court grants the *Application,* it should issue a Gag Order**
>
> If Mr. Richards is able to overcome his direct conflict of interest in representing the bankruptcy estate, Erika hereby requests that this Court restrict Mr. Richards from making any further extrajudicial comments about these proceedings.

Opposition to Application, p. 9:9-12 (emphasis and italicization in original).

## IV.    CONCLUSION

> For the reasons set forth above, the Court must deny the *Application*. If the Court disagrees, the Court should restrict Mr. Richards' direct or indirect out-of-Court statements to the public, except as narrowly permitted by the exceptions to Rule of Conduct 3.6.

Id. at 10:22-24 (emphasis and italicization in original).

Despite the fact that I approved the Application at the June 8 hearing and made it clear at that time that I would not limit Mr. Richards' First Amendment rights, Ms. Girardi, through her new attorney Mr. Borges, now makes meritless arguments including, *inter alia*, that numerous new alleged Tweets[1] should somehow disqualify Mr. Richards from representing the chapter 7 trustee. The fact that Ms. Girardi has new counsel does not allow her to ignore what occurred at the June 8 hearing and improperly rehash arguments from her opposition to the Employment Application.

I have carefully reviewed the Reconsideration Motion and the attached declaration of her counsel; all oppositions, declarations, and replies; and all evidentiary objections[2] filed by the parties to the various declarations. As stated in the introductory section above, I find the Motion totally without merit and accordingly issue this Memorandum to explain my denial of the Motion.

Discussion:

Ms. Girardi seeks reconsideration of the Employment Order under Fed. R. Civ. Proc. 59(e) and/or 60, which apply to bankruptcy proceedings under Fed. R. Bankr. P. 9023 and 9024, respectively. Rule 59(e) allows reconsideration solely based on (1) newly discovered evidence, (2) a clear error of fact or law by the court, or (3) an intervening change in controlling law. Fed. R. Civ. P. 59(e); Fed. R. Bankr. P. 9023.

---

[1]    I have sustained the evidentiary objections regarding the substance of the alleged Tweets. Nevertheless, I will discuss the issue of the Tweets for the sake of a complete record. My rulings on the parties' evidentiary objections to the declarations filed in connection with this matter are set forth in Exhibit "A" attached to this Memorandum of Decision.

[2]    See Exhibit "A" for all of my rulings on the parties' evidentiary objections filed in connection with this matter.

Alternatively, Fed. R. Civ. P. 60(b) allows reconsideration based on a showing of (1) mistake, surprise, excusable neglect, (2) newly discovered evidence, (3) fraud, (5) a void judgment, (3) a satisfied or discharged judgment, or (6) "extraordinary circumstances" which would justify relief. Fed. R. Civ. P. 60(b); Fed. R. Bankr. P. 9024.

A.  <u>Ms. Girardi's standing to file the Motion</u>

Both the chapter 7 trustee and her special litigation counsel argue that Ms. Girardi lacks standing to have even filed the Motion in the first place. They argue that she is not a "person aggrieved" who has any pecuniary interest that would be adversely affected by the Employment Order, because she has neither filed a proof of claim in the case nor has she ever claimed to be a creditor of the estate. They also argue that she cannot establish standing simply because she is a defendant in a pending lawsuit that has been filed against her by Mr. Richards on the trustee's behalf which seeks to recover alleged fraudulent transfers of estate funds to Ms. Girardi.[3]

I agree that Ms. Girardi's standing to bring this Motion is questionable at best. At the June 8 hearing on the trustee's Application to employ Mr. Richards, I expressed some question as to whether Ms. Girardi had standing to file her opposition but assumed for the sake of that Application alone that she did. I have applied that assumption solely for this Motion as well.

B.  <u>Newly-discovered public statements and social media posts allegedly violated ethical standards</u>

Ms. Girardi's argument, under either Fed. R. Civ. P. 59(e) or Fed. R. Civ. P. 60(b), focuses primarily on "newly discovered" evidence of statements and postings made by Mr. Richards on Twitter after the hearing on the Employment Application and

---

[3]    <u>See</u> Adv. No. 2:21-ap-01155 BR (<u>Elissa D. Miller, Chapter 7 Trustee v. Erika Girardi, etc., et al.</u>).

the entry of the Employment Order that allegedly violated any number of ethical norms.[4]

She contends that "Following this Court's ruling set forth in the Order, Mr. Richards continued unabated in a jihad of extra-judicial statements, including social media posts and interviews on YouTube and podcasts, virtually always making reference to his new role as special counsel to the Trustee." Motion, p. 10:20-22. She further contends that "[Mr. Richards] solicited his position as special counsel, and is commencing and continuing his vendetta against Ms. Girardi through some strange obsession with her and this case." Id., p. 17:3-5.

Ms. Girardi argues that these "public comments about a pending investigation violate California Business and Professions Code § 6068" (Motion, p. 16:7-8). She describes the duties of a California attorney under Cal. Bus. & Prof. Code § 6068 as including the following:

> (b) To maintain the respect due to the courts of justice <u>and judicial officers</u>.
> …
>
> (f) To advance no fact prejudicial to the honor or reputation of a party or witness…. [and]
>
> (g) Not to encourage either the commencement or the continuance of an action or proceeding from any corrupt motive of passion or interest.

<u>Citing</u> Cal. Bus. & Prof. Code § 6068 (emphasis added [in Motion]).

In addition, Ms. Girardi asserts that "Most importantly, Rule 3.6 of the California Rules of Professional Conduct "restricts an attorney's ability to comment publicly about an ongoing litigation or investigation." (Motion, p. 16:19-20.) She cites Rule 3.6 as stating, in pertinent part, that:

> [a] lawyer who is participating or has participated in the investigation of a matter shall not make an extrajudicial statement that the lawyer knows or reasonably should know

---

[4]    Exhibit A attached to the Reconsideration Motion consists of a compilation of various social media posts about Ms. Girardi made on Mr. Richards' Twitter account. The Court notes that it has ruled that this compilation is inadmissible. <u>See</u> Evidentiary Rulings attached as Exhibit A to this Memorandum.

> will (i) be disseminated by means of public communication
> and (ii) have a substantial likelihood of materially prejudicing
> an adjudicative proceeding in the matter.

<u>Citing</u> California Rule of Professional Conduct 3.6 (Motion, p. 16:23-26).

In her opposition to the Motion, the chapter 7 trustee argues that Cal. Bus. & Prof. Code § 6068 and Rule 3.6 of the California Rules of Professional Conduct are irrelevant in the context of a reconsideration motion, because purported evidence of alleged violations of those rules is not evidence of an actual conflict of interest under §§ 327(c) and (e) of the Bankruptcy Code which govern a professional's employment and under which the Court granted the Employment Application.

The trustee argues that a court is required to reconsider whether actual conflicts exist rather than whether there were purported violations of rules governing attorney conduct. She points out that the Motion does not argue the existence of actual conflicts of interest, but instead merely reiterates arguments made at the end of her original opposition to the Employment Application that Mr. Richards should not be allowed to publicly comment about her if the Court were to grant the Application. She now also argues that such out of court statement warrant his disqualification.

In his opposition on the trustee's behalf, Mr. Richards similarly argues that the statutory provisions cited by Ms. Girardi do not apply to this matter. By way of example, he contends that Cal. Bus. & Prof. Code § 6068 is intended to ensure respect to the court, rather than use by a litigant to complain about adverse publicity.

He further contends that Ms. Girardi's claims that his tweets violated § 6068 because they were improperly hostile to her do not apply, that she failed to submit any evidence that the subject tweets contained false information, and the fact that she may not like the contents of the disputed tweets fails to substantiate her claims of ethical violations by him.

Mr. Richards' opposition on behalf of the trustee included a declaration (Docket No. 498-2) by attorney Erin Joyce, a former State Bar prosecutor in the Office of the Chief Trial Counsel of the State Bar of California for over 18 years, in which she stated

1 her professional opinion with respect to whether or not Mr. Richards' conduct
2 constituted violations of any ethical norms and, in particular, the specific Rules cited by
3 Ms. Girardi.

4     I agree with the above arguments made by the trustee and her special litigation
5 counsel, as well as with certain admissible statements[5] in Ms. Joyce's supporting
6 declaration which express her professional opinion, based on her years of experience
7 as a State Bar prosecutor, that Mr. Richards' conduct failed to violate any ethical rules.
8 For example, Ms. Joyce declared that: "I have reviewed the Motion, and the serious but
9 unsupported allegations against Mr. Richards made in the Motion, and it is my
10 unequivocal opinion that Mr. Richards, acting as Special Litigation Counsel . . .
11 committed no ethical misconduct as alleged." Joyce Decl., ¶ 6, p. 3:14-16.

12     Ms. Joyce testified that she reviewed many complaints concerning purported
13 ethical violations during her years' long career as a State Bar prosecutor and found Ms.
14 Girardi's complaint meritless: "Having reviewed many motions seeking disqualification in
15 my previous role as prosecutor for the State Bar Court, I believe counsel for Ms.
16 Girardi's Motion is frivolous, lacks merit, and was filed for the improper purpose of
17 harassing Mr. Richards and causing undue delay." Joyce Decl., ¶ 7, p. 3:24-27. Based
18 on her review of the Motion, she believed that in this instance "The motion's premise is
19 based upon a faulty assumption that attorneys may not comment on cases." Joyce
20 Decl., ¶ 6, p. 3:19-20.

