**SMILEY WANG-EKVALL, LLP**
Philip E. Strok, State Bar No. 169296
pstrok@swelawfirm.com
Kyra E. Andrassy, State Bar No. 207959
kandrassy@swelawfirm.com
Timothy W. Evanston, State Bar No. 319342
tevanston@swelawfirm.com
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Telephone:    714 445-1000
Facsimile:    714 445-1002

Attorneys for Elissa D. Miller,
Chapter 7 Trustee

FILED & ENTERED

AUG 12 2021

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY fortier    DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>GIRARDI KEESE,<br><br><br><br><br><br><br><br>Debtor. | Case No. 2:20-bk-21022-BR<br><br>Chapter 7<br><br>**ORDER AUTHORIZING THE TRANSITION AND ASSIGNMENT OF THE ESTATE'S INTERESTS IN THE NFL CONCUSSION LITIGATION TO GOLDBERG PERSKY WHITE P.C. FREE AND CLEAR OF LIENS, CLAIMS AND INTERESTS PURSUANT TO 11 U.S.C. § 363**<br><br>DATE: August 10, 2021<br>TIME: 2:00 p.m.<br>CTRM: 1668 |

On June 9, 2021, Elissa D. Miller, the chapter 7 trustee for the bankruptcy estate of Girardi Keese (the "Trustee"), filed the *Motion for Order Authorizing the Transition and Assignment of the Estate's Interests in the NFL Concussion Litigation to Goldberg Persky White P.C. Free and Clear of Liens, Claims and Interests Pursuant to 11 U.S.C. § 363* [Docket No. 389] (the "Motion"). On June 28, 2021, Erika Girardi ("EG") filed an objection to the Motion [Docket No. 445] (the "Objection"). In light of the Objection, the Motion was

scheduled for hearing on August 10, 2021, at 2:00 p.m.  On August 9, 2021, EG filed a withdrawal of the Objection [Docket No. 568].

Having reviewed the Motion and papers filed in support thereof, service being proper, and good cause appearing therefrom,

**IT IS ORDERED** that:

1. The Motion is granted;

2. The Trustee is authorized to enter into the Agreement;[1]

3. The terms of the Agreement, a copy of which is attached to the Motion as Exhibit "1," are approved;

4. The Trustee is authorized to execute any documents or take any actions reasonably necessary to effectuate the terms of the Agreement;

5. The transaction as contemplated in the Agreement pursuant to 11 U.S.C. § 363(b) is approved;

6. Except for the treatment of any Referral Fees as provided in the Agreement, the assignment and transfer of any rights or payment to property as contemplated in the Agreement is free and clear of all claims, liens, encumbrances, or other interests against the Debtor pursuant to 11 U.S.C. § 363(f);

7. Any asserted claims, liens, encumbrances, or other interests against the Debtor will attach only to the Estate Allocation and not to the GPW Allocation, with the exception of Referral Fees as provided in the Agreement;

8. With the exception of Referral Fees as provided in the Agreement, GPW is not assuming any liabilities of the Estate, the Debtor, or any partners, members, attorneys, insiders, affiliates, or employees thereof, whether under contract, tort, or otherwise;

---

[1] Unless otherwise noted, all capitalized terms shall have the same meaning and effect as in the Motion.

9. Federal Rule of Evidence 502(d) protections for attorney-client privilege and work-product set forth in the Agreement apply; and

10. The 14-day period under FRBP 6004(h) is waived.

###

Date: August 12, 2021

*Barry Russell* (signature)

Barry Russell
United States Bankruptcy Judge