**SMILEY WANG-EKVALL, LLP**
Philip E. Strok, State Bar No. 169296
*pstrok@swelawfirm.com*
Kyra E. Andrassy, State Bar No. 207959
*kandrassy@swelawfirm.com*
Timothy W. Evanston, State Bar No. 319342
*tevanston@swelawfirm.com*
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Telephone:   714 445-1000
Facsimile:    714 445-1002

Attorneys for Elissa D. Miller, Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>GIRARDI KEESE,<br><br>Debtors.<br><br>ELISSA D. MILLER, Chapter 7 Trustee for the bankruptcy estate of Girardi Keese,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT MANDELL, an individual; THE MANDELL LAW FIRM, and ROBERT W. FINNERTY, an individual;<br><br>Defendants. | Case No. 2:20-bk-21022-BR<br><br>Chapter 7<br><br>Adv No. _____<br><br>**COMPLAINT FOR:**<br><br>**(1) TURNOVER OF PROPERTY OF THE ESTATE UNDER 11 U.S.C. § 542;**<br><br>**(2) DECLARATORY RELIEF;**<br><br>**(3) ACCOUNTING;**<br><br>**(4) CONVERSION; AND**<br><br>**(5) INJUNCTIVE RELIEF** |

MIL06-0001 2879858.4                                  1                                  COMPLAINT

Plaintiff Elissa D. Miller, solely in her capacity as the chapter 7 trustee (the "Trustee") for the bankruptcy estate of Girardi Keese (the "Estate"), alleges the following based on information and belief:

## JURISDICTION AND VENUE

1. The Bankruptcy Court (the "Court") has jurisdiction over this adversary proceeding under 28 U.S.C. §§ 157(b)(1) and 1334 and the Trustee consents to entry of a final judgment by the Court.

2. This proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (E), and (O).

3. Venue lies in this judicial district because this proceeding arises in and relates to a case pending in this district under title 11 of the United States Code as provided for in 28 U.S.C. § 1409(a).

4. This adversary proceeding arises out of and is related to the bankruptcy case of Girardi Keese (the "Debtor"), Case No. 2:20-21022-BR.

## STATEMENT OF STANDING

5. The Trustee has standing to bring this action pursuant to 11 U.S.C. §§ 323, 541, 542, and applicable California law.

## PARTIES TO THE ACTION

6. The Trustee is the duly appointed chapter 7 trustee for the Estate.

7. Defendant Robert Mandell is an attorney licensed to practice law in the State of California.

8. Defendant The Mandell Law Firm AKA Mandell Trial Lawyers, on information and belief, is alleged to be a law firm in Woodland Hills, California.

9. Defendant Robert W. Finnerty is an attorney licensed to practice law in the State of California.

## GENERAL ALLEGATIONS

10. The Debtor was a plaintiff's law firm based in Los Angeles, California, which specialized in representing clients in mass tort and other contingency fee litigation. On December 18, 2020, petitioning creditors Jill O'Callahan, as successor in interest to James O'Callahan, Robert M. Keese, John Abassian, Erika Saldana, Virginia Antonio, and Kimberly Archie (collectively, the "Petitioning Creditors") filed an involuntary chapter 7 bankruptcy petition against the Debtor (the "Petition Date").

11. On December 24, 2020, the Petitioning Creditors filed a *Motion for Appointment of Interim Trustee Pursuant to 11 U.S.C. § 303(g)*. The Court entered an order granting the motion on January 5, 2021. On January 6, 2021, the Trustee was appointed as the interim trustee.

12. On January 13, 2021, the Court entered an *Order Directing: (1) The Clerk of Court to Immediately Enter an Order for Relief under Chapter 7; (2) The United States Trustee to Immediately Appoint a Chapter 7 Trustee; (3) The Debtor to File All Schedules and Related Documentation for Chapter 7 Case within Fourteen Days of the Entry of this Order; and (4) Vacating February 16, 2021 Status Conference*. On January 13, 2021 (the "Order for Relief Date"), the Clerk of Court entered an order for relief against the Debtor, and the Trustee was appointed and accepted her appointment in the Debtor's case.

