1 | EVAN C. BORGES, State Bar No. 128706
    *EBorges@GGTrialLaw.com*
2 | GREENBERG GROSS LLP
    650 Town Center Drive, Suite 1700
3 | Costa Mesa, California 92626
    Telephone: (949) 383-2800
4 | Facsimile: (949) 383-2801

5 | Attorneys for Party-in-Interest and Appellant Erika Girardi

6

7

8 | **UNITED STATES BANKRUPTCY COURT**

9 | **CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION**

10

11 | In re | CACB Case No. 2:20-bk-21022-BR

12 | GIRARDI KEESE, | Chapter 7

13 | Debtor. | CACD Case No. 2:21-cv-06951-SVW

14 | | **APPELLANT'S STATEMENT OF ISSUES ON APPEAL FROM BANKRUPTCY COURT**

15 |

16 |

17 | | Judge:    Hon. Barry Russell

18

19

20

21

22

23

24

25

26

27

28

APPELLANT'S STATEMENT OF ISSUES ON APPEAL FROM BANKRUPTCY COURT

1    On August 25, 2021, Party-in-Interest and Appellant Erika Girardi ("Ms. Girardi") filed a

2    Notice of Appeal from the Memorandum of Decision and Order Denying Motion for

3    Reconsideration, entered by the United States Bankruptcy Court for the Central District of

4    California in the above-captioned case on August 11, 2021 (Docket Nos. 571 and 572).  In

5    accordance with Federal Rule of Appellate Procedure 6(b)(2)(B), Ms. Girardi hereby designates

6    the following issues for consideration on appeal.

7    **STATEMENT OF ISSUES ON APPEAL**

8    1.    Did the Bankruptcy Court err by denying Ms. Girardi's *Motion for Reconsideration*

9    *of the Order Granting Chapter 7 Trustee's Application to Employ the Law Offices of Ronald*

10    *Richards & Associates, APC as Special Litigation Counsel* (Dkt. No. 437) (the "Motion for

11    Reconsideration"), even though new evidence discovered after entry of the Employment Order

12    revealed that Ronald N. Richards, the principal of Ronald Richards & Associates, A.P.C. ("Mr.

13    Richards"), made prejudicial and disparaging public statements about Ms. Girardi related to his

14    investigation and the Trustee's alleged claims against her, in violation of California Business and

15    Professions Code § 6068 and Rule 3.6 of the California Rules of Professional Conduct?

16    2.    Did the Bankruptcy Court err by denying Ms. Girardi's Motion for Reconsideration

17    even though new evidence discovered after entry of the Employment Order revealed that Mr.

18    Richards made undisputed public statements on social media and in interviews that disparaged

19    Ms. Girardi and her integrity and caused prejudice to her, including in connection with the

20    adversary proceeding filed by Mr. Richards and the Trustee against Ms. Girardi on July 14, 2021?

21    3.    Did the Bankruptcy Court err by denying Ms. Girardi's Motion for Reconsideration

22    even though new evidence discovered after entry of the Employment Order revealed that Mr.

23    Richards failed to comply with his disclosure obligations under Federal Rule of Bankruptcy

24    Procedure 2014, by omitting his material connections to parties in interest based on his

25    subsequently admitted extensive participation in the Hulu documentary about Girardi Keese, Mr.

26    Girardi, and Ms. Girardi, "The Housewife and the Hustler," released on June 12, 2021?

27    4.    Did the Bankruptcy Court err by denying Ms. Girardi's Motion for Reconsideration

28    even though new evidence discovered after entry of the Employment Order revealed that Mr.

1  Richards violated Rule 4.2 of the California Rules of Professional Conduct by engaging directly

2  with Ms. Girardi, a represented party, on social media regarding the merits of the pending

3  adversary complaint against her?

4       5.    Did the Bankruptcy Court err by failing to issue a narrow and constitutionally

5  appropriate gag order in light of, among other evidence presented with the Motion for

6  Reconsideration and Ms. Girardi's Reply papers, Mr. Richards's undisputed extra-judicial

7  statements disparaging Ms. Girardi's credibility and integrity, Mr. Richards's public and direct

8  engagement with Ms. Girardi (a represented party) on social media about the merits of the pending

9  adversary complaint against her, and Mr. Richards's statement in his declaration filed with his

10  opposition to the Motion for Reconsideration that he would not refrain from his extra-judicial

11  statements absent an order from the Court?

