**SMILEY WANG-EKVALL, LLP**
Philip E. Strok, State Bar No. 169296
*pstrok@swelawfirm.com*
Kyra E. Andrassy, State Bar No. 207959
*kandrassy@swelawfirm.com*
Timothy W. Evanston, State Bar No. 319342
*tevanston@swelawfirm.com*
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Telephone:    (714) 445-1000
Facsimile:    (714) 445-1002

Attorneys for Elissa D. Miller, Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>GIRARDI KEESE,<br><br>Debtor. | Case No. 2:20-bk-21022-BR<br><br>Chapter 7<br><br>**MOTION FOR ORDER AUTHORIZING THE PRODUCTION OF DOCUMENTS BY THE CUSTODIAN OF RECORDS OF CITIZENS BUSINESS BANK PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATIONS OF ELISSA D. MILLER AND TIMOTHY W. EVANSTON IN SUPPORT**<br><br>[No Hearing Required Pursuant to Local Bankruptcy Rules 2004-1 and 9013-1(p)]<br><br>**Proposed Production Deadline**:<br>DATE:    November 8, 2021<br>TIME:    5:00 p.m. PST<br>PLACE: Smiley Wang-Ekvall, LLP<br>            3200 Park Center Dr., Suite 250<br>            Costa Mesa, CA 92626 |

2883912.1                                                1                                                MOTION

**TO THE HONORABLE BARRY RUSSELL, UNITED STATES BANKRUPTCY JUDGE:**

Elissa D. Miller, the chapter 7 trustee of the bankruptcy estate of Girardi Keese (the "Trustee"), submits this *Motion for Order Authorizing the Production of Documents by the Custodian of Records of Citizens Business Bank Pursuant to Federal Rule of Bankruptcy Procedure 2004* (the "Motion"). In support of the Motion, the Trustee submits the following memorandum of points and authorities and the attached Declarations of Elissa D. Miller and Timothy W. Evanston.

## I.    INTRODUCTION

The Trustee and her professionals and advisors have been investigating, reviewing, and analyzing the Debtor's books and records to compile the information necessary to prepare the Debtor's schedules and statement of financial affairs to facilitate the proper administration of the estate. In doing so, the Trustee and her forensic team have uncovered multiple bank accounts and other financial documents for which records are incomplete. By this Motion, the Trustee is requesting an order authorizing Citizens Business Bank (the "Bank") to produce documents which may shed light on the Debtor's financial history and potentially uncover assets that belong to the bankruptcy estate.

## II.    FACTUAL BACKGROUND

### A.    The Debtor's Involuntary Bankruptcy Case

The Debtor was a plaintiff's law firm based in Los Angeles, California. On December 18, 2020, petitioning creditors Jill O'Callahan, as successor in interest to James O'Callahan, Robert M. Keese, John Abassian, Erika Saldana, Virginia Antonio, and Kimberly Archie (collectively, the "Petitioning Creditors") filed an involuntary chapter 7 bankruptcy petition against the Debtor.

On December 24, 2020, the Petitioning Creditors filed a *Motion for Appointment of Interim Trustee Pursuant to 11 U.S.C. § 303(g)* [Docket No. 12]. The Court entered an

order granting the motion on January 5, 2021 [Docket No. 45]. On January 6, 2021, the Trustee was appointed as the interim trustee [Docket No. 50].

On January 13, 2021, the Court entered an *Order Directing: (1) The Clerk of Court to Immediately Enter an Order for Relief under Chapter 7; (2) The United States Trustee to Immediately Appoint a Chapter 7 Trustee; (3) The Debtor to File All Schedules and Related Documentation for Chapter 7 Case within Fourteen Days of the Entry of this Order; and (4) Vacating February 16, 2021 Status Conference* [Docket No. 68].  On January 13, 2021, the Clerk of Court entered an order for relief against the Debtor [Docket No. 69] ("Order for Relief"), and the Trustee was appointed and accepted her appointment in the Debtor's case [Docket No. 71].

