**SMILEY WANG-EKVALL, LLP**
Philip E. Strok, State Bar No. 169296
*pstrok@swelawfirm.com*
Kyra E. Andrassy, State Bar No. 207959
*kandrassy@swelawfirm.com*
Timothy W. Evanston, State Bar No. 319342
*tevanston@swelawfirm.com*
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Telephone:    714 445-1000
Facsimile:    714 445-1002

Attorneys for Elissa D. Miller, Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>GIRARDI KEESE,<br><br>                        Debtor. | Case No. 2:20-bk-21022-BR<br><br>Chapter 7<br><br>**APPLICATION FOR ORDER SETTING HEARING ON SHORTENED NOTICE FOR CHAPTER 7 TRUSTEE'S FOURTH MOTION FOR ORDER APPROVING STIPULATIONS FOR USE OF CASH COLLATERAL AND AUTHORIZING USE OF CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363 AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 4001(b) AND (d) ; DECLARATION OF ELISSA D. MILLER IN SUPPORT**<br><br>[Filed concurrently with the underlying motion]<br><br>[No hearing required pursuant to Local Bankruptcy Rule 9075-1] |

2886277.1               1                APPLICATION

**TO THE HONORABLE BARRY RUSSELL, UNITED STATES BANKRUPTCY JUDGE:**

Elissa D. Miller, the chapter 7 trustee (the "Trustee") of the bankruptcy estate (the "Estate") of Girardi Keese (the "Debtor"), hereby applies to this Court (the "Application") for an order shortening the time for notice of the hearing on the *Chapter 7 Trustee's Fourth Motion for Order Approving Stipulations for Use of Cash Collateral and Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. § 363 and Federal Rule of Bankruptcy Procedure 4001(b) and (d)* (the "Motion") [Docket No. 747] (the "Motion"). In support of the Application, the Trustee submits the attached declaration of Elissa D. Miller.

## I. FACTUAL BACKGROUND

On February 10, 2021, the Trustee filed her first *Motion for Order Approving Stipulations for Use of Cash Collateral and Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. § 363 and Federal Rule of Bankruptcy Procedure 4001(b)* [Docket No. 179] (the "First Cash Collateral Motion"). On February 16, 2021, the Court entered an order granting the First Cash Collateral Motion on an interim basis. *See* Docket No. 193. On March 2, 2021, the Court held a final hearing on the First Cash Collateral Motion. On March 11, 2021, the Court entered an order granting the First Cash Collateral Motion on a final basis. *See* Docket No. 257.

On March 30, 2021, the Trustee filed the *Chapter 7 Trustee's Second Motion for order Approving Stipulations for use of Cash Collateral and Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. § 363 and Federal Rule of Bankruptcy Procedure 4001(d)* [Docket No. 287] (the "Second Cash Collateral Motion"). The Court held a hearing on the Second Cash Collateral Motion on April 6, 2021. On April 14, 2021, the Court entered an order granting the Second Cash Collateral Motion on an interim basis. *See* Docket No. 307. On April 27, 2021, the Court held a final hearing on the Second Cash Collateral Motion. On May 7, 2021, the Court entered an order granting the Second Cash Collateral Motion on an interim basis. *See* Docket No. 329.

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

On June 29, 2021, the Trustee filed the *Chapter 7 Trustee's Third Motion for Order Approving Stipulations for Use of Cash Collateral and Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. § 363 and Federal Rule of Bankruptcy Procedure 4001(d)* [Docket No. 451] (the "Third Cash Collateral Motion"). The Court held a hearing on the Third Cash Collateral Motion on July 6, 2021. On July 6, 2021, the Court entered an order granting the Third Cash Collateral Motion. *See* Docket No. 473. Because all parties asserting secured claims consented to the use of cash collateral, the Court entered an order granting the Third Cash Collateral Motion and authorized the use of cash collateral on a final basis.

