1  Elissa D. Miller
     emiller@sulmeyerlaw.com
2  333 South Grand Ave., Suite 3400
   Los Angeles, California 90071-1406
3  Telephone: 213.626.2311
   Facsimile: 213.629.4520
4
5  Chapter 7 Trustee

6  **UNITED STATES BANKRUPTCY COURT**

7  **CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION**

| | |
|---|---|
| 8  In re | Case No. 2:20-bk-21022-BR |
| 9  GIRARDI KEESE, | Chapter 7 |
| 10      Debtor. | **CHAPTER 7 TRUSTEE'S APPLICATION TO EMPLOY LARRY W. GABRIEL, THE LAW OFFICES OF JENKINS, MULLIGAN AND GABRIEL, LLP IN PLACE AND INSTEAD OF RONALD RICHARDS, THE LAW OFFICES OF RONALD RICHARDS & ASSOCIATES, A.P.C., AS SPECIAL LITIGATION COUNSEL; DECLARATION AND STATEMENT OF DISINTERESTEDNESS OF LARRY W. GABRIEL IN SUPPORT THEREOF** |
| | **[11 U.S.C. §§ 327(c) and (e), 328(a); Fed. R. Bankr. P. 2014; Loc. Bankr. R. 2014-1(b)]** |
| | [No Hearing Required] |

21  **TO THE HONORABLE BARRY RUSSELL, UNITES STATES BANKRUPTCY**

22  **JUDGE AND TO ALL PARTIES IN INTEREST:**

23      Elissa D. Miller, Chapter 7 Trustee (the "Trustee"), for the estate of the Debtor

24  Girardi Keese (the "Debtor") hereby submits her "*Application to Employ Larry W. Gabriel,*

25  *the Law Offices of Jenkins, Mulligan and Gabriel, LLP in Place and Instead of Ronald*

26  *Richards, the Law Offices of Ronald Richards & Associates, A.P.C., as Special Litigation*

27  *Counsel, Declaration and Statement of Disinterestedness of Larry W. Gabriel in Support*

28  *Thereof*" (the "Application"), pursuant to which the Trustee seeks an order of this Court

EDM 2729023v1

1  authorizing the employment of Larry W. Gabriel, Jenkins, Mulligan and Gabriel, LLP

2  ("Gabriel") to act as her special litigation counsel in the above-captioned bankruptcy case

3  in place and instead of Ronald Richards, Law Offices of Ronald Richards & Associates,

4  A.P.C. ("Richards") and represents as follows:

5       1.      Prepetition, the Debtor was a plaintiff's law firm based in Los Angeles,

6  California.  On December 18, 2020, petitioning creditors Jill O'Callahan, as successor in

7  interest to James O'Callahan, Robert M. Keese, John Abassian, Erika Saldana, Virginia

8  Antonio, and Kimberly Archie (collectively, the "Petitioning Creditors") filed an involuntary

9  chapter 7 bankruptcy petition against the Debtor.[1]  Prior to the involuntary petition, the

10  Debtor practiced in the areas of personal injury, defective products, sexual abuse, toxic

11  torts, business law, employment law, and aviation law.  The Debtor was well known in the

12  national mass torts community representing clients in mass tort cases around the country

13  and was often placed in the position of lead counsel in addressing mass tort claims.

14       2.      On December 24, 2020, the Petitioning Creditors filed a *Motion for*

15  *Appointment of Interim Trustee Pursuant to 11 U.S.C. § 303(g)* [Docket No. 12].  The

16  Court entered an order granting the motion on January 5, 2021 [Docket No. 45].  On

17  January 6, 2021, the Trustee was appointed as the interim trustee [Docket No. 50].

18       3.      On January 13, 2021, the Court entered an Order Directing: (1) The Clerk

19  of Court to Immediately Enter an Order for Relief under Chapter 7; (2) The United States

20  Trustee to Immediately Appoint a Chapter 7 Trustee; (3) The Debtor to File All Schedules

21  and Related Documentation for Chapter 7 Case within Fourteen Days of the Entry of this

22  Order; and (4) Vacating February 16, 2021 Status Conference [Docket No. 68].  On

23

24  _____

[1]      The Petitioning Creditors also filed an involuntary chapter 7 bankruptcy petition

25  against Thomas V. Girardi, which is currently pending as Bankruptcy Case No. 2:20-bk-
21020-BR.  Jason Rund, the Trustee for Thomas Girardi, retained Abir Cohen Treyzon

26  Salo, LLP to recover transfers of Girardi's personal assets from Erika Jayne.  [Dkt. No.

27  169]

28

1  January 13, 2021, the Clerk of Court entered an order for relief against the Debtor

2  [Docket No. 69], and the Trustee was appointed and accepted her appointment in the

3  Debtor's case [Docket No. 71].

4      4.    Continuing investigation may reveal that assets of the Debtor were

5  transferred to Erika Girardi (aka Erika Jayne) ("Erika"), Thomas Girardi's Spouse, either

6  directly or to one or more people or entities on her behalf, or to other transferees of

7  assets from Erika Girardi or her related entities (the "Erika Transfers").  The Trustee

8  believes that the Erika Transfers will be recoverable under applicable state and federal

9  law.

10      5.    Therefore, it is necessary for the Trustee to employ counsel to assist with

11  the investigation and undertake such proceedings and/or actions as may be appropriate

12  in connection with investigating and recovering estate property and filing such

13  proceedings and/or actions as are appropriate in connection with the Erika Transfers.

