**SMILEY WANG-EKVALL, LLP**
Philip E. Strok, State Bar No. 169296
*pstrok@swelawfirm.com*
Kyra E. Andrassy, State Bar No. 207959
*kandrassy@swelawfirm.com*
Timothy W. Evanston, State Bar No. 319342
*tevanston@swelawfirm.com*
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Telephone:   714 445-1000
Facsimile:    714 445-1002

Attorneys for Elissa D. Miller,
Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>GIRARDI KEESE,<br><br>Debtor. | Case No. 2:20-bk-21022-BR<br><br>Chapter 7<br><br>**STIPULATION TO TURN OVER THE DEBTOR'S FILES AND LAPTOP COMPUTER AND PERSONAL DEVICE TO THE TRUSTEE**<br><br>**[No Hearing Required]** |

**TO THE HONORABLE BARRY RUSSELL, UNITED STATES BANKRUPTCY JUDGE:**

Elissa D. Miller, the chapter 7 trustee of the bankruptcy estate of Girardi Keese (the "Trustee"), by and through her attorneys, Smiley Wang-Ekvall, LLP, and Christopher Kamon ("Kamon"), by and through his attorneys, Skadden, Arps, Slate, Meagher & Flom LLP, enter into this *Stipulation to Turn Over the Debtor's Files and Laptop Computer and Personal Device to the Trustee* (the "Stipulation") as follows:

## RECITALS

A.    On December 18, 2020 (the "Petition Date"), an involuntary chapter 7 bankruptcy petition ("Petition") was filed against Girardi Keese ("Debtor").  As of the filing

of the Petition, the Debtor was counsel of record in a significant number of matters which were undertaken on a contingency basis.

B.  The petitioning creditors moved for the appointment of an interim trustee which was granted by the Court by order entered January 5, 2021.  The Trustee was appointed as the interim chapter 7 trustee of the bankruptcy estate of Girardi Keese (the "Estate") on January 6, 2021.  The order for relief was entered January 13, 2021 and, the same date, the Trustee was reappointed and has been serving in that capacity since.

C.  The Trustee has obtained Court authorization to employ iDiscovery Solutions ("IDS") as her computer consultants.  IDS is assisting the Trustee with, among other things, the collection, storage, analysis and processing of electronically stored information and, as necessary, forensic analysis and other computer consulting services as required by the Trustee.

D.  Prior to the Debtor's bankruptcy case, Kamon was employed by the Debtor. During his employment, the Debtor issued a laptop computer to Kamon to use remotely for firm business (the "Laptop").  The Laptop remains in Kamon's possession.

E.  The Trustee has requested that Kamon turn over possession of the Laptop and all physical files and records of the Debtor in his possession, as the Laptop and physical files and records of the Debtor are property of the Estate.  Kamon has informed the Trustee he used the Laptop for personal matters and stored certain personal information on the Laptop.  Kamon further contends that the Trustee is not entitled to access his personal information stored on the Laptop.

F.  Kamon has also informed the Trustee that he stored personal information locally on the Debtor's desktop computer he used in the Debtor's office during his employment with the Debtor.  Kamon contends that in or around late 2019, the Debtor began the process of upgrading certain software on its desktop computers in its office and that information on these computers was at risk of being lost during the planned upgrade of the Debtor's software.  Kamon further contends that in order to preserve that information, the Debtor's IT department copied the folders onto a device provided by

1  Kamon (the "Personal Device").  The Trustee asserts that the Personal Device contains

2  files and records of the Debtor that are property of the Estate and must be preserved.

