**SMILEY WANG-EKVALL, LLP**
Kyra E. Andrassy, State Bar No. 207959
*kandrassy@swelawfirm.com*
Philip E. Strok, State Bar No. 169296
*pstrok@swelawfirm.com*
Timothy W. Evanston, State Bar No. 319342
*tevanston@swelawfirm.com*
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Telephone:   714 445-1000
Facsimile:   714 445-1002

Attorneys for Elissa D. Miller,
Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No. 2:20-bk-21022-BR |
| GIRARDI KEESE, | Chapter 7 |
| | **MOTION FOR ORDER APPROVING COMPROMISE OF CONTROVERSY WITH REKTE LAW REGARDING THE ALLOCATION OF CONTINGENCY FEES RE LAYTON V. UBER TECHNOLOGIES PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF ELISSA D. MILLER IN SUPPORT** |
| Debtor. | |
| | **[No Hearing Required Pursuant to Local Bankruptcy Rule 9013-1(o)]** |

**TO THE HONORABLE BARRY RUSSELL, UNITED STATES BANKRUPTCY JUDGE:**

Elissa D. Miller, the chapter 7 trustee for the bankruptcy estate (the "Estate") of Girardi Keese (the "Trustee"), submits this *Motion for Order Authorizing Compromise of Controversy with Rekte Law Regarding the Allocation of Contingency Fees Re Layton v. Uber Technologies Pursuant to Federal Rule of Bankruptcy Procedure 9019* (the "Motion").  In support of the Motion, the Trustee submits the following memorandum of points and authorities and the attached Declaration of Elissa D. Miller.

I.      **INTRODUCTION**

This Motion requests approval of a compromise with Rekte Law ("Rekte") regarding the allocation of any contingency fee that may be earned in a case pending in the Los Angeles County Superior Court.  The Debtor filed the complaint in 2019 and Rekte substituted in as counsel in March of 2021.  Since the substitution, Rekte has been responsible for prosecuting the case.  The Trustee has reached an agreement with Rekte regarding the allocation of the contingency fee earned in the case.  The compromise contemplated in this Motion was reached after taking into account the efforts by all parties in prosecuting the case.  The Trustee believes the compromise is fair and equitable and in the best interest of the Estate.

II.     **BACKGROUND**

A.      **The Debtor's Bankruptcy Case**

The Debtor was a plaintiff's law firm based in Los Angeles, California.  On December 18, 2020, petitioning creditors Jill O'Callahan, as successor in interest to James O'Callahan, Robert M. Keese, John Abassian, Erika Saldana, Virginia Antonio, and Kimberly Archie (collectively, the "Petitioning Creditors") filed an involuntary chapter 7 bankruptcy petition against the Debtor.[1]  On December 24, 2020, the Petitioning Creditors filed a *Motion for Appointment of Interim Trustee Pursuant to 11 U.S.C. § 303(g)* [Docket No. 12].  The Court entered an order granting the motion on January 5, 2021 [Docket No. 45].  On January 6, 2021, the Trustee was appointed as the interim trustee [Docket No. 50].

On January 13, 2021, the Court entered an *Order Directing: (1) The Clerk of Court to Immediately Enter an Order for Relief under Chapter 7; (2) The United States Trustee to Immediately Appoint a Chapter 7 Trustee; (3) The Debtor to File All Schedules and*

---

[1]      The Petitioning Creditors also filed an involuntary chapter 7 bankruptcy petition against Thomas V. Girardi, which is currently pending as Bankruptcy Case No. 2:20-bk-21020-BR.

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

1   *Related Documentation for Chapter 7 Case within Fourteen Days of the Entry of this*

2   *Order; and (4) Vacating February 16, 2021 Status Conference* [Docket No. 68].  On

3   January 13, 2021, the Clerk of Court entered an order for relief against the Debtor

4   [Docket No. 69], and the Trustee was appointed and accepted her appointment in the

5   Debtor's case [Docket No. 71].

6   **B.      The Case**

7       Prior to the Petition Date, the Debtor commenced an action in the Los Angeles

8   County Superior Court on behalf of plaintiff Thomas Layton (the "Client") against Uber

9   Technologies and others.  The case is identified as Case No. 19STCV03636 (the

10  "Case").  The Debtor was to receive a certain percentage of the gross amount of any

11  recovery (the "Contingency Fee").  While the Case was with the Debtor, the Debtor's

12  services were limited to propounding and responding to written discovery and sending a

13  demand letter to the insurance company, which yielded no results.  The Debtor's books

14  and records indicate that the Debtor incurred $2,083.25 in costs in connection with the

15  Case.

16      In March of 2021, Rekte substituted in as counsel for the Client.  Rekte indicates

17  that the Client was frustrated with the lack of activity on the Case and with the lack of

18  communication.  According to Rekte, when it took over the Case, the defendant driver

19  had not yet been served, and the Case was in danger of being dismissed.  Rekte located

20  and served the driver in New York and continued with the litigation.  In connection with

21  the settlement of this matter, Rekte promised the Client a sum certain that required him to

22  reduce the contingency fee he would otherwise be paid and to negotiate a reduction in

23  medical liens.

