Elissa D. Miller
 emiller@sulmeyerlaw.com
333 South Grand Ave., Suite 3400
Los Angeles, California 90071-1406
Telephone: 213.626.2311
Facsimile: 213.629.4520

Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>GIRARDI KEESE,<br><br>Debtor. | Case No. 2:20-bk-21022-BR<br><br>Chapter 7<br><br>**CHAPTER 7 TRUSTEE'S APPLICATION TO EXPAND SCOPE OF SERVICES OF SPECIAL LITIGATION COUNSEL, LARRY W. GABRIEL, THE LAW OFFICES OF JENKINS, MULLIGAN & GABRIEL, LLP**<br><br>[11 U.S.C. §§ 327(c) and (e), 328(a); Fed. R. Bankr. P. 2014; Loc. Bankr. R. 2014-1(b)]<br><br>[No Hearing Required Unless Requested] |

**TO THE HONORABLE BARRY RUSSELL, UNITES STATES BANKRUPTCY JUDGE AND TO ALL PARTIES IN INTEREST:**

Elissa D. Miller, Chapter 7 Trustee (the "Trustee"), for the estate of the Debtor Girardi Keese (the "Debtor") hereby submits her *"APPLICATION TO EXPAND SCOPE OF SERVICES OF SPECIAL LITIGATION COUNSEL, LARRY W. GABRIEL, THE LAW OFFICES OF JENKINS, MULLIGAN & GABRIEL, LLP* (the "Application"), pursuant to which the Trustee seeks an order of this Court expanding the scope of legal services to be provided by Larry W. Gabriel, Jenkins, Mulligan and Gabriel, LLP ("Gabriel") on behalf of the estate to include evaluating and, if appropriate, prosecuting claims or actions as to Girardi Keese

EDM 2733318v1

Litigation Funders, the Girardi Keese Accountants, and Girardi Keese outside legal counsel, and represents as follows:

1. On November 16, 2021, I filed an amended application to employ Larry W. Gabriel and Jenkins, Mulligan & Gabriel, LLP to serve as special litigation counsel in the case *Miller v. Erika Girardi, et al.,* Adv. Case No. 2:21-ap-01155 [ECF Doc. 849] (the "First Application").

2. Said application was approved by the Court on December 17, 2021. [ECF Doc. 932]

3. Previous to the retention of Mr. Gabriel, I had filed an Application to Employ Girard Sharp as special litigation counsel to evaluate and prosecute claims, if appropriate against three or more "Litigation Lenders" which had provided financing to the Debtor pre-bankruptcy which financing supported the Debtor's pursuit of various mass tort actions and or class actions. [ECF Doc. 770] Objections were made to the application based upon the fee structure proposed for the retention, among other things, and on December 13, 2021, the Court denied the application based upon the objections submitted. [Order, ECF Doc. 917]

4. Following the Court's rulings, I held discussions with other litigation law firms to ascertain their willingness to undertake the proposed Litigation Lenders representation and requested fee proposals for the representation. As a result of those discussions, I concluded that it would be preferrable for Mr. Gabriel, Jenkins Mulligan & Gabriel, LLP (collectively "Gabriel") to expand its role as special litigation counsel for the purposes of evaluating and, if appropriate, prosecute claims against the Debtor's Litigation Lenders. In addition, given the institutional knowledge that Gabriel has built up regarding the underlying facts of the Debtor's business practices, and its continued investigation into those facts, that it would be appropriate and efficient for Gabriel to also evaluate and, if appropriate, prosecute claims against the Debtor's former accountants and outside counsel (collectively with the Litigation Lenders the "Target Parties"). As can be seen by Mr. Gabriel's resume filed with the First Application, a copy of which is attached hereto as **Exhibit 1**, Mr. Gabriel is well qualified to provide the services contemplated by this Application to expand the services to be provided.

