**HILL, FARRER & BURRILL LLP**
Daniel J. McCarthy (Bar No. 101081)
One California Plaza, 37th Floor
300 South Grand Avenue
Los Angeles, CA 90071-3147
Telephone: (213) 620-0460
Fax: (213) 624-4840
dmccarthy@hillfarrer.com

Attorneys for Creditors
ABIR COHEN TREYZON SALO, LLP,
1126 WILSHIRE PARTNERSHIP, and
ROBERT W. FINNERTY

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION**

| | |
|---|---|
| In re<br><br>GIRARDI KEESE,<br><br>　　　　Debtor | Case No. 2:20-bk-21022-BR<br><br>Chapter 7<br><br>**OBJECTION TO CHAPTER 7 TRUSTEE'S APPLICATION TO EXPAND SCOPE OF SERVICES OF SPECIAL LITIGATION COUNSEL, LARRY W. GABRIEL, THE LAW OFFICES OF JENKINS, MULLIGAN & GABRIEL, LLP; JOINDER IN OBJECTIONS OF CALIFORNIA ATTORNEY LENDING II, INC. AND STILLWELL MADISON LLC; REQUEST FOR HEARING**<br><br>**Date:** TBD<br>**Time:** TBD<br>**Place: Courtroom 1668** |

- 1 -

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

On February 15, 2022, Elissa D. Miller (the "Trustee") filed the "Chapter 7 Trustee's Application to Expand Scope of Services of Special Litigation Counsel, Larry W. Gabriel, The Law Offices of Jenkins, Mulligan & Gabriel, LLP" (the "Application"). (Docket no. 1018.)

Abir Cohen Treyzon Salo, LLP ("ACTS"), 1126 Wilshire Partnership, and Robert W. Finnerty (together, the "Objecting Creditors") filed timely proofs of claim in the Chapter 7 case of Girardi Keese (the "Debtor"). Those claims have not been objected to. As such, they are "deemed allowed" pursuant to 11 U.S.C. § 502(a).[1]

The Objecting Creditors oppose the Application because the Trustee has not demonstrated the need to hire another law firm to investigate and prosecute potential claims and because the proposed hybrid fee structure is ambiguous and unreasonable.

Further, the Objecting Creditors also wish to clarify that the phrase "Debtor's former…outside counsel," as used in the Application, means attorneys who previously provided legal services to the Debtor, rather than the Debtor's former co-counsel.

## II. ARGUMENT

The Objecting Creditors object to the Application for five reasons.

First, the investigation of potential claims against the Debtor's former lenders, accountants and counsel already is within the scope of the employment of the Trustee's counsel and accountants, as the Objection of California Attorney Lending II, Inc. ("CAL II") explains. (Docket no. 1032.) The Trustee already has hired the law firm of Smiley Wang-Ekvall, LLP as general counsel to investigate and prosecute claims. (Docket no. 59.) The Trustee also has hired the law firm of SulmeyerKupetz, A Professional Corporation, as special avoidance power litigation counsel, which presumably will handle any fraudulent and preferential transfer litigation against the Debtor's former lenders, accountants and outside counsel. (Docket no. 820.) She also has hired a forensic accounting and financial advisory group named Development

---

[1] The Objecting Creditors do not consent to the Court's subject matter jurisdiction in this case, even though it is well-established that jurisdiction cannot be conferred by consent, waiver or estoppel.

- 2 -

1   Specialists, Inc. to investigate claims.  (Docket no. 82.)  Another law firm is unnecessary.

2         Second, as the Objections filed by CAL II and Stillwell Madison LLC also explain, the

3   Application fails to demonstrate any facts that warrant the expense of investigating potential

4   claims.  Having pursued multiple Rule 2004 examinations through her current counsel, the

5   Trustee ought to be able to explain those facts.  As such, the Application fails to sufficiently

6   "state the specific facts showing the necessity for the employment" of Larry W. Gabriel, The Law

7   Offices of Jenkins, Mulligan & Gabriel, LLP (together "Gabriel"), as required by Federal Rule of

8   Bankruptcy Procedure 2014(a).

9         Third, the Application does not specify whether Gabriel has agreed to handle appeals

10  relating to litigation filed by him on behalf of the Trustee.

11        Fourth, the Trustee has not demonstrated that she was unable to hire special litigation

12  counsel on a typical contingency basis rather than under the proposed hybrid structure or that she

13  even made any effort to do so.

