**Lewis R. Landau** (CA Bar No. 143391)
**Attorney-at-Law**
22287 Mulholland Hwy., # 318
Calabasas, California 91302
Voice and Fax: (888) 822-4340
*Email: Lew@Landaunet.com*

Attorney for Secured Creditor,
Virage SPV 1, LLC

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>Girardi Keese,<br><br>            Debtor. | Case No.: 2:20-bk-21022 BR<br><br>Chapter 7<br><br>**OPPOSITION AND REQUEST FOR HEARING RE TRUSTEE'S APPLICATION TO EMPLOY SPECIAL LITIGATION COUNSEL [ECF # 1018]**<br><br>Date:       To Be Set<br>Time:      To Be Set<br>Place:     Crtrm 1668; Judge Russell |

Virage SPV 1, LLC ("Virage") a secured creditor of Girardi Keese ("Debtor") herein opposes and requests a hearing on the Chapter 7 Trustee's Application to Expand Scope of Services of Special Litigation Counsel Larry W. Gabriel, The Law Offices of Jenkins, Mulligan & Gabriel, LLP [ECF # 1018] ("Application") filed by Elissa D. Miller, Chapter 7 Trustee ("Trustee").  Virage's opposition is as follows:

1.        Virage joins in and incorporates by reference the objections to the Application filed by California Attorney Lending II, Inc. [ECF # 1032], Stillwell Madison, LLC [ECF # 1033] and Abir Cohen Treyzon Salo, LLP ("ACTS") et al. [ECF # 1036] (collectively "Objections").  In the interests of conserving the Court's resources, Virage does not restate those arguments herein, however, Virage adopts the arguments against approval of the Application as contained in the Objections for the purpose of this matter only.

2.      In addition, Virage believes that approval of the Application is not an exercise of the Trustee's sound business judgment *at this time*.  Attached hereto as Exhibit 1 is the Trustee's November 23, 2021 motion to authorize use of cash collateral [ECF # 878] ("Cash Collateral Motion"), without exhibits thereto.  The Trustee's Cash Collateral Motion states:

> The Trustee continues to position the Estate to receive significant value in the future through case transitions, motions and stipulations regarding the Debtor's attorneys' fees and costs in its contingency cases. Just one example of the Estate benefiting from the use of cash is the transition and assignment of the Estate's interests in the Southern California Gas Leak Litigation, which the Court approved early in the case. This case has  recently settled with the plaintiffs (roughly 23% of whom the Debtor jointly represented) to receive a $1.8 billion settlement, which will ultimately result in the Estate receiving significant attorneys' fees plus cost reimbursements. On the docket are dozens of other stipulations to transition cases and preserve fees.

Exhibit 1 at internal pages 2-3.

3.      The Trustee's Cash Collateral Motion confirms that the estate has a substantial interest in the Southern California Gas Leak Litigation settlement for $1.8 billion and many more case transition agreements.  Thus, it is fair to project that the estate may ultimately realize hundreds of millions of dollars in case proceeds from all the estate's interests in client cases.

4.      On the other side of the estate's balance sheet is the potential total of claims in the estate.  The claims bar date expired on January 21, 2022.  *See* ECF # 795.  Per the current claims register, the raw face amount of all claims in the estate totals $253 million, of which $95 million is a claim by ACTS and multiple $11.7 million claims filed by the Ruigomez creditors that appear to be duplicates.  Based on a very rough view of the claims, it is not unreasonable to assume that claims may total less than $200 million, if not less than $150 million.

5.      Based on the foregoing approximation of assets and liabilities of the estate, it is within the range of potential outcomes that the *estate may be solvent*.  Virage recognizes that the foregoing is a very rough analysis of the estate's financial condition and that the Trustee is likely in a significantly better position to estimate whether the estate may ultimately be solvent based on the numerous transition agreements that the Trustee has entered into and may yet enter into to realize proceeds from estate's interests in client cases.

6.      If there is any reasonable prospect that the estate may be solvent, then a serious question arises as to whether it is within the Trustee's sound business judgment to employ special litigation counsel on the terms set forth in the Application at this time.  The Application heavily incentivizes developing claims against the "Litigation Lenders" by first paying for an "investigation" on an hourly basis and then shifting to contingency fee litigation against the Litigation Lenders.  Contingency fee litigation, however, is not cost-free to the estate.  Absent an affirmative recovery on any litigation claims, the estate will be burdened with a substantial increase in the secured claim balances because the Litigation Lenders are all accruing substantial interest expense under their financing agreements until paid and all have fee shifting clauses in their financing agreements.  Thus, the Trustee's decision to investigate and potentially litigate with the Litigation Lenders versus promptly pay those claims has a serious economic impact on the estate and all junior creditors.

7.      While the financial condition of the estate may ultimately support the Trustee litigating with the Litigation Lenders (to the extent of any claims that are at this point unidentified), that business judgment determination cannot be made on the record before the Court.  It is putting the cart before the horse for the Trustee to hire special litigation counsel on the terms set forth in the Application to investigate and then likely litigate with the estate's Litigation Lenders, before the Trustee knows whether the estate may well be solvent.  This is especially true when the Trustee already has several competent professionals already employed that can perform the proposed investigation as detailed in the Objections.

8.      For all these reasons, Virage respectfully requests that the Court deny the Application without prejudice at this time.

*Wherefore*, Virage opposes the Application and requests a hearing thereon.

Dated:  March 1, 2022

**Lewis R. Landau**
**Attorney at Law**


By:*/s/ Lewis R. Landau*
Lewis R. Landau
Attorney for Virage SPV 1, LLC

# EXHIBIT 1

**004**

**SMILEY WANG-EKVALL, LLP**
Philip E. Strok, State Bar No. 169296
*pstrok@swelawfirm.com*
Kyra E. Andrassy, State Bar No. 207959
kandrassy@swelawfirm.com
Timothy W. Evanston, State Bar No. 319342
*tevanston@swelawfirm.com*
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Telephone:   714 445-1000
Facsimile:   714 445-1002

Attorneys for Elissa D. Miller, Chapter 7
Trustee

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No. 2:20-bk-21022-BR |
| GIRARDI KEESE, | Chapter 7 |
| Debtor. | **CHAPTER 7 TRUSTEE'S FIFTH MOTION FOR ORDER AUTHORIZING USE OF CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363 AND FEDERAL RULE OF BANKRUPTCY PROCEDURE 4001(b); MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF ELISSA D. MILLER AND PHILIP E. STROK IN SUPPORT** |
| | Date:        December 14, 2021<br>Time:        2:00 p.m.<br>Ctrm.:        1668<br>                 255 E. Temple Street<br>                 Los Angeles, California 90012 |

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

2891661.2

1

**005** MOTION

**TABLE OF CONTENTS**

                                                                                                Page

I.      INTRODUCTION ................................................................. 2

II.     FACTUAL BACKGROUND ......................................................... 4

        A.      The Debtor's Involuntary Bankruptcy Case ............................. 4

        B.      The Debtor's Primary Assets ......................................... 5

        C.      State of the Debtor's Offices........................................ 5

        D.      The Trustee's Prior Cash Collateral Motions ......................... 7

        E.      The Trustee's Efforts to Preserve and Enhance Estate Value........... 9

        F.      The Estate's Current Cash Position .................................. 10

        G.      Alleged Secured Creditors .......................................... 10

III.    MEMORANDUM OF POINTS AND AUTHORITIES ...................................... 12

        A.      The Trustee's Proposed Use of Cash Collateral ...................... 12

        B.      The Court Should Authorize the Use of Cash Collateral Because the
                Alleged Secured Creditors are Adequately Protected ................. 14

IV.     CONCLUSION ................................................................ 18

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

1

# **TABLE OF AUTHORITIES**

2

**Page**

3

## **CASES**

4

*Fed. Nat'l Mortg. Ass'n v. Dacon Bolingbrook Assoc. L.P.*,
    153 B.R. 204 (N.D. Ill. 1993) ...................................................................................14

*In re Constable Plaza Assoc.*,
    125 B.R. 98 (Bankr. S.D.N.Y. 1991) ........................................................................14

*McCombs Prop. VI, Ltd. v. First Texas Sav. Ass'n (In re McCombs Properties VI, Ltd.)*,
    88 B.R. 261 (Bankr. C.D. Cal. 1988) ........................................................................15

*Pistole v. Mellor (In re Mellor)*,
    734 F.2d 1396 (9th Cir. 1984) ...........................................................................15, 17

*Sec. Leasing Partners, LP v. ProAlert, LLC (In re ProAlert, LLC)*,
    314 B.R. 436 (B.A.P. 9th Cir. 2004) .........................................................................14

*Stein v. U.S. Farmers Home Admin. (In re Stein)*,
    19 B.R. 458 (Bankr. E.D. Pa. 1982) .........................................................................14

*United Sav. Ass'n of Texas v. Timbers of Inwood Forest Assoc., Ltd.*,
    484 U.S. 365 (1988) ..................................................................................................14

5

6

7

8

9

10

11

12

13

14

15

16

## **STATUTES**

17

11 U.S.C. § 303(g) ...........................................................................................................5

11 U.S.C. § 362 ...............................................................................................................15

*11 U.S.C. § 363* ...............................................................................................2, 7, 8, 15

11 U.S.C. § 363(c) ...........................................................................................................14

11 U.S.C. § 363(e) ...........................................................................................................14

11 U.S.C. § 506(b) ...........................................................................................................11

11 U.S.C. § 506(c) ...........................................................................................................13

11 U.S.C. § 721 ...............................................................................................................10

Fed. R. Bankr. P. 2004 ......................................................................................................9

Fed. R. Bankr. P. 4001 ....................................................................................................14

Fed. R. Bankr. P. 4001(b) .........................................................................................2, 7, 8

18

19

20

21

22

23

24

25

26

27

28

2891661.2

ii

Fed. R. Bankr. P. 4001(d) ...........................................................................2, 7, 8, 18

Fed. R. Bankr. P. 9019 ...........................................................................................11

**RULES**

Local Bankruptcy Rule 4001-2 .............................................................................14

SMILEY WANG-EKVALL, LLP

3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

MOTION

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

1  **TO THE HONORABLE BARRY RUSSELL, UNITED STATES BANKRUPTCY JUDGE:**

2      Elissa D. Miller, the chapter 7 trustee (the "Trustee") for the bankruptcy estate of

3  Girardi Keese (the "Estate"), submits this *Chapter 7 Trustee's Fifth Motion for Order*

4  *Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. § 363 and Federal Rule of*

5  *Bankruptcy Procedure 4001(b)* (the "Motion"). In support of the Motion, the Trustee

6  submits the following memorandum of points and authorities and the attached

7  declarations of Elissa D. Miller and Philip E. Strok.

