Elissa D. Miller, Chapter 7 Trustee
  Elissa.Miller@gmlaw.com
333 South Grand Avenue, Suite 3400
Los Angeles, California 90071
Telephone: (213) 626-2311
Facsimile: (954) 771-9264

Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No. 2:20-bk-21022-BR |
| GIRARDI KEESE, | Chapter 7 |
| Debtor. | **CHAPTER 7 TRUSTEE'S APPLICATION FOR AUTHORITY TO EMPLOY GREENSPOON MARDER LLP AS SPECIAL AVOIDANCE POWER LITIGATION COUNSEL EFFECTIVE JULY 1, 2022; DECLARATION OF DANIEL A. LEV IN SUPPORT THEREOF** |
| | **(Local Bankruptcy Rule Form 2014-1 Statement of Disinterestedness for Employment of Professional Person Under FRBP 2014, filed concurrently herewith)** |
| | DATE:<br>TIME:    [No Hearing Required]<br>PLACE: |

**TO THE HONORABLE BARRY RUSSELL, UNITED STATES BANKRUPTCY JUDGE,**

**THE OFFICE OF THE UNITED STATES TRUSTEE, AND INTERESTED PARTIES:**

Elissa D. Miller ("Applicant" or the "Trustee"), the duly appointed, qualified, and acting chapter 7 trustee for the estate of the debtor Girardi Keese (the "Debtor"), hereby submits her "Chapter 7 Trustee's Application for Authority to Employ Greenspoon Marder LLP As Special Avoidance Power Litigation Counsel Effective July 1, 2022; Declaration of Daniel A. Lev in Support Thereof" (the "Application"), pursuant to which the Trustee seeks an order of this Court authorizing the employment of Greenspoon Marder

DAL 51254855v1

1  LLP to act as her special avoidance power litigation counsel, effective as of July 1, 2022,

2  and represents as follows:

3        1.     On December 18, 2020, petitioning creditors Jill O'Callahan, as

4  successor in interest to James O'Callahan, Robert M. Keese, John Abassian, Erika

5  Saldana, Virginia Antonio, and Kimberly Archie (collectively, the "Petitioning Creditors")

6  commenced an involuntary petition for relief under chapter 7 of title 11 of the United

7  Sates Code (the "Bankruptcy Code") against the Debtor.[1]  Prior to the involuntary

8  petition, the Debtor was a plaintiff's law firm based in Los Angeles, California, which

9  specialized in the areas of personal injury, defective products, sexual abuse, toxic torts,

10  business law, employment law, and aviation law.  The Debtor was well known in the

11  national mass torts community representing clients in mass tort cases around the

12  country, as well as in the local plaintiffs' bar.

13        2.     On December 24, 2020, Petitioning Creditors caused to be filed their

14  "Motion for Appointment of Interim Trustee Pursuant to 11 U.S.C. § 303(g); Memorandum

15  of Points and Authorities" [Docket No. 12].  On January 5, 2021, the Court entered its

16  "Order Granting 'Motion of Petitioning Creditors for Appointment of Interim Trustee

17  Pursuant to 11 U.S.C. 303(g)'" [Docket No. 45].  On January 6, 2021, the Office of the

18  United States Trustee filed its "(Corrected) Notice of Appointment of Chapter 7 Trustee

19  (11 U.S.C. §§ 303(g) and 701)" [Docket No. 50] pursuant to which, among other things,

20  Elissa D. Miller was appointed interim chapter 7 trustee for the Debtor's estate.

21        3.     On January 13, 2021, the Court entered its "Order Directing: (1) the

22  Clerk of Court to Immediately Enter an Order for Relief Under Chapter 7; (2) the United

23  States Trustee to Immediately Appoint a Chapter 7 Trustee; (3) the Debtor to File All

24  Schedules and Related Documentation for Chapter 7 Case Within Fourteen Days of the

25  Entry of This Order; and (4) Vacating February 16, 2021 Status Conference" [Docket No.

26  68].  On January 13, 2021, the Clerk of Court entered its "Order for Relief and Order to

27

28

---

[1] The Petitioning Creditors also filed an involuntary chapter 7 bankruptcy petition against Thomas V. Girardi, which is currently pending as Case No. 2:20-bk-21020-BR.

1    File Schedules, Statements and List(s)" [Docket No. 69].  On January 13, 2021, the

2    Office of the United States Trustee filed its "Notice of Appointment of Trustee and Fixing

3    of Bond; Acceptance of Appointment As Interim Trustee" [Docket No. 71] pursuant to

4    which, among other things, Elissa D. Miller was appointed and accepted her appointment

5    as chapter 7 trustee for the Debtor's estate, and she continues to act in that capacity.

6            4.      Since her appointment, the Trustee has performed an investigation

7    into the Debtor's financial affairs, including a comprehensive review of the Debtor's books

8    and records.  As a result of her investigation, the Trustee has identified numerous

9    transfers of interests of property of the estate to third parties, which may constitute

10   avoidable transfers pursuant to 11 U.S.C. §§ 544, 546, 547, 548, 549, and 550

11   (collectively the "Avoidance Power Claims").

12           5.      On October 20, 2021, the Trustee caused to be filed her "Chapter 7

13   Trustee's Application for Authority to Employ **Sulmeyer**Kupetz, A Professional

14   Corporation, as Special Avoidance Power Litigation Counsel; Declaration of Daniel A.

15   Lev in Support Thereof" (the "Sulmeyer Application") [Docket No. 820].  On October 20,

16   2021, the Trustee also caused to be filed her "Notice of Chapter 7 Trustee's Application

17   for Authority to Employ **Sulmeyer**Kupetz, A Professional Corporation, as Special

18   Avoidance Power Litigation Counsel (the "Sulmeyer Application Notice") [Docket No.

19   822].  As detailed in the Sulmeyer Application and the Sulmeyer Application Notice, the

20   Trustee sought to employ **Sulmeyer**Kupetz, A Professional Corporation ("Sulmeyer") as

21   her special avoidance power litigation counsel general bankruptcy counsel effective as of

22   October 18, 2021.

23           6.      The Sulmeyer Application was brought pursuant to 11 U.S.C. §§

24   327(a) and 330(a), Federal Rule of Bankruptcy Procedure 2014, Local Bankruptcy Rule

25   2014-1, and the "Guide to Applications for Employment of Professionals and Treatment

26   of Retainers" (the "Employment Guide") issued by the Office of the United States Trustee.

