**SMILEY WANG-EKVALL, LLP**
Philip E. Strok, State Bar No. 169296
*pstrok@swelawfirm.com*
Kyra E. Andrassy, State Bar No. 207959
*kandrassy@swelawfirm.com*
Timothy W. Evanston, State Bar No. 319342
*tevanston@swelawfirm.com*
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Telephone:   714 445-1000
Facsimile:   714 445-1002

Attorneys for Elissa D. Miller,
Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No. 2:20-bk-21022-BR |
| GIRARDI KEESE, | Chapter 7 |
| | **MOTION FOR ORDER APPROVING COMPROMISE WITH THE LAW OFFICE OF KENNY S. RAMIREZ REGARDING THE DEBTOR'S QUANTUM MERUIT CLAIMS IN CUETO V. GUTIERREZ AND GARCIA V. UCI MEDICAL CENTER PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF ELISSA D. MILLER IN SUPPORT** |
| Debtor. | **[No Hearing Required Pursuant to Local Bankruptcy Rule 9013-1(o)]** |

*SMILEY WANG-EKVALL, LLP*
*3200 Park Center Drive, Suite 250*
*Costa Mesa, California 92626*
*Tel 714 445-1000 • Fax 714 445-1002*

**TO THE HONORABLE BARRY RUSSELL, UNITED STATES BANKRUPTCY JUDGE:**

Elissa D. Miller, the chapter 7 trustee for the bankruptcy estate (the "Estate") of Girardi Keese (the "Trustee"), submits this *Motion for Order Authorizing Compromise of Controversy with the Law Office of Kenny S. Ramirez Regarding the Debtor's Quantum Meruit Claims in Cueto v. Gutierrez and Garcia v. UCI Medical Center Pursuant to Federal Rule of Bankruptcy Procedure 9019* (the "Motion").  In support of the Motion, the Trustee submits the following memorandum of points and authorities and the attached Declaration of Elissa D. Miller.

## I.    INTRODUCTION

This Motion requests approval of a compromise between the bankruptcy estate and Kenny S. Ramirez of The Law Office of Kenny S. Ramirez ("Ramirez") regarding the Debtor's quantum meruit claims in two separate cases.  Ramirez was formerly employed by the Debtor and brought both cases relevant here in to the Debtor shortly before leaving the Debtor's employment.  The Debtor had the cases for a very short time.  Ramirez continued to represent both plaintiffs after he left.  The compromise contemplated by this Motion was reached after taking into account the efforts by all parties in prosecuting the case and in negotiating the settlement.  The Trustee believes the compromise is fair and equitable and in the best interest of the Estate.

## II.    BACKGROUND

### A.    The Debtor's Bankruptcy Case

The Debtor was a plaintiff's law firm based in Los Angeles, California.  On December 18, 2020, petitioning creditors Jill O'Callahan, as successor in interest to James O'Callahan, Robert M. Keese, John Abassian, Erika Saldana, Virginia Antonio, and Kimberly Archie (collectively, the "Petitioning Creditors") filed an involuntary

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

1  chapter 7 bankruptcy petition against the Debtor.[1]  On December 24, 2020, the

2  Petitioning Creditors filed a *Motion for Appointment of Interim Trustee Pursuant to*

3  *11 U.S.C. § 303(g)* [Docket No. 12].  The Court entered an order granting the motion on

4  January 5, 2021 [Docket No. 45].  On January 6, 2021, the Trustee was appointed as the

5  interim trustee [Docket No. 50].

6      On January 13, 2021, the Court entered an *Order Directing: (1) The Clerk of Court*

7  *to Immediately Enter an Order for Relief under Chapter 7; (2) The United States Trustee*

8  *to Immediately Appoint a Chapter 7 Trustee; (3) The Debtor to File All Schedules and*

9  *Related Documentation for Chapter 7 Case within Fourteen Days of the Entry of this*

10  *Order; and (4) Vacating February 16, 2021 Status Conference* [Docket No. 68].  On

11  January 13, 2021, the Clerk of Court entered an order for relief against the Debtor

12  [Docket No. 69], and the Trustee was appointed and accepted her appointment in the

13  Debtor's case [Docket No. 71].

14      **B.    *Cueto v. Gutierrez***

15      Prior to the Petition Date, Maribel Cueto ("Cueto") retained the Debtor to represent

16  her in a case against Oscar Gutierrez (the "Cueto Case").  While employed by the

17  Debtor, Ramirez was the attorney who brought Cueto in as a client and who worked

18  exclusively with Cueto in pursuing the Cueto Case.  Ramirez brought the Cueto Case in

19  to the Debtor just before he left the firm and took the Cueto Case with him when he left.

20  Ramirez has continued to represent Cueto after leaving the Debtor's employment and

21  has handled all aspects of the matter.  Ramirez recently negotiated a settlement of the

22  Cueto Case, fully resolving all issues.

23      The Debtor's books and records reflect that the Debtor incurred $3,700.00 in costs

24  in connection with the Cueto Case.

