**SMILEY WANG-EKVALL, LLP**
Philip E. Strok, State Bar No. 169296
*pstrok@swelawfirm.com*
Kyra E. Andrassy, State Bar No. 207959
kandrassy@swelawfirm.com
Timothy W. Evanston, State Bar No. 319342
*tevanston@swelawfirm.com*
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Telephone:   714 445-1000
Facsimile:   714 445-1002

Attorneys for Elissa D. Miller, Chapter 7
Trustee

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>GIRARDI KEESE,<br><br>                            Debtor. | Case No. 2:20-bk-21022-BR<br><br>Chapter 7<br><br>**SIXTH MOTION FOR ORDER AUTHORIZING CHAPTER 7 TRUSTEE TO:**<br><br>**(A)  OPERATE THE BUSINESS OF THE DEBTOR ON A LIMITED BASIS PURSUANT TO 11 U.S.C. § 721; AND**<br><br>**(B)  MAINTAIN CURRENT STATUS OF ANY NEWLY DISCOVERED TRUST ACCOUNTS**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF ELISSA D. MILLER IN SUPPORT**<br><br>Date:     December 13, 2022<br>Time:    10:00 a.m.<br>Ctrm.:   1668<br>          255 E. Temple Street<br>          Los Angeles, California 90012 |

*SMILEY WANG-EKVALL, LLP*
*3200 Park Center Drive, Suite 250*
*Costa Mesa, California 92626*
*Tel 714 445-1000 • Fax 714 445-1002*

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ......................................................................................................... 2

II.     FACTUAL BACKGROUND ......................................................................................... 3

    A.      The Debtor's Bankruptcy Case ........................................................................ 3

    B.      The Debtor's Cases ......................................................................................... 4

    C.      The Debtor's Bank Accounts ........................................................................... 5

    D.      The Debtor's Law Offices and Upcoming Move ............................................... 5

    E.      The Debtor's Record System ........................................................................... 7

    F.      The Trustee's Prior Operating Motions and Sixth Cash Collateral
        Motion .............................................................................................................. 7

III.    LIMITED OPERATING RELIEF REQUESTED ............................................................ 8

    A.      The Requested Relief Regarding the Resolved Cases ..................................... 8

    B.      The Requested Relief Regarding the Terminated Cases .................................. 9

    C.      Additional Relief Regarding the Trustee's Limited Operations ..................... 10

    D.      The Requested Relief Regarding the Debtor's Legal Fees and Costs ....... 12

IV.     LIMITED TRUST ACCOUNT MAINTENANCE RELIEF REQUESTED ................. 12

V.      MEMORANDUM OF POINTS AND AUTHORITIES ............................................ 13

VI.     CONCLUSION ....................................................................................................... 14

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

# TABLE OF AUTHORITIES

**Page**

## CASES

*In re Nakhuda*,
    2015 WL 873566 (B.A.P. 9th Cir. 2015)..................................................................13

## STATUTES

11 U.S.C. § 303(g)..........................................................................................................4

11 U.S.C. § 363...............................................................................................................8

11 U.S.C. § 721.....................................................................................................2, 7, 13

Fed. R. Bankr. P. 4001(b)................................................................................................8

## TREATISES

6 Collier on Bankruptcy ¶ 721.01 (Alan N. Resnick & Henry J. Sommer eds., 16th
    ed. 2012)..............................................................................................................13

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

**TO THE HONORABLE BARRY RUSSELL, UNITED STATES BANKRUPTCY JUDGE:**

Elissa D. Miller, the chapter 7 trustee (the "Trustee") for the bankruptcy estate (the "Estate") of Girardi Keese (the "Debtor"), submits this Sixth Motion for Order Authorizing Chapter 7 Trustee to: (A) Operate the Business of the Debtor on a Limited Basis Pursuant to 11 U.S.C. § 721; and (B) Maintain Current Status of Any Newly Discovered Trust Accounts (the "Motion").  In support of the Motion, the Trustee submits the following memorandum of points and authorities and the attached declaration of Elissa D. Miller.

## I.    INTRODUCTION

The Court previously granted the Trustee's five prior motions requesting that the Trustee have authority to operate the business of the Debtor on a limited basis without controversy.  The Trustee's request is no different now.  The Trustee continues to make progress since the Trustee's prior motions requesting authority to operate the business of the Debtor on a limited basis were granted.  With authority to operate, the Trustee has been able to nearly conclude the transitioning of the Debtor's cases, resulting in the protection of both clients and the Debtor's interests in its legal fees and costs.  Similarly, the Trustee has safeguarded the Debtor's rights to attorneys' fees and costs in certain of the Debtor's former cases by filing notices of lien.  In addition, the Trustee has disbursed and/or facilitated the disbursement of funds owed to clients as certain cases are resolved. In short, operation of the Debtor's business on a limited basis has allowed the Trustee to enhance the value of the Estate and ensure that clients remain protected.[1]

At the same time, the Trustee has had to deal with the Debtor's client files, including but not limited to engaging in the arduous and ongoing task of safeguarding, cataloguing and organizing all of the client files and organizing and appropriately destroying those for which permission has been granted

---

[1]    Former clients continue to contact the Trustee periodically regarding cases of which the Trustee was not previously aware.

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

1    The Court previously authorized the Trustee to operate the Debtor on a limited

2    basis through December 31, 2022.  Although much has been accomplished, more work

3    remains to be done.  The Court recently authorized the Trustee to enter into agreements

4    for a new office space for the Debtor, and to use a new storage service that will store,

5    index, and retrieve the Debtor's physical records at a secure, off-site location and destroy

6    those for which permission has been granted.  These new agreements will allow the

7    Trustee to continue her work administering the Estate at a lower rate, ultimately saving

8    the Trustee from burdensome expenditures and preserving the Estate's value for all

9    creditors.  At the same time, the Trustee is also investigating and commencing her

10    litigation efforts to assert further claims on behalf of the Estate.

