1   Daniel A. Lev (CA Bar No. 129622)
    daniel.lev@gmlaw.com

2   Asa S. Hami (CA Bar No. 210728)
    asa.hami@gmlaw.com

3   **Greenspoon Marder LLP**
    333 South Grand Avenue, Suite 3400

4   Los Angeles, California 90071-1406
    Telephone: 213.626.2311

5   Facsimile: 954.771.9264

6   Attorneys for Plaintiff, Elissa D. Miller, Chapter 7 Trustee

7

**UNITED STATES BANKRUPTCY COURT**

8

**CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION**

9

10

| | |
|---|---|
| In re | Case No. 2:20-bk-21022-BR |
| GIRARDI KEESE, | Chapter 7 |
| Debtor. | Adv. No. |
| | **COMPLAINT FOR (1) AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS, (2) PRESERVATION OF FRAUDULENT TRANSFERS, AND (3) DISALLOWANCE OF CLAIMS** |
| ELISSA D. MILLER, solely in her capacity as chapter 7 trustee, | DATE: |
| Plaintiff, | TIME:   [To Be Set By Summons] |
| vs. | PLACE: |
| RYAN SUZUKI, an individual, | |
| Defendant. | |

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Greenspoon Marder LLP
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 954.771.9264

DAL 52545210v1

**Greenspoon Marder LLP**
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA  90071-1406
TEL. 213.626.2311 • FAX 954.771.9264

1    For her "Complaint for (1) Avoidance and Recovery of Fraudulent

2  Transfers, (2) Preservation of Fraudulent Transfers, and (3) Disallowance of Claims" (the

3  "Complaint"), plaintiff Elissa D. Miller (the "Trustee" or "Plaintiff"), the duly appointed,

4  qualified, and acting chapter 7 trustee for the estate of the debtor Girardi Keese and as

5  the Successor-in-Interest Trustee of the Girardi Keese Client Trust Account, hereby

6  alleges and avers as follows:

7    **STATEMENT OF JURISDICTION, NATURE OF PROCEEDING, AND VENUE**

8    1.    This Court has jurisdiction over this action pursuant to 28 U.S.C. §§

9  157(b)(1) and 1334(a).  This action is a core proceeding under 28 U.S.C. § 157(b)(2)(A),

10  (F), (H), and (O).  This action is a proceeding arising in and/or related to the bankruptcy

11  case of In re Girardi Keese, bearing Case No. 2:20-bk-21022-BR (the "Bankruptcy

12  Case"), which is a case under chapter 7 of title 11 of the United States Code, 11 U.S.C. §

13  101 et seq., (the "Bankruptcy Code"), and which is pending in the United States

14  Bankruptcy Court for the Central District of California, Los Angeles Division (the

15  "Bankruptcy Court" or "Court").  Regardless of whether this proceeding is core, non-core,

16  or otherwise, Plaintiff consents to the entry of a final order and judgment by the

17  Bankruptcy Court.  Defendant is hereby notified that Rule 7008 of the Federal Rules of

18  Bankruptcy Procedure requires defendant to plead whether consent is given to the entry

19  of a final order and judgment by the Bankruptcy Court.

20    2.    Venue properly lies in this judicial district pursuant to 28 U.S.C. §§

21  1408 and 1409.

22    **RELEVANT BACKGROUND, PARTIES, AND ALLEGATIONS COMMON TO ALL**

23    **CLAIMS FOR RELIEF**

24    3.    In its heyday, Girardi Keese was one of the most successful

25  plaintiff's law firms in the country - it certainly was the preeminent plaintiff's firm in the

26  State of California.  The firm's founder - Thomas V. Girardi ("Thomas") - was a legendary

27  trial attorney, often viewed as the "Clarence Darrow" of the plaintiff's bar, reeling in

28  hundreds of millions of dollars in settlements and jury verdicts.  Girardi Keese's practice

**Greenspoon Marder LLP**
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA  90071-1406
TEL. 213.626.2311 • FAX 954.771.9264

1    covered the universe of plaintiff's cases, ranging from personal injury, defective products,

2    sexual abuse, and toxic torts, to business, employment, and aviation law.  But similar to

3    when Toto pulled the curtain back to reveal that the Wizard of Oz was a hoax, the world

4    eventually learned that Girardi Keese was nothing more than an illicit and felonious

5    business operated to line the rather large pockets of Thomas, his wife, and numerous

6    cohorts.  While the Trustee continues to investigate the magnitude of the fraud that

7    spanned decades, it is obvious that millions of dollars of client funds were stolen and

8    diverted to fund the lavish lifestyles of Thomas and other non-deserving parties.

