Daniel A. Lev (CA Bar No. 129622)
  daniel.lev@gmlaw.com
Asa S. Hami (CA Bar No. 210728)
  asa.hami@gmlaw.com
**Greenspoon Marder LLP**
333 South Grand Avenue, Suite 3400
Los Angeles, California 90071-1406
Telephone: 213.626.2311
Facsimile: 954.771.9264

Attorneys for Plaintiff, Elissa D. Miller, Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>GIRARDI KEESE,<br><br>    Debtor.<br><br>――――――――――――<br>ELISSA D. MILLER, solely in her capacity as chapter 7 trustee,<br><br>    Plaintiff,<br><br>  vs.<br><br>BLACKSTONE REAL ESTATE PARTNERS VII L.P., a Delaware limited partnership; BLACKSTONE REAL ESTATE INCOME TRUST, INC., a Maryland corporation; MGM RESORTS INTERNATIONAL, INC., a Delaware corporation,<br><br>    Defendants. | Case No. 2:20-bk-21022-BR<br><br>Chapter 7<br><br>Adv. No.<br><br>**COMPLAINT FOR (1) AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS, (2) PRESERVATION OF FRAUDULENT TRANSFERS, AND (3) DISALLOWANCE OF CLAIMS**<br><br>DATE:<br>TIME:    [To Be Set By Summons]<br>PLACE: |

DAL 51788355v1

For her "Complaint for (1) Avoidance and Recovery of Fraudulent Transfers, (2) Preservation of Fraudulent Transfers, and (3) Disallowance of Claims" (the "Complaint"), plaintiff Elissa D. Miller (the "Trustee" or "Plaintiff"), the duly appointed, qualified, and acting chapter 7 trustee for the estate of the debtor Girardi Keese and as the Successor-in-Interest Trustee of the Girardi Keese Client Trust Account, hereby alleges and avers as follows:

**STATEMENT OF JURISDICTION, NATURE OF PROCEEDING, AND VENUE**

1.  This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 157(b)(1) and 1334(a).  This action is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (F), (H), and (O).  This action is a proceeding arising in and/or related to the bankruptcy case of In re Girardi Keese, bearing Case No. 2:20-bk-21022-BR (the "Bankruptcy Case"), which is a case under chapter 7 of title 11 of the United States Code, 11 U.S.C. § 101 et seq., (the "Bankruptcy Code"), and which is pending in the United States Bankruptcy Court for the Central District of California, Los Angeles Division (the "Bankruptcy Court" or "Court").  Regardless of whether this proceeding is core, non-core, or otherwise, Plaintiff consents to the entry of a final order and judgment by the Bankruptcy Court.  Defendants are hereby notified that Rule 7008 of the Federal Rules of Bankruptcy Procedure requires defendants to plead whether consent is given to the entry of a final order and judgment by the Bankruptcy Court.

2.  Venue properly lies in this judicial district pursuant to 28 U.S.C. §§ 1408 and 1409.

**RELEVANT BACKGROUND, PARTIES, AND ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF**

3.  In its heyday, Girardi Keese was one of the most successful plaintiff's law firms in the country - it certainly was the preeminent plaintiff's firm in the State of California.  The firm's founder - Thomas V. Girardi ("Thomas") - was a legendary trial attorney, often viewed as the "Clarence Darrow" of the plaintiff's bar, reeling in hundreds of millions of dollars in settlements and jury verdicts.  Girardi Keese's practice

Greenspoon Marder LLP
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 954.771.9264

covered the universe of plaintiff's cases, ranging from personal injury, defective products, sexual abuse, and toxic torts, to business, employment, and aviation law. But similar to when Toto pulled the curtain back to reveal that the Wizard of Oz was a hoax, the world eventually learned that Girardi Keese was nothing more than an illicit and felonious business operated to line the rather large pockets of Thomas, his wife, and numerous cohorts. While the Trustee continues to investigate the magnitude of the fraud that spanned decades, it is obvious that millions of dollars of client funds were stolen and diverted to fund the lavish lifestyles of Thomas and other non-deserving parties.

