Daniel A. Lev (CA Bar No. 129622)
  daniel.lev@gmlaw.com
Asa S. Hami (CA Bar No. 210728)
  asa.hami@gmlaw.com
**Greenspoon Marder LLP**
333 South Grand Avenue, Suite 3400
Los Angeles, California 90071-1406
Telephone: 213.626.2311
Facsimile: 954.771.9264

Attorneys for Plaintiff, Elissa D. Miller, Chapter 7 Trustee

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION**

| | |
|---|---|
| In re | Case No. 2:20-bk-21022-BR |
| GIRARDI KEESE, | Chapter 7 |
| Debtor. | Adv. No. |
| | **COMPLAINT FOR (1) AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS, (2) AVOIDANCE AND RECOVERY OF PREFERENTIAL TRANSFERS, (3) PRESERVATION OF FRAUDULENT AND PREFERENTIAL TRANSFERS, AND (4) DISALLOWANCE OF CLAIMS** |
| | DATE:<br>TIME:    [To Be Set By Summons]<br>PLACE: |
| ELISSA D. MILLER, solely in her capacity as chapter 7 trustee, | |
| Plaintiff, | |
| vs. | |
| CHRISTOPHER T. AUMAIS, an individual, | |
| Defendant. | |

Greenspoon Marder LLP
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 954.771.9264

DAL 52265352v1

**Greenspoon Marder LLP**
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 954.771.9264

1    For her "Complaint for (1) Avoidance and Recovery of Fraudulent

2   Transfers, (2) Avoidance and Recovery of Preferential Transfers, (3) Preservation of

3   Fraudulent and Preferential Transfers, and (4) Disallowance of Claims" (the "Complaint"),

4   plaintiff Elissa D. Miller (the "Trustee" or "Plaintiff"), the duly appointed, qualified, and

5   acting chapter 7 trustee for the estate of the debtor Girardi Keese and as the Successor-

6   in-Interest Trustee of the Girardi Keese Client Trust Account, hereby alleges and avers

7   as follows:

8            **STATEMENT OF JURISDICTION, NATURE OF PROCEEDING, AND VENUE**

9            1.    This Court has jurisdiction over this action pursuant to 28 U.S.C. §§

10   157(b)(1) and 1334(a).  This action is a core proceeding under 28 U.S.C. § 157(b)(2)(A),

11   (F), (H), and (O).  This action is a proceeding arising in and/or related to the bankruptcy

12   case of In re Girardi Keese, bearing Case No. 2:20-bk-21022-BR (the "Bankruptcy

13   Case"), which is a case under chapter 7 of title 11 of the United States Code, 11 U.S.C. §

14   101 et seq., (the "Bankruptcy Code"), and which is pending in the United States

15   Bankruptcy Court for the Central District of California, Los Angeles Division (the

16   "Bankruptcy Court" or "Court").  Regardless of whether this proceeding is core, non-core,

17   or otherwise, Plaintiff consents to the entry of a final order and judgment by the

18   Bankruptcy Court.  Defendant is hereby notified that Rule 7008 of the Federal Rules of

19   Bankruptcy Procedure requires defendant to plead whether consent is given to the entry

20   of a final order and judgment by the Bankruptcy Court.

21            2.    Venue properly lies in this judicial district pursuant to 28 U.S.C. §§

22   1408 and 1409.

23        **RELEVANT BACKGROUND, PARTIES, AND ALLEGATIONS COMMON TO ALL**

24                            **CLAIMS FOR RELIEF**

25            3.    In its heyday, Girardi Keese was one of the most successful

26   plaintiff's law firms in the country - it certainly was the preeminent plaintiff's firm in the

27   State of California.  The firm's founder - Thomas V. Girardi ("Thomas") - was a legendary

28   trial attorney, often viewed as the "Clarence Darrow" of the plaintiff's bar, reeling in

1    hundreds of millions of dollars in settlements and jury verdicts.  Girardi Keese's practice

2    covered the universe of plaintiff's cases, ranging from personal injury, defective products,

3    sexual abuse, and toxic torts, to business, employment, and aviation law.  But similar to

4    when Toto pulled the curtain back to reveal that the Wizard of Oz was a hoax, the world

5    eventually learned that Girardi Keese was nothing more than an illicit and felonious

6    business operated to line the rather large pockets of Thomas, his wife, and numerous

7    cohorts.  While the Trustee continues to investigate the magnitude of the fraud that

8    spanned decades, it is obvious that millions of dollars of client funds were stolen and

9    diverted to fund the lavish lifestyles of Thomas and other non-deserving parties.

10           4.      On December 18, 2020 (the "Petition Date"), after discovering that

11    Girardi Keese stole the settlement monies of the families who lost loved ones in the

12    disastrous crash of Lion Air Flight JT 610, petitioning creditors Jill O'Callahan, as

13    successor in interest to James O'Callahan, Robert M. Keese, John Abassian, Erika

14    Saldana, Virginia Antonio, and Kimberly Archie (collectively, the "Petitioning Creditors")

15    commenced an involuntary petition for relief under chapter 7 of title 11 of the United

16    Sates Code (the "Bankruptcy Code") against the Debtor.[1]

17           5.      On December 24, 2020, Petitioning Creditors caused to be filed their

18    "Motion for Appointment of Interim Trustee Pursuant to 11 U.S.C. § 303(g); Memorandum

19    of Points and Authorities".  On January 5, 2021, the Court entered its "Order Granting

20    'Motion of Petitioning Creditors for Appointment of Interim Trustee Pursuant to 11 U.S.C.

21    303(g)'".  On January 6, 2021, the Office of the United States Trustee filed its

22    "(Corrected) Notice of Appointment of Chapter 7 Trustee (11 U.S.C. §§ 303(g) and 701)"

23    pursuant to which, among other things, Elissa D. Miller was appointed interim chapter 7

24    trustee for the Debtor's estate.

25           6.      On January 13, 2021, the Court entered its "Order Directing: (1) the

26    Clerk of Court to Immediately Enter an Order for Relief Under Chapter 7; (2) the United

27

28    _____

[1] The Petitioning Creditors also filed an involuntary chapter 7 bankruptcy petition against Thomas V. Girardi, which is currently pending as Case No. 2:20-bk-21020-BR.

Greenspoon Marder LLP
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 954.771.9264

**Greenspoon Marder LLP**
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 954.771.9264

1    States Trustee to Immediately Appoint a Chapter 7 Trustee; (3) the Debtor to File All

2    Schedules and Related Documentation for Chapter 7 Case Within Fourteen Days of the

3    Entry of This Order; and (4) Vacating February 16, 2021 Status Conference".  On

4    January 13, 2021, the Clerk of Court entered its "Order for Relief and Order to File

5    Schedules, Statements and List(s)".  On January 13, 2021, the Office of the United

6    States Trustee filed its "Notice of Appointment of Trustee and Fixing of Bond; Acceptance

7    of Appointment As Interim Trustee" pursuant to which, among other things, Elissa D.

8    Miller was appointed and accepted her appointment as chapter 7 trustee for the Debtor's

9    estate, and she continues to act in that capacity as well as the Successor-in-Interest

10   Trustee of the Girardi Keese Client Trust Account.

11           7.      Plaintiff brings this action solely in her capacity as chapter 7 trustee

12   for the Debtor's estate and its respective creditors and as Successor-in-Interest Trustee

13   of the Girardi Keese Client Trust Account.  To the extent that Plaintiff hereby asserts

14   claims under 11 U.S.C. § 544(b), Plaintiff is informed and believes, and on that basis

15   alleges thereon, that there exists in this case one or more creditors holding unsecured

16   claims allowable under 11 U.S.C. § 502, or that are not allowable only under 11 U.S.C. §

17   502(e) who could have avoided the respective transfers or obligations under California or

18   other applicable law before the Petition Date.

19           8.      Plaintiff was appointed as chapter 7 trustee after the Petition Date.

20   As a result, Plaintiff does not have personal knowledge of the facts alleged in this

21   Complaint that occurred prior to her appointment and, therefore, alleges all those facts on

22   information and belief.  Plaintiff reserves the right to amend this Complaint to allege

23   additional claims against defendants and to challenge and recover transfers made to or

24   for the benefit of defendants in addition to those transfers alleged in this Complaint.

