

1 ATKINSON, ANDELSON, LOYA, RUUD & ROMO
A Professional Law Corporation
2 Damian J. Martinez          State Bar No. 200159
   Damian.Martinez@aalrr.com
3 20 Pacifica, Suite 1100
Irvine, California 92618-3371
4 20 Pacifica, Suite 1100
Irvine, California 92618-3371
5 Telephone:  (949) 453-4260
Fax:  (949) 453-4262
6
Attorneys for Defendant Christopher Kamon
7

8 UNITED STATES BANKRUPTCY COURT

9 CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

| | |
|---|---|
| In re: | Case No.   2:20-bk-21-22-BR |
| GIRARDI KEESE | CHAPTER 7 |
| Debtor. | **ANSWER TO COMPLAINT** |
| ELISSA D. MILLER, solely in her capacity as chapter 7 Trustee, | |
| Plaintiff, | |
| v. | |
| CHRISTOPHER KAMON, an individual, | |
| Defendant. | |

Defendant CRISTOPHER KAMON ("Kamon" or "Defendant"), by and through tis undersigned counsel, hereby provides its Answer and Defenses to Plaintiff ELISSA D. MILLER's ("Plaintiff") Complaint for (1) Avoidance and Recovery of Fraudulent Transfers, (2) Avoidance Recovery of Preferential Transfers, (3) Preservation of Fraudulent and Preferential Transfers, and (4) Disallowance of Claims (the "Complaint") and states the following:  In providing this unsworn Answer through his undersigned counsel, Defendant does not intend to, and does not, waive any privileges in this or any other proceedings, including but not limited to the privilege against self-incrimination guaranteed to him by the Fifth Amendment to the United States Constitution, Article I Section 15 of the California Constitution, Article I Section 10 of the Illinois Constitution, and

California Evidence Code section 940.  Defendant reserves the right to assert any such applicable privileges in this or other proceedings.  Defendant is presently facing criminal prosecution in *United States v. Christopher Kamon*, U.S. District Court, C.D. California, Case No. 2:23-cr-00024, *United States v. Thomas Vincent Girardi, et al.*, U.S. District Court, C.D. California, Case No. 2:23-cr-00047, and *United States v. Thomas Girardi, et. al.*, U.S. District Court, N.D. Illinois, Case No. 1:23-cr-00054.

**STATEMENT OF JURISDICTION, NATURE OF PROCEEDING, AND VENUE**

1.	In response to Paragraph 1 of the Complaint, Defendant denies that this Court has jurisdiction over this action. Defendant does not give consent to the entry of a final order and judgment by the Bankruptcy Court.

2.	In response to Paragraph 2 of the Complaint, Defendant denies that this Court has jurisdiction over this action.

**RELEVANT BACKGROUND, PARTIES, AND ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF**

3.	In response to Paragraph 3 of the Complaint, Defendant asserts his privilege against self-incrimination that is guaranteed by the Fifth Amendment of the United States Constitution, Article I Section 15 of the California Constitution, Article I Section 10 of the Illinois Constitution, and California Evidence Code section 940.  On that basis, Defendant declines to respond to each and every allegation therein.  Moreover, Defendant's right to assert and assertion of his privilege against self-incrimination shall not be deemed or considered an admission of any allegation therein.

4.	In response to Paragraph 4 of the Complaint, Defendant asserts his privilege against self-incrimination that is guaranteed by the Fifth Amendment of the United States Constitution, Article I Section 15 of the California Constitution, Article I Section 10 of the Illinois Constitution, and California Evidence Code section 940.  On that basis, Defendant declines to respond to each and every allegation therein.  Moreover, Defendant's right to assert and assertion of his privilege against self-incrimination shall not be deemed or considered an admission of any allegation therein.

5. In response to Paragraph 5 of the Complaint, Defendant asserts his privilege against self-incrimination that is guaranteed by the Fifth Amendment of the United States Constitution, Article I Section 15 of the California Constitution, Article I Section 10 of the Illinois Constitution, and California Evidence Code section 940. On that basis, Defendant declines to respond to each and every allegation therein. Moreover, Defendant's right to assert and assertion of his privilege against self-incrimination shall not be deemed or considered an admission of any allegation therein. Defendant is without sufficient knowledge or information to form a belief as to the truth of the procedural matters stated herein, and on that basis, denies each and every allegation herein.

