STEPHEN H. WARREN (CA BAR NO. 136895)
KAREN RINEHART (CA BAR NO. 185996)
O'MELVENY & MYERS LLP
400 S. Hope Street, 18th Floor
Los Angeles, California 90071
Phone: (213) 430-6000
Fax:    (213) 430-6407
E-Mail: swarren@omm.com
         krinehart@omm.com

Attorneys for Defendant
Loyola High School of Los Angeles,
a California non-profit corporation

UNITED STATES BANKRUPTCY COURT FOR

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No. 2:20-bk-21022-BR |
| GIRARDI KEESE, | Chapter 7 |
| Debtor. | |
| ELISSA D. MILLER, solely in her capacity as chapter 7 trustee, | Adv. No. 2:23-ap-01010-BR |
| Plaintiff, | **DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT FOR (1) AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS, (2) PRESERVATION OF FRAUDULENT TRANSFERS, AND (3) DISALLOWANCE OF CLAIMS** |
| vs. | |
| LOYOLA HIGH SCHOOL OF LOS ANGELES, a California nonprofit corporation, | |
| Defendant | Status Conference:<br>Date: July 18, 2023<br>Time: 10:00 a.m.<br>Ctrm: 1668 |

Defendant Loyola High School of Los Angeles, a California nonprofit corporation ("Defendant") hereby answers and responds (this "Answer") to the *Complaint for (1) Avoidance and Recovery of Fraudulent Transfers, (2) Preservation of Fraudulent Transfers, and (3) Disallowance of Claims* (the "Complaint") [ECF No. 1], filed in this Court (the "Bankruptcy Court") on January 4, 2023 on behalf of plaintiff and chapter 7 trustee Elissa D. Miller ("Plaintiff"). Each numbered paragraph of this Answer constitutes Defendant's response to the corresponding numbered paragraph of the Complaint.[1]

## ANSWER TO COMPLAINT

### Statement of Jurisdiction, Nature of Proceeding, and Venue

1.  Answering Paragraph 1, Defendant admits that this proceeding relates to the bankruptcy case of *In re Girardi Keese*, bearing Case No. 2:20-bk-21022-BR, which is a case under chapter 7 of title 11 of the United States Code (the "Bankruptcy Code"), and which is pending in the Bankruptcy Court. The remaining allegations in Paragraph 1 state legal conclusions to which no response is required. To the extent that those allegations do require a response, Defendant denies the allegations. Defendant states, in compliance with Rule 7012(b) of the Federal Rules of Bankruptcy Procedure, that to the extent that this proceeding, in whole or in part, is a core proceeding involving any "*Stern*" claims or is a non-core proceeding, Defendant does not consent to entry of final orders or judgment by the Bankruptcy Court.

2.  The allegations in Paragraph 2 state legal conclusions to which no response is required. To the extent that those allegations do require a response, Defendant denies the allegations.

### Relevant Background, Parties, and Allegations Common to All Claims for Relief

3.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 and, on that basis, denies those allegations.

4.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 and, on that basis, denies those allegations.

5.  Defendant lacks knowledge or information sufficient to form a belief as to the truth

---

[1] The capitalized term "Paragraph" as used herein refers to a paragraph of the Complaint.

1  of the allegations in Paragraph 5 and, on that basis, denies those allegations.

2      6.    Defendant lacks knowledge or information sufficient to form a belief as to the truth
3  of the allegations in Paragraph 6 and, on that basis, denies those allegations.

4      7.    The allegations in Paragraph 7 state legal conclusions to which no response is
5  required. To the extent that those allegations do require a response, Defendant lacks knowledge or
6  information sufficient to form a belief as to the truth of the allegations in Paragraph 7 and, on that
7  basis, denies those allegations.

8      8.    The allegations in Paragraph 8 state legal conclusions to which no response is
9  required. To the extent that those allegations do require a response, Defendant lacks knowledge or
10  information sufficient to form a belief as to the truth of the allegations in Paragraph 8 and, on that
11  basis, denies those allegations.

12      9.    Answering Paragraph 9, Defendant admits that it is a California nonprofit
13  corporation authorized to do business, and is doing business, in the State of California, and further
14  admits that it has a business address of 1901 Venice Boulevard, Los Angeles, California 90006.
15  The remaining allegations in Paragraph 9 state legal conclusions to which no response is required.
16  To the extent that those allegations do require a response, Defendant denies the allegations.

