1  Robert Finnerty, Esq. (SBN 119775)
   rfinnerty@actslaw.com
2  16001 Ventura Blvd, Suite 200
   Encino, California 91436
3  Telephone: (424) 288-4367 | Fax: (424) 288-4368

4  Defendant In Pro Per

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>GIRARDI KEESE<br><br>    Debtor | **Case No.** 2:20-bk-21022-BR<br><br>**Chapter 7**<br><br>**A.P. No.** |
| ELISA D. MILLER, solely in her capacity as chapter 7 trustee<br><br>                    Plaintiff,<br>    v.<br><br>ROBERT W. FINNERTY, an individual,<br><br>                    Defendants. | **DEFENDANT ROBERT W. FINNERTY'S ANSWER TO COMPLAINT FOR (1) AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS, (2) PRESERVATION OF FRAUDULENT TRANSFERS, AND (3) DISALLOWANCE OF CLAIMS** |

Robert W. Finnerty ("Defendant"), in pro per, hereby answers the Complaint for (1) Avoidance and Recovery of Fraudulent Transfers (2) Preservation of Fraudulent Transfers, and (3) Disallowance of Claims (the "Complaint") filed by Elissa D. Miller, Chapter 7 Trustee for the bankruptcy estate of Girardi Keese ("Plaintiff") and asserts the following affirmative defenses thereto. No privileges are intended to be waived by providing this response:

1

**STATEMENT OF JURISDICTION, NATURE OF PROCEEDING AND VENUE**

1. Defendant, ROBERT FINNERTY, an individual ("Defendant") denies that each claim for relief asserted against him is not a core proceeding and further does not consent to entry of final order and judgment by the Bankruptcy Court.

2. Defendant admits Paragraph 2 of the Complaint.

**RELEVANT BACKGROUND, PARTIES, AND ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF**

3. Defendant admits as to the characterization that Girardi | Keese was the preeminent plaintiff's firm in the State of California. Defendant denies the jurisdiction of this court as Girardi Keese is not a separate entity from Thomas V. Girardi. Deny as to all other allegations. but otherwise denies as Defendant lacks sufficient knowledge or information to answer the remaining allegations of Paragraph 3.

4. Defendant lacks sufficient knowledge or information to answer the allegations set forth in Paragraph 4 of the Complaint, and on that basis denies each and every allegation contained therein.

5. Defendant lacks sufficient knowledge or information to answer the allegations set forth in Paragraph 5 of the Complaint, and on that basis denies each and every allegation contained therein.

6. Defendant lacks sufficient knowledge or information to answer the allegations set forth in Paragraph 6 of the Complaint, and on that basis denies each and every allegation contained therein.

7. Defendant lacks sufficient knowledge or information to answer the allegations set forth in Paragraph 7 of the Complaint, and on that basis denies each and every allegation contained therein.

8. Defendant lacks sufficient knowledge or information to answer the allegations set forth in Paragraph 8 of the Complaint, and on that basis denies each and every allegation contained therein.

**DEFENDANT ROBERT W. FINNERTY'S ANSWER TO COMPLAINT FOR (1) AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS, (2) PRESERVATION OF FRAUDULENT TRANSFERS, AND (3) DISALLOWANCE OF CLAIMS**

9. Defendant admits that he was an employee of Girardi Keese. Defendant admits that he is an individual residing within Los Angeles County, the jurisdiction of this Court. Defendant admits Defendant lacks sufficient knowledge or information to answer the remaining allegations set forth in Paragraph 9 of the Complaint, and on that basis denies each and every allegation contained therein.

10. Defendant lacks sufficient knowledge or information to answer the allegations set forth in Paragraph 10 of the Complaint, and on that basis denies each and every allegation contained therein.

11. Defendant admits that he received funds, compensation, and reimbursement of expenses from the Firm during the seven-year period prior to the Petition date. Defendant denies that these funds, compensation, and reimbursement of expenses from the Firm are fraudulent transfers. All funds received were received in good faith and for the benefit of Thomas V. Girardi. Defendant lacks sufficient knowledge or information to admit or deny the remaining allegations, including the veracity, completeness, or authenticity of Exhibit "A", and the basis for its compilation, including the documents or information that support it, and on that basis denies each and every allegation contained therein.

12. Defendants denies Paragraph 12 of the Complaint.

13. Defendant denies that the Amex Card ending in 52059 was used personally. All charges were used for the benefit of Thomas V. Girardi and were done in the ordinary course of business. Defendant lacks sufficient knowledge or information to admit or deny the remaining allegations in Paragraph 13 and on that basis denies each and every allegation contained therein.

