**RAINES FELDMAN LITTRELL LLP**
Kyra E. Andrassy, State Bar No. 207959
*kandrassy@raineslaw.com*
Michael L. Simon, State Bar No. 300822
*msimon@raineslaw.com*
4675 MacArthur Court, Suite 1550
Newport Beach, CA 92660
Telephone:     (310) 440-4100
Facsimile:     (310) 499-4877

Counsel for Elissa D. Miller, Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>GIRARDI KEESE,<br><br>             Debtor. | Case No.:  2:20-bk-21022-BR<br><br>Chapter:  7<br><br>**MOTION FOR ORDER DISALLOWING CLAIM 239 OF GERA DEAN WILLIAMS PURSUANT TO 11 U.S.C. § 502; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF ELISSA D. MILLER IN SUPPORT**<br><br>Date:      February 10, 2026<br>Time:      10:00 a.m.<br>Ctrm:     1668<br>            U.S. Bankruptcy Court<br>            255 E. Temple St.<br>            Los Angeles, CA 90012 |

**TO THE HONORABLE BARRY RUSSELL, UNITED STATES BANKRUPTCY JUDGE, AND CLAIMANT GERA DEAN WILLIAMS:**

Elissa D. Miller, the chapter 7 trustee (the "Trustee") for the bankruptcy estate of Girardi Keese submits this *Motion for Order Disallowing Claim 239 of Gera Dean Williams Pursuant to 11 U.S.C. § 502(b)* (the "Motion").  The Trustee seeks disallowance of claim 239 because it was part of the Lockheed litigation that was settled many years ago and, as the Court has already ruled with respect to the other 61 claims filed by former Lockheed

1

employees, the claim is barred by the statute of limitations and because of the lack of supporting documentation.[1]  In support of the Motion, the Trustee submits the following memorandum of points and authorities and the attached declaration of Elissa D. Miller in support.

## I.    INTRODUCTION

As with the other claims filed by former Lockheed employees where the Court has previously sustained the Trustee's objections, the Trustee seeks disallowance of claim 239. The grounds for the objection are that there is no supporting documentation provided to substantiate the claim and that the claim is barred by the statute of limitations because the Debtor's theft of client funds from the Lockheed employees occurred more than twenty-five years ago.  The class action settlement was settled somewhere between 1992 and 2001, which is approximately when the Debtor received the funds.  Because of the age of the Lockheed case, the Trustee has no books and records from which she can determine the amount awarded to each claimant and whether any partial payments were made, nor do any of the claimants, including this claimant.

## II.    FACTUAL BACKGROUND

### A.    The Debtor's Bankruptcy Case

The Debtor was once a thriving law firm based in Los Angeles, California.  On December 18, 2020 (the "Petition Date"), petitioning creditors Jill O'Callahan, as successor in interest to James O 'Callahan, Robert M. Keese, John Abassian, Erika Saldana, Virginia Antonio, and Kimberly Archie (collectively, the "Petitioning Creditors") filed an involuntary chapter 7 bankruptcy petition against the Debtor.   Prior to the Petition Date, the Debtor practiced in the areas of personal injury, defective products, sexual abuse, toxic torts, business law, employment law, and aviation law.

---

[1] This claim was overlooked when preparing the omnibus Lockheed objections in 2025.

On December 24, 2020, the Petitioning Creditors filed a *Motion for Appointment of Interim Trustee Pursuant to 11 U.S.C. § 303(g)* [Docket No. 12].  The Court entered an order granting the motion on January 5, 2021 [Docket No. 45].  On January 6, 2021, the Trustee was appointed as the interim trustee [Docket No. 50].

On January 13, 2021, the Court entered an *Order Directing: (1) The Clerk of Court to Immediately Enter an Order for Relief under Chapter 7; (2) The United States Trustee to Immediately Appoint a Chapter 7 Trustee; (3) The Debtor to File All Schedules and Related Documentation for Chapter 7 Case within Fourteen Days of the Entry of this Order; and (4) Vacating February 16, 2021 Status Conference* [Docket No. 68].  On January 13, 2021, the Clerk of Court entered an order for relief against the Debtor [Docket No. 69], and the Trustee was appointed and accepted her appointment in the Debtor's case [Docket No. 71].

**B.**    **The Class Action Litigation by Employees Against Lockheed Corporation**

In the 1980s, a group of Lockheed employees filed actions against Lockheed alleging injuries caused by occupational exposure to chemicals.  Girardi Keese was among the law firms representing plaintiffs.  Between 1992 and 2001, settlements were reached with various defendants and the funds were paid to Girardi Keese, which controlled disbursements to the plaintiffs.  At least some of the plaintiffs did not receive their settlements in full.  Some took action against Girardi Keese.  For example, a former employee filed a lawsuit in 2008 for, among other things, breach of fiduciary duty and fraud.  *See, e.g., Gutierrez v. Girardi*, 2017 WL 3765338 (Cal. Ct. App. Aug. 31, 2017) (unpublished decision).  Some of the cases were dismissed because the statute of limitations had run, with the courts finding that the statute began running in 2001 when a lawyer filed a lawsuit against Girardi Keese related to financial improprieties in the *Lockheed* litigation.  *Id.* at *4.  A copy of this decision is attached as Exhibit "1."

Despite diligent searches, the Trustee could not locate any spreadsheets or electronic data that state who the Lockheed clients were and how much each was allocated or what

1    happened with the funds the Debtor apparently received.[2]  Earlier in this case, and because of

2    the age of the Lockheed case and the lack of any inventory of the boxes, the Trustee obtained

3    authority to destroy the contents of the boxes holding files related to the Lockheed litigation.[3]

4    The contents of the boxes were shredded.

5        In February 2025, the Trustee filed three omnibus claim objection motions, seeking

6    disallowance of approximately 61 claims filed by former Lockheed employees.[4]  Claim 239

7    was inadvertently not included in those omnibus objections.  After a group of employees

8    retained counsel and filed an objection, the Court continued the hearing multiple times to give

9    the parties an opportunity to review personal files and conduct discovery to see if they could

10   locate information about what the claimants' individual allocations of the settlements had been

11   and to demonstrate why the claims were not barred by the statute of limitations.  The Trustee

12   served a subpoena on the Debtor's former co-counsel, but they were unable to provide this

13   information, and the claimants were also unable to locate any documentation.  Accordingly, in

14   October 2025, the Court sustained the Trustee's objections and disallowed the claims.

15

16   **III.    <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>**

17       Federal Rule of Bankruptcy Procedure 3001(f) provides that "[a] proof of claim signed

18   and filed in accordance with these rules is prima facie evidence of the claim's validity and

19   amount."  Federal Rule of Bankruptcy Procedure 3001(f) generally entitles a proof of claim

20   that is executed and filed in accordance with the rules as prima facie evidence of the validity

21   and amount of a claim.  These rules require documentation to support the claim.  *See* Fed. R.

22   Bankr. P. 3001(c)(1).  Claims that are not supported by documentation to substantiate the

23   amount and validity of the claim are not entitled to prima facie validity.  Instead, the burden

24

25   [2] The Trustee is informed and believes that at some point in the mid-2010s, Girardi Keese
     switched how it was maintaining mass tort records to an electronic data base system.
26   Unfortunately, earlier cases, including Lockheed, were not converted to that system.

27   [3] As noted in that Motion [Dkt. No. 1375] there were over 2,000 boxes related to Lockheed
     and one other case.

28   [4] *See* Docket Nos. 2282, 2285, and 2287.

shifts to the claimant to prove the validity of the claim by a preponderance of the evidence.

*See Ashford v. In re Consolidated Pioneer Mortg. (In re Consolidated Pioneer Mortg.)*, 178

B.R. 222, 226 (9th Cir. BAP 1995). Claimants bear the ultimate burden of persuasion. *See In*

*re Holm*, 931 F.2d 620, 623 (9th Cir. 1991) (quoting 3 L. King, Collier on Bankruptcy §

502.02, at 502-22 (15th ed. 1991)). If the claimant cannot do so, the claim must be disallowed.

Here, claim 239, which was filed in an unknown amount, attached copies of two of the

settlement checks that Girardi Keese received from a defendant and a partial engagement

agreement, but does not provide any documentation to establish what the claimant's allocation

of the settlement was. As set forth above, despite attempts to locate information about

allocations, the Trustee was unable to do so and she has no records that shed any light on the

issue. As a result, the claim must be disallowed.