21     Ms. Joyce concluded that Mr. Richards' conduct did not violate any ethical rules
22 or norms: "It is my opinion that Mr. Richards is not in violation of California Rules of
23 Professional Conduct, Rule 3.6, in whole or in part, nor is he in violation of Business
24 and Professions Code section 6068, in whole or in part." Joyce Decl., ¶ 15, p.6:17-19).

25     In sum, the arguments of trustee and her special litigation counsel and the

26
27
28

---

[5]    The Court ruled certain statements in Ms. Joyce's declaration to be admissible and other statements to be inadmissible pursuant to the Federal Rules of Evidence. The statements quoted in this Memorandum are exclusively ones that I deemed admissible. See Exhibit A.

1  statements by Ms. Joyce fully support my conclusion that Mr. Richards' conduct failed to

2  constitute any ethical violations that would disqualify him from representing the trustee

3  as her special litigation counsel.

4      C.  Failure to disclose participation in a YouTube video allegedly violated federal

5          bankruptcy disclosure obligations

6      In addition to her complaints about Mr. Richards' interviews and Twitter posts,

7  Ms. Girardi also points to his involvement in public interviews as additional evidence of

8  ethical violations. She focuses particular attention on his participation in a YouTube

9  video documentary about Girardi Keese, Thomas Girardi and Ms. Girardi that also

10  included Kimberly Archie, one of the petitioning creditors in this case. She contends that

11  his failure to include information about the YouTube interview in his Employment

12  Application violated his disclosure obligations under Fed. R. Bankr. P. 2014. Again, I

13  find this argument of Ms. Girardi meritless.

14      Rule 2014 provides that an application to employ counsel "shall be accompanied

15  by a verified statement of the person to be employed setting forth the person's

16  connections with the debtor, creditors, or any other party in interest . . ." Fed. R. Bankr.

17  P. 2014(a). The trustee argues that her special litigation counsel's firm, the Richards

18  Firm, and her counsel, Ronald Richards, fully disclosed their representation of other

19  creditors, have repeatedly agreed not to pursue certain claims of these creditors that

20  belong to the estate, and that this Court recognized their agreements not to do so at two

21  hearings and in two separate orders.[6]

22      The trustee disagrees with Ms. Girardi's assertion that the inclusion of petitioning

23  creditor Kimberly Archie in the YouTube video constituted newfound evidence of an

24  inappropriate "connection" with the Richards Firm which should have been disclosed.

25  _____

26  [6]    The orders referred to consist of the Order Granting Chapter 7 Trustee's Application To
Employ The Law Offices Of Ronald Richards & Associates, A.P.C. As Special Counsel entered

27  by the Court on June 10, 2021 in the main case (Docket No. 392), and the Order Granting
Plaintiffs' Motion For Remand entered by the Court on May 13, 2021 in the adversary

28  proceeding docket in case no. 2:21-ap-01039 BR (Docket No. 31). Copies of these orders are
attached as Exhibits 2 and 3 to the trustee's opposition to the Motion.

The trustee points out that Mr. Richards did not know that Ms. Archie was being interviewed in the same documentary until after it aired and his Firm could not have disclosed a fact of which it had no knowledge, and that the Motion failed to provide any evidence of such knowledge at the time the Firm filed the Employment Application.

The trustee also asserts that the Firm never had any legal, personal or business relationship with Ms. Archie, that Ms. Girardi's definition of "connection" is overly broad,[7] that she fails to explain how any such alleged "connection" threatens the estate or compromises the Firm's duty to properly represent the estate, and that she has no right in any event to infringe on the trustee's right to her choice of counsel.

Mr. Richards' opposition on the trustee's behalf argues that he was not required to discuss an unaired[8] television interview in his Firm's Employment Application. He asserts that her Rule 2014 argument fails to take into account the relevance limitation imposed on the scope of disclosure for a special counsel appointment under § 327(e), as there is no duty under that subsection to disclose each and every representation of the debtor where there is no relation to the special matter for which representation is sought.

Mr. Richards contends that the statutory provision of the Code governing employment as trustee's counsel under § 327(a) requires a showing of both "disinterestedness" and a lack of "adverse interest," whereas employment as special

---

[7]    In this regard, the trustee cites to a discussion of "connection" under 2014(a) in a leading treatise, which states that:

> The term "connection" is an unfortunate one. Arguably two people are "connected" if they serve together on a charitable board or are even friends…The "connections" cited by the courts run to fee sharing arrangements and the like that might affect the court's decision to approve the employment.

Citing 9 Collier on Bankruptcy ¶ 2014.05 (Alan N. Resnick & Henry J. Sommer eds., 16th ed.).

[8]    In his declaration attached to the opposition, Mr. Richards states that his portion of the interview was not aired on television (i.e., it was deleted from the documentary prior to its release to the public).

1   counsel under § 327(e) requires only a showing of "no adverse interest." He affirms that
2   he does not know Ms. Archie and has had no legal relationship with her and argues that
3   the Motion accordingly fails to present any evidence that he has any adverse interest to
4   the debtor or to the estate with respect to the matters for which he has been employed.

5       Ms. Joyce's professional opinion is instructive in this regard as well. As she
6   succinctly states in two paragraphs of her declaration: "To suggest an attorney who is
7   on a case cannot publicly comment on public filings in the case is ludicrous, and any
8   suggestion that such conduct is against the law is disingenuous." (Joyce Decl., ¶16, p.
9   7:14-16); and "Mr. Richards committed no breach of ethical duties pursuant to either the
10  State Bar Act or the California Rules of Professional Conduct. He should be allowed to
11  remain Special Counsel." Joyce Decl., ¶35, p. 12:15-17. Her opinion fully comports with
12  my conclusion on this issue.

13      Again, I agree with the arguments of the trustee and her special litigation
14  counsel. There was, simply stated, nothing for Mr. Richards to disclose and, especially,
15  no duty to disclose his involvement in a video interview that did not air until after entry of
16  the Employment Order and in which he had no knowledge that a creditor of the estate
17  was involved.[9]

18      D.  Alleged prejudice of newly discovered public statements and social media
19          posts on any future jury pool against Ms. Girardi

20      Ms. Girardi argues that Mr. Richards' public media statements about her
21  prejudice her rights through "public vilification . . . [which] appear intentionally designed
22  to destroy [her] right to defend herself and assert her rights in this proceeding." Motion,
23  p. 2:22-23. She believes that "a significant likelihood exists that Mr. Richards' barrage of
24  social media postings and public statements will improperly prejudice any potential jury
25  pool." Id. at p. 8:23-25; see also p. 18:1-7.

26      I find this argument speculative at best given the sheer size of a potential jury

27

28
_____

[9]     I sustained the evidentiary objections to the evidence by Ms. Girardi regarding this
"connection." See Exhibit "A" to this Memorandum of Decision.

pool in the County of Los Angeles, which currently has a population of approximately ten million people.  Any trial judge will ensure through the voir dire process that all individuals who may be selected for a jury will lack knowledge of or interest in any pre-trial publicity, such as the type that Ms. Girardi complains of here.

In addition, I find Ms. Girardi's jury pool "contamination" argument against Mr. Richards' employment improper. It lacks any basis in fact or in law as a ground for reconsideration of the Employment Order, and she failed to raise the argument in her opposition to the Employment Application. It is inappropriate for her to raise this issue for the first time in the context of this Reconsideration Motion.

Conclusion:

This is a chapter 7 case in which a significant amount of assets may be recoverable for the benefit of the estate's creditors. One of a chapter 7 trustee's primary and most important duties is the collection of funds which may ultimately be disbursed to creditors. A trustee should not be forced to uselessly waste time and resources arguing about whether or not counsel for the trustee should be disqualified for allegedly having said hurtful things about a person on the internet or through social media.

Unfortunately, that is what seems to be happening in this case.  Ms. Girardi goes to great lengths to belabor her allegations that Mr. Richards did not fully disclose prior dealings and made inappropriate extra-judicial statements on social media.  The media communications of which she complains, however, pose no ethical or legal obstacle to Mr. Richards' continued service as the trustee's special litigation counsel.

The chapter 7 trustee must not be diverted from her responsibility to promptly and efficiently administer the estate for the benefit of creditors, including the prosecution of litigation that may be necessary to uphold her fiduciary duties. In particular, her efforts must not be impeded by a defendant in one of the trustee's actions to avoid and recover transfers of estate assets.

Ms. Girardi's complaints notwithstanding, I find no conflicts of interest on Mr. Richards' part and consequently no reason to reconsider its Employment Order.

Accordingly, I will enter a separate order denying the Motion concurrently with the entry of this Memorandum of Decision.