## THE EXIDE ACTION AND RELATED SETTLEMENTS

13. On June 10, 2013, Exide Technologies ("Exide") filed a chapter 11 petition in the United States Bankruptcy Court for the District of Delaware, case number 13-11482-MFW (the "Exide Bankruptcy Case").

14. On or about December 22, 2014, Alan Salvador Aguirre et al. commenced an action against Exide and other defendants in the Los Angeles Superior Court. Other plaintiffs have also asserted claims against Exide and the other defendants, with all of these cases consolidated in case number BC 567401 (the "Exide Action").

15. On April 10, 2015, the Ad Hoc Group of Exide Tort Claimants (the "Ad Hoc Group") filed in the Exide Bankruptcy Case the Motion for Order: (I) Approving Proposed Vernon Tort Claims Trust Agreement; (II) Approving Appointment of Vernon Tort Claims Trustee and Settlement Administrator; and (III) Granting Related Relief. Among other things, the Ad Hoc Group sought approval of the Vernon Tort Claims Trust Agreement. On May 20, 2015, the court in the Exide Bankruptcy Case entered an order approving the Trust Agreement, establishing a trust (the "Vernon Tort Claims Trust") and appointing a trustee, Craig R. Jalbert ("Jalbert"), to pursue claims on behalf of the Vernon Tort Claims Trust for the benefit of the plaintiffs.

16. In June 2015, Jalbert retained the Debtor, the Law Offices of Steven Wolfson, the Mandell Law Firm, and the Law Offices of Robert K. Kent (together, the "Law Firms") to pursue claims on behalf of the Vernon Tort Claims Trust, including in the Exide Action. Under the terms of the Law Firms' engagement by Jalbert, the Law Firms were to receive a percentage of the gross recovery, with the percentage different depending on whether the recovery was before or after the filing of a lawsuit.[1] The Vernon Tort Claims Trust was responsible for reimbursing any costs incurred by the Law Firms from the assets of the trust. Once the contingency fee was paid by the Vernon Tort Claims Trust, the Law Firms had an agreement about how the fees would be split.

17. On September 24, 2018, Jalbert, in his capacity as trustee for the Vernon Tort Claims Trust, entered into a settlement agreement with certain defendants in the Exide Action, James R. Bloch, Phillip Damaska, Ed Mopas, John Hogarth, and R. Paul Hirt Jr. (the "Individual Defendants").

18. Under the settlement agreement, the Individual Defendants agreed to pay a lump sum settlement of $10,500,000 (the "Individual Defendants Settlement") to the Vernon Tort Claims Trust to settle the claims against the Individual Defendants.

---

[1] The engagement agreement is not attached to preserve any confidentiality that may apply.

19. On October 17, 2018, the Individual Defendants filed a Motion for Determination of Good Faith Settlement and a declaration executed by Defendant Robert W. Finnerty in support of the motion. In his declaration, Robert W. Finnerty testified under penalty of perjury stating, "I am an attorney at Girardi | Keese, counsel for Plaintiffs in the [Exide Action]."

20. On November 13, 2018, the court in the Exide Action entered an order approving the Individual Defendants' Motion for Determination of Good Faith Settlement.

21. Subsequently, Donaldson Company, Inc. ("Donaldson"), another defendant in the Exide Action, entered into a settlement agreement with Jalbert in his capacity as trustee for the Vernon Tort Claims Trust.

22. Under the settlement agreement, Donaldson agreed to pay a lump sum settlement of $450,000 (the "Donaldson Settlement") to the Vernon Tort Claims Trust to settle the claims in the Exide Action against Donaldson.

23. On March 27, 2019, Donaldson filed a Motion for Determination of Good Faith Settlement and a declaration executed by Defendant Robert W. Finnerty on March 22, 2019. In his declaration, Robert W. Finnerty testified under penalty of perjury stating, "I am an attorney at Girardi | Keese, counsel for Plaintiffs in the [Exide Action]."