12       6.    Did the Bankruptcy Court err by finding that Mr. Richards had no conflicts of

13  interest that would preclude his representation of the Chapter 7 Trustee as her Special Litigation

14  Counsel?

15       7.    Did the Bankruptcy Court err by concluding that "Mr. Richards' conduct failed to

16  constitute any ethical violations that would disqualify him from representing the trustee as her

17  special litigation counsel"?

18       8.    Did the Bankruptcy Court err by failing to consider or address the actual substance

19  of Mr. Richards's social media posts and extra-judicial statements about Ms. Girardi?

20       9.    Did the Bankruptcy Court err by failing to address at all or give weight to the fact

21  that as a matter of law, Mr. Richards, as counsel to a bankruptcy trustee, was an extension of the

22  trustee and held to the same highest of fiduciary standards?

23       10.    Did the Bankruptcy Court err by failing to consider, address, or give weight to the

24  fact that Mr. Richards also abused his position as Special Litigation Counsel to the Trustee by

25  publicly threatening with investigation individuals who appeared supportive of Ms. Girardi and

26  may be potential witnesses?

27       11.    Did the Bankruptcy Court err by failing to consider, address, or give weight to the

28  fact that, following entry of the Employment Order, Mr. Richards continued unabated in his extra-

1 │ judicial disparaging statements about Ms. Girardi, including in social media posts and interviews

2 │ on YouTube and podcasts and by making reference to his new role as Special Litigation Counsel

3 │ to the Trustee?

4 │        12.     Did the Bankruptcy Court err by relying on and giving significant weight to the

5 │ legally inaccurate and argumentative "expert" Declaration of Erin Joyce in opposition to the

6 │ Motion for Reconsideration ("Joyce Declaration"), which purported to supplant the Court's role

7 │ by opining on ultimate legal issues that were the province of the Court to decide?

8 │        13.     Did the Bankruptcy Court err by failing to find that Mr. Richards's failure to

9 │ disclose in his Employment Application his subsequently-admitted extensive participation in the

10 │ Hulu documentary about Girardi Keese, Mr. Girardi, and Ms. Girardi, "The Housewife and the

11 │ Hustler" (which the Court characterized as a "YouTube video")—which included one of the

12 │ petitioning creditors in the bankruptcy case and conveyed a negative judgment toward Ms.

13 │ Girardi—violated Rule 2014 of the Federal Rules of Bankruptcy Procedure?

14 │        14.     Did the Bankruptcy Court err by relying on and giving weight to Mr. Richards's

15 │ statement that "The Housewife and the Hustler" documentary did not air until after entry of the

16 │ Employment Order and that his participation was minimal, even though Mr. Richards complained

17 │ on social media on June 3, 2021—prior to entry of the Employment Order—that it was "unfair"

18 │ that he was cut from the show because his "16 hours of footage with expert analysis" could not be

19 │ replaced?

20 │        15.     Did the Bankruptcy Court err by failing to give weight to the fact that Ms. Girardi,

21 │ as a defendant in an adversary proceeding for fraudulent conveyance, has a right to a jury trial and

22 │ that Mr. Richards's disparaging statements about her on social media and in interviews, including

23 │ his practice of ending his tweets about her with "#girardifraud," only serve to prejudice any

24 │ potential jury pool, which would result in depriving Ms. Girardi of her right to a fair trial?

25 │        16.     Did the Bankruptcy Court err by finding that Ms. Girardi's legal argument that Mr.

26 │ Richards's barrage of social media postings and public statements (and evidence regarding the

27 │ same) would prejudice any potential jury pool lacked "any basis in fact or law as a ground for

28 │ reconsideration" and was somehow improperly raised in the Motion for Reconsideration?

1       17.     Did the Bankruptcy Court err by sustaining evidentiary objections to the

2  Declaration of Evan C. Borges and Exhibits 1 and 2 Attached Thereto submitted in support of the

3  Motion for Reconsideration?

4       18.     Did the Bankruptcy Court err by sustaining evidentiary objections to the

5  Declaration of Evan C. Borges and Exhibit 3 Attached Thereto submitted in support of the Reply

6  Memorandum in Support of the Motion for Reconsideration?

7       19.     Did the Bankruptcy Court err by overruling evidentiary objections to the Joyce

8  Declaration?

9       Ms. Girardi reserves the right to modify, restate, and/or supplement the foregoing issues to

10  the fullest extent permitted by law.