### B.    The Debtor's Schedules and Meeting of Creditors

The Court's Order for Relief required the Debtor to file schedules and a statement of financial affairs by January 20, 2021.  The Debtor failed to do so.  Consequently, on February 5, 2021, the Trustee filed a *Motion for Order (1) Extending and/or Establishing Deadline to File Schedules and Statement of Financial Affairs; and (2) Authorizing Chapter 7 Trustee to Prepare and File Schedules and Statement of Financial Affairs Pursuant to Federal Rule of Bankruptcy Procedure 1007(k)* [Docket No. 164].  On February 24, 2021, the Court entered an order granting the Trustee's motion.  The Trustee's deadline to file schedules and a statement of financial affairs on behalf of the Debtor was August 24, 2021.  The Trustee timely filed the Debtor's schedules and statement of financial affairs.

On February 19, 2021, the Trustee held her first meeting of creditors under 11 U.S.C. § 341(a).  No person appeared on the Debtor's behalf.  On March 18, 2021, the Trustee filed a *Motion to Designate Chris Kamon to Appear or Act on Behalf of the Debtor and Compel Attendance at the § 341(a) Meeting of Creditors Pursuant to Federal Rule of Bankruptcy Procedure 9001(5)* [Docket No. 269] (the "Motion to Designate").  Mr. Kamon ("Kamon") opposed the Motion to Designate.  On May 12, 2021, the Court entered an order granting the Motion to Designate, designating Kamon to appear and act

on behalf of the Debtor and ordering Kamon to appear at the Debtor's § 341(a) meeting of creditors.  On May 18, 2021, Kamon appeared at the Debtor's § 341(a) meeting on the Debtor's behalf.  Kamon invoked his Fifth Amendment privilege in response to all of the questions asked.  Aside from Kamon's appearance at the § 341(a) meeting on May 18, 2021, no party has appeared on behalf of the Debtor at any of the § 341(a) meetings.

## C. The Debtor's Books and Records

The Trustee, her professionals and advisors have been working to sort through available data relevant to the Debtor's business and financial affairs.  In doing so, the Trustee has uncovered numerous bank and other financial accounts for which details are sparse.  The Trustee believes that it is crucial that she gain access to these accounts to investigate the source of deposits and disbursements in order to fully understand the Debtor's financial history.  There have been numerous allegations made against the Debtor and related entities concerning the diversion of funds which are rightfully property of the bankruptcy estate, and the Trustee would like to examine these records to determine if any of the Debtor's assets have been wrongfully transferred.  *See* Declaration of Elissa D. Miller.

## III. NO RELEVANT ADVERSARY PROCEEDINGS OR CONTESTED MATTERS ARE PENDING

There are no relevant adversary proceedings or contested matters currently pending that involve the information the Trustee seeks to obtain through the Motion.  Thus, the Trustee cannot seek information from the Bank pursuant to FRBP 7030, which incorporates Federal Rule of Civil Procedure 30, or FRBP 9014.  *See* Declaration of Timothy W. Evanston.

## IV. MEET AND CONFER REQUIRED BY LOCAL BANKRUPTCY RULE 2004-1(A)

On September 16, 2021, counsel for the Trustee conferred with counsel for the Bank to arrange a time to reach a mutually agreeable date, time, place, and scope of the

examination and production as required by Local Bankruptcy Rule 2004-1. *See* Exhibit "1." The Bank has agreed to a production deadline of approximately 45 days from the filing of the Motion, or November 8, 2021. *See* Declaration of Timothy W. Evanston.

## V.    MEMORANDUM OF POINTS AND AUTHORITIES

FRBP 2004(a) provides that the Court may order the examination of any entity on application of any party. The scope of the Bankruptcy Rule 2004 examination is deliberately broad:

> The investigation of an examiner in bankruptcy, unlike civil discovery under Rule 26(c), is supposed to be a "fishing expedition," as exploratory and groping as appears proper to the examiner [citations omitted]. Because the purpose of the 2004 investigation is to aid in the discovery of assets, any third party who can be shown to have a relationship with the debtor can be subject to the 2004 investigation.

*In re Ionosphere Clubs, Inc.,* 156 B.R. 414, 432 (Bankr. S.D.N.Y. 1993); *In re Valley Forge Plaza Associates,* 109 B.R. 669, 674 (Bankr. E.D. Pa. 1990).

The standard for an FRBP 2004 examination is a showing that the examination "might" reasonably lead to information relevant to the financial condition of the debtor or the administration of the debtor's estate.