**The Trustee's authority to use cash collateral expires on September 30, 2021.**

## II.   COMPLIANCE WITH LOCAL BANKRUPTCY RULE 9075-1(b)(2)(A)

### A.   Relief Requested in the Cash Collateral Motion

By the Motion, the Trustee seeks approval of stipulations with Stillwell Madison, LLC ("Stillwell"), Virage SPV 1, LLC ("Virage"), Nano Banc ("Nano"), and KCC Class Actions Services, LLC ("KCC")[1] to use cash collateral and for general authority to use cash collateral from October 1, 2021 through and including December 31, 2021 in accordance with the 90-Day Budget (the "Budget") attached to the Motion as Exhibit "1," with expenditures not to exceed 115% of the aggregate "High" expenditures set forth in the Budget, i.e., a 15% variance. Use of cash collateral will provide continued funding for the Trustee's efforts to transition the Debtor's cases and file attorney's liens in cases where the Debtor is no longer representing a client, which includes paying the costs of certain of the Debtor's former employees, the insurance premiums, internet service and utilities for the Debtor's offices, and for the "cloud" services for the Debtor's electronic

---

[1] As noted in the Motion, California Attorney Lending II, Inc. ("CAL II") and Joseph Ruigomez, Jamie Ruigomez, and Kathleen Ruigomez (collectively, the "Ruigomez Creditors") have not consented to use of cash collateral, but will receive the same protections provided in the stipulations with the consenting parties.

files. The Trustee's proposed use of the cash collateral will preserve and enhance the value of the Estate, setting the Estate up to recover additional value in the future.

### B.    The Parties Affected by the Requested Relief

Parties who allegedly hold secured claims in the Debtor's cash collateral may be affected by the relief requested in the Motion. In particular, these parties include CAL II, Stillwell, Virage, Nano, the Ruigomez Creditors, and KCC. Stillwell, Virage, Nano and KCC have consented to the use of cash collateral in accordance with the Budget. CAL II and the Ruigomez Creditors have not consented to use of cash collateral.

### III.    CAUSE EXISTS TO HEAR THE MOTION ON SHORTENED TIME

Local Bankruptcy Rule 9075-1 permits the Court to shorten the time for notice of a hearing "for good cause shown."

Good cause exists to shorten notice of the hearing on the Motion. The Trustee is currently in the process of transitioning cases and is working to position the Estate to recover additional value in the future, and needs continued and immediate access to the Debtor's case files and information to do so. Transitioning the cases will allow the Trustee to protect the Debtor's clients and maximize the Debtor's interests in its attorneys' fees and costs—the most valuable assets of the Estate. If the Motion is not granted expeditiously, the Trustee will be unnecessarily delayed in paying the costs to preserve the Estate (e.g., the internet services, insurance for the Debtor, the utilities, fees for the Debtor's former employees) and the value of the Estate may permanently erode, irreparably harming the Estate. Most importantly, the Trustee may lose access to the Debtor's case files and information. Currently, the Trustee's authority to use cash collateral expires on September 30, 2021. In short, the Trustee needs to have continued access to the Debtor's files and information, along with the resources to access this information.

### IV. **PROPOSED NOTICE**

The Trustee proposes providing notice of hearing on the Motion to counsel for CAL II, Stillwell, Virage, Nano, the Ruigomez Creditors, and KCC by email.

### V. **CONCLUSION**

For the foregoing reasons, the Trustee requests that the Court enter an order granting the Application.

DATED:  September 29, 2021                Respectfully submitted,

SMILEY WANG-EKVALL, LLP

By:    */s/ Timothy W. Evanston*
　　　TIMOTHY W. EVANSTON
　　　Attorneys for Elissa D. Miller, Chapter 7 Trustee

2886277.1                                               5                                     APPLICATION

## DECLARATION OF ELISSA D. MILLER

I, Elissa D. Miller, declare as follows:

1. I am the duly appointed Chapter 7 Trustee for the bankruptcy estate of Girardi Keese. I am also a partner at SulmeyerKupetz, a Professional Corporation. I know each of the following facts to be true of my own personal knowledge, except as otherwise stated and, if called as a witness, I could and would competently testify with respect thereto. I make this declaration in support of the Application for Order Setting Hearing on Shortened Notice (the "Application") for *Chapter 7 Trustee's Fourth Motion for Order Approving Stipulations for Use of Cash Collateral and Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. § 363 and Federal Rule of Bankruptcy Procedure 4001(d)*. Unless otherwise defined in this declaration, all terms defined in the Application are incorporated herein by this reference.