14      6.    On April 26, 2021, the Trustee filed an application to employ Richards as

15  her special litigation counsel which application was granted by order entered on June 10,

16  2021, pursuant to 11 U.S.C. § 327(c) and/or § 327(e) for the limited and special purpose

17  of representing the Trustee in connection with investigating and recovering the Erika

18  Transfers [Dkt. No. 318].  The Application was granted [Dkt. No. 392] over an objection

19  filed by Erika.  Thereafter, Erika filed a motion to reconsider the Order [Dkt. No. 437]

20  which Motion was denied by the Court.  [Dkt. Nos. 571 and 572].  Erika appealed that

21  order [Dkt. No. 632] which appeal is currently pending in the United States District Court

22  for the Central District of California.

23      7.    After the Court approved the Trustee's application to employ Richards,

24  Richards filed an adversary complaint against Erika on July 14, 2021: *Miller v. Girardi,*

25  Adversary Case no:  2:21-ap-01155. [ECF Doc. 1],  Richards filed an amended complaint

26  on August 26, 2021 [ECF Doc. 12].  The defendants in the action recently filed their

27  answer to the Amended Complaint on November 1, 2021. [ECF Doc. 20]   Formal

28  discovery has yet to be conducted in the adversary as the same is just in its infancy.

8.      The Trustee believes that it is in the best interests of the estate for her to retain Gabriel in place of Richards.  The Trustee has previously retained Gabriel as special litigation counsel and has a close working relationship with Gabriel that has produced significant results for the benefit of the estates.  By way of example, in the chapter 7 proceeding, *In re Mary Perkins*, Gabriel investigated the debtor's mortgage broker ponzi scheme and obtained a $20 million judgment for the estate.  More recently, the Trustee retained Gabriel in the chapter 7 proceeding *In re Deborah Lois Adri* as special litigation counsel prosecuting a lawsuit against the debtor's former attorney for breach of fiduciary duty and professional negligence.  The effort resulted in a settlement of over $625,000.00.  Mr. Gabriel has been practicing for over 40 years and has extensive experience and success in representing Chapter 7 and Chapter 11 trustees as special litigation counsel.  A copy of Mr. Gabriel's CV is attached to his declaration submitted in support of this application as Exhibit 1.

9.      The Trustee proposes that Gabriel will handle all matters relating to the Erika Transfers, including, but not limited to, investigation, written discovery, depositions, court appearances, preparation of pleadings and other filings, trial and overall prosecution of any appropriate actions on behalf of the Trustee in accordance with the terms set forth herein.

10.      The Trustee proposes to employ Gabriel, effective immediately as of the date services were first rendered at the expense of the bankruptcy estate, pursuant to 11 U.S.C. § 328(a).  (The Trustee intends to file a Substitution of counsel concurrently herewith).  More specifically, the Trustee proposes to retain Gabriel on a contingency basis that was previously established and approved by this court for Richards' retention: 35% of the net recovery prior to commencement of litigation, 40% of the net recovery after the complaint is filed through 60 days prior to a jury or bench trial, and 45% of the net recovery thereafter.  "Net recovery" means the amount remaining after the total amount received (whether by settlement, arbitration award, or court judgment) has been reduced by the sum of all "costs".  The amount of the fee is not set by law but is

negotiable between Gabriel and the Trustee.  Gabriel recognizes that Richards may seek payment for the work he performed prior to his termination and that any such claim, if approved, will be paid from the contingency fee, awarded, if any.  In other words, the estate will not be increasing its administrative liability by this change of counsel.

11.    Gabriel also shall be entitled to reimbursement of its out-of-pocket costs incurred during the course of the instant engagement as approved by the Court, with such costs to be advanced by Gabriel (or by the estate following appropriate budget order) and paid from the estate in accordance with the terms of this application which shall govern the relationship between the Trustee and Gabriel.

12.    Other than the contingency fee and costs to be paid to Gabriel as set forth herein and in the Engagement Agreement, Gabriel shall have no claims against the estate.

13.    Gabriel has not been paid a retainer.  Gabriel has agreed to and will be compensated pursuant to 11 U.S.C. § 328(a).  Gabriel understands that any and all fees and expenses sought or requested by, or paid to, Gabriel is subject to Bankruptcy Court approval and in the amounts approved by the Bankruptcy Court upon proper application in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules of this Court and any other applicable law and guidelines.

14.    Gabriel has no agreement to share any compensation for services rendered in connection with this case with any other individual or entity, except as among and between Gabriel's partners,  employees, independent contractors  or contract attorneys all of whom shall act under the direction and supervision of Gabriel.

15.    As of the date of this Application, to the best of Applicant's knowledge and after consideration of the disclosures in the attached Statement of Disinterestedness, except as specifically disclosed, Gabriel and its professionals are disinterested persons as that term is defined in 11 U.S.C. § 101(14).

WHEREFORE, Applicant requests that the Court enter an order authorizing her to employ Gabriel as her special litigation counsel in place and instead of Richards, as an

1  administrative expense in this bankruptcy case, and for such other and further relief as may

2  be determined just and proper.