3        G.     To facilitate the turnover to the Trustee of the Laptop and the Personal

4  Device, physical files and records, and information stored on the Laptop and the Personal

5  Device, the parties have entered into this Stipulation.

6

7  **STIPULATION**

8  In light of the foregoing and effective upon entry by the Court of an order

9  approving this Stipulation (the "Effective Date"), the parties stipulate as follows:

10       1.     As soon as practicable after the Effective Date, Kamon will turn over all

11  physical files and records of the Debtor in his possession;

12       2.     Immediately upon execution of this Stipulation by all parties, Kamon will (a)

13  turn over the Laptop and the Personal Device to IDS to be held by IDS subject to the

14  terms and conditions of this Stipulation, and (b) IDS will create industry standard forensic

15  images of the Laptop and the Personal Device, using a forensic software program such

16  as FTK Imager, Paladin, EnCase Imager or comparable hardware/software tool that will

17  create complete forensic images of the entire hard drives.  IDS will not review any files

18  stored on either the Laptop or Personal Device.  IDS will not provide access to either the

19  Laptop or the Personal Device to the Trustee, nor will IDS discuss or provide any

20  information regarding the contents of either the Laptop or the Personal Device with the

21  Trustee, absent agreement of the Trustee and Kamon or order of the Court.  At the

22  closing of the Debtor's bankruptcy case (Case No. 2:20-bk-21022-BR), to the extent IDS

23  is in possession of any forensic images, files, or other copies of the Laptop or Personal

24  Device, it will delete any digital copies of such items and return any physical copies to

25  counsel for Kamon.  In addition, if the Laptop and Personal Device are still in IDS's

26  possession at that time, the Laptop and Personal Device will be returned to counsel for

27  Kamon.  Counsel for Kamon will coordinate the return of any devices which are the

28  property of the Debtor's bankruptcy estate with counsel for the Trustee.

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

3. After completion of the forensic imaging in paragraph 2(b) above, the Laptop and the Personal Device will remain in the possession of IDS and not be accessed by the Trustee, IDS or anyone else acting on the Trustee's behalf until further order of the Court.

4. After completion of the forensic imaging in paragraph 2(b) above, IDS will also take the following steps:

(a) IDS will run industry standard scans of the Laptop and the Personal Device to determine whether any data has been deleted from either the Laptop or the Personal Device. The parties to this Stipulation reserve all rights regarding the outcome of IDS' scans;

(b) IDS will generate a file listing from the Laptop and the Personal Device. Because of the concern of viewing potential personal information, the file listing will not contain actual content of the files; it will only contain the name of the file, the file creation date, the last modified date, and the location it exists on the Laptop or Personal Device;

(c) The file listing will first be provided solely to Kamon for review. To the extent Kamon asserts that the file listing identifies any information which should not be disclosed due to any privacy concern, privilege, immunity, or other right, Kamon will redact such information. Kamon will provide the file listing and any redaction(s) as well as the justification for such redaction(s) to Trustee within seven (7) days of Kamon's receipt of the file listing from IDS.

(d) The Trustee will highlight on the file listing any file that she believes is in scope for her review (the Debtor's document, files, and folders in the Laptop and Personal Device relating to the Debtor) and should be produced. Such highlighting shall not include what appear to be obviously personal files, however, the Trustee reserves and does not waive her right to seek review and production of any file not highlighted at a later date;

(e) To the extent that Kamon contends that a file designated by the Trustee for review and production contains personal information that does not overlap with the Debtor's business, Kamon shall notify the Trustee and provide a personal information log. The Trustee reserves and does not waive her right to contest such designation;

(f) To the extent that Kamon contends that a file designated by the Trustee for review and production contains attorney-client privileged information, Kamon shall notify the Trustee and provide a detailed privilege log. The Trustee reserves and does not waive her right to contest such designation; and

(g) Except as provided in 4(e) and 4(f), the requested files shall be produced to the Trustee.

5. After completion of the forensic imaging in paragraph 2(b) above, the forensic images of the Laptop and the Personal Device will be stored in Kamon's counsel's firm files.

6. The Trustee reserves all rights and claims to later request access to the Laptop and the Personal Device, which may include information that Kamon asserts to be personal, and Kamon reserves all rights and defenses to such request(s).