24  **C.      The Agreement**

25      Based on the respective efforts put forth by the Debtor and Rekte, the parties have

26  reached an agreement concerning the allocation of the Contingency Fee and for the

27  reimbursement of costs.  The Trustee and Rekte have agreed that Rekte's share of the

28  Contingency Fee that is paid shall be allocated 15% to the Trustee on behalf of the

1    Estate, and 85% to Rekte.  Notwithstanding the foregoing, the amount of the Contingency

2    Fee to be paid to the Trustee shall not exceed $7,500.00.  The Debtor will be reimbursed

3    costs of $2,083.25.

4        Upon the occurrence of the Effective Date (as defined in the Agreement), the

5    Trustee shall provide Rekte with a copy of the Approval Order and notification that the

6    Effective Date has occurred, and Rekte shall have the later of seven (7) business days

7    from receipt of that notice or from receipt of the Contingency Fee to remit the Debtor's

8    share of the payments to the Trustee.  A copy of the Agreement which fully sets out the

9    terms of the settlement is attached as Exhibit "1."

10

11   **III.    MEMORANDUM OF POINTS AND AUTHORITIES**

12       **A.    The Court Can Approve the Settlement Agreements**

13       Federal Rule of Bankruptcy Procedure ("FRBP") 9019(a) provides, in part, that a

14   court may approve a compromise per motion by the trustee and after a hearing on notice

15   to the debtor, all creditors, and all interested parties.  The standard to be applied to the

16   approval of a settlement includes the probability of success of any litigation, the

17   difficulties in collection on a judgment, the complexity of the matter, the expense,

18   inconvenience or delay occasioned by resolution through litigation, and interests of

19   creditors, and the reasonableness of the compromise.  *In re A & C Properties,* 784 F.2d

20   1377, 1380-81 (9th Cir. 1986).

21       "The bankruptcy court has great latitude in approving compromising agreements."

22   *See id.*  In approving a settlement agreement, the court must find that it is fair and

23   equitable and the product of good-faith negotiations.  *See id.*  Generally speaking, the

24   court may defer to the business judgment of the debtor-in-possession or trustee in

25   deciding whether to settle a matter.  *See In re Mickey McLean Entertainment Group, Inc.,*

26   292 B.R. 415, 420 (B.A.P. 9th Cir. 2003).  The court need not conclude that the proposed

27   settlement is the best possible compromise, but only that the settlement is "within the

28   reasonable range of litigation possibilities."  *See In re World Health Alternatives, Inc.,* 344

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000  •  Fax 714 445-1002

1    B.R. 291, 296 (Bankr. D. Del. 2006).  Similarly, the court need not, and should not

2    conduct a "mini-trial" on the compromised claims but simply determine that disputes

3    related to those claims exist.  *See In re Schmitt,* 215 B.R. 417, 423 (B.A.P. 9th Cir. 1997)

4    ("When assessing a compromise, courts need not rule upon disputed facts and questions

5    of law, but rather only canvass the issues.  A mini-trial on the merits is not required.");

6    *see also, In re Hermitage Inn, Inc.,* 66 B.R. 71, 72 (Bankr. D. Colo. 1986) ("[T]he court's

7    assessment does not require resolution of the issues, but only their identification, so that

8    the reasonableness of the settlement may be evaluated.").  It is enough that the court

9    conclude the probability of success is uncertain.  *See, e.g., In re America West Airlines,*

10   *Inc.,* 214 B.R. 382, 386 (Bankr. D. Ariz. 1997).

11              **B.      The Settlement is Fair and Reasonable**

12          The settlement is reasonable and in the best interest of the Debtor's Estate.  The

13   allocation of the Contingency Fee considers the roles and effort put forward by the Debtor

14   and Rekte.  This result benefits the Estate.  The Trustee believes that the allocation of

15   the Contingency Fee as set forth in the Agreement and in this Motion is fair based on the

16   parties' respective roles.  The Debtor did only a bare minimum of work and the Client has

17   alleged that they failed to respond to his inquiries regarding the Case or to keep him

18   informed of its status.  When Rekte substituted in, the Court was preparing to dismiss the

19   driver, which would likely have resulted in a dismissal of the claims against Uber.  Rekte

20   located the driver in New York and had him served and avoided dismissal.  Rekte has

21   pursued the litigation and performed the lion's share of the work.  As a result of Rekte's

22   services, Rekte was able to engage in meaningful settlement negotiations to move this