5. In exchange for their services, I propose to pay Gabriel a mixed hourly rate and contingency fee as follows:

    i. For the evaluation of the claims against the Target Parties, Gabriel will bill the estate for the time incurred, at the hourly rate of $500.00 per hour for partner services, $250.00 per hour for associate services and $100 per hour for work performed by law clerks.

    ii. The hourly fee arrangement will continue until the evaluation is completed and the Trustee has made a decision to prosecute a claim against one or more of the Target Parties. At that point in time, the retention will convert to a contingency fee arrangement as follows:

        a. 30% of the Net Recovery (defined as the gross recovery less costs repaid, less the amount of hourly fees billed) if the claim is resolved prior to 60 days prior to a jury or bench trial;

        b. 40% of the Net Recovery should the matter be resolved less than 60 days prior to a jury or bench trial, or upon obtaining a final judgment entered after trial;

    iii. In the event a claim filed against a Funding Lender results in the equitable subordination of the Funding Lender's claim or a reduction in the Funding Lender's claim amount, without a cash component, Gabriel shall be entitled to the Firm's hourly rate fee as described above for the entire matter. In the event there is a cash component to the settlement or judgment as to any Funding Lender, Gabriel shall be entitled to the contingency fee of 25% of the cash component in addition to his hourly rate, subject to approval of the court as provided for in 11 U.S.C. 328(a). Gabriel understands that any and all fees and expenses sought or requested by, or paid to, Gabriel is subject to Bankruptcy Court approval and in the amounts approved by the Bankruptcy Court upon proper application in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules of this Court and any other applicable law and guidelines.

iv.    Gabriel has no agreement to share any compensation for services rendered in connection with this case with any other individual or entity, except as among and between Gabriel's partners, employees, independent contractors or contract attorneys all of whom shall act under the direction and supervision of Gabriel.

v.    Upon entry of the order approving this Application, the Trustee shall pay to Gabriel from unencumbered funds, a $10,000 retainer to be used solely for the reimbursement of its out-of- pocket costs pursuant to the procedures set forth herein. Gabriel will provide informational bills to Trustee not less than bi-monthly. Following review of the billing, Client will advise Attorney whether it has any objection to the payment of costs from the retainer. If not, Attorney may draw down on the retainer for payment of costs. If Client objects, Attorney may request allowance either immediately from the court or at the time it files its final fee application. Replenishment of said retainer may only be incurred for this engagement as approved by the Court. No other retainer has been paid or is being proposed to Gabriel other than the aforementioned retainer.

WHEREFORE, Applicant requests that the Court enter an Order authorizing the expansion of Gabriel's role as special litigation counsel and to employ Gabriel as special litigation counsel for the matters heretofore described pursuant to the terms and conditions set forth above.

DATED: February 15, 2022

Respectfully submitted,

/s/ *Elissa D. Miller*
Elissa D. Miller
Chapter 7 Trustee

**APPROVED AS TO FORM AND CONTENT**:

Larry W. Gabriel
Jenkins, Mulligan & Gabriel, LLP

EDM 2733318v1

4

# EXHIBIT 1

# CURRICULUM VITAE

## LARRY W. GABRIEL

| | |
|---|---|
| **PRESENT POSITION:** | Partner (2005 – Present)<br>Jenkins Mulligan & Gabriel, LLP<br>585 Lorna Lane<br>Los Angeles, CA 90049 |
| **PREVIOUS POSITIONS:** | Of Counsel<br>Brutzkus Gubner Rozansky Seror Weber LLP<br>21650 Oxnard Street, Suite 500<br>Woodland Hills, California 91367<br>Of Counsel: (2008 – 2021) |
| | Pachulski, Stang, Ziehl, & Jones, LLP<br>10100 Santa Monica Blvd., Suite 1100<br>Los Angeles, California 90067<br>Shareholder    (1992-2005) |
| | Buchalter, Nemer, Fields & Younger<br>601 S. Figueroa Street, Suite 2500<br>Los Angeles, California 90017<br>Shareholder    (1991-1992) |
| | Rosen, Wachtell & Gilbert<br>1888 Century Park East, Suite 2100<br>Los Angeles, California 90067<br>Shareholder    (1982-1991) |
| **PROFESSIONAL:** | Drafting Committee, NAIC Receivership Handbook; Member of: Los Angeles County and American (Business Law Section, Insurance Insolvency Task Force (1993-1999), Tort and Insurance Practice Section (1984-2000) American Bar Association and State Bar of California; Trial Lawyers Assn. of America; and, Los Angeles Business Trial Lawyers Assn.<br><br>Adjunct Professor – Business Law, College of the Desert (2005-2007); Adjunct Professor of Law - Banking, Pepperdine University Law School (1987-1989);<br>Judge Pro-Tem, Beverly Hills Municipal Court (1982-1990);<br><br>City Council, City of Hidden Hills, California (1997-2002); Mayor Pro Tem (1998-2002); Planning Commissioner, City of Hidden Hills (1991-1993); |