14        Fifth, the hybrid fee structure is especially objectionable because it proposes to pay

15  Gabriel on an hourly basis to investigate claims and to then convert the fee arrangement to a

16  contingency structure once litigation is filed.  The fact that Gabriel is only willing to undertake

17  the investigation of claims based upon hourly fees suggests a lack of confidence in the potential

18  claims, which warrants a denial of the Application.  Moreover, the Trustee provides no estimate

19  of anticipated hourly fees, which could be quite large give that the "Target Parties" to be

20  investigated are lenders, accountants and attorneys.

21        Perhaps most importantly, the hybrid fee structure effectively permits Gabriel to conduct

22  almost all necessary discovery through Rule 2004 examinations and it further permits him to

23  prepare the lawsuits before litigation is filed (presumably with the help of the Trustee's forensic

24  accountants) based upon hourly fees and then have a right to significant contingency fees after the

25  litigation filed, without the typical attendant burden of discovery in contingency fee cases.  The

26  Trustee has agreed to pay Gabriel a relatively-standard contingency fee of 30% of the net

27  recovery, if the case is settled more than 60 days before trial, and 40% of the net recovery

28  thereafter, despite most (if not all) discovery having been compensated on an hourly basis.

The definition of "net recovery" accounts for the "hourly fees billed" by deducting them from the gross recovery along with "costs repaid." That definition is ambiguous for two reasons. First, does the phrase "hourly fees billed" mean the hourly fees billed by Gabriel personnel only (and not forensic accountants) relating to the claims against the defendant who has been sued, as opposed to fees relating to claims against other parties? That will necessitate a careful accounting of hourly fees billed so they can be accurately attributed to each "Target Party." Second, do deductible "costs repaid" include the cost of the Trustee's forensic accountants, who presumably will be assisting Gabriel, and the cost of other experts?

Assuming a record of fees are carefully kept by Gabriel personnel on a "per Target" basis, deducting those hourly fees billed from the gross recovery before applying the contingency fee rate still does not fairly account for those hourly fees. Assume, for example, that hourly fees incurred in Gabriel investigating claims against a former lender of the Debtor and preparing the complaint total $50,000 and assume that charges by the Trustee's forensic accountants in analyzing documents in providing Gabriel litigation support are not deducted from the gross recovery. At that point, after the case has been prepared by Gabriel and the Trustee's forensic accountants in pre-litigation discovery, further assume that the hypothetical lender then settles early on by paying $500,000. Ignoring "costs repaid," the net recovery will be $450,000 and Gabriel will receive 30% of that, i.e., $135,000 in addition to being paid $50,000 in hourly fees and in addition to the forensic accountant's having been paid, which means a 37% fee.

It is not reasonable to argue that Gabriel is taking the risk that a lawsuit will not settle quickly. Again, that's because pre-litigation discovery done at hourly rates (with the assistance of the Trustee's accountants) will greatly minimize the fees in a case that does not settle quickly.

Nor is it a sufficient answer to argue that the fees will be subject to Court approval. It would be preferable to address the defects in the hybrid fee structure at this time, if expanding the scope of Gabriel's employment is approved, rather than correcting it after-the-fact when the argument undoubtedly will be made that the Court-approved fee structure was relied upon.

### III. JOINDER IN OTHER OBJECTIONS TO APPLICATION

The Objecting Creditors join in the Objection to the Application that was filed by CAL II

on February 28, 2022 (docket no. 1032) and to the Objection to the Application that was filed by Stillwell Madison LLC on February 28, 2022 (docket no. 1032).

### IV.    CLARIFICATION OF THE PHRASE "DEBTOR'S FORMER…OUTSIDE COUNSEL"

Paragraph 4 of the Application states in part as follows:

> Following the Court's rulings, I held discussions with other litigation law firms to ascertain their willingness to undertake the proposed Litigation Lenders representation and requested fee proposals for the representation. As a result of those discussions, I concluded that it would be preferable for Mr. Gabriel, Jenkins Mulligan & Gabriel, LLP (collectively "Gabriel") to expand its role as special litigation counsel for the purposes of evaluating and, if appropriate, prosecute claims against the Debtor's Litigation Lenders. In addition, given the institutional knowledge that Gabriel has built up regarding the underlying facts of the Debtor's business practices, and its continued investigation into those facts, that it would be appropriate and efficient for Gabriel to also evaluate and, if appropriate, <u>prosecute claims against the Debtor's former accountants and outside counsel</u> (collectively with the Litigation Lenders the "Target Parties").

(Docket no. 1018, emphasis added.)