8

9  **I.    INTRODUCTION**

10      By the time the Trustee was appointed, Girardi Keese's (the "Debtor") operations

11  were at a standstill. The Debtor held minimal cash, nearly all employees had either left or

12  resigned, and the Debtor lacked the resources and personpower to realize the value of its

13  attorneys' fees and costs in its contingency cases—its primary assets. Since her

14  appointment nearly a year ago, the Trustee and her team have been working to protect

15  the interests of the Debtors' clients, while also working to preserve and maximize the

16  value of the Estate's interests. In order to maximize the Estate's assets, the Trustee has

17  worked to and continues in her efforts to transition the Debtor's remaining cases to

18  qualified counsel. Where clients have elected to retain new counsel, the Trustee has

19  transferred physical and electronic case files while also taking all appropriate measures

20  to preserve, protect, and collect on the Estate's rights to fees and costs in each of those

21  cases. The Trustee's work is ongoing and requires that she have uninterrupted access to

22  the Debtor's case files (electronic and paper), cost ledgers, and other necessary

23  information.

24      The Trustee continues to position the Estate to receive significant value in the

25  future through case transitions, motions and stipulations regarding the Debtor's attorneys'

26  fees and costs in its contingency cases. Just one example of the Estate benefiting from

27  the use of cash is the transition and assignment of the Estate's interests in the Southern

28  California Gas Leak Litigation, which the Court approved early in the case. This case has

1  recently settled with the plaintiffs (roughly 23% of whom the Debtor jointly represented) to

2  receive a $1.8 billion settlement, which will ultimately result in the Estate receiving

3  significant attorneys' fees plus cost reimbursements.  On the docket are dozens of other

4  stipulations to transition cases and preserve fees.  These results would not have been

5  possible if the Trustee lacked access to cash collateral to identify and transition the files

6  and to take such other actions as she deems appropriate to monetize the Estate.

7       By the Motion, the Trustee seeks authority use cash collateral in accordance with

8  the updated Six Month Budget (the "Budget") attached hereto as Exhibit "1" which covers

9  the period from January 1, 2022 through June 30, 2022 (the "Cash Collateral Period").

10  The Budget allows only for necessary costs, with expenditures not to exceed 115% of the

11  aggregate "High" expenditures set forth in the Budget, i.e., a 15% variance.  As adequate

12  protection for the Trustee's use of cash collateral, California Attorney Lending II, Inc.

13  ("CAL II"), Stillwell Madison, LLC ("Stillwell"), Virage SPV 1, LLC ("Virage"), Nano Banc

14  ("Nano"), Joseph Ruigomez, Jamie Ruigomez, and Kathleen Ruigomez (collectively, the

15  "Ruigomez Creditors"), and KCC Class Action Services, LLC ("KCC") will receive

16  replacement liens with the same validity, priority, scope, or extent against the Debtor's

17  assets as of the petition date, and solely to the extent that the use of cash collateral

18  results in diminution in value and other protections as set forth in this Motion.  In short, all

19  parties alleging secured claims will be adequately protected.

20       The use of cash collateral is critical for the Estate.  If the Trustee lacks access to

21  cash collateral, she will be unable to transition the Debtor's cases to other law firms to

22  maximize the Estate's value while protecting the clients.  Further, if the Trustee's access

23  to the Debtor's case files, cost ledgers and other important information is interrupted, the

24  Trustee will be highly burdened in recovering fees and costs and may even be unable to

25  establish quantum meruit claims in its cases where the Debtor was terminated and/or

26  replaced.  Put simply, the Trustee's efforts to preserve and enhance the Estate are

27  funded by cash collateral, and it is this work to increase value that provides the secured

28

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

1   creditors with adequate protection.  It is crucial that the Trustee's progress in preserving

2   and enhancing the Estate not be cut short.

3       Authority to use cash collateral is also crucial to avoid liability to the Estate.  To

4   avoid liability, the Trustee must be able to pay the expense of providing the case files to

5   clients when they request their files, which has started to occur with more frequency.  The

6   files cannot just be delivered.  As detailed in the operating motion filed concurrently

7   herewith, there was no central filing system and files are located on different systems;

8   sometimes electronic, sometimes paper and sometimes both.  In addition, for many of the

9   cases (mass tort and other multi-client cases), the Trustee cannot just hand over the

10  entire file to the client, as it may contain information for multiple clients.

11      Supporting the Trustee and her professionals with information from the files and

12  the accounting system as well as dealing with the file transitions, either to other counsel

13  or returning files to the clients, requires funds.

14      For these reasons, the Court should authorize the Trustee to use cash collateral in

15  accordance with the Budget through the end of the Cash Collateral Period – June 30,

16  2022.

17  **II.**   **FACTUAL BACKGROUND**

18      **A.**   **The Debtor's Involuntary Bankruptcy Case**

19      The Debtor was a plaintiff's law firm based in Los Angeles, California.  On

20  December 18, 2020, petitioning creditors Jill O'Callahan, as successor in interest to

21  James O'Callahan, Robert M. Keese, John Abassian, Erika Saldana, Virginia Antonio,

22  and Kimberly Archie (collectively, the "Petitioning Creditors") filed an involuntary chapter

23  7 bankruptcy petition against the Debtor.[1]  Prior to the involuntary petition, the Debtor

24  practiced in the areas of personal injury, defective products, sexual abuse, toxic torts,

25  business law, employment law, and aviation law.

26

27  _____

28  [1]   The Petitioning Creditors also filed an involuntary chapter 7 bankruptcy petition against Thomas V.
Girardi, which is currently pending as Bankruptcy Case No. 2:20-bk-21020-BR.

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

1    On December 24, 2020, the Petitioning Creditors filed a *Motion for Appointment of*

2    *Interim Trustee Pursuant to 11 U.S.C. § 303(g)* [Docket No. 12].  The Court entered an

3    order granting the motion on January 5, 2021 [Docket No. 45].  On January 6, 2021, the

4    Trustee was appointed as the interim trustee [Docket No. 50].

5    On January 13, 2021, the Court entered an *Order Directing: (1) The Clerk of Court*

6    *to Immediately Enter an Order for Relief under Chapter 7; (2) The United States Trustee*

7    *to Immediately Appoint a Chapter 7 Trustee; (3) The Debtor to File All Schedules and*

8    *Related Documentation for Chapter 7 Case within Fourteen Days of the Entry of this*

9    *Order; and (4) Vacating February 16, 2021 Status Conference* [Docket No. 68].  On

10   January 13, 2021, the Clerk of Court entered an order for relief against the Debtor

11   [Docket No. 69], and the Trustee was appointed and accepted her appointment in the

12   Debtor's case [Docket No. 71].

13   ### B.    The Debtor's Primary Assets

14   At the time the involuntary petition was filed against the Debtor, the Debtor's affairs

15   were in dire straits.  Pre-petition, the Debtor was counsel of record in a significant number

16   of cases which were undertaken on a contingency basis.  Unfortunately, prior to the

17   involuntary petition date, nearly all of the Debtor's employees and attorneys had resigned

18   and moved on.  These cases were at varying litigation stages, with some cases currently

19   pending and other cases where the client had terminated its relationship with the Debtor.

20   Without staff and attorneys, the Trustee is left with the challenge of establishing the

21   Estate's rights to fees and costs and collecting on such fees and costs from the Debtor's

22   contingency cases.  The Debtor's fees and costs in its plethora of cases likely constitute

23   the most significant assets in the Estate.  However, protecting and preserving the

24   Debtor's and clients' interests in these cases requires a support team and vendors that

25   need to be paid and the payment of other necessary expenses.

26   ### C.    State of the Debtor's Offices

27   For over 20 years, the Debtor operated out of two buildings located in Los

28   Angeles, California.  One building is located at 1122 Wilshire Boulevard, Los Angeles,

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

1   California ("Building 1"), and the other is located at 1126 Wilshire Boulevard, Los

2   Angeles, California ("Building 2").

3       The Estate continued to occupy both Building 1 and Building 2 post-bankruptcy.

4   Each of the buildings housed attorneys and staff and included storage and other space to

5   support the Debtor's practice.  Building 1 has been sold and the Trustee has vacated the

6   premises, disposed of over 7 truckloads of waste, and moved the majority of its

7   remaining contents to Building 2.[2]  The Trustee continues to operate the case from

8   Building 2 where the computer servers and client files are currently located.  Building 2 is

9   currently listed for sale and provides only a temporary storage solution for the Trustee.

10  Moreover, the Trustee has concluded an online personal property auction sale that

11  resulted in significant cash plus the removal of most of the Debtor's personal property,

12  leaving the Trustee with primarily client files remaining.

13      The Trustee continues to regularly visit the Debtor's office.  As stated in prior

14  pleadings, the Debtor's office was difficult to navigate, disorganized, and holds a large

15  volume of documents.  The Debtor's case files and data are generally stored in one or

16  more of three different methods:  (1) certain case files are stored in physical, paper files,

17  (2) some mass tort litigation case files are primarily stored in a proprietary electronic

18  system of the Debtor, and (3) other case files and general office files, along with some

19  mass tort litigation case files, are stored electronically in a program called iManage.  This

20  is in addition to client cost information located on the Debtor's Sage Accounting System.

21  In order to access this information, the Debtor must continue to pay for internet services

22  for the Debtor, as well as pay for the maintenance of the virtual "cloud" server.

23  Preservation of this electronic information also requires the services of a specialized

24  computer consultant.  *See* Declaration of Elissa D. Miller.

25

26

---

27      [2]   The Budget includes additional expenses that will be incurred if Building 2 is sold during the Cash
    Collateral Period and the Trustee vacates Building 2.  Through the Motion, the Trustee is asking for
28  authority to pay these additional expenses should it become necessary.