27   After no objections or requests for hearing were filed, on November 30, 2021, the Court

28   entered its "Order Granting Chapter 7 Trustee's Application for Authority to Employ

1    SulmeyerKupetz, A Professional Corporation, as Special Avoidance Power Litigation

2    Counsel" (the "Sulmeyer Application Order") [Docket No. 893].

3        7.    On July 1, 2022, the majority of the lawyers from Sulmeyer joined the

4    firm of Greenspoon Marder LLP ("Greenspoon").  As such, the Trustee has requested

5    that Greenspoon be employed as the estate's general bankruptcy counsel effective July

6    1, 2022, as Greenspoon is familiar with the legal issues facing the Trustee and the estate

7    with respect to the Debtor's chapter 7 case.

8        8.    As noted, Applicant now seeks Court approval to retain Greenspoon

9    as special avoidance power litigation counsel, effective as of July 1, 2022, at the expense

10   of the Debtor's estate, to provide the legal services that the Trustee requires to

11   administer this chapter 7 estate.  In accordance with Applicant's instructions, Greenspoon

12   will assist the Trustee in (i) investigating the estate's Avoidance Power Claims, (ii)

13   advising the Trustee regarding the proposed commencement of Avoidance Power Claims

14   and any defenses thereto, (iii) negotiating with the recipients of Avoidance Power Claims

15   regarding any demands transmitted on behalf of the Trustee, (iv) commencing,

16   prosecuting, defending, and compromising Avoidance Power Claims, (v) preparing for

17   and attending pre-trial meetings, status and pre-trial conferences, settlement

18   conferences, mediations, and  depositions, and (vi) documenting any compromise of

19   controversy and seeking court approval for any compromise.

20       9.    Greenspoon, at Applicant's request, may need to appear in,

21   prosecute, or defend suits and proceedings, if any, when they arise, and to take all

22   necessary and proper steps in other matters and proceedings involving bankruptcy,

23   federal and/or state law, or connected with the Avoidance Power Claims, as needed.

24   Applicant needs to employ Greenspoon to undertake such actions as may be appropriate

25   or necessary in connection with the preservation and realization of the Avoidance Power

26   Claims of the chapter 7 estate.  Further, Applicant needs to employ bankruptcy counsel

27   to advise Applicant so that she complies with all provisions of the Bankruptcy Code, the

28

1    Federal Rules of Bankruptcy Procedure, and the Local Bankruptcy Rules in connection

2    with the Avoidance Power Claims.

3          10.    Applicant proposes, upon the granting of this Application, to employ

4    Greenspoon as her special avoidance power litigation counsel on the same terms as the

5    Sulmeyer Application.  The current range of billing rates for the professionals who are

6    expected to render services for Applicant range between $475 to $750 per hour.  A copy

7    of the schedule of the current rates being charged by attorneys of Greenspoon expected

8    to provide services is attached hereto and incorporated herein as Exhibit 1.  The

9    attorneys currently expected to be principally responsible for this matter, and their

10   respective hourly rates effective as of July 1, 2022, are as follows:  Daniel A. Lev ($650)

11   and Steve Burnell ($475).  As shown by the attached resume, which is attached hereto

12   and incorporated herein as Exhibit 2, Greenspoon is expert in insolvency, bankruptcy,

13   and litigation matters and is well qualified to represent Applicant.

14          11.    Applicant submits that it is in the best interests of the estate to retain

15   her own firm as counsel for the following reasons:

16          (a)    Cost Savings.  Employment of Greenspoon would avoid a

17   duplication of services rendered and ultimately will result in substantial cost savings to

18   the estate, since the complexities of this case will require an inordinate amount of

19   interface between the Trustee and her counsel of record.

20                (i)    Applicant's employment of Greenspoon will necessarily result

21   in a savings for the estate due to the in-house interaction between the Trustee and her

22   proposed counsel.  To bring outside litigation counsel up to date in this case, the Trustee

23   would be required to meet and confer with a partner of the outside firm to facilitate the

24   retention of that firm.  It is likely that that partner would then assign a number of junior

25   associates while remaining the supervising attorney.  However, if the Trustee's firm is

26   employed to represent the Trustee as special avoidance power litigation counsel, the

27   Trustee will be able to properly assist in the management and staffing of this case.

28

1      (ii)  Further, the reimbursable costs savings cannot be ignored,

2 particularly since the recovery of assets of the estate on account of the Avoidance Power

3 Claims may require negotiations with creditors and former insiders.  Telecommunication

4 services are always required when a Trustee deals with an outside law firm.  When the

5 Trustee's attorneys are located in the same office, there are no similar costs incurred.

6 Also, if the Trustee is permitted to employ Greenspoon, communication time will be

7 decreased.  The Trustee will avoid the telephone calls, messages, and speaking with

8 several persons simply to learn the status of the Avoidance Power Claims.  Likewise, the

9 need for confirming letters and emails back and forth will be eliminated.  For these

10 reasons, the Trustee's employment of her own firm as special avoidance power litigation

11 counsel will result in a substantial cost savings.