25

26

---

27  [1]    The Petitioning Creditors also filed an involuntary chapter 7 bankruptcy petition
against Thomas V. Girardi, which is currently pending as Bankruptcy Case No. 2:20-bk-

28  21020-BR.

1

### C.    Garcia v. UCI Medical Center

Prior to the Petition Date, Giovanni Garcia ("Garcia") retained the Debtor to represent him in a case against UCI Medical Center (the "Garcia Case").  The Garcia Case came directly to Ramirez while he was employed by the Debtor, but just prior to leaving the Debtor's employment.  Ramirez worked exclusively with Garcia in pursuing the Case and took the Garcia Case with him when he left.  Ramirez has continued to represent Garcia after leaving the Debtor's employment and has handled all aspects of the matter.  The Garcia Case is still pending.

The Trustee and Ramirez have reached an agreement with respect to the Debtor's quantum meruit claim and allocation of the contingency fees and for the reimbursement of costs.  The compromise is described as follows:

### D.    The Agreement

#### 1.    The Cueto Case

The Estate's share of the Cueto contingency fee is 5% (the "Estate's Cueto Fees") and Ramirez's share of the contingency fee is 95%.  The Estate will receive $3,700.00 for costs incurred by the Debtor in connection with the Cueto Case.

#### 2.    The Garcia Case

The Estate will receive 5% of any contingency fee earned (the "Estate's Garcia Fees").  The Estate incurred no costs in the Garcia Case.

Upon entry of the Approval Order, the Trustee will provide Ramirez with a copy of the Approval Order and notification that the Effective Date has occurred.  Ramirez shall have the later of seven (7) business days from receipt of that notice or from receipt of the Cueto contingency fee to remit the Estate's Cueto Fees and the Estate's Cueto Costs referenced in paragraph 1 above.  Ramirez shall have the later of seven (7) business days from the receipt of the notice of the Effective Date or the receipt of any Garcia contingency fee to remit the Estate's Garcia Fees referenced in paragraph 2 above.

A copy of the Agreement, which fully sets out the terms of the settlement, is attached hereto as Exhibit "1."

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

III.    **MEMORANDUM OF POINTS AND AUTHORITIES**

A.    **The Court Can Approve the Settlement Agreements**

Federal Rule of Bankruptcy Procedure ("FRBP") 9019(a) provides, in part, that a court may approve a compromise pursuant to motion by the trustee and after a hearing on notice to the debtor, all creditors, and all interested parties.  The standard to be applied to the approval of a settlement includes the probability of success of any litigation, the difficulties in collection on a judgment, the complexity of the matter, the expense, inconvenience or delay occasioned by resolution through litigation, and interests of creditors, and the reasonableness of the compromise.  *In re A & C Properties,* 784 F.2d 1377, 1380-81 (9th Cir. 1986).

"The bankruptcy court has great latitude in approving compromising agreements." *See id.*  In approving a settlement agreement, the court must find that it is fair and equitable and the product of good-faith negotiations.  *See id.*  Generally speaking, the court may defer to the business judgment of the debtor-in-possession or trustee in deciding whether to settle a matter.  *See In re Mickey McLean Entertainment Group, Inc.,* 292 B.R. 415, 420 (B.A.P. 9th Cir. 2003).  The court need not conclude that the proposed settlement is the best possible compromise, but only that the settlement is "within the reasonable range of litigation possibilities."  *See In re World Health Alternatives, Inc.,* 344 B.R. 291, 296 (Bankr. D. Del. 2006).  Similarly, the court need not, and should not conduct a "mini-trial" on the compromised claims but simply determine that disputes related to those claims exist.  *See In re Schmitt,* 215 B.R. 417, 423 (B.A.P. 9th Cir. 1997) ("When assessing a compromise, courts need not rule upon disputed facts and questions of law, but rather only canvass the issues.  A mini-trial on the merits is not required."); *see also, In re Hermitage Inn, Inc.,* 66 B.R. 71, 72 (Bankr. D. Colo. 1986) ("[T]he court's assessment does not require resolution of the issues, but only their identification, so that the reasonableness of the settlement may be evaluated.").  It is enough that the court conclude the probability of success is uncertain.  *See, e.g., In re America West Airlines, Inc.,* 214 B.R. 382, 386 (Bankr. D. Ariz. 1997).

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

B.    **The Settlement is Fair and Reasonable**

The settlement is reasonable and in the best interest of the Debtor's Estate.  The allocation of the contingency fees considers the role and effort put forward by the collaborating attorneys, the ultimate result of the cases, and the amount of fees and costs at issue.  Ramirez brought both cases in to the Debtor and handled the cases exclusively for the short time he remained employed by the Debtor.  When Ramirez left the Debtor's employment, he took both cases with him.  Ramirez essentially handled all of the work in both the Cueto Case and the Garcia Case, with very little of that work being done while he was employed by the Debtor.  After leaving the Debtor, Ramirez negotiated a settlement of the Cueto Case and he has continued to actively litigate the Garcia Case.