11    As with the prior five motions, the Trustee is not seeking to expand her authority

12    but, rather, to continue the authority previously granted by the Court and recognized as

13    essential to administer the Estate.  The continuation of the Trustee's authority is critical

14    and any interruption to the Trustee's limited authority to operate could potentially reverse

15    the Trustee's progress and prejudice interested parties.  Authority to operate on a limited

16    basis will enable the Trustee to preserve and enhance the value of the Estate, protect the

17    Debtor's clients, and continue the Trustee's progress in administering the Estate.  The

18    requested relief is necessary, narrowly tailored and in the best interest of the Estate, its

19    creditors and the Debtor's clients.  For these reasons, the Motion should be granted.[2]

20

21    II.    **FACTUAL BACKGROUND**

22        A.    **The Debtor's Bankruptcy Case**

23    The Debtor was once a thriving law firm based in Los Angeles, California.  On

24    December 18, 2020 (the "Petition Date"), petitioning creditors Jill O'Callahan, as

25    successor in interest to James O'Callahan, Robert M. Keese, John Abassian, Erika

26    Saldana, Virginia Antonio, and Kimberly Archie (collectively, the "Petitioning Creditors")

27

28    _____
     [2]    Filed concurrently herewith is the Trustee's seventh motion to use cash collateral for this purpose.

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

2924802.2                              3                              MOTION

1  filed an involuntary chapter 7 bankruptcy petition against the Debtor.[3]  Prior to the

2  Petition Date, the Debtor practiced in the areas of personal injury, defective products,

3  sexual abuse, toxic torts, business law, employment law, and aviation law.

4      On December 24, 2020, the Petitioning Creditors filed a *Motion for Appointment of*

5  *Interim Trustee Pursuant to 11 U.S.C. § 303(g)* [Docket No. 12].  The Court entered an

6  order granting the motion on January 5, 2021 [Docket No. 45].  On January 6, 2021, the

7  Trustee was appointed as the interim trustee [Docket No. 50].

8      On January 13, 2021, the Court entered an *Order Directing: (1) The Clerk of Court*

9  *to Immediately Enter an Order for Relief under Chapter 7; (2) The United States Trustee*

10 *to Immediately Appoint a Chapter 7 Trustee; (3) The Debtor to File All Schedules and*

11 *Related Documentation for Chapter 7 Case within Fourteen Days of the Entry of this*

12 *Order; and (4) Vacating February 16, 2021 Status Conference* [Docket No. 68].  On

13 January 13, 2021, the Clerk of Court entered an order for relief against the Debtor

14 [Docket No. 69], and the Trustee was appointed and accepted her appointment in the

15 Debtor's case [Docket No. 71].

16   **B.    The Debtor's Cases**

17     As of the Petition Date, the Debtor was counsel of record in a significant number of

18 cases which were undertaken on a contingency basis.  These cases were at varying

19 stages.  Among the cases are those that have settled or where settlement is imminent,

20 and those that have been reduced to judgment (collectively, the "Resolved Cases").

21 There are also cases where clients of the Debtor have terminated or will terminate their

22 relationship and have engaged or will engage substitute counsel (collectively, the

23 "Terminated Cases").

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

---

27  [3]    The Petitioning Creditors also filed an involuntary chapter 7 bankruptcy petition against Thomas
    Girardi, which is currently pending as Bankruptcy Case No. 2:20-bk-21020-BR (the "Thomas Girardi
28  Bankruptcy Case").

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

## C.     The Debtor's Bank Accounts

The Trustee previously determined that, in addition to deposit and operating accounts, the Debtor maintained accounts at the following banks[4]:

(1)     Citizens Business Bank – blocked minor accounts, IOLTA (State Bar Trust Accounts) and a trust account for the benefit of four clients;

(2)     Torrey Pines Bank – blocked minors accounts; and

(3)     Citibank – a blocked settlement account for the benefit of a third party (which now has a zero balance);

(4)     Preferred Bank – IOLTA.

These IOLTA, blocked and other trust accounts are collectively referred to as the "Existing Trust Accounts."  Prior orders allowed the Trustee to maintain these accounts pending further orders.  Additional bank accounts may be discovered during the Trustee's continuing administration of the Estate.  *See* Declaration of Elissa D. Miller.

## D.     The Debtor's Law Offices and Upcoming Move

For over 20 years, the Debtor operated out of two adjoining buildings owned by non-Debtor parties located in Los Angeles, California.  One building is located at 1122 Wilshire Boulevard, Los Angeles, California ("1122 Wilshire Building"), and the other is located at 1126 Wilshire Boulevard, Los Angeles, California ("1126 Wilshire Building").

The Estate continued to use both the 1122 Wilshire Building and the 1126 Wilshire Building as storage facilities post-bankruptcy.  Each of the buildings historically housed attorneys and staff and included storage and other space to support the Debtor's practice.  In early March 2021, the owners of the 1122 Wilshire Building listed it for sale.  On or about June 2021, the owners contracted to sell the 1122 Wilshire Building.  Once the sale of the 1122 Wilshire Building closed, the Trustee did not delay in vacating.  The Trustee spent thousands of dollars to clear the trash from the 1122 Wilshire Building,

---

[4]     The Debtor also maintained small IOLTA accounts at Nano Banc, Wells Fargo Bank and U.S. Bank.  Each of those accounts were closed, either by the bank upon learning of the case or at the request of the Trustee because the bank would not change the signatory.  The funds are separately identified and have been placed in a segregated account under the Trustee's control.

1  ultimately leaving it in broom swept condition and transferring the remaining files and

2  personal property to the 1126 Wilshire Building for storage.  In addition, the Trustee

3  previously concluded an online personal property auction sale that resulted in significant

4  cash plus the removal of most of the Debtor's personal property, leaving the Trustee with

5  primarily client files remaining.

6      Despite the Trustee clearing out personal property unnecessary to administer the

7  Estate, the costs associated with storing the records, servers, and other equipment at the

8  1126 Wilshire Building are not insignificant.  The Estate has not only faced rising utility

9  costs, but also potential and irreversible damage to the Debtor's records due to water

10  pipe issues and security issues while using the 1126 Wilshire Building as a storage

11  facility.  In short, the costs associated with storing and maintaining the records, servers,

12  and other equipment at the 1126 Wilshire Building were growing too expensive along with

13  other risks.  Exercising her business judgment, the Trustee determined that continued

14  storage of the Debtor's records at the 1126 Wilshire Building was no longer prudent.

15  Subsequently, the Trustee filed two motions to abandon and dispose of certain records

16  being stored at the 1126 Wilshire Building, which were ultimately granted by the Court.