9            4.    On December 18, 2020 (the "Petition Date"), after discovering that

10    Girardi Keese stole the settlement monies of the families who lost loved ones in the

11    disastrous crash of Lion Air Flight JT 610, petitioning creditors Jill O'Callahan, as

12    successor in interest to James O'Callahan, Robert M. Keese, John Abassian, Erika

13    Saldana, Virginia Antonio, and Kimberly Archie (collectively, the "Petitioning Creditors")

14    commenced an involuntary petition for relief under chapter 7 of title 11 of the United

15    Sates Code (the "Bankruptcy Code") against the Debtor.[1]

16            5.    On December 24, 2020, Petitioning Creditors caused to be filed their

17    "Motion for Appointment of Interim Trustee Pursuant to 11 U.S.C. § 303(g); Memorandum

18    of Points and Authorities".  On January 5, 2021, the Court entered its "Order Granting

19    'Motion of Petitioning Creditors for Appointment of Interim Trustee Pursuant to 11 U.S.C.

20    303(g)'".  On January 6, 2021, the Office of the United States Trustee filed its

21    "(Corrected) Notice of Appointment of Chapter 7 Trustee (11 U.S.C. §§ 303(g) and 701)"

22    pursuant to which, among other things, Elissa D. Miller was appointed interim chapter 7

23    trustee for the Debtor's estate.

24            6.    On January 13, 2021, the Court entered its "Order Directing: (1) the

25    Clerk of Court to Immediately Enter an Order for Relief Under Chapter 7; (2) the United

26    States Trustee to Immediately Appoint a Chapter 7 Trustee; (3) the Debtor to File All

27

---

[1] The Petitioning Creditors also filed an involuntary chapter 7 bankruptcy petition against Thomas V.
28    Girardi, which is currently pending as Case No. 2:20-bk-21020-BR.

**Greenspoon Marder LLP**
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA  90071-1406
TEL. 213.626.2311 • FAX 954.771.9264

1    Schedules and Related Documentation for Chapter 7 Case Within Fourteen Days of the

2    Entry of This Order; and (4) Vacating February 16, 2021 Status Conference".  On

3    January 13, 2021, the Clerk of Court entered its "Order for Relief and Order to File

4    Schedules, Statements and List(s)".  On January 13, 2021, the Office of the United

5    States Trustee filed its "Notice of Appointment of Trustee and Fixing of Bond; Acceptance

6    of Appointment As Interim Trustee" pursuant to which, among other things, Elissa D.

7    Miller was appointed and accepted her appointment as chapter 7 trustee for the Debtor's

8    estate, and she continues to act in that capacity as well as the Successor-in-Interest

9    Trustee of the Girardi Keese Client Trust Account.

10              7.        Plaintiff brings this action solely in her capacity as chapter 7 trustee

11    for the Debtor's estate and its respective creditors and as Successor-in-Interest Trustee

12    of the Girardi Keese Client Trust Account.  To the extent that Plaintiff hereby asserts

13    claims under 11 U.S.C. § 544(b), Plaintiff is informed and believes, and on that basis

14    alleges thereon, that there exists in this case one or more creditors holding unsecured

15    claims allowable under 11 U.S.C. § 502, or that are not allowable only under 11 U.S.C. §

16    502(e) who could have avoided the respective transfers or obligations under California or

17    other applicable law before the Petition Date.

18              8.        Plaintiff was appointed as chapter 7 trustee after the Petition Date.

19    As a result, Plaintiff does not have personal knowledge of the facts alleged in this

20    Complaint that occurred prior to her appointment and, therefore, alleges all those facts on

21    information and belief.  Plaintiff reserves the right to amend this Complaint to allege

22    additional claims against defendants and to challenge and recover transfers made to or

23    for the benefit of defendants in addition to those transfers alleged in this Complaint.