4. On December 18, 2020 (the "Petition Date"), after discovering that Girardi Keese stole the settlement monies of the families who lost loved ones in the disastrous crash of Lion Air Flight JT 610, petitioning creditors Jill O'Callahan, as successor in interest to James O'Callahan, Robert M. Keese, John Abassian, Erika Saldana, Virginia Antonio, and Kimberly Archie (collectively, the "Petitioning Creditors") commenced an involuntary petition for relief under chapter 7 of title 11 of the United Sates Code (the "Bankruptcy Code") against the Debtor.[1]

5. On December 24, 2020, Petitioning Creditors caused to be filed their "Motion for Appointment of Interim Trustee Pursuant to 11 U.S.C. § 303(g); Memorandum of Points and Authorities". On January 5, 2021, the Court entered its "Order Granting 'Motion of Petitioning Creditors for Appointment of Interim Trustee Pursuant to 11 U.S.C. 303(g)'". On January 6, 2021, the Office of the United States Trustee filed its "(Corrected) Notice of Appointment of Chapter 7 Trustee (11 U.S.C. §§ 303(g) and 701)" pursuant to which, among other things, Elissa D. Miller was appointed interim chapter 7 trustee for the Debtor's estate.

6. On January 13, 2021, the Court entered its "Order Directing: (1) the Clerk of Court to Immediately Enter an Order for Relief Under Chapter 7; (2) the United States Trustee to Immediately Appoint a Chapter 7 Trustee; (3) the Debtor to File All

---

[1] The Petitioning Creditors also filed an involuntary chapter 7 bankruptcy petition against Thomas V. Girardi, which is currently pending as Case No. 2:20-bk-21020-BR.

DAL 51788355v1                    -3-

Greenspoon Marder LLP
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 954.771.9264

Schedules and Related Documentation for Chapter 7 Case Within Fourteen Days of the Entry of This Order; and (4) Vacating February 16, 2021 Status Conference". On January 13, 2021, the Clerk of Court entered its "Order for Relief and Order to File Schedules, Statements and List(s)". On January 13, 2021, the Office of the United States Trustee filed its "Notice of Appointment of Trustee and Fixing of Bond; Acceptance of Appointment As Interim Trustee" pursuant to which, among other things, Elissa D. Miller was appointed and accepted her appointment as chapter 7 trustee for the Debtor's estate, and she continues to act in that capacity as well as the Successor-in-Interest Trustee of the Girardi Keese Client Trust Account.

7. Plaintiff brings this action solely in her capacity as chapter 7 trustee for the Debtor's estate and its respective creditors and as Successor-in-Interest Trustee of the Girardi Keese Client Trust Account. To the extent that Plaintiff hereby asserts claims under 11 U.S.C. § 544(b), Plaintiff is informed and believes, and on that basis alleges thereon, that there exists in this case one or more creditors holding unsecured claims allowable under 11 U.S.C. § 502, or that are not allowable only under 11 U.S.C. § 502(e) who could have avoided the respective transfers or obligations under California or other applicable law before the Petition Date.

8. Plaintiff was appointed as chapter 7 trustee after the Petition Date. As a result, Plaintiff does not have personal knowledge of the facts alleged in this Complaint that occurred prior to her appointment and, therefore, alleges all those facts on information and belief. Plaintiff reserves the right to amend this Complaint to allege additional claims against defendant and to challenge and recover transfers made to or for the benefit of defendant in addition to those transfers alleged in this Complaint.

9. Plaintiff is informed and believes and, on that basis alleges thereon, that defendant Blackstone Real Estate Partners VII, L.P. ("Blackstone RE") is a Delaware limited partnership and is within the jurisdiction of the Court. Plaintiff further is informed and believes and, on that basis alleges thereon, that defendant Blackstone Real Estate Income Trust, Inc. ("Blackstone REIT") is a Maryland corporation and is within the