25           9.      Plaintiff is informed and believes and, on that basis alleges thereon,

26   that defendant Christopher T. Aumais ("Aumais" or "Defendant") was a partner of Girardi

27   Keese and is an individual residing within the jurisdiction of the Court.  At all relevant

28   times, Aumais was the initial transferee of the transfers alleged herein or was the party

1  for whose benefit the transfers were made and/or an immediate or mediate transferee of

2  such initial transferee.

3        10.    During a time when Girardi Keese was in a precarious financial state,

4  and was not paying its creditors, Girardi Keese began a systematic process of draining

5  the available cash, often times consisting of stolen client trust funds, by, among other

6  things, making distributions to certain preferred creditors or third parties from funds of

7  Girardi Keese's estate.  During the seven-year period prior to the Petition Date, with the

8  assistance of various partners, employees, and family members, Thomas and Girardi

9  Keese conspired by purpose and design to abscond and secrete the assets of Girardi

10  Keese for the purpose of defrauding Girardi Keese's creditors.  In virtually each instance,

11  these transfers were made for less than reasonably equivalent value in return and during

12  a time in which Girardi Keese was insolvent or was rendered insolvent as a result of the

13  transfers, or when Girardi Keese was engaged or was about to engage in a business or a

14  transaction for which the remaining assets of Girardi Keese were unreasonably small in

15  relation to the business or transaction.  Often times, for instance, Girardi Keese used

16  funds that should have been segregated in IOLTA's (Interest on Lawyer's Trust

17  Accounts) meant to safeguard such client funds.  However, at all relevant times, Thomas

18  and Girardi Keese used Girardi Keese's operating and IOLTA accounts as if they were

19  common depositories of not only Girardi Keese client funds, but also the personal funds

20  of Thomas, his family members, and other third parties.  As a result of the commingling of

21  funds in Girardi Keese's general operating accounts, transfers from the IOLTA and

22  general operating accounts constitute transfers of funds in which Girardi Keese had an

23  interest.

24        11.    With respect to Aumais, during the seven-year period prior to the

25  Petition Date, Girardi Keese made approximately 258 payments to Aumais in the total

26  aggregate amount of $421,940 (the "Seven-Year Transfers"), consisting of, among other

27  things, (i) approximately 138 payments to Aumais in the total aggregate amount of

28  $45,660 during the four-year period prior to the Petition Date (the "Four-Year Transfers"),

Greenspoon Marder LLP
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 954.771.9264

and (ii) approximately 72 payments to Aumais in the total aggregate amount of $16,268 during the two-year period prior to the Petition Date (the "Two-Year Transfers" and together with the Seven-Year Transfers and the Four-Year Transfers, the "Fraudulent Transfers"). See Exhibit "A" attached hereto.

12.    With respect to the Fraudulent Transfers, these were on account of entertainment, club memberships, meals, travel, luxury goods, vehicles, and other non-business expenses that solely benefitted Aumais, his family members and friends, and had no relation to the operation of, and did not benefit, Girardi Keese.

13.    Another principal manner in which the fraud and conspiracy of Thomas and Girardi Keese was able to operate and flourish was by obtaining numerous credit cards, often times in the names of employees and non-employees, for personal use by Girardi Keese employees, Thomas, his friends, family, and associates. Far and away, the largest single credit card company used by Thomas and Girardi Keese was American Express ("AMEX"). The following credit card accounts (each, an "AMEX Account" or collectively, the "AMEX Accounts") were issued by AMEX to Thomas, Girardi Keese, and various Girardi Keese employees, including Aumais, as well as other third parties, including Erika Girardi aka Erika Jayne ("Erika"), Thomas's wife, and Thomas Zizzo, Jr., Erika's son from her first marriage:

| **Card Holder** | **Ending Account Number** |
| --- | --- |
| Amanda McClintock | 53123 |
| Amanda McClintock | 52125 |
| Andre Sherman | 52182 |
| Andre Sherman | 51184 |
| Christopher Aumais | 52141 |
| Christopher Kamon | 67025 |
| Christopher Kamon | 61002 |
| Christopher Kamon | 71017 |
| Christopher Kamon | 61044 |

Greenspoon Marder LLP
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 954.771.9264

**Greenspoon Marder LLP**
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 954.771.9264

| 1  | Christopher Kamon | 61051 |
| 2  | Christopher Kamon | 62034 |
| 3  | Christopher Kamon | 63016 |
| 4  | Christopher Kamon | 64014 |
| 5  | Christopher Kamon | 66019 |
| 6  | Christopher Kamon | 67017 |
| 7  | Christopher Kamon | 69013 |
| 8  | Christopher Kamon | 62025 |
| 9  | Christopher Kamon | 62026 |
| 10 | Christopher Kamon | 64022 |
| 11 | Christopher Kamon | 65029 |
| 12 | Christopher Kamon | 66027 |
| 13 | Christopher Kamon | 68023 |
| 14 | David Bigelow | 51176 |
| 15 | David Lira | 52034 |
| 16 | David Lira | 51036 |
| 17 | Erika Girardi | 65511 |
| 18 | Erika Girardi | 1021 |
| 19 | Erika Girardi | 62518 |
| 20 | Erika Girardi | 63516 |
| 21 | Erika Girardi | 64514 |
| 22 | Erika Girardi | 2029 |
| 23 | G&L Aviation | 71009 |
| 24 | Girardi Keese | 1002 |
| 25 | Girardi Keese | 61006 |
| 26 | Graham Lippsmith | 51150 |
| 27 | Howard Miller | 51069 |
| 28 | James O'Callahan | 53024 |

| | | |
|---|---|---|
| 1 | James O'Callahan | 52026 |
| 2 | John Courtney | 51168 |
| 3 | John Girardi | 85006 |
| 4 | John Girardi | 51010 |
| 5 | Keith Griffin | 53081 |
| 6 | Keith Griffin | 52083 |
| 7 | Kenny Ramirez | 51192 |
| 8 | Robert Finnerty | 53115 |
| 9 | Robert Finnerty | 51119 |
| 10 | Robert Finnerty | 52117 |
| 11 | Shirleen Fujimoto | 52059 |
| 12 | Thomas Girardi | 51002 |
| 13 | Thomas Girardi | 61009 |
| 14 | Thomas Girardi | 1005 |
| 15 | Thomas Girardi | 03027 |
| 16 | Thomas Girardi | 8000 |
| 17 | Thomas Girardi | 9008 |
| 18 | Thomas Girardi | 2753 |
| 19 | Thomas Girardi | 66006 |
| 20 | Thomas Girardi | 67004 |
| 21 | Thomas Girardi | 69000 |
| 22 | Thomas Girardi | 8103 |
| 23 | Thomas Girardi | 68002 |
| 24 | Thomas Girardi | 65008 |
| 25 | Thomas Girardi | 7002 |
| 26 | Thomas Layton | 51101 |
| 27 | Thomas Zizzo | 53099 |
| 28 | Thomas Zizzo | 52091 |

**Greenspoon Marder LLP**
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 954.771.9264

1    Viktors Rekte                              51135

2         14.     With respect to Aumais, during the seven-year period prior to the

3    Petition Date, Aumais made charges, or caused to be charged, on the Aumais AMEX

4    Account in the total aggregate amount of $1,706,219 (the "AMEX Seven-Year

5    Transfers"), consisting of, among other things, (i) charges on the Aumais AMEX Account

6    in the total aggregate amount of $1,031,233 during the four-year period prior to the

7    Petition Date (the "AMEX Four-Year Transfers"), and (ii) charges on the Aumais AMEX

8    Account in the total aggregate amount of $642,629 during the two-year period prior to the

9    Petition Date (the "AMEX Two-Year Transfers" and together with the AMEX Seven-Year

10   Transfers and the AMEX Four-Year Transfers, the "AMEX Fraudulent Transfers"). 

11   Girardi Keese made all of the payments to AMEX on account of the Aumais AMEX

12   Account and the AMEX Fraudulent Transfers during all time periods.  See Exhibit "B"

13   attached hereto.