6. In response to Paragraph 6 of the Complaint, Defendant asserts his privilege against self-incrimination that is guaranteed by the Fifth Amendment of the United States Constitution, Article I Section 15 of the California Constitution, Article I Section 10 of the Illinois Constitution, and California Evidence Code section 940. On that basis, Defendant declines to respond to each and every allegation therein. Moreover, Defendant's right to assert and assertion of his privilege against self-incrimination shall not be deemed or considered an admission of any allegation therein. Defendant is without sufficient knowledge or information to form a belief as to the truth of the procedural matters stated herein, and on that basis, denies each and every allegation herein.

7. In response to Paragraph 7 of the Complaint, Defendant asserts his privilege against self-incrimination that is guaranteed by the Fifth Amendment of the United States Constitution, Article I Section 15 of the California Constitution, Article I Section 10 of the Illinois Constitution, and California Evidence Code section 940. On that basis, Defendant declines to respond to each and every allegation therein. Moreover, Defendant's right to assert and assertion of his privilege against self-incrimination shall not be deemed or considered an admission of any allegation therein. Defendant is without sufficient knowledge or information to form a belief as to the truth of the procedural matters stated herein, and on that basis, denies each and every allegation herein.

8. In response to Paragraph 8 of the Complaint, Defendant asserts his privilege against self-incrimination that is guaranteed by the Fifth Amendment of the United States Constitution, Article I Section 15 of the California Constitution, Article I Section 10 of the Illinois Constitution, and California Evidence Code section 940. On that basis, Defendant declines to respond to each

and every allegation therein. Moreover, Defendant's right to assert and assertion of his privilege against self-incrimination shall not be deemed or considered an admission of any allegation therein. Defendant is without sufficient knowledge or information to form a belief as to the truth of the procedural matters stated herein, and on that basis, denies each and every allegation herein.

9. In response to Paragraph 9 of the Complaint, Defendant asserts his privilege against self-incrimination that is guaranteed by the Fifth Amendment of the United States Constitution, Article I Section 15 of the California Constitution, Article I Section 10 of the Illinois Constitution, and California Evidence Code section 940. On that basis, Defendant declines to respond to each and every allegation therein. Moreover, Defendant's right to assert and assertion of his privilege against self-incrimination shall not be deemed or considered an admission of any allegation therein.

10. In response to Paragraph 10 of the Complaint, Defendant asserts his privilege against self-incrimination that is guaranteed by the Fifth Amendment of the United States Constitution, Article I Section 15 of the California Constitution, Article I Section 10 of the Illinois Constitution, and California Evidence Code section 940. On that basis, Defendant declines to respond to each and every allegation therein. Moreover, Defendant's right to assert and assertion of his privilege against self-incrimination shall not be deemed or considered an admission of any allegation therein.

11. In response to Paragraph 11 of the Complaint, Defendant asserts his privilege against self-incrimination that is guaranteed by the Fifth Amendment of the United States Constitution, Article I Section 15 of the California Constitution, Article I Section 10 of the Illinois Constitution, and California Evidence Code section 940. On that basis, Defendant declines to respond to each and every allegation therein. Moreover, Defendant's right to assert and assertion of his privilege against self-incrimination shall not be deemed or considered an admission of any allegation therein.

12. In response to Paragraph 12 of the Complaint, Defendant asserts his privilege against self-incrimination that is guaranteed by the Fifth Amendment of the United States Constitution, Article I Section 15 of the California Constitution, Article I Section 10 of the Illinois

Constitution, and California Evidence Code section 940. On that basis, Defendant declines to respond to each and every allegation therein. Moreover, Defendant's right to assert and assertion of his privilege against self-incrimination shall not be deemed or considered an admission of any allegation therein.