17      10.    Defendant lacks knowledge or information sufficient to form a belief as to the truth
18  of the allegations in Paragraph 10 and, on that basis, denies those allegations.

19      11.    Defendant lacks knowledge or information sufficient to form a belief as to the truth
20  of the allegations in Paragraph 11 and, on that basis, denies those allegations. Without limiting the
21  generality of the foregoing, Defendant is in the process of collecting and reviewing any records it
22  possesses that may be relevant to the allegations in Paragraph 11.

23      12.    Defendant lacks knowledge or information sufficient to form a belief as to the truth
24  of the allegations in Paragraph 12 and, on that basis, denies those allegations. Without limiting the
25  generality of the foregoing, Defendant is in the process of collecting and reviewing any records it
26  possesses that may be relevant to the allegations in Paragraph 12.

27

28

**First Claim for Relief**

**(Avoidance and Recovery of Fraudulent Transfers Pursuant to 11 U.S.C. §§ 544(b) and 550(a) and California Civil Code §§ 3439.04(a)(1), 3439.07, and 3439.09)**

13. Answering Paragraph 13, Defendant realleges and incorporates herein the contents of paragraphs 1 through 12 above, as though fully set forth herein.

14. The allegations in Paragraph 14 state legal conclusions to which no response is required. To the extent that those allegations do require a response, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 and, on that basis, denies those allegations.

15. The allegations in Paragraph 15 state legal conclusions to which no response is required. To the extent that those allegations do require a response, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 and, on that basis, denies those allegations.

16. The allegations in Paragraph 16 state legal conclusions to which no response is required. To the extent that those allegations do require a response, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 and, on that basis, denies those allegations.

17. The allegations in Paragraph 17 state legal conclusions to which no response is required. To the extent that those allegations do require a response, Defendant denies the allegations.

**Second Claim for Relief**

**(Avoidance and Recovery of Fraudulent Transfers Pursuant to 11 U.S.C. §§ 544(b) and 550 and California Civil Code §§ 3439.04(a)(2) and 3439.07)**

18. Answering Paragraph 18, Defendant realleges and incorporates herein the contents of paragraphs 1 through 12 above, as though fully set forth herein.

19. The allegations in Paragraph 19 state legal conclusions to which no response is required. To the extent that those allegations do require a response, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 and, on that

basis, denies those allegations.

20. The allegations in Paragraph 20 state legal conclusions to which no response is required. To the extent that those allegations do require a response, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 and, on that basis, denies those allegations.

21. The allegations in Paragraph 21 state legal conclusions to which no response is required. To the extent that those allegations do require a response, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 and, on that basis, denies those allegations.

22. The allegations in Paragraph 22 state legal conclusions to which no response is required. To the extent that those allegations do require a response, Defendant denies the allegations.

## Third Claim for Relief

**(Avoidance and Recovery of Fraudulent Transfers Pursuant to**

**11 U.S.C. §§ 548(a)(1)(A) and 550)**

23. Answering Paragraph 23, Defendant realleges and incorporates herein the contents of paragraphs 1 through 12 above, as though fully set forth herein.

24. The allegations in Paragraph 24 state legal conclusions to which no response is required. To the extent that those allegations do require a response, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24 and, on that basis, denies those allegations.

25. The allegations in Paragraph 25 state legal conclusions to which no response is required. To the extent that those allegations do require a response, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25 and, on that basis, denies those allegations.

26. The allegations in Paragraph 26 state legal conclusions to which no response is required. To the extent that those allegations do require a response, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26 and, on that

basis, denies those allegations.

27. The allegations in Paragraph 27 state legal conclusions to which no response is required. To the extent that those allegations do require a response, Defendant denies the allegations.

### Fourth Claim for Relief

**(Avoidance and Recovery of Fraudulent Transfers Pursuant to**

**11 U.S.C. §§ 548(a)(1)(B) and 550)**

28. Answering Paragraph 28, Defendant realleges and incorporates herein the contents of paragraphs 1 through 12 above, as though fully set forth herein.

29. The allegations in Paragraph 29 state legal conclusions to which no response is required. To the extent that those allegations do require a response, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 and, on that basis, denies those allegations.

30. The allegations in Paragraph 30 state legal conclusions to which no response is required. To the extent that those allegations do require a response, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 and, on that basis, denies those allegations.