14. Defendant lacks sufficient knowledge or information to answer the allegations set forth in Paragraph 14 of the Complaint, including the veracity, completeness, or authenticity of Exhibit "B", and the basis for its compilation, including the documents or information that support it, and on that basis denies each and every allegation contained therein.

15. Defendants denies Paragraph 15 of the Complaint.

**DEFENDANT ROBERT W. FINNERTY'S ANSWER TO COMPLAINT FOR (1) AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS, (2) PRESERVATION OF FRAUDULENT TRANSFERS, AND (3) DISALLOWANCE OF CLAIMS**

## FIRST CLAIM FOR RELIEF

16. Answering the allegations of paragraph 16 of the Complaint, Defendant incorporates by reference Defendant's responses to paragraphs 1 through 15 as though set forth in full herein.

17. Defendants denies Paragraph 17 of the Complaint.

18. Defendant lacks sufficient knowledge or information to answer the allegations set forth in Paragraph 18 of the Complaint, and on that basis denies as to the intent of Thomas V. Girardi doing business as Girardi Keese to hinder, delay, or defraud any creditor of Thomas V. Girardi doing business as Girardi Keese and each and every allegation contained therein.

19. Defendant lacks sufficient knowledge or information to answer the allegations set forth in Paragraph 19 of the Complaint, and on that basis denies each and every allegation contained therein.

20. Defendant lacks sufficient knowledge or information to answer the allegations set forth in Paragraph 20 of the Complaint, and on that basis denies each and every allegation contained therein.

## SECOND CLAIM FOR RELIEF

21. Answering the allegations of paragraph 21 of the Complaint, Defendant incorporates by reference Defendant's responses to paragraphs 1 through 20 as though set forth in full herein.

22. Defendants denies Paragraph 22 of the Complaint.

23. Defendant lacks sufficient knowledge or information to answer the allegations set forth in Paragraph 23 of the Complaint, and on that basis denies each and every allegation contained therein.

24. Defendant lacks sufficient knowledge or information to answer the allegations set forth in Paragraph 24 of the Complaint, and on that basis denies each and every allegation contained therein.

25. Defendant lacks sufficient knowledge or information to answer the allegations set forth in Paragraph 25 of the Complaint, and on that basis denies each and every allegation contained therein.

**DEFENDANT ROBERT W. FINNERTY'S ANSWER TO COMPLAINT FOR (1) AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS, (2) PRESERVATION OF FRAUDULENT TRANSFERS, AND (3) DISALLOWANCE OF CLAIMS**

### THIRD CLAIM FOR RELIEF

26. Answering the allegations of paragraph 26 of the Complaint, Defendant incorporates by reference Defendant's responses to paragraphs 1 through 25 as though set forth in full herein.

27. Defendants denies Paragraph 27 of the Complaint.

28. Defendant lacks sufficient knowledge or information to answer the allegations set forth in Paragraph 28 of the Complaint, and on that basis denies each and every allegation contained therein.

29. Defendant lacks sufficient knowledge or information to answer the allegations set forth in Paragraph 29 of the Complaint, and on that basis denies each and every allegation contained therein.

30. Defendant lacks sufficient knowledge or information to answer the allegations set forth in Paragraph 30 of the Complaint, and on that basis denies each and every allegation contained therein.

### FOURTH CLAIM FOR RELIEF

31. Answering the allegations of paragraph 31 of the Complaint, Defendant incorporates by reference Defendant's responses to paragraphs 1 through 30 as though set forth in full herein.

32. Defendants denies Paragraph 32 of the Complaint.

33. Defendant lacks sufficient knowledge or information to answer the allegations set forth in Paragraph 33 of the Complaint, and on that basis denies each and every allegation contained therein.

34. Defendant lacks sufficient knowledge or information to answer the allegations set forth in Paragraph 34 of the Complaint, and on that basis denies each and every allegation contained therein.

35. Defendant lacks sufficient knowledge or information to answer the allegations set forth in Paragraph 35 of the Complaint, and on that basis denies each and every allegation contained therein.

**DEFENDANT ROBERT W. FINNERTY'S ANSWER TO COMPLAINT FOR (1) AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS, (2) PRESERVATION OF FRAUDULENT TRANSFERS, AND (3) DISALLOWANCE OF CLAIMS**

**FIFTH CLAIM FOR RELIEF**

36. Answering the allegations of paragraph 36 of the Complaint, Defendant incorporates by reference Defendant's responses to paragraphs 1 through 35 as though set forth in full herein.