However, even if documentation had been provided, the claim would be barred by the

statute of limitations. A claim should not be allowed to the extent that the claim is

"unenforceable against the debtor and property of the debtor, under any agreement or

applicable law for a reason other than because such claim is contingent or unmatured . . . ." 11

U.S.C. § 502(b)(1). Under this provision, a court may disallow a claim if it is barred by the

applicable statute of limitations. *See Midland Funding, LLC v. Johnson*, 581 U.S. 224, 229-30

(2017); *LVNV Funding, LLC v. Andrade-Garcia (In re Andrade-Garcia)*, 635 B.R. 509, 516-

17 (9th Cir. BAP 2022).

Under California law, the applicable statute of limitations for conversion claims is

three years. *See* Cal. Civ. Proc. Code § 338(c)(2). The applicable statute of limitations for

fraud is three years and starts running until the discovery of the facts constituting the fraud.

*See* Cal. Civ. Proc. Code § 338(d). An action for a wrongful act or omission by an attorney,

other than actual fraud, must be brought within one year after the plaintiff discovers, or

through the use of reasonable diligence should have discovered, the facts constituting the

wrongful act. *See* Cal. Civ. Proc. Code § 340.6(a).

Here, the Lockheed settlement occurred somewhere between 1992 and 2001. The

Debtor's conversion of the proceeds occurred more than twenty years prior to the Petition Date

1    so that any claim in this bankruptcy case based on the Debtor's theft would be asserted many

2    years past any applicable statute of limitations.

3         As a result of the foregoing and because of the law of the case doctrine, the Trustee

4    must seek disallowance of claim 239.

5

6    **IV.**    **CONCLUSION**

7         In light of the foregoing, the Trustee respectfully requests that the Court enter an order:

8         1.    Granting the Motion and disallowing claim 239; and

9         2.    Granting such other and further relief as the Court may deem just and proper.

10

11                                Respectfully submitted,

12   Dated:  January 9, 2026            RAINES FELDMAN LITTRELL LLP

13

14                                By: */s/ Kyra E. Andrassy*
                                       Kyra E. Andrassy
15                                     Attorneys for Elissa D. Miller, Chapter 7
                                       Trustee

16

17

18

19

20

21

22

23

24

25

26

27

28

## DECLARATION OF ELISSA D. MILLER

I, Elissa D. Miller, declare:

1.      I am the duly appointed chapter 7 trustee for the bankruptcy estate of Girardi Keese (the "Debtor").  I know the contents of this declaration to be true of my own personal knowledge unless otherwise indicated and, if called to testify, could and would competently testify with respect thereto.  I am submitting this declaration in support of my *Motion Pursuant to 11 U.S.C. § 502(b) for an Order Disallowing Claim 239 of Gera Dean Williams* (the "Motion").

2.      When I was appointed, I became the custodian of the Debtor's books and records and obtained access to the physical files that were stored at two Wilshire Boulevard locations and its electronic files, which I have preserved with assistance of the Debtor's former information technology professional.  In 2022, I obtained an order from this Court permitting me to abandon and destroy many hundreds of boxes of files related to the Lockheed litigation on the grounds that the cost to continue storing them was a burden, particularly given the age of the case and that any applicable statute of limitations had run long before the entry of the order for relief against the Debtor.

3.      In February 2025, I filed three omnibus motions seeking disallowance of approximately 61 claims filed by former Lockheed claimants.  Claim 239 was inadvertently omitted.  After a group of the claimants retained counsel and the Court continued the hearing to provide the claimants additional time to review files and conduct research to try to determine how much each claimant was awarded, I made my own attempts to locate information.  Aware that many of the claimants had initially retained Timothy Larson, who then involved the Debtor, I determined through a search of the California State Bar and an internet search that Mr. Larson now works with a firm called Larson, Larson & Dauer, with an office at 15545 Devonshire St. #205, Mission Hills, CA 91345.  We prepared a subpoena to Mr. Larson seeking documents that we hoped would shed light on the allocations and which clients he represented.  Although he eventually produced the documents he was able to locate,

1 | none of them shed any light on the issues.  I also reached out to another lawyer who had been

2 | involved in the Lockheed case but received no response.

3 |     4.    A true and correct copy of claim 239 is attached hereto and identified by the

4 | number assigned to the disputed claim on the Court's claims register pursuant to Local

5 | Bankruptcy Rule 3007-1.

6 |     I declare under penalty of perjury that the foregoing is true and correct.

7 |     Executed on this _9th_ day of January, 2026, at Los Angeles, California.

10 | Elissa D. Miller

10710015.1

# EXHIBIT 1

KeyCite Red Flag - Severe Negative Treatment

Unpublished/noncitable   August 31, 2017

2017 WL 3765338

Not Officially Published

(Cal. Rules of Court, Rules 8.1105 and 8.1110, 8.1115)

Only the Westlaw citation is currently available.

California Rules of Court, rule 8.1115, restricts citation of unpublished opinions in California courts.

Court of Appeal, Second District, Division 3, California.

Luis GUTIERREZ, Plaintiff and Appellant,

v.

Thomas V. GIRARDI et al.,
Defendants and Respondents.

B271272
|
Filed 8/31/2017

APPEAL from a judgment of the Superior Court of Los Angeles County, William H. Highberger, Judge. Affirmed. (Los Angeles County Super. Ct. No. BC400560)

**Attorneys and Law Firms**

Dion–Kindem Law Firm and Peter R. Dion–Kindem for Plaintiff and Appellant.

Law Offices of Martin N. Buchanan and Martin N. Buchanan for Defendants and Respondents.

**Opinion**

JOHNSON (MICHAEL), J. [*]

**\*1** Appellant/plaintiff Luis Gutierrez (Gutierrez) appeals from a judgment following an order granting judgment on the pleadings in favor of respondents/defendants Thomas V. Girardi and Girardi & Keese (collectively G & K). Gutierrez contends the trial court erred in ruling that his complaint was barred by the statute of limitations. We reject his arguments and affirm.

## PROCEDURAL SUMMARY

### A. Background

Gutierrez was formerly employed by Lockheed Corporation. In the 1980s, he and other Lockheed employees filed actions alleging personal injuries caused by occupational exposure to chemicals at Lockheed's facilities (the Lockheed litigation). G & K was among the attorneys representing Gutierrez and the other plaintiffs in the Lockheed litigation.

Gutierrez filed this action against G & K on October 23, 2008. This court is familiar with the case, having issued two decisions on subjects unrelated to this appeal. (See *Gutierrez v. Girardi* (2011) 194 Cal.App.4th 925 [reversing summary judgment]; *Gutierrez v. Girardi* (Jan. 12, 2015, B251857) [nonpub. opn.] [affirming denial of class certification].)

### B. Third Amended Complaint

The operative pleading that was the subject of the trial court's order was the Third Amended Complaint (TAC), filed on April 20, 2012. The TAC alleged in pertinent part as follows. Gutierrez was represented by G & K in the Lockheed litigation, which was a toxic tort action filed on behalf of current and former Lockheed employees. Between 1992 and 2001, settlements totaling approximately $131 million were reached with various defendants in the Lockheed litigation. G & K received funds from the Lockheed litigation settlements and controlled all disbursements. As attorneys for Gutierrez and the other Lockheed plaintiffs, G & K owed them a fiduciary duty regarding the settlement proceeds. G & K breached this fiduciary duty by failing to disburse the plaintiffs' rightful shares of the settlements, disbursing settlement funds to G & K and third parties without the plaintiffs' knowledge and consent, utilizing settlement funds for G & K's own interests, withholding amounts as costs that were not properly chargeable as costs, failing to maintain settlement funds in interest-bearing trust accounts, and charging excessive and unreasonable attorney fees that were inconsistent with the governing fee agreements.

The TAC also alleged that G & K engaged in fraudulent representations and concealment, as follows. When G & K made settlement distributions to Gutierrez and the Lockheed plaintiffs, it provided only "net" settlement checks and did not provide a proper accounting for each distribution showing the gross amount, how each plaintiff's share was calculated, how much was taken for attorney fees and costs, and how fees and costs were calculated. Instead, G & K represented that the plaintiffs had received all funds to which they were entitled, which representations were false, and known by G & K to be false; the plaintiffs believed G & K's representations were true and reasonably relied upon them. G & K fraudulently

2017 WL 3765338

and intentionally concealed the misconduct, and the plaintiffs did not know of the concealment and reasonably relied on the representations that G & K had made. Gutierrez trusted G & K and did not discover or have reason to know of the misconduct, until he was advised of the misconduct by his attorney within one year of the date the original complaint was filed in this action.

**\*2** The TAC asserted two causes of action: fraudulent breach of fiduciary duty, and money had and received. The prayer sought compensatory and general damages, the actual sums owed from the money that G & K had received for the plaintiffs' benefit, restitution and other equitable relief, an order that G & K held the settlement proceeds as a constructive trustee, an order directing G & K to convey Gutierrez's portion of the settlement funds held, an order compelling G & K to account for settlement funds, an order requiring G & K to pay the value of any settlement funds transferred to third parties, punitive damages, prejudgment interest, and costs of suit.