**###**

Date: August 11, 2021

Barry Russell
United States Bankruptcy Judge

# EXHIBIT A

# COURT'S RULINGS ON EVIDENTIARY OBJECTIONS FILED IN CONNECTION WITH ERIKA GIRARDI'S "NOTICE OF MOTION AND MOTION FOR RECONSIDERATION OF ORDER GRANTING CHAPTER 7 TRUSTEE'S APPLICATION TO EMPLOY THE LAW OFFICES OF RONALD RICHARDS & ASSOCIATES, A.P.C. AS SPECIAL LITIGATION COUNSEL"

1.   a.   "Chapter 7 Trustee's Evidentiary Objections To The **Declaration Of Evan C. Borges** And Exhibits 1 And 2 Attached Thereto In Support Of Motion For Reconsideration" **(Docket No. 497)** filed by Elissa D. Miller, Chapter 7 Trustee.

b.   "Response To Chapter 7 Trustee Trustee's Evidentiary Objections To The **Declaration Of Evan C. Borges** And Exhibits 1 and 2 Attached Thereto In Support Of Motion For Reconsideration" [Related To ECF No. 497] **(Docket No. 513)** filed by Party-in-Interest Erika Girardi.

| Obj # (pg: line) | Borges Declaration: | Trustee Objection: | Borges Response: | Ruling: |
|---|---|---|---|---|
| #1. ¶2 22:9-11 | "Attached hereto as Exhibit 1 is a compilation of tweets from Ronald Richards regarding this proceeding and individuals involved in this proceeding from his Twitter account dating back to June 2, 2021." | Fed. R. Evid. 401, 402, 403, 701, 702. There is neither foundation nor personal knowledge for declarant's assertions. The statements and exhibit 1 are inadmissible hearsay. | Exhibit 1 is authenticated by testimony of Mr. Borges, counsel to Ms. Girardi who can testify based on his personal knowledge that Exhibit 1 is a "a compilation of tweets from Ronald Richards." See Borges Decl., ¶2; Evid. Code, § 702. Accordingly, Mr. Borges is competent to testify as to the description of the exhibit. See Evid. Code,§ 701. Further, there is sufficient evidence and foundation has been laid to find that the proffered images are what they purport to be, namely, a compilation of tweets from Mr. Richards regarding this proceeding and the individuals involved in this proceeding. See Evid. Code, § 1400 ["Authentication of a writing means (a) the introduction of evidence sufficient to sustain a finding that it is the writing that the proponent of the evidence claims it is"].) The attached tweets are highly relevant and critical to the determination of whether Mr. Richards violated Rules 3.6 and 4.2 of the California Rules of Professional Conduct and Section 6068 of the California Business and Professions Code. Finally, | **[X ] sustained**<br><br>[ ] overruled |

| | Obj # (pg: line) | Borges Declaration: | Trustee Objection: | Borges Response: | Ruling: |
|---|---|---|---|---|---|
| | | | | Mr. Richards's statements are not hearsay as they are not being offered to prove the truth of the matter asserted. Fed. R. Evid. 80l (c)(2). | |
| | #2. ¶3 22:1 2-13 | "As of today's date, Mr. Richards's profile on his Twitter account, @RonaldRichards, now states that he has over 16,000 followers." | Fed. R. Evid. 401, 402, 403, 701, 702 There is neither foundation nor personal knowledge for declarant's assertions. | Mr. Borges, counsel to Ms. Girardi can testify based on his personal knowledge that on the date of his declaration Mr. Richards had over 16,000 followers on Twitter. See Borges Decl., ¶3; Evid. Code,§ 702. The number of followers Mr. Richards has relevant to demonstrate his attacks against Ms. Girardi create a cognizable injury. | **[X] Sustained** [ ] overruled |
| | #3. ¶4 22:1 4-16 | "Attached hereto as Exhibit 2 is a compilation of tweets from Scott Hanson regarding this proceeding and individuals involved in this proceeding from his Twitter account dating back to June 13, 2021." | Fed. R. Evid. 401, 402, 403, 701, 702. There is nothing to lay the foundation for these out of court statements. There is no evidentiary support and declarant cannot testify as to what a third party said out of court. This is inadmissible hearsay. | Exhibit 2 is authenticated by testimony of Mr. Borges, counsel to Ms. Girardi who can testify based on his personal knowledge that Exhibit 2 is a "a compilation of tweets from Scott Hanson." (See Borges Decl., ¶4; Evid. Code, § 702.) Accordingly, Mr. Borges is competent to testify as to the description of the exhibit. See Evid. Code, § 701. Further, there is sufficient evidence and foundation has been laid to find that the proffered images are what they purport to be, namely, a compilation of tweets from Mr. Hanson regarding this proceeding and individuals involved in this proceeding. See Evid. Code, § 1400 ["Authentication of a writing means (a) the introduction of evidence sufficient to sustain a finding that it is the writing that the proponent of the | **[X] Sustained** [ ] overruled |

| Obj # (pg: line) | Borges Declaration: | Trustee Objection: | Borges Response: | Ruling: |
|---|---|---|---|---|
| | | | evidence claims it is"].) The attached tweets are relevant to the determination of whether Mr. Richards violated Rule 3.6 of the California Rules of Professional Conduct and Section 6068 of the California Business and Professions Code. Finally, Mr. Hanson's statements are not hearsay as they are not being offered to prove the truth of the matter asserted. Fed. R. Evid. 80l(c)(2). | |
| #4. ¶5 22:17-20 | "The YouTube Interview referenced in the tweet from Mr. Richards dated June 16, 2021, which is cited in the motion accompanying this Declaration, appeared on a YouTube channel called "Up and Adam!" with a URL link that can be accessed at: https://www.youtube.com/watch?v=SIFk3-hoVU8." | Fed. R. Evid. 401, 402, 403, 701, 702. There is nothing to lay the foundation for these out of court statements. There is no evidentiary support and declarant cannot testify as to what a third party said out of court. This is inadmissible hearsay. | 25  Mr. Borges, counsel to Ms. Girardi can testify based on his personal knowledge that the YouTube video cited in the motion can be found at the identified link. See Borges Decl., ¶5; Evid. Code, § 702. Further, there is sufficient evidence and foundation has been laid to find that the proffered URL link are is what it purports to be, namely, a YouTube interview referenced in a tweet from Mr. Richards dated June 16, 2011. The YouTube video is relevant to the determination of whether Mr. Richards violated Rules 3.6 and 4.2 of the California Rules of Professional Conduct and Section 6068 of the California Business and Professions Code. | [X] **Sustained** [ ] overruled |

2.    a.    "Chapter 7 Trustee's Evidentiary Objections To The **Declaration Of Evan C. Borges** And Exhibits 1 And 2 Attached Thereto In Support Of Motion For Reconsideration" **(Docket No. 499)** filed by Special Counsel for Elissa D. Miller, Chapter 7 Trustee.

b.    "Response To Chapter 7 Trustee Trustee's Evidentiary Objections To The **Declaration Of Evan C. Borges** And Exhibits 1 and 2 Attached Thereto In Support Of Motion For Reconsideration" [Related To ECF No. 499] **(Docket No. 513)** filed by Party-in-Interest Erika Girardi.

| Obj # (pg: line) | Borges Declaration | Special Counsel Objection: | Borges Response: | Ruling: |
|---|---|---|---|---|
| #1. ¶2 22:9-11 | "Attached hereto as Exhibit 1 is a compilation of tweets from Ronald Richards regarding this proceeding and individuals involved in this proceeding from his Twitter account dating back to June 2, 2021." | Fed. R. Evid. 401, 402, 403, 701, 702. There is neither foundation nor personal knowledge for declarant's assertions. The statements and exhibit 1 are inadmissible hearsay. | Exhibit 1 is authenticated by testimony of Mr. Borges, counsel to Ms. Girardi who can testify based on his personal knowledge that Exhibit 1 is a "a compilation of tweets from Ronald Richards." See Borges Decl., ¶2; Evid. Code, § 702. Accordingly, Mr. Borges is competent to testify as to the description of the exhibit. See Evid. Code, § 701. Further, there is sufficient evidence and foundation has been laid to find that the proffered images are what they purport to be, namely, a compilation of tweets from Mr. Richards regarding this proceeding and the individuals involved in this proceeding. See Evid. Code, § 1400 ["Authentication of a writing means (a) the introduction of evidence sufficient to sustain a finding that it is the writing that the proponent of the evidence claims it is"].) The attached tweets are highly relevant and critical to the determination of whether Mr. Richards violated Rules 3.6 and 4.2 of the California Rules of Professional Conduct and Section 6068 of the California Business and Professions Code. Finally, Mr. Richards's | **[X] Sustained**<br><br>[ ] overruled |