24. On April 25, 2019, the court in the Exide Action entered an order approving Donaldson's Motion for Determination of Good Faith Settlement.

25. The Trustee is informed and believes that from the Individual Defendants' Settlement and pursuant to the Debtor's retainer agreement with Jalbert, the Debtor is entitled to the amount of $2,100,000.

26. The Trustee is informed and believes that from the Donaldson Settlement and pursuant to the Debtor's retainer agreement with Jalbert, the Debtor is entitled to the amount of $90,000.

27. Together, the Debtor's share of the attorneys' fees related to the Individual Defendants Settlement and the Donaldson Settlement total $2,190,000 (the "Exide

Fees"). The Trustee is informed and believes that no portion of the Exide Fees has yet been received by the Debtor or the Estate.

28. The Trustee does not know if additional settlements have been entered into such that the Debtor might be entitled to a portion of the amount allocated to attorneys' fees from those settlements on a quantum meruit basis.

## DISBURSEMENT OF SETTLEMENT PROCEEDS

29. On February 12, 2019, and after the court in the Exide Action entered an order approving the Individual Defendants' Motion for Determination of Good Faith Settlement, the Vernon Tort Claims Trust disbursed the sum of $4,287,500 via wire to Robert Mandell and/or The Mandell Law Firm for professional fees related to the Exide Action. At this time, the Debtor was counsel of record for Jalbert in the Exide Action.

30. On October 9, 2019, and after the court in the Exide Action entered an order approving Donaldson's Motion for Determination of Good Faith Settlement, the Vernon Tort Claims Trust issued a check in the amount of $10,844.12 to Robert Mandell and/or The Mandell Law Firm for professional fees related to the Exide Action. As set forth in the following paragraphs, the Debtor was counsel of record at this time. However, a substitution of counsel was later filed on October 24, 2019, with Defendant Robert Finnerty substituting in on behalf of the Debtor as of July 31, 2019.

31. On April 3, 2020, the Vernon Tort Claims Trust issued a check in the amount of $2,363.08 to Robert Mandell and/or The Mandell Law Firm for professional fees related to the Exide Action.

32. On December 21, 2020, the Vernon Tort Claims Trust disbursed the sum of $427,650 to Robert Mandell and/or The Mandell Law Firm for professional fees related to the Exide Action.

## SUBSTITUTION OF THE DEBTOR AS COUNSEL

33. On October 24, 2019, the Debtor filed a Substitution of Counsel Agreement in the Exide Action, executed by Thomas V. Girardi on behalf of the Debtor, Jalbert in his capacity as trustee of the Vernon Tort Claims Trust, Robert Mandell on behalf of the

1 | Mandell Law Firm, Steven Wolfson on behalf of the Law Offices of Steven Wolfson, and
2 | Defendant Robert W. Finnerty.

3 |      34.    In the Substitution of Counsel Agreement, the parties stipulated to the
4 | following: (a) the Debtor was retained in the Exide Action on June 3, 2015; (b) Defendant
5 | Robert F. Finnerty will substitute as attorney of record for Jalbert in his capacity as
6 | trustee of the Vernon Tort Claims Trust and the plaintiffs in the Exide Action as of July 31,
7 | 2019; and (c) the Debtor will terminate its work in the Exide Action as of July 31, 2019.

## COMMUNICATIONS WITH THE DEFENDANTS

     35.    Pre-petition, on June 22, 2020, Phillip A. Baker of Baker, Keener & Nahra, LLP, counsel for the Debtor, sent correspondence via e-mail to Defendant Robert Mandell. In this correspondence, Mr. Baker writes in part:

> Girardi│Keese was retained in June of 2015 by the trustee of the Vernon trust on the Exide matter. Pursuant to the retainer, Girardi│Keese was entitled to…attorney fees for which were entitled pursuant to the retainer. It is my understanding that a settlement occurred in the amount of $10,500,000 in September of 2018, which was signed by Mr. Finnerty, then an attorney with Girardi│Keese. As a result of the settlement funds were distributed by the defendants. As of September 16, 2019, it is our understanding that your office confirmed, the fees owing Girardi│Keese were transferred to a designated account of Mandell Trial Lawyers. Pursuant to this correspondence, it is our request that the amounts owing be immediately provided to Girardi│Keese forthwith.