11  DATED:  September 8, 2021              GREENBERG GROSS LLP

12

13                                        By: _____

14                                            Evan C. Borges
                                              Attorneys for Party-in-Interest and Appellant Erika
15                                            Girardi

16

17

18

19

20

21

22

23

24

25

26

27

28

APPELLANT'S STATEMENT OF ISSUES ON APPEAL FROM BANKRUPTY COURT

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

650 Town Center Drive, Suite 1700
Costa Mesa, CA 92626

A true and correct copy of the foregoing document entitled (*specify*): **APPELLANT'S STATEMENT OF ISSUES ON APPEAL FROM BANKRUPTCY COURT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)</u>**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **September 8, 2021**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒        Service information continued on attached page

**2.  <u>SERVED BY UNITED STATES MAIL</u>**:
On **September 8, 2021,** I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒        Service information continued on attached page

**3.  <u>SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL</u>** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **September 8, 2021**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒        Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

  September 8, 2021  Cheryl Winsten                  
     *Date*                *Printed Name*              *Signature*

APPELLANT'S STATEMENT OF ISSUES ON APPEAL IN BANKRUPTCY COURT

**In re GIRARDI KEESE**
CACB Case No. 2:20-bk-21022-BR
CACD Case No. 2:21-cv-06951-SVW

1.      **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING**:

The following is the list of **parties** who are currently on the list to receive email notice/service for this case.

- **Kyra E Andrassy**    kandrassy@swelawfirm.com, lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com

- **Rafey Balabanian**    rbalabanian@edelson.com, docket@edelson.com

- **Michelle Balady**    mb@bedfordlg.com, leo@bedfordlg.com

- **Ori S Blumenfeld**    ori@marguliesfaithlaw.com, Helen@MarguliesFaithLaw.com;Angela@MarguliesFaithLaw.com;Vicky@MarguliesFaithLaw.com

- **Evan C Borges**    eborges@ggtriallaw.com, cwinsten@ggtriallaw.com

- **Richard D Buckley**    richard.buckley@arentfox.com

- **Marie E Christiansen**    mchristiansen@vedderprice.com, ecfladocket@vedderprice.com,marie-christiansen-4166@ecf.pacerpro.com

- **Jennifer Witherell Crastz**    jcrastz@hrhlaw.com

- **Ashleigh A Danker**    Ashleigh.danker@dinsmore.com, SDCMLFiles@DINSMORE.COM;Katrice.ortiz@dinsmore.com

- **Clifford S Davidson**    csdavidson@swlaw.com, jlanglois@swlaw.com;cliff-davidson-7586@ecf.pacerpro.com

- **Lei Lei Wang Ekvall**    lekvall@swelawfirm.com, lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com

- **Richard W Esterkin**    richard.esterkin@morganlewis.com

- **Timothy W Evanston**    tevanston@swelawfirm.com, gcruz@swelawfirm.com;lgarrett@swelawfirm.com;jchung@swelawfirm.com

- **Jeremy Faith**    Jeremy@MarguliesFaithlaw.com, Helen@MarguliesFaithlaw.com;Angela@MarguliesFaithlaw.com;Vicky@MarguliesFaithlaw.com

- **James J Finsten**    , jimfinsten@hotmail.com

- **Alan W Forsley**    alan.forsley@flpllp.com, awf@fkllawfirm.com,awf@fl-lawyers.net,addy.flores@flpllp.com

- **Eric D Goldberg**    eric.goldberg@dlapiper.com, eric-goldberg-1103@ecf.pacerpro.com

-7-

- **Andrew Goodman**    agoodman@andyglaw.com,
  Goodman.AndrewR102467@notify.bestcase.com

- **Suzanne C Grandt**    suzanne.grandt@calbar.ca.gov, joan.randolph@calbar.ca.gov

- **Steven T Gubner**    sgubner@bg.law, ecf@bg.law

- **Marshall J Hogan**    mhogan@swlaw.com, knestuk@swlaw.com

- **Sheryl K Ith**    sith@cookseylaw.com, sith@ecf.courtdrive.com

- **Razmig Izakelian**    razmigizakelian@quinnemanuel.com

- **Lillian Jordan**    ENOTICES@DONLINRECANO.COM,
  RMAPA@DONLINRECANO.COM

- **Lewis R Landau**    Lew@Landaunet.com

- **Daniel A Lev**    dlev@sulmeyerlaw.com,
  ccaldwell@sulmeyerlaw.com;dlev@ecf.inforuptcy.com