> However, the breadth of scope of a Rule 2004 Examination derives from the particular purpose for which Rule 2004 and its predecessor provisions under the Bankruptcy Act were promulgated. That is to allow a trustee, or others interested in accomplishing the same ends, to discover and investigate how to bring to light possession of assets of the debtor which might be intentionally concealed or overlooked in ignorance or haste.

*Valley Forge,* 109 B.R. at 674 (emphasis added). Good cause is established if one seeking the Rule 2004 examination has shown that such an examination is reasonably necessary for the protection of its legitimate interest. *See In re Hammond,* 140 B.R. 197, 201 (Bankr. S.D. Ohio 1982).

Good cause exists to order the Bank to produce documents pursuant to FRBP 2004. Since her appointment, the Trustee has not had the benefit of schedules and a

statement of financial affairs prepared by the Debtor to investigate the Debtor's affairs. Similarly, at the Debtor's § 341(a) meetings, the Trustee has not received any information regarding the Debtor's assets and financial dealings.  The Trustee believes the Bank's production of documents pursuant to FRBP 2004 will provide information regarding the Debtor's assets and financial dealings—information she may have ordinarily received through the schedules and § 341(a) meetings—that will help the Trustee fully evaluate the Debtor's financial affairs.  This information may also potentially uncover the whereabouts of assets which may have been wrongfully diverted away from the Debtor. In short, the Bank's production of documents may provide the Trustee with critical information necessary to thoroughly investigate the Debtor's financial affairs. Accordingly, the Motion should be granted.

## VI.    CONCLUSION

Based on the foregoing, the Trustee requests that this Court enter an order:

1. Granting this Motion;

2. Requiring the Bank to produce the documents identified on the request attached as Exhibit "1" to this Motion at the offices of Smiley Wang-Ekvall, LLP, 3200 Park Center Drive, Suite 250, Costa Mesa, CA 92626, no later than November 8, 2021, at 5:00 p.m.;  and

3. For such other and further relief as the Court may deem just and proper.

DATED:  September 23, 2021            Respectfully submitted,

SMILEY WANG-EKVALL, LLP

By:    */s/ Timothy W. Evanston*
TIMOTHY W. EVANSTON
Attorneys for Elissa D. Miller, Chapter 7 Trustee

## DECLARATION OF ELISSA D. MILLER

I, Elissa D. Miller, declare:

1. I am the duly-appointed Chapter 7 Trustee in the bankruptcy case of Girardi Keese. I am also a partner at the law firm Sulmeyer**Kupetz**, a Professional Corporation. I know each of the following facts to be true of my own personal knowledge, except as otherwise stated and, if called as a witness, I could and would competently testify with respect thereto. I make this declaration in support of the *Motion for Order Authorizing the Production of Documents by the Custodian of Records of Bank of Citizens Business Bank Pursuant to Federal Rule of Bankruptcy Procedure 2004* (the "Motion"). Unless otherwise defined in this declaration, all terms defined in the Motion are incorporated herein by this reference.

2. I, along with my professionals and advisors, have been reviewing the Debtor's available books and records to evaluate to the Debtor's business and financial affairs. During our review, we have uncovered a variety of bank and other financial accounts. Unfortunately, there is little information for these accounts.

3. In order to investigate the Debtor's accounts, we need more information regarding any deposits and sources of deposits to these accounts, as well as any disbursements and related information, to have a more complete understanding of the Debtor's financial affairs.

4. I believe that the production of documents may lead to additional information which will not only help me have a clearer picture of the Debtor's financial history, but may also help me determine whether any of the Debtor's assets have been wrongfully diverted. In short, the information in these documents may assist me in carrying out my duties as trustee.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this  22  day of September, 2021, at  Los Angeles, California.

*[signature]*

_____
ELISSA D. MILLER

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

2883912.1                                8                                MOTION

# DECLARATION OF TIMOTHY W. EVANSTON

I, Timothy E. Evanston, declare:

1. I am an associate with Smiley Wang-Ekvall, LLP, attorneys of record for Elissa D. Miller, the duly-appointed Chapter 7 Trustee in the bankruptcy case of Girardi Keese. I know each of the following facts to be true of my own personal knowledge, except as otherwise stated and, if called as a witness, I could and would competently testify with respect thereto. I make this declaration in support of the *Motion for Order Authorizing the Production of Documents by the Custodian of Records of Bank of Citizens Business Bank Pursuant to Federal Rule of Bankruptcy Procedure 2004* (the "Motion"). Unless otherwise defined in this declaration, all terms defined in the Motion are incorporated herein by this reference.