2. As set forth in the Motion, I have recently entered into stipulations to use cash collateral with Stillwell, Virage, Nano, and KCC from October 1, 2021 through and including December 31, 2021 in accordance with the 90-Day Budget, which is attached as Exhibit "1" to the Motion.

3. The use of cash collateral is critical at this juncture. With the cash collateral, I will have funding to transition the Debtor's cases and file attorney's liens in cases where the Debtor is no longer representing a client, and I will also be able to pay the costs of certain of the Debtor's former employees, the insurance premiums, internet services and utilities for the Debtor's offices, and pay for the "cloud" services for the Debtor's electronic files.

4. I am currently working to transition the Debtor's cases and set the Estate up to recover additional value in the future. In order to transition the cases properly, I need continued access to the Debtor's case files and information. Access to the Debtor's case files and information requires that I have funds to pay for the internet service and utilities at the Debtor's offices, pay for the "cloud" services for the electronic files, and pay the fees for certain of the Debtor's former employees, among other costs. The Debtor's

interests in its attorneys' fees and costs constitute the most valuable assets of the Estate. If I lose access to the Debtor's case files and information and am unable to pay the costs to preserve the Estate, the value of the Estate may erode permanently. Thus, I need to be able to continue to use cash collateral so that I have continued access to the Debtor's files and information to preserve the Estate and protect the Debtor's clients.

    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

    Executed on this 29th day of September, 2021, at Los Angeles, California.

_____
ELISSA D. MILLER

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**3200 Park Center Drive, Suite 250, Costa Mesa, CA 92626**

A true and correct copy of the foregoing document entitled (*specify*): **Application for Order Setting Hearing on Shortened Notice for Chapter 7 Trustee's Fourth Motion for Order Approving Stipulations for Use of Cash Collateral and Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. § 363 and Federal Rule of Bankruptcy Procedure 4001(b) and (d); Declaration of Elissa D. Miller in Support** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **9/29/2021**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) **9/29/2021**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

The Honorable Barry Russell
U.S. Bankruptcy Court
Roybal Federal Building
255 E. Temple Street,  Suite 1660
Los Angeles, CA 90012

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) **9/29/2021**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Via Email:

| Counsel for Nano Banc:<br>Jeffrey M. Schwartz  jschwartz@muchlaw.com | Counsel for KCC Class Action Services, LLC:<br>David L. Kane dkane@vedderprice.com;<br>Michael J. Quinn mquinn@vedderprice.com |
|---|---|

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 9/29/2021 | Lynnette Garrett | /s/ Lynnette Garrett |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                                  **F 9013-3.1.PROOF.SERVICE**