3  DATED: November 11, 2021                Respectfully submitted,

                                          /s/  *Elissa D. Miller*
4                                          _____
                                          Elissa D. Miller
5                                          Chapter 7 Trustee

6  **APPROVED AS TO FORM AND CONTENT**:

7  Larry W. Gabriel
   Jenkins, Mulligan & Gabriel, LLP

8

9

10

11  by: _____
        Larry W. Gabriel

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

## **DECLARATION OF LARRY W. GABRIEL AND**

## **STATEMENT OF DISINTERESTEDNESS**

3    [The following is provided in conformity with the From No. 2014-1 of the United

4  States Bankruptcy Court, Central District of California.]

5    I, Larry W. Gabriel, declare:

6    1.    I am an attorney at law licensed to practice before all the Courts of the

7  State of California and before the United States District Court for the Central District of

8  California and this Court. I am a partner in  the law firm of Jenkins Mulligan & Gabriel,

9  LLP (the "Firm" or "Gabriel").   I am authorized to make this Declaration on behalf of the

10  Firm.

11    2.    This declaration is made in support of the Application of Elissa D. Miller,

12  Chapter 7  Trustee To Employ Larry W. Gabriel, Jenkins, Mulligan & Gabriel, LLP and

13  Larry Gabriel as Special Litigation Counsel ("Applicant" or "Trustee") in these Estate

14  Proceedings effective as of December 12, 2021 in the adversary matter now pending

15  before this court, captioned *Miller v. Erika Jayne, et al*, Adversary Case no: 2:21-ap-

16  01155.

17    3.    The Firm, its partners and associates are well-qualified to represent the

18  Trustee as special litigation counsel as the Firm, and its principal, Larry Gabriel,

19  (collectively "Gabriel") is experienced in prosecuting claims and actions that the Trustee

20  has presented in the Erika Girardi adversary.

21    4.    As set forth above, Gabriel has agreed to represent the Trustee on the

22  following terms:

23      (a)    The Trustee proposes to employ Gabriel, effective immediately as of

24  the date services were first rendered at the expense of the bankruptcy estate, pursuant to

25  11 U.S.C. § 328(a).  More specifically, the Trustee proposes to retain Gabriel on a

26  contingency basis that was previously established and approved by this court for

27  Richards retention: 35% of the net recovery prior to commencement of litigation, 40% of

28  the net recovery after the complaint is filed through 60 days prior to a jury or bench trial,

1   and 45% of the net recovery thereafter.  "Net recovery" means the amount remaining

2   after the total amount received (whether by settlement, arbitration award, or court

3   judgment) has been reduced by the sum of all "costs," incurred in the prosecution of the

4   action(s) for which this application is made.  The amount of the fee is not set by law but is

5   negotiable between Gabriel and the Trustee.  Gabriel recognizes that Richards may seek

6   payment for the work he performed prior to his termination and that any such claim, if

7   approved, will be paid from the contingency fee, awarded, if any.  In other words, the

8   estate will not be increasing its administrative liability by this change of counsel.

9          (b)     Gabriel also shall be entitled to reimbursement of its out-of-pocket

10  costs incurred during the course of the instant engagement as approved by the Court,

11  with such costs to be advanced by Gabriel (or by the estate following appropriate budget

12  order) and paid from the estate in accordance with the terms of this Application.

13     5.    I have  been involved in innumerable bankruptcy cases since starting my

14  practice of law in California in 1976.  I served as Special Litigation Counsel to Bradley D.

15  Sharp in the *In re C.M. Meiers, Company, Inc*.  bankruptcy, 1:12-bk-10229-MT,  in a

16  lawsuit against the debtors' former officers and directors, *Sharp v. Rothman, et. et al.*

17  1:12-ap-01118-MT.   The adversary action was settled with the D&Os for $500,000 and

18  an assignment of the defendants claim against their E&O carrier for denying coverage.  I

19  prosecuted the assigned claim, *Sharp v. Evanston Insurance Company,* 1:14-ap-01042,

20  obtaining a $ 3.5 million judgment plus interest against the carrier, which judgment was

21  affirmed on appeal.  As a result of this recovery the Trustee chapter 11 liquidating plan

22  was approved, which plan paid all creditors 100% of their claim, including all interest

23  accrued and will result in equity receiving a distribution from the estate.  I also served as

24  general counsel to the Trustee and prepared  both the disclosure statement and plan

25  both of which were approved without objection.

26     6.    I also recently represented the Trustee, Elissa D. Miller, as special litigation

27  counsel in the chapter 7 case, *In re Deborah Adri,* 1:18-bk-10417 VK.  As special

28  litigation counsel, I prosecuted a professional negligence, breach of fiduciary duty case

1    against the debtor's bankruptcy attorney.  *Miller v. Yaspan*, 1:19-ap-01128-VK.  The case

2    settled with the estate receiving in excess of $650,000.00.

3            7.      In addition, and among other cases, I was counsel to the creditors

4    committee and then special litigation counsel for the Trustee in the bankruptcy estate of

5    *In re Estate Financial Inc.,* ("EFI") Case No. 08-11457-RR (a chapter 11 proceeding of a

6    real estate mortgage broker, involving over 1600 investors, who invested over $350

7    million in Tenant-In-Common Mortgages.  As special litigation counsel, I prosecuted an

8    action against the Debtor's corporate counsel, Bryan Cave, which resulted in a settlement

9    of $25 million.