7. Notwithstanding any other provision of this Stipulation, the Trustee may disclose any information which is required to be disclosed in a judicial or administrative proceeding pursuant to a court order or other legal process which compels disclosure. The Trustee shall provide Kamon reasonable notice of such disclosure such that Kamon is able to raise any objections, defenses, or other arguments. If the Trustee or any of her representatives shall, in the opinion of her/their counsel, stand liable for contempt or otherwise be likely to suffer other censure of penalty for the failure to timely disclose, Trustee will provide reasonable notice to Kamon of such intent to disclose such that Kamon is able to raise any objections, defenses, or other arguments.

1    8.    Nothing in this Stipulation shall be construed as a waiver of any rights, privileges, or immunities, including, but not limited to, the Act of Production Immunity, by either the Trustee or Kamon.

**IT IS SO STIPULATED.**

DATED:  November 18, 2021        SMILEY WANG-EKVALL, LLP

By: _____
PHILIP E. STROK
TIMOTHY W. EVANSTON
Attorneys for Elissa D. Miller, Chapter 7 Trustee

DATED:  November 18, 2021        SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP

By: _____
JACK P. DICANIO
MATTHEW J. TAKO
Attorneys for Christopher Kamon

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

2879948.3                    6                    STIPULATION

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 3200 Park Center Drive, Suite 250, Costa Mesa, CA 92626.

A true and correct copy of the foregoing document entitled (*specify*): **STIPULATION TO TURN OVER THE DEBTOR'S FILES AND LAPTOP COMPUTER AND PERSONAL DEVICE TO THE TRUSTEE** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) November 22, 2021 I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page.

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) November 22, 2021, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

The Honorable Barry Russell
U.S. Bankruptcy Court
Roybal Federal Building
255 E. Temple Street, Suite 1660
Los Angeles, CA 90012

☐ Service information continued on attached page.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*)_____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| November 22, 2021 | Gabriela Gomez-Cruz | /s/ Gabriela Gomez-Cruz |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                             **F 9013-3.1.PROOF.SERVICE**