23   case towards a conclusion and has expended additional efforts negotiating with the

24   Client's lienholders.

25          The Trustee negotiated this settlement to minimize the risks and costs associated

26   with possible litigation if the parties were unable to arrive at an equitable resolution.  In

27   the absence of a consensual resolution, the Estate would have to litigate a quantum

28   meruit claim for fees and costs.  The litigation would be time-consuming and would

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

1  require a significant expenditure of the Estate's resources.  The Trustee believes that the

2  upside is marginal even if the Trustee were to be successful in the litigation.  Moreover,

3  no litigation is without risk.  The Trustee evaluated the potential strengths and

4  weaknesses of the Estate's position in the litigation and negotiated the settlement

5  described in this Motion in an effort to maximize the return to creditors.

6       The compromise was entered into in good faith and was negotiated at arm's

7  length.

8

9  **IV.    <u>CONCLUSION</u>**

10       For these reasons, the Trustee respectfully requests that the Court enter an order

11  providing for the following relief:

12      1.    Granting the Motion;

13      2.    Authorizing the Trustee to enter into the Agreement;

14      3.    Approving the terms of the Agreement, a copy of which is attached hereto

15  as Exhibit "1";

16      4.    Authorizing the Trustee to execute any documents or take any actions

17  reasonably necessary to effectuate the terms of the Agreement;

18      5.    For such other relief as the Court may deem just and necessary.

19  DATED:  February 14, 2022      Respectfully submitted,

20      SMILEY WANG-EKVALL, LLP

21

22      By:  */s/ Kyra E. Andrassy*

23      KYRA E. ANDRASSY

24      Attorneys for Elissa D. Miller, Chapter 7 Trustee

25

26

27

28

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

1

## **DECLARATION OF ELISSA D. MILLER**

2

3          I, Elissa D. Miller, declare as follows:

4          1.      I am the duly appointed Chapter 7 Trustee in the bankruptcy case of Girardi

5    Keese.  I am also a partner at the law firm SulmeyerKupetz.  I know each of the following

6    facts to be true of my own personal knowledge, except as otherwise stated and, if called

7    as a witness, I could and would competently testify with respect thereto.  I make this

8    declaration in support of the *Motion for Order Authorizing Compromise of Controversy*

9    *with Rekte Law Regarding the Allocation of Contingency Fees Re Layton v. Uber*

10   *Technologies Pursuant to Federal Rule of Bankruptcy Procedure 9019* (the "Motion").

11   Unless otherwise defined in this declaration, all terms defined in the Motion are

12   incorporated herein by this reference.

13         2.      I am informed that prior to the Petition Date, the Debtor commenced an

14   action in the Los Angeles County Superior Court on behalf of plaintiff Thomas Layton (the

15   "Client") against Uber Technologies and others.  The case is identified as Case No.

16   19STCV03636 (the "Case").  It is my understanding that the Debtor was to receive a

17   certain percentage of the gross amount of any recovery (the "Contingency Fee").  While

18   the Case was with the Debtor, the Debtor's services were limited to propounding and

19   responding to written discovery and sending a demand letter to the insurance company,

20   which yielded no results.  The Debtor's books and records indicate that the Debtor

21   incurred $2,083.25 in costs in connection with the Case.

22         3.      In March of 2021, Rekte substituted in as counsel for the Client.  Rekte

23   indicates that the Client was frustrated with the lack of activity on the Case and with the

24   lack of communication.  According to Rekte, when it took over the Case, the defendant

25   driver had not yet been served, and the Case was in danger of being dismissed.  Rekte

26   located and served the driver in New York and continued with the litigation.  In connection

27   with the settlement of this matter, I am informed that Rekte promised the Client a sum

28

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

1  certain that required him to reduce the contingency fee he would otherwise be paid and

2  to negotiate a reduction in medical liens.

3        4.      Based on the respective efforts put forth by the Debtor and Rekte, Rekte

4  and I reached an agreement concerning the allocation of the Contingency Fee and for the

5  reimbursement of costs.  A copy of the Agreement which fully sets out the terms of the

6  settlement is attached as Exhibit "1."

7        5.      I believe the settlement is reasonable and in the best interest of the

8  Debtor's Estate.  The allocation of the Contingency Fee considers the roles and effort put

9  forward by the Debtor and Rekte.  This result benefits the Estate.  I believe that the

10  allocation of the Contingency Fee as set forth in the Agreement and in this Motion is fair

11  based on the parties' respective roles.  The Debtor did only a bare minimum of work and

12  the Client has alleged that they failed to respond to his inquiries regarding the Case or to

13  keep him informed of its status.  It is my understanding that when Rekte substituted in,

14  the Court was preparing to dismiss the driver, which would likely have resulted in a

15  dismissal of the claims against Uber.  Rekte located the driver in New York and had him

16  served and avoided dismissal.  Rekte has pursued the litigation and performed the lion's

17  share of the work.  As a result of Rekte's services, Rekte was able to engage in

18  meaningful settlement negotiations to move this case towards a conclusion and has

19  expended additional efforts negotiating with the Client's lienholders.