PUBLICATIONS/
PRESENTATIONS:

Article: "Another Arrow in the Chapter 11 Trustee's Quiver," Law360, May 2014

Source, "9th Circ. Revives $100M Bryan Cave Legal Malpractice Suits," Law360, March, 2014

Source, "Proskauer, Chadbourne Could Face Billions In Damages," Law360, February, 2014

Source, "Detroit Judge's Ch. 9 Ruling Will Fire Up Pension Dispute," Law360, December, 2013

"The Impact of Recent Developments at Lloyd's - Insolvencies, Limited Liability, Changes Membership By-Laws, Credit Risk Associated with Lloyd's Names on 'Old Years' Policies and Equitas, Lloyd's American Trust Funds - From the Perspective of U.S. Policyholders" American Bar Association International Insurance Law and Practice, May 5, 1995, London, England

"Receivers' ERISA Fiduciary Responsibilities -- Fact or Fiction, "National Association of Insurance Commissioners ("NAIC"), The Society of Insurance Receivers Insolvency Workshop, February 6, 1995, Savannah, Georgia

"The Law Applicable to the Insolvency of the Life Insurance Company - An Overview," American Bar Association ("ABA"), 1994

"Receivers and Guaranty Funds in Life Insurance Insolvency Proceedings: The Need for Reform," American Bar Association ("ABA"), 1994

"Pension Phantasmagoria," Business Insurance, September 6, 1993

"Ramifications of a Check Kite-Liability Between Banks," Pacific Banker and Business, March 1983

"Check Kiting - The Implications of a Discovering Bank's Actions on Its Right of Recovery," Banking News, November 15, 1982, Independent Banker, January 1983


SIGNIFICANT
LITIGATION AND
REPRESENTATIONS:

Significant Bankruptcy / Insolvency Representations:

*In re Weinstein Holdings LLC  (Delaware, 2018) 18-10601 (MFW)*

Represented production company in obtaining a release of the distribution rights to the film, Hotel Mumbai, as an asset of the debtor's bankruptcy estate, thus providing the producers the ability to market and release the film to the general public without significant delay.

2

*In re C.M. Meiers,* 1:12-bk-10229-MT (2012-present)

Represent Trustee as special litigation counsel in prosecution of claims against officers and directors for errors and omissions in the administration of the debtors business. Claim resulted in $4.3 million settlement. Additional representation against E & O Insurer for breach of contract and bad faith. Obtained judgment against Evanston Insurance Company for $3.8 million with interest total recovery in excess of $5 million. USDC Case No. 2:17-cv-01400-MRW. Appeal: *Sharp v. Evanston Ins. Co.,* 817 Fed. Appx. 317 (9th Cir. 2020.) Drafted Disclosure Statement and Plan of Liquidation – Creditors paid 100% of their claim plus interest.

*In re Deborah Lois Adri,* 1:18-BK-10417-VK.

Represented chapter 7 Trustee, Elissa D. Miller in action against Debtor's former attorney, Robert Yaspan. *Miller v. Yaspan*, Adv. Case no.: 1:19-ap-01128-VK. Case settled for $625,000.00.

*In re Gabriel Technologies, Inc.* (2015-2018)

Represented Trustee in claims against Debtors former professionals for legal malpractice. Result: Multi-million dollar settlement in favor of the Trustee.

*In re Estate Financial Inc.* (2010 – 2019)

Represented Trustee as special litigation counsel

Representation of General Unsecured Creditors Committee- Real Estate Investment Company/Fund: 3600 investors - $535 million invested capital.

*In re CenterStaging Musical Productions, Inc.* (2009 – 2011)

Represented Court Appointed Examiner re suit against Directors and Officers. Cased resolved in favor of the estate.