ACTS' counsel contacted the Trustee's counsel to confirm whether "Debtor's…outside counsel" meant co-counsel with Girardi Keese on cases or it meant attorneys who actually represented Girardi Keese. The Trustee's counsel replied by email that the phrase did not include ACTS and "it was intended to mean lawyers who represented Girardi Keese."

### IV.    REQUEST FOR HEARING

The Objecting Creditors request a hearing on the Application pursuant to Local Bankruptcy Rule 9013-1(o)(4).

### V.    CONCLUSION

Based upon the foregoing, the Objecting Creditors respectfully submit that the Application should be denied.

DATED: March 1, 2022                                        HILL, FARRER & BURRILL LLP

By: */s/ Daniel J. McCarthy*
    Daniel J. McCarthy
    Attorneys for Creditors
    ABIR COHEN TREYZON SALO, LLP,
    1126 WILSHIRE PARTNERSHIP, and
    ROBERT W. FINNERTY

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 300 South Grand Ave., 37th Floor, Los Angeles, CA 90071.

A true and correct copy of the foregoing document entitled (*specify*): **OBJECTION TO CHAPTER 7 TRUSTEE'S APPLICATION TO EXPAND SCOPE OF SERVICES OF SPECIAL LITIGATION COUNSEL, LARRY W. GABRIEL, THE LAW OFFICES OF JENKINS, MULLIGAN & GABRIEL, LLP; JOINDER IN OBJECTIONS OF CALIFORNIA ATTORNEY LENDING II, INC. AND STILLWELL MADISON LLC; REQUEST FOR HEARING** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) March 1, 2022, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) March 1, 2022, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Office of the United States Trustee
915 Wilshire Blvd., Suite 1850
Los Angeles, CA 90017

Elissa D. Miller
333 South Grand Ave., Suite 3400
Los Angeles, California 90071-1406

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) March 1, 2022, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

The Honorable Barry Russell   (via overnight mail)
U.S. Bankruptcy Court
Roybal Federal Building
255 East Temple Street, Suite 1660
Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| March 1, 2022 | Sonia Padilla | /s/ *Sonia Padilla* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

-1-

**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

Kyra E Andrassy kandrassy@swelawfirm.com, lgarrett@swelawfirm.com;gcruz@swelawfirm.com; jchung@swelawfirm.com

Rafey  Balabanian rbalabanian@edelson.com, docket@edelson.com

Michelle  Balady mb@bedfordlg.com, leo@bedfordlg.com

Ori S Blumenfeld ori@marguliesfaithlaw.com, Helen@MarguliesFaithLaw.com; Angela@MarguliesFaithLaw.com;Vicky@MarguliesFaithLaw.com

Evan C Borges eborges@ggtriallaw.com, cwinsten@ggtriallaw.com

Richard D Buckley richard.buckley@arentfox.com

Steve  Burnell sburnell@sulmeyerlaw.com, sburnell@ecf.courtdrive.com;sburnell@ecf.inforuptcy.com; mviramontes@sulmeyerlaw.com

Indira J. Cameron-Banks indira@cameron-banks.com, tiffany@cameronbankslaw.com

Marie E Christiansen mchristiansen@vedderprice.com, ecfladocket@vedderprice.com,marie-christiansen-4166@ecf.pacerpro.com

Jennifer Witherell Crastz jcrastz@hrhlaw.com

Ashleigh A Danker Ashleigh.danker@dinsmore.com, SDCMLFiles@DINSMORE.COM; Katrice.ortiz@dinsmore.com

Lei Lei Wang Ekvall - DECEASED - lekvall@swelawfirm.com, lgarrett@swelawfirm.com; gcruz@swelawfirm.com;jchung@swelawfirm.com

Richard W Esterkin richard.esterkin@morganlewis.com

Timothy W Evanston tevanston@swelawfirm.com, gcruz@swelawfirm.com; lgarrett@swelawfirm.com;jchung@swelawfirm.com

Jeremy  Faith Jeremy@MarguliesFaithlaw.com, Helen@MarguliesFaithlaw.com; Angela@MarguliesFaithlaw.com; Vicky@MarguliesFaithlaw.com

James J Finsten  jimfinsten@hotmail.com

Alan W Forsley  alan.forsley@flpllp.com, awf@fkllawfirm.com,awf@fl-lawyers.net, addy.flores@flpllp.com