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

1    The Trustee's attempts to navigate the Debtor's internal systems have been

2    supported by certain of the Debtor's former employees.  The Trustee requires their

3    assistance to help navigate the Debtor's electronic and physical storage systems, keep

4    track of the Debtor's pending cases to protect the Estate and clients, and locate

5    additional assets.  Physical files as well as electronic information are still located at the

6    Debtor's office and the Trustee requires uninterrupted utilities to access such information.

7    The Trustee also needs assistance from her field agent to quickly locate files and records

8    for both her team and clients of the Debtor that request records.   In addition, to protect

9    the Estate from liability while the Debtor's office is being accessed, the Trustee requires

10   insurance.  Accordingly, the Trustee has included the estimated costs of utilities and

11   insurance in the Budget.  *See* Declaration of Elissa D. Miller.

**D.    The Trustee's Prior Cash Collateral Motions**

13   On February 10, 2021, the Trustee filed her first *Motion for Order Approving*

14   *Stipulations for Use of Cash Collateral and Authorizing Use of Cash Collateral Pursuant*

15   *to 11 U.S.C. § 363 and Federal Rule of Bankruptcy Procedure 4001(b)* [Docket No. 179]

16   (the "First Cash Collateral Motion").  The Court held a hearing on the First Cash

17   Collateral Motion on February 16, 2021.  On February 16, 2021, the Court entered an

18   order granting the First Cash Collateral Motion on an interim basis.  *See* Docket No. 193.

19   On March 2, 2021, the Court held a final hearing on the First Cash Collateral Motion.  On

20   March 11, 2021, the Court entered an order granting the First Cash Collateral Motion on

21   a final basis.  *See* Docket No. 257.  Under this order, the Trustee's authority to use cash

22   collateral expired on March 31, 2021.  The order also authorized a budget of $75,400 to

23   $124,700.  For this period, the Trustee remained well within her budget, spending a total

24   of $85,815.12.  *See* Declaration of Elissa D. Miller.

25   On March 30, 2021, the Trustee filed the *Chapter 7 Trustee's Second Motion for*

26   *Order Approving Stipulations for Use of Cash Collateral and Authorizing Use of Cash*

27   *Collateral Pursuant to 11 U.S.C. § 363 and Federal Rule of Bankruptcy Procedure*

28   *4001(b) and (d)* [Docket No. 287] (the "Second Cash Collateral Motion").  The Court held

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

1    a hearing on the Second Cash Collateral Motion on April 6, 2021.  On April 14, 2021, the

2    Court entered an order granting the Second Cash Collateral Motion on an interim basis.

3    *See* Docket No. 307.  On April 27, 2021, the Court held a final hearing on the Second

4    Cash Collateral Motion.  On May 7, 2021, the Court entered an order granting the

5    Second Cash Collateral Motion on a final basis.  *See* Docket No. 329.  Pursuant to this

6    order, the Trustee's authority to use cash collateral expired on June 30, 2021. The order

7    also authorized a budget of $141,100 to $226,650.  For this period, the Trustee remained

8    below the low end of her budget, spending a total of $126,072.83.  *See* Declaration of

9    Elissa D. Miller.

10        On June 29, 2021, the Trustee filed the *Chapter 7 Trustee's Third Motion for Order*

11   *Approving Stipulations for Use of Cash Collateral and Authorizing Use of Cash Collateral*

12   *Pursuant to 11 U.S.C. § 363 and Federal Rule of Bankruptcy Procedure 4001(d)* [Docket

13   No. 451] (the "Third Cash Collateral Motion").  The Court held a hearing on the Third

14   Cash Collateral Motion on July 6, 2021.  On July 6, 2021, the Court entered an order

15   granting the Third Cash Collateral Motion.  *See* Docket No. 473.  Because all parties

16   asserting secured claims consented to the use of cash collateral, the Court entered an

17   order granting the Third Cash Collateral Motion and authorized the use of cash collateral

18   on a final basis.  The Trustee's authority to use cash collateral expired on September 30,

19   2021.  The Court's order authorized a budget of $166,000 to $276,375.  For this period,

20   the Trustee remained below the low end of her budget, spending a total of $116,190.76.

21   *See* Declaration of Elissa D. Miller.

22        On September 29, 2021, the Trustee filed the *Chapter 7 Trustee's Fourth Motion*

23   *for Order Approving Stipulations for Use of Cash Collateral and Authorizing Use of Cash*

24   *Collateral Pursuant to 11 U.S.C. § 363 and Federal Rule of Bankruptcy Procedure*

25   *4001(b) and (d)* [Docket No. 747] (the "Fourth Cash Collateral Motion").  The Court held a

26   hearing on the Fourth Cash Collateral Motion on October 7, 2021.  On October 8, 2021,

27   the Court entered an order granting the Fourth Cash Collateral Motion on an interim

28   basis.  *See* Docket No. 765.  On October 26, 2021, the Court held a final hearing on the

1  Fourth Cash Collateral Motion.  On October 27, 2021, the Court entered an order

2  granting the Fourth Cash Collateral Motion on a final basis.  *See* Docket No. 796.

3  Pursuant to this order, the Trustee's authority to use cash collateral expires on December

4  31, 2021.  The Court's order authorized a budget of $149,200 to $246,550.  As with the

5  prior cash collateral periods, the Trustee intends to remain within budget for the cash

6  collateral period covered by the Fourth Cash Collateral Motion, having spent $36,608.00

7  to date. *See* Declaration of Elissa D. Miller.

8              **E.       The Trustee's Efforts to Preserve and Enhance Estate Value**

9              Since the Fourth Cash Collateral Motion, the Trustee has continued to work to

10  preserve value for the Estate, and has taken a number of actions to position the Estate to

11  recover additional value in the future.  First, the Trustee has continued discussions with

12  law firms in an effort to transition cases to protect the interests of clients.  Second, the

13  Trustee has continued to preserve the Estate's interests in the Debtor's attorneys' fees by

14  filing notices of lien in certain of the Debtor's cases so that the Estate can preserve any

15  quantum meruit claims and negotiating some of the liens.  Third, the Trustee has worked

16  to disburse funds to former clients and/or victims of the Debtor.  As of April 2021,  the

17  Trustee had distributed or caused to be distributed more than $26 million to the Debtor's

18  clients.  *See* Chapter 7 Status Report, Docket No. 304.  Finally, since filing the Debtor's

19  schedules on August 24, 2021 the Trustee has begun her forensic accounting analysis.

20  Currently, the Trustee has filed numerous motions for production of documents under

21  FRBP 2004 from different banking institutions and the Court has granted all of these

22  motions.  The Trustee anticipates filing additional motions in the near future.

23              The Trustee continues to diligently work to identify assets of the Debtor and this

24  process is ongoing.  Without continuing access to funds, the Trustee is unable to fund a

25  proper investigation of the Debtor's affairs to preserve and maximize the value of the

26  Estate.  Accordingly, immediate and continued use of cash collateral is critical to both

27  preservation and enhancement of the Estate, as well as protection of the Debtor's clients.

28

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 ● Fax 714 445-1002

### F.    The Estate's Current Cash Position

Since the filing of the First, Second, Third and Fourth Cash Collateral Motions, the Trustee has continued to preserve value for the Estate and has positioned the Estate to recover value in the future.  Currently, the Trustee has approximately $4.6 million in cash on hand.  However, to the extent the Estate's funds are encumbered, the Trustee is unable to use them to fund her Court-approved limited operations and expenditures.[3] Accordingly, continued authority to use cash collateral is critical to preserve and maximize the value of the assets of the Estate.  *See* Declaration of Elissa D. Miller.

### G.    Alleged Secured Creditors

On April 9, 2021, the Trustee filed a *Motion for Order Setting Bar Date for Filing Secured Proofs of Claim and Approving Form of Notice of Bar Date* [Docket No. 300] (the "Secured Claims Bar Date Motion").  On April 13, 2021, the Court entered an order approving the Secured Claims Bar Date Motion [Docket No. 302], approving the form of notice of the secured claims bar date, and setting the bar date for filing secured claims to June 23, 2021 (the "Secured Claims Bar Date").  On April 21, 2021, the Trustee filed and served her *Notice of Bar Date for Secured Creditors to File Proofs of Claim* [Docket No. 315].  The following table summarizes the claims of parties that allege to hold secured claims against the Estate and an interest in cash collateral as of the Secured Claims Bar Date:

---

[3]    The Court has entered orders authorizing the Trustee to operate the business of the Debtor on a limited basis, as well as retain certain employees of the Debtor, among other relief.  The Trustee's authority to operate the business of the Debtor was set to expire on July 13, 2021.  On June 18, 2021, the Trustee filed a Motion for Order Authorizing Chapter 7 Trustee to: (A) Operate the Business of the Debtor on a Limited Basis Pursuant to 11 U.S.C. § 721; and (B) Maintain Current Status of Any Newly Discovered Trust Accounts [Docket No. 410].  On July 8, 2021, the Court entered an order authorizing the Trustee to operate the business of the Debtor on a limited basis until January 13, 2022.  *See* Docket No. 484.  The Trustee will be filing concurrently with this Motion a further motion for order authorizing the Trustee to operate the business of the Debtor on a limited basis through June 30, 2022.

| Order of Recordation | Alleged Lienholder | Amounted Listed in Proof of Claim |
|---|---|---|
| First | California Attorney Lending II | $6,508,361.55[4] (Claim 71) |
| Second | Stillwell Madison, LLC | $7,456,773.04 (Claim 75) |
| Third | Virage SPV 1, LLC | $11,302,622.87 (Claim 77) |
| Fourth | Nano Banc | $4,281,638.89 (Claim 70) |
| Fifth | Joseph, Jaime, & Kathleen Ruigomez | $11,747,245.95[5] (Claim 23) |
| Sixth | KCC Class Action Services, LLC | $7,888,356.16 (Claim 73) |

After the Second Cash Collateral Motion, the Trustee and CAL II entered into a compromise concerning CAL II's secured claim. On May 11, 2021, the Trustee filed a *Motion for Order Approving Compromise with California Attorney Lending II, Inc. Pursuant to Federal Rule of Bankruptcy Procedure 9019* (the "CAL II Compromise Motion") [Docket No. 336]. On June 9, 2021, the Court entered an order granting the CAL II Compromise Motion. Under the Trustee's compromise with CAL II, CAL II agreed to a single, reduced allowed claim of $6,508,361.55 as of the petition date with a first

---

[4]    CAL II filed Claim 71 in the amount of $6,668,484.21. However, as detailed later, per its Court-approved compromise with the Trustee, CAL II has agreed to reduce its claim to $6,508,361.55. Under the compromise with CAL II, CAL II has reserved its right to seek post-petition interest at the California judgment rate of 10% and reasonable fees, costs or charges under 11 U.S.C. § 506(b). The Trustee has reserved all rights to oppose any such requests.