12      (b)  Expedited administration.  For many of the same reasons why the

13 Trustee's employment of Greenspoon will result in a cost savings, the Trustee's

14 employment of Greenspoon as special avoidance power litigation counsel will expedite

15 administration.  Eliminating the need to communicate by telephone, letter, email, or

16 messenger results in the Trustee's ability to administer this case without delay.  Time lost

17 due to any delay in communication between the Trustee and outside counsel can be

18 costly to the estate.  Therefore, the Trustee's employment of Greenspoon will expedite

19 the administration of this case, and consequently will benefit the estate and its creditors.

20      (c)  Expertise.  As noted, Greenspoon specializes in insolvency,

21 litigation, and state court matters.  Because of Greenspoon's expertise, it is the

22 appropriate firm to competently, efficiently, and timely provide the legal services required

23 by the Trustee on behalf of the estate and its creditors.

24     12.  Applicant proposes to compensate Greenspoon as follows:

25      (a)  How Greenspoon Will Charge Its Fees.  Similar to the Sulmeyer

26 Application, Greenspoon will evaluate, investigate, and analyze the Avoidance Power

27 Claims according to the following structure:  It is expected that the time it will take to

28 perform Greenspoon's analysis will range from 1 to 6 months, depending upon the quality

1   and breadth of information presented to Greenspoon (the "Analysis Period").  After

2   Greenspoon has completed its analysis, Greenspoon will advise Applicant as to the

3   course of action that it recommends Applicant take in connection with the Avoidance

4   Power Claims.  The estate will be charged on an hourly basis at 100% of standard fees

5   for all legal personnel who work on the Avoidance Power Claims during the Analysis

6   Period.  Payment of fees rendered and expenses incurred would be sought on a quarterly

7   basis by fee application filed with the Bankruptcy Court and subject to Bankruptcy Court

8   approval, only at the direction of Applicant.  In the event Avoidance Power Claims are

9   resolved during the Analysis Period without the commencement of a formal complaint in

10  the Bankruptcy Court, such as through a demand letter and subsequent settlement,

11  Greenspoon would be entitled to 100% of its hourly rate (subject to approval of the

12  Trustee and the Bankruptcy Court) for services rendered.

13          (b)      Success Fee.  Similar to the Sulmeyer Application, if Applicant elects

14  to commence Avoidance Power Claims (each, an "Avoidance Power Claim") through the

15  preparation, filing, and prosecution of a formal complaint in the Bankruptcy Court,

16  Greenspoon agrees to bill on an hourly basis at 50% of its standard fees unless and until

17  Greenspoon recovers under one or more of the Avoidance Power Claims.  For recoveries

18  under any of the Avoidance Power Claims which are the subject of an adversary

19  proceeding, Greenspoon shall be entitled to a success fee equal to 20% of the amount

20  recovered under each Avoidance Power Claim.  By way of example only, if Greenspoon

21  conducts an investigation during the Analysis Period and recommends that the Trustee

22  commence an Avoidance Power Claim in the amount of $1,000,000, Greenspoon would

23  be entitled to 100% of its hourly rate (subject to approval of the Trustee and the

24  Bankruptcy Court) for services rendered during the Analysis Period.  If the filing and

25  prosecution of the Avoidance Power Claim results in a recovery, either by court-approved

26  settlement or judgment, to the estate, Greenspoon would be entitled to 50% of its hourly

27  rate (subject to approval of the Trustee and the Bankruptcy Court) for services rendered

28  during the post-Analysis Period, plus 20% of the net amount recovered.  By way of

1   further example only, if the Trustee compromises an Avoidance Power Claim in the

2   amount of $1,000,000 for $100,000, Greenspoon would be entitled to 50% of its hourly

3   rate for services rendered in preparing and prosecuting the Avoidance Power Claim

4   (subject to approval of the Trustee and the Bankruptcy Court), plus an additional $20,000

5   success fee (20% of $100,000).  Greenspoon may petition the Court for allowance of the

6   20% success fee separate and apart from the fees rendered on an hourly basis which

7   must be sought through a fee application.  If the prosecution of an Avoidance Power

8   Claim results in no recovery, Greenspoon would only be entitled to 50% of its hourly rate

9   (subject to approval of the Trustee and the Bankruptcy Court) for services rendered.

10               (c)       Payment of Costs.  Similar to the Sulmeyer Application, any costs

11  related to the investigation or prosecution of Avoidance Power Claims during the Analysis

12  Period and post-Analysis Period are to be paid for by the estate (subject to approval of

13  the Trustee and the Bankruptcy Court).

14               13.       Applicant shall ensure that there is no double recovery as between

15  Sulmeyer and Greenspoon for services rendered and costs incurred on behalf of the

16  estate.

17               14.       Greenspoon understands and agrees to accept employment as

18  special avoidance power litigation counsel on grounds that its fees and costs may be

19  awarded only by application to and approval by this Court after notice and a hearing,

20  provided, however, that, pursuant to paragraph 12(b), Greenspoon may petition the Court

21  for allowance of the 20% success fee separate and apart from the fees rendered on an

22  hourly basis which must be sought through a fee application.  Greenspoon is familiar with

23  the Bankruptcy Code and the Bankruptcy Rules, the Local Bankruptcy Rules, and the

24  United States Trustee Guidelines, and will comply with them.

25               15.       Greenspoon has not been paid a monetary retainer.

26               16.       Greenspoon carefully has reviewed its files and has determined that

27  no conflict exists in connection with this matter.  Specifically, Greenspoon regularly

28  checks its internal client database to determine, in this situation, if it represents the

1    Debtor or any creditor with a claim against the Debtor.  In conducting this search under

2    the name of the Debtor, no references to the Debtor came up and based upon this

3    review, Greenspoon has determined that it does not and has not represented anyone

4    with any interests adverse to the Debtor.  Further, and as set forth in the attached

5    declaration of Daniel A. Lev, Greenspoon represents no creditor or other party in this

6    case and has no interest adverse to the Debtor or its estate.  Therefore, to the best of

7    Applicant's knowledge, information, and belief, Greenspoon is a "disinterested" party as

8    that term is defined by the Bankruptcy Code.