This result benefits the Estate.  The Trustee believes that the resolution of the Debtor's quantum meruit claim as set forth in the Agreement and in this Motion is fair based on the parties' respective roles.  The Trustee believes that the compromise is fair and reasonable.  The Trustee negotiated this settlement to minimize the risks and costs associated with possible litigation if the parties were unable to arrive at an equitable resolution.  In the absence of a consensual resolution, the Estate would have to litigate a quantum meruit claim for fees and costs in cases where the Debtor performed very little work.  The litigation would be time consuming and would require a significant expenditure of the Estate's resources, with no real upside given the limited work performed by the Debtor.  Moreover, no litigation is without risk.  The Trustee evaluated the potential strengths and weaknesses of the Estate's position in the litigation and negotiated the settlement described in this Motion in an effort to maximize the return to creditors.

The compromise was entered into in good faith and was negotiated at arm's length.

IV.    **CONCLUSION**

For these reasons, the Trustee respectfully requests that the Court enter an order providing for the following relief:

2920885.1

6

MOTION

1.    Granting the Motion;

2.    Authorizing the Trustee to enter into the Agreement;

3.    Approving the terms of the Agreement, a copy of which is attached hereto as Exhibit "1";

4.    Authorizing the Trustee to execute any documents or take any actions reasonably necessary to effectuate the terms of the Agreement; and

5.    For such other relief as the Court may deem just and necessary.

DATED:  October _10_, 2022

Respectfully submitted,

SMILEY WANG-EKVALL, LLP

By:    _/s/ Kyra E. Andrassy_
       KYRA E. ANDRASSY
       Attorneys for Elissa D. Miller,
       Chapter 7 Trustee

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

## **DECLARATION OF ELISSA D. MILLER**

I, Elissa D. Miller, declare as follows:

1.      I am the duly appointed Chapter 7 Trustee in the bankruptcy case of Girardi Keese.  I am also a partner at the law firm Greenspoon Marder LLP.  I know each of the following facts to be true of my own personal knowledge, except as otherwise stated and, if called as a witness, I could and would competently testify with respect thereto.  I make this declaration in support of the *Motion for Order Authorizing Compromise of Controversy with the Law Office of Kenny S. Ramirez Regarding the Debtor's Quantum Meruit Claims in Cueto v. Gutierrez and Garcia v. UCI Medical Center Pursuant to Federal Rule of Bankruptcy Procedure 9019* (the "Motion").  Unless otherwise defined in this declaration, all terms defined in the Motion are incorporated herein by this reference.

2.      I am informed that prior to the Petition Date, Maribel Cueto ("Cueto") retained the Debtor to represent her in a case against Oscar Gutierrez (the "Cueto Case").  It is my understanding that while employed by the Debtor, Ramirez was the attorney who brought Cueto in as a client and who worked exclusively with Cueto in pursuing the Cueto Case.  Ramirez brought the Cueto Case in to the Debtor just before he left the firm and took the Cueto Case with him when he left.  Ramirez has continued to represent Cueto after leaving the Debtor's employment and has handled all aspects of the matter.  Ramirez recently negotiated a settlement of the Cueto Case, fully resolving all issues.

3.      The Debtor's books and records reflect that the Debtor incurred $3,700.00 in costs in connection with the Cueto Case.

4.      I am informed that prior to the Petition Date, Giovanni Garcia ("Garcia") retained the Debtor to represent him in a case against UCI Medical Center (the "Garcia Case").  The Garcia Case came directly to Ramirez while he was employed by the Debtor, but again, just prior to leaving the Debtor's employment.  In fact, the Debtor had not yet even assigned it an internal case number.  Ramirez worked exclusively with

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

1    Garcia in pursuing the Case and took the Garcia Case with him when he left.  Ramirez

2    has continued to represent Garcia after leaving the Debtor's employment and has

3    handled all aspects of the matter.  The Garcia Case is still pending.

4        5.      Ramirez and I have reached an agreement with respect to the Debtor's

5    quantum meruit claim and allocation of the contingency fees and for the reimbursement

6    of costs in the Cueto Case and the Garcia Case.  A copy of the Agreement, which fully

7    sets out the terms of the settlement, is attached hereto as Exhibit "1."

8        6.      I believe the settlement is reasonable and in the best interest of the

9    Debtor's Estate.  The allocation of the contingency fees considers the role and effort put

10   forward by the collaborating attorneys, the ultimate result of the cases, and the amount of

11   fees and costs at issue.  Ramirez brought both cases in to the Debtor and handled the

12   cases exclusively for a very short period of time before he stopped working for the

13   Debtor.  When Ramirez left the Debtor's employment, he took both cases with him.

14   Ramirez essentially handled all of the work in both the Cueto Case and the Garcia Case,

15   with very little of that work being done while he was employed by the Debtor.  After

16   leaving the Debtor, Ramirez negotiated a settlement of the Cueto Case and he has

17   continued to actively litigate the Garcia Case.