17  The Trustee also filed a *Motion for Order Authorizing the Trustee to Enter into: (A) Office*

18  *Agreement with Regus Management Group, LLC; and (B) Storage Service Agreement*

19  *with Corodata Records Management, Inc.* [Docket No. 1373] ("Motion to Approve

20  Agreements").

21      Under the Motion to Approve Agreements, the Trustee sought Court approval of

22  an agreement for a new, less expensive office space (the "Office Space") to both store

23  the Debtor's servers, equipment, and computers and to access the Debtor's electronic

24  files.  The Trustee also sought Court approval of a separate agreement to utilize a

25  storage service ("Storage Service") to move, organize, and store the Debtor's physical

26  files at a secure, off-site location.  As set forth in the Motion to Approve Agreements, the

27  Office Space and the Storage Service will ultimately result in cost savings to the Estate

28  while also providing the Trustee and her team with a secure access point to review and

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

1  retrieve the Debtor's electronic and physical records for the Trustee's work administering

2  the Estate, including her recent effort investigating and prosecuting claims on behalf of

3  the Estate.  On October 25, 2022, the Court entered an order granting the Motion to

4  Approve Agreements.  Accordingly, the Trustee and her field agent are coordinating with

5  the Storage Service to move the Debtor's contents out of the 1126 Wilshire Building in

6  the coming weeks.

7         **E.**       **The Debtor's Record System**

8        Prior to the Petition Date, the Debtor stored and maintained its case files in

9  physical and electronic record systems.  However, the electronic files may not be a

10  duplicate of the physical files, and vice versa.  The digital records were stored on two

11  different programs depending on the type of case.  For mass tort litigation cases, the

12  Debtor primarily stored its records and files in a proprietary electronic program.  For all

13  other cases and general office files as well as some of the mass tort files, the Debtor

14  stored its records and files in an electronic program called iManage.  Finally, cost ledgers

15  and other related records were maintained in another program called Sage Accounting

16  Software.  In the past, the Trustee relied on former employees of the Debtor in order to

17  navigate the Debtor's complicated file and record system more efficiently.[5]  That reliance

18  is no longer as critical as it once was as the Trustee and her team have become more

19  familiar with the file and record system.  *See* Declaration of Elissa D. Miller.

20         **F.**       **The Trustee's Prior Operating Motions and Sixth Cash Collateral**

21                 **Motion**

22        The Trustee has previously filed five motions requesting authority to operate the

23  business of the Debtor on a limited basis.  The Court has granted all five motions.  Most

24  recently, on May 31, 2022, the Trustee filed her *Fifth Motion for Order Authorizing*

25  *Chapter 7 Trustee to: (A) Operate the Business of the Debtor on a Limited Basis*

26  *Pursuant to 11 U.S.C. § 721; and (B) Maintain Current Status of Any New Discovered*

27  _____

28     [5]   There was no consistency as to how Debtor maintained either its electronic or hard files.  Each
attorney's secretary appears to have utilized a different filing and case management system.

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000  •  Fax 714 445-1002

1    *Trust Accounts* [Docket No. 1187] (the "Fifth Operating Motion").  On June 29, 2022, the

2    Court entered an order granting the Fifth Operating Motion through December 31, 2022

3    [Docket No. 1246].  A copy of the order granting the Fifth Operating Motion is attached as

4    Exhibit "1."

5        Also on May 31, 2022, the Trustee filed the *Chapter 7 Trustee's Sixth Motion for*

6    *Order Authorizing Use of Cash Collateral Pursuant to 11 U.S.C. § 363 and Federal Rule*

7    *of Bankruptcy Procedure 4001(b)* (the "Sixth Cash Collateral Motion") [Docket No. 878].

8    On July 7, 2022, the Court entered an order granting the Sixth Cash Collateral Motion

9    [Docket No. 927].  Currently, the Trustee has authority to use cash collateral through and

10   including December 31, 2022.

11

12   **III.     LIMITED OPERATING RELIEF REQUESTED**

13       As noted above, the Court has entered an order authorizing the Trustee to operate

14   the business of the Debtor on a limited basis through December 31, 2022.  The Trustee

15   seeks authority to continue operating the business of the Debtor on a limited basis

16   through June 30, 2023 - without prejudice to the Trustee's right to request additional or

17   continuing authority to operate.  The Trustee is seeking authority to operate the business

18   of the Debtor consistent with the scope previously granted by the Court as detailed

19   below.  At the same time, the Trustee anticipates filing concurrently a seventh motion for

20   authority to use cash collateral to fund the necessary expenses of the Debtor's limited

21   operations for a period to run concurrently with the time requested in the instant motion.

22       **A.     The Requested Relief Regarding the Resolved Cases**

23       With respect to the Resolved Cases, the Trustee seeks authority to take all

24   reasonable actions and execute all documents necessary to issue to clients their agreed-

25   upon portion of funds remitted to the Debtor and/or Trustee related to the Resolved

26   Cases.  This authorization would include, without limitation, authority for the Trustee to

27   continue to:

28

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

(1)    Accept and negotiate funds and/or payments made to the Debtor and/or Trustee on behalf of a client(s);

(2)    Negotiate and pay any liens (e.g. medical liens, attorney's liens, etc.) required to effectuate the release of funds and/or payments;[6]

(3)    Issue to a client(s) the agreed-upon portion of any funds and/or payments made to the Debtor and/or Trustee on behalf of a client(s) consistent with applicable agreements;

(4)    In the Trustee's sole discretion and upon the Trustee's confirmation of proper amounts, issue to co-counsel and/or referral attorneys the agreed-upon portion of attorney fees and costs consistent with applicable agreements;

(5)    Take any other reasonable actions and execute all documents necessary to effectuate the issuance of funds and/or payments to the Debtor's client(s); and

(6)    Hold in the Estate the funds remaining after payment to the client(s), co-counsel and/or referral attorneys which would include the Debtor's fees and costs consistent with applicable agreements.

**B.    The Requested Relief Regarding the Terminated Cases**

With respect to the Terminated Cases, the Trustee seeks authority to take all reasonable actions and execute all documents necessary to protect the client's interest in having files transitioned to the client and preserve the Estate's interest in legal fees and costs to which the Estate is entitled.  This authorization would include, without limitation, authority for the Trustee to continue to:

(1)    Upon request, transfer files to the client(s), or new counsel upon appropriate proof of engagement;

(2)    Execute any documents reasonably necessary to effectuate a substitution of attorney or disassociation of counsel;

---

[6]    The Trustee is not seeking authorization to pay liens against property of the Debtor's Estate, only those liens specific to the Resolved Cases at issue such as medical liens and only after receiving and reviewing proper documentation as to the lien holder and the amount of the lien.