24              9.        Plaintiff is informed and believes and, on that basis alleges thereon,

25    that defendant Ryan Suzuki ("Suzuki" or "Defendant") is an individual residing within the

26    jurisdiction of this Court.  Plaintiff further is informed and believes and, on that basis

27    alleges thereon, that Suzuki may have conspired with Thomas and/or other employees or

28    third parties, including Christopher Kamon, the Chief Financial Officer of Girardi Keese, to

1  form "front" or "straw" companies that may have been used to fraudulently and illegally

2  funnel money to Thomas and/or other employees or third parties, including Christopher

3  Kamon.  At all relevant times, Suzuki was the initial transferee of the transfers alleged

4  herein or was the party for whose benefit the transfers were made and/or an immediate

5  or mediate transferee of such initial transferee.

6  10.    During a time when Girardi Keese was in a precarious financial state,

7  and was not paying its creditors, Girardi Keese began a systematic process of draining

8  the available cash, often times consisting of stolen client trust funds, by, among other

9  things, making distributions to certain preferred creditors or third parties from funds of

10  Girardi Keese's estate.  During the seven-year period prior to the Petition Date, with the

11  assistance of various partners, employees, and family members, Thomas and Girardi

12  Keese conspired by purpose and design to abscond and secrete the assets of Girardi

13  Keese for the purpose of defrauding Girardi Keese's creditors.  In virtually each instance,

14  these transfers were made for less than reasonably equivalent value in return and during

15  a time in which Girardi Keese was insolvent or was rendered insolvent as a result of the

16  transfers, or when Girardi Keese was engaged or was about to engage in a business or a

17  transaction for which the remaining assets of Girardi Keese were unreasonably small in

18  relation to the business or transaction.  Often times, for instance, Girardi Keese used

19  funds that should have been segregated in IOLTA's (Interest on Lawyer's Trust

20  Accounts) meant to safeguard such client funds.  However, at all relevant times, Thomas

21  and Girardi Keese used Girardi Keese's operating and IOLTA accounts as if they were

22  common depositories of not only Girardi Keese client funds, but also the personal funds

23  of Thomas, his family members, and other third parties.  As a result of the commingling of

24  funds in Girardi Keese's general operating accounts, transfers from the IOLTA and

25  general operating accounts constitute transfers of funds in which Girardi Keese had an

26  interest.

27  11.    With respect to Suzuki, during the seven-year period prior to the

28  Petition Date, Girardi Keese made approximately 120 payments to Suzuki in the total

Greenspoon Marder LLP
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 954.771.9264

1  aggregate amount of $302,925 (the "Seven-Year Transfers") consisting of, among other

2  things, approximately 102 payments to Suzuki in the total aggregate amount of $260,620

3  during the four-year period prior to the Petition Date (the "Four-Year Transfers" and

4  together with the Seven-Year Transfers, the "Fraudulent Transfers").  See Exhibit "A"

5  attached hereto.

6       12.    With respect to the Fraudulent Transfers, these were on account of

7  non-firm related services that solely benefitted Thomas and Erika Girardi aka Erika

8  Jayne, Christopher Kamon, or other employees of Girardi Keese, and had no relation to

9  the operation of, and did not benefit, Girardi Keese.

10                    **FIRST CLAIM FOR RELIEF**

11  **(Avoidance and Recovery of Fraudulent Transfers Pursuant to 11 U.S.C. §§ 544(b)**

12  **and 550(a) and California Civil Code §§ 3439.04(a)(1), 3439.07, and 3439.09)**

13       13.    Plaintiff realleges and incorporates herein by reference each and

14  every allegation contained in paragraphs 1 through 12 as though set forth in full.

15       14.    Plaintiff is informed and believes, and on that basis alleges thereon,

16  that during the seven-year period preceding the Petition Date, Girardi Keese made the

17  Seven-Year Transfers to or for the benefit of Suzuki.

18       15.    Plaintiff is informed and believes, and on that basis alleges thereon,

19  that the Seven-Year Transfers were made by Girardi Keese with actual intent to hinder,

20  delay, or defraud any creditor of Girardi Keese.

21       16.    Plaintiff is informed and believes, and based thereon alleges, that, at

22  all relevant times, the Seven-Year Transfers were voidable under California Civil Code

23  §§ 3439.04(a)(1), 3439.07, and 3439.09 by one or more creditors who held and hold

24  unsecured claims against Girardi Keese that were and are allowable against the estate

25  under 11 U.S.C. § 502, or that were and are not allowable only under 11 U.S.C. § 502(e).