jurisdiction of this Court.  Plaintiff further is informed and believes and, on that basis alleges thereon, that defendant MGM Resorts International, Inc. ("MGM" and together with Blackstone RE and Blackstone REI, the "Defendants") is a Delaware corporation and is within the jurisdiction of the Court.  Plaintiff further is informed and believes and, on that basis alleges thereon, that, at all times mentioned herein, "The Cosmopolitan of Las Vegas" (the "Cosmopolitan"), which is a 52-story luxury hotel and casino located at 3708 Las Vegas Blvd S, Las Vegas, Nevada 89109, was owned, managed, and operated by Blackstone RE.  Plaintiff further is informed and believes and, on that basis alleges thereon, that, Blackstone REIT and MGM are the owners, co-owners, managers, co-managers, operators, or co-operators of the Cosmopolitan and the successor in interest to the liabilities with respect to the ownership, management, and operation of the Cosmopolitan.  At all relevant times, Defendants were the initial transferees of the transfers alleged herein or were the parties for whose benefit the transfers were made and/or immediate or mediate transferees of such initial transferees.

    10. During a time when Girardi Keese was in a precarious financial state, and was not paying its creditors, Girardi Keese began a systematic process of draining the available cash, often times consisting of stolen client trust funds, by, among other things, making distributions to certain preferred creditors or third parties from funds of Girardi Keese's estate.  During the seven-year period prior to the Petition Date, with the assistance of various partners, employees, and family members, Thomas and Girardi Keese conspired by purpose and design to abscond and secrete the assets of Girardi Keese for the purpose of defrauding Girardi Keese's creditors.  In virtually each instance, these transfers were made for less than reasonably equivalent value in return and during a time in which Girardi Keese was insolvent or was rendered insolvent as a result of the transfers, or when Girardi Keese was engaged or was about to engage in a business or a transaction for which the remaining assets of Girardi Keese were unreasonably small in relation to the business or transaction.  Often times, for instance, Girardi Keese used funds that should have been segregated in IOLTA's (Interest on Lawyer's Trust

Accounts) meant to safeguard such client funds. However, at all relevant times, Thomas and Girardi Keese used Girardi Keese's operating and IOLTA accounts as if they were common depositories of not only Girardi Keese client funds, but also the personal funds of Thomas, his family members, and other third parties. As a result of the commingling of funds in Girardi Keese's general operating accounts, transfers from the IOLTA and general operating accounts constitute transfers of funds in which Girardi Keese had an interest.

11.   With respect to Defendants, during the seven-year period prior to the Petition Date, Girardi Keese made approximately 12 payments to the "Cosmopolitan" in the total aggregate amount of $520,006 (the "Seven-Year Transfers" or "Fraudulent Transfers"). See Exhibit "A" attached hereto.

12.   With respect to the Fraudulent Transfers, the payments were on account of "markers" or gambling debts incurred by Christopher Kamon, the Chief Financial Officer of Girardi Keese, Thomas, or other third parties, and the payments had no relation to the operation of, and did not benefit, Girardi Keese.

## FIRST CLAIM FOR RELIEF

**(Avoidance and Recovery of Fraudulent Transfers Pursuant to 11 U.S.C. §§ 544(b) and 550(a) and California Civil Code §§ 3439.04(a)(1), 3439.07, and 3439.09)**

13.   Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 12 as though set forth in full.

14.   Plaintiff is informed and believes, and on that basis alleges thereon, that during the seven-year period preceding the Petition Date, Girardi Keese made the Seven-Year Transfers to or for the benefit of Defendants.

15.   Plaintiff is informed and believes, and on that basis alleges thereon, that the Seven-Year Transfers were made by Girardi Keese with actual intent to hinder, delay, or defraud any creditor of Girardi Keese.

16.   Plaintiff is informed and believes, and based thereon alleges, that, at all relevant times, the Seven-Year Transfers were voidable under California Civil Code

§§ 3439.04(a)(1), 3439.07, and 3439.09 by one or more creditors who held and hold unsecured claims against Girardi Keese that were and are allowable against the estate under 11 U.S.C. § 502, or that were and are not allowable only under 11 U.S.C. § 502(e). These creditors include, without limitation, those creditors who are listed in Girardi Keese's schedules as holding undisputed claims or who have filed proofs of claim against Girardi Keese's estate.