14        15.     With respect to the AMEX Fraudulent Transfers, these were on

15   account of entertainment, club memberships, meals, travel, luxury goods, vehicles, and

16   other non-business purchases that solely benefitted Aumais, his family members and

17   friends, and had no relation to the operation of, and did not benefit, Girardi Keese.

18        16.     With respect to Aumais, during the ninety-day period prior to the

19   Petition Date, Girardi Keese made transfers of property in the form of approximately 10

20   payments to Aumais during the 90-day period prior to the Petition Date in the total

21   aggregate amount of $1,098.50 (collectively, the "Preferential Transfers").  See Exhibit

22   "A" attached hereto.

23   <u>**FIRST CLAIM FOR RELIEF**</u>

24   **(Avoidance and Recovery of Fraudulent Transfers Pursuant to 11 U.S.C. §§ 544(b)**

25   **and 550(a) and California Civil Code §§ 3439.04(a)(1), 3439.07, and 3439.09)**

26        17.     Plaintiff realleges and incorporates herein by reference each and

27   every allegation contained in paragraphs 1 through 16 as though set forth in full.

28

Greenspoon Marder LLP
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 954.771.9264

**Greenspoon Marder LLP**
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311  •  FAX 954.771.9264

18.      Plaintiff is informed and believes, and on that basis alleges thereon, that during the seven-year period preceding the Petition Date, Girardi Keese made the Seven-Year Transfers and the AMEX Seven-Year Transfers to or for the benefit of Aumais.

19.      Plaintiff is informed and believes, and on that basis alleges thereon, that the Seven-Year Transfers and the AMEX Seven-Year Transfers were made by Girardi Keese with actual intent to hinder, delay, or defraud any creditor of Girardi Keese.

20.      Plaintiff is informed and believes, and based thereon alleges, that, at all relevant times, the Seven-Year Transfers and the AMEX Seven-Year Transfers were voidable under California Civil Code §§ 3439.04(a)(1), 3439.07, and 3439.09 by one or more creditors who held and hold unsecured claims against Girardi Keese that were and are allowable against the estate under 11 U.S.C. § 502, or that were and are not allowable only under 11 U.S.C. § 502(e).  These creditors include, without limitation, those creditors who are listed in Girardi Keese's schedules as holding undisputed claims or who have filed proofs of claim against Girardi Keese's estate.

21.      Plaintiff is informed and believes, and on that basis alleges thereon, that, based on the foregoing, Plaintiff may avoid the Seven-Year Transfers and the AMEX Seven-Year Transfers and recover the equivalent value of said fraudulent transfers for the benefit of Girardi Keese's estate from Defendant pursuant to 11 U.S.C. §§ 544(b) and 550.

## SECOND CLAIM FOR RELIEF

**(Avoidance and Recovery of Fraudulent Transfers Pursuant to 11 U.S.C. §§ 544(b) and 550 and California Civil Code §§ 3439.04(a)(2) and 3439.07)**

22.      Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 16 as though set forth in full.

23.      Plaintiff is informed and believes, and on that basis alleges thereon, that Girardi Keese made the Four-Year Transfers and the AMEX Four-Year Transfers to or for the benefit of Aumais.

1    24.    Plaintiff is informed and believes, and on that basis alleges thereon,

2    that Girardi Keese made the Four-Year Transfers and the AMEX Four-Year Transfers (a)

3    without receiving a reasonably equivalent value in exchange for the transfers, and Girardi

4    Keese either (i) was engaged or was about to engage in a business or a transaction for

5    which the remaining assets of Girardi Keese were unreasonably small in relation to the

6    business or transaction, or (ii) intended to incur, or believed or reasonably should have

7    believed that it would incur, debts beyond its ability to pay as they became due.

8    25.    Plaintiff is informed and believes, and based thereon alleges, that, at

9    all relevant times, the Four-Year Transfers and the AMEX Four-Year Transfers were

10    voidable under California Civil Code §§ 3439.04(a)(2) and 3439.07 by one or more

11    creditors who held and hold unsecured claims against Girardi Keese that were and are

12    allowable under 11 U.S.C. § 502, or that were and are not allowable only under 11 U.S.C.

13    § 502(e).  These creditors include those creditors who are listed in Girardi Keese's

14    schedules as holding undisputed claims or who have filed proofs of claim against Girardi

15    Keese's estate.

16    26.    Plaintiff is informed and believes, and on that basis alleges thereon,

17    that, based on the foregoing, Plaintiff may avoid the Four-Year Transfers and the AMEX

18    Four-Year Transfers and recover the equivalent value of said fraudulent transfers for the

19    benefit of Girardi Keese's estate from Defendant pursuant to 11 U.S.C. §§ 544(b) and

20    550.

21    **<u>THIRD CLAIM FOR RELIEF</u>**

22    **(Avoidance and Recovery of Fraudulent Transfers Pursuant to**

23    **11 U.S.C. §§ 548(a)(1)(A) and 550)**

24    27.    Plaintiff realleges and incorporates herein by reference each and

25    every allegation contained in paragraphs 1 through 16 as though set forth in full.

26    28.    Plaintiff is informed and believes, and on that basis alleges thereon,

27    that during the two-year period preceding the Petition Date, Girardi Keese made the Two-

28    Year Transfers and the AMEX Two-Year Transfers to or for the benefit of Aumais.

**Greenspoon Marder LLP**
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 954.771.9264

**Greenspoon Marder LLP**
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311  •  FAX 954.771.9264

29.     Plaintiff is informed and believes, and on that basis alleges thereon, that the Two-Year Transfers and the AMEX Two-Year Transfers were made by Girardi Keese with actual intent to hinder, delay, or defraud any entity to which Girardi Keese was or became, on or after the date that such transfers were made or such obligations were incurred, indebted.

30.     Plaintiff is informed and believes, and based thereon alleges thereon that, at all relevant times, the Two-Year Transfers and the AMEX Two-Year Transfers were voidable under 11 U.S.C. § 544(b) by one or more creditors who held and hold unsecured claims against Girardi Keese that were and are allowable under 11 U.S.C. § 502, or that were and are not allowable only under 11 U.S.C. § 502(e).  These creditors include those creditors who are listed in Girardi Keese's schedules as holding undisputed claims or who have filed proofs of claim against Girardi Keese's estate.

31.     Plaintiff is informed and believes, and on that basis alleges thereon, that, based on the foregoing, Plaintiff may avoid the Two-Year Transfers and the AMEX Two-Year Transfers and recover the equivalent value of said fraudulent transfers for the benefit of Girardi Keese's estate from Defendant pursuant to 11 U.S.C. §§ 544(b) and 550.

<u>**FOURTH CLAIM FOR RELIEF**</u>

**(Avoidance and Recovery of Fraudulent Transfers Pursuant to**

**11 U.S.C. §§ 548(a)(1)(B) and 550)**

32.     Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 16 as though set forth in full.

33.     Plaintiff is informed and believes, and on that basis alleges thereon, that during the two-year period preceding the Petition Date, Girardi Keese made the Two-Year Transfers and the AMEX Two-Year Transfers to or for the benefit of Aumais.

34.     Plaintiff is informed and believes, and on that basis alleges thereon, that Girardi Keese received less than a reasonably equivalent value in exchange for the Two-Year Transfers and the AMEX Two-Year Transfers, and (a) Girardi Keese was

1   insolvent on the date that such transfers were made or became insolvent as a result of

2   such transfers, (b) Girardi Keese was engaged in business or a transaction, or was about

3   to engage in business or a transaction, for which any remaining property remaining with

4   Girardi Keese was an unreasonably small capital, or (c) Girardi Keese intended to incur,

5   or believed that it would incur, debts that would be beyond its ability to pay as such debts

6   matured.

7            35.    Plaintiff is informed and believes, and based thereon alleges thereon

8   that, at all relevant times, the Two-Year Transfers and the AMEX Two-Year Transfers

9   were voidable under 11 U.S.C. § 544(b) by one or more creditors who held and hold

10  unsecured claims against Girardi Keese that were and are allowable under 11 U.S.C. §

11  502, or that were and are not allowable only under 11 U.S.C. § 502(e).  These creditors

12  include those creditors who are listed in Girardi Keese's schedules as holding undisputed

13  claims or who have filed proofs of claim against Girardi Keese's estate.