13. In response to Paragraph 13 of the Complaint, Defendant asserts his privilege against self-incrimination that is guaranteed by the Fifth Amendment of the United States Constitution, Article I Section 15 of the California Constitution, Article I Section 10 of the Illinois Constitution, and California Evidence Code section 940. On that basis, Defendant declines to respond to each and every allegation therein. Moreover, Defendant's right to assert and assertion of his privilege against self-incrimination shall not be deemed or considered an admission of any allegation therein.

14. In response to Paragraph 14 of the Complaint, Defendant asserts his privilege against self-incrimination that is guaranteed by the Fifth Amendment of the United States Constitution, Article I Section 15 of the California Constitution, Article I Section 10 of the Illinois Constitution, and California Evidence Code section 940. On that basis, Defendant declines to respond to each and every allegation therein. Moreover, Defendant's right to assert and assertion of his privilege against self-incrimination shall not be deemed or considered an admission of any allegation therein.

15. In response to Paragraph 15 of the Complaint, Defendant asserts his privilege against self-incrimination that is guaranteed by the Fifth Amendment of the United States Constitution, Article I Section 15 of the California Constitution, Article I Section 10 of the Illinois Constitution, and California Evidence Code section 940. On that basis, Defendant declines to respond to each and every allegation therein. Moreover, Defendant's right to assert and assertion of his privilege against self-incrimination shall not be deemed or considered an admission of any allegation therein.

16. In response to Paragraph 16 of the Complaint, Defendant asserts his privilege against self-incrimination that is guaranteed by the Fifth Amendment of the United States Constitution, Article I Section 15 of the California Constitution, Article I Section 10 of the Illinois

Constitution, and California Evidence Code section 940. On that basis, Defendant declines to respond to each and every allegation therein. Moreover, Defendant's right to assert and assertion of his privilege against self-incrimination shall not be deemed or considered an admission of any allegation therein.

## FIRST CLAIM FOR RELIEF

**(Avoidance and Recovery of Fraudulent Transfers Pursuant to 11 U.S.C. §§ 544(b) and 550(a) and California Civil Code §§ 3439.04(a)(1), 3439.07, and 3439.09)**

17. Defendant refers to and herein incorporates by this reference each and every preceding paragraph as though fully set forth herein.

18. In response to Paragraph 18 of the Complaint, Defendant asserts his privilege against self-incrimination that is guaranteed by the Fifth Amendment of the United States Constitution, Article I Section 15 of the California Constitution, Article I Section 10 of the Illinois Constitution, and California Evidence Code section 940. On that basis, Defendant declines to respond to each and every allegation therein. Moreover, Defendant's right to assert and assertion of his privilege against self-incrimination shall not be deemed or considered an admission of any allegation therein.

19. In response to Paragraph 19 of the Complaint, Defendant asserts his privilege against self-incrimination that is guaranteed by the Fifth Amendment of the United States Constitution, Article I Section 15 of the California Constitution, Article I Section 10 of the Illinois Constitution, and California Evidence Code section 940. On that basis, Defendant declines to respond to each and every allegation therein. Moreover, Defendant's right to assert and assertion of his privilege against self-incrimination shall not be deemed or considered an admission of any allegation therein.

20. In response to Paragraph 20 of the Complaint, Defendant asserts his privilege against self-incrimination that is guaranteed by the Fifth Amendment of the United States Constitution, Article I Section 15 of the California Constitution, Article I Section 10 of the Illinois Constitution, and California Evidence Code section 940. On that basis, Defendant declines to respond to each and every allegation therein. Moreover, Defendant's right to assert and assertion

of his privilege against self-incrimination shall not be deemed or considered an admission of any allegation therein.

21. In response to Paragraph 21 of the Complaint, Defendant asserts his privilege against self-incrimination that is guaranteed by the Fifth Amendment of the United States Constitution, Article I Section 15 of the California Constitution, Article I Section 10 of the Illinois Constitution, and California Evidence Code section 940. On that basis, Defendant declines to respond to each and every allegation therein. Moreover, Defendant's right to assert and assertion of his privilege against self-incrimination shall not be deemed or considered an admission of any allegation therein.