31. The allegations in Paragraph 31 state legal conclusions to which no response is required. To the extent that those allegations do require a response, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 and, on that basis, denies those allegations.

32. The allegations in Paragraph 32 state legal conclusions to which no response is required. To the extent that those allegations do require a response, Defendant denies the allegations.

### Fifth Claim for Relief

**(Recovery of Avoided Transfers or the Value Thereof Pursuant to 11 U.S.C. § 550(a))**

33. Answering Paragraph 33, Defendant realleges and incorporates herein the contents of paragraphs 1 through 12 above, as though fully set forth herein.

34. The allegations in Paragraph 34 state legal conclusions to which no response is required. To the extent that those allegations do require a response, Defendant denies the allegations.

35. The allegations in Paragraph 35 state legal conclusions to which no response is required. To the extent that those allegations do require a response, Defendant denies the allegations.

### Sixth Claim for Relief

**(Preservation of Transfers Avoided Pursuant to 11 U.S.C. § 551)**

36. Answering Paragraph 36, Defendant realleges and incorporates herein the contents of paragraphs 1 through 12 above, as though fully set forth herein.

37. The allegations in Paragraph 37 state legal conclusions to which no response is required. To the extent that those allegations do require a response, Defendant denies the allegations.

### Seventh Claim for Relief

**(For Disallowance of Claims Pursuant to 11 U.S.C. § 502(d))**

38. Answering Paragraph 38, Defendant realleges and incorporates herein the contents of paragraphs 1 through 12 above, as though fully set forth herein.

39. The allegations in Paragraph 39 state legal conclusions or prayers for relief to which no response is required. To the extent that those allegations do require a response, Defendant denies the allegations and rejects Plaintiff's request as inequitable and entirely inconsistent with the relevant provisions of the Bankruptcy Code.

### Reservation of Rights

40. The allegations in Paragraph 40 state legal conclusions or reservations of rights to which no response is required. To the extent that those allegations do require a response, Defendant denies the allegations and further denies that Plaintiff has any valid claims, known or unknown, against Defendant.

41. The allegations in Paragraph 41 state legal conclusions or reservations of rights to which no response is required. To the extent that those allegations do require a response, Defendant

1 denies the allegations and further denies that Plaintiff has any valid claims, known or unknown, against Defendant.

### AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative defenses to the Complaint:

### First Affirmative Defense

**(Failure to State a Claim)**

As a separate affirmative defense to the Complaint and to each purported claim for relief thereof, Defendant submits that the Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

**(Good Faith and Reasonably Equivalent Value)**

As a separate affirmative defense to the Complaint and to each purported claim for relief thereof, Defendant submits that the Complaint is barred, in whole or in part, because Defendant acted in good faith and/or Defendant gave, and the debtor, Girardi Keese (the "Debtor"), received, value including reasonably equivalent value in exchange for the alleged transfers described in the Complaint and Defendant is entitled to assert a lien, retain any such transfer, and/or enforce any such obligation.

### Third Affirmative Defense

**(Good Faith and Value)**

As a separate affirmative defense to the Complaint and to each purported claim for relief thereof, Defendant submits that the Complaint is barred, in whole or in part, because Defendant was a good faith transferee or obligee and gave value to the Debtor and is entitled to a lien, enforcement of any obligation incurred, or a reduction in the amount of alleged liability.

### Fourth Affirmative Defense

**(Good Faith, Value, and Without Knowledge of Voidability)**

As a separate affirmative defense to the Complaint and to each purported claim for relief thereof, Defendant submits that the Complaint is barred, in whole or in part, because Defendant was not the initial transferee thereof, acted in good faith without knowledge of the voidability, and

Defendant gave value in exchange for the alleged transfers described in the Complaint and Defendant is entitled to assert a lien, retain any such transfer, and/or enforce any such obligation.

**Fifth Affirmative Defense**

**(Setoff and Recoupment)**

As a separate affirmative defense to the Complaint and to each purported claim for relief thereof, Defendant submits that the Complaint is barred, in whole or in part, by the doctrine of setoff and/or recoupment.

**Sixth Affirmative Defense**

**(Statutes of Limitation and Statute of Repose)**

As a separate affirmative defense to the Complaint and to each purported claim for relief thereof, Defendant submits that the Complaint is barred, in whole or in part, by the applicable statutes of limitations, extinguishment, and/or statutes of repose.