37. Defendant lacks sufficient knowledge or information to answer the allegations set forth in Paragraph 37 of the Complaint, and on that basis denies each and every allegation contained therein.

38. Defendant lacks sufficient knowledge or information to answer the allegations set forth in Paragraph 38 of the Complaint, and on that basis denies each and every allegation contained therein.

**SIXTH CLAIM FOR RELIEF**

39. Answering the allegations of paragraph 39 of the Complaint, Defendant incorporates by reference Defendant's responses to paragraphs 1 through 38 as though set forth in full herein.

40. Defendant lacks sufficient knowledge or information to answer the allegations set forth in Paragraph 40 of the Complaint, and on that basis denies each and every allegation contained therein.

**SEVENTH CLAIM FOR RELIEF**

41. Answering the allegations of paragraph 41 of the Complaint, Defendant incorporates by reference Defendant's responses to paragraphs 1 through 40 as though set forth in full herein.

42. Defendant lacks sufficient knowledge or information to answer the allegations set forth in Paragraph 42 of the Complaint, and on that basis denies each and every allegation contained therein.

**RESERVATION OF RIGHTS**

43. Defendant lacks sufficient knowledge or information to answer the allegations set forth in Paragraph 43 of the Complaint, and on that basis denies each and every allegation contained therein, including the right to make a reservation of rights.

44. Defendant lacks sufficient knowledge or information to answer the allegations set forth in Paragraph 44 of the Complaint, and on that basis denies each and every allegation contained therein, including the right to make a reservation of rights. necessary to the Prayer for

**DEFENDANT ROBERT W. FINNERTY'S ANSWER TO COMPLAINT FOR (1) AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS, (2) PRESERVATION OF FRAUDULENT TRANSFERS, AND (3) DISALLOWANCE OF CLAIMS**

judgment in his favor.   To the extent that a response is deemed necessary,

Defendant deny that the Debtor/Plaintiff, or any other person or entity, is entitled to any of the relief requested or any other relief.

## PRAYER FOR RELIEF

Defendant denies the allegations set forth in the Prayer of the Complaint.

## AFFIRMATIVE DEFENSES

Defendant asserts the following defenses. Defendant reserves the right to amend or supplement its answer and/or defenses as may be warranted by the information developed through subsequent discovery.  By alleging the defenses set forth below, Defendant neither agrees nor concedes that it has the burden of proof or the burden of persuasion on any issues.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

For a separate and first affirmative defense to the Complaint, and to each and every purported claim for relief against Defendant contained therein, Defendant asserts that the Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE
### (Good Faith Transferee)

For a separate and second affirmative defense to the Complaint, and to each and every purported claim for relief against Defendant contained therein, Defendant asserts that Defendant in good faith provided reasonably equivalent value to the Debtor, for any transfers of property or value received from the debtor.

## THIRD AFFIRMATIVE DEFENSE
### (Waiver, Estoppel and Unclean Hands)

For a separate and third affirmative defense to the Complaint, and to each and every purported claim for relief against Defendant contained therein, Defendant asserts that the Debtor's claims are barred by the doctrines of waiver, estoppel and unclean hands.

**DEFENDANT ROBERT W. FINNERTY'S ANSWER TO COMPLAINT FOR (1) AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS, (2) PRESERVATION OF FRAUDULENT TRANSFERS, AND (3) DISALLOWANCE OF CLAIMS**

## FOURTH AFFIRMATIVE DEFENSE

**(Value and Good Faith)**

For a separate and fourth affirmative defense to the Complaint, and to each and every purported claim for relief against Defendant contained therein, Defendant asserts that to the extent the Plaintiff is successful in recovering any allegedly avoidable transfers, Defendant is entitled to the benefits of 11 U.S.C. § 548(c). 7

## FIFTH AFFIRMATIVE DEFENSE

**(Setoff)**

For a separate and fifth affirmative defense to the Complaint, and to each and every purported claim for relief against Defendant contained therein, Defendant reserves all rights of setoff, including, without limitation, a setoff for any pre-petition and post-petition funds, goods or services provided to the Debtor for which payment has not been made.

## SIXTH AFFIRMATIVE DEFENSE

**(Fair Consideration)**

For a separate and sixth affirmative defense to the Complaint, and to each and every purported claim for relief against Defendant contained therein, Defendant asserts that the Debtor received fair consideration through the alleged transfers and Defendant is informed and believes that the Debtor did not incur debts beyond its ability to pay as they matured.