### C. Original Motion for Judgment on the Pleadings
On December 1, 2015, G & K filed a motion for judgment on the pleadings, asserting that Gutierrez's claims were barred by the statute of limitations. Citing *Britton v. Girardi* (2015) 235 Cal.App.4th 721 (*Britton*), G & K argued that "newly decided binding case law shows that Plaintiff's claims are barred by the applicable statute of limitations, and therefore judgment as a matter of law is appropriate." The motion was noticed for hearing on December 23, 2015, and on that date the court denied it without prejudice for failure to give adequate notice.

The motion was re-set for hearing on December 31, 2015, and one day before the hearing, G & K filed and served a supplemental request for judicial notice of several significant documents. The court denied the motion on December 31, 2015, expressly refusing to take judicial notice of the newly submitted documents and concluding that G & K had failed to establish factors similar to those which supported the statute of limitations bar in *Britton*.

### D. Renewed Motion for Judgment on the Pleadings
At a pretrial hearing on February 5, 2016, the court found reasons to revisit its ruling on the motion for judgment on the pleadings. Gutierrez requested a jury instruction on common law fraud, which the court found inconsistent with the TAC and insufficiently alleged. Following extensive discussion of Gutierrez's theory of the case, the court told Gutierrez's

counsel "[t]he claim I let you proceed on on December 30th [incorrectly referring to the hearing on December 31, 2015] is obviously not the claim you think you're proceeding on." The court therefore elected to reconsider its ruling on the motion for judgment on the pleadings and announced that it would "vacate my ruling of December 30th [*sic*] nunc pro tunc and reset the matter for further argument as a way to go back and deal with what appears to be a confusion about the nature of what the court has proposed to allow you."

The renewed motion for judgment on the pleadings was set for February 11, 2016, and the parties filed supplemental papers. G & K's papers included a request for judicial notice that designated the untimely documents that had been rejected by the court at the December 31, 2015 hearing.

### E. Judicially Noticed Records
At the February 11, 2016 hearing on the renewed motion for judgment on the pleadings, the court took judicial notice of a large number of documents. These included the documents which had been rejected by the court on December 31, 2015.

The court took judicial notice of Workers' Compensation Appeals Board records concerning Gutierrez's claim against Lockheed in Case No. 87 VN 169 872 (Workers' Compensation records). These revealed that attorney Timothy Larson filed a workers' compensation claim on behalf of Gutierrez in March 1987 alleging that Gutierrez had suffered "stress and strain with toxic exposure" in the course of his employment at Lockheed.

The Workers' Compensation records also showed that Gutierrez signed a General Release on October 20, 1992, which released all of his exposure-related claims against Lockheed pursuant to a global settlement, subject to approval of the Workers' Compensation Appeals Board. The release referred to Gutierrez's right "to have his claim heard by the judicial panel appointed by the Honorable Melvin B. Grover, Superior Court Judge."

**\*3** The Workers' Compensation records included a Compromise and Release Agreement that Gutierrez and Larson both signed on July 31, 1993. The document settled all of Gutierrez's claims against Lockheed for $37,500, including attorney's fees of $12,500. Addendum C of the form stated: "The parties are entering into a 'global settlement,' as is evidenced by the attached General Liability Release, which is incorporated herein as an Addendum to the Compromise and Release Agreement. The global settlement settles both

2017 WL 3765338

the Workers' Compensation case, as well as the applicant's third party case against Lockheed- Aeronautical Systems Company. [¶] ... [¶] These cases are being settled for a total sum of $37,500.00, representing complete and total settlement, both in the Workers' Compensation and Liability cases. [¶] Lockheed has already funded a portion of these settlement monies, which are being held in trust by the plaintiff's counsel, Girardi, Keese and Crane. Upon receipt of the Board's Order Approving Settlement, plaintiff's counsel shall release funds to the applicant/plaintiff, consistent with the Board's Order Approving Settlement herein."

The Workers' Compensation records included an August 2, 1993, Workers' Compensation Appeals Board Opinion and Master Order Approving Compromise and Release for multiple Lockheed employees, including Gutierrez. The Master Order included an Addendum signed by Gutierrez, which awarded him "$37,500.00, less the attorney's fee payable to TIMOTHY A. LARSON, in the sum of $12,500.00." The Master Order stated that the award was "ordered payable from monies held in trust by THOMAS GIRARDI in the Global Settlement proceeds pursuant to Stipulations entered into in Superior Court proceedings, numbered NCC30559–B, et al., in the Superior Court of the State of California in and for the County of Los Angeles."

At the February 11, 2016 hearing, the court took judicial notice of a cross-complaint filed on September 14, 2001 in Los Angeles Superior Court, Case No. SC067080. The cross-complaint was by the Law Offices of Timothy Larson and attorney Jeffrey McIntyre against G & K, and it related to the Lockheed litigation. The cross-complainants alleged they had filed lawsuits on behalf of multiple Lockheed plaintiffs, and G & K had associated in as counsel of record with Larson for 525 clients; settlements totaling $130 million had eventually been reached between 1992 and 2001; G & K had failed to disburse all of the attorney fees and costs from the settlement funds; and G & K had committed fraud by taking 40 percent of the plaintiffs' recoveries as attorney fees, when it had represented that its compensation would be one-third of the recoveries.

At the hearing, the court took judicial notice of a complaint filed on October 3, 2001 in Los Angeles Superior Court, Case No. VC035337. That complaint was filed against G & K by the Law Offices of Jeffrey C. McIntyre and attorney Jeffrey C. McIntyre on behalf of Robert Anzures and over 80 of the plaintiffs in the Lockheed litigation. The complaint alleged that G & K failed to disburse the plaintiffs' appropriate share

of the settlements, disbursed settlement funds to G & K and third parties without the plaintiffs' knowledge and consent, failed to provide an accounting of the settlement funds, withheld amounts for payments not properly chargeable as costs, and failed to maintain the settlement funds in interest-bearing trust accounts.

The court also took judicial notice of a June 7, 2002 Order in the Lockheed litigation, Judicial Council Coordinated Proceeding No. 2967. The Order dismissed Gutierrez from the Lockheed litigation, on the ground that his claims were barred by the statute of limitations.

### F. Ruling on February 11, 2016

The court heard extensive argument on G & K's motion for judgment on the pleadings at the hearing on February 11, 2016. The argument focused on the documents that were properly subject to judicial notice, and whether the documents supported the conclusion that Gutierrez was on inquiry notice of his claims outside the period of limitations.

During argument the court noted that it had taken judicial notice of "the suit brought by Mr. Larson and Mr. McIntyre in September of 2001, when they still, in conjunction with the Girardi office, were representing Mr. Gutierrez insofar as he remained a nominal plaintiff in the Lockheed litigation." The court explained that this was relevant to the issue of inquiry notice, because "[w]hat I find potentially persuasive ... are the references to the suit Mr. Larson filed and the suit which Mr. Gutierrez's many coworkers filed; as well as the early disclosure to him with the Lockheed settlement of the availability of the retired judges to hear his inquiries; as well as the incompleteness of the information provided at the time the Lockheed settlement was approved." The court repeatedly indicated it was relying on the recent decision in *Britton*. And the court emphasized the finding in *Britton* that the plaintiffs in that case were on inquiry notice because of the lack of information provided to them about the settlement and their knowledge of a settlement allocation process presided over by retired judges.

**\*4**  At the conclusion of the hearing, the court granted the motion and ruled as follows: "Having considered the supplemental papers and heard argument; having determined to modify the ruling of December 31 with regard to the matters of which I can properly take permissive judicial notice; and now, on further consideration of the applicability of the relevant statutes of limitation, in Probate Code or otherwise; [¶] The question, really, for the two causes of

Exhibit 1, Page 11

action overtly pled, breach of fiduciary duty and money had and received, and for the alternative common law tort which plaintiff believes is manifest in the Third Amended Complaint, that being fraudulent concealment; [¶] All pivot on the question of whether or not the plaintiff was on inquiry notice more than three years before the suit was filed in October of 2008. [¶] And based on the matters of which I've now taken judicial notice, when taken in conjunction with the Third Amended Complaint, the court finds that under the authority of *Britton vs. Girardi*, that the record before the court now does show that plaintiff Gutierrez was on inquiry notice such that the motion should be granted in its entirety as to all of the theories articulated verbally during this argument, as well as the theories expressly stated in the Third Amended Complaint. [¶] Therefore the motion is granted."