| Obj # (pg: line) | Borges Declaration | Special Counsel Objection: | Borges Response: | Ruling: |
|---|---|---|---|---|
| | | | statements are not hearsay as they are not being offered to prove the truth of the matter asserted. Fed. R. Evid. 80l (c)(2). | |
| #2. ¶3 22:1 2-13 | "As of today's date, Mr. Richards's profile on his Twitter account, @RonaldRichards, now states that he has over 16,000 followers." | Fed. R. Evid. 401, 402, 403, 701, 702 There is neither foundation nor personal knowledge for declarant's assertions. | Mr. Borges, counsel to Ms. Girardi can testify based on his personal knowledge that on the date of his declaration Mr. Richards had over 16,000 followers on Twitter. See Borges Decl., ¶3; Evid. Code,§ 702. The number of followers Mr. Richards has relevant to demonstrate his attacks against Ms. Girardi create a cognizable injury. | **[X] Sustained**<br><br>[ ] overruled |
| #3. ¶4 22:1 4-16 | "Attached hereto as Exhibit 2 is a compilation of tweets from Scott Hanson regarding this proceeding and individuals involved in this proceeding from his Twitter account dating back to June 13, 2021." | Fed. R. Evid. 401, 402, 403, 701, 702. There is nothing to lay the foundation for these out of court statements. There is no evidentiary support and declarant cannot testify as to what a third party said out of court. This is inadmissible hearsay. | Exhibit 2 is authenticated by testimony of Mr. Borges, counsel to Ms. Girardi who can testify based on his personal knowledge that Exhibit 2 is a "a compilation of tweets from Scott Hanson." (See Borges Decl., ¶4; Evid. Code, § 702.) Accordingly, Mr. Borges is competent to testify as to the description of the exhibit. See Evid. Code, § 701. Further, there is sufficient evidence and foundation has been laid to find that the proffered images are what they purport to be, namely, a compilation of tweets from Mr. Hanson regarding this proceeding and individuals involved in this proceeding. See Evid. Code, § 1400 ["Authentication of a writing means (a) the introduction of evidence sufficient to sustain a finding that it is the writing that the proponent of the evidence claims it is"].) The attached tweets are relevant to the determination of whether Mr. Richards violated Rule 3.6 of the California Rules | **[X] Sustained**<br><br>[ ] overruled |

| Obj # (pg: line) | Borges Declaration | Special Counsel Objection: | Borges Response: | Ruling: |
|---|---|---|---|---|
| | | | of Professional Conduct and Section 6068 of the California Business and Professions Code. Finally, Mr. Hanson's statements are not hearsay as they are not being offered to prove the truth of the matter asserted. Fed. R. Evid. 80l(c)(2). | |
| #4. ¶5 22:1 7-20 | "The YouTube Interview referenced in the tweet from Mr. Richards dated June 16, 2021, which is cited in the motion accompanying this Declaration, appeared on a YouTube channel called "Up and Adam!" with a URL link that can be accessed at: https://www.youtube.com/watch?v=SIFk3-hoVU8." | Fed. R. Evid. 401, 402, 403, 701, 702. There is nothing to lay the foundation for these out of court statements. There is no evidentiary support and declarant cannot testify as to what a third party said out of court. This is inadmissible hearsay. | Decl., ¶5; Evid. Code, § 702. Further, there is sufficient evidence and foundation has been laid to find that the proffered URL link are is what it purports to be, namely, a YouTube interview referenced in a tweet from Mr. Richards dated June 16, 2011. The YouTube video is relevant to the determination of whether Mr. Richards violated Rules 3.6 and 4.2 of the California Rules of Professional Conduct and Section 6068 of the California Business and Professions Code. | **[X] Sustained**<br><br>[ ] overruled |

3.    a.    "Evidentiary Objections To The **Declaration Of Erin Joyce** In Support Of Motion For Reconsideration Of Order Appointing Special Litigation Counsel" **(Docket No. 512)** filed by Party-in-Interest Erika Girardi.

b.    **No response was filed to Docket No. 512.**

| Material Objected To In Erin Joyce Declaration | Grounds For Objection | Ruling On Objection |
|---|---|---|
| ["I have reviewed the Motion, and the serious but unsupported allegations against Mr. Richards made in the Motion, and it is my unequivocal opinion that Mr. Richards, acting as Special Litigation Counsel ("Special Counsel") committed no ethical misconduct as alleged.] | Speculative (*In re Silicone Gel Breast Implants Prods. Liability Litig.,* 318 F.Supp.2d 879,890 (C.D. Cal. 2004).<br><br>Argumentative (*In re Marriage of Heggiek,* 99 Cal.App.4th 28, 30 fn.3 (2002) ("The proper place for argument is in points and authorities, not declarations.")) | Sustained: _____<br><br>**Overruled: _____X_____** |
| [Ms. Girardi is not a real party in interest in the Girardi Keese bankruptcy. The motion for reconsideration is essentially a disguised motion to disqualify Mr. Richards as counsel for the Chapter 7 Bankruptcy Trustee.] | Improper legal opinion/ conclusion (*See Aguilar v. International Longshoremen's Union,* 966 F.2d 443, 447 (9th Cir. 1992) (noting matters of law are for the court's determination, not that of an expert witness)); *Crow Tribe of Indians v. Racicot,* 87 F.3d 1039, 1045 (9th Cir. 1996) (judging the legal merits of a case is for the judge, not the attorney arguing the case)). | **Sustained: _____X_____**<br><br>Overruled: _____ |
| [The motion's premise is based upon a faulty assumption that attorneys may not comment on cases.] | Improper lay opinion (FRE 701).<br><br>Unqualified expert opinion (FRE 702). | Sustained: _____<br><br>**Overruled: _____X_____** |
| [It is also transparent from the record that Mr. Richards took his role to this Court seriously and immediately starting investigating Ms. Girardi. The only rights which could be adversely effected if Ms. Girardi's thinly disguised disqualification motion were granted are those of Elissa Miller, Mr. Richards' only client in this matter."]<br><br>Joyce Decl., ¶6, p. 2:14-23. | | **Sustained: _____X_____**<br><br>Overruled: _____ |
| ["Having reviewed many motions seeking disqualification in my previous role as prosecutor for the State Bar Court, I believe counsel for Ms. Girardi's Motion is | Lacks Foundation (FRE 602),<br><br>Argumentative (*In re Marriage of Heggiek,* 99 Cal.App.4th 28, 30 fn.3 (2002) ("The proper place for argument | Sustained: _____<br><br>**Overruled: _____X_____** |

| | Material Objected To In Erin Joyce Declaration | Grounds For Objection | Ruling On Objection |
|---|---|---|---|
| 1 | | | |
| 2 | frivolous, lacks merit, and was filed for the improper purpose of harassing Mr. Richards and causing undue delay.] | is in points and authorities, not declarations.")) | |
| 3 | | | |
| 4 | | Improper legal opinion/ conclusion (*See Aguilar v. International Longshoremen's Union*, 966 F.2d 443, 447 (9th Cir. 1992) (noting matters of law are for the court's determination, not that of an expert witness)); *Crow Tribe of Indians v. Racicot*, 87 F.3d 1039, 1045 (9th Cir. 1996) (judging the legal merits of a case is for the judge, not the attorney arguing the case)). | |
| 5 | [The motivation of counsel for Ms. Girardi is transparent. By preemptively attacking the Special Counsel who will be and has already started investigating transactions made involving their client, Ms. Girardi's attorneys can undermine the Special Counsel from the outset. If counsel for Ms. Girardi can successfully subvert Mr. Richards' credibility, then any allegation he brings against Ms. Girardi will automatically be questioned in this Court and in the court of public opinion. Moreover, Mr. Richards's office has spent over 100 hours investigating this case, this Court has already issued three 2004 orders, and Mr. Richards has interviewed dozens of witnesses. The prejudice to Ms. Miller would be staggering and irreversible. This would be an outrage, as the only conduct implicated is free speech."] | | **Sustained:** _____X_____ |
| 6 | | | Overruled: _____ |
| 7 | | | |
| 8 | | | |
| 9 | | Improper lay opinion (FRE 701). | |
| 10 | | Unqualified expert opinion (FRE 702). | |
| 11 | | | |
| 12 | | | |
| 13 | | | |
| 14 | | | |
| 15 | | | |
| 16 | | | |
| 17 | | | |
| 18 | Joyce Decl., ¶7, p. 2:24-3:7 | | |
| 19 | "Counsel for Ms. Girardi does not authenticate any of the evidence in Exhibit 1, as necessitated by Federal Rule of Evidence 901. Exhibit 1 lacks foundation, and the Court should disregard it." | Relevance (Fed.R.Evid.402). | **Sustained:** _____X_____ |
| 20 | | Argumentative (*In re Marriage of Heggiek*, 99 Cal.App.4th 28, 30 fn.3 (2002) ("The proper place for argument is in points and authorities, not declarations.")) | Overruled: _____ |
| 21 | | | |
| 22 | | | |
| 23 | Joyce Decl., ¶8, p. 3:18-20. | Improper legal opinion/ conclusion (*See Aguilar v. International Longshoremen's Union*, 966 F.2d 443, 447 (9th Cir. 1992) (noting matters of law are for the court's determination, not that of an expert witness)); *Crow Tribe of Indians v. Racicot*, 87 F.3d 1039, 1045 (9th Cir. 1996) (judging the legal merits of a case is for the judge, not the attorney arguing the case)). | |
| 24 | | | |
| 25 | | | |
| 26 | | | |
| 27 | | | |
| 28 | | Unqualified expert opinion (FRE 702). | |