     36.    On July 2, 2020, Mr. Baker sent an e-mail to Defendant Robert Mandell regarding the Exide Fees and whether they would be immediately forthcoming. This same day, Defendant Robert Mandell responded via e-mail, stating that "we are not comfortable distributing [the Exide Fees] until we see an agreement from the competing claimants or a court order."

     37.    On March 22, 2021, the Trustee spoke with Defendant Robert Mandell regarding the Exide Fees and their turnover to the Estate. During her conversation, Defendant Robert Mandell repeatedly told her to discuss the Exide Fees with Robert Finnerty.

38. On April 8, 2021, counsel for the Trustee sent an e-mail to Defendant Robert Mandell in an attempt to resolve the dispute concerning the Exide Fees. In this e-mail, the Trustee's counsel attached a stipulation (the "Stipulation") to be later filed for approval from the Court. Under the Stipulation, the Exide Fees would be turned over to the Trustee, with the Trustee to hold the Exide Fees subject to any and all claims against the Exide Fees until further order of the Court. The Trustee's counsel requested comments from Defendant Mandell regarding the Stipulation so that it could be finalized and the Exide Fees turned over. Counsel for the Trustee also requested that Defendant Mandell inform the Trustee of the exact amount of the Exide Fees he and/or The Mandell Law Firm was holding. Defendant Robert Mandell did not respond to this e-mail.

39. On April 12, 2021, counsel for the Trustee sent another e-mail to Defendant Robert Mandell regarding the e-mail sent on April 8, 2021. Defendant Robert Mandell responded on April 12, 2021, directing the Trustee's counsel to speak with Robert Finnerty. Defendant Robert Mandell did not offer any comments regarding the Stipulation, nor did Defendant Robert Mandell inform the Trustee's counsel of the amount of Exide Fees he and/or The Mandell Law Firm was holding.

40. On April 12, 2021, the Trustee's counsel sent an e-mail to Defendant Robert Finnerty regarding the Stipulation and the Exide Fees, and requested that Defendant Robert Finnerty provide comments to the Stipulation.

41. On April 13, 2021, the Trustee's counsel and Defendant Robert Finnerty had a telephone conversation regarding the Exide Fees. This same day, and following their earlier conversation, Defendant Robert Finnerty requested via e-mail that the Trustee provide a basis for the Estate's interest in the Exide Fees. In response to Defendant Robert Finnerty's request, the Trustee's counsel explained that the Exide Fees resulted from the work the Debtor did on behalf of Jalbert and the Vernon Tort Claims Trust. The Trustee's counsel further explained that the Debtor was counsel of record at the time the settlement was negotiated and signed in or about September 2018, that the settlement was funded in early 2019 while the Debtor was counsel of record, and that

Defendant Robert Mandell received $4,287,500.00—a portion of which constituted the Debtor's fees, while the Debtor was counsel of record. Finally, the Trustee's counsel explained that the Exide Fees are subject to turnover under 11 U.S.C. § 542, and requested that Defendant Robert Finnerty explain his basis for why the Debtor was not entitled to any of the Exide Fees.

42. On April 13, 2021, Defendant Robert Finnerty responded to the email from Trustee's counsel, requesting that the Trustee provide him with a copy of the Debtor's retainer agreement with Jalbert. Defendant Robert Finnerty did not contest any of the bases for the Estate's interests raised by the Trustee's counsel in the earlier e-mail dated April 12, 2021. Further, Defendant Robert Finnerty did not provide any explanation or basis as to why the Debtor is not entitled to the Exide Fees, nor did Defendant Robert Finnerty propose any changes or comments to the Stipulation he received on April 12, 2021.