- **Elizabeth A Lombard**    elombard@zwickerpc.com, bknotices@zwickerpc.com

- **Craig G Margulies**    Craig@MarguliesFaithlaw.com,
  Vicky@MarguliesFaithlaw.com;Helen@MarguliesFaithlaw.com;Angela@MarguliesFaithl
  aw.com

- **Ron Maroko**    ron.maroko@usdoj.gov

- **Peter J Mastan**    peter.mastan@dinsmore.com,
  SDCMLFiles@dinsmore.com;Katrice.ortiz@dinsmore.com

- **Edith R. Matthai**    ematthai@romalaw.com, lrobie@romalaw.com

- **Kenneth Miller**    kmiller@pmcos.com, efilings@pmcos.com

- **Elissa Miller (TR)**    CA71@ecfcbis.com,
  MillerTrustee@Sulmeyerlaw.com;C124@ecfcbis.com;ccaldwell@sulmeyerlaw.com

- **Eric A Mitnick**    MitnickLaw@aol.com, mitnicklaw@gmail.com

- **Scott H Olson**    solson@vedderprice.com, scott-olson-
  2161@ecf.pacerpro.com,ecfsfdocket@vedderprice.com,nortega@vedderprice.com

- **Carmela Pagay**    ctp@lnbyb.com

- **Leonard Pena**    lpena@penalaw.com,
  penasomaecf@gmail.com;penalr72746@notify.bestcase.com

- **Michael J Quinn**    mquinn@vedderprice.com, ecfladocket@vedderprice.com,michael-
  quinn-2870@ecf.pacerpro.com

- **David M Reeder**    david@reederlaw.com, secretary@reederlaw.com

APPELLANT'S STATEMENT OF ISSUES ON APPEAL IN BANKRUPTCY COURT

- **Ronald N Richards**   ron@ronaldrichards.com, morani@ronaldrichards.com

- **Kevin C Ronk**   Kevin@portilloronk.com, Attorneys@portilloronk.com

- **Frank X Ruggier**   frank@ruggierlaw.com, enotice@pricelawgroup.com

- **William F Savino**   wsavino@woodsoviatt.com, lherald@woodsoviatt.com

- **Kenneth John Shaffer**   johnshaffer@quinnemanuel.com

- **Richard M Steingard**   , awong@steingardlaw.com

- **Philip E Strok**   pstrok@swelawfirm.com,
  gcruz@swelawfirm.com;1garrett@swelawfirm.com;jchung@swelawfirm.com

- **Boris Treyzon**   bt@treyzon.com, sgonzales@actslaw.com

- **United States Trustee (LA)**   ustpregion16.la.ecf@usdoj.gov

- **Eric D Winston**   ericwinston@quinnemanuel.com

- **Christopher K.S. Wong**   christopher.wong@arentfox.com, yvonne.li@arentfox.com

- **Timothy J Yoo**   tjy@lnbyb.com

## 2.   SERVED BY UNITED STATES MAIL:

**Debtor:**
Girardi Keese
1126 Wilshire Blvd
Los Angeles, CA 90017

ABIR COHEN TREYZON SALO, LLP, a California limited liability partnership (ACTS)
16001 Ventura Boulevard, Suite 200
Encino, CA 91436

Donlin, Recano & Company
6201 15th Ave
Brooklyn, NY 11219

IDiscovery Solutions
535 Anton Blvd Ste 850
Costa Mesa, CA 92626

James W Spertus
Spertus Landes & Umhoffer LLP
1990 South Bundy Dr Ste 705
Los Angeles, CA 90025

APPELLANT'S STATEMENT OF ISSUES ON APPEAL IN BANKRUPTCY COURT

1  Neil Steiner
   Steiner & Libo, Professional Corp
2  11845 W. Olympic Blvd Ste 910W
   Los Angeles, CA 90064
3

4  Boris Treyzon Esq
   16001 Ventura Blvd., Suite 200
5  Encino, CA 91436

6  Andrew W Zepeda
   Lurie, Zepeda, Schmalz, Hogan & Martin
7  1875 Century Park East Ste 2100
   Los Angeles, CA 90067
8

9
   **3.      SERVED BY PERSONAL DELIVERY:**
10
   **U.S. Bankruptcy Court:**
11 U.S. Bankruptcy Court
   Hon. Barry Russell
12 255 E. Temple Street, Suite 1660
   Los Angeles, CA 90012
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

APPELLANT'S STATEMENT OF ISSUES ON APPEAL IN BANKRUPTCY COURT