2. I do not believe there are any currently pending adversary proceedings or contested matters pending against Citizens Business Bank or any other party that involve the information and documentation that the Trustee seeks under the Motion. Thus, an examination under FRBP 7030 or 9014 cannot proceed.

3. Starting on September 16, 2021, I met and conferred with counsel for Citizens Business Bank in order to arrange for an agreeable date, time, and place to produce the documents as required by Local Bankruptcy Rule 2004-1(a). Citizens Business Bank has agreed to a production deadline of November 8, 2021.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 23rd day of September, 2021, at Costa Mesa, California.

       */s/ Timothy W. Evanston*
       TIMOTHY W. EVANSTON

**Exhibit "1"**

A.   **DEFINITIONS**

1. "GK" means Girardi Keese, the debtor in the case pending in the United States Bankruptcy Court for the Central District of California, Case No. 2:20-bk-21022-BR, Girardi | Keese, Girardi & Keese, and/or Girardi & Keese Lawyers. The Tax ID No. for GK is 95-2988995.

2. "Entity" or "Entities" means and refers to natural persons, proprietorships, partnerships, firms, corporations, public corporations, municipal corporations, limited liability partnerships, limited liability companies, federal, state and local governments, all departments and agencies, political subdivisions, groups, organizations or associations.

3. The conjunctions "and" and "or" shall be interpreted inclusively so as not to exclude any information or documents otherwise within the scope of the request.

4. "Communications" means and includes all oral and written communications of any nature, type, or kind, including, but not limited to, Documents, telephone conversations, discussions, meetings, facsimiles, e-mails, pagers, memoranda, notes (whether handwritten or typed), and any other medium through which information is conveyed or transmitted.

5. "Document" or "Documents" means any document, including, but not limited to, any kind of printed, recorded, written, graphic, photographic, magnetic, or electronic matter (including, without limitation, tape recordings and material for computer use), however printed, produced, or reproduced, coded or stored, of any kind or description, whether sent or received or not, including all originals, copies, reproductions, facsimiles, drafts, and both sides thereof, and including, without limitation: papers, books, accounts, letters, emails, models, photographs, correspondence, telegrams, telex messages, memoranda, notes, notations, work papers, time sheets, work sheets, receipts or invoices for goods or materials, routing slips, shipping orders, intra and interoffice communications, intra and interdepartmental communications, transcripts, minutes, agenda, reports, notes or recordings of telephone or other conversations, or of interviews, or of conferences, affidavits, drawings, sketches, blueprints, statements, summaries, opinions, evaluations, contracts, invoices, purchase orders, requisitions, notebooks, entries, ledgers, journals, books or records of accounts, questionnaires, answers to questionnaires, petitions, desk calendars, appointment books, diaries, policy statements, manuals, rules, regulations, guidelines, newspaper stories, computer tapes and disks, magnetic tapes, punch cards, computer printouts, microfilm, microfiche, and material underlying, supporting or used in the preparation of any such documents and any similar material.

6. "Accounts" refers to all accounts of GK and related Entities, and the following:

   (a)   Accounts at any and all branches of Your financial institution;

   (b)   Accounts of every nature, whether checking, savings, trust or otherwise;

   (c)   Accounts in which GK is or was named as a holder or co-holder, has or had a beneficial interest, or has or had discretionary control.

7. "Referring," "Reference," "Referenced," "Referred," or "Refer" means directly or indirectly alluding, mentioning, discussing, relying upon, or otherwise referencing,

whether explicitly by name, by country, or otherwise, or any synonymous relationship with the stated subject matter, including, but not limited to, the requested subject matter itself.

8.  "Relate to," "Relates to," "Related to," or "Relating to" means indicating, or indirectly comprising, concerning, supporting, refuting, referring to, reflecting, mentioning, evidencing, representing, discussing, describing, constituting, comprising, composing, containing, pertaining to, connected with, or any synonymous relationship with the stated subject matter, including, but not limited to, the requested subject matter itself.