**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

- **Kyra E Andrassy**  kandrassy@swelawfirm.com, lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com
- **Rafey Balabanian**  rbalabanian@edelson.com, docket@edelson.com
- **Michelle Balady**  mb@bedfordlg.com, leo@bedfordlg.com
- **Ori S Blumenfeld**  ori@marguliesfaithlaw.com, Helen@MarguliesFaithLaw.com;Angela@MarguliesFaithLaw.com;Vicky@MarguliesFaithLaw.com
- **Evan C Borges**  eborges@ggtriallaw.com, cwinsten@ggtriallaw.com
- **Richard D Buckley**  richard.buckley@arentfox.com
- **Marie E Christiansen**  mchristiansen@vedderprice.com, ecfladocket@vedderprice.com,marie-christiansen-4166@ecf.pacerpro.com
- **Jennifer Witherell Crastz**  jcrastz@hrhlaw.com
- **Ashleigh A Danker**  Ashleigh.danker@dinsmore.com, SDCMLFiles@DINSMORE.COM;Katrice.ortiz@dinsmore.com
- **Clifford S Davidson**  csdavidson@swlaw.com, jlanglois@swlaw.com;cliff-davidson-7586@ecf.pacerpro.com
- **Lei Lei Wang Ekvall**  lekvall@swelawfirm.com, lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com
- **Richard W Esterkin**  richard.esterkin@morganlewis.com
- **Timothy W Evanston**  tevanston@swelawfirm.com, gcruz@swelawfirm.com;lgarrett@swelawfirm.com;jchung@swelawfirm.com
- **Jeremy Faith**  Jeremy@MarguliesFaithlaw.com, Helen@MarguliesFaithlaw.com;Angela@MarguliesFaithlaw.com;Vicky@MarguliesFaithlaw.com
- **James J Finsten**  , jimfinsten@hotmail.com
- **Alan W Forsley**  alan.forsley@flpllp.com, awf@fkllawfirm.com,awf@fl-lawyers.net,addy.flores@flpllp.com
- **Eric D Goldberg**  eric.goldberg@dlapiper.com, eric-goldberg-1103@ecf.pacerpro.com
- **Andrew Goodman**  agoodman@andyglaw.com, Goodman.AndrewR102467@notify.bestcase.com
- **Suzanne C Grandt**  suzanne.grandt@calbar.ca.gov, joan.randolph@calbar.ca.gov
- **Steven T Gubner**  sgubner@bg.law, ecf@bg.law
- **Marshall J Hogan**  mhogan@swlaw.com, knestuk@swlaw.com
- **Sheryl K Ith**  sith@cookseylaw.com, sith@ecf.courtdrive.com
- **Razmig Izakelian**  razmigizakelian@quinnemanuel.com
- **Lillian Jordan**  ENOTICES@DONLINRECANO.COM, RMAPA@DONLINRECANO.COM
- **Lewis R Landau**  Lew@Landaunet.com
- **Daniel A Lev**  dlev@sulmeyerlaw.com, ccaldwell@sulmeyerlaw.com;dlev@ecf.inforuptcy.com
- **Elizabeth A Lombard**  elombard@zwickerpc.com, bknotices@zwickerpc.com
- **Craig G Margulies**  Craig@MarguliesFaithlaw.com, Vicky@MarguliesFaithlaw.com;Helen@MarguliesFaithlaw.com;Angela@MarguliesFaithlaw.com
- **Ron Maroko**  ron.maroko@usdoj.gov
- **Peter J Mastan**  peter.mastan@dinsmore.com, SDCMLFiles@dinsmore.com;Katrice.ortiz@dinsmore.com
- **Edith R. Matthai**  ematthai@romalaw.com, lrobie@romalaw.com
- **Elissa Miller (TR)**  CA71@ecfcbis.com, MillerTrustee@Sulmeyerlaw.com;C124@ecfcbis.com;ccaldwell@sulmeyerlaw.com
- **Eric A Mitnick**  MitnickLaw@aol.com, mitnicklaw@gmail.com
- **Scott H Olson**  solson@vedderprice.com, scott-olson-2161@ecf.pacerpro.com,ecfsfdocket@vedderprice.com,nortega@vedderprice.com
- **Carmela Pagay**  ctp@lnbyb.com
- **Leonard Pena**  lpena@penalaw.com, penasomaecf@gmail.com;penalr72746@notify.bestcase.com
- **Michael J Quinn**  mquinn@vedderprice.com, ecfladocket@vedderprice.com,michael-quinn-2870@ecf.pacerpro.com
- **David M Reeder**  david@reederlaw.com, secretary@reederlaw.com
- **Ronald N Richards**  ron@ronaldrichards.com, morani@ronaldrichards.com
- **Kevin C Ronk**  Kevin@portilloronk.com, Attorneys@portilloronk.com
- **Frank X Ruggier**  frank@ruggierlaw.com, enotice@pricelawgroup.com
- **William F Savino**  wsavino@woodsoviatt.com, lherald@woodsoviatt.com
- **Kenneth John Shaffer**  johnshaffer@quinnemanuel.com
- **Richard M Steingard**  , awong@steingardlaw.com
- **Philip E Strok**  pstrok@swelawfirm.com, gcruz@swelawfirm.com;1garrett@swelawfirm.com;jchung@swelawfirm.com
- **Boris Treyzon**  bt@treyzon.com, sgonzales@actslaw.com
- **United States Trustee (LA)**  ustpregion16.la.ecf@usdoj.gov
- **Eric D Winston**  ericwinston@quinnemanuel.com
- **Christopher K.S. Wong**  christopher.wong@arentfox.com, yvonne.li@arentfox.com
- **Timothy J Yoo**  tjy@lnbyb.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                    **F 9013-3.1.PROOF.SERVICE**