10           8.      I was also counsel to the special committee of creditors in the chapter 11

11   proceeding, *In re First Alliance Mortgage Company,* Case No. No. SA 00-1174 DOC

12   (EEx), SA 01-139 DOC, SA 01-306 DOC.  In both cases I was involved with the

13   preparation of a liquidating plan for each of the two estates.  I was also special litigation

14   counsel to the Trustee in each of the aforementioned cases and was involved in

15   significant litigation and novel issues that were addressed by the 9th Circuit Court of

16   Appeal.

17           9.      I also represented the Examiner in the chapter 11 case, *In re CenterStaging

18   Musical Productions, Inc.* ("CMPI") Case No. 2:08-bk-13019-VZ, in litigation against

19   CMPI's former officers and directors. The case settled for an amount in excess of

20   $300,000.

21           10.     I was also special litigation counsel to the Elissa D. Miller as the Trustee in

22   the bankruptcy matter, *In re Mary Perkins*, Case No. 2:10-bk-14392-ER, prosecuting a

23   complex fraud and aiding and abetting claim which resulted in a $20 million judgment in

24   favor of the Trustee. See, *Miller v Perkins,* 2:10-ap-02024-ER, [ECF Docket Entry No.

25   119]

26           11.     Based upon the foregoing and my review of the record, I have sufficient

27   familiarity with the instant proceedings to complete the duties of special litigation counsel.

28

12.     Gabriel  is familiar with the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules and the "Guide to Application for Professional Compensation" as promulgated by the office of the United States Trustee and will comply with them. Any and all compensation awarded to Gabriel is subject to Court approval and shall be approved by the Court after notice and a hearing as may be required by the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Central District of California, and the practice and procedure of this Court.

13.     Gabriel  carefully reviewed its files and determined that no conflict exists in connection with this matter, as the Firm neither holds nor represents a claim against the Debtor or the Estate.

14.     Gabriel  regularly checks its files to determine if it holds or represents any creditor or party in interest with an interest adverse to the Debtor or the Estate. Gabriel does not represent or hold any interest adverse to the Debtor or the Estate with respect to the matters on which it will be employed. Gabriel does not represent and has not represented any creditor or other party in interest in this Chapter 7 case, except as herein disclosed. Therefore, Gabriel is a disinterested party in the within Chapter 7 case as that term is defined by the Bankruptcy Code.

15.     Gabriel is not a creditor, an equity security holder or an insider of the Debtor.

16.     Gabriel is not and was not an investment banker for any outstanding security of the Debtor.

17.     Gabriel is not and was not, within three years before the date of the filing of the Petition herein, an investment banker for a security of the Debtor or any of its related or affiliated entities, or an attorney for such an investment banker in connection with the offer, sale or issuance of any security of the Debtor.

18.     Gabriel is not and was not, within two years before the date of filing of the Petition herein, a director, officer or employee of the any entity related to the Debtor or of

1   any investment banker for any security of the Debtor or any of its related or affiliated

2   entities.

3       19.     Gabriel neither holds nor represents any interest materially adverse to the

4   interest of the Estate or of any class of creditors or equity security holders, for reason of

5   any direct or indirect relationship to, connection with, or interest in, the Debtor, and

6   related or affiliated entities, the Chapter 7 Trustee, or an investment banker for any

7   security of the Debtor, or for any other reason.

8       20.     Gabriel's business address is 585 Lorna Lane, Los Angeles, CA 90049

9       21.     The members, associates and paralegals of Gabriel are not relatives or

10  employees of any judge of the United States Bankruptcy Court for the Central District of

11  California, the United States Trustee, or any person currently employed in the Office of

12  the United States Trustee.

13      22.     I am familiar and will comply with the Bankruptcy Code and the Bankruptcy

14  Rules, the Local Bankruptcy Rules and the Guidelines of the Office of the United States

15  Trustee

16      23.     After due investigation and inquiry, I have determined that as of the date of

17  execution of this declaration, Gabriel is composed of "disinterested persons" within the

18  meaning of Section 101(14) of the Bankruptcy Code, who have no adverse

19  representation to Estates and/or the Trustee that might give rise to a conflict of interest

20  and that Gabriel has no interest materially adverse to the interests of Debtor's estate, or

21  of any class of creditors or equity security holders, by reason of any direct or indirect

22  relationship to, connection with, or interest in, the Debtor or any of its  related or affiliated

23  entities, and/or the Trustee, or for any other reason.

24      24.     After due investigation and inquiry, I have determined that as of the date of

25  execution of this declaration, Gabriel is composed of "disinterested persons" within the

26  meaning of Section 101(14) of the Bankruptcy Code, who have no adverse

27  representation to Estates and/or the Trustee that might give rise to a conflict of interest

28  and that Gabriel has no interest materially adverse to the interests of Debtor's estate, or

1    of any class of creditors or equity security holders, by reason of any direct or indirect

2    relationship to, connection with, or interest in, the Debtor or any of its related or affiliated

3    entities, and/or the Trustee, or for any other reason.

4        I declare under penalty of perjury under the laws of the United States of America

5    that the foregoing is true and correct.