**ADDITIONAL SERVICE INFORMATION (if needed):**

1. <u>**SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**</u>

- Rafey Balabanian    rbalabanian@edelson.com, docket@edelson.com
- Shraddha Bharatia    notices@becket-lee.com
- Ori S Blumenfeld    ori@marguliesfaithlaw.com, Helen@MarguliesFaithLaw.com;Angela@MarguliesFaithLaw.com;Vicky@MarguliesFaithLaw.com
- Evan C Borges    eborges@ggtriallaw.com, cwinsten@ggtriallaw.com
- Richard D Buckley    richard.buckley@arentfox.com
- Marie E Christiansen    mchristiansen@vedderprice.com, ecfladocket@vedderprice.com,marie-christiansen-4166@ecf.pacerpro.com
- Jennifer Witherell Crastz    jcrastz@hrhlaw.com
- Ashleigh A Danker    Ashleigh.danker@dinsmore.com, SDCMLFiles@DINSMORE.COM;Katrice.ortiz@dinsmore.com
- Clifford S Davidson    csdavidson@swlaw.com, jlanglois@swlaw.com;cliff-davidson-7586@ecf.pacerpro.com
- Joseph C Delmotte    ecfcacb@aldridgepite.com, JCD@ecf.inforuptcy.com;jdelmotte@aldridgepite.com
- Lei Lei Wang Ekvall    lekvall@swelawfirm.com, lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com
- Timothy W Evanston    tevanston@swelawfirm.com, gcruz@swelawfirm.com;lgarrett@swelawfirm.com;jchung@swelawfirm.com
- Jeremy Faith    Jeremy@MarguliesFaithlaw.com, Helen@MarguliesFaithlaw.com;Angela@MarguliesFaithlaw.com;Vicky@MarguliesFaithlaw.com
- James J Finsten    , jimfinsten@hotmail.com
- James J Finsten    jfinsten@lurie-zepeda.com, jimfinsten@hotmail.com
- Alan W Forsley    alan.forsley@flpllp.com, awf@fkllawfirm.com,awf@fl-lawyers.net,addy.flores@flpllp.com
- Eric D Goldberg    eric.goldberg@dlapiper.com, eric-goldberg-1103@ecf.pacerpro.com
- Andrew Goodman    agoodman@andyglaw.com, Goodman.AndrewR102467@notify.bestcase.com
- M. Jonathan Hayes    jhayes@rhmfirm.com, roksana@rhmfirm.com;matt@rhmfirm.com;rosario@rhmfirm.com;pardis@rhmfirm.com;russ@rhmfirm.com;david@rhmfirm.com;sloan@rhmfirm.com;boshra@rhmfirm.com;rosario@rhmfirm.com
- Marshall J Hogan    mhogan@swlaw.com, knestuk@swlaw.com
- Bradford G Hughes    bhughes@Clarkhill.com, mdelosreyes@clarkhill.com
- Razmig Izakelian    razmigizakelian@quinnemanuel.com
- Lewis R Landau    Lew@Landaunet.com
- Craig G Margulies    Craig@MarguliesFaithlaw.com, Vicky@MarguliesFaithlaw.com;Helen@MarguliesFaithlaw.com;Angela@MarguliesFaithlaw.com
- Peter J Mastan    peter.mastan@dinsmore.com, SDCMLFiles@dinsmore.com;Katrice.ortiz@dinsmore.com
- Edith R. Matthai    ematthai@romalaw.com, lrobie@romalaw.com
- Elissa Miller    emiller@sulmeyerlaw.com, emillersk@ecf.inforuptcy.com;ccaldwell@sulmeyerlaw.com
- Eric A Mitnick    MitnickLaw@aol.com, mitnicklaw@gmail.com
- Scott H Olson    solson@vedderprice.com, scott-olson-2161@ecf.pacerpro.com,ecfsfdocket@vedderprice.com,nortega@vedderprice.com
- Carmela Pagay    ctp@lnbyb.com
- Ambrish B Patel    apatelEI@americaninfosource.com
- Leonard Pena    lpena@penalaw.com, penasomaecf@gmail.com;penalr72746@notify.bestcase.com
- Michael J Quinn    mquinn@vedderprice.com, ecfladocket@vedderprice.com,michael-quinn-2870@ecf.pacerpro.com
- Matthew D. Resnik    matt@rhmfirm.com, roksana@rhmfirm.com;rosario@rhmfirm.com;susie@rhmfirm.com;max@rhmfirm.com;priscilla@rhmfirm.com;pardis@rhmfirm.com;russ@rhmfirm.com;rebeca@rhmfirm.com;david@rhmfirm.com;sloan@rhmfirm.com
- Ronald N Richards    ron@ronaldrichards.com, morani@ronaldrichards.com
- Kevin C Ronk    Kevin@portilloronk.com, Attorneys@portilloronk.com
- Jason M Rund (TR)    trustee@srlawyers.com, jrund@ecf.axosfs.com
- William F Savino    wsavino@woodsoviatt.com, lherald@woodsoviatt.com
- Gary A Starre    gastarre@gmail.com, mmoonniiee@gmail.com
- Richard P Steelman    rps@lnbyb.com, john@lnbyb.com
- Philip E Strok    pstrok@swelawfirm.com, gcruz@swelawfirm.com;1garrett@swelawfirm.com;jchung@swelawfirm.com
- Boris Treyzon    bt@treyzon.com, sgonzales@actslaw.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Christopher K.S. Wong    christopher.wong@arentfox.com, yvonne.li@arentfox.com
- Timothy J Yoo    tjy@lnbyb.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    **F 9013-3.1.PROOF.SERVICE**