20        6.      I negotiated this settlement to minimize the risks and costs associated with

21  possible litigation if the parties were unable to arrive at an equitable resolution.  In the

22  absence of a consensual resolution, the Estate would have to litigate a quantum meruit

23  claim for fees and costs.  The litigation would be time-consuming and would require a

24  significant expenditure of the Estate's resources.  I believe that the upside is marginal

25  even if the litigation were successful.  Moreover, no litigation is without risk, particularly in

26  a case where the Debtor's alleged lack of diligence nearly resulted in the case's

27  dismissal.  I evaluated the potential strengths and weaknesses of the Estate's position in

28

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

1  the litigation and negotiated the settlement described in this Motion in an effort to

2  maximize the return to creditors.

3        7.     The compromise was entered into in good faith and was negotiated at arm's

4  length.

5        I declare under penalty of perjury under the laws of the United States of America

6  that the foregoing is true and correct.

7        Executed on this 14th day of February, 2022, at Los Angeles, California.

8

9               _____

10               ELISSA D. MILLER

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

# EXHIBIT "1"

## SETTLEMENT AGREEMENT

THIS SETTLEMENT AGREEMENT ("Agreement") is entered into by and between ELISSA D. MILLER, solely in her capacity as trustee of the estate of Girardi Keese (the "Debtor"), and REKTE LAW ("Rekte"). The Trustee and Rekte may hereinafter be referred to individually as a "Party" and collectively as the "Parties."

## RECITALS

A.      On December 18, 2020 (the "Petition Date"), an involuntary chapter 7 bankruptcy petition was filed against the Girardi Keese (the "Debtor") commencing Case No. 2:20-bk-21022-BR in the U.S. Bankruptcy Court for the Central District of California ("Bankruptcy Court") . The Order for Relief was entered on January 13, 2021, and the Trustee was appointed and accepted her appointment.

B.      Prior to the Petition Date, the Debtor commenced an action in the Los Angeles County Superior Court on behalf of plaintiff Thomas Layton (the "Client") against Uber Technologies and others. The case is identified as Case No. 19STCV03636 (the "Case"). The Debtor was to receive a certain percentage of the gross amount of any recovery (the "Contingency Fee").

C.      In March of 2021, Rekte substituted in as counsel for the Client. Rekte is in the process of negotiating a settlement of the Case that is likely to require him to reduce the Contingency Fee that would otherwise be paid.

D.      The Debtor's books and records indicate that the Debtor incurred $2,083.25 in costs in connection with the Case.

E.      The Trustee and Rekte have reached an agreement with respect to the allocation of the Contingency Fee and for the reimbursement of costs.

NOW THEREFORE, in consideration of the foregoing recitals and the mutual covenants, conditions, promises, and agreements contained herein, and for other good and valuable consideration, the receipt of which is hereby acknowledged, the Parties agree as follows:

## ARTICLE 1
## APPROVAL ORDER AND BINDING EFFECT

**1.1.    Binding Effect.** This Agreement shall become effective and binding only upon entry by the Bankruptcy Court of a final order approving the Agreement (the "Approval Order"). The Approval Order is "final" after it is entered unless an appeal is timely filed and a stay pending appeal is obtained. In the event of a timely-filed appeal and stay, the order shall become final if and when the appeal is resolved in favor of the Trustee. In the event the stay pending appeal is lifted prior to the resolution of the appeal, the order shall become final upon the lifting of the stay pending appeal. The "Effective Date" of this Agreement shall be the first business day after the Approval Order becomes final.

2896525.3                                    1

**1.2.    Court Approval.**  Upon execution of this Agreement by the Parties, the Trustee will promptly file a motion to approve this Agreement with the Bankruptcy Court.  The Trustee shall use her best efforts to obtain the Bankruptcy Court's approval of the motion and this Agreement, and the Parties shall cooperate in this regard and in defending against an appeal of the Court's approval of the Motion.

**1.3.    Termination of Agreement.**  In the event that this Agreement is not approved by the Bankruptcy Court with a final Approval Order, with the exception of Article I of this Agreement, this Agreement shall become null and void and of no force or effect.

**ARTICLE 2**
**TERMS OF SETTLEMENT**

**2.1.    Allocation of Rekte's Share of the Contingency Fee.**  Rekte's share of the Contingency Fee that is paid shall be allocated 15% to the Trustee on behalf of the Estate, and 85% to Rekte.  Notwithstanding the foregoing, the amount of the Contingency Fee to be paid to the Trustee shall not exceed $7,500.00.