*In re Fitness Holdings:*

Trial Counsel, *Official Committee of Unsecured Creditors of the Estate of Fitness Holdings International, Inc. v. Hancock Park Capital II, L.P., Pacific Western Bank, et. al.,* United States Court of Appeals for the Ninth Circuit, No. 11-56677, April 30, 2013) (2013 WL 1800000 (C.A.9 2013) (Established law re right of bankruptcy court to employ equitable powers to recharacterize debt to equity)

In re Quality Home Loans (2008 -2012 )

Represented "Ad Hoc" Committee of Investor/ Members. Represent Investor/Members in Class Action v. QHL officers and directors. Settlement in excess of $ 10 million.

*In re Estate of Mary Perkins* (2010 – 2014)

Represent chapter 7 Trustee, Elissa D. Miller as special litigation counsel - obtained $20 million stipulated judgment against the Debtor.

*In re First Alliance Mortgage* (2000 - 2005)

Represented Official Joint Borrowers Committee in bankruptcy involving national subprime mortgage lender. Resulted in recovery of over $70 million for the consumer borrowers of the debtor.

Represented Trustee in action against Lehman Commercial Paper for Equitable Subordination of $80 million claim. *Henry v. Lehman Commercial Paper, Inc.* 471 F.3d 977 (9th Cir. 2006).

<u>People of the State of California v. Norman David Stark,</u> Riverside Superior Court Case No. INF 045690

Represented Court Appointed Criminal State Court Receiver in proceedings involving the management and operation of car dealerships in Coachella Valley.

<u>In re County of Orange Bankruptcy</u>

Represented the Orange County Employees Association in obtaining Injunction against County preventing layoffs in violation of collective bargaining agreement.

<u>State Life and Health Guaranty Fund Litigation</u>:

*Texas Life, Accident, Health & Hospital Service Insurance Guaranty Association v. Gaylord Entertainment Company, et al.* (1994-1996)

*Minnesota Life and Health Insurance Guaranty Association v. Xerox Corporation, etc., et al.* (1994-1996)

*In the Matter of the Life and Health Guaranty Association Claim of BW/IP International, Inc.* (1994-1996)

<u>Life Insurance Insolvencies</u>:

*In Re Executive Life* (1991-1998, 2005 -2006)

Represented Pension Plan Sponsors and Trustees (One Billion Dollars in contract claims) in th Executive Life Insurance Conservation proceedings.

*State Street Bank and Trust v. Mutual of New York* (1992)

United States District Court, Southern District of New York. Represented State Street Bank in a suit against Mutual of New York for breach of contract and ERISA violations. The matter, tried before a jury, settled after completion of the trial on terms favorable to State Street.

*In the Matter of the Rehabilitation of Mutual Benefit Life Insurance Company* (1992-1994)

Represented Pension Plan Sponsors and Trustees in the Mutual Benefit Life Insurance Company Conservation proceedings. Participated on the steering committee of "Pension GIC" contract holders.

*American Bar Assoc. v. Equitable Life Assurance Society of American* (1992)

Represented the American Bar Association's Pension Plan in objecting to the demutualization of Equitable Life.

Significant General Litigation Matters:

*The Travelers Insurance Co. v. Nyhart* (1989) Montana Fifth Judicial District Court
Defended Travelers Insurance Company in a $50 million lender liability claim brought by defendants in response to a foreclosure action instituted by Travelers. The matter was tried before a jury. Settled on appeal.

*Challenge-Cook Bros. v. LCB Holdings, Inc.* (1988) United States District Court, Central District of California
Represented CCB in breach of contract claim against LCB. Claim arose out of the failure of LCB to complete the acquisition of CCB. Judgment for CCB in excess of $5,000,000 plus award of attorney's fees.

*F.D.I.C. v. John Van Dyke* (1988)
Represented president of failed bank in directors/officers litigation against former bank president, United States District Court, Central Dist. of Calif.

*F.D.I.C. v. Imperial Bank* (1987) United States District Court, Central Dist. of Calif.

Defended Imperial Bank against $10,000,000 claim by F.D.I.C. Complaint alleged Bank was negligent in handling wire transfers causing the closure of a South Dakota bank. Defense verdict.