Larry W Gabriel lgabrielaw@outlook.com, tinadow17@gmail.com

Eric D Goldberg eric.goldberg@dlapiper.com, eric-goldberg-1103@ecf.pacerpro.com

Andrew  Goodman agoodman@andyglaw.com, Goodman.AndrewR102467@notify.bestcase.com

Suzanne C Grandt suzanne.grandt@calbar.ca.gov, joan.randolph@calbar.ca.gov

Steven T Gubner sgubner@bg.law, ecf@bg.law

Marshall J Hogan mhogan@swlaw.com, knestuk@swlaw.com

Sheryl K Ith sith@cookseylaw.com, sith@ecf.courtdrive.com

Razmig  Izakelian razmigizakelian@quinnemanuel.com

Lillian Jordan ENOTICES@DONLINRECANO.COM, RMAPA@DONLINRECANO.COM

Lewis R Landau Lew@Landaunet.com

- 2 -

| | |
|---|---|
| 1 | Daniel A Lev dlev@sulmeyerlaw.com, ccaldwell@sulmeyerlaw.com;dlev@ecf.inforuptcy.com |
| 2 | Elizabeth A Lombard elombard@zwickerpc.com, bknotices@zwickerpc.com |
| 3 | Kathleen P March kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net |
| 4 | Craig G Margulies Craig@MarguliesFaithlaw.com, Vicky@MarguliesFaithlaw.com; Helen@MarguliesFaithlaw.com;Angela@MarguliesFaithlaw.com |
| 5 | Ron Maroko ron.maroko@usdoj.gov |
| 6 | Peter J Mastan peter.mastan@dinsmore.com, SDCMLFiles@dinsmore.com;Katrice.ortiz@dinsmore.com |
| 7 | Edith R. Matthai ematthai@romalaw.com, lrobie@romalaw.com |
| 8 | Daniel J McCarthy dmccarthy@hillfarrer.com, spadilla@hillfarrer.com;nchacon@hfbllp.com |
| | Jack Meyer jmeyer@ggtriallaw.com |
| 9, 10 | Elissa Miller (TR) CA71@ecfcbis.com, MillerTrustee@Sulmeyerlaw.com; C124@ecfcbis.com;ccaldwell@sulmeyerlaw.com |
| 11 | Eric A Mitnick MitnickLaw@aol.com, mitnicklaw@gmail.com |
| 12 | Gilbert M Nishimura gnishimura@snw-law.com, schin@snw-law.com; sgalindo@snw-law.com; ffilimona@snw-law.com |
| 13 | Scott Olson scott.olson@bclplaw.com, scott-olson-2161@ecf.pacerpro.com, ecfsfdocket@vedderprice.com,nortega@vedderprice.com |
| 14 | Carmela Pagay ctp@lnbyb.com |
| 15 | Leonard Pena lpena@penalaw.com, penasomaecf@gmail.com;penalr72746@notify.bestcase.com |
| 16 | Michael J Quinn mquinn@vedderprice.com, ecfladocket@vedderprice.com, michael-quinn-2870@ecf.pacerpro.com |
| 17 | David M Reeder david@reederlaw.com, secretary@reederlaw.com |
| 18 | Ronald N Richards ron@ronaldrichards.com, 7206828420@filings.docketbird.com |
| 19 | Kevin C Ronk Kevin@portilloronk.com, Attorneys@portilloronk.com |
| 20 | Frank X Ruggier frank@ruggierlaw.com, enotice@pricelawgroup.com |
| 21 | William F Savino wsavino@woodsoviatt.com, lherald@woodsoviatt.com |
| 22 | Kenneth John Shaffer johnshaffer@quinnemanuel.com |
| | Richard M Steingard awong@steingardlaw.com |
| 23, 24 | Philip E Strok pstrok@swelawfirm.com, gcruz@swelawfirm.com;1garrett@swelawfirm.com; jchung@swelawfirm.com |
| 25 | Boris Treyzon bt@treyzon.com, sgonzales@actslaw.com |
| | United States Trustee (LA) ustpregion16.la.ecf@usdoj.gov |
| 26, 27 | Diane C Weil dcweil@dcweillaw.com, diane.c.weil@Gmail.com,dweil@ecf.inforuptcy.com, alopez@dcweillaw.com |
| 28 | Eric D Winston ericwinston@quinnemanuel.com |

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147

1  Christopher K.S. Wong christopher.wong@arentfox.com, yvonne.li@arentfox.com

2  Robert M Yaspan court@yaspanlaw.com, tmenachian@yaspanlaw.com

3  Timothy J Yoo tjy@lnbyb.com