[5]    The Trustee is informed and believes that the Thomas Girardi Trustee recently paid down the Ruigomez Creditors' claim by approximately $600,000 from the proceeds of the La Quinta Property sale.

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

1  priority perfected security interest in substantially all of the Debtor's personal property

2  assets.

3        On June 24, 2021, the Trustee issued two checks to CAL II pursuant to the Court

4  approved compromise.  The first check issued to CAL II was in the amount of

5  $2,093,235.90, and the second check was in the amount of $2,012,500.00.  In sum, the

6  Trustee has disbursed a total of $4,105,735.90 to CAL II.  *See* Declaration of Elissa D.

7  Miller.  Further, Jason Rund, the chapter 7 trustee for the bankruptcy estate of Thomas

8  Girardi's individual case, has also disbursed approximately $725,000.00 to CAL II.  *See*

9  Declaration of Philip E. Strok.  Accordingly, between the two estates, CAL II has received

10  approximately $4,830,735.90, or around 74% of its claim, in less than twelve months after

11  the Court entered the order for relief.

13  **III.**     **MEMORANDUM OF POINTS AND AUTHORITIES**

14       **A.**     **The Trustee's Proposed Use of Cash Collateral**

15        The Trustee's current authorization to use cash collateral expires on December 31,

16  2021.  The Trustee's need for use of cash collateral remains crucial and ongoing.

17  Consistent with the terms for cash collateral use under the First, Second, Third and

18  Fourth Cash Collateral Motions, the Trustee's proposes to use cash collateral for the

19  Cash Collateral Period on the following terms:

20        (1)     The Trustee is authorized to use cash collateral in accordance with the

21  Budget for the Cash Collateral Period.  The Trustee's expenditures will not exceed 115%

22  of the aggregate "High" expenditures in the Budget (i.e. a 15% variance).  The Trustee

23  has utilized names for positions in the Budget but may utilize different people or

24  companies other than the ones indicated should any of her current team become

25  unavailable.  For economy, the Trustee may increase the hourly rate of one or more

26  service providers included in the Budget and eliminate the use of others.  However, in no

27  event will the Trustee exceed the authorization as set forth in this Motion;

SMILEY WANG-EKVALL, LLP

3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

1     (2)    As adequate protection for use of their cash collateral, CAL II, Stillwell,

2 Virage, Nano, the Ruigomez Creditors, and KCC will receive a postpetition replacement

3 lien for its asserted secured claim against the Debtor's assets with the same validity,

4 priority, scope and extent as any lien(s) held by the alleged secured creditor as of the

5 involuntary petition date solely to the extent that the use of cash collateral results in the

6 diminution of the alleged secured creditor's prepetition lien;

7     (3)    CAL II, Stillwell, Virage, Nano, the Ruigomez Creditors, and KCC are not

8 required to file any financing statement, notice, lien or other similar instrument in any

9 jurisdiction, or take any other action to perfect its replacement lien, and the replacement

10 lien is automatically perfected upon approval of the Motion;

11     (4)    The replacement lien shall not encumber or otherwise attach to any causes

12 of action under chapter 5 of the Bankruptcy Code or any proceeds of such causes of

13 action;

14     (5)    Except to the extent already agreed to with CAL II, all rights and arguments

15 of the Trustee, on behalf of the Estate, to challenge or dispute the validity, priority, scope

16 or extent of the security interests asserted by any alleged secured creditor, including

17 without limitation, in the Debtor's postpetition receipts and cash, or that the use of cash

18 collateral has resulted in the diminution of the value of the alleged secured creditor's

19 prepetition liens, are preserved.

20     (6)    Neither the Trustee nor the Estate are waiving any rights under 11 U.S.C.

21 § 506(c) ;

22     (7)    Upon reasonable request and subject to appropriate confidentiality

23 provisions, the Trustee will provide her Form 2 Cash Receipts and Disbursements

24 Record; and

25     (8)    The Trustee is authorized to use cash collateral until June 30, 2022 unless

26 further extended with or without the alleged secured creditor's consent subject to

27 Bankruptcy Court order; and

28

1    (9)    The Trustee reserves the right to seek an order from the Bankruptcy Court

2 extending the Stipulations and/or authorizing the Trustee's further use of cash collateral.

3    Attached hereto as Exhibit "2" is the Trustee's *Statement Regarding Cash*

4 *Collateral or Debtor in Possession Financing* [FRBP 4001; LBR 4001-2].  Attached

5 hereto as Exhibit "3" is the Trustee's proposed order granting this Motion.

6    **B.    The Court Should Authorize the Use of Cash Collateral Because the**

7       **Alleged Secured Creditors are Adequately Protected**

8    A bankruptcy court may authorize a trustee's use of cash collateral without the

9 consent of a secured creditor provided the secured creditor's interest in such cash

10 collateral is adequately protected.  *See* 11 U.S.C. §§ 363(c), (e).  "However, the

11 protection afforded to secured creditors is not absolute."  *Sec. Leasing Partners, LP v.*

12 *ProAlert, LLC (In re ProAlert, LLC)*, 314 B.R. 436, 441 (B.A.P. 9th Cir. 2004).  Rather, as

13 articulated by the United States Supreme Court, a secured creditor is entitled to adequate

14 protection only from the decline in value of its collateral package post-petition.  *See*

15 *United Sav. Ass'n of Texas v. Timbers of Inwood Forest Assoc., Ltd.*, 484 U.S. 365, 370

16 (1988).

17    Multiple courts have authorized the use of cash collateral to either enhance or

18 preserve the value of a debtor's estate.  *See Stein v. U.S. Farmers Home Admin. (In re*

19 *Stein)*, 19 B.R. 458, 460 (Bankr. E.D. Pa. 1982)  (finding that the use of cash collateral

20 was necessary to operate the debtor's business in turn enhancing the debtor's estate);

21 *Fed. Nat'l Mortg. Ass'n v. Dacon Bolingbrook Assoc. L.P.*, 153 B.R. 204, 214 (N.D. Ill.

22 1993)  (finding that "the required adequate protection of Rents is satisfied to the extent

23 the Debtor reinvests the Rents in the operation and maintenance of the property because

24 the value of the secured creditor's interest in its collateral will thereby be increased*."); In*

25 *re Constable Plaza Assoc.*, 125 B.R. 98, 105 (Bankr. S.D.N.Y. 1991)  (finding adequate

26 protection is present in part because rent would be used for maintaining office building,

27 which would "preserve or enhance the value of the building" and "protect the

28 collateral…").

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

A sufficient equity cushion may serve as adequate protection.  *See Pistole v. Mellor (In re Mellor)*, 734 F.2d 1396, 1400 (9th Cir. 1984) ("[T]he existence of an equity cushion…is the classic form of protection for a secured debt justifying the restraint of lien enforcement by the bankruptcy court.").  The Ninth Circuit has recognized that "[a] 20% cushion has been held to be an adequate protection for a secured creditor."  *See id.* at 1402 (holding that a 20% equity cushion is adequate protection in the context of a motion for relief from stay).  "[A]dequate protection under § 363 should be treated the same as under § 362."  *See McCombs Prop. VI, Ltd. v. First Texas Sav. Ass'n (In re McCombs Properties VI, Ltd.)*, 88 B.R. 261, 266 (Bankr. C.D. Cal. 1988).  There is "no reason for treating an equity cushion differently when reviewing adequate protection under § 363."  *Id.*

The Trustee's use of cash collateral will preserve and enhance value of the Estate, providing the secured creditors with adequate protection.  The Estate's primary assets are the Debtor's interests in its attorneys' fees and costs from its contingency cases.  In order to preserve the value of these assets, the Trustee has continued to negotiate with different law firms to represent the Debtor's clients, with the goal of transferring these cases so that the clients have representation and so that the Estate can receive the Debtor's attorneys' fees and costs in an amount that is fixed and certain.  The Trustee has also reached out to counsel that took over cases prior to the Trustee's appointment to protect the Estate's rights to assert a quantum meruit claim for its fees and costs.  This result would be a vast improvement from what would otherwise be undefined quantum meruit claims, if any.  However, in cases where the clients have elected to choose new counsel, the Trustee has filed notices of lien to preserve the Estate's quantum meruit claims.

To realize the value of the Debtor's interests in its attorneys' fees and costs, the Trustee needs cash to fund the transition of the Debtor's cases and to provide information to her team asserting and negotiating the recovery of the fees and costs.  The Trustee also requires cash to return case files to clients – not a simple task.  Specifically,

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

1  the Trustee needs to be able to continue accessing the physical files and electronic

2  databases that house the Debtor's case files and needs uninterrupted utilities at the

3  Debtor's office.  The Trustee also needs the assistance of professionals, para-

4  professionals and former employees to preserve these case files by helping locate case

5  lists, files and cost ledgers (or help find the documents necessary to prepare the cost

6  ledgers).  Without these basic and necessary expenditures, the Trustee will not have

7  access to the Debtor's case files and may not be able to effectively transition the Debtor's

8  cases or ascertain the Debtor's fees and costs.  If transitions fail to occur, the Trustee

9  may not able to collect any fees and costs for the Estate.  The Trustee's goal is to obtain

10  a recovery for the Estate that exceeds the quantum meruit value of the Debtor's interest

11  in its fees.  At a minimum, access to cash collateral will preserve the Estate's value by

12  preserving the Debtor's records that support its quantum meruit and cost claims.  As

13  noted earlier, the Trustee has continued to file and negotiate notices of liens to preserve

14  the Debtor's quantum meruit claims.  This preservation of value of the Debtor's quantum

15  meruit and cost claims adequately protects the secured creditors.