9          17.     Applicant is satisfied from the attached declaration of Daniel A. Lev

10    that the employment of Greenspoon by the Trustee as special avoidance power litigation

11    counsel would be in the best interest of the estate and its creditors as the services to be

12    rendered are not duplicative of services being rendered by any other professional of the

13    estate and the proposed hourly rates are commensurate with the rates being charged by

14    other professionals and those previously approved by the Court pursuant to the Sulmeyer

15    Application Order.

16          18.     Pursuant to Local Bankruptcy Rule 2014-1(b)(2), the proposed

17    employment of Greenspoon has been concurrently noticed to all parties in interest.

18          19.     Greenspoon is being employed pursuant to 11 U.S.C. §§ 327(a),

19    328(a), and 330(a).  As noted, Greenspoon has agreed to be employed with

20    compensation to be paid only upon application to, and approval by, the Bankruptcy Court

21    after notice and a hearing, provided, however, that, pursuant to paragraph 12(b),

22    Greenspoon may petition the Court for allowance of the 20% success fee separate and

23    apart from the fees rendered on an hourly basis which must be sought through a fee

24    application.  More specifically, Greenspoon reserves the right to seek payment of its fees

25    and expenses incurred in the representation of the Trustee from the bankruptcy estate

26    pursuant to duly-noticed fee applications, to be set not more frequently than every 120

27    days.  Greenspoon will, pursuant to 11 U.S.C. §§ 330 and 331, apply to the Court for

28    allowance of such fees and costs, which application will be heard upon notice to the

1  Debtor, counsel for the Debtor, the Office of the United States Trustee, creditors, and all

2  parties that have requested special notice, unless the Court approves other procedures

3  for payment of interim fees.  All fees and expense reimbursements requested by

4  Greenspoon, including, but not limited to, any amounts paid on an interim basis, shall

5  remain subject to review and approval by the Court, after notice and a hearing.

6        **WHEREFORE**, Applicant respectfully requests that an order be entered

7  authorizing, pursuant to 11 U.S.C. §§ 327(a), 328(a), and 330(a), and in accordance with

8  Fed. R. Bankr. P. 2014(a) and Loc. Bankr. R. 2014-1(b)(1), the employment of

9  Greenspoon on the terms stated herein, as of July 1, 2022.

10  DATED:  July 26, 2022

11                                    _____
                                       Elissa D. Miller, Chapter 7 Trustee
12

13  **APPROVED AS TO FORM AND CONTENT:**

14  **Greenspoon Marder LLP**

15

16  By _____
17  Daniel A. Lev
     for Greenspoon Marder LLP
18

19

20

21

22

23

24

25

26

27

28

1

## **DECLARATION OF DANIEL A. LEV**

2          I, Daniel A. Lev, declare and state as follows:

3          1.      I am an attorney at law, duly qualified and licensed to practice before

4    this Court.  I am a partner of Greenspoon Marder LLP ("Greenspoon"), proposed special

5    avoidance power litigation counsel for Elissa D. Miller ("Applicant" or the "Trustee"), the

6    duly appointed, qualified, and acting chapter 7 trustee for the estate of the debtor Girardi

7    Keese (the "Debtor"), as described herein.

8          2.      I make this Declaration in support of the "Chapter 7 Trustee's

9    Application for Authority to Employ Greenspoon Marder LLP As Special Avoidance

10   Power Litigation Counsel Effective July 1, 2022; Declaration of Daniel A. Lev in Support

11   Thereof" (the "Application"), pursuant to which the Trustee seeks an order of this Court

12   authorizing the employment of Greenspoon to act as her special avoidance power

13   litigation counsel, effective as of July 1, 2022.  I have personal knowledge of the facts

14   stated in this declaration, and if called to testify, could and would, without waiver of any

15   applicable privilege, testify that the facts stated in this declaration are true and correct to

16   the best of my knowledge and information.

17         3.      I am employed by Greenspoon and am one of the attorneys that will

18   be primarily responsible for the representation of the Trustee in this case.  I am

19   authorized to make this declaration on behalf of Greenspoon in support of this

20   Application.

21         4.      Applicant is seeking to retain Greenspoon as his general bankruptcy

22   counsel, effective as of July 1, 2022, by the foregoing Application.

23         5.      Greenspoon, its partners, senior counsel, and associates are

24   experienced in matters of bankruptcy, insolvency, litigation, corporate reorganization, and

25   debtor/creditor law, and in the representation of debtors, creditors, creditors' committees,

26   and trustees in cases under the Bankruptcy Code, and is well qualified to represent

27   debtors, creditors, creditors' committees, and trustees in such matters.  Greenspoon, its

28   partners, senior counsel, and associates are therefore well qualified to provide advice

DAL 51254855v1                          -11-

1 and representation to Applicant in this bankruptcy proceeding.  To my knowledge and

2 information, neither I, Greenspoon, nor its partners, senior counsel, or associates

3 represent or have any connection with the Debtor, any creditor, or other party in interest

4 in this case, their respective attorneys or accountants, the United States Trustee or any

5 person employed in the Office of the United States Trustee, except that certain partners

6 of Greenspoon, namely, Michael R. Bakst, Howard M. Ehrenberg, and Elissa D. Miller,

7 are also members of the private panel of trustees maintained by the Office of the United

8 States Trustee.

9          6.      Immediately prior to executing this declaration, I directed an updated

10 conflicts check to be performed to determine Greenspoon represents a party holding a

11 claim or other adverse interest against the Debtor.  Based on Greenspoon's

12 comprehensive investigation, I determined that no potential or actual conflicts of interest

13 exist.  Thus, based upon these conflicts checks, I have determined that Greenspoon

14 does not represent any party or person holding a claim or adverse interest against the

15 Debtor, and I have therefore concluded that Greenspoon is "disinterested" as that term is

16 defined in 11 U.S.C. § 101(14).  Neither I, Greenspoon, nor its partners, senior counsel,

17 or associates have any interest adverse to the Debtor or its estate.