18       7.      This result benefits the Estate.  I believe that the resolution of the Debtor's

19   quantum meruit claim as set forth in the Agreement and in this Motion is fair based on the

20   parties' respective roles.  I believe that the compromise is fair and reasonable.  I

21   negotiated this settlement to minimize the risks and costs associated with possible

22   litigation if the parties were unable to arrive at an equitable resolution.  In the absence of

23   a consensual resolution, the Estate would have to litigate a quantum meruit claim for fees

24   and costs in cases where the Debtor performed very little work.  The litigation would be

25   time consuming and would require a significant expenditure of the Estate's resources,

26   with no real upside given the limited work performed by the Debtor.  Moreover, no

27   litigation is without risk.  I evaluated the potential strengths and weaknesses of the

28

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000  •  Fax 714 445-1002

1   Estate's position in the litigation and negotiated the settlement described in this Motion in

2   an effort to maximize the return to creditors.

3            8.       The compromise was entered into in good faith and was negotiated

4   at arm's length.

5            I declare under penalty of perjury under the laws of the United States of America

6   that the foregoing is true and correct.

7            Executed on this __10th__ day of October, 2022, at Los Angeles, California.

8

9                                                   _____

10                                                  ELISSA D. MILLER

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT "1"

## SETTLEMENT AGREEMENT

THIS SETTLEMENT AGREEMENT ("Agreement") is entered into by and between ELISSA D. MILLER, solely in her capacity as trustee of the estate of Girardi Keese (the "Debtor"), and KENNY S. RAMIREZ of the LAW OFFICE OF KENNY S. RAMIREZ ("Ramirez").  The Trustee and Ramirez may hereinafter be referred to individually as a "Party" and collectively as the "Parties."

## RECITALS

A.      On December 18, 2020 (the "Petition Date"), an involuntary chapter 7 bankruptcy petition was filed against the Girardi Keese (the "Debtor") commencing Case No. 2:20-bk-21022-BR in the U.S. Bankruptcy Court for the Central District of California ("Bankruptcy Court").  The Order for Relief was entered on January 13, 2021, and the Trustee was appointed and accepted her appointment.

B.      Prior to the Petition Date, the Debtor was retained to represent (1) Maribel Cueto ("Cueto") in a case to be filed on behalf of Cueto against Oscar Gutierrez (the "Cueto Case"), and (2) Giovanni Garcia ("Garcia") in a case to be filed on behalf of Garcia against U.C. Irvine Medical Center, et al. (the "Garcia Case").

C.      Ramirez was an attorney employed by the Debtor and, while employed by the Debtor, was the attorney who brought Cueto and Garcia in as clients and who worked exclusively with Cueto and Garcia in pursuing their cases.  Ramirez brought the cases in to the Debtor shortly before he left the firm and just prior to the Debtor's bankruptcy.  Ramirez has continued to represent Cueto and Garcia after leaving the Debtor's employment.

D.      The Cueto Case recently settled.

E.      The Garcia Case remains pending.

F.      The Trustee and Ramirez have reached an agreement with respect to the allocation of the Contingency Fees and for the reimbursement costs in each of the cases.

NOW THEREFORE, in consideration of the foregoing recitals and the mutual covenants, conditions, promises, and agreements contained herein, and for other good and valuable consideration, the receipt of which is hereby acknowledged, the Parties agree as follows:

## ARTICLE 1
## APPROVAL ORDER AND BINDING EFFECT

**1.1.    Binding Effect.**  This Agreement shall become effective and binding only upon entry by the Bankruptcy Court of a final order approving the Agreement (the "Approval Order"). The Approval Order is "final" after it is entered unless an appeal is timely filed and a stay pending appeal is obtained.  In the event of a timely-filed appeal and stay, the order shall become final if and when the appeal is resolved in favor of the Trustee.  In the event the stay pending

appeal is lifted prior to the resolution of the appeal, the order shall become final upon the lifting of the stay pending appeal.  The "Effective Date" of this Agreement shall be the first business day after the Approval Order becomes final.

**1.2.    Court Approval.**  Upon execution of this Agreement by the Parties, the Trustee will promptly file a motion to approve this Agreement with the Bankruptcy Court.  The Trustee shall use her best efforts to obtain the Bankruptcy Court's approval of the motion and this Agreement, and the Parties shall cooperate in this regard and in defending against an appeal of the Court's approval of the Motion.

**1.3.    Termination of Agreement.**  In the event that this Agreement is not approved by the Bankruptcy Court with a final Approval Order, with the exception of Article I of this Agreement, this Agreement shall become null and void and of no force or effect.