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

1    (3)    Employ file clerks or IT personnel, as independent contractors, to facilitate

2    the transfer of client files to the client(s) or successor counsel;

3    (4)    Maintain appropriate insurance, including liability insurance;

4    (5)    Take any other reasonable actions and execute all documents necessary to

5    effectuate the orderly transition of client files; and

6    (6)    Take all reasonable actions to protect and preserve the legal fees and costs

7    to which the Estate is entitled including, without limitation, the filing of notices of lien for

8    legal fees and costs.

9    Although the Trustee's work in transitioning cases has largely concluded,

10    occasionally the Trustee uncovers prior cases of the Debtor after former clients reach out

11    to the Trustee.  As such, the Trustee requests the above relief in the event that new

12    cases of the Debtor are discovered that need to be transitioned and/or clients request

13    their case files.

14    **C.    Additional Relief Regarding the Trustee's Limited Operations**

15    As detailed above, the Debtor stored its files physically (previously in both the

16    1122 Wilshire Building and the 1126 Wilshire Building) and also electronically.  Since the

17    Court's prior authorization to retain and employ certain former employees of the Debtor

18    as independent contractors, the Trustee has relied on their knowledge of the Debtor's

19    record and file system in order to locate files more expeditiously.  The former employees'

20    assistance has had a positive impact on the Trustee's administration of the Estate, as

21    their involvement has made it easier to navigate the Debtor's operations and finances,

22    and has helped the Trustee transition case files of former clients for their protection.

23    Moreover, these former employees were invaluable to the Trustee's efforts to vacate the

24    1122 Wilshire Building and relocate to the 1126 Wilshire Building.  The Trustee will be

25    vacating the 1126 Wilshire Building in the near future and relocating to the Office Space.

26    Thus, although the Trustee's need to utilize these former employees has diminished, the

27    need has not gone away entirely, particularly with regard to Sammy Hsu, the Debtor's

28    former IT manager.  His assistance has been and continues to be critical.

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

During the time the Trustee has used the 1122 Wilshire Building and 1126 Wilshire Building as storage facilities, the Trustee has needed to pay certain costs to access the electronic and physical records (e.g. electricity, internet, liability insurance, etc.).  Until the Trustee fully vacates the 1126 Wilshire Building, these costs associated with the 1126 Wilshire Building will need to continue to be paid, along with any final moving out costs. Once the Trustee moves the Debtor's computers, servers, and equipment to the Office Space along with the Debtor's physical files and personal property to an off-site location through the Storage Service, the Trustee will need to be able to pay the monthly costs under the Court-approved agreements.  The Trustee also needs to be able to pay insurance and bond fees so that those assisting her in the administration of the Estate and necessary visitors can safely access the 1126 Wilshire Building (until the Trustee stops using it as a storage facility) and eventually the Office Space, and to limit any exposure to the Estate.

More specifically, the Trustee seeks:

(1)    Authority to pay the utilities, internet, and other necessary systems and liability and contents insurance so that the Trustee and her team can access the 1126 Wilshire Building and the Office Space, the servers, and the internet to: (i) transition files, physical and electronic, to successor counsel, co-counsel, and/or clients; (ii) preserve and access information and files in order to protect and/or monetize the Estate's rights to costs and fees owing to the Debtor for services rendered and costs advanced pre-petition; and (iii) support the Trustee's professionals in their efforts to monetize claims of the Estate, including but not limited to avoidance claims and/or other litigation claims;

(2)    Authority to retain and pay certain former employees of the Debtor and/or replacement temporary workers as independent contractors on an hourly basis, to assist the Trustee with the limited operations described in this Motion;

(3)    Authority to continue to retain and pay the Trustee's field agent Daphne Masin at her hourly rate to assist the Trustee with the limited operations described in this

11

1  Motion, including but not limited to assisting the Trustee with her investigation and

2  prosecution of litigation claims on behalf of the Estate;[7] and

3      (4)    Authority to pay such other necessary costs to assist with the Trustee's

4  limited operations described in this Motion and to vacate the 1126 Wilshire Building when

5  it becomes necessary.

6      The Trustee seeks authority to pay former employees and/or replacement

7  temporary workers and other operating expenses from unencumbered funds in the Estate

8  or pursuant to Court order authorizing the Trustee to use cash collateral for such

9  purposes.

10      **D.**    **The Requested Relief Regarding the Debtor's Legal Fees and Costs**

11      The Trustee also seeks authority to file notices of lien for legal fees and costs of

12  the Debtor in cases where the Debtor was counsel of record should she deem it

13  necessary in her sole and absolute discretion.

14

15  **IV.**    **LIMITED TRUST ACCOUNT MAINTENANCE RELIEF REQUESTED**

16      The Trustee believes that she has now identified all IOLTA, minors blocked,

17  settlement blocked or other trust bank accounts, however should her investigation reveal

18  any beyond the Existing Trust Accounts, the Trustee requests authority to allow such

19  accounts to remain at the current banks provided that such bank is an approved

20  depository and subject to confirmation by the United States Trustee's Office that such

21  bank is appropriately collateralized.[8]

22      With respect to any newly discovered minors blocked accounts, the Debtor has no

23  interest in the funds, although they are under the Debtor's Tax ID Number.  The Debtor's

24  only obligation is to sign a release upon proof that the beneficiary is 18 years old.  The

25

26      [7]    On January 26, 2021, the Trustee filed an application to employ Daphne Masin as her field agent. On March 11, 2021, the Court entered an order granting the application.

27

28      [8]    The Trustee's Bond amount is based not only on the funds she is holding but also the funds in these IOLTA accounts.

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

1  Trustee is requesting authority to delegate that function to the bank so that the Estate has

2  no obligation whatsoever with respect to these accounts.  *See* Declaration of Elissa D.

3  Miller.  In fact, the accounts are a liability because they are interest bearing, and the

4  Debtor has to report the income, notwithstanding the income runs with the account to the

5  minor.  As the Estate has no property interest in these accounts, the Trustee contends

6  that if the bank takes over the authority, the Estate should not bear the obligation of

7  having to post a bond for the funds in these minors accounts.