26  These creditors include, without limitation, those creditors who are listed in Girardi

27  Keese's schedules as holding undisputed claims or who have filed proofs of claim against

28  Girardi Keese's estate.

**Greenspoon Marder LLP**
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA  90071-1406
TEL. 213.626.2311 • FAX 954.771.9264

**Greenspoon Marder LLP**
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 954.771.9264

1    17.    Plaintiff is informed and believes, and on that basis alleges thereon,

2    that, based on the foregoing, Plaintiff may avoid the Seven-Year Transfers and recover

3    the equivalent value of said fraudulent transfers for the benefit of Girardi Keese's estate

4    from Defendant pursuant to 11 U.S.C. §§ 544(b) and 550.

5    **SECOND CLAIM FOR RELIEF**

6    **(Avoidance and Recovery of Fraudulent Transfers Pursuant to 11 U.S.C. §§ 544(b)**

7    **and 550 and California Civil Code §§ 3439.04(a)(2) and 3439.07)**

8    18.    Plaintiff realleges and incorporates herein by reference each and

9    every allegation contained in paragraphs 1 through 12 as though set forth in full.

10    19.    Plaintiff is informed and believes, and on that basis alleges thereon,

11    that Girardi Keese made the Four-Year Transfers to or for the benefit of Suzuki.

12    20.    Plaintiff is informed and believes, and on that basis alleges thereon,

13    that Girardi Keese made the Four-Year Transfers (a) without receiving a reasonably

14    equivalent value in exchange for the transfers, and Girardi Keese either (i) was engaged

15    or was about to engage in a business or a transaction for which the remaining assets of

16    Girardi Keese were unreasonably small in relation to the business or transaction, or (ii)

17    intended to incur, or believed or reasonably should have believed that it would incur,

18    debts beyond its ability to pay as they became due.

19    21.    Plaintiff is informed and believes, and based thereon alleges, that, at

20    all relevant times, the Four-Year Transfers were voidable under California Civil Code §§

21    3439.04(a)(2) and 3439.07 by one or more creditors who held and hold unsecured claims

22    against Girardi Keese that were and are allowable under 11 U.S.C. § 502, or that were

23    and are not allowable only under 11 U.S.C. § 502(e).  These creditors include those

24    creditors who are listed in Girardi Keese's schedules as holding undisputed claims or

25    who have filed proofs of claim against Girardi Keese's estate.

26    22.    Plaintiff is informed and believes, and on that basis alleges thereon,

27    that, based on the foregoing, Plaintiff may avoid the Four-Year Transfers and recover the

28

1  equivalent value of said fraudulent transfers for the benefit of Girardi Keese's estate from

2  Defendant pursuant to 11 U.S.C. §§ 544(b) and 550.

3  ### THIRD CLAIM FOR RELIEF

4  ### (Recovery of Avoided Transfers or the Value Thereof Pursuant to

5  ### 11 U.S.C. § 550(a))

6          23.    Plaintiff realleges and incorporates herein by reference each and

7  every allegation contained in paragraphs 1 through 12 as though set forth in full.

8          24.    Each of the Fraudulent Transfers are transfers of Girardi Keese's

9  property that should be avoided pursuant to California Civil Code §§ 3439.04(a)(1) and

10  3439.02(a)(2) and, based thereon, Plaintiff is entitled to avoid the Fraudulent Transfers,

11  and each of them.

12          25.    Suzuki is the transferee (initial, immediate, mediate and/or

13  otherwise) of the Fraudulent Transfers and/or the entity or person for whose benefit the

14  Fraudulent Transfers were made, within the meaning of 11 U.S.C. § 550(a).  Based

15  thereon, Plaintiff is entitled to recover the Fraudulent Transfers, together with interest at

16  the applicable rate from the date of the Fraudulent Transfers, for the benefit of Girardi

17  Keese's estate.

18  ### FOURTH CLAIM FOR RELIEF

19  ### (Preservation of Transfers Avoided Pursuant to 11 U.S.C. § 551)

20          26.    Plaintiff realleges and incorporates herein by reference each and

21  every allegation contained in paragraphs 1 through 12 as though set forth in full.