17. Plaintiff is informed and believes, and on that basis alleges thereon, that, based on the foregoing, Plaintiff may avoid the Seven-Year Transfers and recover the equivalent value of said fraudulent transfers for the benefit of Girardi Keese's estate from Defendants pursuant to 11 U.S.C. §§ 544(b) and 550.

## SECOND CLAIM FOR RELIEF

### (Recovery of Avoided Transfers or the Value Thereof Pursuant to 11 U.S.C. § 550(a))

18. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 12 as though set forth in full.

19. Each of the Fraudulent Transfers are transfers of Girardi Keese's property that should be avoided pursuant to California Civil Code §§ 3439.04(a)(1) and, based thereon, Plaintiff is entitled to avoid the Fraudulent Transfers, and each of them.

20. Defendants are the transferees (initial, immediate, mediate and/or otherwise) of the Fraudulent Transfers and/or the entities or persons for whose benefit the Fraudulent Transfers were made, within the meaning of 11 U.S.C. § 550(a). Based thereon, Plaintiff is entitled to recover the Fraudulent Transfers, together with interest at the applicable rate from the date of the Fraudulent Transfers, for the benefit of Girardi Keese's estate.

## THIRD CLAIM FOR RELIEF

### (Preservation of Transfers Avoided Pursuant to 11 U.S.C. § 551)

21. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 12 as though set forth in full.

22. Pursuant to 11 U.S.C. § 551, the Fraudulent Transfers are preserved for the benefit of Girardi Keese's estate as each of the Fraudulent Transfers are avoidable under California Civil Code §§ 3439.04(a)(1) and 11 U.S.C. § 550 as set forth in this Complaint.

## FOURTH CLAIM FOR RELIEF

### (For Disallowance of Claims Pursuant to 11 U.S.C. § 502(d))

23. Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 12 as though set forth in full.

24. Pursuant to 11 U.S.C. § 502(d), to the extent Defendants file, have filed, or otherwise assert a claim in Girardi Keese's case, as the term "claim" is defined by 11 U.S.C. § 101(10), Plaintiff requests that any such claim(s) be disallowed for Defendants' failure to return or repay the Fraudulent Transfers, or the value thereof.

## RESERVATION OF RIGHTS

25. Plaintiff reserves the right to amend this Complaint to include, among other things, (i) further information regarding the Fraudulent Transfers, (ii) additional transfers, (iii) modifications of and revisions to Defendants' names, (iv) additional defendants, and (v) additional claims for relief, that may become known to Plaintiff at any time during this adversary proceeding through formal discovery or otherwise, and for the amendments to relate back to this Complaint.

26. Plaintiff reserves the right to bring all other claims for relief that Plaintiff may have against Defendants, on any and all grounds, as allowed under the law or in equity. Additionally, nothing contained in this Complaint shall be construed as a waiver of Plaintiff's right to object to any proof of claim filed by Defendants. Accordingly, Plaintiff reserves the right to object, on any and all grounds, to any proof of claim filed by Defendants.

**WHEREFORE**, Plaintiff prays for judgment against Defendants as follows:

**ON THE FIRST CLAIM FOR RELIEF**

1. For a judgment and/or order that the Seven-Year Transfers are avoidable under 11 U.S.C. § 544 and California Civil Code § 3439.04(a)(1), or providing any other appropriate remedy under California Civil Code § 3439.07;

**ON THE SECOND CLAIM FOR RELIEF**

2. For a judgment and/or order that Plaintiff is entitled to recover the Fraudulent Transfers, or the value thereof, from Defendants under 11 U.S.C. § 550;

**ON THE THIRD CLAIM FOR RELIEF**

3. For a judgment and/or order that Plaintiff is entitled to preserve the Fraudulent Transfers avoided under California Civil Code §§ 3439.04(a)(1) for the benefit of Girardi Keese's estate under 11 U.S.C. § 551;

**ON THE FOURTH CLAIM FOR RELIEF**

4. For a judgment and/or order disallowing any claim(s) that Defendants may assert or have asserted against Girardi Keese's estate under 11 U.S.C. § 502(d);