14           36.    Plaintiff is informed and believes, and on that basis alleges thereon,

15  that, based on the foregoing, Plaintiff may avoid the Two-Year Transfers and the AMEX

16  Two-Year Transfers and recover the equivalent value of said fraudulent transfers for the

17  benefit of Girardi Keese's estate from Defendant pursuant to 11 U.S.C. §§ 544(b) and

18  550.

19                        **FIFTH CLAIM FOR RELIEF**

20            **(Avoidance and Recovery of Preferential Transfers Pursuant to**

21                        **11 U.S.C. §§ 547 and 550)**

22           37.    Plaintiff realleges and incorporates herein by reference each and

23  every allegation contained in paragraphs 1 through 16 as though set forth in full.

24           38.    Plaintiff is informed and believes, and on that basis alleges thereon,

25  that during the ninety days prior to the Petition Date, Girardi Keese did not have sufficient

26  funds to pay its debts as they became due and fell behind on its payments to creditors.

27

28

**Greenspoon Marder LLP**
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311  •  FAX 954.771.9264

**Greenspoon Marder LLP**
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 954.771.9264

39.    Plaintiff is informed and believes, and on that basis alleges thereon, that the Preferential Transfers were made to or for the benefit of Aumais within ninety days of the Petition Date.

40.    Plaintiff is informed and believes, and on that basis alleges thereon, that the Preferential Transfers satisfy the definition of "transfers" as that term is defined in 11 U.S.C. § 101(54).

41.    Plaintiff is informed and believes, and on that basis alleges thereon, that the Preferential Transfers were made to Aumais, for the benefit of Aumais, as a creditor of Girardi Keese at the time of the respective transfers, as the term "creditor" is defined by 11 U.S.C. § 101(10).

42.    Plaintiff is informed and believes, and on that basis alleges thereon, that the Preferential Transfers were transfers of interests of Girardi Keese in property.

43.    Plaintiff is informed and believes, and on that basis alleges thereon, that the Preferential Transfers were for or on account of antecedent debts owed by Girardi Keese to Aumais before the Preferential Transfers were made.

44.    Plaintiff is informed and believes, and on that basis alleges thereon, that the Preferential Transfers were made while Girardi Keese was insolvent.

45.    Plaintiff is informed and believes, and on that basis alleges thereon, that the Preferential Transfers enabled Aumais to receive more than Aumais would have received if (a) Girardi Keese's bankruptcy case was a case under chapter 7 of title 11 of the United States Code; (b) the Preferential Transfers had not been made; and (c) Aumais received payments of such debt to the extent provided by title 11 of the United States Code.

46.    Plaintiff is informed and believes, and on that basis alleges thereon, that interest on the Preferential Transfers has accrued and continues to accrue from the date the Preferential Transfers were made.

47.    Plaintiff is informed and believes, and on that basis alleges thereon, that, based on the foregoing, Plaintiff may avoid the Preferential Transfers and recover

1  the equivalent value of said preferential transfers for the benefit of Girardi Keese's estate

2  from Defendant pursuant to 11 U.S.C. §§ 547 and 550.

3  ### SIXTH CLAIM FOR RELIEF

4  **(Recovery of Avoided Transfers or the Value Thereof Pursuant to**

5  **11 U.S.C. § 550(a))**

6      48.    Plaintiff realleges and incorporates herein by reference each and

7  every allegation contained in paragraphs 1 through 16 as though set forth in full.

8      49.    Each of the Fraudulent Transfers, AMEX Fraudulent Transfers, and

9  Preferential Transfers are transfers of Girardi Keese's property that should be avoided

10 pursuant to California Civil Code §§ 3439.04(a)(1) and 3439.02(a)(2), 11 U.S.C. §§

11 548(a)(1)(A) and 548(a)(1)(B), and 11 U.S.C. § 547(b) and, based thereon, Plaintiff is

12 entitled to avoid the Fraudulent Transfers, AMEX Fraudulent Transfers, and Preferential

13 Transfers, and each of them.

14     50.    Aumais is the transferee (initial, immediate, mediate and/or

15 otherwise) of the Fraudulent Transfers, AMEX Fraudulent Transfers, and Preferential

16 Transfers and/or the entity or person for whose benefit the Fraudulent Transfers, AMEX

17 Fraudulent Transfers, and Preferential Transfers were made, within the meaning of 11

18 U.S.C. § 550(a).  Based thereon, Plaintiff is entitled to recover the Fraudulent Transfers,

19 AMEX Fraudulent Transfers, and Preferential Transfers, together with interest at the

20 applicable rate from the date of the Fraudulent Transfers, AMEX Fraudulent Transfers,

21 and Preferential Transfers, for the benefit of Girardi Keese's estate.

22 ### SEVENTH CLAIM FOR RELIEF

23 **(Preservation of Transfers Avoided Pursuant to 11 U.S.C. § 551)**

24     51.    Plaintiff realleges and incorporates herein by reference each and

25 every allegation contained in paragraphs 1 through 16 as though set forth in full.

26     52.    Pursuant to 11 U.S.C. § 551, the Fraudulent Transfers, AMEX

27 Fraudulent Transfers, and Preferential Transfers are preserved for the benefit of Girardi

28 Keese's estate as each of the Fraudulent Transfers, AMEX Fraudulent Transfers, and

Greenspoon Marder LLP
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311  •  FAX 954.771.9264

1    Preferential Transfers are avoidable under California Civil Code §§ 3439.04(a)(1) and

2    3439.02(a)(2), 11 U.S.C. §§ 548(a)(1)(A) and 548(a)(1)(B), 11 U.S.C. § 547(b), and 11

3    U.S.C. § 550 as set forth in this Complaint.

### EIGHTH CLAIM FOR RELIEF

### (For Disallowance of Claims Pursuant to 11 U.S.C. § 502(d))

6    53.    Plaintiff realleges and incorporates herein by reference each and

7    every allegation contained in paragraphs 1 through 16 as though set forth in full.

8    54.    Pursuant to 11 U.S.C. § 502(d), to the extent Aumais files, has filed,

9    or otherwise asserts a claim in Girardi Keese's case, as the term "claim" is defined by 11

10    U.S.C. § 101(10), Plaintiff requests that any such claim(s) be disallowed for Aumais'

11    failure to return or repay the Fraudulent Transfers, AMEX Fraudulent Transfers, and

12    Preferential Transfers, or the value thereof.

### RESERVATION OF RIGHTS

14    55.    Plaintiff reserves the right to amend this Complaint to include, among

15    other things, (i) further information regarding the Fraudulent Transfers, AMEX Fraudulent

16    Transfers, and Preferential Transfers, (ii) additional transfers, (iii) modifications of and

17    revisions to Defendant's name, (iv) additional defendants, and (v) additional claims for

18    relief, that may become known to Plaintiff at any time during this adversary proceeding

19    through formal discovery or otherwise, and for the amendments to relate back to this

20    Complaint.

21    56.    Plaintiff reserves the right to bring all other claims for relief that

22    Plaintiff may have against Defendant, on any and all grounds, as allowed under the law

23    or in equity.  Additionally, nothing contained in this Complaint shall be construed as a

24    waiver of Plaintiff's right to object to any proof of claim filed by Aumais.  Accordingly,

25    Plaintiff reserves the right to object, on any and all grounds, to any proof of claim filed by

26    Aumais.

27

28

**Greenspoon Marder LLP**
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 954.771.9264

1    **WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

2    <u>ON THE FIRST CLAIM FOR RELIEF</u>

3    1.    For a judgment and/or order that the Seven-Year Transfers and

4    AMEX Seven-Year Transfers are avoidable under 11 U.S.C. § 544 and California Civil

5    Code § 3439.04(a)(1), or providing any other appropriate remedy under California Civil

6    Code § 3439.07;

7    <u>ON THE SECOND CLAIM FOR RELIEF</u>

8    2.    For a judgment and/or order that the Four-Year Transfers and AMEX

9    Four-Year Transfers are avoidable under 11 U.S.C. § 544 and California Civil Code §

10    3439.04(a)(2), or providing any other appropriate remedy under California Civil Code §