## SECOND CLAIM FOR RELIEF

**(Avoidance and Recovery of Fraudulent Transfers Pursuant to 11 U.S.C. §§ 544(b) and 550 and California Civil Code §§ 3439.04(a)(2) and 3439.07)**

22. Defendant refers to and herein incorporates by this reference each and every preceding paragraph as though fully set forth herein.

23. In response to Paragraph 23 of the Complaint, Defendant asserts his privilege against self-incrimination that is guaranteed by the Fifth Amendment of the United States Constitution, Article I Section 15 of the California Constitution, Article I Section 10 of the Illinois Constitution, and California Evidence Code section 940. On that basis, Defendant declines to respond to each and every allegation therein. Moreover, Defendant's right to assert and assertion of his privilege against self-incrimination shall not be deemed or considered an admission of any allegation therein.

24. In response to Paragraph 24 of the Complaint, Defendant asserts his privilege against self-incrimination that is guaranteed by the Fifth Amendment of the United States Constitution, Article I Section 15 of the California Constitution, Article I Section 10 of the Illinois Constitution, and California Evidence Code section 940. On that basis, Defendant declines to respond to each and every allegation therein. Moreover, Defendant's right to assert and assertion of his privilege against self-incrimination shall not be deemed or considered an admission of any allegation therein.

25. In response to Paragraph 25 of the Complaint, Defendant asserts his privilege against self-incrimination that is guaranteed by the Fifth Amendment of the United States Constitution, Article I Section 15 of the California Constitution, Article I Section 10 of the Illinois Constitution, and California Evidence Code section 940. On that basis, Defendant declines to respond to each and every allegation therein. Moreover, Defendant's right to assert and assertion of his privilege against self-incrimination shall not be deemed or considered an admission of any allegation therein.

26. In response to Paragraph 26 of the Complaint, Defendant asserts his privilege against self-incrimination that is guaranteed by the Fifth Amendment of the United States Constitution, Article I Section 15 of the California Constitution Article I Section 10 of the Illinois Constitution, and California Evidence Code section 940. On that basis, Defendant declines to respond to each and every allegation therein. Moreover, Defendant's right to assert and assertion of his privilege against self-incrimination shall not be deemed or considered an admission of any allegation therein.

### THIRD CLAIM FOR RELIEF

**(Avoidance and Recovery of Fraudulent Transfers Pursuant to 11 U.S.C. §§ 548(a)(1)(A) and 550).**

27. Defendant refers to and herein incorporates by this reference each and every preceding paragraph as though fully set forth herein.

28. In response to Paragraph 28 of the Complaint, Defendant asserts his privilege against self-incrimination that is guaranteed by the Fifth Amendment of the United States Constitution, Article I Section 15 of the California Constitution, Article I Section 10 of the Illinois Constitution, and California Evidence Code section 940. On that basis, Defendant declines to respond to each and every allegation therein. Moreover, Defendant's right to assert and assertion of his privilege against self-incrimination shall not be deemed or considered an admission of any allegation therein.

29. In response to Paragraph 29 of the Complaint, Defendant asserts his privilege against self-incrimination that is guaranteed by the Fifth Amendment of the United States

- 8 -
ANSWER TO COMPLAINT

Constitution, Article I Section 15 of the California Constitution, Article I Section 10 of the Illinois Constitution, and California Evidence Code section 940. On that basis, Defendant declines to respond to each and every allegation therein. Moreover, Defendant's right to assert and assertion of his privilege against self-incrimination shall not be deemed or considered an admission of any allegation therein.

30. In response to Paragraph 30 of the Complaint, Defendant asserts his privilege against self-incrimination that is guaranteed by the Fifth Amendment of the United States Constitution, Article I Section 15 of the California Constitution, Article I Section 10 of the Illinois Constitution, and California Evidence Code section 940. On that basis, Defendant declines to respond to each and every allegation therein. Moreover, Defendant's right to assert and assertion of his privilege against self-incrimination shall not be deemed or considered an admission of any allegation therein.