**Seventh Affirmative Defense**

**(Laches)**

As a separate affirmative defense to the Complaint and to each purported claim for relief thereof, Defendant submits that the Complaint is barred, in whole or in part, by the doctrine of laches.

**Eighth Affirmative Defense**

**(Transfers Not of Debtor's Property)**

As a separate affirmative defense to the Complaint and to each purported claim for relief thereof, Defendant submits that the Complaint is barred, in whole or in part, because the alleged transfers described in the Complaint were not paid from the Debtor's funds and are therefore not avoidable or recoverable by Plaintiff as avoidable transfers.

**Ninth Affirmative Defense**

**(Solvency)**

As a separate affirmative defense to the Complaint and to each purported claim for relief thereof, Defendant submits that the Complaint is barred, in whole or in part, because the Debtor was not insolvent or inadequately capitalized (including lacking sufficient assets) at the time of the

alleged transfers described in the Complaint and the Debtor was not rendered insolvent, or without sufficient capital or assets, as a result of such alleged transfers.

### Tenth Affirmative Defense

### (Charitable Contribution)

As a separate affirmative defense to the Complaint and to each purported claim for relief thereof, Defendant submits that the Complaint is barred, in whole or in part, because Defendant is a qualified religious or charitable entity or organization and, on information and belief, any transfer did not exceed 15% of the gross annual income of the Debtor for the year in which the transfer was made or was consistent with the past practices of the Debtor in making charitable contributions.

### Eleventh Affirmative Defense

### (Ordinary Course of Business)

As a separate affirmative defense to the Complaint and to each purported claim for relief thereof, Defendant submits that the Complaint is barred, in whole or in part, because the alleged transfers described in the Complaint were made in the ordinary course of business or financial affairs of the Debtor and Defendant or otherwise made according to ordinary business terms.

### Twelfth Affirmative Defense

### (Contemporaneous Exchange)

As a separate affirmative defense to the Complaint and to each purported claim for relief thereof, Defendant submits that the Complaint is barred, in whole or in part, because the alleged transfers described in the Complaint were intended to be and were in fact part of a substantially contemporaneous exchange for new value given to the Debtor.

### Thirteenth Affirmative Defense

### (Subsequent New Value)

As a separate affirmative defense to the Complaint and to each purported claim for relief thereof, Defendant submits that the Complaint is barred, in whole or in part, because Defendant gave subsequent new value to, or for the benefit of, the Debtor in exchange for the alleged transfers described in the Complaint.

**Fourteenth Affirmative Defense**

**(Waiver)**

As a separate affirmative defense to the Complaint and to each purported claim for relief thereof, Defendant submits that the Complaint is barred, in whole or in part, by the doctrine of waiver.

**Fifteenth Affirmative Defense**

**(Estoppel)**

As a separate affirmative defense to the Complaint and to each purported claim for relief thereof, Defendant submits that the Complaint is barred, in whole or in part, by the doctrine of estoppel.

**Sixteenth Affirmative Defense**

**(Unclean Hands)**

As a separate affirmative defense to the Complaint and to each purported claim for relief thereof, Defendant submits that the Complaint is barred, in whole or in part, by the doctrine of unclean hands.

**Seventeenth Affirmative Defense**

**(Right to Indemnification)**

Should Plaintiff recover damages from Defendant, Defendant is entitled to indemnification, either in whole or in part, from third parties whose conduct caused Plaintiff's damages, if any.

**Reservation of Rights**

Defendant presently lacks knowledge or information sufficient to form a belief as to whether it has additional, yet unstated, affirmative defenses. Accordingly, Defendant expressly reserves all rights to assert additional affirmative defenses that may become known through discovery or otherwise, and for such additional affirmative defenses to relate back to this Answer.

**WHEREFORE**, Defendant denies that Plaintiff is entitled to any relief as a result of the allegations in the Complaint and prays for judgment as follows:

1. That Plaintiff take nothing against Defendant by way of the Complaint;

2. That the Complaint be dismissed, with prejudice, as against Defendant;

3. That Defendant be awarded its costs;

4. That Defendant be awarded its attorneys' fees; and

5. That Defendant be awarded such other relief as this Court deems just and proper.

Dated: April 25, 2023

O'MELVENY & MYERS LLP

By: */s/ Karen Rinehart*
Stephen H. Warren
Karen Rinehart

Attorneys for Defendant Loyola High School of Los Angeles, a California nonprofit corporation