## SEVENTH AFFIRMATIVE DEFENSE

**(Acts, Omissions, Fraud etc. Caused by Others)**

For a separate and seventh affirmative defense to the Complaint, and to each and every purported claim for relief against Defendant contained therein, Defendant asserts that any injury or damage suffered by the Plaintiff or the Estate was proximately caused and contributed to by the acts, omissions, fraud and/or negligence of parties other than the Defendant.

8

DEFENDANT ROBERT W. FINNERTY'S ANSWER TO COMPLAINT FOR (1) AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS, (2) PRESERVATION OF FRAUDULENT TRANSFERS, AND (3) DISALLOWANCE OF CLAIMS

## EIGHTH AFFIRMATIVE DEFENSE

### (No Damages)

For a separate and eighth affirmative defense to the Complaint, and to each and every purported claim for relief against Defendant contained therein, Defendant asserts, that Debtor and Plaintiff have suffered no damage by virtue of the acts, events or occurrences alleged in Plaintiff's Complaint.

## NINTH AFFIRMATIVE DEFENSE

### (Ordinary Course of Business)

For a separate and ninth affirmative defense to the Complaint, and to each and every purported claim for relief against Defendant contained therein, Defendant asserts that the transfers in question were in the ordinary course of business between the Debtor and Defendant as he was simply an employee of the Debtor.

## TENTH AFFIRMATIVE DEFENSE

### (Debtor's Wrongful Conduct)

For a separate and tenth affirmative defense to the Complaint, and to each and every purported claim for relief against Defendant contained therein, Defendant asserts that if any damage and/or wrongful conduct complained of by Plaintiff in fact has occurred, such damage and/or wrongful conduct was in truth and in fact the sole result of Debtor's actions and/or inactions of which Defendant was unaware of, and is not the result of any action, or inaction, on the part of Defendant.

## ELEVENTH AFFIRMATIVE DEFENSE

### (New Value- 11 U.S.C. §547)

For a separate and eleventh affirmative defense to the Complaint, and to each and every purported claim for relief against Defendant contained therein, Defendant asserts that after the alleged transfers, he provided new value, new services, and/or new credit to and for the benefit.

9

**DEFENDANT ROBERT W. FINNERTY'S ANSWER TO COMPLAINT FOR (1) AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS, (2) PRESERVATION OF FRAUDULENT TRANSFERS, AND (3) DISALLOWANCE OF CLAIMS**

## TWELFTH AFFIRMATIVE DEFENSE

### (Right to Assert Affirmative Defenses)

For a separate and twelfth affirmative defense to the Complaint, and to each and every purported claim for relief against Defendant contained therein, Defendant reserves the right to assert additional affirmative defenses based upon further investigation and discovery.

WHEREFORE, Defendants pray for judgment as follows:

That the Plaintiff take nothing by this complaint and that such Complaint be dismissed with prejudice;

1. That the Plaintiff take nothing by this complaint and that such Complaint be dismissed with prejudice and that judgment be entered against the Plaintiff and in favor of the Defendant;
2. That judgment be entered against the Plaintiff and in favor of the Defendant;
3. For disallowance of avoidance and for allowance of claims against Thomas V. Girardi.
4. For costs of suit herein, to the extent permitted by applicable law;
5. For attorneys fees, to the extent permitted by applicable law;
6. For such other and further relief as the Court deems just and proper.

Dated: May 1, 2023

By: _/s/ Robert Finnerty_
Robert W. Finnerty, Esq.
Defendant In Pro Per

DEFENDANT ROBERT W. FINNERTY'S ANSWER TO COMPLAINT FOR (1) AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS, (2) PRESERVATION OF FRAUDULENT TRANSFERS, AND (3) DISALLOWANCE OF CLAIMS

# CERTIFICATE OF SERVICE

**STATE OF CALIFORNIA,**

**COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 16001 Ventura Boulevard, Suite 200, Encino, California 91436. My email address fpedro@actslaw.com

On May 1, 2023, I served true copies of the following document(s) described as

**DEFENDANT ROBERT W. FINNERTY'S ANSWER TO COMPLAINT FOR (1) AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS, (2) PRESERVATION OF FRAUDULENT TRANSFERS, AND (3) DISALLOWANCE OF CLAIMS**

**BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on May 1, 2023, at Encino, California.

/s/ Flor Pedro
FLOR PEDRO