On March 15, 2016, the court issued a written Order Granting Defendants' Motion for Judgment on the Pleadings. In the order, the court carefully listed the documents which had been accepted and rejected through judicial notice, and the court emphasized it had reached a different result from the hearing on December 31, 2015, because it had taken "judicial notice of many additional documents of which it had declined to take judicial notice on December 31." The court found it "indisputable on this record" that the statute of limitations barred plaintiff's claim. As it did in the oral ruling, the court granted the motion for judgment on the pleadings "in its entirety as to all of the theories articulated verbally, as well as the theories expressly stated in the Third Amended Complaint."

Final judgment was entered in favor of G & K on March 15, 2016, and Gutierrez filed a timely notice of appeal.

### ISSUES

Gutierrez claims the trial court erred by granting judgment on the pleadings in favor of G & K. An order granting judgment on the pleadings is reviewed de novo. (*Bezirdjian v. O'Reilly* (2010) 183 Cal.App.4th 316, 321.) "All properly pleaded, material facts are deemed true, but not contentions, deductions, or conclusions of fact or law; judicially noticed matters may be considered." (*Kapsimallis v. Allstate Ins. Co.* (2002) 104 Cal.App.4th 667, 672; accord, *Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.) "The standard for granting a motion for judgment on the pleadings is essentially the same as that applicable to a general demurrer, that is, under the state of the pleadings, together with matters that may be judicially

noticed, it appears that a party is entitled to judgment as a matter of law." (*Schabarum v. California Legislature* (1998) 60 Cal.App.4th 1205, 1216.)

### DISCUSSION

### A. The Trial Court Correctly Concluded that Gutierrez's Action is Barred by the Statute of Limitations

Gutierrez's action against G & K was commenced on October 23, 2008. The TAC alleges in pertinent part that Gutierrez suffered losses by failing to receive proper settlement distributions from the Lockheed litigation because of misconduct by G & K during the period from 1992 through 2001. Citing *Britton*, the trial court ruled that Gutierrez's claims were barred by all applicable statutes of limitation, because he was placed on inquiry notice of the claims no later than 2001, more than seven years before he filed his action against G & K. We agree with the trial court's analysis.

### 1. The applicable statutes of limitations

The Court of Appeal's decision in *Britton* applied the three-year period of limitations in Probate Code section 16460,[1] and Code of Civil Procedure section 338, subdivision (d).[2] (*Britton, supra*, 235 Cal.App.4th at p. 734 & fn. 6.)

**\*5** Both of these statutes include a discovery rule for claims. Probate Code section 16460, subdivision (a)(2) states that a claim is barred "unless a proceeding to assert the claim is commenced within three years after the beneficiary discovered, or reasonably should have discovered, the subject of the claim." And Code of Civil Procedure section 338, subdivision (d), states that a claim "is not deemed to have accrued until the discovery, by the aggrieved party, of the facts constituting the fraud or mistake."

Under the discovery rule, "[p]ossession of 'presumptive' as well as 'actual' knowledge will commence the running of the statute." (*Sanchez v. South Hoover Hospital* (1976) 18 Cal.3d 93, 101.) A person "has reason to discover the cause of action when he has reason at least to suspect a factual basis for its elements." (*Norgart v. Upjohn Co.* (1999) 21 Cal.4th 383, 398.) "Such reasonable suspicion exists when the plaintiff has notice or information of circumstances to put a reasonable

person on inquiry." (*State of California ex rel. Metz v. CCC Information Services, Inc.* (2007) 149 Cal.App.4th 402, 417.)

The discovery rule is relaxed when the plaintiff and defendant have a confidential or fiduciary relationship; nevertheless, "[o]nce the plaintiff becomes aware of facts that would make a reasonably prudent person suspicious, the duty to investigate arises, and the plaintiff may then be charged with knowledge of facts that would have been discovered by an investigation." (3 Witkin, Cal. Procedure (5th ed. 2008) Actions § 663, pp. 87–878.) Thus, a "plaintiff does have a duty to investigate even where a fiduciary relationship exists when 'he has notice of facts sufficient to arouse the suspicions of a reasonable man.' [Citations.]" (*Electronic Equipment Express, Inc. v. Donald H. Seiler & Co.* (1981) 122 Cal.App.3d 834, 855.) And if the plaintiff "became aware of facts which would make a reasonably prudent person suspicious, she had a duty to investigate further, and she was charged with knowledge of matters which would have been revealed by such an investigation." (*Miller v. Bechtel Corp.* (1983) 33 Cal.3d 868, 875; accord, *Czjkowski v. Haskell & White, LLP* (2012) 208 Cal.App.4th 166, 176–177; *Noggle v. Bank of America* (1999) 70 Cal.App.4th 853, 860–861.)

### 2. The decision in *Britton*

In *Britton*, the Court of Appeal applied the discovery rule to facts and claims very similar to the present case. The *Britton* plaintiffs sued three law firms that had represented them in an action against State Farm Insurance Company, arising out of a 1997 settlement of losses incurred in the Northridge earthquake. The plaintiffs asserted a single claim for breach of fiduciary duty, alleging the defendants had misappropriated settlement funds, failed to obtain the plaintiffs' informed consent to the settlement, failed to account for settlement proceeds, and had fraudulently concealed their misconduct. (*Britton, supra,* 235 Cal.App.4th at pp. 726–727.)

The trial court sustained the defendants' demurrer without leave to amend, concluding the action was barred by the statute of limitations. The Court of Appeal affirmed, with one justice concurring in the result but applying a different legal analysis. The majority "read plaintiffs' claims as sounding in concealment (fraud)" and therefore applied "the statute of limitations of Probate Code section 16460 and [Code of Civil Procedure] section 338, subdivision (d), which both have a three-year period." (*Britton, supra,* 235 Cal.App.4th at p. 734, fn. 6.) [3] The court concluded that the plaintiffs were placed on

inquiry notice at the time they received their settlement checks in 1997 "because the information given [to] them about the settlement process warned them that they did not have the information needed to give consent about the process and thus alerted them to investigate." (*Id.* at p. 735.)

**\*6** The specific factors which placed the *Britton* plaintiffs on inquiry notice were their receipt of "net" settlement checks, that did not include a complete and accurate accounting of all funds received and disbursements made from the settlement process (*Britton, supra,* 235 Cal.App.4th at p. 727); their receipt of only a signature page of the settlement agreement, that did not include the master settlement agreement and similar documents (*id.* at p. 735); and notice given to them that several retired judges had been appointed to preside over the settlement process as settlement special masters or referees (*id.* at pp. 735–736).

These factors led the *Britton* court to conclude "the three-year statutes of limitations of Probate Code section 16460 and Code of Civil Procedure section 338, subdivision (d) began to run at the very latest when all avenues of recourse —the special master proceedings, its internal appeal process, questioning of the process and its allocation—expired, which was more than three years before the commencement of this action. Plaintiffs' complaint filed in 2012 was untimely because the fraud statute of limitations started running at the latest in 1998, when plaintiffs were on inquiry notice (1) to investigate why they were being asked to accept a check about a settlement where they knew they had next to no information and (2) had access to a settlement allocation process in which to object." (*Britton, supra,* 235 Cal.App.4th at p. 737.)

In the present case, similar factors put Gutierrez on inquiry notice of his claims when he received the Lockheed litigation settlement distributions in the period from 1992 through 2001. Gutierrez's TAC alleged that G & K provided him with "net" settlement checks without a proper accounting of the settlement funds. The judicially noticed records showed that Gutierrez was placed on notice that the settlement distributions were supervised by a "judicial panel appointed by the Honorable Melvin B. Grover, Superior Court Judge"; the compromise and release forms were part of a "global settlement" of all claims against Lockheed; the settlement funds were held in trust by G & K; and the settlement allocated funds for attorney fees and costs.

Just as in *Britton*, these factors put Gutierrez "on inquiry notice (1) to investigate why [he was] being asked to accept a

check about a settlement where [he] knew [he] had next to no information and (2) [he] had access to a settlement allocation process in which to object." (*Britton, supra,* 235 Cal.App.4th at p. 737.)

The present case has additional inquiry factors even more compelling than *Britton.* The judicially noticed materials showed that Timothy Larson was one of Gutierrez's attorneys in the Lockheed litigation through the date in 2002 when Gutierrez was finally dismissed from the litigation. In 2001, Larson and Jeffrey McIntyre filed a cross-complaint alleging that G & K engaged in fraudulent misconduct during the Lockheed litigation settlements by taking 40 percent of the settlement funds in fees, when G & K represented that its compensation would be one-third of the recoveries. Also in 2001, Jeffrey McIntyre, Larson's co-counsel on the cross-complaint, filed a complaint against G & K on behalf of over 80 plaintiffs in the Lockheed litigation; the complaint alleged that G & K failed to disburse the plaintiffs' appropriate share of the settlements, disbursed settlement funds to G & K and third parties without the plaintiffs' knowledge and consent, failed to provide an accounting of the settlement funds, withheld amounts for payments not properly chargeable as costs, and failed to maintain the settlement funds in interest-bearing trust accounts.