| | Material Objected To In Erin Joyce Declaration | Grounds For Objection | Ruling On Objection |
|---|---|---|---|
| 1 | | | |
| 2 | "Moreover, most of these comments if admitted, were one-on-one tweets and replies. These Twitter exchanges are no different than Mr. Richards answering a question walking down the street. If this Court were to adopt the logic of the Motion, Mr. Richards would be precluded from answering questions to any member of the public concerning the Girardi Keese bankruptcy proceeding. This is not law and would essentially impose on Mr. Richards a gag order which this Court has already rejected."<br><br>Joyce Decl., ¶9, p. 4:7-12. | Lacks Foundation (FRE 602).<br><br>Speculative (*In re Silicone Gel Breast Implants Prods. Liability Litig.,* 318 F.Supp.2d 879,890 (C.D. Cal. 2004).<br><br>Argumentative (*In re Marriage of Heggiek,* 99 Cal.App.4th 28, 30 fn.3 (2002) ("The proper place for argument is in points and authorities, not declarations."))<br><br>Improper legal opinion/ conclusion (*See Aguilar v. International Longshore-men's Union,* 966 F.2d 443, 447 (9th Cir. 1992) (noting matters of law are for the court's determination, not that of an expert witness)); *Crow Tribe of Indians v. Racicot,* 87 F.3d 1039, 1045 (9th Cir. 1996) (judging the legal merits of a case is for the judge, not the attorney arguing the case).<br><br>Unqualified expert opinion (FRE 702). | **Sustained:** _____X_____<br><br>Overruled: _____ |
| 3-13 | | | |
| 14-24 | "The Motion brings claims and makes allegations that are not based in fact or law. The Motion requests relief based upon potential prejudice to a jury, but counsel for Ms. Girardi know or should know that there is no jury in Bankruptcy Court. *See below.* Counsel for Ms. Girardi further know that Mr. Richards' public statements did not violate any ethical standards, and that Mr. Richards does not have any connection to the parties in interest."<br><br>Joyce Decl.,¶10,p. 4:13-17. | Lacks Foundation (FRE 602).<br><br>Argumentative (*In re Marriage of Heggiek,* 99 Cal.App.4th 28, 30 fn.3 (2002) ("The proper place for argument is in points and authorities, not declarations."))<br><br>Improper legal opinion/ conclusion (*See Aguilar v. International Longshore-men's Union,* 966 F.2d 443, 447 (9th Cir. 1992) (noting matters of law are for the court's determination, not that of an expert witness)); *Crow Tribe of Indians v. Racicot,* 87 F.3d 1039, 1045 (9th Cir. 1996) (judging the legal merits of a case is for the judge, not the attorney arguing the case)).<br><br>Unqualified expert opinion (FRE 702). | **Sustained:** _____X_____<br><br>Overruled: _____ |
| 25-28 | "The Motion does not comply with the Rules of Bankruptcy or the Rules of Evidence. It lacks merit and serves no other purpose but to delay the proceedings, harass Mr. Richards, and undermine his credibility, the credibility of the Bankruptcy Court and the Chapter 7 Trustee. It violates Federal Rules | Lacks Foundation (FRE 602).<br><br>Speculative (*In re Silicone Gel Breast Implants Prods. Liability Litig.,* 318 F.Supp.2d 879,890 (C.D. Cal. 2004).<br><br>Argumentative (*In re Marriage of Heggiek,* 99 Cal.App.4th 28, 30 fn.3 (2002) ("The proper place for argument | **Sustained:** _____X_____<br><br>Overruled: _____ |

| Material Objected To In Erin Joyce Declaration | Grounds For Objection | Ruling On Objection |
|---|---|---|
| of Bankruptcy Procedure, Rule 9011, and counsel for Ms. Girardi, and Ms. Girardi, should be subject to monetary sanctions for attempt to delay the proceedings and silence Mr. Richards, all with inadmissible and incomplete evidence."<br><br>Joyce Decl. ¶11, p. 4:18-23. | is in points and authorities, not declarations."))<br><br>Improper legal opinion/ conclusion (*See Aguilar v. International Longshore-men's Union*, 966 F.2d 443, 447 (9th Cir. 1992) (noting matters of law are for the court's determination, not that of an expert witness)); *Crow Tribe of Indians v. Racicot*, 87 F.3d 1039, 1045 (9th Cir. 1996) (judging the legal merits of a case is for the judge, not the attorney arguing the case)).<br><br>Unqualified expert opinion (FRE 702). | |
| "It is my opinion that Mr. Richards is not in violation of California Rules of Professional Conduct, Rule 3.6, in whole or in part, nor is he in violation of Business and Professions Code section 6068, in whole or in part."<br><br>Joyce Decl., ¶15, p. 5:17-19. | Lacks Foundation (FRE 602).<br><br>Argumentative (*In re Marriage of Heggiek*, 99 Cal.App.4th 28, 30 fn.3 (2002) ("The proper place for argument is in points and authorities, not declarations."))<br><br>Improper legal opinion/ conclusion (*See Aguilar v. International Longshore-men's Union*, 966 F.2d 443, 447 (9th Cir. 1992) (noting matters of law are for the court's determination, not that of an expert witness)); *Crow Tribe of Indians v. Racicot*, 87 F.3d 1039, 1045 (9th Cir. 1996) (judging the legal merits of a case is for the judge, not the attorney arguing the case)).<br><br>Unqualified expert opinion (FRE 702). | Sustained: _____<br><br>**Overruled: _____X_____** |
| "Counsel for Ms. Girardi allege a violation of Rule 3.6, but the facts in the Motion provide insufficient grounds for the claim. Mr. Richards' statements on Twitter (or "tweets") have no likelihood of materially prejudicing an adjudicative proceeding in the Girardi Keese bankruptcy proceeding."<br><br>Joyce Decl., ¶16, p. 5:20-23. | Lacks Foundation (FRE 602).<br><br>Speculative (*In re Silicone Gel Breast Implants Prods. Liability Litig.*, 318 F.Supp.2d 879,890 (C.D. Cal. 2004).<br><br>Argumentative (*In re Marriage of Heggiek*, 99 Cal.App.4th 28, 30 fn.3 (2002) ("The proper place for argument is in points and authorities, not declarations."))<br><br>Improper legal opinion/ conclusion (*See Aguilar v. International Longshore-men's Union*, 966 F.2d 443, 447 (9th Cir. 1992) (noting matters of law are for the court's determination, not that of an expert witness)); *Crow Tribe of Indians* | Sustained: _____<br><br>**Overruled: _____X_____** |

| | Material Objected To In Erin Joyce Declaration | Grounds For Objection | Ruling On Objection |
|---|---|---|---|
| | | *v. Racicot*, 87 F.3d 1039, 1045 (9th Cir. 1996) (judging the legal merits of a case is for the judge, not the attorney arguing the case)).<br><br>Unqualified expert opinion (FRE 702). | |
| | "The proffered evidence was deleted according to the motion. This is probably because it was not accurate and was incomplete."<br><br>Joyce Decl., ¶16, p. 6:2-3 | Speculative (*In re Silicone Gel Breast Implants Prods. Liability Litig.*, 318 F.Supp.2d 879,890 (C.D. Cal. 2004).<br><br>Argumentative (*In re Marriage of Heggiek*, 99 Cal.App.4th 28, 30 fn.3 (2002) ("The proper place for argument is in points and authorities, not declarations.")) | **Sustained: ___X___**<br><br>Overruled: _____ |
| | ["Mr. Richard was never guaranteed any interview would be aired nor did he care. Attorneys are frequently interviewed by reporters for knowledge. Mr. Richards has been a well-known attorney for almost 30 years in Southern California. Based upon my inquiry, Mr. Richards was not paid for any work nor hired for any documentary by anyone for any show. In his recorded comments which were not aired for the documentary, Mr. Richards does not specifically address Ms. Girardi, her character, or her personality. He makes no disparaging or untrue comments about Ms. Girardi or her interests in the Girardi Keese bankruptcy matter. His comments are limited to Ms. Girardi's retention of legal counsel, which was caused by Mr. Mastan's motion to withdraw filed in the Girardi Keese bankruptcy proceeding.] | Lacks Foundation (FRE 602).<br><br>Speculative (*In re Silicone Gel Breast Implants Prods. Liability Litig.*, 318 F.Supp.2d 879,890 (C.D. Cal. 2004).<br><br>Argumentative (*In re Marriage of Heggiek*, 99 Cal.App.4th 28, 30 fn.3 (2002) ("The proper place for argument is in points and authorities, not declarations."))<br><br>Improper legal opinion/ conclusion (*See Aguilar v. International Longshore-men's Union*, 966 F.2d 443, 447 (9th Cir. 1992) (noting matters of law are for the court's determination, not that of an expert witness)); *Crow Tribe of Indians v. Racicot*, 87 F.3d 1039, 1045 (9th Cir. 1996) (judging the legal merits of a case is for the judge, not the attorney arguing the case)).<br><br>Improper lay opinion (FRE 701).<br><br>Unqualified expert opinion (FRE 702). | **Sustained: ___X___**<br><br>Overruled: _____ |
| | [To suggest an attorney who is on a case cannot publicly comment on public filings in the case is ludicrous, and any suggestion that such conduct is against the law is disingenuous.] | | Sustained: _____<br><br>**Overruled: ___X___** |