43. On April 14, 2021, the Trustee's counsel sent a copy of the Stipulation to Defendant Robert Mandell and Defendant Robert Finnerty requesting their comments on the Stipulation so that the parties could avoid litigation. On April 15, 2021, the Trustee's counsel again reached out to Defendant Robert Mandell to see if a resolution could be reached regarding the turnover of the Exide Fees, and whether Defendant Robert Mandell had any suggested language regarding the reservation of rights by parties asserting claims against the Exide Fees. On April 15, 2021, Defendant Robert Mandell responded, directing Trustee's counsel to speak with Defendant Robert Finnerty.

44. On April 16, 2021, the Trustee's counsel again reached out to Defendant Robert Finnerty. Defendant Robert Finnerty responded to the Trustee's counsel and requested a phone call to discuss the issues concerning the Exide Fees to which the Trustee's counsel responded.

45. On May 11, 2021, the Trustee's counsel sent a copy of the Stipulation to Defendant Robert Finnerty, again requesting comments regarding the Stipulation. The Trustee believes that Defendant Robert Finnerty did not respond.

46. On July 26, 2021, the Trustee sent an e-mail to Defendant Robert Mandell. In her e-mail, the Trustee explained, "We are still attempting to reach a stipulation for you to turnover the funds. Could you please tell me the exact amount you are holding at this point so we can insert that number in the stipulation." On July 27, 2021, Defendant Robert Mandell responded to the Trustee's email, but did not provide any information regarding the amount of the Exide Fees that are being held by him and/or The Mandell Law Firm, instead asking the Trustee to talk about the matter with Defendant Robert Finnerty.

47. On July 28, 2021, the Trustee sent an e-mail to Mr. Mandell requesting that he confirm that none of the Exide Fees have been disbursed to Mr. Finnerty or anyone else since March 2021. Defendant Robert Mandell did not respond to the Trustee's email. However, Defendant Robert Finnerty responded "None." Because the Trustee was asking about whether any Exide Fees were disbursed after March 2021, it is unclear whether Defendants Robert Mandell and/or The Mandell Law Firm disbursed any of the Exide Fees to Defendant Robert Finnerty, or any party on his behalf, prior to March 2021.

48. The Trustee's counsel and Defendant Robert Finnerty have been communicating regarding other matters affecting the Estate. In these exchanges, the Trustee's counsel has repeatedly asked for Defendant Robert Finnerty to provide comments to the Stipulation. On August 2, 2021 and August 5, 2021, the Trustee's counsel requested that Defendant Robert Finnerty provide comments to the Stipulation. Defendant Robert Finnerty has not responded directly to these requests.

49. The Trustee is currently the plaintiff in an adversary proceeding against Boris Treyzon and Abir Cohen Treyzon Salo, LLP ("ACTS"), the law firm at which Defendant Robert Finnerty is a partner, case number 2:21-ap-01019-BR. The parties attended a day of mediation in that adversary proceeding that was unsuccessful. As a condition to scheduling a second day of mediation and as a sign of their good faith, the parties agreed that the Trustee would have comments to the Stipulation no later than August 9, 2021. Defendant Robert Finnerty did not provide any comments by August 9,

2021. On August 10, 2021, Defendant Robert Finnerty reached out to counsel for the Trustee requesting further discussion of the Exide Fees, but again did not provide any comments to the Stipulation.

## CURRENT STATUS OF THE SETTLEMENT PROCEEDS

50.    The Trustee is informed and believes Defendant Robert Mandell and/or Defendant The Mandell Law Firm and/or Defendant Robert Finnerty are holding the Exide Fees.

51.    As set forth above, the Trustee made demand upon Defendant Robert Mandell and/or Defendant The Mandell Law Firm to turnover the Exide Fees, but he has so far refused to do so absent a Court order. The Trustee has also requested that Defendant Robert Mandell and/or The Mandell Law Firm disclose the amount being held for the Debtor, but Mr. Mandell referred the Trustee to Mr. Finnerty, who has not disclosed the amount to the Trustee or authorized Mr. Mandell to do so.