9.  "You" or "Your" means Citizens Business Bank or its affiliates or any other Entity or Entities acting on its behalf, including, without limitation, employees, agents, attorneys, accountants, bookkeepers, and/or tax return preparers.

**B.    INSTRUCTIONS**

1.  If in Your response to a request You decline or fail to produce any item based upon a claim of privilege, state with respect to each such document:

(a)  The title or the nature of the document (e.g., letter, memorandum, telegram, etc.);

(b)  The date and number of pages of the Document, and any attachments or appendages to the Document;

(c)  The identity of the persons or persons who drafted, composed and/or originated the Document;

(d)  The identity of the person or persons, if any, to whom the original and each copy of the Document was sent, distributed, shown or displayed;

(e)  The contents of the item in sufficient detail to enable the Court and the Trustee to ascertain whether the Document is privileged; and

(f)  The name and address of each person who presently has custody of the original or copy of the item.

2.  If any Document falling in the category of the Documents called for by a request has been destroyed or discarded, state with respect to each such item the information requested by subparagraphs (a)-(f) of paragraph 1 above and, in addition, supply the following information:

(a)  The date on which the item was destroyed or discarded, the manner in which it was destroyed or discarded, and the reason it was destroyed or discarded;

(b)  The identity of the person or persons who authorized and/or carried out the destruction or discarding of the item.

3.  Different versions of the same Documents, handwritten notes, or notations in any form, draft documents, and documents with handwritten notations or marks not found in the original or on other copies are considered to be different documents for the purpose of production in compliance with these requests, and each form should be produced separately.

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

4. All Documents and things produced in response to these requests shall be produced in toto notwithstanding the fact that portions thereof may contain information not requested.

5. All Documents and things produced in response to these requests shall be produced along with any and/or all attachments and/or enclosures as have ever been attached to and/or enclosed with the document at any time.

6. If any of these Documents cannot be produced in full, produce them to the fullest extent possible, specifying clearly the reasons for the inability to produce the remainder and stating whatever information, knowledge, or belief You have concerning the unproduced portion.

7. These requests are specifically intended to include, but not be limited to, any and/or all Documents and things in Your possession, custody, or control, or in the possession, custody, or control of any of Your attorneys, accountants, bankers, brokers, employees, agents, subsidiaries, affiliates, and representatives (including the personal files of all the aforementioned), wherever such documents are located, both within and outside the United States.

8. If a Document is called for by more than one paragraph of this request, produce the item only once.

9. When items are produced in response to a request, indicate to which paragraph or paragraphs the item responds.

10. All singular nouns or pronouns include the plural and the plural includes the singular. Any pronoun includes the masculine, feminine and neuter genders, as it is in each case appropriate.

11. The words "and" and "or" shall be each construed both conjunctively and disjunctively and each shall include the other.

12. These requests shall be deemed continuing and You shall promptly supply, by way of supplemental responses, any and all Documents or things that may come into existence or Your possession prior to the trial of the adversary proceeding which is additionally responsive or necessary to maintain the accuracy of the responses previously served.

## REQUEST FOR DOCUMENTS

**REQUEST FOR PRODUCTION NO. 1:**

Any and all Account records, including, account opening Documents, Account statements, cancelled checks in the amount of $15,000.00 or greater, deposits in the amount of $15,000.00 or greater, wire transfer confirmations of $15,000.00 or greater, and debit/credit memos (advices) in the amount of $15,000.00 or greater for any and all Accounts maintained by GK at Your financial institution, for the period December 1, 2013, through and including December 31, 2020, including, but not limited to, the following Accounts:

- Account No. ending in 3986.
- Account No. ending in 0049.
- Account No. ending in 2394.
- Account No. ending in 1696.

The complete account number can be provided upon request.

**REQUEST FOR PRODUCTION NO. 2:**

Any and all Account records, including, account opening Documents, wire transfer confirmations of $15,000.00 or greater, and debit/credit memos (advices) in the amount of $15,000.00 or greater for any and all Accounts maintained by GK at Your financial institution, for the period December 1, 2013, through and including December 31, 2020, including, but not limited to, the following Accounts:

- Account No. ending in 0290.
- Account No. ending in 0312.

The complete account number can be provided upon request.