6        Executed November 11, 2021 at Los Angeles, CA.

7

8                                      _____

9                                       Larry W. Gabriel

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 1

# CURRICULUM VITAE

## LARRY W. GABRIEL

**PRESENT
POSITION:**      Partner (2005 – Present)
Jenkins Mulligan & Gabriel, LLP
585 Lorna Lane
Los Angeles, CA 90049

**PREVIOUS
POSITIONS:**     Of Counsel
Brutzkus Gubner Rozansky Seror Weber LLP
21650 Oxnard Street, Suite 500
Woodland Hills, California  91367
Of Counsel:  (2008 – 2021)
Website:  bg.law

Pachulski, Stang, Ziehl, & Jones, LLP
10100 Santa Monica Blvd., Suite 1100
Los Angeles, California  90067
Shareholder     (1992-2005)

Buchalter, Nemer, Fields & Younger
601 S. Figueroa Street, Suite 2500
Los Angeles, California  90017
Shareholder     (1991-1992)

Rosen, Wachtell & Gilbert
1888 Century Park East, Suite 2100
Los Angeles, California  90067
Shareholder     (1982-1991)

**PROFESSIONAL:**   Drafting Committee, NAIC Receivership Handbook; Member of:  Los
Angeles County and American (Business Law Section, Insurance Insolvency
Task Force (1993-1999), Tort and Insurance Practice Section (1984-2000)
American Bar Association and State Bar of California; Trial Lawyers Assn. of
America; and, Los Angeles Business Trial Lawyers Assn.

Adjunct Professor – Business Law, College of the Desert (2005-2007);
Adjunct Professor of Law - Banking, Pepperdine University Law School
(1987-1989);
Judge Pro-Tem, Beverly Hills Municipal Court (1982-1990);

City Council, City of Hidden Hills, California (1997-2002); Mayor Pro Tem
(1998-2002); Planning Commissioner, City of Hidden Hills (1991-1993);

PUBLICATIONS/
PRESENTATIONS:

Article: "Another Arrow in the Chapter 11 Trustee's Quiver," Law360, May 2014

Source, "9th Circ. Revives $100M Bryan Cave Legal Malpractice Suits," Law360, March, 2014

Source, "Proskauer, Chadbourne Could Face Billions In Damages," Law360, February, 2014

Source, "Detroit Judge's Ch. 9 Ruling Will Fire Up Pension Dispute," Law360, December, 2013

"The Impact of Recent Developments at Lloyd's - Insolvencies, Limited Liability, Changes Membership By-Laws, Credit Risk Associated with Lloyd's on 'Old Years' Policies and Equitas, Lloyd's American Trust Funds - From the Perspective of U.S. Policyholders" American Bar Association International Insurance Law and Practice, May 5, 1995, London, England

"Receivers' ERISA Fiduciary Responsibilities -- Fact or Fiction, "National Association of Insurance Commissioners ("NAIC"), The Society of Insurance Receivers Insolvency Workshop, February 6, 1995, Savannah, Georgia

"The Law Applicable to the Insolvency of the Life Insurance Company - An Overview," American Bar Association ("ABA"), 1994

"Receivers and Guaranty Funds in Life Insurance Insolvency Proceedings:  The Need for Reform," American Bar Association ("ABA"), 1994

"Pension Phantasmagoria," Business Insurance, September 6, 1993

"Ramifications of a Check Kite-Liability Between Banks," Pacific Banker and Business, March 1983

"Check Kiting - The Implications of a Discovering Bank's Actions on Its Right of Recovery," Banking News, November 15, 1982, Independent Banker, January 1983


SIGNIFICANT
LITIGATION AND
REPRESENTATIONS:

Significant Bankruptcy / Insolvency Representations:

In re C.M. Meiers, 1:12-bk-10229-MT (2012-present)

Represent Trustee as special litigation counsel in prosecution of claims against officers and directors for errors and omissions in the administration of the debtors business.  Claim resulted in $4.3 million settlement.  Additional representation against E & O Insurer for breach of contract and bad faith. Obtained judgment against Evanston Insurance Company for $3.8 million with interest total recovery

in excess of $5 million.  USDC Case No.  2:17-cv-01400-MRW.  Appeal: *Sharp v. Evanston Ins. Co.,* 817 Fed. Appx. 317 (9th Cir. 2020.)  Drafted Disclosure Statement and Plan of Liquidation – Creditors paid 100% of claim plus interest.

In re Deborah Lois Adri,  1:18-BK-10417-VK.

Represented chapter 7 Trustee, Elissa D. Miller in action against Debtor's former attorney, Robert Yaspan.  *Miller v. Yaspan,*  Adv. Case no.: 1:19-ap-01128-VK..  Case settled for $625,000.00.

In re Gabriel Technologies, Inc. (2015-2018)

Represented  Trustee in claims against Debtors former professionals for legal malpractice.  Result:  Multi-Million dollar settlement  in favor of the Trustee.

In re Estate Financial Inc.  (2010 – 2019)

Represented  Trustee as special litigation counsel in prosecution of clams against Debtors attorneys, Bryan Cave.  Settlement: $25 million.  See also,  *Sharp v. Bryan Cave LLP (In re Estate Fin. Mortg. Fund LLC)* 565 Fed. Appx. 628 (9th Cir. 2014)

In re Estate Financial Inc.  (2008 – 2018)

Representation of General Unsecured Creditors Committee- Real Estate Investment Company/Fund:  3600 investors - $535 million invested capital.

In re CenterStaging Musical Productions, Inc. (2009 – 2011)

Represented Court Appointed Examiner re suit against Directors and Officers.  Recovery - $ 3 million

In re Fitness Holdings:

Trial Counsel, *Official Committee of Unsecured Creditors of the Estate of Fitness Holdings International, Inc. v. Hancock Park Capital II, L.P., Pacific Western Bank, et. al.,* United States Court of Appeals for the Ninth Circuit, No. 11-56677, April 30, 2013) (2013 WL 1800000 (C.A.9 2013) (Established law re right of bankruptcy court to employ equitable powers to recharacterize debt to equity)

In re Quality Home Loans (2008 -2012  )

Represented "Ad Hoc" Committee of Investor/ Members. Represent Investor/Members in Class Action v. QHL officers and directors.  Settlement in excess of $ 10 million.