**2.2.    Reimbursement of Costs.**  The Estate will receive $2,083.25 as reimbursement for costs advanced in connection with the Case.

**2.3.    Payment.**  Upon entry of the Approval Order, the Trustee shall provide Rekte with a copy of the Approval Order.  Rekte shall have the later of seven (7) business days after entry of the Approval Order or seven (7) business days after its receipt of the Contingency Fee to remit the Estate's Fees and the Estate's Costs identified in Sections 2.1 and 2.2 above by check made payable to "Elissa D. Miller, Chapter 7 Trustee of the Bankruptcy Estate of Girardi Keese. The check should include a reference to the case, *Layton v. Uber*, and be sent to:

> SulmeyerKupetz, APC
> Attention: Elissa D. Miller, Trustee
> 333 S. Grand Avenue, Suite 3400
> Los Angeles, California 90071

**ARTICLE 3**
**REPRESENTATIONS AND WARRANTIES**

**3.1.    No Undisclosed Inducements.**  The Parties represent that they have entered into this Agreement in reliance on their own investigation and that no representations, warranties, or promises other than those set forth in this Agreement were made by the Parties or their agents, employees, or counsel to induce either Party to enter into this Agreement.

**3.2.    Representation by Counsel.**  Each Party represents that he or she has obtained independent legal advice with respect to this Agreement, the subject matter of this Agreement, the facts referred to above, and any rights or asserted rights arising therefrom.  The Parties acknowledge that they are executing this Agreement voluntarily, without any duress or undue influence.

2896525.3

2

**3.3.    Authority to Execute Agreement.**  The Parties warrant and represent that they are authorized to execute this Agreement on behalf of the respective parties and in their respective capacities as indicated below, provided however that the Trustee's execution of this Agreement is specifically subject to the approval of the Bankruptcy Court as provided for herein.

## ARTICLE 4
## RELEASE OF CLAIMS

**4.1.    Release of Claims by the Trustee.**  Except as otherwise provided in this Agreement, and effective only upon (a) approval of the Agreement by the Bankruptcy Court, and (b) receipt of the Estate's allocation of the Contingency Fee and reimbursement of agreed-upon costs, the Trustee, for and on behalf of the Estate and her successors (collectively, the "Releasing Parties") shall release and discharge Rekte from any and all claims, demands, controversies, actions, causes of action, suits, proceedings, obligations, liabilities, fines, penalties, costs, expenses, attorneys' fees, and damages of whatsoever character, nature, or kind, in law or in equity, whether known or unknown, fixed or contingent, and liquidated or unliquidated, relating to the Case.

**4.2.    Release of Claims by Rekte.**  Except as otherwise provided in this Agreement, Rekte, for itself and its successors, assigns, grantees, and affiliates (collectively, "Rekte's Releasing Parties"), shall release and discharge any and all claims or interests which Rekte's Releasing Parties may now own or hold, or may have previously owned or held, or may in the future own or hold, against the Trustee and the Estate and their respective agents, attorneys, and employees from any and all claims, demands, controversies, actions, causes of action, suits, proceedings, obligations, liabilities, fines, penalties, costs, expenses, attorneys' fees, and damages of whatsoever character, nature, or kind, in law or in equity, whether known or unknown, fixed or contingent, and liquidated or unliquidated, which relate to the Case.

## ARTICLE 5
## GENERAL PROVISIONS

**5.1.    Integration.**  This Agreement sets forth the entire agreement between the Parties with regard to the subject matter hereof and no change, modification, amendment, termination or discharge of this Agreement shall be binding unless made in writing and executed by each of the parties.  All agreements, covenants, representations and warranties, express or implied, oral and written, of the parties with regard to the subject matter hereof, are contained in this Agreement and the documents referred to herein or implementing the provisions hereof.  No other agreements, covenants, representations or warranties, express or implied, oral or written, have been made by any party to another party with respect to the subject matter of this Agreement. All prior and contemporaneous conversations, negotiations, possible and alleged agreements and representations, covenants and warranties with respect to the subject matter hereof are waived, merged herein, and superseded hereby and thereby.

**5.2.    No Third-Party Beneficiaries.**  This Agreement is not for the benefit of any person who is not a party signatory to this Agreement or who is not specifically named as a beneficiary in this Agreement, and the provisions of this Agreement are not intended to affect the

2896525.3                                         3

rights of any party or non-party against any person or entity who is not a party signatory to this Agreement or who is not specifically named as a beneficiary in this Agreement.