*Sanwa Bank v. F.D.I.C.* (1985) United States District Court, Central District of California

Represented Bank against FDIC in breach of contract action. Judgment for Bank - $5,000,000.

*Imperial Bank v. Intermodal (and related cases)* (1983)

Prosecuted $23 million bank fraud action arising out of a check kiting scheme. The Bank sustained no loss as a result of the recoveries made from the litigation.

Defended Bank in wrongful termination case filed by bank officer discharged as a result of his alleged participation in the scheme.

Defended Bank in wrongful death action in case brought by the estate of one of the participants in the fraud.

SIGNIFICANT
APPELLATE
DECISIONS:

*Ammari Electronics v. Pacific Bell Directory,* A136801, CA1/1(March 14, 2014) – Class Action case with $27 million recovery after jury trial.

*Zacadia Financial Limited v. Fiduciary Trust Internat. of* Cal. (CA4/3 Jan. 8, 2014) (Appeal involving right to declare default regarding $50 million promissory note)

*In the Matter of Fitness Holdings International, Inc., Official Committee of Unsecured Creditors of the Estate of Fitness Holdings International, Inc. v. Hancock Park Capital II, L.P., Pacific Western Bank, et. al., United States Court of Appeals for the Ninth Circuit,* No. 11-56677, April 30, 2013) (2013 WL 1800000 (C.A.9 (Cal.)) (Established law re right of bankruptcy court to employ equitable powers to recharacterize debt to equity)

*Ammari Electronics v. Pacific Bell Directory* CA 1, (Nov. 15, 2011, A126326)

*Watson v. Garamendi*, 262 Fed.Appx. 805, 2008 WL 56022 (C.A.9, 2008)

*Henry v. Lehman Commercial Paper, Inc.* 471 F.3d 977 (9th Cir. 2006) (Determined Lehman aided and abetted sub-prime lender fraud in 2001-2002 time period)

*People v. Stark* 131 Cal.App.4th (2005) (Confirmed power of criminal receiver to act on behalf of the seized assets of suspect re white collar fraud)

*Texas Life, Accident, Health, et al. v. Gaylord, et al.* 105 F.3d 210 (5th Cir. 1997)(Establishing rights to coverage by pension gic policyholder re state guaranty fund insurance coverage)

*In Re Executive Life Insurance Company In Conservation of Assets,* 32 Cal.App.4th 344, 38 Cal.Rptr.2d 453 (1995)

*Sunburst Bank v. Executive Life Ins. Co.* 24 Cal. App. 4th 1156 (1994)

*Commercial National Bank In Shreveport, et al. v. Garamendi,* 14 Cal.App.4th 393, 17 Cal.Rptr.2d 884 (1993)(Overturning Commissioner's Plan of Rehabilitation of ELIC)

*Texas Commerce Bank-El Paso, N.A. v. Garamendi,* 28 Cal.App.4th 1234, 34 Cal.Rptr.2d 155 (1994)

*Texas Commerce Bank v. Garamendi,* 11 Cal.App.4th 460, 491, 14 Cal.Rptr. 854, 874 (1992)(Policyholder's rights re insurance conservation proceeding)

*Familian Corp. v. Imperial Bank,* 213 Cal.App.3d 681, 262 Cal.Rptr. 101 (1989)(Determining parties rights and obligations re standby letter of credit)

*The Northern Trust Company v. Community Bank,* 873 F.2d 227 (9th Cir. 1989)

*Federal Deposit Insurance Corporation v. Imperial Bank,* 859 F.2d, p. 101 (9th Cir. 1988) (Affirming District Court trial decision that Imperial Bank did not aid and abet bank fraud concerning correspondent Banking relationship.

*Seven Elves, Inc. v. Eskinazi, et al.* 704 F.2d 241 (5th Cir. 1983)

*Seven Elves, Inc. v. Eskinazi, et al.,* 635 F.2d 396 (5th Cir. 1981)(Establishing red line regarding issue of when conduct of an attorney is not binding on a client)

Other Reported Cases:

*Austin v. Chisick* (In re First Alliance Mortg. Co.), 298 B.R. 652 (2003);

*First Alliance Mortg. Co. v. First Alliance Mortg. Co.*, 269 B.R. 428 (2001);

*First Alliance Mortg. Co. v. First Alliance Mortg. Co.* (In re First Alliance Mortgage Co.), 269 B.R. 424 (2001);

*In re County of Orange, Orange County Employers Assn., et al. v. County of Orange*, 179 B.R. 177 (Bankr. C.D. Cal).