16      The Trustee continues to use cash collateral to enhance the value of the Estate

17  and to position the Estate to recover more value.  Specifically, the Trustee has filed

18  notices of lien in certain of the Debtor's pending cases so that the Estate can receive the

19  quantum meruit value for the Debtor's services.  Further, the Trustee has started her

20  forensic accounting analysis, in an effort to locate further assets of the Debtor and

21  investigate whether any funds were wrongfully dissipated.  These actions will allow the

22  Trustee to eventually realize value for the Estate.  The Trustee's work to maximize value

23  for the Estate has been funded by cash collateral, and the enhanced value of the Estate

24  will provide the secured creditors with adequate protection.[6]

25

26  _____

27  [6]    The Trustee's access to cash collateral has also allowed the Trustee to be able to disburse funds
to the Debtor's clients.  As of April 2021, the Trustee had already disbursed or caused to be disbursed
more than $26 million to clients.  The Trustee's efforts to ensure that these funds are disbursed to clients is

28  ongoing.  See Docket No. 304.

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

1    The Trustee's proposed Budget poses no threat to any secured creditor's

2  collateral.  The Budget seeks approval for expenditures that are absolutely necessary to

3  protect and enhance the Estate—nothing more.  In the past, the Trustee has remained

4  well-within her proposed budgets.  Currently, the Trustee's expenditures for the current

5  cash collateral period are projected to remain within the budget again.  The Trustee's

6  proven track record for managing cash collateral carefully will not change, and the

7  Trustee remains committed to conserving cash collateral and spending only when

8  necessary.  Here, the Trustee's Budget is similarly cautious, and will not result in rapid

9  diminishment in cash collateral.  In short, the Trustee's proposed expenditures only serve

10  to enhance and preserve the Estate's value.

11    CAL II's interest in cash collateral is clearly adequately protected.  As discussed

12  earlier, CAL II is adequately protected because the Trustee's use of cash collateral will

13  both preserve and enhance the Estate.  The enhancement of CAL II's collateral is not

14  speculative.  CAL II has received more than $4.1 million in payments from the Trustee in

15  less than a year.  The payments to CAL II would not have been possible without the

16  Trustee's access to cash collateral.  Moreover, CAL II is adequately protected by a

17  sufficient equity cushion.  The Estate currently has approximately $4.6 million in cash on

18  hand.  When accounting for the approximately $725,000 CAL II has received from the

19  bankruptcy estate of Thomas Girardi in addition to the $4.1 million received from this

20  Estate, CAL II has received more than $4.8 million (constituting approximately 74% of its

21  claim) in less than a year, and is owed approximately $1,677,625.65.  The cash on hand

22  in the Estate is more than *double* what CAL II is owed.  This equity cushion clearly

23  provides CAL II with adequate protection. *See Mellor*, 734 F.2d at 1402 (holding that an

24  equity cushion of 20% constitutes adequate protection).  Moreover, CAL II's collateral will

25  not dissipate quickly, if at all.  The Trustee has remained within her authorized budget,

26  while still managing to disburse more than $4.1 million to CAL II.  Finally, CAL II is

27  adequately protected no differently than the other creditors asserting secured claims, as

28

17    **024** MOTION

1 | the Trustee's proposed order will provide CAL II with the same benefits provided in this
2 | Motion.

3 |   In sum, access to cash collateral will provide the Trustee with more funding to
4 | transition cases and preserve value for the Estate.  Cash collateral will give the Trustee
5 | the ability to enter into similar compromises and agreements that may further enhance
6 | the Estate's value.  As made clear in the Budget, the Trustee is seeking funding only for
7 | what is absolutely necessary.  The Budget is straightforward and designed to allow the
8 | Trustee to preserve and enhance the value of the alleged secured creditors' collateral.
9 | Because the use of cash collateral will preserve and potentially enhance the value of the
10 | secured creditors' collateral, the secured creditors are adequately protected.
11 | Accordingly, the Court should authorize the Trustee to use cash collateral.

## IV. CONCLUSION

13 |   For the foregoing reasons, the Trustee requests that the Court enter an order:

14 |   1. Granting the Motion;

15 |   2. Authorizing the use of cash collateral pursuant to FRBP 4001(b) in
16 | accordance with the Budget attached hereto as Exhibit "1" through June 30, 2022, with
17 | expenditures not to exceed 115% of the aggregate "High" expenditures in the Budget (i.e.
18 | a 15% variance);

19 |   3. Providing all alleged secured creditors with the adequate protection and
20 | other applicable benefits set forth in this Motion; and

21 |   4. Granting such other and further relief as the Court deems just and proper.

23 | DATED:  November 23, 2021  Respectfully submitted,

24 |      SMILEY WANG-EKVALL, LLP

26 |     By: _/s/ Philip E. Strok_
27 |      PHILIP E. STROK
     Attorneys for Elissa D. Miller, Chapter 7
28 |      Trustee

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

# EXHIBIT 2

**Claims Summary**

[2:20-bk-21022-BR Girardi Keese](#)

Type: bk
Assets: y
Date Filed: 12/18/2020
Trustee: Elissa Miller (TR)

Chapter: 7
Judge: BR

Office: 2 (Los Angeles)

Last Date to File Claims:

Last Date to File (Govt):

| Claim # | | Amount claimed * | Date filed | Creditor number | Creditor name |
|---|---|---|---|---|---|
| 1 | View | $61000.00 | 02/18/2021 | 40662327 | Fay Pugh |
| 2 | View | $1557500.00 | 02/18/2021 | 40662704 | Robert Keese |
| 3 | View | $1261985.34 | 02/18/2021 | 40591558 | Virginia Antonio |
| 4 | View | $102341.50 | 02/18/2021 | 40663145 | Dominic Lombardo |
| 5 | View | $757500.00 | 02/18/2021 | 40591537 | Jill O'Callahan |
| 6 | View | $973967.37 | 02/18/2021 | 40591536 | Erika Saldana |
| 7 | View | $316940.05 | 02/18/2021 | 40591539 | Kimberly Archie |
| 8-2 | View | $1637620.00 | 04/19/2021 | 40591538 | John Abassian |
| 9 | View | $275055.40 | 02/23/2021 | 40668175 | L. Everett & Associates, LLC |
| 10 | View | $3467.00 | 02/23/2021 | 40669016 | Gayle C. Kurosu |
| 11 | View | $22000.00 | 02/25/2021 | 40672018 | DK Global, Inc. |
| 12 | View | $163134.41 | 02/26/2021 | 40674201 | US Legal Support |
| 13 | View | $14344.00 | 02/26/2021 | 40674220 | Marlatt Consulting |
| 14 | View | $333731.25 | 02/26/2021 | 40674358 | CT3Media, Inc. Chet Thompson |
| 15 | View | $4133.33 | 02/26/2021 | 40675963 | Sammy Y. Hsu |
| 16 | View | $45352.00 | 02/23/2021 | 40679143 | Express Network LLC |
| 17-2 | View | $882004.65 | 09/09/2021 | 40681405 | Wells Fargo Vendor Financial Services, LLC |
| 18 | View | $1182.00 | 03/02/2021 | 40689097 | Peterson & Associates Court Reporting, Inc. |
| 19 | View | $5000.00 | 03/16/2021 | 40699158 | 29039 Gladiolus Dr. |
| 20 | View | $156891.30 | 03/16/2021 | 40702756 | Cigna Health and Life Insurance Company |
| 21-3 | View | $150000.00 | 04/13/2021 | 40706924 | David R. Lira |
| 22 | View | $29000.00 | 03/19/2021 | 40713979 | Michael Vislosky |
| 23 | View | $11747245.95 | 03/26/2021 | 40714206 | Jaime Ruigomez |
| 24 | View | $11747245.95 | 03/26/2021 | 40714208 | Joseph Ruigomez |
| 25 | View | $11747245.95 | 03/26/2021 | 40714209 | Kathleen Ruigomez |
| 26 | View | $100000.00 | 03/31/2021 | 40722980 | Bedford Law Group, APC |
| 27 | View | $2241274.00 | 04/05/2021 | 40729684 | L.A. Arena Funding, LLC |
| 28 | View | $3000.00 | 04/06/2021 | 40730836 | Eric Lindvall, DO |
| 29 | View | $18000.00 | 04/09/2021 | 40735704 | Noel Montes |
| 30-2 | View | $744650.00 | 11/17/2021 | 40949371 | Christina Fulton |
| 31 | View | $352000.00 | 04/19/2021 | 40748271 | Manuel H. Miller |
| 32 | View | $1777483.30 | 04/19/2021 | 40748306 | Kathleen L. Bajgrowicz |
| 33 | View | $8825.24 | 04/20/2021 | 40749491 | Pitney Bowes Inc |
| 34 | View | $194243.11 | 04/20/2021 | 40749563 | Baker, Keener & Nahra, LLP |
| 35 | View | $41477.00 | 04/20/2021 | 40749583 | Rest Your Case Evidence Storage LLC |
| 36-2 | View | $184144.55 | 02/18/2022 | 40749657 | Judy Selberg |
| 37-2 | View | $1000000.00 | 02/18/2022 | 40749657 | Judy Selberg |
| 38 | View | $18710.61 | 04/21/2021 | 40751832 | Simba Capital Inc. Robert Cohan |
| 39 | View | $21757.26 | 04/27/2021 | 40758488 | Esquire Deposition Solutions, LLC. |
| 40 | View | $4614.10 | 04/28/2021 | 40761186 | Pitney Bowes Global Financial Services LLC |
| 41 | View | $8372.51 | 04/28/2021 | 40761186 | Pitney Bowes Global Financial Services LLC |
| 42 | View | $179685.00 | 04/29/2021 | 40763219 | Dalton & Associates |
| 43 | View | $57892.28 | 05/06/2021 | 40775441 | American Express Travel Related Services Company, |
| 44 | View | $12500.00 | 05/09/2021 | 40778503 | Matthew Jones |
| 45 | View | $50000.00 | 05/25/2021 | 40798130 | Amy Fisch Solomon |
| 46 | View | $25000000.00 | 05/26/2021 | 40802329 | Owen, Patterson & Owen |
| 47 | View | $135000.00 | 05/28/2021 | 40806089 | JOSEFINA CASTILLO-HERNANDEZ |
| 48 | View | $50000.00 | 05/29/2021 | 40811052 | Shane Jeter |