18          7.      Neither I, Greenspoon, nor its partners, senior counsel, or associates

19 have any pre-petition claim against the Debtor or its estate.

20          8.      Neither I, Greenspoon, nor its partners, senior counsel, or associates

21 were an investor of the Debtor or its estate.

22          9.      Greenspoon has not in the past represented, nor does Greenspoon

23 in the future plan to represent, any related debtors or principals of the Debtor, unless so

24 authorized by the Bankruptcy Court.

25          10.     Greenspoon has no connections with the Debtor or its estate.

26          11.     Greenspoon is not and was not an equity security holder or an

27 insider of the Debtor or its estate.

28

12.    Greenspoon is not and was not, at any time, an investment banker for any security of the Debtor or its estate, or an attorney for any security of the Debtor or its estate.

13.    Greenspoon has no interest materially adverse to the interests of the estate or of any class of creditors or equity security holders, for any reason of any direct or indirect relationship to, connection with, or interest in, the Debtor or its estate or an investment banker for any security of the Debtor, or for any other reason.

14.    No partner, senior counsel, associate, of counsel attorney, or other employee of Greenspoon is a relative or employee of the United States Trustee or a United States Bankruptcy Judge.

15.    Greenspoon has received no retainer or other form of compensation.

16.    A schedule of the current hourly billing rates charged for attorneys and paraprofessionals of Greenspoon expected to provide services to the Trustee is attached hereto as <u>Exhibit 1</u>.  A copy of the resume of the Bankruptcy and Reorganization Practice Group of Greenspoon is attached hereto as <u>Exhibit 2</u>.

17.    Greenspoon and its attorneys are familiar with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules, and United States Trustee Guideline No. 18, and we shall comply with them.

18.    Notice of this Application has been concurrently provided to the Debtor, all known creditors, all parties requesting special notice, and the Office of the United States Trustee.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, information and belief.

Executed this 26th day of July, 2022, at Los Angeles, California.



Daniel A. Lev

# EXHIBIT 1

# RATES FOR PROFESSIONAL SERVICES

*(Effective since 7/1/2022)*

| ATTORNEYS | INITIALS | RATE |
|---|---|---|
| HOWARD M. EHRENBERG | HME | $725 |
| MARK S. HOROUPIAN | MSH | $695 |
| DANIEL A. LEV | DAL | $650 |
| ELISSA D. MILLER | EDM | $650 |
| VICTOR A. SAHN | VAS | $750 |
| ALAN G. TIPPIE | AGT | $750 |
| ASA S. HAMI | ASH | $610 |
| STEVEN F. WERTH | SFW | $610 |
| STEVE BURNELL | SB | $475 |

**PARALEGALS**

| | | |
|---|---|---|
| KAREN L. FILES | KLF | $250 |

**TRUSTEE ADMINISTRATORS**

| | | |
|---|---|---|
| LUPE V. CORTEZ | LVC | $195 |

| | |
|---|---|
| PARTNERS | $435-1100 |
| ASSOCIATE | $250-590 |
| PARALEGALS | $125-400 |

# EXHIBIT 2



# Greenspoon Marder LLP

# BANKRUPTCY & REORGANIZATION

PRACTICE OVERVIEW

WWW.GMLAW.COM

# OVERVIEW

Greenspoon Marder LLP's Bankruptcy and Reorganization Practice Group takes a comprehensive approach to bankruptcy law, drawing on the particular experience of attorneys practicing across our full-service business law firm. Our team focuses on keeping our clients out of the courtroom, because experience has shown that this approach often leads to beneficial results and considerable cost savings for our clients.

Our team has experience in representing:

- Debtors
- Buyers of Assets
- Creditors' Committees (in Court Proceedings)
- Unofficial Creditors' Committees (Out-Of-Court Proceedings)
- Institutional Lenders
- Investors
- Landlords
- Private and Publicly Held Corporations
- Receivers
- Trustees

When reaching an out-of-court settlement is not possible, Greenspoon Marder LLP's Litigation Practice Group has decades of experience in representing bankruptcy clients. Our attorneys routinely appear before the United States Bankruptcy Courts, United States Court of Appeals, United States District Courts, and state courts throughout the United States.





## Creditor Representation

Greenspoon Marder's attorneys have experience protecting and preserving the rights of secured, priority, and unsecured creditors. Included among the matters we handle for creditors are:

- Obtaining Relief from Stay/Adequate Protection
- Filing Proofs of Claim
- Contesting Motions to Value Collateral
- Contesting Use of Cash Collateral
- Defending Voidable Transfer Lawsuits Under Bankruptcy Code and State Law
- Prosecuting Dismissal of Bad Faith Bankruptcy Filings
- Prosecuting Denial of Discharge under Sector 727 of the Bankruptcy Code
- Prosecuting Non-Dischargeability of Debt under Sector 523 of the Bankruptcy Code
- Contesting Plan Confirmation in Chapter 11, 12, and 13 Cases

# MEET THE TEAM



## HOWARD M. EHRENBERG
### PARTNER
HOWARD.EHRENBERG@GMLAW.COM

Howard M. Ehrenberg is a partner in the Bankruptcy & Reorganization practice group at Greenspoon Marder. For nearly 30 years, he has served as a Chapter 11 and Chapter 7 trustee. As a bankruptcy litigator, he has represented both debtors and creditors, creditor's committees, landlords, and buyers looking to purchase assets from bankruptcy estates. Mr. Ehrenberg is also a certified mediator. He has been a member of the Bankruptcy Mediation Panel since 2016 for the Central District Bankruptcy Court Panel of Mediators. As a result of his high success rate as a mediator, Mr. Ehrenberg has been one of the most sought-after mediators in Los Angeles for cases including non-dischargeability actions, contract disputes, landlord tenant disputes, and legal malpractice actions over the last several years. Mr. Ehrenberg was appointed by the Office of the United States Trustee to the Chapter 7 Bankruptcy Panel of Trustees for the Central District of California in 1995. Since then, in his role as a trustee, he has managed bankruptcy estates in a range of industries. A Certified State Court Receiver, Mr. Ehrenberg facilitates the completion of ongoing projects, the liquidation of shared assets, and the continuation of business operations amid disputes in ownership and management.