**ARTICLE 2**
**TERMS OF SETTLEMENT**

**2.1.    Allocation of the Contingency Fee and Reimbursement of Costs in the Cueto Case.**  The Estate's share of the Cueto contingency fee is 5% (the "Estate's Cueto Fees") and Ramirez's share of the contingency fee is 95%.  The Estate will receive $3,700.00 for costs incurred by the Debtor in connection with the Cueto Case.

**2.2.    Allocation of the Contingency Fee in the Garcia Case.**  The Estate will receive 5% of any contingency fee earned (the "Estate's Garcia Fees").  The Estate incurred no costs in the Garcia Case.

**2.3.    Payment.**  Upon entry of the Approval Order, the Trustee shall provide Ramirez with a copy of the Approval Order and notification that the Effective Date has occurred.  Ramirez shall have the later of seven (7) business days from receipt of that notice or from receipt of the Cueto contingency fee to remit the Estate's Cueto Fees and the Estate's Cueto Costs referenced in paragraph 2.1 above.  Ramirez shall have the later of seven (7) business days from the receipt of the notice of the Effective Date or the receipt of any Garcia contingency fee to remit the Estate's Garcia Fees referenced in paragraph 2.2 above.  Payments shall be made by check made payable to "Elissa D. Miller, Chapter 7 Trustee of the Bankruptcy Estate of Girardi Keese." The check should include a reference to the relevant case and should be sent to:

> Greenspoon Marder
> Attention: Elissa D. Miller, Trustee
> 333 S. Grand Avenue, Suite 3400
> Los Angeles, California 90071

**ARTICLE 3**
**REPRESENTATIONS AND WARRANTIES**

**3.1.    No Undisclosed Inducements.**  The Parties represent that they have entered into this Agreement in reliance on their own investigation and that no representations, warranties, or promises other than those set forth in this Agreement were made by the Parties or their agents, employees, or counsel to induce either Party to enter into this Agreement.

EXHIBIT "1," PAGE 12

**3.2.     Representation by Counsel.**  Each Party represents that he or she has obtained independent legal advice with respect to this Agreement, the subject matter of this Agreement, the facts referred to above, and any rights or asserted rights arising therefrom.  The Parties acknowledge that they are executing this Agreement voluntarily, without any duress or undue influence.

**3.3.     Authority to Execute Agreement.**  The Parties warrant and represent that they are authorized to execute this Agreement on behalf of the respective parties and in their respective capacities as indicated below, provided however that the Trustee's execution of this Agreement is specifically subject to the approval of the Bankruptcy Court as provided for herein.

**ARTICLE 4**
**RELEASE OF CLAIMS**

**4.1.     Release of Claims by the Trustee.**  Except as otherwise provided in this Agreement, and effective only upon (a) approval of the Agreement by the Bankruptcy Court, and (b) receipt of the Estate's allocation of the Contingency Fee and reimbursement of agreed-upon costs, the Trustee, for and on behalf of the Estate and her successors (collectively, the "Releasing Parties") shall release and discharge Ramirez from any and all claims, demands, controversies, actions, causes of action, suits, proceedings, obligations, liabilities, fines, penalties, costs, expenses, attorneys' fees, and damages of whatsoever character, nature, or kind, in law or in equity, whether known or unknown, fixed or contingent, and liquidated or unliquidated, relating to the Case.

**4.2.     Release of Claims by Ramirez.**  Except as otherwise provided in this Agreement, Ramirez, for itself and its successors, assigns, grantees, and affiliates (collectively, "Ramirez Releasing Parties"), shall release and discharge any and all claims or interests which the Ramirez Releasing Parties may now own or hold, or may have previously owned or held, or may in the future own or hold, against the Trustee and the Estate and their respective agents, attorneys, and employees from any and all claims, demands, controversies, actions, causes of action, suits, proceedings, obligations, liabilities, fines, penalties, costs, expenses, attorneys' fees, and damages of whatsoever character, nature, or kind, in law or in equity, whether known or unknown, fixed or contingent, and liquidated or unliquidated, which relate to the Case.

**ARTICLE 5**
**GENERAL PROVISIONS**

**5.1.     Integration.**  This Agreement sets forth the entire agreement between the Parties with regard to the subject matter hereof and no change, modification, amendment, termination or discharge of this Agreement shall be binding unless made in writing and executed by each of the parties.  All agreements, covenants, representations and warranties, express or implied, oral and written, of the parties with regard to the subject matter hereof, are contained in this Agreement and the documents referred to herein or implementing the provisions hereof.  No other agreements, covenants, representations or warranties, express or implied, oral or written, have been made by any party to another party with respect to the subject matter of this Agreement. All prior and contemporaneous conversations, negotiations, possible and alleged agreements and

representations, covenants and warranties with respect to the subject matter hereof are waived, merged herein, and superseded hereby and thereby.