8  　　　With respect to any newly discovered IOLTA, settlement blocked and/or other trust

9  bank accounts, the Trustee seeks an order authorizing the Trustee to designate the

10  Trustee as the sole signatory and directing the banks where the accounts are held to

11  comply with the Trustee's change of signatory requests.  The Trustee will ensure that the

12  amount of her bond is not only sufficient to cover the amounts in her account but also the

13  amounts in the IOLTA accounts and all other accounts wherever maintained.  *See*

14  Declaration of Elissa D. Miller.

15

16  **V.**　　　**MEMORANDUM OF POINTS AND AUTHORITIES**

17  　　　Under 11 U.S.C. § 721, "[t]he court may authorize the trustee to operate the

18  business of the debtor for a limited period, if such operation is in the best interest of the

19  estate and consistent with the orderly liquidation of the estate."  *See also In re Nakhuda*,

20  2015 WL 873566 at *2 (B.A.P. 9th Cir. 2015) citing 11 U.S.C. § 721 and 6 Collier on

21  Bankruptcy ¶ 721.01 (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2012).

22  　　　Authorizing the Trustee to operate the business of the Debtor on a limited basis is

23  in the best interest of the Estate and promotes an orderly liquidation.  *See* Declaration of

24  Elissa D. Miller.  The relief requested as to the Resolved Cases will allow the Debtor's

25  clients to continue to receive funds to which they are entitled without significant delay.

26  Moreover, disbursement of client funds will allow the Trustee to preserve and set aside

27  legal fees and costs owed to the Debtor.  The Trustee's request for continued authority to

28  file notices of lien in certain of the Debtor's cases similarly preserves the Debtor's legal

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

2924802.2

MOTION

1   fees and costs.  With respect to the relief requested regarding the Terminated Cases, the

2   Trustee's continued authority to transition client files (should the need arise) and sign

3   substitutions of attorney not only promotes the orderly transition of the Terminated

4   Cases—it also protects the Debtor's former clients.

5          The Trustee's requests are not extraordinary and have been previously granted by

6   the Court.  While the Trustee now seeks authority to pay for the Office Space and for the

7   Storage Service, the Court has already authorized the Trustee to enter into these

8   agreements.  Once the Trustee utilizes the Office Space and Storage Service, the

9   Trustee's need to operate the Debtor on a limited basis will not change.  The Trustee will

10  still need to pay the costs associated with accessing the Debtor's electronic and physical

11  records to administer the Estate or to provide case files and information at the request of

12  former clients.  Put simply, the Trustee's requests are necessary.  In addition, the Trustee

13  is currently investigating and prosecuting litigation claims on behalf of the Estate and the

14  Trustee continues to assert quantum meruit claims in the Debtor's cases.  If the Trustee

15  is not authorized to operate the business of the Debtor for the limited purposes described

16  herein, the Trustee will be unable to further enhance the value of the Estate through

17  investigation and litigation of claims.  The Estate may be further prejudiced if the Trustee

18  is unable to assert claims for legal fees and costs by losing access to case files and cost

19  ledgers.  By operating the Debtor on a limited basis, the Trustee has made significant

20  strides in preserving the Estate.  The Motion only serves to continue this progress.  In

21  sum, continued operation of the Debtor's business is necessary for the Trustee to

22  continue to maximize value of the Estate, administer the Estate, and protect the Debtor's

23  former clients.

24

25  **VI.**    **CONCLUSION**

26         For the foregoing reasons, the Trustee respectfully requests that the Court enter

27  an order:

28         1.      Granting the Motion;

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

2.    Authorizing the Trustee to operate the business of the Debtor on a limited basis as detailed in the Motion through June 30, 2023 – without prejudice to the Trustee's right to request additional or continuing authority to operate;

3.    Authorizing any newly discovered IOLTA, minors blocked, settlement blocked and/or other trust bank accounts to remain open at the current banks where the accounts are held, subject to the conditions set forth herein;

4.    Authorizing the Trustee to be the sole signatory on any newly discovered IOLTA, settlement blocked and/or other trust bank accounts, and any other account where the bank requires a Court order to change the signatory and directing the banks to comply with the Trustee's change of signatory requests;

5.    Authorizing the Trustee to delegate authority for the release of funds in any newly discovered minors blocked accounts to the banks where the accounts are held and excusing the Trustee from posting a bond for the funds held in such minors blocked accounts, or alternatively, authorizing the Trustee to sign off on the liquidation of the account upon receipt of proper documentation from the beneficiary; and

6.    For such other relief as the Court deems just and proper.

DATED:  November 22, 2022       Respectfully submitted,

SMILEY WANG-EKVALL, LLP


By:     */s/ Philip E. Strok*
       PHILIP E. STROK
       Attorneys for Elissa D. Miller, Chapter 7
       Trustee

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

## DECLARATION OF ELISSA D. MILLER

I, Elissa D. Miller, declare as follows:

1.      I am the duly appointed Chapter 7 Trustee for the bankruptcy estate of Girardi Keese.  I am also a partner at Greenspoon Marder, LLP.  I know each of the following facts to be true of my own personal knowledge, except as otherwise stated and, if called as a witness, I could and would competently testify with respect thereto.  I make this declaration in support of the *Sixth Motion for Order Authorizing Chapter 7 Trustee to: (A) Operate the Business of the Debtor on a Limited Basis Pursuant to 11 U.S.C. § 721; and (B) Maintain Current Status of Any Newly Discovered Trust Accounts* (the "Motion").  Unless otherwise defined in this declaration, all terms defined in the Motion are incorporated herein by this reference.

2.      As of the Petition Date, the Debtor was counsel of record in a significant number of cases which were undertaken on a contingency basis.  These cases were at varying stages.  I previously caused the First Operating Motion to be filed so that I could deal with these cases and with various bank accounts [Docket No. 156].  On March 2, 2021, the Court entered an order granting the First Operating Motion.

3.      When I first visited the Debtor's offices, I learned that the Debtor maintained its case files physically and electronically.  I am informed that the electronic files may not be a duplicate of the physical files and vice versa.  Regarding the digital records, they were maintained on two different programs depending on the type of cases.  The Debtor primarily used a proprietary electronic program for its mass tort litigation cases.  However, for all other cases and general office files, as well as some of the mass tort files, the Debtor stored these records in an electronic program known as iManage.  The Debtor's cost ledgers and other related records were maintained in another program called Sage Accounting Software.