22          27.    Pursuant to 11 U.S.C. § 551, the Fraudulent Transfers are preserved

23  for the benefit of Girardi Keese's estate as each of the Fraudulent Transfers are

24  avoidable under California Civil Code §§ 3439.04(a)(1) and 3439.02(a)(2), and 11 U.S.C.

25  § 550 as set forth in this Complaint.

26

27

28

**Greenspoon Marder LLP**
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA  90071-1406
TEL. 213.626.2311 • FAX 954.771.9264

**FIFTH CLAIM FOR RELIEF**

**(For Disallowance of Claims Pursuant to 11 U.S.C. § 502(d))**

28.    Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 12 as though set forth in full.

29.    Pursuant to 11 U.S.C. § 502(d), to the extent Suzuki files, has filed, or otherwise asserts a claim in Girardi Keese's case, as the term "claim" is defined by 11 U.S.C. § 101(10), Plaintiff requests that any such claim(s) be disallowed for Suzuki's failure to return or repay the Fraudulent Transfers, or the value thereof.

**RESERVATION OF RIGHTS**

30.    Plaintiff reserves the right to amend this Complaint to include, among other things, (i) further information regarding the Fraudulent Transfers, (ii) additional transfers, (iii) modifications of and revisions to Defendant's name, (iv) additional defendants, and (v) additional claims for relief, that may become known to Plaintiff at any time during this adversary proceeding through formal discovery or otherwise, and for the amendments to relate back to this Complaint.

31.    Plaintiff reserves the right to bring all other claims for relief that Plaintiff may have against Defendant, on any and all grounds, as allowed under the law or in equity.  Additionally, nothing contained in this Complaint shall be construed as a waiver of Plaintiff's right to object to any proof of claim filed by Defendant.  Accordingly, Plaintiff reserves the right to object, on any and all grounds, to any proof of claim filed by Defendant.

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

**ON THE FIRST CLAIM FOR RELIEF**

1.    For a judgment and/or order that the Seven-Year Transfers are avoidable under 11 U.S.C. § 544 and California Civil Code § 3439.04(a)(1), or providing any other appropriate remedy under California Civil Code § 3439.07;

**Greenspoon Marder LLP**
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA  90071-1406
TEL. 213.626.2311 • FAX 954.771.9264

**Greenspoon Marder LLP**
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA  90071-1406
TEL. 213.626.2311 • FAX 954.771.9264

**ON THE SECOND CLAIM FOR RELIEF**

2.    For a judgment and/or order that the Four-Year Transfers are avoidable under 11 U.S.C. § 544 and California Civil Code § 3439.04(a)(2), or providing any other appropriate remedy under California Civil Code § 3439.07;

**ON THE THIRD CLAIM FOR RELIEF**

3.    For a judgment and/or order that Plaintiff is entitled to recover the Fraudulent Transfers, or the value thereof, from Defendant under 11 U.S.C. § 550;

**ON THE FOURTH CLAIM FOR RELIEF**

4.    For a judgment and/or order that Plaintiff is entitled to preserve the Fraudulent Transfers avoided under California Civil Code §§ 3439.04(a)(1) and 3439.04(a)(2) for the benefit of Girardi Keese's estate under 11 U.S.C. § 551;

**ON THE FIFTH CLAIM FOR RELIEF**

5.    For a judgment and/or order disallowing any claim(s) that Defendant may assert or have asserted against Girardi Keese's estate under 11 U.S.C. § 502(d);

**ON ALL CLAIMS FOR RELIEF**

6.    For interest in an amount authorized by law;

7.    For costs of suit incurred herein, including, without limitation, attorneys' fees; and

8.    For such other and further relief as the Court deems just and proper.

DATED: December 27, 2022          **Greenspoon Marder LLP**

By: /s/ *Daniel A. Lev*
Daniel A. Lev
Attorneys for Plaintiff, Elissa D. Miller, Chapter 7 Trustee