**ON ALL CLAIMS FOR RELIEF**

5. For interest in an amount authorized by law;

6. For costs of suit incurred herein, including, without limitation, attorneys' fees; and

7. For such other and further relief as the Court deems just and proper.

DATED: January 4, 2023                **Greenspoon Marder LLP**

By: /s/ *Daniel A. Lev*
Daniel A. Lev
Attorneys for Plaintiff, Elissa D. Miller, Chapter 7 Trustee

**Greenspoon Marder LLP**
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA, 90071-1406
TEL. 213.626.2311 • FAX 954.771.9264

# EXHIBIT A

EXHIBIT A

| Date | Check Number | Name | Receipts | Disbursements |
|---|---|---|---|---|
| 08/08/16 | 313715 | COSMOPOLITAN | | 50,000.00 |
| 07/05/16 | 313116 | COSMOPOLITAN | | 25,000.00 |
| 06/24/16 | 62516 | COSMOPOLITAN | | 75,006.00 |
| 06/06/16 | 312501 | COSMOPOLITAN | | 40,000.00 |
| 03/10/16 | 310971 | COSMOPOLITAN | | 65,000.00 |
| 01/19/16 | 11916 | COSMOPOLITAN | | 50,000.00 |
| 07/07/15 | 950703 | COSMOPOLITAN | | 50,000.00 |
| 07/06/15 | 308445 | COSMOPOLITAN | | 50,000.00 |
| 06/26/15 | 950602 | COSMOPOLITAN | | 30,000.00 |
| 05/04/15 | 307491 | COSMOPOLITAN | | 35,000.00 |
| 01/20/15 | 305609 | COSMOPOLITAN | | 25,000.00 |
| 12/01/14 | 304718 | COSMOPOLITAN | | 25,000.00 |
| | | TOTALS - 7 YEAR | $ - | $ 520,006.00 |

010

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Elissa D. Miller, solely in her capacity as Chapter 7 Trustee | **DEFENDANTS**<br>Blackstone Real Estate Partners VII L.P., a Delaware limited partnership; Blackstone Real Estate Income Trust, Inc., a Maryland corporation; MGM Resorts International, Inc., a Delaware corporation |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Daniel A. Lev (CA Bar No. 129622)<br>daniel.lev@gmlaw.com<br>**GREENSPOON MARDER LLP**<br>333 South Grand Avenue, Suite 3400<br>Los Angeles, California 90071-1406<br>Telephone: 213.626.2311<br>Facsimile: 954.771.9264 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor  ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☐ Other<br>☒ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor  ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor  ☒ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Complaint to Avoid and Recover Fraudulent Conveyances (11 U.S.C. § 548)

**NATURE OF SUIT**
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001( 1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☒ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001 (2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001( 3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4 ) – Objection/ Revocation of Discharge**
☐ 41-Objection/re vocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 6 6 -Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61 -Dischargeability- §523(a)(5 ), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 6 5 -Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71 -Injunctive relief- imposition of stay
☐ 72-Injunctive relief - other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81 -Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91 -Declaratory judgment

**FRBP 7001(10) Deter mi nation of Removed Act ion**
☐ 01 -Determination of removed claim or cause

**Other**
☐ SS-SIPA Case - 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | ☒ Demand: $520,006 (approx.) |

Other Relief Sought
For interest and costs of suit.

DAL 52686444v1

**B1040 (FORM 1040) (12/15)**

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | |||
|---|---|---|---|
| NAME OF DEBTOR<br>GIRARDI KEESE | BANKRUPTCY CASE NO.<br>2:20-bk-21022-BR |||
| DISTRICT IN WHICH CASE IS PENDING<br>Central | DIVISION OFFICE<br>Los Angeles || NAME OF JUDGE<br>Barry Russell |
| RELATED ADVERSARY PROCEEDING (IF ANY) ||||
| PLAINTIFF | DEFENDANT || ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE || NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>/s/ *Daniel A. Lev* ||||
| DATE<br><br>January 4, 2023 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br><br>Daniel A. Lev |||

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.