11    3439.07;

12    <u>ON THE THIRD CLAIM FOR RELIEF</u>

13    3.    For a judgment and/or order that the Two-Year Transfers and AMEX

14    Two-Year Transfers are avoidable under 11 U.S.C. § 548(a)(1)(A);

15    <u>ON THE FOURTH CLAIM FOR RELIEF</u>

16    4.    For a judgment and/or order that the Two-Year Transfers and AMEX

17    Two-Year Transfers are avoidable under 11 U.S.C. § 548(a)(1)(B);

18    <u>ON THE FIFTH CLAIM FOR RELIEF</u>

19    5.    For a judgment and/or order that the Preferential Transfers are

20    avoidable under 11 U.S.C. § 547(b);

21    <u>ON THE SIXTH CLAIM FOR RELIEF</u>

22    6.    For a judgment and/or order that Plaintiff is entitled to recover the

23    Fraudulent Transfers, AMEX Fraudulent Transfers, and Preferential Transfers, or the

24    value thereof, from Defendant under 11 U.S.C. § 550;

25    <u>ON THE SEVENTH CLAIM FOR RELIEF</u>

26    7.    For a judgment and/or order that Plaintiff is entitled to preserve the

27    Fraudulent Transfers, AMEX Fraudulent Transfers, and Preferential Transfers avoided

28    under California Civil Code §§ 3439.04(a)(1) and 3439.04(a)(2), 11 U.S.C. §§

**Greenspoon Marder LLP**
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311  •  FAX 954.771.9264

548(a)(1)(A) and 548(a)(1)(B), and 11 U.S.C. § 547(b) for the benefit of Girardi Keese's

estate under 11 U.S.C. § 551;

### ON THE EIGHTH CLAIM FOR RELIEF

8.    For a judgment and/or order disallowing any claim(s) that Defendant

may assert or has asserted against Girardi Keese's estate under 11 U.S.C. § 502(d);

### ON ALL CLAIMS FOR RELIEF

9.    For interest in an amount authorized by law;

10.    For costs of suit incurred herein, including, without limitation,

attorneys' fees; and

11.    For such other and further relief as the Court deems just and proper.

DATED: January 9, 2023          **Greenspoon Marder LLP**


By: */s/ Daniel A. Lev*_____
      Daniel A. Lev
      Attorneys for Plaintiff, Elissa D. Miller, Chapter
      7 Trustee

**Greenspoon Marder LLP**
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 954.771.9264

DAL 52265352v1

# EXHIBIT A

EXHIBIT A

| Date | Check Number | Name | Receipts | Disbursements |
|------|-------------|------|----------|---------------|
| 10/27/20 | 11642 | CHRISTOPHER AUMAIS | $ | 14.99 |
| 10/27/20 | 11642 | CHRISTOPHER AUMAIS | | 10.50 |
| 10/27/20 | 11642 | CHRISTOPHER AUMAIS | | 34.00 |
| 10/27/20 | 11642 | CHRISTOPHER AUMAIS | | 220.00 |
| 10/27/20 | 11642 | CHRISTOPHER AUMAIS | | 5.00 |
| 10/27/20 | 11642 | CHRISTOPHER AUMAIS | | 10.50 |
| 10/27/20 | 11642 | CHRISTOPHER AUMAIS | | 10.50 |
| 10/27/20 | 11642 | CHRISTOPHER AUMAIS | | 34.00 |
| 10/27/20 | 11642 | CHRISTOPHER AUMAIS | | 332.80 |
| 10/27/20 | 11642 | CHRISTOPHER AUMAIS | | 426.21 |
| | | TOTALS - 90 DAY | - | 1,098.50 |
| | | | | |
| 08/25/20 | 11541 | CHRISTOPHER AUMAIS | | 38.00 |
| 08/25/20 | 11541 | CHRISTOPHER AUMAIS | | 1,013.52 |
| 05/21/20 | 10956 | CHRISTOPHER AUMAIS | | 12.50 |
| 05/21/20 | 10956 | CHRISTOPHER AUMAIS | | 12.50 |
| 05/21/20 | 10956 | CHRISTOPHER AUMAIS | | 39.85 |
| 05/21/20 | 10956 | CHRISTOPHER AUMAIS | | 46.49 |
| 05/21/20 | 10956 | CHRISTOPHER AUMAIS | | 50.71 |
| 05/21/20 | 10956 | CHRISTOPHER AUMAIS | | 65.80 |
| 05/21/20 | 10956 | CHRISTOPHER AUMAIS | | 210.55 |
| 05/21/20 | 10956 | CHRISTOPHER AUMAIS | | 6.00 |
| 05/21/20 | 10956 | CHRISTOPHER AUMAIS | | 16.00 |
| 05/21/20 | 10956 | CHRISTOPHER AUMAIS | | 18.60 |
| 05/21/20 | 10956 | CHRISTOPHER AUMAIS | | 51.50 |
| 05/21/20 | 10956 | CHRISTOPHER AUMAIS | | 61.80 |
| 05/21/20 | 10956 | CHRISTOPHER AUMAIS | | 36.05 |
| 05/21/20 | 10956 | CHRISTOPHER AUMAIS | | 37.90 |
| 05/21/20 | 10956 | CHRISTOPHER AUMAIS | | 78.41 |
| 05/21/20 | 10956 | CHRISTOPHER AUMAIS | | 99.15 |
| 05/21/20 | 10956 | CHRISTOPHER AUMAIS | | 62.04 |
| 05/21/20 | 10956 | CHRISTOPHER AUMAIS | | 62.09 |
| 05/21/20 | 10956 | CHRISTOPHER AUMAIS | | 106.08 |
| 05/21/20 | 10956 | CHRISTOPHER AUMAIS | | 113.08 |
| 05/21/20 | 10956 | CHRISTOPHER AUMAIS | | 121.36 |
| 05/21/20 | 10956 | CHRISTOPHER AUMAIS | | 140.17 |
| 05/21/20 | 10956 | CHRISTOPHER AUMAIS | | 145.01 |
| 05/21/20 | 10956 | CHRISTOPHER AUMAIS | | 146.15 |
| 05/21/20 | 10956 | CHRISTOPHER AUMAIS | | 177.40 |
| 05/21/20 | 10956 | CHRISTOPHER AUMAIS | | 201.87 |
| 05/21/20 | 10956 | CHRISTOPHER AUMAIS | | 203.67 |
| 05/21/20 | 10956 | CHRISTOPHER AUMAIS | | 251.49 |
| 05/21/20 | 10956 | CHRISTOPHER AUMAIS | | 3.00 |
| 05/21/20 | 10956 | CHRISTOPHER AUMAIS | | 3.00 |
| 05/21/20 | 10956 | CHRISTOPHER AUMAIS | | 3.00 |
| 05/21/20 | 10956 | CHRISTOPHER AUMAIS | | 3.00 |
| 05/21/20 | 10956 | CHRISTOPHER AUMAIS | | 3.00 |
| 05/21/20 | 10956 | CHRISTOPHER AUMAIS | | 8.60 |