31. In response to Paragraph 31 of the Complaint, Defendant asserts his privilege against self-incrimination that is guaranteed by the Fifth Amendment of the United States Constitution, Article I Section 15 of the California Constitution, Article I Section 10 of the Illinois Constitution, and California Evidence Code section 940. On that basis, Defendant declines to respond to each and every allegation therein. Moreover, Defendant's right to assert and assertion of his privilege against self-incrimination shall not be deemed or considered an admission of any allegation therein.

## FOURTH CLAIM FOR RELIEF

**(Avoidance and Recovery of Fraudulent Transfers Pursuant to 11 U.S.C. §§ 548(a)(1)(B) and 550).**

32. Defendant refers to and herein incorporates by this reference each and every preceding paragraph as though fully set forth herein.

33. In response to Paragraph 33 of the Complaint, Defendant asserts his privilege against self-incrimination that is guaranteed by the Fifth Amendment of the United States Constitution, Article I Section 15 of the California Constitution, Article I Section 10 of the Illinois Constitution, and California Evidence Code section 940. On that basis, Defendant declines to

respond to each and every allegation therein.  Moreover, Defendant's right to assert and assertion of his privilege against self-incrimination shall not be deemed or considered an admission of any allegation therein.

34. In response to Paragraph 34 of the Complaint, Defendant asserts his privilege against self-incrimination that is guaranteed by the Fifth Amendment of the United States Constitution, Article I Section 15 of the California Constitution, Article I Section 10 of the Illinois Constitution, and California Evidence Code section 940.  On that basis, Defendant declines to respond to each and every allegation therein.  Moreover, Defendant's right to assert and assertion of his privilege against self-incrimination shall not be deemed or considered an admission of any allegation therein.

35. In response to Paragraph 35 of the Complaint, Defendant asserts his privilege against self-incrimination that is guaranteed by the Fifth Amendment of the United States Constitution, Article I Section 15 of the California Constitution, Article I Section 10 of the Illinois Constitution, and California Evidence Code section 940.  On that basis, Defendant declines to respond to each and every allegation therein.  Moreover, Defendant's right to assert and assertion of his privilege against self-incrimination shall not be deemed or considered an admission of any allegation therein.

36. In response to Paragraph 36 of the Complaint, Defendant asserts his privilege against self-incrimination that is guaranteed by the Fifth Amendment of the United States Constitution, Article I Section 15 of the California Constitution, Article I Section 10 of the Illinois Constitution, and California Evidence Code section 940.  On that basis, Defendant declines to respond to each and every allegation therein.  Moreover, Defendant's right to assert and assertion of his privilege against self-incrimination shall not be deemed or considered an admission of any allegation therein.

## FIFTH CLAIM FOR RELIEF

**(Avoidance and Recovery of Preferential Transfers Pursuant to 11 U.S.C. §§ 547, 550)**

37. Defendant refers to and herein incorporates by this reference each and every preceding paragraph as though fully set forth herein.

38. In response to Paragraph 38 of the Complaint, Defendant asserts his privilege against self-incrimination that is guaranteed by the Fifth Amendment of the United States Constitution, Article I Section 15 of the California Constitution, Article I Section 10 of the Illinois Constitution, and California Evidence Code section 940. On that basis, Defendant declines to respond to each and every allegation therein. Moreover, Defendant's right to assert and assertion of his privilege against self-incrimination shall not be deemed or considered an admission of any allegation therein.

39. In response to Paragraph 39 of the Complaint, Defendant asserts his privilege against self-incrimination that is guaranteed by the Fifth Amendment of the United States Constitution, Article I Section 15 of the California Constitution, Article I Section 10 of the Illinois Constitution, and California Evidence Code section 940. On that basis, Defendant declines to respond to each and every allegation therein. Moreover, Defendant's right to assert and assertion of his privilege against self-incrimination shall not be deemed or considered an admission of any allegation therein.