**\*7**  In the present case, Gutierrez's TAC alleged (like the 2001 cross-complaint by Larson and McIntyre) that G & K wrongfully took 40 percent in fees, rather than one-third. And (with language similar to McIntyre's 2001 complaint on behalf of many Lockheed litigation plaintiffs) the TAC alleged that G & K failed to disburse the appropriate share of the settlements, disbursed settlement funds to itself and third parties without Gutierrez's knowledge and consent, failed to provide a proper accounting of settlement funds, withheld amounts for payments not properly chargeable as costs, and failed to maintain the settlement funds in interest-bearing trust accounts.

During the hearing on the motion for judgment on the pleadings, Gutierrez conceded that Larson was one of his attorneys in the Lockheed litigation in 2001. In that capacity, Larson's knowledge and belief in 2001 of alleged misconduct by G & K placed Gutierrez on inquiry notice in 2001 of the same allegations. Knowledge of an agent is imputed to the principal, because "both principal and agent are deemed to have notice of whatever either has notice of, and ought, in good faith and the exercise of ordinary care and diligence, to communicate to the other." (Civ. Code, § 2332.) In civil

cases, this presumption "is deemed conclusive." (*Freeman v. Superior Court* (1955) 44 Cal.2d 533, 537–538; accord, *California Fair Employment & Housing Com. v. Gemini Aluminum Corp.* (2004) 122 Cal.App.4th 1004, 1015.)

This agency rule "applies to the attorney-client relationship." (*Herman v. Los Angeles County Metropolitan Transportation Authority* (1999) 71 Cal.App.4th 819, 828 (*Herman* ); accord, *Lazzarevich v. Lazzarevich* (1952) 39 Cal.2d 48, 50 (*Lazzarevich* ) ["Ordinarily a person is held to know what his attorney knows ...."].) The rule has been applied to an attorney's knowledge of fraudulent conduct, which is imputed to his client. (*Nelson v. Nelson* (1933) 131 Cal.App. 126, 132.) The rule "has also been used to determine that an agent's knowledge of certain facts will be imputed to a principal when determining when a statute of limitations begins to run." (*Santillan v. Roman Catholic Bishop of Fresno* (2008) 163 Cal.App.4th 4, 11 (*Santillan* ); accord, *Lazzarevich,* at pp. 49–50 [attorney's knowledge imputed to client for statute of limitations purposes]; *Stalberg v. Western Title Ins. Co.* (1991) 230 Cal.App.3d 1223, 1231 [same].)

Under the rules of professional responsibility for attorneys, Larson had an affirmative obligation to inform his Lockheed litigation clients such as Gutierrez that he believed G & K was deducting excessive fees in violation of the fee agreements and that he was suing G & K for doing so. (Bus. & Prof. Code, § 6068, subd. (m) [duty to keep clients reasonably informed of significant developments]; Rules Prof. Conduct, rule 3–500 ["A member shall keep a client reasonably informed about significant developments relating to the employment or representation"].) "So long as the agent was under a duty to disclose certain information, the principal is bound by the agent's knowledge of that information whether or not the agent communicated it to the principal." (*Santillan, supra,* 163 Cal.App.4th at pp. 10–11; *Herman, supra,* 71 Cal.App.4th at p. 828 ["an attorney is his client's agent, and ... the agent's knowledge is imputed to the principal even where ... the agent does not actually communicate with the principal"].) Gutierrez is therefore charged with Larson's knowledge of G & K's alleged wrongdoing in 2001.

For all of these reasons, the trial court correctly followed *Britton* and ruled that Gutierrez was on inquiry notice of his claims no later than 2001.[4]

**B. The Arguments Made by Gutierrez Have No Merit**

### 1. *Prakashpalan* does not apply

**\*8** Gutierrez relies heavily on *Prakashpalan v. Engstrom, Lipscomb & Lack* (2014) 223 Cal.App.4th 1105 (*Prakashpalan* ), which is cited throughout his opening and reply briefs. Gutierrez contends the *Prakashpalan* decision supports reversal of the trial court's judgment. We disagree.

*Prakashpalan* arose from the same Northridge earthquake settlement involved in *Britton*. The defendants were attorneys who had represented the plaintiffs and other property owners who also entered into the 1997 aggregate settlement with State Farm (which the Court of Appeal referred to as the "Allegro Matter"). The plaintiffs sued the attorneys, asserting multiple causes of action that included legal malpractice, breach of fiduciary duty, and fraud-based claims. (*Prakashpalan, supra,* 223 Cal.App.4th at p. 1114.)

The plaintiffs' complaint alleged the attorneys had received money from the 1997 settlement, and had fraudulently withheld funds from the plaintiffs' share of the settlement funds. At the time of the settlement, the plaintiffs had received a net distribution, with basic but insufficient information about the attorney fees deducted and the aggregate amount paid to others who settled. More than four years later, the plaintiffs discovered the attorneys' wrongdoing when they compared settlements with other property owners. (*Prakashpalan, supra,* 223 Cal.App.4th at p. 1125.)

The Court of Appeal held the plaintiffs' claims were not barred by the statute of limitations. The court applied the period of limitations in Probate Code section 16460, because the plaintiffs' claims were all based upon distributions from an express trust in the form of a client trust account and the attorneys' corresponding fiduciary duty to provide a complete accounting to a beneficiary. The court concluded that the three-year limitations period under section 16460 commences with the beneficiary's receipt of an accounting, or by the beneficiary's discovery of the claim if no accounting is provided. (*Prakashpalan, supra,* 223 Cal.App.4th at p. 1123.) The court noted that a "duty of inquiry is triggered where there is sufficient information (either through an accounting or otherwise) to put the beneficiary on notice to take action." (*Ibid*.)

The *Prakashpalan* court held the plaintiffs' claims were timely despite the passage of more than four years after they had received settlement distributions, because they had insufficient information to put them on inquiry notice of claims against the defendants: "[T]he only information plaintiffs received from [defendants] was the amount of their share of the Allegro settlement, [defendants'] attorney fees, and that the 93 families received a total of $100 million. Even without applying the more detailed standard of American Bar Association Model Rules of Professional Conduct, rule 1.8(g), [defendants'] accounting was incomplete because it did not provide plaintiffs with sufficient information to evaluate whether all monies were distributed, and whether they received the sums they were entitled to receive. [¶] As a result of this insufficient accounting which plaintiffs have alleged was the result of concealment, plaintiffs, who had no other sources of information, were not put on notice of any wrongdoing until they later conducted an investigation by surveying other settling plaintiffs in the Allegro Matter," making plaintiffs' complaint timely under the principles of Probate Code section 16460. (*Prakashpalan, supra,* 223 Cal.App.4th at p. 1125.)

**\*9** Gutierrez argues that *Prakashpalan* should be followed here, instead of *Britton*. But the *Britton* court—which was the same division of the Court of Appeal that decided *Prakashpalan* one year earlier—was very careful to note that the two cases were based upon much different records. As the *Britton* court pointed out: "In *Prakashpalan, supra,* 223 Cal.App.4th 1105, we held that absent any other notice, the statute of limitations pursuant to Probate Code section 16460 was tolled as to a client's fraud claim arising out of funds held in an attorney's trust account until the client received an accounting. Nothing in *Prakashpalan* altered the timeworn principle that where there are facts sufficient to put one on inquiry notice, the fraud statute of limitations starts running even when the defendant is a fiduciary. In the instant case, unlike in *Prakashpalan*, plaintiffs' allegations in their complaint in combination with the exhibits attached to their complaint reveal facts that should have put plaintiffs on inquiry notice of their fraud claim against the defendant attorneys, thus starting the running of the fraud statute of limitations." (*Britton, supra*, 235 Cal.App.4th at p. 725.)