| Material Objected To In Erin Joyce Declaration | Grounds For Objection | Ruling On Objection |
|---|---|---|
| [Ms. Girardi's counsel actually left out a tweet where Mr. Richards defended Ms. Girardi's prior counsel Mr. Mastan and said he was a good attorney and didn't make any errors in response to a comment accusing Ms. Girardi's prior counsel of making a mistake. Ms. Girardi's papers tried to submit misleading conclusions about Mr. Richards, falsely implying he was being negative towards her prior counsel when the opposite was true."]<br><br>Joyce Decl., ¶16, p. 6:5-21 | | **Sustained:  ___X_____**<br><br>Overruled: _____ |
| "Another example of this misleading portrayal of Mr. Richards' comments about this case is Mr. Richard's actual public comment for a newspaper relating to Ms. Girardi's prior counsel. Mr. Richards is a frequent contributor to the Daily Journal, a newspaper read by attorneys. In the June 16, 2021 edition, Mr. Richards, in response to a question about Mr. Mastan's withdrawal said, "he could not comment specifically on Mr. Mastan's departure."<br><br>Joyce Decl., ¶17, p. 6:22-26 | Lacks Foundation (FRE 602).<br><br>Relevance (Fed.R.Evid.402)<br><br>Hearsay (FRE 802)<br><br>Argumentative (*In re Marriage of Heggiek*, 99 Cal.App.4th  28, 30 fn.3 (2002) ("The proper place for argument is in points and authorities, not declarations.")) | **Sustained:  ___X_____**<br><br>Overruled: _____ |
| "The selective editing of the tweets submitted by Ms. Girardi's counsel violates Rule of Professional Conduct 3.3 (Candor Toward the Tribunal) and Business and Professions Code section 6068(d) in my opinion. The intervening omitted tweets are very easy to find and apparently were intentionally omitted. None of Mr. Richards' statements are prejudicial to any party, to counsel, or to the courts. Rule 3.6 (a)."<br><br>Joyce Decl., ¶18, p. 6:27-7:3 | Lacks Foundation (FRE 602).<br><br>Speculative (*In re Silicone Gel Breast Implants Prods. Liability Litig.*, 318 F.Supp.2d 879,890 (C.D. Cal. 2004).<br><br>Argumentative (*In re Marriage of Heggiek*, 99 Cal.App.4th  28, 30 fn.3 (2002) ("The proper place for argument is in points and authorities, not declarations."))<br><br>Improper legal opinion/ conclusion (*See Aguilar v. International Longshore-men's Union*, 966 F.2d 443, 447 (9th Cir. 1992) (noting matters of law are for the court's determination, not that of an expert witness)); *Crow Tribe of Indians v. Racicot*, 87 F.3d 1039, 1045 (9th Cir. 1996) (judging the legal merits of a case is for the judge, not the attorney arguing | Sustained: _____<br><br>**Overruled:  _____X_____** |

| | Material Objected To In Erin Joyce Declaration | Grounds For Objection | Ruling On Objection |
|---|---|---|---|
| | | the case)). | |
| | | Unqualified expert opinion (FRE 702). | |
| | "Mr. Richards' comments were permitted by Rule of Professional Conduct 3.6(b), to the extent permitted by Business and Professions Code section 6068(e), to state the claim, offense or defense involved, and, except when prohibited by law, the identity of the persons involved; information contained in a public record; that an investigation of a matter is in progress; and, among other things, the scheduling or result of any step in litigation." | Lacks Foundation (FRE 602). | Sustained: _____ |
| | | Argumentative (*In re Marriage of Heggiek*, 99 Cal.App.4th 28, 30 fn.3 (2002) ("The proper place for argument is in points and authorities, not declarations.")) | **Overruled: _____X_____** |
| | | Improper legal opinion/ conclusion (*See Aguilar v. International Longshore-men's Union*, 966 F.2d 443, 447 (9th Cir. 1992) (noting matters of law are for the court's determination, not that of an expert witness)); *Crow Tribe of Indians v. Racicot*, 87 F.3d 1039, 1045 (9th Cir. 1996) (judging the legal merits of a case is for the judge, not the attorney arguing the case)). | |
| | Joyce Decl., ¶19, p. 7:6-10 | | |
| | | Unqualified expert opinion (FRE 702). | |
| | "Mr. Richards has not provided the public with any information that is not already publicly available." | Lacks Foundation (FRE 602). | **Sustained: _____X_____** |
| | | Speculative (*In re Silicone Gel Breast Implants Prods. Liability Litig.*, 318 F.Supp.2d 879,890 (C.D. Cal. 2004). | Overruled: _____ |
| | Joyce Decl., ¶20, p. 7:14-15 | | |
| | | Best evidence rule (FRE 1002) | |
| | | Argumentative (*In re Marriage of Heggiek*, 99 Cal.App.4th 28, 30 fn.3 (2002) ("The proper place for argument is in points and authorities, not declarations.")) | |
| | "As stated above, these interchanges are essentially one-on-one dialogue, if true and accurate and admissible. The compilation as presented by Ms. Girardi's counsel is a distortion of the impact these individual interchanges can have on the general public. The order sought by Ms. Girardi would patently violate Mr. Richards' First Amendment rights, hurt his client Ms. Miller, cause Mr. Richards' firm to suffer a large time capital loss and aid the recipient of the fraudulent conveyances | Lacks Foundation (FRE 602). | **Sustained: _____X_____** |
| | | Speculative (*In re Silicone Gel Breast Implants Prods. Liability Litig.*, 318 F.Supp.2d 879,890 (C.D. Cal. 2004). | Overruled: _____ |
| | | Argumentative (*In re Marriage of Heggiek*, 99 Cal.App.4th 28, 30 fn.3 (2002) ("The proper place for argument is in points and authorities, not declarations.")) | |
| | | Improper legal opinion/ conclusion (*See Aguilar v. International Longshore-men's Union*, 966 F.2d 443, 447 (9th Cir. 1992) (noting matters of law are for the | |

| Material Objected To In Erin Joyce Declaration | Grounds For Objection | Ruling On Objection |
|---|---|---|
| (potentially over $20,000,000), Erika Girardi. And that is the clear motivation of the Motion, to help Ms. Girardi escape liability for the significant fraudulent transfers received from the bankruptcy estate. To force Ms. Miller to start over is exactly what Ms. Girardi's counsel would hope for in this de facto disqualification motion."<br><br>Joyce Decl., ¶20, p. 7:24-8:5 | court's determination, not that of an expert witness)); *Crow Tribe of Indians v. Racicot*, 87 F.3d 1039, 1045 (9th Cir. 1996) (judging the legal merits of a case is for the judge, not the attorney arguing the case)).<br><br>Improper lay opinion (FRE 701).<br><br>Unqualified expert opinion (FRE 702). | |
| "There has not been inflammatory or prejudicial publicity about this proceeding. As stated in the following paragraphs, any and all media coverage and its allegedly prejudicial effect is moot because this matter will almost assuredly not proceed to a jury trial. The tweets attributed to Mr. Richards are primarily factual in nature, and consist primarily of posting documents filed with the court -- the motion to withdraw. Posting publicly available court records is not prejudicial to any party in interest. These are the facts of the case. The average person can't access Pacer. Mr. Richard's postings invite tips and leads by followers and public. This is specifically allowed and contemplated by the rules."<br><br>Joyce Decl., ¶22, p. 8:16-23 | Lacks Foundation (FRE 602).<br><br>Speculative (*In re Silicone Gel Breast Implants Prods. Liability Litig.*, 318 F.Supp.2d 879,890 (C.D. Cal. 2004).<br><br>Hearsay (FRE 802)<br><br>Argumentative (*In re Marriage of Heggiek*, 99 Cal.App.4th 28, 30 fn.3 (2002) ("The proper place for argument is in points and authorities, not declarations."))<br><br>Improper legal opinion/ conclusion (*See Aguilar v. International Longshore-men's Union*, 966 F.2d 443, 447 (9th Cir. 1992) (noting matters of law are for the court's determination, not that of an expert witness)); *Crow Tribe of Indians v. Racicot*, 87 F.3d 1039, 1045 (9th Cir. 1996) (judging the legal merits of a case is for the judge, not the attorney arguing the case)).<br><br>Improper lay opinion (FRE 701).<br><br>Unqualified expert opinion (FRE 702). | **Sustained: ____X_____**<br><br>Overruled: _____ |
| "Mr. Richards' personal unverified Twitter account and public statements were not only protected under the Free Speech Clauses of the First Amendment and the California Constitution, but they also served the purpose of updating the public at-large of the Girardi Keese bankruptcy and kept the many creditors updated about the status of the case."<br><br>Joyce Decl., ¶24, p. 9:5-8 | Lacks Foundation (FRE 602).<br><br>Relevance (Fed.R.Evid.402)<br><br>Speculative (*In re Silicone Gel Breast Implants Prods. Liability Litig.*, 318 F.Supp.2d 879,890 (C.D. Cal. 2004).<br><br>Argumentative (*In re Marriage of Heggiek*, 99 Cal.App.4th 28, 30 fn.3 (2002) ("The proper place for argument is in points and authorities, not declarations.")) | **Sustained: ____X_____**<br><br>Overruled: _____ |