52.    The Trustee is informed and believes that Defendant Robert Finnerty asserts that the Debtor is not entitled to the Exide Fees although he has thus far failed to explain the basis for that assertion. The Trustee is informed that Defendant Robert Finnerty asserts an interest in the Exide Fees, although he has not explained why.

53.    The Trustee is further informed and believes that certain parties asserting secured claims against the Debtor, specifically California Attorney Lending, II, Inc., Stillwell Madison, LLC, Virage SPV 1, LLC, Nano Banc, Joseph Ruigomez, Kathleen Ruigomez, Jamie Ruigomez, and KCC Class Action Services, LLC, may assert liens against the Exide Fees, although the Trustee is not seeking any relief with respect to those liens through this adversary proceeding.

## FIRST CLAIM FOR RELIEF
### (Turnover of Property of the Estate)
### (Against All Defendants)

54.    The Trustee incorporates the allegations contained in paragraphs 1 through 53 as though fully set forth herein.

55. The Exide Fees are property of the Estate as the fees relate to the Individual Defendants' Settlement and the Donaldson Settlement and were earned while the Debtor was counsel of record for Jalbert.

56. The Trustee is informed and believes that Robert Mandell, The Mandell Law Firm, and/or Robert Finnerty are in possession of the Exide Fees.

57. Pursuant to 11 U.S.C. § 542(a), the Trustee seeks a judgment requiring Robert Mandell, The Mandell Law Firm, and/or Robert Finnerty and each of their agents and employees to turnover to the Trustee the Exide Fees.

## SECOND CLAIM FOR RELIEF

### (Declaratory Relief)

### (Against All Defendants)

58. The Trustee incorporates the allegations contained in paragraphs 1 through 57 as though fully set forth herein.

59. A dispute has arisen between the Trustee and Defendant Robert Finnerty about who is entitled to the Exide Fees and to whom Defendants Robert Mandell and/or The Mandell Law Firm should release them, and this dispute requires a judicial declaration.

60. The Trustee seeks a declaration that the Exide Fees are property of the Estate because they resulted from work performed while the Debtor was counsel of record for Jalbert.

## THIRD CLAIM FOR RELIEF

### (Accounting)

### (Against All Defendants)

61. The Trustee incorporates the allegations contained in paragraphs 1 through 60 as though fully set forth herein.

62. All or some portion of the Debtor's contingency fee for its services representing the Vernon Tort Claims Trust has been paid to Robert Mandell and/or The Mandell Law Firm on the Debtor's behalf. The Trustee does not know if fees other than

the Exide Fees have been paid to Robert Mandell and/or The Mandell Law Firm and, if there are such fees, what the disposition of those fees was. The Trustee also does not know if they are holding all of the Exide Fees or if some portion has been released or otherwise dissipated. Accordingly, the Trustee seeks an accounting from Robert Mandell and The Mandell Law Firm of the contingency fees that they have received to date for the representation of the Vernon Tort Claims Trust, including an explanation of what the fees are attributable to, how they were calculated, and their disposition.

63. In addition, because Robert W. Finnerty substituted into the representation and may be collecting fees attributable to work performed by the Debtor, the Trustee seeks an accounting from Mr. Finnerty of the contingency fees that he has received from the Vernon Tort Claims Trust, including an explanation of what the fees are attributable to and when they were received.

## FOURTH CLAIM FOR RELIEF

**(Conversion)**

**(Against All Defendants)**

64. The Trustee incorporates the allegations contained in paragraphs 1 through 63 as though fully set forth herein.

65. The Exide Fees are property of the Estate pursuant to 11 U.S.C. § 541(a). The Trustee is entitled to immediate possession of the Exide Fees pursuant to 11 U.S.C. § 542(a).