**REQUEST FOR PRODUCTION NO. 3:**

Any and all Account records, including, account opening Documents, deposits in the amount of $15,000.00 or greater, wire transfer confirmations of $15,000.00 or greater,

and debit/credit memos (advices) in the amount of $15,000.00 or greater for any and all Accounts maintained by GK at Your financial institution, for the period December 1, 2013, through and including December 31, 2020, including, but not limited to the Account No. ending in 0037.

**REQUEST FOR PRODUCTION NO. 4:**

Any and all Account records, including, account opening Documents, Account statements, wire transfer confirmations of $15,000.00 or greater, and debit/credit memos (advices) in the amount of $15,000.00 or greater for any and all Accounts maintained by GK at Your financial institution, for the period December 1, 2013, through and including December 31, 2020, including, but not limited to, the Account No. ending in 0282.

**REQUEST FOR PRODUCTION NO. 5:**

Any and all Account records, including, account opening Documents, Account statements, cancelled checks in the amount of $15,000.00 or greater, deposits in the amount of $15,000.00 or greater, wire transfer confirmations of $15,000.00 or greater, and debit/credit memos (advices) in the amount of $15,000.00 or greater for any and all Accounts where Your financial institution deposited or disbursed funds to GK in connection with a Paycheck Protection Program ("PPP") loan issued by You to GK.

**REQUEST FOR PRODUCTION NO. 6:**

Any and all documents related to or in connection with the PPP loan issued by You to GK, including but not limited to any Documents relating to when the PPP loan issued by You to GK was funded, the Account(s) where the PPP loan issued by You to GK was funded, the disposition of the PPP loan, and the Documents, including but not limited to the application, submitted to receive the PPP loan.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 3200 Park Center Drive, Suite 250, Costa Mesa, CA 92626.

A true and correct copy of the foregoing document entitled (*specify*): **MOTION FOR ORDER AUTHORIZING THE PRODUCTION OF DOCUMENTS BY THE CUSTODIAN OF RECORDS OF CITIZENS BUSINESS BANK PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 2004; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATIONS OF ELISSA D. MILLER AND TIMOTHY W. EVANSTON IN SUPPORT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) September 23, 2021 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page.

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) September 23, 2021, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

The Honorable Barry Russell
U.S. Bankruptcy Court
Roybal Federal Building
255 E. Temple Street, Suite 1660
Los Angeles, CA 900125

Citizens Business Bank
Attention: VP, Associate General Counsel
**Yale K. Kim** | VP, Associate General Counsel
Corporate Legal Department
701 North Haven Avenue, Suite 350, Ontario, CA 91764

☐ Service information continued on attached page.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) 9/23/2021 , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

VIA E-Mail:
Citizens Business Bank
Yale K. Kim | VP, Associate General Counsel
ykkim@cbbank.com

☐ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| September 23, 2021 | Gabriela Gomez-Cruz | */s/ Gabriela Gomez-Cruz* |
|---|---|---|
| Date | Printed Name | Signature |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                                                    **F 9013-3.1.PROOF.SERVICE**