In re Estate of Mary Perkins (2010 – 2014)

Represent chapter 7 Trustee, Elissa D. Miller  as special litigation counsel - obtained $20 million stipulated judgment against the Debtor.

In re First Alliance Mortgage (2000 - 2005)

3

015

Represented Official Joint Borrowers Committee in bankruptcy involving national subprime mortgage lender.  Resulted in recovery of over $70 million for the consumer borrowers of the debtor.

Represented Trustee in action against Lehman Commercial Paper for Equitable Subordination of $80 million claim.   *Henry v. Lehman Commercial Paper, Inc.*  471 F.3d 977 (9th Cir. 2006).

*People of the State of California v. Norman David Stark,* Riverside Superior Court Case No. INF 045690

Represented Court Appointed Criminal State Court Receiver in proceedings involving the management and operation of car dealerships in Coachella Valley.

In re County of Orange Bankruptcy

Represented the Orange County Employees Association in obtaining Injunction against County preventing layoffs in violation of collective bargaining agreement.

State Life and Health Guaranty Fund Litigation:

*Texas Life, Accident, Health & Hospital Service Insurance Guaranty Association v. Gaylord Entertainment Company, et al.* (1994-1996)

*Minnesota Life and Health Insurance Guaranty Association v. Xerox Corporation, etc., et al.* (1994-1996)

*In the Matter of the Life and Health Guaranty Association Claim of BW/IP International, Inc.* (1994-1996)

Life Insurance Insolvencies:

*In Re Executive Life* (1991-1998, 2005 -2006)

Represented Pension Plan Sponsors and Trustees (One Billion Dollars in contract claims) in th Executive Life Insurance Conservation proceedings.

*State Street Bank and Trust v. Mutual of New York* (1992)

United States District Court, Southern District of New York.  Represented State Street Bank in a suit against Mutual of New York for breach of contract and ERISA violations.  The matter, tried before a jury, settled after completion of the trial on terms favorable to State Street.

*In the Matter of the Rehabilitation of Mutual Benefit Life Insurance Company* (1992-1994)

Represented Pension Plan Sponsors and Trustees in the Mutual Benefit Life Insurance Company Conservation proceedings.  Participated on the steering committee of "Pension GIC" contract holders.

*American Bar Assoc. v. Equitable Life Assurance Society of American* (1992)

Represented the American Bar Association's Pension Plan in objecting to the demutualization of Equitable Life.

Significant General Litigation Matters:

*The Travelers Insurance Co. v. Nyhart* (1989) Montana Fifth Judicial District Court
Defended Travelers Insurance Company in a $50 million lender liability claim brought by defendants in response to a foreclosure action instituted by Travelers. The matter was tried before a jury. Settled on appeal.

*Challenge-Cook Bros. v. LCB Holdings, Inc.* (1988) United States District Court, Central District of California
Represented CCB in breach of contract claim against LCB. Claim arose out of the failure of LCB to complete the acquisition of CCB. Judgment for CCB in excess of $5,000,000 plus award of attorney's fees.

*F.D.I.C. v. John Van Dyke* (1988)
Represented president of failed bank in directors/officers litigation against former bank president, United States District Court, Central Dist. of Calif.

*F.D.I.C. v. Imperial Bank* (1987) United States District Court, Central Dist. of Calif.

Defended Imperial Bank against $10,000,000 claim by F.D.I.C. Complaint alleged Bank was negligent in handling wire transfers causing the closure of a South Dakota bank. Defense verdict.

*Sanwa Bank v. F.D.I.C.* (1985) United States District Court, Central District of California

Represented Bank against FDIC in breach of contract action. Judgment for Bank - $5,000,000.

*Imperial Bank v. Intermodal (and related cases)* (1983)

Prosecuted $23 million bank fraud action arising out of a check kiting scheme. The Bank sustained no loss as a result of the recoveries made from the litigation.

Defended Bank in wrongful termination case filed by bank officer discharged as a result of his alleged participation in the scheme.

Defended Bank in wrongful death action in case brought by the estate of one of the participants in the fraud.

SIGNIFICANT
APPELLATE
DECISIONS:

*Sharp et al., v. Bryan Cave, et al.*, No. 12-56009 (9th Cir. 2014), overturning District Court's dismissal of $100 million malpractice suit against the Bryan Cave law firm, reinstating lawsuit – matter settled for $25 million.

*Ammari Electronics v. Pacific Bell Directory,* A136801, CA1/1(March 14, 2014) –

Class Action case with $27 million recovery after jury trial.