     **5.3.**    **Attorneys' Fees.**  With respect to any suit or proceeding involving the enforcement of this Agreement, including, but not limited to, instituting any action or proceeding to enforce any provisions of this Agreement, to prevent a breach of this Agreement, for damages by reason of any alleged breach of any provisions of this Agreement, or for a declaration of a Party's rights or obligations under this Agreement, the ultimate prevailing Party shall be entitled to recover from the losing Party or Parties, in addition to such other relief as may be granted, his/her reasonable attorneys' fees (other than the attorneys' fees and costs to prepare this Agreement and seek Bankruptcy Court approval of this Agreement).

     **5.4.**    **Survival.** It is expressly understood and agreed by each of the Parties that nothing provided for in this Agreement is intended to nor does it release any claims arising out of breach of this Agreement, or any representations contained herein or made in connection herewith. All representations, warranties and covenants herein shall survive the execution of this Agreement.

     **5.5.**    **Further Documentation.** Following the date hereof, the parties must take such action and execute and deliver such further documents as may be reasonably necessary or appropriate to effectuate the intention of this Agreement.

     **5.6.**    **Governing Law.** This Agreement and the rights and obligations of the parties hereunder shall be construed, interpreted and enforced in accordance with the laws of the State of California.

     **5.7.**    **Jurisdiction.** In the event a dispute arises under this Agreement, the Bankruptcy Court shall have exclusive jurisdiction to interpret and enforce this Agreement.

     **5.8.**    **Interpretation.** This Agreement shall be treated as jointly drafted and will not be construed against any Party as drafter. Furthermore, in the event of any ambiguity in or dispute regarding the interpretation of this Agreement, the interpretation will not be resolved by any rule of interpretation providing for interpretation against the Party who causes the uncertainty to exist or against the draftsperson.

     **5.9.**    **Meaning of Pronouns and Effect of Headings.** As used in the Agreement and attached exhibits, the masculine, feminine and/or neuter gender, in the singular or plural, shall be deemed to include the others whenever the text so requires. The captions and paragraph headings in the Agreement are inserted solely for convenience or reference and shall not restrict, limit or otherwise affect the meaning of the Agreement.

     **5.10.**    **Counterparts and Electronic Signatures.** This Agreement may be executed in multiple counterpart copies, each of which shall be deemed an original, but all of which together shall constitute one agreement. A signature sent and received by facsimile or other electronic means shall constitute an original signature for purposes of this Agreement. An electronic signature shall constitute an original signature for purposes of this Agreement.

2896525.3

4

**5.11.   Severability.**  In the event that any covenant, condition or other provision contained in this Agreement is held to be invalid, void or illegal by any court of competent jurisdiction, the same shall be deemed severable from the remainder of this Agreement and shall in no way affect, impair or invalidate any other covenant, condition or other provision contained herein, so long as such severance does not materially affect the consideration given or received herein or the general intent hereof.  If such condition, covenant or other provision shall be deemed invalid due to its scope or breadth, such covenant, condition or other provision shall be deemed valid to the extent that the scope or breadth is permitted by law.

**5.12.   Waiver.**  No breach of any provision herein can be waived unless in writing. Waiver of any one breach of any provision hereof shall not be deemed to be a waiver of any other breach of the same or any other provision hereof.  No failure or delay on the part of any Party to exercise any right hereunder, nor any other indulgence of such Party, shall operate as a waiver of any other rights hereunder, nor shall any single exercise by any Party of any right hereunder preclude any other or further exercise thereof.  The rights and remedies herein provided are cumulative and not exclusive of any right or remedies provided by law.

**5.13.   Binding on Successors.**  This Agreement shall be binding upon and inure to the benefit of the successors, assigns, heirs, executors, administrators, etc. of each of the Parties, including but not limited to any successor trustee and the Debtor after the case is dismissed or closed.

**5.14.   No Assignments or Delegation of Rights.**  Neither Party hereto has assigned or delegated any rights to any other party or person any of the rights or interests related to any claim which may be subject to the terms of this Agreement.

**5.15.   Further Assurances.**  The Parties shall take all further acts and sign all further documents necessary or convenient to effectuate the purpose of this Agreement.

**5.16.   Full Authority to Sign Agreement.**  Any individual signing on behalf of any Party hereto expressly represents and warrants to each other Party that he or she has full authority to do so and to bind such Party hereto and, in the case of the Trustee, to bind the Estate, subject only to approval of the Bankruptcy Court.

**5.17.   Parties to Bear Own Costs.**  Each party shall be responsible for the payment of its own costs, attorneys' fees, and all other expenses in connection with negotiation, preparation, execution, and approval of this Agreement.

**5.18.   Recitals Acknowledged.**  The Recitals are true and correct to the best of the Parties' knowledge, and hereby adopted by the Parties.

**5.19.   Notices.**  Any notice by any Party to any other Party may be made by e-mail and delivered to the other Party at the address below until written notice of a different email address is given by the Party.  Any payments to be made pursuant to this Agreement shall be deemed made only upon actual receipt.