EDUCATION:

DePaul University (J.D., 1974)
Southern Illinois University (B.A., 1970)
Admitted to California Bar, 1976
Admitted to Illinois Bar, 1974

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 333 South Grand Avenue, Suite 3400, Los Angeles, CA 90071.

A true and correct copy of the foregoing document entitled (*specify*): **CHAPTER 7 TRUSTEE'S APPLICATION TO EXPAND SCOPE OF SERVICES OF SPECIAL LITIGATION COUNSEL, LARRY W. GABRIEL, THE LAW OFFICES OF JENKINS, MULLIGAN & GABRIEL, LLP** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) February 15, 2022, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**See Attached ECF List**

☒ Service information continued on attached page.

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) February 15, 2022, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

The Honorable Barry Russell
U.S. Bankruptcy Court
Roybal Federal Building
255 E. Temple Street, Suite 1660
Los Angeles, CA 90012

☐ Service information continued on attached page.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| February 15, 2022 | Cheryl Caldwell | /s/Cheryl Caldwell |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

CC 2708887v1  This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                F 9013-3.1.PROOF.SERVICE

**ADDITIONAL SERVICE INFORMATION (if needed):**

1. **SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**

- **Kyra E Andrassy**    kandrassy@swelawfirm.com, lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com
- **Rafey Balabanian**    rbalabanian@edelson.com, docket@edelson.com
- **Michelle Balady**    mb@bedfordlg.com, leo@bedfordlg.com
- **Ori S Blumenfeld**    ori@marguliesfaithlaw.com, Helen@MarguliesFaithLaw.com;Angela@MarguliesFaithLaw.com;Vicky@MarguliesFaithLaw.com
- **Evan C Borges**    eborges@ggtriallaw.com, cwinsten@ggtriallaw.com
- **Richard D Buckley**    richard.buckley@arentfox.com
- **Steve Burnell**    sburnell@sulmeyerlaw.com, sburnell@ecf.courtdrive.com;sburnell@ecf.inforuptcy.com;mviramontes@sulmeyerlaw.com
- **Indira J. Cameron-Banks**    indira@cameron-banks.com, tiffany@cameronbankslaw.com
- **Marie E Christiansen**    mchristiansen@vedderprice.com, ecfladocket@vedderprice.com,marie-christiansen-4166@ecf.pacerpro.com
- **Jennifer Witherell Crastz**    jcrastz@hrhlaw.com
- **Ashleigh A Danker**    Ashleigh.danker@dinsmore.com, SDCMLFiles@DINSMORE.COM;Katrice.ortiz@dinsmore.com
- **Lei Lei Wang Ekvall - DECEASED -**    lekvall@swelawfirm.com, lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com
- **Richard W Esterkin**    richard.esterkin@morganlewis.com
- **Timothy W Evanston**    tevanston@swelawfirm.com, gcruz@swelawfirm.com;lgarrett@swelawfirm.com;jchung@swelawfirm.com
- **Jeremy Faith**    Jeremy@MarguliesFaithlaw.com, Helen@MarguliesFaithlaw.com;Angela@MarguliesFaithlaw.com;Vicky@MarguliesFaithlaw.com
- **James J Finsten**    , jimfinsten@hotmail.com
- **Alan W Forsley**    alan.forsley@flpllp.com, awf@fkllawfirm.com,awf@fl-lawyers.net,addy.flores@flpllp.com
- **Larry W Gabriel**    lgabrielaw@outlook.com, tinadow17@gmail.com
- **Eric D Goldberg**    eric.goldberg@dlapiper.com, eric-goldberg-1103@ecf.pacerpro.com
- **Andrew Goodman**    agoodman@andyglaw.com, Goodman.AndrewR102467@notify.bestcase.com
- **Suzanne C Grandt**    suzanne.grandt@calbar.ca.gov, joan.randolph@calbar.ca.gov
- **Steven T Gubner**    sgubner@bg.law, ecf@bg.law
- **Marshall J Hogan**    mhogan@swlaw.com, knestuk@swlaw.com
- **Sheryl K Ith**    sith@cookseylaw.com, sith@ecf.courtdrive.com
- **Razmig Izakelian**    razmigizakelian@quinnemanuel.com
- **Lillian Jordan**    ENOTICES@DONLINRECANO.COM, RMAPA@DONLINRECANO.COM
- **Lewis R Landau**    Lew@Landaunet.com
- **Daniel A Lev**    dlev@sulmeyerlaw.com, ccaldwell@sulmeyerlaw.com;dlev@ecf.inforuptcy.com
- **Elizabeth A Lombard**    elombard@zwickerpc.com, bknotices@zwickerpc.com
- **Kathleen P March**    kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net
- **Craig G Margulies**    Craig@MarguliesFaithlaw.com, Vicky@MarguliesFaithlaw.com;Helen@MarguliesFaithlaw.com;Angela@MarguliesFaithlaw.com
- **Ron Maroko**    ron.maroko@usdoj.gov
- **Peter J Mastan**    peter.mastan@dinsmore.com, SDCMLFiles@dinsmore.com;Katrice.ortiz@dinsmore.com
- **Edith R. Matthai**    ematthai@romalaw.com, lrobie@romalaw.com
- **Daniel J McCarthy**    dmccarthy@hillfarrer.com, spadilla@hillfarrer.com;nchacon@hfbllp.com
- **Jack Meyer**    jmeyer@ggtriallaw.com
- **Elissa Miller (TR)**    CA71@ecfcbis.com, MillerTrustee@Sulmeyerlaw.com;C124@ecfcbis.com;ccaldwell@sulmeyerlaw.com
- **Eric A Mitnick**    MitnickLaw@aol.com, mitnicklaw@gmail.com
- **Gilbert M Nishimura**    gnishimura@snw-law.com, schin@snw-law.com;sgalindo@snw-law.com;ffilimona@snw-law.com