**027**

| Claim # | | Amount claimed * | Date filed | Creditor number | Creditor name |
|---|---|---|---|---|---|
| 49 | View | $1500000.00 | 05/30/2021 | 40811480 | Michael hambright |
| 50 | View | $50000.00 | 05/30/2021 | 40811481 | Cody Thompson |
| 51 | View | $63440.00 | 05/31/2021 | 40811908 | gerald j jacquart and lisa m jacquart |
| 52 | View | $7946.48 | 06/02/2021 | 40813680 | Johnson Controls Security Solutions |
| 53 | View | $40000.00 | 06/01/2021 | 40814401 | Kimberly Anne Coleman |
| 54 | View | $12500.00 | 06/03/2021 | 40814735 | Brian Garrett |
| 55 | View | $25000.00 | 06/03/2021 | 40815451 | Joshua Remnant |
| 56 | View | $163750.00 | 06/04/2021 | 40816509 | KABC-AM Radio, Inc. |
| 57 | View | $13500.00 | 06/04/2021 | 40816783 | Professional Recruiters Inc. |
| 58 | View | $13500.00 | 06/04/2021 | 40816794 | The Law Business Insider Radio Show |
| 59 | View | $12500.00 | 06/06/2021 | 40818272 | Brandon Stokes |
| 60 | View | $12500.00 | 06/07/2021 | 40819582 | Henry Andrew Perez Betancur |
| 61 | View | $900000.00 | 06/08/2021 | 40820566 | Law Offices of Philip R. Sheldon, APC |
| 62 | View | $900000.00 | 06/08/2021 | 40820566 | Law Offices of Philip R. Sheldon, APC |
| 63 | View | $3940000.00 | 06/08/2021 | 40820603 | Law Offices of Robert P. Finn |
| 64 | View | $25000.00 | 06/10/2021 | 40822550 | SHANE MORGAN |
| 65 | View | $25000.00 | 06/11/2021 | 40824054 | Christian Petty |
| 66 | View | $0.00 | 06/15/2021 | 40826736 | rachael davis |
| 67 | View | $12500.00 | 06/14/2021 | 40829455 | Nickalas Maurice Wilson |
| 68 | View | $30818.56 | 06/17/2021 | 40830413 | Daimler Trust |
| 69 | View | $3440.57 | 06/17/2021 | 40830588 | Golkow Litigation Services, LLC |
| 70 | View | $4281638.89 | 06/22/2021 | 40838107 | Nano Banc |
| 71 | View | $6668484.21 | 06/22/2021 | 40838922 | California Attorney Lending II, Inc. |
| 72 | View | $8698610.03 | 06/22/2021 | 40838941 | Counsel Financial Services LLC, Disbursing Agent |
| 73 | View | $7888356.16 | 06/23/2021 | 40839758 | KCC Class Action Services, LLC |
| 74 | View | | 06/23/2021 | 40840588 | Vititoe Law Group |
| 75 | View | $7456773.04 | 06/23/2021 | 40840909 | Stillwell Madison |
| 76 | View | $2425.38 | 06/23/2021 | 40841018 | Ronnell Taylor on the behalf of Sadie Taylor |
| 77 | View | $11302622.87 | 06/23/2021 | 40841132 | Virage SPV 1, LLC |
| 78 | View | $0.00 | 06/24/2021 | 40841773 | Peter Anakaraonye |
| 79 | View | $0.00 | 06/24/2021 | 40841836 | Daymond Walton |
| 80 | View | $12400.00 | 06/24/2021 | 40841840 | JAMS, INC. |
| 81 | View | $25000.00 | 06/25/2021 | 40842851 | Jordan DeWanz- Titus |
| 82 | View | $12500.00 | 06/25/2021 | 40843550 | Devin Lynn Scott |
| 83 | View | $5000.00 | 06/27/2021 | 40841773 | Peter Anakaraonye |
| 84 | View | $50000.00 | 06/27/2021 | 40845034 | Hakeem Daul Shacquil Danley ( hobson) |
| 85 | View | $10000.00 | 06/28/2021 | 40845099 | Jared W. Baptista |
| 86 | View | $12500.00 | 06/28/2021 | 40845606 | Jehoshaphat Shambee |
| 87 | View | $14635.25 | 06/28/2021 | 40846659 | DJK Counsel, Ltd. |
| 88 | View | $10000.00 | 06/30/2021 | 40849082 | John Edward Tillson IV |
| 89 | View | $4823.49 | 07/06/2021 | 40858675 | Atkinson-Baker, Inc. |
| 90 | View | $289548.61 | 07/12/2021 | 40863884 | Department of Health Care Services |
| 91 | View | $2063292.00 | 07/19/2021 | 40870589 | Edelson PC |
| 92 | View | $12500.00 | 07/20/2021 | 40871921 | Israel I Cassaro |
| 93 | View | | 07/21/2021 | 40873054 | COHEN & COHEN, LLP |
| 94 | View | $25000.00 | 07/21/2021 | 40873342 | Brian Armstead |
| 95 | View | $25000.00 | 07/23/2021 | 40875342 | Micah S Beal |
| 96 | View | $50000.00 | 07/19/2021 | 40879820 | Thomas A. Schrandt |
| 97 | View | $9660.00 | 07/29/2021 | 40841840 | JAMS, INC. |
| 98 | View | $400.00 | 08/20/2021 | 40908363 | crystal fisher |
| 99 | View | $79484.62 | 08/24/2021 | 40911160 | Alexa Galloway |
| 100 | View | $10000.00 | 08/31/2021 | 40920673 | Daniel M Hefner |
| 101 | View | $12500.00 | 09/06/2021 | 40926798 | Zachary Hook |
| 102 | View | $35000.00 | 09/10/2021 | 40929881 | David M Goodrich Ch 7 Tr for the |
| 103 | View | $29000.00 | 09/15/2021 | 40933780 | Melvin Rosebud |
| 104 | View | $2031.01 | 09/16/2021 | 40935647 | Jorge L Lledo |
| 105 | View | $81266.66 | 09/30/2021 | 40974081 | Holstein, Taylor and Unitt |

**028**

| Claim # | | Amount claimed * | Date filed | Creditor number | Creditor name |
|---|---|---|---|---|---|
| 106 | View | $100000.00 | 10/04/2021 | 40977309 | Steiner & Libo, Professional Corporation |
| 107 | View | $2600.00 | 08/02/2021 | 40959707 | Matthew Tilley |
| 108 | View | $25000.00 | 08/30/2021 | 40977919 | City of Torrance |
| 109 | View | $30000.00 | 09/03/2021 | 40977920 | Robert Yrigoyen |
| 110 | View | $77275.00 | 10/04/2021 | 40977921 | Jones, Roach & Caringella, Inc. |
| 111 | View | $600000.00 | 10/11/2021 | 40983966 | Lozel Tarver |
| 112 | View | $12500.00 | 10/11/2021 | 40950697 | David Navarro |
| 113 | View | $2772.00 | 10/14/2021 | 40952671 | File And Servexpress Llc |
| 114 | View | $0.00 | 10/14/2021 | 40962217 | Queen Medley |
| 115 | View | $99941.67 | 10/18/2021 | 40990087 | Bernard Fernandez |
| 116 | View | $0.00 | 10/18/2021 | 40949389 | Christine Fernandez |
| 117 | View | $39964.90 | 10/18/2021 | 40949419 | Christopher Fernandez |
| 118 | View | | 10/19/2021 | 40946755 | Andreta Meelrath |
| 119 | View | $250000.00 | 10/19/2021 | 40991454 | Michael J Alleyne |
| 120 | View | $1000000.00 | 10/20/2021 | 40993081 | Billy R Brewer |
| 121 | View | $21421.67 | 10/01/2021 | 40994387 | Life Insurance Company of North America |
| 122 | View | $250000.00 | 10/21/2021 | 40994605 | Sheila M Marshall |
| 123 | View | $13010.36 | 10/21/2021 | 40995434 | Huntley-Fenner Advisors, Inc. |
| 124 | View | $18875.06 | 10/22/2021 | 40996025 | System Supply Stationery |
| 125 | View | $1000000.00 | 10/21/2021 | 40956205 | Johnny Thompson |
| 126 | View | $1169.10 | 10/22/2021 | 40957427 | Kusar Legal Services, Inc. |
| 127 | View | $3633.00 | 10/25/2021 | 40956241 | Jonathan Club |
| 128 | View | $56368.96 | 10/26/2021 | 40958522 | LOS ANGELES COUNTY TREASURER AND TAX COLLECTOR |
| 129 | View | $74246.82 | 10/26/2021 | 40958522 | LOS ANGELES COUNTY TREASURER AND TAX COLLECTOR |
| 130 | View | $0.00 | 10/26/2021 | 40953334 | Georgina Butler |
| 131 | View | $0.00 | 10/26/2021 | 40963599 | Ronald James Butler |
| 132 | View | $8000.00 | 10/26/2021 | 40957673 | Lashonna Oliver |
| 133 | View | $0.00 | 10/26/2021 | 40999170 | Keeya Joiner |
| 134 | View | $400000.00 | 10/26/2021 | 40995960 | John W Kent |
| 135 | View | $42130.00 | 10/26/2021 | 40999186 | Thomas Woodcock |
| 136 | View | $250000.00 | 10/26/2021 | 40956596 | Juanita Harris |
| 137 | View | $250000.00 | 10/26/2021 | 40961233 | Ora Joseph Dickson |
| 138 | View | $250000.00 | 10/26/2021 | 40999190 | Vivian C Hampton |
| 139 | View | $250000.00 | 10/26/2021 | 40999191 | Kay Smith |
| 140 | View | $8140.65 | 10/26/2021 | 40999192 | Precise Professional Services |
| 141 | View | $250000.00 | 10/26/2021 | 40999193 | Edith Mae Strong |
| 142 | View | $0.00 | 10/26/2021 | 40999202 | Ray Butler |
| 143 | View | $250000.00 | 10/26/2021 | 40999203 | Jennifer Arnett Strong |
| 144 | View | $250000.00 | 11/01/2021 | 41007049 | Annie L. Dennis |
| 145 | View | $250000.00 | 11/01/2021 | 40958364 | Liz Hill |
| 146 | View | $250000.00 | 11/01/2021 | 41007057 | CJ Hill |
| 147 | View | $0.00 | 11/05/2021 | 40960701 | Natasha Franklin |
| 148 | View | $8000.00 | 11/01/2021 | 40957673 | Lashonna Oliver |
| 149 | View | $12750.00 | 11/07/2021 | 40949362 | Christian Totten |
| 150 | View | $65000.00 | 11/23/2021 | 40950594 | David Carpenter |
| 151 | View | $512000.00 | 12/03/2021 | 41035653 | Richard Landingham |
| 152 | View | $0.00 | 12/08/2021 | 41037850 | 4477 Ruby Rd |
| 153 | View | $0.00 | 12/08/2021 | 40962201 | Q F |
| 154 | View | $206830.00 | 12/13/2021 | 41042487 | MDA Financial Solutions |
| 155 | View | $111516.00 | 12/13/2021 | 41042475 | Rajan M Patel MD |
| 156 | View | | 12/07/2021 | 40956240 | Jonathan Chapel |
| 157 | View | $8263.59 | 12/01/2021 | 41042833 | RPC Property Tax Advisors LLC |
| 158 | View | $2767.57 | 12/15/2021 | 41043849 | FedEx Corporate Services, Inc |
| 159 | View | $5800.00 | 12/15/2021 | 41044466 | Ronnie M. Williams |
| 160 | View | $485547.87 | 12/17/2021 | 41046305 | Department of Health Care Services |
| 161 | View | $51631.17 | 01/05/2022 | 41049264 | INTERNAL REVENUE SERVICE |
| 162 | View | $169096.95 | 01/19/2022 | 41070413 | Bulkley, Richardson and Gelinas, LLP |