## MARK S. HOROUPIAN
### PARTNER
MARK.HOROUPIAN@GMLAW.COM

Mark S. Horoupian is a partner in the Bankruptcy & Reorganization practice group at Greenspoon Marder where he focuses on bankruptcy, bankruptcy litigation, corporate restructurings, receiverships, assignments for the benefit of creditors and other non-bankruptcy insolvency solutions. He represents a wide spectrum of participants in the insolvency process, including creditors, creditors' committees, debtors in possession, Chapter 11 and Chapter 7 trustees, assignees for the benefit of creditors and acquirers of assets from bankruptcy estates. Mr. Horoupian also has substantial experience representing real estate developers in their individual Chapter 11 cases. Mr. Horoupian also acts as an assignee for the benefit of creditors.

# MEET THE TEAM



**DANIEL A. LEV
PARTNER**
DANIEL.LEV@GMLAW.COM

Daniel A. Lev is a partner in the Bankruptcy & Reorganization practice group at Greenspoon Marder, practicing in the area of corporate restructuring and insolvency. Because pre and post-bankruptcy proceedings are fast-paced and high-stakes, Daniel is committed to offering his clients practical solutions to their most difficult challenges as efficiently as possible. Clients appreciate Daniel's understanding of the business implications of legal disputes, as well as his ability to develop and execute strategies that minimize exposure, maximize recovery, and realize the best possible outcome, and his clients praise him for his practical thinking, strategic advice, and creative solutions. Daniel focuses his practice on the representation of debtors, the acquirers of distressed debt, real estate developers, secured and unsecured lenders, HOA's, landlords, creditors' committees, chapter 11 and 7 trustees, and investors in a broad range of insolvency, restructuring, business litigation, and creditors' rights matters. Prior to joining Greenspoon Marder, Daniel spent the past 21 years at a boutique bankruptcy firm based in Los Angeles. As a native Los Angelino and diehard UCLA fan, his approach to law follows the words of the legendary John Wooden, who aptly noted, "Failing to prepare is preparing to fail."



**ELISSA D. MILLER
PARTNER**
ELISSA.MILLER@GMLAW.COM

Elissa D. Miller is a partner in the Bankruptcy & Reorganization practice group at Greenspoon Marder. As a well-established bankruptcy lawyer and fiduciary, Ms. Miller represents secured and unsecured creditors, creditors' committees, and trustees in both Chapter 7 and Chapter 11 bankruptcy cases. She is a member of the Chapter 7 Panel of Bankruptcy Trustees appointed by the Office of the United States Trustee in the Central District of California and serves as a Chapter 11 trustee. Ms. Miller is currently serving as the Chapter 7 Trustee of the infamous law firm of Girardi Keese, and for Mark Slotkin, an entrepreneur and the owner of Antiquarian Traders, a long time established antique store and warehouse in Los Angeles, among many other matters. She has also been named as the Liquidating Trustee under the confirmed Chapter 11 Plan in the case of Jaguar Distribution Corp. a former distributor of films to airlines and cruise ships.

# MEET THE TEAM



**VICTOR A. SAHN
PARTNER**
VICTOR.SAHN@GMLAW.COM

Victor A. Sahn is a partner in the Bankruptcy & Reorganization practice group at Greenspoon Marder. With more than 40 years of experience, Mr. Sahn represents Chapter 11 Debtors and Creditors' Committees, as well as secured creditors, equity committees, and individual unsecured creditors, in bankruptcy cases. He also works frequently with asset purchasers in Chapter 11 and Chapter 7 cases, and with plan proponents in relation to Chapter 11 cases. Mr. Sahn has also represented Plaintiffs and Defendants in many litigation or adversary proceedings before bankruptcy courts. He is frequently sought after as counsel in such proceedings. These include actions under the fraudulent transfer statutes under State and Bankruptcy law, as well as common law or actions pursuant to applicable State or Federal law which are adjudicated in the bankruptcy forum.



**ALAN G. TIPPIE
PARTNER**
ALAN.TIPPIE@GMLAW.COM

Alan G. Tippie is a partner in the Bankruptcy & Reorganization practice group at Greenspoon Marder. He represents a wide range of clients in matters from business litigation and financial restructuring to reorganization and insolvency disputes. With an emphasis on creditor/debtor disputes, Mr. Tippie handles federal and state court litigation, as well as bankruptcy and related matters, on behalf of parties on all sides of these issues, including business participants, investors, creditors, fiduciaries, debtors, and institutional clients. He serves as a receiver by appointment from the Superior Court of the State of California, and as a private trustee and estate executor. As a receiver, Mr. Tippie manages receivership estates on behalf of financial institutions and other litigants that have sought his appointment.

# MEET THE TEAM



**ASA S. HAMI**
**SENIOR COUNSEL**
ASA.HAMI@GMLAW.COM

Asa S. Hami is senior counsel in the Bankruptcy & Reorganization practice group at Greenspoon Marder, practicing primarily in the area of corporate restructuring and insolvency. Mr. Hami works closely with his clients from start to finish to ensure they understand the often complex matters and issues involved in bankruptcy and insolvency proceedings, and provides them the necessary information and guidance to make informed decisions that best serve their interests throughout any given case. He focuses his practice on the representation of debtors, trustees, creditor committees, landlords, asset purchasers, and other parties in interest in Chapter 11 and Chapter 7 bankruptcy cases, avoidance litigation, and other contested matters and adversary proceedings. He has represented a range of clients across different industries.