**5.2.    No Third-Party Beneficiaries.**  This Agreement is not for the benefit of any person who is not a party signatory to this Agreement or who is not specifically named as a beneficiary in this Agreement, and the provisions of this Agreement are not intended to affect the rights of any party or non-party against any person or entity who is not a party signatory to this Agreement or who is not specifically named as a beneficiary in this Agreement.

**5.3.    Attorneys' Fees.**  With respect to any suit or proceeding involving the enforcement of this Agreement, including, but not limited to, instituting any action or proceeding to enforce any provisions of this Agreement, to prevent a breach of this Agreement, for damages by reason of any alleged breach of any provisions of this Agreement, or for a declaration of a Party's rights or obligations under this Agreement, the ultimate prevailing Party shall be entitled to recover from the losing Party or Parties, in addition to such other relief as may be granted, his/her reasonable attorneys' fees (other than the attorneys' fees and costs to prepare this Agreement and seek Bankruptcy Court approval of this Agreement).

**5.4.    Survival.**  It is expressly understood and agreed by each of the Parties that nothing provided for in this Agreement is intended to nor does it release any claims arising out of breach of this Agreement, or any representations contained herein or made in connection herewith.  All representations, warranties and covenants herein shall survive the execution of this Agreement.

**5.5.    Further Documentation.**  Following the date hereof, the parties must take such action and execute and deliver such further documents as may be reasonably necessary or appropriate to effectuate the intention of this Agreement.

**5.6.    Governing Law.**  This Agreement and the rights and obligations of the parties hereunder shall be construed, interpreted and enforced in accordance with the laws of the State of California.

**5.7.    Jurisdiction.**  In the event a dispute arises under this Agreement, the Bankruptcy Court shall have exclusive jurisdiction to interpret and enforce this Agreement.

**5.8.    Interpretation.**  This Agreement shall be treated as jointly drafted and will not be construed against any Party as drafter.  Furthermore, in the event of any ambiguity in or dispute regarding the interpretation of this Agreement, the interpretation will not be resolved by any rule of interpretation providing for interpretation against the Party who causes the uncertainty to exist or against the draftsperson.

**5.9.    Meaning of Pronouns and Effect of Headings.**  As used in the Agreement and attached exhibits, the masculine, feminine and/or neuter gender, in the singular or plural, shall be deemed to include the others whenever the text so requires.  The captions and paragraph headings in the Agreement are inserted solely for convenience or reference and shall not restrict, limit or otherwise affect the meaning of the Agreement.

**5.10.   Counterparts and Electronic Signatures.**  This Agreement may be executed in multiple counterpart copies, each of which shall be deemed an original, but all of which together shall constitute one agreement.  A signature sent and received by facsimile or other electronic means shall constitute an original signature for purposes of this Agreement.  An electronic signature shall constitute an original signature for purposes of this Agreement.

**5.11.   Severability.**  In the event that any covenant, condition or other provision contained in this Agreement is held to be invalid, void or illegal by any court of competent jurisdiction, the same shall be deemed severable from the remainder of this Agreement and shall in no way affect, impair or invalidate any other covenant, condition or other provision contained herein, so long as such severance does not materially affect the consideration given or received herein or the general intent hereof.  If such condition, covenant or other provision shall be deemed invalid due to its scope or breadth, such covenant, condition or other provision shall be deemed valid to the extent that the scope or breadth is permitted by law.

**5.12.   Waiver.**  No breach of any provision herein can be waived unless in writing.  Waiver of any one breach of any provision hereof shall not be deemed to be a waiver of any other breach of the same or any other provision hereof.  No failure or delay on the part of any Party to exercise any right hereunder, nor any other indulgence of such Party, shall operate as a waiver of any other rights hereunder, nor shall any single exercise by any Party of any right hereunder preclude any other or further exercise thereof.  The rights and remedies herein provided are cumulative and not exclusive of any right or remedies provided by law.

**5.13.   Binding on Successors.**  This Agreement shall be binding upon and inure to the benefit of the successors, assigns, heirs, executors, administrators, etc. of each of the Parties, including but not limited to any successor trustee and the Debtor after the case is dismissed or closed.

**5.14.   No Assignments or Delegation of Rights.**  Neither Party hereto has assigned or delegated any rights to any other party or person any of the rights or interests related to any claim which may be subject to the terms of this Agreement.

**5.15.   Further Assurances.**  The Parties shall take all further acts and sign all further documents necessary or convenient to effectuate the purpose of this Agreement.

**5.16.   Full Authority to Sign Agreement.**  Any individual signing on behalf of any Party hereto expressly represents and warrants to each other Party that he or she has full authority to do so and to bind such Party hereto and, in the case of the Trustee, to bind the Estate, subject only to approval of the Bankruptcy Court.