4.      Because the Debtor's records were stored in a complicated fashion and were not easy to locate, I determined that it would be more economical and efficient for the Estate to retain certain of the Debtor's former employees who had knowledge of the

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

1    Debtor's data and file maintenance processes.  Accordingly, I caused the Second

2    Operating Motion to be filed so that I could retain and pay certain of the Debtor's former

3    employees, as well as pay the utilities and insurance so that these files and records could

4    remain accessible [Docket No. 180].  On February 16, 2021, the Court entered an order

5    granting the Second Operating Motion.

6         5.    In sum, I have filed a total five motions requesting authority to operate the

7    business of the Debtor on a limited basis.  The Court has granted all of these motions.

8    On June 29, 2022, the Court authorized me to operate the business of the Debtor on a

9    limited basis through December 31, 2022.  A true and correct copy of this order obtained

10   from the Court's docket at my direction is attached hereto as Exhibit "1".

11        6.    When I first accepted my appointment, I relied on certain former employees

12   of the Debtor who have helped me and my field agent more efficiently navigate the

13   Debtor's complicated file and record system.  As my team and I have become more

14   familiar with the Debtor's file and record system, my reliance on these former employees

15   is no longer as critical.  However, I do need to occasionally rely on these former

16   employees when certain operational and organization issues arise, so that any issues

17   can be resolved more expeditiously.

18        7.    Although the Estate will no longer be using the 1126 Wilshire Building as a

19   storage facility and will be moving to the Office Space and utilizing the Storage Service in

20   the near future, I may still need to rely on certain former employees of the Debtor, like the

21   Debtor's former IT manager, in order to continue my work administering the Estate.  I will

22   also need to rely on my field agent as well.

23        8.    I have been collecting information as to the Debtor's bank accounts

24   throughout the case.  Specifically, I have determined that in addition to deposit and

25   operating accounts, the Debtor maintained the following accounts at the following banks:

26              i.    Citizens Business Bank – blocked minor accounts, IOLTA

27                    (State Bar Trust Accounts) and a trust account for the benefit

28                    of four clients;

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000  •  Fax 714 445-1002

SMILEY WANG-EKVALL, LLP

3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

1    ii.    Torrey Pines Bank – minors accounts; and

2    iii.    Citibank – a blocked settlement account for the benefit of a

3    third party (which now has a zero balance);

4    iv.    Preferred Bank - IOLTA

5    9.    I have also determined that the Debtor maintained small IOLTA accounts at

6    Nano Banc, Wells Fargo Bank and U.S. Bank.  These bank accounts have since been

7    closed, either by the bank after learning of the Debtor's case or at my request because

8    the bank would not change the signatory.  The funds from these accounts are separately

9    identified and have been placed in a segregated account under my control.

10    10.    I believe that I have now identified all IOLTA, minors blocked, settlement

11    blocked, or other trust bank accounts and prior orders have authorized me to maintain

12    these accounts pending further orders.  However, additional bank accounts may be

13    discovered during my administration of the Estate.

14    11.    If I later discover any minors blocked accounts, I am informed and believe

15    that neither the Debtor nor the Estate has any interest in these accounts.  Rather, the

16    Debtor was and the Estate is obligated to (i) sign off on the delivery of the funds in the

17    account to the beneficiary when the beneficiary turns 18 and (ii) account for the income

18    earned on the accounts on its tax returns, notwithstanding that the interest income inures

19    to the benefit of the beneficiary.

20    12.    Regarding any newly discovered IOLTA, settlement blocked, minors

21    blocked and/or other trust bank accounts, I will ensure that the amount of my bond is

22    sufficient to cover the amounts in these accounts unless otherwise ordered by the Court.

23    ///

24    ///

25    ///

26

27

28

13.    In my business judgment and for the reasons set forth in the Motion, I believe operating the Debtor's business on a limited basis as set forth in the Motion is in the best interest of the Estate and promotes orderly liquidation of the Estate's assets.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this ___22nd___ day of November, 2022, at Los Angeles, California.

_____
Elissa D. Miller

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

# EXHIBIT "1"

**SMILEY WANG-EKVALL, LLP**
Philip E. Strok, State Bar No. 169296
*pstrok@swelawfirm.com*
Kyra E. Andrassy, State Bar No. 207959
kandrassy@swelawfirm.com
Timothy W. Evanston, State Bar No. 319342
*tevanston@swelawfirm.com*
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Telephone:   714 445-1000
Facsimile:   714 445-1002

Attorneys for Elissa D. Miller, Chapter 7
Trustee

> **FILED & ENTERED**
>
> **JUN 29 2022**
>
> **CLERK U.S. BANKRUPTCY COURT**
> **Central District of California**
> **BY fortier      DEPUTY CLERK**

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>GIRARDI KEESE,<br><br>                  Debtor. | Case No. 2:20-bk-21022-BR<br><br>Chapter 7<br><br>**ORDER GRANTING FIFTH MOTION FOR ORDER AUTHORIZING CHAPTER 7 TRUSTEE TO:**<br><br>**(A)  OPERATE THE BUSINESS OF THE DEBTOR ON A LIMITED BASIS PURSUANT TO 11 U.S.C. § 721; AND**<br><br>**(B)  MAINTAIN CURRENT STATUS OF ANY NEWLY DISCOVERED TRUST ACCOUNTS**<br><br>**Date:**     **June 21, 2022**<br>**Time:**    **2:00 p.m.**<br>**Ctrm.:**   **1668**<br>              **255 E. Temple Street**<br>              **Los Angeles, CA 90012** |

On June 21, 2022, at 2:00 p.m., the above-captioned Court held a hearing on the *Fifth Motion for Order Authorizing Chapter 7 Trustee to: (A) Operate the Business of the Debtor on a Limited Basis Pursuant to 11 U.S.C. § 721; and (B) Maintain Current Status*

1

ORDER

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

1    *of Any Newly Discovered Trust Accounts* (the "Motion")[1] filed by Elissa D. Miller, in her

2    capacity as Chapter 7 Trustee (the "Trustee") for the bankruptcy estate (the "Estate") of

3    Girardi Keese, as Docket No. 1187.  Appearances were waived.  Having considered the

4    Motion and the pleadings, declarations, and exhibits filed in support thereof and no

5    objections or responses thereto, finding that notice and service of the Motion were proper

6    and that no further notice be given, and finding good cause for the relief requested in the

7    Motion,

8        **IT IS HEREBY ORDERED** that:

9        1.    The Motion is granted;