DAL 52545210v1                    -10-

# EXHIBIT A

EXHIBIT A

| Date | Check Number | Name | Receipts | Disbursements |
|---|---|---|---|---|
| 01/16/18 | 321516 | RYAN SUZUKI | $ | 5,928.26 |
| 01/09/18 | 321444 | RYAN SUZUKI | | 420.00 |
| 01/09/18 | 321444 | RYAN SUZUKI | | 540.00 |
| 01/09/18 | 321444 | RYAN SUZUKI | | 690.00 |
| 01/09/18 | 321444 | RYAN SUZUKI | | 1,080.00 |
| 01/09/18 | 321444 | RYAN SUZUKI | | 2,040.00 |
| 01/09/18 | 321444 | RYAN SUZUKI | | 3,750.00 |
| 01/05/18 | 321384 | RYAN SUZUKI | | 5,420.00 |
| 12/27/17 | 321249 | RYAN SUZUKI | | 6,557.58 |
| 12/15/17 | 321047 | RYAN SUZUKI | | 7,240.00 |
| 12/14/17 | 321002 | RYAN SUZUKI | | 160.00 |
| 12/14/17 | 321002 | RYAN SUZUKI | | 880.00 |
| 12/14/17 | 321002 | RYAN SUZUKI | | 2,940.00 |
| 12/14/17 | 321002 | RYAN SUZUKI | | 4,140.00 |
| 12/05/17 | 320687 | RYAN SUZUKI | | 112.50 |
| 12/05/17 | 320687 | RYAN SUZUKI | | 787.50 |
| 12/05/17 | 320687 | RYAN SUZUKI | | 787.50 |
| 12/05/17 | 320687 | RYAN SUZUKI | | 1,600.00 |
| 12/05/17 | 320687 | RYAN SUZUKI | | 3,217.50 |
| 11/24/17 | 320788 | RYAN SUZUKI | | 54.00 |
| 11/24/17 | 320788 | RYAN SUZUKI | | 74.00 |
| 11/24/17 | 320788 | RYAN SUZUKI | | 148.00 |
| 11/24/17 | 320788 | RYAN SUZUKI | | 189.00 |
| 11/24/17 | 320788 | RYAN SUZUKI | | 216.00 |
| 11/24/17 | 320788 | RYAN SUZUKI | | 333.00 |
| 11/24/17 | 320788 | RYAN SUZUKI | | 486.00 |
| 11/24/17 | 320788 | RYAN SUZUKI | | 540.00 |
| 11/24/17 | 320788 | RYAN SUZUKI | | 592.00 |
| 11/24/17 | 320788 | RYAN SUZUKI | | 629.00 |
| 11/24/17 | 320788 | RYAN SUZUKI | | 945.00 |
| 11/24/17 | 320788 | RYAN SUZUKI | | 1,026.00 |
| 11/24/17 | 320788 | RYAN SUZUKI | | 1,323.00 |
| 11/24/17 | 320788 | RYAN SUZUKI | | 1,739.00 |
| 11/21/17 | 320706 | RYAN SUZUKI | | 96.00 |
| 11/21/17 | 320706 | RYAN SUZUKI | | 144.00 |
| 11/21/17 | 320706 | RYAN SUZUKI | | 160.00 |
| 11/21/17 | 320706 | RYAN SUZUKI | | 352.00 |
| 11/21/17 | 320706 | RYAN SUZUKI | | 448.00 |
| 11/21/17 | 320706 | RYAN SUZUKI | | 600.00 |
| 11/21/17 | 320706 | RYAN SUZUKI | | 832.00 |
| 11/21/17 | 320706 | RYAN SUZUKI | | 1,075.00 |
| 11/21/17 | 320706 | RYAN SUZUKI | | 1,472.00 |
| 11/21/17 | 320706 | RYAN SUZUKI | | 2,767.50 |
| 11/10/17 | 319818 | RYAN SUZUKI | | 3,000.00 |