EXHIBIT A

| Date | Check Number | Name | Receipts | Disbursements |
|------|-------------|------|----------|--------------|
| 05/21/20 | 10956 | CHRISTOPHER AUMAIS | | 10.10 |
| 05/21/20 | 10956 | CHRISTOPHER AUMAIS | | 10.17 |
| 05/21/20 | 10956 | CHRISTOPHER AUMAIS | | 11.20 |
| 05/21/20 | 10956 | CHRISTOPHER AUMAIS | | 14.40 |
| 05/21/20 | 10956 | CHRISTOPHER AUMAIS | | 14.60 |
| 05/21/20 | 10956 | CHRISTOPHER AUMAIS | | 20.50 |
| 05/21/20 | 10956 | CHRISTOPHER AUMAIS | | 21.42 |
| 05/21/20 | 10956 | CHRISTOPHER AUMAIS | | 25.26 |
| 05/21/20 | 10956 | CHRISTOPHER AUMAIS | | 35.25 |
| 05/21/20 | 10956 | CHRISTOPHER AUMAIS | | 35.72 |
| 05/21/20 | 10956 | CHRISTOPHER AUMAIS | | 37.61 |
| 05/21/20 | 10956 | CHRISTOPHER AUMAIS | | 52.87 |
| 03/16/20 | 10502 | CHRISTOPHER AUMAIS | | 12.50 |
| 03/16/20 | 10502 | CHRISTOPHER AUMAIS | | 12.50 |
| 03/16/20 | 10502 | CHRISTOPHER AUMAIS | | 17.75 |
| 03/16/20 | 10502 | CHRISTOPHER AUMAIS | | 18.00 |
| 03/16/20 | 10502 | CHRISTOPHER AUMAIS | | 68.76 |
| 03/16/20 | 10502 | CHRISTOPHER AUMAIS | | 136.98 |
| 03/16/20 | 10502 | CHRISTOPHER AUMAIS | | 165.40 |
| 03/16/20 | 10502 | CHRISTOPHER AUMAIS | | 206.55 |
| 03/16/20 | 10502 | CHRISTOPHER AUMAIS | | 489.26 |
| 03/16/20 | 10502 | CHRISTOPHER AUMAIS | | 560.99 |
| 03/16/20 | 10502 | CHRISTOPHER AUMAIS | | 714.71 |
| 03/16/20 | 10502 | CHRISTOPHER AUMAIS | | 1,328.02 |
| 02/12/20 | 10382 | CHRISTOPHER AUMAIS | | 2,500.00 |
| 01/06/20 | 10030 | CHRISTOPHER AUMAIS | | 5,000.00 |
| | | TOTALS - 2 YEAR (INCL. 90 DAY) | - | 16,268.36 |
| | | | | |
| 11/16/18 | 325691 | CHRISTOPHER AUMAIS | | 6.00 |
| 11/16/18 | 325691 | CHRISTOPHER AUMAIS | | 7.50 |
| 11/16/18 | 325691 | CHRISTOPHER AUMAIS | | 11.50 |
| 11/16/18 | 325691 | CHRISTOPHER AUMAIS | | 12.00 |
| 11/16/18 | 325691 | CHRISTOPHER AUMAIS | | 12.00 |
| 11/16/18 | 325691 | CHRISTOPHER AUMAIS | | 12.00 |
| 11/16/18 | 325691 | CHRISTOPHER AUMAIS | | 12.00 |
| 11/16/18 | 325691 | CHRISTOPHER AUMAIS | | 12.00 |
| 11/16/18 | 325691 | CHRISTOPHER AUMAIS | | 12.00 |
| 11/16/18 | 325691 | CHRISTOPHER AUMAIS | | 12.00 |
| 11/16/18 | 325691 | CHRISTOPHER AUMAIS | | 32.00 |
| 11/16/18 | 325691 | CHRISTOPHER AUMAIS | | 35.00 |
| 11/16/18 | 325691 | CHRISTOPHER AUMAIS | | 56.00 |
| 11/16/18 | 325691 | CHRISTOPHER AUMAIS | | 99.00 |
| 11/16/18 | 325691 | CHRISTOPHER AUMAIS | | 127.00 |
| 06/01/18 | 322658 | CHRISTOPHER AUMAIS | | 10,000.00 |
| 03/16/18 | 322235 | CHRISTOPHER AUMAIS | | 5,000.00 |
| 02/27/18 | 322078 | CHRISTOPHER AUMAIS | | 5,000.00 |
| 02/20/18 | 321983 | CHRISTOPHER AUMAIS | | 5,000.00 |
| 12/27/17 | 321235 | CHRISTOPHER AUMAIS | | 20.00 |

EXHIBIT A

| Date | Check Number | Name | Receipts | Disbursements |
|------|------|------|------|------|
| 12/27/17 | 321235 | CHRISTOPHER AUMAIS | | 60.00 |
| 12/27/17 | 321235 | CHRISTOPHER AUMAIS | | 5.00 |
| 12/27/17 | 321235 | CHRISTOPHER AUMAIS | | 6.00 |
| 12/27/17 | 321235 | CHRISTOPHER AUMAIS | | 7.00 |
| 12/27/17 | 321235 | CHRISTOPHER AUMAIS | | 8.00 |
| 12/27/17 | 321235 | CHRISTOPHER AUMAIS | | 9.00 |
| 12/27/17 | 321235 | CHRISTOPHER AUMAIS | | 11.50 |
| 12/27/17 | 321235 | CHRISTOPHER AUMAIS | | 12.00 |
| 12/27/17 | 321235 | CHRISTOPHER AUMAIS | | 12.50 |
| 12/27/17 | 321235 | CHRISTOPHER AUMAIS | | 12.50 |
| 12/27/17 | 321235 | CHRISTOPHER AUMAIS | | 13.50 |
| 12/27/17 | 321235 | CHRISTOPHER AUMAIS | | 14.00 |
| 12/27/17 | 321235 | CHRISTOPHER AUMAIS | | 16.00 |
| 12/27/17 | 321235 | CHRISTOPHER AUMAIS | | 16.00 |
| 12/27/17 | 321235 | CHRISTOPHER AUMAIS | | 16.00 |
| 12/27/17 | 321235 | CHRISTOPHER AUMAIS | | 16.00 |
| 12/27/17 | 321235 | CHRISTOPHER AUMAIS | | 16.00 |
| 12/27/17 | 321235 | CHRISTOPHER AUMAIS | | 17.00 |
| 12/27/17 | 321235 | CHRISTOPHER AUMAIS | | 22.50 |
| 12/27/17 | 321235 | CHRISTOPHER AUMAIS | | 30.00 |
| 12/27/17 | 321235 | CHRISTOPHER AUMAIS | | 32.00 |
| 12/27/17 | 321235 | CHRISTOPHER AUMAIS | | 34.00 |
| 12/27/17 | 321235 | CHRISTOPHER AUMAIS | | 35.00 |
| 12/27/17 | 321235 | CHRISTOPHER AUMAIS | | 35.00 |
| 12/27/17 | 321235 | CHRISTOPHER AUMAIS | | 38.50 |
| 12/27/17 | 321235 | CHRISTOPHER AUMAIS | | 56.00 |
| 12/27/17 | 321235 | CHRISTOPHER AUMAIS | | 64.00 |
| 12/27/17 | 321235 | CHRISTOPHER AUMAIS | | 99.00 |
| 12/27/17 | 321235 | CHRISTOPHER AUMAIS | | 127.00 |
| 12/27/17 | 321235 | CHRISTOPHER AUMAIS | | 140.00 |
| 12/27/17 | 321235 | CHRISTOPHER AUMAIS | | 225.00 |
| 12/27/17 | 321235 | CHRISTOPHER AUMAIS | | 2.50 |
| 12/27/17 | 321235 | CHRISTOPHER AUMAIS | | 12.00 |
| 12/27/17 | 321235 | CHRISTOPHER AUMAIS | | 12.00 |
| 12/27/17 | 321235 | CHRISTOPHER AUMAIS | | 12.00 |
| 12/27/17 | 321235 | CHRISTOPHER AUMAIS | | 15.00 |
| 12/27/17 | 321235 | CHRISTOPHER AUMAIS | | 17.00 |
| 12/27/17 | 321235 | CHRISTOPHER AUMAIS | | 46.00 |
| 12/27/17 | 321235 | CHRISTOPHER AUMAIS | | 46.00 |
| 12/27/17 | 321235 | CHRISTOPHER AUMAIS | | 13.20 |
| 12/27/17 | 321235 | CHRISTOPHER AUMAIS | | 25.74 |
| 12/27/17 | 321235 | CHRISTOPHER AUMAIS | | 127.82 |
| 12/27/17 | 321235 | CHRISTOPHER AUMAIS | | 176.61 |
| 12/27/17 | 321235 | CHRISTOPHER AUMAIS | | 111.66 |
| 12/27/17 | 321235 | CHRISTOPHER AUMAIS | | 90.00 |
| 01/10/17 | 316156 | CHRISTOPHER AUMAIS | | 2,000.00 |
| | | TOTALS - 4 YEAR (INCL. 90 DAY & 2 YEAR ) | - | 45,659.89 |