40. In response to Paragraph 40 of the Complaint, Defendant asserts his privilege against self-incrimination that is guaranteed by the Fifth Amendment of the United States Constitution, Article I Section 15 of the California Constitution, Article I Section 10 of the Illinois Constitution, and California Evidence Code section 940. On that basis, Defendant declines to respond to each and every allegation therein. Moreover, Defendant's right to assert and assertion of his privilege against self-incrimination shall not be deemed or considered an admission of any allegation therein.

41. In response to Paragraph 41 of the Complaint, Defendant asserts his privilege against self-incrimination that is guaranteed by the Fifth Amendment of the United States Constitution, Article I Section 15 of the California Constitution, Article I Section 10 of the Illinois Constitution, and California Evidence Code section 940. On that basis, Defendant declines to respond to each and every allegation therein. Moreover, Defendant's right to assert and assertion of his privilege against self-incrimination shall not be deemed or considered an admission of any allegation therein.

42. In response to Paragraph 42 of the Complaint, Defendant asserts his privilege against self-incrimination that is guaranteed by the Fifth Amendment of the United States Constitution, Article I Section 15 of the California Constitution, Article I Section 10 of the Illinois Constitution, and California Evidence Code section 940. On that basis, Defendant declines to respond to each and every allegation therein. Moreover, Defendant's right to assert and assertion of his privilege against self-incrimination shall not be deemed or considered an admission of any allegation therein.

43. In response to Paragraph 43 of the Complaint, Defendant asserts his privilege against self-incrimination that is guaranteed by the Fifth Amendment of the United States Constitution, Article I Section 15 of the California Constitution, Article I Section 10 of the Illinois Constitution, and California Evidence Code section 940. On that basis, Defendant declines to respond to each and every allegation therein. Moreover, Defendant's right to assert and assertion of his privilege against self-incrimination shall not be deemed or considered an admission of any allegation therein.

44. In response to Paragraph 44 of the Complaint, Defendant asserts his privilege against self-incrimination that is guaranteed by the Fifth Amendment of the United States Constitution, Article I Section 15 of the California Constitution, Article I Section 10 of the Illinois Constitution, and California Evidence Code section 940. On that basis, Defendant declines to respond to each and every allegation therein. Moreover, Defendant's right to assert and assertion of his privilege against self-incrimination shall not be deemed or considered an admission of any allegation therein.

45. In response to Paragraph 45 of the Complaint, Defendant asserts his privilege against self-incrimination that is guaranteed by the Fifth Amendment of the United States Constitution, Article I Section 15 of the California Constitution, Article I Section 10 of the Illinois Constitution, and California Evidence Code section 940. On that basis, Defendant declines to respond to each and every allegation therein. Moreover, Defendant's right to assert and assertion of his privilege against self-incrimination shall not be deemed or considered an admission of any allegation therein.

46. In response to Paragraph 46 of the Complaint, Defendant asserts his privilege against self-incrimination that is guaranteed by the Fifth Amendment of the United States Constitution, Article I Section 15 of the California Constitution, Article I Section 10 of the Illinois Constitution, and California Evidence Code section 940. On that basis, Defendant declines to respond to each and every allegation therein. Moreover, Defendant's right to assert and assertion of his privilege against self-incrimination shall not be deemed or considered an admission of any allegation therein.

47. In response to Paragraph 47 of the Complaint, Defendant asserts his privilege against self-incrimination that is guaranteed by the Fifth Amendment of the United States Constitution, Article I Section 15 of the California Constitution, Article I Section 10 of the Illinois Constitution, and California Evidence Code section 940. On that basis, Defendant declines to respond to each and every allegation therein. Moreover, Defendant's right to assert and assertion of his privilege against self-incrimination shall not be deemed or considered an admission of any allegation therein.

## SIXTH CLAIM FOR RELIEF

**(Recovery of Avoided Transfers or the Value Thereof Pursuant to 11 U.S.C. § 550(a))**

48. Defendant refers to and herein incorporates by this reference each and every preceding paragraph as though fully set forth herein.