The *Britton* court stressed repeatedly that the record in that case contained additional factors which placed the *Britton* plaintiffs on inquiry notice of their claims. (*Britton, supra,* 235 Cal.App.4th at pp. 732, 735, & 736.) The court particularly emphasized the role of retired judges serving as settlement masters, who were available as independent sources of information about the inadequate settlement papers provided by the defendants: "Unlike *Prakashpalan*, plaintiffs

WESTLAW    © 2024 Thomson Reuters. No claim to original U.S. Government Works.

here have alleged facts showing they were on inquiry notice given what they have alleged they did not know at the time they received their settlement checks. With respect to their consent to the settlement, plaintiffs have alleged that at the time of the settlement, they received only a signature page and knew that they did not receive a copy of the master settlement agreement, master release, and confidentiality agreement. Plaintiffs attached to their SAC exhibit 5, a copy of a page from a letter sent to the Prakashpalans regarding the settlement in which plaintiffs were advised that by signing the mere signature page, they were giving up all claims against State Farm, past and future, and that they could not talk about the settlement with anyone. Exhibit 5 also mentioned Judge Smith, who was not the superior court judge assigned to their case, who would be making the settlement allocations. Judge Smith had been named as one of the settlement special masters/referees in the order requested by plaintiffs and filed by Judge Schneider on October 14, 1998." (*Id.* at pp. 735–736, fn. omitted.)

The present case also contains additional factors which placed Gutierrez on inquiry notice of his claims against G & K. Just as in *Britton*, the judicially noticed records show that Gutierrez entered into a global settlement of all claims against Lockheed, the settlement funds were held and distributed by G & K, and the distributions were supervised by a panel of retired judges. The judicially noticed records also show that one of Gutierrez's attorneys in the Lockheed litigation believed that G & K had engaged in misconduct concerning the settlement distributions. Just as in *Britton*, the *Prakashpalan* decision is not applicable, because "plaintiffs' allegations in their complaint in combination with the exhibits [subject to judicial notice] reveal facts that should have put plaintiffs on inquiry notice of their fraud claim against the defendant attorneys, thus starting the running of the fraud statute of limitations." (*Britton, supra,* 235 Cal.App.4th at p. 725.)

### 2. The request for an accounting does not survive

Gutierrez has repeatedly asserted in his opening and reply briefs that his claim for an accounting pursuant to Business & Professions Code section 6091 is not barred by the statute of limitations. We do not accept this argument.

**\*10**  Gutierrez did not assert a "claim for accounting" in his complaint. The TAC alleges two causes of action: fraudulent breach of fiduciary duty, and money had and received. An

"accounting" is mentioned only in the prayer, as one of the many remedies that are requested as relief upon proof of the two causes of action.

In *Jefferson v. J. E. French Co.* (1960) 54 Cal.2d 717 (*Jefferson*), our Supreme Court held that a prayer for accounting did not survive if the underlying cause of action was barred by the statute of limitations. The plaintiff sued for recovery of profits from a car dealership, under an oral contract which provided for payment of 10 percent of each year's profits. The complaint asserted a cause of action for breach of an oral contract, and the prayer sought recovery of damages for profits owed plus an accounting of the dealership's profits for the years in question. The trial court sustained a demurrer on the ground that the action was barred by the statute of limitations governing the breach of oral contract claim.

On appeal, the plaintiff argued—as Gutierrez has done here—that his request for an accounting was not barred by the statute of limitations. The Supreme Court rejected the plaintiff's argument, holding: "The accounting is merely ancillary to the perfection of plaintiff's right under the oral contract, and that aspect of the action should not operate to avoid the effect of a statute prescribing a period of limitation with respect to the right basically in issue." (*Jefferson, supra,* 54 Cal.2d at p. 719; accord, *Day v. Greene* (1963) 59 Cal.2d 404, 411 ["The statute of limitations to be applied is determined by the nature of the right sued upon, not by the form of the action or the relief demanded."]; *Barton v. New United Motor Manufacturing, Inc.* (1996) 43 Cal.App.4th 1200, 1207 [same].)

Gutierrez contends his request for an accounting is not subject to any statute of limitations, but that is wrong under the circumstances of this case. Gutierrez relies on cases involving a trustee's duty to account under a continuing trust. (See *Estate of De Laveaga* (1958) 50 Cal.2d 480, 484; *Salter v. Lerner* (2009) 176 Cal.App.4th 1184, 1186–1187; *Mashon v. Haddock* (1961) 190 Cal.App.2d 151, 178.) There is nothing like that in this case, which involves an attorney's distributions of settlement proceeds during a finite period of time. Under California Rules of Professional Conduct, rule 4–100(B)(3), an attorney is only required to retain accounting records for five years after "final appropriate distribution" of the funds. An unlimited statute of limitations would make no sense under these circumstances. [5]

The statute of limitations for an accounting is determined by the underlying right or obligation sued upon. (See *Jefferson,*

2017 WL 3765338

*supra,* 54 Cal.2d at pp. 718–719 [accounting was subject to the statute of limitations for the underlying claim for breach of an oral contract]; *Bell v. Bank of California* (1908) 153 Cal. 234, 242 [accounting was subject to the statute of limitations for the underlying claim for conversion].) As we have discussed, the underlying claims asserted by Gutierrez are barred by the statute of limitations, and his request for accounting is likewise barred.

### DISPOSITION

**\*11** The judgment is affirmed. Defendants Thomas V. Girardi and Girardi & Keese are awarded their costs.

We concur:

EDMON, P. J.

LAVIN, J.

**All Citations**

Not Reported in Cal.Rptr., 2017 WL 3765338

## Footnotes

\*     Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

1     The statute of limitations in Probate Code section 16460, subdivision (a) reads: "(1) If a beneficiary has received an interim or final account in writing, or other written report, that adequately discloses the existence of a claim against the trustee for breach of trust, the claim is barred as to that beneficiary unless a proceeding to assert the claim is commenced within three years after receipt of the account or report. An account or report adequately discloses existence of a claim if it provides sufficient information so that the beneficiary knows of the claim or reasonably should have inquired into the existence of the claim. [¶] (2) If an interim or final account in writing or other written report does not adequately disclose the existence of a claim against the trustee for breach of trust or if a beneficiary does not receive any written account or report, the claim is barred as to that beneficiary unless a proceeding to assert the claim is commenced within three years after the beneficiary discovered, or reasonably should have discovered, the subject of the claim."

2     The statute of limitations in Code of Civil Procedure section 338, subdivision (d) reads: "(d) An action for relief on the ground of fraud or mistake. The cause of action in that case is not deemed to have accrued until the discovery, by the aggrieved party, of the facts constituting the fraud or mistake."

3     The concurring opinion disagreed with the majority on this point and concluded that the statute of limitations in Code of Civil Procedure, section 340.6 applied, because the plaintiffs had failed to "allege *with particularity* all of the facts constituting the substantive elements of fraud." (*Britton, supra,* 235 Cal.App.4th at p. 739 [conc. opn. of Rothschild, P. J.].)

4     As an alternative ground, G & K contends the claims asserted by Gutierrez are barred by the statute of limitations for an attorney's wrongful act or omission under Code of Civil Procedure section 340.6, and Gutierrez has vigorously contested this argument. We see no reason to address this issue. The trial court did not cite section 340.6 in its ruling, and we have determined that the grounds which the trial court in fact relied upon were proper.

5     Rule 4–100(B)(3) of the California Rules of Professional Conduct led the concurring justice in *Britton* to quite logically conclude "[t]he five-year period for retention of relevant records presents a reasonable outer limit on the time within which a client is entitled to an accounting under Business and Professions Code section 6091.... [P]laintiffs appear to contend that an attorney is obligated in perpetuity to provide an accounting upon

2017 WL 3765338

the client's request, even if the relevant records were lawfully destroyed decades ago. That cannot be the law." (*Britton, supra*, 235 Cal.App.4th at p. 740 [conc. opn. of Rothschild, P. J.].)

---

**End of Document**                                         © 2024 Thomson Reuters. No claim to original U.S. Government Works.

# POC 239

Fill in this information to identify the case:

| | |
|---|---|
| Debtor 1 | Girardi Keese |
| Debtor 2 (Spouse, if filing) | |
| United States Bankruptcy Court for the: | United States Bankruptcy Court - Central District of California |
| Case number | 20-21022 |

**RECEIVED**
**11/22/2021 9:16:27 PM (Eastern Time)**
**US BANKRUPTCY COURT-DRC**
**Claim No. ECN-25**

Official Form 410

# Proof of Claim

04/19

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

## Part 1:    Identify the Claim

| | |
|---|---|
| 1. Who is the current creditor? | Gera Dean Williams |
| | Name of the current creditor (the person or entity to be paid for this claim) |
| | Other names the creditor used with the debtor   Gera Breaux, Watts, Andrews |
| 2. Has this claim been acquired from someone else? | ☑ No<br>☐ Yes.  From whom? _____ |
| 3. Where should notices and payments to the creditor be sent?<br><br>Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | **Where should notices to the creditor be sent?**<br><br>Gera Dean Williams<br>1425 Washington Village Parkway Apt 211<br>Beaumont Tx 77707<br>4092395660<br>geradwilliams1938@gmail.com<br><br><br>Uniform claim identifier for electronic payments in chapter 13 (if you use one):<br><br>__ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ | **Where should payments to the creditor be sent?** (if different) |
| 4. Does this claim amend one already filed? | ☑ No<br>☐ Yes.  Claim number on court claims registry (if known) _____    Filed on ____ / ____ / _____<br>                                                                                                                    MM   /  DD  /  YYYY |
| 5. Do you know if anyone else has filed a proof of claim for this claim? | ☑ No<br>☐ Yes.  Who made the earlier filing?  _____ |

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☑ No

☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: _____ _____ _____ _____

**7. How much is the claim?**     $___Unknown / unliquidated___ .   **Does this amount include interest or other charges?**

☑ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

___Personal Injury_____

**9. Is all or part of the claim secured?**

☑ No

☐ Yes.  The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.