| | Material Objected To In Erin Joyce Declaration | Grounds For Objection | Ruling On Objection |
|---|---|---|---|
| 1 | | | |
| 2 | | Improper legal opinion/ conclusion (*See Aguilar v. International Longshore-men's Union*, 966 F.2d 443, 447 (9th Cir. 1992) (noting matters of law are for the court's determination, not that of an expert witness)); *Crow Tribe of Indians v. Racicot*, 87 F.3d 1039, 1045 (9th Cir. 1996) (judging the legal merits of a case is for the judge, not the attorney arguing the case)). | |
| 3 | | | |
| 4 | | | |
| 5 | | | |
| 6 | | | |
| 7 | | Improper lay opinion (FRE 701). | |
| 8 | | Unqualified expert opinion (FRE 702). | |
| 9 | "Mr. Richards was exercising his right to freedom of speech and press under the U.S. Constitution and the California Constitution. He did not make any false statements, and he did not act with malicious intent. He was sharing information that was already publicly available in the Girardi Keese bankruptcy. Any legal opinions rendered were clearly opinions, did not violate Mr. Richards' duties as Special Counsel, and all were protected free speech. Ms. Girardi has been afforded the same protections and expresses her opinions via similar media outlets. Ms. Girardi's motion drew more attention to her than anything Mr. Richards has ever posted. Ms. Girardi chose to appear on a network television show each week and has constantly sought media attention. Ms. Girardi cannot control the marketplace of information including an attorneys' low impact opinions on his personal Twitter account responding to members of the public." <br><br> Joyce Decl., ¶25, p. 9:12-22 | Lacks Foundation (FRE 602). <br><br> Speculative (*In re Silicone Gel Breast Implants Prods. Liability Litig.*, 318 F.Supp.2d 879,890 (C.D. Cal. 2004). <br><br> Argumentative (*In re Marriage of Heggiek*, 99 Cal.App.4th 28, 30 fn.3 (2002) ("The proper place for argument is in points and authorities, not declarations.")) <br><br> Improper legal opinion/ conclusion (*See Aguilar v. International Longshore-men's Union*, 966 F.2d 443, 447 (9th Cir. 1992) (noting matters of law are for the court's determination, not that of an expert witness)); *Crow Tribe of Indians v. Racicot*, 87 F.3d 1039, 1045 (9th Cir. 1996) (judging the legal merits of a case is for the judge, not the attorney arguing the case)). <br><br> Improper lay opinion (FRE 701). <br><br> Unqualified expert opinion (FRE 702). | Sustained: ____X____ <br><br> Overruled: _____ |
| 10 | | | |
| 11 | | | |
| 12 | | | |
| 13 | | | |
| 14 | | | |
| 15 | | | |
| 16 | | | |
| 17 | | | |
| 18 | | | |
| 19 | | | |
| 20 | | | |
| 21 | | | |
| 22 | | | |
| 23 | | | |
| 24 | | | |
| 25 | "In this Court, all jury trials are sent to the District Court. There is no pending jury matter before the Court. It is complete conjecture that there will be a jury trial and in a pool of five counties with over 15,000,000 residents, it is highly unlikely that the first 12 potential | Lacks Foundation (FRE 602). <br><br> Speculative (*In re Silicone Gel Breast Implants Prods. Liability Litig.*, 318 F.Supp.2d 879,890 (C.D. Cal. 2004). <br><br> Argumentative (*In re Marriage of Heggiek*, 99 Cal.App.4th 28, 30 fn.3 | Sustained: ____X____ <br><br> Overruled: _____ |
| 26 | | | |
| 27 | | | |
| 28 | | | |

| Material Objected To In Erin Joyce Declaration | Grounds For Objection | Ruling On Objection |
|---|---|---|
| jurors will ever have heard of Attorney Ronald Richards or read any of his tweets and replies."<br><br>Joyce Decl., ¶26, p. 9:28-10:4 | (2002) ("The proper place for argument is in points and authorities, not declarations."))<br><br>Improper legal opinion/ conclusion (*See Aguilar v. International Longshore-men's Union*, 966 F.2d 443, 447 (9th Cir. 1992) (noting matters of law are for the court's determination, not that of an expert witness)); *Crow Tribe of Indians v. Racicot*, 87 F.3d 1039, 1045 (9th Cir. 1996) (judging the legal merits of a case is for the judge, not the attorney arguing the case).<br><br>Improper lay opinion (FRE 701).<br><br>Unqualified expert opinion (FRE 702). | |
| "Mr. Richards never disparaged Ms. Girardi or her integrity, and certainly did not and could not prejudice a jury pool against her. It is almost impossible for anyone to influence a potential jury pool in this bankruptcy matter because there is almost no chance there will be a jury. Counsel for Ms. Girardi misinterpret the Constitution, the Bill of Rights, the Federal Rules of Procedure, and the Federal Rules of Civil Procedure."<br><br>Joyce Decl., ¶28, p. 10:11-15 | Lacks Foundation (FRE 602).<br><br>Speculative (*In re Silicone Gel Breast Implants Prods. Liability Litig.,* 318 F.Supp.2d 879,890 (C.D. Cal. 2004).<br><br>Argumentative (*In re Marriage of Heggiek*, 99 Cal.App.4th 28, 30 fn.3 (2002) ("The proper place for argument is in points and authorities, not declarations."))<br><br>Improper legal opinion/ conclusion (*See Aguilar v. International Longshore-men's Union*, 966 F.2d 443, 447 (9th Cir. 1992) (noting matters of law are for the court's determination, not that of an expert witness)); *Crow Tribe of Indians v. Racicot*, 87 F.3d 1039, 1045 (9th Cir. 1996) (judging the legal merits of a case is for the judge, not the attorney arguing the case)).<br><br>Improper lay opinion (FRE 701).<br><br>Unqualified expert opinion (FRE 702). | **Sustained: ___X___**<br><br>Overruled: _____ |
| "Mr. Richards, along with many other practitioners, was interviewed for the program. But counsel for Mr. Girardi did not inform the Court that Mr. Richards' interview was cut and did not air on television. This assumes Mr. Richards even knew about his interview being cut until AFTER he | Lacks Foundation (FRE 602).<br><br>Relevance (Fed.R.Evid.402)<br><br>Speculative (*In re Silicone Gel Breast Implants Prods. Liability Litig.,* 318 F.Supp.2d 879,890 (C.D. Cal. 2004).<br><br>Argumentative (*In re Marriage of* | **Sustained: ___X___**<br><br>Overruled: _____ |

| | Material Objected To In Erin Joyce Declaration | Grounds For Objection | Ruling On Objection |
|---|---|---|---|
| 1 | | | |
| 2 | was appointed." | *Heggiek*, 99 Cal.App.4th 28, 30 fn.3 (2002) ("The proper place for argument is in points and authorities, not declarations.")) | |
| 3 | Joyce Decl., ¶30, p. 10:24-27 | | |
| 4 | | | |
| 5 | "Mr. Richards' interview about the Girardi Keese firm is not a violation of Federal Rules of Bankruptcy Procedure, Rule 2014 because Mr. Richards had no financial, personal, or professional connection with any of the parties. There would be no reason to disclose an interview. Mr. Richards has no connection to any petitioning creditor that would be disclosable. My review of the pleadings in this case confirmed that. An interview to a journalist is not a connection to anyone. Mr. Richards has never represented or met any of the petitioning creditors. Mr. Richard was not required to disclose press interviews before the application. The fact that a petitioning creditor may have been interviewed by the same journalist's organization does not make Mr. Richards and that creditor connected. There is no evidence in the Motion to an actual aired interview, so it has no weight whatsoever in my opinion as to disclosure requirements." | Lacks Foundation (FRE 602).<br><br>Speculative (*In re Silicone Gel Breast Implants Prods. Liability Litig.*, 318 F.Supp.2d 879,890 (C.D. Cal. 2004).<br><br>Argumentative (*In re Marriage of Heggiek*, 99 Cal.App.4th 28, 30 fn.3 (2002) ("The proper place for argument is in points and authorities, not declarations."))<br><br>Improper legal opinion/ conclusion (*See Aguilar v. International Longshore-men's Union*, 966 F.2d 443, 447 (9th Cir. 1992) (noting matters of law are for the court's determination, not that of an expert witness); *Crow Tribe of Indians v. Racicot*, 87 F.3d 1039, 1045 (9th Cir. 1996) (judging the legal merits of a case is for the judge, not the attorney arguing the case)).<br><br>Improper lay opinion (FRE 701).<br><br>Unqualified expert opinion (FRE 702). | Sustained: ____X____<br><br>Overruled: _____ |
| 6 | | | |
| 7 | | | |
| 8 | | | |
| 9 | | | |
| 10 | | | |
| 11 | | | |
| 12 | | | |
| 13 | | | |
| 14 | | | |
| 15 | | | |
| 16 | | | |
| 17 | | | |
| 18 | | | |
| 19 | Joyce Decl., ¶31, p. 11:1-11 | | |
| 20 | "Counsel for Ms. Girardi are using Rule 2014 as a covert way of disqualifying Mr. Richards as Special Counsel." | Lacks Foundation (FRE 602).<br><br>Argumentative (*In re Marriage of Heggiek*, 99 Cal.App.4th 28, 30 fn.3 (2002) ("The proper place for argument is in points and authorities, not declarations."))<br><br>Improper legal opinion/ conclusion (*See Aguilar v. International Longshore-men's Union*, 966 F.2d 443, 447 (9th Cir. 1992) (noting matters of law are for the court's determination, not that of an expert witness)); *Crow Tribe of Indians v. Racicot*, 87 F.3d 1039, 1045 (9th Cir. 1996) (judging the legal merits of a case is for the judge, not the attorney arguing the case)). | Sustained: ____X____<br><br>Overruled: _____ |
| 21 | | | |
| 22 | Joyce Decl., ¶32, p. 11:12-13 | | |
| 23 | | | |
| 24 | | | |
| 25 | | | |
| 26 | | | |
| 27 | | | |
| 28 | | | |