66. Defendants Robert Mandell and/or The Mandell Law Firm have substantially interfered with the Estate's Exide Fees by knowingly or intentionally refusing to return the Exide Fees after the Trustee has requested turnover.

67. Defendant Robert Finnerty has substantially interfered with the Estate's Exide Fees by knowingly or intentionally preventing the Trustee from having access to the Exide Fees.

68. The Trustee has not consented to Defendants Robert Mandell and/or The Mandell Law Firm continuing to hold the Exide Fees, and the Trustee does not consent to

Defendant Robert Finnerty's refusal to finalize the Stipulation which is preventing the turnover of the Exide Fees.

69. Defendants Robert Mandell, The Mandell Law Firm, and Robert Finnerty are harming the Estate by refusing to turn over or preventing the turnover of the Exide Fees to the Trustee for the benefit of the Estate.

70. Defendants Robert Mandell, The Mandell Law Firm, and Robert Finnerty's conduct is a substantial factor in causing the Estate harm, as the Estate is being deprived of the Exide Fees.

71. In addition, because Defendants Robert Mandell, The Mandell Law Firm, and Robert Finnerty are acting with malice (i.e. intending to cause injury to the Trustee with a willful and conscious disregard of the Trustee's and the Estate's rights), the Trustee seeks an award of punitive damages against them.

## **FIFTH CLAIM FOR RELIEF**

**(Injunctive Relief)**

**(Against All Defendants)**

72. The Trustee incorporates the allegations contained in paragraphs 1 through 71 as though fully set forth herein.

73. The Trustee is informed and believes that Defendants Robert Mandell, The Mandell Law Firm, and/or Robert Finnerty are in possession of the Exide Fees and potentially additional fees related to the Debtor's representation of Jalbert in his capacity as trustee of the Vernon Tort Claims Trust. The Trustee therefore seeks an injunction restraining Defendants Robert Mandell, The Mandell Law Firm, and Robert Finnerty from disposing of, conveying, transferring, diverting or dissipating any of the Exide Fees and any of the fees from the Debtor's representation of Jalbert in his capacity as trustee for the Vernon Tort Claims Trust, including but not limited to the fees from the Exide Action.

**WHEREFORE**, the Trustee prays that the Court enter a judgment against Robert Mandell, The Mandell Law Firm and Robert W. Finnerty as follows:

### On the First Claim for Relief

1. Requiring Robert Mandell, The Mandell Law Firm, Robert Finnerty, and each of their agents and employees to turn the Exide Fees over to the Trustee that remain in their possession;

### On the Second Claim for Relief

2. Declaring that the Exide Fees are property of the Estate;

### On the Third Claim for Relief

3. Ordering an accounting from Robert Mandell, The Mandell Law Firm, and Robert W. Finnerty of the contingency fees in connection with the Exide Action that they have received to date for the representation of the Vernon Tort Claims Trust, including an explanation of what the fees are attributable to, how they were calculated, and their disposition.

### On the Fourth Claim for Relief

4. Finding that Defendants Robert Mandell, The Mandell Law Firm, and Robert Finnerty have converted the Exide Fees thereby harming the Estate, and awarding the Trustee compensatory and punitive damages against them.

### On the Fifth Claim for Relief

5. Restraining Defendants Robert Mandell, The Mandell Law Firm, and Robert Finnerty from disposing of, conveying, transferring, diverting or dissipating any of the Exide Fees, and any of the fees from the Debtor's representation of Jalbert in his capacity as trustee for the Vernon Tort Claims Trust, including but not limited to the fees to be recovered from the Exide Action.

**On All Claims for Relief**

6. For costs of suit;

7. For attorneys' fees and costs as authorized by law; and

8. For such other and further relief as the Court may deem just and proper.

DATED: August 20, 2021        SMILEY WANG-EKVALL, LLP

By:    */s/ Kyra E. Andrassy*
       KYRA E. ANDRASSY
       Attorneys for Elissa D. Miller, Chapter 7 Trustee