**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**

- Kyra E Andrassy    kandrassy@swelawfirm.com, lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com
- Rafey Balabanian    rbalabanian@edelson.com, docket@edelson.com
- Michelle Balady    mb@bedfordlg.com, leo@bedfordlg.com
- Ori S Blumenfeld    ori@marguliesfaithlaw.com, Helen@MarguliesFaithLaw.com;Angela@MarguliesFaithLaw.com;Vicky@MarguliesFaithLaw.com
- Evan C Borges    eborges@ggtriallaw.com, cwinsten@ggtriallaw.com
- Richard D Buckley    richard.buckley@arentfox.com
- Marie E Christiansen    mchristiansen@vedderprice.com, ecfladocket@vedderprice.com,marie-christiansen-4166@ecf.pacerpro.com
- Jennifer Witherell Crastz    jcrastz@hrhlaw.com
- Ashleigh A Danker    Ashleigh.danker@dinsmore.com, SDCMLFiles@DINSMORE.COM;Katrice.ortiz@dinsmore.com
- Clifford S Davidson    csdavidson@swlaw.com, jlanglois@swlaw.com;cliff-davidson-7586@ecf.pacerpro.com
- Lei Lei Wang Ekvall    lekvall@swelawfirm.com, lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com
- Richard W Esterkin    richard.esterkin@morganlewis.com
- Timothy W Evanston    tevanston@swelawfirm.com, gcruz@swelawfirm.com;lgarrett@swelawfirm.com;jchung@swelawfirm.com
- Jeremy Faith    Jeremy@MarguliesFaithlaw.com, Helen@MarguliesFaithlaw.com;Angela@MarguliesFaithlaw.com;Vicky@MarguliesFaithlaw.com
- James J Finsten    , jimfinsten@hotmail.com
- Alan W Forsley    alan.forsley@flpllp.com, awf@fkllawfirm.com,awf@fl-lawyers.net,addy.flores@flpllp.com
- Eric D Goldberg    eric.goldberg@dlapiper.com, eric-goldberg-1103@ecf.pacerpro.com
- Andrew Goodman    agoodman@andyglaw.com, Goodman.AndrewR102467@notify.bestcase.com
- Suzanne C Grandt    suzanne.grandt@calbar.ca.gov, joan.randolph@calbar.ca.gov
- Steven T Gubner    sgubner@bg.law, ecf@bg.law
- Marshall J Hogan    mhogan@swlaw.com, knestuk@swlaw.com
- Sheryl K Ith    sith@cookseylaw.com, sith@ecf.courtdrive.com
- Razmig Izakelian    razmigizakelian@quinnemanuel.com
- Lillian Jordan    ENOTICES@DONLINRECANO.COM, RMAPA@DONLINRECANO.COM
- Lewis R Landau    Lew@Landaunet.com
- Daniel A Lev    dlev@sulmeyerlaw.com, ccaldwell@sulmeyerlaw.com;dlev@ecf.inforuptcy.com
- Elizabeth A Lombard    elombard@zwickerpc.com, bknotices@zwickerpc.com
- Craig G Margulies    Craig@MarguliesFaithlaw.com, Vicky@MarguliesFaithlaw.com;Helen@MarguliesFaithlaw.com;Angela@MarguliesFaithlaw.com
- Ron Maroko    ron.maroko@usdoj.gov
- Peter J Mastan    peter.mastan@dinsmore.com, SDCMLFiles@dinsmore.com;Katrice.ortiz@dinsmore.com
- Edith R. Matthai    ematthai@romalaw.com, lrobie@romalaw.com
- Kenneth Miller    kmiller@pmcos.com, efilings@pmcos.com
- Elissa Miller (TR)    CA71@ecfcbis.com, MillerTrustee@Sulmeyerlaw.com;C124@ecfcbis.com;ccaldwell@sulmeyerlaw.com
- Eric A Mitnick    MitnickLaw@aol.com, mitnicklaw@gmail.com
- Scott H Olson    solson@vedderprice.com, scott-olson-2161@ecf.pacerpro.com,ecfsfdocket@vedderprice.com,nortega@vedderprice.com
- Carmela Pagay    ctp@lnbyb.com
- Leonard Pena    lpena@penalaw.com, penasomaecf@gmail.com;penalr72746@notify.bestcase.com
- Michael J Quinn    mquinn@vedderprice.com, ecfladocket@vedderprice.com,michael-quinn-2870@ecf.pacerpro.com
- David M Reeder    david@reederlaw.com, secretary@reederlaw.com
- Ronald N Richards    ron@ronaldrichards.com, morani@ronaldrichards.com
- Kevin C Ronk    Kevin@portilloronk.com, Attorneys@portilloronk.com
- Frank X Ruggier    frank@ruggierlaw.com, enotice@pricelawgroup.com
- William F Savino    wsavino@woodsoviatt.com, lherald@woodsoviatt.com
- Kenneth John Shaffer    johnshaffer@quinnemanuel.com
- Richard M Steingard    , awong@steingardlaw.com
- Philip E Strok    pstrok@swelawfirm.com, gcruz@swelawfirm.com;1garrett@swelawfirm.com;jchung@swelawfirm.com
- Boris Treyzon    bt@treyzon.com, sgonzales@actslaw.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Eric D Winston    ericwinston@quinnemanuel.com
- Christopher K.S. Wong    christopher.wong@arentfox.com, yvonne.li@arentfox.com
- Timothy J Yoo    tjy@lnbyb.com

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                                **F 9013-3.1.PROOF.SERVICE**