*Zacadia Financial Limited v. Fiduciary Trust Internat. of* Cal. (CA4/3 Jan. 8, 2014) (Appeal involving right to declare default regarding $50 million promissory note)

*In the Matter of Fitness Holdings International, Inc., Official Committee of Unsecured Creditors of the Estate of Fitness Holdings International, Inc. v. Hancock Park Capital II, L.P., Pacific Western Bank, et. al., United States Court of Appeals for the Ninth Circuit,* No. 11-56677, April 30, 2013) (2013 WL 1800000 (C.A.9 (Cal.)) (Established law re right of bankruptcy court to employ equitable powers to recharacterize debt to equity)

*Ammari Electronics v. Pacific Bell Directory* CA 1, (Nov. 15, 2011, A126326)

*Watson v. Garamendi,* 262 Fed.Appx. 805, 2008 WL 56022 (C.A.9, 2008)

*Henry v. Lehman Commercial Paper, Inc.* 471 F.3d 977 (9th Cir. 2006) (Determined Lehman aided and abetted sub-prime lender fraud in 2001-2002 time period)

*People v. Stark* 131 Cal.App.4th (2005) (Confirmed power of criminal receiver to act on behalf of the seized assets of suspect re white collar fraud)

*Texas Life, Accident, Health, et al. v. Gaylord, et al.* 105 F.3d 210 (5th Cir. 1997)(Establishing rights to coverage by pension gic policyholder re state guaranty fund insurance coverage)

*In Re Executive Life Insurance Company In Conservation of Assets,* 32 Cal.App.4th 344, 38 Cal.Rptr.2d 453 (1995)

*Sunburst Bank v. Executive Life Ins. Co.* 24 Cal. App. 4th 1156 (1994)

*Commercial National Bank In Shreveport, et al. v. Garamendi,* 14 Cal.App.4th 393, 17 Cal.Rptr.2d 884 (1993)(Overturning Commissioner's Plan of Rehabilitation of ELIC)

*Texas Commerce Bank-El Paso, N.A. v. Garamendi,* 28 Cal.App.4th 1234, 34 Cal.Rptr.2d 155 (1994)

*Texas Commerce Bank v. Garamendi,* 11 Cal.App.4th 460, 491, 14 Cal.Rptr. 854, 874 (1992)(Policyholder's rights re insurance conservation proceeding)

*Familian Corp. v. Imperial Bank,* 213 Cal.App.3d 681, 262 Cal.Rptr. 101 (1989)(Determining parties rights and obligations re standby letter of credit)

*The Northern Trust Company v. Community Bank,* 873 F.2d 227 (9th Cir. 1989)

*Federal Deposit Insurance Corporation v. Imperial Bank,* 859 F.2d, p. 101 (9th Cir. 1988) (Affirming District Court trial decision that Imperial Bank did not aid and abet bank fraud concerning correspondent Banking relationship.

*Seven Elves, Inc. v. Eskinazi, et al.* 704 F.2d 241 (5th Cir. 1983)

*Seven Elves, Inc. v. Eskinazi, et al.,* 635 F.2d 396 (5th Cir. 1981)(Establishing red line regarding issue of when conduct of an attorney is not binding on a client)

Other Reported Cases:

*Austin v. Chisick* (In re First Alliance Mortg. Co.), 298 B.R. 652 (2003);

*First Alliance Mortg. Co. v. First Alliance Mortg. Co.*, 269 B.R. 428 (2001);

*First Alliance Mortg. Co. v. First Alliance Mortg. Co.* (In re First Alliance Mortgage Co.), 269 B.R. 424 (2001);

*In re County of Orange, Orange County Employers Assn., et al. v. County of Orange*, 179 B.R. 177 (Bankr. C.D. Cal).


EDUCATION:

DePaul University (J.D., 1974)
Southern Illinois University (B.A., 1970)
Admitted to California Bar, 1976
Admitted to Illinois Bar, 1974

019

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 333 South Grand Avenue, Suite 3400, Los Angeles, CA 90071.

A true and correct copy of the foregoing document entitled (*specify*): **CHAPTER 7 TRUSTEE'S APPLICATION TO EMPLOY LARRY W. GABRIEL, THE LAW OFFICES OF JENKINS, MULLIGAN AND GABRIEL, LLP IN PLACE AND INSTEAD OF RONALD RICHARDS, THE LAW OFFICES OF RONALD RICHARDS & ASSOCIATES, A.P.C., AS SPECIAL LITIGATION COUNSEL; DECLARATION AND STATEMENT OF DISINTERESTEDNESS OF LARRY GABRIEL IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) November 11, 2021, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**See Attached List**

☒ Service information continued on attached page.

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) November 11, 2021, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Debtor
Girardi Keese
1126 Wilshire Blvd
Los Angeles, CA 90017-1904

☐ Service information continued on attached page.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| November 11, 2021 | Cheryl Caldwell | /s/Cheryl Caldwell |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

CC 2708887v1 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                          **F 9013-3.1.PROOF.SERVICE**