To the Trustee:
Elissa D. Miller, Bankruptcy Trustee for Girardi Keese
c/o SulmeyerKupetz
333 S Grand Avenue, Suite 3400
Los Angeles, CA  90071
emiller@sulmeyerlaw.com

with copies to:
Kyra E. Andrassy
Philip E. Strok
Smiley Wang-Ekvall, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, CA  92626
kandrassy@swelawfirm.com
pstrok@swelawfirm.com

To Rekte:
Andre Rekte
Rekte Law
215 Cajon Street
Redlands, CA  92373-5201
andre@rektelaw.com

    IN WITNESS WHEREOF, the Parties hereto hereby execute this Settlement Agreement as of the date of final signature below.

DATED:  ~~January~~ 2/10, 2022

_____
ELISSA D. MILLER, solely in her capacity as
Chapter 7 Trustee of the Estate

DATED:  January ____, 2022        REKTE LAW

By:  _____
     ANDRE REKTE

2896525.4        6

To the Trustee:
Elissa D. Miller, Bankruptcy Trustee for Girardi Keese
c/o SulmeyerKupetz
333 S Grand Avenue, Suite 3400
Los Angeles, CA 90071
emiller@sulmeyerlaw.com

with copies to:
Kyra E. Andrassy
Philip E. Strok
Smiley Wang-Ekvall, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, CA 92626
kandrassy@swelawfirm.com
pstrok@swelawfirm.com

To Rekte:
Andre Rekte
Rekte Law
215 Cajon Street
Redlands, CA 92373-5201
andre@rektelaw.com

IN WITNESS WHEREOF, the Parties hereto hereby execute this Settlement Agreement
as of the date of final signature below.

DATED: January ___, 2022

_____
ELISSA D. MILLER, solely in her capacity as
Chapter 7 Trustee of the Estate

DATED: ~~January~~ FEBRUARY 2, 2022

REKTE LAW

By: _____
ANDRE REKTE

2896525.3                                6

EXHIBIT "1," PAGE 16

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 3200 Park Center Drive, Suite 250, Costa Mesa, CA 92626.

 A true and correct copy of the foregoing document entitled (*specify*)**: MOTION FOR ORDER APPROVING COMPROMISE OF CONTROVERSY WITH REKTE LAW REGARDING THE ALLOCATION OF CONTINGENCY FEES RE LAYTON V. UBER TECHNOLOGIES PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF ELISSA D. MILLER IN SUPPORT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) February 14, 2022  I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page.

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) February 14, 2022  , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

The Honorable Barry Russell
U.S. Bankruptcy Court
Roybal Federal Building
255 E. Temple Street, Suite 1660
Los Angeles, CA 90012

☐ Service information continued on attached page.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*)_____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| February 14, 2022 | Gabriela Gomez-Cruz | /s/ Gabriela Gomez-Cruz |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                      **F 9013-3.1.PROOF.SERVICE**