CC 2708887v1 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012    **F 9013-3.1.PROOF.SERVICE**

- **Scott Olson**   scott.olson@bclplaw.com, scott-olson-2161@ecf.pacerpro.com,ecfsfdocket@vedderprice.com,nortega@vedderprice.com
- **Carmela Pagay**   ctp@lnbyb.com
- **Leonard Pena**   lpena@penalaw.com, penasomaecf@gmail.com;penalr72746@notify.bestcase.com
- **Michael J Quinn**   mquinn@vedderprice.com, ecfladocket@vedderprice.com,michael-quinn-2870@ecf.pacerpro.com
- **David M Reeder**   david@reederlaw.com, secretary@reederlaw.com
- **Ronald N Richards**   ron@ronaldrichards.com, 7206828420@filings.docketbird.com
- **Kevin C Ronk**   Kevin@portilloronk.com, Attorneys@portilloronk.com
- **Frank X Ruggier**   frank@ruggierlaw.com, enotice@pricelawgroup.com
- **William F Savino**   wsavino@woodsoviatt.com, lherald@woodsoviatt.com
- **Kenneth John Shaffer**   johnshaffer@quinnemanuel.com
- **Richard M Steingard**   , awong@steingardlaw.com
- **Philip E Strok**   pstrok@swelawfirm.com, gcruz@swelawfirm.com;1garrett@swelawfirm.com;jchung@swelawfirm.com
- **Boris Treyzon**   bt@treyzon.com, sgonzales@actslaw.com
- **United States Trustee (LA)**   ustpregion16.la.ecf@usdoj.gov
- **Diane C Weil**   dcweil@dcweillaw.com, diane.c.weil@Gmail.com,dweil@ecf.inforuptcy.com,alopez@dcweillaw.com
- **Eric D Winston**   ericwinston@quinnemanuel.com
- **Christopher K.S. Wong**   christopher.wong@arentfox.com, yvonne.li@arentfox.com
- **Robert M Yaspan**   court@yaspanlaw.com, tmenachian@yaspanlaw.com
- **Timothy J Yoo**   tjy@lnbyb.com

CC 2708887v1 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                   **F 9013-3.1.PROOF.SERVICE**