| Claim # | | Amount claimed * | Date filed | Creditor number | Creditor name |
|---|---|---|---|---|---|
| 163 | View | $14491.37 | 01/19/2022 | 41070839 | Regina Torrez |
| 164 | View | $11243.27 | 01/19/2022 | 41070847 | Armando Torrez |
| 165 | View | $2340.63 | 01/19/2022 | 41070860 | Bryan Zachary Torrez |
| 166 | View | $2998.25 | 01/19/2022 | 41070881 | Jake Alexander Torrez |
| 167 | View | $2998.25 | 01/19/2022 | 41070903 | Christopher Torrez |
| 168 | View | $2000000.00 | 01/19/2022 | 41071075 | JAMES DEVITT |
| 169 | View | $68623.35 | 01/19/2022 | 40946280 | Alejandro Martinez |
| 170 | View | $68623.35 | 01/19/2022 | 40946280 | Alejandro Martinez |
| 171 | View | $35643.27 | 01/19/2022 | 40962454 | Ramona Martinez |
| 172 | View | $35643.27 | 01/19/2022 | 40946996 | Anthony Martinez |
| 173 | View | $35643.27 | 01/19/2022 | 40946297 | Alex Martinez |
| 174 | View | $11243.27 | 01/20/2022 | 40961814 | Pete Rodriguez |
| 175 | View | $12242.69 | 01/20/2022 | 40955587 | Jenny Rodriguez |
| 176 | View | $11243.27 | 01/20/2022 | 40961814 | Pete Rodriguez |
| 177 | View | $95170107.00 | 01/20/2022 | 41071557 | Abir Cohen Treyzon Salo, LLP |
| 178 | View | $11114000.00 | 01/20/2022 | 41071844 | 1126 Wilshire Partnership |
| 179 | View | $3270604.02 | 01/20/2022 | 41071845 | Robert W Finnerty |
| 180 | View | $3602.27 | 01/21/2022 | 41072166 | Cintas Corporation |
| 181 | View | | 01/21/2022 | 41073147 | Erika Girardi |

**Total Number of Claims: 181**

| Total Amount Claimed * | $253028907.38 |
|---|---|
| Total Amount Allowed * | |

* Includes general unsecured claims

The values are reflective of the data entered. Always refer to claim documents for actual amounts.

| | Claimed | Allowed |
|---|---|---|
| Secured | $59403967.09 | |
| Priority | $108572.59 | |
| Administrative | | |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 03/01/2022 19:47:33 | | | |
| PACER Login: | Lewlandau | Client Code: | Virage |
| Description: | Claims Summary | Search Criteria: | 2:20-bk-21022-BR Filed or Entered From: 2/9/2019 Filed or Entered To: 1/1/2023 |
| Billable Pages: | 5 | Cost: | 0.50 |

**030**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

22287 Mulholland Hwy., # 318
Calabasas, CA 91302

A true and correct copy of the foregoing document entitled (*specify*): _____
OPPOSITION AND REQUEST FOR HEARING RE TRUSTEE'S APPLICATION TO EMPLOY SPECIAL LITIGATION
COUNSEL _____
_____

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in
the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)
03/01/2022_____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that
the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated
below:

☑ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy
case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail,
first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the
judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method
for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served
the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to
such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration
that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is
filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 03/01/2022 | Lewis R. Landau | /s/ Lewis R. Landau |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1.PROOF.SERVICE**

**NEF Service List:**

Kyra E Andrassy on behalf of Plaintiff Elissa Miller kandrassy@swelawfirm.com,
lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com

Kyra E Andrassy on behalf of Plaintiff Elissa D. Miller kandrassy@swelawfirm.com,
lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com

Kyra E Andrassy on behalf of Trustee Elissa Miller (TR) kandrassy@swelawfirm.com,
lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com

Rafey Balabanian on behalf of Creditor Edelson PC rbalabanian@edelson.com, docket@edelson.com

Michelle Balady on behalf of Creditor Bedford Law Group, APC mb@bedfordlg.com, leo@bedfordlg.com

Ori S Blumenfeld on behalf of Creditor Jaime Ruigomez ori@marguliesfaithlaw.com,
Helen@MarguliesFaithLaw.com;Angela@MarguliesFaithLaw.com;Vicky@MarguliesFaithLaw.com

Ori S Blumenfeld on behalf of Creditor Joseph Ruigomez ori@marguliesfaithlaw.com,
Helen@MarguliesFaithLaw.com;Angela@MarguliesFaithLaw.com;Vicky@MarguliesFaithLaw.com

Ori S Blumenfeld on behalf of Creditor Kathleen Ruigomez ori@marguliesfaithlaw.com,
Helen@MarguliesFaithLaw.com;Angela@MarguliesFaithLaw.com;Vicky@MarguliesFaithLaw.com

Ori S Blumenfeld on behalf of Interested Party Courtesy NEF ori@marguliesfaithlaw.com,
Helen@MarguliesFaithLaw.com;Angela@MarguliesFaithLaw.com;Vicky@MarguliesFaithLaw.com

Evan C Borges on behalf of Defendant EJ Global, LLC, a limited liability company eborges@ggtriallaw.com,
cwinsten@ggtriallaw.com Evan C Borges on behalf of Defendant Pretty Mess, Inc., a corporation
eborges@ggtriallaw.com, cwinsten@ggtriallaw.com

Evan C Borges on behalf of Defendant Erika Girardi eborges@ggtriallaw.com, cwinsten@ggtriallaw.com

Evan C Borges on behalf of Interested Party Erika Girardi eborges@ggtriallaw.com, cwinsten@ggtriallaw.com

Richard D Buckley on behalf of Interested Party L.A. Arena Funding, LLC richard.buckley@arentfox.com

Steve Burnell on behalf of Interested Party Courtesy NEF sburnell@sulmeyerlaw.com,
sburnell@ecf.courtdrive.com;sburnell@ecf.inforuptcy.com;mviramontes@sulmeyerlaw.com

Indira J. Cameron-Banks on behalf of Creditor Jaime Ruigomez indira@cameron-banks.com,
tiffany@cameronbankslaw.com Indira J. Cameron-Banks on behalf of Creditor Joseph Ruigomez indira@cameron-
banks.com, tiffany@cameronbankslaw.com Indira J. Cameron-Banks on behalf of Creditor Kathleen Ruigomez
indira@cameron-banks.com, tiffany@cameronbankslaw.com

Marie E Christiansen on behalf of Creditor KCC Class Action Services, LLC mchristiansen@vedderprice.com,
ecfladocket@vedderprice.com,marie-christiansen-4166@ecf.pacerpro.com

Jennifer Witherell Crastz on behalf of Creditor Wells Fargo Vendor Financial Services, Inc. jcrastz@hrhlaw.com

Jennifer Witherell Crastz on behalf of Creditor Wells Fargo Vendor Financial Services, LLC jcrastz@hrhlaw.com

Ashleigh A Danker on behalf of Interested Party Courtesy NEF Ashleigh.danker@dinsmore.com,
SDCMLFiles@DINSMORE.COM;Katrice.ortiz@dinsmore.com

Lei Lei Wang Ekvall - DECEASED - on behalf of Interested Party Courtesy NEF
lekvall@swelawfirm.com, lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com

Lei Lei Wang Ekvall - DECEASED - on behalf of Plaintiff Elissa Miller
lekvall@swelawfirm.com, lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com

Lei Lei Wang Ekvall - DECEASED - on behalf of Trustee Elissa Miller (TR) lekvall@swelawfirm.com,
lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com

Richard W Esterkin on behalf of Creditor Southern California Gas Company richard.esterkin@morganlewis.com

Richard W Esterkin on behalf of Interested Party Courtesy NEF richard.esterkin@morganlewis.com

Timothy W Evanston on behalf of Interested Party Courtesy NEF tevanston@swelawfirm.com,
gcruz@swelawfirm.com;lgarrett@swelawfirm.com;jchung@swelawfirm.com

Timothy W Evanston on behalf of Plaintiff Elissa Miller tevanston@swelawfirm.com,
gcruz@swelawfirm.com;lgarrett@swelawfirm.com;jchung@swelawfirm.com

Timothy W Evanston on behalf of Plaintiff Elissa D. Miller tevanston@swelawfirm.com,
gcruz@swelawfirm.com;lgarrett@swelawfirm.com;jchung@swelawfirm.com

Timothy W Evanston on behalf of Trustee Elissa Miller (TR) tevanston@swelawfirm.com,
gcruz@swelawfirm.com;lgarrett@swelawfirm.com;jchung@swelawfirm.com

Jeremy Faith on behalf of Interested Party Courtesy NEF Jeremy@MarguliesFaithlaw.com,
Helen@MarguliesFaithlaw.com;Angela@MarguliesFaithlaw.com;Vicky@MarguliesFaithlaw.com

James J Finsten on behalf of Interested Party Courtesy NEF , jimfinsten@hotmail.com

Alan W Forsley on behalf of Interested Party Courtesy NEF alan.forsley@flpllp.com,
awf@fkllawfirm.com,awf@fl-lawyers.net,addy.flores@flpllp.com