**STEVEN F. WERTH**
**SENIOR COUNSEL**
STEVEN.WERTH@GMLAW.COM

Steven F. Werth is senior counsel in the Bankruptcy & Reorganization practice group at Greenspoon Marder. Mr. Werth has represented debtors and creditors in bankruptcy matters for over two decades. He has worked with individuals and companies in industries ranging from entertainment to janitorial services and manufacturing, regularly representing creditors' committees and small business debtors in Chapter 11 matters. Mr. Werth has particular expertise in negotiating landlord-tenant disputes that arise in the bankruptcy process, as well as addressing land-use issues and restrictive covenants related to golf course bankruptcies. He regularly navigates foreclosure actions on behalf of real property owners, in relation to office buildings and multi-unit residential properties, reorganizing debt and providing a runway to sale or refinancing.

# MEET THE TEAM



**STEVE BURNELL**
ASSOCIATE
STEVE.BURNELL@GMLAW.COM

Steve Burnell is an associate in the Bankruptcy & Reorganization practice group at Greenspoon Marder LLP. He represents debtors, trustees, creditors, and committees in all aspects of bankruptcy litigation, including appeals. Prior to joining the firm he was an associate at a boutique bankruptcy law firm and served as term law clerk for three years for the Honorable Erithe A. Smith, U.S. Bankruptcy Judge for the Central District of California. He is a member of the Commercial Law and Bankruptcy Section of the Orange County Bar Association and the Orange County Bankruptcy Forum, as well as a former participant in the National Conference of Bankruptcy Judges' Honorable Cornelius Blackshear Fellowship Program and the Next Generation Program. Mr. Burnell is a veteran of the U.S. Marine Corps having served honorably for four years.

# RATES FOR PROFESSIONAL SERVICES

*(Effective since 7/1/2022)*

| ATTORNEYS | INITIALS | RATE |
|---|---|---|
| HOWARD M. EHRENBERG | HME | $725 |
| MARK S. HOROUPIAN | MSH | $695 |
| DANIEL A. LEV | DAL | $650 |
| ELISSA D. MILLER | EDM | $650 |
| VICTOR A. SAHN | VAS | $750 |
| ALAN G. TIPPIE | AGT | $750 |
| ASA S. HAMI | ASH | $610 |
| STEVEN F. WERTH | SFW | $610 |
| STEVE BURNELL | SB | $475 |

| PARALEGALS | | |
|---|---|---|
| KAREN L. FILES | KLF | $250 |

| TRUSTEE ADMINISTRATORS | | |
|---|---|---|
| LUPE V. CORTEZ | LVC | $195 |

| | RATE |
|---|---|
| PARTNERS | $435-1100 |
| ASSOCIATE | $250-590 |
| PARALEGALS | $125-400 |

# BACKED BY A NATIONAL, FULL-SERVICE LAW FIRM

Greenspoon Marder LLP is a full-service law firm with over 225 attorneys and more than 20 office locations across the United States. With operations from Miami to New York and from Denver to Los Angeles, the firm attracts some of the nation's top talent in key markets and innovation hubs. Its core practice areas include Real Estate, Litigation, and Transactional Services, complemented by the capabilities of a full-service firm. Greenspoon Marder has upheld a spot on The American Lawyer's Am Law 200 as one of the top law firms in the U.S. since 2015, and the firm's goal is to provide exceptional client service by developing a thorough understanding of each client's business needs and objectives in order to provide strategic, cost-effective solutions.

**SERVING CLIENTS THROUGHOUT THE U.S. WITH 20+ OFFICES IN KEY MARKETS**

Atlanta   Boca Raton   Chicago   Denver   Ft. Lauderdale   Las Vegas   Los Angeles   Miami
Naples   New York   Newark   Orlando   Scottsdale   Tallahassee   Tampa   West Palm Beach

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 333 South Grand Avenue, Suite 3400, Los Angeles, CA 90071.

A true and correct copy of the foregoing document entitled (*specify*): **CHAPTER 7 TRUSTEE'S APPLICATION FOR AUTHORITY TO EMPLOY GREENSPOON MARDER LLP AS SPECIAL AVOIDANCE POWER LITIGATION COUNSEL EFFECTIVE JULY 1, 2022; DECLARATION OF DANIEL A. LEV IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) July 28, 2022, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**See Attached ECF List**

☒ Service information continued on attached page.

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) July 28, 2022, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Debtor
Girardi Keese
1126 Wilshire Blvd
Los Angeles, CA 90017-1904

The Honorable Barry Russell
U.S. Bankruptcy Court
Roybal Federal Building
255 E. Temple Street, Suite 1660
Los Angeles, CA 90012

☐ Service information continued on attached page.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| July 28, 2922 | Cheryl Caldwell | */s/Cheryl Caldwell* |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

CC 51263738v1 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                 **F 9013-3.1.PROOF.SERVICE**