**5.17.   Parties to Bear Own Costs.**  Each party shall be responsible for the payment of its own costs, attorneys' fees, and all other expenses in connection with negotiation, preparation, execution, and approval of this Agreement.

**5.18.   Recitals Acknowledged.**  The Recitals are true and correct to the best of the Parties' knowledge, and hereby adopted by the Parties.

**5.19.   Notices.**  Any notice by any Party to any other Party may be made by e-mail and delivered to the other Party at the address below until written notice of a different email address is given by the Party.  Any payments to be made pursuant to this Agreement shall be deemed made only upon actual receipt.

<u>To the Trustee</u>:

Elissa D. Miller, Bankruptcy Trustee for Girardi Keese
c/o Greenspoon Marder LLP
333 S Grand Avenue, Suite 3400
Los Angeles, CA  90071
elissa.miller@gmlaw.com

with copies to:

Kyra E. Andrassy
Philip E. Strok
Smiley Wang-Ekvall, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, CA  92626
kandrassy@swelawfirm.com
pstrok@swelawfirm.com

<u>To Ramirez</u>:

Kenny S. Ramirez
Law Office of Kenny S. Ramirez
325 W. Hospitality Lane, Suite 204
San Bernardino, CA 92408-3211
kramirez@kennysramirezlaw.com

EXHIBIT "1," PAGE 16

IN WITNESS WHEREOF, the Parties hereto hereby execute this Settlement Agreement as of the date of final signature below.

DATED:  October __7__, 2022

_____
ELISSA D. MILLER, solely in her capacity as
Chapter 7 Trustee of the Estate


DATED:  October ____, 2022

LAW OFFICE OF KENNY S. RAMIREZ


By:_____
        Kenny S. Ramirez

IN WITNESS WHEREOF, the Parties hereto hereby execute this Settlement Agreement as of the date of final signature below.


DATED:  October ___, 2022

ELISSA D. MILLER, solely in her capacity as
Chapter 7 Trustee of the Estate


DATED:  October _7_, 2022

LAW OFFICE OF KENNY S. RAMIREZ

By:_____
    Kenny S. Ramirez

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
3200 Park Center Drive, Suite 250, Costa Mesa, CA 92626

A true and correct copy of the foregoing document entitled (*specify*): **Motion for Order Approving Compromise with The Law Office of Kenny S. Ramirez Regarding the Debtor's Quantum Meruit Claims in Cueto v. Gutierrez and Garcia v. UCI Medical Center Pursuant to Federal Rule of Bankruptcy Procedure 9019; Memorandum of Points and Authorities; Declaration of Elissa D. Miller in Support** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **10/10/2022**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*) **10/10/2022**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

The Honorable Barry Russell
U.S. Bankruptcy Court
Roybal Federal Building
255 E. Temple Street, Suite 1660
Los Angeles, CA 90012

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 10/10/2022 | Lynnette Garrett | /s/ Lynnette Garrett |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                           **F 9013-3.1.PROOF.SERVICE**