10       2.    The Trustee is authorized, from July 1, 2022 through December 31, 2022,

11   to operate the business of the Debtor on a limited basis as detailed in the Motion,

12   including, but not limited to, issuing checks to clients, co-counsel, and/or referral

13   attorneys, upon the Trustee's confirmation of proper amounts and consistent with

14   applicable agreements, without prejudice to the Trustee's right to request additional or

15   continuing authority to operate;

16       3.    Any newly discovered IOLTA, minors blocked, settlement blocked and/or

17   other trust bank accounts are authorized to remain open at the current banks where the

18   accounts are held, subject to the conditions set forth in the Motion;

19       4.    The Trustee is authorized to be the sole signatory on any newly discovered

20   IOLTA, settlement blocked and/or other trust bank accounts, and any other account

21   where the bank requires this Court's order to change the signatory and the banks shall

22   comply with the Trustee's change of signatory requests; and

23       5.    The Trustee is authorized to delegate the authority for the release of funds

24   in any newly discovered minors blocked accounts to the banks where the accounts are

25   held, the banks are authorized to release the funds without the Trustee's signature

26   subject to the banks' receipt of proper documentation from the beneficiary, and the

27

28       [1]    Capitalized terms not defined herein shall have the meanings ascribed to them in the Motion.

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

2911463.1

2

ORDER

1  Trustee is excused from posting a bond for the funds held in such newly discovered

2  minors blocked accounts; or alternatively, the Trustee is authorized to sign off on the

3  liquidation of the newly discovered account upon receipt of proper documentation from

4  the beneficiary.

5                                              ###

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24  Date: June 29, 2022

25                                              Barry Russell
                                                United States Bankruptcy Judge

26

27

28

SMILEY WANG-EKVALL, LLP
3200 Park Center Drive, Suite 250
Costa Mesa, California 92626
Tel 714 445-1000 • Fax 714 445-1002

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 3200 Park Center Drive, Suite 250, Costa Mesa, CA 92626.

 A true and correct copy of the foregoing document entitled (*specify*): **SIXTH MOTION FOR ORDER AUTHORIZING CHAPTER 7 TRUSTEE TO: (A)  OPERATE THE BUSINESS OF THE DEBTOR ON A LIMITED BASIS PURSUANT TO 11 U.S.C. § 721; AND (B)  MAINTAIN CURRENT STATUS OF ANY NEWLY DISCOVERED TRUST ACCOUNTS MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF ELISSA D. MILLER IN SUPPORT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)  November 22, 2022  I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page.

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*)  November 22, 2022 , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

The Honorable Barry Russell
U.S. Bankruptcy Court
Roybal Federal Building
255 E. Temple Street, Suite 1660
Los Angeles, CA 90012

☒ Service information continued on attached page.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) November 22, 2022, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| November 22, 2022 | James Chung | /s/ James Chung |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

ADDITIONAL SERVICE INFORMATION (if needed):

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):**

- Kyra E Andrassy    kandrassy@swelawfirm.com,
  lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com
- Rafey Balabanian    rbalabanian@edelson.com, docket@edelson.com
- Michelle Balady    mb@bedfordlg.com, leo@bedfordlg.com
- Kate Benveniste    kate.benveniste@us.dlapiper.com
- Ori S Blumenfeld    oblumenfeld@laklawyers.com, nlessard@laklawyers.com;smcfadden@laklawyers.com
- Evan C Borges    eborges@ggtriallaw.com, cwinsten@ggtriallaw.com
- Richard D Buckley    richard.buckley@arentfox.com
- Steve Burnell    Steve.Burnell@gmlaw.com,
  sburnell@ecf.courtdrive.com;sburnell@ecf.inforuptcy.com;cheryl.caldwell@gmlaw.com;denise.walker@gmlaw.com
- Indira J. Cameron-Banks    indira@cameronjones.law, tiffany@cameronbankslaw.com
- Marie E Christiansen    mchristiansen@vedderprice.com, ecfladocket@vedderprice.com,marie-christiansen-4166@ecf.pacerpro.com
- Jennifer Witherell Crastz    jcrastz@hrhlaw.com
- Ashleigh A Danker    adanker731@gmail.com
- Lei Lei Wang Ekvall - DECEASED -    lekvall@swelawfirm.com,
  lgarrett@swelawfirm.com;gcruz@swelawfirm.com;jchung@swelawfirm.com
- Richard W Esterkin    richard.esterkin@morganlewis.com
- Timothy W Evanston    tevanston@swelawfirm.com,
  gcruz@swelawfirm.com;lgarrett@swelawfirm.com;jchung@swelawfirm.com
- Jeremy Faith    Jeremy@MarguliesFaithlaw.com,
  Helen@MarguliesFaithlaw.com;Angela@MarguliesFaithlaw.com;Vicky@MarguliesFaithlaw.com
- James J Finsten    , jimfinsten@hotmail.com
- James J Finsten    jfinsten@lurie-zepeda.com, jimfinsten@hotmail.com
- Alan W Forsley    alan.forsley@flpllp.com, awf@fkllawfirm.com,awf@fl-lawyers.net,addy.flores@flpllp.com
- Larry W Gabriel    lgabrielaw@outlook.com, tinadow17@gmail.com
- James B Glucksman    jbg@dhclegal.com
- Eric D Goldberg    eric.goldberg@dlapiper.com, eric-goldberg-1103@ecf.pacerpro.com
- Andrew Goodman    agoodman@andyglaw.com, Goodman.AndrewR102467@notify.bestcase.com
- Suzanne C Grandt    suzanne.grandt@calbar.ca.gov, joan.randolph@calbar.ca.gov
- Steven T Gubner    sgubner@bg.law, ecf@bg.law
- Marshall J Hogan    mhogan@swlaw.com, knestuk@swlaw.com
- Sheryl K Ith    sith@cookseylaw.com
- Razmig Izakelian    razmigizakelian@quinnemanuel.com
- Lillian Jordan    nefrecipients@donlinrecano.com, RMAPA@DONLINRECANO.COM
- Michael S Kogan    mkogan@koganlawfirm.com
- Kenneth A Kotarski    KKOTARSKI@HAMRICKLAW.COM,
  hmartindale@HAMRICKLAW.COM;pliscano@hamricklaw.com;gknopfler@hamricklaw.com;khearn@hamricklaw.com;secretary2@hamricklaw.com;sjustice@hamricklaw.com;jpoole@hamricklaw.com
- Lewis R Landau    Lew@Landaunet.com
- Daniel A Lev    daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                    F 9013-3.1.PROOF.SERVICE