011

EXHIBIT A

| Date | Check Number | Name | Receipts | Disbursements |
|---|---|---|---|---|
| 11/09/17 | 320610 | RYAN SUZUKI | | 450.00 |
| 11/09/17 | 320610 | RYAN SUZUKI | | 495.00 |
| 11/09/17 | 320610 | RYAN SUZUKI | | 1,024.00 |
| 11/09/17 | 320610 | RYAN SUZUKI | | 1,216.00 |
| 11/09/17 | 320610 | RYAN SUZUKI | | 1,632.00 |
| 11/09/17 | 320610 | RYAN SUZUKI | | 1,732.50 |
| 11/09/17 | 320610 | RYAN SUZUKI | | 2,745.00 |
| 11/02/17 | 320449 | RYAN SUZUKI | | 440.00 |
| 11/02/17 | 320449 | RYAN SUZUKI | | 1,660.00 |
| 11/02/17 | 320449 | RYAN SUZUKI | | 2,580.00 |
| 11/02/17 | 320449 | RYAN SUZUKI | | 3,480.00 |
| 10/26/17 | 319975 | RYAN SUZUKI | | 120.00 |
| 10/26/17 | 319975 | RYAN SUZUKI | | 150.00 |
| 10/26/17 | 319975 | RYAN SUZUKI | | 160.00 |
| 10/26/17 | 319975 | RYAN SUZUKI | | 270.00 |
| 10/26/17 | 319975 | RYAN SUZUKI | | 300.00 |
| 10/26/17 | 319975 | RYAN SUZUKI | | 600.00 |
| 10/26/17 | 319975 | RYAN SUZUKI | | 750.00 |
| 10/26/17 | 319975 | RYAN SUZUKI | | 780.00 |
| 10/26/17 | 319975 | RYAN SUZUKI | | 940.00 |
| 10/26/17 | 319975 | RYAN SUZUKI | | 1,360.00 |
| 10/26/17 | 319975 | RYAN SUZUKI | | 3,520.00 |
| 09/25/17 | 319922 | RYAN SUZUKI | | 450.00 |
| 09/25/17 | 319922 | RYAN SUZUKI | | 1,320.00 |
| 09/25/17 | 319922 | RYAN SUZUKI | | 1,820.00 |
| 09/25/17 | 319922 | RYAN SUZUKI | | 4,560.00 |
| 09/15/17 | 319734 | RYAN SUZUKI | | 500.00 |
| 09/15/17 | 319734 | RYAN SUZUKI | | 500.00 |
| 09/15/17 | 319734 | RYAN SUZUKI | | 1,760.00 |
| 09/15/17 | 319734 | RYAN SUZUKI | | 1,760.00 |
| 09/15/17 | 319734 | RYAN SUZUKI | | 2,000.00 |
| 09/08/17 | 319713 | RYAN SUZUKI | | 1,280.00 |
| 09/08/17 | 319713 | RYAN SUZUKI | | 2,500.00 |
| 09/08/17 | 319713 | RYAN SUZUKI | | 4,560.00 |
| 09/06/17 | 319696 | RYAN SUZUKI | | 6,780.00 |
| 08/29/17 | 319592 | RYAN SUZUKI | | 7,020.00 |
| 08/17/17 | 319392 | RYAN SUZUKI | | 6,537.06 |
| 08/17/17 | 319400 | RYAN SUZUKI | | 2,244.16 |
| 08/02/17 | 319192 | RYAN SUZUKI | | 8,080.00 |
| 07/28/17 | 319172 | RYAN SUZUKI | | 7,180.00 |
| 07/18/17 | 319069 | RYAN SUZUKI | | 8,050.00 |
| 07/10/17 | 318995 | RYAN SUZUKI | | 5,080.00 |
| 06/28/17 | 318773 | RYAN SUZUKI | | 7,540.00 |
| 06/20/17 | 318621 | RYAN SUZUKI | | 8,440.00 |