EXHIBIT A

| Date | Check Number | Name | Receipts | Disbursements |
|---|---|---|---|---|
| 11/14/16 | 315214 | CHRISTOPHER AUMAIS | | 7,500.00 |
| 11/04/16 | 315106 | CHRISTOPHER AUMAIS | | 7,500.00 |
| 08/16/16 | 313769 | CHRISTOPHER AUMAIS | | 5.00 |
| 08/16/16 | 313769 | CHRISTOPHER AUMAIS | | 10.00 |
| 08/16/16 | 313769 | CHRISTOPHER AUMAIS | | 15.00 |
| 08/16/16 | 313769 | CHRISTOPHER AUMAIS | | 15.00 |
| 08/16/16 | 313769 | CHRISTOPHER AUMAIS | | 22.50 |
| 08/16/16 | 313769 | CHRISTOPHER AUMAIS | | 30.00 |
| 08/16/16 | 313769 | CHRISTOPHER AUMAIS | | 50.00 |
| 08/16/16 | 313769 | CHRISTOPHER AUMAIS | | 50.00 |
| 08/16/16 | 313769 | CHRISTOPHER AUMAIS | | 50.00 |
| 08/16/16 | 313769 | CHRISTOPHER AUMAIS | | 63.00 |
| 08/16/16 | 313769 | CHRISTOPHER AUMAIS | | 70.00 |
| 08/16/16 | 313769 | CHRISTOPHER AUMAIS | | 127.00 |
| 08/16/16 | 313769 | CHRISTOPHER AUMAIS | | 157.50 |
| 08/16/16 | 313769 | CHRISTOPHER AUMAIS | | 100.94 |
| 08/16/16 | 313769 | CHRISTOPHER AUMAIS | | 403.29 |
| 05/23/16 | 312267 | CHRISTOPHER AUMAIS | | 5.00 |
| 05/23/16 | 312267 | CHRISTOPHER AUMAIS | | 6.00 |
| 05/23/16 | 312267 | CHRISTOPHER AUMAIS | | 7.50 |
| 05/23/16 | 312267 | CHRISTOPHER AUMAIS | | 7.50 |
| 05/23/16 | 312267 | CHRISTOPHER AUMAIS | | 7.50 |
| 05/23/16 | 312267 | CHRISTOPHER AUMAIS | | 7.50 |
| 05/23/16 | 312267 | CHRISTOPHER AUMAIS | | 18.00 |
| 05/23/16 | 312267 | CHRISTOPHER AUMAIS | | 20.00 |
| 05/23/16 | 312267 | CHRISTOPHER AUMAIS | | 22.00 |
| 05/23/16 | 312267 | CHRISTOPHER AUMAIS | | 25.00 |
| 05/23/16 | 312267 | CHRISTOPHER AUMAIS | | 50.00 |
| 05/23/16 | 312267 | CHRISTOPHER AUMAIS | | 50.00 |
| 05/23/16 | 312267 | CHRISTOPHER AUMAIS | | 82.00 |
| 05/23/16 | 312267 | CHRISTOPHER AUMAIS | | 82.00 |
| 05/23/16 | 312267 | CHRISTOPHER AUMAIS | | 82.00 |
| 05/23/16 | 312267 | CHRISTOPHER AUMAIS | | 82.00 |
| 05/23/16 | 312267 | CHRISTOPHER AUMAIS | | 82.00 |
| 05/23/16 | 312267 | CHRISTOPHER AUMAIS | | 82.00 |
| 05/23/16 | 312267 | CHRISTOPHER AUMAIS | | 82.00 |
| 05/23/16 | 312267 | CHRISTOPHER AUMAIS | | 55.00 |
| 05/23/16 | 312267 | CHRISTOPHER AUMAIS | | 344.87 |
| 02/02/16 | 310082 | CHRISTOPHER AUMAIS | | 7.50 |
| 02/02/16 | 310082 | CHRISTOPHER AUMAIS | | 8.00 |
| 02/02/16 | 310082 | CHRISTOPHER AUMAIS | | 8.00 |
| 02/02/16 | 310082 | CHRISTOPHER AUMAIS | | 10.30 |
| 02/02/16 | 310082 | CHRISTOPHER AUMAIS | | 12.00 |
| 02/02/16 | 310082 | CHRISTOPHER AUMAIS | | 12.00 |
| 02/02/16 | 310082 | CHRISTOPHER AUMAIS | | 12.00 |
| 02/02/16 | 310082 | CHRISTOPHER AUMAIS | | 18.75 |
| 02/02/16 | 310082 | CHRISTOPHER AUMAIS | | 20.00 |
| 02/02/16 | 310082 | CHRISTOPHER AUMAIS | | 29.00 |
| 02/02/16 | 310082 | CHRISTOPHER AUMAIS | | 32.00 |

EXHIBIT A

| Date | Check Number | Name | Receipts | Disbursements |
|---|---|---|---|---|
| 02/02/16 | 310082 | CHRISTOPHER AUMAIS | | 64.00 |
| 02/02/16 | 310082 | CHRISTOPHER AUMAIS | | 82.00 |
| 02/02/16 | 310082 | CHRISTOPHER AUMAIS | | 140.00 |
| 02/02/16 | 310082 | CHRISTOPHER AUMAIS | | 2,068.99 |
| 02/02/16 | 310082 | CHRISTOPHER AUMAIS | | 687.26 |
| 11/17/15 | 309314 | CHRISTOPHER AUMAIS | | 35,000.00 |
| 04/15/15 | 307240 | CHRISTOPHER AUMAIS | | 7.50 |
| 04/15/15 | 307240 | CHRISTOPHER AUMAIS | | 10.00 |
| 04/15/15 | 307240 | CHRISTOPHER AUMAIS | | 12.50 |
| 04/15/15 | 307240 | CHRISTOPHER AUMAIS | | 16.00 |
| 04/15/15 | 307240 | CHRISTOPHER AUMAIS | | 16.00 |
| 04/15/15 | 307240 | CHRISTOPHER AUMAIS | | 17.50 |
| 04/15/15 | 307240 | CHRISTOPHER AUMAIS | | 18.00 |
| 04/15/15 | 307240 | CHRISTOPHER AUMAIS | | 18.00 |
| 04/15/15 | 307240 | CHRISTOPHER AUMAIS | | 20.00 |
| 04/15/15 | 307240 | CHRISTOPHER AUMAIS | | 25.00 |
| 04/15/15 | 307240 | CHRISTOPHER AUMAIS | | 37.50 |
| 04/15/15 | 307240 | CHRISTOPHER AUMAIS | | 40.00 |
| 04/15/15 | 307240 | CHRISTOPHER AUMAIS | | 77.50 |
| 04/15/15 | 307240 | CHRISTOPHER AUMAIS | | 130.00 |
| 04/15/15 | 307240 | CHRISTOPHER AUMAIS | | 18.00 |
| 04/15/15 | 307240 | CHRISTOPHER AUMAIS | | 169.00 |
| 04/15/15 | 307240 | CHRISTOPHER AUMAIS | | 72.70 |
| 04/15/15 | 307240 | CHRISTOPHER AUMAIS | | 81.94 |
| 04/15/15 | 307240 | CHRISTOPHER AUMAIS | | 108.50 |
| 04/15/15 | 307240 | CHRISTOPHER AUMAIS | | 111.79 |
| 04/15/15 | 307240 | CHRISTOPHER AUMAIS | | 112.65 |
| 04/15/15 | 307240 | CHRISTOPHER AUMAIS | | 141.92 |
| 04/15/15 | 307240 | CHRISTOPHER AUMAIS | | 167.95 |
| 04/15/15 | 307240 | CHRISTOPHER AUMAIS | | 225.38 |
| 04/15/15 | 307240 | CHRISTOPHER AUMAIS | | 253.21 |
| 04/15/15 | 307240 | CHRISTOPHER AUMAIS | | 292.56 |
| 04/15/15 | 307240 | CHRISTOPHER AUMAIS | | 616.52 |
| 04/15/15 | 307240 | CHRISTOPHER AUMAIS | | 784.55 |
| 04/15/15 | 307240 | CHRISTOPHER AUMAIS | | 75.00 |
| 12/19/14 | 304058 | CHRISTOPHER AUMAIS | | 10,000.00 |
| 12/12/14 | 304708 | CHRISTOPHER AUMAIS | | 1,000.00 |
| 10/22/14 | 106749 | CHRISTOPHER AUMAIS | | 250,000.00 |
| 10/02/14 | 303694 | CHRISTOPHER AUMAIS | | 25,000.00 |
| 09/30/14 | 303674 | CHRISTOPHER AUMAIS | | 2.00 |
| 09/30/14 | 303674 | CHRISTOPHER AUMAIS | | 10.00 |
| 09/30/14 | 303674 | CHRISTOPHER AUMAIS | | 10.00 |
| 09/30/14 | 303674 | CHRISTOPHER AUMAIS | | 10.00 |
| 09/30/14 | 303674 | CHRISTOPHER AUMAIS | | 16.00 |
| 09/30/14 | 303674 | CHRISTOPHER AUMAIS | | 16.00 |
| 09/30/14 | 303674 | CHRISTOPHER AUMAIS | | 28.00 |
| 09/30/14 | 303674 | CHRISTOPHER AUMAIS | | 32.00 |
| 09/30/14 | 303674 | CHRISTOPHER AUMAIS | | 87.50 |
| 09/30/14 | 303674 | CHRISTOPHER AUMAIS | | 3,802.38 |