49. In response to Paragraph 49 of the Complaint, Defendant asserts his privilege against self-incrimination that is guaranteed by the Fifth Amendment of the United States Constitution, Article I Section 15 of the California Constitution, Article I Section 10 of the Illinois Constitution, and California Evidence Code section 940. On that basis, Defendant declines to respond to each and every allegation therein. Moreover, Defendant's right to assert and assertion of his privilege against self-incrimination shall not be deemed or considered an admission of any allegation therein.

50. In response to Paragraph 50 of the Complaint, Defendant asserts his privilege against self-incrimination that is guaranteed by the Fifth Amendment of the United States Constitution, Article I Section 15 of the California Constitution, Article I Section 10 of the Illinois

Constitution, and California Evidence Code section 940. On that basis, Defendant declines to respond to each and every allegation therein. Moreover, Defendant's right to assert and assertion of his privilege against self-incrimination shall not be deemed or considered an admission of any allegation therein.

### SEVENTH CLAIM FOR RELIEF

**(Preservation of Transfers Avoided Pursuant to 11 U.S.C. § 551)**

51. Defendant refers to and herein incorporates by this reference each and every preceding paragraph as though fully set forth herein.

52. In response to Paragraph 52 of the Complaint, Defendant asserts his privilege against self-incrimination that is guaranteed by the Fifth Amendment of the United States Constitution, Article I Section 15 of the California Constitution, Article I Section 10 of the Illinois Constitution, and California Evidence Code section 940. On that basis, Defendant declines to respond to each and every allegation therein. Moreover, Defendant's right to assert and assertion of his privilege against self-incrimination shall not be deemed or considered an admission of any allegation therein.

### EIGHTH CLAIM FOR RELIEF

**(For Disallowance of Claims Pursuant to 11 U.S.C. § 502(d))**

53. Defendant refers to and herein incorporates by this reference each and every preceding paragraph as though fully set forth herein.

54. In response to Paragraph 54 of the Complaint, Defendant asserts his privilege against self-incrimination that is guaranteed by the Fifth Amendment of the United States Constitution, Article I Section 15 of the California Constitution, Article I Section 10 of the Illinois Constitution, and California Evidence Code section 940. On that basis, Defendant declines to respond to each and every allegation therein. Moreover, Defendant's right to assert and assertion of his privilege against self-incrimination shall not be deemed or considered an admission of any allegation therein.

///

///

## RESERVATION OF RIGHTS

55. Paragraph 55 contains conclusions of law to which no response is required. To the extent one is required; Defendant asserts his privilege against self-incrimination that is guaranteed by the Fifth Amendment of the United States Constitution, Article I Section 15 of the California Constitution, Article I Section 10 of the Illinois Constitution, and California Evidence Code section 940. Defendant's right to assert and assertion of his privilege against self-incrimination shall not be deemed or considered an admission of any allegation therein.

56. Paragraph 56 contains conclusions of law to which no response is required. To the extent one is required; Defendant asserts his privilege against self-incrimination that is guaranteed by the Fifth Amendment of the United States Constitution, Article I Section 15 of the California Constitution, Article I Section 10 of the Illinois Constitution, and California Evidence Code section 940. Defendant's right to assert and assertion of his privilege against self-incrimination shall not be deemed or considered an admission of any allegation therein.

## PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any relief sought in her prayer for relief. Plaintiff is not entitled to have judgment entered against Defendant, or to recover any damages, attorney fees, interests, costs, and/or other relief requested by Plaintiff. Plaintiff's prayer should be denied in its entirety, and Plaintiff should take nothing from her complaint.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof as to any matter on which Plaintiff bears such burden, and without waiving any of the specific denials set forth in the answers above, Defendant states and alleges the following additional affirmative defenses.

### First Affirmative Defense

### (Actions of Others)

Defendant is not liable for any damages created by any other parties or entities, including third-parties and other defendants.

///

///

**Second Affirmative Defense**

**(Indispensable Parties)**

Indispensable parties have not been joined and it is necessary for these absent parties to be joined in order to obtain a just and final adjudication of all matters alleged in the Complaint.