☐ Motor vehicle

☐ Other. Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:**     $_____

**Amount of the claim that is secured:**     $_____

**Amount of the claim that is unsecured:**     $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:**     $_____

**Annual Interest Rate** (when case was filed)_____%

☐ Fixed

☐ Variable

**10. Is this claim based on a lease?**

☑ No

☐ Yes. **Amount necessary to cure any default as of the date of the petition.**     $_____

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property: _____

Official Form 410                              **Proof of Claim**                                                    page 2

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☑ No

☐ Yes. *Check all that apply:*

Amount entitled to priority

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

$_____

☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).

$_____

☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).

$_____

☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).

$_____

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).

$_____

☐ Other. Specify subsection of 11 U.S.C. § 507(a)(____) that applies.

$_____

\* Amounts are subject to adjustment on 04/01/22 and every 3 years after that for cases begun on or after the date of adjustment.

---

**Part 3:**   **Sign Below**

**The person completing this claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

Check the appropriate box:

☑ I am the creditor.

☐ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   11/22/2021
                   MM / DD / YYYY

*/s/ Gera Dean Williams*
Signature

Print the name of the person who is completing and signing this claim:

Gera Dean Williams
1425 Washington Village Parkway Apt 211
Beaumont Tx 77707
4092395660
geradwilliams1938@gmail.com

---



"Ex. B"



"Exhibit A"

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
4675 MacArthur Court, Suite 1550, Newport Beach, CA 92660

A true and correct copy of the foregoing document entitled (*specify*):
**MOTION FOR ORDER DISALLOWING CLAIM 239 OF GERA DEAN WILLIAMS PURSUANT TO 11 U.S.C. § 502; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF ELISSA D. MILLER IN SUPPORT**
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) January 9, 2026, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On January 9, 2026, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on January 9, 2026, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Via Federal Express
**The Honorable Barry Russell**
**United States Bankruptcy Court**
**Edward R. Roybal Federal Building**
**255 E. Temple Street, Suite 1660**
**Los Angeles, CA 90012**

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 1/9/2026 | Bambi Clark | /s/ Bambi Clark |
|---|---|---|
| Date | Printed Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:

- **Kyra E Andrassy**        kandrassy@raineslaw.com, bclark@raineslaw.com;csantiago@raineslaw.com
- **Rafey Balabanian**       rbalabanian@edelson.com, docket@edelson.com;
  5926930420@filings.docketbird.com
- **Michelle Balady**        mb@bedfordlg.com, leo@bedfordlg.com
- **Robert D Bass**          bob.bass47@icloud.com
- **Reem J Bello**           rbello@goeforlaw.com, kmurphy@goeforlaw.com
- **Kate Benveniste**        kate.benveniste@gtlaw.com, mowent@gtlaw.com, kate-benveniste-
  1498@ecf.pacerpro.com
- **Leslie A Berkoff**       lberkoff@moritthock.com, hmay@moritthock.com
- **Carl Berthold**          cberthold@apjuris.com
- **Ori S Blumenfeld**       oblumenfeld@lakklawyers.com, ncondren@lakklawyers.com;
  smcfadden@lakklawyers.com
- **Clifford Bordeaux**      cliff@bordeauxlaw.com, BordeauxLawPC@jubileebk.net
- **Evan C Borges**          eborges@ggtriallaw.com, cwinsten@ggtriallaw.com
- **William E Brueckner**    wbrueckner@woodsoviatt.com
- **Richard Dennis Buckley** rbuckley@safarianchoi.com
- **Steve Burnell**          Steve.Burnell@gmlaw.com, sburnell@ecf.courtdrive.com;
  sburnell@ecf.inforuptcy.com; cheryl.caldwell@gmlaw.com; denise.walker@gmlaw.com
- **Glenn Ward Calsada**     glenn@calsadalaw.com, lnw@calsadalaw.com; glenncalsada@gmail.com,
  niko@calsadalaw.com, lauren@calsadalaw.com, pat@calsadalaw.com
- **Indira J. Cameron-Banks**   indira@cameronjones.law, tiffany@cameronbankslaw.com
- **Kathryn M.S. Catherwood**   kcatherwood@grsm.com, mbrookman@grsm.com; sdurazo@grsm.com;
  jswanson@grams.com
- **Michael F Chekian**      mike@cheklaw.com, chekianmr84018@notify.bestcase.com
- **Fang Chen**       fang@fangchenlaw.com
- **Marie E Christiansen**   mchristiansen@vedderprice.com, ecfladocket@vedderprice.com,
  mariechristiansen-4166@ecf.pacerpro.com
- **Baruch C Cohen**         bcc@BaruchCohenEsq.com, paralegal@baruchcohenesq.com
- **Leslie A Cohen**         leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;clare@lesliecohenlaw.com
- **Jennifer Witherell Crastz**   jcrastz@hrhlaw.com
- **Ashleigh A Danker**      adanker731@gmail.com
- **Richard T Egger**        richard.egger@bbklaw.com, linda.tapia@bbklaw.com
- **Lei Lei Wang Ekvall - DECEASED -**   lekvall@swelawlirm.com, lgarrett@swelawfirm.com;
  gcruz@swelawfirm.com; jchung@swelawfirm.com
- **Richard W Esterkin**     richard.esterkin@morganlewis.com
- **Oscar Estrada**          oestrada@ttc.lacounty.gov
- **Timothy W Evanston**         tevanston@raineslaw.com, gcruz@swelawfirm.com;
  lgarrett@swelawfirm.com; jchung@swelawfirm.com
- **Jeremy Faith**           Jeremy@MarguliesFaithlaw.com, Angela@MarguliesFaithlaw.com;
  Vicky@MarguliesFaithlaw.com
- **Robert W Finnerty**      rfinnerty@actslaw.com, fpedro@actslaw.com
- **James J Finsten**        jimfinsten@hotmail.com
- **James J Finsten**        jfinsten@lurie-zepeda.com, jimfinsten@hotmail.com
- **Alan W Forsley**         alan.forsley@flpllp.com, awf@fkllawfirm.com, awf@fl-lawyers.net,
  addy@flpllp.com
- **Michael E Friedman**     MichaelFriedmanLaw@gmail.com
- **Steven R. Friedman**     stevenrfriedman@gmail.com
- **Larry W Gabriel**        lgabrielaw@outlook.com, tinadow17@gmail.com
- **James B Glucksman**      jbg@dhclegal.com
- **Robert P Goe**           kmurphy@goeforlaw.com, rgoe@goeforlaw.com; goeforecf@gmail.com
- **Eric D Goldberg**        eric.goldberg@dlapiper.com, eric-goldberg-1103@ecf.pacerpro.com