| | Material Objected To In Erin Joyce Declaration | Grounds For Objection | Ruling On Objection |
|---|---|---|---|
| | | | |
| | "The argument is false. Moreover, Ms. Girardi is not a party to this proceeding and lacks standing to seek disqualification."<br><br>Joyce Decl., ¶33, p. 11:16-17 | Lacks Foundation (FRE 602).<br><br>Argumentative (*In re Marriage of Heggiek*, 99 Cal.App.4th 28, 30 fn.3 (2002) ("The proper place for argument is in points and authorities, not declarations."))<br><br>Improper legal opinion/ conclusion (*See Aguilar v. International Longshoremen's Union*, 966 F.2d 443, 447 (9th Cir. 1992) (noting matters of law are for the court's determination, not that of an expert witness)); *Crow Tribe of Indians v. Racicot*, 87 F.3d 1039, 1045 (9th Cir. 1996) (judging the legal merits of a case is for the judge, not the attorney arguing the case)).<br><br>Unqualified expert opinion (FRE 702). | **Sustained:** ___X___<br><br>Overruled: _____ |
| | "Ms. Girardi is not a party to this proceeding. She is not a named party. She is not a creditor. Her current status is "party-in-interest" without further explanation of what that interest entails, but she has no real or actual interest in the Girardi Keese bankruptcy proceeding. As such, she has no legal right to raise or enforce a claim."<br><br>Joyce Decl., ¶34, p. 12:1-4 | Lacks Foundation (FRE 602).<br><br>Argumentative (*In re Marriage of Heggiek*, 99 Cal.App.4th 28, 30 fn.3 (2002) ("The proper place for argument is in points and authorities, not declarations."))<br><br>Improper legal opinion/ conclusion (*See Aguilar v. International Longshoremen's Union*, 966 F.2d 443, 447 (9th Cir. 1992) (noting matters of law are for the court's determination, not that of an expert witness)); *Crow Tribe of Indians v. Racicot*, 87 F.3d 1039, 1045 (9th Cir. 1996) (judging the legal merits of a case is for the judge, not the attorney arguing the case)).<br><br>Unqualified expert opinion (FRE 702). | **Sustained:** ___X___<br><br>Overruled: _____ |
| | "Ms. Girardi has no standing on California law to disqualify her adversaries' counsel of choice. This is clear since 2016. This case should have been cited by Ms. Girardi. Furthermore, as this Court said at the June 8, 2021 hearing, if Ms. Girardi does not like Mr. Richard's comments, this Court is not the right place to go to seek redress. Clearly Ms. Miller's right to counsel of choice is the most | Lacks Foundation (FRE 602).<br><br>Best evidence rule (FRE 1002)<br><br>Hearsay (FRE 802)<br><br>Argumentative (*In re Marriage of Heggiek*, 99 Cal.App.4th 28, 30 fn.3 (2002) ("The proper place for argument is in points and authorities, not declarations.")) | **Sustained:** ___X___<br><br>Overruled: _____ |

| | Material Objected To In Erin Joyce Declaration | Grounds For Objection | Ruling On Objection |
|---|---|---|---|
| | sacred right at play and Mr. Richards' and his firm's right to work. Mr. Richards' firm has a valid fee agreement and has performed with alacrity and effectiveness." <br><br> Joyce Decl., ¶34, p. 12:8-14 | Improper legal opinion/ conclusion (*See Aguilar v. International Longshore-men's Union*, 966 F.2d 443, 447 (9th Cir. 1992) (noting matters of law are for the court's determination, not that of an expert witness)); *Crow Tribe of Indians v. Racicot*, 87 F.3d 1039, 1045 (9th Cir. 1996) (judging the legal merits of a case is for the judge, not the attorney arguing the case)). <br><br> Unqualified expert opinion (FRE 702). | |
| | "Mr. Richards committed no breach of ethical duties pursuant to either the State Bar Act or the California Rules of Professional Conduct. He should be allowed to remain Special Counsel." <br><br> Joyce Decl., ¶35, p. 12:15-17 | Lacks Foundation (FRE 602). <br><br> Argumentative (*In re Marriage of Heggiek*, 99 Cal.App.4th 28, 30 fn.3 (2002) ("The proper place for argument is in points and authorities, not declarations.")) <br><br> Improper legal opinion/ conclusion (*See Aguilar v. International Longshore-men's Union*, 966 F.2d 443, 447 (9th Cir. 1992) (noting matters of law are for the court's determination, not that of an expert witness)); *Crow Tribe of Indians v. Racicot*, 87 F.3d 1039, 1045 (9th Cir. 1996) (judging the legal merits of a case is for the judge, not the attorney arguing the case)). <br><br> Unqualified expert opinion (FRE 702). | Sustained: _____ <br><br> **Overruled: _____X_____** |
| | "Counsel for Ms. Girardi filed the Motion for the sole purpose of delaying the proceedings, harassing Mr. Richards, and casting doubt upon the credibility of Mr. Richards and the bankruptcy proceeding as a whole. If counsel for Ms. Girardi are successful and the Court removes Mr. Richards as Special Counsel and replaces him with a new Special Counsel, rest assured counsel for Ms. Girardi will file the same motions against the next Special Counsel. It would cause an irreversible disruption in the investigation that only benefits the target. It is like the bank robber complaining the opposing counsel commented on the robbery so a new attorney is needed. Mr. | Lacks Foundation (FRE 602). <br><br> Speculative (*In re Silicone Gel Breast Implants Prods. Liability Litig.*, 318 F.Supp.2d 879,890 (C.D. Cal. 2004). <br><br> Argumentative (*In re Marriage of Heggiek*, 99 Cal.App.4th 28, 30 fn.3 (2002) ("The proper place for argument is in points and authorities, not declarations.")) <br><br> Improper legal opinion/ conclusion (*See Aguilar v. International Longshore-men's Union*, 966 F.2d 443, 447 (9th Cir. 1992) (noting matters of law are for the court's determination, not that of an expert witness)); *Crow Tribe of Indians v. Racicot*, 87 F.3d 1039, 1045 (9th Cir. 1996) (judging the legal merits of a case is for the judge, not the attorney arguing | **Sustained: _____X_____** <br><br> Overruled: _____ |

| Material Objected To In Erin Joyce Declaration | Grounds For Objection | Ruling On Objection |
|---|---|---|
| Richards has been investigating this case for many months leading up to the appointment. Mr. Richards is not a public prosecutor. He is allowed to comment on cases. He is a private attorney. Counsel for Ms. Girardi seeks to delay or stop any investigation into any allegations that Ms. Girardi was in receipt of fraudulent transfers. This Motion serves only this purpose, and the Court should deny the Motion." Joyce Decl., ¶36, p. 12:19-13:2 | the case)). Improper lay opinion (FRE 701). Unqualified expert opinion (FRE 702). | |

4.    a.    "Chapter 7 Trustee's Evidentiary Objections To The **Declaration Of Evan C. Borges** And Exhibit 3 Attached Thereto In Support Of Motion For Reconsideration" **(Docket No. 519)** filed by Special Counsel for Elissa D. Miller, Chapter 7 Trustee. **THIS RELATES TO 515-1.**

    b.    **No response was filed to Docket No. 519.**

| Obj # (pg: line) | Borges Declaration: | Trustee Objection: | Ruling: |
|---|---|---|---|
| #1 ¶2 45:9-11 | "Attached hereto as Exhibit 3 is a compilation of Ronald Richards's ("Mr. Richards") tweets and images from Mr. Richards's Twitter page regarding this proceeding and individuals involved in this proceeding dating back to July 16, 2021." | Fed. R. Evid. 402, 701, 802 There is neither foundation nor personal knowledge for declarant's assertions. The statements and exhibit 3 are inadmissible hearsay. There is no evidentiary support and declarant cannot testify as to what a third party said out of court. | **[X] Sustained** [ ] overruled |
| #2 ¶3 45:12-13 | "The images comprising Exhibit 3 are true and accurate depictions of Mr. Richards's tweets and Twitter profile." | Fed. R. Evid. 402, 701, 802 There is neither foundation nor personal knowledge for declarant's assertions. | **[X] Sustained** [ ] overruled |