**ADDITIONAL SERVICE INFORMATION (if needed):**

1. **SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**

- **Kyra E Andrassy**    kandrassy@swelawfirm.com,
  lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com
- **Rafey Balabanian**    rbalabanian@edelson.com, docket@edelson.com
- **Michelle Balady**    mb@bedfordlg.com, leo@bedfordlg.com
- **Ori S Blumenfeld**    ori@marguliesfaithlaw.com,
  Helen@MarguliesFaithLaw.com;Angela@MarguliesFaithLaw.com;Vicky@MarguliesFaithLaw.com
- **Evan C Borges**    eborges@ggtriallaw.com, cwinsten@ggtriallaw.com
- **Richard D Buckley**    richard.buckley@arentfox.com
- **Steve Burnell**    sburnell@sulmeyerlaw.com,
  sburnell@ecf.courtdrive.com;sburnell@ecf.inforuptcy.com;mviramontes@sulmeyerlaw.com
- **Marie E Christiansen**    mchristiansen@vedderprice.com, ecfladocket@vedderprice.com,marie-christiansen-
  4166@ecf.pacerpro.com
- **Jennifer Witherell Crastz**    jcrastz@hrhlaw.com
- **Ashleigh A Danker**    Ashleigh.danker@dinsmore.com, SDCMLFiles@DINSMORE.COM;Katrice.ortiz@dinsmore.com
- **Lei Lei Wang Ekvall - DECEASED -**    lekvall@swelawfirm.com,
  lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com
- **Richard W Esterkin**    richard.esterkin@morganlewis.com
- **Timothy W Evanston**    tevanston@swelawfirm.com,
  gcruz@swelawfirm.com;lgarrett@swelawfirm.com;jchung@swelawfirm.com
- **Jeremy Faith**    Jeremy@MarguliesFaithlaw.com,
  Helen@MarguliesFaithlaw.com;Angela@MarguliesFaithlaw.com;Vicky@MarguliesFaithlaw.com
- **James J Finsten**    , jimfinsten@hotmail.com
- **Alan W Forsley**    alan.forsley@flpllp.com, awf@fkllawfirm.com,awf@fl-lawyers.net,addy.flores@flpllp.com
- **Eric D Goldberg**    eric.goldberg@dlapiper.com, eric-goldberg-1103@ecf.pacerpro.com
- **Andrew Goodman**    agoodman@andyglaw.com, Goodman.AndrewR102467@notify.bestcase.com
- **Suzanne C Grandt**    suzanne.grandt@calbar.ca.gov, joan.randolph@calbar.ca.gov
- **Steven T Gubner**    sgubner@bg.law, ecf@bg.law
- **Marshall J Hogan**    mhogan@swlaw.com, knestuk@swlaw.com
- **Sheryl K Ith**    sith@cookseylaw.com, sith@ecf.courtdrive.com
- **Razmig Izakelian**    razmigizakelian@quinnemanuel.com
- **Lillian Jordan**    ENOTICES@DONLINRECANO.COM, RMAPA@DONLINRECANO.COM
- **Lewis R Landau**    Lew@Landaunet.com
- **Daniel A Lev**    dlev@sulmeyerlaw.com, ccaldwell@sulmeyerlaw.com;dlev@ecf.inforuptcy.com
- **Elizabeth A Lombard**    elombard@zwickerpc.com, bknotices@zwickerpc.com
- **Kathleen P March**    kmarch@bkylawfirm.com, kmarch3@sbcglobal.net
- **Craig G Margulies**    Craig@MarguliesFaithlaw.com,
  Vicky@MarguliesFaithlaw.com;Helen@MarguliesFaithlaw.com;Angela@MarguliesFaithlaw.com
- **Ron Maroko**    ron.maroko@usdoj.gov
- **Peter J Mastan**    peter.mastan@dinsmore.com, SDCMLFiles@dinsmore.com;Katrice.ortiz@dinsmore.com
- **Edith R. Matthai**    ematthai@romalaw.com, lrobie@romalaw.com
- **Daniel J McCarthy**    dmccarthy@hillfarrer.com, spadilla@hillfarrer.com;nchacon@hfbllp.com
- **Elissa Miller (TR)**    CA71@ecfcbis.com,
  MillerTrustee@SulmeyerLaw.com;C124@ecfcbis.com;ccaldwell@sulmeyerlaw.com
- **Eric A Mitnick**    MitnickLaw@aol.com, mitnicklaw@gmail.com
- **Gilbert M Nishimura**    gnishimura@snw-law.com, schin@snw-law.com;sgalindo@snw-law.com;ffilimona@snw-
  law.com
- **Scott Olson**    scott.olson@bclplaw.com, scott-olson-
  2161@ecf.pacerpro.com,ecfsfdocket@vedderprice.com,nortega@vedderprice.com
- **Carmela Pagay**    ctp@lnbyb.com
- **Leonard Pena**    lpena@penalaw.com, penasomaecf@gmail.com;penalr72746@notify.bestcase.com
- **Michael J Quinn**    mquinn@vedderprice.com, ecfladocket@vedderprice.com,michael-quinn-2870@ecf.pacerpro.com
- **David M Reeder**    david@reederlaw.com, secretary@reederlaw.com

CC 2708887v1 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                              **F 9013-3.1.PROOF.SERVICE**

- **Ronald N Richards**   ron@ronaldrichards.com, morani@ronaldrichards.com
- **Kevin C Ronk**   Kevin@portilloronk.com, Attorneys@portilloronk.com
- **Frank X Ruggier**   frank@ruggierlaw.com, enotice@pricelawgroup.com
- **William F Savino**   wsavino@woodsoviatt.com, lherald@woodsoviatt.com
- **Kenneth John Shaffer**   johnshaffer@quinnemanuel.com
- **Richard M Steingard**   , awong@steingardlaw.com
- **Philip E Strok**   pstrok@swelawfirm.com,
  gcruz@swelawfirm.com;1garrett@swelawfirm.com;jchung@swelawfirm.com
- **Boris Treyzon**   bt@treyzon.com, sgonzales@actslaw.com
- **United States Trustee (LA)**   ustpregion16.la.ecf@usdoj.gov
- **Eric D Winston**   ericwinston@quinnemanuel.com
- **Christopher K.S. Wong**   christopher.wong@arentfox.com, yvonne.li@arentfox.com
- **Timothy J Yoo**   tjy@lnbyb.com

CC 2708887v1 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                          **F 9013-3.1.PROOF.SERVICE**