**ADDITIONAL SERVICE INFORMATION** (if needed):

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**

- Kyra E Andrassy    kandrassy@swelawfirm.com,
  lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com
- Rafey Balabanian    rbalabanian@edelson.com, docket@edelson.com
- Michelle Balady    mb@bedfordlg.com, leo@bedfordlg.com
- Ori S Blumenfeld    ori@marguliesfaithlaw.com,
  Helen@MarguliesFaithLaw.com;Angela@MarguliesFaithLaw.com;Vicky@MarguliesFaithLaw.com
- Evan C Borges    eborges@ggtriallaw.com, cwinsten@ggtriallaw.com
- Richard D Buckley    richard.buckley@arentfox.com
- Steve Burnell    sburnell@sulmeyerlaw.com,
  sburnell@ecf.courtdrive.com;sburnell@ecf.inforuptcy.com;mviramontes@sulmeyerlaw.com
- Indira J. Cameron-Banks    indira@cameron-banks.com, tiffany@cameronbankslaw.com
- Marie E Christiansen    mchristiansen@vedderprice.com, ecfladocket@vedderprice.com,marie-christiansen-
  4166@ecf.pacerpro.com
- Jennifer Witherell Crastz    jcrastz@hrhlaw.com
- Ashleigh A Danker    Ashleigh.danker@dinsmore.com,
  SDCMLFiles@DINSMORE.COM;Katrice.ortiz@dinsmore.com
- Lei Lei Wang Ekvall - DECEASED -    lekvall@swelawfirm.com,
  lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com
- Richard W Esterkin    richard.esterkin@morganlewis.com
- Timothy W Evanston    tevanston@swelawfirm.com,
  gcruz@swelawfirm.com;lgarrett@swelawfirm.com;jchung@swelawfirm.com
- Jeremy Faith    Jeremy@MarguliesFaithlaw.com,
  Helen@MarguliesFaithlaw.com;Angela@MarguliesFaithlaw.com;Vicky@MarguliesFaithlaw.com
- James J Finsten    , jimfinsten@hotmail.com
- Alan W Forsley    alan.forsley@flpllp.com, awf@fkllawfirm.com,awf@fl-lawyers.net,addy.flores@flpllp.com
- Larry W Gabriel    lgabrielaw@outlook.com, tinadow17@gmail.com
- Eric D Goldberg    eric.goldberg@dlapiper.com, eric-goldberg-1103@ecf.pacerpro.com
- Andrew Goodman    agoodman@andyglaw.com, Goodman.AndrewR102467@notify.bestcase.com
- Suzanne C Grandt    suzanne.grandt@calbar.ca.gov, joan.randolph@calbar.ca.gov
- Steven T Gubner    sgubner@bg.law, ecf@bg.law
- Marshall J Hogan    mhogan@swlaw.com, knestuk@swlaw.com
- Sheryl K Ith    sith@cookseylaw.com, sith@ecf.courtdrive.com
- Razmig Izakelian    razmigizakelian@quinnemanuel.com
- Lillian Jordan    ENOTICES@DONLINRECANO.COM, RMAPA@DONLINRECANO.COM
- Lewis R Landau    Lew@Landaunet.com
- Daniel A Lev    dlev@sulmeyerlaw.com, ccaldwell@sulmeyerlaw.com;dlev@ecf.inforuptcy.com
- Elizabeth A Lombard    elombard@zwickerpc.com, bknotices@zwickerpc.com
- Kathleen P March    kmarch@bkylawfirm.com, kmarch3@sbcglobal.net
- Craig G Margulies    Craig@Marguliesfaithlaw.com,
  Vicky@MarguliesFaithlaw.com;Helen@MarguliesFaithlaw.com;Angela@MarguliesFaithlaw.com
- Ron Maroko    ron.maroko@usdoj.gov
- Peter J Mastan    peter.mastan@dinsmore.com, SDCMLFiles@dinsmore.com;Katrice.ortiz@dinsmore.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                    **F 9013-3.1.PROOF.SERVICE**

- Edith R. Matthai    ematthai@romalaw.com, lrobie@romalaw.com
- Daniel J McCarthy    dmccarthy@hillfarrer.com, spadilla@hillfarrer.com;nchacon@hfbllp.com
- Jack Meyer    jmeyer@ggtriallaw.com
- Elissa Miller (TR)    CA71@ecfcbis.com,
  MillerTrustee@Sulmeyerlaw.com;C124@ecfcbis.com;ccaldwell@sulmeyerlaw.com
- Eric A Mitnick    MitnickLaw@aol.com, mitnicklaw@gmail.com
- Gilbert M Nishimura    gnishimura@snw-law.com, schin@snw-law.com;sgalindo@snw-law.com;ffilimona@snw-law.com
- Scott Olson    scott.olson@bclplaw.com, scott-olson-2161@ecf.pacerpro.com,ecfsfdocket@vedderprice.com,nortega@vedderprice.com
- Carmela Pagay    ctp@lnbyb.com
- Leonard Pena    lpena@penalaw.com, penasomaecf@gmail.com;penalr72746@notify.bestcase.com
- Michael J Quinn    mquinn@vedderprice.com, ecfladocket@vedderprice.com,michael-quinn-2870@ecf.pacerpro.com
- David M Reeder    david@reederlaw.com, secretary@reederlaw.com
- Ronald N Richards    ron@ronaldrichards.com, morani@ronaldrichards.com
- Kevin C Ronk    Kevin@portilloronk.com, Attorneys@portilloronk.com
- Frank X Ruggier    frank@ruggierlaw.com, enotice@pricelawgroup.com
- William F Savino    wsavino@woodsoviatt.com, lherald@woodsoviatt.com
- Kenneth John Shaffer    johnshaffer@quinnemanuel.com
- Richard M Steingard    , awong@steingardlaw.com
- Philip E Strok    pstrok@swelawfirm.com,
  gcruz@swelawfirm.com;1garrett@swelawfirm.com;jchung@swelawfirm.com
- Boris Treyzon    bt@treyzon.com, sgonzales@actslaw.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Diane C Weil    dcweil@dcweillaw.com,
  diane.c.weil@Gmail.com,dweil@ecf.inforuptcy.com,alopez@dcweillaw.com
- Eric D Winston    ericwinston@quinnemanuel.com
- Christopher K.S. Wong    christopher.wong@arentfox.com, yvonne.li@arentfox.com
- Robert M Yaspan    court@yaspanlaw.com, tmenachian@yaspanlaw.com
- Timothy J Yoo    tjy@lnbyb.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                        **F 9013-3.1.PROOF.SERVICE**