Larry W Gabriel on behalf of Plaintiff Elissa Miller lgabrielaw@outlook.com, tinadow17@gmail.com

Eric D Goldberg on behalf of Creditor Stillwell Madison, LLC eric.goldberg@dlapiper.com, eric-goldberg-1103@ecf.pacerpro.com

Andrew Goodman on behalf of Attorney William F Savino agoodman@andyglaw.com, Goodman.AndrewR102467@notify.bestcase.com

Andrew Goodman on behalf of Petitioning Creditor Erika Saldana agoodman@andyglaw.com, Goodman.AndrewR102467@notify.bestcase.com

Andrew Goodman on behalf of Petitioning Creditor Jill O'Callahan agoodman@andyglaw.com, Goodman.AndrewR102467@notify.bestcase.com

Andrew Goodman on behalf of Petitioning Creditor John Abassian agoodman@andyglaw.com, Goodman.AndrewR102467@notify.bestcase.com

Andrew Goodman on behalf of Petitioning Creditor Kimberly Archie agoodman@andyglaw.com, Goodman.AndrewR102467@notify.bestcase.com

Andrew Goodman on behalf of Petitioning Creditor Robert M. Keese agoodman@andyglaw.com, Goodman.AndrewR102467@notify.bestcase.com

Andrew Goodman on behalf of Petitioning Creditor Virginia Antonio agoodman@andyglaw.com, Goodman.AndrewR102467@notify.bestcase.com

Suzanne C Grandt on behalf of Interested Party Courtesy NEF suzanne.grandt@calbar.ca.gov, joan.randolph@calbar.ca.gov

Steven T Gubner on behalf of Interested Party Courtesy NEF sgubner@bg.law, ecf@bg.law

Marshall J Hogan on behalf of Creditor California Attorney Lending II, Inc. mhogan@swlaw.com, knestuk@swlaw.com

Sheryl K Ith on behalf of Creditor Daimler Trust sith@cookseylaw.com, sith@ecf.courtdrive.com

Razmig Izakelian on behalf of Creditor Frantz Law Group, APLC razmigizakelian@quinnemanuel.com

Lillian Jordan on behalf of Interested Party Courtesy NEF ENOTICES@DONLINRECANO.COM, RMAPA@DONLINRECANO.COM

Lillian Jordan on behalf of Other Professional Donlin, Recano & Company ENOTICES@DONLINRECANO.COM, RMAPA@DONLINRECANO.COM

Lewis R Landau on behalf of Creditor Virage SPV 1, LLC Lew@Landaunet.com

Lewis R Landau on behalf of Interested Party Courtesy NEF Lew@Landaunet.com

Daniel A Lev on behalf of Interested Party Courtesy NEF dlev@sulmeyerlaw.com, ccaldwell@sulmeyerlaw.com;dlev@ecf.inforuptcy.com

Daniel A Lev on behalf of Trustee Elissa Miller (TR) dlev@sulmeyerlaw.com, ccaldwell@sulmeyerlaw.com;dlev@ecf.inforuptcy.com

Elizabeth A Lombard on behalf of Creditor American Express National Bank c/o Zwicker & Associates,P.C. elombard@zwickerpc.com, bknotices@zwickerpc.com

Kathleen P March on behalf of Creditor Jaime Ruigomez kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net

Kathleen P March on behalf of Creditor Joseph Ruigomez kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net

Kathleen P March on behalf of Creditor Kathleen Ruigomez kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net

Craig G Margulies on behalf of Interested Party Courtesy NEF Craig@MarguliesFaithlaw.com, Vicky@MarguliesFaithlaw.com;Helen@MarguliesFaithlaw.com;Angela@MarguliesFaithlaw.com

Ron Maroko on behalf of U.S. Trustee United States Trustee (LA) ron.maroko@usdoj.gov

Peter J Mastan on behalf of Interested Party Courtesy NEF peter.mastan@dinsmore.com, SDCMLFiles@dinsmore.com;Katrice.ortiz@dinsmore.com

Edith R. Matthai on behalf of Defendant David Lira ematthai@romalaw.com, lrobie@romalaw.com

Edith R. Matthai on behalf of Interested Party Courtesy NEF ematthai@romalaw.com, lrobie@romalaw.com

Daniel J McCarthy on behalf of Counter-Defendant Robert W Finnerty dmccarthy@hillfarrer.com, spadilla@hillfarrer.com;nchacon@hfbllp.com

Daniel J McCarthy on behalf of Creditor 1126 Wilshire Partnership dmccarthy@hillfarrer.com, spadilla@hillfarrer.com;nchacon@hfbllp.com

Daniel J McCarthy on behalf of Creditor ABIR COHEN TREYZON SALO, LLP, a California limited liability partnership dmccarthy@hillfarrer.com, spadilla@hillfarrer.com;nchacon@hfbllp.com

Daniel J McCarthy on behalf of Creditor Boris Treyzon Esq dmccarthy@hillfarrer.com,
spadilla@hillfarrer.com;nchacon@hfbllp.com Daniel J McCarthy on behalf of Creditor Robert W. Finnerty
dmccarthy@hillfarrer.com, spadilla@hillfarrer.com;nchacon@hfbllp.com

Daniel J McCarthy on behalf of Defendant ABIR COHEN TREYZON SALO, LLP, a California limited liability
partnership dmccarthy@hillfarrer.com, spadilla@hillfarrer.com;nchacon@hfbllp.com

Daniel J McCarthy on behalf of Defendant Boris Treyzon Esq dmccarthy@hillfarrer.com,
spadilla@hillfarrer.com;nchacon@hfbllp.com Daniel J McCarthy on behalf of Defendant Robert W Finnerty
dmccarthy@hillfarrer.com, spadilla@hillfarrer.com;nchacon@hfbllp.com

Jack Meyer on behalf of Interested Party Courtesy NEF jmeyer@ggtriallaw.com

Elissa Miller (TR) CA71@ecfcbis.com,
MillerTrustee@Sulmeyerlaw.com;C124@ecfcbis.com;ccaldwell@sulmeyerlaw.com

Eric A Mitnick on behalf of Interested Party Courtesy NEF MitnickLaw@aol.com, mitnicklaw@gmail.com

Gilbert M Nishimura on behalf of Attorney Gilbert M. Nishimura gnishimura@snw-law.com, schin@snw-
law.com;sgalindo@snw-law.com;ffilimona@snw-law.com

Scott Olson on behalf of Creditor KCC Class Action Services, LLC scott.olson@bclplaw.com, scott-olson-
2161@ecf.pacerpro.com,ecfsfdocket@vedderprice.com,nortega@vedderprice.com

Carmela Pagay on behalf of Interested Party Courtesy NEF ctp@lnbyb.com

Leonard Pena on behalf of Interested Party Robert Girardi lpena@penalaw.com,
penasomaecf@gmail.com;penalr72746@notify.bestcase.com

Michael J Quinn on behalf of Creditor KCC Class Action Services, LLC
mquinn@vedderprice.com, ecfladocket@vedderprice.com,michael-quinn-2870@ecf.pacerpro.com

David M Reeder on behalf of Interested Party Courtesy NEFdavid@reederlaw.com, secretary@reederlaw.com

Ronald N Richards on behalf of Creditor Law Offices of Phili Sheldon APC ron@ronaldrichards.com,
7206828420@filings.docketbird.com Ronald N Richards on behalf of Interested Party Courtesy NEF
ron@ronaldrichards.com, 7206828420@filings.docketbird.com

Ronald N Richards on behalf of Plaintiff Robert P Finn ron@ronaldrichards.com,
7206828420@filings.docketbird.com Ronald N Richards on behalf of Special Counsel Ronald Richards
ron@ronaldrichards.com, 7206828420@filings.docketbird.com

Ronald N Richards on behalf of Trustee Elissa Miller (TR) ron@ronaldrichards.com,
7206828420@filings.docketbird.com

Kevin C Ronk on behalf of Creditor U.S. Legal Support, Inc. Kevin@portilloronk.com,
Attorneys@portilloronk.com

Frank X Ruggier on behalf of Interested Party Courtesy NEF frank@ruggierlaw.com, enotice@pricelawgroup.com

William F Savino on behalf of Creditor California Attorney Lending II, Inc. wsavino@woodsoviatt.com,
lherald@woodsoviatt.com

Kenneth John Shaffer on behalf of Creditor Frantz Law Group, APLC johnshaffer@quinnemanuel.com

Richard M Steingard on behalf of Other Professional Christopher Kamon , awong@steingardlaw.com

Philip E Strok on behalf of Interested Party Courtesy NEF pstrok@swelawfirm.com,
gcruz@swelawfirm.com;1garrett@swelawfirm.com;jchung@swelawfirm.com

Philip E Strok on behalf of Plaintiff Elissa D. Miller pstrok@swelawfirm.com,
gcruz@swelawfirm.com;1garrett@swelawfirm.com;jchung@swelawfirm.com

Philip E Strok on behalf of Trustee Elissa Miller (TR) pstrok@swelawfirm.com,
gcruz@swelawfirm.com;1garrett@swelawfirm.com;jchung@swelawfirm.com

Boris Treyzon on behalf of Interested Party Courtesy NEF bt@treyzon.com, sgonzales@actslaw.com

United States Trustee (LA) ustpregion16.la.ecf@usdoj.gov

Diane C Weil on behalf of Counter-Claimant The Mandell Law Firm dcweil@dcweillaw.com,
diane.c.weil@Gmail.com,dweil@ecf.inforuptcy.com,alopez@dcweillaw.com

Diane C Weil on behalf of Counter-Claimant Robert Mandell dcweil@dcweillaw.com,
diane.c.weil@Gmail.com,dweil@ecf.inforuptcy.com,alopez@dcweillaw.com

Eric D Winston on behalf of Creditor Frantz Law Group, APLC ericwinston@quinnemanuel.com

Christopher K.S. Wong on behalf of Interested Party L.A. Arena Funding, LLC christopher.wong@arentfox.com,
yvonne.li@arentfox.com

Robert M Yaspan on behalf of Interested Party Claims Recovery Management court@yaspanlaw.com,
tmenachian@yaspanlaw.com

Timothy J Yoo on behalf of Interested Party Courtesy NEF tjy@lnbyb.com

Timothy J Yoo on behalf of Interested Party Jason M. Rund tjy@lnbyb.com