**ADDITIONAL SERVICE INFORMATION (if needed):**

1. **SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**

- **Kyra E Andrassy**    kandrassy@swelawfirm.com, lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com
- **Rafey Balabanian**    rbalabanian@edelson.com, docket@edelson.com
- **Michelle Balady**    mb@bedfordlg.com, leo@bedfordlg.com
- **Ori S Blumenfeld**    oblumenfeld@laklawyers.com, nlessard@laklawyers.com;smcfadden@laklawyers.com
- **Evan C Borges**    eborges@ggtriallaw.com, cwinsten@ggtriallaw.com
- **Richard D Buckley**    richard.buckley@arentfox.com
- **Steve Burnell**    Steve.Burnell@gmlaw.com, sburnell@ecf.courtdrive.com;sburnell@ecf.inforuptcy.com;maria.viramontes@gmlaw.com
- **Indira J. Cameron-Banks**    indira@cameron-banks.com, tiffany@cameronbankslaw.com
- **Marie E Christiansen**    mchristiansen@vedderprice.com, ecfladocket@vedderprice.com,marie-christiansen-4166@ecf.pacerpro.com
- **Jennifer Witherell Crastz**    jcrastz@hrhlaw.com
- **Ashleigh A Danker**    adanker731@gmail.com
- **Lei Lei Wang Ekvall - DECEASED -**    lekvall@swelawfirm.com, lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com
- **Richard W Esterkin**    richard.esterkin@morganlewis.com
- **Timothy W Evanston**    tevanston@swelawfirm.com, gcruz@swelawfirm.com;lgarrett@swelawfirm.com;jchung@swelawfirm.com
- **Jeremy Faith**    Jeremy@MarguliesFaithlaw.com, Helen@MarguliesFaithlaw.com;Angela@MarguliesFaithlaw.com;Vicky@MarguliesFaithlaw.com
- **James J Finsten**    , jimfinsten@hotmail.com
- **James J Finsten**    jfinsten@lurie-zepeda.com, jimfinsten@hotmail.com
- **Alan W Forsley**    alan.forsley@flpllp.com, awf@fkllawfirm.com,awf@fl-lawyers.net,addy.flores@flpllp.com
- **Larry W Gabriel**    lgabrielaw@outlook.com, tinadow17@gmail.com
- **Eric D Goldberg**    eric.goldberg@dlapiper.com, eric-goldberg-1103@ecf.pacerpro.com
- **Andrew Goodman**    agoodman@andyglaw.com, Goodman.AndrewR102467@notify.bestcase.com
- **Suzanne C Grandt**    suzanne.grandt@calbar.ca.gov, joan.randolph@calbar.ca.gov
- **Steven T Gubner**    sgubner@bg.law, ecf@bg.law
- **Marshall J Hogan**    mhogan@swlaw.com, knestuk@swlaw.com
- **Sheryl K Ith**    sith@cookseylaw.com
- **Razmig Izakelian**    razmigizakelian@quinnemanuel.com
- **Lillian Jordan**    ENOTICES@DONLINRECANO.COM, RMAPA@DONLINRECANO.COM
- **Lewis R Landau**    Lew@Landaunet.com
- **Daniel A Lev**    daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com
- **Elizabeth A Lombard**    elombard@zwickerpc.com, bknotices@zwickerpc.com
- **Kathleen P March**    kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net
- **Craig G Margulies**    Craig@MarguliesFaithlaw.com, Vicky@MarguliesFaithlaw.com;Helen@MarguliesFaithlaw.com;Angela@MarguliesFaithlaw.com
- **Ron Maroko**    ron.maroko@usdoj.gov
- **Peter J Mastan**    peter.mastan@dinsmore.com, SDCMLFiles@dinsmore.com;Katrice.ortiz@dinsmore.com
- **Edith R. Matthai**    ematthai@romalaw.com, lrobie@romalaw.com
- **Daniel J McCarthy**    dmccarthy@hillfarrer.com, spadilla@hillfarrer.com;nchacon@hfbllp.com
- **Jack Meyer**    jmeyer@ggtriallaw.com
- **Elissa Miller (TR)**    CA71@ecfcbis.com, MillerTrustee@gmlaw.com;C124@ecfcbis.com;cheryl.caldwell@gmlaw.com;cheryl.caldwell@ecf.courtdrive.com
- **Eric A Mitnick**    MitnickLaw@aol.com, mitnicklaw@gmail.com
- **Gilbert M Nishimura**    gnishimura@snw-law.com, schin@snw-law.com;sgalindo@snw-law.com;ffilimona@snw-law.com
- **Scott Olson**    scott.olson@bclplaw.com, scott-olson-2161@ecf.pacerpro.com,ecfsfdocket@vedderprice.com,nortega@vedderprice.com

CC 51263738v1 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                **F 9013-3.1.PROOF.SERVICE**

- **Carmela Pagay**    ctp@lnbyb.com
- **Leonard Pena**    lpena@penalaw.com, penasomaecf@gmail.com;penalr72746@notify.bestcase.com
- **Michael J Quinn**    mquinn@vedderprice.com, ecfladocket@vedderprice.com,michael-quinn-2870@ecf.pacerpro.com
- **David M Reeder**    david@reederlaw.com, secretary@reederlaw.com
- **Ronald N Richards**    ron@ronaldrichards.com, 7206828420@filings.docketbird.com
- **Kevin C Ronk**    Kevin@portilloronk.com, Attorneys@portilloronk.com
- **Frank X Ruggier**    frank@ruggierlaw.com, enotice@pricelawgroup.com
- **William F Savino**    wsavino@woodsoviatt.com, lherald@woodsoviatt.com
- **Kenneth John Shaffer**    johnshaffer@quinnemanuel.com
- **Richard M Steingard**    , awong@steingardlaw.com
- **Philip E Strok**    pstrok@swelawfirm.com,
  gcruz@swelawfirm.com;1garrett@swelawfirm.com;jchung@swelawfirm.com
- **Terrence Swinson**    terrenceswinson@gmail.com
- **Boris Treyzon**    btreyzon@actslaw.com, sgonzales@actslaw.com
- **United States Trustee (LA)**    ustpregion16.la.ecf@usdoj.gov
- **Diane C Weil**    dcweil@dcweillaw.com, diane.c.weil@Gmail.com,dweil@ecf.inforuptcy.com,alopez@dcweillaw.com
- **Eric D Winston**    ericwinston@quinnemanuel.com
- **Christopher K.S. Wong**    christopher.wong@arentfox.com, yvonne.li@arentfox.com
- **Robert M Yaspan**    court@yaspanlaw.com, tmenachian@yaspanlaw.com
- **Timothy J Yoo**    tjy@lnbyb.com

CC 51263738v1 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                **F 9013-3.1.PROOF.SERVICE**