**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

- Kyra E Andrassy     kandrassy@swelawfirm.com,
  lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com
- Rafey Balabanian     rbalabanian@edelson.com, docket@edelson.com
- Michelle Balady     mb@bedfordlg.com, leo@bedfordlg.com
- Kate Benveniste     kate.benveniste@us.dlapiper.com
- Ori S Blumenfeld     oblumenfeld@laklawyers.com, nlessard@laklawyers.com;smcfadden@laklawyers.com
- Evan C Borges     eborges@ggtriallaw.com, cwinsten@ggtriallaw.com
- Richard D Buckley     richard.buckley@arentfox.com
- Steve Burnell     Steve.Burnell@gmlaw.com,
  sburnell@ecf.courtdrive.com;sburnell@ecf.inforuptcy.com;cheryl.caldwell@gmlaw.com;denise.walker@gmlaw.com
- Indira J. Cameron-Banks     indira@cameron-banks.com, tiffany@cameronbankslaw.com
- Marie E Christiansen     mchristiansen@vedderprice.com, ecfladocket@vedderprice.com,marie-christiansen-4166@ecf.pacerpro.com
- Jennifer Witherell Crastz     jcrastz@hrhlaw.com
- Ashleigh A Danker     adanker731@gmail.com
- Lei Lei Wang Ekvall - DECEASED -     lekvall@swelawfirm.com,
  lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com
- Richard W Esterkin     richard.esterkin@morganlewis.com
- Timothy W Evanston     tevanston@swelawfirm.com,
  gcruz@swelawfirm.com;lgarrett@swelawfirm.com;jchung@swelawfirm.com
- Jeremy Faith     Jeremy@MarguliesFaithlaw.com,
  Helen@MarguliesFaithlaw.com;Angela@MarguliesFaithlaw.com;Vicky@MarguliesFaithlaw.com
- James J Finsten     , jimfinsten@hotmail.com
- James J Finsten     jfinsten@lurie-zepeda.com, jimfinsten@hotmail.com
- Alan W Forsley     alan.forsley@flpllp.com, awf@fkllawfirm.com,awf@fl-lawyers.net,addy.flores@flpllp.com
- Larry W Gabriel     lgabrielaw@outlook.com, tinadow17@gmail.com
- James B Glucksman     jbg@dhclegal.com
- Eric D Goldberg     eric.goldberg@dlapiper.com, eric-goldberg-1103@ecf.pacerpro.com
- Andrew Goodman     agoodman@andyglaw.com, Goodman.AndrewR102467@notify.bestcase.com
- Suzanne C Grandt     suzanne.grandt@calbar.ca.gov, joan.randolph@calbar.ca.gov
- Steven T Gubner     sgubner@bg.law, ecf@bg.law
- Marshall J Hogan     mhogan@swlaw.com, knestuk@swlaw.com
- Sheryl K Ith     sith@cookseylaw.com
- Razmig Izakelian     razmigizakelian@quinnemanuel.com
- Lillian Jordan     nefrecipients@donlinrecano.com, RMAPA@DONLINRECANO.COM
- Lewis R Landau     Lew@Landaunet.com
- Daniel A Lev     daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com
- Elizabeth A Lombard     elombard@zwickerpc.com, bknotices@zwickerpc.com
- Kathleen P March     kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net
- Craig G Margulies     Craig@MarguliesFaithlaw.com,
  Vicky@MarguliesFaithlaw.com;Helen@MarguliesFaithlaw.com;Angela@MarguliesFaithlaw.com
- Ron Maroko     ron.maroko@usdoj.gov
- Peter J Mastan     peter.mastan@dinsmore.com, SDCMLFiles@dinsmore.com;Katrice.ortiz@dinsmore.com
- Edith R. Matthai     ematthai@romalaw.com, lrobie@romalaw.com
- Daniel J McCarthy     dmccarthy@hillfarrer.com, spadilla@hillfarrer.com;nchacon@hfbllp.com
- Jack Meyer     jmeyer@ggtriallaw.com
- Elissa Miller (TR)     CA71@ecfcbis.com,
  MillerTrustee@gmlaw.com;C124@ecfcbis.com;cheryl.caldwell@gmlaw.com;cheryl.caldwell@ecf.courtdrive.com
- Eric A Mitnick     MitnickLaw@aol.com, mitnicklaw@gmail.com
- Gilbert M Nishimura     gnishimura@snw-law.com, schin@snw-law.com;sgalindo@snw-law.com;ffilimona@snw-law.com
- Scott Olson     scott.olson@bclplaw.com, scott-olson-2161@ecf.pacerpro.com,ecfsfdocket@vedderprice.com,nortega@vedderprice.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                    **F 9013-3.1.PROOF.SERVICE**

- Aram Ordubegian    ordubegian.aram@arentfox.com
- Carmela Pagay    ctp@lnbyb.com
- Leonard Pena    lpena@penalaw.com, penasomaecf@gmail.com;penalr72746@notify.bestcase.com
- Michael J Quinn    mquinn@vedderprice.com, ecfladocket@vedderprice.com,michael-quinn-2870@ecf.pacerpro.com
- David M Reeder    david@reederlaw.com, secretary@reederlaw.com
- Ronald N Richards    ron@ronaldrichards.com, 7206828420@filings.docketbird.com
- Kevin C Ronk    Kevin@portilloronk.com, Attorneys@portilloronk.com
- Frank X Ruggier    frank@ruggierlaw.com, enotice@pricelawgroup.com
- William F Savino    wsavino@woodsoviatt.com, lherald@woodsoviatt.com
- Kenneth John Shaffer    johnshaffer@quinnemanuel.com
- Amir Shakoorian    AShakoorian@GGTrialLaw.com
- Richard M Steingard    , awong@steingardlaw.com
- Annie Y Stoops    annie.stoops@afslaw.com, yvonne.li@arentfox.com
- Philip E Strok    pstrok@swelawfirm.com, gcruz@swelawfirm.com;1garrett@swelawfirm.com;jchung@swelawfirm.com
- Terrence Swinson    terrenceswinson@gmail.com
- Tamar Terzian    tterzian@eppscoulson.com, ecfnotices@eppscoulson.com
- Boris Treyzon    btreyzon@actslaw.com, sgonzales@actslaw.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Diane C Weil    dcweil@dcweillaw.com, diane.c.weil@Gmail.com,dweil@ecf.inforuptcy.com,alopez@dcweillaw.com
- Pauline White    pauline@paulinewhite.com
- Eric D Winston    ericwinston@quinnemanuel.com
- Christopher K.S. Wong    christopher.wong@afslaw.com, yvonne.li@arentfox.com
- Robert M Yaspan    court@yaspanlaw.com, tmenachian@yaspanlaw.com
- Timothy J Yoo    tjy@lnbyb.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.