- Elizabeth A Lombard    elombard@zwickerpc.com, bknotices@zwickerpc.com
- Kathleen P March    kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net
- Craig G Margulies    Craig@MarguliesFaithlaw.com,
  Vicky@MarguliesFaithlaw.com;Helen@MarguliesFaithlaw.com;Angela@MarguliesFaithlaw.com
- Ron Maroko    ron.maroko@usdoj.gov
- Peter J Mastan    peter.mastan@dinsmore.com, SDCMLFiles@dinsmore.com;Katrice.ortiz@dinsmore.com
- Edith R. Matthai    ematthai@romalaw.com, lrobie@romalaw.com
- Daniel J McCarthy    dmccarthy@hillfarrer.com, spadilla@hillfarrer.com;nchacon@hfbllp.com
- Jack Meyer    jmeyer@ggtriallaw.com
- Elissa Miller (TR)    CA71@ecfcbis.com,
  MillerTrustee@gmlaw.com;C124@ecfcbis.com;cheryl.caldwell@gmlaw.com;cheryl.caldwell@ecf.courtdrive.com
- Eric A Mitnick    MitnickLaw@gmail.com, mitnicklaw@gmail.com
- Byron Z Moldo    bmoldo@ecjlaw.com, amatsuoka@ecjlaw.com,dperez@ecjlaw.com
- Gilbert M Nishimura    gnishimura@snw-law.com, schin@snw-law.com;sgalindo@snw-law.com;ffilimona@snw-law.com
- Scott Olson    scott.olson@bclplaw.com, scott-olson-2161@ecf.pacerpro.com,ecfsfdocket@vedderprice.com,nortega@vedderprice.com
- Aram Ordubegian    ordubegian.aram@arentfox.com
- Carmela Pagay    ctp@lnbyb.com
- Leonard Pena    lpena@penalaw.com, penasomaecf@gmail.com;penalr72746@notify.bestcase.com
- Michael J Quinn    mquinn@vedderprice.com, ecfladocket@vedderprice.com,michael-quinn-2870@ecf.pacerpro.com,ahirschkowitz@vedderprice.com
- David M Reeder    david@reederlaw.com, secretary@reederlaw.com
- Ronald N Richards    ron@ronaldrichards.com, 7206828420@filings.docketbird.com
- Kevin C Ronk    Kevin@portilloronk.com, Attorneys@portilloronk.com
- Frank X Ruggier    frank@ruggierlaw.com, enotice@pricelawgroup.com
- William F Savino    wsavino@woodsoviatt.com, lherald@woodsoviatt.com
- Kenneth John Shaffer    johnshaffer@quinnemanuel.com
- Amir Shakoorian    AShakoorian@GGTrialLaw.com
- Richard M Steingard    , awong@steingardlaw.com
- Annie Y Stoops    annie.stoops@afslaw.com, yvonne.li@arentfox.com
- Philip E Strok    pstrok@swelawfirm.com,
  gcruz@swelawfirm.com;1garrett@swelawfirm.com;jchung@swelawfirm.com
- Terrence Swinson    terrenceswinson@gmail.com
- Tamar Terzian    tterzian@eppscoulson.com, ecfnotices@eppscoulson.com
- Boris Treyzon    btreyzon@actslaw.com, sgonzales@actslaw.com
- United States Trustee (LA)    ustpregion16.la.ecf@usdoj.gov
- Diane C Weil    dcweil@dcweillaw.com,
  diane.c.weil@Gmail.com,dweil@ecf.inforuptcy.com,alopez@dcweillaw.com
- Pauline White    pauline@paulinewhite.com
- Eric D Winston    ericwinston@quinnemanuel.com
- Christopher K.S. Wong    christopher.wong@afslaw.com, yvonne.li@arentfox.com
- Robert M Yaspan    court@yaspanlaw.com, tmenachian@yaspanlaw.com
- Timothy J Yoo    tjy@lnbyb.com

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                                                                                      F 9013-3.1.PROOF.SERVICE

**SERVED BY UNITED STATES MAIL:**

**Secured Creditors**

| | | |
|---|---|---|
| **CORPORATION SERVICE COMPANY**<br>**801 Adlai Stevenson Dr**<br>**Springfield IL 62703-4261** | **IKON FINANCIAL SERVICES**<br>**1738 Bass Road**<br>**Macon GA 31210-1043** | **LAW FINANCE GROUP, LLC**<br>**591 Redwood Hwy, Suite 1200**<br>**Mill Valley CA 94941** |
| **LFG SPECIAL INVESTOR GROUP, LLC**<br>**Series Law Finance Group Fund III**<br>**200 South Virginia Street, , 8TH Fl**<br>**Reno NV 89501** | **TSO LFG HOLDCO LLP**<br>**65 East 55TH Street, 27TH Floor**<br>**New York NY 10022** | |

**SERVED BY EMAIL:**

**Secured Creditors**

| | |
|---|---|
| **KCC CLASS ACTION SERVICE LLC**<br>**c/o Vedder Price, P.C.**<br>**275 Battery Street**<br>**San Francisco CA 94111**<br>**Attorneys for KCC Class Action Service LLC:**<br>**David L. Kane dkane@vedderprice.com**<br>**Michael J. Quinn mquinn@vedderprice.com (RSN)**<br>**Marie Christiansen mchristiansen@vedderprice.com (RSN)** | **NANO BANC**<br>**25220 Hancock Avenue, Suite 140**<br>**Murrieta CA 95262**<br>**Attorneys for Nano Bank:**<br>**Jeffrey M. Schwartz jschwartz@muchlaw.com** |

**Request for Notice**

| | |
|---|---|
| **Wells Fargo Vendor Financial Services, Inc.**<br>**Jennifer Witherell Crastz**<br>**Hemar, Rousso & Heald, LLP**<br>**15910 Ventura Boulevard, 12th Floor**<br>**Encino CA 91436-2829**<br>**Jennifer Witherell Crastz jcrastz@hrhlaw.com** | **Gilbert M. Nishimura**<br>**600 Wilshire Blvd., Suite 1250**<br>**Los Angeles CA 91740**<br>**gnishimura@snw-law.com** |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                           **F 9013-3.1.PROOF.SERVICE**