EXHIBIT A

| Date | Check Number | Name | Receipts | Disbursements |
|---|---|---|---|---|
| 06/08/17 | 318512 | RYAN SUZUKI | | 9,300.00 |
| 05/22/17 | 318152 | RYAN SUZUKI | | 4,980.00 |
| 05/01/17 | 317998 | RYAN SUZUKI | | 500.00 |
| 05/01/17 | 317998 | RYAN SUZUKI | | 5,520.00 |
| 04/20/17 | 317715 | RYAN SUZUKI | | 7,070.00 |
| 04/03/17 | 317478 | RYAN SUZUKI | | 9,175.00 |
| 03/28/17 | 316995 | RYAN SUZUKI | | 1,850.00 |
| 03/21/17 | 317312 | RYAN SUZUKI | | 8,300.00 |
| 02/27/17 | 316996 | RYAN SUZUKI | | 7,395.00 |
| 02/09/17 | 316788 | RYAN SUZUKI | | 7,280.00 |
| 01/23/17 | 316456 | RYAN SUZUKI | | 6,800.00 |
| 12/27/16 | 316019 | RYAN SUZUKI | | 2,113.00 |
| 12/20/16 | 315768 | RYAN SUZUKI | | 3,000.00 |
| 12/20/16 | 315769 | RYAN SUZUKI | | 3,440.00 |
| | | **TOTALS - 4 YEAR** | - | 260,620.06 |
| | | | | |
| 11/28/16 | 315408 | RYAN SUZUKI | | 2,920.00 |
| 11/16/16 | 315217 | RYAN SUZUKI | | 2,960.00 |
| 11/16/16 | 315237 | RYAN SUZUKI | | 2,920.00 |
| 10/25/16 | 314966 | RYAN SUZUKI | | 4,910.00 |
| 10/19/16 | 314885 | RYAN SUZUKI | | 2,720.00 |
| 10/12/16 | 314741 | RYAN SUZUKI | | 1,240.00 |
| 09/16/16 | 314288 | RYAN SUZUKI | | 3,180.00 |
| 08/29/16 | 313972 | RYAN SUZUKI | | 1,280.00 |
| 08/17/16 | 313837 | RYAN SUZUKI | | 2,000.00 |
| 11/18/15 | 309332 | RYAN SUZUKI | | 1,733.10 |
| 10/23/15 | 308915 | RYAN SUZUKI | | 1,035.00 |
| 10/20/15 | 600006 | RYAN SUZUKI | | 917.00 |
| 09/08/15 | 501091 | RYAN SUZUKI | | 4,200.00 |
| 08/07/15 | 500564 | RYAN SUZUKI | | 1,000.00 |
| 07/07/15 | 308415 | RYAN SUZUKI | | 2,000.00 |
| 04/24/15 | 307369 | RYAN SUZUKI | | 2,582.75 |
| 04/24/15 | 307369 | RYAN SUZUKI | | 2,800.00 |
| 12/26/14 | 305191 | RYAN SUZUKI | | 1,907.50 |
| | | **TOTALS - 7 YEAR (INCL. 4 YEAR)** | $ - | $ 302,925.41 |

013

**B1040 (FORM 1040) (12/15)**

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS<br>Elissa D. Miller, solely in her capacity as Chapter 7 Trustee | DEFENDANTS<br>Ryan Suzuki, an individual |
|---|---|
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Daniel A. Lev (CA Bar No. 129622)<br> daniel.lev@gmlaw.com<br>**GREENSPOON MARDER LLP**<br>333 South Grand Avenue, Suite 3400<br>Los Angeles, California 90071-1406<br>Telephone: 213.626.2311<br>Facsimile: 954.771.9264 | **ATTORNEYS** (If Known) |

| PARTY (Check One Box Only)<br>☐ Debtor      ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☐ Other<br>☒ Trustee | PARTY (Check One Box Only)<br>☐ Debtor      ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☒ Other<br>☐ Trustee |
|---|---|

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Complaint to Avoid and Recover Fraudulent Conveyances (11 U.S.C. § 548)

### NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001( 1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☒ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001 (2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001( 3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4 ) – Objection/ Revocation of Discharge**
☐ 41-Objection/re vocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 6 6 -Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61 -Dischargeability- §523(a)(5 ), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 6 5 -Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71 -Injunctive relief- imposition of stay
☐ 72-Injunctive relief - other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81 -Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☒ 91 -Declaratory judgment

**FRBP 7001(10) Deter mi nation of Removed Act ion**
☐ 01 -Determination of removed claim or cause

**Other**
☐ SS-SIPA Case - 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | ☒ Demand: $302,925 (approx.) |

Other Relief Sought
For interest and costs of suit.

DAL 52692692v1

**B1040 (FORM 1040) (12/15)**

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR<br>GIRARDI KEESE | BANKRUPTCY CASE NO.<br>2:20-bk-21022-BR | | |
| DISTRICT IN WHICH CASE IS PENDING<br>Central | DIVISION OFFICE<br>Los Angeles | | NAME OF JUDGE<br>Barry Russell |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | | |
| PLAINTIFF | DEFENDANT | | ADVERSARY<br>PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>/s/ *Daniel A. Lev* | | | |
| DATE<br><br>December 27, 2022 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br><br>Daniel A. Lev | | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

DAL 52692692v1