EXHIBIT A

| Date | Check Number | Name | Receipts | Disbursements |
|------|--------------|------|----------|---------------|
| 05/27/14 | 301441 | CHRISTOPHER AUMAIS | | 25,000.00 |
| 03/31/14 | 300246 | CHRISTOPHER AUMAIS | 629.40 | |
| 03/31/14 | 300246 | CHRISTOPHER AUMAIS | | 5.00 |
| 03/31/14 | 300246 | CHRISTOPHER AUMAIS | | 5.00 |
| 03/31/14 | 300246 | CHRISTOPHER AUMAIS | | 5.00 |
| 03/31/14 | 300246 | CHRISTOPHER AUMAIS | | 5.00 |
| 03/31/14 | 300246 | CHRISTOPHER AUMAIS | | 5.00 |
| 03/31/14 | 300246 | CHRISTOPHER AUMAIS | | 5.00 |
| 03/31/14 | 300246 | CHRISTOPHER AUMAIS | | 6.50 |
| 03/31/14 | 300246 | CHRISTOPHER AUMAIS | | 7.50 |
| 03/31/14 | 300246 | CHRISTOPHER AUMAIS | | 12.50 |
| 03/31/14 | 300246 | CHRISTOPHER AUMAIS | | 12.50 |
| 03/31/14 | 300246 | CHRISTOPHER AUMAIS | | 18.00 |
| 03/31/14 | 300246 | CHRISTOPHER AUMAIS | | 18.00 |
| 03/31/14 | 300246 | CHRISTOPHER AUMAIS | | 18.00 |
| 03/31/14 | 300246 | CHRISTOPHER AUMAIS | | 18.00 |
| 03/31/14 | 300246 | CHRISTOPHER AUMAIS | | 20.00 |
| 03/31/14 | 300246 | CHRISTOPHER AUMAIS | | 20.00 |
| 03/31/14 | 300246 | CHRISTOPHER AUMAIS | | 37.50 |
| 03/31/14 | 300246 | CHRISTOPHER AUMAIS | | 77.50 |
| 03/31/14 | 300246 | CHRISTOPHER AUMAIS | | 57.95 |
| 03/31/14 | 300246 | CHRISTOPHER AUMAIS | | 1,654.09 |
| | | TOTALS - 7 YEAR (INCL. 90 DAY, 2 & 4 YEAR) | $    629.40 | $    421,939.88 |

**EXHIBIT B**

Exhibit B

| Cardholder Name | 2 Year | | 4 Year | | 7 Year | |
|---|---|---|---|---|---|---|
| | Sum of Credits | Sum of Debits | Sum of Credits | Sum of Debits | Sum of Credits | Sum of Debits |
| Christopher T Aumais | $ 3,694.25 | $ (646,323.56) | $ 16,294.90 | $ (1,047,527.83) | $ 20,748.35 | $ (1,726,967.09) |
| Net Debits | | $ (642,629.31) | | $ (1,031,232.93) | | $ (1,706,218.74) |

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS<br>Elissa D. Miller, solely in her capacity as Chapter 7 Trustee | DEFENDANTS<br>Christopher T. Aumais, an individual |
|---|---|
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Daniel A. Lev (CA Bar No. 129622)<br>   daniel.lev@gmlaw.com<br>**GREENSPOON MARDER LLP**<br>333 South Grand Avenue, Suite 3400<br>Los Angeles, California 90071-1406<br>Telephone: 213.626.2311<br>Facsimile: 954.771.9264 | **ATTORNEYS** (If Known) |

| PARTY (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☐ Other<br>☒ Trustee | PARTY (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☒ Other<br>☐ Trustee |
|---|---|

CAUSE OF ACTION (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Complaint to Avoid and Recover Preferential Transfers and Fraudulent Conveyances (11 U.S.C. §§ 547 and 548)

**NATURE OF SUIT**

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

| | |
|---|---|
| **FRBP 7001( 1) – Recovery of Money/Property**<br>☐ 11-Recovery of money/property - §542 turnover of property<br>☒ 12-Recovery of money/property - §547 preference<br>☒ 13-Recovery of money/property - §548 fraudulent transfer<br>☐ 14-Recovery of money/property - other | **FRBP 7001(6) – Dischargeability (continued)**<br>☐ 61 -Dischargeability- §523(a)(5 ), domestic support<br>☐ 68-Dischargeability - §523(a)(6), willful and malicious injury<br>☐ 63-Dischargeability - §523(a)(8), student loan<br>☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation<br>   (other than domestic support) |
| **FRBP 7001 (2) – Validity, Priority or Extent of Lien**<br>☐ 21-Validity, priority or extent of lien or other interest in property | ☐ 6 5 -Dischargeability - other |
| **FRBP 7001( 3) – Approval of Sale of Property**<br>☐ 31-Approval of sale of property of estate and of a co-owner - §363(h) | **FRBP 7001(7) – Injunctive Relief**<br>☐ 71 -Injunctive relief- imposition of stay<br>☐ 72-Injunctive relief - other |
| **FRBP 7001(4 ) – Objection/ Revocation of Discharge**<br>☐ 41-Objection/re vocation of discharge - §727(c),(d),(e) | **FRBP 7001(8) Subordination of Claim or Interest**<br>☐ 81 -Subordination of claim or interest |
| **FRBP 7001(5) – Revocation of Confirmation**<br>☐ 51-Revocation of confirmation | **FRBP 7001(9) Declaratory Judgment**<br>☐ 91 -Declaratory judgment |
| **FRBP 7001(6) – Dischargeability**<br>☐ 6 6 -Dischargeability - §523(a)(1),(14),(14A) priority tax claims<br>☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation,<br>   actual fraud<br>☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny | **FRBP 7001(10) Deter mi nation of Removed Act ion**<br>☐ 01 -Determination of removed claim or cause<br><br>**Other**<br>☐ SS-SIPA Case - 15 U.S.C. §§78aaa *et.seq.*<br>☐ 02-Other (e.g. other actions that would have been brought in state court<br>   if unrelated to bankruptcy case) |
| **(continued next column)** | |

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | ☒ Demand: $2,128,159 (approx.) |

Other Relief Sought
For interest and costs of suit.

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>GIRARDI KEESE | BANKRUPTCY CASE NO.<br>2:20-bk-21022-BR | |
| DISTRICT IN WHICH CASE IS PENDING<br>Central | DIVISION OFFICE<br>Los Angeles | NAME OF JUDGE<br>Barry Russell |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY<br>PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>/s/ *Daniel A. Lev* | | |
| DATE<br><br>January 9, 2023 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br><br>Daniel A. Lev | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.