**Third Affirmative Defense**

(No Vicarious Liability)

Plaintiff is not vicariously liable for any of the acts or omissions by any other party, including his employer Girardi & Keese and/or Thomas V. Girardi

**Fourth Affirmative Defense**

**(Indemnity)**

Defendant is entitled to indemnification from Girardi & Keese and/or Thomas V. Girardi pursuant to applicable laws, including California Labor Code section 2802.

**Fifth Affirmative Defense**

**(Double Recovery Sought)**

Plaintiff's claims fail because they seek double recovery.

**Sixth Affirmative Defense**

**(Failure to Plead Fraud with Particularity)**

Plaintiff fails to allege or plead fraud with particularity.

**Seventh Affirmative Defense**

**(Failure to Mitigate)**

Plaintiff's claims are barred in whole or in part because Plaintiff failed to mitigate its damages, if any.

**Eighth Affirmative Defense**

**(Failure to State a Claim)**

The Complaint fails to state any claim upon which relief may be granted against the Defendant.

///

///

### Ninth Affirmative Defense

### (Estoppel)

Plaintiff's claims are barred in whole or in part by the doctrine of estoppel.

### Tenth Affirmative Defense

### (Waiver)

Plaintiff's claims are barred in whole or in part by the doctrine of waiver.

### Eleventh Affirmative Defense

### (Unclean Hands)

Plaintiff's claims are barred in whole or in party by the doctrine of unclean hands.

### Twelfth Affirmative Defense

### (Laches)

Plaintiff's claims are barred in whole or in part by the doctrine of laches.

### Thirteenth Affirmative Defense

### (Ambiguous and Uncertain)

The Complaint, and each claim for relief stated therein, is ambiguous and uncertain.

### Fourteenth Affirmative Defense

### (Statute of Limitations)

Plaintiff's claims are barred by the statute of limitations.

### Fifteenth Affirmative Defense

### (Contributory Fault of Plaintiff)

The acts, conducts and/or omissions of Plaintiff legally caused any damages alleged in the Complaint, which damages are denied herein, and Defendant has no liability to Plaintiff, or in the alternative, Defendant is liable only in an amount equal to his proportionate fault, if any fault is found.

### Sixteenth Affirmative Defense

### (Venue)

Venue in this matter is improper.

- 17 -
ANSWER TO COMPLAINT

**Seventeenth Affirmative Defense**

**(Punitive Damages – Procedural Due Process)**

Plaintiff's Complaint violates Defendant's right to procedural due process under the Fourteenth Amendment of the United States Constitution and the Constitution of the State of California, and therefore fails to state a cause of action for which punitive or exemplary damages may be awarded.

**Nineteenth Affirmative Defense**

**(Lack of Standing)**

Plaintiff lacks standing to pursue its claims.

**Twentieth Affirmative Defense**

**(Lack of Privity)**

There is no contractual relationship between the Plaintiff and Defendant.

**Twenty-First Affirmative Defense**

**(Insufficient Consideration)**

The contracts at issue are invalid or unenforceable because there was insufficient consideration.

**Twenty-Second Affirmative Defenses**

**(Invalid or Unenforceable Contract)**

The contracts at issue are invalid or unenforceable because they are unlawful.

**Twenty-Third Affirmative Defense**

**(Additional Defenses)**

Defendant reserves the right to rely upon any and all other future defenses which become available or appear during discovery in this proceeding and hereby specifically reserves the right to amend this answer for the purposes of asserting any such affirmative defenses.

**PRAYER FOR RELIEF**

WHEREFORE, the Defendant prays as follows:

1. A judgment in favor of Defendant denying Plaintiff all relief requested in its Complaint in this action and dismissing Plaintiff's Complaint with prejudice against Defendant;

2.      That Defendant be awarded his costs of suit, including reasonable attorney's fees, to the extent allowed by law or applicable rules; and

3.      That the Court award Defendant such other and further relief as the Court deems just and proper.

### REQUEST FOR JURY TRIAL

Defendant requests a jury trial for all issues so triable.

Dated: February 13, 2023      ATKINSON, ANDELSON, LOYA, RUUD & ROMO

By: *Damian J. Martinez*

Damian J. Martinez
Attorneys for Defendant Christopher Kamon