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

- **Rosendo Gonzalez**      rossgonzalez@gonzalezplc.com, rgonzalez@ecf.axosfs.com;
  jzavala@gonzalezplc.com; zig@gonzalezplc.com; gig@gonzalezplc.com
- **Andrew Goodman**      agoodman@andyglaw.com, Goodman.AndrewR102467@notify.bestcase.com
- **Suzanne C Grandt**      suzanne.grandt@calbar.ca.gov, joan.randolph@calbar.ca.gov
- **Steven T Gubner**      sgubner@bg.law, ecf@bg.law
- **Asa S Hami**      asa.hami@gmlaw.com, ahami@ecf.courtdrive.com; patricia.dillamar@gmlaw.com;
  pdillamar@ecf.courtdrive.com
- **Brian T Harvey**      bharvey@buchalter.com, docket@buchalter.com;dbodkin@buchalter.com
- **Stella A Havkin**      stella@havkinandshrago.com, shavkinesq@gmail.com
- **James Andrew Hinds**      jhinds@hindslawgroup.com; mduran@hindslawgroup.com,
  mduran@hindslawgroup.com
- **Marshall J Hogan**      mhogan@swlaw.com, fcardenas@swlaw.com
- **Bradford G Hughes**      bhughes@Clarkhill.com, mdelosreyes@clarkhill.com
- **Sheryl K Ith**      sith@cookseylaw.com
- **Razmig Izakelian r**      azmigizakelian@quinnemanuel.com
- **Steven D Jerome**      sjerome@swlaw.com
- **Lillian Jordan**      nefrecipients@donlinrecano.com, RMAPA@DONLINRECANO.COM
- **Alphamorlai Lamine Kebeh**      MKebeh@allenmatkins.com
- **Molly J. Kjartanson**      mkjartanson@swlaw.com
- **Michael S Kogan**      mkogan@koganlawfirm.com
- **Kenneth A Kotarski**      KKOTARSKI@HAMRICKLAW.COM, hmartindale@HAMRICKLAW.COM;
  pliscano@hamricklaw.com; gknopfler@hamricklaw.com; khearn@hamricklaw.com;
  secretary2@hamricklaw.com; sjustice@hamricklaw.com; jpoole@hamricklaw.com
- **Lewis R Landau**      Lew@Landaunet.com
- **Janet A Lawson**      jlawsonlawyer@gmail.com, G38570@notify.cincompass.com
- **Daniel A Lev**      daniel.lev@gmlaw.com, cheryl.caldwell@gmlaw.com;dlev@ecf.courtdrive.com
- **Marc A Lieberman**      marc.lieberman@flpllp.com, safa.saleem@flpllp.com,addy@flpllp.com
- **Elizabeth A Lombard**      elombard@zwickerpc.com, bknotices@zwickerpc.com
- **Noreen A Madoyan**      Noreen.Madoyan@usdoj.gov
- **Aaron J Malo**      amalo@sheppardmullin.com, abilly@sheppardmullin.com;
  rgolder@sheppardmullin.com
- **Kathleen P March**      kmarch@bkylawfirm.com, kmarch3@sbcglobal.net,kmarch@sbcglobal.net
- **Craig G Margulies**      Craig@MarguliesFaithlaw.com, Vicky@MarguliesFaithlaw.com;
  Angela@MarguliesFaithlaw.com
- **Ron Maroko**      ron.maroko@usdoj.gov
- **Damian J. Martinez**      dmartinez@leechtishman.com, mmocciaro@leechtishman.com
- **Peter J Mastan**      peter.mastan@dinsmore.com, SDCMLFiles@dinsmore.com
  ;Katrice.ortiz@dinsmore.com
- **Edith R. Matthai**      ematthai@romalaw.com, lrobie@romalaw.com
- **Daniel J McCarthy**      dmccarthy@hillfarrer.com, spadilla@hillfarrer.com; dflowers@hfbllp.com
- **Dennis E McGoldrick**      dmcgoldricklaw@yahoo.com, demcg@demcg.com
- **Elissa Miller (TR)**      CA71@ecfcbis.com, MillerTrustee@gmlaw.com; C124@ecfcbis.com;
  cheryl.caldwell@gmlaw.com; cheryl.caldwell@ecf.courtdrive.com
- **Eric A Mitnick**      MitnickLaw.com, mitnicklaw@gmail.com
- **Byron Z Moldo**      bmoldo@ecjlaw.com, aantonio@ecjlaw.com,dperez@ecjlaw.com
- **Kevin H Morse**      kmorse@clarkhill.com, blambert@clarkhill.com
- **Glenn D. Moses**      gmoses@venable.com, cascavone@venable.com; ipmalcolm@venable.com;
  jadelgado@venable.com
- **Gilbert M Nishimura**      gnishimura@snw-law.com, schin@snw-law.com; sgalindo@snwlaw.com;
  ffilimona@snw-law.com
- **Scott Olson**      scott.olson@bclplaw.com, scott-olson-2161@ecf.pacerpro.com,
  ecfsfdocket@vedderprice.com, nortega@vedderprice.com
- **Aram Ordubegian**      ordubegian.aram@arentfox.com
- **Carmela Pagay**      ctp@lnbyg.com

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                 **F 9013-3.1.PROOF.SERVICE**

- **Leonard Pena**        lpena@penalaw.com, penasomaecf@gmail.com;penalr72746@notify.bestcase.com
- **Matthew D Pham**        mpham@allenmatkins.com, mdiaz@allenmatkins.com
- **Christopher L Pitet**        cpitet@apjuris.com, bferik@apjuris.com
- **Christopher E Prince**        cprince@lesnickprince.com, jmack@lesnickprince.com;
cprince@ecf.courtdrive.com; jnavarro@lesnickprince.com
- **Amy Quartarolo**        amy.quartarolo@lw.com, laura.pumerville@lw.com; amy-quartarolo-
2972@ecf.pacerpro.com
- **Michael J Quinn**        mquinn@vedderprice.com, ecfladocket@vedderprice.com, michael-quinn-
2870@ecf.pacerpro.com,adavis@vedderprice.com
- **Dean G Rallis**        drallis@hahnlawyers.com, jevans@hahnlawyers.com; drallis@ecf.courtdrive.com;
jevans@ecf.courtdrive.com
- **Ronald N Richards**        ron@ronaldrichards.com, 7206828420@filings.docketbird.com
- **Karen Rinehart**        krinehart@omm.com, karen-rinehart-3320@ecf.pacerpro.com
- **Kevin C Ronk**        Kevin@portilloronk.com, Attorneys@portilloronk.com
- **Frank X Ruggier**        frank@ruggierlaw.com
- **William F Savino**        wsavino@woodsoviatt.com, lherald@woodsoviatt.com
- **Scott A Schiff**        sas@soukup-schiff.com
- **Daren M Schlecter**        daren@schlecterlaw.com, assistant@schlecterlaw.com
- **Kenneth John Shaffer**        johnshaffer@quinnemanuel.com
- **Amir Shakoorian**        AShakoorian@GGTrialLaw.com
- **Summer M Shaw**        ss@shaw.law, shawsr70161@notify.bestcase.com;
shawsr91811@notify.bestcase.com
- **Zev Shechtman**        Zev.Shechtman@saul.com, zshechtman@ecf.inforuptcy.com;
easter.santamaria@saul.com
- **Anastasija Olegovna Snicarenko**        legal@flyxo.com, jennifer@cypressllp.com
- **Howard Steinberg**        steinbergh@gtlaw.com, pearsallt@gtlaw.com; NEF-BK@gtlaw.com;
howardsteinberg6096@ecf.pacerpro.com
- **Richard M Steingard**        awong@steingardlaw.com
- **Andrew Still**        astill@swlaw.com, kcollins@swlaw.com
- **Annie Y Stoops**        annie.stoops@afslaw.com, yvonne.li@afslaw.com; kevin.chen@afslaw.com
- **Philip E Strok**        pstrok@swelawfirm.com, gcruz@swelawfirm.com; 1garrett@swelawfirm.com;
jchung@swelawfirm.com
- **Jeffrey L Sumpter**        jsumpter1@cox.net
- **Terrence Swinson**        terrenceswinson@gmail.com
- **Tamar Terzian**        tterzian@hansonbridgett.com, ssingh@hansonbridgett.com
- **Boris Treyzon**        btreyzon@actslaw.com, pjs@actslaw.com
- **United States Trustee (LA)**        ustpregion16.la.ecf@usdoj.gov
- **Diane C Weil**        dcweil@dcweillaw.com, diane.c.weil@Gmail.com, dweil@ecf.inforuptcy.com,
jfiser@dcweillaw.com
- **David R. Weinstein**        dweinstein@weinsteinlawfirm.net
- **Andrew D. Weiss**        ADWeiss@oclawadw.com
- **Sharon Z. Weiss**        sharon.weiss@bclplaw.com, raul.morales@bclplaw.com,
REC_KM_ECF_SMO@bclplaw.com
- **Jessica Wellington**        jwellington@bg.law, ecf@bg.law
- **Pauline White**        pauline@paulinewhite.com
- **Eric D Winston**        ericwinston@quinnemanuel.com
- **Christopher K.S. Wong**        christopher.wong@afslaw.com, yvonne.li@afslaw.com;
kevin.chen@afslaw.com
- **Robert M Yaspan**        court@yaspanlaw.com, tmenachian@yaspanlaw.com
- **Timothy J Yoo**        tjy@lnbyb.com
- **Isaac R Zfaty**        izfaty@muchlaw.com
- **David B Zolkin**        dzolkin@wztslaw.com, maraki@wztslaw.com, sfritz@wztslaw.com
- **Joshua del Castillo**        jdelcastillo@allenmatkins.com, mdiaz@allenmatkins.com

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                **F 9013-3.1.PROOF.SERVICE**

<u>Proof of Claim No. 239</u>
Gera Dean Williams
1425 Washington Village Parkway
Apt. 211
Beaumont, TX 77707